**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK TIMES COMPANY<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC.,<br>OPENAI LP, OPENAI GP, LLC, OPENAI, LLC,<br>OPENAI OPCO LLC, OPENAI GLOBAL LLC,<br>OAI CORPORATION, LLC, and OPENAI<br>HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**MOTION TO INTERVENE AND DISMISS, STAY, OR TRANSFER**

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ..................................................................................................1

BACKGROUND ....................................................................................................2

ARGUMENT .........................................................................................................4

    I.      Intervention Is Unwarranted. ...................................................................4

          A.      The *Tremblay* Plaintiffs Are Not Entitled to Intervene. ...............5

                  1.      The *Tremblay* Plaintiffs Have Not Proven Their Motion Is Timely............................................................................... 5

                  2.      The *Tremblay* Plaintiffs Cannot Assert any Interest Relating to the Property or Transaction that Is the Subject of this Case........................................................................ 5

                  3.      This Case Does Not Impede or Impair the *Tremblay* Plaintiffs' Ability to Protect Their Interests. .................................. 8

                  4.      The *Tremblay* Plaintiffs Have Not Proven Their Interests Are Inadequately Represented by The Times. ................................ 9

          B.      Permissive Intervention Should Be Denied. .............................................10

    II.      The First-Filed Rule Does Not Apply. ...................................................13

          A.      These Are Not Competing Cases. ............................................................14

          B.      The Balance of Convenience Favors Keeping The Times's Suit in the S.D.N.Y. ...............................................................................17

CONCLUSION.....................................................................................................19

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alter et al. v. OpenAI, Inc. et al.*,
No. 23-cv-10211-SHS (S.D.N.Y. Nov. 21, 2023) ...................................................................3

*Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*,
474 F. Supp. 2d 474 (S.D.N.Y. 2007), *aff'd sub nom. New York Marine &*
*Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010)............................12, 14, 16

*AT & T Corp. v. Sprint Corp.*,
407 F.3d 560 (2d Cir. 2005)...............................................................................................10

*Authors Guild et al. v. Open AI, Inc. et al.*,
Case No. 1:23-cv-08292-SHS (S.D.N.Y. Sept. 19, 2023)..........................................3, 11, 17

*Calderon v. Clearview AI, Inc.*,
2020 WL 2792979 (S.D.N.Y. May 29, 2020) ............................................................... *passim*

*Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*,
386 U.S. 129 (1967)..............................................................................................................9

*Ekpe v. City of New York*,
2021 WL 5999204 (S.D.N.Y. Dec. 20, 2021) ........................................................................5

*Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*,
522 F.3d 271 (2d Cir. 2008)...........................................................................................17, 18

*Freydl v. Meringolo*,
2012 WL 1883349 (S.D.N.Y. May 22, 2012) ........................................................................5

*Glover v. Ferrero USA, Inc.*,
2011 WL 5007805 (D.N.J. Oct. 20, 2011)............................................................................12

*Harris v. McDonnell*,
2013 WL 5720355 (W.D. Va. Oct. 18, 2013).......................................................................15

*In re OpenAI ChatGPT Litigation*,
Master File No. 3:23-cv-03223AMO (N.D. Cal. 2023) .........................................................3

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
787 F.3d 1237 (9th Cir. 2015) ............................................................................................17

*Lau v. Wells Fargo & Co.*,
2021 WL 1198964 (S.D.N.Y. Mar. 30, 2021) .................................................................12, 17

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*,
   471 F.3d 377 (2d Cir. 2006)..........................................................................................5

*Mejia v. Time Warner Cable Inc.*,
   2017 WL 3278926 (S.D.N.Y. Aug. 1, 2017) ..............................................................7

*MK Sys., Inc. v. Schmidt*,
   2005 WL 590665 (S.D.N.Y. Mar. 10, 2005) ............................................................18

*Murray Cap. Mgmt., Inc. v. Exide Techs.*,
   2005 WL 8179312 (S.D.N.Y. Dec. 12, 2005) ..........................................................15

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
   599 F.3d 102 (2d Cir. 2010)......................................................................................17

*Pena v. Experian Info. Sols., Inc.*,
   2023 WL 6787809 (C.D. Cal. Sept. 22, 2023) ........................................................15

*Pike Co. v. Universal Concrete Products*,
   284 F. Supp. 3d 376 (W.D.N.Y. 2018) ....................................................................12

*R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*,
   467 F.3d 238 (2d Cir. 2006)......................................................................................10

*Rudolph v. Hudsons Bay Co.*,
   2019 WL 1416986 (S.D.N.Y. Mar. 29, 2019) ..........................................................7

*Seils v. Rochester City Sch. Dist.*,
   199 F.R.D. 506 (W.D.N.Y. 2001)..............................................................................5

*Shimon v. Equifax Info. Servs. LLC*,
   2018 WL 4906245 (E.D.N.Y. Oct. 9, 2018), *aff'd*, 994 F.3d 88 (2d Cir. 2021) ...................14

*Spotless Enters. Inc. v. The Accessory Corp.*,
   415 F.Supp.2d 203 (E.D.N.Y. 2006) ........................................................................14

*Travis v. Navient Corp.*,
   284 F. Supp. 3d 335 (E.D.N.Y. 2018) ........................................................... *passim*

