# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY<br><br>              Plaintiffs,<br><br>   v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>            Defendants. | Case No. 1:23-cv-11195-SHS<br><br>Related Cases:<br>Case No. 1:23-cv-08292-SHS<br>Case No. 1:23-cv-10211-SHS<br>Case No. 1:24-cv-00084-SHS<br><br>**CALIFORNIA PLAINTIFFS' REPLY TO PLAINTIFF THE NEW YORK TIMES COMPANY'S OPPOSITION TO MOTION BY CALIFORNIA PLAINTIFFS TO INTERVENE AND DISMISS, STAY, OR TRANSFER** |

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................................1

II.  ARGUMENT........................................................................................................................1

    A.   The Requirements for Permissive Intervention Are Met ..........................................1

    B.   The NY Times Already Argued to This Court that Its Case Is Similar to the Authors Guild Action; It Is Therefore Estopped from Taking the Opposite Position Here........................................................................................................3

    C.   The NY Times Misapplies the First-to-File Rule.......................................................5

        1.   Plaintiffs Sufficiently Overlap for Purposes of the First-to-File Rule................................................................................................................5

        2.   The Defendants in the Two Actions Sufficiently Overlap ...........................8

        3.   The Presence of Some Non-Overlapping Claims and Issues is Inconsequential .............................................................................................9

        4.   The NY Times Has Not Shown How the Balance of Convenience Test Tips in Favor of Continuing Litigation in This Court ..........................9

III. CONCLUSION...................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*800-Flowers, Inc. v. Intercon. Florist, Inc.*,
　860 F. Supp. 128 (S.D.N.Y. 1994)...................................................................................1

*Baatz v. Columbia Gas Transmission, LLC*,
　814 F.3d 785 (6th Cir. 2016) ......................................................................................6, 7

*Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. State of New York*,
　2020 WL 5658703 (S.D.N.Y. Sept. 23, 2020).............................................................1, 2

*U.S. ex rel. Cestra v. Cephalon, Inc.*,
　No. 10 CIV. 6457 SHS, 2014 WL 1087960 (S.D.N.Y. Mar. 19, 2014)................5, 7, 8, 9

*Crown, Cork & Seal Co. v. Parker*,
　462 U.S. 345 (1983)..........................................................................................................7

*In re Cuyahoga Equip. Corp.*,
　980 F.2d at 116–17 .....................................................................................................5, 8

*Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*,
　522 F.3d 271 (2d Cir. 2008)..............................................................................................1

*Greyhound Lines, Inc. v. Adirondack Transit Lines, Inc.*,
　No. 15-CV-8109 (RA), 2016 WL 11483933 (S.D.N.Y. Oct. 7, 2016)..............................10

*GT Plus, Ltd. v. Ja-Ru, Inc.*,
　41 F.Supp.2d 421 (S.D.N.Y. 1998)...................................................................................9

*Gulf Oil Co. v. Bernard*,
　452 U.S. 89 (1981)............................................................................................................4

*Harris v. McDonnell*,
　2013 WL 5720355 (W.D. Va. Oct. 18, 2013)...................................................................8

*Henry v. JP Morgan Chase & Co.*,
　No. 14-CV-7176 (AJN), 2015 WL 13949710 (S.D.N.Y. May 11, 2015) .......................10

*Muhammad v. State Farm Indem. Co.*,
　No. CV226149MEFMAH, 2024 WL 833554 (D.N.J. Feb. 28, 2024) ............................6

*Murray Cap. Mgmt., Inc. v. Exide Techs.*,
　2005 WL 8179312 (S.D.N.Y. Dec. 12, 2005) ...................................................................8

*In re OpenAI ChatGPT Litigation*,
　Master File No. 3:23-cv-03223-AMO (N.D. Cal.) ......................................................1, 4

*Pena v. Experian Info. Sols., Inc.*,
　No. 822CV01115SSSADSX, 2023 WL 6787809 (C.D. Cal. Sept. 22, 2023) ..................8

*Samsung Elecs. Co. v. Solas Oled Ltd.*,
 No. 21 CIV. 5205 (LGS), 2022 WL 294631 (S.D.N.Y. Feb. 1, 2022)................................5, 10

