# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
THE NEW YORK TIMES COMPANY,

        Plaintiff,

        v.

MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,

        Defendants.

------------------------------------------------------- X

No. 1:23-cv-11195-SHS

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

SIDNEY H. STEIN, United States District Judge:

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing party and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.  Any person subject to this Protective Order who receives from any other person

    subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to the terms of this Protective Order (hereinafter "Protected Discovery Material") shall not disclose such Protected Discovery Material to anyone else except as expressly permitted hereunder.

2. The protections conferred by this Protective Order cover not only Protected Discovery Material, but also (1) any information copied or extracted from Protected Discovery Material; (2) all copies, excerpts, summaries, or compilations of Protected Discovery Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Discovery Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a recipient or that becomes part of the public domain after its disclosure to a recipient, including becoming part of the public record through trial or otherwise; and (b) any information known to the recipient of the disclosure or obtained by the recipient after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party. Any use of Protected Discovery Material at trial shall be governed by a separate agreement or order.

3. If it comes to a producing party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of

protection initially asserted, that producing party must promptly notify all other parties that it is withdrawing the mistaken designation.

4. A party may challenge any designation at any time. A party seeking to challenge a designation shall notify the designating party of their intended challenge, identifying all material they claim is incorrectly designated. The parties shall meet and confer regarding the challenge within 7 days of that notice. If the parties cannot resolve the disagreement regarding a confidentiality designation, the parties will raise the dispute in accordance with Hon. Sidney H. Stein's Individual Rules of Practice.

5. A party may designate as "CONFIDENTIAL" Protected Discovery Material information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

6. A party may designate extremely sensitive Protected Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if disclosure of that material to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

7. The Parties will separately negotiate an agreement for the discovery of source code.

8. The party producing any given Discovery Material may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing party and/or a third party to whom a duty of confidentiality is owed.

9. With respect to the Protected portion of any Discovery Material other than deposition

transcripts and exhibits, the producing party or that party's counsel may designate such portion as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by: (a) stamping or otherwise clearly marking as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

10. With respect to deposition transcripts, a producing party or that party's counsel may designate such portion as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Protected Discovery Material, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing party or that party's counsel by the reporter. If, at the conclusion of a deposition, the producing party designates the transcript as Protected Discovery Material, the entire deposition transcript will be treated as if it had been designated Confidential for a 30-day period following the conclusion of a deposition.

11. If at any time prior to the trial of this action, a producing party realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without

limitation should be designated as Protected Discovery Material, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Protected Discovery Material under the terms of this Protective Order. An inadvertent failure to designate qualified information or items does not, standing alone, waive the producing party's right to secure protection under this Protective Order for such material.

12. If a recipient learns that, by inadvertence or otherwise, it has disclosed Protected Discovery Material to any person or in any circumstance not authorized under this Protective Order, the recipient must immediately (a) notify in writing the producing party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

13. In the event of an inadvertent production of material protected by the attorney-client privilege, the common-interest privilege, the work-product protection, or any other applicable privilege, the producing party may notify the receiving party within 30 days after the producing party becomes aware of such inadvertent production. Upon notification, the receiving party shall immediately return, sequester, or destroy the inadvertently produced Discovery Material and all copies as well as notes, summaries, and/or work product reflecting the content of such material. If only a portion of the Discovery Material is privileged, the producing

party shall immediately provide a new version of the Discovery Material in which the privileged material has been redacted. No further use or disclosure shall be made of the inadvertently produced Discovery Material, and the receiving party shall take all reasonable and appropriate steps to retrieve and destroy the Discovery Material, and all copies, from any person who has received the Discovery Material through the receiving party. A party or non-party that asserts that it inadvertently produced privileged or protected documents shall not be required to provide discovery on its internal procedures for conducting reviews prior to production, and it shall not be required to demonstrate that such procedures were sufficiently rigorous.

14. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "CONFIDENTIAL" to any other person whomsoever, except to:

   (a) the recipient's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

   (b) the officers, directors, and employees (including inhouse counsel) of the recipient to whom disclosure is reasonably necessary for this litigation, provided such persons, other than inhouse counsel with responsibility for managing this litigation and their staff, have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   (c) experts and consultants of the recipient to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a

    Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, unless otherwise agreed by the producing party or ordered by the court;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

15. No person subject to this Protective Order other than the producing party shall disclose any of the Discovery Material designated by the producing party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to any other person whomsoever, except to:

(a) the recipient's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

(b) designated inhouse counsel of the recipient to whom disclosure is reasonably necessary for this litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit

    hereto. Within 30 days of the entry of this Protective Order, a receiving party may designate by name, in writing, up to five (5) in-house attorneys who are permitted to view materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided that any attorneys so designated may not have a role through which they could use such materials to engage in Competitive or Editorial Decision-Making[1];

(c) experts of the recipient to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; or

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

---

[1] "Competitive or Editorial Decision-Making" means the action or process of making a business or journalistic decision or resolving a non-legal question relating to a competitor, potential competitor, customer, journalist, opinion writer, editor, video producer, audio producer, or distribution partner regarding contracts, marketing, pricing, product, service development or design, product, or service offering, research and development, mergers and acquisitions, or licensing, acquisition, funding, enforcement of intellectual property, publishing, writing, editing, broadcasting, or public speaking. It does not include legal advice provided in connection with litigation, potential litigation, or regulatory matters, nor does it include work performed as part of a trial team or to keep management advised on the progress or status of litigation, potential litigation, or regulatory matters.

