# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 3000
401 UNION STREET
SEATTLE, WASHINGTON 98101-2683
(206) 516-3880
FAX (206) 516-3883
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 1400 | ONE MANHATTAN WEST |
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | NEW YORK, NEW YORK 10001-8602 |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | (212) 336-8330 |
| (713) 651-9366 | (310) 789-3100 | |

IAN B. CROSBY
DIRECT DIAL (206) 516-3861

E-MAIL ICROSBY@SUSMANGODFREY.COM

May 9, 2024

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, New York 10007

Re:  *New York Times Company v. Microsoft Corp. et al.*, 23-cv-11195-SHS;
Notice of Supplemental Authority Concerning OpenAI's Motion to Dismiss

Dear Judge Stein:

On behalf of Plaintiff, The New York Times Company ("The Times"), I write to notify the Court of the United States Supreme Court's decision, issued on May 9, 2024, in *Warner Chappell Music, Inc. v. Nealy*, No. 22-1078. That decision is relevant to The Times's invocation of the discovery rule in response to OpenAI's contention that The Times's copyright claims based on the training of GPT-2 and GPT-3 should be dismissed as untimely. Dkt. 72 at 6–9.

In *Warner Chappell*, the Supreme Court held that under the discovery rule, a copyright plaintiff can recover damages for acts that allegedly occurred more than three years before the filing of a lawsuit. Slip op. at 1. In so holding, the Supreme Court assumed that the discovery rule governs the timeliness of copyright claims. *Id.* at 4. The slip opinion is attached hereto as Exhibit 1.

Respectfully submitted,

*/s/ Ian B. Crosby*

Ian B. Crosby

cc:   All Counsel of Record (via ECF)

# EXHIBIT 1

(Slip Opinion) OCTOBER TERM, 2023     1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## WARNER CHAPPELL MUSIC, INC., ET AL. *v.* NEALY ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 22–1078. Argued February 21, 2024—Decided May 9, 2024

Under the Copyright Act, a plaintiff must file suit "within three years after the claim accrued." 17 U. S. C. §507(b). On one understanding of that limitations provision, a copyright claim "accrue[s]" when "an infringing act occurs." *Petrella* v. *Metro-Goldwyn-Mayer, Inc.*, 572 U. S. 663, 670. But under an alternative view, the so-called discovery rule, a claim accrues when "the plaintiff discovers, or with due diligence should have discovered," the infringing act. *Ibid.*, n. 4. That rule enables a diligent plaintiff to raise claims about even very old infringements if he discovered them within the three years prior to suit. In this case, respondent Sherman Nealy invoked the discovery rule to sue Warner Chappell Music for copyright infringements going back ten years. Nealy argued that his claims were timely because he first learned of the infringing conduct less than three years before he sued. In the District Court, Warner Chappell accepted that the discovery rule governed the timeliness of Nealy's claims. But it argued that, even if Nealy could sue under that rule for older infringements, he could recover damages or profits for only those occurring in the last three years. The District Court agreed. On interlocutory appeal, the Eleventh Circuit reversed, rejecting the notion of a three-year damages bar on a timely claim.

*Held*: The Copyright Act entitles a copyright owner to obtain monetary relief for any timely infringement claim, no matter when the infringement occurred. The Act's statute of limitations establishes a three-year period for filing suit, which begins to run when a claim accrues (here, the Court assumes without deciding, upon its discovery). That provision establishes no separate three-year limit on recovering damages. If any time limit on damages exists, it must come from the Act's

remedial sections. But those provisions merely state that an infringer is liable either for statutory damages or for the owner's actual damages and the infringer's profits. See §504(a)–(c). There is no time limit on monetary recovery. So a copyright owner possessing a timely claim is entitled to damages for infringement, no matter when the infringement occurred.

