# Susman Godfrey L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 3000
401 UNION STREET
SEATTLE, WASHINGTON 98101-2683
(206) 516-3880
FAX (206) 516-3883
WWW.SUSMANGODFREY.COM

_____

| | | |
|---|---|---|
| Suite 5100 | Suite 1400 | 32nd Floor |
| 1000 Louisiana Street | 1900 Avenue of the Stars | 1301 Avenue of the Americas |
| Houston, Texas 77002-5096 | Los Angeles, California 90067-6029 | New York, New York 10019-6023 |
| (713) 651-9366 | (310) 789-3100 | (212) 336-8330 |

Ian B. Crosby
Direct Dial (206) 516-3861

E-Mail ICrosby@susmangodfrey.com

May 20, 2024

**VIA ECF**

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, New York 10007

      Re:   *The New York Times Company v. Microsoft Corporation, et al.*,
              Case No.: 23-cv-11195-SHS

Dear Judge Stein:

      I write on behalf of Plaintiff, The New York Times Company ("The Times") to respectfully request the Court to schedule recurring, twice-monthly discovery status conferences. Such conferences would commence now and would run through the end of fact discovery. In advance of each such conference, the parties would briefly summarize any discovery disputes that have arisen, and the Court (whether by Your Honor, Magistrate Judge Wang, or a special master) could rule on such disputes at the conference or could request additional briefing if necessary. I understand that plaintiffs in the consolidated class action cases before this Court have recently requested a similar procedure.[1] Defendants have informed The Times that they oppose this request, as they do in the class cases.

      The recently ordered case schedule (Dkt. 112) contemplates less than seven months for fact discovery. That is more than enough time to complete discovery, provided that all parties comply with their obligations. Thus far, however, Defendants are failing to do so—taking weeks to respond

---

[1] *See Authors Guild et al. v. OpenAI, Inc. et al.* (No. 23-cv-08292), *Alter et al. v. OpenAI, Inc. et al.* (No. 23-cv-10211), and *Basbanes et al. v. OpenAI, Inc. et al.* (No. 23-cv-00084), Dkt. 147.

May 20, 2024
Page 2

to meet-and-confer letters, dragging out negotiations over a protective order, and refusing to quickly produce basic information. Regular conferences are warranted to ensure this case stays on track to complete discovery on the schedule this Court has ordered.

The Times has tried to move quickly, but Defendants have continuously resisted. The Times served its initial document requests to both Defendants on February 23, the same day as the parties' Rule 26(f) conference and the very first day on which discovery could be served. It took nearly three months—accounting for more than one-third of the entire fact discovery period—for OpenAI to begin producing documents. And when it did make its first production, on May 16, that production comprised only 43 documents, 32 of which are public. Microsoft, for its part, has gathered documents to produce but is withholding them until a protective order has been entered. That excuse compounds delay upon delay. As explained in The Times's prior filing, Dkt. 110, Defendants unnecessarily dragged out negotiations over the protective order. In any event, seeking to alleviate Microsoft's confidentiality concerns, The Times on May 3 offered to temporarily treat any productions as "Confidential" or "Highly Confidential" under the Defendants' proposed protective order. *See* Dkts. 110, 113; Ex. A at 4-5, 10. Yet Microsoft has refused that offer and still has not produced the documents it has already gathered.

Defendants have also been slow to respond to The Times's efforts to resolve disputes. It took OpenAI over two weeks to respond to a letter regarding its responses to The Times's first set of document requests; and then, after the parties met and conferred on May 6, it took another week for it to respond to an e-mail in which The Times sought to confirm OpenAI's position on basic issues in the case. Ex. B at 5, 9, 13. Worse, Defendants have not even searched for plainly relevant documents which The Times requested months ago. For example, The Times's RFP No. 1 to OpenAI, served in February, sought documents concerning "rules or guidance for choosing what is and is not included in" the datasets that Defendants used to train their infringing models. Ex. C at 7. That request is relevant to, among other issues, The Times's allegation that Defendants prioritized high-quality works to train their models, including Times content. Compl. ¶ 90. OpenAI does not dispute the relevance of this request (nor could it); yet OpenAI stated during the May 6 meet and confer that it has not even determined whether such documents exist, and it still has not provided an answer to that question despite follow-up from The Times. Ex. B at 6. There is no excuse for neglecting to complete that simple investigation during the 30-day window to respond to the requests, let alone to allow months to pass without doing so.

Defendants' pace is incompatible with the quickly approaching September 17 fact discovery cutoff, particularly because the parties have already identified numerous discovery disputes that will likely require Court intervention. As just one example, OpenAI has thus far refused to provide any discovery into certain large language models identified in the Complaint, including GPT and GPT-2. Ex. B at 6. Despite allegations that Defendants unlawfully trained these models with Times content, OpenAI insists that these models are irrelevant. *See* Compl. ¶¶ 83-94; Ex. B at 2. And despite allegations that Microsoft was intimately involved in the model training process, including the selection of Times content for training (*id.* ¶¶ 16, 66-71, 93-94) Microsoft

is refusing to search for documents concerning model training, limiting discovery to what it calls the post-training stage of the process. Ex. A at 1.

As discovery continues, the parties' disputes will invariably increase. The disputes discussed in this letter arose from The Times's first sets of document requests, which included only fifteen and fourteen requests to OpenAI and Microsoft, respectively. The Times will soon serve additional discovery requests covering additional issues. Those additional requests will likely be met with additional delay, further imperiling the schedule this Court has set. Regular discovery conferences will prevent this from happening.

The Times defers to the Court as to whether the requested discovery conferences should proceed before Your Honor, before Magistrate Judge Ona T. Wang, or before an appointed special master. The Times also defers to the Court as to the format of any conferences, but respectfully proposes the following framework, which is consistent with the framework proposed by the class plaintiffs. Three business days before each conference, the parties should submit brief charts summarizing any discovery disputes, with each party devoting no more than two paragraphs to a given dispute. Before submitting the chart, the parties must meet-and-confer to discuss the specific disputes to be identified in the chart. At the conference, the Court can rule on any dispute or request additional briefing. As rulings are issued, The Times expects the frequency of disputes to decrease because the parties should, on their own, apply prior rulings and guidance to new issues that arise. The Times also expects that the parties' submission of short dispute charts will minimize the overall volume of discovery briefing presented to the Court throughout discovery.

Courts frequently schedule regular discovery conferences in cases, like this one, that raise numerous disputes. *E.g.*, *Matter of Skanska USA Civ. Se. Inc.*, 2023 WL 7131834, at *3 (N.D. Fla. Oct. 27, 2023) (recapping "weekly discovery conferences," which "ensur[ed] the parties stayed on track for trial with their discovery and that discovery disputes were handled expeditiously"); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 105 n.3 (S.D.N.Y. 2018) (describing how the magistrate judge "held regular, monthly telephone conferences with the parties," where, "[p]rior to each conference, the parties would submit a Joint Letter regarding any discovery disputes to be discussed during the conference."); *Burd v. Ford Motor Co.*, 2015 WL 4137915, at *1 (S.D.W. Va. July 8, 2015) (recapping "bi-weekly discovery conferences").

As always, The Times will strive to resolve disputes without court intervention. But given Defendants' approach to discovery so far and the fast-approaching discovery deadline, regularly scheduled conferences are warranted. The Times thanks the Court for its attention to these issues.

Respectfully submitted,

*/s/ Ian B. Crosby*
Ian B. Crosby

cc:   All Counsel of Record (via ECF)