# EXHIBIT A

| | |
|---|---|
| **From:** | Ellie Dupler |
| **To:** | Zach Savage; Briant, Jared B.; Alex Frawley |
| **Cc:** | NYT-AI-SG-Service@simplelists.susmangodfrey.com; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #Microsoft.NYClassAction.FDBR; KVP-OAI |
| **Subject:** | Re: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS |
| **Date:** | Monday, May 20, 2024 8:43:05 AM |

Jared,

Following our call on Thursday to discuss search terms and Microsoft's objections to The Times's first set of RFPs, we write to confirm our understanding of outstanding issues and next steps.

As a global note, we understand that Microsoft has its first production ready to go out, but it will not produce any documents prior to entrance of a protective order, notwithstanding The Times's agreement to treat documents as confidential under the PO. We held a separate call on Friday to discuss the parties' competing protective orders, and The Times will be sending a revised proposal to Defendants in the hope of reaching agreement so that Microsoft will begin producing documents.

1. **Limitation to Documents Concerning Microsoft's Products, Services, and Conduct (RFP Nos. 1, 3, 4, 5, 6, 7, 11, 13)**

Subject to further negotiation on reasonable search terms, we understand that Microsoft will conduct a reasonable search for documents concerning OpenAI's models and products and Microsoft's integration of OpenAI's models into its own products.

We further understand Microsoft's position to be that it did not participate in the training or development of OpenAI's GPT models, and thus it need not search for documents in its custody, possession, or control concerning the training and development of those models by anyone (including by Microsoft and OpenAI). In light of Microsoft's close partnership with OpenAI and access to the GPT models while in development, including the parties' reliance on Microsoft's computing systems, we reject your factual assertion, and we believe that we are at an impasse on this issue.

2. **Limitation to Documents Concerning "Fine Tuning" and Post-Training Activity (RFP Nos. 1, 5, 8)**

Subject to further negotiation on reasonable search terms, we understand that Microsoft will conduct a reasonable search for documents concerning fine tuning and post-training activity.

We further understand, as above, that Microsoft will not search for documents concerning training of the models. We disagree with your position for the same reasons stated above.

3. **Refusal to Produce Documents Concerning the Selection of Content for Training, Fine-Tuning, and RAG (RFP Nos. 1, 11, 12)**

Subject to further negotiation on reasonable search terms, Microsoft will produce all responsive documents on RFPs 1, 11, 12. Microsoft's production will include documents concerning each sub-part (i-iv) of The Times's RFP 11.

4. **Refusal to Produce Documents Related to Legislative or Executive Inquiries (RFP No. 2)**

The parties are at an impasse over this request. We understand that Microsoft is only willing to produce two documents in response to this RFP, and otherwise contends that that this request is overbroad and unduly burdensome. We disagree. We note that Microsoft has not provided any additional information regarding the burden of complying with this request; refuses to identify the number of proceedings that are responsive to this request; and is refusing to produce documents from the three proceedings that The Times itself identified as responsive to this request in its May 3 email.

5. **Limitation to Models "Identified in the Complaint" (RFP Nos. 5, 7, 9, 13, 14)**

The parties are at an impasse over this request. Microsoft refuses to produce documents related to any in progress, yet announced, or future models, products, or services. The Times maintains that discovery concerning any future models trained on Times Content, or future products or services that run on any prior or future models that are trained on or that output Times Content, is warranted based on The Times's allegations set forth in its Complaint. Refusing to allow discovery on any future models, products, or services that Defendants alone—and not The Times—are in a position to identify risks prolonging this litigation or giving rise to potentially duplicative future litigation over yet announced models, products, and services. As just one example, The Times is entitled to discovery on MAI-1, which according to recent reports, will be officially announced shortly.

6. **Documents Concerning Copyrighted Material in Models, Training Data, and Products (RFP No. 3)**

Subject to further negotiation on reasonable search terms, Microsoft will produce all responsive documents on RFPs 3.

7. **Documents Sufficient to Identify Knowledgeable Individuals (RFP No. 10)**

Microsoft will produce organizational charts responsive to RFP 10 in its first production, which it will make as soon as a protective order has been entered. As stated in our May 3 email, after reviewing these documents, The Times will determine whether this production is sufficient to comply with Microsoft's discovery obligations pursuant to this request.

8. **Search terms**

The Times provided Microsoft with a comprehensive search term proposal on May 9. We understand that, as of Thursday, Microsoft had generated hit reports for approximately only 10 of those terms. That is unacceptable. Microsoft should generate hit reports for all of the proposed terms where there are no technical issues with generating the reports. Microsoft's failure to generate hit reports for all terms has delayed the process of negotiating The Times's proposal. At a minimum, please give us any hit reports that you have already generated immediately, and by no later than Tuesday, May 21, so that we can at least begin the process of negotiating over search terms and custodians.

