

faegredrinker.com

**Jared Briant**
Partner
Jared.briant@faegredrinker.com
+1 303 607 3588 direct

**Faegre Drinker Biddle & Reath** LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA
+1 303 607 3500 main
+1 303 607 3600 fax

May 22, 2024

**VIA ECF**

Honorable Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *The New York Times Company v. Microsoft Corporation*, Case No. 23-cv-11195

Dear Judge Stein:

  Microsoft submits this response to The Times' May 20, 2004 letter motion requesting twice-monthly discovery status conferences, together with submissions in advance of each such conference. This inaccurate and misleading letter motion comes immediately on the heels of a similar request (filed by the same law firm that represents The Times in this case) in the *Authors Guild* consolidated class action cases. Just as in *Authors Guild*, there is no discovery problem that needs to be solved by burdening the Court with an unnecessary and inefficient discovery conference procedure. As such, Microsoft asks the Court to deny The Times' request and let the parties continue to work on discovery in this case until an actual problem arises.

  In fact, during the parties' May 20 meet and confer on this request, when asked to identify the issues that required special discovery oversight, counsel for The Times could not identify any specific issues requiring regular conferences and conceded that the regular discovery conferences The Times now seeks may in fact prove unnecessary. Against this backdrop, neither The Times' unfounded complaints about Defendants' activities to date nor the possibility of unidentified future discovery disputes justifies the special discovery oversight procedures sought by the Times.

**There Are No Present Discovery Issues Necessitating Regular Discovery Conferences**

  Just as Plaintiffs did in *Authors Guild*, The Times mischaracterizes the state of discovery to date in this case in an effort to impose unnecessary and burdensome discovery procedures on the parties. Contrary to The Times' complaints, Microsoft timely served responses to the single set of document requests served by The Times and has worked diligently to collect materials responsive to those requests, consistent with its discovery obligations. Microsoft has not missed any deadlines, has not refused to work with the Times, and has not caused any delay to the case schedule.

Honorable Sidney H. Stein                  - 2 -                  May 22, 2024

In fact, the only obstacle holding up Microsoft's initial document production to The Times has been the lack of a Protective Order. Microsoft has consistently communicated the need for a Protective Order, given the competitive sensitivity of the documents The Times seeks in this case.[1] Nevertheless, Microsoft has continued to negotiate with The Times, in an effort to reach agreement on the only discovery dispute that any party has raised with the Court in the three months since discovery opened. In fact, the parties recently reached agreement on a similar Protective Order in the *Authors Guild* consolidated class cases, and there is no reason why the parties cannot also do so in this case. To that end, the parties are presently working toward agreement on this issue, which would eliminate the need for intervention from the Court. This is hardly the type of dramatic discovery issue requiring special discovery supervision.

The **only** Microsoft-specific discovery issue identified by The Times relates to Microsoft's objections to The Times' discovery requests that seek information regarding the training and development of OpenAI's models—activities which were plainly undertaken by OpenAI and not Microsoft. Despite The Times' suggestion, The Times does not allege anywhere in the Complaint that Microsoft was "intimately" involved in "the selection of Times content for training."[2] Nor could it, as Microsoft did not train OpenAI's models, does not possess the training datasets OpenAI used to Train its models, and is unaware of the specific contents of those training datasets. Microsoft properly objected to specific requests on that basis and communicated that position to The Times. These objections are based on Microsoft's investigation and search for documents in this case, and it is simply not accurate to represent that Microsoft has wholesale refused to search for documents on this topic. The fact that The Times bases its inaccurate statement that Microsoft has refused to search for such documents on a self-serving email *from The Times' own counsel*, written and sent just hours before The Times filed this letter motion (*see* Ex. A), speaks volumes.

Even if there were present disputes actually requiring court intervention, the cases cited in The Times' letter motion do not suggest that twice-monthly discovery conferences have been ordered simply because the cases raise "numerous disputes." *See, e.g.*, *Matter of Skanska USA Civ. Se. Inc.*, No. 3:20-CV-05980-LC/HTC, 2023 WL 7131834 (N.D. Fla. Oct. 27, 2023) (no indication that status conferences were imposed over parties' objection because case involved "numerous disputes"); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100 (S.D.N.Y. 2018) (same). Indeed, courts have routinely denied requests for regular conferences absent extraordinary circumstances. *See, e.g.*, *Wegman v. United States Specialty Sports Ass'n, Inc.*, No. 6:23-CV-1637-RBD-RMN, 2023 WL 8651356, at *1 (M.D. Fla. Nov. 2, 2023) (denying party's request for "regular conferences" as "not well-taken" in light of court's procedures that already provided for the expedited resolution of discovery issues as they arise, and

---

[1] While The Times offered to temporarily treat documents as "confidential" or "highly confidential," this representation of counsel does not afford the same enforcement protections as a Protective Order entered by the Court. Microsoft will begin its rolling document production immediately upon entry of a Protective Order.

[2] The only specific allegation The Times identifies regarding any Microsoft involvement in "selection of Times content for training" (in Paragraph 93) is in is made on information and belief and relies on a mischaracterization of an interview given by Microsoft's CEO.

Honorable Sidney H. Stein                  - 3 -                  May 22, 2024

finding that "a requirement that the parties attend regular discovery conferences with the Court therefore appears unnecessary. Such a requirement would be taxing on the Court as well."); *Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 1249339, at *10 (D. Kan. Oct. 9, 2001) (denying party's request to schedule monthly case management conferences based on lack of "pressing need").

**The Possibility of Future Discovery Issues Does Not Justify Regular Discovery Conferences**

The Times also suggests that twice-monthly conferences may be necessary because it may serve additional unidentified discovery requests on Defendants in the future, which may then lead to additional unidentified discovery disputes. But The Times makes no effort to explain why Rule 2(G) of the Court's Individual Practices is not an entirely adequate and effective vehicle for seeking Court intervention on any discovery disputes that may arise in the future. The only case The Times cites that suggests that conferences were set because of anticipated voluminous discovery—and not voluminous disputes—set conferences in an entirely different automobile defect class action case on a monthly basis and not on the twice-monthly basis sought here. *Burd v. Ford Motor Co.*, No. 3:13-CV-20976, 2015 WL 4137915, at *1 (S.D. W. Va. July 8, 2015).

Instead, should there be any future discovery disputes, the parties can and should continue to utilize Rule 2(G) to efficiently raise and resolve issues with the Court through expedited letter motion procedure. The constant filing of reports and holding of conferences would have the opposite effect and slow down resolution by making every disagreement a matter for the Court. Microsoft respectfully submits that the Scheduling Order and the ongoing cooperation of counsel is sufficient to ensure that the parties are diligently working to meet the discovery deadlines in this case.

Finally, while Microsoft opposes regular reports and conferences as set forth above, Microsoft is amenable to the appointment of a Magistrate Judge to manage discovery in this case. Microsoft strongly objects, however, to the use of an appointed special master, and respectfully requests the opportunity to submit further briefing on the issue if the Court is at all inclined to consider appointment of a special master.

For these reasons, The Times' letter motion requesting special discovery supervision in the form of twice-monthly discovery conferences should be denied.

Respectfully submitted,

*/s/ Jared B. Briant*

Jared B. Briant

*Counsel for Defendant Microsoft Corporation*