

May 22, 2024                                                                                                                    <u>VIA ECF</u>

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *The New York Times Company v. Microsoft Corporation, et al.*, Case No. 1:23-cv-11195-SHS

   OpenAI responds to The New York Times Company's ("The Times") May 20, 2024 letter seeking biweekly discovery status conferences. Dkt. 117. OpenAI agrees that a case management conference is warranted here, particularly given The Times's failure to produce a single document to date, its refusal to agree to a substantial completion deadline for its production, and its May 21 motion for leave to file an amended complaint asserting seven million new works. However, OpenAI disagrees that biweekly discovery conferences are a necessary or efficient use of judicial resources and disputes The Times's mischaracterization of the parties' discovery efforts to date.

  **I.**  **Biweekly discovery conferences are unnecessary.**

   The Times purports to justify its onerous request for biweekly conferences on the grounds that "Defendants are failing" to comply with their discovery "obligations." Dkt. 117 at 1. As set forth in greater detail below, that is false as a factual matter. But, it is also not the justification The Times provided in meet and confer. On May 20, OpenAI's counsel asked The Times's counsel directly what The Times contended had transpired in this case to necessitate such an unusual and burdensome process. The Times conceded that its request was not based on any previous or pending discovery disputes, but that The Times instead sought to reserve biweekly standing time on the Court's (or Judge Wang's) calendar for anticipated future disputes.

   Needless to say, there is an existing process in place for the resolution of future disputes—the expedited letter briefing procedure set forth in the Court's Individual Practices. The Times agreed that such a process was adequate seven weeks ago, and has since availed themselves of it by filing the instant Motion. *See* Dkt. 72 ¶ 33 ("The parties agree that discovery disputes are governed by Rule 2(G) of this Court's Individual Practices[.]"). Now, without explanation, The Times claims this process is inadequate and asks for something brand new.

   But the process requested by The Times is inefficient, unnecessary, and would result in a waste of judicial resources. The Times proposes a "framework" in which the parties submit charts summarizing disputes, meet and confer about those charts, and burden the Court with

Page 2

standing, biweekly discovery conferences. Dkt. 117 at 3. Somehow, The Times claims this process will "minimize the overall volume of discovery briefing presented to the Court." *Id.* When OpenAI pointed out during meet and confer that standing biweekly conferences would in fact be more burdensome for the Court, The Times suggested that the parties could simply cancel the conferences at their convenience, even after reserving the Court's time.

The Times has offered no legal support for this "framework"; nor is OpenAI aware of any. To the contrary, "requests for discovery conferences should not be made routinely." Wright & Miller, Federal Practice and Procedure § 2051 (3d ed.) (citation omitted). Instead, discovery conferences "should be selectively and carefully used because, '[t]here are two defects with discovery conferences if they become commonplace. The first is that they will become valueless. The second is that there is not time enough in the world to hold them.'" *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 134 (5th Cir. 1987) (citation omitted); *see Stromillo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 54 F.R.D. 396, 398 (E.D.N.Y. 1971) ("Litigants should avoid burdening the courts, themselves and their adversaries with excess paperwork where cheaper and more flexible means exist to accomplish the same objectives.").

None of The Times's cases say anything to the contrary. For example, the magistrate judge in *Syntel* did not set monthly conferences until well after the substantial completion deadline in that case. *See Syntel Sterling Best Shoes Mauritius Ltd. v. TriZetto Grp.*, Case No. 15-cv-211, Dkt. 267 at 12–13 (S.D.N.Y.). In other words, *Syntel* only ordered additional process after the agreed-upon benchmark between the parties and the Court for gauging the progress of discovery had passed, and the parties had failed to meet their obligations. That has not come to pass here, and The Times does not argue otherwise. It simply wants to reserve time on The Court's schedule just "in case."

## II. The Times's complaints about OpenAI's discovery conduct are unfounded.

The Times claims that biweekly conferences are needed because though it has "tried to move quickly" on discovery, OpenAI has failed to comply with its obligations. Dkt. 117 at 2. That justification lacks merit for at least the following reasons:

**Protective Order:** The Times claims that OpenAI "dragged out negotiations over the protective order," Dkt. 117 at 2, necessitating motion practice. Setting The Times's inaccurate characterization of the meet and confer aside, The Times has already informed the Court that "[t]he parties met and conferred and have significantly narrowed their disputes on the proposed Protective Order and ESI Order." Dkt. 121.

**Search Terms:** On May 15, OpenAI proposed a mutual exchange of search terms and custodians, and is diligently preparing for such an exchange. OpenAI will provide its search terms by May 31.

**Document Production:** While the parties have continued to negotiate the terms of the ESI Order and Protective Order, OpenAI is already producing documents responsive to The Times's requests, and continues to do so. OpenAI will also make a significant amount of data (100s of TBs) available for inspection.

By contrast, The Times has not produced a single document, and will not agree to do so until June 7 at the earliest—six months after filing this lawsuit. Moreover, The Times has refused to agree to a substantial completion deadline for its production in response to OpenAI's March 8, 2024 requests. On May 3, 2024, the Court set a June 14, 2024 substantial completion date for OpenAI's production in response to The Times's February 23 requests. On May 6, OpenAI proposed a substantial completion deadline of June 24, 2024 for its March 8 requests to the Times—which mirrored the period the Court had ordered for OpenAI. After extensive meet and confer, The Times rejected that proposal on May 20 without explanation.

Moreover, The Times refuses to produce documents that are plainly relevant to its claims, such as those related to its systematic and targeted efforts to reproduce its works using ChatGPT (as cited in the Complaint). OpenAI has been addressing those discovery deficiencies via meet and confer, and will bring motion practice as necessary.

### III. OpenAI welcomes a case management conference.

Although biweekly conferences would be a waste of Court resources, OpenAI respectfully requests a case management conference to discuss the coordination of discovery across cases. As this Court is aware, OpenAI is a defendant in seven copyright lawsuits with overlapping facts, claims, issues, and defenses. Indeed, according to The Times, the scope of discovery here is not "substantially broader [than the] scope of discovery . . . in the Consolidated Class Actions." *See* Dkt. 72 ¶ 35. As such, The Times should also be included in the discovery coordination that OpenAI advocated for in its response to the near-identical request for biweekly conferences filed in the *Authors Guild* and *Alter* matters. *Authors Guild v. OpenAI, Inc.*, Case No. 1:23-cv-08292-SHS, Dkt. 147, 150; *Alter v. OpenAI Inc.*, Case No. 1:23-cv-10211-SHS, Dkt. 122, 125.

OpenAI would also welcome a case management conference to discuss the case schedule, particularly given The Times's May 21 motion to amend its Complaint to assert infringement of approximately seven million additional works. The Times claims these works "were inadvertently omitted from [their December 2023] complaint due to a data processing issue." Dkt. 118-1 at 2. Given The Times's failure to produce a single document regarding the works it asserted six months ago, OpenAI is concerned that The Times's amendment, if granted, will render the existing schedule unworkable.

For all of these reasons, the Court should deny The Times's request for biweekly discovery conferences. OpenAI looks forward to a case management conference to discuss the matters described above.

Page 4

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Michelle Ybarra* | */s/ Joseph R. Wetzel* | */s/ Allyson R. Bennett* |
| Michelle Ybarra | Joseph R. Wetzel | Allyson R. Bennett |

2,700,520