# EXHIBIT A

Andrew Gass
Direct Dial: 415-395-8806
andrew.gass@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600 Fax: +1.415.395.8095
www.lw.com

# LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh* |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

February 9, 2024

**VIA EMAIL**

Ian B. Crosby
Susman Godfrey L.L.P.
401 Union Street, Ste. 3000
Seattle, WA 98101

Re:   Evidence Preservation for *New York Times Co. v. Microsoft*, No 1:23-cv-11195

Counsel:

I write on behalf of OpenAI, Inc., OpenAI LP, OpenAI GP LLC, OpenAI LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC (collectively "OpenAI") to follow up on our call of February 6, 2024 and to again remind you of The New York Times Company's ("NYT") pre-existing obligation to preserve all evidence potentially relevant to the claims in the December 27, 2023 Complaint filed by NYT (the "Complaint") or OpenAI's anticipated defenses to those claims, including electronically stored information and electronic backups as defined by Federal Rules of Civil Procedure 34.

This correspondence is not intended to exhaustively document the full scope of that preservation obligation. But from our discussion, my impression is that NYT appears to be operating on an indefensibly narrow vision of the categories of evidence that are relevant to the claims it has asserted and the predictable array of defenses implicated by those claims. By way of illustration and not limitation, here are two such categories:

*First*, the use of ChatGPT by NYT employees, including principally but not exclusively reporters and other newsroom staff, is directly relevant to multiple issues in the case you have brought. For example, as discussed on our call, such use goes directly to the question whether ChatGPT is "capable of substantial non-infringing uses" within the meaning of the *Sony* doctrine. *See Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984). It is also directly relevant to numerous other issues, including *inter alia* fair use, unclean hands, copyright misuse, the scope of alleged infringement, the scope of copyright protection of NYT articles, and the validity of NYT's copyright registrations including the extent of NYT's compliance with the Copyright Office's directive to "explicitly exclude" any "AI-generated content" from registration applications, *see* 88 Fed. Reg. 16193. Accordingly, NYT is obligated to preserve all documents related to any uses of any OpenAI product or service by any NYT director, officer, employee, independent contractor, partner, member, representative, or agent. That preservation obligation includes, without limitation, all documents or electronic records of any use of OpenAI products or

services by NYT's journalists, reporters, producers, or editorial staff, regardless of whether that use was accomplished via (1) NYT's corporate OpenAI account governed by the OpenAI Enterprise Agreement dated June 29, 2023; or (2) any other OpenAI account created or used by any NYT director, officer, employee, independent contractor, partner, member, representative, or agent.

*Second*, as you know, NYT published a number of articles on OpenAI in the months immediately preceding the suit.  The process by which those articles were assigned, investigated, edited, revised, discussed, and ultimately published is directly relevant to this litigation: to the extent NYT is making public pronouncements on the company it has sued, OpenAI is entitled to probe not just whether it is true, as you suggested, that there was with respect to such stories an impermeable wall between the business and newsroom, but also how precisely the newsroom operated even to the extent no documentary evidence exists evincing any breach of such a wall.  It should go without saying, but publishing slanted articles about the defendant in a lawsuit NYT filed raises numerous questions about the purported news/business divide.  And that activity is relevant to a number of equitable defenses, along with other issues directly implicated by the Complaint.  NYT is thus obligated to preserve all evidence of the conduct described in this paragraph.

Separately, we are in receipt of your letter of January 23, 2024 relating to OpenAI's own preservation obligations.  We will respond to that letter more fully in a separate correspondence, however, we understand those obligations to require the preservation of documents and other information relating to the specific outputs cited in the Complaint or the exhibits thereto.  You represented to me during our February 6, 2024 phone call that those outputs were created by a single independent researcher with an academic affiliation whom NYT retained in connection with this litigation.  You also refused to disclose the name of that researcher.  To enable OpenAI to comply with its preservation obligations, please confirm in writing that (1) the researcher in question is Tom Goldstein of the University of Maryland, and (2) the only OpenAI account used to create the specific outputs cited in the Complaint or the exhibits thereto is associated with the email address tomagoldstein@gmail.com.  We also remind the NYT that its preservation obligation extends to all prompts and outputs associated with the creation of the specific outputs cited in the Complaint or the exhibits thereto.

We expect a written response to this letter by Wednesday, February 14.

Sincerely,

Andrew Gass
of LATHAM & WATKINS LLP