# EXHIBIT C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO OPENAI OPCO, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-61)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff The New York Times Company ("The Times") responds to Defendant OpenAI OpCo, LLC's ("OpenAI OpCo") First Set of Requests for Production of Documents and Things (the "Requests") as follows:

## GENERAL OBJECTIONS

1.     The Times objects to each Request to the extent it seeks information or documents subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2.     The Times objects to each Request to the extent it seeks documents or information not within The Times's possession, custody, or control or that are already in the possession, custody, and control of Defendants, on the grounds that such Requests are unduly burdensome and oppressive and therefore exceed the bounds of permissible discovery. The Times will only produce documents within its possession, custody, or control, and will do so in the manner such documents

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications regarding any attempt by You, including failed attempts, to reproduce any of Your Published Works via GPT Services.

**RESPONSE TO NO. 2:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome insofar as it seeks "[a]ll Documents and Communications regarding any attempt" and "any of Your Published Works" and is not limited to documents relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "attempt," "failed attempts," "to reproduce," and "via GPT Services" as vague and ambiguous.  The Times reasonably construes this Request to refer to The Times's process for obtaining the GPT Services outputs cited in the Complaint.  The Times further objects to this request as unreasonably cumulative of Request No. 23.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege or work-product doctrine.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications relating to any outputs of GPT Services that allegedly summarize, quote, or otherwise reference Your Asserted Works.

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "outputs," "of via Generative AI services other than GPT Services," "summarize," "quote," or "otherwise reference" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show each of the OpenAI accounts You or Your Agents have created or used, including without limitation Documents sufficient to show the full name associated with the account(s), the username(s) for the account(s), email address(es) associated with the account(s), the organization ID and name associated with the account(s), and date of registration or activation for the account(s).

**RESPONSE TO NO. 7:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks documents and personal information not relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times objects that this Request is cumulative of Request No. 21.  The Times further objects to this response to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S.

Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-h.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications relating to any allegations that any of Your Asserted Works infringe any third-party rights.

**RESPONSE TO NO. 8:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material not relevant to any party's claims or defenses.  The Times further objects to the terms "allegations," "infringe" and "third-party rights" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications relating to any complaints by any Person regarding alleged plagiarism in Your Asserted Works.

**RESPONSE TO NO. 9:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material not relevant to any

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications relating to the creation of Exhibit J of the Complaint, including but not limited to Documents and Communications with any third party or Agent.

**RESPONSE TO NO. 20:**

The Times incorporates the General Objections set forth above.  The Times objects that the term "relating to the creation" and "Agent" is vague and ambiguous.  The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show each of the OpenAI accounts created or used by any Person who participated in or was aware of Your use of GPT Services to generate any of the outputs cited in or referred to in the Complaint.

**RESPONSE TO NO. 21:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms

"created," "used," "participated in," "was aware of," "and Your use of GPT Services" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show each of the prompts You have entered into GPT Services, including without limitation Documents sufficient to show any system prompts used, the parameters used in connection with each prompt (including, but not limited to, temperature, model, maximum length, stop sequences, top p, frequency penalty, presence penalty), the date and time on which that prompt was entered, the user account used, and each resulting output.

**RESPONSE TO NO. 22:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, unduly burdensome, vague, and ambiguous to the extent that it seeks "each of the prompts You have entered into GPT Services" without limitation to material or subject matter that is relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "prompts," "system prompts," "temperature," "model," "maximum length," "stop sequences," "top p," "frequency penalty," and "presence penalty" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-

h.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request aside from those documents produced in response to Request No. 23.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show the process for obtaining each GPT Services output cited or referred to in the Complaint, including without limitation the full chat log, the prompts used, any system prompts used, the parameters used in connection with each prompt (including, but not limited to, temperature, model, maximum length, stop sequences, top p, frequency penalty, and presence penalty), each and every output generated by GPT Services as a result of each prompt and parameter combination, the time and date of those queries, and the user account.

