SUSMAN GODFREY L.L.P

May 28, 2024

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, New York 10007

           Re:    *The New York Times Company v. Microsoft Corporation, et al.*,
                   Case No.: 23-cv-11195-SHS: Opposition to OpenAI's Motion, Dkt. 124

Dear Judge Stein:

      The New York Times Company ("The Times") opposes OpenAI's May 23 motion. Dkt. 124. OpenAI's motion should be denied in full.

**1.  The Times Proposes a Substantial Completion Deadline of July 31.**

      The Court should reject OpenAI's proposed June 24 deadline for The Times's document productions. While OpenAI claims that its proposal "mirrors the amount of time the Court ordered for OpenAI to substantially complete production" for The Times's initial RFPs (Dkt. 124 at 1), OpenAI omits the key fact: The Times's initial 15 requests overlap substantially with the initial 15 requests served in November in the consolidated class case pending before this Court, No. 23-cv-08292 (the "Class Case"). The Times expressly relied on this overlap when requesting the June 14 deadline in this case, arguing "there is no reason Defendants should not produce documents responsive to the requests Plaintiffs have already served at the same time that they produce substantially the same documents in the Consolidated Class Cases." Dkt. 72 at 16. This Court agreed and imposed the June 14 deadline for only those initial overlapping requests.

      OpenAI is comparing apples to oranges. The Times's initial requests were intentionally focused primarily on OpenAI's use of Times copyright-protected content in its models and products, which should readily be produced. *E.g.*, Ex. 1 at 7 (RFP 8). By contrast, OpenAI's March 8th RFPs included 61 requests, covering all issues in the case (and many other things as well). Ex. 2. The June 14 deadline was always intended to apply to an initial set of limited RFPs—not every RFP in the case. The upshot is that OpenAI has roughly seven months (November to June) to investigate The Times's initial 15 requests—yet OpenAI demands that The Times substantially complete production for 61 requests in just 3.5 months.[1] In other words, OpenAI demands responses to ***four times*** as many requests in half the time. A fairer deadline is July 31, which leaves seven weeks to complete depositions before the close of fact discovery.

      From the beginning, The Times has pushed to proceed as efficiently as possible, serving document requests on February 23, 2024—the first day on which discovery could be served. The Times invited Defendants to do the same, but they did not. Defendants instead threatened to stay discovery pending their motions to dismiss. While OpenAI eventually reversed course, its delay

---

[1] OpenAI's math is also wrong. Its March 8 requests came two weeks after The Times's February 23 requests. Under OpenAI's logic, The Times's deadline should be two weeks after OpenAI's June 14 deadline: June 28, not June 24.

May 28, 2024
Page 2

in serving document requests is the sole reason why it cannot take advantage of the June 14 substantial completion deadline. Had OpenAI served discovery sooner, that deadline would apply to The Times's initial productions as well.[2]

**2. OpenAI Is Not Entitled to Privileged Documents About The Times's Infringement Investigation.**

OpenAI's second argument is that The Times has not produced privileged communications and work product surrounding the creation of Exhibit J to its Complaint. Exhibit J has examples of GPT-4 memorizing Times content and shows that, *inter alia*, OpenAI trained on, copied, and stored at least one-hundred unique Times works—and likely millions more. The Times was forced to create this exhibit because OpenAI has repeatedly refused to tell the public what works were used to train its models.

The Times has sought from OpenAI discovery into what Times works it used to train its models, how OpenAI copied and used Times works during training and beyond, and the propensity for OpenAI's models to output the Times works it trained on. The Times does not intend to rely on Exhibit J at trial so long as OpenAI complies with its discovery obligations, and any demonstrative The Times's experts create for the jury – with the benefit of full access to OpenAI's data – will be subject to expert discovery. Moreover, The Times has already agreed to produce much of what OpenAI seeks. But OpenAI also wants information protected by privilege or work product, to which it is not entitled. Nor does OpenAI explain why it needs this information from The Times given its troubling admission that it is already tracking users' (and potential litigation experts') efforts to ascertain whether OpenAI used copyrighted content to train its models.

RFP 20 and 23: Request 20 seeks "All Documents and Communications relating to the creation of Exhibit J of the Complaint," and Request 23 seeks "Documents sufficient to show the process for obtaining each GPT Services output cited or referred to in the Complaint," including chat logs, prompts, parameters, and outputs. The Times agreed to produce the underlying facts and analysis requested, but not its retained consulting expert's or Times employees' privileged *communications with counsel* about the facts uncovered. *See Robinson v. De Niro*, 2022 WL 7094922, at *10 (S.D.N.Y. Mar. 9, 2022) (even when privilege protecting underlying factual information is waived, communications with counsel about the factual information remains protected).

