# EXHIBIT B

| | |
|---|---|
| **From:** | Ian B. Crosby <icrosby@SusmanGodfrey.com> |
| **Sent:** | Monday, May 20, 2024 1:40 PM |
| **To:** | Hurst, Annette L. |
| **Cc:** | andrew.gass@lw.com; KVP-OAI; NewYorkTimes_Microsoft_OHS; MicrosoftNYClassActionFDBR@faegredrinker.com |
| **Subject:** | Re: NYT/MS-OAI—Proposed Amended Complaint |

**[EXTERNAL]**

Regarding the pending motions to dismiss, we plan to propose that The Times be directed to file its first amended complaint twenty-one days after a ruling on those motions at the same time that it addresses any issues that the Court may grant leave to amend to address in that ruling. We agree that it doesn't make sense for those motions to be re-urged in relation to this proposed amendment.

—Ian Crosby • Susman Godfrey LLP

---

**From:** Hurst, Annette L. <ahurst@orrick.com>
**Date:** Monday, May 20, 2024 at 12:47 PM
**To:** Ian B. Crosby <icrosby@SusmanGodfrey.com>
**Cc:** andrew.gass@lw.com <andrew.gass@lw.com>, KVP-OAI <KVPOAI@keker.com>, NewYorkTimes_Microsoft_OHS <NewYorkTimes_Microsoft_OHS@orrick.com>, MicrosoftNYClassActionFDBR@faegredrinker.com <MicrosoftNYClassActionFDBR@faegredrinker.com>
**Subject:** RE: NYT/MS-OAI—Proposed Amended Complaint

EXTERNAL Email
Thanks, Ian.

Speaking only for Microsoft, it makes a material difference to the schedule of the case if there are 10 million works that are alleged to be part of output claims related to the Microsoft products. The proposed First Amended Complaint seems to allege that Microsoft has directly infringed what may now be up to 10 million works by disseminating copies of those works through Bing Chat. This would appear to dramatically expand the scope of Counts I, IV and V. We do not understand how The New York Times could credibly allege output-based infringement with respect to that many works. In any event, analyzing usage data related to that volume of works is likely to be an extraordinary undertaking if it is even possible. (We again reiterate our view that The New York Times is obligated to preserve all of its LLM-related usage data.)

In light of this, Microsoft takes no position at this time on the motion for leave to file a First Amended Complaint. We will need to see the motion explaining the changes and how they affect the scope of the claims in order to assess all of the issues and formulate a position. Please report that Microsoft takes no position.

In addition to the foregoing, we also need to figure out how your anticipated motion will affect the pending motion to dismiss. We would prefer not to moot that motion since it is fully briefed. What do you propose in that regard?

Thanks.
Annette

**From:** Ian B. Crosby <icrosby@SusmanGodfrey.com>
**Sent:** Monday, May 20, 2024 9:50 AM
**To:** Hurst, Annette L. <ahurst@orrick.com>
**Cc:** andrew.gass@lw.com
**Subject:** Re: NYT/MS-OAI—Proposed Amended Complaint

[EXTERNAL]

We expect to add on the order of 7 million works going back to 1926. As indicated in the redline of the complaint I sent you, they are the subject of the same claims as the already asserted ~3.5 mm works. We aren't asking you to stipulate, just whether you will oppose the motion for leave. The form in which the works are listed is the same. There are just more of them. If that's not enough information for you to make a decision then we will just file the motion for leave as opposed and you can decide how you want to respond.

—Ian Crosby • Susman Godfrey LLP

**From:** Hurst, Annette L. <ahurst@orrick.com>
**Date:** Monday, May 20, 2024 at 9:41 AM
**To:** Ian B. Crosby <icrosby@SusmanGodfrey.com>
**Cc:** andrew.gass@lw.com <andrew.gass@lw.com>
**Subject:** RE: NYT/MS-OAI—Proposed Amended Complaint

EXTERNAL Email
Thanks, Ian. I would like a native spreadsheet once it's available. I do need information about the exhibits in order to respond to the request to stipulate one way or another.

How many separate works are in the exhibits now, and how many works are you expecting to add? Even if you don't have the exact number of what you are expecting to add, please give your best estimate.

I'd also like to understand if you are alleging the new additions are part of the claims directed solely to the training datasets, or also to the claims involving outputs, or both? How many in each category?

We need to understand the impact that this amendment will have on the overall scope of the case so that can respond to the request to stipulate with full information.

**From:** Ian B. Crosby <icrosby@SusmanGodfrey.com>
**Sent:** Monday, May 20, 2024 9:24 AM
**To:** Hurst, Annette L. <ahurst@orrick.com>
**Cc:** andrew.gass@lw.com
**Subject:** Re: NYT/MS-OAI—Proposed Amended Complaint

[EXTERNAL]

We haven't rendered the corrected and additional exhibits to PDF yet as we intend to seek leave to submit them electronically. I should be able to share the native spreadsheets with you later today if that will address your concerns. Exhibit J would remain unchanged.

—Ian Crosby • Susman Godfrey LLP

2

**From:** Hurst, Annette L. <ahurst@orrick.com>
**Date:** Sunday, May 19, 2024 at 9:00 PM
**To:** Ian B. Crosby <icrosby@SusmanGodfrey.com>
**Cc:** andrew.gass@lw.com <andrew.gass@lw.com>
**Subject:** Re: NYT/MS-OAI—Proposed Amended Complaint

EXTERNAL Email
Ian did you intend to amend the exhibits as well? And if so do you have that?

Annette Hurst
Partner
Orrick Herrington & Sutcliffe

> On May 19, 2024, at 8:17 PM, Ian B. Crosby <icrosby@susmangodfrey.com> wrote:
>
> [EXTERNAL]
>
> Redline attached. As I said on the phone to Andy and in VM to Annette, only change is to list additional works, as well as to correct some misidentified registration numbers.
>
>     —Ian Crosby
> <2024-05-19 First Amended Complaint_Redline.pdf>

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.