SUSMAN GODFREY L.L.P

June 5, 2024

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, New York 10007

        Re:    *The New York Times Company v. Microsoft Corporation, et al.*,
                 Case No.: 23-cv-11195-SHS

Dear Judge Stein:

    The parties have significantly narrowed their disputes regarding the proposed Electronically Stored Information ("ESI") Order.

**1. The Times's Proposed ESI Order.**

    The New York Times Company ("The Times") requests the Court deny Defendants' request to enter Defendants' proposed ESI Order and enter The Times's proposed ESI Order attached hereto as Exhibit 1. The parties disagree on only one issue: Defendants' attempt to set a presumptive custodian cap of 10 custodians in paragraph 4.

    The Court should reject Defendants' limit to the number of custodians and instead adopt The Times's proposal, which has no presumptive custodian cap. The parties would follow the agreed-upon protocols in paragraphs 4 and 5, which require the producing party to propose custodians most likely to have responsive information in the first instance and the parties to negotiate in good faith on custodians and search terms from there. *See* Ex. 1 ¶¶ 4-5.

    As this Court has recognized, setting a custodian cap at this stage is premature. As of this writing, OpenAI has already identified twelve potential custodians for The Times's first set of fifteen Requests for Production alone. Microsoft has still not identified any custodians. And OpenAI has produced only 43 documents, most of which are public and none of which identify potential custodians. Microsoft produced its first document sets in the past few days, and The Times has thus not yet had the opportunity to review them for documents identifying potential custodians. The parties have likewise yet to complete negotiations surrounding search terms and accompanying hit reports. Against this background, it is simply too soon to cap the number of custodians. *See United States v. Dobco Inc.*, No. 22-CV-9599, 2023 WL 5302371, at *9 (S.D.N.Y. Aug. 17, 2023); *Edwards v. McDermott Int'l*, No. 4:18-CV-4330, 2021 WL 5121853, at *4-5 (S.D. Tex. Nov. 4, 2021) ("it is simply too difficult at the outset of a case to make a definitive assessment on the number of custodians"; allowing 50 custodians as a starting point.); *see also E.E.O.C. v. Hillstone Rest. Grp.*, No. 03-CV-108, at *4 (S.D.N.Y. Feb. 8, 2023) ("agree[ing] that it is premature to determine limitations on production" early in discovery).

    Even if a cap were appropriate—which The Times contends is not, particularly at this stage—Defendants' proposed 10-custodian per party limit is unreasonable in the context of this case. Defendants have not offered *any* justification for such a cap—on the contrary, OpenAI admits that

June 5, 2024
Page 2

it already has more than 10 custodians for The Times's first set of Requests for Production. By their own admission, Defendants "have large numbers of employees." *See* No. 23-cv-08292, Dkt. 140 at 2. OpenAI also comprises at least eight different entities. The appropriate number of custodians for each party will necessarily vary based on each entity's internal workings, each custodian's unique knowledge, and the discovery requests themselves. *See, e.g.*, *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 106 (S.D.N.Y. 2013) (ordering the defendants to produce responsive documents from 48 custodians identified in defendants' documents as likely to have relevant, unique evidence); *In re Morgan Stanley Mortgage Pass-Through Certificates Litig.*, 2013 WL 4838796, at *2 (S.D.N.Y. Sep. 11, 2013) (ordering discovery from 34 defendant custodians based on each custodian's role in the events at issue); *see also* No. 23-cv-08292, Dkt. 140 at 3 (Defendants admitting in the consolidated class case that custodians should be selected based on their degree of relevant knowledge).

Defendants' caselaw supports The Times's position. In *Lightsquared, Inc. v. Deere & Co.*, 2015 WL 8675377, at *5-6 (S.D.N.Y. Dec. 10, 2015), the Court ordered the producing party to identify custodians in possession of relevant documents and the parties to negotiate a joint discovery plan from there. The parties have already agreed to follow the similar approach in paragraphs 4 and 5 of the proposed ESI Order. In *Hyles v. New York City,* 2016 WL 4077114, at *1 (S.D.N.Y. Aug. 1, 2016), the parties disagreed on whether the defendant had to search files of 9 or 15 custodians. The Court held that if after reviewing the files of the first 9 custodians, the plaintiff could demonstrate that the other custodians "had relevant, unique, and proportional ESI," the Court would order targeted searches of those custodians' files too. The *Hyles* court did not set a presumptive cap on the number of custodians at the outset or in the abstract—it ruled that after defendants produced responsive documents, if the parties still disagreed on the number of custodians, the plaintiff could move to compel searches from others. *Id.* The Times proposes a similar process of identifying and negotiating the appropriate number of custodians in good faith as each party produces responsive documents, then seeking Court intervention if the parties reach an impasse. *See* Ex. 1 ¶¶ 4-5.

