**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK TIMES COMPANY<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS<br><br>**<u>REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT</u>** |

Neither Microsoft nor OpenAI seriously contests that The Times has satisfied the liberal standard governing a motion to amend. Instead, each Defendant has seized on The Times's straightforward amendment request—timely made in accordance with the schedule ordered by the Court—as an opportunity to re-litigate the decision this Court already made, over Defendants' objections, to place this case on the same schedule governing the related Consolidated Class Actions against OpenAI and Microsoft.[1] The Court should reject that request and grant The Times's motion.[2]

Nothing in the proposed Amended Complaint justifies a departure from the Court's sensible decision to put this case and the Consolidated Class Actions on the same schedule. As The Times noted in the parties' Rule 26(f) report, "judicial economy, the parties, and the public would benefit

---

[1] "Consolidated Class Actions" refers to *Authors Guild et al. v. OpenAI, Inc. et al.* (No. 1:23-cv-08292), *Alter et al. v. OpenAI, Inc. et al.* (No. 1:23-cv-10211), and *Basbanes et al. v. OpenAI, Inc. et al.* (No. 1:23-cv-00084).

[2] Given the overlapping issues raised in Microsoft's and OpenAI's briefs (Dkts. 129 and 132, respectively), The Times intends this brief to serve as its response both to Microsoft's "Conditional Opposition to The New York Times Company's Motion for Leave to File First Amended Complaint" and "OpenAI Defendants' Memorandum of Law In Support of Response to Plaintiff's Motion for Leave to File First Amended Complaint and Conditional Cross-Motion."

from addressing fair use issues as they pertain to all forms of copying with respect to all categories of works at issue in all the related generative AI cases currently pending before this Court during the same time frame." Dkt. 72 at 15. Presumably, the Court agreed when it adopted The Times's proposal. Since the Court issued its scheduling order in this case five weeks ago, all four cases now share a discovery schedule and summary judgment deadline which will enable the Court to address all overlapping issues across the cases at the same time and will promote efficiency for parties and witnesses by enabling joint briefing and coordination of depositions to limit witnesses' time. The efficiencies of keeping the cases on the same track remain just as significant today as they were when the Court adopted the schedule, and the supposed additional burdens created by the proposed Amended Complaint in this case are overblown. Though The Times does not oppose a modest extension to the discovery schedule, it does oppose any such extension that would decouple the determination of the threshold fair use issue in this case from the determination of that issue in the Consolidated Class Actions. The Court should grant The Times's motion and should reject Defendants' request to decouple this case from the Consolidated Class Actions.

## I.      The Times Satisfies the Liberal Standard for Amendment.

Neither Microsoft nor OpenAI seriously contests that The Times has satisfied the liberal standard for amendment under Rule 15. Leave to amend on a timely motion, such as this one, should be "granted liberally" unless amendment would be futile. *Morrison v. Scotia Cap. (USA) Inc.*, No. 21-CV-1859 (SHS), 2023 WL 8307930, at *1 (S.D.N.Y. Dec. 1, 2023) (Stein, J.) Microsoft concedes that "The Times has generally met the liberal standard for amendment pursuant to Federal Rule of Civil Procedure 15, and that it made its request for leave to amend in accordance with the Scheduling Order governing this case." Dkt. 129 at 1. And subject to its position that this

Court should enter a new schedule if it grants The Times's motion, OpenAI likewise "does not oppose amendment" to The Times's Complaint. Dkt. 132 at 1.

II.    **Defendants Offer No Reason for the Court to Revisit Its Decision Placing This Case on the Same Schedule as the Consolidated Class Cases.**

The Court already decided that discovery and summary judgment in this case should be placed on a parallel track with the Consolidated Class Actions. In March, The Times and Defendants submitted a joint Rule 26(f) report setting forth their respective positions regarding an appropriate discovery and summary judgment schedule for this case. Dkt. 72 at 14–20. The Times requested that this case be placed on the same discovery and summary judgment schedule as the Consolidated Class Actions because it believed that "the parties[] and the public would benefit from addressing fair use issues as they pertain to all forms of copying with respect to all categories of works at issue in all the related generative AI cases currently pending before this Court during the same time frame." *Id*. at 15. OpenAI, in its portion of the joint report, disagreed, claiming that The Times's proposal was "inappropriate" and requesting April 7, 2025, as the close of fact discovery. *Id*. at 14, 16. Microsoft, while recognizing the value of coordinating discovery and summary judgment on the fair use issue, likewise called The Times's proposal "unworkable" and instead proposed a bifurcated discovery schedule with April 7, 2025, as the ultimate close of fact discovery. *Id*. at 19–20. After considering the parties' positions, this Court entered an order on May 3, 2024, rejecting Defendants' positions, adopting The Times's proposed schedule as to fact discovery, expert discovery, and summary judgment, and placing this case on the same case schedule as the Consolidated Class Actions for those events. Dkt. 112.

