# EXHIBIT E

| | |
|---|---|
| **From:** | NYT-AI-SG-Service@simplelists.susmangodfrey.com on behalf of Bennett, Allyson R. (via NYT-AI-SG-Service list) <NYT-AI-SG-Service@simplelists.susmangodfrey.com> |
| **Sent:** | Friday, June 7, 2024 8:01 PM |
| **To:** | Zach Savage; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright; KVP-OAI |
| **Cc:** | NYT-AI-SG-Service@simplelists.susmangodfrey.com |
| **Subject:** | RE: NYT v. MS/OAI -- OAI documents concerning RAG |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

EXTERNAL Email

Zach,

As we've said multiple times, it's not clear to us what The New York Times thinks the difference is between what we agreed to search for and what The Times thinks it's entitled to. That said, as you can see from our search terms, we are reviewing custodial documents that hit on RAG-related search terms. We therefore don't think we have a live dispute on this issue, and would suggest that you review our forthcoming productions to determine whether you believe there are any gaps.

Thanks,

Ally


**ALLYSON BENNETT** (she/her)
Partner
abennett@mofo.com
T +1 (213) 892-5200
M +1 (213) 343-2951

**MORRISON FOERSTER**

---

**From:** Zach Savage <ZSavage@susmangodfrey.com>
**Sent:** Thursday, June 6, 2024 10:23 AM
**To:** openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVP-OAI <KVPOAI@keker.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** NYT v. MS/OAI -- OAI documents concerning RAG


External Email

---

Counsel,

OpenAI has taken the position that it need not search for and produce custodial documents in response to RFP Nos. 12 and 13, which seek documents concerning RAG. OpenAI took that position in its initial responses and objections to the RFPs, contending that a "sufficient to show" production would suffice for these RFPs, and OpenAI reiterated that position in a May 4 letter and in a May 15 email.

OpenAI has now proposed to use "RAG" and "Retrieval Augmented Generation" as search terms in this case. Please confirm that OpenAI will no longer be limiting its productions, for these RFPs, to a "sufficient to show" production, and that OpenAI will now be searching for and producing custodial documents.

To avoid any doubt, The Times is reviewing OpenAI's search term proposal and will revert with a response. But in the meantime, please confirm the above by COB tomorrow.

Thanks,

Zach

**Zach Savage | Susman Godfrey LLP**

212-729-2022 (office) | 201-615-3944 (cell)

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

To unsubscribe from this list please go to
https://simplelists.susmangodfrey.com/confirm/?u=fIGOkiG8u2jiaPQ0BbCXTK2YLSBMieHZ

2

| | |
|---|---|
| **From:** | Zach Savage |
| **To:** | Bennett, Allyson R.; NYT-AI-SG-Service@simplelists.susmangodfrey.com; Ranieri, Vera; Alex Frawley; Nikolaides, Eric K.; OpenAICopyright; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; MicrosoftNYClassActionFDBR@faegredrinker.com; KVPOAI@keker.com |
| **Subject:** | RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS |
| **Date:** | Monday, May 20, 2024 1:08:30 PM |
| **Attachments:** | image001.png |

Ally,

Thanks for your email.

On search terms and custodians, The Times does not agree to a mutual simultaneous exchange. The Times served its discovery requests before OpenAI did and OpenAI, unlike The Times, is under a substantial completion deadline of June 14. Does OpenAI have its proposed search terms and custodians ready? If so, it should provide them now; anything otherwise is simply delay for the sake of delay. In any event, The Times will make a search term proposal by next Friday, 5/31 and expects to make an initial production by the following Friday, 6/7. The Times will not, however, agree to a substantial completion deadline of June 24.

As for the substantive issues addressed in my May 8 email, we have reached an impasse on the disputes identified in Issues 1, 2, 3, 4, 5, 6, 7, 9, and 10 in my May 8 email. We disagree with the arguments that OpenAI raises below, including OpenAI's assertions about relevance, burden, and proportionality.

