**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Daily News, LP; The Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury-News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest Publications, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO, LLC, OPENAI GLOBAL, LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC, <br><br> Defendants. | Civil Action No. 1:24-cv-03285-SHS |

**PLAINTIFFS' REQUEST FOR INSPECTION TO MICROSOFT CORPORATION PURSUANT TO RULE 34**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, (the "Local Civil Rules"), Plaintiffs Daily News, LP (the "New York Daily News"); The Chicago Tribune Company, LLC, (the "Chicago Tribune"); Orlando Sentinel Communications Company, LLC (the "Orlando Sentinel"); Sun-Sentinel Company, LLC (the "Sun-Sentinel"); San Jose Mercury-News, LLC (the "Mercury News"); DP Media Network, LLC (the "Denver Post"); ORB Publishing, LLC (the "Orange County Register"); and Northwest Publications, LLC (the "Pioneer Press") (collectively "Plaintiffs") request that Microsoft Corporation ("Microsoft") permit inspection, copying, testing, sampling, measuring, surveying, and photographing of Defendants' training datasets and generative artificial intelligence models, products, and services, including any related property, objects, and operations, as follows:

1. Training Dataset(s) used to train the Defendants' Generative AI Models, broken down into each phase of training, including pre-training, any "cool down" phase of pre-

1

training, fine-tuning, instruction-tuning, reinforcement learning through human feedback, or other training process.

2. Software components available in source code form used in connection with Your Training Dataset(s), including for processing of training data, training curricula, data loaders, and ranking, weighting, or scoring tools, including the associated documentation.

3. Software components available in source code form used to build, curate, or otherwise obtain data for Your Training Datasets from the internet, including web crawlers, spiders, and bots, including BingBot.

4. Generative AI Models, including but not limited to MAI-1, GPT models incorporated into Your Generative AI Products and Services, and all other versions or other Generative AI Models, including associated model cards and documentation.

5. Copilot branded Generative AI Products and Services, including APIs, plug-ins, Prometheus and other features offered through the Copilot branded platform, including software components available in source code form and the associated source code repositories and documentation.

6. Query, session, and chat logs related to the Publishers' Content reflecting user sessions on Your Generative AI Products and Services and Bing ("Session Data"), including, for each session, user queries paired with responses to those queries.

This Rule 34 request shall be read and interpreted in accordance with the Definitions set forth in Plaintiffs' First Set of Requests for Production to Microsoft.

Plaintiffs request that the foregoing items be made available for inspection on one or more hard drives mounted locally on a server having memory and processing power commensurate with those used by Microsoft in the ordinary course of business for performing training set processing and analysis tasks, such as deduplication. The server should be accessible using one or more

2

approved laptops. Plaintiffs may request that Microsoft install licensed software or files on the laptop computer(s) to assist with the inspection, and such request shall be subject to approval of Microsoft, which shall not be unreasonably withheld.

Plaintiffs request that the Training Datasets be produced as files of each training record with all metadata related thereto as maintained in the ordinary course of business, along with directories identifying records used during each phase of training, including pre-training, any "cool down" phase of pre-training, fine-tuning, instruction-tuning, reinforcement learning through human feedback, or other training process.

Plaintiffs request that the Generative AI Models be made accessible through an application programming interface (API) via the laptop(s), and that Microsoft produce documentation, directions, and example scripts illustrating how to make queries to the API.

Plaintiffs request that the Copilot branded Generative AI Products and Services be made available for inspection using the laptop(s) as those products and services are ordinarily made available to and used by end-users.

Plaintiffs request that Microsoft have a person or person(s) familiar with the foregoing list of items available during the course of the inspection to operate the laptop(s) and facilitate Plaintiffs' inspection.

The requested inspection is to take place at Microsoft's facilities located at One Microsoft Way, Redmond, Washington beginning on a mutually agreeable date and time, and/or at such other facility that enables Plaintiffs to perform the requested inspection, copying, testing, sampling, measuring, surveying, and photographing of Microsoft's training datasets and generative artificial intelligence models, products, and services, including taking videos and still photographs of Microsoft's services and systems, as described above, and of their operation (including as such systems and services are provided to and used by end-users). A court reporter and/or videographer may be present for the inspection.

Dated: June 14, 2024                    */s/Steven Lieberman*

                                        Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker *(admitted pro hac vice)*
Jenny L. Colgate *(admitted pro hac vice)*
Mark Rawls *(admitted pro hac vice)*
Kristen J. Logan *(admitted pro hac vice)*
Bryan B. Thompson (6004147)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
mrawls@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com

Jeffrey A. Lindenbaum (JL1971)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
3 Manhattanville Road, Suite 105
Purchase, New York 10577
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
jlindenbaum@rothwellfigg.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

It is hereby certified that, on June 14, 2004, the **foregoing PLAINTIFFS' REQUEST FOR INSPECTION TO MICROSOFT CORPORATION PURSUANT TO RULE 34** was served by email upon the following counsel of record for Microsoft Corporation:

| | |
|---|---|
| **Faegre Drinker Biddle & Reath LLP**<br>1177 Avenue of the Americas, 41st Floor<br>New York, NY 10036<br>212-248-3191<br>**Jeffrey S. Jacobson**<br>Email: jeffrey.jacobson@faegredrinker.com<br><br>**Faegre Drinker Biddle & Reath LLP**<br>1144 Fifteenth Street<br>Suite 3400<br>Denver, CO 80202<br>303-607-3588<br>**Jared Barrett Briant**<br>Email: jared.briant@faegredrinker.com | **Orrick, Herrington & Sutcliffe LLP**<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>(415) 773-4585<br>**Annette Louise Hurst**<br>Email: ahurst@orrick.com<br><br>**Orrick, Herrington & Sutcliffe LLP**<br>51 West 52nd Street<br>New York, NY 10019<br>212-506-3778<br>**Christopher Cariello**<br>Email: ccariello@orrick.com<br><br>**Orrick, Herrington & Sutcliffe LLP**<br>222 Berkeley Street<br>Suite 2000<br>Boston, MA 02116<br>617-880-1800<br>**Sheryl Koval Garko**<br>Email: sgarko@orrick.com<br>**Laura Najemy**<br>Email: lnajemy@orrick.com |

/*s/Nasri V. B. Hage*
Nasri V. B. Hage