**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>　　　　　　Defendants. | Civil Action No. 1:23-cv-11195-SHS |

**THE NEW YORK TIMES COMPANY'S RESPONSE TO OPENAI'S**
**MOTION TO CONSOLIDATE (DKT. 142)**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................................1

ARGUMENT ..........................................................................................................................................3

    I.     Defendants really seek an extension of the case schedule, not consolidation. ...........................................................................................................3

    II.    OpenAI ignores prejudice and exaggerates the benefits of consolidation. .........................................................................................................4

    III.   The Times has a proposal to resolve OpenAI's motion. ..........................................7

    IV.   The case schedule should remain coordinated with the Class Actions. ....................9

CONCLUSION ....................................................................................................................................12

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A. v. New Jersey Dep't of Educ.*,
  2022 WL 844422 (D.N.J. Mar. 22, 2022) ................................................................................7

*Conley v. Stryker Corp.*,
  2011 WL 6888561 (W.D. Mo. Dec. 28, 2011) ........................................................................5

*Cornell v. Soundgarden*,
  2021 WL 1663924 (W.D. Wash. Apr. 26, 2021) .....................................................................6

*Does No. 1 v. Springboro Cmty. City Sch. Dist.*,
  2022 WL 219368 (S.D. Ohio Jan. 25, 2022) ...........................................................................7

*Henderson v. Nat'l R.R. Passenger Corp.*,
  118 F.R.D. 440 (N.D. Ill. 1987) ...............................................................................................5

*Internet L. Libr., Inc. v. Southridge Cap. Mgmt.*,
  LLC, 208 F.R.D. 59 (S.D.N.Y. 2002) ......................................................................................6

*KGK Jewelry LLC v. ESDNetwork*,
  2014 WL 7333291 (S.D.N.Y. Dec. 24, 2014) .........................................................................4

*Rodriguez v. Athenium House Corp.*,
  2012 WL 2161284 (S.D.N.Y. June 14, 2012) .........................................................................3

*Seay v. Oklahoma Bd. of Dentistry*,
  2021 WL 1341361 (W.D. Okla. Apr. 9, 2021) ........................................................................4

*SS&C Techs. Holdings, Inc. v. Arcesium LLC*,
  2024 WL 64781 (S.D.N.Y. Jan. 5, 2024) .................................................................................5

**INTRODUCTION**

OpenAI's motion to consolidate is a (not so) thinly veiled ploy to unravel the schedule this Court ordered. Over Defendants' objections, this Court adopted The Times's proposal to place this case on the same schedule as the related Class Actions against OpenAI and Microsoft.[1] In doing so, this Court presumably endorsed The Times's view that "judicial economy, the parties, and the public would benefit from addressing fair use issues as they pertain to all forms of copying with respect to all categories of works at issue in all the related generative AI cases currently pending before this Court during the same time frame." Dkt. 72 at 15. OpenAI now purports to seek consolidation of this case with the *Daily News* case, which has no case schedule and was filed four months after this case. *See Daily News, LP et al. v. Microsoft Corp. et al.*, Case 1:24-cv-03285. But OpenAI does not even try to hide its primary goal, which is to blow up the discovery schedule in this case and de-couple it from the Class Actions; indeed, OpenAI avers that it will "oppose[]" its own motion to consolidate if the Court retains the existing case schedule. Dkt. 143 at 1 n.4.

There are numerous problems with OpenAI's motion. It is procedurally improper because it should have been filed under Federal Rule 16(b)(4), which governs requests to modify a case schedule. It should also be denied as an improper attempt to relitigate a scheduling decision that has already been decided. On the substance, the motion overstates the appropriateness of consolidation, overlooking prejudice to The Times and exaggerating the efficiency gains of consolidating two cases which are already proceeding as related cases—along with the Class Actions—before the same judge. The motion also omits any concrete proposal for a revised scheduling order, in violation of Rule 1.E of this Court's Individual Practices.

