KEKER VAN NEST & PETERS          LATHAM & WATKINS LLP          MORRISON FOERSTER

July 1, 2024

**VIA ECF**

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *The New York Times Company v. Microsoft Corp., et al.*, Case No. 1:23-cv-11195-SHS

Dear Judge Stein:

Pursuant to Rule 2(G) of Your Honor's Individual Practices, Defendant OpenAI respectfully requests an informal discovery conference to address The New York Times's ("the Times") refusal to produce critical discovery regarding the creation, registration, and ownership of the copyrighted works it has put at issue.[1]  Discovery into those copyrighted works is directly relevant both to the Times's claim of copyright infringement and to OpenAI's defenses (such as fair use, which looks at, *inter alia*, various aspects of the works at issue).  The Times can only assert infringement over those portions of the works that are (a) original to the author, and (b) owned or exclusively licensed to the Times.  *See John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 410 (2d Cir. 2018); *Feist Publications, Inc. v. Rural Tel. Serv.*, 499 U.S. 340, 348 (1991).  OpenAI's requests target precisely those issues, and the Times should be ordered to satisfy them.

1. **The Times should be ordered to provide discovery showing the copyrighted works are original works of authorship.**

*Source of Creation* **(RFP 12)**.  Copyright protection extends "only to those components of a work that are original to the author." *Feist*, 499 U.S. at 348.  In other words, the Times cannot pursue a claim for infringement over any part of a copyrighted work that is not original to the Times, as would be the case if the Times copied another's work or elements in the public domain.  *See Wozniak v. Warner Bros. Ent. Inc.*, No. 22-cv-8969, 2024 WL 1311856, at *15 (S.D.N.Y. Mar. 27, 2024) ("The copyright in a . . . derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work[.]" (quoting 17 U.S.C. § 103(b)); *Hines v. BMG Rts. Mgmt. (US) LLC*, No. 20-cv-3535, 2023 WL 6214264, at *4–6 (S.D.N.Y. Sept. 25, 2023) (elements borrowed from the public domain are not protectable).  Accordingly, the Court should order the Times to produce documents sufficient to show what portions of the asserted works are original to the Times and what are not.

OpenAI seeks precisely these documents through **RFP 12**, which requests "documents sufficient to show each and every written work that informed the preparation of each of Your Asserted Works, regardless of its length, format, or medium."  That information is necessary to determine whether and to what extent the Times is pursuing claims for infringement of works that

---

[1] The parties conferred regarding the disputes addressed herein by videoconference on May 6, 2024, and by written correspondence both before and after the videoconference.  The parties' conferral efforts were unsuccessful.

are not protected, in part or in full, by copyrights the Times owns. *See Earth Flag Ltd. v. Alamo Flag Co.*, 153 F. Supp. 2d 349, 353 (S.D.N.Y. 2001) ("Although derivative works are protectable, copyright protection extends only to the non-trivial, original contributions of the derivative work's author."). Such discovery is also relevant to other assertions the Times has made, including those regarding *how* the Times created the works at issue. The Times alleges, for example, that "[t]o produce world-class journalism," it "invests an enormous amount of time, . . . expertise, and talent," including through "deep investigations—which usually take months and sometimes years to report and produce—into complex and important areas of public interest." Compl. ¶¶ 32–33; *see also id.* ¶¶ 34–37. Having chosen to put directly at issue *how* the Times created the works at issue—including the methods, time, labor, and investment—OpenAI has a right to discovery into the same. The Times refuses to produce discovery in response to this request, instead "standing on its [largely boilerplate] objections." Dkt. 124-5 at 8. Those objections are meritless.

*First*, the Times says the Request is "overbroad and unduly burdensome to the extent that it seeks material not relevant to any party's claims or defenses." Ex. 1 at 12. "This language tells the Court [and OpenAI] nothing," *Fischer v. Forrest*, No. 14-cv-1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017), and does not support the refusal to produce relevant, responsive discovery, *id.* Moreover, OpenAI's requests are narrowly tailored to documents "sufficient to show" the materials that informed the works at issue. *Second*, the Times "objects to the terms 'written work,' 'informed the preparation,' 'format,' and 'medium,' as vague and ambiguous." That objection strains credulity. Any ambiguity was resolved during the parties' conferrals when OpenAI explained that it was seeking "underlying reporter's notes, interview memos, records of materials cited, or other 'files' for each asserted work." Dkt. 124-5 at 9.

*Finally*, the Times objected "to the extent [the Request] seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-h." The Times separately, however, agreed "to notify OpenAI if issues regarding the reporters' privilege affects the Times's willingness to search for and review any category of documents." Dkt. 124-5 at 8. It has not done so with respect to RFP 12. But if that is the basis of the Times's objection, it is unavailing. To begin with, the New York Shield Law does not apply because this case does not involve a claim under state law. *See Giuffre v. Maxwell*, 221 F. Supp. 3d 472, 475 (S.D.N.Y. 2016). And the reporters' privilege under federal law does not justify withholding the materials at issue here because they (i) are of likely relevance to a significant issue in the case—whether the Times is asserting copyright protection over works or portions thereof in which it does not have a copyright—and (ii) are not reasonably obtainable from other available sources. *Gonzales v. Nat'l Broad. Co.*, 194 F.3d 29, 36 (2d Cir. 1999). In addition, OpenAI is *not* seeking confidential information (i.e., the identity of confidential sources).

