UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>                    Plaintiff,<br><br>       v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>                    Defendants. | Civil Action No. 1:23-cv-11195-SHS<br><br>Hon. Sidney H. Stein |
| DAILY NEWS, LP; CHICAGO TRIBUNE COMPANY, LLC; ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC; SUN-SENTINEL COMPANY, LLC; SAN JOSE MERCURY-NEWS, LLC; DP MEDIA NETWORK, LLC; ORB PUBLISHING, LLC; AND NORTHWEST PUBLICATIONS, LLC,<br><br>                    Plaintiffs,<br><br>       v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC,<br><br>                    Defendants. | Civil Action No. 1:24-cv-03285-SHS<br><br>Hon. Sidney H. Stein |

**MICROSOFT'S REPLY BRIEF IN SUPPORT OF
<u>OPENAI'S MOTION TO CONSOLIDATE</u>**

Microsoft submits this reply brief in response to two discrete issues raised in The New

York Times Company's ("The Times") response to OpenAI's Motion to Consolidate:[1] (1) the implication of Microsoft's acknowledgment that the Bing Copilot product (formerly known as Bing Chat) is at issue across multiple cases; and (2) the import of OpenAI's purported acquiescence to discovery related to "retrieval augmented generation" in the Consolidated Class Actions. No. 1:23-cv-11195, ECF No. 150 at 10-11.

As explained in Microsoft's Joinder Brief, the scope of *The Times* case and the related *Daily News* litigation (1:24-cv-03285-SHS, collectively the "Newspaper Cases") differs significantly from the Consolidated Class Actions.[2] No. 1:23-cv-11195, ECF No. 148; s*ee also* Microsoft's Conditional Opposition to The New York Times Company's Motion for Leave to File Amended Complaint (No. 1:23-cv-11195, ECF No. 129). Yet, in an attempt to paper over the fundamental differences in the scope of the allegations brought in these two separate sets of cases, and the implication those differences will have on discovery, The Times cherry picks two discrete and disjointed references to Microsoft's Bing Copilot and retrieval augmented generation in other case materials in the Consolidated Class Actions. In doing so, The Times completely disregards the actual allegations made in those cases. While overlapping products may be at issue across the Consolidated Class Actions and the Newspaper Cases—and both sets of cases include allegations about the ***training*** of OpenAI's models used in these products—the claims brought by The Times and the Daily News are substantially broader, relating specifically to the ***additional technology***

---

[1] Microsoft filed a joinder brief in support of OpenAI's Motion to Consolidate (No. 1:23-cv-11195, ECF No. 148); while The Times has not filed an opposition specific to Microsoft's joinder brief, The Times has included in passing in its response to OpenAI's Motion arguments directed towards rebutting those made in Microsoft's joinder brief, which focused on the import of the different technologies at issue in The Times case (as opposed to the Consolidated Class Actions). Microsoft addresses those limited arguments here, as well as the Daily News Plaintiffs' Response.

[2] *Authors Guild et al. v. OpenAI, Inc. et al.* (No. 1:23-cv-08292), *Alter et al. v. OpenAI, Inc. et al.* (No. 1:23-cv-10211), and *Basbanes et al. v. OpenAI, Inc. et al.* (No. 1:23-cv-00084) (collectively the "Consolidated Class Actions").

these products deploy (*i.e.*, retrieval augmented generation and generative search) and implicate an additional set of Microsoft products.  Moreover, the Newspaper Cases' claims go far beyond the singular inquiry of whether the inputs into training of the large language models ("LLMs") that power these generative AI products constitutes copyright infringement.  And the Newspaper Cases' ***additional*** focus on outputs inherently requires ***additional*** discovery.

The Times and the Daily News Plaintiffs entirely fail to address Microsoft's arguments that different technology and inquiries are at issue in the Newspaper Cases.  To respond to the arguments that The Times does make, ***first***, Microsoft's statements are not contradictory: both the Newspaper Cases and the Consolidated Class Actions implicate Microsoft's Bing Copilot.  What distinguishes the Newspaper Cases from the Consolidated Class Actions is the focus on different aspects of the technology (*e.g.*, Bing Copilot outputs and the relationship between Microsoft's AI product offerings and generative search technology) as well as different products, and discovery on these additional items will be significant.  The Times' attempt to ignore or distort this critical distinction should be disregarded, especially in view of the massive amount of output data that must be uniquely examined in fact and expert discovery in the Newspaper Cases.

***Second,*** The Times points to OpenAI's "agree[ment] to produce documents" in the Consolidated Class Actions "sufficient to show how, if at all, OpenAI uses retrieval augmented generation (RAG) in connection with ChatGPT." No. 1:23-cv-11195, ECF No. 150 (quoting No. 1:23-cv-08292, ECF No. 147-5 at 1.  That plaintiffs in the Consolidated Class Actions sought discovery from OpenAI on retrieval augmented generation technology has no bearing on the allegations against Microsoft—and Microsoft has not received any similar requests in the Consolidated Class Actions, nor has it agreed to produce any such documents in those cases.  Regardless, this discovery request does not change the fact that retrieval augmented generation

and generative search are not directly implicated by the claims in the Consolidated Class Actions, which focus on the training of the LLM models and nothing else. The Times argument is therefore misplaced.

* * *

For all of the reasons presented here, in OpenAI's Motion and in Microsoft's Joinder Brief, the Newspaper Cases wholly align, and the Consolidated Class Actions are not commensurate in scope. Microsoft respectfully requests that the Court consolidate the Newspaper Cases and appropriately extend the cases' schedule.

Dated: July 3, 2024

By:   /s/ Annette Hurst

ORRICK, HERRINGTON & SUTCLIFFE LLP
Annette L. Hurst (admitted *pro hac vice*)
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  (415) 773-5700
Facsimile:  (415) 773-5759
ahurst@orrick.com

Christopher J. Cariello
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
ccariello@orrick.com

Sheryl Koval Garko
Laura Brooks Najemy
222 Berkley Street
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 880-1801
sgarko@orrick.com
lnajemy@orrick.com

FAEGRE DRINKER BIDDLE & REATH LLP
Jeffrey S. Jacobson
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 248-3191
jeffrey.jacobson@faegredrinker.com

Jared B. Briant (admitted *pro hac vice*)
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 607-3588
jared.briant@faegredrinker.com

*Attorneys for Defendant*
*Microsoft Corporation*