# EXHIBIT 1

| | |
|---|---|
| **From:** | Alex Frawley (via NYT-AI-SG-Service list) |
| **To:** | Sexauer, Kenneth Edward |
| **Cc:** | NYT-AI-SG-Service@simplelists.susmangodfrey.com; KVP-OAI; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR; Ranieri, Vera; Nikolaides, Eric K.; Elana.NightingaleDawson@lw.com; Chad.Kenney@lw.com; Catherine C. Porto |
| **Subject:** | RE: NYT v. Microsoft et al. |
| **Date:** | Wednesday, July 24, 2024 8:39:17 PM |
| **Attachments:** | image001.png |

==EXTERNAL Email==

Counsel,

I write to follow up on Monday's call about The Times's proposal for additional OpenAI custodians. As stated in my July 16 email, we expected that, by Monday's call, OpenAI would take a firm position on which custodians OpenAI is willing to add. Although The Times made its initial custodian proposal over a month ago, and a revised proposal on July 3, OpenAI has still not taken a firm position on any custodian. OpenAI also on Monday for the first time suggested that it may propose a specific number of additional custodians and then allow The Times to select which custodians to add. The Times rejects that approach to selecting custodians. As we have explained many times, including in our filing on the disputed ESI Order, any disputes about custodians should be resolved on a custodian-by-custodian basis, without any artificial cap and without tying OpenAI's custodians to The Times's custodians. OpenAI also on Monday for the first time requested additional information about why The Times is proposing these specific custodians. If OpenAI needed more information for any custodian, it could have asked over a month ago when The Times made its proposal. In any event, to move this forward, The Times below provides additional information to support its proposal. Please let us know by Monday, July 29, whether OpenAI will add any of these custodians. The Times intends to move to compel any custodians whom OpenAI does not agree to add.

Individuals on the below list with an asterisk are new individuals The Times is proposing based on The Times's review of Defendants' document productions, which demonstrates that these individuals should also be custodians.

1. **Individuals Whom OpenAI Has Identified**

OpenAI should add as custodians the following individuals whom OpenAI has identified as having relevant knowledge and information.

- Henrique Ponde de Oliveira Pinto (identified in OpenAI's initial disclosures as someone "likely to have knowledge regarding technical aspects of ChatGPT, including design, development, and operation")
- Vinnie Monaco (identified in OpenAI's interrogatory responses as being "responsible for the relevant exclusion, filter and safety features it uses in connection with models that have powered ChatGPT")
- Peter Welinder (identified in OpenAI's initial disclosures as someone "likely to have knowledge regarding OpenAI's marketing materials and intentions for ChatGPT")
- Lillian Weng (identified in OpenAI's interrogatory responses as being "responsible for the relevant exclusion, filter and safety features it uses in connection with models that have powered ChatGPT")

2. **Key Executives**

OpenAI should add as custodians the following executives who have played key roles in OpenAI's conduct and decision making, including with respect to the development and commercialization of the at-issue models, products, and services, and OpenAI's relationship with Microsoft.

- Sam Altman. *See, e.g.*, OPCO_NYT_0262983; MSFT_TNYTC_000170197
- Greg Brockman. *See, e.g.*, OPCO_NYT_0116390; OPCO_NYT_0331370
- Brad Lightcap.* *See, e.g.*, OPCO_NYT_0432099
- Mira Murati. *See, e.g.*, MSFT_TNYTC_000170197; OPCO_NYT_0135902
- Ilya Sutskever. *See, e.g.*, OPCO_NYT_0000769

### 3. Additional Employees and Former Employees with Relevant Knowledge

OpenAI should add as custodians the following employees and former employees likely to have relevant knowledge, including with respect to OpenAI's development of the at-issue models, products, and services, OpenAI's use of retrieval augmented generation, OpenAI's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ We also direct you to these employees' LinkedIn profiles, which also support our request.

- James Betker. *See, e.g.*, https://nonint.com/2023/06/10/the-it-in-ai-models-is-the-dataset/
- Chris Berner.* *See, e.g.*, MSFT-TNYTC_000000345 at -73
- James Dyett.* *See, e.g.*, OPCO_NYT_0432158
- Alex Gray.* *See, e.g.*, OPCO_NYT_0339823
- Bianca Martin. *See, e.g.*, OPCO_NYT_0002354
- William Fedus. *See, e.g.*, OPCO_NYT_0217019
- Ryan Lowe. *See, e.g.*, OPCO_NYT_0559691
- Johannes Heidecke. *See, e.g.* OPCO_NYT_0429152
- Daniel Kokotajilo. https://www.lesswrong.com/users/daniel-kokotajlo
- Alex Tachard Passos.* *See, e.g.*, OPCO_NYT_0135902
- William Saunders. *See, e.g.*, https://www.businessinsider.com/former-openai-employee-williams-saunders-artificial-intelligence-building-titanic-apollo-2024-7
- Wojciech Zaremba.* *See, e.g.*, OPCO_NYT_0113272

The Times below provides additional information about the new individuals being proposed.

