UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC,<br><br>    Defendants. | No. 1:23-cv-11195-SHS-OTW |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL AND RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

  Pursuant to Section IV of this Court's Individual Practices in Civil Cases, OpenAI Defendants ("OpenAI") seek leave to file under seal certain portions of their concurrently filed response to Plaintiff's letter motion to compel the addition of seventeen OpenAI custodians. Additionally, OpenAI responds to Plaintiff's motion for leave to file under seal filed in connection with Plaintiff's letter motion to compel (ECF No. 203), pursuant to the Protective Order entered in this case (ECF No. 127). For the reasons stated below, and articulated in more detail in the supporting declaration, OpenAI respectfully requests the Court grant both this motion for leave to file under seal and Plaintiff's motion for leave to file under seal.

  OpenAI's proposed redactions and sealing are consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).[1]

---

[1] Plaintiff did not meet and confer with Defendants prior to filing its Motion for Leave to File Under Seal or letter motion to compel in order to jointly submit a request for redactions, as

Pursuant to *Lugosch,* the Court must first assess whether the documents at issue are "judicial documents" to determine whether the presumption in favor of public access in filings applies at all.  435 F.3d at 119.  Documents "simply passed between the parties in discovery" are not judicial documents and "lie beyond the presumption's reach." *Brown v. Maxwell,* 929 F.3d 41, 49-50 (2d Cir. 2019) (internal quotation marks omitted); *see Bernstein,* 814 F. 3d at 142 (documents "such as those passed between the parties in discovery often play no role in the performance of Article III functions and so the presumption of access to these records is low" (internal quotation marks omitted)).  This remains true even where the Court must assess those documents in the context of a discovery motion.  *See Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, No. 19-cv-4223-LAP-KHP, 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021) (granting motion to seal portions of letter brief referencing information passed between the parties in discovery and exhibits designated under parties' protective order).  Further, where documents are submitted to the Court pursuant to a confidentiality agreement, the Second Circuit has held that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Uni-Systems, LLC v. United States Tennis Ass'n, Inc.*, No. 17-cv-147-KAM-CLP, 2020 WL 8266015, at *8 (quoting *S.E.C. v. TheStreet.Com,* 273 F.3d 222, 230 (2d Cir. 2001)).

      Here, Exhibits 2-14 and 16-23 that Plaintiff attaches to its motion are materials produced by OpenAI or Microsoft during discovery in this case and subject to the parties' protective

---

required by this Court's Individual Practices.  *See* Section IV(a), Individual Practices in Civil Cases for Magistrate Judge Ona T. Wang, available at https://www.nysd.uscourts.gov/sites/default/files/practice_documents/OTW%20Wang%20Individual%20Practices%20In%20Civil%20Cases%2007232021.pdf (requiring joint submission of motion to file under seal where request is based on a party's designation of information as confidential).

order.[2]  Each Exhibit has been designated "Confidential," "Highly Confidential – Source Code," or "Highly Confidential – Attorneys' Eyes Only."  The information the parties redact in their respective letter briefs, as well as the information contained within the discovery communication between counsel in Exhibit 1, is derived from these materials.  There is no presumption favoring public access to any Exhibit or the language redacted in either letter brief.  *See Uni-Systems*, 2020 WL 8266015 at *9 (finding that "non-judicial documents passed between the parties during discovery" were "entitled to 'little more than a prediction of public access absent a countervailing reason'" (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Even if the Court is inclined to find that Exhibits 1-14 and 16-23 (and the portions of the letter briefs summarizing those Exhibits) are judicial documents, there is little weight given to the presumption in favor of public access under *Lugosch*'s second prong.  435 F.3d at 119.  Because the material sought to be sealed is presented in the context of a discovery dispute, the presumption in favor of public access is low.  *See Metacapital Mgmt., LP v. Meta Platforms, Inc.*, No. 1-22-cv-07615-PKC-KHP, 2024 WL 1508655 (S.D.N.Y. Apr. 5, 2024) (granting motion to seal materials related to discovery dispute because presumption was lower than presumption applied to materials related to trial or dispositive motions).  Thus, the reasons for sealing "usually need not be as compelling as those required to seal filings connected to a dispositive motion." *Rand v. Travelers Indem. Co.*, No. 21-CV-10744 (VB)(VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (internal quotation marks omitted).

