UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, PENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENIAI HOLDINGS, LLC,<br><br>　　　　　Defendants. | No. 1:23-cv-11195-SHS-OTW |

**DECLARATION OF MICHAEL TRINH IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL AND RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL**

I, Michael Trinh, hereby declare as follows:

　　1.　　I am Associate General Counsel at OpenAI. I submit this declaration in support of Defendants' Motion for Leave to File Under Seal and in Response to Plaintiffs' Motion for Leave to File Under Seal Pursuant to Section IV of Your Honor's Individual Rules and Practices. I have personal knowledge of the facts set forth below and if called as a witness, could testify competently thereto.

　　2.　　Exhibits 1-14 and 16-23[1] attached to Plaintiffs' letter motion to compel and the content redacted within both Plaintiffs' motion (ECF No. 203) and OpenAI's response (filed concurrently with this motion) are or directly reference documents produced by OpenAI or Microsoft during the course of discovery that are designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

---

[1] Because I understand Exhibit 15 is not a document produced by OpenAI and is not a document OpenAI otherwise had access to, I do not discuss Exhibit 15 in this declaration.

3. The material contained within each of these documents falls into one or more categories of information: (i) discussions between OpenAI employees describing detailed processes for training and testing ChatGPT models (Exs. 2-3, 5, 7-8, 10, 19, 20-23); (ii) forward-looking strategic business communications and discussions (Exs. 4, 11, 12, 16-18); or (iii) agreements and partnerships between OpenAI and other entities (Exs. 6, 9, 13-14).[2]  I have reviewed Plaintiffs' letter motion and OpenAI's response and my understanding is that the language that has been redacted directly quotes from or summarizes portions of these Exhibits.

4. **Category (i).**  The specific processes OpenAI employs to train and test ChatGPT models, including the sources of data used to train the models, the source code OpenAI engineers employ to help build the models or products related to the models, and tests run to evaluate the models' accuracy constitute highly sensitive proprietary information.  OpenAI treats such information as confidential or highly confidential.  OpenAI generally does not publicly disclose this type of information and takes steps to ensure the confidentiality of that information is maintained, particularly given the highly competitive nature of the artificial intelligence industry with global stakeholders.

5. **Category (ii).**  OpenAI also treats forward-looking business and communications discussions as confidential or highly confidential.  OpenAI generally does not publicly disclose strategic decision-making, deliberations, and discussions amongst high-level executives to prevent competitive harm to OpenAI.

6. **Category (iii).**  Ongoing discussions and agreements between internal OpenAI employees or between OpenAI and partner organizations are treated as confidential or highly confidential.  OpenAI generally does not disclose internal communications related to

---

[2] Exhibit 1 includes discussion of all of these categories of information as it generally references the contents of other Exhibits.

partnerships, nor does it generally disclose private communications with existing or potential partners, to prevent harm to OpenAI's position in the market or its negotiating position with other parties.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of August, 2024 in Redwood City, CA.

By: _____
Michael Trinh
Associate General Counsel
OpenAI