SUSMAN GODFREY L.L.P.

August 20, 2024

Hon. Ona T. Wang
United States District Judge
Southern District of New York
New York, New York 10007

        Re:    *The New York Times Company v. Microsoft Corporation, et al.*,
               Case No.: 23-cv-11195-SHS: Motion to Compel Review of Microsoft's
               Confidentiality Designations

Dear Magistrate Judge Wang:

      Plaintiff The New York Times Company ("The Times") respectfully requests a conference to address Microsoft's designation of over 98.5% of its document production as "Highly Confidential – Attorneys' Eyes Only" ("HC/AEO"). That blanket designation is legally impermissible and undermines the ability of Times counsel to effectively prosecute this case. The Times seeks an order compelling Microsoft to review its confidentiality designations and re-designate its documents appropriately in accordance with the Stipulated Protective Order (Dkt. 127). The parties met and conferred regarding this issue via videoconference on July 17, 2024 but remain at an impasse.

      An "Attorneys' Eyes Only" designation should not be invoked lightly. Paragraph 6 of the Protective Order provides that: "A party may designate extremely sensitive Protected Discovery Material as 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' if disclosure of that material to another party or non-party would create a ***substantial risk of serious harm*** that could not be avoided by less restrictive means." Dkt. 127 at 3 (emphasis added). This is the most restrictive designation available for non-source code material in this case. The Protective Order provides that the parties will apply confidentiality designations to "only such portion of such material the public disclosure of which . . . will cause harm to the business, commercial, financial or personal interests of the producing party . . . ." Dkt. 127 at 3, ¶ 8.

      The fact that a document relates to a producing party's commercial interests or activities does not, on its own, justify an HC/AEO designation. *See Paul Rudolph Found., Inc. v. Paul Rudolph Heritage Found.*, 2023 WL 1515773, at *3 (S.D.N.Y. Feb. 3, 2023) (concluding AEO designations were inappropriately applied to documents concerning fundraising and board meetings where documents did not contain previously undisclosed financial information); *Diaz v. Loc. 338 of Retail, Wholesale Dep't Store Union, United Food & Com. Workers*, 2014 WL 4384712, at *4 (E.D.N.Y. Sept. 3, 2014) (personnel files did not warrant AEO designation); *HSqd, LLC v. Morinville*, 2013 WL 1149944, at *2 (D. Conn. Mar. 19, 2013) (documents concerning "strategies and approaches to monetization [that] are tantamount to pricing and marketing" did not warrant AEO designation as any harm was speculative).

      A party "may not simply designate its entire production . . . as confidential" and must instead make a "good faith determination that there is a legitimate basis for a confidentiality designation." *United States v. Mount Sinai Hosp.*, 185 F. Supp. 3d 383, 396 (S.D.N.Y. 2016). "[B]lanket confidentiality designation[s] [are] generally found not to be made in good faith." *New Falls Corp. v. Soni, No.* 2020 WL 2836787, at *12 (E.D.N.Y. May 29, 2020) (citation omitted). Courts have found that designating 79% or more of discovery as AEO is presumptively improper. *See CellTrust Corp. v. ionLake, LLC*, 2022 WL 1553558, at *3 (D. Minn. May 17, 2022)

(collecting cases); *Procaps S.A. v. Patheon Inc.*, 2015 WL 4430955, at *7 (S.D. Fla. July 20, 2015) ("[M]any courts confronted with this level [95%] of designations (and lower designations) brand the percentage as 'absurd.'").

As of this writing, Microsoft has produced 25,055 documents and designated 24,683—over **98.5%**—of those documents "Highly Confidential – Attorneys' Eyes Only" ("HC/AEO"). Only **29** of Microsoft's documents have the less restrictive "Confidential" designation.[1] The sheer proportion of Microsoft's HC/AEO designations demonstrate that it has not undertaken a good-faith process to determine whether its designations are proper.

A review of Microsoft's productions confirms that Microsoft has abused the HC/AEO designation. When conferring with Microsoft over this issue, The Times cited five examples of documents that Microsoft had inappropriately designated HC/AEO. Exh. 1 at 5. One, for example, was ▮▮▮▮ Another was an email ▮▮▮▮ The third was a ▮▮▮▮; the fourth was a ▮▮▮▮; and the fifth was an ▮▮▮▮ Exhs. 4–6 (MSFT_TNYTC_000086212, MSFT_TNYTC_000004828, and MSFT_TNYTC_000004729). Microsoft agreed that the first four documents were inappropriately designated and stated that it would re-designate them as Confidential. Exh. 1 at 3. Microsoft refused to re-designate the fifth document, despite the fact that it plainly does not contain HC/AEO material.

