UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Case No. 1:23-cv-11195-SHS-OTW |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' PARTIAL MOTIONS TO DISMISS (DKT. 51)**

Plaintiff The New York Times Company ("The Times"), by and through counsel, respectfully submits this Notice of Supplemental Authority to apprise the Court of a recent Second Circuit opinion that supports The Times's opposition to the OpenAI Defendants' partial motion to dismiss (Dkt. 51).

On August 16, 2024, the Second Circuit in *Michael Grecco Prods., Inc. v. RADesign, Inc.*, No. 23-1078, 2024 WL 3836578 (2d Cir. Aug. 16, 2024), attached hereto as Exhibit A, vacated and remanded the District Court's order finding that Plaintiff's copyright infringement claims were barred by the Copyright Act's three-year statute of limitations period based on an injury-based date of accrual. The Second Circuit reiterated that this Circuit, along with ten other circuits, applies the discovery rule to copyright infringement actions, and further held that "[t]he date on which a copyright holder, with the exercise of due diligence, would have discovered an infringement" is a fact-intensive inquiry that cannot be solely determined based on the "sophistication" of the copyright holder. *Id.* at *5. In reaching this holding, the Second Circuit declined to follow the

1

district court's application of the rationale in *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461 (S.D.N.Y. 2019) ("*Minden*").

This analysis is relevant to OpenAI's motion to partially dismiss The Times's direct infringement claim as time-barred. Dkt. 52 at 15. In arguing that the Copyright Act's three-year statute of limitations bars claims relating to GPT-2 and GPT-3, OpenAI relied on *Minden* to assert that "[a]s a sophisticated publisher that vigorously enforces its rights both through litigation and other means, the Times had a duty to take prompt action after being put on notice of what it now claims to be alleged infringement." Dkt. 75 at 2-3 (citing *Minden*). The Second Circuit has now expressly rejected this analysis.

Dated: August 22, 2024

Respectfully Submitted,

By: /s/ *Ian Crosby*

Ian Crosby *(pro hac vice)*
Genevieve Vose Wallace *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)
Ellie Dupler *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*