# EXHIBIT A

23-1078
*Michael Grecco Prods., Inc. v. RADesign, Inc.*

# In the
# United States Court of Appeals
## For the Second Circuit

_____

August Term 2023
Argued: February 22, 2024
Decided: August 16, 2024

Docket No. 23-1078

MICHAEL GRECCO PRODUCTIONS, INC.,

*Plaintiff-Appellant,*

v.

RADESIGN, INC., DAVIS BY RUTHIE DAVIS, INC., RUTHIE ALLYN DAVIS,
RUTHIE DAVIS, INC., DOES 1–5,

*Defendants-Appellees.*

_____

Before:          WESLEY, CHIN, and LEE, *Circuit Judges*.

_____

Michael Grecco Productions, Inc. ("MGP") sued Ruthie Allyn Davis and
associated entities (collectively "Ruthie Davis") for copyright infringement. The
United States District Court for the Southern District of New York (Abrams, *J.*)
granted Davis's motion to dismiss MGP's complaint as barred by the Copyright
Act's three-year limitations provision. The district court reasoned that copyright
holders "sophisticated" in detecting and litigating infringements cannot benefit
from the discovery rule. The district court identified MGP as one of these so-called
"sophisticated" plaintiffs, concluded that MGP should have therefore discovered
Davis's alleged infringement within three years of when it began, and determined

that, because MGP's complaint touted its "sophistication," it was clear from the face of the complaint that the claims were time-barred.

On appeal, MGP argues that the discovery rule determines when its claims accrued, regardless of its general sophistication in detecting and litigating infringements, and that it was not clear from the face of its complaint or matters of judicial notice that its claims were time-barred. We agree. There is no "sophisticated plaintiff" exception to the discovery rule or to a defendant's burden to plead and prove a statute-of-limitations defense.

Accordingly, we **VACATE** and **REMAND** for further proceedings.

————————————

FOR PLAINTIFF-APPELLANT:    BRUCE W. BELLINGHAM, Spector Gadon Rosen Vinci, PC, Philadelphia, PA.

(Peter E. Perkowski, Perkowski Legal, PC, Los Angeles, CA, *for* American Society of Media Photographers, Inc., North American Nature Photography Association, American Photographic Artists, The National Press Photographers Association, Xposure Photo Agency Inc., Okularity, Inc., as *amici curiae*)

FOR DEFENDANTS-APPELLEES:    EMILY B. KIRSCH (Paul Niehaus, Craig Tarasoff, *on the brief*), Kirsch & Niehaus PLLC, New York, NY.

————————————

WESLEY, *Circuit Judge*:

This appeal concerns the discovery rule and a statute-of-limitations defense in a copyright case where the plaintiff copyright holder is allegedly

2

"sophisticated" in detecting and litigating infringements. Plaintiff-Appellant Michael Grecco Productions, Inc. ("MGP") alleged that Defendants-Appellees Ruthie Allyn Davis and associated entities and persons (collectively, "Ruthie Davis") used, without license, Michael Grecco's copyrighted photos in connection with their designer shoe business. More than four years after Davis's alleged use began, but less than a year after MGP's alleged discovery of the use, MGP filed its copyright infringement complaint.

The district court dismissed the complaint as barred by the Copyright Act's three-year limitations period, reasoning that "sophisticated" copyright infringement plaintiffs cannot benefit from the discovery rule. In essence, the district court imposed an injury-based date of accrual to copyright infringement claims, and viewed the discovery rule as an exception not available to a sophisticated plaintiff. The district court then concluded that because MGP's complaint touted MGP's "sophistication" in discovering and litigating infringements, it was clear from the complaint that MGP should have discovered Ruthie Davis's alleged infringement within three years of when it began.

We disagree. First, the discovery rule determines when an infringement claim accrues under the Copyright Act, regardless of a copyright holder's

3

"sophistication" in detecting and litigating infringements.  Second, a copyright

holder's *general* diligence or allegations of diligence in seeking out and litigating

infringements, alone, are insufficient to make it clear that the holder's *particular*

claims in any given case should have been discovered more than three years before

the action's commencement.  There is no "sophisticated plaintiff" exception to the

discovery rule, or to a defendant's burden to plead and prove a statute-of-

limitations defense.

