

August 23, 2024

**VIA ECF**

Honorable Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *The New York Times Company v. Microsoft Corp., et al*., No. 23-cv-11195-SHS: Response to Plaintiff's Letter re Review of Microsoft's Confidentiality Designations

Dear Magistrate Judge Wang:

Microsoft submits this response to The Times's August 20, 2024 letter requesting a conference to address Microsoft's designation of documents as "Highly Confidential – Attorneys' Eyes Only" ("AEO").  The requested conference is unnecessary and should be denied.

By way of background, Microsoft has been performing and continues to perform a human-based document-by-document review for responsiveness and confidentiality, and is producing documents on a rolling basis.  The tranches of documents produced so far have largely consisted of internal documents and emails between employees, including several C-level executives, that involve competitively sensitive, highly confidential business information, such as highly sensitive documents regarding Microsoft's relationship with OpenAI and the development and operation of Microsoft's AI systems.  It is unsurprising that a high percentage of such documents have been designated as AEO given the highly technical subject matter of this case and the high level of many of the executives involved.[1]

Moreover, Microsoft's designations are entirely consistent with the definition of AEO information in the Protective Order, which allows for designation "if disclosure of that material to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means." (Dkt. 127 ¶ 6.)  While the parties in this lawsuit have existing business relationships, they are also current or potential competitors which makes the disclosure of

---

[1] The Times's comparison to its own use of AEO designations has no bearing on the question of Microsoft's AEO and confidential documents.  The Times is of course free to apply its confidentiality designations based on its own business risk calculus.  The Times's decisions do not unilaterally bind Microsoft's risk calculus in designating highly sensitive, internal documents related to its business and products, not least because those documents will also be produced to codefendant OpenAI, which is both a business partner and competitor to Microsoft.  Microsoft is open to discussing with The Times whether its concerns would be alleviated by a targeted exception to the Protective Order to include a limited, identified number of its business representatives as AEO-eligible recipients.  That said, Microsoft's confidentiality designations are consistent with the Protective Order.

Honorable Ona T. Wang  - 2 -  August 23, 2024

confidential information to business personnel (rather than lawyers responsible for the lawsuit) much more risky.

The Times initially raised this issue with Microsoft, identifying five documents that it claimed were improperly designated. (Dkt. 221-1 at 6-7.) Microsoft reviewed the documents and agreed to de-designate three of them[2] and also agreed to a meet and confer on the rest. (*Id.* at 5.) The parties held a meeting (which did not include lead counsel for The Times) during which The Times admitted that there is no specific document it wants to share with someone but has been unable to do so under the Protective Order. The parties exchanged additional email communication following that meeting, and Microsoft remained open to review of any specific documents or even categories of documents identified by The Times. (*Id.* at 1-3.) Nearly a month after the last email correspondence on this issue and with no prior warning, The Times sent an email well after business hours unilaterally declaring an impasse (*id.* at 1) and immediately filed this letter motion, in which it identified—for the first time—nine additional documents it claims should be re-designated. The Times now demands that Microsoft conduct yet another review of its entire production, a remedy starkly beyond any case it cites, and also not in line with the letter and spirit of how discovery dispute resolution should be conducted under Your Honor's Individual Practices and Local Rule 37.2. The Times' letter motion should be denied for this reason alone.

Turning to the substance of the issue, The Times has not—and indeed cannot—show that Microsoft's designations are somehow impairing its ability to litigate or otherwise causing it any harm. When a court enters a protective order with an AEO provision it "must balance the risk of economic harm to the producing party against the requesting party's need for the information." *Cypress Creek Intermediaries, Inc. v. Westport Ins. Corp.*, 2023 WL 8018176, at *3 (S.D.N.Y. Nov. 20, 2023). Thus, the parties, when agreeing to the Protective Order, also recognized that balance and agreed to limit the disclosure of AEO information to pre-designated in-house attorneys not involved in any business or journalistic decisions. While The Times complains that it cannot share its AEO documents with its "General Counsel and other Times leadership," it has not identified—either in its letter motion or during meet and confer—any basis or reasoning for why these Times employees would need access to documents currently designated as AEO, including those which it alleges were improperly designated. The Times' failure to do so is also fatal to its request. *See id.* at *4-5 (denying a motion to compel a party to re-designate AEO documents where the requesting party failed to show why documents had to be viewed by the president in order to assist with litigation).

The cases cited by The Times also do not help, as most of them relate to scenarios where parties employed a blanket designation process. That isn't this case. Here, Microsoft is undertaking a document-by-document review, and The Times has only identified 14 documents that it asserts are improperly designated. Even if The Times were correct that each of these 14 documents is, in fact, improperly designated as AEO, it would only amount to an error rate of <u>less than 0.10%</u>. That some documents are not properly designated is an unfortunate feature of the review process, as people are not perfect. *See Advanced Magnesium Alloys Corp. v. Dery*, 2022

---

[2] The Letter mistakenly states that Microsoft agreed to re-designate MSFT_TNYTC_000004820 (Dkt. 221-3) as confidential. (*See* Dkt. 221-1 at 5 (listing MSFT_TNYTC_000004787, MSFT_TNYTC_000004828, MSFT_TNYTC_000086212, and MSFT_TNYTC_000086211).) Microsoft maintains that this document is properly designated as AEO. The Times apparently continues to dispute the designation of the two documents Microsoft did not agree to re-designate, but, like the additional nine documents now raised for the first time, this is news to Microsoft.

Honorable Ona T. Wang - 3 - August 23, 2024

WL 3139391, at *4 (S.D. Ind. Aug. 5, 2022) ("It is certainly not surprising that Alliance's AEO designations are less than perfect; that is why the protective order provides a mechanism for challenging them."). This does not justify a wholesale abandonment of the Protective Order or a demand for an expensive re-review of all of Microsoft's documents. *See, e.g., id.* (rejecting requesting party's request for re-review of AEO designations based solely on the percentage or absolute number of AEO designations in a vacuum where the requesting party only provided only five examples of mistaken designations, which the producing party agreed to re-designate); *Edifecs, Inc. v. TIBCO Software, Inc.*, 2011 WL 13362130, at *3 (W.D. Wash. Sept. 23, 2011) (rejecting requesting party's request for producing party to re-review all AEO designated documents where the producing party "has designated the majority of documents correctly").

Microsoft is committed to the proper review of its documents and the existing process for further review of individually-identified documents through the meet and confer process. Indeed, even though The Times initially identified the five documents it contends are improperly designated well after business hours on the eve of the July 4th holiday, Microsoft responded within five business days with its agreement to de-designate three of the documents and its availability to meet and confer as to the remaining documents. (Dkt. 221-1 at 5-7.)

The Times's demand that Microsoft re-review every document designated as AEO to date is plainly not proportionate to the needs of the case and is a side show that interferes with and does not promote a speedy resolution of this matter. It is also part of an unfortunate emerging trend where The Times seems to gin up discovery battles, rather than litigate the substance of this case.

Accordingly, Microsoft respectfully requests that the Court deny The Times's request for a conference and its motion to compel Microsoft to re-review the entirety of its document production. In addition, in light of The Times' circumvention of the Protective Order's process for raising disputes over confidentiality designations and its failure to otherwise meet and confer, Microsoft requests that the Court require lead counsel for The Times to participate directly in at least one meet and confer session prior to filing any further discovery motions in this case.

Respectfully submitted,              Respectfully submitted,

*/s/ Annette L. Hurst*                */s/ Jared B. Briant*

Annette L. Hurst                       Jared B. Briant

*Counsel for Defendant Microsoft Corporation*

cc:   Counsel of Record (via ECF)