UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 1:23-CV-11195-SHS |

## DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Paragraph 22 of the Protective Order (ECF No. 127), Defendant Microsoft Corporation responds to Plaintiff New York Times Company's ("NYT") Motion for Leave to File Under Seal (ECF No. 220) filed in connection with NYT's letter motion to compel ("Letter Motion") (ECF No. 221). For the reasons stated below, Microsoft respectfully requests the Court grant Plaintiff's motion for leave to file under seal.

Specifically, Microsoft requests that the redacted material in the Letter Motion and exhibits thereto be sealed, specifically:

1. Portions of the second full paragraph on page 2 of the Letter Motion;

2. Five bullet points in the third full paragraph on page 2 of the Letter Motion;

3. Narratives to points 1-5 on page 8 Exhibit 1 (ECF No. 221-1) as illustrated by Exhibit A (public redacted version) to this response; and

4. Exhibits 2-15 (ECF Nos. 221-2 to 221-15).

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access." *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "The proponent of sealing 'must demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

The Letter Motion and Exhibit 1 thereto contain descriptions of confidential and highly confidential documents, the disclosure of which would unfairly prejudice Microsoft. Specifically, the redacted portions of the second full paragraph on page 2 of the Letter Motion and the narratives to points 1-5 on page 8 of Exhibit 1 describe the documents attached as Exhibits 2-6 to the Letter Motion, and the five bullet points in the third full paragraph on page 2 of the Letter Motion describe the documents attached as Exhibits 7-15 to the Letter Motion. Exhibits 2-15 to the Letter Motion, which have either been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order, contain confidential and highly confidential information about ongoing development on Microsoft products, as well as other Microsoft proprietary information.[1] *See* Ex. B (Declaration of Lucky Vidmar). Microsoft requests

---

[1] At least Exhibits 3, 5, 6, 8, 9, 11, and 14 also contain email addresses and other personal information that should be shielded from the public.

that the requested portions of the Letter Motion and Exhibit 1 thereto are sealed from the public and Exhibits 2-15 be sealed in their entirety.

The information Microsoft seeks to redact is the type of information commonly found to warrant sealing. *See Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (finding that requested redactions were "narrowly tailored to protect competitive business information, including the non-public terms of [various agreements]" and concluding "that the sensitivity of this information outweighs the presumption of access"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'").

For the reasons stated above, and those set forth in the Declaration of Lucky Vidmar, Microsoft respectfully requests that the NYT's Motion for Leave to File Under Seal (ECF No. 220) be granted in part. Specifically, Microsoft requests that the following be sealed:

1. Portions of the second full paragraph on page 2 of the Letter Motion;
2. Five bullet points in the third full paragraph on page 2 of the Letter Motion;
3. Narratives to points 1-5 on page 8 Exhibit 1 (ECF No. 221-1) as illustrated in Exhibit A (public redacted version) to this response; and
4. Exhibits 2-15 (ECF Nos. 221-2 to 221-15).

Dated: August 26, 2024                                        Respectfully submitted,

                                                              /s/ Jared B. Briant
                                                              Jared B. Briant (admitted *pro hac vice*)
                                                              Kirstin L. Stoll-DeBell (admitted *pro hac vice*)

3

FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegredrinker.com
Email: kirstin.stolldebell@faegredrinker.com

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York: NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
         mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
         lnajemy@orrick.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL  60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: carrie.beyer@faegredrinker.com

Jeffrey S. Jacobson

4

FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*