**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>       Plaintiff,<br><br>       v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC,<br><br>       Defendants. | No. 1:23-cv-11195-SHS-OTW |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL AND RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Section IV of this Court's Individual Practices in Civil Cases, OpenAI Defendants ("OpenAI") seek leave to file under seal:

- Limited portions of OpenAI's concurrently filed response to Plaintiff's Letter Motion to Compel application of additional search terms that reference confidential materials;

- Limited portions of Exhibit A to OpenAI's response to Plaintiff's Letter Motion to Compel, comprising an annotated spreadsheet of search terms requested by Plaintiff and OpenAI's objections to those search terms; and

- Limited portions of Exhibit E to OpenAI's response to Plaintiff's Letter Motion to Compel, comprising the Declaration of Jeff Lewis.

Additionally, OpenAI responds to Plaintiff's Motion for Leave to File Under Seal filed in connection with Plaintiff's Letter Motion to Compel (Dkt. No. 227) pursuant to the Protective Order entered in this case (Dkt. No. 127), and asks the Court to grant Plaintiff's motion and keep the following material under seal:

- Limited redacted portions of Plaintiff's Letter Motion to Compel (Dkt. No. 228), as shown in Appendix A attached to this memorandum;

- Limited portions of Exhibit 1 to Plaintiff's Letter Motion to Compel (Dkt. No. 228-1), as shown in Appendix B attached to this memorandum;

- Exhibits 3-8 and 10 to Plaintiff's Letter Motion to Compel (Dkt. Nos. 228-3, 228-4, 228-5, 228-6, 228-7, 228-8, and 228-10).[1]

For the reasons stated below, and articulated in more detail in the supporting declaration, OpenAI respectfully requests the Court grant both this Motion for Leave to File Under Seal and Plaintiff's Motion for Leave to File Under Seal as requested in this response.

OpenAI's proposed redactions and sealing are consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).[2] Pursuant to *Lugosch,* the Court must first assess whether the documents at issue are "judicial documents" to determine whether the presumption in favor of public access in filings applies at all.  435 F.3d at 119.  Documents "simply passed between the parties in discovery" are not judicial documents and "lie beyond the presumption's reach."  *Brown v. Maxwell,* 929 F.3d 41, 49-50 (2d Cir. 2019) (internal quotation marks omitted); *see Bernstein,* 814 F. 3d at 142

---

[1] OpenAI does not seek to keep under seal Exhibit 2 to Plaintiff's Letter Motion to Compel (Dkt. No. 228-2) and accordingly takes no position on that portion of Plaintiff's Motion for Leave to File Under Seal (Dkt. No. 227).

[2] Plaintiff did not meet and confer with Defendants prior to filing its Motion for Leave to File Under Seal or Letter Motion to Compel in order to jointly submit a request for redactions, as required by this Court's Individual Practices.  *See* Section IV(a), Individual Practices in Civil Cases for Magistrate Judge Ona T. Wang, available at https://www.nysd.uscourts.gov/sites/default/files/practice_documents/OTW%20Wang%20Individual%20Practices%20In%20Civil%20Cases%2007232021.pdf (requiring joint submission of motion to file under seal where request is based on a party's designation of information as confidential).

(documents "such as those passed between the parties in discovery often play no role in the performance of Article III functions and so the presumption of access to these records is low" (internal quotation marks omitted)). This remains true even where the Court must assess those documents in the context of a discovery motion. *See Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, No. 19-cv-4223-LAP-KHP, 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021) (granting motion to seal portions of letter brief referencing information passed between the parties in discovery and exhibits designated under parties' protective order). Further, where documents are submitted to the Court pursuant to a confidentiality agreement, the Second Circuit has held that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Uni-Systems, LLC v. United States Tennis Ass'n, Inc.*, No. 17-cv-147-KAM-CLP, 2020 WL 8266015, at *8 (quoting *S.E.C. v. TheStreet.Com,* 273 F.3d 222, 230 (2d Cir. 2001)).

