**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, PENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENIAI HOLDINGS, LLC,<br><br>        Defendants. | No. 1:23-cv-11195-SHS-OTW |

**DECLARATION OF MICHAEL TRINH IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL AND RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

I, Michael Trinh, hereby declare as follows:

      1.      I am Associate General Counsel at OpenAI. I submit this declaration in support of Defendants' Motion for Leave to File Under Seal and in Response to Plaintiff's Motion for Leave to File Under Seal Pursuant to Section IV of Your Honor's Individual Rules and Practices. I have personal knowledge of the facts set forth below and if called as a witness, could testify competently thereto.

      2.      Exhibit 1 to Plaintiff's Letter Motion to Compel application of additional search terms (Dkt. No. 228-1) and Exhibit A in support of OpenAI's response contain confidential search terms requested to be applied to OpenAI custodian collections. These search terms reveal internal sensitive business terms used at OpenAI during a critical time of development for the highly competitive ChatGPT product. I have also reviewed Plaintiff's letter motion and some of the language that has been redacted directly cites the sensitive search terms or hit reports contained within these Exhibits. OpenAI treats internal discussions of sensitive business code

1

names or internal products as confidential or highly confidential, does not publicly disclose this type of information, and takes steps to ensure the confidentiality of that information is maintained, particularly given the highly competitive nature of the artificial intelligence industry with global stakeholders.

3. Exhibit E in support of OpenAI's response also contains information about how OpenAI operates in terms of its litigation, including amounts paid and time spent to meet its discovery obligations. I have also reviewed OpenAI's response to Plaintiff's letter motion (filed concurrently with this motion) and my understanding is that some of the language that has been redacted directly cites this cost and time information. This information is not generally known and is considered to be sensitive financial and business information by OpenAI. OpenAI is involved in several litigations. Allowing the public to understand OpenAI's costs and time spent with respect to discovery has the potential to allow other litigation adversaries to exploit those facts to gain unfair advantage in litigation.

4. Exhibits 3-8 and 10 (Dkt. Nos. 228-3, 228-4, 228-5, 228-6, 228-7, 228-8, 228-10)[1] attached to Plaintiff's letter motion to compel and the content redacted within Plaintiff's motion (Dkt. No. 228) are or directly reference documents produced by OpenAI during the course of discovery that are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the protective order.

5. The material contained within each of these documents falls into the following categories of information: (i) conversations about OpenAI's internal safety and mitigation measures (Exs. 3, 7); (ii) discussions between OpenAI employees describing detailed processes

---

[1] Because I understand Exhibit 9 (Dkt. No. 228-9) is not a document produced by OpenAI and is not a document OpenAI otherwise had access to, I do not discuss Exhibit 9 in this declaration.

and sources for training, testing, and improving ChatGPT models (Exs. 4-6, 8); and (iii) discussions of current and future partnerships with Microsoft (Ex. 10).  I have reviewed Plaintiff's letter motion and my understanding is that some of the language that has been redacted directly quotes from or summarizes portions of these Exhibits.

6. **Category (i).**  OpenAI's internal safety and mitigation measures, including discussion of the development and implementation of various systems and processes used with respect to certain content constitute highly sensitive proprietary information.  OpenAI treats such information as confidential or highly confidential.  OpenAI generally does not publicly disclose this type of information and takes steps to ensure the confidentiality of that information is maintained, particularly given the highly competitive nature of the artificial intelligence industry with global stakeholders.

7. **Category (ii).**  The specific processes OpenAI employs to train and test ChatGPT models, including the sources of data used to train the models, the source code OpenAI engineers employ to help build the models or products related to the models, tests run to evaluate the models' accuracy, and steps taken to improve the models constitute highly sensitive proprietary information.  OpenAI treats such information as confidential or highly confidential.  OpenAI generally does not publicly disclose this type of information and takes steps to ensure the confidentiality of that information is maintained, particularly given the highly competitive nature of the artificial intelligence industry with global stakeholders.

8. **Category (iii).**  OpenAI also treats internal discussions of its current and future partnerships with Microsoft as confidential or highly confidential.  OpenAI generally does not publicly disclose strategic decision-making, deliberations, and discussions amongst high-level executives to prevent competitive harm to OpenAI.  OpenAI and Microsoft have agreed to

confidentiality provisions that prevent public disclosure of confidential facts about the companies' business relationships.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of August, 2024 in Redwood City, CA.

By: *[signature]*
Michael Trinh
Associate General Counsel
OpenAI

4