

September 03, 2024

*Sent via ECF*

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700

**orrick.com**

**Annette Hurst**

E  ahurst@orrick.com
D  +1 415 773 4585
F  +1 415 773 5759

RE:   *The New York Times Co. v. Microsoft Corp., et al*. No. 1:23-cv-11195-SHS-OTW

Dear Judge Wang:

We write on behalf of Defendant Microsoft Corporation in the above-entitled action to respectfully request that the Court extend the current deadlines in this case by 90 days pursuant to Fed. R. Civ. P. 16(b)(4), Civ. L.R. 7.1(d) and Sections I.b and I.e of Your Honor's Individual Rules of Practice. *See* ECF No. 112[1] (Order setting current deadlines). **This request is unopposed and all parties agree to this extension.** Should the Court determine that Section III.b of Your Honor's Individual Rules of Practice is applicable here, Microsoft requests that this letter serve as a request for a pre-motion conference.  This is the first request by any party for an extension of these deadlines.

The parties have been diligently pursuing discovery. To date, the parties have searched for, reviewed, and collectively produced over 144,000 documents in this case in response to requests for production.  In addition, the parties are continuing to meet and confer for purposes of their respective ESI productions.

In addition, Plaintiff has served Rule 34 requests for inspection on OpenAI and Microsoft that seek inspection of training data, source code, and large language

---

[1] This schedule was initially set in coordination with the agreed-upon schedule in the "Consolidated Class Action" matters (*Authors Guild, et al. v. OpenAI Inc., et al.*, *Alter, et al. v. OpenAI Inc., et al.*, *Basbanes, et al. v. Microsoft Corp. et al.*) before this Court.  However, the parties in those matters have since submitted a joint stipulation to extend the deadlines in two of those matters by 90 days as well.  *See* Dkt. 180 (*Authors Guild, et al. v. OpenAI Inc., et al.*, Case No. 1:23-cv-08292-SHS-OTW); Dkt. 152 (*Alter, et al. v. OpenAI Inc., et al.*, Case No. 1:23-cv-10211-SHS-OTW).

models themselves, together with user data. The parties are continuing to meet and confer regarding both the scope of the requests as well as mutually agreeable protocols for these inspections.

Given these ongoing inspection and production efforts, the parties have not yet begun noticing depositions.

For these reasons, the parties believe that completing all necessary fact discovery by September 17 would be exceedingly difficult, if not impossible. Additionally, coordination of the remainder of discovery in this case with the Consolidated Class Actions (where the parties have submitted a joint stipulation to extend the deadlines by 90 days) will promote judicial efficiency and conserve party resources. As such, the parties agree that good cause exists under Fed. R. Civ. P. 16(b)(4) to permit a 90-day extension, and no parties will be prejudiced.[2]

Further, extending the existing pre-trial deadlines will not prejudice any party's trial preparations because no trial date has been entered. *See* ECF No. 112; *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 60 (S.D.N.Y. 2019) (observing that where "no trial date has been set," a request to modify the discovery schedule "will not impact the timing on a final resolution of this case").

If the Court grants the parties' request for an extension, the schedule would be altered as follows:

| Case Event | Current Deadline | Proposed Deadline[3] |
|---|---|---|
| Substantial completion deadline for all discovery served by May 22, 2024 and not the subject of a pending discovery motion | | September 17, 2024 |
| Fact discovery shall be completed | September 17, 2024 | December 16, 2024 |
| Opening expert reports shall be served | October 18, 2024 | January 16, 2025 |
| Responsive expert reports shall be served | November 18, 2024 | February 18, 2025 |
| Expert discovery shall be completed | December 9, 2024 | March 9, 2025 |
| Motions for summary judgment shall be filed on or before | January 7, 2025 | April 7, 2025 |

---

[2] Nothing set forth in this joint letter motion is intended to address any other pending motions.
[3] All proposed deadlines account for weekends and federal holidays.

| Oppositions to motions for summary judgment shall be filed on or before | February 7, 2025 | May 8, 2025 |
| --- | --- | --- |
| Replies in support of motions for summary judgment shall be filed on or before | February 28, 2025 | May 29, 2025 |

The parties respectfully request that the Court grant this joint motion and enter the stipulated schedule above.

Sincerely,

*/s/Annette Hurst*
Annette Hurst
*Counsel for Defendant Microsoft Corporation*