# Exhibit D

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO OPENAI OPCO, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-61)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff The New York Times Company ("The Times") responds to Defendant OpenAI OpCo, LLC's ("OpenAI OpCo") First Set of Requests for Production of Documents and Things (the "Requests") as follows:

## GENERAL OBJECTIONS

1.      The Times objects to each Request to the extent it seeks information or documents subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2.      The Times objects to each Request to the extent it seeks documents or information not within The Times's possession, custody, or control or that are already in the possession, custody, and control of Defendants, on the grounds that such Requests are unduly burdensome and oppressive and therefore exceed the bounds of permissible discovery. The Times will only produce documents within its possession, custody, or control, and will do so in the manner such documents

are kept in the usual course of business. Such productions will be made subject to the terms of the anticipated ESI Order, which has not yet been entered and the parties are currently negotiating.

3.　　The Times objects that a Protective Order has not yet been entered in the case and production of confidential documents is subject to the entry of a Protective Order. Until a Protective Order is entered, The Times will produce confidential documents subject to an agreement that any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will be kept confidential before a Protective Order is entered.

4.　　The Times's responses are subject to the following objections to the "Definitions" and "Instructions" provided with the Requests.

5.　　The Times objects to the definitions of "Plaintiff," "You," and "Your" insofar as they include The Times's "managers"—a vague term that is at best duplicative of the term "employees," which is already part of the definitions. The Times also objects to these definitions because they include The Times's "parent companies," of which there are none. The Times further objects to these definitions as overbroad and unduly burdensome insofar as they include "any Person who served in any such capacity at any time," which among other things would apply to former employees of The Times. The Times further objects to these definitions as contrary to the definition of "Plaintiff" provided by Local Rule 26.3. The Times construes "Plaintiff" as that term is defined in Local Rule 26.3.

6.　　The Times objects to the definition of "Defendant" as vague and ambiguous because it includes "any defendant named in the Complaint" without specifying a particular defendant. The Times further objects to this definition because it includes defendants named in a "subsequent complaint" that does not yet exist, making the definition even more vague and ambiguous. In any event, the term "Defendant" appears nowhere in the Requests.

7.      The Times objects to the definition of "Generative AI" as overbroad and also vague and ambiguous insofar as it includes "other systems," a virtually limitless term. The Times further objects to this definition as overbroad because it applies to products not implicated by the Complaint, including Gemini and Claude. The Times further objects to this definition as inaccurate insofar as it is limited to models or algorithms that generate "new" content. That definition is inaccurate because the at-issue products generate copies of Times content. The Times construes "Generative AI" to mean Defendants' AI models that emulate the structure and characteristics of input content in order to generate derived synthetic content, such as images, videos, audio, text, and other digital content.

8.      The Times objects to the definition of "Communication" as contrary to the definition of that term provided by Local Rule 26.3. The Times construes "Communication" as that term is defined by Local Rule 26.3.

9.      The Times objects to the definition of "Complaint" insofar as it includes "any subsequent complaint" because only one Complaint has been filed in this case. The Times construes "Complaint" to refer to the Complaint filed in this case on December 27, 2023.

10.     The Times objects to the definition of "Agent" as overbroad insofar as it applies to a person "asked" to assist with this litigation but not retained by The Times. The Times further objects to this definition as unintelligible because it does not specify who "asked, hired, retained, or contracted" the agent. The Times construes "Agent" to mean a person retained by The Times to assist The Times in connection with this litigation.

11.     The Times objects to the definition of "Employee" as illogical insofar as it includes people who are "not" compensated. The Times further objects to this definition as overbroad and unduly burdensome because it applies to "retired" and "former" employees as well as "trustees,"

"officers," and "directors." The Times further objects to this definition as vague and ambiguous insofar as it applies to "partners." The Times further objects to this definition as circular because it includes the term "employee" within the proposed definition, which just proves the term does not need to be defined. The Times construes "Employee" to mean an employee.

12.     The Times objects to the definition of "Document" as contrary to the definition provided by Local Rule 26.3, which incorporates by reference the meaning of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). The Times construes "Document" as that term is defined by Local Rule 26.3.

13.     The Times objects to the definition of "Asserted Work" as vague and ambiguous insofar as it includes "any additional work that may be listed on an amended complaint." No amended Complaint has been filed. The Times construes "Asserted Work" to mean any work listed in Exhibits A-I and K of the Complaint.

