# Exhibit F

**Kenney, Chad (DC)**

| | |
|---|---|
| **From:** | Emily Cronin <ECronin@susmangodfrey.com> |
| **Sent:** | Wednesday, August 14, 2024 12:31 PM |
| **To:** | Macris, Aaron (BN); NYT-AI-SG-Service@simplelists.susmangodfrey.com |
| **Cc:** | newyorktimes-microsoft-fdbr@faegredrinker.com; newyorktimes_microsoft_ohs@orrick.com; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM; OpenAICopyright@mofo.com; KVPOAI@keker.com |
| **Subject:** | Re: The New York Times Company v. Microsoft Corporation, et al. -- Correspondence |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Counsel,

Thank you for your letter dated August 6, 2024. Our responses are below.

### A. Discovery re: Non-Defendant Generative AI Products (RFPs 4-6, 16, 33, 44-46, 49, 51, 58)

As stated in The Times's August 2 response email regarding OAI's proposed search terms, discovery into third-party Generative AI ("GenAI") tools, or whether third-party GenAI tools infringe The Times's copyrights, is not relevant or within the scope of this action. This case is about Defendants' GenAI tools and the harm Defendants are causing The Times. The Times already agreed to produce documents from the last three years concerning The Times's efforts to enforce, monitor, or investigate infringement of its intellectual property rights against any party (Microsoft RFP 27).

The Times's use of AI generally is also irrelevant. Nevertheless, The Times already agreed to produce documents regarding The Times's "A.I. Initiatives" program (OAI RFP 47).

The Times stands on its objections and responses to these RFPs.

### B. Communications Between The Times and Certain Third Parties re: Copyright and Artificial Intelligence (RFP 24)

As stated in The Times's August 2 email, The Times stands on its objection that RFP 24's request for all documents and communications with third party news, writers, or media organizations or plaintiffs in related cases relating to "copyright and artificial intelligence" is overbroad. The Times offered to produce documents and communications with these third parties regarding copyright infringement by OpenAI, but OpenAI declined and has not offered an alternative compromise. The Times already agreed to produce communications with those third parties relating to whether to license works to OpenAI (OAI RFP 25) and agreed in its July 25 email to Microsoft and OpenAI to produce non-newsroom documents and communications with any third parties regarding this litigation (Microsoft RFP 33) and the use of The Times's content in connection with Defendants' GenAI products (Microsoft RFP 60). The Times also agreed to produce the non-newsroom documents and communications with third parties regarding this litigation or the use of Times content by Defendants' GenAI products in response to OpenAI's RFP 87.

### C. Total Page Views for Asserted Works, By Hour, for 14-Day Period Following Publication (RFP 30)

1

As stated in The Times's August 2 email, The Times is working to locate documents that show the total page views for its Asserted Works in the first 14 days following publication, or to confirm that no such documents exist. The Times will produce what it finds after a reasonable search.

### D. Licensing of the Asserted Works (RFPs 33, 43)

The Times stands on its objections and responses to RFPs 33 and 43 and will produce documents sufficient to show the key terms of relevant licensing deals active from January 1, 2018 to the present. OpenAI's request for term sheets for licensing deals concerning the Asserted Works that *did not* result in executed licenses is overbroad. As for OpenAI's offer to limit its requests to "documents sufficient to show all attempts to license the Asserted Works for training of or use with Generative AI products and services," The Times agrees.

The Times stands on its prior agreement to produce relevant licensing agreements active from January 1, 2018 to present. Licensing agreements active from 2011 to 2018 are outside the scope of this lawsuit and are not reasonably accessible to The Times. OpenAI did not announce its first ChatGPT model until 2020 or release ChatGPT to the public until November 2022, so any hypothetical negotiation between The Times and OpenAI for the use of The Times's content to train its GenAI products would not have predated 2018.

### E. Analyses Relating to Trends in Readership or Online Subscriptions (RFPs 35, 37)

As stated in The Times's August 2 email, The Times agrees to produce documents sufficient to show trends in readership for the Asserted Works and The Times's online subscriptions from 2018 to present (RFP 35). Similarly, The Times is willing to produce documents sufficient to show trends in revenue generated in connection with content published on The Times's website from 2018 to present (RFP 37). OpenAI's newly added-on request that The Times produce these documents from the past 30 years is overbroad and far outside the scope of this lawsuit.

The Times also agreed to produce documents regarding The Times's contention that synthetic search results divert important traffic away from copyright holders like The Times (RFP 94), documents regarding decreases in traffic or impact on Wirecutter advertising and subscription revenue that The Times attributes to OpenAI or its products (RFP 96), documents regarding The Times's contention that synthetic outputs erode customer trust in its products (RFP 97), and documents regarding The Times's contention that OpenAI and its products have diverted Times readers (RFP 98).

### F. The Times's Commercial Agreements for Access to Third-Party Content (RFP 41)

The Times stands on its objections and responses to RFP 41. Commercial agreements through which The Times was given permission to use third-party content in its own reporting or by its employees have nothing to do with this case, which is about OpenAI and Microsoft's unauthorized use and infringement of The Times's copyrighted works.

### G. The Times's Potential Adoption of Generative AI for Use By Its Employees (RFP 45)

The Times stands on its objections and responses to OAI RFP 45. The Times does not accept OpenAI's offer to narrow this request to "All Documents and Communications relating to Your plans to promote or facilitate the use of Generative AI by Employees of The New York Times Company." This Request is still overbroad, as well as vague and ambiguous as to The Times's "plans," "to promote," or "to facilitate" the use of Generative AI. The Times already agreed to produce documents sufficient to show past and present efforts or future plans to use Generative AI in its reporting and presentation of content (OAI RFP 49), documents relating to The Times's "A.I. Initiatives" program (OAI RFP 41), documents sufficient to show training programs The Times plans to implement or has implemented regarding

Generative AI (OAI RFP 46), all documents regarding The Times's policies and procedures regarding its employees' use of Defendants' GenAI products (OAI RFP 44, Microsoft RFPs 29, 30), and all documents regarding Defendants' GenAI tools and products that The Times has implemented for use in its reporting and presentation of content (OAI RFP 83).

