# Exhibit 3

**Thursday, September 5, 2024 at 16:07:43 Pacific Daylight Time**

**Subject:** Re: NYT v. Microsoft et al. - correspondence
**Date:** Thursday, July 25, 2024 at 7:35:33 PM Pacific Daylight Time
**From:** Emily Cronin (via NYT-AI-SG-Service list)
**To:** Briant, Jared B., NewYorkTimes_Microsoft_OHS, #NewYorkTimes-Microsoft-FDBR
**CC:** kvpoai@keker.com, openaicopyright@mofo.com, openaicopyrightlitigation.lwteam@lw.com, NYT-AI-SG-Service@simplelists.susmangodfrey.com

EXTERNAL Email

Counsel,

Thank you for your letter. The Times's responses are organized by topic below.

1. **The Times's Work Product Privilege Claims re Pre-Suit Investigation**

The Times stands on its objections and responses to Request Nos. 16-25 and 40-41, including its objection to producing documents or communications protected by attorney-client or work product privilege. The Times disagrees that it has waived work product protection for the reasons outlined in The Times's response to OpenAI's motion to compel. *See* Dkt. 125.

2. **The Reporters' Privilege**

The Times has agreed to produce responsive, non-privileged documents pursuant to an agreed-upon search protocol in response to certain Microsoft Requests (RFPs 12-15, 45-47). However, The Times will not search for documents that are clearly protected by the reporters' privilege– including but not limited to reporters' confidential notes and files. As articulated in The Times's letter opposing OpenAI's motion to compel production of reporters' notes, Dkt. 156, such documents are irrelevant to this case, and requests for those documents are improper and harassing. If any protected documents are captured by search terms, The Times will withhold those documents and log them on a privilege log as required by the parties' agreement.

For Request Nos. 31-39 and 50, The Times stands on its objections and responses. In addition to the objections stated in The Times's responses, The Times will not search for any documents responsive to those Requests that are protected by the reporters' privilege.

Finally, in response to Interrogatories 4 and 5, The Times has identified the individuals from The Times with relevant knowledge.

3. **Robots.txt and Website Controls**

It is unclear what else Microsoft seeks with respect to The Times's robots.txt site. The Times already agreed to produce all non-privileged documents in its possession, custody, and control in response to Request No. 53 ("Documents and Communications concerning

any modifications to Your robots.txt site, located at https://www.nytimes.com/robots.txt, from January 1, 2019, to present.") and Request No. 54 ("Documents concerning Your use of any webmaster controls or other tools to prevent web crawlers from accessing, indexing, archiving, or caching some or all of any websites owned or operated by the New York Times."). For Request No. 52, The Times also agreed to produce documents sufficient to show the existence and operation of its robots.txt file. Those responses appear to cover everything Microsoft requests in its letter. If, after reviewing The Times's document production, Microsoft believes some other group of responsive documents are still missing, we are happy to discuss.

4. **Harm to NYT**

The Times agreed to produce all non-privileged documents relating to harm or injury for which The Times is seeking recovery in this dispute that are in its possession, custody, and control (RFP 56) and documents sufficient to show the total page views for the copyrighted works-in-suit through the first quarter of 2024 (RFP 61). Microsoft's request for "any documents showing click through rates to these digital versions (and any changes to these click through rates), from January 1, 2018 to present" appears to be outside the scope of any Requests served by Microsoft.

We are available to meet and confer about Interrogatory No. 10 on Tuesday after 1pm PT or Wednesday after 12pm PT.

5. **Agreements & Revenue**

The Times will produce relevant licenses active from January 1, 2018 to present (RFP 5) and will produce documents sufficient to show revenue generated from licensing the copyrighted works-in-suit from 2015 to present (RFP 63).

