# Exhibit 4

**Thursday, September 5, 2024 at 16:15:21 Pacific Daylight Time**

**Subject:** Re: NYT v. Microsoft, et al. - SDNY Case No 1:23-cv-11195-SHS
**Date:** Wednesday, May 22, 2024 at 6:46:57 PM Pacific Daylight Time
**From:** NYT-AI-SG-Service@simplelists.susmangodfrey.com on behalf of Emily Cronin
**To:** Aaron.Macris@lw.com, Chad.Kenney@lw.com, openaicopyrightlitigation.lwteam@lw.com
**CC:** NYT-AI-SG-Service@simplelists.susmangodfrey.com, KVPOAI@keker.com, OpenAICopyright@mofo.com

==EXTERNAL Email==

Aaron,

Plaintiff's responses are below in red.

Thanks,
Emily

**Emily Cronin Stillman** | **Susman Godfrey LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310-789-3157 (o) | 949-436-3222 (c) | ecronin@susmangodfrey.com

This e-mail contains privileged and confidential information which may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** <NYT-AI-SG-Service@simplelists.susmangodfrey.com> on behalf of Emily Cronin Stillman <ECronin@susmangodfrey.com>
**Reply-To:** Emily Cronin Stillman <ECronin@susmangodfrey.com>
**Date:** Tuesday, May 21, 2024 at 8:48 PM
**To:** "Aaron.Macris@lw.com" <Aaron.Macris@lw.com>, "Chad.Kenney@lw.com" <Chad.Kenney@lw.com>, "openaicopyrightlitigation.lwteam@lw.com" <openaicopyrightlitigation.lwteam@lw.com>
**Cc:** "NYT-AI-SG-Service@simplelists.susmangodfrey.com" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>, "KVPOAI@keker.com" <KVPOAI@keker.com>, "OpenAICopyright@mofo.com" <OpenAICopyright@mofo.com>
**Subject:** Re: NYT v. Microsoft, et al. - SDNY Case No 1:23-cv-11195-SHS

==EXTERNAL Email==

Aaron,

We'll have responses to you tomorrow.

Thanks,

Emily

**Emily Cronin Stillman** | **Susman Godfrey LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310-789-3157 (o) | 949-436-3222 (c) | ecronin@susmangodfrey.com

This e-mail contains privileged and confidential information which may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** "Aaron.Macris@lw.com" <Aaron.Macris@lw.com>
**Date:** Friday, May 17, 2024 at 2:07 PM
**To:** Emily Cronin Stillman <ECronin@susmangodfrey.com>, "Chad.Kenney@lw.com" <Chad.Kenney@lw.com>, "openaicopyrightlitigation.lwteam@lw.com" <openaicopyrightlitigation.lwteam@lw.com>
**Cc:** "NYT-AI-SG-Service@simplelists.susmangodfrey.com" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>, "KVPOAI@keker.com" <KVPOAI@keker.com>, "OpenAICopyright@mofo.com" <OpenAICopyright@mofo.com>
**Subject:** RE: NYT v. Microsoft, et al. - SDNY Case No 1:23-cv-11195-SHS

EXTERNAL Email
Emily,

Thank you for meeting and conferring on May 14 regarding Plaintiff's responses and objections to OpenAI's First Set of Requests for Production. Please find below some follow-up items from the call.

1. **Plaintiff's Substantial Production Deadline.** OpenAI asked during a call on May 6 whether Plaintiff will agree to a June 24th deadline for the substantial completion of production of documents in response to OpenAI's First Set of Requests for Production (which would be consistent with the deadline currently set for production of documents in response to Plaintiff's First Set of Requests for Production). We raised the issue again multiple times via email, and asked about this again during our call on May 14. On Wednesday, we asked for your final response on this issue by Thursday. As Sarah stated in her email yesterday, we expect to receive your final response on this issue during Monday's meet and confer.

