# Exhibit 5

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC.,<br>OPENAI LP, OPENAI GP, LLC, OPENAI, LLC,<br>OPENAI OPCO LLC, OPENAI GLOBAL LLC,<br>OAI CORPORATION, LLC, and OPENAI<br>HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND
OBJECTIONS TO MICROSOFT CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff The New York Times

Company ("The Times") responds to Defendant Microsoft Corporation's ("Microsoft") First Set

of Requests for Production of Documents and Things (the "Requests") as follows:

## GENERAL OBJECTIONS

1.      The Times objects to each Request to the extent it seeks information or documents

subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2.      The Times objects to each Request to the extent it seeks documents or information

not within The Times's possession, custody, or control or that are already in the possession,

custody, and control of Defendants, on the grounds that such Requests are unduly burdensome and

oppressive and therefore exceed the bounds of permissible discovery. The Times will only produce

documents within its possession, custody, or control, and will do so in the manner such documents

are kept in the usual course of business. Such productions will be made subject to the terms of the anticipated ESI Order, which has not yet been entered and the parties are currently negotiating.

3.     The Times objects that a Protective Order has not yet been entered in the case and production of confidential documents is subject to the entry of a Protective Order. Until a Protective Order is entered, The Times will produce confidential documents subject to an agreement that any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will be kept confidential before a Protective Order is entered.

4.     The Times's responses are subject to the following objections to the "Definitions" and "Instructions" provided with the Requests.

5.     The Times objects to the definitions of "You," "Your," "NYT," or "New York Times" insofar as they include The Times's "corporate parent," of which there is none. The Times further objects to these definitions as contrary to Local Rule 26.3, particularly insofar as they include The Times's "attorneys" and "agents." The Times construes "You," "Your," "NYT," or "New York Times" as those terms are defined in Local Rule 26.3.

6.     The Times objects to the definition of "Generative AI Technologies" insofar as the definition is not limited to *Defendants'* models, products, or services. The Times construes "Generative AI Technologies" to mean "Defendants' artificial intelligence models that use machine learning techniques to predict and generate natural-language outputs in response to user inputs."

7.     The Times objects to the instruction requesting that The Times provide a "privilege log" insofar as that instruction asks The Times to provide more information than what is required by law. The Times will comply with its obligations under Federal Rule of Civil Procedure 26 and the terms of any protective order entered in this case.

8.    The Times objects to the stated time period for these Requests, which Microsoft has listed as June 2, 2019 to the present. The Times is willing to meet and confer regarding a more appropriately tailored time frame for these Requests.

9.    The Times is willing to meet and confer regarding these Requests.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents concerning the registration of the Copyrighted Works-In-Suit, including but not limited to the U.S. Copyright Registration Certificates, deposit copies, and correspondence with the Copyright Office pertaining to the same.

### RESPONSE TO NO. 1:

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks all "Documents concerning the registration of the Copyrighted Works-In-Suit" without limitation to documents relevant to any party's claims or defenses.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times will produce deposit copies for the Asserted Works that can be located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 2:

Documents sufficient to establish Your ownership of the Copyrighted Works-In-Suit.

### RESPONSE TO NO. 2:

The Times incorporates the General Objections set forth above.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

3

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:**

A complete copy of each of the Copyrighted Works-In-Suit in searchable electronic portable document format the contents of which can be readily accessed and copied without application of further technologies.

**RESPONSE TO NO. 3:**

The Times incorporates the General Objections set forth above.  The Times objects to the term "without application of further technologies" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the forthcoming ESI Order.

The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

Documents constituting any executed or contemplated agreements regarding Your ownership or other beneficial interest in each of the Copyrighted Works-In-Suit, including but not limited to any agreements with freelance journalists or other independent contractors, licenses, assignments, work for hire, options, or any other oral or written agreement.

**RESPONSE TO NO. 4:**

The Times incorporates the General Objections set forth above.  The Times objects to this

4

Request as overbroad and unduly burdensome to the extent that it seeks material not relevant to any party's claims or defenses, including "contemplated agreements regarding . . . ownership." The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce agreements related to authorship of the Copyrighted Works-In-Suit that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

Documents concerning or constituting any arrangement or agreement by which third parties have reproduced, distributed, prepared derivative works from, publicly displayed or performed, or otherwise exploited the Copyrighted Works-In-Suit, or any part thereof, regardless of whether any such commercial arrangements involve compensation to the New York Times, but excluding the "digital subscriptions" to the New York Times described at *https://help.nytimes.com/hc/en-us/articles/115015852367-Digital-Subscriptions*.

