UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, INC.,<br><br>       Plaintiff,<br><br> v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br>          Defendants. | Civil Action No. 1:24-cv-04872-UA<br><br>Hon. Sidney H. Stein<br><br>(Hon. Ona T. Wang)<br><br>**ORAL ARGUMENT REQUESTED** |
| THE NEW YORK TIMES COMPANY,<br><br>       Plaintiff,<br><br> v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC,<br>          Defendants. | Civil Action No. 1:23-cv-11195-SHS (consolidated)<br><br>Hon. Sidney H. Stein<br><br>(Hon. Ona T. Wang)<br><br>**ORAL ARGUMENT REQUESTED** |
| DAILY NEWS, LP; CHICAGO TRIBUNE COMPANY, LLC; ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC; SUN-SENTINEL COMPANY, LLC; SAN JOSE MERCURY-NEWS, LLC; DP MEDIA NETWORK, LLC; ORB PUBLISHING, LLC; AND NORTHWEST PUBLICATIONS, LLC,<br><br>       Plaintiffs,<br><br> v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC,<br>          Defendants. | Civil Action No. 1:24-cv-03285-SHS (consolidated)<br><br>Hon. Sidney H. Stein<br><br>(Hon. Ona T. Wang)<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT OPENAI'S AND DEFENDANT MICROSOFT'S JOINT MOTION TO CONSOLIDATE**

2801115

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. LEGAL STANDARD............................................................................................................2

III. ARGUMENT........................................................................................................................3

    A. Consolidation will ensure consistent adjudication of the extensive factual and legal overlap among the cases. ......................................................................3

    B. Consolidation will alleviate the burden on parties, witnesses, and the Court. ...............................................................................................................5

    C. Placing the lawsuits on the same schedule will conserve resources and expeditiously resolve the matters without sacrificing justice. ................................6

IV. CONCLUSION.....................................................................................................................8

## **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Authors Guild v. OpenAI Inc.*,
    Case No. 23-cv-8292-SHS (S.D.N.Y.) ....................................................................................6

*Bank of Montreal v. Eagle Assocs.*,
    117 F.R.D. 530 (S.D.N.Y. 1987) ............................................................................................5

*Constance Sczesny Trust v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) (Stein, J.).......................................................................4, 5

*Cornell v. Soundgarden*
    2021 WL 1663924 (W.D. Wash. Apr. 26, 2021)....................................................................5

*Daily News, LP v. Microsoft Corp., et al.*,
    Case No. 1:24-cv-03285-SHS (S.D.N.Y.) .............................................................................1

*Espire Ads LLC v. TAPP Influencers Corp.*,
    655 F. Supp. 3d 223 (S.D.N.Y. 2023)....................................................................................3

*Franco v. Ideal Mortg. Bankers, Ltd.*,
    No. CV 07–3956(JS)(AKT), 2009 WL 3150320 (E.D.N.Y. Sept. 28, 2009)..........................5

*Hall v. Hall*,
    584 U.S. 59 (2018)..................................................................................................................3

*Internet Law Libr., Inc. v. Southridge Cap. Mgmt., LLC*,
    208 F.R.D. 59 (S.D.N.Y. 2002) .........................................................................................5, 7

*Jacobs v. Castillo*,
    612 F. Supp. 2d 369 (S.D.N.Y. 2009)....................................................................................2

*Johnson v. Celotex Corp.*
    899 F.2d 1281 (2d Cir. 1990)..............................................................................................2, 3

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) .............................................................................................6

*In re Lincoln Nat'l COI Litig.*,
    Nos. 16-cv-6605-GJP, No. 18-cv-2379-GJP 2019 WL 7582770 (E.D. Pa. July
    15, 2019) ................................................................................................................................5

*New York Times Co. v. Microsoft Corp., et al.*,
    Case No. 1:23-cv-11195-SHS (S.D.N.Y.) .............................................................................1

