UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>       Plaintiff,<br><br>       v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>       Defendants. | Civil Action No. 1:23-cv-11195 (SHS) (OTW) |
| Daily News, LP; Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest Publications, LLC<br><br>       Plaintiffs,<br><br>       v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>       Defendants. | Civil Action No. 1:24-cv-3285 (SHS) (OTW) |

**PLAINTIFFS THE NEW YORK TIMES COMPANY AND DAILY NEWS, LP ET AL.'S RESPONSE TO DEFENDANTS' MOTION TO CONSOLIDATE (DKT. 256)**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

    I.    Defendants should not be permitted to use consolidation as a hook to further delay the case schedule and prejudice the News Plaintiffs. ........................ 2

    II.    Consolidation must be limited to the CIR and News Plaintiffs. ............................ 6

CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aerotel, Ltd. v. Verizon Commc'ns Inc.*,
  234 F.R.D. 64 (S.D.N.Y. 2005) ............................................................................2, 7

*Authors Guild v. OpenAI Inc.*,
  Case No. 23-cv-8292 (S.D.N.Y.) ......................................................................2, 6, 7

*Henderson v. Nat'l R.R. Passenger Corp.*,
  118 F.R.D. 440 (N.D. Ill. 1987) ...............................................................................3

*In re Currency Conversion Fee Antitrust Litig.*,
  2009 WL 1834351 (S.D.N.Y. June 18, 2009) .....................................................4, 5

*In re OpenAI ChatGPT Litig.*,
  3:23-cv-03223 ("California Class Actions") ............................................................1

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) ...................................................................................6

*Kamdem-Ouaffo v. Pepsico, Inc.*,
  314 F.R.D. 130 (S.D.N.Y. 2016) ..............................................................................2

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................2

*KGK Jewelry LLC v. ESDNetwork*,
  2014 WL 7333291 (S.D.N.Y. Dec. 24, 2014) ..........................................................2

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993) .....................................................................................2

*Romeo v. Suffolk Ready Mix LLC*,
  2010 WL 3925260 (E.D.N.Y. Sep. 30, 2010) ...........................................................5

*SS&C Techs. Holdings, Inc. v. Arcesium LLC*,
  2024 WL 64781 (S.D.N.Y. Jan. 5, 2024) ...............................................................1, 5

*The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*,
  No. 1:24-cv-04872 (S.D.N.Y.) ..................................................................................3

**Rules**

Fed. R. Civ. P. 42(a) ........................................................................................................6

**INTRODUCTION**

Plaintiffs The New York Times Company ("The Times") and Daily News, LP et al. ("Daily News") (collectively, the "News Plaintiffs") do not have any objection in principle to consolidation with the Center for Investigative Reporting ("CIR") if two conditions are met: (1) consolidation must not delay the existing case schedule, now or later; and (2) the News Plaintiffs should not be required to coordinate with the class plaintiffs suing only OpenAI in the Northern District of California (the "California Plaintiffs").[1]

The News Plaintiffs are open to coordinating with the CIR if it serves judicial economy and the News Plaintiffs are not prejudiced by consolidation. But the News Plaintiffs *will* be prejudiced if Defendants use consolidation as a hook to further delay this case, given the ongoing harm stemming from Defendants' continued use of the News Plaintiffs' intellectual property, and the need for a timely decision on the core fair use question. Defendants claim the CIR can join the existing schedule, including the December 20, 2024 discovery cutoff just two months away. *See* Mot. at 7 (Dkt. 257). The News Plaintiffs are doubtful this can be done in practice, but if true, do not oppose. But if consolidation with CIR necessitates an extension to the case schedule, now or later, consolidation must be denied. Any "savings of expense and gains of efficiency" through consolidation cannot come at the sacrifice of the News Plaintiffs' access to "justice," which Defendants agree is the "paramount concern" of a consolidation decision. *See* Mot. at 3 (citing *SS&C Techs. Holdings, Inc. v. Arcesium LLC*, 2024 WL 64781, at *3 (S.D.N.Y. Jan. 5, 2024)).

