# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X:

THE NEW YORK TIMES COMPANY   :

      Plaintiff,     :

   -against-      :  No. 3:23-CV-11195-SHS

            :

MICROSOFT CORPORATION, *et al.,*  :

      Defendants.    :

------------------------------------------------------- X

**DEFENDANT OPENAI OPCO, LLC'S FIRST SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-61)**

In accordance with Federal Rules of Civil Procedure 26 and 34, Defendant OpenAI OpCo, L.L.C. ("OpenAI OpCo"), by and through its undersigned attorneys, hereby request that Plaintiff The New York Times Company respond to these First Set of Requests for Production of Documents and Things ("Requests") and produce for inspection and copying, within thirty days of service, the Documents and Things described below, in accordance with the following Definitions and Instructions. OpenAI OpCo requests that Plaintiff produces Documents and other Things described below electronically or at the offices of Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, California 94111.

## DEFINITIONS

1.      Each of these Definitions and Instructions is incorporated into each of the Requests to which it pertains. Notwithstanding any Definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

2.      "Plaintiff," "You," and/or "Your" shall mean The New York Times Company, its officers, directors, managers, Employees, Agents, divisions, parent companies, subsidiaries, affiliates, including any Person who served in any such capacity at any time.

3.      "Defendant" shall mean any defendant named in the Complaint filed on December 27, 2023 in *The New York Times Company v. Microsoft Corporation, et al.*, Case No. 1:23-cv-11195 and any subsequent complaint that You file in this action.

4.      "OpenAI" shall mean OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI Opco L.L.C., OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC.

5.      "Generative AI" shall mean models, algorithms, or other systems that are trained using data to generate new content (including text, images, or other media), such as ChatGPT,

Gemini, LLaMA, or Claude.

6.    "Person" shall mean any natural person or any business, legal, or governmental entity or association.

7.    "Communication" shall mean any transmission, exchange, or transfer of information by any means (in the form of facts, ideas, inquiries, or otherwise).

8.    "Complaint" shall mean the Complaint filed on December 27, 2023 in *The New York Times Company v. Microsoft Corporation, et al.*, Case No. 1:23-cv-11195 and any subsequent complaint that You file in this action.

9.    References to this "Action," "Case," "Litigation," or "Lawsuit" mean the above-captioned matter, *The New York Times Company v. Microsoft Corporation, et al.*, Case No. 1:23-cv-11195, brought by Plaintiff pending in the United States District Court for the Southern District of New York.

10.    "Agent" shall mean any Person asked, hired, retained, or contracted to assist You or act on Your behalf in connection with this Litigation whether employed or not by You.

11.    "Employee" shall mean director, trustee, officer, employee, or partner of the designated entity, whether active or retired, full-time or part-time, current or former, and compensated or not.

12.    "Document" shall mean all "writings" and "recordings" as those terms are defined in Federal Rules of Evidence 1001 and shall be afforded the broadest possible meaning permitted by Federal Rule of Civil Procedure 34.  By way of illustration and without limitation, Documents include at least the following: originals, drafts and all non-identical copies of memoranda, reports, studies, surveys, analyses, books, manuscripts, notes, emails, graphs, notebooks, correspondence, interoffice communications, letters, diaries, calendars, photographs, motion pictures, sketches,

spreadsheets, source code, drawings, promotional material, technical papers, printed publications, and all other writings, as well as all non-paper information storage means such as sound reproductions, computer inputs and outputs, tape, film and computer memory devices, as well as tangible things such as models, modules, prototypes, and commercially saleable products. If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail. For the avoidance of doubt, any electronic Documents or data shall include its associated metadata.

13.     "Thing" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure.

14.     "DMCA" means the Digital Millennium Copyright Act (17 U.S.C. § 512).

15.     "Asserted Work" shall mean any work listed in Exhibits A-I and K of the Complaint, or any additional work that may be listed on an amended complaint.

16.     "Published Work" shall mean any work created by or published by You, including both Your Asserted Works and other works not referenced in the Complaint.

17.     "ChatGPT" shall mean OpenAI's general purpose generative-AI model ChatGPT, and the underlying GPT-3.5 and GPT-4 large language models.

