October 22, 2024

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York

> Re:    *The New York Times Company v. Microsoft Corp.*, 23-cv-11195; *Daily News, L P, et al. v. Microsoft Corp.*, 1:24-cv-3285:  Dispute Regarding Microsoft's Document Custodians

Dear Magistrate Judge Wang:

Plaintiffs The New York Times Company ("The Times") and Daily News, LP et al. ("Daily News") (collectively, the "News Plaintiffs") request that a dispute over one Microsoft document custodian, **Mustafa Suleyman**, be heard at the upcoming October 30, 2024 discovery conference, as set forth on the conference agenda. Dkt. 262 at 23. We write to provide additional background on this dispute.

The parties have been conferring over Microsoft's custodians since July 2, when The Times responded to Microsoft's opening proposal of just 6 custodians.[1] Microsoft has since agreed to add additional custodians, for a total of 28. The News Plaintiffs have also withdrawn their request for certain custodians, including two employees in the conference agenda.[2] *See* Dkt. 262 at 23.

The parties are at an impasse over one custodian, Mustafa Suleyman, who joined Microsoft in March 2024 as CEO of its AI division. As a compromise, the News Plaintiffs proposed that Mr. Suleyman become a "limited" custodian—meaning that Microsoft apply a narrower set of search terms to his files than for Microsoft's other custodians. Ex. 1 at 2-3. Microsoft rejected this compromise offer, insisting that Mr. Suleyman should not be a custodian regardless of search terms, and Microsoft has not responded to the News Plaintiffs' request for hit counts.

The News Plaintiffs now seek an order compelling Microsoft to add Mr. Suleyman as a custodian and instructing the parties to meet and confer over which search terms to use for his files, a process that should begin with Microsoft providing hit counts for the News Plaintiffs' limited set of proposed terms. Mr. Suleyman should be a custodian because he likely has "non-duplicative documents" relating to at least four key issues. *U.S. Bank v. Triaxx Asset*, 2021 WL 3024824, at *1 (S.D.N.Y. July 16, 2021) (granting motion to add an additional custodian).

*First*, Mr. Suleyman will have relevant documents regarding Microsoft Copilot, a generative AI chatbot and one of the principal products at issue in this case. When he joined Microsoft in March of this year, Mr. Suleyman wrote on Twitter that "I'll be ***leading all consumer***

---

[1] The parties conferred by videoconference on September 9 and October 16, and the parties exchanged emails before, between, and after those videoconferences. Ex. 1 (emails between counsel).

[2] These two employees are Scott Counts and Sathish Manivannan. The parties are close to an agreement in which the News Plaintiffs will withdraw their request for one of them to become a custodian in exchange for Microsoft agreeing to limits on how Microsoft can rely on the withdrawn employee going forward in the case.

**AI products** and research, **including Copilot**, Bing and Edge."[3] The News Plaintiffs accuse Copilot of copyright infringement because Copilot provides copyrighted publisher content to users, including content behind paywalls. As alleged in The Times's Complaint, Copilot "display[s] extensive excerpts or paraphrases of the contents of search results, including Times content," and thus "create[s] natural-language substitutes that serve the same informative purpose as the original,"; and "in some cases," Copilot "simply spit[s] out several paragraphs of The Times's articles." FAC ¶ 108; *see also id.* ¶¶ 112-17 (providing examples of infringing outputs generated by Copilot—then known as "Bing Chat"). The Times believes that this use of its content to operate Copilot, and Microsoft's profits from the use of that content, have continued during Mr. Suleyman's tenure at Microsoft.

In Microsoft's own words, there should be "significant" discovery into Copilot because the News Plaintiffs focus on the "relationship between Microsoft's AI product offerings and generative search technology" (Dkt. 153 at 3), and the News cases implicate "generative search technology (e.g., Bing Copilot)" (Dkt. 148 at 6). As the person leading Microsoft's efforts on Copilot, Mr. Suleyman should be a custodian.

*Second*, Mr. Suleyman will have relevant documents relating to OpenAI's models and Microsoft's collaboration with OpenAI. The Times alleges that "Microsoft has been, and continues to be, intimately involved in the training, development, and commercialization of OpenAI's GPT products," and seeks to hold Microsoft accountable for contributory copyright infringement. FAC ¶ 66; *id.* ¶¶ 175-76 (Microsoft "materially contributed to and directly assisted in the direct infringement attributable to the OpenAI Defendants"). Microsoft itself has acknowledged that The Times "seek[s] to investigate the role Microsoft played in developing supercomputer technology for OAI's training of its models, the relationship between Microsoft and OAI, and Microsoft's commercialization of its products such as Bing Chat (now Copilot Chat)." Dkt. 48 at 5.

