SUSMAN GODFREY L.L.P.

October 23, 2024

Hon. Ona T. Wang
United States District Judge
Southern District of New York
New York, New York 10007

                Re:    *The New York Times Company v. Microsoft Corporation, et al.*,
                        Case No.: 23-cv-11195-SHS-OTW: Motion to Compel Production of Documents Concerning Future Products

Dear Magistrate Judge Wang:

      Plaintiff The New York Times Company ("The Times") respectfully requests an order compelling Microsoft to search for and produce 1) documents responsive to The Times's RFP 67 regarding its plans to commercialize generative AI products built with Times content, and 2) documents concerning Copilot Daily[1]—Microsoft's recently announced AI-powered news product—and any other generative AI products that Microsoft is currently developing in the categories that compete with Times products—namely news, cooking, consumer reviews, and sports. These documents are directly relevant to Microsoft's stated fair use defense.

      The Times's RFP 67 seeks documents concerning business development plans, strategic roadmaps, and product development plans related to (i) Defendants' generative AI products identified in The Times's Complaint, as well as (ii) any future generative AI products in the categories of news, cooking, consumer reviews, and sports.[2] Relatedly, a number of The Times's requests for production[3] seek documents related to Microsoft's "Generative AI Products and Services," which The Times defines as "any publicly available or commercial product or service offering that includes a Generative AI Model, including but not limited to ChatGPT branded products and services, Copilot branded products and services, ChatGPT, Browse with Bing, Bing Chat, OpenAI's soon-to-be announced search product, APIs, and platforms otherwise providing access to a Generative AI Model."[4] Ex. A at 2–3. The Times has since agreed to limit this definition to those products and services in the categories of news, cooking, consumer reviews, and sports—categories of content that The Times creates and which are the subject of its claims in this case.

---

[1] Microsoft has a suite of "Copilot" AI companions, including for Bing (formerly known as "Bing Chat") and Microsoft 365. Microsoft does not dispute that these Bing and Microsoft 365 Copilot products are within the scope of discovery.

[2] The parties met and conferred regarding this issue via videoconference on August 21, August 23, and October 16, and exchanged letters and emails before and after those calls. The Times's Second RFPs are attached as Exhibit A, and Microsoft's Responses and Objections to those RFPs are attached as Exhibit B. Attached as Exhibit C is a July 22 letter from The Times. Attached as Exhibit D is an email exchange between the parties from before and after the meet-and-confers.

[3] This issue specifically relates to at least RFPs 3, 7, 11, 14, 19, 23, 28, 35, 39, 41–46, 48, 50–52, 57–58, 60–67, 69–71, and 83, which refer to "Generative AI Products and Services."

[4] The parties met and conferred regarding this related issue via videoconference on May 16 and exchanged correspondence before and after that call, which is attached as Exhibit E.

October 23, 2024
Page 2

Microsoft has refused to produce documents in response to both sub-parts (i) and (ii) of RFP 67, contending that its business plans concerning under-development products are irrelevant and that Microsoft will only produce documents concerning products specifically enumerated in The Times's Complaint. Likewise, Microsoft has sought to limit the definition of Generative AI Products and Services to "products and services identified in the Complaint: ChatGPT, ChatGPT Plus, ChatGPT-Enterprise, Browse with Bing, Bing Chat, and Microsoft 365 Copilot" for the same reasons.

These limitations are improper. As The Times's Complaint makes clear, the scope of this case is not limited to Microsoft's narrowed list of enumerated products; rather, those products were offered as "illustrative and non-exhaustive" examples of infringing products offered by defendants. Compl. ¶ 111.*; see also* ¶ 102 ("Defendants' commercial applications built using GPT models *include*, inter alia, ChatGPT (including its associated offerings, ChatGPT Plus, ChatGPT Enterprise, and Browse with Bing), Bing Chat, and the Microsoft 365 Copilot line of digital assistants."); ¶ 108 ("Synthetic search applications built on the GPT LLMs, *including* Bing Chat and Browse with Bing for ChatGPT, display extensive excerpts or paraphrases of the contents of search results, including Times content, that may not have been included in the model's training set.") (emphasis added). Of course, The Times could not have named products in the Complaint that had not yet been publicly announced by that time. But that does not preclude it from seeking discovery on products that are: (1) built on models that The Times alleges were trained on its content; and (2) compete directly with The Times by offering the same categories of content The Times creates.

