# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO MICROSOFT CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff The New York Times Company ("The Times") responds to Defendant Microsoft Corporation's ("Microsoft") First Set of Requests for Production of Documents and Things (the "Requests") as follows:

**GENERAL OBJECTIONS**

1. The Times objects to each Request to the extent it seeks information or documents subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2. The Times objects to each Request to the extent it seeks documents or information not within The Times's possession, custody, or control or that are already in the possession, custody, and control of Defendants, on the grounds that such Requests are unduly burdensome and oppressive and therefore exceed the bounds of permissible discovery. The Times will only produce documents within its possession, custody, or control, and will do so in the manner such documents

1

are kept in the usual course of business. Such productions will be made subject to the terms of the anticipated ESI Order, which has not yet been entered and the parties are currently negotiating.

3. The Times objects that a Protective Order has not yet been entered in the case and production of confidential documents is subject to the entry of a Protective Order. Until a Protective Order is entered, The Times will produce confidential documents subject to an agreement that any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will be kept confidential before a Protective Order is entered.

4. The Times's responses are subject to the following objections to the "Definitions" and "Instructions" provided with the Requests.

5. The Times objects to the definitions of "You," "Your," "NYT," or "New York Times" insofar as they include The Times's "corporate parent," of which there is none. The Times further objects to these definitions as contrary to Local Rule 26.3, particularly insofar as they include The Times's "attorneys" and "agents." The Times construes "You," "Your," "NYT," or "New York Times" as those terms are defined in Local Rule 26.3.

6. The Times objects to the definition of "Generative AI Technologies" insofar as the definition is not limited to *Defendants'* models, products, or services. The Times construes "Generative AI Technologies" to mean "Defendants' artificial intelligence models that use machine learning techniques to predict and generate natural-language outputs in response to user inputs."

7. The Times objects to the instruction requesting that The Times provide a "privilege log" insofar as that instruction asks The Times to provide more information than what is required by law. The Times will comply with its obligations under Federal Rule of Civil Procedure 26 and the terms of any protective order entered in this case.

8.      The Times objects to the stated time period for these Requests, which Microsoft has listed as June 2, 2019 to the present. The Times is willing to meet and confer regarding a more appropriately tailored time frame for these Requests.

9.      The Times is willing to meet and confer regarding these Requests.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents concerning the registration of the Copyrighted Works-In-Suit, including but not limited to the U.S. Copyright Registration Certificates, deposit copies, and correspondence with the Copyright Office pertaining to the same.

### RESPONSE TO NO. 1:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks all "Documents concerning the registration of the Copyrighted Works-In-Suit" without limitation to documents relevant to any party's claims or defenses. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times will produce deposit copies for the Asserted Works that can be located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 2:

Documents sufficient to establish Your ownership of the Copyrighted Works-In-Suit.

### RESPONSE TO NO. 2:

The Times incorporates the General Objections set forth above. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Request.

**REQUEST FOR PRODUCTION NO. 22:**

Documents concerning Your prompting of Microsoft's Generative AI Product(s) and Service(s) to generate any summary, outline, or portion of Your Copyrighted Works-In-Suit, as alleged in the Complaint.

**RESPONSE TO NO. 22:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "Your prompting," "summary," "outline," and "portion" as vague and ambiguous. The Times further objects to this Request as unreasonably cumulative of Request Nos. 16 and 18. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

Documents concerning Your prompting of any Generative AI Product or Service to generate any summary, outline, or portion of Your Copyrighted Works-In-Suit.

**RESPONSE TO NO. 23:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "Your prompting," "summary," "outline," and "portion" as vague and ambiguous. The Times further objects to this request as overbroad and unduly burdensome to the extent that it seeks information about "any Generative AI Product or Service" without limitation to Defendants' Generative AI Product(s) or Service(s) and thus seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to this Request as

17

unreasonably cumulative of Request Nos. 16 and 18. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

Documents concerning Your prompting of Microsoft's Generative AI Product(s) and Service(s) to generate excerpts or paraphrases of Wirecutter content.

**RESPONSE TO NO. 24:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "Your prompting," "generate," "excerpts," and "paraphrases" as vague and ambiguous. The Times reasonably construes this Request to refer to The Times's process for obtaining the applicable outputs cited in Exhibit J of the Complaint. The Times further objects to this Request as unreasonably cumulative of Request Nos. 16 and 18. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to identify all individuals who prompted any Generative AI Product and Service in preparing the Complaint.

**RESPONSE TO NO. 25:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "prompted any Generative AI Product and Service" and "in preparing" as vague and ambiguous. The Times further objects to this request as overbroad to the extent that it seeks information about "any Generative AI Product or Service" without limitation to Defendants' Generative AI Product(s) or Service(s) and thus seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request insofar as it asks The Times to disclose experts or consultants. The Times will disclose experts and consultants when and as required by Federal Rule of Civil Procedure 26 and any protective order and/or scheduling order entered in this case.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Documents concerning any allegations or claims raised by or against You relating to intellectual property infringement or any assertions of intellectual property rights, including Documents concerning proceedings involving such claims in any forum (including civil, criminal, and bankruptcy proceedings, as well as arbitrations and other quasi-judicial proceedings) to which You are or were a party or testifying witness, including, but not limited to, Documents sufficient to identify such proceedings; copies of any witness statements, declarations/affidavits, deposition transcripts, or other written or oral testimony You provided (sworn or unsworn); and the Documents concerning the final disposition of the matter, whether by judgment, settlement, dismissal, or other conclusion.

**RESPONSE TO NO. 26:**

19

protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

Documents concerning any "hallucinations" produced by Defendants' Generative AI Product(s) and Service(s) and falsely attributed to You, as alleged in Paragraphs 136 through 142 of the Complaint, including but not limited to Documents concerning the prompts that generated the hallucinations and screenshots of any such prompts and hallucinations.

