# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>                    Plaintiff,<br><br>            v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>                    Defendants. | Civil Action No. 1:23-cv-11195-SHS |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO MICROSOFT CORPORATION'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff, The New York Times Company ("The Times") responds and objects to Defendant Microsoft Corporation's ("Microsoft") First Set of Interrogatories (the "Interrogatories"). These responses and objections are based on The Times's knowledge, investigations, and analysis to date. The Times reserves all rights to supplement and amend its responses and objections accordingly.

**GENERAL OBJECTIONS**

1.      The Times objects to the Interrogatories to the extent any of them seek information subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2.      The Times objects to the Interrogatories to the extent any of them seek information not within The Times's possession, custody, or control.

3.      The Times objects to the Interrogatories to the extent any of them request information beyond what The Times is required to provide under Local Rule 33.3.

4.  Any response is made subject to the terms of an anticipated protective order, which has not yet been entered and the parties are currently negotiating.

5.  The Times's responses are also subject to the following objections to the "Instructions and Definitions" provided with the Interrogatories.

6.  The Times objects to the definitions of "You," "Your," "NYT," or "New York Times" insofar as they include The Times's "corporate parent," of which there is none. The Times further objects to these definitions as contrary to Local Rule 26.3, particularly insofar as they include The Times's "attorneys" and "agents." The Times construes "You," "Your," "NYT," or "New York Times" as those terms are defined in Local Rule 26.3.

7.  The Times objects to the definition of "Generative AI Technologies" insofar as the definition is not limited to *Defendants'* models, products, or services. The Times construes "Generative AI Technologies" to mean "Defendants' artificial intelligence models that use machine learning techniques to predict and generate natural-language outputs in response to user inputs."

8.  The Times objects to the definition of "Generative AI System(s)" as vague and ambiguous, including because the definition does not explain what it means for a consumer-facing application to be "built on" on an artificial intelligence model. The Times further objects to this definition insofar as it is not limited to *Defendants'* models, products, or services. In any event, the term "Generative AI System(s)" appears nowhere in these Interrogatories.

9.  The Times objects to the instruction that "the past tense of a verb includes the present tense and vice versa," as well as the instruction that the "present tense shall always include the past tense and vice versa." The Times will respond to each Interrogatory as written.

10. The Times objects to the instruction requesting that The Times provide a "privilege log" insofar as that instruction asks The Times to provide more information than what is required by law. The Times will comply with its obligations under Federal Rule of Civil Procedure 26 and the terms of any protective order entered in this case.

11. The Times objects to the stated time period for these Interrogatories, which Microsoft has listed as June 2, 2019 to the present. The Times is willing to meet and confer regarding a more appropriately tailored time frame for these Interrogatories.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all individuals involved in Your investigation of the allegations set forth in the Complaint.

### RESPONSE TO NO. 1:

The Times incorporates the General Objections set forth above. The Times further objects to this Interrogatory as vague and ambiguous insofar as it asks about individuals "involved in" The Times's investigation, without clarifying the scope of involvement. The Times further objects to this Interrogatory as overbroad insofar it applies to "all" individuals involved in The Times's investigation. The Times further objects to this Interrogatory because it calls for information protected by the attorney-client privilege, work-product doctrine, or common interest privilege. The Times further objects to this Interrogatory insofar as it asks The Times to disclose experts or consultants. The Times will disclose experts and consultants when and as required by Federal Rule of Civil Procedure 26 and any protective order and/or scheduling order entered in this case.

For these reasons, The Times will not respond to this Interrogatory to the extent it implicates the work of any outside expert or consultant, or work conducted by or at the direction of The Times's in-house or outside counsel. The Times further responds that there are no individuals to identify in response to this Interrogatory that are not captured by the foregoing.

**INTERROGATORY NO. 2:**

Identify individuals with knowledge regarding Your prompting of Microsoft's Generative AI Products and Services to generate any summary, outline, or portion of the Copyrighted Works-In-Suit, as alleged in the Complaint.

