# EXHIBIT C

**From:** Emily Cronin
**Sent:** Wednesday, October 23, 2024 4:08:26 PM
**To:** Hurst, Annette L.; Behnawa, Isaac; NewYorkTimes_Microsoft_OHS; #NewYorkTimes-Microsoft-FDBR
**Cc:** kvpoai@keker.com; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** Re: NYT v. Microsoft et al. - correspondence
**Sensitivity:** Normal

[EXTERNAL]

Counsel,

The Times is willing to stipulate that it will not rely on the prompts or outputs cited in paragraphs 127-142 of the Complaint for purposes of summary judgment or at trial. We make this stipulation based on Microsoft's representation that it has preserved and will produce or make available the outputs generated by its models and products. The Times's experts will be given a copy of the Complaint, so they will see the examples cited in the Complaint, but those allegations will not be provided to or relied on by the experts beyond that. The Times may still rely on those examples for purposes of opposing a Rule 12 motion or for framing the proper scope of discovery.

Thanks,
Emily

**Emily Cronin Stillman** | **Susman Godfrey LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310-789-3157 (o) | 949-436-3222 (c) | ecronin@susmangodfrey.com

This e-mail contains privileged and confidential information which may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** "Hurst, Annette L." <ahurst@orrick.com>
**Date:** Tuesday, October 22, 2024 at 5:03 PM
**To:** Emily Cronin Stillman <ECronin@susmangodfrey.com>, "Behnawa, Isaac" <ibehnawa@orrick.com>, NYT-AI-Microsoft-OC <NewYorkTimes_Microsoft_OHS@orrick.com>, #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Cc:** "kvpoai@keker.com" <kvpoai@keker.com>, "openaicopyright@mofo.com" <openaicopyright@mofo.com>, "openaicopyrightlitigation.lwteam@lw.com" <openaicopyrightlitigation.lwteam@lw.com>, "NYT-AI-SG-Service@simplelists.susmangodfrey.com" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Subject:** RE: NYT v. Microsoft et al. - correspondence

EXTERNAL Email

Emily:

We do not agree that these are illustrative examples in an otherwise properly stated claim. Unlike the situation with Exhibit J or the other training-based claims, this is not about getting into court to substantiate the contents of training data through discovery. Training data has nothing to do with the output aspects of the claims based on retrieval-augmented-generation, which are directed to the alleged operation of the product to produce a particular result and are entirely independent of the contents of any training data. The factual bases for the assertion that the models behave in the allegedly unlawful way comes entirely from The Times's operation of the models *in that way*. It is both entirely in your hands and also depends upon the contents of the prompts. Indeed, The Times acknowledges this by disclosing those portions of the prompts that it believed were necessary to give rise to inferences supporting the elements of its claims.

Nevertheless, in an effort to try to resolve this dispute without further litigation, we offer the following stipulation. If The Times is willing to stipulate as follows, then Microsoft will withdraw this issue. If not, we will need to proceed with briefing.

1. The Times does not and will not rely in any way upon the prompts and outputs alleged in paragraphs 127- 135 (including by providing them to any expert), or any facts evidenced by those prompts and outputs, in support of its Commercial Misappropriation (Count VI) claim.
2. The Times does not and will not rely in any way upon the prompts and outputs alleged in paragraphs 136-142 (including by providing them to any expert), or any facts evidenced by those prompts and outputs, in support of its Trademark Dilution (Count VII) claim.

Please advise at your earliest convenience.
Annette