EXHIBIT C

## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK TIMES COMPANY,

Plaintiff,

v.

MICROSOFT CORPORATION, OPENAI, INC.,
OPENAI LP, OPENAI GP, LLC, OPENAI, LLC,
OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI
CORPORATION, LLC, and OPENAI HOLDINGS,
LLC,

Defendants.

Civil Action No. 1:23-cv-11195-SHS

## OPENAI DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC and OpenAI Holdings, LLC (collectively, "OpenAI") hereby object and respond to Plaintiff's First Set of Requests for Production of Documents ("Requests"). To the extent that OpenAI agrees to produce documents in response to these Requests, each entity is agreeing to produce only its own documents, to the extent those documents can be located after a reasonable search. Furthermore, an agreement by OpenAI to search for documents does not mean that each entity has documents in its possession, custody, or control.

## INTRODUCTORY RESPONSE

OpenAI responds to the Requests on the basis of the best information available to it at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. OpenAI responds to the Requests as it interprets and understands each

Request set forth herein. If Plaintiff subsequently asserts an interpretation of any of the Requests that differs from OpenAI's understanding, OpenAI reserves the right to supplement its objections and/or responses.

OpenAI's willingness to respond to any particular Request does not constitute an admission that OpenAI agrees with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgement by OpenAI that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion. Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that OpenAI knows any such document exists or is in its possession, custody, or control.

OpenAI's responses to the Requests may contain, provide, or refer to information that will be subject to a protective order to be entered in this matter and should therefore be treated accordingly.

OpenAI has not yet completed its discovery relating to this case and its investigation of the facts is ongoing. OpenAI anticipates that additional information responsive to the Requests may be obtained as discovery proceeds. OpenAI's responses to the Requests are therefore made without prejudice to OpenAI's right to amend, correct or supplement its responses to the Requests.

## **GENERAL OBJECTIONS**

1.    OpenAI objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they:

    a.    call for the discovery of information protected by the attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege or immunity under federal, state or local law. The inadvertent production of any information that is privileged

or otherwise protected from discovery shall not constitute a waiver of any such privilege or protection;

      b.     are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, overlapping, or duplicative;

      c.     require disclosure of information that is neither relevant to the claims or defenses of any party in this action, nor proportional to the needs of the case;

      d.     purport to require the disclosure of information already in the possession of Plaintiff, available from public sources, as accessible to Plaintiff as to OpenAI, or obtainable from another source that is more convenient, less burdensome or less expensive. OpenAI provides these responses with the understanding that Plaintiff already has access to such sources, including all materials on OpenAI's website;

      e.     attempt to impose burdens that exceed or are different from the requirements of the Federal Rules of Civil Procedure and/or the applicable Local Rules, and relevant case law. OpenAI will comply with its obligations under the Federal and Local Rules, but will not comply with Instructions that are inconsistent with, or impose obligations beyond, applicable rules. OpenAI stands ready to meet and confer to discuss the best and most efficient way to conduct discovery bilaterally;

      f.     call for information concerning documents that are no longer in existence or reasonably accessible, or documents not in OpenAI's possession, custody, or control. OpenAI will only provide relevant, non-privileged information that is within OpenAI's present possession, custody, or control and available after a reasonable investigation;

g.       imprecisely specify the information sought. Where imprecise terms are used, OpenAI will, therefore, provide only information that is responsive to the Request based on OpenAI's interpretation of the Request;

h.       seek information concerning "all documents and things," or the like on the basis that providing a response to such Requests would be unduly burdensome;

i.       are not limited to a reasonable time period. OpenAI will produce documents from a reasonable time period as it relates to the case;

j.       purport to impose a duty on OpenAI to undertake a search for information beyond a reasonable search of its files as it relates to this case and where information responsive to the Request would reasonably be expected to be stored in the ordinary course of business;

k.       seek discovery in violation of any applicable law;

l.       are premature and/or the disclosure of expert discovery, opinions or analysis;

m.       seek information that is the confidential and proprietary information of a third party, the joint confidential and proprietary information of OpenAI and a third party, or the subject of a non-disclosure/confidentiality agreement between OpenAI and a third party. OpenAI will produce third-party confidential documents as set forth herein, subject to the terms of the protective order to be entered by the Court; or

n.       seek information that is more efficiently or appropriately obtained through some other form of discovery.

2.       Where the Request includes words and concepts involving a legal conclusion, any response is not an admission that such legal conclusions apply.

3.      OpenAI reserves all objections to the competency, relevance, materiality, or admissibility at trial or any other proceeding of any information provided or document identified in response to the Requests. The identification of any document or the provision of any information does not constitute an admission that such document or information exists or is relevant to the pending litigation.

4.      OpenAI objects to Plaintiff's definitions of "Defendants," "OpenAI," "You" and "Your" to the extent they purport to include each of the OpenAI Defendants' "subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, and their respective officers, directors, employees, consultants, representatives, and agents" as overly broad, unduly burdensome and disproportionate to the needs of this case and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules. OpenAI interprets and defines OpenAI to include only the named Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC and OpenAI Holdings, LLC.

5.      OpenAI objects to Plaintiff's definition of "AI Model(s)," "Generative AI Model(s)," "Text Generation AI Model(s)," and "Generative AI Product(s) and Service(s)" as overly broad, unduly burdensome, and not proportional to the needs of the case. Whereas these definitions encompass generative AI and AI models generally, Plaintiff's allegations against OpenAI implicate only the models used for ChatGPT and are more limited in scope. OpenAI interprets and defines "AI Model(s)", "Generative AI Model(s)," and "Text Generation AI Model(s)" to include only the models used for ChatGPT. OpenAI interprets and defines "Generative AI Product(s) and Service(s)" as ChatGPT.

