# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>               Plaintiff,<br><br>               v.<br><br>MICROSOFT CORPORATION, OPENAI, INC.,<br>OPENAI LP, OPENAI GP, LLC, OPENAI, LLC,<br>OPENAI OPCO LLC, OPENAI GLOBAL LLC,<br>OAI CORPORATION, LLC, and OPENAI<br>HOLDINGS, LLC,<br><br>               Defendants. | Civil Action No. 1:23-cv-11195-SHS |

## OPENAI DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC and OpenAI Holdings, LLC (collectively, "OpenAI") hereby object and respond to Plaintiff's Third Set of Requests for Production of Documents ("Requests"). To the extent that OpenAI agrees to produce documents in response to these Requests, each entity is agreeing to produce only its own documents, to the extent those documents can be located after a reasonable search. Furthermore, an agreement by OpenAI to search for documents does not mean that each entity has documents in its possession, custody, or control.

## INTRODUCTORY RESPONSE

OpenAI responds to the Requests on the basis of the best information available to it at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. OpenAI responds to the Requests as it interprets and understands each

Request set forth herein.  If Plaintiff subsequently asserts an interpretation of any of the Requests that differs from OpenAI's understanding, OpenAI reserves the right to supplement its objections and/or responses.

OpenAI's willingness to respond to any particular Request does not constitute an admission that OpenAI agrees with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgement by OpenAI that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion.  Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that OpenAI knows any such document exists or is in its possession, custody, or control.

OpenAI's responses to the Requests may contain, provide, or refer to information subject to the Stipulated Protective Order to entered in this matter on May 31, 2024, and should therefore be treated accordingly.

OpenAI has not yet completed its discovery relating to this case and its investigation of the facts is ongoing.  OpenAI anticipates that additional information responsive to the Requests may be obtained as discovery proceeds.  OpenAI's responses to the Requests are therefore made without prejudice to OpenAI's right to amend, correct or supplement its responses to the Requests.

## **GENERAL OBJECTIONS**

1.    OpenAI objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they:

a.    call for the discovery of information protected by the attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege or immunity under federal, state or local law. The inadvertent production of any information that is privileged

or otherwise protected from discovery shall not constitute a waiver of any such privilege or protection;

   b. are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, overlapping, or duplicative;

   c. require disclosure of information that is neither relevant to the claims or defenses of any party in this action, nor proportional to the needs of the case;

   d. purport to require the disclosure of information already in the possession of Plaintiff, available from public sources, as accessible to Plaintiff as to OpenAI, or obtainable from another source that is more convenient, less burdensome or less expensive.  OpenAI provides these responses with the understanding that Plaintiff already has access to such sources, including all materials on OpenAI's website;

   e. attempt to impose burdens that exceed or are different from the requirements of the Federal Rules of Civil Procedure and/or the applicable Local Rules, and relevant case law.  OpenAI will comply with its obligations under the Federal and Local Rules, but will not comply with Instructions that are inconsistent with, or impose obligations beyond, applicable rules.  OpenAI stands ready to meet and confer to discuss the best and most efficient way to conduct discovery bilaterally;

   f. call for information concerning documents that are no longer in existence or reasonably accessible, or documents not in OpenAI's possession, custody, or control.  OpenAI will only provide relevant, non-privileged information that is within OpenAI's present possession, custody, or control and available after a reasonable investigation;

g.      imprecisely specify the information sought. Where imprecise terms are used, OpenAI will, therefore, provide only information that is responsive to the Request based on OpenAI's interpretation of the Request;

h.      seek information concerning "all documents and things," or the like on the basis that providing a response to such Requests would be unduly burdensome;

i.      are not limited to a reasonable time period. OpenAI will produce documents from a reasonable time period as it relates to the case;

j.      purport to impose a duty on OpenAI to undertake a search for information beyond a reasonable search of its files as it relates to this case and where information responsive to the Request would reasonably be expected to be stored in the ordinary course of business;

k.      seek discovery in violation of any applicable law;

l.      are premature and/or the disclosure of expert discovery, opinions or analysis;

m.      seek information that is the confidential and proprietary information of a third party, the joint confidential and proprietary information of OpenAI and a third party, or the subject of a non-disclosure/confidentiality agreement between OpenAI and a third party. OpenAI will produce third-party confidential documents as set forth herein, subject to the terms of the protective order to be entered by the Court; or

n.      seek information that is more efficiently or appropriately obtained through some other form of discovery.

