Susman Godfrey L.L.P.

October 24, 2024

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York
New York, New York 10007

          Re:    *The New York Times Company v. Microsoft Corporation, et al.*,
                  Case No.: 23-cv-11195-SHS-OTW: Motion to Compel Production of Documents Concerning Recently Announced and Under-Development Products

Dear Magistrate Judge Wang:

      Plaintiffs The New York Times Company and The Daily News (collectively "News Plaintiffs") respectfully request that a dispute over the scope of products subject to discovery be addressed during the upcoming conference, as memorialized in the parties' agenda. Dkt. 262 at 26. The News Plaintiffs seek an order compelling OpenAI to search for and produce documents concerning SearchGPT (a GPT-based search product powered by News Plaintiffs' content), the OpenAI API, Copilot, and any other current or anticipated GPT-based product (including CustomGPTs) that relate to content in the categories of news, cooking, consumer reviews, and sports–i.e., the same categories of content that News Plaintiffs create. These documents are relevant to News Plaintiffs' direct, vicarious, and contributory copyright claims and to OpenAI's stated fair use defense. Discovery into OpenAI's SearchGPT product and other anticipated news-related GPT-based products is particularly warranted in view of OpenAI's licensing partnerships with other news publishers and public reporting that "OpenAI is seeking to play a key role in answering news queries from users, and is planning to attribute information to publishing partners through a series of links below a summary that appears in response to the queries."[1]

      Many of News Plaintiffs' requests for production[2] seek documents related to Defendants' "Generative AI Products and Services," which News Plaintiffs define as "any publicly available or commercial product or service offering that includes a Generative AI Model, including but not limited to ChatGPT branded products and services, Copilot branded products and services, ChatGPT, Browse with Bing, Bing Chat, OpenAI's soon-to-be announced search product,[3] APIs, and platforms otherwise providing access to a Generative AI Model." Ex. A at 2–3. Yet, OpenAI

---

[1] Alexandra Bruell, Sam Schechner, and Deepa Seetharaman, OpenAI, WSJ Owner News Corp Strike Content Deal Valued at Over $250 Million, Wall St. J. (May 22, 2024), https://www.wsj.com/business/media/openai-news-corp-strike-deal-23f186ba.

[2] This issue specifically relates to at least Times RFPs 19, 23, 28, 35, 39, 41–46, 48, 50–52, 54, 56–57, 61–68, 70–72, and 83, and Daily News RFPs 3, 7, 12, 15, 19, 23, 28, 35, 39, 41–46, 48, 50–52, 56–58, 62–69, 71–73.

[3] By "soon-to-be announced search product," News Plaintiffs intended to reference SearchGPT, which was rumored by the press to be in development but which had not yet been officially released. The at-issue RFPs were served prior to the formal announcement of SearchGPT.

October 24, 2024
Page 2

seeks to limit the scope of the products at issue. During the parties' meet and confers on this issue,[4] the News Plaintiffs proposed that the scope of the at-issue products for discovery be, in addition to ChatGPT and Browse, the OpenAI API, Copilot, SearchGPT, and any current or anticipated GPT-based product (including CustomGPTs) that relate to news content (including using retrieval augmented generation to retrieve news content), product recommendations, or recipe recommendations. While OpenAI initially suggested on meet and confers that it may be willing to add SearchGPT—which was announced in July 2024, 7 months after The Times filed its Complaint and 3 months after The Daily News filed its Complaint—to its list of at-issue products, OpenAI has not confirmed whether it will produce documents concerning SearchGPT, the OpenAI API, or any under-development GPT-based products (including CustomGPTs) related to news content (including products using retrieval augmented generation to retrieve news content), product recommendations, or recipe recommendations.

Many of the products for which OpenAI has not yet confirmed it will produce documents, including the OpenAI API and Custom GPTs, (including, *e.g.*, the "Remove Paywall" and "News Summarizer Ace" Custom GPTs) are described in the operative Complaints. *See* Daily News Compl. ¶¶ 13–16, 59, 63–71, 114–38, 147–52. Nevertheless, News Plaintiffs' Complaints make clear that the scope of this case is not limited to a narrow list of enumerated products; rather, the products cited in the Complaints were offered as "illustrative and non-exhaustive" examples of Defendants' products of which News Plaintiffs were aware at time of filing that operate using the infringing GPT models. *See, e.g.*, Times Compl. ¶ 111; Daily News Compl. ¶ 117; *see also* Times Compl. ¶ 102 ("Defendants' commercial applications built using GPT models ***include***, inter alia, ChatGPT (including its associated offerings, ChatGPT Plus, ChatGPT Enterprise, and Browse with Bing), Bing Chat, and the Microsoft 365 Copilot line of digital assistants."); ¶ 108 ("Synthetic search applications built on the GPT LLMs, ***including*** Bing Chat and Browse with Bing for ChatGPT, display extensive excerpts or paraphrases of the contents of search results, including Times content, that may not have been included in the model's training set.") (emphasis added); Daily News Compl. ¶ 96, 114 (non-exhaustive list of products). Of course, News Plaintiffs could not have named products in their Complaint that had not yet been publicly announced by that time. But that does not preclude News Plaintiffs from seeking discovery on products that: (1) are built on models that News Plaintiffs allege were trained on their content; and (2) compete directly with News Plaintiffs by offering the same categories of content that News Plaintiffs create.

