**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, INC.,<br><br>       Plaintiff,<br> v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br>       Defendants. | Civil Action No. 1:24-cv-04872-SHS-OTW<br><br>Hon. Sidney H. Stein<br><br>(Hon. Ona T. Wang)<br><br>**ORAL ARGUMENT REQUESTED** |
| THE NEW YORK TIMES COMPANY,<br><br>       Plaintiff,<br> v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC,<br>       Defendants. | Civil Action No. 1:23-cv-11195-SHS-OTW (consolidated)<br><br>Hon. Sidney H. Stein<br><br>(Hon. Ona T. Wang)<br><br>**ORAL ARGUMENT REQUESTED** |
| DAILY NEWS, LP; CHICAGO TRIBUNE COMPANY, LLC; ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC; SUN-SENTINEL COMPANY, LLC; SAN JOSE MERCURY-NEWS, LLC; DP MEDIA NETWORK, LLC; ORB PUBLISHING, LLC; AND NORTHWEST PUBLICATIONS, LLC,<br><br>       Plaintiffs,<br> v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC,<br>       Defendants. | Civil Action No. 1:24-cv-03285-SHS-OTW (consolidated)<br><br>Hon. Sidney H. Stein<br><br>(Hon. Ona T. Wang)<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY IN SUPPORT OF DEFENDANT OPENAI'S AND DEFENDANT MICROSOFT'S JOINT MOTION TO CONSOLIDATE**

I.      **INTRODUCTION**

CIR agrees that "joint management of this case" and the *New York Times* and *Daily News* cases (the "*News* cases") is appropriate.[1] It also agrees that consolidating these cases would lead to efficiencies.[2] CIR's only concern is ensuring that it has sufficient time to conduct discovery if its case is consolidated with the *News* cases and placed on the same schedule. Several factors mitigate CIR's concern. *First*, Defendants have agreed to cross-produce the documents produced in the *News* cases and share other production information (including search term and custodian information), which will accelerate the pace of discovery. CIR's argument that it is entitled to the same discovery window as the *News* cases thus ignores the significant head start it is being given. *Second*, with regard to depositions, Defendants and the *News* plaintiffs have not yet agreed upon a deposition protocol, which is an issue before the Court at the upcoming status conference. Because no depositions have occurred, CIR is in the same posture as the *News* plaintiffs and would suffer no prejudice as a result of consolidation. *Third*, if the Court ultimately decides to extend its interim fact discovery deadline in the *News* cases, CIR's concern will evaporate altogether.

The New York Times' and Daily News' response to consolidation is similarly misplaced. The *News* plaintiffs use their brief to re-argue their already-filed position on deposition coordination. Not only are those arguments irrelevant here, but the parties have separately briefed their positions on deposition coordination, and the pending motion is not the appropriate venue to rehash those issues. In any event, the *News* plaintiffs' argument proves Defendants' point: CIR should be consolidated with the *News* cases to **avoid** further disputes regarding coordination of discovery and depositions.

---

[1] Dkt. No. 111 ("CIR Opp.") at 1.

[2] *Id*.

This Court should grant Defendants' motion for consolidation.

## II.     ARGUMENT

### A.     CIR's concern over a short discovery period is misplaced.

Circumstances contradict CIR's sole argument that it cannot complete discovery by December 20, 2024,[3] which is currently set as the interim fact discovery deadline in the *News* cases. CIR argues that it should receive "at least six months" for discovery because the New York Times received nearly ten and the Daily News received six.[4] But CIR stands in a different posture from the *News* plaintiffs and will benefit from the efforts already expended in the *News* cases. Defendants have agreed to make a quick production to CIR of all documents that have been produced in the *News* cases, to identify all custodians whose documents have been searched in those cases, and to disclose to CIR the search terms used to collect material. Such a streamlined process does not warrant a discovery period similar in length to either of the *News* cases, where no such discovery leg work had already occurred.

