

October 28, 2024

**VIA ECF**

Honorable Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *The New York Times Company v. Microsoft Corp., et al*., No. 23-cv-11195-SHS: Response
      to The Times's Motion to Compel Production of Documents Concerning Future Products

Dear Magistrate Judge Wang:

      Microsoft submits this response to The Times's October 23, 2024 letter, in which it asks the Court to grant unfettered access into Microsoft's product development pipeline of what may be the most rapidly-developing technology in human history. Specifically, The Times asks the Court to require Microsoft to disclose its "business development plans, strategic roadmaps, and product development plans" related to: (i) unnamed products released after the Complaint was filed, as well as (ii) "any future generative AI products in the categories of news, cooking, consumer reviews, and sports."[1] It is hard to see when or how discovery in this case could end if The Times were permitted such unbounded discovery, which would also enable it to add products to the lawsuit while avoiding the necessity of pre-suit investigation as well as Rules 12, 16 and 26. The Court should instead grant a protective order limiting the scope of discovery to products identified in the Complaint and that had been released as of the time the lawsuit commenced.

      The Times's Complaint accused two publicly available Microsoft products: Bing Chat and Microsoft 365 Copilot. *See, e.g.*, Compl. ¶¶ 98-123, 127-142. Microsoft has agreed to produce a large quantity of discovery regarding those two products, including material created after the filing of the Complaint. The Times, however, is not satisfied with comprehensive discovery that matches the scope of its claims. Instead, it seeks discovery about products that were first released *after* the Complaint was filed, including new products released in just the past few weeks. Indeed, The Times even seeks discovery about products that have not yet been released. The Court's intervention is needed to stop this merry-go-round ride so the parties can get off and move ahead.

      Contrary to The Times's argument that the products cited in the Complaint were merely "illustrative and non-exhaustive" examples (Dkt. 279 at 2, *citing* Compl. ¶ 111), the Complaint identifies only "examples of synthetic search ***results***" as "illustrative and non-exhaustive." Compl. ¶ 111 (emphasis added). In other words, it pled some evidence and then indicated that those particular claims about those particular products was not limited to that evidence. This tells us nothing about other products not yet in existence. As The Times acknowledges, it cannot have performed an investigation of and have sued products it had never seen at the time of the Complaint. Rather, to add such products to the case it should seek amendment under the standards

---

[1] The Times notes that the scope of the relevant products in this case not only implicates RFP No. 67, but also at least RFP Nos. 3, 7, 11, 14, 19, 23, 28, 35, 39, 41-46, 48, 50-52, 57-58, 60-66, 69-71, and 83. Dkt. 279 at 1 & n.3.

of Rules 15 and 16, so that the Court can consider the impact of adding more and more products to the allegations. The Times also can simply file a separate lawsuit. The Court will not be causing The Times to forfeit any substantive rights by placing a limit on the scope of *this* case.

The Times does not have a *de facto* right to add new products to the case through discovery. That is because discovery in an existing lawsuit cannot properly be used to pursue information in aid of a potential future case. Courts have found that discovery is improper where the requesting party's basis for demanding such discovery is mere speculation about the newly released products' capability to infringe. *See, e.g.*, *01 Communique Lab., Inc. v. Citrix Sys., Inc.*, No. 1:06-cv-253, 2014 WL 2506250, at *4 n.6 (N.D. Ohio Jun. 3, 2014) ("Nonetheless, a plaintiff is not entitled to accuse certain products of infringement, and then ask for discovery on every other product on a mere suspicion that other products might infringe as well.").

One of the new products about which The Times seeks discovery is Copilot Daily, a feature that Microsoft released publicly in the last few weeks—more than **nine months** after The Times filed suit. The Times has provided no evidence of infringement by Copilot Daily. This is unsurprising, as The Times concedes that Microsoft has stated publicly that Copilot Daily "will only pull from authorized content," and The Times has no basis to dispute that this is a licensed product. Nevertheless, the Times asserts entitlement "to discovery **to test** [Microsoft's public] assertion and **to explore** how Copilot Daily was built." Dkt. 279 at 2 (emphasis added). This is a publicly available product; if The Times wants to test it for infringing outputs, it can use it the same way everyone else does.[2] If that usage results in The Times believing infringement exists, it can bring a claim, either by filing a new lawsuit or seeking to amend its current pleading. At present, The Times is seeking discovery into Copilot Daily based purely on speculation—exactly the type of request that courts do not countenance. Discovery to determine viability of a new claim is improper "because the purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such claim exists." *Diaz v. New York Paving, Inc.*, 553 F. supp. 3d 11, 22 (S.D.N.Y. 2021) (internal quotations and citations omitted); *see also Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim.").

