SUSMAN GODFREY L.L.P.

October 29, 2024

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

           Re:    *The New York Times Company v. Microsoft Corporation, et al.*,
                  No. 23-cv-11195-SHS: Opposition to Microsoft's Motion to Compel

Dear Magistrate Judge Wang:

      Plaintiff The New York Times Company ("The Times") opposes Microsoft's October 24 request to compel The Times to produce documents related to its legal investigation into Defendants' reproduction of Times content, including through the outputs cited in the Complaint. Dkt. 284. At the last hearing, The Times argued that these documents are protected by the attorney-client privilege and the work product doctrine, noting the Tremblay court's decision to deny a similar motion to compel by OpenAI in California. *See* Dkt. 169-1 (*Tremblay* Order). The Times also stated that it would not rely on these examples at summary judgment or trial, as the best evidence of Defendants' conduct would be found within Defendants' own files. This Court then denied OpenAI's motion to compel. *See* Dkt. 243.

      The Court's September 13 order on OpenAI's motion applies equally to Microsoft's motion now. While OpenAI mentioned Exhibit J as an example of ChatGPT outputs cited in the Complaint, its motion was not limited to that single exhibit. Dkt. 124. Instead, OpenAI sought to compel The Times to respond to three separate RFPs, only one of which—RFP 20—explicitly referenced Exhibit J. The other requests sought documents "sufficient to show the process for obtaining each GPT Services output cited or referred to in the Complaint," including chat logs, prompts, parameters, and outputs (RFP 23), and documents related to any attempt by The Times "to reproduce any of Your Published Works via GPT Services" (RFP 2). The term "GPT Services" encompasses any third-party products that rely on OpenAI's models, which includes the Microsoft products used to generate the examples in the Complaint. *See* Dkt. 236-1 at 4. Thus, Microsoft seeks to compel The Times to produce the same documents that were included in OpenAI's earlier motion—even though, as before, The Times explained that it will not need to rely on the examples in the Complaint because it will receive user-generated output from Defendants during the discovery process. *See* Ex. C at 2; Dkt. 262 at 14. Microsoft's duplicative motion should be denied.

    **1.**  <u>**The Times Does Not Intend to Rely on the Outputs Cited in the Complaint.**</u>

      As The Times explained at the last hearing, the examples cited in the Complaint were created at the direction of legal counsel and are merely illustrative of what Defendants' products can do. It will not rely on those illustrations as proof of how Microsoft's products respond to user prompts. That proof will come from Microsoft.

      Nor will The Times's experts rely on the Complaint's examples. Microsoft asked The Times to stipulate that it would not be "providing" these outputs to any of its experts. Ex. C at 2. The Times agreed that its experts would not rely on them, but clarified that it will give its experts the publicly-filed Complaint as routine case background. The Times will not provide its experts

October 29, 2024
Page 2

with any more information about these outputs than Defendants have, and their opinions about user behavior will be drawn from direct evidence of that behavior—which is held by Microsoft.

2. **The Evidence of Microsoft's Misappropriation and Trademark Dilution Is in Microsoft's Output Logs and Other Discovery in Defendants' Possession.**

Microsoft tries to distinguish its motion from OpenAI's by claiming "[t]he undisclosed prompts and outputs at issue in this motion are the only evidence of the alleged unlawful acts." Dkt. 284 at 1. Not so. The Times will prove Microsoft's misappropriation and trademark dilution using data in Defendants' possession—including, for example, Microsoft's output logs—not the screenshots or examples cited in the Complaint. Microsoft already agreed to provide this discovery, and even used it to seek an extension of the schedule months ago. *See* Dkt. 148 at 6-8.

The Times's claims for misappropriation and trademark dilution do not require evidence of user input. To prove unfair competition by misappropriation, The Times will show that Microsoft's use of Times content constitutes free-riding and that Microsoft directly competes with The Times. *See Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 845 (2d Cir. 1997). For trademark dilution by tarnishment, The Times will show that Microsoft's products tarnished The Times's trademarks by producing hallucinations falsely attributed to Times works. *See* 15 U.S.C. § 1125. The Times will thus support these claims using Defendants' training data, output logs, and whatever else it uncovers in discovery about how Defendants' products use Times works. For example, The Times expects that—consistent with its legal investigation—Defendants' output logs will show that Microsoft's tools summarize or provide users verbatim Times or Wirecutter content that improperly substitute for the original, and in other instances, generate hallucinations of Times or Wirecutter content that are falsely attributed to The Times. Microsoft already acknowledged that this discovery will involve collecting and analyzing its own data to determine whether and how it used The Times's works in its products. *See* Dkt. 148 at 7–8.

3. **Microsoft Has No Substantial Need for Discovery of The Times's Work Product.**

Microsoft cannot show that it needs discovery of The Times's privileged work product.

