# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Daily News, LP; The Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury-News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest Publications, LLC,<br><br>       Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO, LLC, OPENAI GLOBAL, LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>       Defendants. | Civil Action No. 1:24-cv-03285-SHS |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, AND OPENAI HOLDINGS, LLC**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, (the "Local Civil Rules"), Plaintiffs Daily News, LP (the "New York Daily News"); The Chicago Tribune Company, LLC, (the "Chicago Tribune"); Orlando Sentinel Communications Company, LLC (the "Orlando Sentinel"); Sun-Sentinel Company, LLC (the "Sun-Sentinel"); San Jose Mercury-News, LLC (the "Mercury News"); DP Media Network, LLC (the "Denver Post"); ORB Publishing, LLC (the "Orange County Register"); and Northwest Publications, LLC (the "Pioneer Press") (collectively the "Publishers"), by and through their undersigned attorneys, hereby request that Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC., OpenAI, LLC., OpenAI, OpCo LLC., OpenAI Global, LLC., OAI Corporation, LLC., and OpenAI Holdings, LLC (collectively the "OpenAI Defendants") admit or deny the following Requests for Admission ("Requests") within thirty (30) days of service.

1

## I.     DEFINITIONS

The following definitions and instructions apply to the requests listed below:

1. All definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the Southern District of New York are incorporated by reference herein.

2. "Affiliate" means, with respect to any Person, any other Person that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under any common control with, such Person.

3. "Agreement(s)" means any contract, agreement, arrangement, or understanding, formal or informal, oral or written, between or among two or more Persons.

4. "AI Model(s)" means a component of an information system and/or large language model that implements artificial intelligence ("AI") technology or uses computational, statistical, or machine-learning techniques to produce outputs from a given set of inputs.

5. "Generative AI Models(s)" means AI Models that emulate the structure and characteristics of input data in order to generate derived synthetic content, such as images, videos, audio, text, and other digital content.

6. "Text Generation AI Model(s)" means Defendants' Generative AI Models, including generative pre-trained transformers or large language models (LLMs), that provide text outputs in response to inputs or prompts, including but not limited to GPT base, GPT-1, GPT-2, GPT-3, GPT 3.5, GPT-4, GPT-4 Turbo, GPT-4o, MAI-1, and all other versions or other Generative AI Models included in Defendants' Generative AI Products and Services.

7. "Complaint" means the operative complaint in the Action as of the date these Requests are served.

8. "Defendants" means Microsoft and OpenAI.

9. "Electronically Stored Information" or "ESI" refers to information and Documents within the full scope of Federal Rule of Civil Procedure 34 with all Metadata intact—created, manipulated, communicated, stored, and best utilized in digital form, and stored on electronic media.

10. "Generative AI Product(s) and Service(s)" means any publicly available or commercial product or service offering that includes a Generative AI Model, including but not limited to ChatGPT branded products and services, Copilot branded products and services, ChatGPT Browse with Bing, Bing Chat, OpenAI's SearchGPT product, APIs, and platforms otherwise providing access to a Generative AI Model.

11. "Including" means including but not limited to.

12. "Journalism," for the purposes of these Interrogatories, means the activity of writing or creating content for newspapers, magazines, news websites, mobile applications, television, podcasts, or any other publication and/or news outlet, and includes the work of Plaintiffs as alleged in the Complaint.

13. "Metadata" refers to structured information about an electronic file that is embedded in the file, describing the characteristics, origins, usage, and validity of the electronic file.

14. "OpenAI" or "You" or "Your" means Defendants OpenAI Inc., OpenAI GP, LLC, OpenAI Opco, LLC, OpenAI Global, LLC, OpenAI Holdings LLC, OpenAI, LLC, or OAI Corporation, LLC, their subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, and their respective officers, directors, employees, consultants, representatives, and agents.

15. "Relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

16. "Microsoft" means Defendant Microsoft Corporation, its subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, and their respective officers, directors, employees, consultants, representatives, and agents.

