November 18, 2024

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York

> Re: *The New York Times Company v. Microsoft Corp.* No.: 23-cv-11195; *Daily News, LP v. Microsoft Corp.*: No. 1:24-cv-3285; *The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*: No. 1:24-cv-04872: Dispute Regarding Defendants' Production of Text and Social Media Messages

Dear Magistrate Judge Wang:

Plaintiffs The New York Times Company ("The Times"), Daily News, LP et al. ("Daily News"), and the Center for Investigative Reporting ("CIR") (collectively, the "News Plaintiffs") request an order establishing a framework to govern the parties' collection and production of text messages and social media messages.[1]

Specifically, all parties should be required to:

1. Ask each of the agreed custodians (and any subsequent additional custodians) which text and social messaging platforms he or she has used to communicate about issues relating to this lawsuit.

2. For each custodian, collect and produce documents for each platform identified, regardless of whether such communications happened on a "work" or "personal" device. This collection should include Text Messages[2] as well as social media messages. For former employees' "personal" devices, each party will promptly inform the other side if any former employee is refusing to produce communications.

3. Apply the agreed-upon search terms (and any subsequent terms) to any collected messages. Text Messages should be produced in 24-hour increments (i.e., a 24-hour exchange of Text Messages is produced as a single document). The parties can redact portions of messages only for non-responsive *and* highly sensitive information, such as medical information.

The News Plaintiffs have already committed to – and are doing – all of the above, consistent with the applicable discovery obligations.[3] By contrast, despite admitting that at least some of their custodians used Text Messaging for lawsuit-related communications, Defendants

---

[1] Attached as Exhibits 1-3 are email exchanges between the parties. The News Plaintiffs have been unable to meet and confer via videoconference because, as explained below, OpenAI has refused to answer the News Plaintiffs' questions.

[2] "Text Messages" or "Text Messaging" is defined for this letter motion to include SMS text messages as well as messages exchanged through instant messaging platforms like iMessage, WhatsApp, and Signal.

[3] The Times has already discussed these issues with every existing custodian, and has collected and produced Text Messages and social media messages, where applicable. The Daily News Plaintiffs have already discussed these issues with every custodian, are having these conversations with additional custodians, and have produced text messages and social media messages, and will continue to do so. The CIR Plaintiffs are likewise having these conversations with their custodians, and based on their investigation to date, no CIR custodian used Text Messaging or social media messages to communicate about issues relating to the lawsuit.

OpenAI and Microsoft have refused to agree to this framework. Because OpenAI and Microsoft are taking very different positions, the News Plaintiffs address them separately below. The News Plaintiffs also explain how the relief they seek relates to the similar motion filed in the *Authors Guild* case. Case 23-cv-8292, Dkt. 231.

### 1. OpenAI Should Be Ordered to Collect and Produce Text Messages from <u>All</u> Custodians, Not Just a Select Few.

OpenAI refuses to confirm whether it has asked its 26 custodians about their use of Text Messaging and directed them to preserve Text Messages, let alone whether OpenAI is collecting and producing Text Messages from any custodian who uses it to communicate about relevant issues. The News Plaintiffs have for weeks asked OpenAI these very simple questions, but OpenAI has refused to respond. *See* Ex. 2 at 6-7 (asking OpenAI to "please confirm" that OpenAI has "asked each of the agreed custodians which platforms he or she uses to communicate about issues relating to this lawsuit," and that, "for each custodian," OpenAI is "collecting and producing documents for each platform identified"). Instead of answering these simple questions with a "yes" or a "no", OpenAI "direct[ed]" the News Plaintiffs "to our briefing" in the *Authors Guild* case. *Id.* at 6. When the News Plaintiffs asked for OpenAI's "position []in our case," OpenAI again directed the News Plaintiffs to *Authors Guild*, which on its face involved a dispute over the production of three custodians' Text Messages (of which OpenAI agreed to search two). *See id.* at 4-5.

This motion is about whether OpenAI has disregarded its discovery obligations by refusing to search for ***all*** custodians' relevant documents simply because of the specific platform a custodian used to communicate. "Courts have repeatedly found that employers have control over their employees and can be required to produce documents in their employees' possession." *Chevron Corp. v. Salazar*, 275 F.R.D. 437, 448 (S.D.N.Y. 2011), *objections overruled*, 2011 WL 13243797 (S.D.N.Y. Aug. 16, 2011) *see also* cases cited in *Authors Guild* motion to compel, Case 23-cv-8292, Dkt. 231 at 2. If other custodians used Text Messaging to communicate about issues related to this lawsuit, OpenAI should produce their Text Messages as well (as Defendant Microsoft has confirmed it will do). Ex 3 at 2.

