# EXHIBIT 2

| | |
|---|---|
| **From:** | Nicholas S. Goldberg |
| **To:** | Briant, Jared B.; Alex Frawley; KVP-OAI; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com; #NewYorkTimes-Microsoft-FDBR; NewYorkTimes_Microsoft_OHS@orrick.com |
| **Cc:** | dailynews-ai-rfem@rothwellfigg.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com; ai@loevy.com |
| **Subject:** | RE: NYT v. Microsoft et al. |
| **Date:** | Friday, November 15, 2024 7:22:41 PM |

**EXTERNAL Email**

Alex,

We agree with Jared that your characterizations of our communications are neither helpful nor productive as we try to work cooperatively on discovery. Max's detailed email from yesterday responded to each of your questions. That email contains OpenAI's responses, not your purported "summary" and re-framing of "OpenAI's answer."

We also noted that you failed to respond to our question about whether the Newspaper Plaintiffs agree to provide OpenAI with the information requested in the interrogatory served by the *Authors Guild* Plaintiffs. Please answer that question by COB today.

Thanks,
Nick

**Nicholas S. Goldberg**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2298 direct | 415 391 5400 main
ngoldberg@keker.com | vcard | keker.com

---

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Friday, November 15, 2024 4:13 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** dailynews-ai-rfem@rothwellfigg.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com; ai@loevy.com
**Subject:** RE: NYT v. Microsoft et al.

[EXTERNAL]

Alex –

We sent you a detailed email yesterday in which we very clearly stated that Microsoft is collecting and producing documents from its agreed custodians from platforms that the custodians used to communicate about the issues in this action.

Microsoft is not "excluding" any platforms or devices from its investigation or attempting to withhold relevant information, and we do not find your characterizations of our communications to be either helpful or productive as we try to work cooperatively on discovery.  Nevertheless, for the avoidance of doubt, "personal phones" does not exclude any so-called Microsoft-issued phones, and to the extent that a custodian has communicated by text message with respect to issues related to the lawsuit, those conversations are within the scope of our investigation. Since you imply that "business communications" are separate and in addition to "communications about issues relating to this lawsuit," we want to be clear that only relevant, responsive, and non-privileged materials that are within Microsoft's possession, custody, or control, will be searched for, collected, and produced. Finally, as I stated, while we do not agree to your demand that we produce text messages in 24-hour increments, any text messages ultimately produced will be in a usable format for plaintiffs, i.e., in sequential order with ascertainable dates.  In other words, Microsoft will produce text messages in a manner that permits plaintiffs to conduct their necessary review without undue complication or burden.

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath LLP**
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Friday, November 15, 2024 2:15 PM
**To:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** dailynews-ai-rfem@rothwellfigg.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com; ai@loevy.com
**Subject:** RE: NYT v. Microsoft et al.

**This Message originated outside your organization.**

Max (and flagging for Microsoft that this email also summarizes our understanding of your position too):
We keep on asking simple questions and getting complicated answers.  That concerns us.  This is an important issue, and we need to make sure we are on the same page.
To try to cut through the log jam, I have repasted our three questions below with what I

understand OpenAI's and Microsoft's positions to be.  If we are wrong about any part of either party's position, please inform us **today** by responding in line below.  In the interest of transparency, I have provided the NYT's position in line.  I'm also available for a call.
Thank you,
Alex

1. **NYT Question 1: OpenAI and Microsoft have asked each of the agreed custodians which platforms he or she uses to communicate about issues relating to this lawsuit. Correct?**

OpenAI's answer:  Correct, for text messaging platforms.  OpenAI is agreeing to ask each and every one of the agreed upon custodians which text messaging platforms he or she uses to communicate about issues responsive to the other side's discovery requests.  To be clear, this does not mean asking which platforms the custodians used to  communicate  for work.  Rather, it means asking which platforms the custodians used to communicate about issues responsive to the other side's discovery requests.   By contrast, for social media, OpenAI will not ask any custodian about their use of social media messaging. OpenAI's position is that California law precludes OpenAI from doing so.
Microsoft's answer: Same as above, except Microsoft agrees as to both text messaging platforms and social media messages.
NYT's answer:  Same as Microsoft.

