# EXHIBIT 3

| | |
|---|---|
| **From:** | Alex Frawley (via NYT-AI-SG-Service list) |
| **To:** | Briant, Jared B.; KVP-OAI; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright; #NewYorkTimes-Microsoft-FDBR; NewYorkTimes_Microsoft_OHS@orrick.com |
| **Cc:** | dailynews-ai-rfem@rothwellfigg.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com; ai@loevy.com |
| **Subject:** | RE: NYT v. Microsoft et al. |
| **Date:** | Thursday, November 14, 2024 6:52:59 PM |

EXTERNAL Email

Jared, I added one more question below. Question 6.

**From:** Alex Frawley
**Sent:** Thursday, November 14, 2024 5:05 PM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** dailynews-ai-rfem@rothwellfigg.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com; ai@loevy.com
**Subject:** RE: NYT v. Microsoft et al.

Hi Jared,
I'm copying in the CIR team.
Thanks for this email. We can confirm The Times has asked each of its agreed custodians which platforms—including text messages—the custodian uses to communicate about issues relating to this lawsuit, and that The Times is producing responsive text messages and social media messages. We have a few questions about your email:

1. You wrote that you are "aware that certain Microsoft custodians did have business communications by text message." Did you ask each custodian this question?
2. Similarly, you wrote that "we do not believe that any Microsoft custodian has used social media messages to communicate about the issues in this case." Did you ask each custodian this question?
3. Please confirm that the term "business communications" includes communications about issues relating to this lawsuit.
4. Your email references "personal phones". What if anything does that exclude? Does it exclude phones issued by Microsoft?
5. Can you explain more about the slack channels? What slack accounts are these custodians using to communicate with OpenAI? Are they personal or company accounts? Is it your position that Microsoft is unable to search for and produce documents from these channels? If so, can you explain the basis in more detail?
6. You said you will not produce texts in 24-hour increments. What is your proposal on this issue? We need to know so we can evaluate whether there is a dispute that has to be raised with the Court.

Finally, I think we are on the same page with search terms. Of course, the parties are still negotiating the search terms and more terms will almost certainly be added relative to Microsoft's current proposal. So any terms that are added in the future should be used to collect text messages or social media messages from any custodian who has used such platforms to communicate about issues

relating to the lawsuit, regardless of whether Microsoft has already collected documents from that custodian.

Best,

Alex

---

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Thursday, November 14, 2024 12:21 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** dailynews-ai-rfem@rothwellfigg.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email

Alex –

Microsoft is collecting and producing documents from its agreed custodians from platforms that the custodians used to communicate about the issues in this action.

This primarily includes Microsoft Outlook and Teams messages. While Microsoft policy states that personal phones should not be used for business communications outside of applications where Microsoft has backend access, as part of our reasonable investigation in this case, we are aware that certain Microsoft custodians did have business communications by text message and as such we will search for and produce any relevant and responsive text messages from these custodians. As you are likely aware from your discussions with OpenAI, some Microsoft individuals have communicated with OpenAI individuals via Slack channels, but these channels are controlled by and in the possession of OpenAI. Based on our investigation to date, we do not believe that any Microsoft custodian has used social media messages to communicate about the issues in this case.

We are not sure what you mean by "applying the agreed upon search terms to these collected messages," because we understand the search terms to be for collection, not applied to already-collected documents. Moreover, we cannot agree to produce text messages in 24-hour increments. This is not required by the ESI Order, and in any event we had already begun collection and review before you made this request. Regardless, the text messages will be produced in a format that is usable for plaintiffs.

Finally, we expect that The Times is doing the same, and has likewise asked each of its agreed custodians which platforms—including text messages—the custodian uses to communicate about issues relating to this lawsuit, and is producing any such relevant and responsive text messages as well. Please confirm that this is the case.

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath** LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Tuesday, November 12, 2024 11:57 AM
**To:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** dailynews-ai-rfem@rothwellfigg.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: NYT v. Microsoft et al.

**This Message originated outside your organization.**

Counsel for Microsoft:

Please respond to my questions from my November 4 email below.

Best,
Alex

**From:** Alex Frawley
**Sent:** Tuesday, November 12, 2024 12:02 PM
**To:** Levy, Max I. <MLevy@mofo.com>; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** dailynews-ai-rfem@rothwellfigg.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: NYT v. Microsoft et al.

Max,

We are asking what OpenAI's position is on these issues in our case. OpenAI has never answered these questions for the 26 custodians in this case. And frankly, having reviewed the briefing you reference below, we still do not know how OpenAI would answer the simple questions we posed below as they relate to our case. Please respond to our questions by Thursday. The Times will otherwise file a motion to compel.

**From:** Levy, Max I. <MLevy@mofo.com>
**Sent:** Monday, November 11, 2024 1:31 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** dailynews-ai-rfem@rothwellfigg.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email

Alex,

As you're aware, this issue is pending in the *Authors Guild* case being litigated by your colleagues. It has been briefed and is on the chart we have prepared for the December 3rd conference. We direct Plaintiffs to our briefing and positions articulated in that case. If there is information that you believe to be distinct from the ongoing dispute with *Authors Guild* plaintiffs, please let us know so that we may consider it.

Best,
Max

**MAX LEVY**
Associate | Morrison & Foerster LLP
755 Page Mill Road | Palo Alto, CA 94304-1018
**P:** +1 (650) 813-4063

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Monday, November 4, 2024 8:51 AM
**To:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** dailynews-ai-rfem@rothwellfigg.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Subject:** NYT v. Microsoft et al.

External Email

Counsel for both OpenAI and Microsoft:

Please confirm the below:

1. OpenAI and Microsoft have asked each of the agreed custodians which platforms he or she uses to communicate about issues relating to this lawsuit.

2. For each custodian, OpenAI and Microsoft are collecting and producing documents for each platform identified, regardless of whether such communications happened on a "work" or so-called "personal" device. To be clear, this collection should include text messages and other instant messages platforms like WhatsApp and Signal, as well as social media messages.

3. Please confirm OpenAI and Microsoft are applying the agreed upon search terms to these collected messages. Please also confirm that OpenAI and Microsoft are producing any text messages in 24-hour increments (i.e., a 24-hour exchange of text messages is produced as 1 document).

Best,
Alex

**Alexander P. Frawley | Susman Godfrey LLP**
One Manhattan West, 50th Floor | New York, NY 10001
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=fIGOkiG8u2jiaPQ0BbCXTK2YLSBMieHZ