# Exhibit A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195 (SHS) (OTW) |
| Daily News, LP; Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest Publications, LLC<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:24-cv-3285 (SHS) (OTW) |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO OPENAI OPCO, LLC'S THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 105-170)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff The New York Times Company ("The Times") responds to Defendant OpenAI OpCo, LLC's ("OpenAI OpCo") Third Set of Requests for Production of Documents and Things (the "Requests") as follows:

1

## GENERAL OBJECTIONS

1.      The Times objects to each Request to the extent it seeks information or documents subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2.      The Times objects to each Request to the extent it seeks documents or information not within The Times's possession, custody, or control or that are already in the possession, custody, and control of Defendants, on the grounds that such Requests are unduly burdensome and oppressive and therefore exceed the bounds of permissible discovery.  The Times will only produce documents within its possession, custody, or control, and will do so in the manner such documents are kept in the usual course of business.  Such productions will be made subject to the terms of the ESI Order entered in this action on September 30, 2024 (Dkt. 251).

3.      The Times's responses are subject to the following objections to the "Definitions" and "Instructions" provided with the Requests.

4.      The Times objects to the definitions of "Plaintiff," "You," and "Your" insofar as they include The Times's "managers"—a vague term that is at best duplicative of the term "employees," which is already part of the definitions.  The Times also objects to these definitions because they include The Times's "parent companies," of which there are none.  The Times further objects to these definitions as overbroad and unduly burdensome insofar as they include "any Person who served in any such capacity at any time," which among other things would apply to former employees of The Times.  The Times further objects to these definitions as contrary to the definition of "Plaintiff" provided by Local Rule 26.3.  The Times construes "Plaintiff" as that term is defined in Local Rule 26.3.

5.      The Times objects to the definition of "Person" as vague and ambiguous because it includes "any natural person" without specifying a particular person.

6.    The Times objects to the definition of "Communication" as contrary to the definition of that term provided by Local Rule 26.3.  The Times construes "Communication" as that term is defined by Local Rule 26.3.

7.    The Times objects to the definition of "Agent" as overbroad insofar as it applies to a person "asked" to assist with this litigation but not retained by The Times.  The Times further objects to this definition as unintelligible because it does not specify who "asked, hired, retained, or contracted" the agent.  The Times construes "Agent" to mean a person retained by The Times to assist The Times in connection with this litigation.

8.    The Times objects to the definition of "Employee" as illogical insofar as it includes people who are "not" compensated.  The Times further objects to this definition as overbroad and unduly burdensome because it applies to "retired" and "former" employees as well as "trustees," "officers," and "directors."  The Times further objects to this definition as vague and ambiguous insofar as it applies to "partners."  The Times further objects to this definition as circular because it includes the term "employee" within the proposed definition, which just proves the term does not need to be defined.  The Times construes "Employee" to mean an employee.

9.    The Times objects to the definition of "Document" as contrary to the definition provided by Local Rule 26.3, which incorporates by reference the meaning of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).  The Times construes "Document" as that term is defined by Local Rule 26.3.

10.    The Times objects to the definition of "Published Work" as overbroad and unduly burdensome insofar as it includes works "created" by The Times but not published. The Times construes "Published Work" to mean works published by The Times.

11.     The Times objects to the definition of "GPT Services" as overbroad, vague, and ambiguous because it includes "other third-party services"—a term which makes the definition limitless.  The Times construes "GPT Services" to mean any of Defendants' GPT-based products, including but not limited to ChatGPT, ChatGPT Enterprise, Bing Chat, Azure OpenAI Service, Microsoft Copilot, and the underlying large language models for these products.

12.     The Times objects to the definition of "Reporting Disclosure" as overbroad, vague, and ambiguous insofar as it includes "information contained within or at the end of" "a Published Work" "or informing readers," which renders the location of any potential "Reporting Disclosure" vague and virtually limitless.  The Times further objects to this definition as vague, ambiguous, and unintelligible because it includes "any other relevant context that may affect the credibility or objectivity of the information contained in the article."  The Times further objects to the reference to the "Reporting Disclosure" "seen" in the cited article as vague and ambiguous, as it does not specify what language "seen" in that article that constitutes the "Reporting Disclosure."

13.     The Times objects to the definitions of "Concern," "Concerning," "Related to," and "Relating to" as contrary to the definition of "concerning" provided by Local Rule 26.3.  The Times construes these terms to mean "concerning," as that term is defined by the Local Rule.

14.     The Times objects to the definition of "Machine Learning Model" as vague and ambiguous because the cited article uses the term "machine learning model" to refer to several different types of machine learning models.  The Times reasonably construes this term to mean the "machine learning model called the Dynamic Meter" used by The Times as described in the cited article.

15.    The Times objects to the Instruction suggesting that "the present tense shall be construed to include the past tense, and vice versa." The Times will respond to the Requests as written.

16.    The Times is willing to meet and confer regarding these Requests.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 105:

Documents and Communications Regarding the inclusion or absence of Your Published Works in Common Crawl datasets, including, but not limited to, Documents and Communications between You and the Common Crawl Foundation or its employees.

