# Exhibit B

| | |
|---|---|
| **From:** | Emily Cronin |
| **To:** | Sarah Salomon; Oliver J. Fong; KVP-OAI; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com |
| **Cc:** | NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR; dailynews-ai-rfem@rothwellfigg.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com |
| **Subject:** | Re: NYT v. Microsoft - NYT Custodians |
| **Date:** | Wednesday, November 13, 2024 8:34:34 PM |

**[EXTERNAL]**



Sarah,

Responses to your November 4 and 8 emails about NYT custodians are below.

- **David Perpich** – The Times agrees to add Mr. Perpich as a custodian.

- **Evan Sandhaus** – Mr. Sandhaus left The Times in 2018. His email and Slack account are no longer available, so he cannot be added as a custodian. Per the company's document retention policy, gmail messages are retained for 4 years from the date the email was sent or received, Slack channel messages are retained for 1 year, and Slack direct messages are retained for 180 days. The Times has searched other repositories for responsive documents authored by Mr. Sandhaus and/or relating to Mr. Sandhaus's work on the Annotated Corpus and has produced and will continue to search for and produce all responsive files it can locate that are in its possession, custody, and control.

- **Cade Metz** – We continue to disagree that Mr. Metz is a proper custodian, but we can confirm that Mr. Metz's files are preserved, including any communications with Mr. Balaji.

- **Hannah Masuga** – Ms. Masuga's files are being preserved but The Times stands on its objections to adding Ms. Masuga as a custodian for the reasons outlined in my November 1 email, below.

- **Sam Dolnick** – The Times stands on its objections to adding Mr. Dolnick as a custodian for the reasons outlined in my November 1 email. What "allegations regarding [The Times's] editorial processes" and "artificial intelligence" does OpenAI believe Mr. Dolnick is uniquely knowledgeable about relative to the existing custodians, and why? The Times's custodian list already includes Zach Seward, the *Newsroom's* Editorial Director of A.I. Initiatives, and A.G. Sulzberger, Chairman and Publisher. Mr. Seward is "familiar with the editorial process and artificial intelligence's impact on the newsroom," as one of his job responsibilities is to "work with newsroom leadership to establish principles for how [The Times] do[es] and do[es] not use generative A.I." *See* https://www.nytco.com/press/zach-seward-is-the-newsrooms-editorial-director-of-a-i-initiatives/.

- **Michael Greenspon** – The Times stands on its objections to adding Mr. Greenspon as a custodian. Mr. Greenspon does not have unique knowledge regarding The Times's efforts to license its works for use in generative AI or its efforts to license trademarks relative to the existing custodians Greg Miller, Sam Felix, and Rebecca Grossman-Cohen.

- **David Rubin** – The Times does not agree to add Mr. Rubin as a custodian. Mr. Rubin does not have unique knowledge on relevant issues relating to Wirecutter, The Athletic, or The Times's brand or trademarks relative to the existing custodians. The Times already agreed to add Ben Frumin, the Wirecutter Editor-in-Chief, Leilani Han, the Wirecutter Executive Director of Commerce, David Perpich, The Athletic Publisher, and Greg Miller, the Executive Director of Licensing and Branded Services. The reference to "David" who "was overseeing athletic" at the bottom of NYT_00106405 is David Perpich, not David Rubin.

- **Joy Robins** – The Times does not agree to add Ms. Robins as a custodian. The Times's CFO William Bardeen is already a custodian, and Mr. Robins does not have any unique knowledge regarding The Times's "overall advertising and revenue generation" that Mr. Bardeen does not. The Times also agreed to add David Gurian-Peck, who is the Chief of Staff to the CFO.

