# EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195 (SHS) (OTW) |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO DEFENDANT MICROSOFT CORPORATION'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 69 - 110)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff The New York Times Company ("The Times") responds to Defendant Microsoft Corporation's ("Microsoft") Second Set of Requests for Production of Documents and Things (the "Requests") as follows:

### GENERAL OBJECTIONS

1.  The Times objects to each Request to the extent it seeks information or documents subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2.  The Times objects to each Request to the extent it seeks documents or information not within The Times's possession, custody, or control or that are already in the possession, custody, and control of Defendants, on the grounds that such Requests are unduly burdensome and oppressive and therefore exceed the bounds of permissible discovery. The Times will only produce documents within its possession, custody, or control, and will do so in the manner such documents

are kept in the usual course of business.  Such productions will be made subject to the terms of the ESI Order entered in this case.

3.      The Times's responses are subject to the following objections to the "Definitions" and "Instructions" provided with the Requests.

4.      The Times objects to the definitions of "You," "Your," "NYT," or "New York Times" insofar as they include The Times's "corporate parent," of which there is none. The Times further objects to these definitions as contrary to Local Rule 26.3, particularly insofar as they include The Times's "attorneys" and "agents." The Times construes "You," "Your," "NYT," or "New York Times" as those terms are defined in Local Rule 26.3.

5.      The Times objects to the definition of "Generative AI Technologies" insofar as the definition is not limited to Defendants' models, products, or services. The Times construes "Generative AI Technologies" to mean "Defendants' artificial intelligence models that use machine learning techniques to predict and generate natural-language outputs in response to user inputs."

6.      The Times objects to the stated time period for these Requests, which Microsoft has listed as July 2, 2019 to the present.  The Times is willing to meet and confer regarding a more appropriately tailored time frame for these Requests.

7.      The Times objects to the instruction requesting that The Times provide a "privilege log" insofar as that instruction asks The Times to provide more information than what is required by law. The Times will comply with its obligations under Federal Rule of Civil Procedure 26 and the terms of the Protective Order and ESI Order entered in this case.

8.      The Times is willing to meet and confer regarding these Requests.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 69:**

Documents sufficient to show the aggregate daily number of page views within the nytimes.com domain (including all webpages within the nytimes.com domain) resulting from click-throughs from internet search engines, including but not limited to Microsoft Bing, Google, DuckDuckGo, and Yahoo!.

**RESPONSE NO. 69:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute, including to the extent that it seeks documents sufficient to show page views resulting from click-throughs from all internet search engines. The Times further objects to the term "aggregate daily," "page views within the nytimes.com domain," and "click-throughs" as vague and ambiguous. The Times further objects to this Request to the extent that it calls for information in Defendants' and third parties' possession, custody, and control.

Absent clarifying or narrowing the scope and format of the material sought in this Request, The Times will not respond to this Request.

**REQUEST FOR PRODUCTION NO. 70:**

Documents sufficient to show the daily number of page views within the nytimes.com domain (including all webpages within the nytimes.com domain) resulting from click-throughs from Microsoft Bing.

**RESPONSE NO. 70:**

The Times incorporates the General Objections set forth above.  The Times objects to the terms "page views within the nytimes.com domain" and "click-throughs from Microsoft Bing" as vague and ambiguous.  The Times reasonably construes this to mean the number of times a user views a page on The Times's website after being directed there by a link from Microsoft Bing's search engine.  The Times further objects to this Request to the extent that it calls for information in Defendants' possession, custody, and control.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to show the daily number of page views within the nytimes.com domain (including all webpages within the nytimes.com domain) resulting from click-throughs from Copilot.

**RESPONSE NO. 71:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "page views within the nytimes.com domain" and "click-throughs from Copilot" as vague and ambiguous.  The Times reasonably construes this to mean the number of times a user views a page on The Times's website after being directed there by a link from Microsoft Copilot.  The Times further objects to this Request to the extent that it calls for information in Defendants' possession, custody, and control.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 72:**

Documents sufficient to show the daily number of page views within the nytimes.com domain (including all webpages within the nytimes.com domain) resulting from click-throughs from Browse with Bing.

