UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK TIMES COMPANY,

              Plaintiffs,

v.

MICROSOFT CORPORATION, et al.,

              Defendants.

Case No. 1:23-CV-11195-SHS

**DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

    Pursuant to Paragraph 22 of the Protective Order (ECF No. 127), Defendant Microsoft Corporation responds to Plaintiff New York Times Company's ("NYT") Motion for Leave to File Under Seal (ECF No. 318) ("Motion") filed in connection with NYT's letter motion to compel ("Letter Motion") (ECF No. 322). For the reasons stated below, Microsoft respectfully requests the Court grant Plaintiff's Motion. Specifically, Microsoft requests that the redacted portions of the third and fourth full paragraphs on page 3 that describe Exhibits 3 and 4 of the Letter Motion (as illustrated in the redacted Letter Motion filed at ECF No. 323) and Exhibits 3 (ECF No. 322-2) and 4 (ECF No.322-3) thereto be sealed.

    Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "The proponent of sealing 'must demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "[T]he presumption of public access in filings submitted

in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

The Letter Motion contains descriptions of Exhibits 3 and 4 thereto, which are confidential documents, the disclosure of which would unfairly prejudice Microsoft. Exhibits 3 and 4 to the Letter Motion, which have been designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order, contain highly confidential information about the terms of and ongoing work pursuant to Microsoft's agreement with OpenAI. *See* Ex. A (Declaration of Lucky Vidmar). Microsoft requests that the second and third full paragraphs on page 3 in the redacted portions of the Letter Motion are sealed from the public and Exhibits 3 and 4 be sealed in their entirety.

The information Microsoft seeks to seal and redact is the type of information commonly found to warrant sealing. *See Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (finding that requested redactions were "narrowly tailored to protect competitive business information, including the non-public terms of [various agreements]" and concluding "that the sensitivity of this information outweighs the presumption of access"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'").

For the reasons stated above, and those set forth in the Declaration of Lucky Vidmar, Microsoft respectfully requests that the NYT's Motion for Leave to File Under Seal (ECF No. 318) be granted in part. Specifically, Microsoft requests that the second and third full paragraphs on page 3 in the redacted portions of the Letter Motion are sealed from the public and Exhibits 3 and 4 be sealed in their entirety.

Dated: November 20, 2024                                  Respectfully submitted,

/s/ Jared B. Briant
Jared B. Briant (admitted *pro hac vice*)
Kirstin L. Stoll-DeBell (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegredrinker.com
Email: kirstin.stolldebell@faegredrinker.com

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York: NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
         mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116

Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
lnajemy@orrick.com


Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL  60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: carrie.beyer@faegredrinker.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*