# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

THE NEW YORK TIMES COMPANY,

              Plaintiff,

              v.

MICROSOFT CORPORATION, OPENAI,
INC., OPENAI LP, OPENAI GP, LLC,
OPENAI, LLC, OPENAI OPCO LLC,
OPENAI GLOBAL LLC, OAI
CORPORATION, LLC, and OPENAI
HOLDINGS, LLC,

              Defendants.

No. 1:23-cv-11195-SHS-OTW

------------------------------------------------------- X

DAILY NEWS, LP; CHICAGO TRIBUNE
COMPANY, LLC; ORLANDO SENTINEL
COMMUNICATIONS COMPANY, LLC;
SUN-SENTINEL COMPANY, LLC; SAN
JOSE MERCURY-NEWS, LLC; DP MEDIA
NETWORK, LLC; ORB PUBLISHING,
LLC; AND NORTHWEST
PUBLICATIONS, LLC,

              Plaintiffs,

              v.

MICROSOFT CORPORATION, OPENAI,
INC., OPENAI LP, OPENAI GP, LLC,
OPENAI, LLC, OPENAI OPCO LLC,
OPENAI GLOBAL LLC, OAI
CORPORATION, LLC, OPENAI
HOLDINGS, LLC,

              Defendants.

No. 1:24-cv-03285-SHS-OTW

------------------------------------------------------- X

**OPENAI DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC and OpenAI Holdings, LLC (collectively, "OpenAI") hereby object and respond to Plaintiffs' First Set of Requests for Admission. To the extent that OpenAI agrees to respond to these Requests, each entity is agreeing to respond only on its own behalf, to the extent any information is in the possession, custody, or control of that entity. Furthermore, an agreement by OpenAI to respond does not mean that each entity has information in its possession, custody, or control.

## INTRODUCTORY RESPONSE

The following responses and objections are based upon the facts, documents, and information presently known and available to OpenAI. Discovery, investigation, research, and analysis are ongoing. These processes may disclose the existence of additional facts or documents, add meaning to known facts or documents, or lead to additions, variations, or changes to these responses and objections.

Without obligating itself to do so, except to the extent required by the Federal Rules of Civil Procedure, OpenAI reserves the right to change or supplement these responses as additional facts or documents are discovered, revealed, recalled, or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional facts, documents, contentions, or legal theories that may apply. OpenAI specifically reserves the right to utilize subsequently discovered facts, documents, or other evidence at trial. Given the ongoing investigation, OpenAI reserves the right to serve timely verifications to the responses at a later date.

The general and specific responses and objections set forth below are intended to apply to

all information provided pursuant to the Requests.  Furthermore, these responses do not in any way waive any objections by OpenAI in this or in any subsequent proceeding, on any grounds, including objections as to the competency, relevancy, materiality, privilege or admissibility of these responses, or the subject matter thereof.

## **GENERAL OBJECTIONS**

The following objections to Definitions ("General Objections") are continuing in nature and shall apply to each Request and each and every definition by Plaintiffs and are hereby incorporated into each response. OpenAI makes each individual response subject to, and without waiver of, the following General Objections:

1.     OpenAI objects to the Requests to the extent that any Request:

a.     seeks the disclosure of information neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence;

b.     is overly broad, unduly burdensome, oppressive, and/or duplicative;

c.     is unrestricted in time;

d.     is vague and/or ambiguous;

e.     calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, the settlement privilege, and/or any other privilege or immunity from disclosure recognized by law;

f.     calls for the disclosure of information not within OpenAI's possession, custody, or control;

g.     calls for the disclosure of information that is publicly available or to which Plaintiffs have equal access; and/or

h.     constitutes a Request for Admission beyond the scope of discovery

authorized by and/or seeks to impose obligations beyond those required by the Federal Rules of
Civil Procedure 26 and 36, the local rules of the Southern District of New York, and this Court.

