SUSMAN GODFREY L.L.P.

November 21, 2024

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re: *The New York Times Company v. Microsoft Corporation, et al.*,
       23-cv-11195-SHS: Opp. to OAI's Mot. to Compel Custodians (Dkt. 316)

Dear Magistrate Judge Wang:

  Plaintiff The New York Times Company ("The Times") opposes OpenAI's November 18 request to compel the addition of four new, duplicative custodians, as The Times's existing custodians are well-positioned to address each of the topics that OpenAI invokes. Dkt. 316.

  The Times's 22 designated custodians[1] include the chief executive officers and heads of nearly every business department, including business operations, newsroom (including the use of generative AI for journalism), licensing (including for generative AI purposes), finance, audience, data science, technology, advertising, marketing, products, strategy, and legal. *See* Ex. 1.

  OpenAI bears the burden of demonstrating that discovery from each newly requested custodian would be "relevant and nonduplicative." *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, 2021 WL 961750, at *2 (S.D.N.Y. Mar. 15, 2021). The four remaining custodians OpenAI seeks do not offer unique, nonduplicative information relative to existing custodians. The burden and expense of collecting and reviewing their documents at this stage of discovery is unnecessary and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, OpenAI's request should be denied.

### 1. David Rubin

  OpenAI seeks to add Chief Brand and Communications Officer and Wirecutter Publisher David Rubin as a custodian to test The Times's allegations that OpenAI harmed the Times's brand, reputation, and trademarks. Dkt. 316 at 1-2. The Times agrees that OpenAI is entitled to discovery on these topics. But The Times has already designated several custodians who are better-equipped and more likely to have relevant knowledge about these issues than Mr. Rubin. For example, The Times designated the following custodians who are knowledgeable about:

- General information regarding The Times's brand, licensing, reputation, and trademarks:
    - Amy Weisenbach - Chief Marketing Officer
    - William Bardeen – EVP & Chief Financial Officer
    - Greg Miller – Executive Director of Business Development and Operations, Licensing and former Executive Director of Licensing and Branded Services
    - Rebecca Grossman-Cohen – SVP, Platform Strategy & Partnerships
    - Hannah Poferl – Chief Data Officer & Head of Audience
- Brand and reputation information specific to Wirecutter and The Athletic:

---

[1] OpenAI's request for Joy Robins is moot because The Times agreed to add her as a custodian on November 21.

- o  Ben Frumin – Wirecutter Editor-in-Chief
- o  Leilani Han – Wirecutter Executive Director of Commerce
- o  David Perpich – The Athletic Publisher

Mr. Bardeen, Ms. Grossman-Cohen, and Ms. Poferl are identified as witnesses most knowledgeable about the harm to The Times's reputation for accuracy, originality, and quality—exactly the discovery OpenAI claims to need from Mr. Rubin. Ex. 2 at 7. OpenAI has not shown that Mr. Rubin has nonduplicative or superior knowledge on any of these issues. Dkt. 316 at 2. In reality, Mr. Rubin's high-level role overseeing brand strategy, subscriptions, advertising, licensing, books, film, television, commerce, and live events is either duplicative or too far attenuated to yield unique or relevant discovery on the specific brand and reputation issues in this case.[2] Dkt. 170 ¶¶ 133, 135, 204.

Moreover, Mr. Rubin's role goes far beyond the brand and reputation discovery OpenAI seeks. Mr. Rubin is the chief communications executive in charge of The Times's corporate and internal messaging, public relations, and public affairs. Designating an individual as a custodian typically requires collection and search of **all** of their custodial documents. The Times's communications and public relations strategies are highly sensitive and not relevant to The Times's brand and reputational harm or any other issue in this case. Requiring The Times to undergo the time and expense to collect, review, and potentially litigate over those documents is disproportional to the needs of the case.

