# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>　　　　Defendants. | Civil Action No. 1:23-cv-11195-SHS |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MICROSOFT CORPORATION'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff, The New York Times Company ("The Times") provides the following supplemental responses and objections to Defendant Microsoft Corporation's ("Microsoft") First Set of Interrogatories (the "Interrogatories"). These responses and objections are based on The Times's knowledge, investigations, and analysis to date. The Times reserves all rights to supplement and amend its responses and objections accordingly.

**GENERAL OBJECTIONS**

1.　　The Times objects to the Interrogatories to the extent any of them seek information subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2.　　The Times objects to the Interrogatories to the extent any of them seek information not within The Times's possession, custody, or control.

3. The Times objects to the Interrogatories to the extent any of them request information beyond what The Times is required to provide under Local Rule 33.3.

4. The Times's responses are subject to the following objections to the "Instructions and Definitions" provided with the Interrogatories.

5. The Times objects to the definitions of "You," "Your," "NYT," or "New York Times" insofar as they include The Times's "corporate parent," of which there is none. The Times further objects to these definitions as contrary to Local Rule 26.3, particularly insofar as they include The Times's "attorneys" and "agents." The Times construes "You," "Your," "NYT," or "New York Times" as those terms are defined in Local Rule 26.3.

6. The Times objects to the definition of "Generative AI Technologies" insofar as the definition is not limited to *Defendants'* models, products, or services. The Times construes "Generative AI Technologies" to mean "Defendants' artificial intelligence models that use machine learning techniques to predict and generate natural-language outputs in response to user inputs."

7. The Times objects to the definition of "Generative AI System(s)" as vague and ambiguous, including because the definition does not explain what it means for a consumer-facing application to be "built on" on an artificial intelligence model. The Times further objects to this definition insofar as it is not limited to *Defendants'* models, products, or services. In any event, the term "Generative AI System(s)" appears nowhere in these Interrogatories.

8. The Times objects to the instruction that "the past tense of a verb includes the present tense and vice versa," as well as the instruction that the "present tense shall always include the past tense and vice versa." The Times will respond to each Interrogatory as written.

9. The Times objects to the instruction requesting that The Times provide a "privilege log" insofar as that instruction asks The Times to provide more information than what is required by law. The Times will comply with its obligations under Federal Rule of Civil Procedure 26 and the terms of any protective order entered in this case.

10. The Times objects to the stated time period for these Interrogatories, which Microsoft has listed as June 2, 2019 to the present. The Times is willing to meet and confer regarding a more appropriately tailored time frame for these Interrogatories.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 5:**

Identify individuals with knowledge of information regarding Your retention of data regarding use of Generative AI Products and Services by You, including any data retention policies and procedures regarding use of Generative AI Products and Services by You.

**RESPONSE TO NO. 5:**

The Times incorporates the General Objections set forth above. The Times further objects to this Interrogatory as vague and ambiguous and potentially overbroad because the Interrogatory refers to "use" of Generative AI Technologies without clarifying the type of use the Interrogatory is asking about. The Times further objects to this Interrogatory to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.

Subject to these objections, The Times responds as follows: other than in-house legal counsel, Zach Seward, Alex Hardiman, Jason Sobel, and Gordon Diggs.

**SUPPLEMENTAL RESPONSE TO NO. 5:**

The Times incorporates the General Objections set forth above. The Times further objects to this Interrogatory as vague and ambiguous and potentially overbroad because the Interrogatory refers to "use" of Generative AI Technologies without clarifying the type of use the Interrogatory is asking about. The Times further objects to this Interrogatory to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070.

Subject to these objections, The Times responds as follows: other than in-house legal counsel, Zach Seward, Alex Hardiman, Jason Sobel, Gordon Diggs, and Hannah Poferl.

**INTERROGATORY NO. 6:**

Identify witnesses with knowledge of information regarding internet search performance metrics for Your digital publications, including but not limited to organic traffic, click-through traffic, impressions, snippet performance, keyword rankings, digital advertisement performance, and all revenue tracking related thereto.

