# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195<br><br>**Plaintiff's Initial Disclosures** |

Plaintiff, The New York Times Company ("Plaintiff" or "The Times") provides these initial disclosures under Federal Rule of Civil Procedure 26(a)(1). The Times reserves its right to supplement or amend these disclosures.

**I.     NAMES OF INDIVIDUALS**

The following New York Times employees may possess discoverable information that The Times might use to support its claims. The inclusion of a name on this list is not a statement that the individual necessarily has discoverable information or that the individual has submitted to the jurisdiction of the Court, is subject to a subpoena from a federal district court, is available for deposition, or is available to testify at trial. This list does not include experts or consultants whom The Times may retain for this litigation. The Times reserves the right to supplement or amend this list as discovery proceeds.

| Name | Contact Information | Subject of Information |
|---|---|---|
| A.G. Sulzberger | May be reached through counsel for The Times:<br><br>Susman Godfrey LLP<br>401 Union Street, Suite 3000 | The New York Times and its portfolio of publications, i.e., The New York Times, The Athletic, Cooking, Games, and Wirecutter; the |

1

|  | Seattle, WA 98101<br>Telephone: (206) 516-3880<br>Facsimile: (206) 516-3883 | substantial time and resources The Times invests to develop its content; The Times's brand |
|---|---|---|
| Meredith Kopit Levien | As above | The New York Times and its portfolio of publications, i.e., The New York Times, The Athletic, Cooking, Games, and Wirecutter; the substantial time and resources The Times invests to develop its content; The Times's brand |
| Will Bardeen | As above | The Times's revenues, including from customer subscriptions, advertising, referrals, and licensing deals |
| Rebecca Grossman-Cohen | As above | Defendants' knowledge of unlawful copying and use of The Times's content; the market for licensing content for GenAI purposes |
| Sam Felix | As above | Defendants' knowledge of unlawful copying and use of The Times's content; the market for licensing content for GenAI purposes |
| Hannah Poferl | As above | The existence and operation of The Times's paywall |
| Custodian of Records | As above | The Times's copyright registrations |

The Times also identifies the following individuals currently employed by Defendants. The Times reserves the right to supplement or amend this list as discovery proceeds, including because Defendants have documents and information that will identify additional current and/or former employees who are likely to have discoverable information.

| Name and Party | Subject of Information |
|---|---|
| Satya Nadella, Microsoft Corporation | Microsoft's relationship with OpenAI, including its role in the development and use of Defendants' GPT models; Defendants' development and use of user-facing generative artificial intelligence products, including Bing |

2

|  | Chat, and how those products benefit from The Time's proprietary content; Microsoft's awareness that its conduct is unlawful; and issues to be revealed through discovery |
|---|---|
| Scott Guthrie, Microsoft Corporation | Microsoft's relationship with OpenAI, including its role in the development and use of Defendants' GPT models; Defendants' development and use of user-facing generative artificial intelligence products, including Bing Chat, and how those products benefit from The Time's proprietary content; Microsoft's awareness that its conduct is unlawful; and issues to be revealed through discovery |
| Jon Tinter, Microsoft Corporation | Microsoft's relationship with OpenAI, including its role in the development and use of Defendants' GPT models; Defendants' development and use of user-facing generative artificial intelligence products, including Bing Chat, and how those products benefit from The Time's proprietary content; Microsoft's awareness that its conduct is unlawful; and issues to be revealed through discovery |
| Jordi Ribas, Microsoft Corporation | Microsoft's relationship with OpenAI, including its role in the development and use of Defendants' GPT models; Defendants' development and use of user-facing generative artificial intelligence products, including Bing Chat, and how those products benefit from The Time's proprietary content; Microsoft's awareness that its conduct is unlawful; and issues to be revealed through discovery |
| Kevin Scott, Microsoft Corporation | Microsoft's relationship with OpenAI, including its role in the development and use of Defendants' GPT models; Defendants' development and use of user-facing generative artificial intelligence products, including Bing Chat, and how those products benefit from The Time's proprietary content; Microsoft's awareness that its conduct is unlawful; and issues to be revealed through discovery |
| Sam Altman, OpenAI Defendants | Microsoft's relationship with OpenAI; Defendants' development and use of their GPT models; how those GPT models were trained on The Times's proprietary content and how they continue to rely on and benefit from The Times's proprietary content; Defendants' development of user-facing generative artificial intelligence products, including ChatGPT, and how those products benefit from The Time's proprietary content; the OpenAI Defendants' awareness that their conduct is unlawful; and issues to be revealed through discovery |
| Ilya Sutskever, OpenAI Defendants | Microsoft's relationship with OpenAI; Defendants' development and use of their GPT models; how those GPT models were trained on The Times's proprietary content and how they continue to rely on and benefit from The Times's proprietary content; Defendants' development of |

