UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
THE NEW YORK TIMES COMPANY,                             :
                                                        :   No. 1:23-cv-11195-SHS-OTW
                Plaintiff,              :
                                                        :
                    v.                  :
                                                        :
MICROSOFT CORPORATION, OPENAI,                          :
INC., OPENAI LP, OPENAI GP, LLC,                        :
OPENAI, LLC, OPENAI OPCO LLC,                           :
OPENAI GLOBAL LLC, OAI                                  :
CORPORATION, LLC, and OPENAI                            :
HOLDINGS, LLC,                                          :
                                                        :
                Defendants.             :
                                                        :
------------------------------------------------------- X
DAILY NEWS, LP; CHICAGO TRIBUNE                         :
COMPANY, LLC; ORLANDO SENTINEL                          :   No. 1:24-cv-03285-SHS-OTW
COMMUNICATIONS COMPANY, LLC;                            :
SUN-SENTINEL COMPANY, LLC; SAN                          :
JOSE MERCURY-NEWS, LLC; DP MEDIA                        :
NETWORK, LLC; ORB PUBLISHING,                           :
LLC; AND NORTHWEST                                      :
PUBLICATIONS, LLC,                                      :
                                                        :
                Plaintiffs,             :
                                                        :
                    v.                  :
                                                        :
MICROSOFT CORPORATION, OPENAI,                          :
INC., OPENAI LP, OPENAI GP, LLC,                        :
OPENAI, LLC, OPENAI OPCO LLC,                           :
OPENAI GLOBAL LLC, OAI                                  :
CORPORATION, LLC, OPENAI                                :
HOLDINGS, LLC,                                          :
                                                        :
                Defendants.             :
                                                        :
------------------------------------------------------- X

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION, <br><br> Defendants. | No. 1:24-cv-04872-SHS-OTW |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL AND RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Section IV of this Court's Individual Practices in Civil Cases, OpenAI Defendants ("OpenAI") seek leave to file under seal:

- Limited portions of Defendants' Opposition to Plaintiff's Letter Motion to Compel regarding additional OpenAI ESI custodians (ECF 313);

- Limited portions of the Declaration of Ashley Pantuliano in Support of Defendants' Opposition to Plaintiff's Letter Motion to Compel regarding Plaintiff's requests for production of documents (ECF 322) ("Pantuliano Declaration");

- Exhibit A to the Pantuliano Declaration, comprising an executed agreement subject to formal confidentiality provisions that contains highly sensitive information; and

- Exhibit C to the Pantuliano Declaration, comprising portions of an email thread between Che Chang and Frank Morrow.

Additionally, OpenAI responds to Plaintiff's Motion for Leave to File Under Seal filed in connection with Plaintiff's Letter Motion to Compel (ECF 318) pursuant to the Protective Order entered in this case (Dkt. No. 127), and asks the Court to grant Plaintiff's motion and keep the following material under seal:

- Limited portions of Plaintiff's letter Motion to Compel regarding additional OpenAI ESI custodians (ECF 313);

- Exhibits 1-10 to Plaintiff's letter Motion to Compel regarding additional OpenAI ESI custodians (ECF 313-1, 313-2, 313-3, 313-4, 313-5, 313-6, 313-7, 313-8, 313-9, 313-10);

- Limited portions of Plaintiff's Letter Motion to Compel regarding Plaintiff's requests for production of documents (ECF 322);

- Limited portions of Exhibit 1 to Plaintiff's Letter Motion to Compel regarding Plaintiff's requests for production of documents (ECF 322-1); and

- Exhibit 3-5 to Plaintiff's Letter Motion to Compel regarding Plaintiff's requests for production of documents (ECF 322-3, 322-4, and 322-5).

For the reasons stated below, OpenAI respectfully requests the Court grant both this Motion for Leave to File Under Seal and Plaintiff's Motion for Leave to File Under Seal as requested in this response.

OpenAI's proposed redactions and sealing are consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).  Pursuant to *Lugosch,* the Court must first assess whether the documents at issue are "judicial documents" to determine whether the presumption in favor of public access in filings applies at all.  435 F.3d at 119. Documents "simply passed between the parties in discovery" are not judicial documents and "lie beyond the presumption's reach."  *Brown v. Maxwell,* 929 F.3d 41, 49-50 (2d Cir. 2019) (internal quotation marks omitted); *see Bernstein,* 814 F. 3d at 142 (documents "such as those passed between the parties in discovery often play no role in the performance of Article III functions and so the presumption of access to these records is low" (internal quotation marks omitted)).  This remains true even where the Court must assess those documents in the context of a discovery motion.  *See Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, No. 19-cv-4223-LAP-KHP, 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021) (granting motion to seal portions of letter brief referencing information passed between the parties in discovery and exhibits designated under parties' protective order).

