**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| THE NEW YORK TIMES COMPANY, | |
| Plaintiff, | No. 1:23-cv-11195-SHS-OTW |
| v. | |
| MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC, | |
| Defendants. | |

---

| | |
|---|---|
| DAILY NEWS, LP; CHICAGO TRIBUNE COMPANY, LLC; ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC; SUN-SENTINEL COMPANY, LLC; SAN JOSE MERCURY-NEWS, LLC; DP MEDIA NETWORK, LLC; ORB PUBLISHING, LLC; AND NORTHWEST PUBLICATIONS, LLC, | No. 1:24-cv-03285-SHS-OTW |
| Plaintiffs, | |
| v. | |
| MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, | |
| Defendants. | |

---

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, INC., | : : : |
| Plaintiff, | : No. 1:24-cv-04872-SHS-OTW : : |
| v. | : : |
| OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION, | : : : : : : : |
| Defendants. | : : X |

-------------------------------------------------

**DECLARATION OF MICHAEL TRINH IN SUPPORT OF OPENAI DEFENDANTS' MOTION TO SEAL AND RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

2

I, Michael Trinh, hereby declare as follows:

1. I am Associate General Counsel at OpenAI. I submit this declaration in support of OpenAI Defendants' Motion to Seal pursuant to Section IV of Your Honor's Individual Rules and Practices. I have personal knowledge of the facts set forth below and if called as a witness, could testify competently thereto.

2. Exhibits 2-10 attached to Plaintiff's letter brief regarding additional OpenAI ESI custodians (ECF 313-2, 313-3, 313-4, 313-5, 313-6, 313-7, 313-8, 313-9, and 313-10), Exhibit 3 attached to Plaintiff's letter brief regarding Plaintiff's requests for production of documents (ECF 322-3), and Exhibit C to the Declaration of Ashley Pantuliano in Support of Defendants' Opposition to Plaintiff's letter brief regarding Plaintiff's requests for production of documents ("Pantuliano Declaration") are OpenAI documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3. Exhibit 4 to Plaintiff's letter brief regarding Plaintiff's requests for production of documents (ECF 322-4) and Exhibit A to the Pantuliano Declaration are documents produced by Microsoft during discovery that are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Pantuliano Declaration references and discusses highly confidential Exhibit A in further detail and explains the purpose and responsibilities of the OpenAI-Microsoft Data Working Group, which OpenAI considers to be confidential or highly confidential information under the protective order.

4. Exhibit 1 to Plaintiff's letter brief regarding additional OpenAI ESI custodians (ECF 313-1) and Exhibits 1 and 5 to Plaintiff's letter brief regarding Plaintiff's requests for production of documents (ECF 322-1 and 322-5) are communications between OpenAI's counsel and Plaintiff's counsel that contain references to and summaries of documents produced by

OpenAI during discovery that are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.  The material contained within each of these documents falls into one or more categories of confidential information: (i) communications between OpenAI employees about specific processes, methods, and technical details thereof thatOpenAI employs to train and test its large language models (Exs. 4, 7, 9, and 10 to ECF 313)[1], or meet and confer correspondence between OpenAI's counsel and Plaintiff's counsel regarding the same (Ex. 1 to ECF 313 and Exs. 1 and 5 to ECF 322); (ii) communications between OpenAI employees and third parties under non-disclosure agreement obligations about forward-looking strategy, or documents memorializing or related to the purpose of those communications (Ex. 6 to ECF 313, Exs. 3 and 4 to ECF 322, and Ex. C to the Pantuliano Declaration)[2]; (iii) communications between OpenAI employees about the development of its products, including the functionality or features associated with those products (Exs. 2, 3, 5, and 8 to ECF 313)[3], or meet and confer correspondence between OpenAI's counsel and Plaintiff's counsel regarding the same (Ex. 1 to ECF 313 and Exs. 1 and 5 to ECF 322); and (iv) executed agreements subject to formal confidentiality provisions that contain highly sensitive information, and related materials, including discussion of the purpose and responsibilities of the OpenAI-Microsoft Data Working Group that was formed following one such agreement (portions of and Ex. A to the Pantuliano Declaration)[4]. OpenAI considers documents in categories (i)-(iv),

---

[1] OPCO_NEWS_0218014; OPCO_NEWS_0628910; OPCO_NEWS_0773353; and OPCO_NEWS_0778764.
[2] OPCO_NEWS_0788930; OPCO_NEWS_0000669; MSFT_NEWS_000193878.
[3] OPCO_NEWS_0002684; OPCO_NEWS_0216800; OPCO_NEWS_0781698; and OPCO_NEWS_0633237.
[4] MSFT_NEWS_000000575.

or summaries of or reference to those documents in Plaintiff's and Defendants' briefing or the Pantuliano Declaration, to be confidential or highly confidential under the protective order.

6. **Category (i).** The specific processes, methods, and technical details thereof that OpenAI employs to train and test its large language models, including the sources of data used to train the models, constitute highly sensitive proprietary information. OpenAI treats such information as confidential or highly confidential. OpenAI generally does not publicly disclose this type of information and takes steps to protect the confidentiality of that information, particularly given the highly competitive nature of the artificial intelligence industry with global stakeholders.

7. **Category (ii).** OpenAI also treats forward-looking strategy and related communications with third parties (such as Microsoft) under non-disclosure agreement obligations as confidential or highly confidential. OpenAI generally does not publicly disclose strategic decision-making, deliberations, and discussions to prevent competitive harm to OpenAI.

8. **Category (iii)**. Discussions between internal OpenAI employees about the development of its products, including the functionality or features associated with those products, constitute highly sensitive proprietary information. OpenAI treats such information as confidential or highly confidential. OpenAI generally does not publicly disclose this type of information and takes steps to protect the confidentiality of that information, particularly given the highly competitive nature of the artificial intelligence industry with global stakeholders.

9. **Category (iv)**. Executed agreements subject to formal confidentiality provisions and related materials, including discussion of the purpose and responsibilities of the OpenAI-Microsoft Data Working Group that was formed following one such agreement, constitute and contain highly sensitive proprietary information. OpenAI treats such agreements and related

materials as highly confidential.  OpenAI generally does not publicly disclose such agreements or related materials and takes steps to protect their confidentiality, including through confidentiality provisions in the agreements themselves.  Disclosure of such agreements and related materials would cause legal and competitive harm to OpenAI, particularly given the highly competitive nature of the artificial intelligence industry with global stakeholders.

10. Documents and communications that fall within the above categories reveal sensitive details about OpenAI's products and business and legal strategy during a critical time in the company's development.  Disclosure of such documents or communications, or summaries of or references to such documents or communications, would cause competitive harm to OpenAI.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of November 2024 in Redwood City, CA.

By: _____
Michael Trinh
Associate General Counsel
OpenAI