**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>      Defendants. | Civil Action No. 1:23-cv-11195 (SHS) (OTW) |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSE TO THE OPENAI DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL (DKT. 370)**

Under Paragraph 22 of the Protective Order (Dkt. No. 127), Plaintiff The New York Times Company ("The Times") responds to the OpenAI Defendants' ("OpenAI") December 23, 2024 Motion for Leave to File Under Seal (Dkt. 370) ("Motion to Seal"). OpenAI filed the Motion to Seal in connection with its Objection to Discovery Orders (Dkt. 371) ("OpenAI's Objection"). The Motion to Seal addresses material The Times produced in this case.

The Court should grant the Motion to Seal in part; specifically, Exhibits A and B to OpenAI's Objection (Dkt. 372-1 and Dkt. 372-2) should remain sealed. Exhibit A is a memorandum from The Copyright Clearance Center ("CCC") to The Times addressing plans for rightsholders to collectively license copyrighted content for use within AI systems. CCC labeled this memorandum as "Confidential to the [] Copyright Clearance Center." Exhibit B is an email exchange between CCC and The Times relating to the Exhibit A memorandum. Counsel for The Times conferred with CCC to discuss this sealing response, and CCC believes these materials should be sealed. Finally, OpenAI's Objection brief describes and directly quotes from the Exhibit A memorandum, Dkt. 372, and CCC also believes these direct quotes should be redacted. A revised version of OpenAI's Objection is attached to this filing, which only redacts the direct quotes to Exhibit A, as opposed to OpenAI's description of Exhibit A.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts "must balance competing considerations against" this presumption of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in

connection with dispositive motions . . . ." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.* This standard applies here because the Motion to Seal addresses material cited in an objection to a discovery ruling.

This response narrows the scope of the Motion to Seal, confining sealing to the attached exhibits and the direct quotes to those exhibits. By so confining its request, this response targets only "specific business information and strategies, which, if revealed, may provide valuable insights into [CCC's] current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting sealing request).[1]

For these reasons, OpenAI's Motion to Seal should be granted in part. Specifically, Exhibits A and B (Dkt. 372-1 and Dkt. 372-2) should remain sealed, and limited portions of OpenAI's Objection (Dkt. 372) should remain redacted.

Dated: January 3, 2025                    /s/ Ian Crosby

                                                Ian Crosby *(pro hac vice)*
                                                Genevieve Vose Wallace *(pro hac vice)*
                                                Katherine M. Peaslee *(pro hac vice)*
                                                SUSMAN GODFREY L.L.P.
                                                401 Union Street, Suite 3000
                                                Seattle, WA 98101

---

[1] The Times supports sealing a small portion of the Exhibit A memorandum—specifically, a chart that contains nonpublic revenue figures for Times licensing deals. This chart comprises just one-third of one page of the four-page memorandum.

Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)
Ellie Dupler *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings  (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)

                                Jennifer B. Maisel (5096995)
                                Kristen J. Logan *(pro hac vice)*
                                ROTHWELL, FIGG, ERNST & MANBECK, P.C.
                                901 New York Avenue, N.W., Suite 900 East
                                Washington, DC 20001
                                Telephone:  (202 783-6040
                                Facsimile: (202) 783 6031
                                slieberman@rothwellfigg.com
                                jmaisel@rothwellfigg.com
                                klogan@rothwellfigg.com

                                ***Attorneys for Plaintiff***
                                ***The New York Times Company***

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2025, I caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Southern District of New York using the CM/ECF system, which shall send electronic notification to all counsel of record.

*/s/ Ian Crosby*