# EXHIBIT 1

**SUSMAN GODFREY L.L.P.**

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| Suite 5100 | Suite 1400 | Suite 3000 |
| 1000 Louisiana Street | 1900 Avenue of the Stars | 401 Union Street |
| Houston, Texas 77002-5096 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-2683 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

Elisha Barron                                         E-Mail EBarron@susmangodfrey.com
Direct Dial (212) 729-2013

January 23, 2024

VIA E-MAIL

Joseph C. Gratz
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105

Re:   *New York Times Co. v. Microsoft/OpenAI*, 1:23-cv-11195-SHS
      Preservation of Evidence

Counsel:

This letter serves to notify OpenAI, Inc., OpenAI LP, OpenAI GP LLC, OpenAI LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC (collectively "OpenAI"), through its counsel, that OpenAI must preserve all evidence that is potentially relevant to the allegations in the December 27, 2023 Complaint filed by The New York Times Company (the "Times Complaint") or OpenAI's defenses, including electronically stored information and electronic backups as defined by Federal Rules of Civil Procedure 34. Discovery requests will be forthcoming shortly.

In particular, and without limitation, OpenAI is obligated to preserve all documents related to:

> 1) training data and the sources of training data, including all datasets, used in any GenAI model, including but not limited to the training data for GPT-1, GPT-2, GPT-3, GPT 3.5, GPT-4, GPT-5 and all versions thereof (collectively, the "Models");
>
> 2) the Models, including their training compute, dataset construction, dataset cleaning, training methods, weighting of training data or similar,

Page 2

       along with any source-code, parameters, algorithms, architecture, hardware, or software;

       3) the training, development, or commercialization of the Models;

       4) existing or potential user requests, traffic, or behavior when interacting with the Models;

       5) output generated by the Models, including output that repeats or summarizes training material or contains hallucinations or misinformation;

       6) all content creators whose material was or is used to train the Models, including The Times;

       7) licensing deals or negotiations, including those related to the use of content for training the Models;

       8) actual or potential harms caused by the Models, including to content creators;

       9) business plans, product plans, and financial projections, including those that pertain to offering news;

       10) use of The Times's content for retrieval augmented generation;

       11) the presence of copyrighted content in datasets used to train the Models, or in the Models themselves, including that belonging to The Times;

       12) existing copyright law or any potential changes to copyright law; and

       13) your relationship with Microsoft or Microsoft's role in developing and commercializing the Models.

In light of the pre-suit discussions, we expect that these relevant materials have already been preserved, and that OpenAI will continue to comply with its preservation obligations through the case.

Sincerely,

*[signature]*

Elisha Barron