# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Daily News, LP; The Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury-News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest Publications, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO, LLC, OPENAI GLOBAL, LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>        Defendants. | Civil Action No. 1:24-cv-03285-SHS |

**PLAINTIFFS' REQUEST FOR INSPECTION TO OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, AND OPENAI HOLDINGS, LLC**
**PURSUANT TO RULE 34**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, (the "Local Civil Rules"), Plaintiffs Daily News, LP (the "New York Daily News"); The Chicago Tribune Company, LLC, (the "Chicago Tribune"); Orlando Sentinel Communications Company, LLC (the "Orlando Sentinel"); Sun-Sentinel Company, LLC (the "Sun-Sentinel"); San Jose Mercury-News, LLC (the "Mercury News"); DP Media Network, LLC (the "Denver Post"); ORB Publishing, LLC (the "Orange County Register"); and Northwest Publications, LLC (the "Pioneer Press") (collectively "Plaintiffs") request that OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OPCO LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC (collectively, the "OpenAI Defendants") permit inspection, copying, testing, sampling, measuring, surveying, and photographing of Defendants' training datasets and generative artificial intelligence models, products, and services, including

1

any related property, objects, and operations, as follows:

1. Training Dataset(s) used to train Defendants' Generative AI Models, broken down into each phase of training, including pre-training, any "cool down" phase of pre-training, fine-tuning, instruction-tuning, reinforcement learning through human feedback, or other training process.

2. Software components available in source code form used in connection with Your Training Dataset(s), including for processing of training data, training curricula, data loaders, and ranking, weighting, or scoring tools, including the associated documentation.

3. Software components available in source code form used to build, curate, or otherwise obtain data for Your Training Datasets from the internet, including web crawlers, spiders, and bots, including GPTBot.

4. Generative AI Models, including but not limited to GPT base, GPT-1, GPT-2, GPT-3, GPT 3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, GPT-4o, and all other versions or other Generative AI Models, including associated model cards and documentation.

5. ChatGPT branded Generative AI Products and Services, including APIs, plug-ins, custom GPTs, and other features offered through the ChatGPT branded platform, including software components available in source code form and the associated source code repositories and documentation.

6. Query, session, and chat logs related to the Publishers' Content reflecting user sessions on Your Generative AI Products and Services ("Session Data"), including, for each session, user queries paired with responses to those queries.

This Rule 34 request shall be read and interpreted in accordance with the Definitions set forth in Plaintiffs' First Set of Requests for Production to the OpenAI Defendants.

Plaintiffs request that the foregoing items be made available for inspection on one or more

2

hard drives mounted locally on a server having memory and processing power commensurate with those used by the OpenAI Defendants in the ordinary course of business for performing training set processing and analysis tasks, such as deduplication. The server should be accessible using one or more approved laptops. Plaintiffs may request that the OpenAI Defendants install licensed software or files on the laptop computer(s) to assist with the inspection, and such request shall be subject to approval of the OpenAI Defendants, which shall not be unreasonably withheld.

Plaintiffs request that the Training Datasets be produced as files of each training record with all metadata related thereto as maintained in the ordinary course of business, along with directories identifying records used during each phase of training, including pre-training, any "cool down" phase of pre-training, fine-tuning, instruction-tuning, reinforcement learning through human feedback, or other training process.

Plaintiffs request that the Generative AI Models be made accessible through an application programming interface (API) via the laptop(s), and that the OpenAI Defendants produce documentation, directions, and example scripts illustrating how to make queries to the API.

Plaintiffs request that the ChatGPT branded Generative AI Products and Services be made available for inspection using the laptop(s) as those products and services are ordinarily made available to and used by end-users.

Plaintiffs request that the OpenAI Defendants have a person or person(s) familiar with the foregoing list of items available during the course of the inspection to operate the laptop(s) and facilitate Plaintiffs' inspection.

The requested inspection is to take place at the OpenAI Defendants' facilities located at 3180 18th Street, San Francisco, California on a mutually agreeable date and time, and/or at such other facility that enables Plaintiffs to perform the requested inspection, copying, testing, sampling, measuring, surveying, and photographing of the OpenAI Defendants' training datasets and generative artificial intelligence models, products, and services, including taking videos and still

3

photographs of the Defendants' services and systems, as described above, and of their operation (including as such systems and services are provided to and used by end-users). A court reporter and/or videographer may be present for the inspection.

