# EXHIBIT 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Daily News, LP; Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury-News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest Publications, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO, LLC, OPENAI GLOBAL, LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC, <br><br> Defendants. | Civil Action No. 1:24-cv-03285-SHS |

**OPENAI'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR INSPECTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC and OpenAI Holdings, LLC (collectively, "OpenAI") hereby object and respond to Plaintiffs' Request for Inspection (the "Request").

## <u>GENERAL OBJECTIONS</u>

1.      OpenAI objects to the Request to the extent that it requests the inspection of materials that are neither relevant to the claims or defenses of any party in this action, nor proportional to the needs of the case.

2.      OpenAI objects to the Request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, overlapping, or duplicative.

1

3.      OpenAI objects to the Request to the extent that it requests the inspection of materials already subject to inspection and review.

4.      OpenAI objects to the Request to the extent that it requests the inspection of materials already produced in this litigation.

5.      OpenAI objects to the Request to the extent that it requests inspection of materials subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure, including without limitation any joint privilege relating to the same. OpenAI further objects to any requirement that it disclose or make available any privileged materials or information generated after the filing of this proceeding.

6.      OpenAI objects to the Request to the extent that it seeks trade secrets or confidential or proprietary information of OpenAI. OpenAI will produce confidential materials as set forth herein, subject to and after the entry of a protective order in this matter.

7.      OpenAI objects to the Request to the extent that it seeks to inspect materials not in OpenAI's possession, custody, or control; that are equally available to Plaintiffs; or that could be derived or ascertained by Plaintiffs with substantially the same effort that would be required of OpenAI on the ground that such requests subject OpenAI to undue burden and expense, require OpenAI to make an investigation of information that is publicly available and/or of no greater burden for Plaintiffs to obtain than for OpenAI to obtain, and/or to the extent they would require OpenAI to violate confidentiality obligations owed to third parties.

8.      OpenAI objects to the Request to the extent that it seeks information that is publicly available or equally or more readily available or accessible to Plaintiffs from sources which are less burdensome or less expensive.

9.      OpenAI objects to the Request to the extent that it seeks information that is the

confidential information of third parties which OpenAI is contractually or otherwise obligated to maintain as confidential information.

10.    OpenAI objects to the Request to the extent that it purports to impose on OpenAI any obligation that is different from or greater than any obligation imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable law or rule.

11.    OpenAI objects to the Request to the extent that it calls for information concerning materials that are no longer in existence or reasonably accessible, or materials not in OpenAI's possession, custody, or control. OpenAI will only provide relevant, non-privileged information that is within OpenAI's present possession, custody, or control and available after a reasonable investigation.

12.    OpenAI objects to the Request to the extent that it imprecisely specifies the information sought. Where imprecise terms are used, OpenAI will, therefore, provide only information that is responsive to the Request based on OpenAI's interpretation of the Request.

13.    OpenAI objects to the Request to the extent that it is not limited to a reasonable time period. OpenAI will produce materials from a reasonable time period as it relates to the case.

14.    OpenAI objects to the Request to the extent that it purports to impose a duty on OpenAI to undertake a search for information beyond a reasonable search of its files as it relates to this case and where information responsive to the Request would reasonably be expected to be stored in the ordinary course of business.

15.    OpenAI objects to the Request to the extent that it is premature and/or the disclosure of expert discovery, opinions or analysis.

16.    OpenAI objects to the Request to the extent that it seeks "the ChatGPT branded

Generative AI Products and Services be made available for inspection using the laptop(s) as those products and services are ordinarily made available to and used by end-users" as unduly burdensome and not proportional to the needs of the case.

17.    OpenAI objects to the Request to the extent it seeks to permit "copying," "sampling," "measuring," "surveying," and "photographing" as overly broad, unduly burdensome, disproportionate to the needs of the case.

