# EXHIBIT 13



901 New York Avenue, N.W.
Suite 900 East
Washington, DC  20001

Telephone (202) 783-6040
Facsimile   (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | New York | Boston

G. Franklin Rothwell
(1928-2011)

E. Anthony Figg
George R. Repper
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols
Daniel L. Shores

Jennifer B. Maisel
Jess M. Collen
Jeffrey A. Lindenbaum*
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
An Nguyen
James T. Pawlowski
Bryan B. Thompson
Melissa C. Santos, Ph.D.
Andrew C. Stewart
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger*

Of Counsel
Harry F. Manbeck, Jr.
Jane F. Collen
James R. Hastings*
Mitchell E. Radin*

*Not a member of the D.C. Bar. Practice limited to patent, trademark and copyright matters and cases in federal courts.

December 10, 2024

Caroline Homer, Esq.
Morrison & Foerster LLP
2100 L Street, NW, Suite 900
Washington, DC 20037

CMHomer@mofo.com

Re:   *The New York Times Company v. Microsoft Corporation et al.,* Case Number 23-cv-11195-SHS-OTW; *Daily News, LP v. Microsoft Corporation et al.*, Case Number 24-cv-03285-SHS-OTW

Counsel:

I write on behalf of The New York Times and the Daily News Plaintiffs (collectively, the "News Plaintiffs") in response to your November 15, 2024, letter.

In your letter you explain that, pursuant to OpenAI's retention policies, OpenAI deletes ChatGPT user conversations after 30 days in instances where the user has affirmatively requested that their chat history be deleted or disabled. Relying on this retention policy, we understand that it is your position that Rules 26 and 37 of the Federal Rules of Civil Procedure do not obligate OpenAI to "retain[] user conversations in a manner different from its general practices." We disagree. Please confirm in writing that you will preserve ChatGPT user conversations. These conversations constitute relevant evidence and are particularly germane to at least the copyright infringement and trademark dilution claims that we have asserted.

The United States District Court for the Southern District of New York has consistently and unambiguously held that "[o]nce a party reasonably anticipates litigation, **it must suspend its routine document retention/destruction policy** and put in place a 'litigation hold' to ensure the preservation of relevant documents." *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) (emphasis added). Accordingly, OpenAI had the duty to ensure the preservation of *all* ChatGPT user conversations, notwithstanding the retention period prescribed by OpenAI's data retention policy. *See Elavon, Inc. v. Ne. Advance Techs., Inc.,* No. 15-civ-7985, 2022 WL 1175039, at *3 (S.D.N.Y. Apr. 20, 2022) (finding that Plaintiff did not satisfy its duty to preserve documents where it did not suspend its 90-day retention policy and "allowed its automatic deletion policy to run its course unabated, which lead to the destruction of its emails"); *see also*

December 10, 2024
Page 2

*Arista Recs. LLC v. Usenet.com, Inc.,* 608 F. Supp. 2d 409, 444 n.36 (S.D.N.Y. 2009) ("Courts have recognized the relevance of user log data and infringing digital files in copyright infringement actions, and they have ordered litigants to preserve and produce such data."). OpenAI's duty to preserve *all* ChatGPT user conversations arose no later than December 27, 2023, when the New York Times filed its complaint. *See Arista Recs. LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 139 (S.D.N.Y. 2009) ("There can be no dispute that the Defendants were under an obligation to preserve all documents and communications stored on their employees' computers, at least as early as the start of this litigation.").

We also disagree with your vague contention that OpenAI is relieved of its preservation obligations in light of OpenAI's "compliance with data protection laws." Your letter does not cite any specific data protection law that conflicts with OpenAI's preservation obligations under Rules 26 and 27. Without any further explanation from OpenAI, we fail to understand why OpenAI cannot meet its data protection obligations by maintaining ChatGPT user conversations using the best commercial practices for data security.

Finally, with respect to any privacy concerns of ChatGPT users, OpenAI's end user agreements do not obviate OpenAI's preservation obligations. Indeed, your letter expressly acknowledges that those agreements permit OpenAI to retain data for more than 30 days "to comply with legal obligations"—such as the legal obligation here to preserve evidence relevant to these litigations and specifically requested by News Plaintiffs.[1] *See, e.g., Arista Recs.,* 608 F. Supp. 2d at 431 ("[O]nce Defendants had actual notice that Plaintiffs were requesting the data, Defendants had the obligation to preserve it, if possible, or to at least negotiate in good faith what data they could produce."); *Columbia Pictures Indus. v. Bunnell*, No. 06-cv-1093, 2007 WL 2080419, at *9 (C.D. Cal. May 29, 2007) ("[D]efendants cannot insulate themselves from complying with their legal obligations to preserve and produce relevant information within their possession, custody or control and responsive to proper discovery requests, by reliance on a privacy policy-the terms of which are entirely within defendants' control."); *Viacom Int'l Inc. v. Youtube Inc.*, 253 F.R.D. 256, 262 (S.D.N.Y. 2008) (ordering Defendants to produce user log data despite Defendants' arguments regarding its "users' privacy concerns").

Considering OpenAI's preservation obligations under Rules 26 and 37, and OpenAI's apparent failure to adhere to these obligations, we request that OpenAI: (1) identify any output containing content from any of the News Plaintiffs that has been deleted; and (2) confirm in writing no later than December 17th, 2024 that you will hereafter preserve ChatGPT user conversations containing any of the News Plaintiffs' content.

---

[1] *See, e.g.*, OpenAI's Privacy Policy, available at https://openai.com/policies/row-privacy-policy/ (accessed Dec. 6, 2024) ("How long we retain personal Data will depend on a number of factors, such as: . . . **Any legal requirements that we are subject to**.") (emphasis added); OpenAI's Enterprise Privacy Policy, available at https://openai.com/enterprise-privacy/ (accessed Dec. 6, 2024) ("Any deleted or unsaved conversations are removed from our systems within 30 days, **unless we are legally required to retain them**.") (emphasis added); OpenAI's "How we use your data," available at https://platform.openai.com/docs/models/how-we-use-your-data (accessed Dec. 6, 2024) ("API data may be retained for up to 30 days, after which it will be deleted (**unless otherwise required by law**)") (emphasis added).

ROTHWELL FIGG

December 10, 2024
Page 3

                                              Sincerely,

                                              */s/ Jennifer Maisel*
                                              Jennifer Maisel

CC: All Counsel of Record