# Exhibit B

| | |
|---|---|
| **From:** | Adnan Muttalib |
| **To:** | Spencer McManus; Katy Peaslee; Sarah Salomon; Alex Frawley; KVP-OAI; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com; #NewYorkTimes-Microsoft-FDBR; NewYorkTimes_Microsoft_OHS@orrick.com |
| **Cc:** | NYT-AI-SG-Service@simplelists.susmangodfrey.com; dailynews-ai-rfem@rothwellfigg.com; ai@loevy.com |
| **Subject:** | RE: NYT v. Microsoft et al. |
| **Date:** | Wednesday, January 8, 2025 8:32:50 AM |

**[EXTERNAL]**



Hi Spencer,

The Times's **responses** below.

Best,
Adnan

Adnan Muttalib
Associate | Susman Godfrey L.L.P.
amuttalib@susmangodfrey.com
Office: (310) 789-3181
Cell: (310) 989-0800
Not admitted in California. Practicing under the supervision of the partnership of Susman Godfrey LLP.

**From:** Spencer McManus (via NYT-AI-SG-Service list) <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Sent:** Wednesday, January 8, 2025 8:10 AM
**To:** Katy Peaslee <KPeaslee@susmangodfrey.com>; Sarah Salomon <SSalomon@keker.com>; Alex Frawley <AFrawley@susmangodfrey.com>; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; dailynews-ai-rfem@rothwellfigg.com; ai@loevy.com
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email
Katy,

We did not hear back from you on these issues.  Please promptly provide a response today so that OpenAI can evaluate whether it needs to raise these issues with the Court for the next status conference.

Best,

Spencer

**Spencer McManus**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2305 direct | 415 391 5400 main
smcmanus@keker.com | keker.com
he | him | his

---

**From:** Spencer McManus <SMcManus@keker.com>
**Sent:** Thursday, January 2, 2025 6:09 PM
**To:** Katy Peaslee <KPeaslee@susmangodfrey.com>; Sarah Salomon <SSalomon@keker.com>; Alex Frawley <AFrawley@susmangodfrey.com>; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; dailynews-ai-rfem@rothwellfigg.com; ai@loevy.com
**Subject:** RE: NYT v. Microsoft et al.

Katy,

Thank you for meeting-and-conferring with us on December 30 regarding the Times's responses and objections to OpenAI's fourth set of RFPs, second set of RFAs, and fourth set of ROGs.  Below is a summary of the follow-up we discussed on the call.  We need your final responses on these issues no later than Tuesday, January 7.

Happy New Year,
Spencer

**RFPs**

- **RFP 176** – The parties disagree about the applicability of the reporters' privilege to communications between Times reporters and OpenAI current and former employees.  As to communications involving non-reporters, you stated that there are no communications between the Times (or its counsel) and OpenAI's current employees.  You said that you would circle back with your team regarding the Times's position on communications involving non-reporters between the Times (or its counsel) and OpenAI's former employees. **To clarify, we represented there were no communications between The Times's counsel and any current OpenAI employees given that OpenAI is a represented party. We have made no representations about non-lawyer Times employees. However, any communications that might exist between non-lawyers at the Times and OpenAI would be within OpenAI's own possession, custody, and control, and in any event, you have not connected this RFP to any of the relevant issues in this case. We will not produce documents in response to this**

**request.**

- **RFP 181** – We discussed how documents and communications about the Times permitting search engines to access/index its content are relevant to this lawsuit because the Times is accusing OpenAI of improperly engaging in similar practices. You said you would circle back with your team to confirm the Times's position on relevance. **We continue to disagree on the breadth of this RFP. As explained on our call, the use being made by search engines generally is different from OpenAI's use of The Times's content, or its use of the Bing search index to obtain Times content. We are already producing the relevant subset of these documents, including in response to MS RFPs 54, 69, 70, 72, 73, 82, 83, 85, 115, and 116. The Times will not search further on this issue.**

- **RFPs 182-183** – We agreed that the parties' positions on Mr. Kogan have been made clear in other correspondence and that the parties are at an impasse with respect to his documents.

