KEKER VAN NEST & PETERS    LATHAM & WATKINS LLP    MORRISON FOERSTER

January 13, 2025

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

cc: All Counsel of Record (via ECF)

**Re:** *__Discovery dispute concerning documents and communications related to Times pricing and permissions given to search engines to copy Times content__*

Dear Judge Wang:

OpenAI requests a pre-motion conference to address The Times's refusal to produce two highly relevant categories of discovery: (1) documents related to The Times's reasons for current and anticipated pricing, and (2) documents and communications related to The Times permitting search engines to copy Times content.

 1. **The Times should produce documents related to the reasons for current and anticipated pricing for Times products (RFP 200).**

The Times claims that it has suffered substantial harm because of OpenAI's alleged use of the Asserted Works, including that OpenAI's use "deprive[d] [t]he Times of subscription, licensing, advertising, and affiliate revenue" across its multiple offerings. Dkt. 170 ¶¶ 5, 44. In order to assess whether The Times's prices and pricing decisions are consistent with this alleged harm, OpenAI propounded an RFP seeking documents relating to the "pricing" for Times products, "any anticipated changes in pricing, and the bases for those changes." Ex. A (RFP 200). The Times refuses to produce the full set of documents responsive to RFP 200, committing only to turn over documents showing "current pricing" of Times products. Such a limited production of publicly available information is insufficient, and OpenAI is entitled to discovery into The Times's underlying pricing decisions, both as to current prices and anticipated prices.

First, such documents are directly relevant to The Times's demand for actual damages. If those documents reveal that the reasons for The Times's prices and pricing decisions are not due to OpenAI, OpenAI cannot be responsible for any resulting damage The Times suffered due to those pricing changes. While this Court cautioned months ago that it was not yet prepared to consider motion practice related to damages discovery,[1] in light of progress made in discovery since that date, OpenAI submits that the issues are now ripe. The Times's failure to produce documents related to its alleged damages is prejudicing OpenAI's defense.

Second, the documents are relevant to OpenAI's factor four fair use defense. *See Hachette Book Grp., Inc. v. Internet Archive*, 115 F.4th 163, 191 (2d Cir. 2024) (defendant entitled to "present evidence of a lack of market harm to support [its] defense of fair use"). If The Times's

---

[1] *See* Oct. 30, 2024 Hr'g Tr. at 48:22-23 (advising that damages discovery was "going to have to wait").

contention that OpenAI has undermined its revenue is true, one would expect to see that concern reflected in The Times's pricing decisions.  More specifically, documents regarding price increases may provide evidence that demand for Times content is robust and, contrary to The Times's allegations, unaffected by OpenAI's products.  Documents regarding price cuts, by contrast, might reveal the impact of market pressures unrelated to OpenAI that threaten the market for Times products (e.g., social media, COVID-19-related disruptions, podcasts, cable news).  Without documents explaining the reasons for changes in pricing for Times products—whether increases or cuts—OpenAI cannot effectively challenge The Times's implausible claim that OpenAI's tools caused its alleged market harms.

Either way, such documents are relevant to The Times's allegations that OpenAI products are harming the market for The Times products.  The Times should be ordered to produce these documents.

> 2. **The Times should produce documents and communications related to the Times permitting search engines to access and index Times content (RFP 181).**

The Times has accused OpenAI of infringing its copyrights by copying Times content.  But The Times admits that it permits other technology companies to access and copy its content to maintain search engines, and it apparently does not contend that such copying constitutes infringement.  OpenAI served an RFP seeking documents related to that admission, but The Times has refused to produce responsive documents.  Because such documents relate to The Times's allegations and its understanding of the scope of copyright protections, The Times should be ordered to produce the documents.

In its complaint, The Times alleges that it "permits search engines to access and index its content" so that it can "facilitate . . . direct engagement with its products" and because "search engines [allegedly] direct users to [t]he Times's own websites and mobile applications[.]"  Dkt. 170 ¶¶ 52-53.  OpenAI requested documents and communications related to that allegation.  *See* Ex. A (RFP 181).  The Times has refused to produce such documents, arguing that a search engine's copying is "different" from its allegations against OpenAI.  Ex. B at 4.  But The Times's conclusory allegation that search-engine copying is "different" from OpenAI's alleged conduct is precisely what OpenAI is entitled to test.  For example, the complaint is silent as to whether this "permission" is implicit or explicit, silent as to whether it is documented in writing, silent as to its terms, and silent as to the third-parties to whom permission supposedly has been granted.  These details, among others, are necessary to assess whether and how such copying is materially "different" from The Times's allegations against OpenAI, and whether instead The Times's positions as to search-engine copying reflect inconsistent views as to the scope of fair use.

The Times has also argued that the "relevant subset" of documents responsive to this RFP is being produced in response to ten RFPs propounded by Microsoft.  That is false. The Microsoft RFPs cover (1) The Times's "use of webmaster controls or other tools," and (2) statistics about page views and advertising revenue from click-throughs from search engines.  They simply do not address The Times's decision to permit search engines to access and copy Times content.  More specifically, they do not encompass documents and communications explaining The Times's reasons for permitting search engines to access its content nor the specific terms of

2

that permission.  They thus do not enable OpenAI to challenge the assertion that search engines' copying is materially "different" from The Times's allegations against OpenAI.

              Respectfully,

| KEKER, VAN NEST & PETERS LLP[*] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| _/s/ Andrew F. Dawson_<br>Andrew F. Dawson | _/s/ Elana Nightingale Dawson_<br>Elana Nightingale Dawson | _/s/ Rose S. Lee_<br>Rose S. Lee |

---

[*] All parties whose electronic signatures are included herein have consented to the filing of this document.

3

2850553