# EXHIBIT A

**CONFIDENTIAL**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO OPENAI OPCO, LLC'S FOURTH SET OF REQUESTS FOR PRODUCTION (NOS. 171-221)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff The New York Times Company ("The Times") responds to Defendant OpenAI OpCo, LLC's ("OpenAI OpCo") Fourth Set of Requests for Production of Documents and Things (the "Requests") as follows:

**GENERAL OBJECTIONS**

1.   The Times objects to each Request to the extent it seeks information or documents subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2.   The Times objects to each Request to the extent it seeks documents or information not within The Times's possession, custody, or control or that are already in the possession, custody, and control of Defendants, on the grounds that such Requests are unduly burdensome and oppressive and therefore exceed the bounds of permissible discovery. The Times will only produce documents within its possession, custody, or control, and will do so in the manner such documents

Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 180:**

Documents and analyses produced by the Boston Consulting Group Regarding the impact of large language models over which You have possession, custody, or control.

**RESPONSE NO. 180:**

The Times incorporates the General Objections set forth above. The Times objects to the term "produced by the Boston Consulting Group" and "Regarding the impact of large language models" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to the request for documents "regarding the impact of large language models" as seeking documents not relevant to any claim or defense in this case to the extent it seeks information about large language models generally, as opposed to Defendants' large language models at issue in this case. The Times further objects to this Request as duplicative of Request No. 178.

Based on these objections, The Times will not produce documents in response to this Request aside from what The Times already agreed to produce in response to Request No. 178.

**REQUEST FOR PRODUCTION NO. 181:**

Documents and Communications Related to Your allegation in paragraph 52 of the Complaint that "the Times permits search engines to access and index its content, which is necessary to allow users to find The Times using these search engines."

**RESPONSE NO. 181:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 182:**

Documents and Communications Related to advice given by and or discussions with David B. Kogan, Including any consulting or advising agreement between You and David B. Kogan.

**RESPONSE NO. 182:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "Related to advice given by and or discussions with David B. Kogan" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 183:**

Documents and analyses created by David B. Kogan for You, over which You have possession, custody, or control.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 199:**

Documents and Communications Related to business development plans, strategic roadmaps, and product development plans related to any future products or services in the categories of news, cooking, consumer reviews, and sports that You contend may be impacted by GPT Services.

**RESPONSE NO. 199:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "strategic roadmaps," "related to any future products or services," "consumer reviews," and "that You contend may be impacted by GPT Services" as vague and ambiguous. The Times reasonably construes "that You contend may be impacted by GPT Services" as relating to The Times's allegations of damages and harm at issue in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 200:**

Documents Relating to the pricing for Your Products, any anticipated changes in pricing, and the bases for those changes.

**RESPONSE NO. 200:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "pricing for Your Products," "anticipated changes in pricing," and "bases for those changes" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 201:**

Non-privileged Documents and Communications Relating to any internal analyses, discussions, or evaluations regarding whether OpenAI's alleged use of Your Asserted Works constitutes fair use.

**RESPONSE NO. 201:**

The Times incorporates the General Objections set forth above. The Times objects to the term "whether OpenAI's alleged use of Your Asserted Works constitutes fair use" as vague and ambiguous. The Times reasonably construes this to mean whether OpenAI's use of The Times's Asserted Works constitutes "fair use" under Section 107 of the Copyright Act.

Subject to these objections, The Times responds that it will produce non-privileged documents in its possession, custody, and control that can be located after a reasonable search and pursuant to an agreed-upon search protocol regarding whether OpenAI's use of The Times's Asserted Works constitutes "fair use" under Section 107 of the Copyright Act.

**REQUEST FOR PRODUCTION NO. 221:**

Documents sufficient to show the number of Your print subscribers for each month beginning January 2015 to the present.

**RESPONSE NO. 221:**

The Times incorporates the General Objections set forth above.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

Dated: December 20, 2024

        */s/ Ian Crosby*

Ian Crosby *(admitted pro hac vice)*
Genevieve Vose Wallace *(admitted pro hac vice)*
Katherine M. Peaslee *(pro hac vice pending)*
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(admitted pro hac vice)*
Emily K. Cronin *(admitted pro hac vice)*
Ellie Dupler *(admitted pro hac vice)*
**SUSMAN GODFREY L.L.P.**
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)

Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings *(admission pending)*
**SUSMAN GODFREY L.L.P**.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(admitted pro hac vice)*
**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

36