# Exhibit H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>　　　　　Defendants. | Civil Action No. 1:23-cv-11195-SHS |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO OPENAI OPCO, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-61)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff The New York Times Company ("The Times") responds to Defendant OpenAI OpCo, LLC's ("OpenAI OpCo") First Set of Requests for Production of Documents and Things (the "Requests") as follows:

**GENERAL OBJECTIONS**

1. The Times objects to each Request to the extent it seeks information or documents subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2. The Times objects to each Request to the extent it seeks documents or information not within The Times's possession, custody, or control or that are already in the possession, custody, and control of Defendants, on the grounds that such Requests are unduly burdensome and oppressive and therefore exceed the bounds of permissible discovery. The Times will only produce documents within its possession, custody, or control, and will do so in the manner such documents

Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce documents reflecting The Times's analyses of the financial value of page views.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications relating to formal or informal analyses of the performance of content published on Your website, including without limitation analysis of methods to evaluate that performance.

**RESPONSE TO NO. 37:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without time limitation, including to the extent that it seeks "[a]ll Documents and Communications" relating to the performance of any "content" published on The Times's "website." The Times further objects to this Request as vague and ambiguous, including the terms "formal or informal analyses of the performance of content on Your website." The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

29

All Documents and Communications relating to Your use or potential use of Exclusion Protocols on Your website, including without limitation Documents sufficient to show the time periods during which You implemented such Exclusion Protocols on Your website.

**RESPONSE TO NO. 38:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case, including by requesting "[a]ll Documents and Communications" relating to The Times's "use or potential use" of "Exclusion Protocols."     The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce documents sufficient to show the existence and operation of its paywall and its robots.txt file in response to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to show Your policies and procedures regarding the use of third-party sources (including third-party texts) in creating Your published content.

**RESPONSE TO NO. 39:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad to the extent that it seeks material not relevant to any party's claims or defenses in this case and not limited to the relevant timeframe.  The Times further objects to the terms "the use of third-party sources," "third-party texts," "in creating," and "Your published content" as vague and ambiguous.

30

further objects to this request as overbroad, vague, and ambiguous to the extent that it calls for all documents The Times "intend[s] to provide" to any expert, testifying or not, and is not limited to documents relevant to any party's claims or defenses in this dispute. The Times further objects to this request as outside the scope of Federal Rule of Civil Procedure 26(b)(4)(C), which requires production of documents a testifying expert relies on or facts and data they considered in rendering their opinion.

Subject to these objections, The Times responds that it will produce documents any testifying expert relies on or facts and data considered in rendering their opinion in this case.

April 8, 2024

*/s/ Ian Crosby*

Ian Crosby *(admitted pro hac vice)*
Genevieve Vose Wallace *(admitted pro hac vice)*
Katherine M. Peaslee *(pro hac vice pending)*
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(admitted pro hac vice)*
Emily K. Cronin (*admitted pro hac vice*)
Ellie Dupler *(admitted pro hac vice)*
**SUSMAN GODFREY L.L.P.**
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)

45

Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings *(admission pending)*
**SUSMAN GODFREY L.L.P**.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(admitted pro hac vice)*
**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff
The New York Times Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195 (SHS) (OTW) |
| Daily News, LP; Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest Publications, LLC<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:24-cv-3285 (SHS) (OTW) |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO OPENAI OPCO, LLC'S THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 105-170)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff The New York Times Company ("The Times") responds to Defendant OpenAI OpCo, LLC's ("OpenAI OpCo") Third Set of Requests for Production of Documents and Things (the "Requests") as follows:

1

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show the existence and operation of its robots.txt file in response to this Request.

**REQUEST FOR PRODUCTION NO. 133:**

Documents and Communications Concerning any modifications to Your robots.txt site, currently located at https://www.nytimes.com/robots.txt, from January 1, 2018, to present.

**RESPONSE NO. 133:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad, vague, and ambiguous to the extent that it seeks documents and material not relevant to any party's claims or defenses in this dispute, including by requesting all "Documents and Communications concerning any modifications to" The Times's "robots.txt site." The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 134:**

Documents and Communications sufficient to identify the alleged "well-established market" for You to provide paid access to and use of Your Published Works by individual and institutional users, as referenced in Paragraph 155 of the Complaint.

**RESPONSE NO. 134:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad to the extent that it seeks "Documents and Communications" regarding the

27

**REQUEST FOR PRODUCTION NO. 166:**

Documents sufficient to show how Your Metered Access functions to limit (or not limit) access to Your content, including, for each of Your Products that separately operates such Metered Access: (a) the distribution frequency of the Meter Limit applied to Unregistered Users determining how many articles Unregistered Users may view for free before being required to register, and (b) the distribution frequency of the Meter Limit applied to Registered Users determining how many articles such Registered Users may view for free before being required to Subscribe to Your content.

**RESPONSE NO. 166:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "functions," "access to Your content," and "Your Products that separately operates" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show the way its Metered Access limits or permits access to Times content for both unregistered and registered users.

**REQUEST FOR PRODUCTION NO. 167:**

Documents sufficient to show how the Machine Learning Models behind Your Metered Access strategy were trained, including, but not limited to (a) each of the Features used to train the machine learning models behind Your Metered Access strategy that determines Meter Limits; (b)

49

how each such Feature is calculated; (c) which Business Key Performance Indicators the Metered Access is optimized on; and (d) how each such Business Key Performance Indicator is measured.

**RESPONSE NO. 167:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "Machine Learning Models," "behind," and "Your Metered Access strategy" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 168:**

Documents sufficient to show how the Subscription Attribution Model works for each of Your Products, including (a) each Dimension used in the model; (b) how each Dimension is calculated; and (c) specify the existence, custodian, location, and general description of documents that reference or leverage the Subscription Attribution Model to assess "which areas of the business [are] driving subscriptions."

**RESPONSE NO. 168:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Time further objects to the terms "works," each Dimension used," "specify the existence," "reference," "leverage," and "assess" as vague and

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

Dated: October 21, 2024     /s/ Ian Crosby

Ian Crosby *(pro hac vice)*
Genevieve Vose Wallace *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)
Ellie Dupler *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com

52

tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings  (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

***Attorneys for Plaintiff***
***The New York Times Company***

53