# Exhibit I

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MICROSOFT CORPORATION'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff, The New York Times Company ("The Times") provides the following supplemental responses and objections to Defendant Microsoft Corporation's ("Microsoft") First Set of Interrogatories (the "Interrogatories"). These responses and objections are based on The Times's knowledge, investigations, and analysis to date. The Times reserves all rights to supplement and amend its responses and objections accordingly.

**GENERAL OBJECTIONS**

1. The Times objects to the Interrogatories to the extent any of them seek information subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2. The Times objects to the Interrogatories to the extent any of them seek information not within The Times's possession, custody, or control.

The Times incorporates the General Objections set forth above. The Times further objects to the Interrogatory because it asks The Times to identify "witnesses" long before any deadline to disclose witnesses for trial. The Times further objects to this Interrogatory insofar as it calls for information outside of The Times's possession, custody, and control.

Subject to these objections, The Times responds as follows: other than in-house legal counsel, Sam Felix, Hannah Poferl, Rebecca Grossman-Cohen, and Alex Hardiman.

**INTERROGATORY NO. 7:**

Identify witnesses with knowledge of information regarding Your access control for Your digital publications, including but not limited to Your use of Microsoft's Bing Webmaster Tools.

**RESPONSE TO NO. 7:**

The Times incorporates the General Objections set forth above. The Times further objects to the Interrogatory because it asks The Times to identify "witnesses" long before any deadline to disclose witnesses for trial. The Times further objects to this Interrogatory as vague and ambiguous because it does not explain the meaning of "access control." To the extent the Interrogatory seeks information about The Times's information security practices, The Times objects to the Interrogatory on the ground that it seeks irrelevant information.

The Times is willing to meet and confer with Microsoft about this Interrogatory.

**SUPPLEMENTAL RESPONSE TO NO. 7:**

The Times incorporates the General Objections set forth above. The Times further objects to the Interrogatory because it asks The Times to identify "witnesses" long before any deadline to disclose witnesses for trial. The Times further objects to this Interrogatory as vague and ambiguous because it does not explain the meaning of "access control." To the extent the

5

Interrogatory seeks information about The Times's information security practices, The Times objects to the Interrogatory on the ground that it seeks irrelevant information.

Subject to these objections, The Times responds as follows: other than in-house legal counsel, Sam Felix, Hannah Poferl, Justin Heidman, and Elijah Soria.

**INTERROGATORY NO. 8:**

Identify witnesses with knowledge of information regarding Your use of metatags to prevent web crawlers from accessing, indexing, archiving, or caching some or all of Your digital publications, including but not limited to the implementation and management of the metatags identified at *https://www.nytimes.com/robots.txt*.

**RESPONSE TO NO. 8:**

The Times incorporates the General Objections set forth above. The Times further objects to the Interrogatory because it asks The Times to identify "witnesses" long before any deadline to disclose witnesses for trial. The Times further objects to the Interrogatory insofar as it seeks irrelevant information.

Subject to these objections, The Times responds as follows: other than in-house legal counsel, Sam Felix, and Hannah Poferl.

**SUPPLEMENTAL RESPONSE TO NO. 8:**

The Times incorporates the General Objections set forth above. The Times further objects to the Interrogatory because it asks The Times to identify "witnesses" long before any deadline to disclose witnesses for trial. The Times further objects to the Interrogatory insofar as it seeks irrelevant information.

Subject to these objections, The Times responds as follows: other than in-house legal counsel, Sam Felix, Hannah Poferl, Justin Heidman, and Elijah Soria.

**INTERROGATORY NO. 10:**

Identify witnesses with knowledge of information regarding any actual harm to Your reputation for accuracy, originality, and quality as a result of the conduct alleged in the Complaint.

**RESPONSE TO NO. 10:**

The Times incorporates the General Objections set forth above. The Times further objects to the Interrogatory because it asks The Times to identify "witnesses" long before any deadline to disclose witnesses for trial.

Subject to these objections, The Times is willing to meet and confer about this request.

**SUPPLEMENTAL RESPONSE TO NO. 10:**

The Times incorporates the General Objections set forth above. The Times further objects to the Interrogatory because it asks The Times to identify "witnesses" long before any deadline to disclose witnesses for trial.

Subject to these objections, The Times responds as follows: other than in-house legal counsel, William Bardeen, Rebecca Grossman-Cohen, and Hannah Poferl.

Dated: August 23, 2024                              /s/ Ian Crosby

Ian Crosby (pro hac vice)
Genevieve Vose Wallace (pro hac vice)
Katherine M. Peaslee (pro hac vice)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook (pro hac vice)
Emily K. Cronin (pro hac vice)

7

Ellie Dupler *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

8

Scarlett Collings  (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*