EXHIBIT 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS-OTW |

## MICROSOFT CORPORATION'S RESPONSES AND OBJECTIONS TO THE NEW YORK TIMES COMPANY'S FOURTH SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Microsoft Corporation ("Microsoft") responds to Plaintiff's Fourth Set of Requests for Production ("Requests") as follows:

## GENERAL OBJECTIONS

Microsoft's responses are subject to the following objections to the "Definitions" and "Instructions" provided with the Requests, each of which is hereby incorporated by reference into Microsoft's responses below. If Microsoft objects to a definition of a term and that term is used in the definition of a subsequent term, Microsoft's objections to the term used in the subsequent definition are incorporated by reference therein.

1.    Microsoft objects to the Definition of "AI Model(s)" as overly broad, unduly burdensome, and not proportional to the needs of the case because it includes artificial intelligence models that are not identified in the Complaint and that have no relationship to

Microsoft. Microsoft will interpret this phrase to mean the specific artificial intelligence models identified in the Complaint and relevant to the products and services at issue in this case: GPT-3, GPT-3.5, GPT-4, GPT-4 Turbo, an/or any model used by Microsoft's "Generative AI Products and Services," as defined below, for text generation, on or before the filing date of the Complaint.

2.      Microsoft objects to the Definition of "Generative AI Models" as overly broad, unduly burdensome, and not proportional to the needs of the case because it includes generative artificial intelligence models that are not identified in the Complaint and have no relationship to the facts alleged or claims asserted in the Complaint, and because it incorporates the definition of "AI Models," which Microsoft objected to above. Microsoft will interpret this phrase to mean the specific generative artificial intelligence models identified in the Complaint and relevant to the products and services at issue in this case: GPT-3, GPT-3.5, GPT-4, GPT-4 Turbo, and/or any model used by "Microsoft's Generative AI Products and Services," as defined below, for text generation, on or before the filing date of the Complaint.

3.      Microsoft objects to the Definition of "Text Generation AI Models" for the same reasons Microsoft objects to the Definitions of "AI Model(s)" and "Generative AI Model(s)." Microsoft further objects to this Definition as vague and ambiguous because it "include[es] generative pre-trained transformers or large language models (LLMs)" in the term "Generative AI Model(s)": "generative pre-trained transformers or large language models (LLMs)" is not defined, and The Times already otherwise defined "Generative AI Model(s)," so it is unclear what "Generative AI Model(s)" is meant to include for purposes of the term "Text Generation AI Models." Microsoft further objects to this Definition as irrelevant and/or overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it

includes GPT-4o and MAI- 1 because they have no relationship to the allegations in the Complaint. Microsoft will interpret this phrase to mean the specific generative artificial intelligence models identified in the Complaint and relevant to the products and services at issue in this case: GPT-3, GPT-3.5, GPT-4, GPT-4 Turbo, and/or any model used by Microsoft's "Generative AI Products and Services," as defined below, for text generation, on or before the filing date of the Complaint.

4.    Microsoft objects to the Definition of "Generative AI Product(s) and Service(s)" as overly broad, unduly burdensome, and not proportional to the needs of the case because it includes generative artificial intelligence products and services that are not identified in the Complaint and have no relationship to the facts alleged or claims asserted in the Complaint. Microsoft further objects to this Definition to the extent that it incorporates the definition of "Generative AI Model," which Microsoft objects to. Microsoft further objects to this Definition as vague and ambiguous because products "that relate to content in categories that compete with News Plaintiffs' products" because this term is not defined and Microsoft cannot reasonably discern what products "compete" with News Plaintiffs' products" or to which News Plaintiffs' products Plaintiff is referring. Microsoft further objects to this Definition as vague and ambiguous because it includes "the OpenAI API": APIs allow software components to communicate with each other and so do not "include" any artificial intelligence model. Microsoft will interpret this phrase to mean the products and services identified in the Complaint: ChatGPT, ChatGPT Plus, ChatGPT- Enterprise, Browse with Bing, Bing Chat, and Microsoft 365 Copilot. For the avoidance of doubt, "Microsoft's Generative AI Products and Services" refers to Bing Chat and Microsoft 365 Copilot.

5.    Microsoft objects to the Definition of "Journalism" as overly broad, unduly

burdensome, and not proportional to the needs of the case. Microsoft will interpret this definition as being limited to digital text content.

6.       Microsoft objects to the Definition of "OpenAI" as overly broad, unduly burdensome, and not proportional to the needs of the case because it includes entities other than the OpenAI entities listed as Defendants and persons other than the OpenAI Defendants' present and former officers, directors, and employees acting in that capacity. Microsoft will construe the term "OpenAI" to only include the OpenAI Defendants and their present and former officers, directors, and employees, acting in that capacity.

7.       Microsoft objects to the Definition of "Microsoft" and "You" and "Your" on the ground that they are overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they include persons or entities over which Microsoft has no control and, therefore, Microsoft does not have possession, custody, or control of information of any such persons or entities. Microsoft will interpret each of these terms to mean Microsoft Corporation.

8.       Microsoft objects to the definition of "The Times" as overly broad, unduly burdensome, and not proportional to the needs of the case because it includes persons or entities that are not parties to this Action. Microsoft will construe the term "The Times" to mean The New York Times Company.

9.       Microsoft objects to the definition of "Times Content" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it includes materials published by The Times that The Times does not own or otherwise have any legal interest in and are therefore irrelevant to the claims in this Action. Microsoft will construe this phrase to mean content published by The Times in which The Times owns or maintains a direct legal

interest.

10.    Microsoft objects to the definition of "Training Dataset(s)" as vague, ambiguous, and overbroad because it includes data and content used to both "train" and "fine tune" generative artificial intelligence models: The Times has not defined "train" or "fine tune," and Microsoft understands these terms as separate and different processes, each of which may themselves include multiple processes. In responding to these Requests, Microsoft will use the following definitions for these terms:

    a.    "Train" or "Training" refers to the initial process of generating a set of machine learning model parameters that identify underlying patterns and features in a large and diverse dataset, before that model is evaluated, fine- tuned, or deployed.

    b.    "Fine Tune" or "Fine Tuning" refers to a process that occurs after Training where the model is shown a different and smaller dataset in order to adapt the model to specialized use cases.

    c.    Microsoft will use the terms Training Datasets and Fine-Tuning Datasets and consistent with the definitions above and as applied to the generative artificial intelligence models specifically identified in the Complaint.

11.    Microsoft objects to each of the Requests as vague and ambiguous because many of the Requests imply, suggest, and/or assume that Microsoft Trained or otherwise developed OpenAI's generative artificial intelligence models, including by referring to "Defendants' Generative AI Models." Microsoft did not Train OpenAI's models, does not possess the Training Datasets OpenAI used to Train its models, and is unaware of the specific

contents of the Training Datasets used by OpenAI to Train its models. Microsoft will not search for or produce documents in response to Requests that imply, suggest, and/or assume that Microsoft Trained or otherwise developed OpenAI's models.

12.    Microsoft objects to each Request to the extent it seeks information or documents that are subject to the attorney-client privilege, work product doctrine, joint defense privilege, common interest protection, or any other applicable privilege, immunity, or protection provided by law, or that are trial preparation materials (collectively, "Privileged Materials"). Privileged Materials will not be produced.

