SUSMAN GODFREY L.L.P.

January 16, 2025

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *The New York Times Company v. Microsoft Corporation, et al.*,
               No.: 23-cv-11195-SHS: Opp. to OpenAI's Motion to Compel, ECF 383

Dear Magistrate Judge Wang:

    On January 14, The Times offered to supplement its responses to OpenAI's RFAs 36, 37, and 39 to admit or deny these Requests prior to the close of fact discovery. While OpenAI has refused this offer, that should moot this dispute. The Court should deny its motion at ECF 383.

    RFAs, as provided for by Rule 36, are "not a discovery device. The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). OpenAI's RFAs 36, 37, and 39 accomplish none of those purposes.

    First, these requests cannot be straightforwardly admitted or denied, as they do not seek straightforward factual information. Rather, they seek information about the implications of and permissible behavior under The Times's content licenses. Terms of such licenses may not always be straightforward: As counsel for OpenAI has acknowledged elsewhere, some developers of AI tools are concerned that entering into licenses will hurt them in litigation, as they worry that such licenses demonstrate the existence of a licensing market and cut against any fair use argument they may want to make.[1] The consequence of this is that parties seeking to license data for training generative AI may draft terms in a manner that obscures the intended use of the licensed data. The Times has agreed to produce the actual licenses for its Asserted Works and it will do so. OpenAI should look to those licenses for discovery into their terms, not ask The Times to interpret them in response to an RFA. *Delgado v. Donald J. Trump for President, Inc.*, 2024 WL 3219809, at *7 (S.D.N.Y. June 28, 2024) ("[C]ourts deny RFAs asking a party to interpret the meaning of a document rather than its authenticity."); *Xia v. New Yung Wah Carrier LLC*, 2022 WL 18858941, at *1 (E.D.N.Y. June 3, 2022) ("RFAs are not a discovery device; they are to narrow issues known to the requesting party." (citation omitted)).

    Second, because The Times has already agreed to produce its licenses, along with communications related to executed and contemplated agreements to license The Times's works to train generative AI models, OpenAI's RFAs do not change the scope of discovery. This

---

[1] See comments by Joseph Gratz, made as part of a panel for the Media Law Resource Center (MLRC) and Berkeley Center for Law & Technology's, Legal Frontiers in Digital Media 2024 Conference, an excerpt of the transcript of which is attached as Exhibit A (highlighting added).

January 16, 2025
Page 2

underscores that The Times should not be required to go through the exercise of considering the permissible uses under each of those agreements now.

Third, OpenAI's RFAs 36, 37, and 39 cannot be answered with a straightforward response insofar as the requests seek information in a dynamic landscape. The RFAs do not ask The Times to admit that, <u>as of a specific date</u>, it had not entered certain licenses; they simply ask for an admission covering all time. Accordingly, in the event the answer to one or more of OpenAI's RFAs changes during the course of discovery, The Times will be required to amend the response regardless. Rather than requiring it to do so, the Court should hold that the appropriate time for The Times to respond to these requests is, if at all, at the end of discovery.

The Times reached out to OpenAI and offered to supplement its responses to these RFAs prior to the close of discovery. OpenAI rejected this offer, insisting that it needs a response now to assess whether it deems The Times's responses adequate. Ex. B (1/15 Salomon email). But OpenAI is not entitled to any more than an admission or denial. *See, e.g., Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 400 (S.D.N.Y. 2018) (quoting *Bernstein v. Principal Life Ins. Co.*, 2010 WL 4922093, at *4 (S.D.N.Y. Dec. 2, 2010)) (denying a motion to compel amended RFA responses where a party answered with a denial, stating "[a]lthough defendant may disagree with these responses, that disagreement does not render the responses inadequate"). OpenAI has provided no basis to require that admission or denial now. *See Siani v. Suny Farmingdale*, 2009 WL 3254924, at *1 (E.D.N.Y. Oct. 7, 2009) (denying motion to compel response to RFAs and stating, "I note that the use of Requests for Admissions at this stage of a litigation is not desirable. Such requests are best used to narrow issues for trial, not to 'discover' information").

The Court should deny OpenAI's motion at ECF 383.

.

                Respectfully submitted,

                <u>/s/ Ian B. Crosby</u>
                Ian B. Crosby
                Susman Godfrey L.L.P.

                <u>/s/ Steven Lieberman</u>
                Steven Lieberman
                Rothwell, Figg, Ernst & Manbeck

cc: All Counsel of Record (via ECF)