January 16, 2025

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York

Re:  *The New York Times Company v. Microsoft Corp.* No.: 23-cv-11195; *Daily News, LP v. Microsoft Corp.*: No. 1:24-cv-3285; *The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*: No. 1:24-cv-04872: Dispute Regarding Deposition Protocol (Dkt. 382)

Dear Magistrate Judge Wang:

I write for the News Plaintiffs in response to Defendants' request for a deposition protocol. The Court should reject Defendants' proposal and instead adopt the proposal attached as **Exhibit 1**, which proposes coordination among the News Plaintiffs. In the alternative, if the Court wishes to order coordination across all SDNY Cases, it should enter the proposal attached as **Exhibit 2**.

All parties agree it is time to enter a protocol, as occurred in the California action against OpenAI just hours after Defendants filed their motion. *See* Dkt. 400-1. The question the Court should address is not whether to enter a protocol, but which one.

### 1. The Court Should Order a Protocol for the Consolidated News Cases

The Court already ruled that the News Plaintiffs should not be required to coordinate with the California action. *See* Ex. 3 (October 30, 2024 Tr.) at 6:25-7:2 (stating that the Court is "not going to require anybody to formally coordinate with the actions in the Northern District of California"). The News Plaintiffs' proposal adheres to that ruling by proposing coordination among the News Cases only, or in the alternative, all SDNY cases.

The basic features of Defendants' proposal, by contrast, are unclear. If all Defendants want is to coordinate *scheduling* with California—as the proposal states in paragraph 2—News Plaintiffs have no objection. But Defendants' brief suggests they want something broader, stating they may "seek an option for the same witness to sit for deposition once in all [*i.e.*, New York and California] cases." Dkt. 382 at 2. It is unclear what that "option" is or how they would "seek" it. It is also unclear whether the proposal counts time taken by the California plaintiffs against the News Plaintiffs. *See* Dkt. 382-1 ¶ 2 ("[D]eposition hours shall be counted against all taking parties . . . ."). If "against all taking parties" means that hours taken by one set of plaintiffs count against another set's allotment, the proposal violates the Court's ruling against mandatory coordination with California.[1]

The reason the News Plaintiffs are left guessing about Defendants' proposal is that Defendants never even sent it to Plaintiffs before moving the Court to enter it. Instead, in the lead-up to their motion, Defendants proposed, and the News Plaintiffs rejected, a different proposal that effectively required formal coordination with California. *See* Ex. 4 (Defendants' prior proposal requiring that "[i]f a 30(b)(1) deposition of an OAI-affiliated witness is noticed in the California

---

[1] Defendants' proposal requires coordination between the News and SDNY Class Cases. As News Plaintiffs previously argued, that structure would require Defendants to cross-produce documents to all plaintiffs. *See* Dkt. 261 at 1-2. Defendants have rejected that request, making the proposal unworkable.

1

consolidated class cases, it will also be automatically cross-noticed in all New York cases").[2] Defendants abandoned that proposal at the last minute and filed this vague proposal instead.

The News Plaintiffs' proposal, by contrast, provides a straightforward and clear approach to deposition coordination, for which the News Plaintiffs have been advocating since October: coordination among the closely related News Cases. Even OpenAI has contended that the News Cases are "very different" from the SDNY class actions because, while the class cases are "narrowly focused" on Defendants' use of works for "training" the models, the News Cases also implicate the "outputs" of Defendants' models and products, which means "the scope of discovery [] will differ substantially." Dkt. 72 at 16.

### 2. The Court Should Adopt the News Plaintiffs' Hours Allocations

Regardless of what structure the Court adopts, the Court should enter News Plaintiffs' proposed hours limitations. The proposed hours limitations fall into three buckets: (1) caps on the overall amount of deposition time; (2) per-witness caps; (3) caps for unspecified apex witnesses.

***Overall Caps.*** The following table summarizes the two sides' proposals on the overall limits.

|  | **Depositions by News Plaintiffs** | **Depositions by Defendants** |
|---|---|---|
| **News Plaintiffs' Proposal** | ● 260-hour total cap<br>● No more than 175 hours for all witnesses from OpenAI or Microsoft | ● 250-hour total cap<br>● No more than 105 hours for all witnesses from any News Plaintiff<br>● 50-hour cap for all third-party witnesses |
| **Defendants' Proposal** | ● 140-hour total cap<br>● No more than 70 hours for all witnesses from OpenAI or Microsoft | ● 210-hour total cap<br>● No more than 70 hours for all witnesses from any one individual News Plaintiff |

In short, Defendants propose that plaintiffs in the three News Cases share 140 hours, including third parties and 30(b)(6) depositions, with a maximum of 70 hours for all witnesses for each Defendant (including former employees).

