UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>  Defendants. | Civil Action No.<br>1:23-cv-11195 (SHS) (OTW) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO FILE UNDER SEAL**

Under Section IV of this Court's Individual Practices in Civil Cases, Plaintiff The New York Times Company ("The Times") respectfully seeks to seal a narrow portion of its opposition to the OpenAI Defendants' letter motion to compel The Times to add additional custodians (Dkt. 393). Specifically, The Times seeks to seal one exhibit attached to its opposition (Exhibit A).

Exhibit A is an excerpt of an export from a software program called Jira. The Times's products and engineering teams use Jira to track and assign work across those teams' domains, with each task being represented by a "ticket." As part of discovery, The Times has produced the Jira tickets hitting on "robots.txt" going back to 2012. Exhibit A is a copy of that production, which The Times has designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order in this case (Dkt. 127), as includes non-public and competitively sensitive information about the technical aspects of The Times's business. Exhibit A is relevant to OpenAI's request for The Times to add two software engineers as custodians: Justin Heideman and Elijah Soria. As explained in The Times's opposition brief, that request should be denied in part based on the data to which OpenAI already has access, including Exhibit A.

Exhibit A should be sealed. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts "must balance competing considerations against" this presumption of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d

132, 142 (2d Cir. 2016) (presumption of public access is lower for documents "passed between the parties in discovery"). "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Maxwell*, 929 F.3d at 50. This standard applies here because this motion addresses material filed in connection with a discovery dispute.

This motion to seal is also narrow, confining sealing to just one exhibit. The Times does not seek to seal any portion of its opposition brief, including the portion referencing the exhibit sought to be sealed. This motion targets only "confidential and proprietary data collection" practices and "technical" information that, if publicly revealed, could threaten The Times's information security systems. *Kewazinga Corp. v. Microsoft Corp.* 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (granting sealing).

For these reasons, The Times respectfully requests that Exhibit A be sealed.

Dated: January 16, 2025                    */s/ Ian Crosby*

                                                                Ian Crosby *(pro hac vice)*
                                                                 Genevieve Vose Wallace *(pro hac vice)*
                                                                 Katherine M. Peaslee *(pro hac vice)*
                                                                 SUSMAN GODFREY L.L.P.
                                                                 401 Union Street, Suite 3000
                                                                 Seattle, WA 98101
                                                                 Telephone: (206) 516-3880
                                                                 Facsimile: (206) 516-3883
                                                                 icrosby@susmangodfrey.com
                                                                 gwallace@susmangodfrey.com
                                                                 kpeaslee@susmangodfrey.com

                                                                 Davida Brook *(pro hac vice)*

2

Emily K. Cronin (*pro hac vice*)
Ellie Dupler *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings  (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040

3

Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*