SUSMAN GODFREY L.L.P.

January 16, 2025

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *The New York Times Company v. Microsoft Corporation, et al.*,
                 No.: 23-cv-11195-SHS: Opposition to OpenAI's Motion to Compel

Dear Magistrate Judge Wang:

      Plaintiff The New York Times Company ("The Times") opposes OpenAI's January 13, 2025, request to compel the production of documents. Dkt. 388.

### 1. The Times's Anticipated Pricing of its Products is Irrelevant to Damages and Market Harm (RFP 200).

      OpenAI claims to be "seeking documents relating to the 'pricing' for Times products, 'any anticipated changes in pricing, and the bases for those changes.'" Dkt. 388 at 1. As an initial matter, The Times has already agreed to produce documents showing the current pricing of its products. However, the remainder of OpenAI's request for all documents relating "to the reasons for current and anticipated pricing for Times products" demonstrates its continued misunderstanding of The Times's theory in this case. *Id.* The Times is not seeking to attribute changes in pricing to OpenAI, nor is it basing its damages on lost revenue from anticipated pricing changes.

      Rather, The Times's losses are attributable to OpenAI because, as a consequence of Defendants' conduct, users are less likely to turn to The Times's content in the first place. And, as The Times has repeatedly explained, reduced traffic means fewer opportunities to convert visitors to subscribers, fewer advertising opportunities, and less affiliate link interaction. Anticipated pricing changes have nothing to do with these lost conversion opportunities. Instead, consistent with its theory of harm, The Times has already agreed to produce:

      (1) documents regarding any harm or injury alleged in this case, which includes documents relating to reductions in readership, revenue, or online subscriptions (OAI RFPs 26, 135);

      (2) documents concerning OpenAI's impact on The Times's business and/or revenue (OAI RFPs 69, 70);

      (3) documents concerning how OpenAI has diverted Times readers and online traffic (OAI RFPs 94, 98; *see also* OAI RFPs 90, 149, 150);

      (4) analyses and reports regarding whether decreases in traffic to Times websites are attributable to Defendants' generative AI products ***or other market forces*** (OAI RFP 145);

      (5) documents concerning any revenue The Times receives for the reproduction, distribution, display, or advertising of its copyrighted works (MS RFP 6);

January 16, 2025
Page 2

(6) documents sufficient to show The Times's monthly revenue, including from subscriptions, advertising, and affiliate links from 2015 to present (OAI RFPs 27, 28, 95; MS RFPs 60, 65, 66);

(7) documents regarding decreases in online traffic or impacts on Wirecutter subscription and advertising revenue attributed to OpenAI (OAI RFP 96);

(8) documents sufficient to show total page views for the Asserted Works (OAI RFP 29; MS RFP 61);

(9) documents sufficient to show monthly user visits and traffic to The Times's websites from 2018 to present (OAI RFPs 136, 142-144); and

(10) documents sufficient to show the number of monthly Times subscribers from 2015 to present (OAI RFP 34).

Moreover, The Times agreed to produce documents sufficient to show trends in readership for the Asserted Works and The Times's online subscriptions, and trends in revenue generated in connection with content published on The Times's website. OpenAI has failed to provide a satisfactory justification for why The Times's extensive production is insufficient to demonstrate market harm (or the absence thereof). Accordingly, OpenAI's request is neither relevant nor proportional to damages or its fair use defense.

