SUSMAN GODFREY L.L.P.

January 16, 2025

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    *The New York Times Company v. Microsoft Corporation, et al.*,
                   No.: 23-cv-11195-SHS: Opposition to OpenAI's Motion to Compel (Dkt. 394)

Dear Magistrate Judge Wang:

      OpenAI spends a great deal of ink addressing The Times's alleged "refusal to produce documents in its possession, custody or control from its business licensing consultant David B. Kogan," a third party consultant living in the United Kingdom, on the premise that it needs this discovery to defend this case. ECF 394 at 1. Yet, The Times has already agreed to produce responsive, non-privileged documents in its custody regarding the licensing of its asserted works for LLM training, including negotiations over such licenses. *See* ECF 333 at 2.

      As The Times has explained to OpenAI, the documents it seeks from David Kogan in ECF 394 are entirely duplicative, because Mr. Kogan was retained to provide advice about negotiation tactics to Times executives who are already custodians in this case–most notably, Rebecca Grossman-Cohen and Sam Felix, who lead The Times's negotiations for AI partnership (including negotiations with OpenAI and Microsoft). *See* ECF 330 at 2. That is why OpenAI has documents involving Mr. Kogan to begin with. He was not hired to provide written reports or analyses for The Times. *See* Declaration of K. Peaslee ¶ 3.

      Nevertheless, in an effort to resolve this dispute, The Times reached out to Mr. Kogan to inquire whether he has any documents regarding his consulting for The Times related to generative AI or that would otherwise constitute materials to which The Times is entitled under his agreement with The Times. Ex. A (1/16 Peaslee Email). Mr. Kogan represented that he has no such documents. *Id.*; Peaslee Decl. ¶ 3. Accordingly, The Times has satisfied its discovery obligations with respect to OpenAI's requested documents. *See Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, (S.D.N.Y. 2016) (noting that a third party's "good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one 'cannot be required to produce the impossible'" (quoting *Menard v. Chrysler Grp. LLC*, 2015 WL 5472724, at *1 (S.D.N.Y. July 2, 2015))).

                                                        Respectfully submitted,

                                                       */s/ Ian B. Crosby*
                                                       Ian B. Crosby
                                                       Susman Godfrey L.L.P.

January 16, 2025
Page 2

                                                        */s/ Steven Lieberman*
                                                        Steven Lieberman
                                                        Rothwell, Figg, Ernst & Manbeck

cc:    All Counsel of Record (via ECF)