UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------  X

THE NEW YORK TIMES COMPANY,                    :

         Plaintiff,                     :     No. 1:23-cv-11195-SHS-OTW

            v.                       :

MICROSOFT CORPORATION, OPENAI,                 :
INC., OPENAI LP, OPENAI GP, LLC,               :
OPENAI, LLC, OPENAI OPCO LLC,                  :
OPENAI GLOBAL LLC, OAI                         :
CORPORATION, LLC, and OPENAI                   :
HOLDINGS, LLC,                                 :

         Defendants.                    :

------------------------------------------------------  X

DAILY NEWS, LP; CHICAGO TRIBUNE                 :
COMPANY, LLC; ORLANDO SENTINEL                 :     No. 1:24-cv-03285-SHS-OTW
COMMUNICATIONS COMPANY, LLC;                   :
SUN-SENTINEL COMPANY, LLC; SAN                 :
JOSE MERCURY-NEWS, LLC; DP MEDIA               :
NETWORK, LLC; ORB PUBLISHING,                  :
LLC; AND NORTHWEST                             :
PUBLICATIONS, LLC,                             :

         Plaintiffs,                    :

            v.                       :

MICROSOFT CORPORATION, OPENAI,                 :
INC., OPENAI LP, OPENAI GP, LLC,               :
OPENAI, LLC, OPENAI OPCO LLC,                  :
OPENAI GLOBAL LLC, OAI                         :
CORPORATION, LLC, OPENAI                       :
HOLDINGS, LLC,                                 :

         Defendants.                    :

------------------------------------------------------  X

THE CENTER FOR INVESTIGATIVE                    :
REPORTING, INC.,                               :     No. 1:24-cv-04872-SHS

         Plaintiff,                     :

|                                                              |     |
|--------------------------------------------------------------|-----|
| v.                                                           | :   |
|                                                              | :   |
| OPENAI, INC., OPENAI GP, LLC,                                | :   |
| OPENAI, LLC, OPENAI OPCO LLC,                                | :   |
| OPENAI GLOBAL LLC, OAI                                       | :   |
| CORPORATION, LLC, OPENAI                                     | :   |
| HOLDINGS, LLC, and MICROSOFT                                 | :   |
| CORPORATION,                                                 | :   |
|                                                              | :   |
| Defendants.                                                  | :   |
| ------------------------------------------------------       | X   |

**OPENAI DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL AND RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Section IV of this Court's Individual Practices in Civil Cases, Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation LLC, and OpenAI Holdings, LLC (collectively, "OpenAI") seek leave to file under seal:

- Limited portions of OpenAI Defendants' Opposition to the News Plaintiffs' Letter Motion to Compel OpenAI to Preserve Output Log Data on a Going-Forward Basis;

- Limited portions of the Declaration of Michael Trinh in Support of OpenAI Defendants' Opposition to the News Plaintiffs' Letter Motion to Compel OpenAI to Preserve Output Log Data on a Going-Forward Basis ("Trinh Decl."); and

- Limited portions of Exhibit A to the Declaration of Joseph Gratz in Support of OpenAI Defendants' Opposition to the News Plaintiffs' Letter Motion to Compel OpenAI to Preserve Output Log Data on a Going-Forward Basis, comprising correspondence between counsel for OpenAI Defendants and the News Plaintiffs concerning the retention of ChatGPT user conversation data.

Additionally, OpenAI responds to Plaintiff New York Times's Motion for Leave to File Under Seal filed in connection with Plaintiffs' Letter Motion to Compel (ECF 399) pursuant to the Protective Order entered in this case (ECF 127), and asks the Court to grant Plaintiff's motion and keep the following material under seal:

- Limited portions of Exhibit 3 to Plaintiff's Letter Motion to Compel OpenAI to Produce Categories of Documents (ECF 398-3), comprising correspondence between counsel for Plaintiff and OpenAI Defendants concerning OpenAI's Responses and Objections to Plaintiff's Requests for Production of Documents; and

- Limited portions of and Exhibit 14 to the News Plaintiffs' Motion to Compel OpenAI to

Preserve Output Log Data on a Going-Forward Basis (ECF 379-15).

For the reasons stated below, OpenAI respectfully requests the Court grant both this Motion for Leave to File Under Seal and Plaintiff's Motion for Leave to File Under Seal (ECF 399) as requested in this response.

OpenAI's proposed redactions and sealing are consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). Pursuant to *Lugosch*, the Court must first assess whether the documents at issue are "judicial documents" to determine whether the presumption in favor of public access in filings applies at all. 435 F.3d at 119. Documents "simply passed between the parties in discovery" are not judicial documents and "lie beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019) (internal quotation marks omitted); *see Bernstein*, 814 F. 3d at 142 (documents "such as those passed between the parties in discovery often play no role in the performance of Article III functions and so the presumption of access to these records is low" (internal quotation marks omitted)). This remains true even where the Court must assess those documents in the context of a discovery motion. *See Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, No. 19-cv-4223-LAP-KHP, 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021) (granting motion to seal portions of letter brief referencing information passed between the parties in discovery and exhibits designated under parties' protective order).