*Tremblay et al. v. OpenAI, Inc. et al.*,
   Case No. 3:23-cv-03223-AMO (N.D. Cal. June 28, 2023) ............................ *passim*

*U.S. ex rel. Cestra v. Cephalon, Inc.*,
   2014 WL 1087960 (S.D.N.Y. Mar. 19, 2014) ..................................................13, 16

*United States v. Hooker Chems. & Plastics Corp.*,
   749 F.2d 968 (2d Cir.1984)......................................................................................10

*United States v. Pitney Bowes, Inc.*,
     25 F.3d 66 (2d Cir. 1994) ................................................................................5, 10

*Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*,
     922 F.2d 92 (2d Cir. 1990)................................................................................6

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*,
     899 F. Supp. 2d 235 (S.D.N.Y. 2012).............................................................16

**Statutes**

28 U.S.C. §1404.........................................................................................................2, 18

**Rules**

Fed. R. Civ. P. 24 .............................................................................................. *passim*

Fed. R. Civ. P. 42(a) ................................................................................................3

**Other Authorities**

David M. Levitt, *ChatGPT Creator OpenAI Looking for a New York Office*,
     Yahoo Finance (Feb. 13, 2024), https://finance.yahoo.com/news/chatgpt-
     creator-openai-looking-york-215907092.html..........................................19

## INTRODUCTION

The New York Times Company ("The Times") filed this case in the Southern District of New York to hold Defendants Microsoft and OpenAI (collectively "Defendants") accountable for their unlawful copying of decades' worth of The Times's journalism. Now, caught in an apparent battle over class action leadership, the *Tremblay* Plaintiffs—who seek to represent a class of playwrights and book authors in a case brought across the country—seek to rob The Times of its right to bring an individual action in its home forum.

The *Tremblay* Plaintiffs' motion to intervene and transfer, dismiss, or stay is objectively baseless, particularly as applied to The Times. The *Tremblay* Plaintiffs focus their ire on the class actions pending before this Court, which they apparently view as a threat to their leadership on matters pending against OpenAI. Their motion in this case is a copy-paste job from what they filed in the class action cases pending in this Court.[1] It is weak as applied to those class cases, and it is preposterous as applied to The Times, an individual plaintiff. Defendant Microsoft agrees, calling it a "near certainty" that at least The Times's case "will proceed in New York," which is "the venue of [The Times's] choice." Dkt. 79 (Microsoft's Opp'n) at 7.

Fortunately, this Court need not reach the merits because the *Tremblay* Plaintiffs lack any basis to intervene. Intervention as of right is unavailable because the *Tremblay* Plaintiffs are individual "authors and playwrights" (Mot. at 1) who lack any "interest relating to the property or

---

[1] As the *Tremblay* Plaintiffs acknowledge (Mot. at 1 n.1), they filed a motion to intervene in the class cases pending before this Court on February 12. *See* Case No. 23-cv10211-SHS at Dkt. 71. That motion referenced The Times in the caption, but the *Tremblay* Plaintiffs did not actually file in The Times's case. On February 21, 2024, The Times contacted the *Tremblay* Plaintiffs by email to ask whether this was intentional or an oversight. The *Tremblay* Plaintiffs did not respond to The Times's outreach. Instead, on Friday, February 23, just three days before opposition briefs were due in the original motion whose caption included The Times (but which was not filed in this case), the *Tremblay* Plaintiffs filed the instant motion.

1

transaction that is the subject of the action"—i.e., The Times's copyrighted works, Fed. R. Civ. P. 24(a)(2). That the *Tremblay* Plaintiffs hope to represent a class of every copyright owner in America is irrelevant. "[A]t the moment, no class has been certified anywhere, so the [*Tremblay* Plaintiffs have] no right to control the litigation and disposition of any claim other than [their] own." *Calderon v. Clearview AI, Inc.*, 2020 WL 2792979, at *3 (S.D.N.Y. May 29, 2020) (denying similar motion). Even if a class defined to include The Times is eventually certified, The Times will have the right to opt out and continue to pursue its individual claims in its chosen forum.

Nor do the *Tremblay* Plaintiffs have grounds for permissive intervention. Because the *Tremblay* Plaintiffs "do not seek to intervene to participate in this case" and "instead[] seek to intervene for the purpose of moving to dismiss, stay, or transfer this action under the first-to-file rule," their intervention "would prejudice the right[] of [The Times] to proceed before this Court," which is entitled to special deference given The Times's New York citizenship. *Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 347 (E.D.N.Y. 2018) (denying similar motion).

Below The Times explains why the *Tremblay* Plaintiffs' first-filed arguments are also meritless and why, in any case, the factors laid out in 28 U.S.C. §1404 favor denying the *Tremblay* Plaintiffs' motion to transfer. But because those plaintiffs lack any basis to intervene, this Court need not reach those arguments. The motion should be denied, and this case should proceed in the Southern District of New York.