*Semmes Motors, Inc. v. Ford Motor Co.*,
 429 F.2d 1197 (2d Cir. 1970).................................................................................................5

*Travis v. Navient Corp.*,
 284 F. Supp. 3d 335 (E.D.N.Y. 2018) ...................................................................................2

*U.S. Postal Serv. v. Brennan*,
 579 F.2d 188 (2d Cir. 1978)...................................................................................................1

*Wu v. Stomber*,
 No. 11 CIV. 7271 PKC, 2011 WL 6225142 (S.D.N.Y. Dec. 14, 2011).................................10

*Yao v. Ulta Beauty Inc.*,
 No. 18-22213-CIV, 2018 WL 4208324 (S.D. Fla. Aug. 8, 2018) ...........................................6

**Statutes**

17 U.S.C. §§ 1201 et seq............................................................................................................2

28 U.S.C. § 1404(a) ...................................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 23.......................................................................................................................7

Fed. R Civ. P. 23(c)(2)(3) ..........................................................................................................4

Fed. R. Civ. P. 24(b)(1)..........................................................................................................1, 2

Microsoft Corporation, Microsoft's Growing Presence in the Bay Area (Jan. 21,
 2020), https://tinyurl.com/bdhxpjck....................................................................................10

**I.     INTRODUCTION[1]**

The New York Times Company ("The NY Times") fails to overcome the rebuttable presumption in favor of applying the first-to-file rule. *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) ("*Fox*") (noting the first-to-file rule is a "'presumption' that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action.") (citation omitted); *800-Flowers, Inc. v. Intercon. Florist, Inc.*, 860 F. Supp. 128, 131 (S.D.N.Y. 1994) ("Generally, there is a strong presumption in favor of the forum of the first-filed suit."). The *Tremblay* Plaintiffs satisfy the requirements for intervention, and their first-to-file motion should be granted.[2]

**II.    ARGUMENT**

    **A. The Requirements for Permissive Intervention Are Met**

The Court should exercise its broad discretion here to allow permissive intervention. *See U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 192 (2d Cir. 1978) (noting the trial court has "very broad" discretion with respect to permitting intervention under Rule 24(b)); *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. State of New York*, 2020 WL 5658703, at *6 (S.D.N.Y. Sept. 23, 2020) ("A district court has broad discretion under Rule 24(b) to determine whether to permit intervention on the basis that the intervenor's claim or defense and the main action have a question of law or fact in common.") (quoting *St. John's Univ., N.Y. v. Bolton*, 450 F. App'x 81, 84 (2d Cir. 2011). The *Tremblay* Plaintiffs meet the requirements of Rule 24(b) because they "have a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P.

---

[1] Prior to the filing of their Motion, the *Tremblay* Plaintiffs filed, in the *In re OpenAI ChatGPT Litigation*, Master File No. 3:23-cv-03223-AMO (N.D. Cal.), a motion to enjoin OpenAI and its counsel from proceeding in the S.D.N.Y. Actions under the first-to-file rule ("Motion to Enjoin"). *See Tremblay* Action, ECF No. 98. On March 1, 2024, the *Tremblay* court denied the Motion to Enjoin on the basis that it would be impractical to enjoin parties from defending an action in another jurisdiction. *See Tremblay* Action, ECF No. 118 at **2-3.

[2] Neither The NY Times nor the *Authors Guild* Plaintiffs contest the Court's authority to stay or transfer the S.D.N.Y. Actions under 28 U.S.C. section 1404(a).

1

24(b)(1). The *Tremblay* Plaintiffs meet this bar. As shown in the *Tremblay* Plaintiffs' opening brief and section B.3. *infra*, the claims are sufficiently similar, if not identical.[3]

The gravamen of the claims is the same. The lawsuits share common factual allegations and proceed under common legal theories, identify the same sources of liability, and request the same relief. Compare *Tremblay* Action, ECF No. 1 at 11-16, with *The New York Times* Action, ECF No. 1 at 60-66.[4] The overlap is clear and not in serious dispute.[5]

The NY Times claims there is no complete identicality between the two actions. But this is not the standard. Permissive intervention under Rule 24(b) simply requires an intervenor to have a claim or defense that shares with the main action a common question of law or fact. *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. State of New York*, No. 19-CV-11285 (KMK), 2020 WL 5658703, at *9 (S.D.N.Y. Sept. 23, 2020) (citing Fed. R. Civ. P. 24(b)). Indeed, "[i]t is well-established by district courts in the Second Circuit that "[t]he words 'claim or defense' are not read in the technical sense, but only require some interest on the part of the applicant."" *Id*. (citing *United States v. N.Y.C. Hous. Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018). The *Tremblay* Action and the *New York Times* Action share at least one (and indeed, more) common question of law or fact.