16. Prior to any disclosure of any Protected Discovery Material to any person referred to in subparagraphs 14(b), 14(c), 14(e), 14(f), 15(b), 15(c), and 15(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

17. Unless otherwise ordered by the court or agreed to in writing by the producing party, a party that seeks to disclose to a testifying or consulting expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 15 must first identify the expert to the producing party in writing in advance of any such disclosure. The expert disclosure must (1) identify the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the recipient intends to disclose to the expert, (2) set forth the full name of the expert, (3) attach a copy of the expert's current resume; (4) identify the expert's current employer(s), and (5) provide a list of all other cases in which, the witness testified as an expert at trial or by deposition during the previous 4 years.

    (a) The party intending to disclose material that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" may disclose the subject Protected

>   Discovery Material to the identified expert(s) unless, within 5 business days of delivering the notice, the party receives a written objection from the producing party. Any such objection must be made in good faith and set forth in detail the grounds on which it is based.
>
>   (b) A party that receives a timely written objection must meet and confer with the producing party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 5 business days of the written objection. If no agreement is reached, the party opposing disclosure must file a letter as provided in paragraph 2(G) of this Court's Individual Practices within 5 business days of the parties' meet and confer conference. The party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the recipient's need to disclose the Protected Discovery Material to its expert. If, after a timely objection and meet and confer conference, the opposing party does not file a letter or motion with the Court pursuant to the procedures of this paragraph, the party intending to disclose the Protected Discovery Material to properly identified experts may do so.

18. Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the parties cannot reach agreement promptly, counsel for the disclosing and receiving parties will address their dispute to this Court in accordance with Paragraph 2(G) of this Court's

Individual Practices.

19. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. The terms of this Protective Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

20. Recipients of Protected Discovery Material under this Protective Order may use such material solely for prosecuting, defending, or attempting to settle this litigation. Recipients may not use Protected Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

21. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Discovery Material, that Party must:

    (a) promptly notify in writing the producing person. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the producing person whose Confidential Discovery Material may be affected.

(d) If the producing party timely seeks a protective order in the other litigation, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Discovery Material before a determination by the court from which the subpoena or order issued, unless the party has obtained the producing person's permission. The producing person shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a recipient of Protected Discovery Material in this action to disobey a lawful directive from another court.

22. Absent prior consent from the producing party, any party seeking to file another party's Protected Discovery Material shall seek leave to file that material under seal. All persons seeking to file redacted documents or documents under seal with the Court shall follow Paragraph 5(B) of this Court's Individual Practices. For any document a party ("Filing Party") seeks to seal because that document has been designated as confidential by another party or non-party (the "Designating

Party"), the Filing Party's motion or letter motion to seal shall state that the basis for sealing is the Designating Party's designation and immediately provide notice to the Designating Party of the sealing request, with a copy of filed documents showing the Designating Party's confidential materials unredacted. Within five business days of the filing of the motion to seal, the Designating Party will file with the Court a statement of the reasons that the confidential material should be sealed that complies with Paragraph 5(B) of this Court's Individual Practices. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Protected Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Protected Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

23. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Discovery Material itself, and not text that in no material way reveals the Protected Discovery Material.

24. Each person who has access to Discovery Material that has been designated as

"CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

25. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the parties who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the party receiving PII experiences a data breach, she, he, or it shall immediately notify the producing party of the same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

26. Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a producing party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

27. Within 60 days after the final disposition of this action, as defined in paragraph 25, each recipient must return all Protected Discovery Material to the producing party or

destroy such material. As used in this paragraph, "all Protected Discovery Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Discovery Material or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Whether the Protected Discovery Material is returned or destroyed, the recipient must submit a written certification to the producing party by the 60-day deadline that (1) all the Protected Discovery Material was returned or destroyed and (2) the recipient has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Discovery Material outside of archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product. Any such archival copies that contain or constitute Protected Discovery Material remain subject to this Protective Order.

28. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

_____    _____

    Dated:                                                                                Dated:

-17-

      SO ORDERED.


_____
SIDNEY H. STEIN
United States District Judge
      Dated:
           New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
THE NEW YORK TIMES COMPANY,  :
               Plaintiff,  :   No. 1:23-cv-11195-SHS
               v.  :
MICROSOFT CORPORATION, OPENAI,  :
INC., OPENAI LP, OPENAI GP, LLC,  :
OPENAI, LLC, OPENAI OPCO LLC,  :
OPENAI GLOBAL LLC, OAI  :
CORPORATION, LLC, and OPENAI  :
HOLDINGS, LLC,  :
               Defendants.
------------------------------------------------------- X

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential—Source Code" ("Confidential Discovery Material"). I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

-19-

Dated: _____