The Court's decision in *Petrella* also does not support a three-year damages cap. There, the Court noted that the Copyright Act's statute of limitations allows plaintiffs "to gain retrospective relief running only three years back from" the filing of a suit. 572 U. S., at 672. Taken out of context, that line might seem to address the issue here. But that statement merely described how the limitations provision worked in *Petrella*, where the plaintiff had long known of the defendant's infringing conduct and so could not avail herself of the discovery rule to sue for infringing acts more than three years old. The Court did not go beyond the case's facts to say that even if the limitations provision allows a claim for an earlier infringement, the plaintiff may not obtain monetary relief.

Unlike the plaintiff in *Petrella*, Nealy has invoked the discovery rule to bring claims for infringing acts occurring more than three years before he filed suit. The Court granted certiorari in this case on the assumption that such claims may be timely under the Act's limitations provision. If Nealy's claims are thus timely, he may obtain damages for them. Pp. 4–7.

60 F. 4th 1325, affirmed.

KAGAN, J., delivered the opinion of the Court, in which ROBERTS, C. J., and SOTOMAYOR, KAVANAUGH, BARRETT, and JACKSON, JJ., joined. GORSUCH, J., filed a dissenting opinion, in which THOMAS and ALITO, JJ., joined.

NOTICE: This opinion is subject to formal revision before publication in the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

# SUPREME COURT OF THE UNITED STATES
---

No. 22–1078
---

## WARNER CHAPPELL MUSIC, INC., ET AL., PETITIONERS *v.* SHERMAN NEALY, ET AL.

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

[May 9, 2024]

JUSTICE KAGAN delivered the opinion of the Court.

The Copyright Act's statute of limitations provides that a copyright owner must bring an infringement claim within three years of its accrual. See 17 U. S. C. §507(b). In this case, we assume without deciding that a claim is timely under that provision if brought within three years of when the plaintiff discovered an infringement, no matter when the infringement happened. We then consider whether a claim satisfying that rule is subject to another time-based limit— this one, preventing the recovery of damages for any infringement that occurred more than three years before a lawsuit's filing. We hold that no such limit on damages exists. The Copyright Act entitles a copyright owner to recover damages for any timely claim.

I

This dispute had its start in a decades-old, short-lived music venture. In 1983, Sherman Nealy and Tony Butler formed Music Specialist, Inc. That company recorded and released one album and several singles, including the works at issue. But the collaboration dissolved a few years later. And Nealy soon afterward went to prison for drug-related

offenses. He served one prison term from 1989 to 2008, and another from 2012 to 2015.

Meanwhile, Butler (unbeknownst to Nealy) entered into an agreement with Warner Chappell Music, Inc. to license works from the Music Specialist catalog. And Warner Chappell found quite a few takers. One Music Specialist work ("Jam the Box") was interpolated into Flo Rida's hit song "In the Ayer," which sold millions of copies and reached No. 9 on the Billboard chart. Use of that song was in turn licensed to several popular television shows, including "So You Think You Can Dance." Other Music Specialist songs found their way into recordings by the Black Eyed Peas and Kid Sister.

In 2018, following his second prison stint, Nealy sued Warner Chappell for copyright infringement. Nealy alleged that he held the copyrights to Music Specialist's songs and that Warner Chappell's licensing activities infringed his rights. The infringing activity, Nealy claimed, dated back to 2008—so ten years before he brought suit. Nealy sought damages and profits for the alleged misconduct, as the Copyright Act authorizes. See §504.

For his claims to proceed, Nealy had to show they were timely. Under the Copyright Act, a plaintiff must file suit "within three years after the claim accrued." §507(b). On one understanding of that limitations provision, a copyright claim "accrue[s]" when "an infringing act occurs." *Petrella* v. *Metro-Goldwyn-Mayer, Inc.*, 572 U. S. 663, 670 (2014). So a plaintiff can complain about infringements going back only three years from the time he filed suit. If that rule governed, many of Nealy's claims would be untimely, because they alleged infringements occurring as much as ten years earlier. But under an alternative view of the Act's limitations provision, a claim accrues when "the plaintiff discovers, or with due diligence should have discovered," the infringing act. *Ibid.*, n. 4. That so-called discovery rule, used in the Circuit where Nealy sued, enables a diligent

plaintiff to raise claims about even very old infringements if he discovered them within the prior three years. Nealy urged that all his claims were timely under that rule because he did not learn of Warner Chappell's infringing conduct until 2016—just after he got out of prison and less than three years before he sued.