Thank you,

Ellie

Ellie Dupler
Associate | **Susman Godfrey L.L.P**.
1900 Ave. of the Stars, Ste. 1400
Los Angeles, CA 90067
310-789-3107 (o) | 231-649-4283 (c)
edupler@susmangodfrey.com

---

**From:** NYT-AI-SG-Service@simplelists.susmangodfrey.com <NYT-AI-SG-Service@simplelists.susmangodfrey.com> on behalf of Zach Savage <ZSavage@susmangodfrey.com>
**Date:** Wednesday, May 15, 2024 at 9:01 AM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>, Alex Frawley <AFrawley@susmangodfrey.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com <NYT-AI-SG-Service@simplelists.susmangodfrey.com>, OpenAICopyright@mofo.com <OpenAICopyright@mofo.com>, openaicopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>, NewYorkTimes_Microsoft_OHS@orrick.com <NewYorkTimes_Microsoft_OHS@orrick.com>, #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>, KVP-OAI <KVPOAI@keker.com>

**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

EXTERNAL Email

Jared,

We are available tomorrow at 12pm ET for a follow-up call. We'll send an invite.

For the search terms that you say are unreasonable, please provide hit counts in advance of our call, which we need to assess your assertion, and which the court would likewise need should we brief search terms.

As for Microsoft's initial document production, are you saying that every document contains "very sensitive and confidential competitive information"? If not, we expect that documents not falling into that category will be produced. And for the documents that do contain such information, we reiterate our offer to treat any documents produced as "Highly Confidential – Attorneys' Eyes Only" under the parties' proposed protective orders. We do not understand why that offer does not resolve your concerns. The Times would comply with any such agreement just as The Times would comply with a court-ordered protective order.

Finally, we need a final response from Microsoft on all open issues this week. These issues were first raised in our April 19 letter, which is almost one month ago. The time it has taken Microsoft to consider these issues is incompatible with the case schedule.

Best,
Zach

---

**From:** NYT-AI-SG-Service@simplelists.susmangodfrey.com <NYT-AI-SG-Service@simplelists.susmangodfrey.com> **On Behalf Of** Briant, Jared B.
**Sent:** Tuesday, May 14, 2024 3:07 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; KVP-OAI <KVPOAI@keker.com>
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

EXTERNAL Email

Hi Alex –

Thanks for following up, we are continuing to work through the issues in your May 3 email and are reviewing your proposed search terms.  It will be most efficient to discuss on a further call, to that end let us know if either 12pm-1pm or 1pm-2pm ET on Thursday works for you this week.  If that does not work, we can look for an additional time that does.  In the meantime, I did want to respond on a few of the discussion points.

First, as part of our ongoing investigation and document collection efforts, we are searching relevant document locations and we are not withholding any document from collection or production on the basis that it pertains to OpenAI's products, services, and conduct instead of Microsoft's. As part of that search we are conducting a reasonable search for relevant and responsive information about OpenAI's products, services, and conduct that Microsoft possesses due to its relationship with OpenAI. However, as set forth in our responses, it is not reasonable to conduct a broad search about any information at all about OpenAI, ChatGPT, and the like.  Likewise, based on an initial review of the proposed search terms (and only by way of example), it is not reasonable to search for common, standalone terms such as "KPI", "PRD", "copyright", "trademark", "indemni!", "rule!", "guidance!", "quality", "weight!", "relevance" and the like.  We can discuss these and other concerns with the proposed search terms during our conference.

Second, with respect to Microsoft's document production, we will be producing very sensitive and confidential competitive information, and we will not produce that information without court-ordered protections in place. The remaining disputes over the protective order have been submitted to the Court and we are prepared to begin our document production once a protective order is entered.

Finally, you had asked about Browse with Bing.  We have investigated this issue further, and Browse with Bing is an OpenAI product, and not a Microsoft product.  To that end, for purposes of definitions in Microsoft's discovery requests, please consider "Microsoft's Generative AI Products and Services" to refer to Bing Chat (now Copilot) and Microsoft 365 Copilot.

Again, let us know whether 12pm-1pm or 1pm-2pm ET on Thursday or some other time work for you to discuss further.

Thanks,

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath** LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

---

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Tuesday, May 14, 2024 12:02 PM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; OpenAICopyright@mofo.com;

openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; KVP-OAI <KVPOAI@keker.com>

**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

**This Message originated outside your organization.**

Hi Jared,

Following up on the below. When can we expect Microsoft's response to my May 3 email and to the search terms we proposed on May 9? Thank you.