**RESPONSE TO NO. 23:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "process for obtaining," "system prompts," "temperature," "model," "maximum length," "stop sequences," "top p," "frequency penalty," and "presence penalty" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, or control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 24:**

further objects to this request as overbroad, vague, and ambiguous to the extent that it calls for all documents The Times "intend[s] to provide" to any expert, testifying or not, and is not limited to documents relevant to any party's claims or defenses in this dispute.  The Times further objects to this request as outside the scope of Federal Rule of Civil Procedure 26(b)(4)(C), which requires production of documents a testifying expert relies on or facts and data they considered in rendering their opinion.

Subject to these objections, The Times responds that it will produce documents any testifying expert relies on or facts and data considered in rendering their opinion in this case.

April 8, 2024

/s/ Ian Crosby

Ian Crosby *(admitted pro hac vice)*
Genevieve Vose Wallace *(admitted pro hac vice)*
Katherine M. Peaslee *(pro hac vice pending)*
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(admitted pro hac vice)*
Emily K. Cronin (*admitted pro hac vice)*
Ellie Dupler *(admitted pro hac vice)*
**SUSMAN GODFREY L.L.P.**
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)

45

Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings *(admission pending)*
**SUSMAN GODFREY L.L.P**.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(admitted pro hac vice)*
**ROTHWELL, FIGG, ERNST &
MANBECK, P.C.**
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Susman Godfrey L.L.P., whose address

is One Manhattan West, New York, NY 10001.  I am not a party to the within cause, and I am

over the age of eighteen years.

I further declare that on April 8, 2024, I served a copy of:

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND
OBJECTIONS TO OPENAI OPCO, LLC'S FIRST SET OF
REQUESTS FOR PRODUCTION (NOS. 1-61)**

☒   **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)(2)(E)]** by electronically
mailing a true and correct copy through Susman Godfrey L.L.P.'s electronic mail system to
the email address(es) set forth below, or as stated on the attached service list per agreement
in accordance with Fed. Rule Civ. Proc. Rule 5(b)(2)(E).

☐   **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the offices
of the addressee.

**See Attached Service list**

I declare under penalty of perjury that the following is true and correct.

Executed at New York, New York, this 8th day of April, 2024.

*/s/ Alexander Frawley*
Alexander Frawley

47

## SERVICE LIST

OpenAICopyright@mofo.com

Joseph C. Gratz
Vera Ranieri
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-6066
Facsimile: (415) 268-7522
jgratz@mofo.com
Vranieri@mofo.com

Allyson R. Bennett
Rose S. Lee
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Abennett@mofo.com
RoseLee@mofo.com


***Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP, LLC,
OpenAI, LLC, OpenAI OpCo LLC, OpenAI
Global LLC, OAI Corporation, LLC, And
OpenAI Holdings, LLC***

OpenAICopyrightLitigation.lwteam@lw.com

Andrew Gass
Joseph Richard Wetzel , Jr.,
LATHAM & WATKINS, LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Facsimile: (415)-395-8095
andrew.gass@lw.com
joe.wetzel@lw.com

Allison Levine Stillman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212)906-1200
Facsimile: 212-751-4864
alli.stillman@lw.com

Sarang Damle
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202)637-2200
Facsimile: 202-637-2201
sy.damle@lw.com

***Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP, LLC,
OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global
LLC, OAI Corporation, LLC, And OpenAI
Holdings, LLC***

NewYorkTimes_Microsoft_OHS@orrick.com    MicrosoftNYClassActionFDBR@faegredrinker.com

Annette L. Hurst
ORRICK, HERRINGTON & SUTCLIFFE
LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415)773-5700
Facsimile: (415)773-5759
ahurst@orrick.com

Christopher J. Cariello
ORRICK, HERRINGTON & SUTCLIFFE
LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
ccariello@orrick.com

***Attorneys for Defendant
Microsoft Corporation***

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
jeffrey.jacobson@faegredrinker.com

Jared B. Briant
FAEGRE DRINKER BIDDLE & REATH LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone (303) 607-3588
jared.briant@faegredrinker.com

***Attorneys for Defendant
Microsoft Corporation***