RFP 2: Request 2 is broader, seeking "All Documents and Communications regarding any attempt by You, including failed attempts, to reproduce any of Your Published Works via GPT Services." Plaintiff reasonably construed this vague Request to mean "The Times's process for obtaining the GPT Services outputs cited in the Complaint" and agreed to produce non-privileged documents in this category. OpenAI Ex. C at 6. The Times is not willing to produce work product or privileged communications regarding outputs that were not in the Complaint, nor is that required. Such outputs that were obtained by The Times's non-testifying consultant and Times

---

[2] While The Times is under no interim deadline for producing documents, it has assured OpenAI that it will make productions as quickly as possible and finish as contemplated by the case schedule.

May 28, 2024
Page 3

employees at the direction of Times counsel are protected from disclosure under Federal Rule 26(b)(4)(D) and as privileged work product. This protection was not waived because The Times is not relying on Exhibit J to prove OpenAI's infringement at trial. *See Dover v. British Airways*, 2014 WL 5090021, at *2-3 (E.D.N.Y. Oct. 9, 2014) (analysis prepared by a non-testifying consulting expert that the plaintiff is not relying on to prove its case is protected from disclosure under Rule 26(b)(4)(D) and not waived even if cited in the complaint); *Fin. Guar. Ins. v. Putnam Adv., LLC*, 314 F.R.D. 85, 90 (S.D.N.Y. 2016) ("the reference to the analysis in FGIC's complaint, standing alone, does not constitute a waiver").

OpenAI's caselaw is inapposite. In *In re Commodity Exch., Gold Futures*, 2019 WL 13046984, at *3 (S.D.N.Y. Feb. 25, 2019), the plaintiff relied on portions of its consultants' statistical analyses to prove the defendants' price-fixing conspiracy, so the defendants were entitled to discover the undisclosed portions. Unlike that case, the proof of OpenAI's infringement will lie not in Exhibit J but in OpenAI's documents and data, and both sides' yet-to-be-prepared expert testimony. *See U.S. v. Omnicare*, 2023 WL 7297152, at *1 (S.D.N.Y. Nov. 6, 2023) (finding no waiver of undisclosed witness summaries not relied on in the complaint where the undisclosed analysis would not disprove the core allegation in the complaint, distinguishing *In re Commodity Exch.*). Because The Times will not present Exhibit J to the jury, there are no underlying materials that OpenAI "might need to effectively contest or impeach the claim." *New York Times Co. v. DOJ*, 939 F.3d 479, 498 (2d Cir. 2019). Nor did The Times waive any privilege or protection through "disclos[ure] to OpenAI in the course of interacting with ChatGPT LLMs." Dkt. 124 at 2-3. OpenAI's reliance on *In Re Steinhardt* is misplaced because, unlike in that case, the party asserting the privilege did not previously disclose the protected material to a government agency. 9 F.3d 230, 232 (2d Cir. 1993). Moreover, to accept OpenAI's argument would undermine "[t]he logic behind the work product doctrine"—that "opposing counsel should not enjoy free access to an attorney's thought processes." *Id.* at 234. OpenAI nowhere explains why interaction with its user-facing product is equivalent to interaction with its counsel.

RFP 7 and 21: Request Nos. 7 and 21 seek detailed personal OpenAI account information from every employee at The Times and from "any person who participated in ***or was aware of*** [The Times's] use of GPT Services to generate any of the outputs cited in or referred to in the Complaint." Ex. C at 9, 18. The Times appropriately refused to produce additional documents for these overbroad requests, which seek material that has nothing to do with The Times's claims or OpenAI's defenses. Ex. C at 9-10, 18-19. OpenAI's only proffer of relevance is that the OpenAI account information of every Times employee ***and*** anyone who even knew The Times was investigating this lawsuit (which expands the scope to absurdity) "would potentially enable OpenAI" to fill "gaps" about the outputs cited in the Complaint, like the "parameters" used with each prompt. Dkt. 124 at 2. The Times already agreed to produce this information in response to Request 23. OpenAI offers no other explanation for relevance, because it cannot. Anything discoverable in the process for obtaining the outputs cited in the Complaint will be produced in response to Requests 2, 20, and 23. The additional information sought in Requests 7 and 21 is invasive.

May 28, 2024
Page 4

                                        Respectfully submitted,

                                        */s/ Ian B. Crosby*
                                        Ian B. Crosby
                                        Susman Godfrey L.L.P.

                                        */s/ Steven Lieberman*
                                        Steven Lieberman
                                        Rothwell, Figg, Ernst & Manbeck

cc:    All Counsel of Record (via ECF)
Enclosures