The Times is entitled to discovery into any nonprivileged material relevant to and proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1). There is no legal or logical reason to limit discovery to a narrow subset of unidentified custodians in the abstract, especially when The Times would be forced to enter this agreement *blind* because Microsoft has thus far not identified custodians itself or produced documents The Times could use to identify their custodians. *See Dobco*, 2023 WL 5302371, at *5 ("Without such discussions, arguments about relevance and burden are speculative at best."). OpenAI has already identified *twelve* custodians—before it has even produced documents through which The Times will adduce which additional custodians are necessary.

### 2. Defendants' Proposed ESI Order.

Defendants collectively request that the Court deny the New York Times's letter motion requesting the entry of its proposed ESI Order, and enter Defendants' proposed ESI Order attached as Exhibit A.

June 5, 2024
Page 3

**The ESI Order Should Contain a Cap on Custodians**

Since the parties last briefed this issue on May 3 (*see* Dkt. Nos. 110, 113), the parties have met and conferred and come to an agreement on every issue except one: whether there should be a presumptive, but not unchangeable, cap on custodians.

Defendants' proposal includes an initial presumptive—but not absolute—cap on the number of custodians of ten (10) custodians per party, with additional custodians to be added upon a showing of good cause. This proposal aligns with, among others, Judge Schofield's standing order on E-Discovery. Judge Lorna G. Schofield, United States District Judge for the Southern District of New York, Individual Rules and Procedures for Civil Cases § (II)(A)(1)(a) (limiting requests for ESI to "10 key custodians" absent "an order of the Court upon a showing of good cause or stipulation by the parties"). It is also common in ESI orders in other jurisdictions.[1] In contrast, Plaintiff's proposed ESI Order offers no presumptive cap on the number of persons for custodial ESI collection. This is unreasonable.

A presumptive cap of ten custodians is reasonable and appropriate in this case. Consistent with their obligations under the Federal Rules, Defendants have undertaken significant efforts to identify the custodians most likely to have relevant, discoverable information. If there is good reason to believe that an additional custodian would have unique and relevant information, Defendants' proposal would allow for the addition of that custodian (even beyond the 10-custodian limit) where appropriate.[2] But having no cap at all is likely to merely generate unnecessarily burdensome and duplicative discovery, at great cost to the parties.

Notably, Plaintiff has not identified a single case where the court failed to impose a cap on custodians absent a stipulation by the parties. *United States v. Dobco Inc.* does not address custodians and instead orders the parties to continue to meet and confer on the terms of the ESI order. No. 22-CV-9599, 2023 WL 5302371, at *5 (S.D.N.Y. Aug. 17, 2023). In *E.E.O.C. v. Hillstone Restaurant Group*, the *parties* agreed that they were unprepared to determine limitations on discovery at that time and so stipulated to the court. Joint Elec. Disc. Submission No. 1 and Order, No. 22-CV-3108 (JLR) (RWL) (S.D.N.Y. Feb. 8, 2023), Dkt. No. 22 at 3-4. The court merely entered the parties' proposed joint order. *Id.* And again, in *Edwards v. McDermott International*, defendants agreed that it would be appropriate to search 40 custodians, while plaintiffs proposed 72. No. 4:18-CV-4330, 2021 WL 5121853, at *4-5 (S.D. Tex. Nov. 4, 2021). The court ordered a compromise of 50, all the while noting that email collection was particularly important "to unlocking the truth *in securities fraud cases.*" *Id.* at 2 (emphasis added). Plaintiff's other two cases—*Forth Worth* and *In re Morgan Stanley*—are also securities actions. This is not a

---

[1] *See, e.g.*, Ex. B (N.D. Cal. Model Patent ESI Order requiring parties to limit "email production requests to . . . five custodians"); Ex. C (D. Del. Model ESI Order providing that "each party shall disclose . . . 10 custodians").