Nothing about The Times's proposed Amended Complaint changes the efficiencies that are gained by placing this case on the same fact discovery, expert discovery, and summary judgment schedule as the Consolidated Class Actions—which would be lost by decoupling the cases now.

The proposed amendment does not assert any new causes of action or legal theories; the sole change is to assert additional Times works. While Defendants argue that this case involves issues distinct from those presented in the Consolidated Class Actions, they argued the same in their portions of the 26(f) report. *Compare, e.g.*, Dkt. 72 ("The scope of this case is significantly broader both factually—in challenging an entire suite of Microsoft products not at issue in the Consolidated Class Actions—and legally, as well, since The Times posits a number of legal theories not at issue in the Consolidated Class Actions.") *with* Dkt. 129 at 6 ("The Times' case . . . involves copyrighted works allegedly present in the resultant generative outputs, which implicates significant additional technology, as well as Microsoft's and OpenAI's commercial offerings, which are not at issue in the Consolidated Class Actions."). This Court considered those arguments and rejected them, recognizing that summary judgment on the fair use issue should be decided in both this case and the Consolidated Class Actions simultaneously. As Microsoft admits, to the extent the cases present any different issues, "The Times' case was fundamentally different from the Consolidated Class Actions *from the outset*." Dkt. 129 at 6 (emphasis added). That assertion did not stop the Court from entering the case schedule that it did, and The Times's proposed amendments do not change the facts underlying the Court's decision.[3]

### III. The Times's Inclusion of Additional Works Is Neither Unduly Prejudicial Nor the Result of Undue Delay.

Throughout their briefs, Microsoft and OpenAI repeatedly emphasize that The Times's proposed amendments would add 7 million works to this suit. *See, e.g.*, Dkt. 129 at 2, 5; Dkt. 132 at 2, 3, 5, 7. But what Defendants fail to acknowledge is that, even before the proposed amendment,

---

[3] Nor does the fact that, as of June 3, The Times's first document production was still forthcoming. The Times, whose substantial completion deadline is over a month after OpenAI's, made its first document production on June 7.

The Times had asserted over 3 million works. The Court nonetheless adopted The Times's proposed discovery schedule. The additional works asserted in the proposed Amended Complaint do little to alter the scope of the case—not as to validity of the Times's copyrights, not as to the fair use defense, and not as to any other issue.

As for validity of copyrights, OpenAI itself concedes that a timely certificate of a registration "constitute[s] prima facie evidence of the validity of the copyright." 17 U.S.C. 410(c); *see also* Dkt. 132 at 3. While OpenAI claims that it needs more time to investigate the "validity" of The Times's asserted copyrights, Dkt. 132 at 3, OpenAI has not pointed to any facts that would call The Times's presumptively valid registrations into question.[4] That makes this case far different from *Wareham*, where the copyright registrations in question were dated 27 years after the works were published, thereby rendering the registrations untimely. *Wareham v. Complex Media, Inc.*, 2022 WL 523597, at *5 (S.D.N.Y. Feb. 22, 2022). Similarly distinguishable is *Urbont*, where the record reflected significant confusion over whether the copyrighted work was "made at the hiring party's 'instance and expense'" pursuant to the "work for hire" doctrine. *See Urbont v. Sony Music Ent.*, 831 F.3d 80, 89–92 (2d Cir. 2016). In any event, neither Defendant has explained why the difference in the number of works at issue would make a qualitative difference to its efforts to discover such facts, given that the ownership of the vast majority of works can be determined on a categorical basis.

As for fair use, OpenAI's suggestion that the defense in this case will be undertaken on a work-by-work basis mischaracterizes both fair use doctrine generally and the realities of how the fair use doctrine will apply in this case. The Supreme Court has stated that the purpose of the

---

[4] While OpenAI claims that there are "numerous indicia of the unreliability of [T]he Times's identification of the newly asserted articles," this allegation, even if true, would not affect the validity of The Times's copyright registrations.

statutory provision that embodies the fair use doctrine is "to set forth *general* principles, the application of which requires judicial balancing, *depending upon relevant circumstances*, including significant changes in technology." *Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 19, (2021) (citation omitted) (emphases added). In cases involving numerous copyrighted works, including those with far fewer works than are asserted here, courts engage in judicial balancing of the four fair use factors as those factors apply to the body of works generally. *See Hachette Book Grp., Inc. v. Internet Archive*, 664 F. Supp. 3d 370, 374 (S.D.N.Y. 2023) (engaging in a detailed, yet non-individual, balancing of the fair use factors for a body of 127 books).[5] As applied to this case, OpenAI's proposition that it intends to handle summary judgment on a work-by-work basis is absurd. To do so for The Times's initial 3 million asserted works would have been just as impossible as for the now-asserted 10 million works. No reasonable extension of the case schedule would permit OpenAI to undertake such an analysis. And OpenAI's assertion that certain categories of Times works are "inherently factual" has nothing at all to do with the proposed amendment; indeed, OpenAI cites the original Complaint for this proposition.