A few clarifications are important. First, The Times does not agree that OpenAI may, in its own discretion, determine whether Times content is used for "post-training" and then produce whatever data it finds as a result of that search. The Times appropriately seeks discovery into all stages of the model training process, and it is entitled to test OpenAI's assertion (which it concedes it is still investigating) that New York Times content is not used after the pre-training phase. The Times further rejects OpenAI's assertion that making post-training data available for inspection would be unduly burdensome, including because OpenAI has provided no details about the nature of that burden or the type of data set(s) used in what it calls "post-training."

For Issue 3 (Policies, Procedures & Practices regarding Intellectual Property in AI Models), The Times cannot agree to OpenAI's proposed limitations. The RFP is clear, and we further explained what we are seeking during our call. The Times cannot be expected to guess the specific names of responsive policies.

For Issue 5 (Legislative or Executive Inquiries), The Times never proposed or agreed to limit this request to proceedings "whose primary focus is copyright issues."

For Issue 9 (OpenAI's Transition to a For-Profit Company), The Times has not "abandoned" anything. For this issue, OpenAI's reliance on word games is concerning (i.e., OpenAI's position that no OpenAI entity "transitioned" to being a for-profit company because OpenAI simply created a brand new entity (or entities) that are for-profit). In any event, your email below acknowledges that you understand what information The Times seeks with this request, and the parties have a dispute about the relevance of that information.

Thanks,
Zach

---

**From:** Bennett, Allyson R. <ABennett@mofo.com>
**Sent:** Wednesday, May 15, 2024 11:12 PM
**To:** Zach Savage <ZSavage@susmangodfrey.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com; Ranieri, Vera <VRanieri@mofo.com>; Alex Frawley <AFrawley@susmangodfrey.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; MicrosoftNYClassActionFDBR@faegredrinker.com; KVPOAI@keker.com
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

==EXTERNAL Email==
Zach,
Please see below for OpenAI's responses to the points raised in your May 8 email.

### Search Terms and Custodians

OpenAI's investigation is ongoing.  That said, OpenAI is willing to pick a date on which all parties will mutually exchange their custodians and search terms.  Please let me know when you will be prepared to complete the exchange.

### Document Production

OpenAI is working diligently to review documents and prepare them for production. OpenAI is prepared to make its first production in short order, subject to the following:  In your email you stated that (notwithstanding that the Court has not yet entered either party's protective order), Plaintiff would treat any documents produced by OpenAI as "confidential or highly confidential, as the case may be, under the parties' draft protective orders."  Please confirm that if we produce documents, you will afford them the protection provided under *OpenAI's* proposed protective order, not Plaintiff's.  Further, we note that Plaintiff also has not produced any documents yet.  When can we expect Plaintiff's first production?  Relatedly, please also let us know by Thursday your final position regarding whether you will agree to a June 24 substantial completion date for the NYT's production.

### Limitation to Inspection of "Pretraining Data" (RFP Nos. 1, 3, 6, 8, 14)

Making available for inspection all data used for "post-training" —a term we use here to refer to model training occurring after the pre-training phase, like fine-tuning— would be unduly burdensome.  OpenAI is, however, conducting a reasonable search for any New York Times data used for post-training, and will make any such data found as a result of that search available for inspection.  Thus far, OpenAI's search has not located any New York Times information used for post-training, but we will let you know if that changes.

Moreover, information about models not used for ChatGPT is irrelevant and, in any event, it would be overly burdensome to collect such information. As stated publicly by OpenAI, each new generation of foundation models is trained from scratch. *See* OpenAI, Our approach to data and AI, https://openai.com/index/approach-to-data-and-ai (May 7, 2024).

As to RFP 14, we continue to believe that permitting inspection of the relevant pretraining data for

models used for ChatGPT is sufficient. After inspecting the relevant data, if Plaintiff believes OpenAI's response is deficient, it can identify what information it believes is missing and OpenAI will respond appropriately at that time.

Subject to the above disputes and as stated in our May 4 letter, OpenAI will consider using custodians and search terms to conduct a reasonable search for documents responsive to RFPs 1 and 3, including any non-custodial documents that exist as well as custodial documents, that are nonprivileged and can be located after a reasonable search.