---

[1] "Class Actions" refers to *Authors Guild et al. v. OpenAI, Inc. et al.* (No. 1:23-cv-08292), *Alter et al. v. OpenAI, Inc. et al.* (No. 1:23-cv-10211), and *Basbanes et al. v. OpenAI, Inc. et al.* (No. 1:23-cv-00084).

1

In any event, to resolve this dispute, and to resolve Defendants' "conditional" opposition to The Times's motion for leave to amend the Complaint—which likewise are at bottom objections to the case schedule—The Times has a robust proposal that maintains the efficiency of a coordinated case schedule while preserving flexibility and alleviating Defendants' claimed concerns. This proposal includes a three-month extension of all case deadlines, pushing the close of fact discovery from mid-September to mid-December—just as OpenAI sought in its motion. *See* Dkt. 143 at 11 (requesting "at least six months to complete fact discovery in the consolidated *New York Times* and *Daily News* matters"); Dkt. 148 at 3 ("Discovery commenced in the *Daily News* case on June 14."). The Times's proposal also includes a commitment to coordinate with the *Daily News* plaintiffs on depositions and on all other discovery issues Defendants say they want consolidated.

Rather than accept The Times's proposal or work in good faith to reach agreement, **OpenAI now demands even more time for discovery than it sought in its motion**. OpenAI believes that fact discovery should close in March 2025, which translates to nine additional months of discovery—not six, as sought in its motion. OpenAI's about-face provides yet another ground on which to deny its motion.

To resolve the consolidation motion, and the motion for leave to amend, the Court should permit the amendment that Defendants effectively concede is proper and adopt The Times's scheduling proposal. This proposal ensures this case will proceed on a similar schedule to the Class Actions, which OpenAI itself has asserted involve "overlapping facts, claims, issues, and defenses." Savage Decl. Ex. 2. The Times's proposal also promotes flexibility to coordinate when doing so promotes efficiency, while allowing ample additional time to address any issues unique

to this case. This case should proceed closely in parallel for discovery and summary judgment with the Class Actions, and any request to have this case lag far behind those cases should be denied.

## ARGUMENT

### I. Defendants really seek an extension of the case schedule, not consolidation.

While OpenAI styles its motion as one for "consolidation," what it seeks is an extension of the case schedule. OpenAI reveals its true intention in footnote 4 of its brief, explaining that "***OpenAI opposes consolidation*** if the consolidated case were put on the same schedule as the *New York Times* action." Dkt. 143 at 1 n.4 (emphasis added). Parties do not often oppose their own motions, especially not in the opening brief. Defendant Microsoft likewise prioritizes an extension over consolidation. Microsoft only joins OpenAI's motion to the extent "these matters proceed on a separate, and later schedule than that which the parties' stipulated to in [the Class Actions]." Dkt. 148 at 2. These statements reveal that consolidation with the *Daily News* case is just a pretext for Defendants' third attempt to delay the case schedule.

Given that OpenAI primarily seeks relief from this Court's scheduling order, it should have moved to modify the schedule under Federal Rule of Civil Procedure 16(b)(4). To prevail, OpenAI would need to establish "good cause," which "turns on the diligence of the moving party." *Rodriguez v. Athenium House Corp.*, 2012 WL 2161284, at *2 (S.D.N.Y. June 14, 2012). OpenAI nowhere addresses this "good cause" standard, let alone establishes its diligence. OpenAI also ignores Rule 1.E of this Court's Individual Practices, which requires that any requests for "extensions of time" include "a proposed Revised Scheduling Order." OpenAI did not include any proposal for a Revised Scheduling Order.

OpenAI's circumvention of the Federal Rules and this Court's Individual Practices are grounds to deny its motion. Other courts have denied motions to consolidate where, as here, the "motion appears to be a tactical maneuver" to obtain relief more properly sought under another

3

rule. *KGK Jewelry LLC v. ESDNetwork*, 2014 WL 7333291, at *3 (S.D.N.Y. Dec. 24, 2014) (denying motion to consolidate, including because "this motion appears to be a tactical maneuver on the part of the Yeko Parties to re-open discovery in Action I following their failure to properly conduct discovery in that action").