**Human-authored Content (RFPs 10 & 11).** "Human authorship is a bedrock requirement of copyright." *Thaler v. Perlmutter,* 687 F. Supp. 3d 140, 146 (D.D.C. 2023). Accordingly, copyright protection extends only to expressive, original, human-authored content—not content authored by artificial intelligence or derived from third-party sources, including other journalists or public domain materials. *See id.* at 148–49 (collecting cases); Copyright Registration Guidance: Works Containing Material Generated by Artificial Intelligence, 37 C.F.R. § 202 (2023) ("When an AI technology determines the expressive elements of its output, the generated material is not the product of human authorship."). To determine what portions of the works asserted by the Times are protected by copyright, OpenAI seeks documents sufficient to determine (a) what

portions of the works reflect "expressive, original, human-authored content" (as sought in **RFP 10**), and (b) what portions of the works reflect "non-expressive, non-original [to the Times], or non-human-authored content" (as sought in **RFP 11**). Here, too, the Times refuses to produce the vast majority of documents sought in these requests, agreeing only to produce the actual works at issue. But OpenAI cannot determine from the works alone which portions reflect human-authored content original to the Times and which portions do not. Production of the works alone is thus far from fully responsive to these requests and insufficient to allow OpenAI to test the Times's assertion that the works it has put at issue are the Times's "original works of authorship" entitled to copyright protection in the first place. *See Thaler,* 687 F. Supp. 3d at 146; *see also id.* at 143 ("copyright law is limited to original intellectual conceptions of the author").

      2.      **The Times should be ordered to provide discovery into the registration and ownership of the works at issue.**

***Ownership Disputes*** **(RFPs 8, 9, & 13).** "In the Copyright Act, Congress expressly provided a cause of action for infringement only for 'legal or beneficial owner[s]' of one of the six enumerated 'exclusive right[s] under a copyright.'" *See John Wiley & Sons*, 882 F.3d at 405. To determine whether the Times is asserting protection over works for which it does not own the copyright, either in full or in part, OpenAI seeks documents related to, *inter alia*: (a) allegations against the Times of infringement and plagiarism in connection with the copyrighted works (**RFPs 8 and 9**); and (b) disputes regarding ownership of the works at issue (**RFP 13**). *See* Ex. 1 at 10–11, 13. The Times refuses to respond to these requests in full. *See id.* As to RFPs 8 and 9, the Times has agreed to produce only "judicial or quasi-judicial determinations that any of the Asserted Works infringed a third party's rights." Dkt. 124-5 at 4. There is no basis for this limitation. Allegations of infringement and ownership disputes may undercut, and are therefore relevant to, the Times's claim of ownership, regardless of whether such allegations or disputes were fully adjudicated.

***Registration of the Works*** **(RFP 14).** To sue for copyright infringement, a copyright owner must register the work with the Copyright Office. *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019). That process can involve communicating with the Copyright Office about the work and scope of protection thereof. OpenAI thus requested, in **RFP 14**, correspondence between the Times and the Copyright Office regarding the works at issue. The Times has agreed to produce only the deposit copies for the works. Here, too, the Times's limitation is untenable. Correspondence with the Copyright Office is directly relevant to the Times's claims. *See, e.g.*, *Aalmuhammed v. Lee*, 202 F.3d 1227, 1230 (9th Cir. 2000) (noting that "[t]he Copyright Office issued [the plaintiff] a 'Certificate of Registration,' but advised him in a letter that his 'claims conflict with previous registrations' of the film"); *Brandir Int'l, Inc. v. Cascade Pac. Lumber Co.*, 834 F.2d 1142, 1146 (2d Cir. 1987) ("The Copyright Office refused registration by letter, stating that the RIBBON Rack did not contain any element that was "capable of independent existence as a copyrightable pictorial, graphic or sculptural work apart from the shape of the useful article."). The Times has chosen to pursue claims for copyright infringement based on myriad copyrighted works. The Times's correspondence with the Copyright Office regarding those works is thus directly relevant to the scope of the copyrights the Times is asserting.

      For the foregoing reasons, OpenAI respectfully requests that the Court compel the Times to produce documents responsive to the RFPs at issue.

Respectfully submitted,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Michelle S. Ybarra* | */s/ Elana Nightingale Dawson* | */s/ Allyson R. Bennett* |
| Michelle S. Ybarra[*] | Elana Nightingale Dawson | Allyson R. Bennett[*] |

cc: All Counsel of Record (via ECF)

---

[*] All parties whose electronic signatures are included herein have consented to the filing of this document, as contemplated by Rule 8.5(b) of the Court's ECF Rules and Instructions.