Brad Lightcap has information about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Chris Berner has information about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

James Dyett has information about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

███████████████████████████████████

Alex Passos has information about ███████████████████████████
████████████████████████████████████████

Wojciech Zaremba has information about ███████████████████████
████████████████████████████████████████

The Times may request additional custodians as discovery unfolds, including based on our ongoing review of Defendants' document productions. At this time, however, these are the custodians that The Times is seeking.

Best,
Alex

---

**From:** Sexauer, Kenneth Edward <KSexauer@mofo.com>
**Sent:** Thursday, July 18, 2024 8:02 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; Ranieri, Vera <VRanieri@mofo.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Elana.NightingaleDawson@lw.com; Chad.Kenney@lw.com; Catherine C. Porto <CPorto@keker.com>
**Subject:** RE: NYT v. Microsoft et al.

==EXTERNAL Email==

Alex,

We would be happy to confer at 10:30 a.m. tomorrow. Can you please include both Latham and Keker on the meeting invitation?

But in response to your below correspondence, I would first remind you that the parties have yet to stipulate to an ESI protocol in this matter and that the issue of custodian counts is currently before the Court. OpenAI would welcome a negotiated settlement of the issue that would moot the pending motion and preserve judicial resources. However, the Times' demand for a unilateral ratcheting up of OpenAI's custodian count (while reserving the right to demand productions from still more yet unnamed custodians) is difficult to understand given that it has yet to produce any custodial documents of its own. In any event, OpenAI believes the parties can reach a global and mutual agreement on the number and selection of specific custodians for both parties. We look forward to participating in a reciprocal discussion regarding the parties' respective custodians tomorrow.

Best,
Ken

**Ken Sexauer**
Associate
ksexauer@mofo.com

T: +1 (212) 336-4090

# MORRISON FOERSTER

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Tuesday, July 16, 2024 4:06 PM
**To:** Sexauer, Kenneth Edward <KSexauer@mofo.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Subject:** RE: NYT v. Microsoft et al.

**External Email**

Counsel,

As mentioned on yesterday's call, we would like to have another call this week to discuss our custodian proposal to OpenAI. Does Friday at the same time work (10:30 am ET)?

On or before the next call, we ask that OpenAI be prepared to identify which custodians that OpenAI is willing to accept and which it is not. OpenAI should have been ready to provide that information during yesterday's call, at the latest. The Times made its initial custodian proposal on June 14, which OpenAI rejected without making any counter-proposal. The Times made a revised proposal on July 3, and the parties thereafter scheduled yesterday's meet and confer, which took place almost two weeks after The Times made its proposal. OpenAI has no excuse for not having a firm position on whether it will add any custodians, and if so, whom.

We disagree with OpenAI's view that our discussions about OpenAI's custodians should proceed on the same timeline as any proposal that OpenAI makes for additional Times custodians. We understand that OpenAI intends to review The Times's custodial productions before making its own custodian proposal, but that is no excuse for delaying the parties' negotiations over OpenAI's custodians. OpenAI chose to not serve its discovery requests immediately when discovery opened, as The Times did, which places its discovery timeline on a different timeline. And The Times has relied on publicly available information to make its custodian proposal, without full-scale review of OpenAI's productions, because that is what an orderly discovery process requires. As discovery unfolds, the parties may propose additional custodians based on information made available through document productions.

In any event, the merits of The Times's custodian proposal is not tied to any proposal that OpenAI may make. The Times's proposal for additional custodians will "produce additional, non-duplicative documents." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 2021 WL 3024824, at *1 (S.D.N.Y. July 16, 2021). Each of the requested custodians meets that standard. To the extent that OpenAI disagrees, then these disputes should be resolved on the merits, on a custodian-by-custodian basis. Any efforts to tie these discussions together is divorced from the governing law, and represents delay for the sake of delay.

Please let us know by Friday whether OpenAI agrees to add any of these individuals as document custodians.

The Times's review of OpenAI's document productions is ongoing, and The Times reserves the right to amend its custodian proposal.