Finally, sealing is necessary to preserve "higher values" under *Lugosch*'s third prong— namely, preserving the secrecy of highly sensitive business information that may cause OpenAI

---

[2] Exhibit 15 is a document produced by Microsoft that does not involve OpenAI employees and which OpenAI did not otherwise have access to prior to this litigation.  OpenAI takes no position on whether the document should be sealed.

competitive harm if disclosed. 435 F.3d at 124. The Exhibits to Plaintiff's letter motion comprise confidential communications and documents relating to three categories of information: (i) discussions between OpenAI employees describing detailed processes for training and testing ChatGPT models (Exs. 2-3, 5, 7-8, 10, 19, 20-23); (ii) forward-looking strategic business communications and discussions (Exs. 4, 11, 12, 16-18); or (iii) agreements and partnerships between OpenAI and other entities (Exs. 6, 9, 13-14). *See* Declaration of Michael Trinh ¶¶ 4-6. The redacted portions of Plaintiff's letter motion to compel and OpenAI's response directly summarizes or quotes the content of these highly sensitive documents. OpenAI treats each category of documents as confidential or highly confidential—it does not generally disclose similar documents to the public. *See id.* Similar documents revealing confidential business information are regularly sealed by other courts in this District. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures, image processing procedures, specific hardware used to perform these procedures, and confidential details about Microsoft's source code"); *Louis Vuitton Mallatier S.A. v. Sunny Merch. Corp.,* 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)). The information contained in these documents and mirrored or summarized in the parties' respective letter briefs could be used by competitors to unfairly compete with OpenAI, in that they would be given access to the information that would not otherwise be available to them. This risk is elevated in the highly competitive field of artificial intelligence—OpenAI is at the forefront of developing and employing new products and software, and any disclosure of related information could be exploited by other players in the

space. Thus, if not sealed, disclosure could pose serious risk of competitive harm. *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information.").

Accordingly, OpenAI respectfully requests that the Court grants it motion for leave to file under seal as well as Plaintiff's motion for leave to file under seal.

Dated: August 15, 2024                                  Respectfully Submitted,

By: /s/ *Michelle S. Ybarra*

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (*pro hac vice*)
  rvannest@keker.com
Paven Malhotra
  pmalhotra@keker.com
Michelle S. Ybarra (*pro hac vice*)[*]
  mybarra@keker.com
Nicholas S. Goldberg (*pro hac vice*)
  ngoldberg@keker.com
Thomas E. Gorman (*pro hac vice*)
  tgorman@keker.com
Katie Lynn Joyce (*pro hac vice*)
  kjoyce@keker.com
Sarah Salomon (*pro hac vice*)
  ssalomon@keker.com
R. James Slaughter (pro hac vice)
  rslaughter@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415.391.5400

| | |
|---|---|
| Dated:  August 15, 2024 | By:  /s/ Joseph R. Wetzel |

**LATHAM & WATKINS LLP**

Andrew M. Gass (*pro hac vice*)
  andrew.gass@lw.com
Joseph R. Wetzel
  joseph.wetzel@lw.com
505 Montgomery Street, Suite 2000 San Francisco, CA 94111 Telephone: 415.391.0600

Sarang V. Damle
  sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
  elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman
*alli.stillman@lw.com* Luke A. Budiardjo *luke.budiardjo@lw.com*
1271 Avenue of the Americas New York, NY 10020 Telephone: 212.906.1200

By: /s/ Vera Ranieri

**MORRISON & FOERSTER LLP**

Joseph C. Gratz (*pro hac vice*) jgratz@mofo.com
Vera Ranieri (*pro hac vice*) vranieri@mofo.com
425 Market Street
San Francisco, CA 94105 Telephone: 415.268.7000

Allyson R. Bennett (*pro hac vice*)
  abennett@mofo.com
Rose S. Lee (*pro hac vice*) roselee@mofo.com
707 Wilshire Boulevard, Suite 6000 Los Angeles, CA 90017-3543 Telephone: 213.892.5200

Eric K. Nikolaides
  enikolaides@mofo.com
250 West 55th Street
New York, NY 10019-9601
Telephone: 212.468.8000

*Attorneys for OpenAI Defendants*