Aside from the five improperly designated documents that The Times identified to Microsoft as part of the meet-and-confer process, Microsoft's productions contain many other improper designations. *See* Exhs. 7–15. They include:



Plainly, the disclosure of these documents poses no substantial risk of serious harm to Microsoft.

The Times raised Microsoft's mass overuse of the HC/AEO designation on July 3, 2024. Pointing to the staggering 98.5% statistic, as well as the first five examples discussed above, The

---

[1] Of the remaining documents, 12 are designated as "Highly Confidential – Source Code," and 331 have no confidentiality designation.

Times requested that Microsoft re-review its productions to ensure that it had applied the HC/AEO designation appropriately. Despite agreeing to re-designate four of the five documents The Times raised, Microsoft refused to re-review its productions more broadly, instead insisting that The Times's outside lawyers continue to challenge each improperly designated document on a one-off or categorical basis.

Microsoft's preferred approach is wildly inefficient and improper. Not only would it force The Times to disclose opinion work product (by telling Microsoft which documents it seeks to share with its client), but it also improperly shifts the burden of identifying Microsoft's improper designations to The Times. "[T]he initial determination as to what is and is not 'confidential' [or AEO] should be made by the producing party, which must review its documents and make a good-faith determination as to which of them meet the standards." *Mount Sinai Hosp.*, 185 F. Supp. 3d at 396 (cleaned up). It is not The Times's burden to identify each and every instance of Microsoft's improper use of a blanket HC/AEO designation.

Nor can Microsoft argue that the facts of this case warrant a departure from this standard. Microsoft claimed in correspondence that the extraordinary proportion of HC/AEO designations was "to be expected in a high-stakes business litigation like this case" because its "productions are largely from its internal systems and emails between employees—including several very high-level employees." Exh. 1 at 3. But the facts of this case belie that assertion. The Times, which has also produced "internal" documents from "very high-level employees," including its Chairman and CEO, has designated less than 1.5% of its 84,891 documents as HC/AEO. And OpenAI has applied the HC/AEO designation to about 31% of its documents produced to date.

And any objection by Microsoft that reviewing and re-designating its productions would be overly burdensome is meritless. That burden is of Microsoft's own making. Courts regularly order parties who fail to apply confidentiality determinations in good faith to re-review their documents. *See, e.g.*, *Mount Sinai Hosp.*, 185 F. Supp. 3d at 396; *Houbigant, Inc. v. Dev. Specialists, Inc.*, 2003 WL 21688243, at *4 (S.D.N.Y. July 21, 2003) (ordering producing party to make a "good faith determination that there is a legitimate basis for [its] confidentiality designations"); *Paul Rudolph Found., Inc.*, 2023 WL 1515773, at *4 (ordering re-review of complete document productions in light of evidence of overuse of AEO designation).

Microsoft's refusal to address its overdesignation impairs The Times's ability to litigate this case. Under the Protective Order in this case, HC/AEO documents may be viewed only by five pre-designated in-house attorneys, which may not include any attorneys or other employees who are involved in making any "business or journalistic decision[s]." Dkt. 127 at 8, n.1. As a result, The Times's outside counsel may not share or discuss 98.5% of Microsoft's documents with The Times's General Counsel and other Times leadership. As courts recognize, "discovery and trial preparation are made significantly more difficult and expensive when an attorney cannot make a complete disclosure of relevant facts to a client and because it leaves the litigant in a difficult position to assess whether the arguments put forward on its behalf are meritorious." *Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015). The Times respectfully requests that the Court order Microsoft to review its remaining 24,679 HC/AEO documents and re-designate the documents where appropriate and instruct it to properly designate any forthcoming documents based on the substance of each document.

Respectfully submitted:

*/s/ Ian B. Crosby*
Ian B. Crosby
Susman Godfrey L.L.P.

*/s/ Steven Lieberman*
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck

cc: All Counsel of Record (via ECF)