Applying our well-established discovery rule and pleading standards, it

was not clear from the face of the complaint, or matters of judicial notice, that

MGP's claims were barred by the statute of limitations as a matter of law.  We

therefore vacate and remand.

## BACKGROUND

MGP is a photography studio and business owned by Michael Grecco, a

commercial photographer.  He also presents himself as an industry leader in

copyright registration and enforcement, and did so in this case as well.  MGP's

complaint described Grecco's "efforts to educate photographers concerning the

benefits of copyright registration," as well as his view that, in the age of the

internet, copyright infringement endangers "the economic viability of

photography." App'x at 8–9 (Compl. ¶¶ 10–11). The complaint also detailed how Grecco promoted "his system of routine copyright registration procedures," teaching workshops and addressing conferences, and insisted that, "in keeping with his advice to the profession," Grecco himself "spends time and money to actively search for hard-to-detect infringements, and he enforces his rights under the Copyright Act." *Id.*

Court records independently confirm Grecco's efforts.[1] Since 2010, Grecco and MGP have filed numerous cases seeking to enforce copyrights. App'x at 51–97.[2]

This case arose out of Grecco's January 2017 photos of model Amber Rose—wearing shoes designed by Ruthie Davis in the photos.[3] According to MGP, a

[1] On a motion to dismiss, a court may consider extrinsic materials if they are integral to the complaint or "an appropriate subject for judicial notice." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006). "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Id.* at 157 (citation omitted).

[2] As referenced, the Appendix provides a list of more than one hundred copyright suits brought by MGP or Grecco. *See* App'x at 51–97. We note, however, that the list appears to also include cases not brought by MGP or Grecco, and some that are not copyright related. *See, e.g., id.* at 63, 65, 69, 70, 93–94.

[3] MGP alleged that it registered its copyright in the photos in February 2019.

magazine published Grecco's photos of Rose in August 2017.  MGP claimed that

Davis republished, without license, at least two of the Rose photos on her brand's

website and a social media platform.

MGP alleged that Davis's use of the photos began "on August 16, 2017 and

continued thereafter."  App'x at 12 (Compl. ¶ 30).  MGP further alleged that it

"discovered the infringement on February 8, 2021." *Id.* (Compl. ¶ 31).  On October

12, 2021—more than four years after Davis's infringement allegedly began, but

less than a year after MGP's alleged discovery—MGP filed its complaint against

Davis, claiming copyright infringement under the Copyright Act, 17 U.S.C. § 501.

Davis moved to dismiss the complaint as barred by the Copyright Act's

three-year limitations provision.  The district court granted the motion, agreeing

that MGP's complaint was time-barred.  The district court first observed that,

under our precedent, the discovery rule determines when copyright infringement

claims accrue.  Purporting to apply the discovery rule, the district court stated that

MGP "must have been unable, with the exercise of due diligence, to discover the

infringing activity prior to August 16, 2020, three years after the infringing activity

allegedly began." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 678 F. Supp. 3d 405,

408 (S.D.N.Y. 2023) (internal quotation marks omitted).

6

Next, the district court concluded that MGP's "relative sophistication as an experienced litigator in identifying and bringing causes of action for unauthorized uses of Grecco's copyrighted works leads to the conclusion that it should have discovered, with the exercise of due diligence," Davis's alleged infringement "within the three-year limitations period." *Id.* at 409.

The district court relied on *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461 (S.D.N.Y. 2019) ("*Minden*"), and its decisions in *Lixenberg v. Complex Media, Inc.*, No. 22-CA-354 (RA), 2023 WL 144663 (S.D.N.Y. Jan. 10, 2023), and *Minden Pictures, Inc. v. Complex Media, Inc.*, No. 22-CV-4069 (RA), 2023 WL 2648027 (S.D.N.Y. Mar. 27, 2023), for the premise "that the relative sophistication of the plaintiffs left them unable to rely on the discovery rule to resurrect time-barred copyright infringement claims." *Id.* In those cases, the sophisticated plaintiff's "late discovery" was deemed "unreasonabl[e]" or "implausible." *Id.* at 410. The district court acknowledged, however, that other judges in the district had "not uniformly accepted the rationale applied by the *Minden* line, and the Second Circuit has not yet weighed in either way." *Id.* at 409–10 (citing *Parisienne v. Scripps Media, Inc.*, 19 Civ. 8612 (ER), 2021 WL 3668084, at *4 (S.D.N.Y. Aug. 17, 2021);

*Hirsch v. Rehs Galleries, Inc.*, 18-CV-11864 (VSB), 2020 WL 917213, at *5 (S.D.N.Y. Feb. 26, 2020)).