Here, Exhibits 1, 3-8, and 10 that Plaintiff filed under seal, as well as Exhibit A attached to OpenAI's response, are "non-judicial" documents with no presumption in favor of public access.[3] Exhibit 1 reflects a hit report provided by OpenAI to Plaintiff's counsel during the course of discovery to further the parties' search term negotiations. Exhibit A is OpenAI's limited and annotated version of the same spreadsheet submitted by Plaintiff as Exhibit 1. Exhibits 3-8 and 10 are materials produced by OpenAI during discovery in this case and subject to the parties' protective order. Each of these Exhibits has been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the protective order (Dkt. No. 127). Moreover, the redacted portions of the parties' letter briefs refer to information contained within

---

[3] Exhibit 9 is a document produced by Microsoft that does not involve OpenAI employees and OpenAI did not otherwise have access to it prior to this litigation. OpenAI takes no position on whether the document should be sealed.

the sealed Exhibits. There is no presumption favoring public access to any of the sealed documents or redacted language, given that each Exhibit is a "non-judicial" document. *See Uni-Systems*, 2020 WL 8266015 at *9 (finding that "non-judicial documents passed between the parties during discovery" were "entitled to 'little more than a prediction of public access absent a countervailing reason'" (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

The information redacted from Exhibit E is also of limited interest to the public. Exhibit E is a Declaration from OpenAI's e-discovery vendor discussing the hit reports contained in Exhibits 1 and A, as well as financial and other information relating to OpenAI's document review process. Information regarding the specific costs of OpenAI's review and the amount of time it takes—the only information redacted from this document—plays little to no role in the performance of the Article III judicial process. Cf. Coscarelli v. ESquared Hospitality LLC, No. 18-cv-5943 (JMF), 2020 WL 6802516, at *3 (S.D.N.Y. Nov. 19, 2020) (granting motion to redact references to counsel's billing rates).

Even if the Court is inclined to find that Exhibits 1, 3-8, and 10 attached to Plaintiff's letter brief and Exhibits A and E attached to OpenAI's response (and the portions of the letter briefs quoting from those Exhibits) are judicial documents or otherwise relevant to the performance of the Article III judicial process, there is little weight given to the presumption in favor of public access under *Lugosch*'s second prong. 435 F.3d at 119. Because the material sought to be sealed is presented in the context of a discovery dispute, the presumption in favor of public access is low. *See Metacapital Mgmt., LP v. Meta Platforms, Inc.*, No. 1-22-cv-07615-PKC-KHP, 2024 WL 1508655 (S.D.N.Y. Apr. 5, 2024) (granting motion to seal materials related to discovery dispute because presumption was lower than presumption applied to materials related to trial or dispositive motions). Thus, the reasons for sealing "usually need not be as

compelling as those required to seal filings connected to a dispositive motion." *Rand v. Travelers Indem. Co.*, No. 21-CV-10744 (VB)(VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (internal quotation marks omitted).

Finally, sealing is necessary to preserve "higher values" under *Lugosch*'s third prong—namely, preserving the secrecy of highly sensitive business information that may cause OpenAI competitive harm if disclosed. 435 F.3d at 124. Exhibit 1 and Exhibit A (and the parties' letter briefs referencing the information contained therein) reflect or include discussion of confidential code names and products requested by Plaintiff. The Exhibits and the related redacted information reveal detail about internal business terms and products at OpenAI during a critical time of development for the highly competitive ChatGPT product. Declaration of Michael Trinh ¶ 2. This data could in turn be used to infer information about OpenAI internal products and systems of the business. Courts have ordered similarly sensitive search terms to be filed under seal. *See, e.g., In re CV Therapeutics, Inc. Sec. Litig.*, No. 03-cv-03709 SI, 2006 WL 8554306, at *9 (N.D. Cal. Apr. 4, 2006) (adopting a "confidentiality agreement" that "if plaintiffs wish to file the search terms with any court, plaintiffs shall request that the court file the search terms under seal").