14.     The Times objects to the definition of "Published Work" as overbroad and unduly burdensome insofar as it includes works "created" by The Times but not published. The Times construes "Published Work" to mean registered works published by The Times.

15.     The Times objects to the definition of "GPT Services" as overbroad as well as vague and ambiguous because it includes "other third party services"—a term which makes the definition limitless. The Times construes "GPT Services" to mean any GPT-based product, including but not limited to ChatGPT, ChatGPT Enterprise, Bing Chat, Azure OpenAI Service, Microsoft Copilot, and the underlying large language models for these products.

16.     The Times objects to the definition of "Electronically Stored Information" as contrary to how that term is described by Federal Rule of Civil Procedure 34. The Times construes the term "Electronically Stored information" consistent with that Rule.

4

17.     The Times objects to the definitions of "Concern," "Concerning," "Related to," and "Relating to" as contrary to the definition of "concerning" provided by Local Rule 26.3. The Term construes these terms to mean "concerning," as that term is defined by the Local Rule.

18.     The Times objects to the Instruction suggesting that "the present tense shall be construed to include the past tense, and vice versa." The Times will respond to the Requests as written.

19.     The Times is willing to meet and confer regarding these Requests.

### RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications relating to the alleged reproduction, public display, or distribution of Your Asserted Works via GPT Services.

**RESPONSE TO NO. 1:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, and ambiguous insofar as it seeks "all Documents and Communications" relating to the "alleged reproduction, public display, or distribution" by any person not limited to material that is relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-h. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications regarding any attempt by You, including failed attempts, to reproduce any of Your Published Works via GPT Services.

**RESPONSE TO NO. 2:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome insofar as it seeks "[a]ll Documents and Communications regarding any attempt" and "any of Your Published Works" and is not limited to documents relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "attempt," "failed attempts," "to reproduce," and "via GPT Services" as vague and ambiguous. The Times reasonably construes this Request to refer to The Times's process for obtaining the GPT Services outputs cited in the Complaint. The Times further objects to this request as unreasonably cumulative of Request No. 23. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege or work-product doctrine.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications relating to any outputs of GPT Services that allegedly summarize, quote, or otherwise reference Your Asserted Works.

**RESPONSE TO NO. 3:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, and ambiguous insofar as it seeks "[a]ll Documents and Communications" relating to "any outputs of GPT Services" that may "summarize, quote, or otherwise reference Your Asserted Works" not limited to material that is relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-h. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications relating to the alleged reproduction, public display, or distribution of Your Asserted Works via Generative AI services other than GPT Services.

**RESPONSE TO NO. 4:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "reproduction," "public display," "distribution," and "Generative AI services other than GPT Services" as vague and ambiguous. The Times further objects to this Request to the extent that

it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 5:

All Documents and Communications relating to any attempt by You, including failed attempts, to reproduce any of Your Published Works via Generative AI services other than GPT Services.

## RESPONSE TO NO. 5:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "attempt," "failed attempts," "to reproduce," and "via Generative AI services other than GPT Services" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 6:

All Documents and Communications relating to any outputs of via Generative AI services other than GPT Services that allegedly summarize, quote, or otherwise reference Your Asserted Works.

## RESPONSE TO NO. 6:

8

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "outputs," "of via Generative AI services other than GPT Services," "summarize," "quote," or "otherwise reference" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show each of the OpenAI accounts You or Your Agents have created or used, including without limitation Documents sufficient to show the full name associated with the account(s), the username(s) for the account(s), email address(es) associated with the account(s), the organization ID and name associated with the account(s), and date of registration or activation for the account(s).

**RESPONSE TO NO. 7:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks documents and personal information not relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times objects that this Request is cumulative of Request No. 21. The Times further objects to this response to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S.

Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-h.  The Times will not search

for or produce Documents or Communications protected by the reporters' privilege in response

to this Request.

Based on these objections, The Times will not produce documents in response to this

Request.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications relating to any allegations that any of Your

Asserted Works infringe any third-party rights.