### H. Discovery Into The Times's Reporting (RFP 56)

The Times stands on its objections and responses to RFP 56. Discovery into all documents or communications regarding The Times's reporting on OpenAI or this litigation is not relevant to any of the legal or factual issues in this lawsuit. Such material is also protected by the reporters' privilege.

### I. The Times's Computation of Damages (Rog 1)

The Times disagrees that its response to OpenAI's Interrogatory No. 1 is deficient. The Times lists the categories of damages it seeks and states the amount of statutory damages to which The Times is entitled for each Asserted Work. As The Times has previously stated, computing damages in more detail at this stage is premature, including because these calculations may require expert analysis and will rely on evidence yet to be produced by Defendants, including key licensing agreements, information about which Times works were used to train Defendants' infringing models, Defendants' revenues, and the volume of Times content that appeared in output generated by Defendants' models. The Times will supplement this response when appropriate as discovery unfolds.

Thanks,

Emily

**Emily Cronin Stillman** | **Susman Godfrey LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310-789-3157 (o) | 949-436-3222 (c) | ecronin@susmangodfrey.com

This e-mail contains privileged and confidential information which may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** <NYT-AI-SG-Service@simplelists.susmangodfrey.com> on behalf of Emily Cronin Stillman <ECronin@susmangodfrey.com>
**Reply-To:** Emily Cronin Stillman <ECronin@susmangodfrey.com>
**Date:** Tuesday, August 13, 2024 at 6:09 PM
**To:** "Aaron.Macris@lw.com" <Aaron.Macris@lw.com>, "NYT-AI-SG-Service@simplelists.susmangodfrey.com" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Cc:** "newyorktimes-microsoft-fdbr@faegredrinker.com" <newyorktimes-microsoft-fdbr@faegredrinker.com>, NYT-AI-Microsoft-OC <newyorktimes_microsoft_ohs@orrick.com>, "openaicopyrightlitigation.lwteam@lw.com" <openaicopyrightlitigation.lwteam@lw.com>, "OpenAICopyright@mofo.com" <OpenAICopyright@mofo.com>, "KVPOAI@keker.com" <KVPOAI@keker.com>
**Subject:** Re: The New York Times Company v. Microsoft Corporation, et al. -- Correspondence

EXTERNAL Email

Aaron,

As I said in my August 7 email, attached, we responded to the questions OpenAI raised on the July 31 meet and confer on August 2.  Please clarify what you believe remains unanswered and identify where you believe we are at an impasse.  We are working on responses to the other issues OpenAI raised in its August 6 letter and will have those to you shortly.

Thanks,
Emily

**Emily Cronin Stillman** | **Susman Godfrey LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310-789-3157 (o) | 949-436-3222 (c) | ecronin@susmangodfrey.com

This e-mail contains privileged and confidential information which may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** "Aaron.Macris at lw.com (via NYT-AI-SG-Service list)" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Reply-To:** "Aaron.Macris@lw.com" <Aaron.Macris@lw.com>
**Date:** Tuesday, August 13, 2024 at 8:22 AM
**To:** "NYT-AI-SG-Service@simplelists.susmangodfrey.com" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Cc:** "newyorktimes-microsoft-fdbr@faegredrinker.com" <newyorktimes-microsoft-fdbr@faegredrinker.com>, NYT-AI-Microsoft-OC <newyorktimes_microsoft_ohs@orrick.com>, "openaicopyrightlitigation.lwteam@lw.com" <openaicopyrightlitigation.lwteam@lw.com>, "OpenAICopyright@mofo.com" <OpenAICopyright@mofo.com>, "KVPOAI@keker.com" <KVPOAI@keker.com>
**Subject:** RE: The New York Times Company v. Microsoft Corporation, et al. -- Correspondence

EXTERNAL Email
Counsel,

For the issues we discussed during our July 31 meet and confer (and summarized in our August 6 letter), we requested a response from The Times by August 7, but we have not heard back.  For those issues where we asked The Times to either confirm that it will be provide the requested discovery or confirm that the parties are at an impasse, we will understand the parties to be at an impasse unless we hear back from you otherwise by today.

For any other remaining issues discussed at the July 31 conferral or raised in our August 6 letter on which an outstanding dispute remains, please provide your availability to confer on August 15 or 16.

Regards,
Aaron

**From:** Macris, Aaron (BN)
**Sent:** Tuesday, August 6, 2024 11:19 PM
**To:** NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Cc:** 'newyorktimes-microsoft-fdbr@faegredrinker.com' <newyorktimes-microsoft-fdbr@faegredrinker.com>; 'newyorktimes_microsoft_ohs@orrick.com' <newyorktimes_microsoft_ohs@orrick.com>; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright@mofo.com; KVPOAI@keker.com
**Subject:** The New York Times Company v. Microsoft Corporation, et al. -- Correspondence

Counsel,

Please see the attached correspondence.

Regards,
Aaron

**Aaron Macris**
*Pronouns: he/him/his*

**LATHAM & WATKINS LLP**
200 Clarendon Street | Boston, MA 02116
D: +1.617.880.4640

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

To unsubscribe from this list please go to https://https://simplelists.susmangodfrey.com/subs/

To unsubscribe from this list please go to
https://simplelists.susmangodfrey.com/confirm/?u=xESooiXfCmsySQ0FJHx3VTG8Ea9GJe1f