6. **Market and Valuation of Copyrighted Works and Derivative Works**

The Times stands on its objections and responses to Request Nos. 8 and 9. The Times agreed to produce documents regarding The Times's harm in response to Request No. 11 (documents concerning any valuation of the copyrighted works-in-suit), Request No. 48 (documents demonstrating actual harm to The Times's reputation for accuracy, originality, and quality as a result of the conduct alleged in the complaint), Request No. 56 (documents and communications relating to any harm or injury for which The Times is seeking recovery in this dispute), Request No. 57 (documents sufficient to identify the well-established market for The Times to provide paid access to and use of its copyrighted works-in-suit as alleged in ¶ 155 of the Complaint), and Request No. 58 (documents sufficient to identify any alleged lost market value of the copyrighted works-in-suit as alleged in ¶ 156 of the complaint). As for the timeframe, the first of Defendants' consumer-facing Generative AI products was released in November 2022 (ChatGPT). Microsoft's request for discovery of all documents relating to the market for all copyrighted works-in-suit and derivatives dating back to 2015 is overbroad and unduly burdensome.

7. **The Times's Development of AI Tools**

The Times stands on its objections and responses to these Requests. Documents concerning any use of Generative AI by The Times are not relevant to any claims or defenses in this case. Notwithstanding this lack of relevance, The Times has already agreed to produce documents sufficient to show past and present efforts or plans to utilize Generative AI in The Times's reporting and presentation of content (OpenAI RFP 49), documents regarding The Times's policies and procedures regarding its employees' use of Generative AI (Microsoft RFP 29), and documents regarding The Times's AI Initiatives program (OpenAI RFP 47).

8. **IP Assertions & Enforcement**

The Times stands on its objections and responses to Request Nos. 26 and 28. The Times agreed to produce (1) documents relating to judicial or quasi-judicial determinations that any of the copyrighted works-in-suit infringed a third parties rights, and (2) non-privileged documents created during the past three years in which The Times asserted that an entity engaged in copyright infringement. For the reasons stated in The Times's opposition to OpenAI's motion to compel at Dkt. 156, unsubstantiated allegations of infringement are irrelevant.

9. **The Times's Trademarks**

The Times confirms that it will produce all non-privileged documents in its possession, custody, or control concerning its allegation that The Times's trademarks are famous, as alleged in Paragraph 200 of the complaint (RFP 42). The Times stands on its objections and response to Request No. 43.

10. **Materials Shared with Third Parties**

The Times will agree to produce responsive, non-privileged documents in response to Request Nos. 33 and 50 that are in its care, custody, and control.

11. **Electronic Copies of Copyrighted Works-in-Suit**

The Times confirms that it is producing electronic text copies of its copyrighted works-in-suit that are in its possession, custody, and control, and that those text copies will not have controls or restrictions (RFP 3).

12. **Third-Party Confidentiality**

The Times confirms that its objection to producing responsive documents seeking a third party's confidential material "before a protective order has been entered in this case" is no longer applicable because the Protective Order has been entered in this case.

Thanks,
Emily

**Emily Cronin Stillman** | **Susman Godfrey LLP**

1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310-789-3157 (o) | 949-436-3222 (c) | ecronin@susmangodfrey.com

This e-mail contains privileged and confidential information which may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

**From:** <NYT-AI-SG-Service@simplelists.susmangodfrey.com> on behalf of "Briant, Jared B." <jared.briant@faegredrinker.com>
**Reply-To:** "Briant, Jared B." <jared.briant@faegredrinker.com>
**Date:** Thursday, July 18, 2024 at 2:46 PM
**To:** "NYT-AI-SG-Service@simplelists.susmangodfrey.com" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Cc:** NYT-AI-Microsoft-OC <NewYorkTimes_Microsoft_OHS@orrick.com>, "kvpoai@keker.com" <kvpoai@keker.com>, "openaicopyright@mofo.com" <openaicopyright@mofo.com>, "openaicopyrightlitigation.lwteam@lw.com" <openaicopyrightlitigation.lwteam@lw.com>
**Subject:** NYT v. Microsoft et al. - correspondence

EXTERNAL Email
Counsel –

Please see the attached discovery correspondence.  We look forward to your response.

Thanks,

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath LLP**
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

To unsubscribe from this list please go to https://https://simplelists.susmangodfrey.com/subs/

To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=xESooiXfCmsySQ0FJHx3VTG8Ea9GJe1f