   <span style="color:red">We addressed this in Zach's email on Monday.</span>

   2. **Category A**

      1. **Request Nos. 2 (attempts to reproduce NYT works using GPT Services), 20 (creation of Exhibit J), 23 (process for obtaining outputs cited in complaint).** These requests relate to Plaintiff's efforts to cause GPT Services to regurgitate NYT articles, including the efforts that led to the outputs disclosed and relied upon in Plaintiff's complaint. Your email below does not quite capture our primary question raised during

2 of 12

the meet and confer about these requests.  We are not merely asking whether Plaintiff will agree to flag "*in advance of privilege logs* if it plans to categorically withhold on privilege/work product grounds documents relating to outputs that weren't cited in the complaint but that relate to the process for obtaining the outputs in the complaint," as your email states.  We are asking Plaintiff to provide its position now as to whether it intends to withhold those materials—and certain materials related to Plaintiff's efforts to cause regurgitation of NYT articles—on the basis of work-product protection or privilege (as Plaintiff's written objections indicate).

> Based on the parties' exchanges so far, Plaintiff clearly possesses a discrete set of materials responsive to these requests that Plaintiff can readily identify now.  Plaintiff has represented that the GPT Services outputs identified in its complaint were procured by a single independent researcher that Plaintiff retained in connection with this litigation.  *See* Feb. 9, 2024 Letter from A. Gass.  In the course of generating those outputs, that researcher almost certainly tested other prompts and generated other outputs not disclosed in Plaintiff's complaint.  Those prompts and outputs are not protected by work-product doctrine or attorney-client privilege, including because the prompts were voluntarily disclosed to OpenAI in the course of submitting them to the GPT Services.  *See, e.g.*, *New York Times Co. v. United States Dep't of Just.*, 939 F.3d 479, 494 (2d Cir. 2019) ("A party waives the work product protection by taking actions inconsistent with this its purpose, such as disclosing work product to its adversary ….").  Similarly, that researcher almost certainly created other materials outlining his or her process for testing prompts and outputs (for example, the settings that would be used, such as temperature), in order to arrive at the outputs disclosed in Plaintiff's complaint.  Because Plaintiff has selectively disclosed and affirmatively relied upon certain portions of that process, Plaintiff cannot withhold those types of related materials on the basis of work-product or privilege.  *See In re Grand Jury Proc.*, 219 F.3d 175, 182 (2d Cir. 2000) ("[A] party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party.").
>
> It appears that we are at an impasse on this issue as well.  OpenAI will move to compel on this.

<span style="color:red">We disagree with your summary of the parties' exchanges above.  The Times does intend to withhold on privilege/work product grounds documents relating to outputs that weren't cited in the complaint.</span>

2. Regarding Request No. 21 (seeking the OpenAI account information for anyone who participated in generating the GPT Services outputs in Plaintiff's complaint), thank you for confirming that the parties are at an impasse, and that Plaintiff stands by its position that it will refuse to produce these documents.  As explained on the call, this account information is relevant because it is likely to lead to relevant information about the outputs on which Plaintiff relies, including the approach that was used to generate them.  Insofar as Plaintiff is claiming privilege or work-product protection over this information, Plaintiff has waived any such protection by submitting that information to OpenAI in the course of creating the accounts.  *See New York Times*, 939 F.3d at 494.  OpenAI will seek relief from the Court to compel production of materials responsive to this request.

<span style="color:red">The parties are at an impasse. The Times stands on its written objections to this request.</span>

3. **Category D—Other Generative AI Services - Request Nos. 4 (reproduction, display, or distribution of NYT works), 5 (NYT's attempts to cause regurgitation), 6 (outputs that summarize or reference NYT works).** Thank you for confirming that the parties are at an impasse on these requests.

4. **Category E**

    1. **Allegations of Infringement and Plagiarism - Request Nos. 8 (infringement) & 9 (plagiarism).** You stated in your May 14 email that "[t]he Times will agree to produce judicial or quasi-judicial determinations that any of the Asserted Works infringed a third party's rights, if any exist," but that "The Times stands on its remaining responses and objections."

        Your email below states that "OpenAI asked that The Times agree to reciprocally drop The Times's RFP against OAI regarding complaints of copyright or trademark infringement." That does not quite capture our exchange on the call. To clarify, OpenAI is not yet offering to drop these requests in exchange for Plaintiff agreeing to drop its similar reciprocal requests. Rather, we asked on the call for Plaintiff whether its position was that both parties' requests on this topic are irrelevant and whether Plaintiff was proposing that all such requests be withdrawn. We understand Plaintiff contends that its own requests on this issue are relevant and that OpenAI's are not—although we have not received a substantive explanation for why that is the case. As explained on the call, it is the other way around: OpenAI is requesting documents concerning allegations of infringement or plagiarism about the asserted works, which bears directly on whether they are protectable by copyright. But that reasoning does not apply to Plaintiff's requests to OpenAI. Please let us know by Tuesday whether Plaintiff's position about these requests has changed in any way, so that we can determine whether the parties are at an impasse.