**RESPONSE TO NO. 5:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material not relevant to any party's claims or defenses in this dispute and outside the scope of permissible discovery. The Times further objects to the terms "prepared derivative works from" and "otherwise exploited" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.

Subject to these objections, The Times responds that it will produce relevant enterprise

licensing agreements active from January 1, 2018 to the present that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

Documents concerning any compensation You have received for the reproduction, distribution, public display, advertising (including advertorial), or other exploitation of each of the Copyrighted Works-In-Suit by any other person or entity, including but not limited to, sales reports, subscription sales reports, royalty reports, option payments, license payments, or any other Documents evidencing compensation owed and/or paid to You in connection with the exploitation of the Copyrighted Works-In-Suit.

**RESPONSE TO NO. 6:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad to the extent that it seeks material not relevant to any party's claims or defenses in this dispute and outside the scope of permissible discovery. The Times further objects to the terms "advertorial" and "exploitation" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 7:**

Documents concerning projected or anticipated compensation for the exploitation of the

Copyrighted Works-In-Suit by any other person or entity, including but not limited to, sales projections, royalty projections, future licensing plans, or any other Documents evidencing projections of future compensation.

**RESPONSE TO NO. 7:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material not relevant to any party's claims or defenses in this dispute and outside the scope of permissible discovery. The Times further objects to the terms "anticipated compensation," "exploitation," and "future licensing plans" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 8:**

Documents concerning the market for the Copyrighted Works-In-Suit, including Documents sufficient to show Your consumer base, gross revenues, overall market performance, market performance for purchases of print publications, market performance for purchases of digital publications, supply and demand, advertisement performance, or any related market studies or research, both before and after release of Defendants' Generative AI Product(s) and Service(s).

**RESPONSE TO NO. 8:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome to the extent that it seeks "Documents concerning the market" from "before" Defendants' Generative AI Product(s) and Service(s) were released, without limitation to a specific timeframe. The Times further objects to the terms "consumer base," "supply and demand," "advertisement performance," and "any related market studies and research" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 9:

Documents concerning the market for derivatives of Your Copyrighted Works-In-Suit, including Documents sufficient to show Your consumer base, gross revenues, overall market performance, market performance for purchases of print publications, market performance for purchases of digital publications, supply and demand, advertisement performance, or any related market studies or research, to the extent such market exists, both before and after release of Defendants' Generative AI Product(s) and Service(s).

### RESPONSE TO NO. 9:

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome to the extent that it seeks "Documents" from "before" Defendants' Generative AI Product(s) and Service(s) were released, without limitation to a specific timeframe. The Times further objects to the terms "market for derivatives," "consumer base," "supply and demand," "advertisement performance," and "any related market

studies and research" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 10:

Documents concerning the purpose of, accessibility of, and terms of use for the New York Times Article Archive, the TimesMachine, and the API provided to researchers and academics, as described in Paragraph 46 of the Complaint.

### RESPONSE TO NO. 10:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks all "Documents" without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

### REQUEST FOR PRODUCTION NO. 11:

Documents concerning any valuation of the Copyrighted Works-In-Suit, both before and after release of Defendants' Generative AI Product(s) and Service(s).

**RESPONSE TO NO. 11:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome to the extent that it seeks all "Documents concerning any valuation" from "before" Defendants' Generative AI Product(s) and Service(s) were released, without limitation to a specific timeframe and to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "any valuation" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

The Times responds that it will produce non-privileged documents concerning any valuation of the Copyrighted Works-In-Suit that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol from 2015 to present.

**REQUEST FOR PRODUCTION NO. 12:**

Documents You contend support Your allegation that Microsoft created and distributed reproductions of Your Copyrighted Works-In-Suit in the Training of its Generative AI Product(s) and Service(s).

**RESPONSE TO NO. 12:**

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the

California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 13:**

Documents You contend support the allegation that Microsoft created and distributed reproductions of the Copyrighted Works-In-Suit in the operation, as this term is used in Paragraph 73 of the Complaint, of its Generative AI Product(s) and Service(s).

**RESPONSE TO NO. 13:**

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 14:**

Documents concerning Your allegation that Microsoft and OpenAI acted jointly in any alleged copying of Your Copyrighted Works.

**RESPONSE TO NO. 14:**

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 15:**

Documents concerning Your allegation that Microsoft's conduct in this case was willful.

**RESPONSE TO NO. 15:**

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search

for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 16:**

Documents concerning Your investigation of the conduct alleged in the Complaint.