*In re OpenAI ChatGPT Litig.*,
   Case No. 3:23-cv-03223-AMO (N.D. Cal.) .................................................................................6

*SS&C Techs. Holdings, Inc. v. Arcesium LLC*,
   No. 22-CV-02009, 2024 WL 64781 (S.D.N.Y. Jan. 5, 2024) ....................................................3

*The Center for Investigative Reporting, Inc. v. OpenAI, Inc., et al.*,
   No. 1:24-cv-04872 (S.D.N.Y.) ............................................................................................ *passim*

**Rules**

Federal Rule of Civil Procedure 42(a) ..............................................................................................2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Last month, this Court consolidated lawsuits filed by the New York Times[1] and eight regional newspapers[2] against OpenAI and Microsoft.[3]  Consolidation was for discovery and pretrial purposes, without prejudice for a future severance for trial.  The Court observed that consolidation of those cases would make life "easier for everybody."[4]  OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC (collectively, "OpenAI"), and Microsoft Corporation (referred to collectively with OpenAI as "Defendants") request that the Court also consolidate a similar lawsuit filed by another media entity—the Center for Investigative Reporting, Inc. ("CIR")[5]—also against OpenAI and Microsoft.  The CIR case—at Plaintiff's *own* request—has already been related to the other media cases and is pending before this Court.

The *CIR* case is materially indistinguishable from *New York Times* and the regional media ("*Daily News*") cases.  Indeed, CIR itself recognized in its Related Case Statement that "the basic legal theories, sources of liability, relief requested, basis of jurisdiction, and factual allegations" in the three cases "are the same."[6]  All three cases are brought on behalf of news organizations challenging certain of Defendants' artificial intelligence products.  The cases bring the same claims, against the same defendants, accusing the same products.  Consolidation promises consistent rulings on overlapping discovery and merits issues, and it streamlines an unavoidably complex discovery process.  Failure to consolidate would impose tremendous burdens on

---

[1] *New York Times Co. v. Microsoft Corp., et al.*, Case No. 1:23-cv-11195-SHS (S.D.N.Y.) ("*New York Times*").

[2] *Daily News, LP v. Microsoft Corp., et al.*, Case No. 1:24-cv-03285-SHS (S.D.N.Y.) ("*Daily News*").

[3] *New York Times*, Dkt. No. 243, at 4.

[4] Transcript (Sept. 12, 2024), at 72.

[5] *The Center for Investigative Reporting, Inc. v. OpenAI, Inc., et al.*, No. 1:24-cv-04872 (S.D.N.Y.) ("*CIR*").

[6] *CIR*, Dkt. No. 5 (*CIR*), at 2.

1

2801115

Defendants and on the Court, as parallel issues in the *CIR* case would be subject to separate negotiations, separate motion practice, and separate adjudication by this Court. Moreover, failure to consolidate the *CIR* case risks undermining the benefits anticipated by this Court's prior consolidation order, as it would invite the very same duplicative effort the Court was seeking to avoid. Other courts have also recognized the merits of consolidating overlapping copyright suits.

Plaintiff CIR does not dispute the benefits of consolidation, but it opposes consolidation because it asserts that the current discovery schedule would not afford CIR adequate time to participate in discovery.[7] But this Court has imposed only an interim discovery deadline, and even that deadline is more than two months away. The Court has recognized that such a deadline is a "placeholder" and that significant discovery in the *New York Times* and *Daily News* cases remains. Moreover, in an effort to address CIR's concerns, Defendants have already agreed to produce to CIR the same materials previously produced to the plaintiffs in the *New York Times* and *Daily News* cases, to identify custodians whose documents were searched, and to disclose the search terms used to gather documents. CIR stands to benefit immediately from the progress already made in the consolidated cases, which will help move discovery forward expeditiously.