Consolidation should also end with the CIR. The Times filed this action in December 2023, and the News Plaintiffs are moving expeditiously towards the December 20, 2024 discovery cutoff. Already, as the News Plaintiffs explained in their deposition protocol brief (Dkt. 261), the

---

[1] *In re OpenAI ChatGPT Litig.*, 3:23-cv-03223 ("California Class Actions").

difficulties arising from Defendants' attempts to force the News Plaintiffs to coordinate with not just each other, but also both the California Plaintiffs and the *Authors Guild* class action plaintiffs[2] ("SDNY Class Plaintiffs") on a deposition protocol have demonstrated that coordination across so many cases is untenable and inefficient. Judicial economy is not served by forcing too many cooks into the same kitchen. While it may certainly be easier for Defendants to defend against fewer lawsuits at once, justice for the News Plaintiffs should not be stymied because Defendants engaged in such wide-ranging infringement that many rightsholders have sued them, and will likely continue to do so.

## ARGUMENT

"Before deciding to consolidate actions, the court must determine that 'the parties will not be prejudiced.'" *KGK Jewelry LLC v. ESDNetwork*, 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014) (quoting *Kaplan v. Gelfond,* 240 F.R.D. 88, 91 (S.D.N.Y. 2007)). "[T]he benefits of efficiency can never be purchased at the cost of fairness." *Id.* (quoting *Malcolm v. Nat'l Gypsum Co.,* 995 F.2d 346, 350 (2d Cir. 1993)).

**I.**     **Defendants should not be permitted to use consolidation as a hook to further delay the case schedule and prejudice the News Plaintiffs.**

Even where issues of fact and law overlap, courts in this Circuit regularly deny consolidation when the actions are at different stages such that consolidation would cause delay and prejudice. *See Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 137 (S.D.N.Y. 2016) (denying consolidation of an action at the pleading stage with an action in the middle of discovery); *see also Aerotel, Ltd. v. Verizon Commc'ns Inc.,* 234 F.R.D. 64, 67 (S.D.N.Y. 2005) (denying

---

[2] *Authors Guild v. OpenAI Inc.*, Case No. 23-cv-8292 (S.D.N.Y.) ("*Authors Guild* Action").

consolidation where discovery was two months from completion in one case and discovery had not begun in the other).

Defendants claim that consolidation with CIR would not delay the existing case schedule. Mot. at 7. But how could it not? "Consolidation with a recently filed case in which discovery is just beginning will obviously entail further delay." *Henderson v. Nat'l R.R. Passenger Corp.*, 118 F.R.D. 440, 441 (N.D. Ill. 1987). The Times filed its Complaint ten months ago and this consolidated action is two months away from the already-extended discovery cutoff. The parties have exchanged tens of thousands of documents in discovery and spent months negotiating and briefing discovery disputes. *See* Dkt. 262. It took months for the parties to negotiate technical inspection protocols before News Plaintiffs could even begin discovery into what works OpenAI's models copied. Declaration of Zachary B. Savage ("Savage Decl.") ¶¶ 2-3; Declaration of Jenny L. Colgate ("Colgate Decl.") ¶¶ 2-3. By contrast, the CIR action does not yet have a schedule and discovery has barely begun. *See* Dkt. 258 ¶ 3; *see also* Civil Docket, *The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*, No. 1:24-cv-04872 (S.D.N.Y.).

Even if Defendants agree to cross-produce their documents to CIR, they have not indicated when this cross-production will begin. *See* Dkt. 258 ¶ 4. Indeed, Defendants' promise to cross-produce documents to CIR is conditioned on the CIR and Defendants first negotiating a Protective Order, *see* Mot. at 8, which took three months for the parties to negotiate in The Times's case and two additional months to negotiate for the Daily News, *see* Savage Decl. ¶ 4; Colgate Decl. ¶ 4.[3] Defendants likewise say nothing about the CIR's ability to complete its own discovery in two months. According to Defendants, the CIR opposes consolidation for this very reason. Dkt. 258

---

[3] Although the Daily News modeled its proposed protective order on the Protective Order that had already been entered and agreed to by Defendants in The Times's case, it still took Defendants and the Daily News two months to negotiate the final Protective Order in their case. Colgate Decl. ¶ 4.

¶ 4.  The News Plaintiffs do not blame them.  If this case is any indication, Defendants can be expected to serve upwards of 387 discovery requests on the CIR and engage in months of discovery motion practice between now and their would-be December 20, 2024 discovery cutoff.  *See* Savage Decl. ¶ 5 (387 discovery requests have been served on The Times by Defendants to date); Colgate Decl. ¶ 5 (1,368 discovery requests served on the Daily News by Defendants to date).