18.     "GPT Services" shall mean OpenAI's general purpose generative-AI model ChatGPT, the underlying GPT-3.5 and GPT-4 large language models, and any GPT-based products, including any Application Programming Interface or other third party services that rely on any of the aforementioned.

19.     "Electronically Stored Information" includes, but is not limited to, e-mails and

attachments, voice mail, instant messages, text messages, cell phone data and other electronic communications, word processing documents, text files, hard drives, Excel spreadsheets and underlying formulae, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, Internet usage files, offline storage or information stored on removable media (such as external hard drives, hard disks, floppy disks, memory sticks, flash drives, and backup tapes), information contained on laptops or other portable devices, and network access information and backup materials, TIF files, PDF files, Native Files and the corresponding metadata which is ordinarily maintained.

20.     "Concern," "Concerning," "Related to," and "Relating to," are construed broadly to mean in whole or in part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

21.     "Exclusion Protocol" shall mean any rule, method, or policy to prevent specific user agents, such as web crawlers or bots, from accessing a website or parts of a website.

22.     "Including" means "including but not limited to." "Include(s)" means "include(s) but is not limited to."

23.     OpenAI's use of terms, phrases, and Definitions is for convenience and no term, phrase, or Definition shall be construed as an admission by OpenAI.

24.     Any word that is not defined has its usual and customary meaning.

## INSTRUCTIONS

1.     The following shall apply to all Requests:

    a.   The singular of each word shall be construed to include its plural, and vice versa;

    b.   The conjunctions "and" as well as "or" shall be construed either conjunctively or disjunctively, which is more inclusive in context;

    c.   "Each" shall be construed to include "all" and "any," and vice versa; and

    d.   The present tense shall be construed to include the past tense, and vice versa.

2.    If, in responding to these Requests, You encounter any ambiguities when construing a question, instruction, or definition, Your answer shall set forth the matter deemed ambiguous, and the construction used in answering.

3.    In producing the Documents or Things requested, You are requested to produce all Documents and Things known or available to You regardless of whether such Documents and Things are possessed directly by You or Your Agents, Employees, representatives, investigators, or by Your attorneys or their Agents, Employees, representatives, or investigators.

4.    In the event that any Document is withheld on a claim of attorney-client privilege or work-product doctrine on any other ground, You shall provide a log that identifies any such Document in a manner to be mutually agreed among the parties.

5.    In producing the Documents and Things requested herein, please produce them in their original file folders, if any, or in lieu thereof, attach to the set of Documents produced from a given file or a photostatic or electronic duplicate of all written or printed material in the original file folder. In addition, the Documents shall be produced in the same sequence as they are contained or found in the original file folder. The integrity and internal sequence of the requested Documents within each file folder shall not be disturbed. Under no circumstances shall Documents from any file folder be commingled with Documents from any other file folder.

6.      If production of any requested Document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

7.      These Requests are continuing in nature. If You receive or otherwise become aware of information responsive to any Request after You have served Your responses to these Requests, You must promptly supplement Your responses to these Requests to provide such information, as required by Federal Rule of Civil Procedure 26.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications relating to the alleged reproduction, public display, or distribution of Your Asserted Works via GPT Services.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications regarding any attempt by You, including failed attempts, to reproduce any of Your Published Works via GPT Services.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications relating to any outputs of GPT Services that allegedly summarize, quote, or otherwise reference Your Asserted Works.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications relating to the alleged reproduction, public display, or distribution of Your Asserted Works via Generative AI services other than GPT Services.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications relating to any attempt by You, including failed attempts, to reproduce any of Your Published Works via Generative AI services other than GPT Services.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications relating to any outputs of via Generative AI services other than GPT Services that allegedly summarize, quote, or otherwise reference Your Asserted Works.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show each of the OpenAI accounts You or Your Agents have created or used, including without limitation Documents sufficient to show the full name associated with the account(s), the username(s) for the account(s), email address(es) associated with the account(s), the organization ID and name associated with the account(s), and date of registration or activation for the account(s).