Public reports indicate that Mr. Suleyman is deeply involved in analyzing OpenAI's models. For example, a June 14 article explained how Mr. Suleyman is "looking under the hood at OpenAI's crown jewels — its secret algorithms behind foundation models like GPT-4."[4] And he is reported to be Microsoft's go-to person for its collaboration with OpenAI. In a June 25 interview with CNBC, Mr. Suleyman described his lead role in growing Microsoft's "deep partnership" with OpenAI.[5] More recently, reports emerged that Mr. Suleyman and his team "work directly with employees at OpenAI," including "on-site at OpenAI's offices in San Francisco" while "us[ing] laptops provided by OpenAI."[6] Given his role and public remarks, Mr. Suleyman's documents will reveal unique information about Microsoft's collaboration with OpenAI.

*Third*, Mr. Suleyman will have documents relating to the News Plaintiffs' allegations of willfulness. *See* FAC ¶¶ 124-26 (alleging that "Defendants knew or should have known that these actions involved unauthorized copying of Times Works on a massive scale"). Mr. Suleyman has

---

[3] https://twitter.com/mustafasuleyman/status/1770123596121432351 (emphases added).

[4] https://www.semafor.com/article/06/14/2024/microsoft-ai-ceo-mustafa-suleyman-audits-openais-code.

[5] https://techcrunch.com/2024/06/25/microsofts-mustafa-suleyman-says-he-loves-sam-altman-believes-hes-sincere-about-ai-safety/.

[6] https://www.nytimes.com/2024/10/17/technology/microsoft-openai-partnership-deal.html?smid=nytcore-ios-share&referringSource=articleShare&tgrp=bth&pvid=A1410236-A1D0-4ED0-B85F-5115474706EA.

spoken publicly about his view that content "on the open web" – even if protected by copyright – is "freeware" such that "anyone can copy it, recreate with it, reproduce with it." [7] His documents will shed light on why Defendants continue exploiting publisher content without permission.

*Fourth*, Mr. Suleyman will have information relevant to the Defendants' fair use defense, including documents relating to the use of OpenAI's models to generate training content that would substitute for that of publishers. According to a recent article, Mr. Suleyman oversees Microsoft's "distillation" strategy, which includes "Microsoft "us[ing] OpenAI's models to generate lots of data, which Microsoft then uses to train its own, similar models."[8]

Microsoft's principal objection to adding Mr. Suleyman as a custodian is that he joined the company in March 2024, after The Times filed its lawsuit in December 2023 (but more than a month before the Daily News filed its case in April 2024). This argument fails because Mr. Suleyman has information about how OpenAI's models operate and because Microsoft's infringing conduct is ongoing. *See* FAC ¶ 167 (describing "Defendants' ongoing infringing conduct"); *id.* ¶ 66 (alleging that Microsoft "continues to" collaborate with OpenAI to infringe Times works). "Rule 26 does not limit discovery to pre-complaint events in cases such as this in which the complaint alleges that [the wrongful conduct] was continuing as of the date the complaint was filed." *Robco Distributors, Inc. v. Gen. Glass Int'l Corp.*, 101 F.R.D. 547, 548 (E.D.N.Y. 1984); *see also Deluxe Fin. Servs., LLC v. Shaw*, 2017 WL 7369890, at *5 (D. Minn. Feb. 13, 2017) ("it may be appropriate to allow post-complaint discovery where documents requested are relevant to the claims and defenses in the case, especially where the complaint alleges continuing violations"). Microsoft's argument also contradicts the position its co-defendant OpenAI has taken for its own discovery requests. *See, e.g.*, Dkt. 262 at 15 (OpenAI asking this Court to order The Times to search for and produce communications through July 1, 2024). In fact, The Times has agreed to produce post-filing documents from its custodians, including one who was hired a mere two weeks before the filing of the Complaint.

Mr. Suleyman's recent start date actually supports the News Plaintiffs' request. Because he only joined Microsoft in March 2024, the timeframe over which Microsoft must search is limited, suggesting it will yield fewer documents than for longer-tenured custodians. And the burden of review is further mitigated by the limited search terms the News Plaintiffs are seeking. In short, the burden associated with collecting and producing his documents is low, and more than justified given the likelihood of finding relevant documents. *See Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 106 (S.D.N.Y. 2013) (granting motion to add an "additional 18 custodians" for whom ESI searches were "reasonably calculated to lead to relevant evidence that might not be captured if they were excluded"). To the extent there may be "some overlap" in documents possessed by other custodians, Microsoft can simply use "procedures to eliminate duplicative search output from their production." *Id.*

Respectfully,

*/s/ Ian B. Crosby*

---

[7] https://www.theregister.com/2024/06/28/microsoft_ceo_ai/#:~:text=%22I%20think%20that%20with%20respect,That's%20been%20the%20understanding.%22.

[8] https://www.theinformation.com/articles/microsoft-ai-chief-suleyman-shuffles-unit-leadership-pointing-to-shift-in-strategy.

Ian B. Crosby
Susman Godfrey L.L.P.

*/s/ Steven Lieberman*
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck

cc:   All Counsel of Record (via ECF)