Microsoft's refusal to produce documents concerning these products in response to RFP 67 and its exclusion of these products in the definition of Microsoft's Generative AI Products and Services more broadly are particularly egregious with respect to Copilot Daily. As an initial matter, Microsoft bills Copilot Daily, which it released on October 1 of this year, as a "feature" of Copilot,[5] a product explicitly named in the Complaint. *See, e.g.*, ¶¶ 2, 11, 102 153. Thus, even if Microsoft were permitted to limit discovery to those products specifically identified in the Complaint, discovery on Copilot Daily would be warranted. Moreover, Copilot Daily is of central significance to this case, and in particular, to Microsoft's anticipated fair use defense. As Microsoft explained in its blog post announcing this feature, Copilot Daily "helps you kick off your morning with a summary of news and weather."[6] A product that provides users with daily news summaries clearly has the potential to "supplant" Times works, and thus bears on the "central" question under fair use factor one. *Warhol*, 598 U.S. at 528. While Microsoft may claim, as it does in its blog post, that Copilot Daily "will only pull from authorized content sources," The Times is entitled to discovery to test that assertion and to explore how Copilot Daily was built (including whether it relies on models built with Times content). And the same reasoning applies to any other generative AI product in the category of news, cooking, consumer reviews, and sports.

---

[5] *An AI Companion for Everyone*, Official Microsoft Blog (Oct. 1, 2024), https://blogs.microsoft.com/blog/2024/10/01/an-ai-companion-for-everyone/.
[6] *Id.*

October 23, 2024
Page 3

      It does not make any difference that Copilot Daily and other products may have been in development at the time of filing. The Times alleges an ongoing and continuous course of illegal conduct, which entitles it to discovery on Microsoft's post-complaint conduct. For example, The Times alleges that "[b]y and through the actions alleged above, Defendants ***have infringed and will continue to infringe*** The Times's copyrights." Compl. ¶ 166 (emphasis added); *see also* ¶ 95 ("Upon information and belief, Microsoft and OpenAI ***continue to create unauthorized copies of Times Works*** in the form of synthetic search results returned by their Bing Chat and Browse with Bing products. Microsoft actively gathers copies of the Times Works used to generate such results in the process of crawling the web to create the index for its Bing search engine."). "Rule 26 does not limit discovery to pre-complaint events in cases such as this in which the complaint alleges that [the wrongful conduct] was continuing as of the date the complaint was filed." *Robco Distributors, Inc. v. Gen. Glass Int'l Corp.*, 101 F.R.D. 547, 548 (E.D.N.Y. 1984); *see also Deluxe Fin. Servs., LLC v. Shaw*, 2017 WL 7369890, at *5 (D. Minn. Feb. 13, 2017) ("[I]t may be appropriate to allow post-complaint discovery where documents requested are relevant to the claims and defenses in the case, especially where the complaint alleges continuing violations."). Denying relevant discovery into Copilot Daily and other under-development generative AI products or services powered by Times content is improper and risks both prolonging this litigation and necessitating potentially duplicative future litigation. If Defendants' developing products are excluded from discovery at present, The Times will have to either repeatedly amend its Complaint each time a new product is announced or file a new lawsuit with significantly overlapping allegations following each announcement. Either option unnecessarily burdens The Times and the Court by forcing the parties to engage in either unnecessary briefing or duplicative lawsuits.

                                              Respectfully submitted,

                                              */s/ Ian B. Crosby*
                                              Ian B. Crosby

cc:    All Counsel of Record (via ECF)