**RESPONSE TO NO. 40:**

The Times incorporates the General Objections set forth above.  The Times objects to this request as vague, ambiguous, and overbroad.  The Times reasonably construes this Request to refer to The Times's process for obtaining the "hallucinations" cited in the Complaint.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 41:**

Documents concerning any prompts of Defendants' Generative AI Product(s) and

to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to identify every instance in which You assert that Microsoft's Generative AI Product(s) and Service(s) have produced inaccurate content that was falsely attributed to the New York Times or have otherwise tarnished or diluted the quality of the New York Times' trademarks.

**RESPONSE TO NO. 47:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 68:**

Documents identified in Plaintiff's Rule 26(a)(1) Initial Disclosures that are in Your possession, custody, or control.

**RESPONSE TO NO. 68:**

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

Dated: May 28, 2024                            /s/ Ian Crosby

                                         Ian Crosby *(pro hac vice)*
                                         Genevieve Vose Wallace *(pro hac vice)*
                                         Katherine M. Peaslee *(pro hac vice)*
                                         SUSMAN GODFREY L.L.P.
                                         401 Union Street, Suite 3000
                                         Seattle, WA 98101
                                         Telephone: (206) 516-3880
                                         Facsimile: (206) 516-3883
                                         icrosby@susmangodfrey.com
                                         gwallace@susmangodfrey.com
                                         kpeaslee@susmangodfrey.com

                                         Davida Brook *(pro hac vice)*
                                         Emily K. Cronin (*pro hac vice*)
                                         Ellie Dupler *(pro hac vice)*
                                         SUSMAN GODFREY L.L.P.
                                         1900 Ave of the Stars, Suite 1400
                                         Los Angeles, CA 90067

Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Susman Godfrey L.L.P., whose address is 1900 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on May 28, 2024, I served a copy of:

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO MICROSOFT CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)(2)(E)]** by electronically mailing a true and correct copy through Susman Godfrey L.L.P.'s electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. Rule Civ. Proc. Rule 5(b)(2)(E).

☐ **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the offices of the addressee.

**See Attached Service list**

I declare under penalty of perjury that the following is true and correct.

Executed at Los Angeles, California, this 28th day of May, 2024.

*/s/ Emily K. Cronin*
Emily K. Cronin

## SERVICE LIST

**OpenAICopyright@mofo.com**

Joseph C. Gratz
Vera Ranieri
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-6066
Facsimile: (415) 268-7522
Email: jgratz@mofo.com
Email: Vranieri@mofo.com

Allyson R. Bennett
Rose S. Lee
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Email: Abennett@mofo.com
Email: RoseLee@mofo.com

Eric Nikolaides
Morrison & Foerster LLP
250 W. 55th St
New York, NY 10019
Telephone: 212-336-4061
Email: enikolaides@mofo.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, And OpenAI Holdings, LLC**

**OpenAICopyrightLitigation.lwteam@lw.com**

Andrew Gass
Joseph Richard Wetzel , Jr.,
LATHAM & WATKINS, LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Facsimile: (415)-395-8095
Email: andrew.gass@lw.com
Email: joe.wetzel@lw.com

Allison Levine Stillman
Luke Budiardjo
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212)906-1200
Facsimile: 212-751-4864
Email: alli.stillman@lw.com
Email: luke.budiardjo@lw.com

Sarang Damle
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202)637-2200
Facsimile: 202-637-2201
Email: sy.damle@lw.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, And OpenAI Holdings, LLC**

| | |
|---|---|
| **kvpoai@keker.com** | **NewYorkTimes_Microsoft_OHS@orrick.com** |
| Robert A. Van Nest | Annette L. Hurst |
| Paven Malhotra | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| R. James Slaughter | The Orrick Building |
| Katie Lynn Joyce | 405 Howard Street |
| Michelle S. Ybarra | San Francisco, CA 94105 |
| Nicholas S Goldberg | Telephone: (415)773-5700 |
| Sarah Salomon | Facsimile: (415)773-5759 |
| Thomas Edward Gorman | Email: ahurst@orrick.com |
| KEKER, VAN NEST & PETERS LLP | |
| 633 Battery Street | Christopher J. Cariello |
| San Francisco, CA 94111 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| Telephone: (415) 391-5400 | 51 West 52nd Street |
| Facsimile: (415) 397-7188 | New York, NY 10019 |
| Email: rvannest@keker.com | Telephone: (212) 506-3778 |
| Email: pmalhotra@keker.com | Facsimile: (212) 506-5151 |
| Email: rslaughter@keker.com | Email: ccariello@orrick.com |
| Email: kjoyce@keker.com | |
| Email: mybarra@keker.com | Sheryl Koval Garko |
| Email: ngoldberg@keker.com | Laura Brooks Najemy |
| Email: ssalomon@keker.com | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| Email: tgorman@keker.com | 222 Berkeley Street, Suite 2000 |
| | Boston, MA 02116 |
| **Attorneys for Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, And OpenAI Holdings, LLC** | Telephone: (617) 880-1800 |
| | Facsimile: (617) 8801-1801 |
| | Email: sgarko@orrick.com |
| | Email: lnajemy@orrick.com |
| | |
| | **Attorneys for Defendant Microsoft Corporation** |

**MicrosoftNYClassActionFDBR@faegredrinker.com**

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
Email: jeffrey.jacobson@faegredrinker.com

Jared B. Briant
FAEGRE DRINKER BIDDLE & REATH LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone (303) 607-3588
Email: jared.briant@faegredrinker.com


**Attorneys for Defendant
Microsoft Corporation**