**RESPONSE TO NO. 2:**

The Times incorporates the General Objections set forth above. The Times further objects to this Interrogatory as vague and ambiguous, including because the term "Copyrighted Works-In-Suit" is undefined. The Times will construe that term to mean the asserted works in The Times's Complaint—meaning the Times works listed in Exhibits A-I and K of the Complaint. The Times further objects to this Interrogatory because the use of "prompting" is vague and ambiguous. The Times will construe that term to refer to The Times's generation of the sample outputs included in the Complaint. The Times further objects to this Interrogatory because it calls for information protected by the attorney-client privilege, work-product doctrine, or common interest privilege. The Times further objects to this Interrogatory insofar as it asks The Times to disclose experts or consultants. The Times will disclose experts and consultants when and as required by Federal Rule of Civil Procedure 26 and any protective order entered in this case.

For these reasons, The Times will not respond to this Interrogatory to the extent it implicates the work of any outside expert or consultant, or work conducted by or at the direction

4

of The Times's in-house or outside counsel. The Times further responds that there are no individuals to identify in response to this Interrogatory that are not captured by the foregoing.

**INTERROGATORY NO. 3:**

Identify individuals with knowledge regarding (i) the creation of the Document titled "One Hundred Examples of GPT-4 Memorizing Content from the New York Times," attached as Exhibit J to the Complaint ("Exhibit J"), including individuals with knowledge regarding the creation of Exhibit J; (ii) the selection of Defendants' Generative AI Products and Services used to generate each output included in Exhibit J; (iii) the development and execution of prompts provided to GPT-4; and (iv) the development of any prompts provided to and outputs from GPT-4 that were not selected for inclusion in Exhibit J.

**RESPONSE TO NO.3:**

The Times incorporates the General Objections set forth above. The Times further objects to this Interrogatory because it calls for information protected by the attorney-client privilege, work-product doctrine, or common interest privilege. The Times further objects to this Interrogatory insofar as it asks The Times to disclose experts or consultants. The Times will disclose experts and consultants when and as required by Federal Rule of Civil Procedure 26 and any protective order entered in this case.

For these reasons, The Times will not respond to this Interrogatory to the extent it implicates the work of any outside expert or consultant, or work conducted by or at the direction of The Times's in-house or outside counsel. The Times further responds that there are no individuals to identify in response to this Interrogatory that are not captured by the foregoing.

5

revenues, and the volume of Times content that appeared in output generated by Defendants' models. The Times will supplement this response as appropriate as discovery unfolds.

Dated: May 28, 2024                              /s/ Ian Crosby

Ian Crosby *(pro hac vice)*
Genevieve Vose Wallace *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)
Ellie Dupler *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

11

>Scarlett Collings  (4985602)
>SUSMAN GODFREY L.L.P.
>1000 Louisiana, Suite 5100
>Houston, TX 77002
>Telephone: (713) 651-9366
>Facsimile (713) 654-6666
>scollings@susmangodfrey.com
>
>Steven Lieberman (SL8687)
>Jennifer B. Maisel (5096995)
>Kristen J. Logan *(pro hac vice)*
>ROTHWELL, FIGG, ERNST & MANBECK, P.C.
>901 New York Avenue, N.W., Suite 900 East
>Washington, DC 20001
>Telephone:  (202 783-6040
>Facsimile: (202) 783 6031
>slieberman@rothwellfigg.com
>jmaisel@rothwellfigg.com
>klogan@rothwellfigg.com
>
>*Attorneys for Plaintiff*
>*The New York Times Company*

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Susman Godfrey L.L.P., whose address is 1900 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on May 28, 2024, I served a copy of:

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO MICROSOFT CORPORATION'S FIRST SET OF INTERROGATORIES**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)(2)(E)]** by electronically mailing a true and correct copy through Susman Godfrey L.L.P.'s electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. Rule Civ. Proc. Rule 5(b)(2)(E).