6.     OpenAI objects to Plaintiff's definition of "Journalism" as overly broad, unduly burdensome, and not proportional to the needs of the case. OpenAI interprets and defines "Journalism" as "the collection and editing of news for presentation through the media." "journalism." Merriam-Webster.com. 2024. https://www.merriamwebster.com/dictionary/journalism.

7.     OpenAI objects to Plaintiffs' definition of "Training Dataset(s)" as vague, and ambiguous to the extent it purports to include the "data or content used to . . . otherwise affect the performance of the Generative AI Models." OpenAI interprets and defines "Training Datasets" as the data and content used to pre-train, train, or fine-tune the GPT models powering ChatGPT.

8.     OpenAI objects to each Request to the extent that it seeks trade secrets or confidential or proprietary information of OpenAI. OpenAI will produce confidential documents as set forth in the protective order in this matter.

9.     OpenAI objects to the production of electronically stored information ("ESI") before an applicable ESI protocol has been entered. OpenAI will produce electronically stored information as set forth herein, subject to the terms of an ESI protocol to be agreed upon by the parties.

10.     OpenAI objects to requests to the extent they purport to require the OpenAI defendants to each produce their own copy of a responsive document as duplicative, unreasonably burdensome and not proportional to the needs of this case.

11.     OpenAI objects to the requested production date as unreasonably burdensome. OpenAI will produce documents at a reasonable time consistent with the case schedule and an entry of a protective order in this matter.

12.     OpenAI objects to the instruction that purports to require OpenAI to identify documents that have been lost, discarded or destroyed, the date of disposal, the manner of disposal,

the reason for disposal, the person authorizing disposal, and the person disposing of the document. OpenAI will not identify such documents, as the requests to do so is unreasonably burdensome and not proportional to the needs of this case.

Without waiving the foregoing General Objections but in express reliance thereon, OpenAI incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 16:**

Documents concerning the decision not to release Training Datasets or other information for Defendants' Text Generation AI Model(s) after GPT-3 (including all versions thereof, such as GPT-4 Turbo and GPT-4o), including any communications regarding this decision and concerns regarding the effects of releasing this data on safety, ethics, profitability, competition, and legal obligations and/or ramifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that the phrases and terms "other information for Defendants' Text Generation AI Model(s) after GPT-3," "safety," "ethics," "profitability," "competition," and "legal obligations and/or ramifications" are vague and ambiguous. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 17:**

Documents concerning the compilation, acquisition, and curation of Training Datasets, including: (i) communications regarding paying for or obtaining permission to use any Training Datasets or content therein, ii) communications with Training Dataset creators, including Common Crawl, and iii) communications concerning the relevance and impact of paywalls on building Training Datasets or gathering training data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects that there is a pending motion to compel regarding at least part of the scope of this request, and OpenAI will not produce further documents until the court rules on the motion.

Subject to the foregoing general and specific objections, OpenAI responds that it has already agreed to produce its agreements related to text training data used to train models used for ChatGPT. OpenAI further responds that it has already produced documents concerning the compilation, acquisition, and curation of training datasets. OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for the balance of this request.

**REQUEST FOR PRODUCTION NO. 18:**

Documents concerning the removal of any content, including information regarding

authorship, date of publication, publishing entity, title, copyright notices, and terms and conditions for use of works, from Training Datasets before, during, or after training of Defendants' Generative AI Model(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

OpenAI objects to this request for "documents concerning the removal of any content" as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects that documents "concerning the removal of any content . . . after training of Defendants' Generative AI models" are not relevant to any claim or defense in this litigation. OpenAI further objects that this request can be construed to assume certain decisions were made or activities occurred. Should OpenAI identify documents responsive to this request, it does so without admission that such acts occurred.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 19:**

Documents concerning all processing performed on the Training Datasets containing Times Content or Journalism content used to train Defendants' Generative AI Products and Services, including: (i) the ordering of training samples containing Times or Journalism Content in the training process as compared to training samples not containing Times or Journalism Content; (ii)

placement of training samples containing Times or Journalism Content in the training process; (iii) rules for choosing the order of training samples containing Times or Journalism Content in the training process; (iv) rules and procedures for training samples containing Times or Journalism Content that are not used on all other training samples; (v) the processing of Times or Journalism Content in the fine-tuning/instruction tuning phase of training; (vi) use of Times or Journalism Content to train or inform certain, modules, layers, mixtures of experts, or other portions of the Text Generation AI Models more than others, (vii) any measures taken to include or exclude certain portions of training samples containing Times or Journalism Content during training, and (viii) the importance of training on accurate and/or well-written content, including Times or Journalism Content.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects that the phrases and terms "processing performed on the Training Datasets," "ordering of training samples," "placement of training samples," "rules and procedures for training samples," "processing of Times or Journalism Content" and "portions" are vague and ambiguous. OpenAI further objects that the phrase "to train or inform certain, modules, layers, mixtures of experts, or other portions of the Text Generation AI Models more than others" is unintelligible. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects that this request

can be construed to assume certain decisions were made or activities occurred. Should OpenAI identify documents responsive to this request, it does so without admission that such acts occurred.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