2.      Where the Request includes words and concepts involving a legal conclusion, any response is not an admission that such legal conclusions apply.

3.      OpenAI reserves all objections to the competency, relevance, materiality, or

admissibility at trial or any other proceeding of any information provided or document identified in response to the Requests. The identification of any document or the provision of any information does not constitute an admission that such document or information exists or is relevant to the pending litigation.

4. OpenAI objects to Plaintiff's definitions of "Defendants," "OpenAI," "You" and "Your" to the extent they purport to include each of the OpenAI Defendants' "subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, and their respective officers, directors, employees, consultants, representatives, and agents" as overly broad, unduly burdensome and disproportionate to the needs of this case and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules. OpenAI interprets and defines OpenAI to include only the named Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC and OpenAI Holdings, LLC.

5. OpenAI objects to Plaintiff's definition of "AI Model(s)," "Generative AI Model(s)," "Text Generation AI Model(s)," and "Generative AI Product(s) and Service(s)" as overly broad, unduly burdensome, and not proportional to the needs of the case. Whereas these definitions encompass generative AI and AI models generally, Plaintiff's allegations against OpenAI implicate only the models used for ChatGPT and are more limited in scope. OpenAI interprets and defines "AI Model(s)", "Generative AI Model(s)," and "Text Generation AI Model(s)" to include only the models used for ChatGPT. OpenAI interprets and defines "Generative AI Product(s) and Service(s)" as ChatGPT.

6. OpenAI objects to Plaintiff's definition of "Journalism" as overly broad, unduly burdensome, and not proportional to the needs of the case. OpenAI interprets and defines "Journalism" as "the collection and editing of news for presentation through the media."

"journalism." Merriam-Webster.com. 2024. https://www.merriamwebster.com/dictionary/journalism.

7.　　OpenAI objects to Plaintiff's definition of "Training Dataset(s)" as vague, and ambiguous to the extent it purports to include the "data or content used to . . . otherwise affect the performance of the Generative AI Models." OpenAI interprets and defines "Training Datasets" as the data and content used to pre-train, train, or fine-tune the GPT models powering ChatGPT.

8.　　OpenAI objects to Plaintiff's definition of ███████ vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to include "any dataset containing Times Content You assembled, created, purchased, or otherwise obtained or analyzed."

9.　　OpenAI objects to Plaintiff's definition of "Synthetic Data" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to include all "artificial, algorithmically-manufactured data."

10.　　OpenAI objects to each Request to the extent that it seeks trade secrets or confidential or proprietary information of OpenAI. OpenAI will produce confidential documents as set forth in the protective order in this matter.

11.　　OpenAI objects to the production of electronically stored information ("ESI") before an applicable ESI protocol has been entered. OpenAI will produce electronically stored information as set forth herein, subject to the terms of an ESI protocol to be agreed upon by the parties.

12.　　OpenAI objects to requests to the extent they purport to require the OpenAI defendants to each produce their own copy of a responsive document as duplicative, unreasonably burdensome and not proportional to the needs of this case.

13.　　OpenAI objects to the requested production date as unreasonably burdensome. OpenAI will produce documents at a reasonable time consistent with the case schedule.

14.    OpenAI objects to the instruction that purports to require OpenAI to identify documents that have been lost, discarded or destroyed, the date of disposal, the manner of disposal, the reason for disposal, the person authorizing disposal, and the person disposing of the document. OpenAI will not identify such documents, as the requests to do so is unreasonably burdensome and not proportional to the needs of this case.