News Plaintiffs allege an ongoing and continuous course of illegal conduct, which entitles them to discovery on OpenAI's post-complaint conduct. For example, The Times alleges that "[b]y and through the actions alleged above, Defendants ***have infringed and will continue to infringe*** The Times's copyrights." Times Compl. ¶ 166 (emphasis added); *see also, e.g.*, ¶ 95 ("Upon information and belief, Microsoft and OpenAI ***continue to create unauthorized copies of Times Works*** in the form of synthetic search results returned by their Bing Chat and Browse with Bing

---

[4] The parties have discussed their dispute about which products should be subject to discovery on various video meet-and-confer calls. Most recently, the parties met and conferred on October 14 to specifically negotiate the scope of the at-issue products. The parties have also exchanged letters and emails about this dispute. The Times's Second RFPs are attached as Exhibit A, and OpenAI's Responses and Objections to those RFPs are attached as Exhibit B. Attached as Exhibit C is an email exchange between the parties from before and after the meet-and-confers.

October 24, 2024
Page 3

products. Microsoft actively gathers copies of the Times Works used to generate such results in the process of crawling the web to create the index for its Bing search engine."); Daily News Compl. ¶ 198–200 (alleging continuing copyright infringement). "Rule 26 does not limit discovery to pre-complaint events in cases such as this in which the complaint alleges that [the wrongful conduct] was continuing as of the date the complaint was filed." *Robco Distributors, Inc. v. Gen. Glass Int'l Corp.*, 101 F.R.D. 547, 548 (E.D.N.Y. 1984); *see also Deluxe Fin. Servs., LLC v. Shaw*, 2017 WL 7369890, at *5 (D. Minn. Feb. 13, 2017) ("[I]t may be appropriate to allow post-complaint discovery where documents requested are relevant to the claims and defenses in the case, especially where the complaint alleges continuing violations.").

  News Plaintiffs do not disagree with OpenAI that "the list of products and services [at issue] be discrete and reasonable in number." Dkt. 159 at 26–27. But News Plaintiffs' proposal *is* discrete and reasonable in number.[5] It names specific existing products at issue and encompasses a limited set of under-development products which only OpenAI—and not News Plaintiffs—are in a position to know about, i.e., any anticipated GPT-based products (including Custom GPTs) that relate to news content (including using retrieval augmented generation to retrieve news content), product recommendations, or recipe recommendations. OpenAI also claims not to understand what News Plaintiffs mean by an "anticipated" product, but the answer is simple: a product that OpenAI is developing and anticipates releasing. News Plaintiffs diligently sought to include any known products in their Complaints and to otherwise make OpenAI aware of their allegations. Yet, OpenAI continues to develop new products, such as SearchGPT, that rely on the same basic technology at issue in this case. Should similar products continue to be released, those products should also be encompassed within the scope of relevant products for discovery purposes.

  Denying relevant discovery into Search GPT and other under-development generative AI products or services powered by News Plaintiffs' content is improper and risks both prolonging this litigation and necessitating potentially duplicative future litigation. If OpenAI's developing products are excluded from discovery at present, News Plaintiffs will have to either repeatedly amend their Complaints each time a new product is announced or file new lawsuits with significantly overlapping allegations following each announcement. Either option unnecessarily burdens the parties and the Court by forcing the parties to engage in either unnecessary briefing or duplicative lawsuits.

                 Respectfully submitted,

                  */s/ Ian B. Crosby*
                  Ian B. Crosby

                  */s/ Steven Lieberman*
                  Steven Lieberman

---

[5] OpenAI's primary complaint now seems to be that there are roughly "3 million CustomGPTs that are currently available." Dkt. 159 at 27. But News Plaintiffs are not interested in every single CustomGPT, and have narrowly tailored their request to encompass only those that relate to news content (including using retrieval augmented generation to retrieve news content), product recommendations, or recipe recommendations.

October 24, 2024
Page 4

cc:   All Counsel of Record (via ECF)