Notably, no depositions have occurred in the *News* cases, which puts CIR on equal footing with the *News* plaintiffs with respect to deposition progress. CIR will thus have the same amount of time as the *News* plaintiffs to conduct its depositions. To the extent two months is not enough time for CIR to complete depositions, that is also true for the New York Times and Daily News. To be sure, this Court has already recognized the Defendants, New York Times, and Daily News are all operating under a short timeline to complete discovery and deemed the December 20 fact

---

[3] *See id.*

[4] *Id.* at 3.

2

discovery deadline an "interim" one.[5]  Should this Court extend the schedule in the *News* cases, CIR's complaints regarding argument that it cannot complete discovery by December 20 fall further short.

Notably, the Court instructed the parties to take a "more efficient or more proportional" approach to discovery.[6]  Consolidation–which would prevent duplicative discovery and allow CIR to obtain the information it needs in a streamlined manner–would do precisely that.[7]

### B. CIR's proposals are unrealistic.

CIR's proposals to mitigate Defendants' burden of litigating multiple lawsuits are not realistic.  CIR insists on separately deposing Defendants' witnesses, who will have already been deposed on the same issues in the *News* cases, and it proposes that it "will agree not to retread questions that were already addressed" during their prior depositions.[8]  But those depositions have not yet occurred.  And CIR never explains why it cannot ask whatever questions it has when Defendants' witnesses are already sitting for depositions in the *News* cases.[9]  CIR's proposal does not mitigate burden; it compounds it by requiring Defendants' witnesses to sit for depositions twice.  CIR's promise not to "retread" ground covered in the first deposition is likewise cold comfort for Defendants and the Court.  Disputes about whether a line of questioning is duplicative will inevitably generate more disputes–and ultimately more matters for the Court to decide.

---

[5] *See The New York Times Co. v. Microsoft Corp., et al.*, Case No. 1:23-cv-11195-OTW (S.D.N.Y Sept. 13, 2024) ("*News*"), Dkt. No. 243 at 3; 9/12/2024 Hr'g. Tr. at 28:9-11 (Court expressing "some doubts that [the parties are] really going to be able to finish fact discovery by December 20th").

[6] 9/12/2024 Hr'g. Tr. at 28:8.

[7] CIR Opp. at 1.

[8] *Id*. at 3.

[9] *Id*.

3

Witnesses should only be deposed once; unnecessarily requiring "serial depositions" is "costly and burdensome." *In re Lincoln Nat'l COI Litig.*, Nos. 16-cv-6605-GJP, 18-cv-2379-GJP, 2019 WL 7582770, at *2–3 (E.D. Pa. July 15, 2019). CIR's opposition does not refute this point. And given the scheduling constraints for the numerous witnesses and counsel, CIR's proposal would unnecessarily delay the completion of discovery.

CIR's proposal that it will agree to be bound by any discovery rulings in the News cases is likewise inadequate because it reserves the right to demand reconsideration in the face of "newly discovered evidence."[10] But should discovery proceed after the *News* cases, as CIR would have it, every different piece of evidence that CIR discovers will be "newly discovered" and thus potential fodder for CIR to challenge any discovery order. Again, CIR's proposal compounds—not lessens—the burden and work for Defendants and the Court. *See Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987) ("the primary objective of consolidation is to prevent separate actions from producing conflicting results").

      **C.**    **CIR's attempts to distinguish Defendants' cited cases fail.**

CIR's attempts to distinguish Defendants' cited cases fail. CIR accuses Defendants of improperly citing *SS&C Technologies Holdings, Inc. v. Arcesium LLC*, No. 22-CV-02009 (TMR-OTW), 2024 WL 64781 (S.D.N.Y. Jan. 5, 2024).[11] CIR is incorrect. Defendants cited *SS&C Technologies Holdings* in the legal standard section of their Motion for the general, well-accepted principle that, with respect to a consolidation motion, "[t]he paramount concern is whether savings of expense and gains of efficiency can be accomplished without sacrificing justice." *Id.* at *3. That uncontroversial legal principle holds true. Indeed, CIR cites this very same statement of law