The Times is on even weaker footing with respect to the plans for *future* products. Parties rarely seek discovery regarding unaccused products still in development, and such attempts are often refused. One particularly relevant example is *Microsoft Corp. v. Multi-Tech Sys., Inc.*, No. 00-1412, 2001 WL 37130770 (D. Minn. Dec. 14, 2001). There, the court denied a motion to compel discovery into a potential product that was a continuation of the accused product. *Id.* at *8. The court noted that any assertion of possible infringement was "merely supposition, to support a treasure hunt" and the requesting party "should not be allowed, on this scant showing, to rifle through Microsoft's files in the hopes of uncovering potential future lawsuits, which have yet ripened into a claim, given the fact that Microsoft may never release the product in the marketplace." *Id.*; *see also, e.g., EPOS Techs. v. Pegasus Techs.*, 842 F. Supp. 2d 31, 34 (D.D.C. 2012) (finding that the scope of discovery "is not so broad as to require the discovery of products that do not yet exist in final form.").

---

[2] To the extent The Times's requests regarding Copilot Daily or any other product are based upon the fact that those products utilize a GPT model that was trained with The Times's content, it has not alleged that, but in all events The Times is obtaining discovery related to the underlying GPT models that are within the scope of the suit.

Honorable Ona T. Wang - 3 - October 28, 2024

The cases cited by The Times do not support its request with respect to products that were not both identified in the Complaint and publicly available when the Complaint was filed. Both *Robco Distribs., Inc. v. Gen. Glass Int'l Corp.*, 101 F.R.D. 547 (E.D.N.Y. 1984) and *Deluxe Fin. Servs., LLC v. Shaw*, 2017 WL 7369890 (D. Minn. Feb. 13, 2017), relate to the question of whether discovery regarding events that post-date the complaint is relevant to allegations of continuing conduct **alleged in the complaint**. That is not what is at issue here—Microsoft agreed to produce later documents about the products that were named in the Complaint and released as of its filing. Microsoft is only refusing to produce about later-released products and products still in development. Notably, neither of the cases cited by The Times addresses the crux of the issue—whether The Times is entitled to shoehorn open-ended discovery into future products into this case, where new products are being added to the pipeline continuously, and without regard to the scope of the allegations articulated in the Complaint.

The undue burden on Microsoft also weighs heavily against The Times's request. *See Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 286 (D. Del. 2012) (declining to order the full scope of plaintiff's requested discovery because of, in part, "the significant burden Defendant would suffer in complying with the scope of the requests-at-issue"). To include Copilot Daily, not accused in the Complaint and released in just the past few weeks, Microsoft would have to provide discovery about an entirely new, just released, technology stack. This would be an entirely new set of source code, business documents, technology documents, and other materials. It would implicate many additional and new custodians. It would be like iterating the same scope of discovery all over again. And, The Times wants to do that not just with respect to the recently released products, but also with as-yet-unreleased products, thereby tripling, or quadrupling the scope of the case.

In sum, The Times cannot circumvent its pre-suit investigation and pleading obligations, nor can it shirk the Court's Rule 16 order, to expand the case to products beyond the Rule 26 boundaries of the Complaint. Regardless, The Times is not left without a remedy. Should The Times perform the required pre-suit investigation regarding any new products, and should The Times have a good-faith basis to believe a new product is causing it harm, the proper course of action under the Rules would be for The Times to either (i) seek leave to amend its Complaint in this case (and satisfy the good cause requirement of Rule 16(b) so that a reasonable process can be set for discovery into these presently unasserted, future products), or (ii) file a new lawsuit regarding the new products. *See EPOS Techs.*, 842 F. Supp. 2d at 34 ("Once a final product is developed, if Pegasus has reason to believe the product infringes its patents, then Pegasus certainly may file suit and appropriately seek discovery regarding that final product.").

Accordingly, Microsoft respectfully requests that the Court deny The Times's motion to compel Microsoft to produce documents regarding new and unreleased products, and instead grant a protective order defining the scope of discovery as those products named in the Complaint and that were released as of the time the Complaint was filed.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ Annette L. Hurst | /s/ Jared B. Briant |
| Annette L. Hurst | Jared B. Briant |

*Counsel for Defendant Microsoft Corporation*