Outputs that were obtained by Times employees at the direction of Times counsel during its pre-suit investigation—including all communications regarding the same—are protected from disclosure as privileged work product. *See* Fed. R. Civ. P. 26(b)(3)(A); *U.S. v. Ghavami*, 882 F. Supp. 2d 532, 539–40 (S.D.N.Y. 2012) (protecting documents or communications prepared in anticipation of litigation by or for a party or the party's representative). The queries crafted by Times counsel and their representatives comprise the mental impressions and opinions of those attorneys, so this material is opinion work product entitled to "virtually absolute protection." *Ghavami*, 882 F. Supp. 2d at 540; *see also* Dkt. 169-1 (Order Granting Plaintiffs' Motion for Relief from Discovery Order at *3-4, *Tremblay v. OpenAI, Inc.*, No. 3:23-cv-03223-AMO (N.D. Cal. Aug. 8, 2024, finding that plaintiffs' counsel's pre-suit prompting of ChatGPT while investigating plaintiffs' claims was opinion work product not subject to waiver)).

The Times's opinion work product is protected from discovery "unless a highly persuasive showing of need is made." *Greater New York Taxi Ass'n v. City of New York*, 2017 WL 4012051, at *13 (S.D.N.Y. Sept. 11, 2017) (internal citation omitted). Even if the Court were to find that

October 29, 2024
Page 3

some of this material constitutes fact work product, Microsoft must still show substantial need and that it cannot, without undue hardship, obtain the substantial equivalent by other means. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii). Microsoft cannot satisfy either showing. Consistent with the Court's denial of OpenAI's parallel motion, *see* Dkt. 243, and as the Northern District of California ruled in *Tremblay*, *see* Dkt. 169-1, Microsoft has no substantial need for this discovery. Looking at The Times's own negative outputs or at the work product communications about its pre-suit investigation is not necessary for Microsoft to disprove any of the elements of misappropriation or trademark dilution. If Microsoft wants to show that Wirecutter recommendations are only generated when prompted by a user in a certain way, or a certain number of times, the most probative evidence is found in Microsoft's own output logs or the tests Microsoft can do itself. The same applies to tarnishment: if Microsoft wants to understand how user queries of its own products generate hallucinations that are falsely attributed to The Times, it can explore that using its own data and tools.

The Times has not waived its work product privilege by citing outputs in the Complaint. The Times is not relying on the examples in the Complaint to prove Microsoft's misappropriation or trademark dilution. *See Dover v. British Airways*, 2014 WL 5090021, at *2–3 (E.D.N.Y. Oct. 9, 2014) (analysis prepared by a non-testifying consulting expert that the plaintiff is not relying on to prove its case is protected from disclosure and not waived, even if cited in the complaint). Because The Times will not present the prompts and outputs in ¶¶ 127–142 of the Complaint to the jury or rely on them in summary judgment, and the best evidence supporting those claims is in Defendants' possession, Microsoft does not need The Times's work product "to effectively contest or impeach the claim[s]." *New York Times Co. v. DOJ*, 939 F.3d 479, 498 (2d Cir. 2019).

Microsoft's caselaw is inapposite. In *In re Symbol Techs., Inc. Sec. Litig.*, 2017 WL 1233842, at *15–16 (S.D.N.Y. Mar. 31, 2017), the court found subject matter waiver when the plaintiff used witness interview memoranda offensively to cross-examine defendants' witnesses while withholding other witness interviews covering the same subject matter and witnesses. Here, again, The Times is not going to rely on the examples cited in the Complaint, so this is not "the rare case" where fairness concerns necessitate waiver. *See id.* In *In re Commodity Exch., Inc., Gold Futures*, 2019 WL 13046984, at *3 (S.D.N.Y. Feb. 25, 2019), the plaintiff relied on portions of its consultants' statistical analyses to prove the defendants' price-fixing conspiracy, so the defendants were entitled to discover the undisclosed portions. In *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 1997 WL 801454, at *1–3 (S.D.N.Y. Dec. 31, 1997), the defendant's reliance on a patent inventor's report about certain experiments as substantive evidence and in deposition testimony waived privilege over the inventor's non-disclosed experiments on the same subject matter. Here, the proof of Microsoft's misappropriation and trademark dilution will lie not in the prompts and outputs in the Complaint, but in Microsoft's own technical documents and output data, and both sides' yet-to-be-prepared expert testimony. And in *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 90 (S.D.N.Y. 2016), the court found a narrow waiver of an undisclosed expert report because the plaintiff relied on its findings in the complaint; here, the outputs supporting The Times's well-pleaded allegation that Microsoft's generative AI tools misappropriate or hallucinate Times content are already disclosed in the Complaint.

The Times respectfully requests that the Court deny Microsoft's motion.

October 29, 2024
Page 4

Respectfully submitted,

*/s/ Ian B. Crosby*
Ian B. Crosby
Susman Godfrey L.L.P.

*/s/ Steven Lieberman*
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck

cc:   All Counsel of Record (via ECF)