17. "Publisher" or "Publishers" means any one or more of Plaintiffs The New York Daily News, The Chicago Tribune, the Orlando Sentinel, the Sun-Sentinel, the Mercury News, the Denver Post, the Orange County Register, the Pioneer Press, and their subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, and respective officers, directors, employees, consultants, representatives, and agents.

18. "Publisher's Content" or "Publishers' Content" means material published by any one or more of the Publishers, including in print, online, audio, or in any other format, whether on Publisher-owned platforms or available through third-party sources.

19. "Training Dataset(s)" means the data and content used to pre-train, train, fine-tune, or otherwise affect the performance of the Generative AI Models, including any data and content used for reinforcement learning from human feedback or reinforcement learning from AI feedback.

20. "Publisher's Domain" or "Publishers' Domains" means URLs published on the internet at the following domains: nydailynews.com, chicagotribune.com, orlandosentinel.com, sun-sentinel.com, mercurynews.com, denverpost.com, ocregister.com, and twincities.com.

21. "Retrieval Augmented Generation" means the process of retrieving information from a data source and passing that information to a Generative AI Model, including the methods described at: https://help.openai.com/en/articles/8868588-retrieval-augmented-generation-rag-and-semantic-search-for-gpts, https://platform.openai.com/docs/guides/optimizing-llm-accuracy/retrieval-augmented-generation-rag, https://learn.microsoft.com/en-us/azure/search/retrieval-augmented-generation-overview, and https://techcommunity.microsoft.com/t5/fasttrack-for-azure/grounding-llms/ba-p/3843857.

22. "Asserted Work(s)" means Plaintiffs' identification of asserted works that were served on September 9, 2024 to Defendants, bearing production Bates Nos. DNP-00000001 through DNP-00000186, as well as to any subsequent additions or amendments to Plaintiffs' identification of asserted works.

## II. INSTRUCTIONS

1. These Requests are continuing and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e).

2. You are requested to admit the truth of the matters set forth in the "Requests for Admission" section set forth below on the basis of the information within Your possession, custody, or control or otherwise known or available to You or to Your officers, directors, employees, consultants, representatives, and agents.

3. You shall not give lack of information or knowledge as a reason for failure to respond in full unless You state that You have made reasonable inquiry and that the information known or readily obtainable by You is insufficient to enable You to respond in full.

4. Your answer shall specifically admit or deny the matter or set forth in detail the reasons why You cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission. When good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

5. If You withhold information on the grounds of privilege (including work-product immunity), You are directed to furnish the following information with respect to the information as to which the claim of privilege is asserted: (1) the nature of the privilege (including work product) that is being claimed, (2) the type of information withheld, (3) the general subject matter of any information withheld, and (4) such other information as is sufficient to identify any withheld

5

information.

6.     If any objection is made to any Request herein, the objection shall state with particularity the basis therefore, and the Request shall be answered to the extent not objected to.

7.     If in answering any of these Requests You encounter any ambiguity in construing the Request or any definitions or instruction relevant to the Request, set forth the matter deemed ambiguous and the construction selected or used in answering the Request.

### III.     REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets.

**REQUEST FOR ADMISSION NO. 2:**

Admit separately, with respect to each of the Asserted Works and each of Your Generative AI Models, that the Asserted Work was used to train the Generative AI Model.

**REQUEST FOR ADMISSION NO. 3:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-1 family of models.

**REQUEST FOR ADMISSION NO. 4:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-1 family of models.

**REQUEST FOR ADMISSION NO. 5:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-2 family of models.

**REQUEST FOR ADMISSION NO. 6:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-2 family of models.

6

**REQUEST FOR ADMISSION NO. 7:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-3 family of models.

**REQUEST FOR ADMISSION NO. 8:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-3 family of models.

**REQUEST FOR ADMISSION NO. 9:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-3.5 family of models.

**REQUEST FOR ADMISSION NO. 10:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-3.5 family of models.

**REQUEST FOR ADMISSION NO. 11:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-3.5 Turbo family of models.

**REQUEST FOR ADMISSION NO. 12:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-3.5 Turbo family of models.

**REQUEST FOR ADMISSION NO. 13:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-4 family of models.

**REQUEST FOR ADMISSION NO. 14:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-4 family of models.

**REQUEST FOR ADMISSION NO. 15:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-4 Turbo family of models.

**REQUEST FOR ADMISSION NO. 16:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-4 Turbo family of models.

**REQUEST FOR ADMISSION NO. 17:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-4o family of models.

**REQUEST FOR ADMISSION NO. 18:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-4o family of models.

**REQUEST FOR ADMISSION NO. 19:**

Admit separately, with respect to each of the copyright registrations for which a registration number appears in Exhibits A-H to the Complaint, that the copyright registration is valid.