Notwithstanding OpenAI's position in the *Authors Guild* briefing that this dispute was just about three custodians, the News Plaintiffs believe that the argument at the last hearing should be instructive here too. At the recent October 30 discovery conference, this Court appeared to agree with the *Authors Guild* plaintiffs that OpenAI should ask all of its custodians about their use of Text Messaging, and that OpenAI should ultimately collect and produce responsive Text Messages from all custodians:

> [COUNSEL FOR *AUTHORS GUILD*]: We asked ***OpenAI itself as part of electronic discovery to ask its own custodians if they use text for work***, and if so to include those in their [] their search. They have refused to do that and said, "sorry, that's work product. We are not going to get into that." ***I think it's clear that they at least have an obligation to look through their own sources of data to see where there may be relevant information***, and we should meet and confer about that, and that was the third ask in our motion. I am prepared to argue about why they have a requirement to do that. My suspicion is your Honor is already on my side on that one.
>
> THE COURT: You are already winning that one.

Oct. 30 Hearing Tr. at 35:11-36:3 (emphases added). To the extent the Court believes this issue has been squarely addressed in the context of *Authors Guild*, the News Plaintiffs ask that the same ruling be applied to OpenAI in the News Cases as well.

### 2. OpenAI Should Be Ordered to Ask About and Produce Social Media Messages.

The parties in *Authors Guild* have a dispute over whether OpenAI is barred by California law from asking its employees about their use of social media messaging.[4] *See Authors Guild*, Dkts. 231, 243. The News Plaintiffs support and incorporate the arguments advanced by the *Authors Guild* plaintiffs. *See Authors Guild*, Dkt.231; October 30 Hearing Tr. at 36:20-48:2, and join their request for an order compelling OpenAI to ask about social media messages for all custodians, so the parties can evaluate next step for productions from applicable custodians.

### 3. Microsoft Should Be Ordered to Produce Text Messages in 24-Hour Increments.

The News Plaintiffs' dispute with Microsoft is much narrower. Microsoft has agreed to ask all of its custodians about their use of Text Messaging and social media messages. And Microsoft has agreed to collect Text Messages and social media messages from any custodian who used such platforms to communicate "with respect to issues related to the lawsuit," including from "personal" devices and any Microsoft-issued devices. Ex. 2 at 2-3.

But the parties have a dispute about how Text Messages should be produced. The News Plaintiffs propose that Text Messages be produced in 24-hour increments (i.e., a 24-hour exchange of Text Messages is produced as one document). The 24-hour increment is important for capturing relevant context around Text Messages. This time increment is also important for ensuring that text exchanges are not inappropriately broken apart into multiple documents, which makes the exchange harder to follow and also artificially inflates document hit counts. OpenAI has committed to 24-hour increments for any Text Messages it does produce. Ex. 2 at 5. Yet Microsoft has rejected this request while refusing to make any counter-proposal for a different time increment. Instead, Microsoft has merely offered to produce Text Messages "in sequential order with ascertainable dates," leaving time increments entirely unresolved. Ex. 2 at 2 at 2. The *Authors Guild* motion addressed above did not raise this particular issue, nor was that motion filed against Microsoft.

### 4. Microsoft Should Search for Slack Messages with OpenAI Employees.

The final dispute concerns Slack message threads that some Microsoft employees used to communicate with OpenAI employees. Ex. 3 at 2. Microsoft has taken the position that it will not search for documents in these threads because, according to Microsoft, "these channels are controlled by and in the possession of OpenAI." *Id*. But Microsoft employees did not use OpenAI devices for these communications. They used their own devices, which are the same ones Microsoft will be searching for Text Messages. Microsoft should search for and produce messages from these Slack threads. As with the 24-hour increment issue, the *Authors Guild* motion addressed above did not raise this particular issue, nor was that motion filed against Microsoft.

---

[4] Defendant Microsoft, by contrast, has agreed to ask about and produce social media messages, if applicable, but has represented that it is not aware of any custodian having used social media to communicate about issues relevant to this case. Ex. 3 at 2.

Respectfully,

*/s/ Ian B. Crosby*
Ian B. Crosby
Susman Godfrey L.L.P.

*/s/ Steven Lieberman*
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck

*/s/ Matt Topic*
Matt Topic
Loevy & Loevy

cc:   All Counsel of Record (via ECF)