2. **NYT Question 2: For each custodian, OpenAI and Microsoft are collecting and producing documents for each platform identified, regardless of whether such communications happened on a "work" or so-called "personal" device.  To be clear, this collection should include text messages and other instant messages platforms like WhatsApp and Signal, as well as social media messages. Correct?**

OpenAI's answer:  Correct, except as to social media messages, for the reason noted above in Question 1.  For text messaging platforms, OpenAI is not distinguishing between work or so-called "personal" devices.  OpenAI is also asking broadly about any types of communications, be they text, WhatsApp, Signal or the like.  The only exception is for former employees.  There, if OpenAI represents them, it is approaching this process in the same way as for current employees and will promptly inform the other side if anyone is refusing to produce.  So far, the only person who falls into that category is Mira Murati who is refusing to produce text messages from her "personal" device.
Microsoft's answer: Same as above, except Microsoft agrees to all of this for social media messages as well.
NYT's answer:  Same as Microsoft.  As of this point no NYT custodian (be they a current or former employee) has refused to produce.

3. **NYT Question 3: Please confirm OpenAI and Microsoft are applying the agreed upon search terms to these collected messages.  Please also confirm that OpenAI and Microsoft are producing any text messages in 24-hour increments (i.e., a 24-hour exchange of text messages is produced as 1 document). Correct?**

OpenAI's answer: Correct regarding search terms.  Correct regarding 24-hour increments.  Meaning, if a text message hits on a search term and is responsive it will be produced along with any other  texts from that particular day.  The parties reserve the right to redact only for non-responsive and highly sensitive materials such as medical information or communications about minors.
Microsoft's answer:  Correct regarding search terms but incorrect regarding 24-hour increments.  [Microsoft to fill in.  What is the answer on increments?]

<u>NYT's answer</u>: Same as OpenAI

**From:** Levy, Max I. <MLevy@mofo.com>
**Sent:** Thursday, November 14, 2024 7:57 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** dailynews-ai-rfem@rothwellfigg.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email
Alex,
We are puzzled by your attempt to rehash the exact same issues that we have covered on multiple occasions with your colleagues at Susman and the Court.  Your threat to file a duplicative and unwarranted motion to compel on issues that have already been briefed, argued, and are currently pending before the Court is highly inefficient and unproductive.  The Court will resolve those pending issues in due course, and the Court's resolution will inform the parties' thinking regarding the same issues in the consolidated Newspaper Cases.  In the meantime, here are the answers to your questions (again, which we've previously explained to your colleagues at Susman and in filings with the Court):

1. Plaintiffs in *Authors Guild* have served an interrogatory about this exact issue, and OpenAI will provide responses and objections consistent with the FRCP.  Even though the Newspaper Plaintiffs have not served a similar interrogatory, OpenAI will agree to provide its interrogatory response (adjusted for the OpenAI custodians at issue in the Newspaper Cases) if the Newspaper Plaintiffs (New York Times, the *Daily News* Plaintiffs, and CIR) agree to provide the same information about their custodians' use of devices and platforms to OpenAI at the same time.  Please confirm whether the Newspaper Plaintiffs agree to do so.