### RESPONSE NO. 105:

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad to the extent that it seeks material not relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks "Documents and Communications between You and the Common Crawl Foundation or its employees" regarding subject matter other than "the inclusion or absence of Your Published Works in Common Crawl datasets."  The Times reasonably construes this Request to seek "Documents and Communications Regarding the inclusion or absence of Your Published Works in Common Crawl datasets," including "Documents and Communications between You and the Common Crawl Foundation or its employees" regarding the inclusion or absence of Times Published Works in Common Crawl datasets.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents and communications between The Times and Common Crawl that are responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

## REQUEST FOR PRODUCTION NO. 106:

Documents and Communications Regarding Your request to have the Common Crawl Foundation remove Your Published Works from Common Crawl datasets, including but not limited to as described in Alistair Barr & Kali Hays, "The New York Times got its content removed from one of the biggest AI training datasets. Here's how it did it.," available at https://www.businessinsider.com/new-york-times-content-removed-common-crawl-ai-training-dataset-2023-11, Business Insider (Nov. 8, 2023).

## RESPONSE NO. 106:

The Times incorporates the General Objections set forth above. The Times objects to this Request as unreasonably cumulative of Request No. 105. The Times further objects to this Request as overbroad to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents and communications between The Times and Common Crawl that are responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 107:**

Documents and Communications Regarding the inclusion or absence of Your Published Works in "a filtered English-language subset of a 2019 snapshot of Common Crawl, accounting for 100 million tokens," as alleged in Paragraph 88 of the Complaint.

**RESPONSE NO. 107:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as unreasonably cumulative of Request No. 105. The Times further objects to this Request as overbroad to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show the inclusion of The Times's Published Works "a filtered English-language subset of a 2019 snapshot of Common Crawl, accounting for 100 million tokens," responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 108:**

Documents and Communications Regarding the "16 million unique records of content from the Times across News, Cooking, Wirecutter, and The Athletic" included in the Common Crawl dataset and the "more than 66 million total records of content from The Times," as alleged in Paragraph 89 of the Complaint.

**RESPONSE NO. 108:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as unreasonably cumulative of Request No. 105. The Times further objects to this Request

as overbroad to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to this request as overbroad, unduly burdensome, vague, and ambiguous to the extent that it seeks all "Documents and Communications" regarding the Times content described in the Request and is not limited to documents regarding the inclusion of that Times content in the Common Crawl dataset. The Times further objects to the term "the Common Crawl dataset" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show the inclusion of Times content included in the Common Crawl dataset responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 109:**

Documents and Communications Regarding any alleged use of Your Asserted Works by OpenAI, including but not limited to Documents reflecting when You first discovered OpenAI's alleged use of any of Your Asserted Works to train a large language model.

**RESPONSE NO. 109:**

The Times incorporates the General Objections set forth above. The Times objects to the term "discovered" as vague and ambiguous and objects to the extent that it calls for a legal conclusion. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the

New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

## REQUEST FOR PRODUCTION NO. 110:

Documents and Communications Regarding GPT Services since 2015, including but not limited to any Communications involving Cade Metz, Liz O'Sullivan, and/or John P. Dickerson Regarding GPT Services.

## RESPONSE NO. 110:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "involving," "Liz O'Sullivan," and "John P. Dickerson" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 111:

Documents and Communications from January 1, 2018 to November 24, 2020 Concerning Your article by Cade Metz titled "Meet GPT-3. It Has Learned to Code (and Blog and Argue)," available at https://www.nytimes.com/2020/11/24/science/artificial-intelligence-ai-gpt3.html (Nov. 24, 2020), on the other hand.

## RESPONSE NO. 111:

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request as vague and ambiguous, including the terms "Documents and Communications…. Concerning Your Article…on the other hand."  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 112:**

Documents and Communications from January 1, 2018 to July 29, 2020 Concerning OpenAI or GPT Services, on the one hand, and Your article by Farhad Manjoo titled "How Do You Know a Human Wrote This?" available at https://www.nytimes.com/2020/07/29/opinion/gpt-3-ai-automation.html (Jul. 29, 2020), on the other hand.

**RESPONSE NO. 112:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 113:**

A complete copy of each of the Asserted Works in a searchable electronic portable document format the contents of which can be readily accessed and copied without application of further technologies.

**RESPONSE NO. 113:**

The Times incorporates the General Objections set forth above.  The Times objects to the term "without application of further technologies" as vague and ambiguous.  The Times further objects to this Request as broader than what is required by Federal Rule of Civil Procedure 34, including because it seeks documents in a form other than that maintained in The Times's normal course of business. The Times further objects to this Request because it seeks information in a form different from that set forth in the ESI Order.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 114:**

Documents and Communications Concerning any alleged the market [sic.] for Your Published Works, including but not limited to Documents Regarding Your consumer base, overall market performance, supply and demand for Your Published Works, and any related market studies or market research, both before and after release of GPT Services.