Thanks,
Emily

**Emily Cronin Stillman** | **Susman Godfrey LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310-789-3157 (o) | 949-436-3222 (c) | ecronin@susmangodfrey.com

This e-mail contains privileged and confidential information which may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

**From:** Sarah Salomon <SSalomon@keker.com>
**Date:** Tuesday, November 12, 2024 at 7:46 AM
**To:** Emily Cronin Stillman <ECronin@susmangodfrey.com>, "Oliver J. Fong" <OFong@keker.com>, "NYT-AI-SG-Service@simplelists.susmangodfrey.com" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>, "OpenAICopyright@mofo.com" <OpenAICopyright@mofo.com>, "openaicopyrightlitigation.lwteam@lw.com" <openaicopyrightlitigation.lwteam@lw.com>, NYT-AI-Microsoft-OC <NewYorkTimes_Microsoft_OHS@orrick.com>, #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>, "dailynews-ai-

rfem@rothwellfigg.com" <DailyNews-AI-RFEM@rothwellfigg.com>
**Subject:** RE: NYT v. Microsoft - NYT Custodians

EXTERNAL Email

Emily,

We haven't heard back from you with respect to Evan Sandhaus and David Perpich, who we requested as custodians in my November 4 email. Please provide your final responses on those custodians (along with those requested in my November 8 email below), by tomorrow.

Thanks,
Sarah

**Sarah Salomon**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8828 direct | 415 391 5400 main
ssalomon@keker.com | vcard | keker.com

---

**From:** Sarah Salomon <SSalomon@keker.com>
**Sent:** Friday, November 8, 2024 4:22 PM
**To:** Emily Cronin <ECronin@susmangodfrey.com>; Oliver J. Fong <OFong@keker.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; dailynews-ai-rfem@rothwellfigg.com
**Subject:** RE: NYT v. Microsoft - NYT Custodians

Emily,

Please find further responses to your November 1 email below.

*First*, OpenAI maintains its request for Hannah Masuga as a custodian. The Times' agreement to search the custodial files of Christine Liang, Senior Director of Technical Search, does not obviate the need to add Masuga as a custodian. Liang is responsible for search engine optimization; while she may have some familiarity with how the paywall or bot blocking works in that capacity, the Times has not indicated (and there is no reason to believe) those are primary focuses of hers. As former Technical Product Director of Machine Learning Platform, by contrast, Masuga is far more likely to have unique, responsive documents regarding these key issues in her files. Nor does it matter that Masuga is no longer employed at the Times; the Times should have retained her documents when she left, consistent with its discovery obligations under Rule 26 of the Federal Rules of Civil Procedure. Please confirm that (a) the

Times is preserving Ms. Masuga's custodial documents and (b) whether you are standing on your objection to adding her as a custodian.

*Second*, OpenAI maintains its request for Sam Dolnick as a custodian. The Times's argument that Dolnick is cumulative in view of custodians Hardiman and Seward is false. OpenAI seeks the addition of Dolnick, in part, because he is likely to have responsive documents related to the Times allegations regarding its editorial processes. Hardiman is the Times's Chief Product Officer; the Times does not claim that she has any involvement in the newsroom that would lead her to have such responsive documents. Likewise, Seward is editorial director of artificial-intelligence initiatives and tasked with leading a small team to "experiment with generative A.I. tools and prototype ideas." This is in contrast to Dolnick, who is familiar with the editorial process and artificial intelligence's impact on the newsroom as one of many factors. Please confirm whether you are standing on your objection to adding Dolnick as a custodian.

*Third*, OpenAI is evaluating the Times's privilege assertion over Johnson's work related to infringement tracking. We have received your clawback request and sequestered the documents accordingly. We will get back to you with respect to whether we intend to challenge that assertion, and consequently, your refusal to add Johnson as a custodian.

*Fourth*, OpenAI accepts the Times's proposal to add Greg Miller as a custodian. However, OpenAI maintains its request for Michael Greenspon as a custodian. Although Miller was directly involved in a license negotiation with Microsoft, OpenAI seeks discovery into negotiations beyond those with defendants here. Given that Greenspon is "responsible for The Times' global licensing strategy and businesses" he is likely to have unique, responsive documents regarding Times' licensing negotiations, including, but not limited to those with other AI companies for use of Times' data and for use of Times' trademarks. Please confirm whether you are standing on your objection to adding Greenspon as a custodian.