**RESPONSE NO. 72:**

The Times incorporates the General Objections set forth above.  The Times objects to the terms "page views within the nytimes.com domain" and "click-throughs from Browse with Bing" as vague and ambiguous.  The Times reasonably construes this to mean the number of times a user views a page on The Times's website after being directed there by a link from Browse with Bing's search engine.  The Times further objects to this Request to the extent that it calls for information in Defendants' possession, custody, and control.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 73:**

Documents concerning any study or analysis of the causes underlying same, of any increases, decreases, fluctuations, or changes in click-through rates from search engines (including but not limited to Microsoft Bing) to the nytimes.com domain (including all webpages within the nytimes.com domain) since January 1, 2019.

**RESPONSE NO. 73:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute, including to the extent that it seeks documents sufficient to show page views resulting from click-throughs from all internet search engines.

Subject to and based on these objections, The Times will produce non-privileged analyses or reports in its possession, custody, and control that can be located after a reasonable search regarding trends in click-through rates from search engines to the nytimes.com domain.

**REQUEST FOR PRODUCTION NO. 74:**

Documents concerning increases, decreases, fluctuations, or changes in subscription rates to The New York Times (including print and digital editions) since January 1, 2019 including any study or analysis of the causes underlying same.

**RESPONSE NO. 74:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute.

Subject to and based on these objections, The Times responds that it will produce non-privileged documents in its possession, custody, and control sufficient to show trends in subscription rates to The New York Times print and digital editions since January 1, 2019.

**REQUEST FOR PRODUCTION NO. 758 [sic.]:**

Documents concerning reasons for any cancellation of subscription(s) to The New York Times (including print and digital editions) since January 1, 2019.

**RESPONSE NO. 75:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "reasons" and "for any cancellation" as vague and ambiguous. The Times further objects to the title "Request for Production No. 758" as ambiguous and unintelligible. The Times reasonably construes this to be Microsoft's Request for Production No. 75, which sequentially follows Request No. 74.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 769 [sic.]:**

Documents evidencing or related to any surveys regarding cancellation of any subscription to The New York Times, whether print or digital, (including but not limited to the survey attached as Exhibit A) and responses to such surveys, including but not limited to the questions included in each version of such survey(s) that was deployed to consumers, the number of responses received, the number of users asked to complete such surveys, and the reason(s) for cancellation selected or inputted by the survey subject.

**RESPONSE NO. 76:**

The Times incorporates the General Objections set forth above. The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the title "Request for Production No. 769" as ambiguous and unintelligible. The Times reasonably construes this to be Microsoft's Request for Production No. 76, which sequentially follows Request No. 75. The

Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to and based on these objections, The Times will produce non-privileged documents in its possession, custody, and control sufficient to show the results of the survey attached as Exhibit A and any other surveys regarding subscription cancellations related to generative AI.

**REQUEST FOR PRODUCTION NO. 80:**

Documents concerning the decision to include a question about AI in any surveys regarding cancellation of any subscription to The New York Times, whether print or digital, (including but not limited to the survey attached as Exhibit A), including but not limited to documents sufficient to show when any questions about AI were added to or removed from any such surveys.

**RESPONSE NO. 80:**

The Times incorporates the General Objections set forth above. The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the title "Request No. 80" insofar as it follows Request No. 769 (reasonably construed as Request No. 76) and comes before Request No. 771 (reasonably construed as Request No. 77) as ambiguous, but nonetheless reasonably construes this to mean Request No. 80. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 771 [sic.]:**

Documents concerning any analysis or study regarding the reasons for any cancellations of subscriptions to The New York Times (including print and digital editions).

**RESPONSE NO. 77:**

The Times incorporates the General Objections set forth above. The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the title "Request No. 771" as ambiguous and unintelligible. The Times reasonably construes this to mean Request No. 77. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks premature expert discovery.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 82:**

Documents concerning the aggregate daily and monthly advertising revenue associated with or resulting from page views within the nytimes.com domain (including all webpages within the nytimes.com domain) resulting from click-throughs from internet search engines, including but not limited to Microsoft Bing, Google, DuckDuckGo, and Yahoo! from January 1, 2019 to the present.