2.      In the event that OpenAI produces information or documents that are privileged,
work product, protected under Federal Rule of Evidence 502, or otherwise immune from
disclosure, it will have been produced through inadvertence and shall not constitute a waiver of
any privilege or immunity applicable (a) to that or any other information or documents or (b) to
communications concerning the subject matter of that or any other information or documents. Any
such information should be treated in accordance with the protective order and ESI protocol
entered in this action.

3.      OpenAI objects to each Request to the extent that it seeks trade secrets or
confidential or proprietary information of OpenAI.  OpenAI will produce confidential documents
and information as set forth herein subject to the terms of the protective order entered in this action.

4.      OpenAI objects to each Request to the extent it purports to require OpenAI to
disclose information in violation of a legal or contractual obligation of nondisclosure to a third
party. OpenAI will not disclose such information without either the consent of the relevant third
party or an order by the Court compelling production.

5.      OpenAI objects to each Request on the grounds that "Rule 36 is not a discovery
device" and should not be used to gather information or as a substitute for interrogatories, requests
for production of documents, and depositions. *T. Rowe Price Small-Cap Fund, Inc. v.
Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997); *see also Spectrum Dynamics Medical
Ltd. v. General Elec. Co.*, No. 18-cv-11386 (VSB) (KHP), 2021 WL 735241, at *2 (S.D.N.Y. Feb.
25, 2021) (RFAs "are not designed to discover information like other discovery rules such as Rule
34"). Instead, requests for admission should serve to narrow and eliminate issues for trial by

obtaining "admissions for the record of facts already known by the seeker." *Galgano v. County of Putnam*, 16-cv-3572 (KMK)(PED), 2021 WL 3159844, at *1 (S.D.N.Y. June 30, 2021). Accordingly, OpenAI need not answer "where requests for admission are not designed to identify and eliminate matters on which the parties agree, but to seek information as to fundamental disagreement at the heart of the lawsuit." *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018)

6.      OpenAI's investigation in this matter is continuing, and OpenAI will provide the information known to it at the present time. OpenAI reserves the right to supplement its responses pursuant to Rule 26(e) with different or additional information obtained during the course of discovery.

7.      OpenAI objects to each Request to the extent it would require OpenAI to make a legal conclusion or contention to make a proper response.

8.      OpenAI will make, and has made, reasonable efforts to respond to these Requests as OpenAI reasonably understands and interprets each Request. If Plaintiffs subsequently assert any interpretation of any Request that differs from the interpretation of OpenAI, then OpenAI reserves the right to supplement and amend its objections and responses.

9.      OpenAI objects to Plaintiffs' definitions of "Defendants," "OpenAI," "You" and "Your" to the extent they purport to include each of the OpenAI Defendants' "subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, and their respective officers, directors, employees, consultants, representatives, and agents" as overly broad, unduly burdensome and disproportionate to the needs of this case and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules. OpenAI interprets and defines OpenAI to include only the named Defendants OpenAI, Inc., OpenAI LP, OpenAI GP,

LLC, OpenAI, LLC, OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC and OpenAI Holdings, LLC.

10.    OpenAI objects to Plaintiffs' definition of "AI Model(s)," "Generative AI Model(s)," and "Text Generation AI Model(s)" and "Generative AI Product(s) and Service(s)" as overly broad, unduly burdensome, and not proportional to the needs of the case. Whereas these definitions encompass generative AI and AI models generally, Plaintiffs' allegations against OpenAI implicate only the models used for ChatGPT and are more limited in scope. OpenAI interprets and defines "AI Model(s)," "Generative AI Model(s)," and "Text Generation AI Model(s)" to include only the models used for ChatGPT.  OpenAI interprets and defines "Generative AI Product(s) and Service(s)" as ChatGPT.

11.    OpenAI objects to Plaintiffs' definition of "Journalism" as overly broad, unduly burdensome, and not proportional to the needs of the case. OpenAI interprets and defines "Journalism" as "the collection and editing of news for presentation through the media." "journalism." *Merriam-Webster.com*. 2024. www.merriamwebster.com/dictionary/journalism.