## 2. Michael Greenspon

OpenAI asks The Times to add Global Head of Licensing and Print Innovation Michael Greenspon as a custodian on licensing and the market for Times works. Dkt. 316 at 2. Again, The Times does not dispute that OpenAI is entitled to discovery on licensing and the market. The Times designated several key individuals with knowledge about licensing negotiations and the licensing market, including the market for licensing Times works for generative AI:

- Rebecca Grossman-Cohen – Chief of Staff & SVP Platform Strategy & Partnerships
- Sam Felix – VP & Head of Platform Strategy and Strategic Generative AI Partnerships
- Greg Miller – Executive Director of Business Development and Operations, Licensing
- Hannah Yang[3] - Chief Growth & Customer Officer

All licensing work related to generative AI is run through Ms. Felix and Ms. Grossman-Cohen. In that role, they led The Times's negotiations with OpenAI and Microsoft preceding this lawsuit and have a deep understanding of how OpenAI's conduct impacts The Times's ability to license its works. Mr. Miller works directly on licensing and trademarks and negotiated a deal with Microsoft to license Times articles in 2022. OpenAI has not shown that Mr. Greenspon is likely to have unique, relevant knowledge that these custodians do not.

## 3. Hannah Masuga

---

[2] *See* https://www.nytco.com/person/david-rubin/.
[3] *See* https://www.nytco.com/person/hannah-yang/.

November 21, 2024
Page 3

OpenAI claims without explanation or support that former employee Hannah Masuga[4] has unique knowledge about the operation and enforcement of The Times's paywall and exclusion protocols. Dkt. 316 at 3. The Times's paywall and exclusion protocols are relevant. But The Times designated high-level custodians (and current employees) knowledgeable about the paywall, web crawlers, webmaster controls, and exclusion protocols already:

- Hannah Poferl - Chief Data Officer & Head of Audience
- Christine Liang - Senior Director of Search Engine Optimization
- Sam Felix - VP & Head of Platform Strategy and Strategic Generative AI Partnerships

*See also* Ex. 2 at 5-6; Ex. 3. OpenAI has not shown that Ms. Masuga is likely to yield relevant, nonduplicative discovery on any of these issues. *See Coventry*, 2021 WL 961750, at *2.

**4. Sam Dolnick**

Finally, the Court should deny OpenAI's request to add Deputy Managing Editor Sam Dolnick as a custodian on the topic of how The Times's journalism has been impacted by OpenAI's conduct. Again, while The Times does not dispute that this information is relevant, it disagrees that Mr. Dolnick is an appropriate or nonduplicative custodian. The Times already designated custodians with knowledge on the same issues:

- The Times's journalism and its investment into its journalism:
  - A.G. Sulzberger[5] – Chairman and Publisher
- The Times's audience and the impact of OpenAI's conduct on its audience:
  - Hannah Poferl – Chief Data Officer & Head of Audience
- The impact of generative AI on The Times's newsroom:
  - Zach Seward – Editorial Director of A.I. Initiatives tasked with "leveraging generative artificial intelligence" and "machine learning" in the newsroom[6]
- The Times's generative AI initiatives broadly:
  - Alex Hardiman – Chief Product Officer

OpenAI has not shown that Mr. Dolnick is likely to have unique knowledge on any of these topics, or that these custodians are insufficient. Neither of the documents OpenAI cites support its case. Dkt. 316 at 3. Exhibit J is a memorandum on artificial intelligence that was co-authored by Ms. Hardiman. Dkt. 316-10. Exhibit I is a memorandum regarding the use of generative AI in the newsroom—which is the primary focus of Mr. Seward's job at The Times. Dkt. 316-9.

Instead, Mr. Dolnick's role as Deputy Managing Editor in The Times's newsroom[7] means that his custodial files contain documents protected by the reporter's privilege that will require significant time and expense to review and locate whatever responsive, non-privileged material is left. Because OpenAI cannot meet its burden to show Mr. Dolnick is likely to have nonduplicative knowledge, the Court should deny OpenAI's request to add Mr. Dolnick as a custodian.

---

[4] Ms. Masuga was formerly employed as a Technical Product Director of Machine Learning Platform.
[5] *See also* Ex. 3.
[6] *See* https://www.nytco.com/press/zach-seward-is-the-newsrooms-editorial-director-of-a-i-initiatives/; https://www.nytco.com/press/introducing-the-a-i-initiatives-team/.
[7] *See* https://www.nytimes.com/by/sam-dolnick.

November 21, 2024
Page 4

          Respectfully submitted,

          */s/ Ian B. Crosby*
          Ian B. Crosby
          Susman Godfrey L.L.P.

          */s/ Steven Lieberman*
          Steven Lieberman
          Rothwell, Figg, Ernst & Manbeck

cc:    All Counsel of Record (via ECF)