**RESPONSE TO NO. 6:**

The Times incorporates the General Objections set forth above. The Times further objects to the Interrogatory because it asks The Times to identify "witnesses" long before any deadline to disclose witnesses for trial. The Times further objects to this Interrogatory insofar as it calls for information outside of The Times's possession, custody, and control.

Subject to these objections, The Times responds as follows: other than in-house legal counsel, Sam Felix, and Hannah Poferl.

**SUPPLEMENTAL RESPONSE TO NO. 6:**

4

The Times incorporates the General Objections set forth above. The Times further objects to the Interrogatory because it asks The Times to identify "witnesses" long before any deadline to disclose witnesses for trial. The Times further objects to this Interrogatory insofar as it calls for information outside of The Times's possession, custody, and control.

Subject to these objections, The Times responds as follows: other than in-house legal counsel, Sam Felix, Hannah Poferl, Rebecca Grossman-Cohen, and Alex Hardiman.

**INTERROGATORY NO. 7:**

Identify witnesses with knowledge of information regarding Your access control for Your digital publications, including but not limited to Your use of Microsoft's Bing Webmaster Tools.

**RESPONSE TO NO. 7:**

The Times incorporates the General Objections set forth above. The Times further objects to the Interrogatory because it asks The Times to identify "witnesses" long before any deadline to disclose witnesses for trial. The Times further objects to this Interrogatory as vague and ambiguous because it does not explain the meaning of "access control." To the extent the Interrogatory seeks information about The Times's information security practices, The Times objects to the Interrogatory on the ground that it seeks irrelevant information.

The Times is willing to meet and confer with Microsoft about this Interrogatory.

**SUPPLEMENTAL RESPONSE TO NO. 7:**

The Times incorporates the General Objections set forth above. The Times further objects to the Interrogatory because it asks The Times to identify "witnesses" long before any deadline to disclose witnesses for trial. The Times further objects to this Interrogatory as vague and ambiguous because it does not explain the meaning of "access control." To the extent the

Interrogatory seeks information about The Times's information security practices, The Times objects to the Interrogatory on the ground that it seeks irrelevant information.

Subject to these objections, The Times responds as follows: other than in-house legal counsel, Sam Felix, Hannah Poferl, Justin Heidman, and Elijah Soria.

**INTERROGATORY NO. 8:**

Identify witnesses with knowledge of information regarding Your use of metatags to prevent web crawlers from accessing, indexing, archiving, or caching some or all of Your digital publications, including but not limited to the implementation and management of the metatags identified at *https://www.nytimes.com/robots.txt*.

**RESPONSE TO NO. 8:**

The Times incorporates the General Objections set forth above. The Times further objects to the Interrogatory because it asks The Times to identify "witnesses" long before any deadline to disclose witnesses for trial. The Times further objects to the Interrogatory insofar as it seeks irrelevant information.

Subject to these objections, The Times responds as follows: other than in-house legal counsel, Sam Felix, and Hannah Poferl.

**SUPPLEMENTAL RESPONSE TO NO. 8:**

The Times incorporates the General Objections set forth above. The Times further objects to the Interrogatory because it asks The Times to identify "witnesses" long before any deadline to disclose witnesses for trial. The Times further objects to the Interrogatory insofar as it seeks irrelevant information.

Subject to these objections, The Times responds as follows: other than in-house legal counsel, Sam Felix, Hannah Poferl, Justin Heidman, and Elijah Soria.

**INTERROGATORY NO. 10:**

Identify witnesses with knowledge of information regarding any actual harm to Your reputation for accuracy, originality, and quality as a result of the conduct alleged in the Complaint.

**RESPONSE TO NO. 10:**

The Times incorporates the General Objections set forth above. The Times further objects to the Interrogatory because it asks The Times to identify "witnesses" long before any deadline to disclose witnesses for trial.

Subject to these objections, The Times is willing to meet and confer about this request.

**SUPPLEMENTAL RESPONSE TO NO. 10:**

The Times incorporates the General Objections set forth above. The Times further objects to the Interrogatory because it asks The Times to identify "witnesses" long before any deadline to disclose witnesses for trial.

Subject to these objections, The Times responds as follows: other than in-house legal counsel, William Bardeen, Rebecca Grossman-Cohen, and Hannah Poferl.