3

| | |
|---|---|
| | user-facing generative artificial intelligence products, including ChatGPT, and how those products benefit from The Time's proprietary content; the OpenAI Defendants' awareness that their conduct is unlawful; and issues to be revealed through discovery |
| Bob McGrew, OpenAI Defendants | Microsoft's relationship with OpenAI; Defendants' development and use of their GPT models; how those GPT models were trained on The Times's proprietary content and how they continue to rely on and benefit from The Times's proprietary content; Defendants' development of user-facing generative artificial intelligence products, including ChatGPT, and how those products benefit from The Time's proprietary content; the OpenAI Defendants' awareness that their conduct is unlawful; and issues to be revealed through discovery |
| Brad Lightcap, OpenAI Defendants | Microsoft's relationship with OpenAI; Defendants' development and use of their GPT models; how those GPT models were trained on The Times's proprietary content and how they continue to rely on and benefit from The Times's proprietary content; Defendants' development of user-facing generative artificial intelligence products, including ChatGPT, and how those products benefit from The Time's proprietary content; OpenAI's monetization of Defendants' GPT models and user-facing generative artificial intelligence products; the OpenAI Defendants' awareness that their conduct is unlawful; and issues to be revealed through discovery |
| Greg Brockman, OpenAI Defendants | Microsoft's relationship with OpenAI; Defendants' development and use of their GPT models; how those GPT models were trained on The Times's proprietary content and how they continue to rely on and benefit from The Times's proprietary content; Defendants' development of user-facing generative artificial intelligence products, including ChatGPT, and how those products benefit from The Time's proprietary content; the OpenAI Defendants' awareness that their conduct is unlawful; and issues to be revealed through discovery |
| Mira Murati, OpenAI Defendants | Microsoft's relationship with OpenAI; Defendants' development and use of their GPT models; how those GPT models were trained on The Times's proprietary content and how they continue to rely on and benefit from The Times's proprietary content; Defendants' development of user-facing generative artificial intelligence products, including ChatGPT, and how those products benefit from The Time's proprietary content; the OpenAI Defendants' awareness that their conduct is unlawful; and issues to be revealed through discovery |

4

The Times also identifies the following non-party individuals. The Times reserves the right to supplement or amend this list as discovery proceeds.

| Name | Subject of Information |
|---|---|
| Helen Toner, former OpenAI board member | How Defendants' GPT models benefit from The Times's proprietary content; the OpenAI Defendants' awareness that their conduct is unlawful and harmful to copyright holders; and issues to be revealed through discovery |
| Tasha McCauley, former OpenAI board member | How Defendants' GPT models benefit from The Times's proprietary content; the OpenAI Defendants' awareness that their conduct is unlawful and harmful to copyright holders; and issues to be revealed through discovery |

The Times reserves the right to seek and use discoverable information from individuals and entities identified in disclosures and discovery responses submitted by any party in this action.

## II.    DESCRIPTION OF DOCUMENTS IN PLAINTIFF'S POSSESSION

The Times identifies the following categories of documents, electronically stored information, and tangible things within The Times's custody, possession, or control that it may use to support its claims, unless that use would be solely for impeachment:

- Copies of The Times's proprietary content that have been copied and used by Defendants;

- Documents reflecting The Times's ownership of its content, including copyright registration certificates;

- Business plans, presentations, and other evidence reflecting the substantial time and resources dedicated to developing, protecting, and commercializing the Times's proprietary content;

- Business plans, financial data, and other evidence related to how The Times generates revenues;

- Emails and other documents reflecting The Times's communications with Defendants about Defendants' unlawful conduct;

- Publicly available materials reflecting Defendants' copying and use of The Times's proprietary content, including outputs from Defendants' GPT models;

5

- Public statements issued by Defendants regarding the at-issue products and this lawsuit.

## III.    DAMAGES

The Times seeks statutory damages, compensatory damages, restitution, disgorgement, and any other relief that may be permitted by law or equity, including injunctive relief. Computing damages at this stage is premature, including because those calculations may require expert analysis and may rely on evidence to be produced by Defendants. The Times will supplement as appropriate.

## IV.    INSURANCE AGREEMENT

Not applicable.

Dated: March 8, 2024

*/s/ Ian Crosby*
Ian Crosby *(admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com

Davida Brook *(admitted pro hac vice)*
Ellie Dupler *(admitted pro hac vice)*
Emily Cronin (*admitted pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor

New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
tlusztig@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(admitted pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

## CERTIFICATE OF SERVICE

I hereby certify this 8th day of March, 2024, I caused a true and correct copy of the foregoing to be electronically served via email.

/s/ <u>*Alexander Frawley*</u>