Where documents are submitted to the Court pursuant to a confidentiality agreement, the Second Circuit has held that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Uni-Systems, LLC v. United States Tennis Ass'n, Inc.*, No. 17-cv-147-KAM-CLP, 2020 WL 8266015, at *8 (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)). Moreover, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced . . . in connection with dispositive motions." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). While the Court "'must still articulate specific and substantial reasons' for sealing material filed in connection with a discovery dispute, 'the reasons usually need not be as compelling as those required to seal' filings connected to a dispositive motion." *Rand v. Travelers Indem. Co.*, No. 21-CV-10744 (VB)(VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (quoting *Brown*, 929 F.3d 41, 50).

In this matter, Defendants have designated as highly confidential sensitive information related to OpenAI's business practices, the disclosure of which would harm OpenAI's competitiveness in a nascent and highly competitive market. Such information is routinely deemed confidential and filed under seal by the Courts. *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information.").

Here, Exhibits 1-10 to ECF 313 and Exhibits 1 and 3-5 to ECF 322 (and the accompanying portions of Plaintiff's and Defendants' letter briefs and the Pantuliano Declaration citing excerpts from these documents or relating to their subject matter) comprise confidential communications and documents relating to four categories of information: (i) communications between OpenAI

employees about the specific processes, methods, and technical details thereof that OpenAI employs to train and test its large language models (Exs. 4, 7, 9, and 10 to ECF 313)[1], or meet and confer correspondence between OpenAI's counsel and Plaintiff's counsel regarding the same (Ex. 1 to ECF 313 and Exs. 1 and 5 to ECF 322); (ii) communications between OpenAI employees and third parties under non-disclosure agreement obligations about forward-looking strategy, or documents memorializing those communications (Ex. 6 to ECF 313, Exs. 3 and 4 to ECF 322, and Ex. C to the Pantuliano Declaration)[2]; (iii) communications between OpenAI employees about the development of its products, including the functionality or features associated with those products (Exs. 2, 3, 5, and 8 to ECF 313)[3], or meet and confer correspondence between OpenAI's counsel and Plaintiff's counsel regarding the same (Ex. 1 to ECF 313 and Exs. 1 and 5 to ECF 322); and (iv) executed agreements subject to formal confidentiality provisions that contain highly sensitive information, and related materials, including discussion of the purpose and responsibilities of the OpenAI-Microsoft Data Working Group that was formed following one such agreement (portions of and Ex. A to the Pantuliano Declaration)[4]. *See* Declaration of Michael Trinh ¶¶ 5-9.

OpenAI treats each category of documents as confidential or highly confidential—it does not generally disclose similar documents to the public. *See id.* Any portions of Plaintiff's and Defendants' letter briefs summarizing, referring to, or quoting the content of these highly sensitive documents should also be sealed as reflecting OpenAI's confidential business information. Further, portions of the Pantuliano Declaration concerning Exhibit A attached thereto or related

---

[1] OPCO_NEWS_0218014; OPCO_NEWS_0628910; OPCO_NEWS_0773353; and OPCO_NEWS_0778764.
[2] OPCO_NEWS_0788930; OPCO_NEWS_0000669; MSFT_NEWS_000193878; MSFT_NEWS_000000575.
[3] OPCO_NEWS_0002684; OPCO_NEWS_0216800; OPCO_NEWS_0781698; and OPCO_NEWS_0633237.
[4] MSFT_NEWS_000000575.

details about OpenAI's forward-looking strategy and discussing the purpose and responsibilities of the OpenAI-Microsoft Data Working Group should similarly be sealed as reflecting OpenAI's confidential information.

Similar documents revealing confidential business information are regularly sealed by other courts in this District. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures"); *Louis Vuitton Mallatier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)). The information contained in these documents and mirrored or summarized in Plaintiffs' letter-motions could be used by competitors to unfairly compete with OpenAI, in that they would be given access to the information that would not otherwise be available to them. This risk is elevated in the highly competitive field of artificial intelligence—OpenAI is at the forefront of developing and employing new products and software, and any disclosure of related information could be exploited by other players in the space. Thus, if not sealed, disclosure could pose serious risk of competitive harm.