Dated: June 14, 2024    */s/ Steven Lieberman*

        Steven Lieberman (SL8687)
        Jennifer B. Maisel (5096995)
        Robert Parker *(admitted pro hac vice)*
        Jenny L. Colgate *(admitted pro hac vice)*
        Mark Rawls *(admitted pro hac vice)*
        Kristen J. Logan *(admitted pro hac vice)*
        Bryan B. Thompson (6004147)
        ROTHWELL, FIGG, ERNST & MANBECK, P.C.
        901 New York Avenue, N.W., Suite 900 East
        Washington, DC 20001
        Telephone: (202) 783-6040
        Facsimile: (202) 783-6031
        slieberman@rothwellfigg.com
        jmaisel@rothwellfigg.com
        rparker@rothwellfigg.com
        jcolgate@rothwellfigg.com
        mrawls@rothwellfigg.com
        klogan@rothwellfigg.com
        bthompson@rothwellfigg.com

        Jeffrey A. Lindenbaum (JL1971)
        ROTHWELL, FIGG, ERNST & MANBECK, P.C.
        3 Manhattanville Road, Suite 105
        Purchase, New York 10577
        Telephone: (202) 783-6040
        Facsimile: (202) 783-6031
        jlindenbaum@rothwellfigg.com

        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

It is hereby certified that, on June 14, 2004, the foregoing **PLAINTIFFS' REQUEST FOR INSPECTION TO OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, AND OPENAI HOLDINGS, LLC PURSUANT TO RULE 34** was served by email upon the following counsel of record for OpenAI Defendants:

| | |
|---|---|
| **Latham & Watkins LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>212-906-1200<br>**Allison Levine Stillman**<br>Email: alli.stillman@lw.com<br><br>**Latham & Watkins LLP**<br>555 Eleventh Street NW<br>Suite 1000<br>Washington, DC 20004<br>202-637-2200<br>**Sarang Damle**<br>Email: sy.damle@lw.com<br>**Elana Nightingale Dawson**<br>Email: elana.nightingaledawson@lw.com<br><br>**Latham & Watkins, LLP**<br>505 Montgomery Street, Ste. 2000<br>San Francisco, CA 94111<br>(415)-391-0600<br>**Andrew Gass**<br>Email: andrew.gass@lw.com<br>**Joseph Richard Wetzel , Jr.**<br>Email: joe.wetzel@lw.com | **Morrison & Foerster LLP**<br>425 Market Street<br>San Francisco, CA 94105<br>415-268-7000<br>**Joseph C. Gratz**<br>Email: JGratz@mofo.com<br>**Vera Ranieri**<br>Email: vranieri@mofo.com<br><br>**Morrison & Foerster LLP**<br>707 Wilshire Boulevard<br>Suite 6000<br>Los Angeles, CA 90017-3543<br>213-892-5200<br>**Allyson R. Bennett**<br>Email: ABennett@mofo.com<br><br>**Morrison & Foerster LLP**<br>250 West 55th Street<br>New York, NY 10019-9601<br>212-468-8000<br>**Eric K. Nikolaides**<br>Email: ENikolaides@mofo.com<br><br>**KEKER, VAN NEST & PETERS LLP**<br>633 Battery Street<br>San Francisco, CA 94111<br>415) 391-5400<br>**Robert A. Van Nest Jr**<br>Email: rvannest@keker.com<br>**Paven Malhotra**<br>Email: pmalhotra@keker.com<br>**R. James Slaughter**<br>Email: rvannest@keker.com<br>**Nicholas S. Goldberg**<br>Email: ngoldberg@keker.com |

|  | **Michelle Ybarra**<br>Email: mybarra@keker.com<br>**Katie Lynn Joyce**<br>Email: kjoyce@keker.com<br>**Thomas E. Gorman**<br>Email: tgorman@keker.com |
|---|---|

/*s/Nasri V. B. Hage*
Nasri V. B. Hage

6