18.    OpenAI objects to the Request as vague and ambiguous to the extent it seeks the inspection of "property, objects, and operations". OpenAI further objects to the phrase "phase of training" as vague and ambiguous.

19.    In responding to the Request, OpenAI does not waive, or intend to waive, any privilege or objection, including, but not limited to, any objections to the competency, relevance, materiality, or admissibility of any of the materials provided for inspection in response to the Request.

20.    OpenAI reserves the right to object on any ground at any time to such other or supplemental requests for inspection as OpenAI may propound involving or relating to the same subject matter of the Request.

## OBJECTIONS TO DEFINITIONS

21.    OpenAI incorporates the objections provided in its Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents, including but not limited to the General Objections contained therein and the objections to definitions contained therein.

22.    OpenAI objects to Plaintiffs' definition of "Generative AI Models" as vague and ambiguous. OpenAI objects to Plaintiffs' definition of "Generative AI Models" as overly broad, unduly burdensome, and not proportional to the needs of the case.

23.     OpenAI objects to Plaintiffs' definition of "Generative AI Products and Services" as overly broad, unduly burdensome, and not proportional to the needs of the case.

24.     OpenAI objects to Plaintiffs' definition of "Training Dataset(s)" as vague and ambiguous. OpenAI objects to Plaintiffs' definition of "Training Dataset(s)" as overly broad, unduly burdensome, and not proportional to the needs of the case.

## SPECIFIC OBJECTIONS AND RESPONSES TO CONDITIONS REQUESTED FOR INSPECTION

### REQUEST FOR CONDITION NO. 1:

Plaintiffs request that the foregoing items be made available for inspection on one or more hard drives mounted locally on a server having memory and processing power commensurate with those used by the OpenAI Defendants in the ordinary course of business for performing training set processing and analysis tasks, such as deduplication. The server should be accessible using one or more approved laptops. Plaintiffs may request that the OpenAI Defendants install licensed software or files on the laptop computer(s) to assist with the inspection, and such request shall be subject to approval of the OpenAI Defendants, which shall not be unreasonably withheld.

### RESPONSE TO REQUEST FOR CONDITION NO. 1:

OpenAI incorporates each of its General Objections by reference as if fully stated herein. OpenAI objects to this request as overly broad, unduly burdensome, disproportionate to the needs of the case to the extent this request seeks that the items be made available on "one or more hard drives mounted locally on a server having memory and processing power commensurate with those used by the OpenAI Defendants in the ordinary course of business for performing training set processing and analysis tasks, such as deduplication." OpenAI objects to the phrase "training set processing and analysis tasks" as vague and ambiguous. OpenAI objects

sf-6055534

to the phrase "approved laptops" as vague and ambiguous. OpenAI objects to the phrase "licensed software or files" as vague and ambiguous.

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, and making no admission regarding any claim or defense in this case, OpenAI responds as follows: OpenAI is willing to meet and confer regarding this condition for inspection.

**REQUEST FOR CONDITION NO. 2:**

Plaintiffs request that the Training Datasets be produced as files of each training record with all metadata related thereto as maintained in the ordinary course of business, along with directories identifying records used during each phase of training, including pre-training, any "cool down" phase of pre-training, fine-tuning, instruction-tuning, reinforcement learning through human feedback, or other training process.

**RESPONSE TO REQUEST FOR CONDITION NO. 2:**

OpenAI incorporates each of its General Objections by reference as if fully stated herein. OpenAI objects to this request as overly broad, unduly burdensome, disproportionate to the needs of the case to the extent this request seeks that the items be made produced as "files of each training record with all metadata related thereto as maintained in the ordinary course of business." OpenAI objects to this request as overly broad, unduly burdensome, disproportionate to the needs of the case to the extent this request seeks "directories identifying records used during each phase of training."

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, and making no admission regarding any claim or defense in this case, OpenAI

responds as follows: OpenAI is willing to meet and confer regarding this condition for inspection.