- **RFP 184** – You stated that to the extent there are relevant documents responsive to this RFP, they are subsumed in other RFPs. You agreed to circle back with which RFPs you believe cover this request. **The following RFPs seek documents responsive to this request—MS RFP 27, OAI RFP 65, OAI RFP 218, MS RFP 54, MS RFP 115, and MS RFP 116.**

- **RFPs 185, 187, 188** – We asked whether the Times was committing to produce total user visits to the Times, Cooking, and Wirecutter broken down by domain (i.e., section of the Times website) and application (i.e., web, iOS app, Android app, etc.). You agreed to look into whether such data exists and what the Times's position on producing it is. You also agreed to confirm whether Times traffic, subscription, and revenue data produced to date includes only the website or all other sources of traffic (i.e., mobile apps). **Mobile data only exists from 2018 onwards. Domain specific data does exist. We are looking into how it is maintained in the regular course of business and whether it will be unduly burdensome to provide such data. The data produced to date generally indicates the relevant sources of traffic. We're available to answer questions about specific data examples if needed.**

- **RFP 189** – You agreed to see if the Times has data on user visits for The Athletic prior to 2021. We explained that that data is relevant to show trends in user visits over time and other causes of any changes in traffic, subscriptions, or revenue (i.e., due to COVID in 2020). **The Times reiterates its position that this data is irrelevant, as The Times did not acquire the Athletic until 2022.**

- **RFP 197** – We explained that the Times should agree to produce documents in response to this request because OpenAI has agreed to conduct an equivalent search for names of specific third-party Custom GPTs referenced in the complaint. You stated that you would circle back with your team to confirm the Times's position, including whether documents responsive to this RFP are subsumed within existing requests and if search terms on those requests could capture these documents. **The Times is willing to produce non-privileged documents and communications relating to the specific third-party custom GPTs made available in OpenAI's Custom GPT Store referenced in the Complaint.**

- **RFP 200** – We explained that documents related to the pricing of Times products are clearly relevant to damages and the Times's theory that OpenAI products have affected the Times's revenues. You said you would circle back to confirm the Times's position. **As we stated on the call, documents concerning anticipated changes in pricing are irrelevant. As such, The Times will not produce them. However, we will produce documents showing the current pricing of Times products.**

- **RFPs 203-204** – We clarified that this request is aimed at the Times's addition of CMI to, for example, articles that it republishes from wire services like The Associated Press, Agence France-Presse, and Reuters. With that clarification, you said you would circle back with your team regarding the Times's position. **Thank you for the clarification. The Times is investigating whether it has non-privileged policy documents regarding addition of CMI to articles published from wire services.**

- **RFP 208** – You stated that this RFP was unclear and that you didn't believe that the Times has any revenue from the GPT Services. As promised, we circled back with our team regarding this RFP. OpenAI does not intend to pursue it further based on your representation.

- We also stated on the call that we would circle back about certain other RFPs. OpenAI seeks clarification about the Times's basis for refusing to produce documents in response to RFPs 175, 190, and 207, and the Times's basis for only agreeing to a limited production of documents in response to RFP 174.

    **With respect to RFPs 174 and 175, The Times has already agreed to produce documents relating to judicial or quasijudicial determinations that any of the Copyrighted Works-In-Suit infringed a third party's rights. The Times disagrees that the further documents sought in RFPs 174 and 175 are relevant to this action; and any pleadings are publicly available in any event.**

    **With respect to RFP 190, The Times objects to this request as not relevant to any claim or defense, and as overbroad and unduly burdensome. This request would sweep in a large number of irrelevant communications. The Times has agreed to provide information regarding affiliate revenue, and to the extent Defendants have questions regarding The Times's methods for affiliate tracking they are best answered in a deposition or through an appropriately targeted request.**

    **Finally, with respect to RFP 207, this request is an unduly burdensome request, seeks irrelevant documents, and is disproportionate to the needs of the case. The Times has already agreed to produce documents regarding the expenses it incurs and has agreed to provide such information extending back to 2015.**