13.    Documents will be produced on a rolling basis in accordance with the schedule governing this Action, as ordered by the Court.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 92:**

Documents concerning all historical search performance data collected by Microsoft since 2018 for each of News Plaintiffs' websites,[1] including documents concerning historical search performance data related to (i) impressions (ii) clicks, (iii) average click-through rate, (iv) average position, (v) crawl requests, (vi) crawl errors, and (vii) indexed pages.[2]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents concerning "all" historical search performance data. Microsoft further objects to the

---

[1] News Plaintiffs' websites include but are not limited to: nytimes.com, cooking.nytimes.com, theathletic.com, wirecutter.com, chicagotribune.com, nydailynews.com, sun-sentinel.com, orlando-sentinel.com, denverpost.com, mercurynews.com, ocregister.com, and twincities.com.

[2] *See* Search Performance, WEBMASTER TOOLS HELP,
https://www.bing.com/webmasters/help/c680da36#:~:text=The%20Search%20performance%20report%20contains,t
raffic%20sources%20to%20your%20website (last accessed Nov. 15, 2024).

Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks voluminous and granular information concerning at least seven distinct categories of information for each of at least twelve websites and without subject matter limitation. Microsoft also objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because footnote 1 says "News Plaintiffs' websites . . . are not limited to" the listed websites but provides no means to determine what other websites are encompassed by this Request. Microsoft will construe "News Plaintiffs' websites" as the 12 websites listed in footnote 1. Microsoft also objects to the Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks documents concerning "all historical search performance data collected by Microsoft since 2018 for each of News Plaintiffs websites" without limitation and, as Microsoft understands this Request, purports to include all information related to Microsoft's search engine and/or any other commercial products that may include a "search" function, none of which bear any relation to the Generative AI Products and Services and are therefore irrelevant to any claims or defenses in this Action. Microsoft further objects to this Request as overly broad and not proportional to the needs of the case to the extent that any responsive information is equally accessible to the Times through its own Webmaster Tool account, as the website in footnote 2 describes. Microsoft further objects to the phrase "historical search performance data" as vague because it has not been defined and requires speculation as to its scope.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 93:**

Documents concerning all historical search performance data for each of the News Plaintiffs' websites as it relates to Bing Chat, including (i) documents concerning Bing Chat search performance data related to impressions, clicks, and the average citation position for the News Plaintiffs' URLs and (ii) documents concerning the queries, prompts, or keywords used to generate these impressions and/or clicks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents concerning "all" historical search performance data. Microsoft further objects to the phrase "historical search performance data" as vague because it has not been defined and requires speculation as to its scope. Microsoft further objects to the Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks voluminous and granular information concerning at least twelve websites without limitation as to subject matter. Microsoft also objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because footnote 1 says "News Plaintiffs' websites . . . are not limited to" the listed websites but provides no means to determine what other websites are encompassed by this Request. Microsoft will construe "News Plaintiffs' websites" as the 12 websites listed in footnote 1 to Request No. 92. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks such data "as it relates to Bing Chat," and the scope of what information may "relate[] to Bing Chat" is unclear. Microsoft objects to the term "News Plaintiffs' URLs" in subpart (i) of this Request as vague and ambiguous because this term is not defined and could be interpreted to encompass thousands of URLs associated with the News Plaintiffs' websites. Microsoft also objects to the

Request as vague and ambiguous because the phrase "average citation position" as used in subpart (i) of this Request is not defined and requires speculation as to the scope and meaning of this Request. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because subpart (ii) of the Request seeks "documents concerning the queries, prompts, or keywords used to generate these impressions and/or clicks," which appears to call for user session data, and such data is the subject of requests for inspection and cannot reasonably be produced due to its enormous size and technical constraints. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because subpart (ii) seeks information specific to "these" impressions and/or clicks, suggesting the Microsoft must investigate and produce documents concerning an unknown number of individual impressions and clicks.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

## REQUEST FOR PRODUCTION NO. 94:

Documents regarding the decision whether to include or exclude the Bing Chat historical search performance data, described in Request for Production No. 92, in Bing Webmaster Tools.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 94:

In addition to its General Objections, Microsoft objects to this Request as vague and ambiguous because "the Bing Chat historical search performance data" is not "described in Request for Production No. 92," as that Request does not reference "Bing Chat," and it is not clear whether the "historical search performance data . . . described" refers to the seven categories of information specifically listed in Request No. 92 or something else. Microsoft also objects to this Request as irrelevant and/or vague, ambiguous, overly broad, unduly burdensome, and not

proportional to the needs of the case because it seeks information concerning multiple categories of "Bing Chat historical search performance data," many of which, if not all, are irrelevant to the claims or defenses in this Action. Microsoft further objects to this Request as irrelevant and/or vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information pertaining to "the decision whether to include or exclude," which, to the extent Microsoft understands this phrase, is not related to any claims or defenses in this Action. Microsoft objects to this Request as cumulative and duplicative of at least Request No. 53 and incorporates its responses and objections to that Request as if fully set forth herein.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show the decision whether to include or exclude Bing Chat historical search performance data in Bing Webmaster Tools.

## REQUEST FOR PRODUCTION NO. 95:

Documents concerning Microsoft's claims that Bing Chat drives incremental traffic to publisher sites, including any analysis performed to support these claims.[3]

## RESPONSE TO REQUEST FOR PRODUCTION NO. 95:

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information concerning any "publisher sites, " without limitation, and purports to include "publisher sites" bearing no relationship to the claims or defenses in this Action, in particular as it relates specifically to news and/or journalism textual content. Microsoft also objects

---

[3] *See, e.g.*, Yusuf Mehdi, *Driving More Traffic and Value to Publishers from the New Bing*, MICROSOFT BING BLOGS (Mar. 29, 2023), https://blogs.bing.com/search/march_2023/Driving-more-traffic-and-value-to-publishers-from-the-new-Bing.

to this Request as vague and ambiguous because the phrase "drives incremental traffic" is not defined and is not used in the website cited in footnote 3. Microsoft further objects to this Request to the extent that it attempts to mischaracterize any claims and/or statements contained within the referenced article, in particular by using the phrases "incremental traffic" and "analysis performed to support these claims"; to the extent Microsoft produces documents in response to this Request, such production is not an admission that any such claims were made or that any such "analys[e]s" were performed for the specific purpose of supporting any specific result.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning the traffic to news and/or journalism websites associated with Bing Chat, including analyses performed regarding the same.