Defendants' proposal does not provide News Plaintiffs with nearly enough time. Across both Defendants, there are currently 65 document custodians, including 34 for OpenAI and 31 for Microsoft. The list of topics to explore during depositions is long. Dkt. 261 at 4 n.8. Defendants identified 22 employees as knowledgeable about relevant issues, and that number excludes employees OpenAI will identify in supplemental responses about the additional models and products the parties have agreed to include in discovery. Dkt. 350 at 15; Dkt. 302 at 1; Dkt. 136-1. The News Plaintiffs propose a higher number of hours (260), with a 175-hour maximum per Defendant. That proposal is within the range of reasonableness for complex cases. *E.g.*, *In re Parmalat Sec. Litig.*, No. 04-CV-30 Dkt. 414 (S.D.N.Y. Mar. 6, 2006) (900 hours); *In re Pfizer Sec. Litig.*, No. 04-CV-9866 Dkt. 223 (S.D.N.Y. Aug. 20, 2010) (600 hours); *Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001) ("hundreds of hours"). Defendants' proposal—which allocates more time to Defendants than to News Plaintiffs—is not.

---

[2] And ***that*** proposal was different from the one Defendants asked the Court to enter in October. Dkts. 260-1, 260-2.

Even if the News Plaintiffs derive some benefit from time allotted to SDNY Class Plaintiffs, the caps are still inadequate because the News Plaintiffs' claims are broader than the class's, and because the per-witness caps described below render those benefits largely illusory. *See* Dkt. 261 at 2. Nor should the Court follow the 125-hour cap recently imposed in California. There, unlike here, plaintiffs "fail[ed] to show why more than 15 depositions would be necessary." Dkt. 400-1 at 2. In any event, the California case is substantially narrower than the SDNY cases, given the absence of Microsoft as a party there and the more limited claims. Dkt. 261 at 2.

***Per-Witness Caps.*** On per-witness limitations, Defendants propose that each non-apex 30(b)(1) witness sit for a maximum of 9 hours among all SDNY Plaintiffs. If half of those hours are allocated to SDNY Class Plaintiffs, that leaves just 90 minutes for each of the three sets of News Plaintiffs. Again, that is too low. The News Plaintiffs propose a more reasonable cap of 10 hours to be shared by the News Plaintiffs only, equating to 3.33 hours for each News Plaintiff.

The Court should also reject Defendants' proposal for a 12-hour cap on a witness who testifies in an individual and 30(b)(6) capacity. Otherwise, Defendants could "curtail 30(b)(6) examinations by designating as a 30(b)(6) witness a person who previously testified for [8] hours as an individual and has only [4] hour[s] left on his or her presumptive [12]-hour clock." *Sabre v. First Dominion Cap.*, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 10, 2001). Or they could "limit the testimony of an individual" by "designat[ing] the individual as a 30(b)(6) witness," thus deducting "every minute spent conducting the 30(b)(6) deposition" from the personal witness time. *Id.* News Plaintiffs address this issue by imposing separate personal and 30(b)(6) caps.

***Caps on Unspecified Apex Depositions.*** Finally, the Court should reject Defendants' proposal to limit apex depositions to five hours. Whether to impose apex limits requires a fact-intensive, witness-specific analysis. *E.g., Oakley v. MSG Networks, Inc.*, 2024 WL 4134903, at *2 (S.D.N.Y. Sept. 10, 2024). The burden falls on the party seeking the limitation. *Id.* Defendants have not even said who they believe the apex witnesses are, let alone met their burden.[3]

In any event, senior executives at OpenAI and Microsoft were deeply involved in issues central to this case. For example, in February 2022, OpenAI CEO Sam Altman ███████████ ███████████████████████████ Mr. Altman also shaped ███████████████████████ ██████████████████████████████████████████████████ For Microsoft, CTO Kevin Scott █████████████████████████████████████████████████████████████████ ████████████████████████ These executives are "a far cry from the prototypical apex witness, who sits removed from the key facts of the dispute." *Oakley*, 2024 WL 4134903, at *3. At a minimum, the request to limit their depositions is premature.

---

[3] The court's ruling in the California action on apex time should be given no weight, as the plaintiffs there did not address the issue or put in any evidence regarding the involvement of high-level executives. *See In re OpenAI ChatGPT Litigation*, 3:23-cv-3223 (N.D. Cal.), Dkts. 237, 244.

Respectfully,

*/s/ Ian B. Crosby*
Ian B. Crosby
Susman Godfrey L.L.P.

*/s/ Steven Lieberman*
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck

*/s/ Matt Topic*
Matt Topic
Loevy & Loevy

cc: All Counsel of Record (via ECF)