**2. OpenAI's Request for Documents Related to The Times Permitting Search Engines to Access and Index its Content is Overbroad and Irrelevant (RFP 181).**

OpenAI also claims to be seeking "documents and communications related to The Times permitting search engines to access and index Times content." Dkt. 388 at 2. However, The Times has already agreed to produce the relevant subset of documents related to this request:

(1) documents concerning The Times use of any webmaster controls to prevent web crawlers from accessing or indexing Times websites (MS RFPs 54, 117);

(2) documents sufficient to show the daily number of views within the nytimes.com domain resulting from click-throughs from search engines (MS RFPs 69, 70, 72);

(3) documents concerning any analysis of the causes of increases, decreases, or fluctuations in click-through rates from search engines since 2019 (MS RFP 73);

(4) documents concerning the aggregate daily and monthly advertising revenue resulting from click-throughs from search engines (MS RFPs 82, 83, 85);

(5) documents and communications reflecting The Times's decision whether or not to use Microsoft's webmaster control meta-tags (including <NOARCHIVE>, <NOCACHE>, and <NOINDEX>) to control usage of The Times's content in Microsoft's Gen AI products and services (MS RFPs 115, 116);

January 16, 2025
Page 3

   (6) documents relating to The Times's efforts to protect and enforce its copyrights (OAI RFPs 65, 192, 218; MS RFP 27); and

   (7) documents and communications regarding any changes to The Times's use of robots.txt, a tool that tells search engine crawlers whether or not they may access The Times's webpages (OAI RFP 133; MS RFP 53).

  Nevertheless, OpenAI remains dissatisfied. OpenAI asserts that The Times's production does "not encompass documents and communications explaining The Times's reasons for permitting search engines to access its content nor the specific terms of that permission." Dkt. 388 at 2–3. OpenAI's sole basis for its discovery request is that it will "enable OpenAI to challenge [The Times's] assertion that search engines' copying is materially 'different' from The Times's allegations against OpenAI." *Id.* at 3. This makes no sense. Whether the nature of a search engine's use differs from that of Defendants does not require any evidence from The Times. Defendants' use of Times content to train their LLMs is plainly different than developing a search index that directs users to The Times's own website. And the parties have no dispute that Defendants' use of Times content to power generative AI search products is very different than traditional search, as Microsoft's counsel recently explained:

> What is great about [generative AI search products] is that they are actually designed to answer your question, your Honor. So it's not just giving you a series of links to things you can go look for yourself and maybe find the information. But one of the great uses of a large language model is that it's able to interpret and summarize and derive facts from underlying data and then deliver those facts to you.

Jan. 14, 2025 Mot. Hr'g Tr. 27:11-17. "The party moving to compel bears the initial burden of demonstrating relevance and proportionality." *Winfield v. City of New York*, 2018 WL 840085, at *4 (S.D.N.Y. Feb. 12, 2018). And, "[w]hile Rule 26(b)(1) [ ] provides for broad discovery, courts should not grant discovery requests on pure speculation that amount to nothing more than a fishing expedition." *Fed. Trade Commission v. BlueHippo Funding, LLC*, 2016 WL 10571896, at *1 (S.D.N.Y. Apr. 19, 2016). OpenAI's basis to compel—that is, that the requested documents will show search engines' copying is materially similar to OpenAI's own copying—is nothing more than a "fishing expedition." *Fed. Trade Commission*, 2016 WL 10571896, at *1.

  Furthermore, even assuming *arguendo* that search engines' copying was materially similar to that of OpenAI's, Defendant's requested documents would still not bear on whether OpenAI's use of the Times's works was permitted. Indeed, as this Court already explained in its November 22, 2024, Order, The Times's decision to <u>allow some non-parties</u> access to its content would have no bearing on The Times's refusal to provide such access to OpenAI. *See* Dkt. 344 at 2–3 (noting that in assessing the fair use factors, a court is not required to examine "whether the copyright holder has entered into business relationships with other entities in defendant's industry"). Accordingly, OpenAI's request is overbroad and irrelevant to its fair use defense.

January 16, 2025
Page 4

                                              Respectfully submitted,

                                              */s/ Ian B. Crosby*
                                              Ian B. Crosby
                                              Susman Godfrey L.L.P.

                                              */s/ Steven Lieberman*
                                              Steven Lieberman
                                              Rothwell, Figg, Ernst & Manbeck

cc:    All Counsel of Record (via ECF)