Where documents are submitted to the Court pursuant to a confidentiality agreement, the Second Circuit has held that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Uni-Systems, LLC v. United States Tennis Ass'n, Inc.*, No. 17-cv-147-KAM-CLP, 2020 WL 8266015, at *8

(quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)). Moreover, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced . . . in connection with dispositive motions." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). While the Court "'must still articulate specific and substantial reasons' for sealing material filed in connection with a discovery dispute, 'the reasons usually need not be as compelling as those required to seal' filings connected to a dispositive motion." *Rand v. Travelers Indem. Co.*, No. 21-CV-10744 (VB)(VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (quoting *Brown*, 929 F.3d 41, 50).

In this matter, Defendants have designated as highly confidential sensitive information related to OpenAI's business practices, the disclosure of which would harm OpenAI's competitiveness in a nascent and highly competitive market. Such information is routinely deemed confidential and filed under seal by the Courts. *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information.").

Here, the sealed portions of Defendants' Opposition to News Plaintiffs' Letter Motion to Compel OpenAI to Preserve Output Log Data on a Going-Forward Basis, the Trinh Decl. in support thereof, and Exhibit A to the Gratz Decl. in support thereof, each comprise commercially sensitive business information regarding (i) metrics related to ChatGPT usage and (ii) technical information related to OpenAI's products, services and/or operation. Exhibit 3 to Plaintiff's Letter Motion to Compel and Exhibit 14 to the News Plaintiffs' Motion to Compel OpenAI to Preserve Output Log Data on a Going-Forward Basis include commercially sensitive business information concerning technical information concerning OpenAI's products, services and/or operation. *See*

Trinh Decl. ¶ 2-7.

OpenAI treats each category of documents as confidential or highly confidential—it does not generally disclose similar documents to the public. *See id.* Any portions of OpenAI's letter brief summarizing, referring to, or quoting the content of these highly sensitive documents should also be sealed as reflecting OpenAI's confidential business information.

Similar documents revealing confidential business information are regularly sealed by other courts in this District. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures"); *Louis Vuitton Mallatier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)). The information contained in these documents and mirrored or summarized in Plaintiffs' letter-motions could be used by competitors to unfairly compete with OpenAI, in that they would be given access to the information that would not otherwise be available to them. This risk is elevated in the highly competitive field of artificial intelligence—OpenAI is at the forefront of developing and employing new products and software, and any disclosure of related information could be exploited by other players in the space. Thus, if not sealed, disclosure could pose serious risk of competitive harm.

Further, Exhibit 3 to ECF 398 that Plaintiff filed under seal, Exhibit 14 to ECF 379, and Exhibit A to to the Declaration of Joseph Gratz in Support of OpenAI Defendants' Opposition to the News Plaintiffs' Letter Motion to Compel OpenAI to Preserve Output Log Data on a Going-Forward Basis are "non-judicial" documents with no presumption in favor of public access. These exhibits are correspondence between OpenAI's counsel and Plaintiff's counsel regarding

discovery in this case. There is no presumption favoring public access to any of the sealed documents or redacted language, given that they are "non-judicial" documents. *See Uni-Systems*, 2020 WL 8266015 at *9 (finding that "non-judicial documents passed between the parties during discovery" were "entitled to 'little more than a prediction of public access absent a countervailing reason'" (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Even if the Court is inclined to find that these Exhibits (and the portions of the letter briefs summarizing or referring to them) are judicial documents or otherwise relevant to the performance of the Article III judicial process, there is little weight given to the presumption in favor of public access under *Lugosch*'s second prong. 435 F.3d 110, 119 (2d Cir. 2006). Because the material sought to be sealed is presented in the context of a discovery dispute, the presumption in favor of public access is low. *See Metacapital Mgmt., LP v. Meta Platforms, Inc.*, No. 1-22-cv-07615-PKC-KHP, 2024 WL 1508655 (S.D.N.Y. Apr. 5, 2024) (granting motion to seal materials related to discovery dispute because presumption was lower than presumption applied to materials related to trial or dispositive motions). Thus, the reasons for sealing "usually need not be as compelling as those required to seal filings connected to a dispositive motion." *Rand v. Travelers Indem. Co.*, No. 21-CV-10744 (VB)(VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (internal quotation marks omitted).

Finally, sealing is necessary to preserve "higher values" under *Lugosch*'s third prong—namely, preserving the secrecy of highly sensitive information that may cause OpenAI competitive harm if disclosed. 435 F.3d at 124. The materials OpenAI seeks to seal reveal sensitive details about OpenAI's products and business and legal strategy during a critical time of development for the highly competitive ChatGPT product. Trinh Decl. ¶¶ 2-7.