## BACKGROUND

On June 28, 2023, a collection of writers seeking to represent a class of "book authors and playwrights" filed the *Tremblay* class action in the Northern District of California against

OpenAI.[2] Mot. at 1. *Tremblay et al. v. OpenAI, Inc. et al.*, Case No. 3:23-cv-03223-AMO (N.D. Cal. June 28, 2023). On September 19, 2023, and November 21, 2023, respectively, proposed classes of fiction and non-fiction authors filed class actions against Microsoft and OpenAI in the Southern District of New York.[3] *Authors Guild et al. v. Open AI, Inc. et al.*, Case No. 1:23-cv-08292-SHS (S.D.N.Y. Sept. 19, 2023); *Alter et al. v. OpenAI, Inc. et al.*, No. 23-cv-10211-SHS (S.D.N.Y. Nov. 21, 2023).

On December 27, 2023, The Times, a publisher of local, national, and global news for the past 172 years, filed an *individual lawsuit* in the Southern District of New York against Microsoft and OpenAI. Today, more than 10 million subscribers pay for The Times's journalism, which includes everything from news to opinion, culture to business, cooking to games, and shopping recommendations to sports. Without permission, Defendants—technology companies looking to free-ride on The Times's journalistic efforts—used The Times's copyrighted works to train and develop generative artificial intelligence products that compete with those efforts, both broadly, and by reciting Times content verbatim, closely summarizing it, and mimicking its expressive style, as demonstrated by scores of examples. *See* Compl. ¶¶ 99, 100, 104-07, 112-123, 130-32, 134; *id.* Ex. J. These products also copy Times content that is currently available online, providing users with verbatim excerpts and detailed summaries of Times articles that are significantly longer

---

[2] On July 7, 2023, and September 8, 2023, respectively, the *Silverman* and *Chabon* actions were filed in the Northern District of California, proposing classes identical to the class proposed in the *Tremblay* action. The *Tremblay* action and these related actions have now been consolidated "for all purposes under Federal Rule of Civil Procedure 42(a)" as *In re OpenAI ChatGPT Litigation*, Master File No. 3:23-cv-03223AMO (N.D. Cal. 2023). *See Tremblay v. OpenAI, Inc.*, Case 3:23-cv-03223-AMO at Dkt. 60. The *Tremblay*, *Silverman*, and *Chabon* actions are collectively referred to in this brief as "the California cases."

[3] The Authors' Guild plaintiffs initially sued only the OpenAI Defendants but filed an amended complaint, adding Microsoft as a Defendant, on December 5, 2023. *Authors Guild et al. v. Open AI, Inc. et al.*, Case No. 1:23-cv08292-SHS, at Dkt. 40.

and more detailed than snippets returned by traditional search engines. *See, e.g.*, Compl. ¶¶ 98–123. Defendants' conduct undermines and damages The Times's relationship with its readers and deprives The Times of subscription, licensing, advertising, and affiliate revenue. The Times's lawsuit alleges direct, vicarious, and contributory copyright infringement, violation of the Digital Millennium Copyright Act, common law unfair competition by misappropriation, and trademark dilution.

With the *Tremblay* Plaintiffs' motion to intervene and transfer, stay, or dismiss this case, The Times is caught up in what is at bottom a battle for class leadership, despite being an individual plaintiff positioned differently from the class plaintiffs. Further, as described in more detail below, The Times asserts multiple claims and proposes multiple legal theories that the *Tremblay* action does not. *See infra* at I.B. The Times's suit also differs from the *Tremblay* action in that The Times brings claims against Microsoft, as well as OpenAI, while the *Tremblay* action involves claims against OpenAI only. The *Tremblay* Plaintiffs have no basis for seeking to intervene in, transfer, or dismiss The Times's individual suit.

## ARGUMENT

### I.   Intervention Is Unwarranted.

The *Tremblay* Plaintiffs concede that intervention is a prerequisite to seeking transfer or dismissal under the first-filed rule. They expressly style their motion as one for "intervention" and explain why, in their view, intervention is warranted as a matter of right or this Court's discretion. Mot. at 8-13. But no form of intervention is warranted in any of the S.D.N.Y. cases, and especially not in this case, which is not even a putative class action, but a case in which an *individual plaintiff* is asserting its rights in the venue where it maintains its principal place of business. The motion should be denied in its entirety before the Court even reaches the merits.

**A. The *Tremblay* Plaintiffs Are Not Entitled to Intervene.**

Under Federal Rule of Civil Procedure 24(a)(2), a party may intervene as of right only if it: "(1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interests; and (4) has an interest not adequately represented by the other parties." *Calderon*, 2020 WL 2792979, at *3 (citing *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)). "Failure to meet any one of these four requirements is grounds for denial." *Freydl v. Meringolo*, 2012 WL 1883349, at *1 (S.D.N.Y. May 22, 2012) (citing *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 389 (2d Cir. 2006)). Here, the *Tremblay* Plaintiffs cannot meet any of these elements.

1. The *Tremblay* Plaintiffs Have Not Proven Their Motion Is Timely.

The *Tremblay* Plaintiffs' motion fails at step one because they do not demonstrate that their motion is timely. They vaguely claim to have begun working on their motion "[a]s soon as" they discovered that OpenAI would not seek to dismiss the S.D.N.Y. cases under the first-filed rule, Mot. at 9, but they never specify how or when they discovered this information, making it impossible to evaluate the timeliness of their motion. "In seeking intervention, the *Tremblay* Plaintiffs 'ha[ve] the burden of demonstrating [their] entitlement to intervene.'" *Ekpe v. City of New York*, 2021 WL 5999204, at *2 (S.D.N.Y. Dec. 20, 2021) (quoting *Seils v. Rochester City Sch. Dist.*, 199 F.R.D. 506, 509 (W.D.N.Y. 2001)). Without any evidence to prove their motion is timely, the *Tremblay* Plaintiffs do not meet their burden.