Indeed, in its motion to relate its case to the *Authors Guild* Action, The NY Times has already admitted the overlap between its case and the *Authors Guild* Action, which itself is a

---

[3] The NY Times points to *Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 345-46 (E.D.N.Y. 2018). But *Travis* is inapposite, and The NY Times's reliance misplaced. Opp'n. at 10. *Travis* was a case where intervention was denied because the intervenor had *substantively different claims and represented an entirely different class*. *Travis*, 284 F. Supp. 3d at 342 (emphasis added). That is not the case here because the first-filed claims of the *Tremblay* Plaintiffs largely encompass The NY Times' claims. And further, as The NY Times recognizes, the first-to-file rule *does not* require identical parties. Opp'n. at 19.

[4] Page cites refer to the ECF page number.

[5] The *New York Times* Action asserts claims for direct copyright infringement, vicarious copyright infringement, contributory copyright infringement, violation of the Digital Millennium Copyright Act, common-law unfair competition by misappropriation, and trademark dilution. *NY Times* Action, ECF No. 1, ¶¶ 158-204. All but the trademark dilution claim overlap with the *Tremblay* Plaintiffs' claims. *Tremblay* Action, ECF No. 1, ¶¶ 51-86.

copycat of the *Tremblay* Action. *The NY Times* Action, ECF No. 3. The NY Times informed this Court that "[t]he basic legal theories, sources of liability, relief requested, basis of jurisdiction, and factual allegations regarding Defendants' conduct brought in the three [S.D.N.Y.] complaints are similar" to the *Authors Guild* Action. *The NY Times* Action, ECF No. 3. The NY Times itself admitted that "there will be substantial overlap between the substantive legal and factual issues in all three cases, and designating these cases as related would avoid duplicative efforts, expenses, and burdens on the Court." *Id.*

> B. **The NY Times Already Argued to This Court that Its Case Is Similar to the *Authors Guild* Action; It Is Therefore Estopped from Taking the Opposite Position Here.**

The NY Times myopically claims that the *Tremblay* Action and the *New York Times* Action do not arise from the same nucleus of fact and law. Opp'n. at 19-21. It overlooks the substantial identity of the factual allegations: *The NY Times* Action and the *Tremblay* Action both allege an unprecedented level of copyright infringement by OpenAI from its training of its large language models on plaintiff authors' copyrighted works without consent, credit, or compensation. See *Tremblay* Action, ECF No. 1, ¶ 23; *The NY Times* Action, ECF No. 1, ¶ 136. This is the central theory for both cases. This fact is ineluctable. Yet, in the same breath, The NY Times seeks to draw parallels between its case and the *Authors Guild* Action. Indeed, throughout its opposition, The NY Times makes arguments for why the first-to-file rule should not apply to any of the S.D.N.Y. Actions. But *The NY Times* Action was related to the *Authors Guild* Action because **"there w[as] [] substantial overlap between the substantive legal and factual issues in all three cases."** *The NY Times* Action, ECF No. 3 (emphasis added).

The NY Times now makes arguments to distance itself from the nucleus of operative facts that precipitated the relation of those cases in the first instance by highlighting immaterial differences in the context of intervention. Opp'n at 19-21. The Court should discount these arguments. As explained in the *Tremblay* Plaintiffs' moving papers and in section II.C. below, *The*

3

*NY Times* Action and *Tremblay* Action are cognates of each other.[6] The inescapable conclusion is that The NY Times is entirely subsumed within the *Tremblay* class and the claims are nearly identical.