In the District Court, though, Nealy ran into a different timing objection, related not to his ability to bring suit but to his recovery of damages. Warner Chappell accepted that the discovery rule governed the timeliness of Nealy's claims. But it argued that even if Nealy could sue under that rule for infringements going back ten years, he could recover damages or profits for only those occurring in the last three. The District Court agreed. Relying on a decision from the Second Circuit, the court held that even when claims for old infringements are timely, monetary relief is "limited" to "the three years prior to the filing" of the action. App. to Pet. for Cert. 26a (citing *Sohm* v. *Scholastic Inc.*, 959 F. 3d 39, 51–52 (CA2 2020)). So Nealy could bring claims for infringing acts beyond that three-year period, but could not recover any money for them. Appreciating the impact of that ruling, the District Court certified it for interlocutory appeal. See App. to Pet. for Cert. 36a; 28 U. S. C. §1292(b).

The Court of Appeals for the Eleventh Circuit reversed, rejecting the notion of a three-year damages bar on a timely claim. The court "assume[d] for the purposes of answering" the certified question that all of Nealy's claims were "timely under the discovery rule." 60 F. 4th 1325, 1331 (2023). And on that assumption, the court ruled, he could recover full damages. Allying itself with the Ninth rather than the Second Circuit, the court held that a plaintiff with a timely claim under the discovery rule may obtain "retrospective relief for [an] infringement" even if it "occurr[ed] more than three years before the lawsuit's filing." *Ibid.* (citing *Starz Entertainment* v. *MGM,* 39 F. 4th 1236, 1244 (CA9 2022)).

"[T]he plain text of the Copyright Act," the Eleventh Circuit stated, "does not support the existence of a separate damages bar for an otherwise timely copyright claim." 60 F. 4th, at 1334. And imposing such a bar, the court reasoned, "would gut the discovery rule by eliminating any meaningful relief" for the very claims it is designed to preserve. *Ibid.*

We granted certiorari, 600 U. S. ___ (2023), to resolve the Circuit split noted above, and we now affirm the Eleventh Circuit's decision.

II

The question on which this Court granted certiorari is "[w]hether, under the discovery accrual rule applied by the circuit courts," a copyright plaintiff "can recover damages for acts that allegedly occurred more than three years before the filing of a lawsuit." *Ibid.* That question, which the Court substituted for Warner Chappell's, incorporates an assumption: that the discovery rule governs the timeliness of copyright claims. We have never decided whether that assumption is valid—*i.e.*, whether a copyright claim accrues when a plaintiff discovers or should have discovered an infringement, rather than when the infringement happened. See *Petrella*, 572 U. S., at 670, n. 4. But that issue is not properly presented here, because Warner Chappell never challenged the Eleventh Circuit's use of the discovery rule below. See *supra*, at 3; cf. *Cutter* v. *Wilkinson*, 544 U. S. 709, 718, n. 7 (2005) ("[W]e are a court of review, not of first view"). And as noted above, a division exists among the many Courts of Appeals applying a copyright discovery rule (11 at last count) about whether to superimpose a three-year limit on damages. See *supra*, at 3–4; *Petrella*, 572 U. S., at 670, n. 4; Pet. for Cert. 4. We therefore confined our review to that disputed remedial issue, excluding consideration of the discovery rule and asking only whether

a plaintiff with a timely claim under the rule can get damages going back more than three years.[1]

The text of the Copyright Act answers that question in favor of copyright plaintiffs. The Act's statute of limitations provides in full: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." §507(b); see *supra*, at 2. That provision establishes a three-year period for filing suit, beginning to run when a claim accrues—here, we assume, upon its discovery. And that clock is a singular one. The "time-to-sue prescription," as we have called it, establishes no separate three-year period for recovering damages, this one running from the date of infringement. *Petrella*, 572 U. S., at 686. If any time limit on damages exists, it must come from the Act's remedial sections. But those provisions likewise do not aid a long-ago infringer. They state without qualification that an infringer is liable either for statutory damages or for the owner's actual damages and the infringer's profits. See §504(a)–(c). There is no time limit on monetary recovery. So a copyright owner possessing a timely claim for infringement is entitled to damages, no matter when the infringement occurred.