Best,
Alex

**From:** Alex Frawley
**Sent:** Thursday, May 9, 2024 11:13 PM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; KVP-OAI <KVPOAI@keker.com>
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

Hi Jared,

As promised, please find attached The Times's search term proposal for The Times's RFPs to Microsoft, Set One. The Times reserves the right to revise and amend this proposal.

When can we expect a response to my May 3 email, below?

Thank you.

Best,
Alex

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Tuesday, May 7, 2024 3:22 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; Scheibel, Elizabeth M.C. <elizabeth.scheibel@faegredrinker.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com;

#Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

EXTERNAL Email

Alex – Thanks for your email.  We are still looking into the points below and will plan to send you a response by tomorrow or Thursday.  We will also propose a time for a follow-up call this week as well.

**Jared B. Briant**
Partner

jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath LLP**
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Friday, May 3, 2024 8:58 PM
**To:** Scheibel, Elizabeth M.C. <elizabeth.scheibel@faegredrinker.com>; Briant, Jared B. <jared.briant@faegredrinker.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

**This Message originated outside your organization.**

Jared and Elizabeth,

Thank you for the call on April 29 to discuss the issues we raised in our April 19 letter. We write to confirm our understanding of where Microsoft is still considering matters and to offer proposals on some of the open issues. Especially in light of the case schedule ordered by the Court today, we will need to schedule a follow-up call for early next week, as you suggested. Please respond in writing on the below issues by Tuesday May 7, and provide your availability for a follow-up call on Wednesday May 8.

As explained below, many of Microsoft's objections appear to concern the alleged burden of searching for responsive documents. Given that concern, it is in both parties' interest to promptly negotiate a reasonable custodial search protocol. To that end, The Times will send Microsoft a search term proposal by May 9. Microsoft should on the same day send The Times a list of proposed custodians, including their names and positions. The Times reserves the right to seek additional custodians. Please let us know by May 7 if Microsoft agrees to this plan. If not, we should discuss on the May 8 call.

### **Limitation to Documents Concerning Microsoft's Products, Services, and Conduct (RFP Nos. 1, 3, 4, 5, 6, 7, 11, 13)**

For these RFPs, we understand that Microsoft has concerns about how to search for and locate responsive documents that, in Microsoft's view, pertain to OpenAI's products, services, and conduct. For custodial documents, we will of course work with you to identify reasonable search terms. For non-custodial documents, we ask that Microsoft conduct a reasonable search to locate and identify responsive documents, without limitation as to whether the relevant conduct was undertaken by Microsoft or OpenAI and without limitation as to whether a product or service is owned by Microsoft or OpenAI. Please state by May 7 whether Microsoft will agree to conduct this search.

We also understand you are considering our position on RFP 7, and we look forward to hearing from you no later than May 7. Please also by then provide Microsoft's position on whether Browse with Bing is an OpenAI product or a Microsoft product.

### **Limitation to Documents Concerning "Fine Tuning" and Post-Training Activity (RFP Nos. 1, 5, 8)**

As with Issue 1, we understand that, in light of Microsoft's position that it had no knowledge of or involvement in training the models, Microsoft has concerns about how to search for and locate responsive documents that relate to model training. As with the other issues, the parties can negotiate reasonable search terms for these RFPs. By May 7, please let us know if Microsoft will agree to search for and produce documents responsive to these requests, without excluding model training topics from that search and resulting production.

### **Refusal to Produce Documents Concerning the Selection of Content for Training, Fine-Tuning, and RAG (RFP Nos. 1, 11, 12)**

We understand that Microsoft will be producing documents "sufficient to show" in response to RFP 11 subparts (i) and (ii), and that Microsoft is considering producing documents for subparts (iii) and (iv). For these RFPs, a "sufficient to show" approach is insufficient, particularly given that Microsoft's use of Retrieval Augmented Generation ("RAG") to return generative search results is a central issue in this case.

The same issue applies to your refusal to produce documents responsive to RFP 12, which is not duplicative to RFP 11. For example, RFP 12 covers documents and communications about features or capabilities of RAG that Microsoft chose not to employ, such as any rules or safeguards that Microsoft could have adopted but did not.

Please confirm that Microsoft will search for and produce all responsive communications to both RFPs 11 and 12. As with the other RFPs, any concerns over the reasonableness of that search can be addressed through the search parameter negotiation process.

As for RFP 1, as noted above, The Times expects Microsoft to search for documents regarding the selection of content for training and fine-tuning, notwithstanding whether Microsoft contends that it had no knowledge of or involvement in those processes.