[2] Indeed, OpenAI has already identified more than 10 custodians, because OpenAI recognizes that where there is good cause to add a custodian, it will do so. This does not suggest that Plaintiff needs an unlimited number of custodians; instead, it demonstrates OpenAI's reasonableness.

June 5, 2024
Page 4

securities fraud case. Nor has Plaintiff articulated any reason why suits alleging copyright infringement and DMCA claims require similarly high numbers of custodians. None of Plaintiff's cited cases support its position that it should be allowed an unlimited number of custodians.

Furthermore, at this time, there is no reason to believe Defendants' proposal is unreasonable. Plaintiff argues that "OpenAI [] comprises at least eight different entities," but Plaintiff hasn't shown that any of them—other than OpenAI OpCo—was actually involved in any of the challenged conduct.  Microsoft is a large corporation, but that cuts *in favor of a cap*, not against it; it suggests that absent a cap, Plaintiff will seek largely duplicative and burdensome discovery.<sup>3</sup>  And if there proves to be good cause to add a custodian, Defendants' ESI proposal allows Plaintiff to seek that discovery. Here, Plaintiff effectively requests *carte blanche* ability to seek electronic discovery from an unlimited number of custodians, regardless of whether those documents will be duplicative of those already produced, or the burdens it will impose. This is neither reasonable nor proportional to the needs of this case. *See Lightsquared Inc. v. Deere & Co.*, No. 13CIV8157 (RMB) (JCF), 2015 WL 8675377, at *5 (S.D.N.Y. Dec. 10, 2015) ("[A] party seeking to compel another party to search the files of additional custodians bears the burden of establishing the relevance of the documents it seeks from those custodians . . . . [Plaintiffs'] unsupported assertions concerning the individuals it has identified are not enough." (internal citation omitted)); *Hyles v. New York City,* 10 Civ. 3119 (AT)(AJP), 2016 WL 4077114, at *1 (S.D.N.Y. Aug. 1, 2016) (limiting Plaintiffs to search the files of nine custodians unless and until Plaintiffs could demonstrate that the six additional custodians from whom they sought discovery "had relevant, unique and proportional ESI").

Inclusion of a custodian cap also encourages the parties to prioritize and be efficient in their collection and review of documents. Without a cap, the parties are encouraged to make an endless number of requests for custodians and keywords without any effective limit other than seeking a protective order.

In sum, Defendants' proposal reflects reasonable limits designed to capture relevant, discoverable information without undue burden, but allows for flexibility where appropriate.  ESI discovery does not require perfection. *Id*. at *3 (stating that "the standard [in ESI discovery] is not perfection . . . , but whether the search results are reasonable and proportional")). Instead, Plaintiff has a right to request that Defendants perform a reasonably diligent search for responsive documents that is proportional to the needs of the case, which is what Defendants propose by placing a presumptive, but not firm, limit on the number of ESI custodians in this case.

---

<sup>3</sup> Plaintiff also suggests that setting a custodian cap is premature given the status of document production, and represents that Microsoft has not produced documents in this case. This is incorrect, as Microsoft has now made multiple productions totaling more than 6,500 documents (with custodian metadata for custodial documents) as part of its continuing rolling production in this case. And contrary to Plaintiff's representation, these productions do contain organizational charts and other documents that identify Microsoft custodians in this case.

For these reasons, Defendants respectfully request that the Court enter their ESI Order, attached hereto as Exhibit A.

    Respectfully submitted,

    */s/ Ian B. Crosby*
    Ian B. Crosby
    Susman Godfrey L.L.P.

    */s/ Steven Lieberman*
    Steven Lieberman
    Rothwell, Figg, Ernst & Manbeck

    *Counsel for Plaintiff*

    */s/ Allyson R. Bennett*
    Allyson R. Bennett
    Morrison Foerster

    */s/ Michelle Ybarra*
    Michelle Ybarra
    Keker, Van Nest & Peters LLP

    */s/ Joe Wetzel*
    Joe Wetzel
    Latham & Watkins LLP

    *Counsel for Defendant OpenAI*

    */s/ Jared B. Briant*
    Jared B. Briant
    Faegre Drinker Biddle & Reath LLP

    *Counsel for Defendant Microsoft*

cc:    All Counsel of Record (via ECF)

Enclosure