Nor should the Court credit Defendants' assertion that they need just as much time for an extension as the Times needed for its amendment. When the Times filed its original Complaint, it was unclear whether it would be able to locate registration records for the pre-1950 works. That registration information does not appear in the Copyright Office's searchable online public catalog database; registration information for the pre-1950 works is available only by reviewing scanned images in the Copyright Office's "Virtual Card Catalog." The Times thus had to transcribe those

---

[5] The *Coleman* case to which OpenAI cites, Dkt. 132 at 4, does not help OpenAI's case. *Coleman v. ESPN, Inc.*, 764 F. Supp. 290 (S.D.N.Y. 1991). *Coleman* cabins its analysis to the record before it, which it does not describe in any detail, making it difficult to see how the Court reached its decision and what it intended with its holding. The fair use analysis in that case is three sentences: one which states the issue, one which states the legal standard, and one which states the Court's conclusion, which OpenAI only partially quotes. There is no analysis.

images *by hand* before asserting those works. Spanos Decl. ¶ 4. The Times has now completed the time-intensive task of locating and transcribing the original registration numbers of the pre-1950 works and has produced its results to Defendants. The Times is also in the process of producing the Copyright Office's records to Defendants so that they will not need to reproduce these efforts. As such, this issue provides no basis for Defendants' proposed six month extension.

Finally, the data processing issues to which OpenAI refers provide no basis for extending the schedule or denying the motion to amend. As to the 3.6 million works that were inadvertently omitted from the original Complaint, in an effort to avoid providing Defendants with a list of registrations that contained duplicate works, The Times employed a conservative de-duplication algorithm that led to certain non-duplicative works being deleted. Spanos Decl. ¶ 5. The Times's proposed amendments add in those non-duplicative works that were previously excluded by the de-duplication algorithm. And as to the 10,000 articles for which "registration information was not available at the time of filing (i.e. October 2023 – January 2024)," Mot. at 2: (i) the Copyright Office's decision as to The Times's registration for works published in October 2023 was made just one week before filing and works from this period were not included because of the burden of reliably matching the copyrighted works ahead of the planned filing date; and (ii) The Times's registrations for November 2023 onward had not yet issued at the time the original Complaint was filed. Spanos Decl. ¶¶ 6–7.

Even if any delay was of The Times's making, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). Neither Microsoft nor OpenAI has alleged that bad faith or dilatory tactics are behind The Times's timing, which is fully

in accordance with the Court's schedule for raising proposed amendments. And for the reasons set forth above, neither Defendant has plausibly alleged undue prejudice.

**IV.    The Court Should Not Decouple the Determination of the Threshold Fair Use Issue in this Case From the Determination of that Issue in the Consolidated Class Actions.**

Both OpenAI and Microsoft request that the discovery schedule be extended by six months, to March 17, 2025. While The Times has no objection to a modest extension to the fact discovery deadline, and also has no objection to this case being put on the same discovery and summary judgment schedule as the *Daily News* case 1:24-cv-03285-SHS, The Times does object to any amendment to the schedule in this case that would decouple the determination of the threshold fair use issue in this case from the determination of that issue in the Consolidated Class Actions. As noted, the Court placed this case on the same case schedule as the Consolidated Class Actions because of the efficiencies that would be gained by the coordination of discovery and summary judgment across the cases. Dkt. 112. Microsoft itself has acknowledged the "significant benefit to the Court and the parties to coordinate discovery between the Consolidated Class Actions and The Times's case with respect to [the fair use] issue and to hear summary judgment on that issue at the same time as the summary judgment on fair use in the Consolidated Class Actions." Dkt. 72 at 20. That "significant benefit" has not been altered or diminished in any way by the proposed addition of more copyrighted works.

**V.    The Timeline For Any Amendment Should Be 21 Days After the Court's Ruling on Defendants' Pending Motions to Dismiss.**

Finally, the Court should grant The Times's request that any amended complaint be due within 21 days of the Court's ruling on the pending motions to dismiss.[6] Microsoft agrees with this

---

[6] The Times does not oppose Defendants' requests that the pending motions to dismiss be applied to The Times's amended complaint, once filed. *See* Dkt. 132 at 7.

request, but OpenAI does not. *See* Dkt. 129 at 10 n.2; Dkt. 132 at 7. Given the current state of the pleadings, The Times's request represents the most practical course of action. Should the Court rule in Microsoft or OpenAI's favor on either motion, The Times would likely seek leave to file an amended complaint addressing any factual allegations that the Court found lacking in its original Complaint. Allowing any such amendment to take place at the same time as The Times's current proposed amendments would serve judicial economy and the parties by consolidating all changes into a single First Amended Complaint, rather than requiring a second amendment.

### VI.   <u>Conclusion</u>

For the reasons set forth above, The Times respectfully requests that the Court grant its motion for leave to amend.

Dated: June 10, 2024

*/s/ Ian Crosby*
Ian Crosby *(pro hac vice)*
Genevieve Vose Wallace *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin *(pro hac vice)*
Ellie Dupler *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collins (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
scollins@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*