**Limiting Definitions of Generative AI Products and Services and AI Models (RFP Nos. 5, 12, 13)**

Browse (fka Browse with Bing) is an OpenAI product that is a feature within ChatGPT, and OpenAI's proposed definition of "Generative AI Products and Services" and "AI Models" therefore encompasses Browse. Other products, such as Bing Chat and Copilot, are third-party products, and the Times has not demonstrated how these products are relevant to its claims against OpenAI or why it would not be overly burdensome for OpenAI to search for that information. If the Times can demonstrate relevance, OpenAI is open to discussing relevant search terms and custodians.

**Policies, Procedures & Practices regarding Intellectual Property in AI Models (RFP No. 5)**

As discussed in the meet and confer, the bulk of documents relevant to this request are likely privileged. Setting aside privileged documents, we are still unsure what documents you are looking for other than Copyright Shield. Based on our discussion, we understand you are also interested in opt-out or filtering-related documents. OpenAI is willing to search for and produce documents sufficient to show OpenAI's filtering of pre-training data and its policies with respect to opting out.

**Narrowing of RAG-Related Requests (RFP Nos. 12, 13)**

As discussed above, OpenAI maintains that requests for documents relating to third-party products are not relevant, and OpenAI will not search for and produce documents regarding models not developed by OpenAI. Because Browse is an OpenAI product, OpenAI will accordingly produce RAG-related documents, if any, pertaining to Browse. Moreover, our response agrees to produce documents "sufficient to show how OpenAI uses RAG in connection with ChatGPT." Therefore, to the extent relevant documents exist beyond Browse, they would fit within our response.

OpenAI confirms that it will produce documents "sufficient to show how OpenAI uses RAG in connection with ChatGPT." As you know from our discussion, the "sufficient to show" limitation is necessary because RAG is a broad and general term that would sweep in a lot of irrelevant documents. Such a search would be overbroad, unduly burdensome, and disproportionate to the needs of the case. As noted on the meet and confer, however, if Plaintiff has anything more specific in mind with respect to this RFP (in addition to Browse), please let us know and we will consider it. Additionally, while Plaintiff's email does not address the issue, OpenAI is willing to produce non-privileged documents sufficient to show whether OpenAI excludes sources known to have paywalls.

**Legislative or Executive Inquiries (RFP No. 2)**

There is no legislative or executive inquiry whose primary focus is copyright issues. Accordingly, there is no "list" of relevant inquiries for OpenAI to produce. In any event, producing such a list would be overly burdensome, and is not proportional to the needs of the case.

**Claims of Copyright Infringement (RFP No. 4)**

As we stated in our original RFP responses and subsequent letter, OpenAI limited its response to "formal, written complaints," if any, because it was unclear what else Plaintiff wanted, or how OpenAI could feasibly search for anything else. Plaintiff's view that "OpenAI should also search for and produce communications addressing complaints or allegations of copyright and trademark infringement, whether 'formal' or informal, including internal OpenAI documents and

communications as well as complaints raised to OpenAI by external entities," is overbroad, unduly burdensome, and disproportionate to the needs of the case. Moreover, it likely seeks documents that are protected by privilege and/or are irrelevant, and Plaintiff refuses to produce similar types of documents that are more relevant to the claims and defenses in this case (*see, e.g.*, OpenAI RFPs to NYT 8, 9, 10). If Plaintiff contends OpenAI's response is deficient, please explain why the Times's response is not also deficient.

Subject to these objections, OpenAI will draft and run search terms for documents constituting (1) complaints of copyright infringement, if any, regarding the use of purportedly copyrighted material or (2) OpenAI's responses, if any, to such complaints.

**Alternatives to Using Copyrighted Content (RFP No. 6)**

OpenAI's data access agreements do not differentiate between types of training data. Thus, the agreements OpenAI has already agreed to produce are also related to fine-tuning. Regardless, OpenAI reserves all rights concerning the relevance of fine-tuning datasets.