Denial would be particularly appropriate here because the "motion to consolidate [] appear[s] to be an attempt to avoid the Court's previous ruling." *Seay v. Oklahoma Bd. of Dentistry*, 2021 WL 1341361, at *1 (W.D. Okla. Apr. 9, 2021) (denying motion to consolidate). The parties in this case already briefed their dispute over whether this case should proceed on the same case schedule as the Class Actions, and this Court agreed with The Times that it should. *Compare* Dkt. 72 at 14-20 (portion of Rule 26(f) report addressing the parties' respective positions on the case schedule), *with* Dkt. 112 (Court order adopting The Times's proposal). The motion to consolidate is an improper attempt to "avoid" that "previous ruling." *Seay*, 2021 WL 1341361, at *1.

## II. OpenAI ignores prejudice and exaggerates the benefits of consolidation.

While this case and the *Daily News* case share factual and legal similarities, OpenAI overlooks the prejudice The Times would suffer were the case schedule modified. "Before deciding to consolidate actions, the court must determine that 'the parties will not be prejudiced.'" *KGK Jewelry*, 2014 WL 7333291, at *2 (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007)). "To that end, the Second Circuit has instructed courts that 'the benefits of efficiency can never be purchased at the cost of fairness.'" *Id.* (quoting *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993)).

"[C]ourts in the Second Circuit have found that, where cases are in different stages of discovery, consolidation does not achieve the aims of judicial efficiency even if the cases share some factual overlap." *SS&C Techs. Holdings, Inc. v. Arcesium LLC*, 2024 WL 64781, at *4

4

(S.D.N.Y. Jan. 5, 2024) (denying motion to consolidate). That reasoning cuts against consolidation here because this case and the *Daily News* case are at "different stages of discovery." *Id.* Discovery in this case began on February 23, and fact discovery is set to close on September 17. More than half of the fact discovery period has already passed, including Defendants' June 14 deadline to substantially complete productions in response to The Times's initial RFPs. Dkt. 112. By contrast, the *Daily News* case was filed recently and discovery began just a few weeks ago. Dkt. 148 at 3. Consolidating this case "with a recently filed case in which discovery is just beginning will obviously entail further delay," thereby prejudicing The Times. *Henderson v. Nat'l R.R. Passenger Corp.*, 118 F.R.D. 440, 441 (N.D. Ill. 1987) (denying motion to consolidate as "inappropriate" where "discovery is just beginning" in the later-filed case).[2]

Another point cutting against consolidation is that, in the *Daily News* case, a "proposed scheduling order has not even been filed yet." *Conley v. Stryker Corp.*, 2011 WL 6888561, at *1 (W.D. Mo. Dec. 28, 2011). In *Conley*, the court denied consolidation as "inefficient and inconvenient" because the two cases were "at widely varying procedural stages"—where nine months remained in the discovery period for one case and no schedule had been set in the other. *Id. Conley*'s reasoning applies with even more force to OpenAI's motion because the close of fact discovery in this case is less than three months away—far fewer than the nine months remaining for discovery in the further along case that was at issue in *Conley*.

OpenAI cites two decisions that addressed consolidation of "cases that are in different stages of litigation," but those decisions are inapposite. Dkt. 143 at 9. In *Internet Law*, the "risk of

---

[2] OpenAI's criticism of The Times's document productions to date is misleading. *See* Dkt. 143 at 9. Because OpenAI served its initial RFPs *after* The Times, the parties agreed that The Times's substantial completion deadline should come after Defendants' June 14 substantial completion deadline. *See* Dkt. 134 (memorializing agreement on a July 19 substantial completion deadline for The Times's productions). In any event, The Times has produced over 13,000 documents—far more than the *43* documents that OpenAI had produced when OpenAI was just under a month away from its substantial completion deadline (as The Times is now). Savage Decl. ¶ 7.