Best,
Alex

---

**From:** Sexauer, Kenneth Edward <KSexauer@mofo.com>
**Sent:** Thursday, July 11, 2024 6:43 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Subject:** RE: NYT v. Microsoft et al.

==EXTERNAL Email==

Thanks Alex—Monday at 10:30 a.m. ET works for OpenAI.

Best,
Ken

**Ken Sexauer**
Associate
ksexauer@mofo.com
T: +1 (212) 336-4090

**MORRISON FOERSTER**

---

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Wednesday, July 10, 2024 10:22 PM
**To:** Sexauer, Kenneth Edward <KSexauer@mofo.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Subject:** RE: NYT v. Microsoft et al.

==External Email==

---

How about Monday any time between 10:30 am to 12:30 pm ET, or between 3:30-4:30 pm ET?

**From:** Sexauer, Kenneth Edward <KSexauer@mofo.com>

**Sent:** Wednesday, July 10, 2024 5:51 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Subject:** RE: NYT v. Microsoft et al.

**EXTERNAL Email**

Alex,

Apologies, that time (and the time between 10 a.m. and 12 p.m. generally) has since become unavailable. Are there any other times that could work, including on Monday or Tuesday of next week?

Best,
Ken

**Ken Sexauer**
Associate
ksexauer@mofo.com
T: +1 (212) 336-4090

**MORRISON FOERSTER**

---

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Wednesday, July 10, 2024 5:47 PM
**To:** Sexauer, Kenneth Edward <KSexauer@mofo.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Subject:** RE: NYT v. Microsoft et al.

**External Email**

---

Thanks, Ken. Let's do 10:30. I'll send an invite to you.

---

**From:** Sexauer, Kenneth Edward <KSexauer@mofo.com>
**Sent:** Wednesday, July 10, 2024 8:57 AM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; KVP-OAI <KVPOAI@keker.com>;

openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>

**Subject:** RE: NYT v. Microsoft et al.

**EXTERNAL Email**

Alex,

Any time during that window works for OpenAI.

Best,
Ken

**Ken Sexauer**
Associate
ksexauer@mofo.com
T: +1 (212) 336-4090

**MORRISON FOERSTER**

---

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Tuesday, July 9, 2024 10:54 AM
**To:** Sexauer, Kenneth Edward <KSexauer@mofo.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Subject:** RE: NYT v. Microsoft et al.

**External Email**

---

Thanks, Ken. How about Friday between 9:30 am and 12:30 pm ET?

Best,
Alex

---

**From:** Sexauer, Kenneth Edward <KSexauer@mofo.com>
**Sent:** Monday, July 8, 2024 5:36 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-

Microsoft-FDBR@faegredrinker.com>
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email

Alex,

Thank you for your response. While we disagree with several statements in your email, we do not address them here.  Instead, we can discuss on a call.  OpenAI would be happy to meet and confer regarding the issues you raised. However, we are not available today or tomorrow. Is your team available on Thursday or Friday? If so, what times would work?

Best,
Ken


**Ken Sexauer**
Associate
ksexauer@mofo.com
T: +1 (212) 336-4090

**MORRISON FOERSTER**

---

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Wednesday, July 3, 2024 7:07 PM
**To:** Sexauer, Kenneth Edward <KSexauer@mofo.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Subject:** RE: NYT v. Microsoft et al.


External Email

---

Hi Ken,

The Times has narrowed its proposal for additional OAI custodians to the below list.  Will OpenAI agree to make these individuals custodians? If not, please let us know when you are available for a meet and confer on Monday or Tuesday.

Sam Altman
Greg Brockman
Mira Murati

Henrique Ponde de Oliveira Pinto
Peter Welinder
James Betker
Bianca Martin
William (Liam) Fedus
Ryan Lowe
Vinnie Monaco
Lillian Weng
Johannes Heidecke
Daniel Kokotajlo
William Saunders
Ilya Sutskever

Your email below incorrectly suggests the parties have "agreed" to a 10-custodian limit "in the absence of a court order." There is no such agreement. It also does not make sense to invoke OpenAI's "*proposed* ESI Order," which has not been entered. In any event, The Times is making a request for additional custodians, and if OpenAI does not agree, then we'd like to meet and confer.

Please also let us know when the "additional documents" will be produced for RFP 10. Those documents should have been produced by the June 14 substantial completion deadline.

The Times is working on a revised search term proposal based on the hit counts you provided, and we will revert.

Finally, to answer your question below, The Times applied its search terms to email data, mobile data, Slack data, hard drive data, personal drive data, and LinkedIn data. The timeframes searched are included in our June 12 hit report that we provided to you. The hit counts have increased since June 12 due to additional data being processed, and we will be providing an updated report.