Nevertheless, the district court concluded that, because MGP's complaint "itself alleged" MGP's so-called sophistication, it was "clear from the face of the complaint" that MGP's claims were barred by the statute of limitations as a matter of law. *Id.* at 410–11 (citation omitted).

The district court offered MGP the opportunity to amend the complaint "to allege a separately occurring act of distribution or publication" of the Rose photos that "would bring a copyright infringement claim within the three-year limitations period." *Id.* at 412. After MGP declined to amend, explaining that it would stand on the allegations of the original complaint, the district court dismissed the case. This appeal ensued.

## DISCUSSION

"The lapse of a limitations period is an affirmative defense that a defendant must plead and prove." *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008) (citing Fed. R. Civ. P. 8(c)(1)). "However, a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Id.* Of course, affirmative defenses, like the statute of

8

limitations, "often require[] consideration of facts outside of the complaint and thus [are] inappropriate to resolve on a motion to dismiss." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013). Dismissal under Rule 12(b)(6) is therefore appropriate only if "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015) (internal quotation marks and citation omitted).

We review a district court's grant of a motion to dismiss "*de novo*, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 298 (2d Cir. 2022) (internal quotation marks and citation omitted). "The application of a statute of limitations presents a legal issue and is also reviewed *de novo*." *Horror Inc. v. Miller*, 15 F.4th 232, 241 (2d Cir. 2021) (citation omitted).

The district court erred when it concluded that MGP's complaint was barred by the Copyright Act's three-year limitations provision as a matter of law. We therefore vacate and remand.

The Copyright Act provides that "[n]o civil action shall be maintained under the [Act] unless it is commenced within three years after the claim accrued." 17

9

U.S.C. § 507(b).   As to when "the claim accrued," this Court has previously considered which rule of accrual Congress intended to employ: the injury rule—the claim accrues when an injury (*e.g.*, an infringement) occurs; or the discovery rule—the claim accrues when a diligent plaintiff discovers or should have discovered the injury (*e.g.*, an infringement).  *See Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124–25 (2d Cir. 2014); *see also Merchant v. Levy,* 92 F.3d 51, 56 (2d Cir. 1996); *Stone v. Williams,* 970 F.2d 1043, 1048 (2d Cir. 1992).  We held "that the text and structure of the Copyright Act . . . evince Congress's intent to employ the discovery rule, not the injury rule."  *Psihoyos,* 748 F.3d at 124.  Ten other circuits concur.[4]

Consequently, "an infringement claim does not '*accrue*' until the copyright holder discovers, or with due diligence should have discovered, the infringement."  *Id.* (emphasis added).  A "diligent plaintiff" is able "to raise claims

---

[4] *See Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020); *Media Rights Techs., Inc. v. Microsoft Corp.,* 922 F.3d 1014, 1022 (9th Cir. 2019); *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 393 (5th Cir. 2014); *Diversey v. Schmidly*, 738 F.3d 1196, 1200–01 (10th Cir. 2013); *William A. Graham Co. v. Haughey*, 568 F.3d 425, 437 (3d Cir. 2009); *Comcast of Illinois X v. Multi-Vision Elecs., Inc.,* 491 F.3d 938, 944 (8th Cir. 2007); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC,* 477 F.3d 383, 390 (6th Cir. 2007); *Santa-Rosa v. Combo Recs.*, 471 F.3d 224, 227–28 (1st Cir. 2006); *Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004)*; Lyons P'ship, L.P. v. Morris Costumes, Inc.,* 243 F.3d 789, 796–97 (4th Cir. 2001).

about even very old infringements if he discovered them within the prior three years." *Warner Chappell Music, Inc. v. Nealy*, 144 S. Ct. 1135, 1138 (2024) (assuming without resolving that the discovery rule governs accrual of copyright infringement claims).[5]

Here, the district court correctly identified our precedent that the discovery rule governs the accrual of copyright infringement claims, but erred in its application.