Exhibits 3-8 and 10 (and the accompanying portions of Plaintiff's letter brief citing excerpts from those documents) comprise confidential communications and documents relating to three categories of information: (i) conversations about OpenAI's internal safety and mitigation measures (Exs. 3, 7); (ii) discussions between OpenAI employees describing detailed processes and sources for training, testing, and improving ChatGPT models (Exs. 4-6, 8); and (iii) discussions of current and future partnerships with other entities where the details are subject to confidentiality agreements and are treated as confidential by the third party (Ex. 10). *See*

5

Declaration of Michael Trinh ¶¶ 3-7.  The redacted portions of Plaintiff's Letter Motion to Compel directly summarizes or quotes the content of these highly sensitive documents, which include confidential information of third parties (here, Microsoft).  OpenAI treats each category of documents as confidential or highly confidential—it does not generally disclose similar documents to the public.  *See id.*  Similar documents revealing confidential business information are regularly sealed by other courts in this District.  *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures, image processing procedures, specific hardware used to perform these procedures, and confidential details about Microsoft's source code"); *Louis Vuitton Mallatier S.A. v. Sunny Merch. Corp.,* 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)).  The information contained in these documents and mirrored or summarized in Plaintiff's letter brief could be used by competitors to unfairly compete with OpenAI, in that they would be given access to the information that would not otherwise be available to them.  This risk is elevated in the highly competitive field of artificial intelligence— OpenAI is at the forefront of developing and employing new products and software, and any disclosure of related information could be exploited by other players in the space.  Thus, if not sealed, disclosure could pose serious risk of competitive harm.  *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information.").

Exhibit E includes information about costs and time incurred by OpenAI in connection with litigation.  *See* Declaration of Michael Trinh ¶ 3.  This information could be used by OpenAI's other litigation adversaries to gain a strategic and unfair litigation advantage.  *See id.*  Thus this information should be sealed.  *See IBM Corp.*, 2024 WL 495137, at *1.

Accordingly, OpenAI respectfully requests that the Court grants its Motion for Leave to File Under Seal as well as Plaintiff's Motion for Leave to File Under Seal (as modified in this response).

Dated:  August 30, 2024                                        Respectfully Submitted,

By: /s/ *Vera Ranieri*

**MORRISON & FOERSTER LLP**
Joseph C. Gratz (*pro hac vice*)
*jgratz@mofo.com*
Andrew L. Perito (*pro hac vice*)
*aperito@mofo.com*
Vera Ranieri (*pro hac vice*)
*vranieri@mofo.com*
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000

Allyson R. Bennett (*pro hac vice*)
*abennett@mofo.com*
Rose S. Lee (*pro hac vice*)
*roselee@mofo.com*
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.5200

Eric K. Nikolaides
*enikolaides@mofo.com*
250 West 55th St.
New York, NY 10019-9601
Telephone: 212.468.8000

By: /s/ *Elana Nightingale Dawson*

**LATHAM & WATKINS LLP**
Andrew M. Gass (*pro hac vice*)
*andrew.gass@lw.com*
Joseph R. Wetzel
*joseph.wetzel@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle
*sy.damle@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
*elana.nightingaledawson@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman
*alli.stillman@lw.com*
Luke A. Budiardjo
*luke.budiardjo@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200

By: /s/ *Michelle S. Ybarra*

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (*pro hac vice*)
*rvannest@keker.com*
Paven Malhotra
*pmalhotra@keker.com*
Michelle S. Ybarra (*pro hac vice*)
*mybarra@keker.com*
Nicholas S. Goldberg (*pro hac vice*)
*ngoldberg@keker.com*
Thomas E. Gorman (*pro hac vice*)
*tgorman@keker.com*
Katie Lynn Joyce (*pro hac vice*)
*kjoyce@keker.com*
Sarah Salomon (*pro hac vice*)
*ssalomon@keker.com*
R. James Slaughter (*pro hac vice*)
*rslaughter@keker.com*
Christopher S. Sun (*pro hac vice*)

8

*csun@keker.com*
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415.391.5400

*Attorneys for OpenAI Defendants*