**RESPONSE TO NO. 8:**

The Times incorporates the General Objections set forth above.  The Times objects to

this Request as overbroad and unduly burdensome because it seeks material not relevant to any

party's claims or defenses.  The Times further objects to the terms "allegations," "infringe" and

"third-party rights" as vague and ambiguous.  The Times further objects to this Request to the

extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or

common interest.

Based on these objections, The Times will not produce documents in response to this

Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications relating to any complaints by any Person regarding

alleged plagiarism in Your Asserted Works.

**RESPONSE TO NO. 9:**

The Times incorporates the General Objections set forth above.  The Times objects to

this Request as overbroad and unduly burdensome because it seeks material not relevant to any

party's claims or defenses. The Times further objects to the term "alleged plagiarism" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identify the expressive, original, and human-authored content of each of Your Asserted Works.

**RESPONSE TO NO. 10:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "sufficient to identify," "expressive," "original," and "human-authored content" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this response to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-h. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request. The Times further objects to this Request to the extent that it calls for a legal conclusion.

Based on these objections, The Times will not produce documents in response to this Request aside from the works identified in Exhibits A-I, K to the Complaint.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify the non-expressive, non-original, or non-human-authored content of each of Your Asserted Works.

**RESPONSE TO NO. 11:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material not relevant to any party's claims or defenses and outside the relevant timeframe.  The Times further objects to the terms "sufficient to identify," "non-expressive," "non-original," and "non-human-authored content" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this response to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-h.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request. The Times further objects to this Request to the extent that it calls for a legal conclusion.

Based on these objections, The Times will not produce documents in response to this Request aside from the works identified in Exhibits A-I, K to the Complaint.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show each and every written work that informed the preparation of each of Your Asserted Works, regardless of its length, format, or medium.

**RESPONSE TO NO. 12:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material not relevant to any party's claims or defenses.  The Times further objects to the terms "written work," "informed the preparation," "format," and "medium," as vague and ambiguous.  The Times further objects to this response to the extent that it seeks material protected by the reporters'

privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-h. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications relating to any disputes as to the ownership of Your Asserted Works, including but not limited to DMCA Takedown Notices or other copyright infringement removal requests received by You.

**RESPONSE TO NO. 13:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material not relevant to any party's claims or defenses, including "DMCA Takedown Notices" which apply to user-submitted content. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications relating to Your correspondence with the United States Copyright Office regarding Your Asserted Works, including deposit copies.

**RESPONSE TO NO. 14:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "[a]ll Documents and

Communications" relating to The Times's correspondence with the USCO "regarding" the Asserted Works, without limitation to documents relevant to any party's claims or defenses. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times will produce deposit copies for the Asserted Works that can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 15:

All Documents and Communications relating to Your ownership of the Asserted Works, including agreements related to the authorship of Your Asserted Works and work-for-hire agreements.

## RESPONSE TO NO. 15:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material not relevant to any party's claims or defenses. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce agreements (including work-for-hire agreements) related to authorship of the Asserted Works that can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 16:

All Documents and Communications relating to Your knowledge of the alleged use of Your Published Works for training Generative AI models.

## RESPONSE TO NO. 16:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, ambiguous, and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" relating to The Times's "knowledge" of the "alleged use" of its Published Works for training any Generative AI model, without limitation to documents relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "alleged use" and "training Generative AI models" as vague and ambiguous. The Times reasonably construes this to mean use by Defendants as alleged in the Complaint. The Times objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-h. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request as unreasonably cumulative and seeking material responsive to other Requests, including Request No. 17. The Times further objects to this Request to the extent that it calls for a legal conclusion.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications relating to Your knowledge of the alleged use of Your Published Works for training ChatGPT.

**RESPONSE TO NO. 17:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, and ambiguous insofar as it seeks "[a]ll Documents and Communications" relating to "the alleged use" of "Your Published Works" for "training" ChatGPT and is not limited to material that is relevant to any party's claims or defenses in this dispute. The Times reasonably construes "the alleged use" "for training ChatGPT" to mean use by Defendants or Defendants' agents in any manner while training ChatGPT products, including but not limited to the actions described in the Complaint. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-h. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request. The Times further objects to this Request to the extent that it calls for a legal conclusion.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications relating to any arrangement or agreement by which You permitted a third party to reproduce or display Your Asserted Works, or any part thereof, in print or on the Internet, regardless of whether the arrangement or agreement was commercial or non-commercial.