<span style="color:red">As we've said, The Times agrees to produce judicial or quasi-judicial determinations that any of the Asserted Works infringed a third party's rights, if any exist, but otherwise stands on its written responses and objections. The Times's request that OpenAI produce complaints of copyright or trademark infringement is relevant to OpenAI's infringement of the Asserted Works.</span>

    2. **Creation of Asserted Works – Requests Nos. 10 (expressive, original, and human-authored content), 11 (non-expressive, non-original, or non-human-authored content), 12 (reference material).** As you stated in your email below, we asked during the call whether Plaintiff would be willing to produce the files and materials underlying Plaintiff's asserted works (e.g., reporters' notes, interview memos, records of materials cited in the asserted works, or other similar files for the asserted works). Those types of materials are relevant to, among other things, the determination of which portions of the asserted works are protectable and fair use. They are also relevant given the Times's repeated assertion that "Times Works in particular [is] more valuable than most other content on the internet," and that OpenAI targeted Times content for its training data due to its high quality. *See* Compl. ¶ 145. Based on your email below, we are at an impasse with

respect to this request.

5. **Category F—Ownership and Registration of Asserted Works - Request Nos. 13 (ownership disputes), 14 (correspondence with Copyright Office), 15 (authorship and work-for-hire agreements).** Your email below states that "OpenAI asked whether The Times's agreement to produce agreements relating to authorship in response to No. 15 will include, if applicable, employment agreements to the extent that other agreements don't prove authorship or The Times's ownership of the asserted work." To clarify, our request was not so conditioned. For any asserted works Plaintiff claims to own, by virtue of it being written by one of Plaintiff's employees within the scope of his or her employment, OpenAI requests that employee's employment agreement that was operative at the time the work was written. By Tuesday, please let us know if Plaintiff will produce such agreements.

<span style="color:red">The Times will produce agreements relating to authorship that can be located after a reasonable search. If, after we produce those agreements, OpenAI still thinks there is something missing to prove ownership, The Times is happy to discuss.</span>

Additionally, please let us know by Tuesday whether Plaintiff will produce the other materials described in connection with these requests in OpenAI's May 7 letter, including correspondence with the copyright office and documents reflecting disputes over ownership (such as DMCA Takedown Notices, for works other than user-submitted content).

<span style="color:red">The Times stands on its response to Request No. 14.</span>

6. **Category G—Correspondence with Other Plaintiffs – Request No. 24**. We noted during the meeting that this request is limited to communications with certain other parties concerning "copyright and artificial intelligence." We are willing to entertain proposals for further limitations, but without more information about the burden this request purportedly imposes, we see no reason to limit it at this time. Please provide your limiting proposal by Tuesday.

<span style="color:red">The Times suggests that RFP 24 be narrowed as follows:</span> "All Documents and Communications between You and other news, media, or writers' organizations and publishers, as well as any other named plaintiff in Tremblay v. OpenAI, Inc., No. 3:23-cv-03223 and Silverman v. OpenAI, Inc., No. 3:23-cv-03416 in the Northern District of California, and Authors Guild v. OpenAI Inc., No. 1:23-cv-08292, Alter v. OpenAI Inc., No. 1:23-cv-10211, Basbanes v. Microsoft, No. 1:24-cv-00084, The Intercept Media, Inc. v. OpenAI, Inc., No. 1:24-cv-01515, and Raw Story Media, Inc. v. OpenAI, Inc., No. 1:24-cv-01514 in the Southern District of New York, directly or through any Employee, Agent, or third party, related to copyright <span style="color:red">infringement by</span> ~~artificial intelligence~~ <span style="color:red">OpenAI</span>." <span style="color:red">With that limitation, The Times would agree to produce non-privileged documents responsive to that Request that are in its possession, custody, and control that can be located after a reasonable search and pursuant to an agreed-upon search protocol.</span>

7. **Category H—Licenses and Attempts to License - Requests No. 33 and 43.**

    1. **Attempts to License.** As explained on the call, these requests encompass documents

> reflecting failed attempts to license the asserted works, which is relevant to the value of the asserted works and to fair use (e.g., the effect of the alleged infringement on the market for the asserted works).  Please confirm that Plaintiff will produce such materials by Tuesday.