**RESPONSE TO NO. 16:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as vague and ambiguous as to the terms "investigation" and "conduct."  The Times reasonably construes "Your investigation of the conduct alleged in the Complaint" to mean the investigation by The Times into the factual matter alleged in the Complaint underlying its claims. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify all individuals involved in Your investigation of the conduct alleged in the Complaint.

**RESPONSE TO NO. 17:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad to the extent that it seeks "Documents sufficient to identify all individuals

involved" in The Times's "investigation" without limitation to material relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "investigation" and "conduct" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request insofar as it asks The Times to disclose experts or consultants. The Times will disclose experts and consultants when and as required by Federal Rule of Civil Procedure 26 and any protective order and/or scheduling order entered in this case.

Based on these objections, The Times will not produce Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

Documents concerning the outputs of Generative AI Product(s) and Service(s) described in the Complaint at Paragraphs 99 through 107 and 112 through 123, including but not limited to Documents concerning or evidencing all prompts and/or outputs that preceded the prompts shown in the Complaint.

**RESPONSE TO NO. 18:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad, vague, and ambiguous to the extent that it seeks all "Documents concerning the outputs of Generative AI Product(s) and Service(s) described in the Complaint" and is not limited to documents relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "prompts" and "outputs" as vague and ambiguous. The Times reasonably construes this Request to refer to The Times's process for obtaining the GPT Services outputs cited in the Complaint. The Times further objects to this request as unreasonably

cumulative of Request No. 16.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege or work-product doctrine.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

### REQUEST FOR PRODUCTION NO. 19:

Documents sufficient to identify all individuals involved in the creation or preparation of the Document titled "One Hundred Examples of GPT-4 Memorizing Content from the New York Times," attached as Exhibit J to the Complaint ("Exhibit J").

### RESPONSE TO NO. 19:

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad to the extent that it seeks "Documents sufficient to identify all individuals involved in the creation or preparation of" Exhibit J without limitation to material relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "creation" and "preparation" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request insofar as it asks The Times to disclose experts or consultants.  The Times will disclose experts and consultants when and as required by Federal Rule of Civil Procedure 26 and any protective order and/or scheduling order entered in this case.

Based on these objections, The Times will not produce Documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 20:

Documents concerning the selection of Defendants' Generative AI Products(s) and Service(s) used to generate each output included as an example in Exhibit J, including but not limited to Documents sufficient to show which of Defendants' Generative AI Product(s) and Service(s) was used for each example and the reason for selecting the specific Generative AI Product and Service for each example.

**RESPONSE TO NO. 20:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as vague and ambiguous as to the terms "selection," "generate," and "output." The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

Documents concerning the development and execution of prompts provided to GPT-4 for the purpose of preparing Exhibit J, including but not limited to any prompts provided to and outputs from GPT-4 that were not selected for inclusion in Exhibit J and the modification of any attempted prompts to create the final prompt for each example contained in Exhibit J.

**RESPONSE TO NO. 21:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "development," "execution," "prompts," "outputs," "selection," "modification," and "attempted." The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce Documents responsive to this

Request.

**REQUEST FOR PRODUCTION NO. 22:**

Documents concerning Your prompting of Microsoft's Generative AI Product(s) and Service(s) to generate any summary, outline, or portion of Your Copyrighted Works-In-Suit, as alleged in the Complaint.

**RESPONSE TO NO. 22:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "Your prompting," "summary," "outline," and "portion" as vague and ambiguous. The Times further objects to this Request as unreasonably cumulative of Request Nos. 16 and 18. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

Documents concerning Your prompting of any Generative AI Product or Service to generate any summary, outline, or portion of Your Copyrighted Works-In-Suit.

**RESPONSE TO NO. 23:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "Your prompting," "summary," "outline," and "portion" as vague and ambiguous. The Times further objects to this request as overbroad and unduly burdensome to the extent that it seeks information about "any Generative AI Product or Service" without limitation to Defendants' Generative AI Product(s) or Service(s) and thus seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to this Request as

unreasonably cumulative of Request Nos. 16 and 18. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

Documents concerning Your prompting of Microsoft's Generative AI Product(s) and Service(s) to generate excerpts or paraphrases of Wirecutter content.

**RESPONSE TO NO. 24:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "Your prompting," "generate," "excerpts," and "paraphrases" as vague and ambiguous. The Times reasonably construes this Request to refer to The Times's process for obtaining the applicable outputs cited in Exhibit J of the Complaint. The Times further objects to this Request as unreasonably cumulative of Request Nos. 16 and 18. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to identify all individuals who prompted any Generative AI Product and Service in preparing the Complaint.