Consolidation of *CIR* with the already consolidated *New York Times* and *Daily News* cases promises the most efficient and least burdensome path to resolution in these cases. This Court should grant Defendants' motion.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) allows courts to consolidate cases that "involve a common question of law or fact." "[C]onsolidation of cases with common questions of law or fact is favored to avoid unnecessary costs or delay[.]" *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009). In *Johnson v. Celotex Corp.*, the Second Circuit instructed district courts that they "must consider" three factors in deciding whether to consolidate cases:

---

[7] Declaration of Paven Malhotra in Support of Joint Motion to Consolidate ("Malhotra Decl."), ¶ 3. The New York Times and Daily News Plaintiffs have not yet stated their position on consolidation. *Id.* ¶ 7.

2

2801115

(1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues;

(2) the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits; and

(3) the length of time required to conclude multiple suits as a single one.

899 F.2d 1281, 1285 (2d Cir. 1990).[8] "The paramount concern is whether savings of expense and gains of efficiency can be accomplished without sacrificing justice." *SS&C Techs. Holdings, Inc. v. Arcesium LLC*, No. 22-CV-02009 (TMR-OTW), 2024 WL 64781, at *3 (S.D.N.Y. Jan. 5, 2024). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018).

### III.   ARGUMENT

#### A.   Consolidation will ensure consistent adjudication of the extensive factual and legal overlap among the cases.

The striking similarities between CIR's factual and legal allegations and those made by the New York Times and Daily News weigh in favor of consolidating the discovery and pretrial phases of the cases. As noted above, CIR does not dispute the benefits of consolidation. And CIR has already conceded that "there will be substantial overlap between the legal and factual issues between the cases."[9] The first *Johnson* factor favors consolidation.

***Factual similarities.*** The pleadings in the *CIR* case overlap dramatically with the consolidated *New York Times* and *Daily News* cases. Specifically, all three plaintiffs are media organizations.[10] All the allegedly infringed copyrighted works are journalistic articles, such as

---

[8] A fourth factor—"the relative expense to all concerned of the single-trial, multiple-trial alternatives[,]" *Johnson*, 899 F.2d at 1285—can wait for another day because this Motion does not seek a consolidated trial. *See Espire Ads LLC v. TAPP Influencers Corp.*, 655 F. Supp. 3d 223, 245 (S.D.N.Y. 2023) ("It is not necessary to determine at this time whether there should be a consolidated trial.").

[9] *CIR*, Dkt. No. 5, at 2.

[10] *See, e.g.*, *CIR*, Dkt. No. 88 (First Amended Complaint) ("*CIR* Compl.") ¶ 2; *New York Times*, Dkt. No. 170 (First Amended Complaint) ("*NYT* Compl.") ¶ 14; *Daily News*, Dkt. No. 1 (*"Daily News* Compl.") ¶ 12.

3

news stories and editorial opinions.[11]  And all the media plaintiffs claim that OpenAI infringed by allegedly using these copyrighted works to train generative AI models, which purportedly "memorized" the works and generated infringing outputs in response to user prompts.[12]  That the specific copyrighted works at issue in the lawsuits differ does not alter the consolidation analysis because the underlying factual allegations concerning the alleged infringement—i.e., how Defendants' generative AI models were trained and operated—are the same.  *See, e.g.*, *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004) (Stein, J.) (consolidating cases where "the gravamen of the complaints in each of the related actions is the same").

*Legal similarities.*  Every legal claim brought by CIR has also been asserted in the consolidated cases.[13]  More specifically, CIR's complaint asserts claims for copyright infringement, contributory copyright infringement, and violations of the Digital Millenium Copyright Act.[14]  The complaints in the consolidated cases likewise assert claims for copyright infringement, contributory copyright infringement, and violations of the Digital Millenium Copyright Act.[15]

Courts regularly consolidate comparable lawsuits.  This Court has already done so with the *New York Times* and *Daily News* cases.  Failure to consolidate *CIR* as well risks undermining the benefits anticipated by that prior consolidation order, as it would invite the very same duplicative efforts the Court was presumably seeking to avoid.  Other courts have also recognized the merits of consolidating overlapping copyright suits.  In *Cornell v. Soundgarden*, the court consolidated a copyright-ownership lawsuit with a separate lawsuit to determine a buyout price for the disputed