Put simply, Defendants' assurances that consolidation will not delay this case or prejudice the News Plaintiffs are unrealistic at best.  If these cases are consolidated and the two-month discovery window proves untenable for the CIR, the News Plaintiffs will lose their case schedule yet again.  Indeed, Defendants signal throughout their briefing that they do not consider the existing schedule to mean anything.  *See, e.g.*, Mot. at 7 (emphasizing that the December 20 cutoff date is a "placeholder").  One of their primary stated benefits of consolidation—that Defendants' witnesses "should only be deposed once"—presupposes that the CIR will be prepared to depose Defendants' witnesses within two months, despite apparently not having yet seen Defendants' documents.  *See* Mot. at 5.  Adding the CIR into the mix also complicates the deposition protocol, Dkt. 261, further delaying the News Plaintiffs' opportunity to depose Defendants' witnesses.[4]

If delay is inevitable, consolidation must be denied.  In *In re Currency Conversion Fee Antitrust Litigation*, 2009 WL 1834351, at *2 (S.D.N.Y. June 18, 2009), this Court denied consolidation of two cases with common questions of law and fact where one case was starting discovery and the other was months away from the dispositive motion deadline.  Like here, the defendants in *In re Currency Conversion Fee* agreed to cross-produce significant discovery from

---

[4] If the Court grants Defendants' motion to consolidate and the CIR is folded into the News Plaintiffs' deposition protocol, the News Plaintiffs and CIR should be given at least 35 more hours for depositions, including an additional 20 hours to the per-Defendant Group cap.  Defendants' witnesses should also be required to sit for a maximum of 11 hours (instead of 10) for their 30(b)(1) depositions, and the newly consolidated plaintiffs should be given an additional 5 hours for their minimum and maximum 30(b)(6) deposition hours.  *See* Dkt. 261.

prior litigation. *Id.* at *1. Even though consolidation would otherwise serve judicial economy, it would delay the earlier-filed case and thus was prejudicial and improper. *Id.* at *2.

In *SS&C Technologies*, 2024 WL 64781, at *4, this Court likewise denied consolidation of two cases with overlapping issues of fact and law because it would prejudice the defendants in each case. The earlier-filed case was nearing the close of fact discovery, while the other case was in its initial stages. *Id.*; *see also Romeo v. Suffolk Ready Mix LLC*, 2010 WL 3925260, at *2 (E.D.N.Y. Sep. 30, 2010) (denying consolidation where "both cases deal with the same facts" because the earlier-filed case was nearing the discovery cutoff and the later-filed case had barely progressed in discovery, so consolidation would not achieve "consolidation's primary purpose: savings of expense and gains of efficiency").

The News Plaintiffs do not dispute that the CIR action shares common questions of fact and law, or that the CIR alleges the same general wrongdoing by Defendants. Nor do the News Plaintiffs doubt that Defendants would benefit from battling fewer copyright infringement lawsuits at once. But again, the fact that Defendants infringed the copyrights of so many different rightsholders should not be weaponized against the News Plaintiffs by necessitating another extension to the case schedule. Nor should the News Plaintiffs be subjected to the delay and expense of a never-ending discovery period simply because they got to the courthouse first. The longer this case is delayed, the longer the News Plaintiffs are harmed by Defendants' continued use of their intellectual property and prejudiced by solidifying consumer expectations that the News Plaintiffs' content be accessible via Defendants' products for free. Moreover, timely resolution of the core fair use question on summary judgment is essential. Even Defendants appear to agree. See Authors Guild Action, Dkt. 62 (joint letter in which Defendants agreed to resolve

summary judgment before class certification). If there is any risk that consolidation with CIR will delay this case, consolidation should be denied.

## II. **Consolidation must be limited to the CIR and News Plaintiffs.**

The News Plaintiffs oppose Defendants' proposal to coordinate with the California Plaintiffs. *See* Dkt. 260 (Defendants' letter brief seeking an order for deposition coordination by News Plaintiffs, SDNY Class Plaintiffs, and California Plaintiffs). As outlined in the News Plaintiffs' letter brief regarding the deposition protocol, Dkt. 261, coordination with the California Plaintiffs would prejudice the News Plaintiffs and raise logistical concerns directly at odds with judicial economy and fairness.