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications relating to any allegations that any of Your Asserted Works infringe any third-party rights.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications relating to any complaints by any Person regarding alleged plagiarism in Your Asserted Works.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identify the expressive, original, and human-authored content of each of Your Asserted Works.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify the non-expressive, non-original, or non-human-authored content of each of Your Asserted Works.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show each and every written work that informed the preparation of each of Your Asserted Works, regardless of its length, format, or medium.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications relating to any disputes as to the ownership of Your Asserted Works, including but not limited to DMCA Takedown Notices or other copyright infringement removal requests received by You.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications relating to Your correspondence with the United States Copyright Office regarding Your Asserted Works, including deposit copies.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications relating to Your ownership of the Asserted Works, including agreements related to the authorship of Your Asserted Works and work-for-hire agreements.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications relating to Your knowledge of the alleged use of Your Published Works for training Generative AI models.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications relating to Your knowledge of the alleged use of Your Published Works for training ChatGPT.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications relating to any arrangement or agreement by which You permitted a third party to reproduce or display Your Asserted Works, or any part thereof, in

print or on the Internet, regardless of whether the arrangement or agreement was commercial or non-commercial.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications relating to Your investigation of the claims alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications relating to the creation of Exhibit J of the Complaint, including but not limited to Documents and Communications with any third party or Agent.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show each of the OpenAI accounts created or used by any Person who participated in or was aware of Your use of GPT Services to generate any of the outputs cited in or referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show each of the prompts You have entered into GPT Services, including without limitation Documents sufficient to show any system prompts used, the parameters used in connection with each prompt (including, but not limited to, temperature, model, maximum length, stop sequences, top p, frequency penalty, presence penalty), the date and time on which that prompt was entered, the user account used, and each resulting output.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show the process for obtaining each GPT Services output cited or referred to in the Complaint, including without limitation the full chat log, the prompts used, any system prompts used, the parameters used in connection with each prompt (including, but

not limited to, temperature, model, maximum length, stop sequences, top p, frequency penalty, and presence penalty), each and every output generated by GPT Services as a result of each prompt and parameter combination, the time and date of those queries, and the user account.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications between You and other news, media, or writers' organizations and publishers, as well as any other named plaintiff in *Tremblay v. OpenAI, Inc.*, No. 3:23-cv-03223 and *Silverman v. OpenAI, Inc.*, No. 3:23-cv-03416 in the Northern District of California, and *Authors Guild v. OpenAI Inc.*, No. 1:23-cv-08292, *Alter v. OpenAI Inc.*, No. 1:23-cv-10211, *Basbanes v. Microsoft*, No. 1:24-cv-00084, *The Intercept Media, Inc. v. OpenAI, Inc.*, No. 1:24-cv-01515, and *Raw Story Media, Inc. v. OpenAI, Inc.*, No. 1:24-cv-01514 in the Southern District of New York, directly or through any Employee, Agent, or third party, related to copyright and artificial intelligence.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications between You and other news, media, or writers' organizations and publishers, directly or through any Employee, Agent, or third party, relating to decisions about whether to license works to OpenAI for purposes of training ChatGPT.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications relating to any injury or harm You claim to have suffered as a result of the conduct alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show Your total revenue, broken down by source, including without limitation advertising revenue, revenue from affiliate links, subscription revenue by

subscription type, whether personal or commercial, online or print) for each month beginning January 2015 to the present.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to calculate or estimate per-display revenues associated with Your Asserted Works by source, including without limitation revenues from subscriptions, advertising revenues (including cost per impression), and revenues from affiliate links. Each metric shall include both (i) the total number since the work's publication and (ii) a breakdown by month from month of publication to the present.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to show the total page views for each of Your Asserted Works for each month, beginning with the month of the work's publication to the present.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to show the total page views for each of Your Asserted Works for each hour of each day during the 14-day period following its publication.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show the number of times each of Your Asserted Works was shared on social media platforms for each hour of each day during the 14-day period following its publication.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show Your monthly expenses relating to the creation of Your Published Works, broken down by category of expense (including, without limitation, travel, research sources, and salaries) and category of content (as described in Paragraphs 33–37 of the Complaint).