☐ **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the offices of the addressee.

**See Attached Service list**

I declare under penalty of perjury that the following is true and correct.

Executed at Los Angeles, California, this 28th day of May, 2024.

/s/ Emily K. Cronin
Emily K. Cronin

13

## SERVICE LIST

OpenAICopyright@mofo.com

Joseph C. Gratz
Vera Ranieri
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-6066
Facsimile: (415) 268-7522
Email: jgratz@mofo.com
Email: Vranieri@mofo.com

Allyson R. Bennett
Rose S. Lee
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Email: Abennett@mofo.com
Email: RoseLee@mofo.com

Eric Nikolaides
Morrison & Foerster LLP
250 W. 55th St
New York, NY 10019
Telephone: 212-336-4061
Email: enikolaides@mofo.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP, LLC,
OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global
LLC, OAI Corporation, LLC, And OpenAI
Holdings, LLC**

OpenAICopyrightLitigation.lwteam@lw.com

Andrew Gass
Joseph Richard Wetzel , Jr.,
LATHAM & WATKINS, LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Facsimile: (415)-395-8095
Email: andrew.gass@lw.com
Email: joe.wetzel@lw.com

Allison Levine Stillman
Luke Budiardjo
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212)906-1200
Facsimile: 212-751-4864
Email: alli.stillman@lw.com
Email: luke.budiardjo@lw.com

Sarang Damle
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202)637-2200
Facsimile: 202-637-2201
Email: sy.damle@lw.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP, LLC,
OpenAI, LLC, OpenAI OpCo LLC, OpenAI
Global LLC, OAI Corporation, LLC, And
OpenAI Holdings, LLC**

| | |
|---|---|
| **kvpoai@keker.com** | **NewYorkTimes_Microsoft_OHS@orrick.com** |
| Robert A. Van Nest | Annette L. Hurst |
| Paven Malhotra | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| R. James Slaughter | The Orrick Building |
| Katie Lynn Joyce | 405 Howard Street |
| Michelle S. Ybarra | San Francisco, CA 94105 |
| Nicholas S Goldberg | Telephone: (415)773-5700 |
| Sarah Salomon | Facsimile: (415)773-5759 |
| Thomas Edward Gorman | Email: ahurst@orrick.com |
| KEKER, VAN NEST & PETERS LLP | |
| 633 Battery Street | Christopher J. Cariello |
| San Francisco, CA 94111 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| Telephone: (415) 391-5400 | 51 West 52nd Street |
| Facsimile: (415) 397-7188 | New York, NY 10019 |
| Email: rvannest@keker.com | Telephone: (212) 506-3778 |
| Email: pmalhotra@keker.com | Facsimile: (212) 506-5151 |
| Email: rslaughter@keker.com | Email: ccariello@orrick.com |
| Email: kjoyce@keker.com | |
| Email: mybarra@keker.com | Sheryl Koval Garko |
| Email: ngoldberg@keker.com | Laura Brooks Najemy |
| Email: ssalomon@keker.com | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| Email: tgorman@keker.com | 222 Berkeley Street, Suite 2000 |
| | Boston, MA 02116 |
| **Attorneys for Defendants** | Telephone: (617) 880-1800 |
| **OpenAI, Inc., OpenAI LP, OpenAI GP, LLC,** | Facsimile: (617) 8801-1801 |
| **OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global** | Email: sgarko@orrick.com |
| **LLC, OAI Corporation, LLC, And OpenAI** | Email: lnajemy@orrick.com |
| **Holdings, LLC** | |
| | **Attorneys for Defendant** |
| | **Microsoft Corporation** |

MicrosoftNYClassActionFDBR@faegredrinker.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
Email: jeffrey.jacobson@faegredrinker.com

Jared B. Briant
FAEGRE DRINKER BIDDLE & REATH LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone (303) 607-3588
Email: jared.briant@faegredrinker.com

**Attorneys for Defendant
Microsoft Corporation**