## REQUEST FOR PRODUCTION NO. 20:

Documents sufficient to show the total number of records and tokens in Defendants' Training Datasets and the total number of records and tokens that contain (i) Times Content, (ii) Journalism content, and (iii) copyrighted content.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general and specific objections, OpenAI states that it will produce documents within its possession, custody, and control, if any, sufficient to show the total number of records and tokens in OpenAI's training datasets that can be located pursuant to a reasonable and diligent search. OpenAI further states that it will make available for inspection, pursuant to an agreed-upon training protocol to be negotiated between the parties, the text training data in its possession, custody, and control for models used for ChatGPT to the extent they are available based upon a reasonable and good faith search. OpenAI further responds that, without conceding relevance, it will make available for inspection the text training data associated with GPT-2 and GPT-3, pursuant to the parties' agreement.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show each source of records in Defendants' Training Datasets, and for each source: (i) the total number of tokens, (ii) the total number of records, (iii) the total number of tokens that contain Times Content, (iv) the total number of records that contain Times Content, (v) the total number of tokens that contain Journalism content, (vi) the total number of records that contain Journalism content; (vii) the total number of tokens that contain copyrighted content, (viii) the total number of records that contain copyrighted content and (ix) any agreements relating to Defendants' use, licensing, or purchasing of the source of records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that the phrases and terms "source of records" is vague and ambiguous. OpenAI further objects to this interrogatory to the extent it characterizes any OpenAI agreements with third parties as "licensing[.]" OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general and specific objections, OpenAI responds that it has already agreed to produce its agreements related to text training data used to train models used for ChatGPT. OpenAI further states that it will make available for inspection, pursuant to an agreed-upon training protocol to be negotiated between the parties, the text training data in its possession, custody, and control for models used for ChatGPT to the extent they are available based upon a reasonable and good faith search. OpenAI further responds that, without conceding relevance, it will make available for inspection the text training data associated with GPT-2 and GPT-3, pursuant to the parties' agreement.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify each article of Times Content contained in Defendants' Training Datasets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

OpenAI objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general objections, OpenAI will make available for inspection, pursuant to an agreed-upon training protocol to be negotiated between the parties, the text training data in its possession, custody, and control for models used for ChatGPT to the extent they are available based upon a reasonable and good faith search. OpenAI further responds that, without conceding relevance, it will make available for inspection the text training data associated with GPT-2 and GPT-3, pursuant to the parties' agreement.

**REQUEST FOR PRODUCTION NO. 23:**

Documents concerning all steps taken or contemplated to train, instruct, program, or refine Defendants' Generative AI Products and Services using Times Content or Journalism content, including: (i) the use of Times or Journalism Content in instruction/fine tuning; (ii) use of Times Content or Journalism content in Reinforcement Learning from Human Feedback ("RLHF") or Reinforcement Learning from AI Feedback ("RLAIF"), (iii) use of Times or Journalism Content to train the reward component or function of RLHF or RLAIF, (iv) use of Times or Journalism Content to evaluate a feature of a Training Dataset, such as classifying Journalism content or identifying quality of a training sample, and (v) RLHF moderator and ranking guidance, training materials and ranking factors, weighting or scoring factors, and results/output of the human

annotators, moderators and reviewers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects that the terms and phrases "train, instruct, program, or refine," "reward component or function," and "a feature of a Training Dataset" are vague and ambiguous. OpenAI further objects that documents concerning "all steps . . . contemplated to train, instruct, program, or refine" OpenAI's products are not relevant to any claim or defense in this litigation. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI states that it has already produced or made available for inspection responsive, non-privileged documents and text training data for the models used for ChatGPT, if any, that it could locate pursuant to a reasonable and diligent search. OpenAI further responds that, without conceding relevance, it will make available for inspection the text training data associated with GPT-2 and GPT-3, pursuant to the parties' agreement, subject to an agreed-upon training protocol to be negotiated between the parties.

**REQUEST FOR PRODUCTION NO. 24:**

Documents concerning any analyses, studies, measurements, testing, experimentation, assessments, or other evaluation of the incremental value of including Journalism content, including Times Content, in Defendants' Training Datasets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects to this request to the extent it calls for the production of information outside of OpenAI's possession, custody, and control. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI responds that it will produce responsive, non-privileged documents, if any, sufficient to show OpenAI's evaluation or assessment of the value of including Journalism content in the training datasets used to train the models used for ChatGPT that it locates pursuant to a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 25:**

Documents concerning any analyses, studies, measurements, testing, experimentation, assessments, or other evaluation of the quantity, ordering, placement, or other configurable parameter of Journalism content, including Times Content, in Defendants' Training Datasets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that the term "configurable parameter of Journalism content" is vague and ambiguous. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other the GPT models that were used for ChatGPT.

OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

## REQUEST FOR PRODUCTION NO. 26:

Documents concerning Your use or knowledge of web crawlers, bots, spiders, user agents, and related tools to access The Times's Content, including Times websites and digital products, including documents sufficient to show: (i) the time periods in which those tools accessed The Times's Content, websites and digital products, (ii) the Times Content those tools accessed, fetched, or parsed from The Times's websites and digital products, and (iii) the Times Content from these URLs that was crawled, processed, copied, stored, and/or indexed by You and/or systems under Your control.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that OpenAI's "knowledge of web crawlers, bots, spiders, user agents, and related tools to access The Times's Content" is not relevant to any claim or defense in this litigation. OpenAI further objects that the terms "web crawlers," "bots," "spiders," and "user agents" are vague and ambiguous. OpenAI further objects that this request can be construed to assume certain decisions were made or activities occurred. Should OpenAI identify documents responsive to this request, it does so without admission that such acts occurred. OpenAI further objects that the terms "indexed" and "systems under Your control" are vague and ambiguous. OpenAI further objects to this request to the extent that it calls for the production of

documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI will make available for inspection, pursuant to an inspection protocol to be negotiated between the parties, the text training data for models used for ChatGPT to the extent they are available based upon a reasonable and good faith search. OpenAI further responds that, without conceding relevance, it will make available for inspection the text training data associated with GPT-2 and GPT-3, pursuant to the parties' agreement.