Without waiving the foregoing General Objections but in express reliance thereon, OpenAI incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 73:**

All documents relating to any contract, license agreement, or terms that You intend to rely on or which You otherwise believe is relevant to the claims and defenses in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

OpenAI objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks production of all documents relating to any contract, license agreement, or terms relevant to the claims and defenses in this case or on which OpenAI may rely. OpenAI further objects that this Request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI objects to the phrases "contract," "license agreement," and "terms" as vague and ambiguous. OpenAI objects on the ground that this Request does not identify the information or documents sought with reasonable particularity. OpenAI objects to this Request as duplicative of Request for Production Nos. 6, 17,

21, and 62.

Subject to the foregoing General and Specific objections, OpenAI responds that it has already agreed to produce its agreements related to text training data used to train models used for ChatGPT. OpenAI will produce responsive, non-privileged documents, if any, on which it will rely at summary judgment or trial.

**REQUEST FOR PRODUCTION NO. 74:**













**REQUEST FOR PRODUCTION NO. 81:**

All documents concerning any and ████████████████████████████

████████████████████████████████ OPCO_NYT_0116390 ██████████

████████████████████ in OPCO_NYT_0432207.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

OpenAI objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.   OpenAI objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action.   OpenAI objects to the phrases "scrapes," "downloads," and "NYT Datasets" as vague and ambiguous.   OpenAI objects to this Request as duplicative of Requests for Production Nos. 1, 8, 12, 19, 20, 21, 22, 23, 24, 25, 28, 33, 45, 49, 52, 74, 77, 75, and 78.

Subject to the foregoing General and Specific Objections, OpenAI responds that it has already agreed to produce or make available for inspection responsive, non-privileged documents in response to Requests for Production 1, 8, 21, 22, 23, 24, 26, 27, and 49.   To the extent Plaintiff believes that this Request is not duplicative, OpenAI is willing to meet and confer regarding an appropriately narrow scope for the balance of this Request, if any.

**REQUEST FOR PRODUCTION NO. 82:**

All communications with third parties concerning Defendants' fair use defense to copyright infringement, including how any licensing deals would impact that defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case.  OpenAI further objects that this Request is not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action.  OpenAI objects that this Request is not relevant to any claim or defense in this litigation to the extent it calls for communications with third parties that have no relation to the claims or defenses in this litigation. OpenAI further objects to this Request to the extent it calls for a legal determination.  OpenAI objects on the ground that this Request does not identify the information or documents sought with reasonable particularity.  OpenAI objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 83:**

All documents concerning Your website terms and policies relating to Your Generative AI Products and Services, including any changes to those terms and policies and communications relating to such changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to

the needs of this case. OpenAI further objects to this Request because internal "documents concerning [OpenAI's] websites terms and policies relating to [OpenAI's] Generative AI Products and Services" and internal communications relating to "changes" to those terms and policies are not relevant to any claim or defense in this litigation and the Request therefore is not reasonably calculated to lead to the discovery of admissible evidence. OpenAI objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action. OpenAI further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, OpenAI responds that its terms of use are publicly available on its website, including at https://openai.com/policies/terms-of-use/, https://openai.com/policies/service-terms/,             https://openai.com/policies/business-terms/, https://openai.com/policies/usage-policies/,   and   https://openai.com/policies/sharing-publication-policy/. To the extent Plaintiffs believe they are entitled to additional information, OpenAI is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 84:**

All documents concerning Your knowledge of DNyuz (www.dnuyz.com), including its copying of Times Content and Your use of DNyuz content for any purpose, such as training, fine tuning, retrieval augmented generation, and any other refinement or development processes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

OpenAI objects to this Request is not relevant to any claim or defense in this litigation in that OpenAI's knowledge of the conduct of a third-party website does not tend to make a fact of consequence in this action more or less likely. OpenAI objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action. OpenAI objects to the phrase "its copying of Times Content" as vague and ambiguous. OpenAI objects that this Request

calls for a legal determination.  OpenAI objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 85:**

All documents concerning Your knowledge of websites besides DNyuz that regularly copy publisher content without permission, and Your use of such websites for any purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