---

[10] *See id.*

[11] *Id.*

in its Opposition.[12] Defendants did not, as CIR implies, suggest to this Court that *SS&C Techs. Holdings, Inc*. granted a motion for consolidation. And in any event, *SS&C Techs. Holdings*, where the plaintiff filed separate cases more than 15 months apart against separate defendants, involved facts very different than those here. CIR's attempt to analogize its case to *Cornell v. Soundgarden* is also misplaced.[13] While the court in that case did amend the scheduling order to avoid prejudice, the parties did not agree, like CIR and Defendants have done here, to share documents already produced in the related cases and to allow plaintiff to participate in negotiations regarding deposition scheduling. *See Cornell v. Soundgarden,* No. C20-1218-RSL-MLP, 2021 WL 1663924, at *3 (W.D. Wa. Apr. 26, 2021).[14]

### D. The New York Times' and Daily News' arguments do not counsel against consolidation.

Neither of the two arguments advanced by *News* plaintiffs warrants denying Defendants' Motion.

***First***, notwithstanding the *News* plaintiffs' suggestion otherwise, Defendants do not argue that consolidating the CIR case with the News cases is a reason to extend the schedule in the News cases.[15] Defendants have always maintained the existing timeframe for discovery in the News cases is insufficient regardless of whether CIR is consolidated with those cases or not. Indeed, Defendants argued for a longer fact-discovery period—March 2025—when Defendants moved to consolidate the *News* cases in September.[16] At that time, *CIR* consolidation was not even on the table.

---

[12] *Id.* at 2.

[13] *Id.* at 4.

[14] Plaintiffs are incorrect that three of Defendant's cited cases are inapplicable because the non-moving parties did not oppose consolidation. *Id*. at 4. Defendants cited all three as authority for legal propositions that are not subject to reasonable dispute and CIR does not dispute them.

[15] *See News*, Dkt. No. 150 at 3–5.

[16] *Daily News, LP v. Microsoft Corp., et al.,* Case No. 1:24-cv-03285-SHS (S.D.N.Y. July 3, 2024) ("*Daily News*"), Dkt. No. 108 at 3–7.

5

Moreover, the *News* plaintiffs' concerns about the parties' ability to move *CIR* discovery along ignore the facts. The *News* plaintiffs argue that CIR and Defendants do not have a protective order in place which, until agreed to, prohibits Defendants from cross-production.[17] The New York Times and Daily News are incorrect. CIR and Defendants **have** already agreed to and submitted an ESI Stipulation and Protective Order to the Court (Dkt. Nos. 103 & 106). Defendants are prepared to cross-produce documents promptly after that Order is entered by the Court. The *News* plaintiffs also suggest that consolidating *CIR* will delay the existing schedule in the *News* cases because there is no schedule set in CIR.[18] But there is also no set schedule in the *News* cases. The Court only ordered an "interim" fact discovery deadline in those cases and mooted all other case deadlines.[19]

**Second,** the *News* plaintiffs' concerns with deposition coordination between *the News* cases and the California class action is irrelevant. The question before the Court is whether to consolidate the CIR case with the *News* cases. Defendants do not ask this Court to consolidate CIR with the California cases. Here, the *News* plaintiffs recycle the same meritless arguments regarding deposition coordination that the parties have already separately briefed.[20] But as Defendants have already explained, it is imperative that there be deposition coordination among the New York and California cases where the issues overlap. These cases will involve largely the same witnesses who will testify on the same topics. Defendants' coordination proposal more than adequately accounts for any differences between the New York and California cases, providing separate hours caps for the Class cases, increases of per-witness time limits beyond the 7-hours afforded under Rule 30(b)(1), and other features.[21] As such, the *News* Plaintiffs' request for "at least 35 more hours for depositions, including an additional 20 hours to the per-Defendant Group

---

[17] *Daily News,* Dkt. No. 102 at 3.

[18] *News*, Dkt. No. 150 at 6.

[19] *Daily News*, Dkt. No. 139.

[20] *See News*, Dkt. Nos. 260 & 261.

[21] *See News*, Dkt. No. 260.

6

cap" (*Daily News* Dkt. No. 162, at 4 n.4) in the event of consolidation is wholly unnecessary.