**REQUEST FOR ADMISSION NO. 20:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work is owned by one of the Publishers.


Dated: October 21, 2024                /s/ Jennifer B. Maisel

                                             Steven Lieberman (SL8687)
                                             Jennifer B. Maisel (5096995)
                                             Robert Parker *(admitted pro hac vice)*
                                             Jenny L. Colgate *(admitted pro hac vice)*
                                             Mark Rawls *(admitted pro hac vice)*
                                             Kristen J. Logan *(admitted pro hac vice)*
                                             Bryan B. Thompson (6004147)

8

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
mrawls@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com

Jeffrey A. Lindenbaum (JL1971)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
3 Manhattanville Road, Suite 105
Purchase, New York 10577
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
jlindenbaum@rothwellfigg.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

It is hereby certified that, on October 21, 2024, the foregoing **PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, AND OPENAI HOLDINGS, LLC** was served by email upon the following counsel of record:

| | |
|---|---|
| **Latham & Watkins LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>212-906-1200<br>**Allison Levine Stillman**<br>Email: alli.stillman@lw.com<br>**Rachel Renee Blitzer**<br>Email: rachel.blitzer@lw.com<br><br>**Latham & Watkins LLP**<br>555 Eleventh Street NW, Suite 1000<br>Washington, DC 20004<br>202-637-2200<br>**Sarang Damle**<br>Email: sy.damle@lw.com<br>**Elana Nightingale Dawson**<br>Email: elana.nightingaledawson@lw.com<br><br>**Latham & Watkins, LLP**<br>505 Montgomery Street, Ste. 2000<br>San Francisco, CA 94111<br>(415)-391-0600<br>**Andrew Gass**<br>Email: andrew.gass@lw.com<br>**Joseph Richard Wetzel , Jr.**<br>Email: joe.wetzel@lw.com<br><br>openaicopyrightlitigation.lwteam@lw.com<br><br>**Morrison & Foerster LLP**<br>425 Market Street<br>San Francisco, CA 94105<br>415-268-7000<br>**Joseph C. Gratz**<br>Email: JGratz@mofo.com<br>**Vera Ranieri**<br>Email: vranieri@mofo.com<br>**Andrew L. Perito**<br>Email: APerito@mofo.com | **Morrison & Foerster LLP**<br>250 West 55th Street<br>New York, NY 10019-9601<br>212-468-8000<br>**Eric K. Nikolaides**<br>**Emily Claire Wood**<br>Email: ENikolaides@mofo.com<br>Email: ewood@mofo.com<br><br>OpenAICopyright@mofo.com<br><br>**KEKER, VAN NEST & PETERS LLP**<br>633 Battery Street<br>San Francisco, CA 94111<br>415 391-5400<br>**Robert A. Van Nest Jr**<br>Email: rvannest@keker.com<br>**Paven Malhotra**<br>Email: pmalhotra@keker.com<br>**R. James Slaughter**<br>Email: rslaughter@keker.com<br>**Nicholas S. Goldberg**<br>Email: ngoldberg@keker.com<br>**Michelle Ybarra**<br>Email: mybarra@keker.com<br>**Katie Lynn Joyce**<br>Email: kjoyce@keker.com<br>**Thomas E. Gorman**<br>Email: tgorman@keker.com<br>**Christopher S. Sun**<br>Email: csun@keker.com<br>KVPOAI@keker.com<br><br>*Attorneys for OpenAI Defendants* |

/*s/Nasri V. B. Hage*
Nasri V. B. Hage