2. OpenAI is collecting and producing documents from its agreed custodians from platforms in OpenAI's possession, custody, or control that the custodians used to communicate about the issues relevant to this action. If we determine based on a reasonable investigation that OpenAI custodians engaged in relevant business communications by text message, we will collect and produce those custodians' non-privileged, responsive text messages in OpenAI's possession, custody, or control.  For example, as you know, the *Authors Guild* plaintiffs requested text messages from three OpenAI custodians—Sam Altman, Greg Brockman, and Mira Murati (a former employee).  OpenAI requested cooperation from all three individuals, and it will conduct a reasonable search of Mr. Altman and Mr. Brockman's text messages and produce non-privileged, responsive messages.  Ms. Murati is a former employee and has declined to provide OpenAI access to her personal device. OpenAI has confirmed that Ms. Murati's personal counsel will accept service of a proper subpoena, and OpenAI is committed to moving that process forward

efficiently should Plaintiffs choose to pursue such a subpoena.

With respect to "social media messages," the *Authors Guild* plaintiffs requested X.com direct messages from four OpenAI custodians—Sam Altman, Greg Brockman, Nick Turley, and Chelsea Voss. As we have explained in numerous meet and confers, pleadings, and during the October 30 hearing, the California Labor Code prevents OpenAI from asking employees for access to their personal social media accounts. However, should Plaintiffs serve Rule 45 subpoenas for X.com DMs, OpenAI will cooperate with Plaintiffs and its employees to move that process forward efficiently.

3. OpenAI is using the parties' agreed upon search terms for its ESI searches, including searches of text messages.  OpenAI agrees to produce text messages in 24-hour increments.

We trust that this answers your questions.  If you wish to discuss further, please also be prepared to discuss the Newspaper Plaintiffs answers to these same questions as well as their collection and production of text messages.

Thanks,

**MAX LEVY**
Associate | Morrison & Foerster LLP

755 Page Mill Road | Palo Alto, CA 94304-1018
P: +1 (650) 813-4063

---

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Tuesday, November 12, 2024 9:02 AM
**To:** Levy, Max I. <MLevy@mofo.com>; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** dailynews-ai-rfem@rothwellfigg.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: NYT v. Microsoft et al.

**External Email**

---

Max,

We are asking what OpenAI's position is on these issues in our case.  OpenAI has never answered these questions for the 26 custodians in this case. And frankly, having reviewed the briefing you reference below, we still do not know how OpenAI would answer the simple questions we posed below as they relate to our case.  Please respond to our questions by Thursday.  The Times will otherwise file a motion to compel.

**From:** Levy, Max I. <MLevy@mofo.com>

**Sent:** Monday, November 11, 2024 1:31 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** dailynews-ai-rfem@rothwellfigg.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email

Alex,

As you're aware, this issue is pending in the *Authors Guild* case being litigated by your colleagues. It has been briefed and is on the chart we have prepared for the December 3rd conference. We direct Plaintiffs to our briefing and positions articulated in that case. If there is information that you believe to be distinct from the ongoing dispute with *Authors Guild* plaintiffs, please let us know so that we may consider it.

Best,
Max

**MAX LEVY**
Associate | Morrison & Foerster LLP
755 Page Mill Road | Palo Alto, CA 94304-1018
**P:** +1 (650) 813-4063

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Monday, November 4, 2024 8:51 AM
**To:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** dailynews-ai-rfem@rothwellfigg.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** NYT v. Microsoft et al.

External Email

Counsel for both OpenAI and Microsoft:

Please confirm the below:

1. OpenAI and Microsoft have asked each of the agreed custodians which platforms he or she uses to communicate about issues relating to this lawsuit.

2. For each custodian, OpenAI and Microsoft are collecting and producing documents for

   each platform identified, regardless of whether such communications happened on a "work" or so-called "personal" device.  To be clear, this collection should include text messages and other instant messages platforms like WhatsApp and Signal, as well as social media messages.

3. Please confirm OpenAI and Microsoft are applying the agreed upon search terms to these collected messages.  Please also confirm that OpenAI and Microsoft are producing any text messages in 24-hour increments (i.e., a 24-hour exchange of text messages is produced as 1 document).

Best,
Alex

**Alexander P. Frawley | Susman Godfrey LLP**
One Manhattan West, 50th Floor | New York, NY 10001
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.