**RESPONSE NO. 114:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "Documents and Communications Concerning" "the market" for "Your Published Works," without limitation to the copyrighted works at issue in this action, and "Documents and Communications" from "before" "release of GPT Services," without limitation to a specific timeframe.  The Times further objects to the terms "any alleged the market," "consumer base," "supply and demand," "related market studies or market research," and "release of GPT Services" as vague and ambiguous.  The Times

further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 115:**

Documents and Communications Concerning any alleged the market for derivatives of Your Published Works, including but not limited to Documents Regarding the consumer base for derivatives of Your Published Works, overall market performance supply and demand for derivatives of Your Published Works, and any related market studies or market research, to the extent such market for derivatives exists, both before and after release of GPT Services.

**RESPONSE NO. 115:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks "Documents and Communications Concerning" "the market" for "derivatives of Your Published Works," without limitation to the copyrighted works at issue in this action, and "Documents and Communications" from "before" "release of GPT Services," without limitation to a specific timeframe. The Times further objects to the terms "any alleged the market," "derivatives," "overall market performance supply and demand," "any related market studies or market research," and "release of GPT Services" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 116:**

Documents and Communications Concerning Your allegation that Microsoft and OpenAI acted jointly in any alleged infringement of Your Asserted Works.

**RESPONSE NO. 116:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 117:**

Documents and Communications Concerning any prompting of GPT Services related to Wirecutter content.

**RESPONSE NO. 117:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome insofar as it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "any prompting of GPT Services" and "related to Wirecutter content" as vague and ambiguous.  The

Times reasonably construes this to refer to The Times's process for obtaining the outputs related to Wirecutter content cited in the Complaint. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 118:**

Documents and Communications Concerning uses of "generative A.I.," as that term is used in Your article by Kevin Roose titled "The Data That Is Powering A.I. is Disappearing Fast," available at https://www.nytimes.com/2024/07/19/technology/ai-data-restrictions.html (July 19, 2024).

**RESPONSE NO. 118:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "generative A.I." and its definition by reference to the cited article as vague and ambiguous. The cited article does not define the term "generative A.I." The Times reasonably construes the term "generative A.I." to mean artificial intelligence models that use machine learning techniques to predict and generate natural-language outputs in response to user inputs, as that term was defined by The Times in prior discovery responses in this action. The Times further objects to the term "uses of 'generative A.I.'" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 119:**

Documents and Communications Concerning benefits of "generative A.I.," as that term is used in Your article by Kevin Roose titled "The Data That Is Powering A.I. is Disappearing Fast," available at https://www.nytimes.com/2024/07/19/technology/ai-data-restrictions.html (July 19, 2024).

**RESPONSE NO. 119:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "generative A.I." and its definition by reference to the cited article as vague and ambiguous. The cited article does not define the term "generative A.I." The Times reasonably construes the term "generative A.I." to mean artificial intelligence models that use machine learning techniques to predict and generate natural-language outputs in response to user inputs, as that term was defined by The Times in prior discovery responses in this action. The Times further objects to the term "benefits of 'generative A.I.'" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 120:**

Documents and Communications Regarding "training A.I. models," as that phrase is used in Your article by Kevin Roose titled "The Data That Is Powering A.I. is Disappearing Fast," available at https://www.nytimes.com/2024/07/19/technology/ai-data-restrictions.html (July 19, 2024).

**RESPONSE NO. 120:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "training A.I. models" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 121:**

Documents and Communications Concerning OpenAI or GPT Services, on the one hand, and Your article by Cade Metz and Stuart A. Thompson titled "What to Know About Tech Companies Using A.I. to Teach Their Own A.I.," available at https://www.nytimes.com/2024/04/06/technology/ai-data-tech-companies.html (Apr. 6, 2024), on the other hand.

**RESPONSE NO. 121:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 122:**

Documents and Communications Concerning all of Your "Hard Fork" podcast episodes Concerning "generative AI," as that term is used in the October 21, 2022 episode titled "Generative A.I. Is Here. Who Should Control It?" available at https://www.nytimes.com/2022/10/21/podcasts/hard-fork-generative-artificial-intelligence.html.

**RESPONSE NO. 122:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute or to Defendants' generative AI tools.  The Times further objects to the term "generative AI" and its definition by reference to the cited podcast episode as vague and ambiguous.  The podcast episode does not define "generative AI."  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

 **REQUEST FOR PRODUCTION NO. 123:**

Documents and Communications Concerning all of Your "The Daily" podcast episodes Concerning "generative AI," as that term is used in the December 16, 2022 episode titled "Did

Artificial    Intelligence  Just  Get  Too  Smart?"    available    at

https://www.nytimes.com/2022/12/16/podcasts/the-daily/chatgpt-openai-artificial-

intelligence.html.