*Fifth*, OpenAI requests the addition of two more custodians:

**David Rubin**, Chief Brand and Communications Officer of The New York Times, and Publisher of Wirecutter. Rubin, the "leader of The Times's communications and brand strategy," is "responsible for all corporate, brand and internal messaging, PR and public affairs as well as enterprise wide brand strategy for The Times and its products." For example, Rubin is responsible for overseeing the brands of The Athletic and Wirecutter and responsibilities in that role include participating in licensing negotiations. *See, e.g.*, NYT_00106405; NYT_00202348. As such, he's likely to have unique, responsive documents regarding the alleged impact of GPT Services on the Times' brand and trademarks. To date, the Times has not identified any custodian with this knowledge base.

**Joy Robins**, Global Chief Advertising Officer. Robins "leads all facets of [the Times] advertising business and guides the strategy and revenue generation of the entire global advertising

team." https://www.nytco.com/person/joy-robins/. Although the crux of the Times' complaint is that GPT Services have led to a decrease in traffic, subscriptions, and advertising revenue, the Times has not identified a custodian with a focus on the Times overall advertising and revenue generation. Thus, Robins is likely to have unique, non-duplicative information related to the Times's advertising and revenue allegations.

Please provide written responses to the questions above by November 13, 2024, and your availability for a meet and confer over any remaining disputes on November 14.

Thanks,

**Sarah Salomon**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8828 direct | 415 391 5400 main
ssalomon@keker.com | vcard | keker.com

---

**From:** Sarah Salomon <SSalomon@keker.com>
**Sent:** Monday, November 4, 2024 8:18 AM
**To:** Emily Cronin <ECronin@susmangodfrey.com>; Oliver J. Fong <OFong@keker.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; dailynews-ai-rfem@rothwellfigg.com
**Subject:** RE: NYT v. Microsoft - NYT Custodians


Emily,

We will get back to you promptly this week regarding your responses below.

Please also confirm that you have preserved the custodial files of former Times employee **Evan Sandhaus**, and that you are searching those files for documents and communications related to Annotated Corpus. Mr. Sandhaus was the Times' point person for Annotated Corpus, and so we expect that many of the responsive documents that the Times has agreed to produce regarding this subject (e.g., in response to RFPs 55, 99, 100-104) would reside in his files.

We further request the addition of **David Perpich**, publisher of the Athletic, as a custodian. The Times has alleged infringement of works from the Athletic (and sought discovery specifically into OpenAI's alleged copying of Athletic content), and yet has not identified a single Athletic custodian. Perpich is likely to have unique, responsive documents related to the harm the Times has alleged to that department of the Times. Moreover, the Times'

production to date makes clear that Perpich was one of the key drivers of discussions regarding potential market substitution or harm caused by AI. See NYT_00106564 (identifying Perpich as a member of an "Excom core starting team" commissioned to discuss Chat GPT/AI's impact on the Times). In addition, prior to February 2022, he served as the head of stand-alone products, where he oversaw Cooking and Wirecutter, and therefore is also likely to have responsive, unique information regarding those departments and their performance over time.

Please also confirm, as I requested on our October 25 call, that you are preserving all communications with and regarding Suchir Balaji, including but not limited to those found in Cade Metz's files.

Please provide a response regarding the above no later than November 8.

Thanks,

**Sarah Salomon**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8828 direct | 415 391 5400 main
ssalomon@keker.com | vcard | keker.com

---

**From:** Emily Cronin <ECronin@susmangodfrey.com>
**Sent:** Friday, November 1, 2024 8:34 PM
**To:** Sarah Salomon <SSalomon@keker.com>; Oliver J. Fong <OFong@keker.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; dailynews-ai-rfem@rothwellfigg.com
**Subject:** Re: NYT v. Microsoft - NYT Custodians

**[EXTERNAL]**

Counsel,

The Times agrees to add Christine Liang and Leiliani Han as custodians. Instead of Michael Greenspon, The Times offers to add Greg Miller as a custodian. Mr. Miller is the Executive Director of Licensing and Branded Services and has more direct knowledge of licensing involving Microsoft and other relevant licenses than Mr. Greenspon. *See, e.g.,* NYT_00044797.