**RESPONSE NO. 82:**

The Times incorporates the General Objections set forth above. The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "associated

with or resulting from" and "click-throughs" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks premature expert discovery.

Subject to and based on these objections, The Times responds that it will produce non-privileged documents that are in its possession, custody, and control sufficient to show The Times's aggregate daily and monthly advertising revenue resulting from page views on The Times's website resulting from click-throughs from internet search engines from January 1, 2019 to present.

**REQUEST FOR PRODUCTION NO. 83:**

Documents concerning the aggregate daily and monthly advertising revenue associated with or resulting from page views within the nytimes.com domain (including all webpages within the nytimes.com domain) resulting from click-throughs from Microsoft Bing from January 1, 2019 to the present.

**RESPONSE NO. 83:**

The Times incorporates the General Objections set forth above. The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "associated with or resulting from," "click-throughs," and "from Microsoft Bing" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks premature expert discovery.

Subject to and based on these objections, The Times responds that it will produce non-privileged documents that are in its possession, custody, and control sufficient to show The Times's aggregate daily and monthly advertising revenue resulting from page views on The Times's website resulting from click-throughs from the Microsoft Bing search engine from January 1, 2019.

**REQUEST FOR PRODUCTION NO. 84:**

Documents concerning the aggregate daily and monthly advertising revenue associated with or resulting from page views within the nytimes.com domain (including all webpages within the nytimes.com domain) resulting from click-throughs from Copilot from January 1, 2019 to the present.

**RESPONSE NO. 84:**

The Times incorporates the General Objections set forth above. The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "associated with or resulting from," "click-throughs," and "from Copilot" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks premature expert discovery.

Subject to and based on these objections, The Times responds that it will produce non-privileged documents that are in its possession, custody, and control sufficient to show The Times's aggregate daily and monthly advertising revenue resulting from page views on The Times's website resulting from click-throughs from Copilot from January 1, 2019 to present.

**REQUEST FOR PRODUCTION NO. 85:**

Documents concerning the aggregate daily and monthly advertising revenue associated with or resulting from page views within the nytimes.com domain (including all webpages within the nytimes.com domain) resulting from click-throughs from Browse with Bing from January 1, 2019 to the present.

**RESPONSE NO. 85:**

The Times incorporates the General Objections set forth above.  The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "associated with or resulting from," "click-throughs," and "from Browse with Bing" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks premature expert discovery.

Subject to and based on these objections, The Times responds that it will produce non-privileged documents that are in its possession, custody, and control sufficient to show The Times's aggregate daily and monthly advertising revenue resulting from page views on The Times's website resulting from click-throughs from Browse with Bing from January 1, 2019 to present.

**REQUEST FOR PRODUCTION NO. 86:**

Documents concerning the aggregate daily and monthly advertising revenue associated with or resulting from page views within the nytimes.com domain (including all webpages within the nytimes.com domain) from January 1, 2019 to the present, including any study or analysis of the causes underlying same.

**RESPONSE NO. 86:**

The Times incorporates the General Objections set forth above. The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "associated with or resulting from," "any study or analysis of," and "causes underlying same" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks premature expert discovery.

Subject to and based on these objections, The Times responds that it will produce non-privileged documents that are in its possession, custody, and control sufficient to show The Times's aggregate daily and monthly advertising revenue resulting from page views on The Times's website from January 1, 2019 to present.

**REQUEST FOR PRODUCTION NO. 89:**

Documents concerning reasons for any changes in advertising revenue associated with or resulting from page views within the nytimes.com domain (including all webpages within the nytimes.com domain) from January 1, 2019 to the present.

**RESPONSE NO. 89:**

The Times incorporates the General Objections set forth above. The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "associated with or resulting from" and "reasons for any changes in" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client

13

privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks premature expert discovery.

Based on these objections, The Times will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 90:**

Documents concerning any increases, decreases, fluctuations, or changes in traffic to Wirecutter articles, including any study or analysis of the causes underlying same.

**RESPONSE NO. 90:**

The Times incorporates the General Objections set forth above.  The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks premature expert discovery.