12.    OpenAI objects to Plaintiffs' definition of "Asserted Work(s)" to the extent it assumes that each "Asserted Work" is in fact a "work" protectable by copyright. By responding to Plaintiffs' Requests, OpenAI does not concede that any "Asserted Work" is such a work.  OpenAI also objects to the extent the definition of "Asserted Work(s)" purports to include "any subsequent additions or amendments to Plaintiffs' identification of asserted works."

Without waiving the foregoing General Objections but in express reliance thereon, OpenAI incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR ADMISSION NO. 1:

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. at 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill v. Payne*, No. 18-cv-6022EAW, 2022 WL 875924, at *8 (W.D.N.Y. Mar. 8, 2022)

(explaining that RFAs do not meet Rule 36's standard when they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu v. Union Carbide Corp.*, 262 F.R.D. 308, 318 (S.D.N.Y. 2009) (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing During Summer 2020 Demonstrations*, No. 20-cv-8924 (CM) (GWG), 2023 WL 167410, at *1 (S.D.N.Y. Jan. 12, 2023) (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrase "appears in" as vague and ambiguous. OpenAI objects to the phrase "Training Datasets" as vague and ambiguous and as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent Plaintiffs purport to include within its definition any "data and content used to . . . otherwise affect the performance of the Generative AI Models."

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of

discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data, or by conducting targeted searches on Plaintiffs' behalf.

**REQUEST FOR ADMISSION NO. 2:**

Admit separately, with respect to each of the Asserted Works and each of Your Generative AI Models, that the Asserted Work was used to train the Generative AI Model.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works as to "each of [OpenAI's] Generative AI Models," for a total of no fewer than 28,280,259 admissions, without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. at 46 (denying motion to

compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrase "used to train" as vague and ambiguous.

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data,

or by conducting targeted searches on Plaintiffs' behalf.

**REQUEST FOR ADMISSION NO. 3:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-1 family of models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. at 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when

they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu v*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "appears in" and "family of models" as vague and ambiguous. OpenAI objects to the phrase "Training Datasets" as vague and ambiguous and as overly broad, unduly burdensome, and disproportionate to the needs of this case the extent Plaintiffs purport to include within its definition any "data and content used to . . . otherwise affect the performance of the Generative AI Models."

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection

and search, by providing Plaintiffs with technical assistance on their searches of the training data, or by conducting targeted searches on Plaintiffs' behalf.

**REQUEST FOR ADMISSION NO. 4:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-1 family of models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. 38, 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied");

*see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "used to train" and "family of models" as vague and ambiguous.

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data, or by conducting targeted searches on Plaintiffs' behalf.

**REQUEST FOR ADMISSION NO. 5:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-2 family of models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. at 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and

assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu v*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "appears in" and "family of models" as vague and ambiguous. OpenAI objects to the phrase "Training Datasets" as vague and ambiguous and as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent Plaintiffs purport to include within its definition any "data and content used to . . . otherwise affect the performance of the Generative AI Models."

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data,

or by conducting targeted searches on Plaintiffs' behalf.

**REQUEST FOR ADMISSION NO. 6:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-2 family of models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. 38, 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when

they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "used to train" and "family of models" as vague and ambiguous.

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data, or by conducting targeted searches on Plaintiffs' behalf.

**REQUEST FOR ADMISSION NO. 7:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-3 family of models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. at 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and

assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu v*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "appears in" and "family of models" as vague and ambiguous. OpenAI objects to the phrase "Training Datasets" as vague and ambiguous and as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent Plaintiffs purport to include within its definition any "data and content used to . . . otherwise affect the performance of the Generative AI Models."

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data,

or by conducting targeted searches on Plaintiffs' behalf.

**REQUEST FOR ADMISSION NO. 8:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-3 family of models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. 38, 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when

they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "used to train" and "family of models" as vague and ambiguous.

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data, or by conducting targeted searches on Plaintiffs' behalf.