Dated: August 23, 2024                     /s/ Ian Crosby

                                                Ian Crosby *(pro hac vice)*
                                                Genevieve Vose Wallace *(pro hac vice)*
                                                Katherine M. Peaslee *(pro hac vice)*
                                                SUSMAN GODFREY L.L.P.
                                                401 Union Street, Suite 3000
                                                Seattle, WA 98101
                                                Telephone: (206) 516-3880
                                                Facsimile: (206) 516-3883
                                                icrosby@susmangodfrey.com
                                                gwallace@susmangodfrey.com
                                                kpeaslee@susmangodfrey.com

                                                Davida Brook *(pro hac vice)*
                                                Emily K. Cronin (*pro hac vice*)

7

Ellie Dupler *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings  (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Susman Godfrey L.L.P., whose address is 1900 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on August 23, 2024, I served a copy of:

**PLAINTIFF THE NEW YORK TIMES COMPANY'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MICROSOFT CORPORATION'S FIRST SET OF INTERROGATORIES**

| | |
|---|---|
| ☒ | **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)(2)(E)]** by electronically mailing a true and correct copy through Susman Godfrey L.L.P.'s electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. Rule Civ. Proc. Rule 5(b)(2)(E). |
| ☐ | **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the offices of the addressee. |
| | **See Attached Service list** |

I declare under penalty of perjury that the following is true and correct. Executed at Los Angeles, California, this 23 day of August, 2024.

*/s/ Emily K. Cronin*
Emily K. Cronin

**SERVICE LIST**

OpenAICopyright@mofo.com

Joseph C. Gratz
Vera Ranieri
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-6066
Facsimile: (415) 268-7522
Email: jgratz@mofo.com
Email: Vranieri@mofo.com

Allyson R. Bennett
Rose S. Lee
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Email: Abennett@mofo.com
Email: RoseLee@mofo.com

Eric Nikolaides
Morrison & Foerster LLP
250 W. 55th St
New York, NY 10019
Telephone: 212-336-4061
Email: enikolaides@mofo.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, And OpenAI Holdings, LLC**

OpenAICopyrightLitigation.lwteam@lw.com

Andrew Gass
Joseph Richard Wetzel , Jr.,
LATHAM & WATKINS, LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Facsimile: (415)-395-8095
Email: andrew.gass@lw.com
Email: joe.wetzel@lw.com

Allison Levine Stillman
Luke Budiardjo
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212)906-1200
Facsimile: 212-751-4864
Email: alli.stillman@lw.com
Email: luke.budiardjo@lw.com

Sarang Damle
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202)637-2200
Facsimile: 202-637-2201
Email: sy.damle@lw.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, And OpenAI Holdings, LLC**

**kvpoai@keker.com**

Robert A. Van Nest
Paven Malhotra
R. James Slaughter
Katie Lynn Joyce
Michelle S. Ybarra
Nicholas S Goldberg
Sarah Salomon
Thomas Edward Gorman
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email: rvannest@keker.com
Email: pmalhotra@keker.com
Email: rslaughter@keker.com
Email: kjoyce@keker.com
Email: mybarra@keker.com
Email: ngoldberg@keker.com
Email: ssalomon@keker.com
Email: tgorman@keker.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP, LLC,
OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global
LLC, OAI Corporation, LLC, And OpenAI
Holdings, LLC**

**NewYorkTimes_Microsoft_OHS@orrick.com**

Annette L. Hurst
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415)773-5700
Facsimile: (415)773-5759
Email: ahurst@orrick.com

Christopher J. Cariello
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com

Sheryl Koval Garko
Laura Brooks Najemy
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
Email: lnajemy@orrick.com

**Attorneys for Defendant
Microsoft Corporation**

[MicrosoftNYClassActionFDBR@faegredrinker.com](mailto:MicrosoftNYClassActionFDBR@faegredrinker.com)

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
Email: jeffrey.jacobson@faegredrinker.com

Jared B. Briant
FAEGRE DRINKER BIDDLE & REATH LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone (303) 607-3588
Email: jared.briant@faegredrinker.com


**Attorneys for Defendant
Microsoft Corporation**