Further, Exhibits 1-10 to ECF 313 and Exhibits 1 and 3-5 to ECF 322 that Plaintiff filed under seal, as well as Exhibits A and C to the Pantuliano Declaration, are "non-judicial" documents with no presumption in favor of public access. Exhibits 2-10 to ECF 313, Exhibits 3 and 4 to ECF 322, and Exhibits A and C to the Pantuliano Declaration are OpenAI and Microsoft materials subject to the parties' protective order. Exhibit 1 to ECF 313 and Exhibits 1 and 5 to ECF 322 are correspondence between OpenAI's counsel and Plaintiff's counsel regarding discovery in this case. There is no presumption favoring public access to any of the sealed documents or redacted

5

language, given that they are "non-judicial" documents. *See Uni-Systems*, 2020 WL 8266015 at *9 (finding that "non-judicial documents passed between the parties during discovery" were "entitled to 'little more than a prediction of public access absent a countervailing reason'" (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Even if the Court is inclined to find that these Exhibits (and the portions of the letter briefs summarizing or referring to them) are judicial documents or otherwise relevant to the performance of the Article III judicial process, there is little weight given to the presumption in favor of public access under *Lugosch*'s second prong. 435 F.3d at 119. Because the material sought to be sealed is presented in the context of a discovery dispute, the presumption in favor of public access is low. *See Metacapital Mgmt., LP v. Meta Platforms, Inc.*, No. 1-22-cv-07615-PKC-KHP, 2024 WL 1508655 (S.D.N.Y. Apr. 5, 2024) (granting motion to seal materials related to discovery dispute because presumption was lower than presumption applied to materials related to trial or dispositive motions). Thus, the reasons for sealing "usually need not be as compelling as those required to seal filings connected to a dispositive motion." *Rand v. Travelers Indem. Co.*, No. 21-CV-10744 (VB)(VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (internal quotation marks omitted).

Finally, sealing is necessary to preserve "higher values" under *Lugosch*'s third prong— namely, preserving the secrecy of highly sensitive information that may cause OpenAI competitive harm if disclosed. 435 F.3d at 124. The materials OpenAI seeks to seal reveal sensitive details about OpenAI's products and business and legal strategy during a critical time of development for the highly competitive ChatGPT product. Declaration of Michael Trinh ¶ 10.

Accordingly, OpenAI respectfully requests that the Court grants its Motion for Leave to File Under Seal as well as Plaintiff's Motion for Leave to File Under Seal.

Dated: November 21, 2024                              Respectfully Submitted,

By: /s/ *Rose S. Lee*

**MORRISON & FOERSTER LLP**
Joseph C. Gratz (*pro hac vice*)
  jgratz@mofo.com
Andrew L. Perito (*pro hac vice*)
  aperito@mofo.com
Vera Ranieri (*pro hac vice*)
  vranieri@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000

Rose S. Lee (*pro hac vice*)
  roselee@mofo.com
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.5200

Carolyn M. Homer (*pro hac vice*)
  cmhomer@mofo.com
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: 202.650.4597

Jocelyn E. Greer
  jgreer@mofo.com
Emily C. Wood
  ewood@mofo.com
Eric K. Nikolaides
  enikolaides@mofo.com
250 West 55th St.
New York, NY 10019-9601
Telephone: 212.468.8000

By: /s/ *Elana Nightingale Dawson*

**LATHAM & WATKINS LLP**
Andrew M. Gass (*pro hac vice*)
  andrew.gass@lw.com
Joseph R. Wetzel
  joseph.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Telephone: 415.391.0600

Sarang V. Damle
  *sy.damle@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
  *elana.nightingaledawson@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman
  *alli.stillman@lw.com*
Michael A. David
  *michael.david@lw.com*
Rachel R. Blitzer
  *rachel.blitzer@lw.com*
Herman H. Yue
  *herman.yue@lw.com*
Luke A. Budiardjo
  *luke.budiardjo@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200


By: /s/ *Christopher S. Sun*

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (*pro hac vice*)
  *rvannest@keker.com*
Paven Malhotra
  *pmalhotra@keker.com*
Michelle S. Ybarra (*pro hac vice*)
  *mybarra@keker.com*
Nicholas S. Goldberg (*pro hac vice*)
  *ngoldberg@keker.com*
Thomas E. Gorman (*pro hac vice*)
  *tgorman@keker.com*
Katie Lynn Joyce (*pro hac vice*)
  *kjoyce@keker.com*
Sarah Salomon (*pro hac vice*)
  *ssalomon@keker.com*
R. James Slaughter (*pro hac vice*)
  *rslaughter@keker.com*
Christopher S. Sun (*pro hac vice*)
  *csun@keker.com*

8

Andrew S. Bruns (*pro hac vice*)
 *abruns@keker.com*
Andrew Dawson (*pro hac vice*)
 *adawson@keker.com*
Edward A. Bayley (*pro hac vice*)
 *ebayley@keker.com*

33 Battery Street
San Francisco, CA 94111-1809
Telephone: 415.391.5400

*Attorneys for OpenAI Defendants*

9