## REQUEST FOR CONDITION NO. 3:

Plaintiffs request that the Generative AI Models be made accessible through an application programming interface (API) via the laptop(s), and that the OpenAI Defendants produce documentation, directions, and example scripts illustrating how to make queries to the API.

## RESPONSE TO REQUEST FOR CONDITION NO. 3:

OpenAI incorporates each of its General Objections by reference as if fully stated herein. OpenAI objects to this request as overly broad, unduly burdensome, disproportionate to the needs of the case to the extent this request seeks that the production of "documentation, directions, and example scripts illustrating how to make queries to the API."

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, and making no admission regarding any claim or defense in this case, OpenAI responds as follows: OpenAI is willing to meet and confer regarding this condition for inspection.

## REQUEST FOR CONDITION NO. 4:

Plaintiffs request that the ChatGPT branded Generative AI Products and Services be made available for inspection using the laptop(s) as those products and services are ordinarily made available to and used by end-users.

## RESPONSE TO REQUEST FOR CONDITION NO. 4:

OpenAI incorporates each of its General Objections by reference as if fully stated herein. OpenAI objects to the Request to the extent that it seeks materials that are equally available to Plaintiffs; or that could be derived or ascertained by Plaintiffs with substantially the same effort

7

that would be required of OpenAI on the ground that such requests subject OpenAI to undue burden and expense and require OpenAI to make an investigation of information that is publicly available and/or of no greater burden for Plaintiffs to obtain than for OpenAI to obtain.

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, and making no admission regarding any claim or defense in this case, OpenAI responds as follows: OpenAI is willing to meet and confer regarding this condition for inspection.

**REQUEST FOR CONDITION NO. 5:**

Plaintiffs request that the OpenAI Defendants have a person or person(s) familiar with the foregoing list of items available during the course of the inspection to operate the laptop(s) and facilitate Plaintiffs' inspection.

**RESPONSE TO REQUEST FOR CONDITION NO. 5:**

OpenAI incorporates each of its General Objections by reference as if fully stated herein. OpenAI objects to this request as overly broad, unduly burdensome, disproportionate to the needs of the case to the extent this request seeks "a person or person(s) familiar with the foregoing list of items available during the course of the inspection to operate the laptop(s) and facilitate Plaintiffs' inspection."

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, and making no admission regarding any claim or defense in this case, OpenAI responds as follows: OpenAI is willing to meet and confer regarding this condition for inspection.

sf-6055534

**REQUEST FOR CONDITION NO. 6:**

The requested inspection is to take place at the OpenAI Defendants' facilities located at 3180 18th Street, San Francisco, California on a mutually agreeable date and time, and/or at such other facility that enables Plaintiffs to perform the requested inspection, copying, testing, sampling, measuring, surveying, and photographing of the OpenAI Defendants' training datasets and generative artificial intelligence models, products, and services, including taking videos and still photographs of the Defendants' services and systems, as described above, and of their operation (including as such systems and services are provided to and used by end-users). A court reporter and/or videographer may be present for the inspection.

**RESPONSE TO REQUEST FOR CONDITION NO. 6:**

OpenAI incorporates each of its General Objections by reference as if fully stated herein. OpenAI objects to the request as overly broad, unduly burdensome, disproportionate to the needs of the case to the extent it seeks "copying," "sampling," "measuring," "surveying," and "photographing." OpenAI objects to the request as overly broad, unduly burdensome, disproportionate to the needs of the case to the extent it seeks the presence of "[a] court reporter and/or videographer . . . for the inspection."

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, and making no admission regarding any claim or defense in this case, OpenAI responds as follows: OpenAI is willing to meet and confer regarding this condition for inspection.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

### REQUEST NO. 1:

Training Dataset(s) used to train Defendants' Generative AI Models, broken down into each phase of training, including pre-training, any "cool down" phase of pre-training, fine-tuning, instruction-tuning, reinforcement learning through human feedback, or other training process.