**ROGs**

- We proposed an early February date for the Times's responses to contention ROGs. You said that the Times's position is that responses to contention ROGs should not be served until the

- end of fact discovery.
- We explained that the Times's response to ROG 24 was insufficient because it did not identify the specific names of individuals for each repository.  The Times clearly has this information because it provided a specific number of individuals for each repository.  We informed you that unless the Times supplements the response by January 8, we intend to raise the issue with the Court.  You said you would circle back. **The Times will provide updated information by tomorrow.**

**RFAs**

- RFAs 30-33, 40 – These RFAs seek information about lost sales and licensing opportunities.  RFPs to which documents regarding lost sales and licensing opportunities would be responsive include RFPs 26, 33, 93, and 198.  Please confirm the Times will produce the specific documents it relied on in denying these RFAs. **RFAs are not RFPS.** *See, e.g., T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, **174 F.R.D. 38, 42 (S.D.N.Y. 1997) ("Rule 36 is not a discovery device. The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact."). That said, as we previously agreed, The Times will produce documents responsive to the listed RFPs pursuant to the agreed upon search protocol.**
- RFAs 36, 37, 39 – You stated that the Times could not respond to these RFAs seeking information about whether the Times has licensed works for training Generative AI because the term "Generative AI" was vague and ambiguous.  The term is defined in the RFAs we served as "large language models, including the products into which such models are incorporated; this definition includes, but is not limited to, ChatGPT, Gemini, LLaMA, and Claude."  Please confirm the Times will respond to these RFAs. **Despite your clarification, The Times continues to object to these RFAs because they do not address straightforward points that can be admitted or denied.**
- RFA 45 – We stated that we would explore rewording this RFA.  We will get back to you.

**Spencer McManus**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2305 direct | 415 391 5400 main
smcmanus@keker.com | keker.com
he | him | his

---

**From:** Katy Peaslee <KPeaslee@susmangodfrey.com>
**Sent:** Monday, December 23, 2024 3:24 PM
**To:** Sarah Salomon <SSalomon@keker.com>; Alex Frawley <AFrawley@susmangodfrey.com>; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com

**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; dailynews-ai-rfem@rothwellfigg.com; ai@loevy.com
**Subject:** RE: NYT v. Microsoft et al.

**[EXTERNAL]**

Hi Sarah,

I'm available at 3pm ET on Monday, 12/30, to discuss The Times's discovery responses. Please go ahead and circulate an invite.

Best,
Katy

**From:** Sarah Salomon (via NYT-AI-SG-Service list) <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Sent:** Monday, December 23, 2024 1:40 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; dailynews-ai-rfem@rothwellfigg.com; ai@loevy.com
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email
Counsel,

Please provide your availability for a meet and confer over the Times's most recent set of discovery responses on Friday, December 27 between 12-2 ET or Monday, December 30, between 1-4 ET. OpenAI reserves all rights with respect to the Times's responses, but in particular would like to discuss deficiencies in the Times's responses to:

- RFPs 176, 181-185, 187-189, 197, 200, 203-204, 208
- Interrogatory 24
- RFAs 36, 37, 39, 42, 44, 45

Please also be prepared to discuss a date certain by which you will respond to the Interrogatories to which you have deferred a response based on Local Rule 33.3.

Thanks,

**Sarah Salomon**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 962 8828 direct | 415 391 5400 main
ssalomon@keker.com | vcard | keker.com

---

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Friday, December 20, 2024 10:19 PM
**To:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; dailynews-ai-rfem@rothwellfigg.com; ai@loevy.com
**Subject:** NYT v. Microsoft et al.

**[EXTERNAL]**

Counsel:

Attached please find The Times's Responses and Objections to various discovery requests, some of which have been designated "Confidential" under the Protective Order.

Best,
Alex

**Alexander P. Frawley | Susman Godfrey LLP**
One Manhattan West, 50th Floor | New York, NY 10001
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com


To unsubscribe from this list please go to https://https://simplelists.susmangodfrey.com/subs/

To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=tdWTyXMHjuk2rIIyl11m0aDOKb0miD9A