**REQUEST FOR PRODUCTION NO. 96:**

Documents sufficient to show any analysis performed by You concerning any indirect revenue attributable to News Plaintiffs' content in search, including as such analysis relates to News Plaintiffs' content in outputs in generative search and chat features.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks documents concerning "any indirect revenue attributable to News Plaintiffs' content in search" without limitation and purports to include all information related to include all information related to Microsoft's search engine and/or any other unidentified products that may include a "generative search" feature, an undefined term, none of which bear any relation to the Generative AI Product(s) and Services(s) at issue or any claims or defenses asserted in this Action. Microsoft further objects to the phrase "indirect revenue attributable to News Plaintiffs' content"

as vague and ambiguous because it is not defined and requires speculation as to the scope and meaning of this Request. Microsoft objects to the same phrase as vague, ambiguous, and overly broad because it purports to seek information regarding "indirect" revenue "attributable" to News Plaintiffs' content in search, no matter how tangential to the issues in this case, and it is unclear what specific information is being sought. Microsoft also objects to the terms "search" and "generative search" as vague and ambiguous because these terms are undefined and require speculation as to the scope and meaning of the Request. Microsoft further objects to this Request as vague because "indirect revenue" has not been defined.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 97:**

Documents concerning the removal of any content, including information regarding authorship, date of publication, publishing entity, title, copyright notices, and terms and conditions for use, from News Plaintiffs' works in connection with retrieval-augmented generation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

In addition to its General Objections, Microsoft objects to the phrase "concerning the removal of any content" as irrelevant and/or vague, ambiguous, and overly broad because this phrase is not defined and could encompass activity not relevant to the claims and defenses in this Action. Microsoft also objects to the phrase "any content" as irrelevant and/or vague, ambiguous, and overly broad because this term is not defined and includes "any content" without limitation, including content that is not textual and/or copyrighted or otherwise protected or that is not relevant to any claim or defense in this Action. Microsoft further objects to the Request as vague and ambiguous because the term "retrieval-augmented generation" is not defined and is not used in the

Complaint; Microsoft interprets this to mean a technique for grounding a Generative AI Model using external sources of information to supplement the knowledge already contained in the Generative AI Model. Microsoft also objects to this Request as irrelevant and/or vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information concerning retrieval-augmented generation regardless of whether it relates to this process as employed in Microsoft's Generative AI Products and Services. Microsoft further objects to this Request as overly broad and unduly burdensome to the extent it purports to require Microsoft to search for and produce information about each of News Plaintiffs' millions of works. Microsoft additionally objects to this Request for the reasons set forth in Microsoft's Partial Motion to Dismiss (ECF No. 65), namely that Plaintiff has failed to state a claim for removal of CMI under either § 1202(b)(1) or (b)(3) of the DMCA.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning removal of information regarding authorship, date of publication, publishing entity, title, copyright notices, and terms and conditions for use from News Plaintiffs' works generally by Microsoft in retrieval-augmented generation in Microsoft's Generative AI Products and Services. Microsoft will not search for documents concerning removal of the foregoing types of information from News Plaintiffs' work on a work-by-work basis.

**REQUEST FOR PRODUCTION NO. 98:**

Documents regarding the purpose for which you used natural-language textual data to train Generative AI Models, including, without limitation, whether the purpose of such use included exploitation of the expressive characteristics of such data, or was merely limited to the discovery of functional characteristics or underlying facts.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 98</u>:**

In addition to its General Objections, Microsoft objects to the term "natural-language textual data" as irrelevant and/or vague, ambiguous, and overly broad because this phrase is not defined and could be interpreted as including any textual data without subject matter limitation, including content that is not copyrighted and/or otherwise protected, and therefore bears no relation to any claims or defenses in this Action. Microsoft also objects to the phrase "expressive characteristics of such data" as vague and ambiguous because it has not been defined. Microsoft also objects to the phrase "discovery of functional characteristics or underlying facts" as vague and ambiguous because it is unclear what "functional characteristics or underlying facts" refers to and requires speculation as to its scope. Microsoft further objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks documents regarding all purposes for which Microsoft and/or OpenAI used natural-language textual data to train any Generative AI Models, regardless of whether the models have been identified in the Complaint and/or relate to Text Generation AI Models. Microsoft will respond only as to OpenAI's Text Generation AI Models. Microsoft further objects to this Request to the extent that it implies, suggests, and/or assumes Microsoft trained or otherwise developed OpenAI's models.

Subject to these objections, Microsoft responds as follows: Based on its investigation to date, Microsoft is not aware of any documents responsive to this Request that are in in its possession, custody, or control because Microsoft did not Train OpenAI's Text Generation AI Models.

**REQUEST FOR PRODUCTION NO. 99:**

Documents regarding whether and to what extent the expressive characteristics of natural-language textual data Defendants used to train Generative AI Models affect the expressive characteristics of output from Generative AI Products and Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

In addition to its General Objections, Microsoft objects to the term "natural-language textual data" as irrelevant and/or vague, ambiguous, and overly broad because this phrase is not defined and could be interpreted as including any textual data without subject matter limitation, including content that is not copyrighted and/or otherwise protected, and therefore bears no relation to any claims or defenses in this Action. Microsoft also objects to the phrases "expressive characteristics of natural-language textual data" and "expressive characteristics of output" as vague and ambiguous because it requires speculation as to the scope and meaning of this Request and it is unclear what information is sought. Microsoft further objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks documents regarding all purposes for which Microsoft and/or OpenAI used natural-language textual data to train any Generative AI Models, regardless of whether the models have been identified in the Complaint and/or relate to Text Generation AI Models. Microsoft will respond only as to OpenAI's Text Generation AI Models. Microsoft further objects to this Request to the extent that it implies, suggests, and/or assumes Microsoft trained or otherwise developed OpenAI's models. Microsoft further objects to this Request to the extent that it seeks information regarding OpenAI's Text Generation AI Models and/or OpenAI's Generative AI Products and Services because comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request, including what information is sought by this Request that is not already being produced in response to other requests regarding OpenAI's training activities and/or Microsoft's Generative AI Products and Services.

**REQUEST FOR PRODUCTION NO. 100:**

Documents concerning any internal or external presentations regarding the growth, size, earning potential, valuation, and profitability of 1) OpenAI, 2) Microsoft's investment in OpenAI, and 3) Defendants' roles in the overall Generative AI market.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information concerning "any internal or external presentations" relating to three expansive categories of information without limitation as to subject matter or temporal scope, particularly to the extent that none of the requested information is limited to the Generative AI Models and/or Text Generation AI Products and Services at issue in this Action. Microsoft objects to the phrase "growth, size, earning potential, valuation, and profitability" as vague and ambiguous because it encompasses a broad range of categories and therefore requires speculation as to the scope and meaning of this Request. Microsoft also objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it requests information related to the relationship between Microsoft and OpenAI that does not bear any relation to the allegations in the Complaint. Microsoft also objects to this Request as overbroad and not proportional to the needs of the case to the extent that it requests information about "Defendants' roles in the overall Generative AI market" because this phrase has not been defined

and, to the extent Microsoft understands the phrase, any party's "role[] in the overall Generative AI market" is irrelevant to the claims and defenses in this Action and/or overly broad and unduly burdensome and not proportional to the needs of the case.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning internal presentations regarding the growth, size, earning potential, valuation, and profitability of OpenAI and Microsoft's investment in OpenAI.