Accordingly, OpenAI respectfully requests that the Court grants its Motion for Leave to

File Under Seal as well as Plaintiff's Motion for Leave to File Under Seal.

Dated: January 16, 2025                          MORRISON & FOERSTER LLP


By: */s/ Joseph C. Gratz*
    Joseph C. Gratz (*pro hac vice*)
    JGratz@mofo.com
    Andrew L. Perito (*pro hac vice*)
    APerito@mofo.com
    425 Market Street
    San Francisco, CA  94105-2482
    Telephone:  415.268.7000
    Facsimile:  415.268.7522

    Rose S. Lee (*pro hac vice*)
    RoseLee@mofo.com
    707 Wilshire Boulevard
    Los Angeles, California 90017-3543
    Telephone:  213.892.5200
    Facsimile:  213. 892.5454

    Jocelyn E. Greer
    JGreer@mofo.com
    Emily C. Wood
    EWood@mofo.com
    Eric K. Nikolaides
    ENikolaides@mofo.com
    250 W. 55th Street
    New York, NY 10019-9601
    Telephone:  212.468.8000
    Facsimile:  212.468.7900

    Carolyn M. Homer (*pro hac vice*)
    CHomer@mofo.com
    2100 L Street, NW
    Suite 900
    Washington, DC 20037
    Telephone:  202.887.1500
    Facsimile:  202.887.0763

    Attorneys for Defendants
    OPENAI, INC., OPENAI LP, OPENAI
    GP, LLC, OPENAI, LLC, OPENAI
    OPCO LLC, OPENAI GLOBAL LLC,
    OAI CORPORATION, LLC, and
    OPENAI HOLDINGS, LLC

Dated: January 16, 2025                          LATHAM & WATKINS LLP


By:  */s/ Elana Nightingale Dawson*
    Andrew Gass (*pro hac vice*)
    andrew.gass@lw.com
    Joseph R. Wetzel (*pro hac vice*)
    joe.wetzel@lw.com
    505 Montgomery Street, Suite 2000
    San Francisco, CA  94111
    Telephone:  (415) 391-0600
    Facsimile:  (415) 395-8095

    Sarang Damle
    sy.damle@lw.com
    Elana Nightingale Dawson (*pro hac vice*)
    elana.nightingaledawson@lw.com
    555 Eleventh Street NW
    Suite 100
    Washington, DC 20004
    Telephone:  (202) 637-2200
    Facsimile:  (202) 637-2201

    Allison Levine Stillman
    alli.stillman@lw.com
    Herman H. Yue
    herman.yue@lw.com
    Michael A. David
    michael.david@lw.com
    Rachel Renee Blitzer
    rachel.blitzer@lw.com
    Luke Budiardjo
    luke.budiardjo@lw.com
    1271 Avenue of the Americas
    New York, NY 10020
    Telephone:  (212) 906-1200
    Facsimile:  (212) 751-4864

    Attorneys for Defendants
    OPENAI, INC., OPENAI LP, OPENAI
    GP, LLC, OPENAI, LLC, OPENAI
    OPCO LLC, OPENAI GLOBAL LLC,
    OAI CORPORATION, LLC, and
    OPENAI HOLDINGS, LLC

Dated: January 16, 2025                    KEKER, VAN NEST & PETERS LLP


By: */s/ Christopher S. Sun*
       Robert A. Van Nest (*pro hac vice*)
       RVanNest@keker.com
       R. James Slaughter (*pro hac vice*)
       RSlaughter@keker.com
       Paven Malhotra
       PMalhotra@keker.com
       Michelle S. Ybarra (*pro hac vice*)
       MYbarra@keker.com
       Nicholas S. Goldberg (*pro hac vice*)
       NGoldberg@keker.com
       Thomas E. Gorman (*pro hac vice*)
       TGorman@keker.com
       Katie Lynn Joyce (*pro hac vice*)
       KJoyce@keker.com
       Christopher S. Sun (*pro hac vice*)
       CSun@keker.com
       Andrew S. Bruns (*pro hac vice*)
       ABruns@keker.com
       Andrew Dawson (*pro hac vice*)
       ADawson@keker.com
       Edward A. Bayley (*pro hac vice*)
       EBayley@keker.com
       Sarah Salomon (*pro hac vice*)
       ssalomon@keker.com
       633 Battery Street
       San Francisco, California  94111-1809
       Telephone:  (415) 391-5400
       Facsimile:  (415) 397-7188

       Attorneys for Defendants
       OPENAI, INC., OPENAI LP, OPENAI
       GP, LLC, OPENAI, LLC, OPENAI
       OPCO LLC, OPENAI GLOBAL LLC,
       OAI CORPORATION, LLC, and
       OPENAI HOLDINGS, LLC