2. The *Tremblay* Plaintiffs Cannot Assert any Interest Relating to the Property or Transaction that Is the Subject of this Case.

Undue delay is just the beginning of the *Tremblay* Plaintiffs' problems. To satisfy the second element of Rule 24(a)(2), they must identify an interest "relating to the *property or*

*transaction* that is the subject of the action" that is "direct, substantial, and legally protectable." F.R.C.P. 24(a)(2) (emphasis added); *Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96-97 (2d Cir. 1990). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Id.*

The *Tremblay* Plaintiffs barely grapple with this requirement. They raise just one argument, suggesting this requirement is satisfied since the *Tremblay* Plaintiffs "have an interest in avoiding contradictory rulings." Mot. at 9. The avoidance of a contradictory ruling is not "property" or "transaction" at issue in this case, and moreover, the *Tremblay* Plaintiffs do not explain how a ruling in *The Times's individual lawsuit* against OpenAI and Microsoft in New York could result in a contradictory ruling for a *California-based putative class action*. The *Tremblay* Plaintiffs nowhere attempt to identify any other interest that might come close to satisfying this requirement. Nor could they. "[A]t the moment, no class has been certified anywhere, so the [*Tremblay* Plaintiffs have] no right to control the litigation and disposition of any claim other than [their] own." *Calderon*, 2020 WL 2792979, at *5. The *Tremblay* Plaintiffs are individual "authors and playwrights" (Mot. at 1) who assert copyright claims for their own works. They have "no cognizable interest in any other person's [copyright infringement] claims." *Id.*

*Calderon* is squarely on point. After various putative class actions were filed against the same defendant, a plaintiff in a Northern District of Illinois case moved to intervene in cases pending before the Southern District of New York so he could "file a motion to (a) dismiss the various New York Actions without prejudice; or (b) stay them until the Illinois Action is resolved; or (c) transfer them to the Northern District of Illinois." *Calderon*, 2020 WL 2792979, at *1. Just

like the *Tremblay* Plaintiffs, he argued that "his first-filed case supports dismissal of the New York Actions." *Id.*

The Court disagreed and denied the motion to intervene, reasoning the Illinois plaintiff had no interest in the "property or transaction" at issue in the New York cases. Instead, "[t]he interest that [he was] really seeking to protect is an interest in controlling the fate of, and the fees to be earned in, several class actions." *Id.* at *4. But "[p]rior to the certification of a class and the appointment of class counsel, [the Illinois plaintiff] (and his lawyer's) interest in being in control of the [] AI lawsuits [was] too attenuated to justify intervention as of right." *Id.* at *5.

*Calderon* is no outlier. Courts routinely deny analogous intervention motions filed by *putative* class plaintiffs, like those in *Tremblay*, who seek control over arguably similar class cases. *See, e.g.*, *Rudolph v. Hudsons Bay Co.*, 2019 WL 1416986, at *3 (S.D.N.Y. Mar. 29, 2019) (denying motion to intervene predicated on first-filed rule because "[t]he proposed intervenors' case for intervention, as of right and permissively, is substantially overblown" since "[n]o class has been certified in the instant action, nor in the [other actions]"); *Travis*, 284 F. Supp. 3d at 343 (likewise denying motion to intervene predicated on first-filed rule because "the rights of proposed intervenors and their putative class are simply not implicated at this time, and proposed intervenors' argument that they could be implicated if and when a class is certified is too hypothetical to meet the requirements of Rule 24(a)."); *Mejia v. Time Warner Cable Inc.*, 2017 WL 3278926, at *18 (S.D.N.Y. Aug. 1, 2017) (also denying motion to intervene predicated on first-filed rule, reasoning that "[a]t this early stage of litigation, prior to the certification of a class, any interest the [intervenor] plaintiffs claim is too remote to justify intervention"). **The *Tremblay* Plaintiffs fail to cite or distinguish a single case from this well-settled area of law,** which warrants denial of their motion.

The reasoning from this line of cases applies with particular force here, in a non-class case brought by an individual plaintiff. Even if the *Tremblay* Plaintiffs were already certified class representatives (and they are not) they would have no legitimate interest in controlling a lawsuit brought by The Times—an individual plaintiff who could opt-out of any class that is ultimately certified in *Tremblay* (assuming The Times were deemed a class member). Not surprisingly, the *Tremblay* Plaintiffs cite no case in which class representatives were allowed to intervene in an individual plaintiff's case just so they could dismiss or transfer the individual case. That outcome would upend Rule 23 and the opt-out right that it provides. Defendant Microsoft makes the same point, criticizing the *Tremblay* Plaintiffs for "not address[ing] the fact that The New York Times is entitled to opt out of any class that might encompass it and litigate its case directly against Microsoft in the venue of its choice." Dkt. 79 at 7.

In short, the *Tremblay* Plaintiffs cannot credibly assert (and indeed do not assert) any interest in The Times's copyrighted works. Intervention in an individual action in one court by a proposed class in another court is inappropriate and without any legal basis.