The substantial similarity is further demonstrated by the concurrent representation of The NY Times and the class representatives in the *Alter* Action.[7] Specifically, the lawyers representing The NY Times also represent the *Alter* Plaintiffs in the *Authors Guild* Action. Due to their participation in both cases, it is likely that those lawyers will take positions in the *NY Times* Action that are consistent with their positions in the *Authors Guild* Action. To the extent The NY Times tries to argue that the presence of Microsoft precludes permissive intervention, for the reasons presented in section II.C.2. below, this argument too holds no water.

There would be no prejudice to The NY Times were the Court to permit the *Tremblay* plaintiffs to intervene. The NY Times is included within the scope of the *Tremblay* Action. The direct copyright and other claims are identical. There is no concern about the statute of limitations—indeed, the statute of limitations on *The NY Times* claims was tolled by the filing of the *Tremblay* Action. In the event that the *Tremblay* Action is certified, The NY Times would be presented with the opportunity, like other absent class members, to opt out or be bound by the class action. Fed. R Civ. P. 23(c)(2)(3). The two plaintiffs who filed the *Basbanes* Action in the Southern District of New York (now consolidated with the *Authors Guild* Action) agree that the *Tremblay*

---

[6] Both allege direct copyright infringement. *Tremblay* Action, ECF No. 1 ¶¶ 51-57; *The NY Times* Action, ECF No. 1 ¶¶ 158-168. Both allege vicarious copyright infringement. *Tremblay* Action, ECF No. 1 ¶¶ 58-61; *The NY Times* Action, ECF No. 1 ¶¶ 169-173; Both allege violation of the Digital Millennium Act. *Tremblay* Action, ECF No. 1 ¶¶ 62-67; *The NY Times* Action, ECF No. 1 ¶¶ 181-191. Both Allege violations of common-law unfair competition laws. *Tremblay* Action, ECF No. 1 ¶¶ 68-72; *The NY Times* Action, ECF No. 1 ¶¶ 192-197.

[7] It is highly unusual for lawyers to serve as class counsel for class representatives and simultaneously represent members of the class who intend to opt out or otherwise not participate in the class action. *See, e.g.*, *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99-100 (1981) ("Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties.").

Plaintiffs' Motion is meritorious and should be granted. *See* Declaration of Michael P. Richter ("Richter Decl."), ¶ 2.

### C.  The NY Times Misapplies the First-to-File Rule

#### 1.  Plaintiffs Sufficiently Overlap for Purposes of the First-to-File Rule

It would be an abuse of discretion for the Court to decline to apply the first-to-file here. *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970) (holding district court abused its discretion in denying motion for stay under the first-to-file rule and reasoning "**courts already heavily burdened with litigation with which they must of necessity deal should not be called upon to duplicate each other's work in cases involving the same issues and the same parties**.") (emphasis added, cleaned up); *see also Samsung Elecs. Co. v. Solas Oled Ltd.,* No. 21 CIV. 5205 (LGS), 2022 WL 294631, at *2 (S.D.N.Y. Feb. 1, 2022) (cleaned up) ("The first-to-file rule is a principle of federal comity that permits a district court to decline to exercise jurisdiction when a complaint involving substantially similar parties and issues has been filed in another district court.") (citing *Futurewei Techs., Inc. v. Acacia Rsch. Corp.,* 737 F.3d 704, 707 (Fed. Cir. 2013)).

The requirements for the application of the rule are readily satisfied. The first-filed *Tremblay* complaint and the subsequently filed NY Times complaint involve substantially similar parties and issues. *U.S. ex rel. Cestra v. Cephalon, Inc.*, No. 10 CIV. 6457 SHS, 2014 WL 1087960, at *3 (S.D.N.Y. Mar. 19, 2014) ("*Cephalon*"); *In re Cuyahoga Equip. Corp.*, 980 F.2d at 116–17 (holding that the first-to-file rule requires parties that are "identical or substantially similar[.]") (emphasis added). In fact, as noted above, The NY Times is entirely subsumed within the class asserted in the *Tremblay* Action, which includes "[a]ll persons or entities domiciled in the United States that own a United States copyright in any work that was used as training data for the OpenAI Language Models during the Class Period." *Tremblay* Action, ECF No. 1 at ¶ 42.