---

[1] Disregarding the limit in the reformulated question, Warner Chappell's briefing in this Court focuses almost entirely on the discovery rule itself. Compare Brief for Petitioners 15–41 and Reply Brief 1–18 (disputing the discovery rule), with Brief for Petitioners 41–44 and Reply Brief 19–21 (assuming the discovery rule's existence). That choice is especially surprising given that Warner Chappell's own petition for certiorari raised the broader discovery-rule issue only in a footnote, which acknowledged that the issue was not raised below and is not the subject of a Circuit split. See Pet. for Cert. 14, n. But even supposing Warner Chappell's petition had urged us to opine on the discovery rule, our reformulation of the question presented should have put an end to such arguments. "The Court decides which questions to consider through well-established procedures; allowing the able counsel who argue before us to alter these questions or to devise additional questions at the last minute would thwart this system." *Taylor* v. *Freeland & Kronz*, 503 U. S. 638, 646 (1992).

6         WARNER CHAPPELL MUSIC, INC. *v.* NEALY

Opinion of the Court

The Second Circuit's contrary view, on top of having no textual support, is essentially self-defeating. With one hand, that court recognizes a discovery rule, thus enabling some copyright owners to sue for infringing acts occurring more than three years earlier. And with the other hand, the court takes away the value in what it has conferred, by preventing the recovery of damages for those older infringements. As the court below noted, the three-year damages bar thus "gut[s]" or "silently eliminate[s]" the discovery rule. 60 F. 4th, at 1333–1334; see *supra*, at 4. Or said another way, the damages bar makes the discovery rule functionally equivalent to its opposite number—an accrual rule based on the timing of an infringement.[2] As noted above, we do not resolve today which of those two rules should govern a copyright claim's timeliness. See *supra*, at 4. But we reject applying a judicially invented damages limit to convert one of them into the other.

And we have never before proposed that course. The Second Circuit thought otherwise, relying on language in our *Petrella* decision to support a three-year damages cap. *Sohm*, 959 F. 3d, at 51–52. There we noted, as the Second Circuit emphasized, that the Copyright Act's statute of limitations allows plaintiffs "to gain retrospective relief running only three years back from" the filing of a suit. 572 U. S., at 672; see *id.,* at 677. Taken out of context, that line might seem to address the issue here. But in making that statement, we merely described how the limitations provision works when a plaintiff has no timely claims for infringing acts more than three years old. That was the situation in *Petrella*. Because the plaintiff had long known of the defendant's infringing conduct, she could not avail herself of

---

[2] Scholars have speculated about "exceptional case[s]" in which a copyright plaintiff could get some benefit out of a discovery rule even when combined with a three-year damages bar. 3 M. Nimmer & D. Nimmer, Copyright §12.05[B][2][c][ii] (2023). Suffice to say that assuming those cases exist at all, they are as rare as hen's teeth.

Opinion of the Court

the discovery rule. Rather, she sued only for infringements that occurred in the three years before her suit. The defendant argued that she could not recover for even that much under the doctrine of laches, which protects against unreasonable delay in filing suit. We rejected that doctrine's application, explaining that the Act's limitations provision already "takes account of delay" by—here is the language again—allowing the plaintiff "to gain retrospective relief running only three years back from" her suit's filing. *Id.*, at 672, 677. But we did not go beyond the case's facts to say that even if the limitations provision allows a claim for an earlier infringement, the plaintiff may not obtain monetary relief. To the contrary: The plaintiff in *Petrella* could get damages "running only three years back" from filing because she could sue for infringements occurring only within that timeframe.

    Nealy is in a different situation. He has invoked the discovery rule to bring claims for infringing acts occurring more than three years before he filed suit. And as we have explained, we took this case on the assumption that such claims may be timely under the Act's limitations provision. See *supra*, at 4. If Nealy's claims are thus timely, he may obtain damages for them. The Copyright Act contains no separate time-based limit on monetary recovery.