**Refusal to Produce Documents Related to Legislative or Executive Inquiries (RFP No. 2)**

The Times understands that Microsoft has so far identified two documents that are responsive to this RFP. Please produce those documents no later than May 8. As noted below, to resolve any confidentiality concerns, The Times is amenable to temporarily treating produced documents as "Confidential" or "Highly Confidential" under the draft Protective Order.

The Times disagrees with Microsoft's contention that this request is overbroad but would be open to limiting the request to legislative and executive inquiries pertaining to the Generative AI Models and Generative AI Products and Services identified in the Complaint. If Microsoft contends this revised proposal is still overly burdensome, please be prepared on our call to provide more information about that burden, including the number of responsive proceedings.

As a starting point and without waiver of the right to seek documents relating to other proceedings, please confirm that Microsoft will produce documents that you have gathered to submit, or already submitted, in connection with the following proceedings:

- The FTC's inquiry into Generative AI Investments and Partnerships, announced January 25, 2024
- Any inquiries or investigations opened by the Department of Justice relating to Microsoft's investment in artificial intelligence, including as reported by Bloomberg Law on January 31, 2024
- *US v. Google*, 20-cv-3010, (D.D.C.)

**Limitation to Models "Identified in the Complaint" (RFP Nos. 5, 7, 9, 13, 14)**

For these RFPs, we understand that Microsoft is unwilling to search for and produce documents relating to products or services currently in development and not yet publicly announced or released. We believe we are at an impasse on this issue. Please let us know by

May 7 if that is not the case.

### Documents Concerning Copyrighted Material in Models, Training Data, and Products (RFP No. 3)

We understand that Microsoft is willing to produce documents regarding policies and procedures responsive to RFP No. 3, including terms of use and copyright policies. We also understand that Microsoft is considering how to approach any broader collection relating to RFP 3, and we look forward to your response. We believe the parties can work through any concerns that Microsoft has about how to search for responsive documents through search parameters, and we will be making a proposal by May 9, as noted above.

### Documents Sufficient to Identify Knowledgeable Individuals (RFP No. 10)

We understand that Microsoft will be producing organizational charts that identify personnel responsible for the development and commercialization of the products at issue in this case. The Times will evaluate these productions and revert if the initial production does not satisfy RFP 10, but we don't believe there is anything further to discuss at this time. Please make this production by May 9.

***

Finally, we understand that Microsoft is almost ready to begin producing documents but is waiting until after the Court has entered a Protective Order. To alleviate any concerns about confidentiality, The Times is amenable to temporarily treating any productions as "Confidential" or "Highly Confidential" subject to the parties revisiting such designations after a Protective Order has been entered. We trust this resolves your concern. Especially in light of the case schedule entered by the Court today, please confirm that Microsoft will commit to making its first production no later than Wednesday May 8.

Thank you for your attention to these issues.

Best,
Alex

**From:** Alex Frawley
**Sent:** Friday, April 26, 2024 11:28 AM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

Thank you, Jared. 3-4 works for us. I'll send an invite.

---

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Thursday, April 25, 2024 5:13 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

EXTERNAL Email

Alex – Thanks for following up.  We can be available on Monday any of 12-1pm, 1-2pm or 3-4pm ET to discuss your letter to Microsoft.

Let us know which of these work for you.

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath** LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

---

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Wednesday, April 24, 2024 9:13 PM
**To:** OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

**This Message originated outside your organization.**

---

Counsel,

Following up on the letters we sent last week and our request for a meet and confer. Can we please meet and confer this week?

Best,
Alex

**Alexander P. Frawley | Susman Godfrey LLP**
One Manhattan West, 50th Floor | New York, NY 10001
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com

---

**From:** NYT-AI-SG-Service@simplelists.susmangodfrey.com <NYT-AI-SG-Service@simplelists.susmangodfrey.com> **On Behalf Of** Alex Frawley
**Sent:** Friday, April 19, 2024 5:18 PM
**To:** OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; MicrosoftNYClassActionFDBR@faegredrinker.com
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

EXTERNAL Email

Counsel,

Please see the attached letters from The Times.

Best,
Alex

**Alexander P. Frawley | Susman Godfrey LLP**
One Manhattan West, 50th Floor | New York, NY 10001
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com


To unsubscribe from this list please go to https://https://simplelists.susmangodfrey.com/subs/

To unsubscribe from this list please go to https://https://simplelists.susmangodfrey.com/subs/

To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=iPMey5I3PxeB2QtiFlSjtv2b9ngrYUVd