As we mentioned at the meet and confer, many communications regarding agreements are likely protected by privilege. Further, searching for such documents would be disproportionate to the needs of the case, particularly given that the Times has itself refused to search for similar documents.

**Impact of AI Models on Journalism (RFP No. 7)**

OpenAI has agreed to produce both custodial and non-custodial documents for this request, subject to the parties' disagreement on the definition of "Generative AI Products and Services and AI Models," after the entry of a protective order in this case.

**OpenAI's Transition to a For-Profit Company (RFP No. 11)**

OpenAI understands that Plaintiffs have abandoned their position that any OpenAI entity has "transitioned" to a for-profit company, given no such transition has occurred. And even if such a transition had occurred, documents regarding the transition itself would not be relevant, and searching for documents related to that transition would be overly burdensome. Nevertheless, we will produce documents sufficient to show the corporate formation of relevant OpenAI entities and their relationship to each other.

**Collaborations Between Defendants Relating to the Generative AI Models (RFP No. 15)**

OpenAI understands that Microsoft has already agreed to produce "responsive, nonprivileged documents concerning any commercial or collaborative efforts or contractual agreements between Microsoft and OpenAI relating to OpenAI's Text Generation AI Models identified in the Complaint." Please identify what documents, if any, you seek and that you are not already receiving from Microsoft.

Thanks,
Ally

**ALLYSON BENNETT** (she/her)
Partner
abennett@mofo.com
T +1 (213) 892-5200
M +1 (818) 294-3559

MORRISON FOERSTER

**From:** Bennett, Allyson R. <ABennett@mofo.com>
**Sent:** Monday, May 13, 2024 2:40 PM
**To:** Zach Savage <ZSavage@susmangodfrey.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com; Ranieri, Vera <VRanieri@mofo.com>; Alex Frawley <AFrawley@susmangodfrey.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; MicrosoftNYClassActionFDBR@faegredrinker.com
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

Zach,

Thanks for your email. We are still discussing the issues you raise below with OpenAI, and will get back to you later this week.

Thanks,

Ally

**ALLYSON BENNETT** (she/her)
Partner
abennett@mofo.com
T +1 (213) 892-5200
M +1 (818) 294-3559

**MORRISON FOERSTER**

---

**From:** Zach Savage <ZSavage@susmangodfrey.com>
**Sent:** Wednesday, May 8, 2024 11:57 AM
**To:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; Ranieri, Vera <VRanieri@mofo.com>; Alex Frawley <AFrawley@susmangodfrey.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; MicrosoftNYClassActionFDBR@faegredrinker.com
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

**External Email**

Allyson,

Thanks for the call on May 6 to discuss the issues we raised in our April 19 letter regarding OpenAI's Responses and Objections to The Times's RFPs Set One. We write to confirm our understanding of

the parties' discussions. Please respond in writing on the below issues by Monday, May 13.

One global issue concerns OpenAI's selection of search terms and custodians for its responses to these RFPs. Please send us the search terms and custodians that OpenAI is using no later than May 13.

For the documents that OpenAI has already identified and agreed to produce, including as stated in your May 4 letter, please produce those documents by May 15. To the extent that a protective order has not been entered by that date, The Times will treat those documents as confidential or highly confidential, as the case may be, under the parties' draft protective orders.

1. **Limitation to Inspection of "Pretraining Data" (RFP Nos. 1, 3, 6, 8, 14)**

We discussed OpenAI's contention that discovery should be limited to the "pretraining" stage of the model training process. Bennett May 4 Ltr. At 1. We believe the parties are at an impasse on this issue, which affects at least RFPs 1, 3, 6, 8, and 14.

We also discussed OpenAI's contention that discovery should be limited to the "models used for ChatGPT." Bennett May 4 Ltr. at 1. As we explained, all GPT models are relevant to The Times's claims, including GPT, GPT-2, and GPT-3. As even OpenAI recognizes, The Times' direct infringement claim is based in part on OpenAI's creation and use of training datasets for GPT-2 and GPT-3. Dkt. 52 at 15. But those models are relevant to this case regardless of OpenAI's statute of limitations argument because those models, as well as the outputs of those models, may have been used to develop subsequent models. We believe we are at an impasse on this issue as well, which affects at least RFPs 1, 3, 6, 8, and 14.