5

prejudice" from consolidation was "minimal"—a conclusion that was "obvious" from how the non-moving party raised no prejudice concern in response to the motion. *Internet L. Libr., Inc. v. Southridge Cap. Mgmt., LLC*, 208 F.R.D. 59, 61-62 (S.D.N.Y. 2002). By contrast, The Times has raised prejudice concerns, particularly with respect to the case schedule. OpenAI's reliance on *Cornell v. Soundgarden* is also misplaced because that court consolidated two cases filed by the *same* plaintiffs. 2021 WL 1663924, at *3 (W.D. Wash. Apr. 26, 2021). Here, OpenAI relies on a separate party's lawsuit to seek a modification of this case's schedule.

This aspect of OpenAI's motion is particularly troubling. Just today a new lawsuit was filed by a news organization against OpenAI and Microsoft. *See The Center for Investigative Reporting v. OpenAI, Inc., et al.*, No. 24-cv-04872 (S.D.N.Y.). That plaintiff seeks to be related to this case, arguing its "claims arise from substantially similar acts, including the Defendants' unauthorized use of Plaintiff's content to train large language models and power generative artificial intelligence products." *Id.* Dkt. 5. Based on this new lawsuit, or additional lawsuits that might be filed, will Defendants seek further extensions to the case schedule under the guise of "consolidation"? The Times should not be prejudiced because Defendants engaged in such wide-ranging infringement that rightsholders continue to file lawsuits against them. Defendants' conduct harms The Times, and it is unfair and prejudicial for Defendants to rely on lawsuits filed by separate parties to delay resolution of this case. The Times is entitled to move this case forward regardless of if or when similar lawsuits are filed.

Finally, OpenAI exaggerates the benefits of consolidation. Any "danger" of "inconsistent results" between this case and the *Daily News* case (Dkt. 143 at 6) "is minimal" because the cases "are all already pending before" the same judge. *See A. v. New Jersey Dep't of Educ.*, 2022 WL 844422, at *3 (D.N.J. Mar. 22, 2022) ("[T]he Court will note that the risk of inconsistent rulings

6

or delay to the Court by not consolidating all of these cases is minimal as they are all already pending before the undersigned and Magistrate Judge Matthew."); *see also Does No. 1 v. Springboro Cmty. City Sch. Dist.*, 2022 WL 219368, at *3 (S.D. Ohio Jan. 25, 2022) (denying motion to consolidate, including because "the risk of inconsistent adjudication is minimal" since "[b]oth cases are before this Court"). Moreover, as explained below, The Times has a proposal that captures all the efficiency benefits of consolidation (e.g., coordinated depositions) without any of the prejudice-inducing downsides—such as unfairly delaying resolution of this case in the event the *Daily News* case needs more time for discovery.

### III. The Times has a proposal to resolve OpenAI's motion.

Notwithstanding the procedural and substantive problems with OpenAI's motion, The Times has a proposal to resolve this dispute without further burdening the Court. The Times first requested a meet-and-confer to understand precisely what OpenAI seeks to accomplish with consolidation, during which OpenAI identified three goals: (1) setting a single schedule to govern both cases that includes an extension of the fact discovery deadline in this case through March 2025, (2) coordination between The Times and the *Daily News* plaintiffs on depositions, including consolidated 30(b)(6) deposition notices for topics relevant to both cases, and (3) coordination of "administrative issues." Savage Decl. ¶ 2. When asked for specific examples of "administrative issues," OpenAI asserted that both cases should be governed by the same Protective Order and ESI Order. *Id.* OpenAI later filed its motion to consolidate, seeking "at least six months to complete fact discovery" in the proposed-to-be-consolidated *Times* and *Daily News* case, Dkt. 143 at 11, which The Times understood to equate to a mid-December close of fact discovery given the June 2024 opening of discovery in the *Daily News* case, Dkt. 148 at 3.

The Times then made the below proposal to Defendants:

7

1. A single, coordinated discovery schedule that would govern *The New York Times* case and the *New York Daily News* case. This schedule would add 2 months to the schedule [for all deadlines] currently governing *The New York Times* case.

2. Coordination of depositions across the two cases, to be formalized in a deposition coordination protocol. This coordination would involve, at a minimum, consolidated 30(b)(6) deposition notices to be served on Defendants; depositions of Defendants' witnesses to occur in single sittings; and Defendants' cross-production of documents across the two cases.