Best,
Alex

**Alexander P. Frawley | Susman Godfrey LLP**
One Manhattan West, 50th Floor | New York, NY 10001
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com

---

**From:** Sexauer, Kenneth Edward <KSexauer@mofo.com>
**Sent:** Tuesday, June 25, 2024 6:17 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: NYT v. Microsoft et al.

==EXTERNAL Email==
Counsel:

I write to address the remaining questions in your June 14 correspondence regarding search terms. While we don't believe we are obligated to provide all of the information you seek, we are doing so as a matter of professional courtesy.

**First,** OpenAI has already identified the custodians most likely to have responsive information. Plaintiff has not demonstrated good cause for the addition of more custodians. OpenAI is already over the 10-custodian limit that the parties agreed would govern in the absence of a court order. And per paragraph 4 of OpenAI's proposed ESI order, unless and until the Plaintiff shows good cause to add a custodian (or OpenAI agrees to add a custodian), there is no obligation triggered under paragraph 5.   OpenAI therefore respectfully declines The Times' request that the search terms be run on additional custodians.

**Second,** as a general matter, the responsive communications OpenAI has produced are sufficient to show which OpenAI personnel have knowledge regarding OpenAI's text generation AI models and related business matters. Moreover, additional documents responsive to RFP 10 will be produced in due course.

**Third,** the hit counts in the reports are derived from Slack and G Suite hits. OpenAI has not limited its searches or hit reports by type of document.

**Fourth,** OpenAI has collected documents from the earliest timeframe possible for each custodian.  If we plan to limit searches by timeframe going forward for some reason or for particular requests, we will let you know. We reserve the right to do so, as OpenAI is not obligated to search for and produce all documents that hit on any search term without regard to time period.

**Finally,** please provide information regarding what repositories the Times is applying its search terms to, including whether it includes Slack, and what timeframe the Times is searching.

Best,
Ken

---

**From:** Sexauer, Kenneth Edward
**Sent:** Thursday, June 20, 2024 9:27 AM
**To:** 'Alex Frawley' <AFrawley@susmangodfrey.com>; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: NYT v. Microsoft et al.

Counsel:

A partial search term hit report for The New York Times' proposed terms is attached. Eight of the terms could not be run in our system because the leading wildcard for "*AI*" and trailing wildcard for "generative a*" caused too many index matches, which triggered an error in the system. The attached report reflects the hits based on the proposed terms, minus the terms that could not be run on our system, on the same universe of documents OpenAI ran its terms, and excluding documents already reviewed by OpenAI. Even without the error-inducing terms and the already-reviewed documents, the proposed terms yielded over 2 million novel hits including families. Review of such a large number of terms would be overly burdensome and disproportionate to the needs of the case. Accordingly, OpenAI rejects the proposal and requests that Plaintiff propose a narrower set of terms.

We will respond to your other questions in due course.

Best,
Ken

**Ken Sexauer**
Associate
ksexauer@mofo.com
T: +1 (212) 336-4090

**MORRISON FOERSTER**

mofo.com | LinkedIn | Twitter

---

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Friday, June 14, 2024 9:43 PM
**To:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** NYT v. Microsoft et al.

**External Email**

---

Counsel,

Attached please find The Times's counter-proposal for search terms to be run on OpenAI's custodians' ESI. This proposal also includes The Times's request for additional OpenAI

custodians. The Times reserves the right to propose additional search terms and custodians, including based on its review of OpenAI's recent and forthcoming document productions.

We also have a few questions. First, can you please let us know if OpenAI has already made its document production in response to RFP 10 and if so, can you please identify the bates number(s)? Second, for the hit counts you provided to us, can you please clarify whether those hit counts cover all types of documents (e.g., emails, chats, presentations, etc) or, alternatively, whether the hit counts only cover certain categories of documents? Finally, did OpenAI apply a particular timeframe for its investigation and production of documents in response to these RFPs?

Thank you.

Best,
Alex

**Alexander P. Frawley | Susman Godfrey LLP**
One Manhattan West, 50th Floor | New York, NY 10001
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

================================================================================

=========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.

==================================================================
=========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.

==================================================================
=========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.

To unsubscribe from this list please go to [https://simplelists.susmangodfrey.com/confirm/?u=fIGOkiG8u2jiaPQ0BbCXTK2YLSBMieHZ](https://simplelists.susmangodfrey.com/confirm/?u=fIGOkiG8u2jiaPQ0BbCXTK2YLSBMieHZ)