At the outset, the district court miscalculated the appropriate three-year limitations period. MGP filed its complaint on October 12, 2021. Thus, to be timely, MGP must have been unable, with the exercise of due diligence, to discover the infringing activity prior to October 12, 2018, three years *before the complaint was filed*. *See Psihoyos*, 748 F.3d at 124–25; *see also* 17 U.S.C. § 507(b) (civil action under the Copyright Act must be "commenced within three years after the claim

---

[5] Ruthie Davis suggests that the Supreme Court has cast doubt on applying the discovery rule to determine when a copyright infringement claim accrues. However, the Supreme Court has "never decided whether . . . a copyright claim accrues when a plaintiff discovers or should have discovered an infringement, rather than when the infringement happened." *Warner Chappell*, 144 S. Ct. at 1139. The Supreme Court has recognized that "[t]he overwhelming majority of courts use discovery accrual in copyright cases," *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 n.4 (2014) (citation omitted), including "many Courts of Appeals . . . (11 at last count)," *Warner Chappell*, 144 S. Ct. at 1139.

accrued"). By contrast, the district court held that MGP "must have been unable, with the exercise of due diligence, to discover the infringing activity prior to August 16, 2020, three years *after the infringing activity allegedly began*." *Michael Grecco Prods.*, 678 F. Supp. 3d at 408 (internal quotation marks omitted; emphasis added).

Although the district court claimed to apply the discovery rule, its calculation actually employed the injury rule; it started the three-year clock when the infringement allegedly began, while also implying that some extension of time might be available if MGP was unable to discover the infringement within those three years. In essence, the calculation incorrectly reflected the discovery rule as an equitable extension and not the rule of accrual.[6]

In the context of the Copyright Act's three-year limitations provision, the discovery rule is the rule of accrual, not an equitable tolling or estoppel doctrine. The discovery rule is not an exception to the injury rule that only applies to some

---

[6] The discovery rule, as a rule of accrual, is "sometimes confused with the concept of fraudulent concealment of a cause of action," an equitable tolling or estoppel doctrine. *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002). But even this confusion would not explain the district court's error here. In either case—whether applying the discovery rule or the fraudulent concealment doctrine—the plaintiff has the full limitations period to file an action after the earlier of when he discovered or should have discovered his cause of action. *See id.* at 82; *Psihoyos*, 748 F.3d at 124.

infringement claims; it is not a benefit for which only some plaintiffs qualify. Rather, "the discovery rule, *not the injury rule*" determines, in the first place, when a copyright infringement claim accrues. *Psihoyos*, 748 F.3d at 124 (emphasis added).

Moreover, as the rule of accrual, the discovery rule does not require a plaintiff to discover his claim within the statutory duration following the offending conduct. That would just be another way of describing the injury rule. Under the discovery rule, a plaintiff has the length of time it takes, using due diligence, to discover the infringement; only from that point does the statute of limitations begin to run. *See id*. at 124–25.[7]

Setting its initial miscalculation aside, the district court compounded its error by making explicit its view that the discovery rule applies to copyright infringement claims brought by some plaintiffs but not others. It observed that other district court decisions had reasoned that "the relative sophistication of the plaintiffs left them *unable to rely* on the discovery rule to resurrect time-barred

---

[7] Of course, the fact that the discovery rule is the rule of accrual does not prevent plaintiffs from additionally invoking, if appropriate, equitable tolling doctrines. *See Petrella*, 572 U.S. at 681.

copyright infringement claims." *Michael Grecco Prods.*, 678 F. Supp. 3d at 409 (citing *Lixenberg*, 2023 WL 144663, at *3; *Complex Media*, 2023 WL 2648027, at *3) (emphasis added); *see also Minden*, 390 F. Supp. 3d at 467. The district court then applied the same rationale here, concluding that MGP's "relative sophistication as an experienced litigator in identifying and bringing" copyright infringement claims rendered it ineligible for the "benefit of the so-called discovery rule." *See Michael Grecco Prods.*, 678 F. Supp. 3d at 408, 409.