**RESPONSE TO NO. 18:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" relating to "any arrangement or agreement" by which The Times permitted a third party to reproduce or display any Asserted Work, without limitation to documents relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications relating to Your investigation of the claims alleged in the Complaint.

**RESPONSE TO NO. 19:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as vague and ambiguous as to the terms "investigation" and "claims." The Times reasonably construes "Your investigation of the claims alleged in the Complaint" to mean the investigation by The Times into the factual matter alleged in the Complaint underlying its claims. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications relating to the creation of Exhibit J of the Complaint, including but not limited to Documents and Communications with any third party or Agent.

**RESPONSE TO NO. 20:**

The Times incorporates the General Objections set forth above. The Times objects that the term "relating to the creation" and "Agent" is vague and ambiguous. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show each of the OpenAI accounts created or used by any Person who participated in or was aware of Your use of GPT Services to generate any of the outputs cited in or referred to in the Complaint.

**RESPONSE TO NO. 21:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms

"created," "used," "participated in," "was aware of," "and Your use of GPT Services" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 22:

Documents sufficient to show each of the prompts You have entered into GPT Services, including without limitation Documents sufficient to show any system prompts used, the parameters used in connection with each prompt (including, but not limited to, temperature, model, maximum length, stop sequences, top p, frequency penalty, presence penalty), the date and time on which that prompt was entered, the user account used, and each resulting output.

## RESPONSE TO NO. 22:

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad, unduly burdensome, vague, and ambiguous to the extent that it seeks "each of the prompts You have entered into GPT Services" without limitation to material or subject matter that is relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "prompts," "system prompts," "temperature," "model," "maximum length," "stop sequences," "top p," "frequency penalty," and "presence penalty" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-

h.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request aside from those documents produced in response to Request No. 23.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show the process for obtaining each GPT Services output cited or referred to in the Complaint, including without limitation the full chat log, the prompts used, any system prompts used, the parameters used in connection with each prompt (including, but not limited to, temperature, model, maximum length, stop sequences, top p, frequency penalty, and presence penalty), each and every output generated by GPT Services as a result of each prompt and parameter combination, the time and date of those queries, and the user account.

**RESPONSE TO NO. 23:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "process for obtaining," "system prompts," "temperature," "model," "maximum length," "stop sequences," "top p," "frequency penalty," and "presence penalty" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, or control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications between You and other news, media, or writers' organizations and publishers, as well as any other named plaintiff in *Tremblay v. OpenAI, Inc.*, No. 3:23-cv-03223 and *Silverman v. OpenAI, Inc.*, No. 3:23-cv-03416 in the Northern District of California, and *Authors Guild v. OpenAI Inc.*, No. 1:23-cv-08292, *Alter v. OpenAI Inc.*, No. 1:23-cv-10211, *Basbanes v. Microsoft*, No. 1:24-cv-00084, *The Intercept Media, Inc. v. OpenAI, Inc.*, No. 1:24-cv-01515, and *Raw Story Media, Inc. v. OpenAI, Inc.*, No. 1:24-cv-01514 in the Southern District of New York, directly or through any Employee, Agent, or third party, related to copyright and artificial intelligence.

**RESPONSE TO NO. 24:**

The Times incorporates the General Objections set forth above.  The Times objects to the terms "news, media, or writers' organizations and publishers" and "copyright and artificial intelligence" as vague and ambiguous.  The Times further objects to this Request as overbroad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" with numerous third parties "related to copyright and artificial intelligence" without limitation to documents relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-h.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications between You and other news, media, or writers' organizations and publishers, directly or through any Employee, Agent, or third party, relating to decisions about whether to license works to OpenAI for purposes of training ChatGPT.

**RESPONSE TO NO. 25:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "news, media, or writers' organizations and publishers," "works," and "for purposes of training ChatGPT" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications relating to any injury or harm You claim to have suffered as a result of the conduct alleged in the Complaint.

**RESPONSE TO NO. 26:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad to the extent that it seeks "[a]ll Documents and Communications" relating to "any injury or harm You claim to have suffered" without limitation to any party's claims or defenses in this dispute or to injury or harm for which The Times is seeking recovery in this case. The Times further objects to this Request to the extent that it seeks material

protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case. The Times further objects to this Request as premature, including because discovery just opened and is ongoing.