The Times stands on its written response and objections and will not agree to produce failed attempts to license.  For the licenses it has agreed to produce, The Times is still investigating whether any such licenses would require redaction and, in the event they do, will flag the issue in advance.

3. **License redactions**. Additionally, we remain unclear on what NYT means by "key terms" and how that limits what Plaintiff is planning to produce.  On the call, we understood you to indicate that Plaintiff used this language to preserve the option of redacting certain material from license agreements, such as information subject to third-party confidentiality obligations.  Please confirm by Tuesday that Plaintiff intends to produce full license agreements to the asserted works, and if Plaintiff has a basis for redacting content from those agreements, please explain what that would be.

To the extent that the full licensing agreements can be accessed based on a reasonable search, The Times agrees to produce them.

> **Timeframe**. Regarding timeframe, as discussed, we are willing to negotiate a specific window for license agreements, but we do not believe 2018 to the present is even remotely long enough for these types of materials, particularly given that Plaintiff has asserted works that were published long before 2018 (indeed, we just received an email indicating that Plaintiff intends to assert works that were registered with the Copyright Office before 1950).  Are there any particular restrictions on the manner in which Plaintiff maintains its license agreements that would make producing license agreements before a certain timeframe burdensome?  For instance, are Plaintiff's license agreements unavailable in electronic format before a certain year?  Please let us know by Tuesday.

The Times is standing on its written objections and its agreement to produce from January 1, 2018 to present.  We understand that there is an additional burden associated with compiling the licensing records from before January 1, 2018, but The Times also stands on its scope and relevance objections to licenses outside that timeframe.

8. **Category I—NYT's AI Tools - Request Nos. 50 and 51.**  You reiterated your position that "[t]he Times's use of AI tools is not relevant to this case" because other artificial intelligence tools beyond generative AI are not relevant.  Tthey are relevant to fair use, particularly if the Plaintiff's tools were trained and developed in a similar way to ChatGPT.  They are also relevant given the Times's contention that OpenAI's tools "threaten[ ] The Times's ability" to provide "trustworthy information, news analysis, and commentary." Compl. ¶¶ 2-3. If the Times's is also using AI tools, OpenAI is entitled to test why exactly such tools do not pose the same alleged threat. The parties are at an impasse with respect to this request.

9. **Request No. 18 (All Documents and Communications relating to any arrangement or agreement by which You permitted a third party to reproduce or display Your Asserted Works, or any part thereof, in print or on the Internet, regardless of**

> **whether the arrangement or agreement was commercial or non-commercial).**
> Plaintiff objects on overbreadth grounds.  As noted on the call, we are willing to narrow this request to agreements themselves (i.e., excluding other related documents and communications).  Please confirm by Tuesday that Plaintiff will produce such agreements.

<span style="color:red">The Times stands on its written objections to this request.  We appreciate your offer to narrow but it still does not resolve The Times's scope and burden concerns.</span>

10. **Request No. 42 (For each of Your Asserted Works, Documents sufficient to show the relevant category of that work as referenced in Paragraphs 33–37 of the Complaint. Categories can include, without limitation, "Investigative Reporting," "Breaking News Reporting," "Beat Reporting," "Reviews and Analysis," or "Commentary and Opinion.")**—We understand that Plaintiff's concern with this request is that there may not be documents that exist in the ordinary course of business that show how these works fit into the categories outlined in Plaintiff's complaint.  As stated on the call, if that is the case, we're happy to explore other forms of obtaining this discovery (for example, perhaps through a 30(b)(6) deposition topic).  However, if the categories outlined in Plaintiff's complaint are categories that Plaintiff uses in the ordinary course of business for cataloguing its journalism, it would surprise us if no records exist that classify them in that manner.  By Tuesday, would you please clarify whether Plaintiff uses those categories to catalog its works?  If so, would you please explain why it would be burdensome to investigate whether Plaintiff maintains records that classify its works according to those categories?

<span style="color:red">The Times does not have readily accessible documents that are responsive to this request and stands on its written objections to scope, relevance, and undue burden.</span>

We will follow up on any other issues not addressed in this email.