**RESPONSE TO NO. 25:**

The Times incorporates the General Objections set forth above.  The Times objects to the terms "prompted any Generative AI Product and Service" and "in preparing" as vague and ambiguous.  The Times further objects to this request as overbroad to the extent that it seeks information about "any Generative AI Product or Service" without limitation to Defendants' Generative AI Product(s) or Service(s) and thus seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request insofar as it asks The Times to disclose experts or consultants. The Times will disclose experts and consultants when and as required by Federal Rule of Civil Procedure 26 and any protective order and/or scheduling order entered in this case.

Based on these objections, The Times will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 26:

Documents concerning any allegations or claims raised by or against You relating to intellectual property infringement or any assertions of intellectual property rights, including Documents concerning proceedings involving such claims in any forum (including civil, criminal, and bankruptcy proceedings, as well as arbitrations and other quasi-judicial proceedings) to which You are or were a party or testifying witness, including, but not limited to, Documents sufficient to identify such proceedings; copies of any witness statements, declarations/affidavits, deposition transcripts, or other written or oral testimony You provided (sworn or unsworn); and the Documents concerning the final disposition of the matter, whether by judgment, settlement, dismissal, or other conclusion.

### RESPONSE TO NO. 26:

19

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material not relevant to any party's claims or defenses.  The Times further objects to the terms "assertions of intellectual property rights," "raised by or against" and "relating to intellectual property infringement" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request as unreasonably cumulative of Request No. 28.

Subject to these objections, The Times will produce documents relating to judicial or quasi-judicial determinations that any of the Copyrighted Works-In-Suit infringed a third party's rights and non-privileged documents created during the past three years in which The Times asserted that an entity engaged in copyright infringement that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

### REQUEST FOR PRODUCTION NO. 27:

Documents concerning Your efforts to enforce the intellectual property rights in any of Your Copyrighted Works against any other party, or to monitor for or investigate infringement of any of Your Copyrighted Works.

### RESPONSE TO NO. 27:

The Times incorporates the General Objections set forth above.  The Times objects to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it seeks "Documents concerning" "efforts to enforce the intellectual property rights in any of Your Copyrighted Works against any other party," which seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "any other party," "monitor for," or "investigate" as vague and ambiguous.  The Times further objects to

this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents created during the past three years responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 28:**

Documents concerning any assertion by any other party that any of the Copyrighted Works- In-Suit infringe any copyright or trademark rights of any third party.

**RESPONSE TO NO. 28:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material not relevant to any party's claims or defenses. The Times further objects to the terms "assertion," "infringe" and "rights of any third party" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times will produce documents relating to judicial or quasi-judicial determinations that any of the Copyrighted Works-In-Suit infringed a third party's rights.

**REQUEST FOR PRODUCTION NO. 29:**

Documents and Communications concerning Your policies and procedures regarding Your employees' use of Generative AI Product(s) and Service(s), from January 1, 2018, to present.

**RESPONSE TO NO. 29:**

The Times incorporates the General Objections set forth above. The Times objects to this request as vague, ambiguous, and overbroad to the extent that it seeks all "Documents and Communications concerning" The Times's "employees' use of Generative AI Product(s) and Service(s)" because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times reasonably construes this Request to refer to the use of Generative AI Product(s) and Service(s) by The Times's employees in furtherance of their work for The Times. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

### REQUEST FOR PRODUCTION NO. 30:

Documents concerning Your policies and procedures regarding Your employees' use of Microsoft's Generative AI Product(s) and Service(s), from January 1, 2018, to present.

### RESPONSE TO NO. 30:

The Times incorporates the General Objections set forth above. The Times objects to this request as vague, ambiguous, and overbroad to the extent that it seeks all "Documents and Communications concerning" The Times's "employees' use of Microsoft's Generative AI Product(s) and Service(s)" because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times reasonably construes this Request to refer to the use of Microsoft's Generative AI Product(s) and Service(s) by The Times's employees in furtherance of their work for The Times. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 31:**

Documents concerning the Training and Fine-Tuning of the Your "generative AI ad tool" that is referenced in the February 20, 2024, Axios article titled "Exclusive: NYT plans to debut new generative AI ad tool later this year."

**RESPONSE TO NO. 31:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks all "Documents" concerning The Times's "Training" and "Fine-Tuning" of a "generative AI ad tool" without limitation to documents that are relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

Documents concerning the Training and Fine-Tuning of any other Generative AI Model developed, used, or considered for use by You.

**RESPONSE TO NO. 32:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks all "Documents" concerning The Times's "Training" and "Fine-Tuning" of a "any other Generative AI Model" without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects that the terms "any other Generative AI Model," "developed," "used," or "considered" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

Documents You have exchanged with any person or entity concerning this litigation.