---

[11] *See, e.g.*, *CIR* Compl. ¶ 5 (alleging that Defendants' systems have "ingest[ed] . . . hundreds of thousands, if not millions, of works of journalism, including works created by CIR"); *NYT* Compl. ¶ 2 ("Defendants seek to free-ride on The Times's massive investment in its journalism . . . ."); *Daily News* Compl. ¶ 48 ("Defendants' actions threaten the Publishers' continued efforts to provide American communities with quality, in-depth local journalism . . . .").

[12] *See, e.g.*, *CIR* Compl. ¶¶ 10; *NYT* Compl. ¶¶ 92, 98, 108; *Daily News* Compl. ¶¶ 90, 96, 114.

[13] *CIR* Compl. ¶¶ 126-69; *NYT* Compl. ¶¶ 15–25, 158–204; *Daily News* Compl. ¶¶ 29–39; 190–249.

[14] *CIR* Compl. ¶¶ 116-59.

[15] *NYT* Compl. ¶¶ 15–25, 158–204; *Daily News* Compl. ¶¶ 29–39; 190–249.

copyright ownership interests. 2021 WL 1663924, at *1 (W.D. Wash. Apr. 26, 2021). Despite key differences in the type of claims asserted and scope of available relief, the *Cornell* court reasoned that consolidation was necessary because the copyright assets lay at the heart of the lawsuits, all but one of the defendants were "parties to both actions," and the parties were "represented by the same counsel in both actions." *Id.* at *2–3; *see also Constance*, 223 F.R.D. at 322 (consolidating nine securities actions due to "critical factual and legal questions [] common to all the related actions," despite "minor differences" in the factual allegations asserted by the different plaintiffs).

And as "both the [*CIR*] action and the [consolidated cases] require judicial determinations concerning the same facts, it is quite possible that separate adjudication of these claims would produce inconsistent results. This danger can only be avoided by consolidation." *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987); *see also Internet Law Libr., Inc. v. Southridge Cap. Mgmt., LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) ("Even in multi-party litigation, courts have been quick to emphasize that the danger of confusion from consolidation is largely overstated."). In sum, the first *Johnson* factor weighs in favor of consolidation.

### B.    Consolidation will alleviate the burden on parties, witnesses, and the Court.

The second *Johnson* factor favors consolidation because defendants in the *CIR* case and the consolidated cases are identical, and the discovery sought from Defendants by all such plaintiffs will no doubt be overlapping—not just written discovery but individual and corporate-representative depositions too. *See Franco v. Ideal Mortg. Bankers, Ltd.*, No. CV 07–3956(JS)(AKT), 2009 WL 3150320, at *7 (E.D.N.Y. Sept. 28, 2009) ("Due to the substantial overlap in parties, factual allegations, and legal issues, discovery in these two actions will involve duplicate document production as well as likely duplicate depositions."). The concern is particularly acute here because the same OpenAI and Microsoft witnesses are likely to be relevant in both cases. They should only be deposed once; requiring "serial depositions" is "costly and burdensome." *In re Lincoln Nat'l COI Litig.*, Nos. 16-cv-6605-GJP, No. 18-cv-2379-GJP 2019 WL 7582770, at *2–3 (E.D. Pa. July 15, 2019) (denying one plaintiff's request in a consolidated

action to take a successive deposition of a defense witness whom a different plaintiff already deposed).

In view of these overlaps, consolidating the cases for discovery and pretrial purposes promises significant efficiencies for the parties and the Court. CIR's Related Case Statement is premised on that same recognition. It observed that "there will be substantial overlap between the legal and factual issues between the cases, and designating these cases as related would avoid duplicative efforts, expenses, and burdens on the Court."[16] But consolidation yields far more efficiencies than simply relating the cases. Consolidation will avoid such "duplication of effort amongst parties and the needless expenditure of judicial resources." *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007).