*First,* as OpenAI has conceded, the SDNY cases are "different and broader in scope" than the California Class Actions. *See* California Class Actions, Dkt. 139 at 4. Common questions of law and fact are a mandatory prerequisite to consolidation under Federal Rule of Civil Procedure 42(a). *See also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). The California Plaintiffs' claims are significantly narrower than the issues in this case, and Microsoft is not a Defendant in California. *See* California Class Actions, Dkt. 120 (Amended Complaint). In Microsoft's own words, "the presence of Microsoft in the New York Actions significantly changes the complexion of the cases," and "[t]here are multiple claims brought [in SDNY] against Microsoft that are not part of the California case." Dkt. 48 at 5. Even as against OpenAI, "the claims are different" here because this case involves allegations of secondary infringement that are absent in California. *See* California Class Actions, Dkt. 139 at 4-5 (OpenAI's portion of a joint letter brief opposing the cross-production of documents it produced in the *Authors Guild* Action). And even among the SDNY cases, the consolidated News Plaintiffs' claims are the broadest—this case implicates additional technology like retrieval augmented generation and focuses on both

Defendants' use of works for "training" their models as well as the "outputs" of Defendants' models and products. *See* Dkt. 261. Consolidating or even coordinating across cases with substantial non-overlapping issues or parties would impose "a greater burden on the court" and parties at the sacrifice of judicial economy. *See Aerotel*, 234 F.R.D. at 67.

*Second*, coordination with the California Plaintiffs would raise several logistical concerns. *See* Dkt. 261. The California Class Actions are presided over by a different judge, in a different court, on a different schedule, and are being litigated by different plaintiffs' law firms. Fact discovery here closes on December 20, 2024, whereas fact discovery closes in California on January 27, 2025. *See* California Class Actions, Dkt. 173. The differences in case schedules only compound after that. Expert discovery in this case closes on March 9, 2025, whereas California's expert discovery ends on June 11, 2025. *Id.* And unlike here, where summary judgment follows discovery in April 2025, the California Class Actions turn to class certification first, starting in July 2025. *Id.* These differences will create tension in discovery timing and deposition coordination. And because the cases are presided over by different judges in different courts, attempts at coordination may even lead to competing court orders on common disputes. *See* Dkt. 261.[5]

Unlike with CIR, coordination with California Plaintiffs would not promise "consistent rulings on overlapping discovery and merits issues," nor could it "streamline[] an unavoidably

---

[5] The News Plaintiffs' concerns about the challenges of coordinating with the California Class Actions are not theoretical. The parties have spent the last month trying to negotiate a deposition protocol that could govern the SDNY and California Class Actions, and the reality of attempting to coordinate with additional law firms representing dozens of different clients across nine different actions was difficult, to say the least. The News Plaintiffs say this without criticizing any party to these negotiations. It is simply a fact that the more cooks in the kitchen, the harder it is to prepare a good meal. This is evidenced by the fact that despite every party's best efforts, this Court was presented with three competing deposition protocols: (1) one from the SDNY and California Class Actions seeking coordination across only the class cases; (2) one from the News Plaintiffs seeking coordination with just this case; and (3) one from Defendants seeking coordination with everyone. *See* Dkts. 260, 261; *Authors Guild* Action, Dkts. 216, 218. Of course, no depositions have taken place.

complex discovery process." *See* Mot. at 1.  To the contrary, coordination with the California Plaintiffs would prejudice the News Plaintiffs by introducing needless delay and logistical burdens, and likely shortchanging the News Plaintiffs' deposition time and access to timely discovery.

## **CONCLUSION**

The News Plaintiffs' non-opposition to consolidation with CIR is conditioned on two things: (1) consolidation must not delay the existing case schedule, now or later; and (2) consolidation should be limited to the CIR and not extended to coordination with the California Plaintiffs (or any other parties that sue Defendants for the same infringing conduct in the future). If those caveats are met, the News Plaintiffs do not oppose consolidation with CIR.

Dated: October 18, 2024

*/s/ Ian Crosby*
Ian Crosby *(pro hac vice)*
Genevieve Vose Wallace *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin *(pro hac vice)*
Ellie Dupler *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings  (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

***Attorneys for Plaintiff***
***The New York Times Company***

*/s/ Jennifer B. Maisel*
Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker *(pro hac vice)*
Jenny L. Colgate *(pro hac vice)*
Mark Rawls *(pro hac vice)*

9

Kristen J. Logan *(pro hac vice)*
Bryan B. Thompson (6004147)
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
mrawls@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com

Jeffrey A. Lindenbaum (JL1971)
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
3 Manhattanville Road, Suite 105
Purchase, New York 10577
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
jlindenbaum@rothwellfigg.com

*Attorneys for Plaintiffs*
*Daily News, LP; The Chicago Tribune Company,*
*LLC; Orlando Sentinel Communications*
*Company, LLC; Sun-Sentinel Company, LLC;*
*San Jose Mercury-News, LLC; DP Media*
*Network, LLC; ORB Publishing, LLC; and*
*Northwest Publications, LLC*