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications relating to licenses or attempts to license Your Asserted Works for reproduction, preparation of derivative works, distribution, display, or performance by businesses (including, but not limited to, artificial intelligence companies, academic institutions, non-profit organizations, or other legal entities), including without limitation enterprise licenses, archive licenses, Generative AI licenses, and licenses for text and data mining.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show the number of Your active subscribers for each month beginning January 2015 to the present.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications relating to formal or informal analyses relating to trends in readership or online subscriptions and the causes thereof.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to show how You analyze the financial value of content on Your website and the results of such analyses, including without limitation analyses of the financial value of page views and other indicators of financial performance.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications relating to formal or informal analyses of the performance of content published on Your website, including without limitation analysis of methods to evaluate that performance.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications relating to Your use or potential use of Exclusion Protocols on Your website, including without limitation Documents sufficient to show the time periods during which You implemented such Exclusion Protocols on Your website.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to show Your policies and procedures regarding the use of third-party sources (including third-party texts) in creating Your published content.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications relating to Your alleged "attempt[] to reach a negotiated agreement with Defendants" as referenced in Paragraph 7 of the Complaint.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications relating to any commercial arrangements through which You obtain access to third-party content for use by Your Employees, including without limitation enterprise subscriptions to other news sources, research databases, and online libraries.

**REQUEST FOR PRODUCTION NO. 42:**

For each of Your Asserted Works, Documents sufficient to show the relevant category of that work as referenced in Paragraphs 33–37 of the Complaint. Categories can include, without limitation, "Investigative Reporting," "Breaking News Reporting," "Beat Reporting," "Reviews and Analysis," or "Commentary and Opinion."

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Communications relating to any commercial arrangements by which third parties reproduce, distribute, display, or perform Your Asserted Works, including without limitation agreements relating to syndication.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to show Your policies and procedures regarding the use of Generative AI by Your Employees.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications relating to Your potential adoption of Generative AI for use by Employees of The New York Times Company, including Communications with any Generative AI company regarding that potential adoption.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show any training programs You plan to implement or have implemented regarding Generative AI at The New York Times Company.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications relating to Your "A.I. Initiatives" program referenced in Your December 12, 2023 article titled "Zach Seward Is the Newsroom's Editorial Director of A.I. Initiatives."

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications relating to Zach Seward's role as the editorial director of Your "A.I. Initiatives" program referenced in Your December 12, 2023 article titled "Zach Seward Is the Newsroom's Editorial Director of A.I. Initiatives."

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to show any past and present efforts or future plans to utilize Generative AI in Your reporting and presentation of content, including but not limited to print articles, online articles, blog posts, videos, and graphics.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications relating to the training of Your artificial intelligence

satellite images tool referenced in the February 19, 2024 Reuters Institute article, "New York Times publisher A. G. Sulzberger: 'Our industry needs to think bigger'" including without limitation any base models and training data You used.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Communications relating to the training of Your artificial intelligence tool referenced in the February 20, 2024 Axios article, "Exclusive: NYT plans to debut new generative AI ad tool later this year" including without limitation any base models and training materials You used.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Communications relating to The New York Times' API that "allows researchers and academics to search Times content for non-commercial purposes" referenced in Paragraph 46 of the Complaint.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to show Your total revenue generated from licenses through the Copyright Clearance Center each year from 2015 to the present.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents and Communications relating to The New York Times English Gigaword (LDC2003T05) of the Linguistic Data Consortium of the University of Pennsylvania, including but not limited to all articles included therein, any licensing arrangements, and any negotiations between You and the Linguistic Data Consortium or University of Pennsylvania.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications relating to The New York Times Annotated Corpus (LDC2008T19) of the Linguistic Data Consortium of the University of Pennsylvania, including

but not limited to all articles included therein, any licensing arrangements, and any negotiations between You and the Linguistic Data Consortium or University of Pennsylvania.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents and Communications relating to any efforts You have undertaken to separate Your reporting on OpenAI and Your activities underlying the preparation and prosecution of this lawsuit.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to show people most knowledgeable about Your use (including use by Your Agents, Employees, or third parties at Your direction) of GPT Services to derive any of the outputs cited or referred to in the Complaint and any other outputs on which You plan to rely upon in support of Your claims in this Litigation.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents and Communications between You and any United States government or regulatory agencies relating to Generative AI, including this Litigation.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents referenced or cited in preparing Your responses to any of OpenAI's Interrogatories and Requests for Admissions.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents You intend to rely on in this Litigation.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents You intend to provide to Your experts in this Litigation.