## REQUEST FOR PRODUCTION NO. 27:

Documents concerning Your reliance on, use of, or understanding of third-party robots.txt crawler directives or third-party meta tag crawler directives in managing the crawling and indexing activity of your web crawlers, bots, spiders, user agents, GPTBot, any plugins or custom GPTs included on Defendants' platforms, and related applications to access, crawl, and/or index Times Content or third-party content.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that the terms "web crawlers," "bots," "spiders," and "user agents" are vague and ambiguous. OpenAI further objects that this request can be construed to assume certain decisions were made or activities occurred. Should OpenAI identify documents responsive to this request, it does so without admission that such acts occurred. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for documents relating to "third-party content" other than Times Content. OpenAI further objects to this request to the extent that it calls for the production of documents protected from

disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI responds that it will produce responsive, non-privileged documents in its possession, custody, and control, if any, sufficient to show OpenAI's approach to robot.txt, as explained by these OpenAI blog posts,[1] that it locates pursuant to a reasonable and diligent search.

## REQUEST FOR PRODUCTION NO. 28:

Documents concerning all measures taken to conceal or obscure Defendants' use of Times Content during any stage of the development of each of Defendants' Generative AI Products and Services, including: (i) any methods, procedures, or instructions used to prevent Defendants' Generative AI Products and Services from reproducing Training Datasets containing Times Content, (ii) any methods, procedures, or instructions used to determine if the output of Defendants' Generative AI Products and Services contains Times Content, (iii) any methods, procedures, or instructions to avoid overfitting or memorization of Times Content in Defendants' Generative AI Models, (iv) any differences in the foregoing among Defendants' Generative AI Products and Services, and (v) any changes in the foregoing over time.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

OpenAI objects to this request for "all measures taken to conceal or obscure Defendants' use of Times Content during any stage of the development of each of Defendants' Generative AI Products and Services" as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege,

---

[1] https://openai.com/index/approach-to-data-and-ai/; https://platform.openai.com/docs/gptbot.

attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects that this request can be construed to assume certain decisions were made or activities occurred. Should OpenAI identify documents responsive to this request, it does so without admission that such acts occurred. OpenAI further objects to this request to the extent it characterizes any alleged actions taken by OpenAI as "measures taken to conceal or obscure Defendants' use of Times Content." OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general and specific objections, OpenAI  responds that it will produce responsive, non-privileged documents in its possession, custody, and control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show filtering of Times Content.

**REQUEST FOR PRODUCTION NO. 29:**

Documents concerning Defendants' reliance on earlier versions of Defendants' Generative AI Models to be used in or to train or develop later versions of Defendants' Generative AI Models, including Defendants' use of outputs, weights, or any learnings acquired from earlier versions of Defendants' Generative AI Models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects that the terms "reliance" and "any learnings" are vague and ambiguous. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the

attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 30:**

The full model cards, data set cards, or system cards for each of Defendants' Generative AI Models, including those not released to the public.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects to this request as not relevant to any claim or defense in this litigation to the extent it calls for the production of documents relating to OpenAI's "Generative AI Models, including those not released to the public." OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general and specific objections, OpenAI responds that it has already produced any responsive, non-privileged documents in its possession, custody, or control, if any, for the GPT models used for ChatGPT that it located pursuant to a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 31:**

Documents relating to Your technical documentation for Defendants' Generative AI Models, Products, and Services as defined in Annex IV of the European Union's Artificial Intelligence Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects to this request to the extent it seeks information and documents that are publicly available and thus equally accessible to Plaintiffs.

Subject to the foregoing general and specific objections, OpenAI responds that its relevant technical documentation can be found at https://openai.com/news/research/.

**REQUEST FOR PRODUCTION NO. 32:**

Documents concerning the training curricula, stages, iterations, cycles, batches, or epochs for Defendants' Generative AI Models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general and specific objections, OpenAI responds that it has already produced any responsive, non-privileged documents in its possession, custody, or control sufficient to show the training process for the GPT models used for ChatGPT and will not search for additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 33:**

Documents concerning Defendants' decisions regarding which works to use to train and develop Defendants' Generative AI Models, and how to use those works in training, including (i) documents concerning the factors considered in determining the weighting or frequency at which works are seen during the training of Defendants' models, (ii) documents concerning de-duplication of Training Datasets; (iii) documents concerning any classifiers and/or filters applied to Training Datasets that determine document quality and/or remove low quality documents; (iv) documents concerning rules and procedures for determining sample frequency; (v) documents sufficient to show how the training weights or parameters within Defendants' Generative AI Models would change if Times Content was not used during training; and (vi) documents sufficient to show which individuals made or make decisions regarding which works to use to train and develop Defendants' Generative AI Models, and how to use those works in training.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects that the terms and phrases "train and develop," "document quality," and "how to use those works in training" are vague and ambiguous. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to

meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to describe each aspect or phase of the process for training Defendants' Generative AI Models, including the pre-training, training, fine-tuning, and any other refinement or development processes as well as any distinctions or differences between and among the aspects or phases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other the GPT models that were used for ChatGPT. OpenAI further objects that the phrase "any other refinement or development process" is vague and ambiguous.

Subject to the foregoing general and specific objections, OpenAI responds that it has already produced any responsive, non-privileged documents in its possession, custody, or control sufficient to show the training process for the GPT models used for ChatGPT and will not search for additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 35:**

Documents concerning any changes made to Defendants' Generative AI Models or Generative AI Products and Services from 2021 to present, including any logs showing changes, documents relating to ablation or "unlearning," (i.e. the ability to remove memorization, content, or other effects of specific parts of the Training Datasets from the models), and documents and communications concerning any changes to the models made or considered, including in response to claims of copyright infringement or improper use of data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that the phrase "other effects of specific parts of the Training Datasets" is vague and ambiguous. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects that any changes made to its products "in response to claims of . . . improper use of data" other than claims of copyright infringement or claims involving copyright management information are not relevant to any claim or defense in this litigation. OpenAI further objects that any changes to models that were merely "considered" are not relevant to any claim or defense in this litigation.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 36:**

Documents concerning the differences between Defendants' Generative AI Models, including (i) differences in the Training Datasets and/or the composition of the Training Datasets used for each model; (ii) differences in the training curricula used for each model; and (iii) the differences between the "Turbo" and non-Turbo versions of Defendants' models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects that the

term "training curricula" is vague and ambiguous.