OpenAI objects to this Request is not relevant to any claim or defense in this litigation in that OpenAI's knowledge of the conduct of unspecified third-party websites does not tend to make a fact of consequence in this action more or less likely.  OpenAI objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action.  OpenAI objects to the phrases "websites besides DNyuz," "regularly copy," "publisher content," and "without permission" as vague and ambiguous.  OpenAI objects that this Request calls for a legal determination.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case in that it seeks "[a]ll documents" regarding an unbounded universe of third-party websites with no connection to this litigation.  OpenAI objects on the ground that this Request does not identify the information or documents sought with reasonable particularity.  OpenAI objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Based on the foregoing General and Specific Objections, OpenAI responds that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents concerning use of Generative AI Models to create Synthetic Datasets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action. OpenAI objects to the phrase "Synthetic Datasets" is vague and ambiguous. OpenAI objects to this Request is not relevant to any claim or defense in this litigation in that information about "Synthetic Datasets," however defined, does not tend to make any fact of consequence in this action more or less likely. OpenAI objects on the ground that this Request does not identify the information or documents sought with reasonable particularity. OpenAI further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents concerning Your use or contemplated use of Synthetic Datasets, including to train Your Generative AI Models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to the phrase "Synthetic Datasets" is vague and ambiguous. OpenAI objects that this Request is not relevant to any claim or defense in this litigation in that information about "Synthetic Datasets," however defined, does not tend to make any fact of consequence in this action more or less likely. OpenAI objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action. OpenAI objects on the

18

ground that this Request does not identify the information or documents sought with reasonable particularity.  OpenAI further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 88:**

Documents sufficient to show, on a monthly basis from December 2015 to present, 1) OpenAI's valuation, 2) the number of employees of each OpenAI entity named in the Times's Complaint, and 3) OpenAI's capital investment, including the dollar amount of capital purchases, number of GPUs used, and other capital expenses to train AI models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

OpenAI objects that this Request is not relevant to any claim or defense in this litigation in that information about entities whose conduct is not at issue in this litigation does not tend to make any fact of consequence in this action more or less likely.  OpenAI objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action.  OpenAI objects to the phrases "valuation," "capital investment," "capital purchases," "GPUs used," and "other capital expenses" as vague and ambiguous.  OpenAI objects to this Request to the extent it seeks documents that do not exist.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 89:**

Documents sufficient to show each individual employed by OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, the job

function of each employee, the supervisory relationship of each employee, and any change in each employee's job function, supervisory relationships, or employment status over time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks the "job function," "supervisory relationship," and "any change in . . . job function, supervisory relationships, or employment status over time" for "employed by OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC." OpenAI further objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation because it seeks information regarding employees who were not involved in the activities alleged in the operative complaint. OpenAI objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action. OpenAI objects to this Request as duplicative of Request for Production No. 10.

Subject to the foregoing General and Specific Objections, OpenAI responds that it has produced and will produce nonprivileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show the roles of individuals who were primarily responsible for the design and operation of the models used for ChatGPT, in response to Request for Production No. 10. OpenAI further responds that it will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 90:**

Documents sufficient to show the identity of each board member of OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OPCO LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, including any change in that individual's status as a board member over time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks the identities of board members of "OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC," and because the Request is not sufficiently limited by time. OpenAI objects to the phrase "change in that individual's status as a board member" as vague and ambiguous. OpenAI further objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation because it seeks information regarding individuals and entities that were not involved in the activities alleged in the operative complaint.

Based on the foregoing General and Specific Objections, OpenAI responds that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 91:**

All minutes of meetings of the board of directors of OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OPCO LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, and all Documents provided to those boards of directors that concern or relate to 1) Your training data 2) Your intention to commercialize or monetize Defendants' Generative AI Models, Products, and Services, and 3) projections regarding revenues or profits for Your Generative AI Models, Products, or Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

OpenAI objects this Request as calling for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT.

21

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks production of "[a]ll minutes of meetings of the board of directors" of each entity and "all Documents provided to the board of directors" concerning "training data," the "intention to commercialize, monetize, or productize," or "projections regarding revenues or profits." OpenAI objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action. OpenAI objects to the phrases "intention to commercialize, monetize, or productize" and "projects regarding revenues or profits for particular products" as vague and ambiguous.