Although the *News* plaintiffs raise purported "logistical concerns" regarding coordinating with the California plaintiffs, the California court[22] has already made clear that it expects **all counsel** in the California and New York cases to coordinate depositions. Although consolidation of the *News* and *CIR* cases offers an ideal vehicle to achieve efficiency, even if the Court finds otherwise, at a minimum, it should order CIR to participate in and coordinate its depositions with Defendants, and alongside the other plaintiffs in New York and California.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to consolidate the *CIR* case with the already-consolidated *New York Times* and *Daily News* cases.

---

[22] The California court has directed "all counsel in the OpenAI cases" to "explore every avenue through which the discovery process (and depositions in particular) in these cases may be streamlined and made efficient." *In re OpenAI ChatGPT Litig.*, Case No. 23-cv-03223-AMO (N.D. Cal.), Dkt. No. 144 at 3. "Plaintiffs would be well advised to cooperate with Defendants in the process of streamlining discovery coordination and deposition procedures across the OpenAI cases given that the court is sympathetic to Defendants' concerns about duplicative depositions on the same topics constituting an avoidable burden and a waste of resources." *Id.* at 3-4. To complete discovery in a reasonable amount of time across all cases and avoid inefficiencies, deposition coordination is warranted.

Dated: October 25, 2024

KEKER, VAN NEST & PETERS LLP

By: */s/ Paven Malhotra*
ROBERT A. VAN NEST (*pro hac vice*)
R. JAMES SLAUGHTER (*pro hac vice*)
PAVEN MALHOTRA - # 4409397
MICHELLE S. YBARRA (*pro hac vice*)
NICHOLAS S. GOLDBERG (*pro hac vice*)
THOMAS E. GORMAN (*pro hac vice*)
KATIE LYNN JOYCE (*pro hac vice*)
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188
rvannest@keker.com
rslaughter@keker.com
pmalhotra@keker.com
mybarra@keker.com

tgorman@keker.com
kjoyce@keker.com

*Attorneys for OpenAI Defendants*

| | |
|---|---|
| Dated: October 25, 2024 | LATHAM & WATKINS LLP |

                                                   By:  *Elana Nightingale Dawson*
                                                       Andrew M. Gass (pro hac vice)
                                                       andrew.gass@lw.com
                                                       505 Montgomery Street, Suite 2000
                                                       San Francisco, CA 94111
                                                       Telephone: 415.391.0600

                                                       Sarang V. Damle
                                                       sy.damle@lw.com
                                                       Elana Nightingale Dawson
                                                       Elana.nightingaledawson@lw.com
                                                       555 Eleventh Street, NW, Suite 1000
                                                       Washington, D.C. 20004
                                                       Telephone: 202.637.2200

                                                       *Attorneys for OpenAI Defendants*

Dated: October 25, 2024            MORRISON & FOERSTER LLP

By: *Carolyn Homer*
Carolyn Homer (*pro hac vice* pending)
*cmhomer@mofo.com*
2100 L Street, NW Suite 900
Washington, D.C. 20037
Telephone: 202.887.1500

Joseph C. Gratz (*pro hac vice*)
j*gratz@mofo.com*
Vera Ranieri (*pro hac vice*)
*vranieri@mofo.com*
425 Market Street
San Francisco, CA 94105-2482
Telephone: 415.268.7000

Rose S. Lee (*pro hac vice*)
*rose.lee@mofo.com*
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: 213.892.5200

*Attorneys for OpenAI Defendants*

| | |
|---|---|
| Dated: October 25, 2024 | ORRICK, HERRINGTON & SUTCLIFFE LLP |

By: *Annette L. Hurst*
Annette L. Hurst (*Pro Hac Vice*)
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
ahurst@orrick.com

Christopher J. Cariello
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
ccariello@orrick.com

Sheryl Koval Garko (*Pro Hac Vice* pending)
222 Berkeley Street
Boston, MA 02116
Telephone: (617) 880-1800
sgarko@orrick.com

Laura Brooks Najemy (*Pro Hac Vice*)
222 Berkeley Street
Boston, MA 02116
Telephone: (617) 880-1800
lnajemy@orrick.com

*Attorneys for Defendant*
*Microsoft Corporation*