**RESPONSE NO. 123:**

The Times incorporates the General Objections set forth above.  The Times objects to this

Request as overbroad and unduly burdensome because it seeks material that is not relevant to any

party's claims or defenses in this dispute or to Defendants' generative AI tools.  The Times further

objects to the term "generative AI" and its definition by reference to the cited podcast episode as

vague and ambiguous.  The podcast episode does not define "generative AI."  The Times further

objects to this Request to the extent that it seeks material protected by the attorney-client privilege,

work-product doctrine, or common interest.  The Times further objects to this Request to the extent

that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the

U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the

California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search

for or produce Documents or Communications protected by the reporters' privilege in response to

this Request.

Based on these objections, The Times will not produce documents in response to this

Request.

**REQUEST FOR PRODUCTION NO. 124:**

Documents and Communications Concerning any alleged "hallucinations" produced by

GPT Services and falsely attributed to You, including but not limited to Documents Concerning

the prompts that generated the alleged hallucinations, in whatever form they are found, and alleged

hallucinations, in whatever form they are found.

**RESPONSE NO. 124:**

The Times incorporates the General Objections set forth above. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 125:**

Documents and Communications Concerning Your allegation that Your trademarks are famous, as alleged in Paragraph 200 of the Complaint.

**RESPONSE NO. 125:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as vague, ambiguous, and overbroad to the extent that it seeks all "Documents and Communications Concerning" The Times's statement that its "trademarks are famous" without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 126:**

Documents and Communications Concerning or constituting surveys, data, analyses, and/or reports Regarding any purported fame of each of the New York Times trademarks identified in Paragraph 199 of the Complaint.

**RESPONSE NO. 126:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "any purported fame" and "data… regarding any purported fame" as vague and ambiguous. The Times further objects to this Request as unreasonably cumulative of Request No. 125. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 127:**

Documents and Communications constituting any executed or contemplated agreements Regarding Your trademarks identified in Paragraph 199–200 of the Complaint, including but not limited to any agreements with freelance journalists or other independent contractors, licenses, assignments, work for hire, options, or any other oral or written agreement.

**RESPONSE NO. 127:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents that are not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "Communications constituting any executed or contemplated agreements" as vague and ambiguous.  The Times further objects to the terms "executed or contemplated agreements" and "regarding Your trademarks" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 128:**

Documents and Communications Regarding any instance of any actual consumer confusion or deception with respect to the output of GPT Services and You or Your Published Works.

**RESPONSE NO. 128:**

The Times incorporates the General Objections set forth above.  The Times objects to the terms "actual confusion or deception with respect to the output of GPT Services and You" as vague and ambiguous.  The Times reasonably construes this Request to mean confusion or deception with respect to the output of GPT Services and Times content.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S.

Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 129:**

Documents and Communications Regarding any actual or potential confusion, mistake, and/or deception with respect to any relationship, association, affiliation, connection, endorsement, or license between GPT Services, on the one hand, and You or Your content, on the other hand.

**RESPONSE NO. 129:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "actual or potential confusion, mistake, and/or deception" "with respect to any relationship, association, affiliation, connection, endorsement, or license" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 130:**

Documents and Communications Regarding OpenAI's alleged use of Your trademarks as a designation of source for OpenAI's source goods or services.

**RESPONSE NO. 130:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "alleged use of Your trademarks as a designation of source for OpenAI's source goods or services" as vague and ambiguous. The Times further objects to this Request to the extent that it calls for a legal conclusion. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents regarding OpenAI's use of its trademarks in outputs of Defendants' products that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 131:**

Documents sufficient to identify every instance in which You assert that GPT Services have produced inaccurate content that was falsely attributed to You or have otherwise tarnished or diluted the reputation of Your trademarks.

**RESPONSE NO. 131:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad to the extent that it seeks material that is not relevant to any party's claims or

defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks documents outside of The Times's possession, custody, and control.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 132:**

Documents and Communications sufficient to show all versions of Your robots.txt site, currently located at https://www.nytimes.com/robots.txt, from January 1, 2018, to present.

**RESPONSE NO. 132:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks documents and material not relevant to any party's claims or defenses in this dispute, including by requesting "Documents and Communications sufficient to show" "all versions" of The Times's "robots.txt site."  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show the existence and operation of its robots.txt file in response to this Request.

**REQUEST FOR PRODUCTION NO. 133:**

Documents and Communications Concerning any modifications to Your robots.txt site, currently located at https://www.nytimes.com/robots.txt, from January 1, 2018, to present.

**RESPONSE NO. 133:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks documents and material not relevant to any party's claims or defenses in this dispute, including by requesting all "Documents and Communications concerning any modifications to" The Times's "robots.txt site." The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 134:**

Documents and Communications sufficient to identify the alleged "well-established market" for You to provide paid access to and use of Your Published Works by individual and institutional users, as referenced in Paragraph 155 of the Complaint.

**RESPONSE NO. 134:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad to the extent that it seeks "Documents and Communications" regarding the

"market" for "Your Published Works," without limitation to the Asserted Works at issue in this dispute.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to identify the "well-established market" for The Times to provide paid access to and use of the Asserted Works that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 135:**

Documents and Communications Regarding any alleged "lost market value" of Your Published Works as a result of the conduct alleged in Paragraph 156 of the Complaint.