The Times does not agree to add Hannah Masuga, Sam Dolnick, or Kelsey Johnson as custodians. Ms. Masuga no longer works at The Times and does not have unique

knowledge regarding the relevant paywall issues that cannot be covered in detail by Christine Liang, who is knowledgeable about The Times's paywall and bot blocking. Mr. Dolnick does not have unique knowledge regarding Zach Seward's A.I. Initiatives program that Mr. Seward does not already have, nor does Mr. Dolnick have unique knowledge regarding the memo at NYT_000466658 that its co-author Alex Hardiman does not already have.  Both Seward and Hardiman are custodians.  And as outlined in The Times's briefing on OpenAI's outstanding motions to compel documents regarding The Times's use of generative AI, The Times does not agree that The Times's use of generative AI is relevant to the claims or defenses at issue in this case, so will not agree to add Mr. Dolnick as a custodian based on his involvement with the newsroom generative AI email cited at NYT_00113190.  Ms. Johnson's work related to infringement tracking was done at the direction of counsel and is work-product privileged as confirmed by the Court's rulings on both Defendants' motions to compel work product relating to The Times's pre-suit investigations.

Thanks,
Emily

**Emily Cronin Stillman** | **Susman Godfrey LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310-789-3157 (o) | 949-436-3222 (c) | ecronin@susmangodfrey.com

This e-mail contains privileged and confidential information which may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** "Emily Cronin (via NYT-AI-SG-Service list)" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Reply-To:** Emily Cronin Stillman <ECronin@susmangodfrey.com>
**Date:** Monday, October 28, 2024 at 4:31 PM
**To:** Sarah Salomon <SSalomon@keker.com>, "Oliver J. Fong" <OFong@keker.com>, "NYT-AI-SG-Service@simplelists.susmangodfrey.com" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>, "OpenAICopyright@mofo.com" <OpenAICopyright@mofo.com>, "openaicopyrightlitigation.lwteam@lw.com" <openaicopyrightlitigation.lwteam@lw.com>, NYT-AI-Microsoft-OC <NewYorkTimes_Microsoft_OHS@orrick.com>, #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>, "dailynews-ai-rfem@rothwellfigg.com" <DailyNews-AI-RFEM@rothwellfigg.com>
**Subject:** Re: NYT v. Microsoft - NYT Custodians

**EXTERNAL Email**

Counsel,

We are still investigating the roles of the individuals identified below and whether they have knowledge distinct from existing custodians. We will respond by the end of this week.

Thanks,
Emily

**Emily Cronin Stillman** | **Susman Godfrey LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310-789-3157 (o) | 949-436-3222 (c) | ecronin@susmangodfrey.com

This e-mail contains privileged and confidential information which may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** "Sarah Salomon (via NYT-AI-SG-Service list)" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Reply-To:** Sarah Salomon <SSalomon@keker.com>
**Date:** Friday, October 25, 2024 at 11:51 AM
**To:** Emily Cronin Stillman <ECronin@susmangodfrey.com>, "Oliver J. Fong" <OFong@keker.com>, "NYT-AI-SG-Service@simplelists.susmangodfrey.com" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>, "OpenAICopyright@mofo.com" <OpenAICopyright@mofo.com>, "openaicopyrightlitigation.lwteam@lw.com" <openaicopyrightlitigation.lwteam@lw.com>, NYT-AI-Microsoft-OC <NewYorkTimes_Microsoft_OHS@orrick.com>, #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>, "dailynews-ai-rfem@rothwellfigg.com" <DailyNews-AI-RFEM@rothwellfigg.com>
**Subject:** RE: NYT v. Microsoft - NYT Custodians

**EXTERNAL Email**

Emily,

We have provided justifications regarding the custodians identified below to move these discussions forward expeditiously. But we reserve all rights as to the custodians we previously named, and reserve the right to seek additional custodians as necessary as we continue to

review the Times' productions.