Subject to and based on these objections, The Times responds that it will produce non-privileged documents that are in its possession, custody, and control sufficient to show increases, decreases, fluctuations, or changes in traffic to Wirecutter and analyses and reports regarding whether such changes in traffic are attributable to Defendants' generative AI products or other market forces and factors.

**REQUEST FOR PRODUCTION NO. 93:**

Documents concerning any increases, decreases, fluctuations, or changes in traffic to affiliate links from the nytimes.com domain (including all webpages within the nytimes.com domain).

**RESPONSE NO. 93:**

The Times incorporates the General Objections set forth above.  The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks premature expert discovery.

Subject to and based on these objections, The Times responds that it will produce non-privileged documents that are in its possession, custody, and control sufficient to show increases, decreases, fluctuations, or changes in traffic to affiliate links from The Times's website.

**REQUEST FOR PRODUCTION NO. 94:**

Documents concerning reasons for any increases, decreases, fluctuations, or changes in traffic to affiliate links from the nytimes.com domain (including all webpages within the nytimes.com domain).

**RESPONSE NO. 94:**

The Times incorporates the General Objections set forth above.  The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks premature expert discovery.

Subject to and based on these objections, The Times responds that it will produce non-privileged analyses and reports in its possession, custody, and control regarding whether increases,

decreases, fluctuations, or changes in traffic to affiliate links from The Times's website are attributable to Defendants' generative AI products or other market forces and factors.

**REQUEST FOR PRODUCTION NO. 95:**

Documents concerning any analysis or study regarding the reasons for any increases, decreases, fluctuations, or changes in traffic to affiliate links from the nytimes.com domain (including all webpages within the nytimes.com domain).

**RESPONSE NO. 95:**

The Times incorporates the General Objections set forth above. The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks premature expert discovery.

Subject to and based on these objections, The Times responds that it will produce non-privileged analyses and studies in its possession, custody, and control regarding whether increases, decreases, fluctuations, or changes in traffic to affiliate links from The Times's website are attributable to Defendants' generative AI products or other market forces and factors.

**REQUEST FOR PRODUCTION NO. 96:**

Documents concerning The Times's alleged reputation for accuracy, originality, and quality.

**RESPONSE NO. 96:**

The Times incorporates the General Objections set forth above. The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant

to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request as a premature request for expert discovery.

Subject to and based on these objections, The Times responds that it will produce non-privileged documents in its possession, custody, and control sufficient to show The Times's alleged reputation for accuracy, originality, and quality.

**REQUEST FOR PRODUCTION NO. 97:**

Documents concerning any complaints or criticisms regarding the truth, accuracy, bias, journalistic integrity, originality or copying, or general quality of The Times reporting, editing, or editorial opinions, including but not limited to any communications to The Times whether in the form of an email, comment posted online or through social media, or any other manner from January 1, 2019 to the present.

**RESPONSE NO. 97:**

The Times incorporates the General Objections set forth above. The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "any complaints or criticisms," "copying," and "general quality" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 98:**

All data collection, analyses, studies, or tracking reports evidencing any complaints or criticisms communicated to The Times regarding the truth, accuracy, bias, journalistic integrity, originality or copying, or general quality of The Times reporting, editing, or editorial opinions.

**RESPONSE NO. 98:**

The Times incorporates the General Objections set forth above.  The Times further objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "[a]ll data collection," "tracking reports," "any complaints or criticisms," "copying," and "general quality" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 99:**

Documents concerning any effect (including but not limited to increases, decreases, fluctuations, or changes) on traffic to the nytimes.com domain (including all webpages within the nytimes.com domain) resulting from Generative AI Products and Services.

**RESPONSE NO. 99:**

The Times incorporates the General Objections set forth above.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks premature expert discovery.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 100:**

Documents concerning any effect (including but not limited to increases, decreases, fluctuations, or changes) on traffic to the nytimes.com domain (including all webpages within the nytimes.com domain) resulting from Microsoft's Generative AI Products and Services.