**REQUEST FOR ADMISSION NO. 9:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-3.5 family of models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. at 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and

assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu v*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "appears in" and "family of models" as vague and ambiguous. OpenAI objects to the phrase "Training Datasets" as vague and ambiguous and as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent Plaintiffs purport to include within its definition any "data and content used to . . . otherwise affect the performance of the Generative AI Models."

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data,

or by conducting targeted searches on Plaintiffs' behalf.

## REQUEST FOR ADMISSION NO. 10:

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-3.5 family of models.

## RESPONSE TO REQUEST FOR ADMISSION NO. 10:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. 38, 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when

they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "used to train" and "family of models" as vague and ambiguous.

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data, or by conducting targeted searches on Plaintiffs' behalf.

**REQUEST FOR ADMISSION NO. 11:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-3.5 Turbo family of models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. at 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and

assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu v*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "appears in" and "family of models" as vague and ambiguous. OpenAI objects to the phrase "Training Datasets" as vague and ambiguous and as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent Plaintiffs purport to include within its definition any "data and content used to . . . otherwise affect the performance of the Generative AI Models."

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data,

or by conducting targeted searches on Plaintiffs' behalf.

**REQUEST FOR ADMISSION NO. 12:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-3.5 Turbo family of models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. 38, 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when

they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "used to train" and "family of models" as vague and ambiguous.

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data, or by conducting targeted searches on Plaintiffs' behalf.

**REQUEST FOR ADMISSION NO. 13:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-4 family of models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. at 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and

assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu v*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "appears in" and "family of models" as vague and ambiguous. OpenAI objects to the phrase "Training Datasets" as vague and ambiguous and as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent Plaintiffs purport to include within its definition any "data and content used to . . . otherwise affect the performance of the Generative AI Models."

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data,

or by conducting targeted searches on Plaintiffs' behalf.

**REQUEST FOR ADMISSION NO. 14:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-4 family of models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. 38, 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when

they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "used to train" and "family of models" as vague and ambiguous.

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data, or by conducting targeted searches on Plaintiffs' behalf.

**REQUEST FOR ADMISSION NO. 15:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-4 Turbo family of models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. at 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and

assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu v*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "appears in" and "family of models" as vague and ambiguous. OpenAI objects to the phrase "Training Datasets" as vague and ambiguous and as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent Plaintiffs purport to include within its definition any "data and content used to . . . otherwise affect the performance of the Generative AI Models."

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data,

or by conducting targeted searches on Plaintiffs' behalf.

## REQUEST FOR ADMISSION NO. 16:

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-4 Turbo family of models.

## RESPONSE TO REQUEST FOR ADMISSION NO. 16:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. 38, 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when

they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "used to train" and "family of models" as vague and ambiguous.

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data, or by conducting targeted searches on Plaintiffs' behalf.

## REQUEST FOR ADMISSION NO. 17:

Admit separately, with respect to each of the Asserted Works, that the Asserted Work appears in at least one of the Training Datasets for the GPT-4o family of models.

## RESPONSE TO REQUEST FOR ADMISSION NO. 17:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. at 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and

assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu v*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "appears in" and "family of models" as vague and ambiguous. OpenAI objects to the phrase "Training Datasets" as vague and ambiguous and as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent Plaintiffs purport to include within its definition any "data and content used to . . . otherwise affect the performance of the Generative AI Models."

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data,

or by conducting targeted searches on Plaintiffs' behalf.

## REQUEST FOR ADMISSION NO. 18:

Admit separately, with respect to each of the Asserted Works, that the Asserted Work was used to train at least one of the GPT-4o family of models.

## RESPONSE TO REQUEST FOR ADMISSION NO. 18:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399 (denying motion to compel responses to RFAs). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").

OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 26(a)(2). *See Oppenheimer*, 174 F.R.D. 38, 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when

they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and assertions") (cleaned up).