### RESPONSE TO REQUEST NO. 1:

OpenAI incorporates each of its General Objections by reference as if fully stated herein. OpenAI objects to this request to the extent it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence within the scope of this litigation. OpenAI objects to this request as overly broad because it is not limited to a temporal scope that is relevant to this action. OpenAI objects to this request to the extent it seeks proprietary, trade secret, or other confidential or competitively sensitive materials that are not directly relevant to this action. OpenAI objects to this request to the extent it requests inspection of information subject to the attorney-client privilege. OpenAI objects to this request as overly broad, unduly burdensome, disproportionate to the needs of the case to the extent this request seeks information regarding models not used for ChatGPT. OpenAI further objects to this request as seeking information that is not relevant to any claim or defense in this litigation to the extent this request seeks information regarding models not used for ChatGPT. OpenAI objects to the phrase "phase of training" as vague and ambiguous. OpenAI objects to the phrase "'cool down' phase of pre-training" as vague and ambiguous. OpenAI objects to the phrase "instruction-tuning" as vague and ambiguous.

10

sf-6055534

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, and making no admission regarding any claim or defense in this case, OpenAI responds as follows: OpenAI will make available for inspection the text training data for GPT 3.5, GPT-3.5 Turbo, GPT-4, and GPT-4 Turbo to the extent they are available based upon a reasonable and good-faith search. OpenAI further responds that, without conceding relevance, it will make available for inspection the text training data associated with GPT-2 and GPT-3, pursuant to the parties' agreement.

**REQUEST NO. 2:**

Software components available in source code form used in connection with Your Training Dataset(s), including for processing of training data, training curricula, data loaders, and ranking, weighting, or scoring tools, including the associated documentation.

**RESPONSE TO REQUEST NO. 2:**

OpenAI incorporates each of its General Objections by reference as if fully stated herein. OpenAI objects to this request to the extent it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence within the scope of this litigation. OpenAI objects to this request as overly broad because it is not limited to a temporal scope that is relevant to this action. OpenAI objects to this request to the extent it seeks proprietary, trade secret, or other confidential or competitively sensitive materials that are not directly relevant to this action. OpenAI objects to this request to the extent it requests inspection of information subject to the attorney-client privilege. OpenAI objects to this request as overly broad, unduly burdensome, disproportionate to the needs of the case to the extent this request seeks information regarding models not used for ChatGPT. OpenAI further objects to this request as seeking information that is not relevant to any claim or defense in this litigation to the

11

extent this request seeks information regarding models not used for ChatGPT. OpenAI objects to the phrase "Software components" as vague and ambiguous. OpenAI objects to the phrase "available in source code form" as vague and ambiguous. OpenAI objects to the phrase "processing of training data, training curricula, data loaders, and ranking, weighting, or scoring tools" as vague and ambiguous.

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, and making no admission regarding any claim or defense in this case, OpenAI responds as follows: OpenAI is willing to meet and confer regarding the scope and relevance of this request.

**REQUEST NO. 3:**

Software components available in source code form used to build, curate, or otherwise obtain data for Your Training Datasets from the internet, including web crawlers, spiders, and bots, including GPTBot.

**RESPONSE TO REQUEST NO. 3:**

OpenAI incorporates each of its General Objections by reference as if fully stated herein. OpenAI objects to this request to the extent it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence within the scope of this litigation. OpenAI objects to this request as overly broad because it is not limited to a temporal scope that is relevant to this action. OpenAI objects to this request to the extent it seeks proprietary, trade secret, or other confidential or competitively sensitive materials that are not directly relevant to this action. OpenAI objects to this request to the extent it requests inspection of information subject to the attorney-client privilege. OpenAI objects to this request as overly broad, unduly burdensome, disproportionate to the needs of the case to the extent this request

seeks information regarding models not used for ChatGPT. OpenAI further objects to this request as seeking information that is not relevant to any claim or defense in this litigation to the extent this request seeks information regarding models not used for ChatGPT. OpenAI objects to the phrase "Software components" as vague and ambiguous. OpenAI objects to the phrase "available in source code form" as vague and ambiguous. OpenAI objects to the phrase "build, curate, or otherwise obtain data" as vague and ambiguous.