**REQUEST FOR PRODUCTION NO. 101:**

Documents concerning any internal or external presentations showing profits and losses related to Defendants' Generative AI Products and Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

In addition to its General Objections, Microsoft objects to the Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information concerning "any" internal or external presentations showing profits and losses. Microsoft also objects to the phrase "showing profits and losses related to" as irrelevant and/or vague and ambiguous because this phrase is not defined and could be interpreted to mean categories of financial information with no relationship to the claims or defenses in this Action. Microsoft also objects to this Request to the extent it seeks information from Microsoft regarding OpenAI's Generative AI Products and Services, which Microsoft does not have, and comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only. To the extent this Request seeks information regarding OpenAI's Generative AI Products and Services, Microsoft objects to this Request as cumulative and

duplicative of at least Request No. 100 and incorporates its responses and objections to that Request as if fully set forth herein.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, dated through June 30, 2024, concerning internal presentations showing profits and losses related to Microsoft's Generative AI Products and Services in the United States. To the extent Microsoft discovers documents within this same scope that concern OpenAI's Generative AI Products and Services, Microsoft will produce such documents, but Microsoft will not separately search for them.

**REQUEST FOR PRODUCTION NO. 102:**

Documents concerning any valuation of, or attempt to value, Times Content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

In addition to its General Objections, Microsoft objects Microsoft objects to this Request as irrelevant and/or overly broad and not proportional to the needs of the case to the extent it seeks documents and communication concerning "any valuation" or "attempts to value" regardless of whether it is related to any claim or defense in this Action. Microsoft will interpret the phrase "any valuation of, or attempt to value" as used in this Request to mean any financial valuations made by Microsoft during the course of negotiations between Microsoft and The Times and as it relates to Microsoft's Generative AI Products and Services. Microsoft further objects to this Request to the extent it seeks information equally accessible to The Times. Microsoft objects to this Request as cumulative and duplicative of at least Request No. 61 and incorporates its responses and objections to that Request as if fully set forth herein.

Subject to these objections, Microsoft responds as follows: Microsoft is already searching for and producing documents concerning negotiations between Microsoft and The Times regarding the alleged use of Times Content in Microsoft's Generative AI Products and Services, including

any valuations associated with the same. To the extent that The Times seeks additional documents that are relevant and proportional to the needs of the case, Microsoft is willing to meet and confer.

## REQUEST FOR PRODUCTION NO. 103:

Documents sufficient to show, from 2015 to present, Defendants' capital expenditures for their Generative AI Products and Services, including the dollar amount of capital purchases to train or develop Defendants' Generative AI Models and the number of GPUs used.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 103:

In addition to its General Objections, Microsoft objects to the terms "capital expenditures" and "capital purchases" as vague, ambiguous, and overly broad because these terms are not defined and require speculation as to the scope and meaning of this Request. Microsoft further objects to this Request as irrelevant and/or overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information from 2015 to present because Microsoft did not enter into the relevant business relationship with OpenAI until at least 2019, and information regarding the business relationship between Microsoft and OpenAI after the filing of the Complaint is outside the scope of discovery. Microsoft also objects to this Request as irrelevant and/or overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information related to the relationship between Microsoft and OpenAI that does not bear any relation to the allegations in the Complaint, including information related to models, products, or other activities unrelated to the allegations in the Complaint. Microsoft objects to this Request to the extent it seeks information from Microsoft regarding OpenAI's capital expenditures for its Generative AI Products and Services because comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the

scope of this Request.

**REQUEST FOR PRODUCTION NO. 104:**

Documents sufficient to show Microsoft's number of employees from 2015 to present, broken down by employee function, including technical staff, administrative staff, and management or leadership staff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

In addition to its General Objections, Microsoft objects to this Request because it does not maintain documents in the ordinary course of business that would summarize the requested information over the relevant time period, and Microsoft will not prepare documents that do not currently exist in order to respond to this Request. Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because this Request seeks an accounting of hundreds of thousands of Microsoft's past and present employees, spanning nearly a decade, including the identification of the corresponding positions for each and every one, and this information is not relevant to the issues in this Action. Microsoft further objects to the terms "technical staff," "administrative staff," and "management or leadership staff" as vague, ambiguous, overly broad, and unduly burdensome because these terms are not defined; the Request assumes every Microsoft employee falls into one, and only one, of these categories; and the Request would require Microsoft to determine, on an individual basis, which category each employee belongs to.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 105:**

Documents sufficient to show Microsoft's number of employees from 2015 to present, broken down by employee function, including technical staff, administrative staff, and management or leadership staff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

In addition to its General Objections, Microsoft objects to this Request as identical to and duplicative of Request No. 104 and incorporates its responses and objections to that Request as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 106:**

Documents submitted to any government entity, in both the U.S. and elsewhere, that are related to any of the allegations in the Complaint or the defenses thereto, including (i) copyright and intellectual property laws or rules; (ii) Defendants' business plans and monetization strategies related to generative AI; (iii) risks associated with the development of generative AI; (iv) OpenAI's non-profit status; and (v) the relationship between the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks extensive information regarding "[d]ocuments submitted to any government entity, in both the U.S. and elsewhere," with respect to five categories of information that include irrelevant information and that would be unreasonably burdensome for Microsoft to collect and review to determine which documents "are related to any of the allegations in the Complaint or the defenses thereto." Microsoft objects to this Request as seeking information that is irrelevant, overly broad, and not proportional to the needs of the case because it seeks submissions to government entities outside of the United States regarding "copyright and intellectual property laws or rules" in subpart

(i), and the claims asserted in this Action are under United States law, so extraterritorial document submissions and/or laws or rules bear no relation to any claims or defenses in this Action. Microsoft also objects to subpart (i) of this Request as irrelevant and/or vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case because all "copyright and intellectual property laws or rules," especially all "intellectual property laws or rules," are not relevant to the claims or defenses in this Action. Microsoft objects to the phrases "business plans" and "monetization strategies" in subpart (ii) of this Request as vague, ambiguous, and overly broad because Microsoft's future "plans" and/or "strategies" are not relevant to the issues in this Action, whether they relate to "generative AI" generally, OpenAI's Text Generation AI Models, Generative AI Products and Services, or otherwise. Microsoft also objects to the phrase "risks associated with the development of generative AI" in subpart (iii) of this Request as vague, ambiguous, and overly broad because this phrase is not defined and, to the extent Microsoft understands this phrase, all purported "risks" associated with such development bear no relation to the issues in this Action. Microsoft further objects to subparts (ii), (iii), and (iv) of this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because they seek information beyond the scope of the Request as initially presented, information related to the allegations in the Complaint and/or defenses. Microsoft also objects to this Request as overly broad and unduly burdensome because it circumvents the procedures for determining appropriate custodian and search terms in this Action, as agreed to by the parties and ordered by the Court in the Stipulation and Order re: Discovery of Electronically Stored Information at ECF No. 251. Microsoft further objects to this Request as duplicative and cumulative of at least Request for Production No. 2 and incorporates its responses and objections to that Request as if fully set forth herein.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 107:**

Documents concerning Defendants' demand, need, and/or desire for high-quality content and the potential lack of supply of such content for purposes of developing Defendants' Generative AI Products and Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information concerning any "content" without limitation, including content that is not textual and/or copyrighted or otherwise protected. Microsoft also objects to the phrase "high-quality content" as vague, ambiguous, and overly broad because this term is not defined and requires speculation as to the scope and meaning of this Request, particularly to the extent that it calls for subjective judgment as to what "content" may be considered "high-quality." Microsoft also objects to the phrase "demand, need, and/or desire" as vague and ambiguous because it encompasses a broad range of categories and requires speculation as to the scope and meaning of this Request. Microsoft further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it seeks information about "developing Defendants' Generative AI Products and Services," and "developing" a product encompasses a wide range of activity, such that the information sought by this Request is unclear. Microsoft also objects to this Request to the extent it assumes Microsoft possesses complete information about OpenAI's Generative AI Products and Services and activities, which Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 108:**