3. This Case Does Not Impede or Impair the *Tremblay* Plaintiffs' Ability to Protect Their Interests.

The *Tremblay* Plaintiffs offer just one argument to satisfy this element, suggesting that intervention is necessary to "avoid[] contradictory rulings." Mot. at 9. But they grossly oversimplify matters by stating merely that all of the California cases and the S.D.N.Y. cases "involve the same substantive questions of copyright law." *Id*. at 10. As explained in more detail below, there are important differences among the cases. *See infra* Section I.B. More

fundamentally, the *Tremblay* Plaintiffs cite no cases suggesting that a concern about "contradictory rulings" suffices to meet this element of the intervention rule.[4]

The case law cuts the other way. "The mere fact that this Court and [another court] would be confronted with identical issues of [] law does not impair or impede [the intervenor's] rights.'" *Calderon*, 2020 WL 2792979, at *6 (internal citation omitted). "Identical issues of law arise in pending cases all the time," and "all litigants have an interest in the proper application of the law to their claims." *Id.* The *Tremblay* Plaintiffs' argument is particularly weak because "this Court's decision [will] not [be] binding on the [] court" overseeing the *Tremblay* cases, "and the mere fact that [this Court's decision] could be found persuasive is insufficient to warrant intervention as of right." *Travis*, 284 F. Supp. 3d. at 344 (rejecting intervenors' argument that the risk of "conflicting rulings" warranted intervention). The *Tremblay* Plaintiffs tellingly fail to grapple with this case law, which provides an independent basis to deny their motion.

4. <u>The *Tremblay* Plaintiffs Have Not Proven Their Interests Are Inadequately Represented by The Times.</u>

Even if the *Tremblay* Plaintiffs had an interest in this case (they do not) and even if that interest were at risk of impairment (it would not be), they would still have to prove that the S.D.N.Y. plaintiffs cannot adequately protect that interest. The *Tremblay* Plaintiffs come nowhere close to meeting their burden, particularly as applied to The Times. Instead, this portion of their brief focuses entirely on the class actions pending before this Court. *See* Mot. at 10 (suggesting that the Authors Guild plaintiffs have "incongruent" interests to the *Tremblay* Plaintiffs insofar as

---

[4] Their reliance on *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 137 (1967) is misplaced, including because *Cascade* did not involve a scenario in which the proposed intervenor had previously filed its own case and was now seeking to intervene in a second case, as the *Tremblay* Plaintiffs seek to do here. Because there was no issue of contradictory rulings in that case, *Cascade* is inapposite to the *Tremblay* Plaintiffs' argument.

the former plan to license copyrights and other intellectual property to AI companies). The *Tremblay* Plaintiffs' exclusive focus on the adequacy of the representation of their interests in the class cases, and their failure to even address this case, further highlights the absurdity of their motion as applied to The Times.

**B. Permissive Intervention Should Be Denied.**

Under Federal Rule 24(b), "[a] court may permit a party to intervene if he has a claim or defense that shares a common question of law or fact with the main action." *Calderon*, 2020 WL 2792979, at *8. "The principal guide" for exercising that discretion is "'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) (quoting Fed. R. Civ. P. 24(b)(2)). "'[A] denial of permissive intervention has virtually never been reversed.'" *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005) (quoting *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 990 n. 19 (2d Cir.1984)).

Permissive intervention under Rule 24(b) is unwarranted for the same reasons the *Tremblay* Plaintiffs are not entitled to intervene under Rule 24(a), including their failure to identify "a significant interest in this action." *Travis*, 284 F. Supp. 3d at 346 (denying permissive intervention in part because the moving party did not meet the Rule 24(a) requirements). Courts must "consider[] substantially the same factors whether the claim for intervention is 'of right' under Fed. R. Civ. P. 24(a)(2), or 'permissive' under Fed. R. Civ. P. 24(b)(2)." *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006). Because the *Tremblay* Plaintiffs meet none of the four Rule 24(a) requirements, their request for permission intervention should also be denied.

The *Tremblay* Plaintiffs do not even pinpoint a concrete "common question of law or fact." Fed. R. Civ. P. 24(b). They instead speak in generalities about the various cases, citing no similarities that are particular to The Times's case. Mot. at 11. Critically, the California cases do not implicate "substantially similar Defendants." *Id.* Indeed, a key defendant in the New York cases—Microsoft Corporation—is entirely absent from the California cases. Nor do the cases involve only "the same artificial intelligence technology." *Id.* Unlike the California cases, the New York cases, including The Times's case, implicate additional artificial intelligence products not even mentioned in the *Tremblay* Plaintiffs' Complaint, including Copilot and Browse with Bing. *E.g.*, Compl. ¶¶ 102, 108, 111; *see also* S.D.N.Y. Consolidated Class Action Complaint, Case No. 23-cv-08292 at Dkt. 69 ¶¶ 4, 15, 93 (addressing those products).