Essentially conceding these facts, The NY Times argues that the rule does not apply to subsequently filed individual non-class cases. This is not well taken. First, there is no case that has held that the first-to-file rule only applies to class cases or does not apply to individual cases. Indeed, the only appellate court nationwide to have considered this issue held that a plaintiff's choice to bring only individual claims does not preclude application of the first-to-file. *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 788 (6th Cir. 2016). There, the court reasoned:

> [F]or purposes of identity of the parties when applying the first-to-file rule, courts have looked at whether there is substantial overlap with the putative class even though the class has not yet been certified…. The reason is fairly straightforward: if the opposite rule were adopted, the first-to-file rule might never apply to overlapping class actions as long as they were filed by different plaintiffs .... [Plaintiffs] undoubtedly would be members of the ... class if it were certified. Even though the ... class would also include additional members who are not plaintiffs in this action, what matters for our purposes is that [plaintiffs] would be parties to both actions. This overlap satisfies the similarity of the parties factor.

*Id.* at 790–91 (alterations added; citations omitted); *see also Muhammad v. State Farm Indem. Co.*, No. CV226149MEFMAH, 2024 WL 833554, at *8 (D.N.J. Feb. 28, 2024) (noting *Baatz* is the only court of appeals decision to address the question of whether plaintiffs, in the context of proposed class actions, are substantially similar for the purposes of the first-to-file rule); *see also Yao v. Ulta Beauty Inc.*, No. 18-22213-CIV, 2018 WL 4208324, at *3 (S.D. Fla. Aug. 8, 2018) ("The Court agrees with the reasoning in *Baatz*—even though Plaintiff's FDUPTA claim is an individual one, and even though the Illinois class action is not yet certified, the overlap between the Illinois putative class definition and Plaintiff's claims 'satisfies the similarity of the parties factor.'").[8]

---

[8] *Baatz*, and the line of cases following that decision, constitutes clear guidance supporting the *Tremblay* Plaintiffs' request for a dismissal, stay or transfer of the *Auth*ors *Guild* Action. In the event the Court concludes that it is a closer call with respect to *New York Times* Action, the Court may grant the *Tremblay* Plaintiffs' motion with respect to the *Authors Guild* Action and deny it with respect to the *New York Times* Action. It is the *Tremblay* Plaintiffs' position that neither the *Authors Guild* Plaintiffs nor The NY Times have overcome the strong presumption in favor of the application of the first-to-file rule here.

Indeed, the first-to-file rule would apply if none of the cases involved class actions or purported classes. The rule applies to civil actions generally. *See, e.g.*, *Cephalon*, 2014 WL 1087960, at *5 (emphasis added). In *Cephalon*, a plaintiff brought a qui tam action on behalf of the United States and twenty-eight states and the District of Columbia. *Id.* A separate plaintiff brought a separate qui tam action on behalf of the same entities. The court found that the first-to-file rule applied, because the parties in interest in the second-filed lawsuit constitute a substantial subset of the parties in interest in the first-filed lawsuit. *Id.*

As the *Baatz* court observed, the rationale makes no distinction for individual cases. *Baatz*, 814 F.3d at 788. It would be illogical to do so. In fact, the argument for the first-to-file rule is even stronger where the first-filed cases are class actions, which include the plaintiffs within the ambit of the class claims. The purpose of the class action itself is to promote judicial economy and advance the interests of justice by unifying the adjudication of common claims arising out of common factual disputes in a single proceeding. *See* Fed. R. Civ. P. 23; advisory committee notes to 1966 amendment ("Actions by or against a class provide a ready and fair means of achieving unitary adjudication . . . Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote, uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. . . ."); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349 (1983) (describing "[t]he principal purposes of [] class action procedure" as the "promotion of efficiency and economy of litigation[.]").

The public policy interests underpinning the first-to-file rule—i.e., comprehensively disposing of litigation, conserving judicial resources, and avoiding inconsistent judgments—are best served by litigating these actions containing substantially similar claims (and parties) before a single court irrespective of whether the cases assert non-overlapping claims. *See Cephalon,* 2014 WL 1087960, at *4 ("[W]here two actions substantially overlap but feature at least one non-

overlapping claim, a failure to apply the first-filed rule would burden the parties with the vexation of simultaneously litigating substantially similar actions.").