    Accordingly, we affirm the judgment below.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

No. 22–1078

## WARNER CHAPPELL MUSIC, INC., ET AL., PETITIONERS *v.* SHERMAN NEALY, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

[May 9, 2024]

JUSTICE GORSUCH, with whom JUSTICE THOMAS and JUSTICE ALITO join, dissenting.

The Court discusses how a discovery rule of accrual should operate under the Copyright Act. But in doing so it sidesteps the logically antecedent question whether the Act has room for such a rule. Rather than address that question, the Court takes care to emphasize that its resolution must await a future case. The trouble is, the Act almost certainly does not tolerate a discovery rule. And that fact promises soon enough to make anything we might say today about the rule's operational details a dead letter.

"[O]rdinarily," this Court has said, a claim "accrues when a plaintiff has a complete and present cause of action." *Petrella* v. *Metro-Goldwyn-Mayer, Inc.*, 572 U. S. 663, 670 (2014) (internal quotation marks and alteration omitted). "In other words, the limitations period generally begins to run at the point when the plaintiff can file suit and obtain relief." *Ibid.* (internal quotation marks omitted). We call this the "incident of injury rule." *Ibid.*, n. 4. And we interpret statutes with that "'standard rule'" in mind. *Rotkiske* v. *Klemm*, 589 U. S. 8, 13 (2019).

What of the discovery rule? It "starts the limitations period when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for

Case 1:23-cv-11195-SHS   Document 115   Filed 05/09/24   Page 13 of 14

the claim." *Petrella*, 572 U. S., at 670, n. 4 (internal quotation marks omitted). We have said, however, that the rule is not "applicable across all contexts." *TRW Inc.* v. *Andrews*, 534 U. S. 19, 27 (2001). Far from it: Unless the statute at hand directs otherwise, we proceed consistent with traditional equitable practice and ordinarily apply the discovery rule only "in cases of fraud or concealment." *Ibid.* We have long warned lower courts, too, against taking any more "expansive approach to the discovery rule." *Rotkiske*, 589 U. S., at 14; see *TRW Inc.*, 534 U. S., at 27–28.

  There is little reason to suppose the Copyright Act's provisions at issue in this case contemplate any departure from the usual rules. Section 507(b) provides that "[n]o civil action shall be maintained . . . unless it is commenced within three years after the claim accrued." As the Court observed in *Petrella* v. *Metro-Goldwyn-Mayer, Inc.*, standard language like that calls for the application of the standard incident of injury rule: "A copyright claim thus arises or 'accrue[s]' when an infringing act occurs," not at some later date. 572 U. S., at 670. What this should mean for the case before us seems equally evident: Because everyone agrees Sherman Nealy filed suit more than three years after many of Warner Chappell's alleged infringing acts, see *ante*, at 2, some (if not all) of his claims are untimely. Everyone agrees, too, that he has not alleged any fraud or concealment that would entitle him to equitable tolling. See Brief for Petitioners 39; Brief for Respondents 50–51. The discovery rule thus has no role to play here—or, indeed, in the mine run of copyright cases.

  In one sense, the Court's decision to pass over this complication may be understandable. After all, none of the parties before us questioned the application of a discovery rule in proceedings below, but joined issue only over how it should work. See *ante*, at 5, n. 1. And the Court may, as it does, resolve the parties' dispute while leaving for another day the antecedent question whether a discovery rule exists

Cite as: 601 U. S. \_\_\_\_ (2024) 3

GORSUCH, J., dissenting

under the Act. See *ante*, at 4–5.

But if that is a permissible course, it does not strike me as the most sensible one. Nothing requires us to play along with these particular parties and expound on the details of a rule of law that they may assume but very likely does not exist. Respectfully, rather than devote our time to this case, I would have dismissed it as improvidently granted and awaited another squarely presenting the question whether the Copyright Act authorizes the discovery rule. Better, in my view, to answer a question that does matter than one that almost certainly does not.