Relatedly, please confirm what are, in your view, the "models used for ChatGPT." Please also please confirm that OpenAI takes the position that no prior version of any particular model impacts subsequent versions of the model. For example, please confirm that the training data, model weights, and/or model outputs of a prior version of a model are in no way used for a subsequent version of a model (e.g., GPT-3 to GPT-3.5).

In addition, please also let us know whether OpenAI possesses documents reflecting rules, curricula, or guidance for model training. We understand from the call that OpenAI may not possess such documents. If that is the case, please explain whether those documents ever existed and were deleted and, if they were, under what circumstances these documents were deleted and whether you are aware of any third parties that still possess these documents.

For RFP 14, please let us know whether the data made available for inspection will include the source from which content was obtained by OpenAI (as requested by RFP 14). If not, please explain how will OpenAI produce that information.

Subject to the above disputes, please confirm that OpenAI will search for and produce documents in response to RFPs 1 and 3, including any non-custodial documents that exist as well as custodial documents. Based on the call, we don't believe there is any dispute about the relevance of these requests.

2. **Limiting Definitions of Generative AI Products and Services and AI Models (RFP Nos. 5, 12, 13)**

We discussed OpenAI's position that it will not produce documents or other materials other than those that OpenAI defines as "OpenAI products and services." Our understanding is that OpenAI will only agree to search for and produce documents and other materials related to ChatGPT and what it calls "Browse" (formerly known as "Browse with Bing"), and that it will not search for and produce documents and other materials that it deems "Microsoft" products, including Bing Chat and Copilot. We do not understand why OpenAI has refused to produce documents in its custody and control that are plainly relevant to this litigation, and believe the parties are at an impasse on this issue.

3. **Limitation to "Copyright Shield" Policy Documents (RFP No. 5)**

We discussed that RFP 5 is not limited to documents concerning the "Copyright Shield." This RFP more broadly encompasses custodial and non-custodial documents concerning Defendants' policies, procedures, and practices for using intellectual property in AI Models.

By May 15, please produce the "Copyright Shield" documents that you have already identified. Also, by May 13, please let us know whether OpenAI will be searching for additional documents in response to this RFP, or whether OpenAI takes the position that it need only produce those "Copyright Shield" documents.

4. **Narrowing of RAG-Related Requests (RFP Nos. 12, 13)**

With respect to RFPs 12 and 13, we do not believe there is any dispute that documents concerning Retrieval Augmented Search ("RAG") are relevant to this case. The parties' disputes about these requests concern: (i) the products for which OpenAI will search for RAG-related documents; and (ii) whether OpenAI will only produce documents "sufficient to show" how OpenAI uses RAG and its understanding of RAG, or whether it will conduct a broader custodial and non-custodial search.

As for (i), please confirm that OpenAI's position is that the only product for which RAG is relevant, and for which it will produce RAG-related documents, is Browse. Further, please confirm that OpenAI will not produce documents related to products available in the ChatGPT Store that use RAG, such as custom GPTs and plug-ins, as well as documents relevant to the use of RAG in other products.

As for (ii), please confirm whether OpenAI will only produce documents "sufficient to show" how OpenAI uses RAG and its understanding of RAG, or whether it will conduct a broader custodial and non-custodial search for documents responsive to these requests. If OpenAI is willing to conduct a broader search, please let us know by May 13 whether OpenAI has run search terms designed for these requests and, if so, the search terms and custodians.

5. **Legislative or Executive Inquiries (RFP No. 2)**

We understand that OpenAI is unwilling to produce any documents in response to this request, citing burden and relevance concerns. So that The Times can evaluate those concerns, please let us

know whether you are willing to provide us with a list of legislative or executive inquiries that relate to the allegations in the Complaint.