3. Coordination of other necessary administrative issues, such as a single protective order and ESI order that would govern in both cases.

Savage Decl. ¶ 4 & Ex. 1 at 2. The Times now agrees to amend this proposal to include a three-month extension for all deadlines in this case, rather than a two-month extension.

This proposal should resolve OpenAI's motion to consolidate as well as Defendants' "conditional" opposition to The Times's motion for leave to amend the Complaint. *See* Dkt. 118 (motion for leave to amend for the sole purpose of asserting additional works); Dkts. 129, 132 (Defendants clarifying that they do not oppose amendment provided there is an extension to the discovery schedule). The Times is prepared to work with Defendants and the *Daily News* plaintiffs to prepare a stipulation that memorializes the above agreement and resolves both motions.

As far as The Times is aware, the only holdup to an agreement is the length of the discovery extension. Notwithstanding OpenAI's request for "at least six months to complete fact discovery," starting in June, Dkt. 143 at 11, OpenAI actually demands a much longer extension—until March 2025. Savage Decl. ¶ 5 & Ex.1. As applied to The Times's case, in which discovery commenced on February 23, 2024, OpenAI's proposal would mean this case remains in fact discovery for over a year. Microsoft's position remains vague, although its brief appears to request a December deadline. *See* Dkt. 148 at 3 (requesting "at least six months of fact discovery" for both cases and clarifying that "[d]iscovery commenced in the *Daily News* case on June 14").

This Court should adopt The Times's proposal, which includes a three-month extension of all deadlines and pushes the close of fact discovery to December, which provides OpenAI with the "at least six months to complete fact discovery" that it sought in its motion. Dkt. 143 at 11. Any request for more time should be denied as premature. And the next time Defendants seek to revisit the schedule, they should file their motion under the proper rule: Federal Rule 16(b)(4).

IV.     **The case schedule should remain coordinated with the Class Actions.**

Another reason to favor The Times's proposal is to keep this case closely tied to the schedule in the Class Actions. The Times's willingness to compromise on a modest extension to the schedule should not be misunderstood to mean The Times has reconsidered its position that the case should proceed in parallel with the Class Actions. This Court endorsed The Times's view in its May 3 scheduling order, and nothing in the interim justifies a departure from this framework. Dkt. 112.

To the contrary, Defendants' statements and conduct reinforce The Times's view. For example, *after* this Court issued the scheduling order for this case, and *after* the *Daily News* plaintiffs filed their lawsuit, OpenAI emailed The Times and the Class Action plaintiffs to insist on deposition coordination, arguing the "cases involve overlapping facts, claims, issues, and defenses." The relevant part of that email is below:

> I write on behalf of the OpenAI defendants. I've addressed this email to Plaintiffs' counsel in the *In re OpenAI ChatGPT Litigation* pending in ND Cal, as well as plaintiffs' counsel in the *Authors Guild* and *NYT* cases pending in SDNY. I have also copied counsel for Microsoft. If I have left anyone off – my apologies, it was inadvertent.
>
> As you all know, ***the above referenced cases involve overlapping facts, claims, issues, and defenses. The discovery sought by the various plaintiffs' groups is, not surprisingly, also overlapping***. We expect that plaintiffs' counsel will seek to depose many of the same defense witnesses. We trust and expect that Plaintiffs agree that the parties should coordinate depositions to the greatest extent possible to avoid the undue burden and expense of multiple depositions of the same individual on the same issues. Along those lines, OAI intends to make its witnesses available one time, presumptively for 7 hours, which depositions may be used in all cases as if they had been taken in each case. Please

9

confirm you are agreeable to such an approach and coordination. We would be happy to discuss as necessary.

Savage Decl. ¶ 6 & Ex. 2 (emphasis added).