This "sophisticated plaintiff" rationale has no mooring to our cases. First, to the extent this rationale arose out of treating the discovery rule as an equitable doctrine for which only some plaintiffs in some circumstances will qualify, it is wrong. As already noted, because we have previously determined that the discovery rule is Congress's intended rule of accrual for civil actions under the Copyright Act, it is the rule in every such action and not an equitable exception to the injury rule. *Psihoyos*, 748 F.3d at 124.

Second, to the extent the district court's rationale recognizes the discovery rule as one of accrual, but nevertheless suggests different rules of accrual for different plaintiffs—the discovery rule for copyright holders *not* sophisticated in detecting and litigating infringements, but the injury rule for copyright holders

14

who *are*—it also is wrong.  We have never understood the Copyright Act to employ different rules of accrual for different plaintiffs.  The Supreme Court has made clear that the Act's "clock is a singular one."  *Warner Chappell*, 144 S. Ct. at 1139, 1140 (holding that "[t]he Copyright Act contains no separate time-based limit on monetary recovery").  For civil actions, the Act establishes one limitations period and employs one rule of accrual.  *See* 17 U.S.C. § 507(b).  In this Circuit, based on this Court's understanding of the "text and structure of the Copyright Act," that is "the discovery rule, not the injury rule."  *Psihoyos*, 748 F.3d at 124.

Third, even if the district court's "sophisticated plaintiff" rationale is merely a presumption that sophisticated plaintiffs can discover infringements immediately or nearly so, such that the date of earliest diligent discovery would *always* be the date of injury (or approximately so), the rationale remains flawed.  A plaintiff's "sophisticated" nature does not automatically relieve a defendant of her burden to plead and prove a Copyright Act limitations defense.  The date on which a copyright holder, with the exercise of due diligence, would have discovered an infringement—or whether the alleged date of discovery reflected a lack of due diligence—is a fact-intensive inquiry that cannot be determined from the general nature of a copyright holder's "sophistication" alone.  A sophisticated plaintiff

15

may well discover an infringement sooner than their less practiced neighbor. But the answer to the discovery question turns on *due diligence*—the fact-intensive inquiry of the copyright holder's efforts to discover the infringement. An overly simplified "sophisticated plaintiff" presumption is antithetical to the nature of the task.

The district court therefore erred in concluding that it was clear from the face of MGP's complaint that its claims were time-barred. The district court reasoned that a plaintiff's "late discovery" of an alleged infringement was "unreasonable[]" or "implausible" when, as here, the complaint also alleged that the plaintiff generally took sophisticated and diligent efforts to detect infringements. *Michael Grecco Prods.*, 678 F. Supp. 3d at 409, 410. In this case, the district court pointed to the complaint's allegations about Grecco's advocacy for zealous copyright enforcement and his own efforts to seek out copyright infringements, namely that he "spends time and money to actively search for hard-to-detect infringements." *Id.* at 411 (quoting Compl. ¶ 11).

But the district court's concern that it was "unreasonable" or "implausible" that MGP's claims were timely was unfounded. MGP alleged that it discovered Davis's infringement on February 8, 2021, and commenced this action on October

12, 2021.  On a motion to dismiss, MGP's allegations were to be taken as true, *see Melendez*, 50 F.4th at 298; the commencement date is well within the three-year period from the discovery date.  While the district court apparently concluded that MGP's alleged February 2021 discovery of Davis's August 2017 infringement was "late," *Michael Grecco Prods.*, 678 F. Supp. 3d at 410, it did not find that MGP had failed to exercise due diligence in the years before its alleged discovery.  Nor did it make a factual finding as to when and why MGP "with due diligence *should* have discovered" the alleged infringement, much less confirm that this hypothetical date was outside the three-year period before the complaint was filed.  *See Psihoyos*, 748 F.3d at 124 (emphasis added).

Indeed, those findings would have required consideration of facts outside the complaint, and therefore could not be made on Davis's motion to dismiss.  This was not unusual.  Affirmative defenses, like the statute of limitations, "often require[] consideration of facts outside of the complaint and thus [are] inappropriate to resolve on a motion to dismiss."  *Kelly-Brown*, 717 F.3d at 308. Here, MGP's complaint did not address whether Davis's infringement was relatively easy or difficult to discover, what technology was available for discovering infringements during the period Davis was allegedly using the Rose

photos, whether MGP was then using any such technology, with what other methods and at what frequency MGP was then seeking to uncover infringements, or anything else about what specific efforts MGP was then making to detect infringements.