Subject to these objections, The Times responds that it will produce non-privileged documents relating to harm or injury for which The Times is seeking recovery in this dispute that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show Your total revenue, broken down by source, including without limitation advertising revenue, revenue from affiliate links, subscription revenue by subscription type, whether personal or commercial, online or print) for each month beginning January 2015 to the present.

**RESPONSE TO NO. 27:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case. The Times further objects to the terms "affiliate links" and "subscription type" as vague and ambiguous.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to calculate or estimate per-display revenues associated with Your Asserted Works by source, including without limitation revenues from subscriptions, advertising revenues (including cost per impression), and revenues from affiliate links. Each metric shall include both (i) the total number since the work's publication and (ii) a breakdown by month from month of publication to the present.

**RESPONSE TO NO. 28:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe.  The Times further objects to the terms "by source," "cost per impression" and "affiliate links    " as vague and ambiguous.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to show the total page views for each of Your Asserted Works for each month, beginning with the month of the work's publication to the present.

**RESPONSE TO NO. 29:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe.  The Times further objects to the term "total page views" as vague and ambiguous.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to show the total page views for each of Your Asserted Works for each hour of each day during the 14-day period following its publication.

**RESPONSE TO NO. 30:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "total page views" as vague and ambiguous.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show the number of times each of Your Asserted Works was shared on social media platforms for each hour of each day during the 14-day period following its publication.

**RESPONSE TO NO. 31:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "shared" as vague and ambiguous.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show Your monthly expenses relating to the creation of Your Published Works, broken down by category of expense (including, without limitation, travel, research sources, and salaries) and category of content (as described in Paragraphs 33–37 of the Complaint).

**RESPONSE TO NO. 32:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case, without limitation to The Times's Asserted Works, and without limitation to the relevant timeframe.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications relating to licenses or attempts to license Your Asserted Works for reproduction, preparation of derivative works, distribution, display, or performance by businesses (including, but not limited to, artificial intelligence companies, academic institutions, non-profit organizations, or other legal entities), including without limitation enterprise licenses, archive licenses, Generative AI licenses, and licenses for text and data mining.

**RESPONSE TO NO. 33:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, ambiguous, and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" without limitation to documents relevant to any party's claims or defenses in this dispute, including "[a]ll Documents and Communications" relating to "attempts to license" "without limitation." The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.

Subject to these objections, The Times responds that it will produce documents sufficient to show the key terms of relevant licenses active from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show the number of Your active subscribers for each month beginning January 2015 to the present.

**RESPONSE TO NO. 34:**

The Times incorporates the General Objections set forth above. The Times objects to the term "Your active subscribers" as vague and ambiguous.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications relating to formal or informal analyses relating to trends in readership or online subscriptions and the causes thereof.

**RESPONSE TO NO. 35:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without time limitation. The Times further objects to this Request as vague and ambiguous, including the terms "formal or informal analyses," "trends in readership," and "online subscriptions."  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to show how You analyze the financial value of content on Your website and the results of such analyses, including without limitation analyses of the financial value of page views and other indicators of financial performance.

**RESPONSE TO NO. 36:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material without limitation to documents within the scope of any party's claims or defenses in this case and without limitation to the relevant timeframe.  The Times further objects to this Request as vague and ambiguous, including the terms "financial value of content on Your Website," "how You analyze the financial value of content," and "the financial value of page views," and "other indicators of financial performance."   The Times further objects to this

Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce documents reflecting The Times's analyses of the financial value of page views.

## REQUEST FOR PRODUCTION NO. 37:

All Documents and Communications relating to formal or informal analyses of the performance of content published on Your website, including without limitation analysis of methods to evaluate that performance.

## RESPONSE TO NO. 37:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without time limitation, including to the extent that it seeks "[a]ll Documents and Communications" relating to the performance of any "content" published on The Times's "website." The Times further objects to this Request as vague and ambiguous, including the terms "formal or informal analyses of the performance of content on Your website." The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 38:

All Documents and Communications relating to Your use or potential use of Exclusion Protocols on Your website, including without limitation Documents sufficient to show the time periods during which You implemented such Exclusion Protocols on Your website.