Regards,
Aaron

---

**From:** Emily Cronin <ECronin@susmangodfrey.com>
**Sent:** Wednesday, May 15, 2024 8:25 PM
**To:** Kenney, Chad (DC) <Chad.Kenney@lw.com>; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; KVPOAI@keker.com; OpenAICopyright@mofo.com
**Subject:** Re: NYT v. Microsoft, et al. - SDNY Case No 1:23-cv-11195-SHS

Counsel,

Thank you for the meet and confer yesterday.  To recap:

- For category A (Nos 2, 7, 20, 21, 23):
    - OpenAI asked if The Times will agree to flag in advance of privilege logs if it plans to categorically withhold on privilege/work product grounds documents

  relating to outputs that weren't cited in the complaint but that relate to the
  process for obtaining the outputs in the complaint.  We'll get back to you on
  this soon.
  - The parties are at an impasse on Nos. 7 and 21.
- For categories B & C (reporters' privilege and common interest):
  - I reiterated The Times's agreement to notify OpenAI if issues regarding the reporters' privilege affects The Times's willingness to search for and review any category of documents.
  - OpenAI asked if The Times will flag in advance of privilege logs if it plans to categorically withhold responsive documents on the basis of a common interest agreement. We'll get back to you on this soon.
- For category D (Nos. 4-6), the parties are at an impasse.
- For category E (Nos. 8-12):
  - OpenAI asked that The Times agree to reciprocally drop The Times's RFP against OAI regarding complaints of copyright or trademark infringement.  I emphasized that the The Times's relevance objections aren't the same, so this was unlikely, but we'd confirm.
  - For request Nos. 10-12, OpenAI asked if The Times would be willing to produce the underlying reporter's notes, interview memos, records of materials cited, or other "files" for each asserted work.  The Times is not willing to produce this material and stands on its objections.
- For category F (Nos. 13-15), OpenAI asked whether The Times's agreement to produce agreements relating to authorship in response to No. 15 will include, if applicable, employment agreements to the extent that other agreements don't prove authorship or The Times's ownership of the asserted work.  We'll get back to you on this soon.
- For category G (No. 24), OpenAI asked if The Times is willing to propose a way to limit this request.  We'll get back to you on this soon.  In the meantime, please also suggest a narrower version of this RFP for The Times to consider.
- For category H (Nos. 33, 43):
  - OpenAI asked The Times to confirm whether it is planning to produce portions of key terms of relevant licenses or whether it will produce the entire underlying licenses (with possibly redactions if applicable).  We'll get back to you on this soon.
  - OpenAI said it may revert with a different proposed date cutoff.
- For category I (Nos. 50-51), the parties are at an impasse.
- For category J (Nos. 54-55), OpenAI asked if The Times would agree to produce licensing agreements relating to these corpora.  We'll get back to you on this soon.
- For category K (responses with potential for narrowing scope):
  - No. 18 – OpenAI offered to limit this request to agreements to reproduce asserted works.  We'll get back to you on this soon.
  - No. 30 – OpenAI explained that this request is seeking documents showing page views in the first 14 days, which is more granular than RFP No. 29 (page

> views for each month).  We'll let OpenAI know if we are standing on our responses/objections or if there is a subset of responsive documents we can produce soon.
> - Nos. 35 & 37 – OpenAI agreed to try narrowing these two requests.  The Times will consider what they propose.
> - No. 42 – OpenAI agreed to propose alternative methods of getting this information through discovery.  The Times will consider what they propose.
> - No. 45 – OpenAI explained that the goal of this request is to discover any other ways The Times is/was planning to use generative AI.  If OpenAI proposes a narrower version of this request, The Times will consider it.

Thanks,
Emily

**Emily Cronin Stillman** | **Susman Godfrey LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310-789-3157 (o) | 949-436-3222 (c) | ecronin@susmangodfrey.com

This e-mail contains privileged and confidential information which may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** "Chad.Kenney@lw.com" <Chad.Kenney@lw.com>
**Date:** Friday, May 10, 2024 at 11:05 AM
**To:** Emily Cronin Stillman <ECronin@susmangodfrey.com>, "NYT-AI-SG-Service@simplelists.susmangodfrey.com" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Cc:** "openaicopyrightlitigation.lwteam@lw.com" <openaicopyrightlitigation.lwteam@lw.com>, "OpenAICopyright@mofo.com" <OpenAICopyright@mofo.com>, "KVPOAI@keker.com" <KVPOAI@keker.com>
**Subject:** RE: NYT v. Microsoft, et al. - SDNY Case No 1:23-cv-11195-SHS

EXTERNAL Email
Thanks, Emily. I just sent an invite for 2:30 ET on Tuesday.