**RESPONSE TO NO. 33:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and further objects to the term "concerning this litigation" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 34:

Documents and Communications concerning Your efforts to publicize this litigation or the allegations in the Complaint, including but not limited to the New York Times article by Michael M. Grynbaum and Ryan Mac titled *The Times Sues OpenAI and Microsoft Over A.I. Use of Copyrighted Work*, available at *https://www.nytimes.com/2023/12/27/business/media/new-york- times-open-ai-microsoft-lawsuit.html* (Dec. 27, 2023).

### RESPONSE TO NO. 34:

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad to the extent that it seeks "Documents and Communications" that are not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "concerning Your efforts to publicize" as vague and ambiguous.  The Times further objects to

25

this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

Documents concerning all articles You have published since June 1, 2020, concerning Generative AI Technologies, Generative AI Systems, the Generative AI Models, and the Generative AI Product(s) and Service(s), including but not limited to research, drafts, and investigatory notes for such articles, as well as documents concerning any editorial decision-making behind such articles.

**RESPONSE TO NO. 35:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "Documents concerning all articles" "concerning Generative AI Technologies, Generative AI Systems, the Generative AI Models, and the Generative AI Product(s) and Service(s) Communications" without limitation to documents that are relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request

to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 36:

Documents concerning the New York Times article by Cade Metz, Cecilia Kang, Sheera Frenkel, Stuart A. Thompson, and Nico Grant titled *How Tech Giants Cut Corners to Harvest Data for A.I.*, available at *https://www.nytimes.com/2024/04/06/technology/tech-giants-harvest-data-artificial-intelligence.html* (Apr. 6, 2024; updated Apr. 8, 2024).

### RESPONSE TO NO. 36:

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad to the extent that it seeks "Documents" that are not relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this

Request.

**REQUEST FOR PRODUCTION NO. 37:**

Documents concerning the New York Times article by Cade Metz and Stuart A. Thompson titled *What to Know About Tech Companies Using A.I. to Teach Their Own A.I.*, available at *https://www.nytimes.com/2024/04/06/technology/ai-data-tech-companies.html* (Apr. 6, 2024).

**RESPONSE TO NO. 37:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad to the extent that it seeks "Documents" that are not relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

Documents concerning Your The Daily podcast episode titled "A.I.'s Original Sin," https://www.nytimes.com/2024/04/16/podcasts/the-daily/ai-data.html, including but not limited to documents evidencing underlying investigative work for the podcast and any records concerning any reporting done in connection with the podcast.

**RESPONSE TO NO. 38:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad to the extent that it seeks "Documents" that are not relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

Documents concerning all Your Hard Fork podcast episodes concerning Generative AI Technologies, Generative AI Systems, the Generative AI Models, and the Generative AI Product(s) and Service(s).

**RESPONSE TO NO. 39:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad to the extent that it seeks "Documents" that are not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "concerning Your efforts to publicize" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material

protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 40:

Documents concerning any "hallucinations" produced by Defendants' Generative AI Product(s) and Service(s) and falsely attributed to You, as alleged in Paragraphs 136 through 142 of the Complaint, including but not limited to Documents concerning the prompts that generated the hallucinations and screenshots of any such prompts and hallucinations.

### RESPONSE TO NO. 40:

The Times incorporates the General Objections set forth above. The Times objects to this request as vague, ambiguous, and overbroad. The Times reasonably construes this Request to refer to The Times's process for obtaining the "hallucinations" cited in the Complaint. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

### REQUEST FOR PRODUCTION NO. 41:

Documents concerning any prompts of Defendants' Generative AI Product(s) and

Service(s) entered in an attempt to generate hallucinations, including but not limited to Documents concerning the result(s) and/or outputs from such prompts.

**RESPONSE TO NO. 41:**

The Times incorporates the General Objections set forth above.  The Times objects to this request as vague, ambiguous, and overbroad to the extent that it seeks all "Documents concerning any prompts of Defendants' Generative AI Product(s) and Service(s)" without limitation to material that is relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "any prompts… entered in an attempt to generate hallucinations" as vague and ambiguous.  The Times further objects to this Request as unreasonably cumulative of Request No. 40.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

Documents concerning Your allegation that the New York Times trademarks are famous, as alleged in Paragraph 200 of the Complaint.

**RESPONSE TO NO. 42:**

The Times incorporates the General Objections set forth above.  The Times objects to this

Request as vague, ambiguous, and overbroad to the extent that it seeks all "Documents concerning" The Times's statement that its "trademarks are famous" without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to the term "famous" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 43:**

Documents concerning or constituting surveys, data, analyses, and/or reports regarding any purported fame of each of the New York Times trademarks identified in Paragraphs 199-200 of the Complaint.