In fact, this Court and the Northern District of California have already consolidated numerous class actions against OpenAI involving similar copyright issues.[17] The Northern District of California even ordered "all counsel in the OpenAI cases" to "meet and confer further such as to explore every avenue through which the discovery process (and depositions in particular) in these cases may be streamlined and made more efficient," ameliorating "concerns about duplicative depositions on the same topics constituting an avoidable burden and a waste of resources." Order re: Third Discovery Dispute, *In re OpenAI ChatGPT Litig.*, Case No. 3:23-cv-03223-AMO, ECF No. 144 at 3 (N.D. Cal. May 24, 2024). Consolidation here, where the plaintiffs are all news-related entities, would help alleviate the burdens and inefficiencies of litigating similar issues across numerous cases.

### C.   Placing the lawsuits on the same schedule will conserve resources and expeditiously resolve the matters without sacrificing justice.

The third *Johnson* factor considers the length of time required to conclude multiple suits as a single action. Given the nature of these cases and the posture of discovery, consolidation would undoubtedly expedite resolution of all three cases. Failure to consolidate, by contrast,

---

[16] *CIR*, Dkt. No. 5 at 2.

[17] *See Authors Guild v. OpenAI Inc.*, Case No. 23-cv-8292-SHS (S.D.N.Y.); *In re OpenAI ChatGPT Litig.*, Case No. 3:23-cv-03223-AMO (N.D. Cal.).

2801115

would necessitate duplicative efforts that would inevitably delay resolution.

The *New York Times* case was initially filed on December 27, 2023, and the *Daily News* case was filed on April 30, 2024.[18] The *CIR* case was filed soon thereafter, on June 27, 2024.[19] This Court previously set an "interim" and "placeholder" discovery deadline in the consolidated *New York Times*/*Daily News* cases of December 20, 2024.[20] At the September 12 hearing, the Court observed that it had "some doubts that you're really going to be able to finish fact discovery by December 20th," but noted that even an interim deadline would allow for "a more steady pace" of discovery.[21]

Adding CIR to the consolidated media cases would not result in a delay to this schedule. On the contrary, consolidation would allow CIR to benefit from the substantial progress already made in discovery while also allowing its counsel to join ongoing negotiations and ensure that CIR's interests are represented. Consolidation at this stage would also permit all relevant parties to negotiate a unified deposition schedule and avoid the burden and inefficiency of witnesses sitting for multiple depositions. While the cases are not in precisely the same procedural posture, courts regularly consolidate cases that are in different stages of litigation. "[S]hort of cases ready for trial, cases at different stages of litigation are routinely consolidated. As such, the fact that discovery has progressed further in . . . [one] action should not, standing alone, prevent consolidation and may, in fact, even favor it. Since the two actions share issues of law and fact, much of the discovery in the [one] action should be applicable to the [other] action." *Internet Law*, 208 F.R.D. at 62. In fact, the *Internet Law* court consolidated one case where the parties had already engaged in eight months of discovery with another case where no discovery had occurred. *Id.*

Nor would consolidation at this stage prejudice any party. Defendants and CIR met and

---

[18] *See New York Times*, Dkt. No. 1; *Daily News*, Dkt. No. 1.

[19] *CIR*, Dkt. No. 1.

[20] *New York Times*, Dkt. No. 243, at 3; Transcript (September 12, 2024), at 28.