Dated: March 8, 2024                          LATHAM & WATKINS LLP


By: _____

LATHAM & WATKINS LLP
Joseph R. Wetzel
joseph.wetzel@lw.com
Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle
sy.damle@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman
alli.stillman@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.751.4864

*Attorneys for Defendants OpenAI, Inc.,*
*OpenAI LP, OpenAI GP, LLC, OpenAI,*
*LLC, OpenAI Opco L.L.C., OpenAI Global*
*LLC, OAI Corporation, LLC, and OpenAI*
*Holdings, LLC.*

Dated: March 8, 2024                                MORRISON & FOERSTER LLP

By: _____

Joseph C. Gratz (*pro hac vice*)
JGratz@mofo.com
Vera Ranieri (*pro hac vice*)
VRanieri@mofo.com
425 Market Street
San Francisco, CA 94105-2482
Telephone: 415.268.7000

Allyson R. Bennett (*pro hac vice*)
ABennett@mofo.com
Rose S. Lee (*pro hac vice*)
RoseLee@mofo.com
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200

*Attorney for Defendants OpenAI, Inc.,*
*OpenAI LP, OpenAI GP, LLC, OpenAI,*
*LLC, OpenAI Opco L.L.C., OpenAI Global*
*LLC, OAI Corporation, LLC, and OpenAI*
*Holdings, LLC.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2024, a copy of the foregoing **DEFENDANT OPENAI**

**OPCO, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**AND THINGS (NOS. 1-61)** was served by E-mail upon the following:

| | |
|---|---|
| Ian Crosby (*pro hac vice*) | Elisha Barron (5036850) |
| Genevieve Vose Wallace *(pro hac vice)* | Zachary B. Savage (ZS2668) |
| Katherine M. Peaslee *(pro hac vice)* | Tamar Lusztig (5125174) |
| **SUSMAN GODFREY L.L.P.** | Alexander Frawley (5564539) |
| 401 Union Street, Suite 3000 | Eudokia Spanos (5021381) |
| Seattle, WA 98101 | **SUSMAN GODFREY L.L.P.** |
| Telephone: (206) 516-3880 | 1301 Avenue of the Americas, 32nd Floor |
| Facsimile: (206) 516-3883 | New York, NY 10019 |
| | Telephone: (212) 336-8330 |
| Davida Brook (*pro hac vice*) | Facsimile: (212) 336-8340 |
| Emily K. Cronin (*pro hac vice*) | |
| Ellie Dupler (*pro hac vice*) | Steven Lieberman (SL8687) |
| **SUSMAN GODFREY L.L.P.** | Jennifer B. Maisel (5096995) |
| 1900 Ave of the Stars, Suite 1400 | Kristen J. Logan (*pro hac vice*) |
| Los Angeles, CA 90067 | **ROTHWELL, FIGG, ERNST & MANBECK, P.C.** |
| Telephone: (310) 789-3100 | |
| Facsimile: (310) 789-3150 | 901 New York Avenue, N.W., Suite 900 East |
| | Washington, DC 20001 |
| Scarlett Collings (*Admission pending*) | Telephone: (202) 783-6040 |
| **SUSMAN GODFREY L.L.P.** | Facsimile: (202) 783-6031 |
| 1000 Louisiana, Suite 5100 | |
| Houston, TX 77002 | |
| Telephone: (713) 651-9366 | |
| Facsimile: (713) 654-6666 | |
| | |
| *NYT-AI-SG-Service@simplelists.susmangodfrey.com* | |
| | |
| *Attorneys for Plaintiff* | |

Annette L. Hurst
**ORRICK, HERRINGTON &
SUTCLIFF LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Phone: (415) 773-5700

Jeffrey S. Jacobson
**FAEGRE DRINKER BIDDLE &
REATH**
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 248-3191
*jeffrey.jacobson@faegredrinker.com*

*NewYorkTimes_Microsoft_OHS@orrick.com*

Christopher J. Cariello
**ORRICK, HERRINGTON & SUTCLIFF
LLP**
51 West 2nd Street
New York, NY 10019
Telephone: (212) 506-5000

Jared B. Briant
**FAEGRE DRINKER BIDDLE & REATH**
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3588
*jared.briant@faegredrinker.com*

*Attorneys for Defendant Microsoft Corporation*

_____
Joseph R. Wetzel