Subject to the foregoing general objections, OpenAI will make available for inspection, pursuant to an agreed-upon training protocol to be negotiated between the parties, the text training data in its possession, custody, and control for the GPT models used for ChatGPT to the extent they are available based upon a reasonable and good-faith search. OpenAI further responds that, without conceding relevance, it will make available for inspection the text training data associated with GPT-2 and GPT-3, pursuant to the parties' agreement.

**REQUEST FOR PRODUCTION NO. 37:**

The following documents concerning each of Defendants' Generative AI Models, Products, and Services: (i) product briefs, (ii) readme files, (iii) product requirement documents, (iv) product or project management tools and records (e.g., Jira), (v) documentation from workflow management programs, (vi) minutes or notes from technical team meetings, (vii) documentation concerning data loaders, (viii) documents related to red-teaming and/or stress testing, (ix) technical system or architecture documents, specifications, or reports, and (x) launch documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to

meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 38:**

Source code related to (i) Defendants' Generative AI Models, Products, and Services, (ii) training curricula for Defendants' Generative AI Models, (ii) any ranking, weighting, or scoring of training data, (iii) data loaders, (iv) Your web crawlers, spiders, and bots, including GPTBot, and any processing of training data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects that the terms and phrases "data loaders," "web crawlers," "spiders," "bots," and "any processing of training data" are vague and ambiguous.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request and the appropriate procedure for inspection.

**REQUEST FOR PRODUCTION NO. 39:**

Documents concerning the study, testing, or evaluation of Defendants' Generative AI Products and Services and Generative AI Models for hallucinations, memorization, and any problematic behaviors, including: (i) the results of the efforts of safety teams, including any red-teaming efforts, (ii) responses to ChatGPT's feedback contest, (iii) submissions to Your bug bounty program, (iv) any other red-teaming, and (v) the extent to which rates of hallucination and memorization have changed over time within Defendants' Generative AI Models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that the term "problematic behaviors" is vague and ambiguous. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 40:**

Documents concerning the prevalence of outputs that are verbatim copies of text included in Training Datasets, including any documents concerning (i) steps taken to prevent or encourage outputs that are verbatim copies of text included in training data, (ii) the use of filter detectors, refusal messages, and other safety features used by Defendants to prevent unlawful access to copyrighted content contained within or referenced by Defendants' Generative AI Models, and (iii) documents concerning the rate at which any such safety features are triggered in response to user queries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects that the terms "copyrighted content contained within or referenced by Defendants' Generative AI Models" and "any such safety features" are vague and

ambiguous. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

## REQUEST FOR PRODUCTION NO. 41:

Documents or surveys related to users' trust in the accuracy or veracity of information contained in outputs of Defendants' Generative AI Products and Services and how users respond to disclaimers regarding the accuracy or veracity of information contained in such outputs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that the terms and phrases "trust," "how users respond," and "disclaimers" are vague and ambiguous. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Pursuant to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow response to this request.

**REQUEST FOR PRODUCTION NO. 42:**

Documents concerning Defendants' efforts and abilities to monitor, log, analyze, quantify, assess, evaluate, or review user queries within any Generative AI Products and Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that the terms "monitor," "log," "analyze," "assess," and "review" are vague and ambiguous. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI responds that it has already produced the responsive, non-privileged documents in its possession, custody, and control sufficient to show OpenAI's efforts that are responsive to this request and that could be located pursuant to a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 43:**

Any surveys, studies, analyses, or statistics on patterns and practices of any of Defendants' Generative AI Products and Services, including any mentions of The New York Times, such surveys, studies, analyses, or statistics regarding user engagement within user queries and/or inclusion of links to Times Content in user queries or outputs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate

to the needs of the case. OpenAI further objects that the phrase "user engagement within user queries" is vague and ambiguous. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI responds that it has already produced the responsive, non-privileged documents in its possession, custody, and control sufficient to show OpenAI's works that are responsive to this request and that could be located pursuant to a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 44:**

Documents concerning any attempts to use Defendants' Generative AI Products and Services to circumvent paywalls or other access control measures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects that this request can be construed to assume certain decisions were made or activities occurred. Should OpenAI identify documents responsive to this request, it does so without admission that such acts occurred. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege,

attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI responds that it will produce responsive, non-privileged documents in its possession, custody, or control, if any, sufficient to show ChatGPT's approach to paywalls that it locates pursuant to a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 45:**

Query, session, and chat logs reflecting or analyzing user sessions related to Times Content within Defendants' Generative AI Products and Services, including, for each session, user queries paired with responses to those queries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

OpenAI objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show how Defendants' Generative AI Products and Services generate suggested follow-up queries for users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

OpenAI objects that this request is not relevant to any claim or defense in this litigation, including to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to

meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 47:**

Documents concerning user engagement metrics, events, and analytics data collected during each user session, including duration, the number of prompts or queries that a user inputs per session, click-through data, fallback rates, and bounce rates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that the phrase "user engagement metrics, events, and analytics data" is vague or ambiguous. OpenAI further objects that this request is not relevant to any claim or defense in this litigation, including to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to show (i) the number of daily active users of each of Defendants' Generative AI Products and Services, separated into the numbers of new users and repeat users on each day, from 2021 to present, and (ii) dates of subscription and changes in subscriber numbers over time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation, including to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general and specific objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 49:**