Based on the foregoing General and Specific Objections, OpenAI responds that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 92:**

Documents sufficient to show, for OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OPCO LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC 1) your reasons for forming each entity, 2) the primary functions of each entity, and 3) corporate formation documents for each entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

OpenAI objects to this Request as calling for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation because it seeks information and/or documents regarding entities that were not involved in the activities alleged in the operative complaint, and because information about corporation formation does not tend to make any fact of consequence in this action more or less likely.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks production of

documents about OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OPCO LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC.  OpenAI objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action.  OpenAI objects to the phrases "reasons for forming" and "primary functions" as vague and ambiguous.

Based on the foregoing General and Specific Objections, OpenAI responds that it will not produce documents in response to this Request.  OpenAI has already produced corporation formation documents for each entity and documents sufficient to show the relationships between the entities.

**REQUEST FOR PRODUCTION NO. 93:**

Documents sufficient to show, for each item of Times Content included in your Training Datasets: (i) the storage location(s) in your Training Datasets, (ii) the metadata, (iii) origin information, including URL or other source identifier, and (iv) the contents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

OpenAI objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding "each item of Times Content" including "storage location(s)," "metadata," "origin information," and "contents." OpenAI objects to the phrases "storage location(s)," "metadata," "origin information," and "source identifier" as vague and ambiguous.

Subject to the foregoing General and Specific Objections, OpenAI will make available for inspection, pursuant to an agreed-upon training data inspection protocol presently being negotiated between the parties, the text training data in its possession, custody, or control for the models used for ChatGPT, to the extent they are available based upon a reasonable and good-faith search.

**REQUEST FOR PRODUCTION NO. 94:**

Documents sufficient to show all OpenAI employees, contractors, former employees, and

other affiliates who have entered into non-disclosure or confidentiality agreements with OpenAI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks documents about "all OpenAI employees, contractors, former employees, and other affiliates." OpenAI further objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation because it seeks information regarding individuals who were not involved in the activities alleged in the operative complaint, and because information about non-disclosure agreements does not tend to make any fact of consequence in this action more or less likely. OpenAI objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action. OpenAI objects to this Request as calling for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Based on the foregoing General and Specific Objections, OpenAI responds that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 95:**

Documents and communications concerning Defendants' ███████████████ referenced in OPCO_NYT_0000668 and OPCO_NYT_0000669.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

OpenAI objects to this Request as seeking information and/or documents not relevant to any claim or defense in this litigation to the extent it calls for the production of documents regarding OpenAI's products other than the GPT models that were used for ChatGPT. OpenAI objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of

this case because it seeks "Documents and communications concerning" a "Data Working Group" without being sufficiently limited by time or subject matter.  OpenAI objects on the ground that this Request does not identify the information or documents sought with reasonable particularity.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

Dated: September 9, 2024                    Respectfully submitted,


By:  */s/ Eric K. Nikolaides* _____

**Morrison & Foerster LLP**
Joseph C. Gratz (*pro hac vice*)
JGratz@mofo.com
Andrew L. Perito (*pro hac vice*)
APerito@mofo.com
Vera Ranieri (*pro hac vice*)
VRanieri@mofo.com
425 Market Street
San Francisco, CA  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

Allyson R. Bennett (*pro hac vice*)
ABennett@mofo.com
Rose S. Lee (*pro hac vice*)
RoseLee@mofo.com
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone:  213.892.5200
Facsimile:  213.892.5454

Eric K. Nikolaides
ENikolaides@mofo.com
250 W. 55th Street
New York, NY 10019-9601
Telephone:  212.468.8000
Faksimile:  212.468.7900

By: */s/ Elana Nightingale Dawson*

    **Latham & Watkins LLP**
    Andrew Gass (*pro hac vice*)
    andrew.gass@lw.com
    Joseph R. Wetzel (*pro hac vice*)
    joe.wetzel@lw.com
    505 Montgomery Street, Suite 2000
    San Francisco, CA  94111
    Telephone:  415.391.0600
    Facsimile:  415.395.8095