**RESPONSE NO. 135:**

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request as premature and to the extent that it seeks expert work product.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 136:**

Documents and Communications sufficient to show the total user visits to the www.nytimes.com domain, on a monthly basis, from January 1, 2015, through present.

**RESPONSE NO. 136:**

The Times incorporates the General Objections set forth above. The Times objects to the term "total user visits" as vague and ambiguous.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request from January 1, 2018 to present that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 137:**

Documents and Communications sufficient to show Your total revenue generated from licensing Your trademarks identified in Paragraph 199 of the Complaint, on an annual basis, from January 1, 2018, through present.

**RESPONSE NO. 137:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad to the extent that it seeks material not relevant to any party's claims or defenses in this dispute.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 138:**

Documents and Communications Concerning the development, operation, and updates of the large language models used to power BrandMatch, including but not limited to technical specifications, training data, and version histories.

**RESPONSE NO. 138:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "updates of the large language models" as vague and ambiguous. The Times further objects to this Request to the

extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 139:**

Communications with any employee of Adweek, including but not limited to Trishla Ostwal, Regarding Your use of "generative artificial intelligence," as that term is used in the article by Trishla Ostwal titled "Exclusive: How The New York Times' Granular Gen AI Tool Drives Campaign Performance," AdWeek, available at https://www.adweek.com/media/exclusive-how-the-new-york-times-granular-gen-ai-tool-drives-campaign-performance/ (Jul. 24, 2024).

**RESPONSE NO. 139:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "Your use" and "'generative artificial intelligence'" as vague and ambiguous.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 140:**

Documents and Communications Concerning Your use of the software tool Claro (Pixometry), as referenced in the article by Natalie Korach, "New York Times Union Urges Management to Reconsider Art Department Cuts as Paper Ramps up AI Tools," TheWrap, available at https://www.thewrap.com/new-york-times-union-cuts-art-department-ai/ (June 12, 2024).

**RESPONSE NO. 140:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "Your use" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 141:**

Documents and Communications reflecting or Relating to decreases in revenue generated by Wirecutter recommendations, if any, including but not limited to Documents Regarding the reasons for such decreases.

**RESPONSE NO. 141:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute and seeks all "Documents and Communications" "Relating to decreases in revenue generated by Wirecutter recommendations" without limitation to a specific timeframe. The Times further objects to the term "revenue" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents and communications sufficient to reflect the revenue Wirecutter has generated via affiliate referral.

**REQUEST FOR PRODUCTION NO. 142:**

Documents and Communications Relating to any decreases in traffic to Wirecutter from January 1, 2018 through the present, if any, including but not limited to Documents Regarding the reasons for such decreases.

**RESPONSE NO. 142:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "traffic" as vague and ambiguous. The Times reasonably construes this to mean online traffic to https://www.nytimes.com/wirecutter/. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show traffic to Wirecutter from 2018 to present that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 143:**

Documents and Communications Relating to any decreases in traffic to The Athletic from January 1, 2016 through the present, if any, including but not limited to Documents Regarding the reasons for such decreases.

**RESPONSE NO. 143:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant

to any party's claims or defenses in this dispute. The Times further objects to the term "traffic" as vague and ambiguous. The Times reasonably construes this to mean online traffic to https://www.nytimes.com/athletic/. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show decreases in traffic to The Athletic from the date of sale in 2022 to present that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 144:**

Documents and Communications Relating to decreases in traffic to NYT Cooking from January 1, 2018 through the present, if any, including but not limited to Documents Regarding the reasons for such decreases.

**RESPONSE NO. 144:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "traffic" and "to NYT Cooking" as vague and ambiguous. The Times reasonably construes this to mean online traffic to https://cooking.nytimes.com/. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show decreases in traffic to NYT Cooking from 2018 to present that are

in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 145:**

Documents and Communications Regarding Your efforts to ascertain whether decreases, if any, in traffic to Your sites (including but not limited to The New York Times, Wirecutter, The Athletic, and NYT Cooking) is attributable to GPT Services versus other market forces and factors.

**RESPONSE NO. 145:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "Your efforts to ascertain," "traffic," "Your sites," and "other market forces and factors" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce analyses and reports regarding whether decreases in traffic to Times websites, if any, are attributable to GPT Services versus other market forces and factors.

**REQUEST FOR PRODUCTION NO. 146:**

Documents and Communications Relating or referring to decreases in revenue, if any, generated by The Athletic subscriptions, including but not limited to Documents Regarding the reasons for such decreases.

**RESPONSE NO. 146:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any

party's claims or defenses in this dispute. The Times further objects to this Request as vague and ambiguous, including the term "revenue" and the phrase "decreases in revenue… generated by The Athletic subscriptions." The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 147:**

Documents and Communications Relating or referring to decreases in revenue, if any, generated by NYT Cooking subscriptions.

**RESPONSE NO. 147:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "revenue" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 148:**

Documents and Communications referring or Relating to any factors that allegedly negatively impacted revenue from January 1, 2018 through the present, including but not limited to advertising and subscription revenue.