Thanks,

**Sarah Salomon**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8828 direct | 415 391 5400 main
ssalomon@keker.com | vcard | keker.com

---

**From:** Emily Cronin <ECronin@susmangodfrey.com>
**Sent:** Thursday, October 24, 2024 9:48 PM
**To:** Oliver J. Fong <OFong@keker.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS@orrick.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; dailynews-ai-rfem@rothwellfigg.com
**Subject:** Re: NYT v. Microsoft - NYT Custodians

**[EXTERNAL]**

Counsel,

Just to clarify, does this list of requested Times custodians supersede the list OpenAI sent us on 8/30? Some of the custodians OpenAI previously requested are on the list below, but others are not. If it's easier, we can discuss on tomorrow's meet and confer call.

Thanks,
Emily

**Emily Cronin Stillman** | **Susman Godfrey LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310-789-3157 (o) | 949-436-3222 (c) | ecronin@susmangodfrey.com

This e-mail contains privileged and confidential information which may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

---

**From:** "Oliver J. Fong (via NYT-AI-SG-Service list)" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Reply-To:** "Oliver J. Fong" <OFong@keker.com>

**Date:** Thursday, October 24, 2024 at 2:11 PM
**To:** "NYT-AI-SG-Service@simplelists.susmangodfrey.com" <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>, "OpenAICopyright@mofo.com" <OpenAICopyright@mofo.com>, "openaicopyrightlitigation.lwteam@lw.com" <openaicopyrightlitigation.lwteam@lw.com>, NYT-AI-Microsoft-OC <NewYorkTimes_Microsoft_OHS@orrick.com>, #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>, "dailynews-ai-rfem@rothwellfigg.com" <DailyNews-AI-RFEM@rothwellfigg.com>
**Subject:** NYT v. Microsoft - NYT Custodians

EXTERNAL Email
Counsel,

Based on our continuing review of the Times' productions, OpenAI seeks designation of the following additional custodians who have unique, relevant, and non-cumulative information:

**Christine Liang (Senior Director of Technical Search at the Times)**. The First Amended Complaint ("FAC") makes several allegations about the Times's use of search engines, including that the Times provides its own API to researchers and academics to search Times content, FAC ¶ 46, and that the Times allows search engines to access and index its content in order to facilitate direct engagement with its products, *id*. ¶ 52. But the Times has not designated any custodians covering these allegations. As the Times's Senior Director of Technical Search, Liang's "deep understanding of the search engine landscape has not only furthered the industry's comprehension of technical SEO for publishers, but also positioned The Times as a fierce competitor in search visibility." As an example, Liang led internal discussions at the Times assessing AI-powered search engines and their potential impact on the Times. *See* NYT_00069591. A search of her ESI would likely turn up documents responsive to OpenAI RFPs. *See, e.g.*, RFP 52. Thus, Liang is likely to have unique, non-duplicative documents related to the Times's search engine allegations.

**Michael Greenspon (Global Head of Licensing and Print Innovation at the Times).** The FAC alleges that "The Times requires third parties to obtain permission before using Times content and trademarks for commercial purposes, and for decades The Times has licensed its content under negotiated licensing agreements." FAC ¶ 50. As the Times's Global Head of Licensing and Print Innovation, Michael Greenspon is "responsible for The Times' global licensing strategy and businesses" and "leads a division with a large portfolio of revenue-generating products and services, as well as the editorial and business staff that support those businesses." Greenspon has specific knowledge with licensing involving Microsoft as he was the signatory of a 2021 license entered into between Microsoft and the Times. *See* NYT_00218222. And a search of Greenspon's ESI would likely turn up documents responsive to OAI RFPs. *See, e.g.*, RFPs 33, 41. Thus, Greenspon is likely to have unique, non-duplicative

information related to the Times's licensing allegations.