**RESPONSE NO. 100:**

The Times incorporates the General Objections set forth above. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks premature expert discovery.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 101:**

Documents concerning any effect (including but not limited to increases, decreases, fluctuations, or changes) on traffic to the nytimes.com domain (including all webpages within the nytimes.com domain) resulting from non-party Generative AI System(s) similar to the Generative AI Products and Services, including but not limited to any version of Anthrophic's Claude, Google's Search (with integrated AI) and Google's Gemini (formerly Bard), and Perplexity.

19

**RESPONSE NO. 101:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "non-party Generative AI System(s) similar to the Generative AI Products and Services" and "any version of" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 102:**

All documents concerning Your efforts to train, develop, or use any Large Language Model ("LLM") or any other type of Generative AI model, including but not limited to any strategies, plans, projects, or budgets You have created for such work.

**RESPONSE NO. 102:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the terms "Your efforts to train, develop, or use" and "strategies, plans, projects, or budgets" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 103:**

Documents and communications between You and Google concerning any licensing of the Amended Copyrighted Works-In-Suit for use in Generative AI Product(s) and Service(s).

**RESPONSE NO. 103:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.

Subject to and based on these objections, The Times responds that it will produce non-privileged documents in its possession, custody, and control sufficient to show all attempts to license the Amended Copyrighted Works-in-Suit for training of or use with Google's Generative AI products and services, if any exist.

**REQUEST FOR PRODUCTION NO. 104:**

Documents and communications between You and the Financial Times concerning any licensing of the Amended Copyrighted Works-In-Suit for use in Generative AI Product(s) and Service(s).

**RESPONSE NO. 104:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request as vague and ambiguous as to the terms "any licensing… for use in Generative AI Product(s) and Service(s)." The Times reasonably construes this Request to mean licensing The Times's Amended Copyrighted Works-in-Suit for use by Defendants in Defendants' Generative AI Product(s) and Service(s).

Subject to and based on these objections, The Times responds that it will produce non-privilege documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 105:**

A complete copy of the "MKL's Cap Factory doc[ument]" referenced in Your Bates-stamped document NYT_00201591.

**RESPONSE NO. 105:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 106:**

Documents and communications concerning Your "internal ChatGPT equivalent" referenced in Your Bates-stamped document NYT_00198239, including but not limited to documents and communications about the creation of Your "internal ChatGPT equivalent" and any policies and rules about use of same.

**RESPONSE NO. 106:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any

party's claims or defenses in this dispute.  The Times further objects to the terms "creation of," "policies," and "rules about use of" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 107:**

Documents and communications with any third-party publishers about the use of generative search in Generative AI Product(s) and Service(s).

**RESPONSE NO. 107:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the term "use of generative search" as vague and ambiguous.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 108:**

A complete copy of the "[G]oogle [F]orm" concerning "Generative AI tools like Chat GPT" referenced in Your Bates-stamped document NYT_00115513 and all survey results from this document.

**RESPONSE NO. 108:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "all survey results from this document" as vague and ambiguous.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 109:**

Documents and communications concerning Your use of "Artifact" as referenced in Your Bates-stamped document NYT_00137720.

**RESPONSE NO. 109:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "Your use of 'Artifact'" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 110:**

Documents and communications reflecting any discussions by You about the fair use doctrine in the context of training Generative AI Product(s) and Service(s).

**RESPONSE NO. 110:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "any discussions by You" and "about the fair use doctrine in the context of training Generative AI Product(s) and Service(s)" as vague and ambiguous. The Times reasonably construes this to mean The Times whether Defendants' use of The Times's Copyrighted Works-in-Suit constitutes "fair use" under Section 107 of the Copyright Act. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it calls for a legal conclusion.

Subject to and based on these objections, The Times responds that it will produce non-privileged documents in its possession, custody, and control that can be located after a reasonable search and pursuant to an agreed-upon search protocol regarding whether Defendants' use of The Times's Copyrighted Works-in-Suit constitutes "fair use" under Section 107 of the Copyright Act.