OpenAI further objects that this Request as written is improper as it would appear to require OpenAI to conduct a distinct investigation and respond "separately" as to each of the 4,040,037 alleged works (which are identified only by cross reference to 186 spreadsheets produced by Plaintiffs at DNP-00000001 through DNP-00000186). *See Sahu*, 262 F.R.D. at 318 (denying motion to compel responses to requests for admission where other discovery was "sufficient to prove many of the facts for which [plaintiffs] request an admission" and where the "requests for admission appear to be an attempt to shift the burden of sifting through this discovery onto Defendants," and noting that "[t]his is not an appropriate use of Rule 36"). OpenAI also objects to this Request as premature because discovery is ongoing. *See In re New York City Policing*, 2023 WL 167410, at *1 (noting that "the Court's consideration of the RFAs is heavily influenced by the stage of the case" and that while "RFAs are most useful to eliminate the need to provide uncontested matters at trial . . . [t]hey are much less useful when propounded in the middle of discovery"). OpenAI objects to the phrases "used to train" and "family of models" as vague and ambiguous.

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. If a response is deemed required, OpenAI denies the Request at least on these bases. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data, including by making its training data available for inspection and search, by providing Plaintiffs with technical assistance on their searches of the training data, or by conducting targeted searches on Plaintiffs' behalf.

**REQUEST FOR ADMISSION NO. 19:**

Admit separately, with respect to each of the copyright registrations for which a registration number appears in Exhibits A-H to the Complaint, that the copyright registration is valid.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,775 different asserted copyright registrations. *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet"). OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,775 copyright registrations without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2). *See Oppenheimer*, 174 F.R.D. at 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and assertions") (cleaned up). OpenAI objects that this Request calls for 4,775 legal conclusions. OpenAI objects that it lacks the knowledge or information needed to ascertain whether any given asserted copyright registration is valid. That knowledge or information is in Plaintiffs' or other third parties' possession.

Subject to the foregoing General and Specific Objections, OpenAI responds that it has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request, and responds further that Plaintiffs possess and have not provided the information needed to ascertain whether its asserted copyright registrations are valid. Accordingly, OpenAI will neither admit nor deny this Request.  If a response is deemed required, OpenAI denies the Request at least on this basis.

**REQUEST FOR ADMISSION NO. 20:**

Admit separately, with respect to each of the Asserted Works, that the Asserted Work is owned by one of the Publishers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of this case in that it seeks a separate admission regarding each of the 4,040,037 different alleged works.  *See Spectrum Dynamics*, 2021 WL 735241, at *2 (explaining that "although Rule 36 does not impose numeric limitations on the requests, requests to admit may be so voluminous and so framed that they are unduly burdensome" and finding that "[t]o be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome"); *see also Galgano*, 2021 WL 3159844, at *1 (finding that "a protective order is warranted due to the oppressive number of requests" regarding RFAs about "some 60,000 individual text messages included in a spreadsheet").  OpenAI objects on the basis that this Request is compound and seeks an admission regarding 4,040,037 alleged works without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2).  *See Oppenheimer*, 174 F.R.D. at 46 (denying motion to compel where requests failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly, so that they can easily and coherently be admitted or denied"); *see*

*also Hill*, 2022 WL 875924, at *8 (explaining that RFAs do not meet Rule 36's standard when they are "prolix, argumentative, confusing, and embrace compound subjects, actors, events, and assertions") (cleaned up)  OpenAI objects that this Request calls for 4,040,037 legal conclusions. OpenAI objects that it lacks the knowledge or information needed to ascertain whether "one of the publishers" owns any given asserted work.  That knowledge or information is in Plaintiffs' or other third parties' possession.  OpenAI objects to the phrases "owned" and "one of the Publishers" as vague and ambiguous.

Subject to the foregoing General and Specific Objections, OpenAI responds that it has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request, and responds further that Plaintiffs possess and have not provided the information needed to ascertain whether "one of the publishers" owns the Asserted Works.  Accordingly, OpenAI will neither admit nor deny this Request.  If a response is deemed required, OpenAI denies the Request at least on this basis.