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, and making no admission regarding any claim or defense in this case, OpenAI responds as follows: OpenAI is willing to meet and confer regarding the scope and relevance of this request.

## REQUEST NO. 4:

Generative AI Models, including but not limited to GPT base, GPT-1, GPT-2, GPT-3, GPT 3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, GPT-4o, and all other versions or other Generative AI Models, including associated model cards and documentation.

## RESPONSE TO REQUEST NO. 4:

OpenAI incorporates each of its General Objections by reference as if fully stated herein. OpenAI objects to this request to the extent it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence within the scope of this litigation. OpenAI objects to this request as overly broad because it is not limited to a temporal scope that is relevant to this action. OpenAI objects to this request to the extent it seeks proprietary, trade secret, or other confidential or competitively sensitive materials that are not directly relevant to this action. OpenAI objects to this request to the extent it requests inspection of information subject to the attorney-client privilege. OpenAI objects to this request as overly

13

broad, unduly burdensome, disproportionate to the needs of the case to the extent this request seeks information regarding models not used for ChatGPT. OpenAI further objects to this request as seeking information that is not relevant to any claim or defense in this litigation to the extent this request seeks information regarding models not used for ChatGPT. OpenAI objects to the phrase "model cards and documentation" as vague and ambiguous. OpenAI objects to the Request to the extent that it seeks to inspect materials that could be derived or ascertained by reviewing materials publicly available.

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, and making no admission regarding any claim or defense in this case, OpenAI responds as follows: GPT-1 and GPT-2 are open sourced and available for public review. OpenAI will make available GPT 3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT-4o for inspection via an API. OpenAI is willing to meet and confer regarding the remainder of this request.

**REQUEST NO. 5:**

ChatGPT branded Generative AI Products and Services, including APIs, plug-ins, custom GPTs, and other features offered through the ChatGPT branded platform, including software components available in source code form and the associated source code repositories and documentation.

**RESPONSE TO REQUEST NO. 5:**

OpenAI incorporates each of its General Objections by reference as if fully stated herein. OpenAI objects to this request to the extent it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence within the scope of this litigation. OpenAI objects to this request as overly broad because it is not limited to a temporal

scope that is relevant to this action. OpenAI objects to this request to the extent it seeks proprietary, trade secret, or other confidential or competitively sensitive materials that are not directly relevant to this action. OpenAI objects to this request to the extent it requests inspection of information subject to the attorney-client privilege. OpenAI objects to this request as overly broad, unduly burdensome, disproportionate to the needs of the case to the extent this request seeks information regarding models not used for ChatGPT. OpenAI further objects to this request as seeking information that is not relevant to any claim or defense in this litigation to the extent this request seeks information regarding models not used for ChatGPT. OpenAI objects to the phrase "Software components" as vague and ambiguous. OpenAI objects to the phrase "available in source code form" as vague and ambiguous. OpenAI objects to the phrase "source code repositories and documentation" as vague and ambiguous.

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, and making no admission regarding any claim or defense in this case, OpenAI responds as follows: OpenAI is willing to meet and confer regarding the scope and relevance of this request.

**REQUEST NO. 6:**

Query, session, and chat logs related to the Publishers' Content reflecting user sessions on Your Generative AI Products and Services ("Session Data"), including, for each session, user queries paired with responses to those queries.