Documents concerning the expected cost or financial impact to Defendants' Generative AI Products and Services if Defendants were required to purchase, license, or otherwise compensate copyright owners for copyrighted content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information about any purchase, license, or other compensation to copyright owners for copyrighted content without limitation as to the purpose or use of such content. Microsoft also objects to the phrases "license" and "otherwise compensate" as vague and ambiguous. Microsoft will interpret the term "license" to mean "gain permission to access or use." Microsoft objects to the term "copyright owners" as vague, ambiguous, and overly broad because this term is not defined and could be interpreted to mean include owners of any copyright material, at any time, and without any subject matter limitation. Microsoft also objects to the phrase "copyrighted content" as vague, ambiguous, and overly broad because this term is not defined and could be interpreted to mean all copyrighted content, including copyrighted content that has already been licensed to OpenAI and/or to Microsoft, copyrighted content that is not textual, and copyrighted content without subject matter limitation and regardless of time, place, or registration status. Microsoft also objects to this Request as overly broad and not proportional to the needs of the case because it requests information concerning "expected costs or financial impact," which requires speculation as to the scope of this Request. Microsoft also objects to this Request to the extent it

assumes Microsoft possesses complete information about OpenAI's Generative AI Products and Services and activities, which Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, regarding expected cost or financial impact to Microsoft's Generative AI Products and Services as a result of purchasing or licensing copyrighted content for Training. To the extent Microsoft discovers documents within this same scope that concern OpenAI's Generative AI Products and Services, Microsoft will produce such documents, but Microsoft will not separately search for them.

**REQUEST FOR PRODUCTION NO. 109:**

Documents reflecting the actual or expected financial impact of Defendants' Generative AI Products and Services on copyright owners, including News Plaintiffs and other content creators.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

In addition to its General Objections, Microsoft objects to the phrase "[d]ocuments reflecting the actual or expected financial impact" as vague and ambiguous to the extent that it assumes that there is any "actual or expected financial impact." Microsoft objects to the term "copyright owners" as irrelevant and/or vague, ambiguous, and overly broad because this term is not defined and could be interpreted to mean include owners of any copyright material, at any time, and without any subject matter limitation. Microsoft also objects to the term "content creators" as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it includes all content creators, including creators of copyrighted content that

has been licensed to OpenAI and/or to Microsoft, copyrighted content that is not textual, and copyrighted content without limitation as to time, place, or registration status. Microsoft further objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and unduly burdensome because it requests information regarding the impact of Defendants' products on third parties, which Microsoft does not possess and which is not relevant to any claim or defense in this Action. Microsoft will respond as to News Plaintiffs only. Microsoft objects to this Request because it calls for discovery that can be obtained more conveniently and with less burden and/or expense from other sources. Microsoft also objects to this Request to the extent it assumes Microsoft possesses complete information about OpenAI's Generative AI Products and Services and activities, which Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, reflecting the actual or expected financial impact of Microsoft's Generative AI Products and Services on News Plaintiffs. To the extent Microsoft discovers documents within this same scope that concern OpenAI's Generative AI Products and Services, Microsoft will produce such documents, but Microsoft will not separately search for them.

**REQUEST FOR PRODUCTION NO. 110:**

Documents concerning actual or expected competition between Defendants' Generative AI Products and Services and Persons engaged in Journalism, including any competitive analyses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

In addition to its General Objections, Microsoft objects to the phrase "[d]ocuments concerning actual or expected competition" as vague and ambiguous to the extent that the phrase

assumes that there is any "actual or expected competition." Microsoft also objects to the term "Persons engaged in Journalism" as irrelevant and/or vague, ambiguous, and overly broad because it seeks information regarding any individuals involved in the Journalism industry, regardless of whether such individuals are involved with the creation and/or publication of copyrighted content or textual content or maintain any legal interest in such content that may be relevant to this Action. Microsoft further objects to the phrase "competitive analyses" as vague and ambiguous because the phrase has not been defined and requires speculation as to its scope. Microsoft also objects to this Request to the extent it assumes Microsoft possesses complete information about OpenAI's Generative AI Products and Services and activities, which Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning any competition between Microsoft's Generative AI Products and Services and Journalism. To the extent Microsoft discovers documents within this same scope that concern OpenAI's Generative AI Products and Services, Microsoft will produce such documents, but Microsoft will not separately search for them.

**REQUEST FOR PRODUCTION NO. 111:**

Documents regarding the potential for Defendants' Generative AI Products and Services to replace human writers, including journalists.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

In addition to its General Objections, Microsoft objects to the term "human writers" as irrelevant and/or vague, ambiguous, and overly broad because this phrase is not defined and could

be interpreted to mean any person that has ever written anything without limitation as to subject matter, purpose, medium, length, temporal scope, or place, and regardless of whether such persons are involved with "writ[ing]" copyrighted content or maintain any legal interest in such content that may be relevant to the claims and defenses in this Action. Microsoft will respond as to journalists who write textual material only. Microsoft further objects to the term "replace" as irrelevant, vague, and ambiguous because this term because this phrase is not defined and could be interpreted to encompass the "replace[ment]" of such persons for any purpose, function, or activity, regardless of whether it is relevant to the claims and defenses in this Action. Microsoft also objects to this Request to the extent it assumes Microsoft possesses complete information about OpenAI's Generative AI Products and Services and activities, which Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, regarding the potential for Microsoft's Generative AI Products and Services to replace journalists. To the extent Microsoft discovers documents within this same scope that concern OpenAI's Generative AI Products and Services, Microsoft will produce such documents, but Microsoft will not separately search for them.

**REQUEST FOR PRODUCTION NO. 112:**

Documents regarding the market for AI products and services, including any competitive analyses and market research reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

In addition to its General Objections, Microsoft objects to this request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information regarding any "AI products and services" without limitation, regardless of whether such "AI products and services" are related to the Generative AI Products and Services identified in the Complaint. Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case with respect to the phrase "competitive market for AI products and services" because it requires speculation as to the scope and meaning of this Request and, to the extent Microsoft understands this phrase, this information is not relevant to the claims and defenses in this Action. Microsoft further objects to this Request as irrelevant and/or overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information about "competitive analyses" and "market research reports" concerning persons or entities other than Microsoft, where such persons or entities are not defined or parties to this Action.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 113:**

Documents concerning the market for training data, including any discussion of the existence or non-existence of such a market and the actual or potential monetization of training data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks any information regarding the "market for training data," without limitation as to geographic or

temporal scope and including training data is that is not textual and/or copyrighted or otherwise protected. Microsoft further objects to the phrases "existence or non-existence" and "actual or potential monetization" as vague, ambiguous, and overly broad because these phrases are not defined and require speculation as to the scope and meaning of this Request, particularly to the extent that it seeks information regarding "potential" monetization because any such "potential" is speculative and therefore irrelevant to the claims and defenses in this Action. Microsoft further objects to this Request as vague and ambiguous with respect to the phrase "any discussion of the existence or non-existence of such a market" because it requires speculation in the scope and meaning of this Request and could be interpreted to require Microsoft to investigate whether its more than 200,000 employees discussed the existence of such a market. Microsoft further objects to this Request as irrelevant to any claim or defense in this Action and/or overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks information pertaining to training data that has no relationship to Microsoft, any other party, or any conduct alleged in this Action.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 114:**