The claims in the cases also differ. As just one example, the *Tremblay* Plaintiffs' direct copyright infringement claim focuses exclusively on how OpenAI's models are trained. *See* Mot. Ex. A (*Tremblay* Complaint) ¶ 55 ("OpenAI made copies of Plaintiffs' books during the training process of the OpenAI Language Models without Plaintiffs' permission."). The Times alleges additional forms of direct copyright infringement, including based on Defendants' dissemination of generative output—e.g., when ChatGPT responds to a user's prompt by providing copies or derivatives of Times works. Compl. ¶ 163. Moreover, this case includes claims arising from instances in which Defendants' models make mistakes and misattribute content to The Times, which Defendants euphemistically refer to as "hallucinations." Compl. ¶¶ 136-42. The California cases do not address this scenario.

Putting aside important factors distinguishing the instant case from that filed by the *Tremblay* Plaintiffs, intervention should be denied because it would significantly prejudice The Times, particularly by depriving The Times of its right to proceed in its chosen forum. "Courts

have previously recognized that intervention for the sole cause of dismissing, staying, or transferring an action—the very relief sought here—is prejudicial to the original parties' right to proceed before the court of their choosing." *Calderon*, 2020 WL 2792979, at *8 (denying motion to intervene); *see also Travis*, 284 F. Supp. 3d at 347 (denying motion to intervene "for the purpose of moving to dismiss, stay, or transfer" because such intervention "would prejudice the rights of [the parties] given that they wish to proceed before this Court"); *Glover v. Ferrero USA, Inc.*, 2011 WL 5007805, at *7 (D.N.J. Oct. 20, 2011) (denying request for permissive intervention "in light of the Proposed Intervenors' stated interest in only having th[e] action dismissed or transferred" because those outcomes "w[ould] clearly prejudice the rights of the existing parties in th[e] action"). ***The Tremblay Plaintiffs ignore The Times's interest in litigating in its chosen forum***, which is entitled to "even greater" deference here because The Times is a New York corporation seeking to litigate in New York. *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 486 (S.D.N.Y. 2007), *aff'd sub nom. New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010).

The *Tremblay* Plaintiffs cite just two cases in support of their request for permissive intervention. Mot. at 11-12. In *Pike Co. v. Universal Concrete Products*, neither the plaintiff nor the defendant "assert[ed] that it [would] be prejudiced" by the proposed intervention, and the plaintiff "[d]id not even object to [the] motion to intervene." 284 F. Supp. 3d 376, 395 (W.D.N.Y. 2018). Here, by contrast, all of the S.D.N.Y. plaintiffs and one defendant, Microsoft, oppose this motion. *Pike* is further distinguishable because the intervenor in that case did not seek to dismiss, stay, or transfer the action. *Lau v. Wells Fargo & Co.* is even further afield because that case did not even involve a motion to intervene. 2021 WL 1198964, at *3 (S.D.N.Y. Mar. 30, 2021). The *defendant* was the party seeking to transfer the case, which is not what is happening here.

In addition to depriving The Times of its right to litigate in its chosen forum, intervention would "further prejudice" The Times because "it is unclear whether [its] claims [w]ould proceed" in the *Tremblay* action. *Travis*, 284 F. Supp. 3d at 347. As noted above, the claims are not "identical" (Mot. at 12). The cases also implicate different products, and there is even a key defendant missing from the California cases (Microsoft, whose principal place of business is Washington, not California). Given that, according to the *Tremblay* Plaintiffs, the *Tremblay* case is "substantially advanced" (Mot. at 12), it is unclear how the Times's additional claims and liability theories, including claims under New York law, would be litigated there. The *Tremblay* Plaintiffs do not even try to explain how that could be done.

## II. The First-Filed Rule Does Not Apply.

Because intervention is unwarranted, "the court need not – indeed, cannot reach the merits of [the *Tremblay* Plaintiffs'] motion to dismiss, transfer, or stay the New York cases." *Calderon*, 2020 WL 2792979, at *9. But if the Court is inclined to reach the merits, the motion should be denied because the first-filed rule does not apply. The "central question" for evaluating a first-filed motion is whether 'there are two competing lawsuits.'" *U.S. ex rel. Cestra v. Cephalon, Inc.*, 2014 WL 1087960, at *3 (S.D.N.Y. Mar. 19, 2014) (Stein, J.). If so, the Court must consider whether any exception to the rule applies. *Id.*

Here, the *Tremblay* Plaintiffs' cases are not competing lawsuits, particularly because this case implicates a different plaintiff, a different defendant, different products, and additional liability theories. Even if this case qualified as competing, the Court should still deny the *Tremblay* Plaintiffs' motion because the balance of convenience factors strongly favor keeping the case in The Times's choice of forum, the Southern District of New York.

13

**A.  These Are Not Competing Cases.**

The first-filed rule is "only applicable where 'in fact the suits are duplicative.'" *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc.*, 474 F. Supp. 2d at 481 (quoting *Spotless Enters. Inc. v. The Accessory Corp.*, 415 F.Supp.2d 203, 205 (E.D.N.Y. 2006)). "This principle requires a substantial overlap between the cases, in that they have ***identical or substantially similar parties and claims***." *Id.* (internal quotation marks omitted) (emphasis added). Without citing any portion of The Times's Complaint,[5] the *Tremblay* Plaintiffs, in conclusory fashion, assert these lawsuits each "arise from the same nucleus of fact and law and involve the same parties." Mot. at 16. That characterization ignores at least three key differences among the cases.