The NY Times seeks to avoid *Cephalon* on the grounds that the claims there were brought on behalf of the government. This distinction makes no difference. The court in *Cephalon* focused on the substantial similarity of the parties and issues, without regard to the status of the plaintiffs. *See id.* at *5. In fact, in *Cephalon*, as is the case here, the claims in the subsequently filed case were subsumed within those at issue in the first-filed case. More generally, the court based its decision on the equitable and common law principles upon which the first-to-file rule is based.[9]

### 2. The Defendants in the Two Actions Sufficiently Overlap

As the *Tremblay* Plaintiffs showed in their opening papers, the first-to-file rule does not require exact identicality of the parties or claims. The question is whether the parties are "substantially similar." *Cephalon*, 2014 WL 1087960, at *3; *In re Cuyahoga Equip. Corp.*, 980 F.2d at 116–17.

The NY Times makes much of the fact that Microsoft Corporation is not named in the *Tremblay* Action. The first-to-file rule does not require complete overlap of the parties. *Cephalon*, 2014 WL 1087960, at *5. Further, the core of all the pending S.D.N.Y. Actions (and the *Tremblay* Action) is the direct copyright infringement claim against **OpenAI** for its training practices. *See* ECF 1 ¶¶ 158-168. That is because OpenAI, without authorization, copied Plaintiffs' copyrighted work in connection with the creation, development, sale, and marketing of its generative artificial-

---

[9] The NY Times also cites three district court cases to support the untenable proposition that an individual plaintiff cannot be overlapping with a putative class (even though the plaintiff is encompassed by the proposed class). Each are inapposite. In *Harris v. McDonnell*, 2013 WL 5720355, at *4 (W.D. Va. Oct. 18, 2013), the plaintiffs specifically requested they be excluded from the putative class asserted in the first-filed case. This has not happened here. With respect to the second case it cites for this proposition, *Pena v. Experian Info. Sols., Inc.*, The NY Times neglects to mention the fact that, the first-filed case was "indefinitely stayed pending arbitration," and thus a transfer to that jurisdiction was deemed inappropriate., No. 822CV01115SSSADSX, 2023 WL 6787809, at *3 (C.D. Cal. Sept. 22, 2023). Lastly, The NY Times cites one case arising in the Southern District of New York, but that decision does not even analyze the issue of overlapping plaintiffs. *See generally Murray Cap. Mgmt., Inc. v. Exide Techs.*, 2005 WL 8179312, at *1 (S.D.N.Y. Dec. 12, 2005).

intelligence products. The NY Times adopts—and copies—these claims. In The NY Times's direct-infringement claim (Count I), The NY Times names Microsoft based on an aiding-and-abetting-type theory arising from OpenAI's use of Microsoft's "supercomputing platform." *Id.*, ¶¶ 161-162. Notably, the *Authors Guild* Plaintiffs' contributory-infringement claim against Microsoft is based on the cursory allegation that "Microsoft controlled, directed, and profited from the infringement perpetrated by the OpenAI Defendants" because it "controls and directs" the supercomputing platform used to train OpenAI's large language models. *Id.*, ¶ 170.

A review of the claims in their entirety show their substantial similarity: like the other S.D.N.Y. Actions, the *NY Times* Action brings claims based on the impermissible use of plaintiffs' copyrighted material in connection with the training of OpenAI's large language models and commercialized generative AI products. Compare, *Tremblay* Action, ECF No. 1, ¶¶ 51-57 with *New York Times* Action, ECF No. 1 ¶¶ 158-168.

### 3. The Presence of Some Non-Overlapping Claims and Issues is Inconsequential

The NY Times argues that two actions assert non-overlapping claims of copyright infringement "including based on how Defendants' artificial intelligence products generate infringing output in response to user prompts. Compl. ¶ 163." Opp'n, 16. This is inconsequential. In drawing this distinction, The NY Times points to only one paragraph in their 204-paragraph complaint. Moreover, the presence of some non-overlapping claims is irrelevant where the "common ground is substantial," as is the case between the lawsuits here. *Cephalon*, 2014 WL 1087960, at *6.