6. **Claims of Copyright Infringement (RFP No. 4)**

We understand that OpenAI will be searching for and producing formal written third-party complaints in response to this request.

We explained that this RFP encompasses more than "formal, written complaints." Bennett 5/4 Ltr at 4. For example, OpenAI should also search for and produce communications addressing complaints or allegations of copyright and trademark infringement, whether "formal" or informal, including internal OpenAI documents and communications as well as complaints raised to OpenAI by external entities. As stated in our April 19 letter, RFP 4 also encompasses steps taken to respond to claims of infringement and steps taken to prevent infringement. We don't believe there is a dispute as to the relevance of such materials. We also understand that OpenAI will consider producing custodial documents for this request, subject to the use of reasonable search terms. Please let us know by May 13 whether OpenAI has run search terms designed for these requests and, if so, please send the search terms and custodians by that same date.

7. **Alternatives to Using Copyrighted Content (RFP No. 6)**

As stated above, the parties have disputes about whether discovery should include information beyond the pre-training stage of the model training process and whether discovery should include the earlier GPT models that, in OpenAI's view, were not used for ChatGPT. Those disputes impact this RFP.

In addition, we reached an impasse on OpenAI's efforts to exclude from this request any communications concerning licensing or other agreements, as well as draft agreements. As stated on the call, such documents are relevant to, among other issues, The Times's allegation that Defendants willfully infringed The Times's copyrights. The Times has not agreed to produce communications related to The Times's licensing agreements because there is no similar allegation that The Times has willfully infringed another entity's copyrights.

We also discussed our view that OpenAI should search for and produce documents concerning alternative approaches to training its models that would not involve the use of copyrighted content, including information that is in the "public domain." Such documents would be relevant to numerous issues in the case, including the value of The Times' conduct, OpenAI's willful infringement, the Times's damages, and OpenAI's fair use defense. Please let us know by May 13 whether OpenAI will search for and produce documents in response to this aspect of the request.

8. **Impact of AI Models on Journalism (RFP No. 7)**

Subject to the global dispute addressed above in Issue 2, we understand that OpenAI will agree to produce both custodial and non-custodial documents for this request.

9. **OpenAI's Transition to a For-Profit Company (RFP No. 11)**

In our discussion of this request, you told us that there is no dispute that at least one of the OpenAI entities is a for-profit entity. Please tell us which entity or entities to which you were referring. In addition, you told us that certain offerings associated with ChatGPT are commercial products for which OpenAI charges a subscription.

We further discussed OpenAI's position that it will not produce documents responsive to this request, including documents concerning the formation of for-profit OpenAI entities, because, in OpenAI's view, such documents are not relevant to fair use or any other issue in the case. We reached an impasse on this issue.

10. **Collaborations Between Defendants Relating to the Generative AI Models (RFP No. 15)**

We explained our view that this request is relevant to, among other issues, The Times's vicarious and contributory infringement claims against Microsoft. We also explained that we are not seeking documents about, in your words, collaborations over OpenAI's "general business" operations, such as, for example, a licensing agreement between OpenAI and Microsoft concerning OpenAI's use of Microsoft Word or Microsoft Outlook.

With those clarifications, please let us know whether OpenAI will agree to produce custodial and non-custodial documents in response to RFP 15.

Best,
Zach

---

**From:** NYT-AI-SG-Service@simplelists.susmangodfrey.com <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Sent:** Saturday, May 4, 2024 3:07 PM
**To:** Ranieri, Vera <VRanieri@mofo.com>; Alex Frawley <AFrawley@susmangodfrey.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; MicrosoftNYClassActionFDBR@faegredrinker.com
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

==EXTERNAL Email==
Counsel,

Attached please find a letter in response to the New York Times' discovery letter sent on April 19, 2024.

Best,

Emily

**From:** Ranieri, Vera <VRanieri@mofo.com>
**Sent:** Thursday, May 2, 2024 10:41 AM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; MicrosoftNYClassActionFDBR@faegredrinker.com
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

Hi Alex,

Thanks for the ping, we're working on a written response so that you can consider it in advance of any meet and confer, in hopes that it will make it more productive. In that letter, we'll propose some dates and times.   We hope to get you that letter this week, for a meet and confer early next week.