OpenAI has similarly argued in court filings that this case "overlaps" with the Class Actions. OpenAI for example asserted that the Class Actions and this case implicate "overlapping facts, claims, issues, and defenses," and argued "that coordination of discovery is necessary." Class Actions, Dkt. 150 at 1. Critically, OpenAI made this argument two weeks after the *Daily News* case was filed, undermining any claim that the *Daily News* case impacts whether this case should remain tied to the Class Actions. OpenAI reiterated its views on the similarities between this case and the Class Actions in a May 22 filing, following The Times's May 20 motion for leave to amend. OpenAI told this Court that "The Times should also be included in the discovery coordination that OpenAI advocated for . . . in the *Authors Guild* and *Alter* matters." Dkt. 123 at 3. The timing of that filing undermines any argument that the proposed amendment impacts whether this case should remain tied to the Class Actions.

OpenAI feels so strongly about the overlap between this case and the Class Actions that it asked a California court to stay depositions in that case so OpenAI could develop a discovery coordination plan with all plaintiffs in the generative AI cases, including The Times and the Class Action plaintiffs proceeding before this Court. OpenAI argued to the California court that coordination is warranted to "avoid unduly burdensome, duplicative depositions of the ***same witnesses on the same topics***." *In re OpenAI ChatGPT Litig.*, No. 3:23-cv-03223-AMO, Dkt No. 143 at 2 (N.D. Cal. May 23, 2024) (emphasis added).

Microsoft's prior statements likewise contradict its position on consolidation. Microsoft's joinder brief asserts that The Times's case and the *Daily News* case implicate "a technology that is not at issue in the [] Class Actions"—namely, "Copilot Chat." Dkt. 148 at 2; *see also id.* at 6

10

(referring to Copilot as a "newly accused generative search technology" not at issue in the Class Actions). But in its opposition to the California plaintiffs' motion to intervene, Microsoft told this Court that the Class Actions also implicate "Microsoft's commercialization of its products such as [] ***Copilot Chat***." Class Actions Dkt. 79 at 5-6 (emphasis added). As another example, while Microsoft's joinder brief claims that "retrieval augmented generation" is "not at issue" in the Class Actions, Dkt. 148 at 2, OpenAI agreed to provide discovery on that exact topic in the Class Actions, *see* Class Actions Dkt. 147-5 at 1 (agreeing to produce documents "sufficient to show how, if at all, OpenAI uses retrieval augmented generation (RAG) in connection with ChatGPT").

Having repeatedly asserted that this case and the Class Actions implicate "overlapping facts, claims, issues, and defenses," Savage Decl. Ex. 2, Defendants cannot credibly contend that The Times's schedule should substantially trail the Class Action schedule. Proceeding that way makes no sense for any part of the case schedule, including discovery and summary judgment, when this Court will be deciding the "overlapping" issues OpenAI has repeatedly flagged. The Times's proposal of a modest three-month extension ensures these cases will remain on a parallel track, and any requests to further expand the gap between them should be denied.

Finally, The Times's request to assert additional works does not affect the case schedule. The Times thoroughly addressed this issue in its reply brief in support of the motion for leave to amend. Dkt. 139 at 5. Tellingly, OpenAI does not meaningfully grapple with The Times's arguments. OpenAI's sole response is that "the additional works would affect the fair use calculus," Dkt. 143 at 10—a vague statement that comes nowhere close to explaining what discovery Defendants seek about the asserted works, much less why the current schedule is feasible for three million works but not ten million. Defendants' "conditional" opposition to The Times's amendment is nothing more than yet another disguised attempt to extend the case schedule.

11

**CONCLUSION**

The Times respectfully asks the Court to adopt The Times's proposal, which resolves both OpenAI's motion to consolidate and The Times's motion for leave to amend. The Court should (1) grant The Times's motion for leave to amend, (2) extend all deadlines in this case by three months, (3) order the *Daily News* plaintiffs and The Times to coordinate on depositions, and (4) order the *Daily News* plaintiffs and The Times to coordinate on necessary administrative issues, such as establishing a single protective order and ESI order that would govern in both cases.

Dated: June 27, 2024

/s/ Ian Crosby
Ian Crosby *(pro hac vice)*
Genevieve Vose Wallace *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin *(pro hac vice)*
Ellie Dupler *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)

SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collins (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
scollins@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*