MGP's general allegations of diligence did not address, much less resolve these questions. They did not make it "clear from the face of the complaint" that MGP's failure to discover, years earlier, Davis's alleged use of the Rose photos was attributable to a lack of due diligence, and that MGP should have discovered Davis's alleged use of the Rose photos more than three years before the complaint's filing. *See Sewell*, 795 F.3d at 339 (citation omitted). If anything, with the inferences properly construed in its favor, MGP's allegations suggested, albeit very generally, the opposite—that it *was* exercising due diligence and thus its February 2021 discovery of Davis's alleged infringement was as soon as diligently possible.

Moreover, even if the district court's concern—that it was unreasonable or implausible that MGP's claims were timely—had been well-founded, a likelihood, even a high one, that claims are untimely is not enough to make it "clear" that they

18

are.  *See id.* (citation omitted).  To hold otherwise would improperly shift the pleading burden for an affirmative defense from the defendant to the plaintiff.

To survive a motion to dismiss, a plaintiff must plausibly allege a claim, meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In a copyright infringement case, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  Timeliness, however, is not an element of a copyright infringement claim.  "The lapse of a limitations period is an affirmative defense that a *defendant* must plead and prove."  *Staehr*, 547 F.3d at 425 (citing Fed. R. Civ. P. 8(c)(1)) (emphasis added); *see also GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019) (describing pleading standards for an affirmative defense).

Importantly, "[t]he pleading requirements of the Federal Rules of Civil Procedure do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of

19

such defenses." *Clark v. Hanley*, 89 F.4th 78, 93–94 (2d Cir. 2023) (internal quotation marks and citation omitted). In fact, "[p]laintiffs are under *no obligation* to plead facts supporting or negating an affirmative defense in the complaint." *In Re: Nine West LBO Sec. Litig.*, 87 F.4th 130, 144 (2d Cir. 2023) (emphasis added).

Applying these standards here, MGP's complaint needed to plausibly allege a claim of copyright infringement, but the complaint did not need to allege, plausibly or otherwise, that the claim was timely. MGP's complaint could have therefore survived Davis's motion to dismiss even without its allegations about MGP's general level of diligence or the date it discovered Davis's infringement. Because MGP did offer those allegations, the district court was correct to consider whether they rendered it clear from the face of the complaint that the claims were time barred. But as described, they did not.

Nor did MGP's past litigation of infringement claims—unrelated to those here and against other defendants—somehow make it clear that the infringement claims in this action were untimely. The fact of MGP's past litigation experience was properly subject to judicial notice. *See Glob. Network Commc'ns, Inc.*, 458 F.3d at 156. However, past litigation involving different infringements by different

20

defendants in no way proved that MGP's alleged failure to discover Davis's use of

the Rose photos for several years was due to a lack of due diligence.

On remand, Davis may seek to plead her statute of limitations defense in

her answer to MGP's complaint, and if proper, seek summary judgment on that

defense.  But at this stage, even if MGP's allegations suggested a copyright holder

generally "sophisticated" in detecting copyright infringements, they did not make

it clear from the face of the complaint that MGP's claims in this action were time-

barred, or otherwise relieve Davis of her burden to plead and prove her statute of

limitations defense.[8]

---

[8] We do not now address whether or to what extent a court—when making the fact-intensive determination of when exactly a copyright holder should have, with the exercise of due diligence, discovered an alleged infringement—may properly consider the copyright holder's level of so-called "sophistication."  In other words, may courts properly conclude that the diligence due by a more sophisticated copyright holder is greater than that due by a less sophisticated copyright holder?  We do not answer that question here.  As described above, in this case, the district court dismissed MGP's complaint before reaching the fact-intensive diligence inquiry, instead applying a misunderstanding of the discovery rule and a wrong presumption that, as a matter of law, every "sophisticated" plaintiff should discover all infringements within three years of occurrence.  We therefore leave for another day—in an appeal where the district court *has* reached the fact-intensive diligence inquiry—questions about what, if any, role a particular plaintiff's sophistication may play in that inquiry.

## CONCLUSION

For the reasons set forth above, we **VACATE** the district court's dismissal orders and **REMAND** for further proceedings.