**RESPONSE TO NO. 38:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case, including by requesting "[a]ll Documents and Communications" relating to The Times's "use or potential use" of "Exclusion Protocols." The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce documents sufficient to show the existence and operation of its paywall and its robots.txt file in response to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to show Your policies and procedures regarding the use of third-party sources (including third-party texts) in creating Your published content.

**RESPONSE TO NO. 39:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad to the extent that it seeks material not relevant to any party's claims or defenses in this case and not limited to the relevant timeframe. The Times further objects to the terms "the use of third-party sources," "third-party texts," "in creating," and "Your published content" as vague and ambiguous.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications relating to Your alleged "attempt[] to reach a negotiated agreement with Defendants" as referenced in Paragraph 7 of the Complaint.

**RESPONSE TO NO. 40:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" without limitation to material relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications relating to any commercial arrangements through which You obtain access to third-party content for use by Your Employees, including without limitation enterprise subscriptions to other news sources, research databases, and online libraries.

**RESPONSE TO NO. 41:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" relating to "any commercial arrangements" through which The Times

"obtain[s] access to third-party content" without limitation to material that is relevant to any party's claims or defenses in this case, relevant subject matter, or the relevant timeframe. The Times further objects to the terms "third-party content" and "online libraries" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

For each of Your Asserted Works, Documents sufficient to show the relevant category of that work as referenced in Paragraphs 33–37 of the Complaint. Categories can include, without limitation, "Investigative Reporting," "Breaking News Reporting," "Beat Reporting," "Reviews and Analysis," or "Commentary and Opinion."

**RESPONSE TO NO. 42:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "documents sufficient to show" the "category" of each Asserted Work without limitation to documents relevant to any party's claims or defenses in this case. The Times further objects to this Request as exceeding the scope of the Federal Rules of Civil Procedure to the extent that it seeks to impose an obligation to create documents that do not exist in the ordinary course of business.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Communications relating to any commercial arrangements by which third parties reproduce, distribute, display, or perform Your Asserted Works, including without limitation agreements relating to syndication.

**RESPONSE TO NO. 43:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, ambiguous, and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case. The Times further objects to this Request as unreasonably cumulative and seeking material responsive to other Requests.

Subject to these objections, The Times responds that it will produce documents sufficient to show the key terms of relevant licenses active from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to show Your policies and procedures regarding the use of Generative AI by Your Employees.

**RESPONSE TO NO. 44:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as vague and ambiguous as to the meaning and scope of "the use of Generative AI

by Your Employees." The Times reasonably construes this to mean the use of Defendants' Generative AI tools by The Times's employees in furtherance of their work for The Times.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications relating to Your potential adoption of Generative AI for use by Employees of The New York Times Company, including Communications with any Generative AI company regarding that potential adoption.

**RESPONSE TO NO. 45:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" relating to "potential adoption of Generative AI" "with any Generative AI company" without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "potential adoption of Generative AI" and "for use by Employees" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show any training programs You plan to implement or have implemented regarding Generative AI at The New York Times Company.

**RESPONSE TO NO. 46:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents relating to "any training programs" The Times "plan[s] to implement" or "have implemented regarding Generative AI" without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to this Request as vague and ambiguous, including the terms "any training programs" and "regarding Generative AI."

Subject to these objections, The Times responds that it will produce non-privileged documents that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications relating to Your "A.I. Initiatives" program referenced in Your December 12, 2023 article titled "Zach Seward Is the Newsroom's Editorial Director of A.I. Initiatives."

**RESPONSE TO NO. 47:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" relating to The Times's "A.I. Initiatives" program without limitation to documents that are relevant to any party's claims or defenses. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-

h.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications relating to Zach Seward's role as the editorial director of Your "A.I. Initiatives" program referenced in Your December 12, 2023 article titled "Zach Seward Is the Newsroom's Editorial Director of A.I. Initiatives."

**RESPONSE TO NO. 48:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks "[a]ll Documents and Communications" relating to Zach Seward's "role" without limitation to documents that are relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-h.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents that are in its possession, custody, and control sufficient to describe Zach Seward's position as editorial director of The Times's "A.I. Initiatives" program.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to show any past and present efforts or future plans to utilize Generative AI in Your reporting and presentation of content, including but not limited to print articles, online articles, blog posts, videos, and graphics.