Best,
Chad

**Chad Kenney**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304

Direct Dial: +1.202.350.5388
Email: chad.kenney@lw.com
https://www.lw.com

---

**From:** Emily Cronin <ECronin@susmangodfrey.com>
**Sent:** Thursday, May 9, 2024 9:37 PM
**To:** Kenney, Chad (DC) <Chad.Kenney@lw.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Cc:** #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright@mofo.com; KVPOAI@keker.com
**Subject:** Re: NYT v. Microsoft, et al. - SDNY Case No 1:23-cv-11195-SHS

Chad,

We're available Tuesday after 2pm ET. We'll respond to the specific issues you raise before then.

Best,
Emily

**Emily Cronin Stillman** | **Susman Godfrey LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310-789-3157 (o) | 949-436-3222 (c) | ecronin@susmangodfrey.com

This e-mail contains privileged and confidential information which may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** <NYT-AI-SG-Service@simplelists.susmangodfrey.com> on behalf of "Chad.Kenney at lw.com (via NYT-AI-SG-Service list)" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Reply-To:** "Chad.Kenney@lw.com" <Chad.Kenney@lw.com>
**Date:** Thursday, May 9, 2024 at 5:23 PM
**To:** "NYT-AI-SG-Service@simplelists.susmangodfrey.com" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Cc:** "openaicopyrightlitigation.lwteam@lw.com" <openaicopyrightlitigation.lwteam@lw.com>, "OpenAICopyright@mofo.com" <OpenAICopyright@mofo.com>, "KVPOAI@keker.com" <KVPOAI@keker.com>
**Subject:** RE: NYT v. Microsoft, et al. - SDNY Case No 1:23-cv-11195-SHS

EXTERNAL Email
Counsel,

We have not heard back regarding this request. Please provide your availability for next Monday. If Monday is not available, please provide your availability for Tuesday or Wednesday. We are particularly concerned about Plaintiff's recalcitrance regarding the following requests:

1. Request Nos. 2, 7, 20, 21, and 23 (Regurgitation Prompting)
2. Plaintiff's blanket assertion of the reporter's privilege in response to Request Nos. 1, 3, 7, 10, 11, 12, 16, 17, 22, 24, 47, 48, 49, 50, 56
3. Request Nos. 13–15 (Ownership and Registration of Asserted Works)
4. Request Nos. 50 and 51 (Plaintiff's AI Tools)

Similarly, we also have not heard back regarding a deadline for Plaintiff's substantial completion of production of documents in response to this First Set of Requests for Production. Please let us know whether you will agree to a deadline of June 24th.

If we have not resolved our disputes regarding these issues by Wednesday, we will be moving to compel.

Best,
Chad


**Chad Kenney**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Direct Dial: +1.202.350.5388
Email: chad.kenney@lw.com
https://www.lw.com

---

**From:** Kenney, Chad (DC)
**Sent:** Tuesday, May 7, 2024 8:36 PM
**To:** 'NYT-AI-SG-Service@simplelists.susmangodfrey.com' <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Cc:** #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright <OpenAICopyright@mofo.com>; KVP-OAI <KVPOAI@keker.com>
**Subject:** NYT v. Microsoft, et al. - SDNY Case No 1:23-cv-11195-SHS

Counsel,

Please see the attached letter regarding OpenAI's First Set of Requests for Production.

Please provide your availability on Monday May 13th to meet and confer regarding these issues.

Best,
Chad

**Chad Kenney**

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Direct Dial: +1.202.350.5388
Email: chad.kenney@lw.com
https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

To unsubscribe from this list please go to https://https://simplelists.susmangodfrey.com/subs/

To unsubscribe from this list please go to https://https://simplelists.susmangodfrey.com/subs/

To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=xESooiXfCmsySQ0FJHx3VTG8Ea9GJe1f