**RESPONSE TO NO. 43:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as vague, ambiguous, and overbroad to the extent that it seeks all "Documents concerning or constituting surveys, data, analyses, and/or reports regarding any purported fame" of The Times's trademarks without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to the term "purported fame" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request as unreasonably cumulative of Request No. 42.

Absent clarifying or narrowing the scope, The Times will not produce documents in

response to this Request.

### REQUEST FOR PRODUCTION NO. 44:

Documents constituting any executed or contemplated agreements regarding the New York Times trademarks identified in Paragraph 199-200 of the Complaint, including but not limited to any agreements with freelance journalists or other independent contractors, licenses, assignments, work for hire, options, or any other oral or written agreement.

### RESPONSE TO NO. 44:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad unduly burdensome to the extent that it seeks documents that are not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "executed or contemplated agreements" and "regarding the New York Times trademarks" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 45:

Documents sufficient to identify any instance of any actual consumer confusion or deception with respect to the output of Microsoft's Generative AI Product(s) or Service(s) and New York Times content.

### RESPONSE TO NO. 45:

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that

it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 46:**

Documents concerning, evidencing, suggesting, or regarding any actual or potential confusion, mistake, and/or deception with respect to any relationship, association, affiliation, connection, endorsement, or license between Microsoft's Generative AI Product(s) or Service(s), on the one hand, and New York Times content, on the other hand.

**RESPONSE TO NO. 46:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response

34

to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

## REQUEST FOR PRODUCTION NO. 47:

Documents sufficient to identify every instance in which You assert that Microsoft's Generative AI Product(s) and Service(s) have produced inaccurate content that was falsely attributed to the New York Times or have otherwise tarnished or diluted the quality of the New York Times' trademarks.

## RESPONSE TO NO. 47:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 48:**

Documents demonstrating any actual harm to the New York Times' reputation for accuracy, originality, and quality as a result of the conduct alleged in the Complaint.

**RESPONSE TO NO. 48:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad to the extent that it seeks all "Documents demonstrating any actual harm" without limitation to any party's claims or defenses in this dispute or to harm for which The Times is seeking recovery in this case. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case. The Times further objects to this Request as premature, including because discovery just opened and is ongoing.

Subject to these objections, The Times responds that it will produce non-privileged documents relating to harm or injury for which The Times is seeking recovery in this dispute that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 49:**

Documents concerning any Communications with Defendants regarding the use of New York Times content in connection with Defendants' Generative AI Product(s) and Service(s).

**RESPONSE TO NO. 49:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "regarding the use" as vague and ambiguous. The Times reasonably construes this Request to refer to Defendants' use of The Times's content. The Times objects to this Request to the extent

that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 50:**

Documents concerning any Communications between the New York Times and any other party regarding the use of New York Times content in connection with Generative AI Product(s) and Service(s).

**RESPONSE TO NO. 50:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute or to Defendants' Generative AI Product(s) and Service(s).  The Times further objects that the terms "the use of" and "in connection with" are vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

Documents submitted by You to any governmental entity regarding Generative AI Product(s) and Service(s).

**RESPONSE TO NO. 51:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents not relevant to any party's claims or defenses in this dispute or to this litigation or to Defendants' Generative AI Product(s) and Service(s).  The Times further objects to the terms "submitted by You" as vague and ambiguous.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 52:**

Documents sufficient to show all versions of Your robots.txt site, located at *https://www.nytimes.com/robots.txt*, from January 1, 2019, to present.

**RESPONSE TO NO. 52:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case, including by requesting "Documents sufficient to show" "all versions" of The Times's "robots.txt.site."  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce documents sufficient

38

to show the existence and operation of its robots.txt file in response to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

Documents and Communications concerning any modifications to Your robots.txt site, located at *https://www.nytimes.com/robots.txt*, from January 1, 2019, to present.

**RESPONSE TO NO. 53:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case, including by requesting all "Documents and Communications concerning any modifications to" The Times's "robots.txt.site."  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 54:**

Documents concerning Your use of any webmaster controls or other tools to prevent web crawlers from accessing, indexing, archiving, or caching some or all of any websites owned or operated by the New York Times.

**RESPONSE TO NO. 54:**

The Times incorporates the General Objections set forth above.  The Times objects to the terms "Your use," "webmaster controls," and "some or all of any websites" as vague and ambiguous.  The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

39

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 55:**

Documents sufficient to show Your policies and procedures regarding the use of third party sources and/or content in creating Your published content.