[21] *Id.*

conferred pursuant to Rule 26(f) on October 1, 2024, and the parties agreed that fact discovery opened that same day. Malhotra Decl., ¶ 3. That leaves approximately 80 days from the start of discovery until the interim fact-discovery deadline. As noted above, no depositions have occurred yet, and consolidation would ensure that CIR's interests are accounted for in a unified negotiation regarding a deposition schedule. With respect to document productions, once a protective order is in place, Defendants have offered to produce to CIR all documents that have been previously produced in the media cases, identify all custodians whose documents have been searched, and disclose the search terms used to collect materials. Malhotra Decl., ¶ 4, Ex. 1. This voluntary production will ensure that CIR is able to proceed expeditiously as CIR will have the benefit of immediate production and be in a position to quickly propose any additional searching that it believes to be appropriate. Consolidation will streamline all future discovery negotiations without delaying the *New York Times* and *Daily News* cases, and it is likely to expedite resolution of the *CIR* case. The third *Johnson* factor also weighs heavily in favor of consolidation.

### IV.   CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to consolidate the *CIR* case with the already-consolidated *New York Times* and *Daily News* cases.

Dated: October 4, 2024

KEKER, VAN NEST & PETERS LLP

By: */s/ Paven Malhotra*

ROBERT A. VAN NEST (*pro hac vice*)
R. JAMES SLAUGHTER (*pro hac vice*)
PAVEN MALHOTRA - # 4409397
MICHELLE S. YBARRA (*pro hac vice*)
NICHOLAS S. GOLDBERG (*pro hac vice*)
THOMAS E. GORMAN (*pro hac vice)*
KATIE LYNN JOYCE (*pro hac vice)*
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile:  415 397 7188
rvannest@keker.com
rslaughter@keker.com
pmalhotra@keker.com
mybarra@keker.com
ngoldberg@keker.com
tgorman@keker.com
kjoyce@keker.com

*Attorneys for OpenAI Defendants*

2801115

Dated:  October 4, 2024

LATHAM & WATKINS LLP

By: */s/ Elana Nightingale Dawson*
    Andrew M. Gass (pro hac vice)
    andrew.gass@lw.com
    505 Montgomery Street, Suite 2000
    San Francisco, CA 94111
    Telephone: 415.391.0600

    Sarang V. Damle
    sy.damle@lw.com
    Elana Nightingale Dawson
    Elana.nightingaledawson@lw.com
    555 Eleventh Street, NW, Suite 1000
    Washington, D.C. 20004
    Telephone: 202.637.2200

    *Attorneys for OpenAI Defendants*

Dated: October 4, 2024                                    MORRISON & FOERSTER LLP

                                              By:  /s/ Joseph C. Gratz
                                                   Joseph C. Gratz (*pro hac vice*)
                                                   jgratz@mofo.com
                                                   Vera Ranieri (*pro hac vice*)
                                                   vranieri@mofo.com
                                                   425 Market Street
                                                   San Francisco, CA 94105-2482
                                                   Telephone: 415.268.7000

                                                   Rose S. Lee (*pro hac vice*)
                                                   rose.lee@mofo.com
                                                   707 Wilshire Boulevard, Suite 6000
                                                   Los Angeles, California 90017-3543
                                                   Telephone: 213.892.5200

                                                   *Attorneys for OpenAI Defendants*

| | |
|---|---|
| Dated:  October 4, 2024 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | |
| | By:  */s/ Annette L. Hurst* |
| | Annette L. Hurst (*Pro Hac Vice*) |
| | The Orrick Building |
| | 405 Howard Street |
| | San Francisco, CA 94105-2669 |
| | Telephone: (415) 773-5700 |
| | ahurst@orrick.com |
| | |
| | Christopher J. Cariello |
| | 51 West 52nd Street |
| | New York, NY 10019 |
| | Telephone: (212) 506-3778 |
| | ccariello@orrick.com |
| | |
| | Sheryl Koval Garko (*Pro Hac Vice* pending) |
| | 222 Berkley Street |
| | Boston, MA 02116 |
| | Telephone: (617) 880-1800 |
| | sgarko@orrick.com |
| | |
| | Laura Brooks Najemy (*Pro Hac Vice*) |
| | 222 Berkley Street |
| | Boston, MA 02116 |
| | Telephone: (617) 880-1800 |
| | lnajemy@orrick.com |
| | |
| | *Attorneys for Defendant Microsoft Corporation* |

2801115