Documents concerning Defendants' monitoring, tracking, and knowledge of investigations into whether Defendants' AI Models contain copyrighted content, including Times Content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects that the terms "monitoring," "tracking," and "contain" are vague and ambiguous. OpenAI interprets the term "contain" to mean "included in the dataset." OpenAI also objects to this request as not relevant to any claim or defense in this litigation to the extent it calls for "Defendants' monitoring, tracking, and knowledge of investigations into whether Defendants' AI Models contain copyrighted content" other than Times content. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Pursuant to the foregoing general and specific objections, OpenAI responds that it will produce any responsive, non-privileged documents in its possession, custody, or control, if any, sufficient to show OpenAI's knowledge, prior to the inception of this lawsuit, of whether New York Times content was included in a dataset used for any model used for ChatGPT, that it locates pursuant to a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 50:**

Documents concerning Defendants' abilities and efforts to track The Times's use of Defendants' Generative AI Products and Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that the term "track" is vague and ambiguous. OpenAI further objects that "Defendants' abilities and efforts to track The Times's use of Defendants' Generative AI Products and Services" are not relevant to any claim or defense in this litigation. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Pursuant to the foregoing general and specific objections, OpenAI states that it will produce responsive, non-privileged policies regarding the use of ChatGPT.

**REQUEST FOR PRODUCTION NO. 51:**

Documents concerning the behavior of users of Defendants' Generative AI Products and Services, including (i) documents concerning the extent to which users of Defendants' Generative AI Products and Services navigate away from Defendants' Generative AI Products and Services to other websites, and (ii) documents concerning Defendants' ability and efforts to modify the frequency with which users navigate away from Defendants' Generative AI Products and Services to other websites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that the phrase "behavior of users" is vague and

ambiguous. OpenAI further objects that this request is not relevant to any claim or defense in this litigation, including to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects that this request can be construed to assume certain decisions were made or activities occurred. Should OpenAI identify documents responsive to this request, it does so without admission that such acts occurred.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

## REQUEST FOR PRODUCTION NO. 52:

Documents concerning the extent to which Defendants' Generative AI Products and Services direct users to Times Content in response to user queries, including by providing outputs that directly quote Times Content, contain a URL that is intended to direct the user to Times Content, or reference The Times or one of its contributors, authors, contractors, or employees.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects that this request can be construed to

assume certain decisions were made or activities occurred. Should OpenAI identify documents responsive to this request, it does so without admission that such acts occurred.

Subject to the foregoing general and specific objections,  OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

## REQUEST FOR PRODUCTION NO. 53:

Documents concerning the decision to suspend Browse with Bing and whether or not to suspend Bing Chat.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects to this request for "[d]ocuments concerning the decision to suspend Browse with Bing and whether or not to suspend Bing Chat" as vague and ambiguous. OpenAI further objects that this request is not relevant to any claim or defense in this litigation. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects to this request as calling for documents outside of its possession, custody, or control. OpenAI further objects to this request as unduly burdensome and disproportionate to the needs of the case to the extent it seeks discovery that is duplicative of discovery sought from Microsoft.

Pursuant to the foregoing general and specific objections, OpenAI states that it will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 54:

Documents concerning any public statements made by You or Your employees relating to this litigation, including: (i) Your claim that the New York Times "hacked" Defendants' Generative

AI Products,[2] ii) Your contention that Times Content is "not significant for the model's intended learning" and that it did not "meaningfully contribute to the training of [Your] existing models,"[3] iii) any contention by You that You can modify Defendants' Text Generation AI Models to minimize the "regurgitation" of copyrighted content,[4] and iv) Your efforts to use artificial intelligence to "monetize news and other published content."[5]

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

OpenAI objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects to this request to the extent it seeks information and documents that are publicly available and thus equally accessible to Plaintiffs.

Subject to the foregoing general and specific objections, OpenAI responds that it will produce responsive, non-privileged documents, if any, on which it will rely at summary judgment or trial at the appropriate time.

## REQUEST FOR PRODUCTION NO. 55:

Documents concerning any firings, terminations, lay-offs, impositions of mandatory leave, disciplinary actions, departures, resignations, or other personnel-related actions Defendants have taken or considered concerning individuals or teams involved with any ethics, harm reduction,

---

[2] *See* Dkt. 52 at 2, 12.
[3] OpenAI, *OpenAI and Journalism*, OPENAI (Jan. 8, 2024), https://openai.com/blog/openai-and-journalism.
[4] *See* Ryan Browne & MacKenzie Sigalos, *OpenAI CEO Sam Altman Says ChatGPT Doesn't Need New York Times Data Amid Lawsuit*, CNBC (Jan. 18, 2024), https://cnbc.com/2024/01/18/openai-ceo-on-nyt-lawsuit-ai- models-dont-need-publishers-data-
.html#:~:text=Altman's%20comments%20echo%20remarks%20the,news%20content%20in%20the%20future.
[5] *See id.*

safety, lawfulness, and responsible AI initiatives, including: (i) the removal and reinstatement of Sam Altman, (ii) the firing of Leopold Aschenbrenner and Pavel Izmailov, (iii) the appointment and role of Dee Templeton, (iv) the firing of Helen Toner, (v) the departures of Ilya Sutskever, Jan Leike, and Daniel Kokotajlo, and (vi) Microsoft's involvement in hiring and firing employees of any OpenAI entity.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation. OpenAI further objects that the terms and phrases "disciplinary actions," "departures," "other personnel-related actions" "ethics," "harm reduction," and "responsible AI initiatives" are vague and ambiguous. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects to this request as unduly burdensome and disproportionate to the needs of the case to the extent it seeks discovery that is duplicative of discovery sought from Microsoft. OpenAI further objects to this request to the extent the request seeks documents protected by applicable privacy rights.