    Sarang Damle
    sy.damle@lw.com
    Elana Nightingale Dawson
    elana.nightingaledawson@lw.com
    555 Eleventh Street NW, Suite 100
    Washington, DC 20004
    Telephone:  202.637.2200
    Facsimile:  202.637.2201

    Allison Levine Stillman
    alli.stillman@lw.com
    Luke A. Budiardjo
    luke.budiardjo@lw.com
    Rachel R. Blitzer
    rachel.blitzer@mofo.com
    1271 Avenue of the Americas
    New York, NY 10020
    Telephone:  212.906.1200
    Facsimile:  212.751.4864

By:  */s/ Christopher S. Sun*
_____

**Keker, Van Nest & Peters LLP**
Robert A. Van Nest (*pro hac vice*)
RVanNest@keker.com
R. James Slaughter (*pro hac vice*)
RSlaughter@keker.com
Paven Malhotra
PMalhotra@keker.com
Michelle S. Ybarra (*pro hac vice*)
MYbarra@keker.com
Nicholas S. Goldberg (*pro hac vice*)
NGoldberg@keker.com
Thomas E. Gorman (*pro hac vice*)
TGorman@keker.com
Katie Lynn Joyce (*pro hac vice*)
KJoyce@keker.com
Sarah Salomon (*pro hac vice*)
SSalomon@keker.com
Christopher S. Sun (*pro hac vice*)
CSun@keker.com
633 Battery Street
San Francisco, California  94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
OPENAI, INC., OPENAI LP, OPENAI GP,
LLC, OPENAI, LLC, OPENAI OPCO
LLC, OPENAI GLOBAL LLC, OAI
CORPORATION, LLC, and OPENAI
HOLDINGS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2024, a copy of the foregoing:

### OPENAI DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

was served by E-mail upon the following:

| | |
|---|---|
| Genevieve Vose Wallace<br>Ian B. Crosby<br>Katherine Marie Peaslee<br>SUSMAN GODFREY LLP<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Phone: 206.516.3880 | Davida Brook<br>Ellie Rae Dupler<br>Emily K. Cronin<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Phone: 310.798.3150 |
| Alexander Frawley<br>Eudokia Spanos<br>Tamar Lusztig<br>SUSMAN GODFREY LLP<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Phone: 212.336.8330 | Jennifer Maisel<br>Kristen Logan<br>Steven M Lieberman<br>ROTHWELL FIGG ERNST & MANBECK, P.C.<br>901 New York Avenue, N.W.; Suite 900 East<br>Washington, DC 20001<br>Phone: 202.783.6040<br>Email: jmaisel@rothwellfigg.com<br>KLogan@rothwellfigg.com<br>slieberm@rothwellfigg.com<br>Nhage@rothwellfigg.com |
| Scarlett Collings<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Phone: 713.904.8812 | Zachary B. Savage<br>Elisha Brandis Barron<br>SUSMAN GODFREY LLP<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Phone: 212.471.8358 |
| NYT-AI-SG-Service@simplelists.susmangodfrey.com | |
| *Attorneys for New York Times Company* | |
| Annette L. Hurst<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>Phone: 415.773.5700 | Christopher J. Cariello<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>51 West 2nd Street<br>New York, NY 10019<br>Phone: 212.506.5000 |

| | |
|---|---|
| Jeffrey S. Jacobson<br>FAEGRE DRINKER BIDDLE & REATH<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Phone: 212.248.3191 | Jared B. Briant<br>FAEGRE DRINKER BIDDLE & REATH<br>1144 15th Street, Suite 3400<br>Denver, CO 80202<br>Phone: 303.607.3588 |
| Laura Brooks Najemy<br>Sheryl Koval Garko<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>222 Berkley Street<br>Boston, MA 02116<br>Phone: 617.880.1800 | |
| NewYorkTimes_Microsoft_OHS@orrick.com | |
| MicrosoftNYClassActionFDBR@faegredrinker.com | |
| *Attorneys for Defendant Microsoft Corporation* | |

_____

Andréa M. Duprée