**RESPONSE NO. 148:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "revenue" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 149:**

Documents and Communications Relating to any "commercial opportunities" that have been "usurp[ed]" from the Times by GPT Services, including but not limited to as alleged in Paragraph 129 of the Complaint.

**RESPONSE NO. 149:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times reasonably construes this Request to seek "Documents and Communications Relating to any 'commercial opportunities' that have been 'usurp[ed]' from The Times" by Defendants' generative AI products as alleged in Paragraph 129 of the Complaint. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 150:**

Documents and Communications Relating to GPT Services that "directly and unfairly compete with Times content," including but not limited to as alleged in Paragraph 129 of the Complaint.

**RESPONSE NO. 150:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "GPT Services that 'directly and unfairly compete with Times content" as vague and ambiguous.  The Times reasonably construes this Request to seek documents relating to Defendants' generative AI products that directly and unfairly compete with Times content as alleged in Paragraph 129 of the Complaint.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 151:**

Documents and Communications Regarding Your use of Reporting Disclosures, including, but not limited, policies and procedures when such Reporting Disclosures should or must be included in an article, when such Reporting Disclosures should be added to a previously published article that did not originally contain such a Reporting Disclosure, and the substance that such Reporting Disclosures should or must contain.

**RESPONSE NO. 151:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute, including by seeking all "Documents and Communications Regarding Your use of Reporting Disclosures." The Times further objects to the terms "Your use," "Reporting Disclosures," "should be added," and "should or must contain" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 152:**

Documents and Communications Regarding Your use of Reporting Disclosures Regarding OpenAI, including, but not limited to, policies and procedures when such Reporting Disclosures should or must be included in an article, when such Reporting Disclosures should be added to a previously published article that did not originally contain such a Reporting Disclosure, and the substance that such Reporting Disclosures should or must contain.

**RESPONSE NO. 152:**

The Times incorporates the General Objections set forth above.  The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request as unreasonably cumulative of Request No. 151.  The Times further objects to the terms "Your use," "Reporting Disclosures Regarding OpenAI," "should be added," and "should or must contain" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 153:**

Documents sufficient to identify any website, third-party publication, social media account, or other print or digital media, of which You are aware, that (1) summarizes any of Your Asserted Works; (2) reviews or criticizes any of Your Asserted Works; (3) quotes from any of Your Asserted Works; or (4) otherwise replicates more than 10 lines from any of Your Asserted Works (but is not itself an Asserted Work).

**RESPONSE NO. 153:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute and is not limited to a reasonable timeframe. The Times further objects to the terms "third-party publication," "You are aware," "criticizes," and "otherwise replicates" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 154:**

Communications between You or Your Agent(s) on the one hand, and the websites, third-party publications, social media accounts, or other print or digital media identified in Documents produced in response to Request No. 153.

**RESPONSE NO. 154:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "on the one hand" and "third-party publications" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

40

**REQUEST FOR PRODUCTION NO. 155:**

Documents and Communications Regarding OpenAI's alleged infringement of Your Asserted Works, including but not limited to Documents Regarding when and how You first became aware of the alleged infringement.

**RESPONSE NO. 155:**

The Times incorporates the General Objections set forth above. The Times objects to the term "OpenAI's alleged infringement of Your Asserted Works" as vague, ambiguous, and calling for a legal conclusion. The Times reasonably construes this Request to mean OpenAI's conduct underlying The Times's copyright infringement claims as alleged in the Complaint. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 156:**

Documents and Communications Regarding the alleged removal of copyright management information from Your Asserted Works by OpenAI, including but not limited to Documents Regarding when and how You first became aware of the alleged removal.

**RESPONSE NO. 156:**

The Times incorporates the General Objections set forth above.  The Times objects to the term "the alleged removal of copyright management information from Your Asserted Works by OpenAI" as vague, ambiguous, and calling for a legal conclusion.  The Times reasonably construes this Request to mean OpenAI's conduct underlying The Times's removal of content management information claim as alleged in the Complaint. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 157:**

Documents and Communications Regarding the alleged misappropriation of Your Asserted Works by OpenAI, including but not limited to Documents Regarding when and how You first became aware of the alleged misappropriation.

**RESPONSE NO. 157:**

The Times incorporates the General Objections set forth above.  The Times objects to the term "the alleged misappropriation of Your Asserted Works" as vague, ambiguous, and calling for

a legal conclusion.  The Times reasonably construes this Request to mean OpenAI's conduct underlying The Times's unfair competition by misappropriation claim as alleged in the Complaint. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.  The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 158:**

Documents and Communications Regarding the alleged dilution of Your trademarks by OpenAI, including but not limited to Documents Regarding when and how You first became aware of the alleged dilution.