**Leilani Han (Executive Director of Commerce at Wirecutter).** The FAC alleges that "decreases in traffic to Wirecutter also impact its advertising and subscription revenue." FAC ¶ 128. But the Times has not designated any custodians covering this issue. As the Executive Director of Commerce at Wirecutter, Leilani Han is uniquely knowledgeable about the Times's efforts in driving its revenue growth at Wirecutter. And a search of Han's ESI would likely turn up documents responsive to OAI RFPs. *See, e.g.*, RFPs 141, 142. While the Times has agreed to designate Ben Frumin as a custodian, Frumin, in his role as Editor in Chief at Wirecutter, performs editorial work by nature and does not cover advertising and subscription issues at Wirecutter. Thus, Han is likely to have unique, non-duplicative documents related to the Times's Wirecutter advertising and subscription revenue allegations.

**Hannah Masuga (Technical Product Director of Machine Learning Platform at the Times).** The FAC alleges that the Times uses, among other things, a "paywall" to "limit[] the content it makes accessible for free and prohibits the use of its material (whether free or paid for) for commercial uses absent a specific authorization." FAC ¶ 156. A Times article indicates that it uses "machine learning to makes it paywall smarter." But the Times has not designated a custodian covering this issue. As the Times's Technical Product Director of Machine Learning Platform, Hannah Masuga is likely to have unique, non-duplicative documents covering the Times's contentions about its paywall, and the paywall's use of machine learning. In addition, Masuga is the author of a memo exploring the Times's use of "GenAI-based embeddings." *See* NYT_00206979. And a search of Masuga's ESI would likely turn up documents responsive to OAI RFPs. *See, e.g.*, RFPs 76, 82, 167. Thus, Masuga is likely to have unique, relevant, non-duplicative documents about the technical ways in which the Times uses generative AI.

**Kelsey Johnson (Senior Manager, Platform Strategy and Partnerships at the Times).** In this copyright infringement case, the Times's efforts to investigate and enforce its copyrights are relevant because they demonstrate the extent to which the Times values the protection of its intellectual property, the steps it has taken to address potential violations, and its commitment to safeguarding its commercial interests. As the Senior Manager of Platform Strategy and Partnerships at the Times, Johnson was responsible for "content infringement tracking" efforts at the Times. *See* NYT_00202231. And a search of Johnson's ESI would likely turn up documents responsive to OAI RFPs. *See, e.g.*, RFP 65. But documents and communications relevant to infringement tracking have not been produced by the Times. Thus, Johnson is likely to have unique, non-duplicative information related to NYT's efforts at investigating copyright infringement.

**Sam Dolnick (Deputy Managing Editor at the Times).** In addition to his day-to-day experience as a deputy managing editor at the Times, Dolnick authored an email to the Times's newsroom and opinion staff setting out guidelines regarding the Times's use of generative AI tools, NYT_00113190, a memo regarding the potential benefits of artificial intelligence, NYT_00466658, and a press release announcing the hiring of Zach Seward, director of AI

Initiatives at the Times, NYT_00146765. Dolnick is likely to have unique, non-duplicative information related to the Times's allegations regarding its editorial process and the alleged harm it suffers from the use of artificial intelligence. Moreover, a search of Dolnick's ESI would likely turn up documents responsive to OAI RFPs. *See, e.g.*, RFPs 47, 48, 69, 70.

Please let us know by October 28 if you are willing to add these custodians. We can make ourselves available to discuss as necessary tomorrow.

---

**Oliver J. Fong** *(he, him, his)*
Keker, Van Nest & Peters LLP
633 Battery Street, San Francisco, CA 94111
415 962 8809 direct | 415 391 5400 main


To unsubscribe from this list please go to https://https://simplelists.susmangodfrey.com/subs/

To unsubscribe from this list please go to https://https://simplelists.susmangodfrey.com/subs/

To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=xESooiXfCmsySQ0FJHx3VTG8Ea9GJe1f