Dated: November 6, 2024            */s/ Ian Crosby*

Ian Crosby *(pro hac vice)*
Genevieve Vose Wallace *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)

Ellie Dupler *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings  (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

***Attorneys for Plaintiff***

*The New York Times Company*

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Susman Godfrey L.L.P., whose address is 1900 Ave of the Stars, Suite 1400, Los Angeles, CA 90067. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on November 6, 2024, I served a copy of:

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO MICROSOFT'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 69-110)**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)(2)(E)]** by electronically mailing a true and correct copy through Susman Godfrey L.L.P.'s electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. Rule Civ. Proc. Rule 5(b)(2)(E).

☐ **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the offices of the addressee.

**See Attached Service list**

I declare under penalty of perjury that the following is true and correct.

Executed at Los Angeles, California, this 6th day of November, 2024.

___Emily Cronin_____          ___/s/ Emily Cronin_____
        (Type)                                    (Signature)

**SERVICE LIST**

**Attorneys for Defendants**

**OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC,
OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC,
And OpenAI Holdings, LLC**

OpenAICopyright@mofo.com

Joseph C. Gratz
Vera Ranieri
Andrew L. Perito
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-6066
Facsimile: (415) 268-7522
Email: jgratz@mofo.com
Email: Vranieri@mofo.com
Email: aperito@mofo.com

Rose S. Lee
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Email: RoseLee@mofo.com

Eric Nikolaides
Emily Wood
**MORRISON & FOERSTER LLP**
250 W. 55th St
New York, NY 10019
Telephone: 212-336-4061
Email: enikolaides@mofo.com
Email: ewood@mofo.com

OpenAICopyrightLitigation.lwteam@lw.com

Andrew Gass
Joseph Richard Wetzel , Jr.,
**LATHAM & WATKINS, LLP**
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Facsimile: (415)-395-8095
Email: andrew.gass@lw.com
Email: joe.wetzel@lw.com

Allison Levine Stillman
Luke Budiardjo
Rachel Renee Blitzer
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212)906-1200
Facsimile: 212-751-4864
Email: alli.stillman@lw.com
Email: luke.budiardjo@lw.com
Email: Rachel.blitzer@lw.com

Sarang Damle
Elana Nightingale Dawson
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202)637-2200
Facsimile: 202-637-2201
Email: sy.damle@lw.com
Email: elana.nightingaledawson@lw.com

**kvpoai@keker.com**

Robert A. Van Nest
Paven Malhotra
Katie Lynn Joyce
Michelle S. Ybarra
Nicholas S Goldberg
Sarah Salomon
Thomas Edward Gorman
Christopher S. Sun
**KEKER, VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email: rvannest@keker.com
Email: pmalhotra@keker.com
Email: rslaughter@keker.com
Email: kjoyce@keker.com
Email: mybarra@keker.com
Email: ngoldberg@keker.com
Email: ssalomon@keker.com
Email: tgorman@keker.com
Email: csun@keker.com

R. James Slaughter
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111
Email: rslaughter@keker.com

**Attorneys for Defendant**
**Microsoft Corporation**

**MicrosoftNYClassActionFDBR@faegredrinker.com**       **NewYorkTimes_Microsoft_OHS@orrick.com**

Jeffrey S. Jacobson
**FAEGRE DRINKER BIDDLE & REATH LLP**
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
Email: jeffrey.jacobson@faegredrinker.com

Jared B. Briant
Kirstin Stoll-DeBell
**FAEGRE DRINKER BIDDLE & REATH LLP**
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone (303) 607-3588
Email: jared.briant@faegredrinker.com
Email: kirstin.stolldebell@faegredrinker.com

Elizabeth Mead Cavert Scheibel
**Faegre Drinker Biddle & Reath LLP**
90 S 7th St, Suite 2200
Minneapolis, MN 55402
612-766-7628
Email: elizabeth.scheibel@faegredrinker.com

Carrie A. Beyer
**Faegre Drinker Biddle & Reath LLP**
191 North Wacker Drive, Suite 3700
Chicago, IL 60606
312-569-1000
Fax: 312-569-3000
Email: carrie.beyer@faegredrinker.com

Annette L. Hurst
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415)773-5700
Facsimile: (415)773-5759
Email: ahurst@orrick.com

Christopher J. Cariello
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com

Sheryl Koval Garko
Laura Brooks Najemy
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
Email: lnajemy@orrick.com