Dated: November 20, 2024

MORRISON & FOERSTER LLP


By: */s/ Rose S. Lee*
      Joseph C. Gratz (*pro hac vice*)
      JGratz@mofo.com
      Andrew L. Perito (*pro hac vice*)
      APerito@mofo.com
      Vera Ranieri (*pro hac vice*)
      VRanieri@mofo.com
      425 Market Street
      San Francisco, CA  94105-2482
      Telephone:  415.268.7000
      Facsimile:  415.268.7522

      Rose S. Lee (*pro hac vice*)
      RoseLee@mofo.com
      707 Wilshire Boulevard
      Los Angeles, CA 90017-3543
      Telephone:  213.892.5200
      Facsimile:  213.892.5454

      Carolyn M. Homer (*pro hac vice*)
      CHomer@mofo.com
      2100 L Street, NW
      Suite 9000
      Washington, D.C. 20037
      Telephone:  202.887.1500
      Facsimile:  202.887.0763

      Eric K. Nikolaides
      ENikolaides@mofo.com
      Emily C. Wood
      EWood@mofo.com
      250 W. 55th Street
      New York, NY 10019-9601
      Telephone:  212.468.8000

      Attorneys for Defendants
      OPENAI, INC., OPENAI LP, OPENAI
      GP, LLC, OPENAI, LLC, OPENAI
      OPCO LLC, OPENAI GLOBAL LLC,
      OAI CORPORATION, LLC, and
      OPENAI HOLDINGS, LLC

Dated:        November 20, 2024            LATHAM & WATKINS LLP


By: _/s/ Elana Nightingale Dawson_____
Andrew Gass (*pro hac vice*)
andrew.gass@lw.com
Joseph R. Wetzel (*pro hac vice*)
joe.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

Sarang Damle
sy.damle@lw.com
Michael A. David
michael.david@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
555 Eleventh Street NW
Suite 100
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Allison Levine Stillman
alli.stillman@lw.com
Rachel R. Blitzer
rachel.blitzer@lw.com
Herman Yue
Herman.yue@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Attorneys for Defendants
OPENAI, INC., OPENAI LP, OPENAI
GP, LLC, OPENAI, LLC, OPENAI
OPCO LLC, OPENAI GLOBAL LLC,
OAI CORPORATION, LLC, and
OPENAI HOLDINGS, LLC

Dated:        November 20, 2024                    KEKER, VAN NEST & PETERS LLP


                                    By: */s/ Thomas E. Gorman*
                                        Robert A. Van Nest (*pro hac vice*)
                                        RVanNest@keker.com
                                        R. James Slaughter (*pro hac vice*)
                                        RSlaughter@keker.com
                                        Paven Malhotra
                                        PMalhotra@keker.com
                                        Michelle S. Ybarra (*pro hac vice*)
                                        MYbarra@keker.com
                                        Nicholas S. Goldberg (*pro hac vice*)
                                        NGoldberg@keker.com
                                        Thomas E. Gorman (*pro hac vice*)
                                        TGorman@keker.com
                                        Katie Lynn Joyce (*pro hac vice*)
                                        KJoyce@keker.com
                                        Christopher S. Sun (*pro hac vice*)
                                        CSun@keker.com
                                        633 Battery Street
                                        San Francisco, California  94111-1809
                                        Telephone:  (415) 391-5400
                                        Facsimile:  (415) 397-7188

                                        Attorneys for Defendants
                                        OPENAI, INC., OPENAI LP, OPENAI
                                        GP, LLC, OPENAI, LLC, OPENAI
                                        OPCO LLC, OPENAI GLOBAL LLC,
                                        OAI CORPORATION, LLC, and
                                        OPENAI HOLDINGS, LLC

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 2100 L Street, NW, Suite 900 Washington, D.C. 20037. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on November 20, 2024, I served a copy of:

**OPENAI DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

⊠   **BY ELECTRONIC SERVICE** [Fed. Rule Civ. Proc. rule 5(b)] by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| | |
|---|---|
| Genevieve Vose Wallace<br>Ian B. Crosby<br>Katherine Marie Peaslee<br>SUSMAN GODFREY LLP<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Telephone: 206.516.3880 | Davida Brook<br>Ellie Rae Dupler<br>Emily K. Cronin<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Telephone: 310.798.3150 |
| Alexander Frawley<br>Eudokia Spanos<br>Tamar Lusztig<br>SUSMAN GODFREY LLP<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Telephone: 212.336.8330 | Jennifer Maisel<br>Kristen Logan<br>Steven M Lieberman<br>ROTHWELL FIGG ERNST & MANBECK, P.C.<br>901 New York Avenue, N.W.; Suite 900 East<br>Washington, DC 20001<br>Telephone: 202.783.6040<br>Email: jmaisel@rothwellfigg.com<br>KLogan@rothwellfigg.com<br>slieberm@rothwellfigg.com<br>Nhage@rothwellfigg.com |

| | |
|---|---|
| Scarlett Collings<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Telephone: 713.904.8812 | Zachary B. Savage<br>Elisha Brandis Barron<br>SUSMAN GODFREY LLP<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Telephone: 212.471.8358 |

NYT-AI-SG-Service@simplelists.susmangodfrey.com

*Attorneys for New York Times Company*

| | |
|---|---|
| Annette L. Hurst<br>ORRICK, HERRINGTON & SUTCLIFF<br>LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>Telephone: 415.773.5700 | Christopher J. Cariello<br>ORRICK, HERRINGTON & SUTCLIFF<br>LLP<br>51 West 2nd Street<br>New York, NY 10019<br>Telephone: 212.506.5000 |
| Jeffrey S. Jacobson<br>FAEGRE DRINKER BIDDLE & REATH<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Telephone: 212.248.3191 | Jared B. Briant<br>FAEGRE DRINKER BIDDLE & REATH<br>1144 15th Street, Suite 3400<br>Denver, CO 80202<br>Telephone: 303.607.3588 |
| Laura Brooks Najemy<br>Sheryl Koval Garko<br>ORRICK, HERRINGTON & SUTCLIFF<br>LLP<br>222 Berkley Street<br>Boston, MA 02116<br>Telephone: 617.880.1800 | Carrie A. Beyer<br>FAEGRE DRINKER BIDDLE & REATH<br>LLP<br>320 South Canal Street, Suite 3300<br>Chicago, IL 60606-5707<br>Telephone: 312-569-1000 |

NewYorkTimes_Microsoft_OHS@orrick.com
newyorktimes-microsoft-fdbr@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*

| | |
|---|---|
| Bryan Berkeley Thompson<br>Jennifer Maisel<br>Jenny L. Colgate<br>Kristen Logan<br>Mark Rawls<br>Robert Parker<br>Steven M Lieberman<br>ROTHWELL FIGG ERNST & MANBECK,<br>P.C.<br>901 New York Avenue, N.W.; Suite 900 East<br>Washington, DC 20001<br>Telephone: 202.783.6040<br>Email: bthompsom@rfem.com<br>jmaisel@rothwellfigg.com<br>jcolgate@rfem.com<br>KLogan@rothwellfigg.com<br>mrawls@rfem.com<br>rparker@rfem.com<br>slieberm@rothwellfigg.com<br>Nhage@rothwellfigg.com | Jeffrey A. Lindenbaum<br>ROTHWELL FIGG ERNST & MANBECK,<br>P.C.<br>The Holyoke-Manhattan Building<br>80 South Highland Avenue<br>Ossining, NY 10562<br>Telephone: 914.941.5668<br>Fax: 914.941.6091<br>Email: jlindenbaum@rothwellfigg.com |
| *Attorneys for Plaintiffs* | |

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York, this 20th day of November, 2024.


    Laura J. Bavaria                             *Laura J. Bavaria*    
          (typed)                                      (signature))