**RESPONSE TO REQUEST NO. 6:**

OpenAI incorporates each of its General Objections by reference as if fully stated herein. OpenAI objects to this request to the extent it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence within the scope of this

litigation. OpenAI objects to this request as overly broad because it is not limited to a temporal scope that is relevant to this action. OpenAI objects to this request to the extent it seeks proprietary, trade secret, or other confidential or competitively sensitive materials that are not directly relevant to this action. OpenAI objects to this request to the extent it requests inspection of information subject to the attorney-client privilege. OpenAI objects to this request as overly broad, unduly burdensome, disproportionate to the needs of the case to the extent this request seeks information regarding models not used for ChatGPT. OpenAI further objects to this request as seeking information that is not relevant to any claim or defense in this litigation to the extent this request seeks information regarding models not used for ChatGPT. OpenAI objects to the phrase "Query, session, and chat logs" as vague and ambiguous. OpenAI objects to the phrase "user sessions" as vague and ambiguous. OpenAI objects to the phrase "user queries paired with responses to those queries" as vague and ambiguous.

Subject to the foregoing objections and the General Objections, without waiver or limitation thereof, and making no admission regarding any claim or defense in this case, OpenAI responds as follows: OpenAI is willing to meet and confer regarding the scope and relevance of this request.

sf-6055534

Dated: San Francisco, California                    KEKER, VAN NEST & PETERS LLP
           July 15, 2024


                                                    By: */s/ Nicholas S. Goldberg*
                                                          Robert A. Van Nest (*pro hac vice*)
                                                          RVanNest@keker.com
                                                          R. James Slaughter (*pro hac vice*)
                                                          RSlaughter@keker.com
                                                          Paven Malhotra
                                                          PMalhotra@keker.com
                                                          Michelle S. Ybarra (*pro hac vice*)
                                                          MYbarra@keker.com
                                                          Nicholas S. Goldberg (*pro hac vice*)
                                                          NGoldberg@keker.com
                                                          Thomas E. Gorman (*pro hac vice*)
                                                          TGorman@keker.com
                                                          Katie Lynn Joyce (*pro hac vice*)
                                                          KJoyce@keker.com
                                                          633 Battery Street
                                                          San Francisco, California  94111-1809
                                                          Telephone:       (415) 391-5400
                                                          Facsimile:       (415) 397-7188

                                                          Attorneys for Defendants
                                                          OPENAI, INC., OPENAI LP, OPENAI
                                                          GP, LLC, OPENAI, LLC, OPENAI
                                                          OPCO LLC, OPENAI GLOBAL LLC,
                                                          OAI CORPORATION, LLC, and
                                                          OPENAI HOLDINGS, LLC

sf-6055534

Dated:      July 15, 2024                    MORRISON & FOERSTER LLP

By: */s/ Vera Ranieri*
    Joseph C. Gratz (*pro hac vice*)
    JGratz@mofo.com
    Vera Ranieri (*pro hac vice*)
    VRanieri@mofo.com
    425 Market Street
    San Francisco, CA  94105-2482
    Telephone:      (415) 268-7000
    Facsimile:      (415) 268-7522

    Allyson R. Bennett (*pro hac vice*)
    ABennett@mofo.com
    707 Wilshire Boulevard
    Los Angeles, California 90017-3543
    Telephone:      (213) 892-5200
    Facsimile:      (213) 892-5454

    Attorneys for Defendants
    OPENAI, INC., OPENAI LP, OPENAI
    GP, LLC, OPENAI, LLC, OPENAI
    OPCO LLC, OPENAI GLOBAL LLC,
    OAI CORPORATION, LLC, and
    OPENAI HOLDINGS, LLC

sf-6055534

Dated:      July 15, 2024                          LATHAM & WATKINS LLP


By:  */s/ Elana Nightingale Dawson*
      Andrew Gass (*pro hac vice*)
      andrew.gass@lw.com
      Joseph R. Wetzel (*pro hac vice*)
      joe.wetzel@lw.com
      505 Montgomery Street, Suite 2000
      San Francisco, CA  94111
      Telephone:  (415) 391-0600
      Facsimile:  (415) 395-8095