Documents concerning the market for content for retrieval-augmented generation or generative search features, including any discussion of the existence or non-existence of such a market.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

In addition to its General Objections, Microsoft objects to the Request as vague and ambiguous because the term "retrieval-augmented generation" is not defined and is not used in the

Complaint; Microsoft interprets this to mean a technique for grounding a Generative AI Model using external sources of information to supplement the knowledge already contained in the Generative AI Model. Microsoft also objects to this Request as irrelevant and/or vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks documents concerning "generative search features" without limitation and purports to include all information related to include all information related to Microsoft's search engine and/or any other unidentified products that may include "generative search features," an undefined term, none of which bear any relation to the Generative AI Product(s) and Services(s) at issue or any claims or defenses asserted in this Action. Microsoft further objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it purports to include any "content" without limitation, including content that is not textual and/or copyrighted or otherwise protected and regardless of whether such information relates to the Generative AI Products and Services specifically identified in the Complaint. Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks any information regarding the "market for content," without limitation as to geographic or temporal scope and including content that is not textual and/or copyrighted or otherwise protected. Microsoft further objects to the phrases "existence or non-existence" and "actual or potential monetization" as vague, ambiguous, and overly broad because these phrases are not defined and require speculation as to the scope and meaning of this Request, particularly to the extent that it seeks information regarding "potential" monetization because any such "potential" is speculative and therefore irrelevant to the claims and defenses in this Action. Microsoft further objects to this Request as vague and ambiguous with respect to the phrase "any discussion of the existence or non-existence of such a market" because it requires speculation in

the scope and meaning of this Request and could be interpreted to require Microsoft to investigate whether its more than 200,000 employees discussed the existence of such a market.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

## REQUEST FOR PRODUCTION NO. 115:

Documents reflecting the actual, expected, or potential financial impact of Defendants' Generative AI Products on Your enterprise and/or market value.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 115:

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportionate to the needs of the case because it requires speculation as to the "expected, or potential financial impact" of Defendants' Generative AI products. Microsoft further objects to the phrase "Your enterprise and/or market value" because it has not been defined and requires speculation as to its scope. Microsoft also objects to this Request to the extent it assumes Microsoft possesses complete information about OpenAI's Generative AI Products and Services and activities, which Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 116:**

Documents related to Defendants' efforts to protect and enforce their copyrights, including through litigation, and the actual or expected value of Defendants' copyrighted materials related to those efforts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant to any claim or defense in this Action and/or overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks information pertaining to Defendants' efforts to protect their own copyrights, which is not relevant to any claims or defenses in this Action. Microsoft objects to the phrases "copyrights" and "copyrighted materials" as used in this Request as vague, ambiguous, and as seeking irrelevant information because these terms are not defined and it is unclear to which of Microsoft's and/or OpenAI's "copyrights" or "copyrighted materials" this Request refers. Microsoft also objects to this Request as vague and ambiguous because it requires speculation as to the "expected value" of Defendants' copyrighted materials. Microsoft further objects to this Request to the extent it assumes Microsoft possesses complete information about OpenAI's activities, which Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 117:**

Documents concerning actual or potential harm Defendants' Generative AI Products and Services and/or AI products and services generally have on News Plaintiffs', the news industry, and/or society in general.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague and ambiguous to the extent it assumes that there has been any actual or potential harm. Microsoft also objects to this Request as irrelevant and/or vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information concerning any "actual or potential harm" to the news industry in its entirety and to society in general. Microsoft objects to the term "potential" as seeking irrelevant information because any such "potential" is speculative and therefore irrelevant to the claims and defenses in this Action. Microsoft objects to this Request as irrelevant to any claim or defense in this Action and/or overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks information pertaining to AI products and services not identified in the Complaint and with no relationship to Microsoft, any other party, or any conduct alleged in this Action. Microsoft further objects to this Request to the extent it assumes Microsoft possesses complete information about OpenAI's activities, which Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft further objects to this Request as cumulative and duplicative of Request No. 109, and incorporates its objections and responses to that Request, as if fully set forth herein.

Subject to these objections, Microsoft responds as follows: Microsoft will produce responsive, non-privileged documents, if any, as stated in response to Request No. 109, and will not produce any further documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 118:**

Documents reflecting any valuation of Defendants' Generative AI Products and Services, including internal analyses, third-party valuations, and investor related valuation documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case because it seems information about "valuation" of products, "including internal analyses, third-party valuations, and investor related valuation documents," which are not relevant to any claim or defense in this Action. Microsoft also objects Microsoft objects to this Request as vague, overbroad, and ambiguous with respect to the phrase "any valuation." Microsoft will interpret this term to mean Microsoft's analyses, calculations, or otherwise sufficient information to show Microsoft's financial assessments of its Generative AI Products and Services. Microsoft further objects to this Request to the extent it assumes Microsoft possesses complete information about OpenAI's Generative AI Products and Services and activities, which Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 119:**

Documents related to Defendants' ability to identify and monitor user sessions where Defendants' Generative AI Products and Services output copyrighted content (or suspected copyrighted content) to the user.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

In addition to its General Objections, Microsoft objects to the phrase "ability to identify" as vague and ambiguous because it is unclear whether the Request seeks information about activity

Microsoft actually does or activity that Microsoft could do, and if the latter, whether such activity encompasses anything that could be done, including without any practical, economic, or technical constraints. Microsoft also objects to the phrase "user sessions" as vague and ambiguous because it has not been defined and requires speculation as to its scope. Microsoft also objects to the phrase "copyrighted content" as vague, ambiguous, and overly broad because the phrase is not defined and could be interpreted to mean all copyrighted content, including copyrighted content that has been licensed to OpenAI and/or to Microsoft, copyrighted content that is not textual, and copyrighted content without limitation as to time, place, or registration status. Microsoft also objects to the phrase "suspected copyrighted content" as vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent that it refers to copyrighted content not at issue in this Action and because it does not state who or what would "suspect[]". Microsoft further objects to this Request to the extent it assumes Microsoft possesses complete information about OpenAI's Generative AI Products and Services and activities, which Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show Microsoft's ability to identify and monitor user sessions where Microsoft's Generative AI Products and Services output textual copyrighted content (or suspected copyrighted content) to the user. To the extent Microsoft discovers documents within this same scope that concern OpenAI's Generative AI Products and Services, Microsoft will produce such documents, but Microsoft will not separately search for them.