*First*, the plaintiffs are different. The plaintiff here is the company that owns and operates The New York Times; the plaintiffs in *Tremblay* are individual book authors and playwrights— individuals who are quite differently situated than The New York Times. While the *Tremblay* Plaintiffs claim that The Times is subsumed by their proposed class definition (Mot. at 2), no class has been certified and, as explained above, The Times could opt out of such a class. For this reason, some courts are "skeptical" of ever applying the first-filed rule in the class context. *Shimon v. Equifax Info. Servs. LLC*, 2018 WL 4906245, at *2 (E.D.N.Y. Oct. 9, 2018), *aff'd*, 994 F.3d 88 (2d Cir. 2021). "[T]he [first-filed] rule is designed to fairly and effectively manage essentially identical suits between the same or closely related parties." *Id.* "In the putative class action context, even assuming that the two complaints define identical classes, the parties will rarely, if ever, actually be identical," including because "the plaintiff in the second-filed action may opt-out if the class is certified." *Id.*

---

[5] The only reference to The Times's Complaint in this portion of their brief is a vague citation to "ECF No. 1," without any pincite to a specific portion. Mot. at 16.

That reasoning supports denying this motion in *every* case proceeding before this Court, but the *Tremblay* Plaintiffs' arguments are even weaker as applied to The Times, an individual plaintiff. "[C]ourts have considered the difference between class-action and individual lawsuits to be material in determining if the first-to-file rule should be applied." *Harris v. McDonnell*, 2013 WL 5720355, at *4 (W.D. Va. Oct. 18, 2013) (denying motion to stay, dismiss, or transfer brought under the first-filed rule). "There is a meaningful difference among plaintiffs" when one case is "brought as a class action" while the other "involves only individual plaintiffs." *Id.* So even if "this Court were to consider [The Times] a likely member of one or more of the putative [*Tremblay*] classes, [its] inclusion in such a large, nationwide class would not constitute sufficient 'substantial similarity' of parties between the two actions." *Pena v. Experian Info. Sols., Inc.*, 2023 WL 6787809, at *3 (C.D. Cal. Sept. 22, 2023) (denying motion to stay or transfer brought under the first-filed rule). Here, "[t]here is good reason not to cause [The Times's] private action here to be caught up in the extra litigation proceedings that attend class actions in another forum." *Murray Cap. Mgmt., Inc. v. Exide Techs.*, 2005 WL 8179312, at *1 (S.D.N.Y. Dec. 12, 2005) (denying motion to transfer predicated on "two earlier class action lawsuits" filed in another district). The *Tremblay* Plaintiffs nowhere grapple with this key distinction between the class cases and The Times's case.

*Second*, the *Tremblay* Plaintiffs also fail to account for Microsoft's role as a defendant in the New York cases. That oversight is particularly conspicuous given the *Tremblay* Plaintiffs' acknowledgement that certain "OpenAI affiliates" are included in the New York cases but "not named" in the "first-filed *Tremblay* Action." Mot. at 17. The *Tremblay* Plaintiffs try to downplay this difference as "negligible" because "the non-overlapping parties [OpenAI LLC, OpenAI Global LLC, and OpenAI Holdings LLC] are clearly affiliates of OpenAI." *Id.* at 17 & n.8. Yet

the *Tremblay* Plaintiffs never address the more obvious distinction—that Microsoft is a defendant in these cases but not theirs. Microsoft's presence dispels any argument that the cases involve "identical or substantially similar parties." *Am. Steamship Owners*, 474 F. Supp. 2d at 481.[6]

*Third*, the *Tremblay* Plaintiffs also fail to discuss The Times's additional theories of copyright infringement against OpenAI. *See supra* Section I.B. Unlike in the California cases, The Times's direct copyright infringement claim is not based entirely on how OpenAI trains its models. The Times alleges additional forms of direct copyright infringement, including based on how Defendants' artificial intelligence products generate infringing output in response to user prompts. Compl. ¶ 163.

The *Tremblay* Plaintiffs primarily rely on *Cephalon,* a decision in which this Court applied the first-filed rule. 2014 WL 1087960, at *1; Mot. at 14-17. But *Cephalon* involved two *qui tam* actions, which meant the government was "the real party in interest" in both cases. *Id.* at *5. Because each of the relator-plaintiffs filed on behalf of the United States government and various state governments, "the two actions [] feature[d] substantially overlapping parties" *Id.* By contrast, The Times brings this case as an *individual* plaintiff exclusively asserting its own rights.

*Cephalon* is further distinguishable because the *relator-plaintiff* in that case sought to transfer *his own* case. That plaintiff initially had no idea the other, first-filed action existed; it was under seal. "Upon the unsealing of the [other] complaint and [the *Cephalon* plaintiff's] learning of its existence, [he] moved to transfer th[e] action." *Id.* at *1. This motion presents a very different

---

[6] Because this case involves an entirely different defendant, the *Tremblay* Plaintiffs' reliance on *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, is misplaced. 899 F. Supp. 2d 235 (S.D.N.Y. 2012) Mot. at 14. The cases at issue in *Wyler* included "the same defendant employer in each of the [allegedly competing] actions." *Wyler*, 899 F. Supp. 2d at 244.

scenario, in which intervenors seek to transfer this and other cases simply because they want control over any individual case or class action against OpenAI.