### 4. The NY Times Has Not Shown How the Balance of Convenience Test Tips in Favor of Continuing Litigation in This Court

There is a "strong presumption in favor of the forum of the first-filed suit." *GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F.Supp.2d 421, 424 (S.D.N.Y. 1998). The NY Times fails to overcome this presumption. In their Motion, the *Tremblay* Plaintiffs enumerate several important reasons why the

9

Northern District of California is a more convenient forum. *Mot.*, 18-19. At the very least, the Court should grant the *Tremblay* Plaintiffs' motion to transfer as other courts in this District have done.[10]

The Court should also discount The NY Times' three listed reasons why it believes that New York remains the center of gravity for the actions pending in this District. Contrary to its arguments, The NY Times, as a copyright holder, is not anticipated to provide an inordinate amount of testimony and records such that venue in New York is preferable. And, although Defendant Microsoft has a research laboratory in New York City, Microsoft's presence in the Southern District of New York is far outweighed by its presence in the Northern District of California, including its offices across Berkeley, San Francisco, and Silicon Valley. *See* Microsoft Corporation, Microsoft's Growing Presence in the Bay Area (Jan. 21, 2020), https://tinyurl.com/bdhxpjck. According to Microsoft, the San Francisco Bay Area region "is home to more than 30 different teams developing strategic products . . . and exploring new technologies like artificial intelligence." *Id.* Moreover, the fact that OpenAI is "interested in" leasing office space in New York City is inconsequential—the actions here concern OpenAI's *past* conduct.

## III.   CONCLUSION

For the foregoing reasons, the *Tremblay* Plaintiffs respectfully request that the Court dismiss or, in the alternative, stay or transfer the *NY Times* Action under the first-to-file rule.

---

[10] *Henry v. JP Morgan Chase & Co.*, No. 14-CV-7176 (AJN), 2015 WL 13949710, at *7 (S.D.N.Y. May 11, 2015) (granting motion to transfer pursuant to the first-to-file rule where first-filed and second-filed case involved putative classes); *Greyhound Lines, Inc. v. Adirondack Transit Lines, Inc.*, No. 15-CV-8109 (RA), 2016 WL 11483933, at *2 (S.D.N.Y. Oct. 7, 2016); *Wu v. Stomber*, No. 11 CIV. 7271 PKC, 2011 WL 6225142, at *2 (S.D.N.Y. Dec. 14, 2011); s*ee also Samsung Elecs.*, 2022 WL 294631, at *4 (granting motion to stay pursuant to first-to-file rule).

Dated: March 8, 2024 By:   */s/ Christopher J. Hydal*
                Christopher J. Hydal

            Christopher J. Hydal
            **JOSEPH SAVERI LAW FIRM, LLP**
            40 Worth Street, Suite 602
            New York, NY 10013
            Telephone: (646) 527-7310
            Facsimile:  (212) 202-7678
            Email:    chydal@saverilawfirm.com

            Joseph R. Saveri (pro hac vice forthcoming)
            Cadio Zirpoli (pro hac vice forthcoming)
            Christopher K. L. Young (pro hac vice forthcoming)
            Holden Benon (pro hac vice forthcoming)
            Aaron Cera (pro hac vice forthcoming)
            **JOSEPH SAVERI LAW FIRM, LLP**
            601 California Street, Suite 1000
            San Francisco, California 94108
            Telephone: (415) 500-6800
            Facsimile:  (415) 395-9940
            Email:    jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                hbenon@saverilawfirm.com
                acera@saverilawfirm.com

            Matthew Butterick (pro hac vice forthcoming)
            1920 Hillhurst Avenue, #406
            Los Angeles, CA 90027
            Telephone:  (323)968-2632
            Facsimile:   (415) 395-9940
            Email:    mb@buttericklaw.com

            Bryan L. Clobes (pro hac vice)
            **CAFFERTY CLOBES MERIWETHER**
            **& SPRENGEL LLP**
            205 N. Monroe Street
            Media, PA 19063
            Telephone:    215-864-2800
            Email:        bclobes@caffertyclobes.com

            Alexander J. Sweatman (pro hac vice anticipated)
            **CAFFERTY CLOBES MERIWETHER**
            **& SPRENGEL LLP**
            135 South LaSalle Street, Suite 3210
            Chicago, IL 60603
            Telephone:    312-782-4880
            Email:        asweatman@caffertyclobes.com

        Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*