Thanks,

Vera

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Thursday, May 2, 2024 7:05 AM
**To:** Nikolaides, Eric K. <ENikolaides@mofo.com>; OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; MicrosoftNYClassActionFDBR@faegredrinker.com
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

**External Email**

Hi Eric,

Just following up on this. Can we meet and confer tomorrow please? Thank you.

Best,
Alex

**From:** Nikolaides, Eric K. <ENikolaides@mofo.com>
**Sent:** Thursday, April 25, 2024 6:17 PM

**To:** Alex Frawley <AFrawley@susmangodfrey.com>; OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; MicrosoftNYClassActionFDBR@faegredrinker.com
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

**EXTERNAL Email**

Alex,

As we said in our previous email, we are in receipt of and currently considering your letter. We will follow up next week when we are in a position to propose times to meet and confer.

Thanks,
Eric

**Eric Nikolaides**
**Associate**
enikolaides@mofo.com
T +1 (212) 336-4061

Morrison Foerster
250 West 55th Street
New York, NY 10019-9601

**MORRISON FOERSTER**

---

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Date:** Thursday, Apr 25, 2024 at 4:44 PM
**To:** Nikolaides, Eric K. <ENikolaides@mofo.com>, OpenAICopyright <OpenAICopyright@mofo.com>, openaicopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>, NewYorkTimes_Microsoft_OHS@orrick.com <NewYorkTimes_Microsoft_OHS@orrick.com>, MicrosoftNYClassActionFDBR@faegredrinker.com <MicrosoftNYClassActionFDBR@faegredrinker.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

**External Email**

---

Hi Eric,

Please propose times for Monday or Tuesday. Thank you.

Best,
Alex

---

**From:** Nikolaides, Eric K. <ENikolaides@mofo.com>
**Sent:** Thursday, April 25, 2024 12:00 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; MicrosoftNYClassActionFDBR@faegredrinker.com
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

==EXTERNAL Email==

Alex,

Thanks for the ping. The OpenAI defendants are considering your letter, but are not in a position to meet and confer this week. We'll propose some times for next week as soon as we're in a position to discuss.

Best,
Eric

**Eric K. Nikolaides**
Associate
ENikolaides@mofo.com
T +1 (212) 336-4061

**MORRISON FOERSTER**

---

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Wednesday, April 24, 2024 11:13 PM
**To:** OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; MicrosoftNYClassActionFDBR@faegredrinker.com
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

==External Email==

---

Counsel,

Following up on the letters we sent last week and our request for a meet and confer. Can we please meet and confer this week?

Best,
Alex

**Alexander P. Frawley | Susman Godfrey LLP**
One Manhattan West, 50th Floor | New York, NY 10001
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com

---

**From:** NYT-AI-SG-Service@simplelists.susmangodfrey.com <NYT-AI-SG-Service@simplelists.susmangodfrey.com> **On Behalf Of** Alex Frawley
**Sent:** Friday, April 19, 2024 5:18 PM
**To:** OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; MicrosoftNYClassActionFDBR@faegredrinker.com
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** The New York Times Company v. Microsoft Corporation, et al. - SDNY Case No 1:23-cv-11195-SHS

EXTERNAL Email
Counsel,

Please see the attached letters from The Times.

Best,
Alex

**Alexander P. Frawley | Susman Godfrey LLP**
One Manhattan West, 50th Floor | New York, NY 10001
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com


To unsubscribe from this list please go to https://https://simplelists.susmangodfrey.com/subs/

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.

To unsubscribe from this list please go to [https://simplelists.susmangodfrey.com/confirm/?u=W2xeQJQpCxkpKlnsTlW4LsE2qwf0N1tn](https://simplelists.susmangodfrey.com/confirm/?u=W2xeQJQpCxkpKlnsTlW4LsE2qwf0N1tn)

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.