**RESPONSE TO NO. 49:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks documents showing "any past and present efforts" or "future plans" "to utilize Generative AI" without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "to utilize Generative AI" and "reporting and presentation of content" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-h. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, or control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications relating to the training of Your artificial intelligence satellite images tool referenced in the February 19, 2024 Reuters Institute article, "New York Times publisher A. G. Sulzberger: 'Our industry needs to think bigger'" including without limitation any base models and training data You used.

**RESPONSE TO NO. 50:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" without limitation to documents that are relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-h.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Communications relating to the training of Your artificial intelligence tool referenced in the February 20, 2024 Axios article, "Exclusive: NYT plans to debut new generative AI ad tool later this year" including without limitation any base models and training materials You used.

**RESPONSE TO NO. 51:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" relating to The Times's "training" of an "artificial intelligence tool" without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.

38

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Communications relating to The New York Times' API that "allows researchers and academics to search Times content for non-commercial purposes" referenced in Paragraph 46 of the Complaint.

**RESPONSE TO NO. 52:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show the existence and operation of The Times's API that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to show Your total revenue generated from licenses through the Copyright Clearance Center each year from 2015 to the present.

**RESPONSE TO NO. 53:**

The Times incorporates the General Objections set forth above. The Times further objects to this Request as overbroad and unduly burdensome insofar as it seeks information

regarding "total revenue generated from licenses" without limitation and not relevant to any party's claims or defenses.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show The Times's revenue generated from relevant licenses from 2015 to present that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents and Communications relating to The New York Times English Gigaword (LDC2003T05) of the Linguistic Data Consortium of the University of Pennsylvania, including but not limited to all articles included therein, any licensing arrangements, and any negotiations between You and the Linguistic Data Consortium or University of Pennsylvania.

**RESPONSE TO NO. 54:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" without limitation to material relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show the content of the corpus responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications relating to The New York Times Annotated Corpus (LDC2008T19) of the Linguistic Data Consortium of the University of Pennsylvania, including but not limited to all articles included therein, any licensing arrangements, and any negotiations between You and the Linguistic Data Consortium or University of Pennsylvania.

**RESPONSE TO NO. 55:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" without limitation to material relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show the content of the corpus responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents and Communications relating to any efforts You have undertaken to separate Your reporting on OpenAI and Your activities underlying the preparation and prosecution of this lawsuit.

**RESPONSE TO NO. 56:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks "[a]ll Documents and

Communications" relating to "any efforts" without limitation to material relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution or the New York Shield Law, N.Y. Civ. Rights § 79-h. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to show people most knowledgeable about Your use (including use by Your Agents, Employees, or third parties at Your direction) of GPT Services to derive any of the outputs cited or referred to in the Complaint and any other outputs on which You plan to rely upon in support of Your claims in this Litigation.

**RESPONSE TO NO. 57:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "documents sufficient to show people most knowledgeable" and "about Your use" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request as unreasonably cumulative and seeking material responsive to other Requests, information that has been provided in The Times's initial disclosures, and information more properly sought through other methods of discovery. The Times further objects to this Request as a premature request for expert discovery.

Based on these objections, The Times will not produce Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents and Communications between You and any United States government or regulatory agencies relating to Generative AI, including this Litigation.

**RESPONSE TO NO. 58:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" with any "United States government or regulatory agencies" relating to "Generative AI" without limitation to documents relevant to any party's claims or defenses in this dispute or to this litigation.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents referenced or cited in preparing Your responses to any of OpenAI's Interrogatories and Requests for Admissions.

**RESPONSE TO NO. 59:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, and ambiguous insofar as it seeks "[a]ll Documents" "referenced or cited" "in preparing" The Times's responses and is not limited to documents actually cited or referenced by The Times in its responses or that are relevant to any party's claims or defenses in this dispute. The Times reasonably construes this Request to mean

documents The Times cites or references in its responses to any of OpenAI's Interrogatories and Requests for Admissions.

Subject to these objections, The Times responds that it will produce non-privileged documents that it cites or references in its responses to any of OpenAI's Interrogatories and Requests for Admissions that are in its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents You intend to rely on in this Litigation.