**RESPONSE TO NO. 55:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad to the extent that it seeks material not relevant to any party's claims or defenses in this case and not limited to the relevant timeframe. The Times further objects to the terms "the use of third-party sources and/or content," "in creating," and "Your published content" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 56:**

Documents and Communications concerning any harm or injury You claim to have suffered as a result of the conduct alleged in the Complaint.

**RESPONSE TO NO. 56:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad to the extent that it seeks all "Documents and Communications concerning any harm or injury" without limitation to any party's claims or defenses in this dispute or to harm

for which The Times is seeking recovery in this case.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.  The Times further objects to this Request as premature, including because discovery just opened and is ongoing.

Subject to these objections, The Times responds that it will produce non-privileged documents relating to harm or injury for which The Times is seeking recovery in this dispute that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

### REQUEST FOR PRODUCTION NO. 57:

Documents sufficient to identify the "well-established market" for You to provide paid access to and use of Your Copyrighted Works by individual and institutional users, as referenced in Paragraph 155 of the Complaint.

### RESPONSE TO NO. 57:

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad to the extent that it seeks "Documents" regarding the "market" for "Your Copyrighted Works," without limitation to the Copyrighted Works-in-Suit and to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request as premature, including because discovery just opened and is ongoing.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to identify the "well-established market" for The Times to provide paid

access to and use of the Copyrighted Works-in-Suit that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to identify any alleged "lost market value" of the Copyrighted Works-In-Suit as a result of the conduct alleged in Paragraph 156 of the Complaint.

**RESPONSE TO NO. 58:**

The Times incorporates the General Objections set forth above.  The Times further objects to this Request as premature, including because discovery just opened and is ongoing.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 59:**

Documents sufficient to show the number of Your active subscribers for each month beginning January 1, 2018, to the present.

**RESPONSE TO NO. 59:**

The Times incorporates the General Objections set forth above.  The Times objects to the term "Your active subscribers" as vague and ambiguous.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request through the first quarter of 2024 that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 60:**

Documents sufficient to show Your subscription-based revenue for each month from

January 1, 2018, to the present.

**RESPONSE TO NO. 60:**

The Times incorporates the General Objections set forth above. The Times objects to the term "Your subscription-based revenue" as vague and ambiguous.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request through the first quarter of 2024 that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 61:**

Documents sufficient to show the total page views for each of the digital versions of the Copyrighted Works-In-Suit, from January 1, 2018 (or the first publication of the work, whichever is later), through present.

**RESPONSE TO NO. 61:**

The Times incorporates the General Objections set forth above. The Times objects to the term "total page views" and "each of the digital versions" as vague and ambiguous.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request through the first quarter of 2024 that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 62:**

Documents sufficient to show the total user visits to *www.nytimes.com*, on a monthly basis, from January 1, 2018, through present.

**RESPONSE TO NO. 62:**

43

The Times incorporates the General Objections set forth above.  The Times objects to the term "total user visits" as vague and ambiguous.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request through the first quarter of 2024 that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

### REQUEST FOR PRODUCTION NO. 63:

Documents sufficient to show Your total revenue generated from licensing Your Copyrighted Works, including revenue generated from licenses through the Copyright Clearance Center, on an annual basis, from January 1, 2018, through present.

### RESPONSE TO NO. 63:

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad because it seeks "Documents" regarding "total revenue generated from licensing Your Copyrighted Works," not limited to the Copyrighted Works-in-Suit, and thus seeks material that is not relevant to any party's claims or defenses in this dispute.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 64:

Documents sufficient to show Your total revenue generated from licensing the New York Times trademarks identified in Paragraph 199 of the Complaint, on an annual basis, from January 1, 2018, through present.

### RESPONSE TO NO. 64:

The Times incorporates the General Objections set forth above.  The Times objects to this

Request as overbroad to the extent that it seeks material not relevant to any party's claims or defenses in this case.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request through the first quarter of 2024 that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 65:**

Documents sufficient to show Your total revenue, broken down by source, including without limitation advertising revenue, revenue from affiliate links, and subscription revenue by subscription type (whether personal or commercial, online or print) for each month beginning January 1, 2018, to the present.

**RESPONSE TO NO. 65:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case.  The Times further objects to the terms "affiliate links" and "subscription type" as vague and ambiguous.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request through the first quarter of 2024 that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 66:**

Documents sufficient to calculate or estimate per-display revenues associated with Your Asserted Works by source, including without limitation revenues from subscriptions, advertising

revenues (including cost per impression), and revenues from affiliate links. Each metric shall include both (i) the total amount since the work's publication, and (ii) a breakdown of the amount of revenue by month from month of publication to the present.