Pursuant to the foregoing general and specific objections, OpenAI states that it will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 56:

Documents concerning any deliberation or decision(s) by Defendants not to publicly release research, papers, or studies related to Defendants' Generative AI Models and Defendants' Generative AI Products and Services, including any communications regarding these decisions and

concerns regarding the effects of releasing this data on safety, ethics, profitability, competition, and legal obligations and/or ramifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation, including to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects that the terms "safety," "ethics," "profitability," "competition," and "legal obligations and/or ramifications" are vague and ambiguous. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 57:**

Documents related to the use of Defendants' Generative AI Products and Services, including by third parties, to promulgate misinformation, disinformation, or poor quality "pink-slime" journalism, including the use of Your APIs to create websites or social media posts containing AI-generated content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects to terms "use of Your APIs to create websites or social media posts containing AI-generated content" as vague and ambiguous. OpenAI further

objects to this request as calling for the production of documents outside of OpenAI's possession, custody, and control. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 58:**

Documents concerning Your review and approval process for 1) custom GPTs made available in Your Custom GPT Store, and 2) third-party ChatGPT plug-ins made available in Your ChatGPT plug-in store, including custom GPTs and plug-ins designed to remove paywalls, provide Journalism, or that otherwise reference The Times or Journalism.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects that this request can be construed to assume certain decisions were made or activities occurred. Should OpenAI identify documents responsive to this request, it does so without admission that such acts occurred.

Subject to the foregoing general and specific objections, OpenAI states that it will produce

responsive, non-privileged documents in its possession, custody, or control sufficient to show OpenAI's review and approval process for the GPT Store and third-party ChatGPT plug-ins that it locates pursuant to a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 59:**

Documents concerning Your knowledge of third-party websites that contain copies of The Times's content and Your use of GPTBot and any other web crawlers, bots, spiders, user agents, and related tools to access those third-party websites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

OpenAI objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects that this request can be construed to assume certain decisions were made or activities occurred. Should OpenAI identify documents responsive to this request, it does so without admission that such acts occurred. OpenAI further objects that the terms "web crawlers," "bots," "spiders," and "user agents," and "related tools" are vague and ambiguous.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 60:**

Documents concerning Defendants' licensing or use of Bing's search index.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

OpenAI objects to this request as unduly burdensome and disproportionate to the needs of the case to the extent it seeks discovery that is duplicative of discovery sought from Microsoft.

Subject to the foregoing general and specific objections, OpenAI responds that it has not

used Bing Index data to train any GPT model used for ChatGPT and thus will not produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 61:

Documents concerning any indemnification obligations, common interest agreements, or joint defense agreements between Defendants related to Defendants' Generative AI Products or Services.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request as unduly burdensome and disproportionate to the needs of the case to the extent it seeks discovery that is duplicative of discovery sought from Microsoft.

Pursuant to the foregoing general and specific objections, OpenAI states that it will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 62:

Documents and communications concerning negotiations between Defendants and owners of copyrighted content, including The Times, over Defendants' use of copyrighted content in Defendants' Generative AI Models and Defendants' Generative AI Products or Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is duplicative of discovery already sought from OpenAI. OpenAI further objects that there is a pending motion to compel regarding at least part of the scope of this request, and OpenAI will not produce further documents until the court rules on the motion. OpenAI further objects to this request to the extent it requests documents that involve negotiations with the Times and are equally accessible to the Times. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request as not relevant to any claim or defense in this litigation to the extent the request relates only to negotiations with owners of copyrighted content other than the Times.

Subject to the foregoing general and specific objections, OpenAI responds that it has already agreed to produce its agreements related to text training data used to train models used for ChatGPT.

**REQUEST FOR PRODUCTION NO. 63:**

Documents concerning Your communications with other LLM creators and developers of Generative AI Products and Services regarding the use of copyrighted content to train and operate Generative AI Models and Generative AI Products and Services.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects to this request to the extent it requests documents that are outside of OpenAI's possession, custody, and control. OpenAI further objects that the phrase "the use of copyrighted content to . . . operate Generative AI Models and Generative AI Products and Services" is vague and ambiguous. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

## REQUEST FOR PRODUCTION NO. 64:

Documents concerning competition and comparisons between Defendants' Generative AI Products and Services and those of other companies, including: (i) how Generative AI tools enable You to compete in search, (ii) how Defendants' use of copyrighted materials can help You compete with Google, (iii) any analyses and projections of how increasing Your search market share will boost Your revenue, (iv) the benefits of being a search or knowledge "destination," and (v) Google's reduction of search referral traffic (via SGE and direct answers) and stated goal of keeping users on its site.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate

to the needs of the case. OpenAI further objects to this request to the extent it requests documents that are outside of OpenAI's possession, custody, and control. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general and specific objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 65:**

Documents concerning Your public relations strategies as they pertain to Generative AI Models, Generative AI Products and Services, or copyright.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request to the extent it seeks information and documents that are publicly available and thus equally accessible to Plaintiffs.

Pursuant to the foregoing general and specific objections, OpenAI states that it will not

produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 66:**

Documents concerning fundraising efforts related to Defendants' Generative AI Products and Services, including any investor solicitation efforts and any solicitation of charitable or in-kind contributions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation, including to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI further objects to this request to the extent it seeks information and documents that are publicly available and thus equally accessible to Plaintiffs.

Subject to the foregoing general and specific objections, OpenAI states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to show (i) projected revenue streams from Defendants' Generative AI Products, (ii) past, present, and anticipated future subscriber numbers, and (iii) product-level revenue data from 2021 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 68:**

Documents concerning business development plans, strategic roadmaps, and product development plans related to (i) Defendants' Generative AI Products and Services and (ii) any future products or services in the categories of news, cooking, consumer reviews, and sports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general and specific objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 69:**

Documents concerning Your policies or practices regarding public access to Your governing documents, financial statements, and conflict of interest rules.[6]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request for "Documents concerning Your policies or practices regarding public access to Your governing documents, financial statements, and conflict of interest rules" is not relevant to any claim or defense in this litigation. OpenAI further objects to this request to the extent it seeks information and documents that are publicly

---

[6] Paresh Dave, *OpenAI Quietly Scrapped a Promise to Disclose Key Documents to the Public*, WIRED (Jan. 24, 2024), https://www.wired.com/story/openai-scrapped-promise-disclose-key-documents/.

available and thus equally accessible to Plaintiffs. OpenAI further objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, common-interest privilege, attorney work-product doctrine, or any other applicable privilege or protection.