**RESPONSE NO. 158:**

The Times incorporates the General Objections set forth above.  The Times objects to the term "the alleged dilution of Your trademarks by OpenAI" as vague, ambiguous, and calling for a legal conclusion.  The Times reasonably construes this Request to mean OpenAI's conduct underlying The Times's trademark dilution claim as alleged in the Complaint.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent

43

that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 159:**

Documents and Communications Regarding when and how You first became aware of alleged infringement of Your Asserted Works by third-party "generative A.I. tools" and "generative A.I. systems," as those terms are used in Your article by Kevin Roose titled "The Data That Is Powering A.I. is Disappearing Fast," available at https://www.nytimes.com/2024/07/19/technology/ai-data-restrictions.html (July 19, 2024).

**RESPONSE NO. 159:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "generative A.I. tools" and "generative A.I. systems" as defined by the cited article as vague and ambiguous. The cited article does not define either term. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common

law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 160:**

Documents and Communications Relating to the market for licensing or use of Your Asserted Works for purposes of analyzing language patters [sic.] or training any large language model ("LLM"), if any, including but not limited to Documents Relating to the presence of absence of such a market, Documents sufficient to identify such a market, when and how it first developed, the Persons involved, and any Documents Relating to actual or potential the licensing or use of Your Asserted Works in such market(s).

**RESPONSE NO. 160:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "analyzing language patters," "training any large language model," "presence of absence of such a market," "the Persons involved," "actual or potential the licensing," and "use of Your Asserted Works" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 161:**

Documents and Communications Concerning whether Your Asserted Works have ever been used for the purpose of analyzing language patterns.

**RESPONSE NO. 161:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "have ever been used" and "for the purpose of analyzing language patterns" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 162:**

Documents sufficient to show each website and URL known to You at which any of Your Asserted Works may be accessed for free by third parties.

**RESPONSE NO. 162:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "may be," "accessed for free," and "third parties" as vague and ambiguous.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 163:**

Documents sufficient to identify each work (including title, author, and date of creation) that You contend both (i) was generated using GPT Services and (ii) competes in the market for Your Asserted Works.

**RESPONSE NO. 163:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "each work," "date of creation," "was generated using GPT Services," "competes in the market for Your Asserted Works" as vague and ambiguous.  The Times further objects to the extent that this Request seeks documents or information not within The Times's possession, custody, or control or that are already in the possession, custody, and control of Defendants.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 164:**

Documents that any of Your testifying experts have considered, relied on, may rely on, or have been provided by You in forming any opinions in this Lawsuit.

**RESPONSE NO. 164:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks all "Documents" that The Times's testifying experts "may rely on" and "in forming any opinions in this Lawsuit" without limitation to documents the experts rely on or facts and data considered in rendering their opinion(s) in this case.  The Times further objects to this request as outside the scope of Federal

Rule of Civil Procedure 26(b)(4)(C), which requires production of documents a testifying expert relies on or facts and data they considered in rendering their opinion. The Times further objects to this Request as unreasonably cumulative of Request No. 61.

Subject to these objections, The Times responds that it will produce the documents it is required to produce under Federal Rule of Civil Procedure 26(b)(4)(C).

**REQUEST FOR PRODUCTION NO. 165:**

Documents and Communications Related to OpenAI or GPT Services, on the one hand, and Your article by Curtis Sittenfeld titled "An Experiment in Lust, Regret and Kissing," available at https://www.nytimes.com/2024/08/20/opinion/beach-read-ai.html (Aug. 20, 2024), on the other hand.

**RESPONSE NO. 165:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 166:**

Documents sufficient to show how Your Metered Access functions to limit (or not limit) access to Your content, including, for each of Your Products that separately operates such Metered Access: (a) the distribution frequency of the Meter Limit applied to Unregistered Users determining how many articles Unregistered Users may view for free before being required to register, and (b) the distribution frequency of the Meter Limit applied to Registered Users determining how many articles such Registered Users may view for free before being required to Subscribe to Your content.

**RESPONSE NO. 166:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "functions," "access to Your content," and "Your Products that separately operates" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show the way its Metered Access limits or permits access to Times content for both unregistered and registered users.

**REQUEST FOR PRODUCTION NO. 167:**

Documents sufficient to show how the Machine Learning Models behind Your Metered Access strategy were trained, including, but not limited to (a) each of the Features used to train the machine learning models behind Your Metered Access strategy that determines Meter Limits; (b)

how each such Feature is calculated; (c) which Business Key Performance Indicators the Metered Access is optimized on; and (d) how each such Business Key Performance Indicator is measured.

**RESPONSE NO. 167:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "Machine Learning Models," "behind," and "Your Metered Access strategy" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 168:**

Documents sufficient to show how the Subscription Attribution Model works for each of Your Products, including (a) each Dimension used in the model; (b) how each Dimension is calculated; and (c) specify the existence, custodian, location, and general description of documents that reference or leverage the Subscription Attribution Model to assess "which areas of the business [are] driving subscriptions."

**RESPONSE NO. 168:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Time further objects to the terms "works," each Dimension used," "specify the existence," "reference," "leverage," and "assess" as vague and

ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show how the Subscription Attribution Model works.

**REQUEST FOR PRODUCTION NO. 169:**

Documents and Communications Concerning Your knowledge of any Persons using web crawlers or other automated tools to acquire Your Asserted Works from Your website.