      Sarang Damle
      sy.damle@lw.com
      Elana Nightingale Dawson (*pro hac vice*)
      elana.nightingaledawson@lw.com
      555 Eleventh Street NW
      Suite 100
      Washington, DC 20004
      Telephone:  (202) 637-2200
      Facsimile:  (202) 637-2201

      Allison Levine Stillman
      alli.stillman@lw.com
      1271 Avenue of the Americas
      New York, NY 10020
      Telephone:  (212) 906-1200
      Facsimile:  (212) 751-4864

      Attorneys for Defendants
      OPENAI, INC., OPENAI LP, OPENAI
      GP, LLC, OPENAI, LLC, OPENAI
      OPCO LLC, OPENAI GLOBAL LLC,
      OAI CORPORATION, LLC, and
      OPENAI HOLDINGS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024, a true and correct copy of the foregoing

**OPENAI'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR**

**INSPECTION** was served via electronic mail upon:

| | |
|---|---|
| Bryan Berkeley Thompson<br>Jennifer Maisel<br>Jenny L. Colgate<br>Kristen Logan<br>Mark Rawls<br>Robert Parker<br>Steven M Lieberman<br>ROTHWELL FIGG ERNST & MANBECK,<br>P.C.<br>901 New York Avenue, N.W.; Suite 900 East<br>Washington, DC 20001<br>Phone: 202.783.6040<br>Email: bthompsom@rfem.com<br>jmaisel@rothwellfigg.com<br>jcolgate@rfem.com<br>KLogan@rothwellfigg.com<br>mrawls@rfem.com<br>rparker@rfem.com<br>slieberm@rothwellfigg.com<br>Nhage@rothwellfigg.com | Jeffrey A. Lindenbaum<br>ROTHWELL FIGG ERNST & MANBECK,<br>P.C.<br>The Holyoke-Manhattan Building<br>80 South Highland Avenue<br>Ossining, NY 10562<br>Phone: 914.941.5668<br>Fax: 914.941.6091<br>Email: jlindenbaum@rothwellfigg.com |
| DailyNews-AI-RFEM@rothwellfigg.com | |
| *Attorneys for Plaintiffs* | |

| | |
|---|---|
| Jared B. Briant<br>Kirstin Stoll-DeBell<br>FAEGRE DRINKER BIDDLE & REATH<br>1144 15th Street, Suite 3400<br>Denver, CO 80202<br>Phone: 303.607.3588<br>Email: jared.briant@faegredrinker.com<br>kirstin.stolldebell@faegredrinker.com | Carrie A. Beyer<br>Drinker Biddle & Reath, LLP (IL)<br>191 North Wacker Drive<br>Suite 3700<br>Chicago, IL 60606<br>Phone: 312-569-1000<br>Email: carrie.beyer@dbr.com |
| Jeffrey S. Jacobson<br>FAEGRE DRINKER BIDDLE & REATH<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Phone: 212.248.3191<br>Email: jeffrey.jacobson@faegredrinker.com | Elizabeth Mead Cavert Scheibel<br>Faegre Drinker Biddle & Reath LLP<br>90 S 7th Street, Suite 2200<br>Minneapolis, MN 55402<br>Phone: 612-766-7628<br>Email: elizabeth.scheibel@faegredrinker.com |
| Annette L. Hurst | Laura Brooks Najemy |

| ORRICK, HERRINGTON & SUTCLIFF LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>Phone: 415.773.5700 | Sheryl Koval Garko<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>222 Berkley Street<br>Boston, MA 02116<br>Phone: 617.880.1800 |
| --- | --- |
| Christopher J. Cariello<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>51 West 2nd Street<br>New York, NY 10019<br>Phone: 212.506.5000 | |
| MicrosoftNYClassActionFDBR@faegredrinker.com;<br>NewYorkTimes_Microsoft_OHS@orrick.com; | |
| *Attorneys for Defendant Microsoft Corporation* | |

By:    */s/ heathersmith*
                    Heather Smith

21