**REQUEST FOR PRODUCTION NO. 120:**

Documents concerning any data or datasets compiled by You that comprise user sessions where Defendants' Generative AI Products and Service output copyrighted content (or suspected copyrighted content) to the user.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague and ambiguous because it presumes the existence of data or datasets like those in the Request. Microsoft also objects to this Request as irrelevant and/or overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "any data or datasets," comprising any type of information and compiled for any purpose, which may include information and/or purposes not relevant to any claims or defenses in this Action. Microsoft also objects to the phrase "copyrighted content" as vague, ambiguous, and overly broad because the phrase is not defined and could be interpreted to mean all copyrighted content, including copyrighted content that has been licensed to OpenAI and/or to Microsoft, copyrighted content that is not textual, and copyrighted content without limitation as to time, place, or registration status. Microsoft also objects to this Request to the extent it seeks information from Microsoft regarding OpenAI's Generative AI Products and Services, which Microsoft does not have, and comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 121:**

Documents concerning Defendants' development of filters and/or classifiers related to anti-regurgitation or copyright efforts and deployment of such filters and/or classifiers in Defendants' Generative AI Products and Services, including documents sufficient to show: (i) all versions of such filters and/or classifiers; (ii) any changes or updates made to such filters and/or classifiers and the reasons for such changes or updates, (ii) the results of any red-teaming or evaluations related to such filters and/or classifiers, (iii) the rules or policies for determining when and how such filters and/or classifiers are to be triggered, (iv) the rate at which such filters and/or classifiers are triggered in response to user queries, (v) Defendants' ability to track and monitor user conversations that trigger such filters and/or classifiers, and (vi) all conversations about such filters and/or classifiers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent that it requests information concerning of Microsoft's and OpenAI's development of filters and/or classifiers related to anti-regurgitation or copyright efforts, regardless of whether they have been deployed or bear any relation to the Generative AI Products and Services at issue in this Action. Microsoft further objects to the terms "anti-regurgitation" and "copyright efforts" as vague and ambiguous because these terms are undefined and require speculation as to the scope and meaning of this Request. Microsoft will interpret these terms to mean, interchangeably, the mitigation and/or prevention of verbatim copyrighted content outputs from Microsoft's Generative AI Products and Services. Microsoft objects to the phrase "filters and/or classifiers" as vague and ambiguous because it has not been defined and may unreasonably expands the scope of the requested information beyond the information specifically identified in the Complaint. Microsoft

objects to subpart (i) of this Request as overbroad and not proportional to the needs of the case because it requests "all versions of such filters and/or classifiers." Microsoft objects to subpart (ii) of this Request as vague and overbroad because "red-teaming" or "evaluations" have not been defined and it requests results of "any" such red-teaming or evaluations. Microsoft further objects to subpart (iv) of this Request as vague because it requests information related to "user queries," which has not been defined. Microsoft objects to subpart (vi) of this Request as overbroad and not proportional to the needs of the case because it requests "all conversations" about such fillers and/or classifiers, which could be interpreted to require Microsoft to investigate whether its more than 200,000 employees discussed such fillers and/or classifiers. Microsoft also objects to this Request to the extent it seeks information from Microsoft regarding OpenAI's Generative AI Products and Services, which Microsoft does not have, and comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only. Microsoft objects to this Request as cumulative and duplicative of Request Nos. 27 and 40 and incorporates its responses and objections to those Requests as if fully set forth herein.

Subject to these objections, Microsoft responds as follows: Microsoft is already producing documents responsive to this Request in response to Request Nos. 27 and 40. To the extent that the Times contends that it seeks additional documents that are relevant and proportional to the needs of the case, Microsoft is willing to meet and confer.

**REQUEST FOR PRODUCTION NO. 122:**

Documents concerning Defendants' anti-regurgitation efforts, including documents sufficient to show: (i) any changes or updates made to such anti-regurgitation efforts, (ii) the results of any red-teaming and evaluations performed in connection with such anti-regurgitation efforts,

(iii) any rules, policies, or guidance related to such anti-regurgitation efforts, (iv) the contents of any dataset related to copyrighted content used in such anti-regurgitation efforts.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 122</u>:**

In addition to its General Objections, Microsoft objects to the term "anti-regurgitation" as vague and ambiguous because this term is undefined and require speculation as to the scope and meaning of this Request. Microsoft will interpret this term to mean the mitigation and/or prevention of verbatim copyrighted content outputs from Microsoft's Generative AI Products and Services. Microsoft also objects to this Request as irrelevant and/or overly broad and not proportional to the needs of the case to the extent that it requests information that bears no relation to any claim or defense in this Action. Specifically, subpart (i) of this Request seeks information concerning "any changes or updates made to such anti-regurgitation efforts," which unreasonably expands the scope of the requested information. Microsoft also objects to the phrase "results of any red-teaming and evaluations performed in connection with such anti-regurgitation efforts" in subpart (ii) of this Request as vague and ambiguous because it requires speculation as to the scope and meaning of this Request, including the specific assessments and/or metrics sought. Microsoft also objects to subpart (iii) of this Request as vague and ambiguous because it requests information regarding "rules, policies, or guidance" because it is unclear what type of information that phrase is meant to refer to. Microsoft objects to subpart (iv) of this Request as overly broad and not proportional to the needs of the case because it seeks "the contents of any dataset related to any copyrighted content" without limitation and purports to encompass such "datasets" regardless of whether they relate to the Text Generation AI Models and/or Generative AI Products and Services identified in the Complaint. Microsoft objects to the phrase "copyrighted content" as used in subpart (iv) of this Request as vague, ambiguous, and overly broad because the phrase is not

defined and could be interpreted to mean all copyrighted content, including copyrighted content that has been licensed to OpenAI and/or to Microsoft, copyrighted content that is not textual, and copyrighted content without limitation as to time, place, or registration status. Microsoft also objects to this Request to the extent it seeks information from Microsoft regarding OpenAI's Generative AI Products and Services, which Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only. Microsoft objects to this Request as cumulative and duplicative of at least Request Nos. 27, 40, and 121 and incorporates its responses and objections to those Requests as if fully set forth herein.

Subject to these objections, Microsoft responds as follows: Microsoft will produce documents as stated in response to Request No. 121.

**REQUEST FOR PRODUCTION NO. 123:**

Documents concerning whether Microsoft's potential or actual investments in OpenAI, including in the years 2016, 2019, and 2024, would affect OpenAI's non-profit status, mission, or ability to engage in non-commercial activities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

In addition to its General Objections, Microsoft objects to this Request seeking information that is irrelevant to any claim or defense in this Action and/or is not proportional to the needs of the case because it seeks information regarding OpenAI's "non-profit status, mission, or ability to engage in non-commercial activities," none of which bear any relation to any issues in this Action. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information concerning any way investments may or may not "affect" OpenAI's non-profit status or non-commercial activities, which Microsoft cannot

reasonably search for. Microsoft objects to this Request as seeking irrelevant information because any hypothetical scenarios encompassed by this Request are irrelevant to the claims and defenses in this Action. Microsoft objects to the phrases "ability to engage" because it appears to seek abstract information that Microsoft cannot reasonably search for. Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it requests information related to the relationship between Microsoft and OpenAI that does not bear any relation to the allegations in the Complaint.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents specifically in response to this Request. Microsoft has already produced documents concerning its investments in OpenAI, including but not limited to the agreements governing Microsoft and OpenAI's relationship and internal and external communications concerning those agreements.