The *Tremblay* Plaintiffs also rely on *Kohn Law Group., Inc. v. Auto Parts Manufacturing. Mississippi, Inc.*, but that case is even further afield. 787 F.3d 1237, 1238 (9th Cir. 2015); Mot. at 17. In *Kohn*, following a construction-related dispute, multiple cases were filed to determine entitlement to $260,410.15 in "disputed funds." 787 F.3d at 1239. Unlike in *Kohn*, this is not a scenario in which different parties are fighting over the same pot of money in different courts.

Finally, the *Tremblay* Plaintiffs' reliance on *Lau* is misplaced because *Lau* supports The Times's position. 2021 WL 1198964; Mot. at 17. The competing cases in *Lau* were each FLSA collective actions, in which the second-filed class was "entirely subsumed" by the first, which "ha[d] already been certified." 2021 WL 1198964, at *5. Here, no class has been certified. Moreover, the defendants in *Lau* did "not seek to dismiss or transfer Plaintiffs' individual FLSA claims, only the collective action." *Id.* at *3. The lesson from *Lau* is to refrain from seeking to transfer individual claims, like The Times's claims.

## B. The Balance of Convenience Favors Keeping The Times's Suit in the S.D.N.Y.

As this Court has acknowledged, the first-filed rule is not "a hard and fast rule because it does have exceptions." *Authors Guild v. OpenAI*, Case No. 23-cv-8292, Nov. 29, 2023 Tr. 9:17-20. "[T]ransfer to the first-filed jurisdiction is . . . inappropriate when the balance of convenience favors the second-filed action." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal citation and quotation marks omitted). The first-filed rule is "only a presumption that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (internal citation omitted). "The balance of convenience is determined by considering the same factors considered in connection with motions to transfer venue." *Id*. "Among these

factors are: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *Id*.

"The plaintiff's choice of forum . . . should not be disturbed unless the balance of convenience and justice weigh heavily in favor of defendant's forum, *especially where as here plaintiff's chosen forum is its principal place of business*." *MK Sys., Inc. v. Schmidt*, 2005 WL 590665, at *4 (S.D.N.Y. Mar. 10, 2005) (emphasis added). The New York Times chose to file its suit in the Southern District of New York, where it has been headquartered since 1851, where the vast majority of its approximately 5,800 full-time employees are located, and where it has served the local population for over a century and a half. Compl. ¶¶ 27, 38. The *Tremblay* Plaintiffs have no right to or basis for disturbing The Times's choice to file in New York.

The remaining §1404(a) factors do not "weigh heavily in favor" of transferring this action to California. *MK Sys., Inc.*, 2005 WL 590665, at *4. While the *Tremblay* Plaintiffs cite the convenience of witnesses and location of documents as favoring transfer, OpenAI and Microsoft (a Washington-based company) are equally likely to depose, subpoena, and call witnesses employed by The Times and request documents held by The Times that are located in New York. Further, the alleged inconvenience to OpenAI of litigating in New York is no greater than the inconvenience to The Times of litigating in California.

The *Tremblay* Plaintiffs also ignore Defendants' connections to New York, which push the "locus of operative facts" far beyond northern California. Microsoft has offices in New York and has even filed its own lawsuits in the Southern District of New York. *See, e.g.*, Case Nos. 16-cv-08415; 13-cv-07466. OpenAI is reportedly interested in leasing 60,000 square feet of office space

in New York City.[7] The *Tremblay* Plaintiffs avoid grappling with these New York connections. Further, with respect to the availability of witnesses, the *Tremblay* Plaintiffs vaguely assert that certain unnamed third-party witnesses "could not be compelled to travel from California to New York for trial," Mot. at 22, without offering any basis for that assertion. Finally, if anything, the "relative means of the parties" favors keeping this case in S.D.N.Y. given Microsoft's $3 *trillion* valuation in early 2024, as well as OpenAI's reported nearly $90 billion valuation in late 2023 and projected $1 billion revenue in 2024. Compl. ¶¶ 6, 57, 151.

Because the balance of convenience weighs heavily in favor of keeping The Times's suit in The Times's original choice of forum, S.D.N.Y, the *Tremblay* Plaintiffs' motion should be denied. But if the Court is inclined to permit intervention and entertain the motion, The Times respectfully submits the case should not be dismissed or stayed. Of the relief sought, transfer is a more equitable outcome, though still wholly unwarranted.

## <u>CONCLUSION</u>

For the reasons set forth above, this Court should deny the *Tremblay* Plaintiffs' motion.

Dated: March 1, 2024                    /s/ Ian Crosby

Ian Crosby *(admitted pro hac vice)*
Genevieve Vose Wallace *(admitted pro hac vice)*
Katherine M. Peaslee *(pro hac vice pending)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

---

[7] David M. Levitt, *ChatGPT Creator OpenAI Looking for a New York Office*, YAHOO FINANCE (Feb. 13, 2024), https://finance.yahoo.com/news/chatgpt-creator-openai-looking-york-215907092.html.

Davida Brook *(admitted  pro hac vice)*
Emily K. Cronin (*admitted pro hac vice*)
Ellie Dupler *(admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings  *(Admission Pending)*
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(admitted pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com

20

klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*