**RESPONSE TO NO. 60:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, and ambiguous as to the term "intend to rely on" to the extent that it seeks documents outside the scope of permissible discovery as defined by the Federal Rules of Civil Procedure. The Times reasonably construes this Request as seeking documents The Times intends to introduce at trial or that any of The Times's testifying experts rely on in preparing their expert reports to be submitted in this case. The Times further objects to this Request as premature, including because discovery just opened and is ongoing.

Subject to these objections, The Times responds that it will produce non-privileged documents that The Times will rely on at trial or that its testifying experts will rely on in this case and that are in The Times's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents You intend to provide to Your experts in this Litigation.

**RESPONSE TO NO. 61:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as premature, including because discovery just opened and is ongoing. The Times

further objects to this request as overbroad, vague, and ambiguous to the extent that it calls for

all documents The Times "intend[s] to provide" to any expert, testifying or not, and is not limited

to documents relevant to any party's claims or defenses in this dispute.  The Times further objects

to this request as outside the scope of Federal Rule of Civil Procedure 26(b)(4)(C), which

requires production of documents a testifying expert relies on or facts and data they considered

in rendering their opinion.

Subject to these objections, The Times responds that it will produce documents any

testifying expert relies on or facts and data considered in rendering their opinion in this case.


April 8, 2024

*/s/ Ian Crosby*_____

Ian Crosby *(admitted pro hac vice)*
Genevieve Vose Wallace *(admitted pro hac vice)*
Katherine M. Peaslee *(pro hac vice pending)*
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(admitted pro hac vice)*
Emily K. Cronin (*admitted pro hac vice)*
Ellie Dupler *(admitted pro hac vice)*
**SUSMAN GODFREY L.L.P.**
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)

Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings *(admission pending)*
**SUSMAN GODFREY L.L.P**.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(admitted pro hac vice)*
**ROTHWELL, FIGG, ERNST &
MANBECK, P.C.**
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff
The New York Times Company*

46

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Susman Godfrey L.L.P., whose address is One Manhattan West, New York, NY 10001.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on April 8, 2024, I served a copy of:

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO OPENAI OPCO, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-61)**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)(2)(E)]** by electronically mailing a true and correct copy through Susman Godfrey L.L.P.'s electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. Rule Civ. Proc. Rule 5(b)(2)(E).

☐ **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the offices of the addressee.

**See Attached Service list**

I declare under penalty of perjury that the following is true and correct.

Executed at New York, New York, this 8th day of April, 2024.

*/s/ Alexander Frawley*
Alexander Frawley

47

## SERVICE LIST

OpenAICopyright@mofo.com

Joseph C. Gratz
Vera Ranieri
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-6066
Facsimile: (415) 268-7522
jgratz@mofo.com
Vranieri@mofo.com

Allyson R. Bennett
Rose S. Lee
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Abennett@mofo.com
RoseLee@mofo.com

***Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP, LLC,
OpenAI, LLC, OpenAI OpCo LLC, OpenAI
Global LLC, OAI Corporation, LLC, And
OpenAI Holdings, LLC***

OpenAICopyrightLitigation.lwteam@lw.com

Andrew Gass
Joseph Richard Wetzel , Jr.,
LATHAM & WATKINS, LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Facsimile: (415)-395-8095
andrew.gass@lw.com
joe.wetzel@lw.com

Allison Levine Stillman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212)906-1200
Facsimile: 212-751-4864
alli.stillman@lw.com

Sarang Damle
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202)637-2200
Facsimile: 202-637-2201
sy.damle@lw.com

***Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP, LLC,
OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global
LLC, OAI Corporation, LLC, And OpenAI
Holdings, LLC***

NewYorkTimes_Microsoft_OHS@orrick.com    MicrosoftNYClassActionFDBR@faegredrinker.com

Annette L. Hurst
ORRICK, HERRINGTON & SUTCLIFFE
LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415)773-5700
Facsimile: (415)773-5759
ahurst@orrick.com

Christopher J. Cariello
ORRICK, HERRINGTON & SUTCLIFFE
LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
ccariello@orrick.com

***Attorneys for Defendant***
***Microsoft Corporation***

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
jeffrey.jacobson@faegredrinker.com

Jared B. Briant
FAEGRE DRINKER BIDDLE & REATH LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone (303) 607-3588
jared.briant@faegredrinker.com


***Attorneys for Defendant***
***Microsoft Corporation***