**RESPONSE TO NO. 66:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe.  The Times further objects to the terms "by source," "costs per impression," and "affiliate links" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks information in a form not maintained in the ordinary course of The Times's business.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to show all costs relating to the creation and publication of the Copyrighted Works-In-Suit, on a monthly basis from January 1, 2018, to present.

**RESPONSE TO NO. 67:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe.  The Times further objects to the term "costs relating to the creation and publication" as vague and ambiguous.

Subject to these objections, The Times responds that it will produce non-privileged

documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 68:**

Documents identified in Plaintiff's Rule 26(a)(1) Initial Disclosures that are in Your possession, custody, or control.

**RESPONSE TO NO. 68:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

Dated: May 28, 2024                    */s/  Ian Crosby*

Ian Crosby *(pro hac vice)*
Genevieve Vose Wallace *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin *(pro hac vice)*
Ellie Dupler *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067

47

Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

48

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Susman Godfrey L.L.P., whose address is 1900 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on May 28, 2024, I served a copy of:

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO MICROSOFT CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION**

☒     **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)(2)(E)]** by electronically mailing a true and correct copy through Susman Godfrey L.L.P.'s electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. Rule Civ. Proc. Rule 5(b)(2)(E).

☐     **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the offices of the addressee.

### See Attached Service list

I declare under penalty of perjury that the following is true and correct.

Executed at Los Angeles, California, this 28th day of May, 2024.

*/s/ Emily K. Cronin*
Emily K. Cronin

49

**SERVICE LIST**

OpenAICopyright@mofo.com

Joseph C. Gratz
Vera Ranieri
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-6066
Facsimile: (415) 268-7522
Email: jgratz@mofo.com
Email: Vranieri@mofo.com

Allyson R. Bennett
Rose S. Lee
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Email: Abennett@mofo.com
Email: RoseLee@mofo.com

Eric Nikolaides
Morrison & Foerster LLP
250 W. 55th St
New York, NY 10019
Telephone: 212-336-4061
Email: enikolaides@mofo.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP,
LLC, OpenAI, LLC, OpenAI OpCo LLC,
OpenAI Global LLC, OAI Corporation,
LLC, And OpenAI Holdings, LLC**

OpenAICopyrightLitigation.lwteam@lw.com

Andrew Gass
Joseph Richard Wetzel , Jr.,
LATHAM & WATKINS, LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Facsimile: (415)-395-8095
Email: andrew.gass@lw.com
Email: joe.wetzel@lw.com

Allison Levine Stillman
Luke Budiardjo
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212)906-1200
Facsimile: 212-751-4864
Email: alli.stillman@lw.com
Email: luke.budiardjo@lw.com

Sarang Damle
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202)637-2200
Facsimile: 202-637-2201
Email: sy.damle@lw.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP,
LLC, OpenAI, LLC, OpenAI OpCo LLC,
OpenAI Global LLC, OAI Corporation,
LLC, And OpenAI Holdings, LLC**

kvpoai@keker.com

Robert A. Van Nest
Paven Malhotra
R. James Slaughter
Katie Lynn Joyce
Michelle S. Ybarra
Nicholas S Goldberg
Sarah Salomon
Thomas Edward Gorman
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email: rvannest@keker.com
Email: pmalhotra@keker.com
Email: rslaughter@keker.com
Email: kjoyce@keker.com
Email: mybarra@keker.com
Email: ngoldberg@keker.com
Email: ssalomon@keker.com
Email: tgorman@keker.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP,
LLC, OpenAI, LLC, OpenAI OpCo LLC,
OpenAI Global LLC, OAI Corporation,
LLC, And OpenAI Holdings, LLC**

NewYorkTimes_Microsoft_OHS@orrick.com

Annette L. Hurst
ORRICK, HERRINGTON & SUTCLIFFE
LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415)773-5700
Facsimile: (415)773-5759
Email: ahurst@orrick.com

Christopher J. Cariello
ORRICK, HERRINGTON & SUTCLIFFE
LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com

Sheryl Koval Garko
Laura Brooks Najemy
ORRICK, HERRINGTON & SUTCLIFFE
LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
Email: lnajemy@orrick.com

**Attorneys for Defendant
Microsoft Corporation**

**MicrosoftNYClassActionFDBR@faegredrinker.com**

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
Email: jeffrey.jacobson@faegredrinker.com

Jared B. Briant
FAEGRE DRINKER BIDDLE & REATH LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone (303) 607-3588
Email: jared.briant@faegredrinker.com

**Attorneys for Defendant
Microsoft Corporation**