Pursuant to the foregoing general and specific objections, OpenAI states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 70:**

Documents concerning referral, affiliate, advertising, and paid search revenue generated by Defendants' Generative AI Products and Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general and specific objections, OpenAI responds that it will produce any responsive, non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show income from paid versions of ChatGPT, between its introduction on November 30, 2022 to the present.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to show in detail, on a monthly, quarterly, or annual basis, the revenue and profit realized from Defendants' Generative AI Products and Services, including documents sufficient to show in detail, by product or service, the gross revenue generated, the costs, the gross profit margin, and the net profit margin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects that this request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

Subject to the foregoing general and specific objections, OpenAI responds that it will produce responsive, non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show the income from paid versions of ChatGPT, between its introduction on November 30, 2022 to the present.

**REQUEST FOR PRODUCTION NO. 72:**

Documents relating to the pricing of Defendants' Generative AI Products and Services in the United States, including price quotes, price lists, subscription amounts, price announcements, and actual prices paid by customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI further objects to this request to the extent it seeks information and documents that are publicly available and thus equally accessible to Plaintiffs.

Subject to the foregoing general and specific objections, OpenAI responds that pricing for ChatGPT is available at https://openai.com/chatgpt/pricing/. OpenAI further responds that it is willing to meet and confer regarding an appropriately narrow scope for the balance of this request.

Dated: July 12, 2024

Respectfully Submitted

By: */s/ Elana Nightingale Dawson*

**LATHAM & WATKINS LLP**
Andrew M. Gass (*pro hac vice*)
  *andrew.gass@lw.com*
Joseph R. Wetzel
  *joseph.wetzel@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle
  *sy.damle@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
  *elana.nightingaledawson@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman
  *alli.stillman@lw.com*
Luke A. Budiardjo
  *luke.budiardjo@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200

By: */s/ Vera Ranieri*

**MORRISON & FOERSTER LLP**
Joseph C. Gratz (*pro hac vice*)
  *jgratz@mofo.com*
Vera Ranieri (*pro hac vice*)
  *vranieri@mofo.com*
425 Market Street
San Francisco, CA 94105-2482
Telephone: 415.268.7000

Allyson R. Bennett (*pro hac vice*)
  *abennett@mofo.com*
Rose S. Lee (*pro hac vice*)
  *roselee@mofo.com*
Eric K. Nikolaides
  *enikolaides@mofo.com*
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.5454

By: */s/ Katie Lynn Joyce*

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (*pro hac vice*)
  *rvannest@keker.com*
Paven Malhotra (*pro hac vice*)
  *pmalhotra@keker.com*
Michelle S. Ybarra (*pro hac vice*)
  *mybarra@keker.com*
Nicholas S. Goldberg (*pro hac vice*)
  *ngoldberg@keker.com*
Thomas E. Gorman (*pro hac vice*)
  *tgorman@keker.com*
Katie Lynn Joyce (*pro hac vice*)
  *kjoyce@keker.com*
Sarah Salomon (*pro hac vice*)
  *ssalomon@keker.com*
R. James Slaughter (*pro hac vice*)
  *rslaughter@keker.com*
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415.391.5400

*Attorneys for OpenAI Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 12, 2024, a copy of the foregoing:

### OPENAI DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

was served by E-mail upon the following:

| | |
|---|---|
| Genevieve Vose Wallace<br>Ian B. Crosby<br>Katherine Marie Peaslee<br>SUSMAN GODFREY LLP<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Phone: 206.516.3880 | Davida Brook<br>Ellie Rae Dupler<br>Emily K. Cronin<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Phone: 310.798.3150 |
| Alexander Frawley<br>Eudokia Spanos<br>Tamar Lusztig<br>SUSMAN GODFREY LLP<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Phone: 212.336.8330 | Jennifer Maisel<br>Kristen Logan<br>Steven M Lieberman<br>ROTHWELL FIGG ERNST & MANBECK, P.C.<br>901 New York Avenue, N.W.; Suite 900 East<br>Washington, DC 20001<br>Phone: 202.783.6040<br>Email: jmaisel@rothwellfigg.com<br>KLogan@rothwellfigg.com<br>slieberm@rothwellfigg.com<br>Nhage@rothwellfigg.com |
| Scarlett Collings<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Phone: 713.904.8812 | Zachary B. Savage<br>Elisha Brandis Barron<br>SUSMAN GODFREY LLP<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Phone: 212.471.8358 |
| NYT-AI-SG-Service@simplelists.susmangodfrey.com | |
| *Attorneys for New York Times Company* | |

| | |
|---|---|
| Annette L. Hurst<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>Phone: 415.773.5700 | Christopher J. Cariello<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>51 West 2nd Street<br>New York, NY 10019<br>Phone: 212.506.5000 |
| Jeffrey S. Jacobson<br>FAEGRE DRINKER BIDDLE & REATH<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Phone: 212.248.3191 | Jared B. Briant<br>FAEGRE DRINKER BIDDLE & REATH<br>1144 15th Street, Suite 3400<br>Denver, CO 80202<br>Phone: 303.607.3588 |
| Laura Brooks Najemy<br>Sheryl Koval Garko<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>222 Berkley Street<br>Boston, MA 02116<br>Phone: 617.880.1800 | |

| |
|---|
| NewYorkTimes_Microsoft_OHS@orrick.com |
| MicrosoftNYClassActionFDBR@faegredrinker.com |
| *Attorneys for Defendant Microsoft Corporation* |

*/s/ Gina L. Gerrish*
Gina L. Gerrish