**RESPONSE NO. 169:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad to the extent that it seeks material not relevant to any party's claims or defenses in this case.  The Times further objects to the terms "Your knowledge," "using web crawlers," "or other automated tools," and "to acquire" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 170:**

Documents identified in any of Your responses to OpenAI's interrogatories.

**RESPONSE NO. 170:**

The Times incorporates the General Objections set forth above.  The Times objects to the term "identified… in any of Your responses" as vague and ambiguous.  The Times reasonably construes this to mean documents specifically cited in any of The Times's responses to interrogatories served by OpenAI in this action.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

Dated: October 21, 2024                  /s/ Ian Crosby

Ian Crosby *(pro hac vice)*
Genevieve Vose Wallace *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)
Ellie Dupler *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com

tlu*sztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings  (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

***Attorneys for Plaintiff***
***The New York Times Company***

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Susman Godfrey L.L.P., whose address is 1900 Ave of the Stars, Suite 1400, Los Angeles, CA 90067. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on October 21, 2024, I served a copy of:

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO OPENAI OPCO, LLC'S THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 105-170)**

☒    **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)(2)(E)]** by electronically mailing a true and correct copy through Susman Godfrey L.L.P.'s electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. Rule Civ. Proc. Rule 5(b)(2)(E).

☐    **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the offices of the addressee.

**See Attached Service list**

I declare under penalty of perjury that the following is true and correct.

Executed at Los Angeles, California this 21st day of October, 2024.

*/s/ Emily Cronin*
Emily Cronin

**SERVICE LIST**

**Attorneys for Defendants**

**OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC,
OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC,
And OpenAI Holdings, LLC**

OpenAICopyright@mofo.com

Joseph C. Gratz
Vera Ranieri
Andrew L. Perito
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-6066
Facsimile: (415) 268-7522
Email: jgratz@mofo.com
Email: Vranieri@mofo.com
Email: aperito@mofo.com

Rose S. Lee
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Email: RoseLee@mofo.com

Eric Nikolaides
Emily Wood
**MORRISON & FOERSTER LLP**
250 W. 55th St
New York, NY 10019
Telephone: 212-336-4061
Email: enikolaides@mofo.com
Email: ewood@mofo.com

OpenAICopyrightLitigation.lwteam@lw.com

Andrew Gass
Joseph Richard Wetzel , Jr.,
**LATHAM & WATKINS, LLP**
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Facsimile: (415)-395-8095
Email: andrew.gass@lw.com
Email: joe.wetzel@lw.com

Allison Levine Stillman
Luke Budiardjo
Rachel Renee Blitzer
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212)906-1200
Facsimile: 212-751-4864
Email: alli.stillman@lw.com
Email: luke.budiardjo@lw.com
Email: Rachel.blitzer@lw.com

Sarang Damle
Elana Nightingale Dawson
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202)637-2200
Facsimile: 202-637-2201
Email: sy.damle@lw.com
Email: elana.nightingaledawson@lw.com

**kvpoai@keker.com**

Robert A. Van Nest
Paven Malhotra
Katie Lynn Joyce
Michelle S. Ybarra
Nicholas S Goldberg
Sarah Salomon
Thomas Edward Gorman
Christopher S. Sun
**KEKER, VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email: rvannest@keker.com
Email: pmalhotra@keker.com
Email: rslaughter@keker.com
Email: kjoyce@keker.com
Email: mybarra@keker.com
Email: ngoldberg@keker.com
Email: ssalomon@keker.com
Email: tgorman@keker.com
Email: csun@keker.com

R. James Slaughter
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111
Email: rslaughter@keker.com

**Attorneys for Defendant**
**Microsoft Corporation**

MicrosoftNYClassActionFDBR@faegredrinker.com

Jeffrey S. Jacobson
**FAEGRE DRINKER BIDDLE & REATH LLP**
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
Email: jeffrey.jacobson@faegredrinker.com

Jared B. Briant
Kirstin Stoll-DeBell
**FAEGRE DRINKER BIDDLE & REATH LLP**
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone (303) 607-3588
Email: jared.briant@faegredrinker.com
Email: kirstin.stolldebell@faegredrinker.com

Elizabeth Mead Cavert Scheibel
**Faegre Drinker Biddle & Reath LLP**
90 S 7th St, Suite 2200
Minneapolis, MN 55402
612-766-7628
Email: elizabeth.scheibel@faegredrinker.com

Carrie A. Beyer
**Faegre Drinker Biddle & Reath LLP**
191 North Wacker Drive, Suite 3700
Chicago, IL 60606
312-569-1000
Fax: 312-569-3000
Email: carrie.beyer@faegredrinker.com

NewYorkTimes_Microsoft_OHS@orrick.com

Annette L. Hurst
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415)773-5700
Facsimile: (415)773-5759
Email: ahurst@orrick.com

Christopher J. Cariello
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com

Sheryl Koval Garko
Laura Brooks Najemy
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
Email: lnajemy@orrick.com