**REQUEST FOR PRODUCTION NO. 124:**

Documents sufficient to show any indirect or direct financial stake that each custodian has in Your business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information regarding each of more than three dozen custodians, all of whom are nonparties and regardless of which party has proposed each individual as custodian and the scope of each custodian's relevance, if any, to the claims and defenses in this Action. Microsoft also objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it encompasses any "indirect or direct financial stake" without limitation, which may include many categories of information that bear no relation to the issues in this Action.

Microsoft objects to the term "Your business" as vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent that this term includes any persons or entities other than Microsoft Corporation and/or over which Microsoft has no control. Microsoft will interpret this term to mean "Microsoft." Microsoft also objects to this Request because it seeks confidential and private information of Microsoft personnel that is not relevant to any party's claim or defense in this Action or, if minimally relevant, not proportional to the needs of the case.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 125:**

Documents sufficient to show (i) Your policy and practice for requiring Your employees to sign non-disclosure agreements; and (ii) any non-disclosure agreements between You and Your custodians.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks any "policy and practice" relating to non-disclosure agreements and "any non-disclosure agreements" without subject matter limitation and regardless of whether they bear any relation to the issues in this Action. Microsoft objects to the terms "policy" and "practice" as vague and ambiguous because these terms are undefined and require speculation as to the scope and meaning of this Request. Microsoft also objects to this Request as vague, ambiguous, and overly broad because it seeks information regarding "non-disclosure agreements" but has not described the subject matter of these agreements. Microsoft also objects to this Request because it seeks confidential and private information of Microsoft personnel—including from each of more than three dozen

Microsoft custodians—that is not relevant to any party's claim or defense in this Action or, if minimally relevant, not proportional to the needs of the case.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 126:**

Documents sufficient to show (i) Your policy and practice for requiring Your employees to sign non-disclosure agreements; and (ii) any non-disclosure agreements between You and Your custodians.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

In addition to its General Objections, Microsoft objects to this Request as identical to and duplicative of Request No. 125 and incorporates its responses and objections to that Request as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 127:**

All employment agreements between You and Your custodians.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks "all employment agreements" between Microsoft and each of the more than three dozen Microsoft custodians, without subject matter limitation, and none of which bear any relation to the issues in this Action. Microsoft further objects to this Request because it seeks confidential and private information of Microsoft personnel that is irrelevant to any party's claim or defense in this Action, if at all, and therefore not proportional to the needs of the case. Microsoft also objects to this Request to the extent that it is duplicative of Request No. 125 and incorporates its responses and objections to that Request as if fully set forth herein.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 128:**

Documents concerning work performed by employees of Microsoft on the premises of or using computer systems or other facilities owned or controlled by OpenAI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

In addition to its General Objections, Microsoft objects to the phrase "work performed" as vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information concerning any "work" without limitation as to subject matter and regardless of whether such "work" relates to any claims or defenses in this Action. Microsoft also objects to this Request to the extent that it seeks information regarding OpenAI's facilities, premises, or systems because comprehensive and accurate information regarding Open AI's activities is exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show the identities of and scope of work performed by, if known to Microsoft, Microsoft employees who acted as onsite engineers at OpenAI.

**REQUEST FOR PRODUCTION NO. 129:**

Documents concerning the ability or inability of Defendants' Generative AI Models to engage in abstract reasoning or to derive principles, rules, or underlying facts from training data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it encompasses functionality of models related to non-textual data or other data that

has no relation to the claims or defenses in this Action. Microsoft objects to the phrase "ability or inability" as vague and ambiguous because it appears to seek abstract information that Microsoft cannot reasonably search for. Microsoft further objects to the phrases "engage in abstract reasoning" and "derive principles, rules, or underlying facts" as vague and ambiguous because it requires an assessment of what constitutes a principle, rule, or underlying fact. Microsoft further objects to this Request to the extent that it implies, suggests, and/or assumes Microsoft trained or otherwise developed OpenAI's models. Microsoft further objects to this Request to the extent that it seeks information regarding OpenAI's Generative AI Models because comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

Dated: December 19, 2024                     Respectfully submitted,

_/s/ Jared B. Briant_
Jared B. Briant (admitted *pro hac vice*)
Kirstin L. Stoll-DeBell (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegredrinker.com
Email: kirstin.stolldebell@faegredrinker.com

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street

San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York: NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
       mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
       lnajemy@orrick.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL  60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: carrie.beyer@faegredrinker.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP

2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*

## <u>CERTIFICATE OF SERVICE VIA ELECTRONIC MAIL</u>

This is to certify that on December 19, 2024, I directed the foregoing document to be served on all counsel of record, including the below, via email, per the parties' agreements:

| | |
|---|---|
| Genevieve Vose Wallace<br>Ian B. Crosby<br>Katherine Marie Peaslee<br>SUSMAN GODFREY LLP<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 516-3880 | Davida Brook<br>Ellie Rae Dupler<br>Emily K. Cronin<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Telephone: (310) 798-3150 |
| Alexander Frawley<br>Eudokia Spanos<br>Tamar Lusztig<br>Elisha Brandis Barron<br>Zachary B. Savage<br>SUSMAN GODFREY LLP<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Telephone: (212) 336-8330 | Jennifer Maisel<br>Kristen Logan<br>Steven M Lieberman<br>ROTHWELL FIGG ERNST & MANBECK, P.C.<br>901 New York Avenue, N.W., Suite 900 East<br>Washington, DC 20001<br>Telephone: (202) 783-6040 |
| Scarlett Collings<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Telephone: (713) 904-8812 | |
| <div align="center">NYT-AI-SG-Service@simplelists.susmangodfrey.com</div> ||
| <div align="center">*Attorneys for New York Times Company*</div> ||

| | |
|---|---|
| Andrew M. Gass<br>Joseph R. Wetzel<br>LATHAM & WATKINS<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: (415) 391-0600 | Sarang V. Damle<br>LATHAM & WATKINS<br>555 Eleventh Street NW, Suite 1000<br>Washington, DC 20004<br>Telephone: (202) 637-2200 |
| Allison L. Stillman<br>Luke Budiardjo<br>LATHAM & WATKINS | |

| 1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200 | |
|---|---|
| OpenAICopyrightLitigation.lwteam@lw.com | |
| *Attorneys for Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC,*<br>*OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC* | |

| Joseph C. Gratz<br>Vera Ranieri<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105-2482<br>Telephone: (415) 268-7000 | Allyson R. Bennett<br>Rose S. Lee<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, California 90017-3543<br>Telephone: (213) 892-5200 |
|---|---|
| Eric Nikolaides<br>MORRISON & FOERSTER LLP<br>250 W. 55th St.<br>New York, NY 10019 | |
| OpenAICopyright@mofo.com | |
| *Attorneys for Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC,*<br>*OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC* | |

| Robert Van Nest<br>Katie L. Joyce<br>Michelle S. Ybarra<br>Nicholas S. Goldberg<br>Thomas E. Gorman<br>Paven Malhotra<br>Sarah Salomon<br>KEKER & VAN NEST LLP<br>633 Battery Street<br>San Francisco, CA 94111<br>Telephone: (415) 391-5400 | R. James Slaughter<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: (415) 391-5400 |
|---|---|
| KVPOAI@keker.com | |
| *Attorneys for Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC,*<br>*OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC* | |

/s/    *Shelley M. Meyer*

Shelley M. Meyer