UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE NEW YORK TIMES COMPANY, | No. 1:23-cv-11195-SHS-OTW |
| Plaintiff, | |
| v. | |
| MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC, | |
| Defendants. | |
| DAILY NEWS, LP; CHICAGO TRIBUNE COMPANY, LLC; ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC; SUN-SENTINEL COMPANY, LLC; SAN JOSE MERCURY-NEWS, LLC; DP MEDIA NETWORK, LLC; ORB PUBLISHING, LLC; AND NORTHWEST PUBLICATIONS, LLC, | No. 1:24-cv-03285-SHS-OTW |
| Plaintiffs, | |
| v. | |
| MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, | |
| Defendants. | |
| THE CENTER FOR INVESTIGATIVE REPORTING, INC., | No. 1:24-cv-04872-SHS |
| Plaintiff, | |

|  |  |
|---|---|
| v. | : |
|  | : |
| OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION, | : : : : : : |
|  | : |
| Defendants. | : |
| ------------------------------------------------------ X |  |

**DECLARATION OF JOSEPH C. GRATZ IN SUPPORT OF OPENAI DEFENDANTS' OPPOSITION TO THE NEWS PLAINTIFFS' MOTION TO COMPEL OPENAI TO PRESERVE OUTPUT LOG DATA ON A GOING-FORWARD BASIS (ECF 379)**

I, Joseph C. Gratz, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at the law firm Morrison & Foerster LLP, which represents Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC (collectively, "OpenAI Defendants") in this case. I submit this declaration on behalf of the OpenAI Defendants in support of the OpenAI Defendants' Opposition to the News Plaintiffs' motion to compel OpenAI to preserve output log data on a Going-Forward Basis (ECF 379).

2. Enclosed as Exhibit A is a true and correct copy of a January 3, 2025, letter on behalf of OpenAI Defendants from myself to Jennifer Maisel, counsel for News Plaintiffs.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 16th day of January, 2025.

By: */s/ Joseph C. Gratz*
      Joseph C. Gratz

1

# EXHIBIT A

# MORRISON FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON, LOS ANGELES,
MIAMI,
NEW YORK, PALO ALTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,

January 3, 2025

Writer's Direct Contact
+1 (415) 268-6066
JGratz@mofo.com

Jennifer Maisel
Rothwell, Figg, Ernst & Manbeck, P.C.
jmaisel@rothwellfigg.com
901 New York Avenue, N.W., Suite 900 East
Washington, D.C. 20001

Re:   *The New York Times Company v. Microsoft Corporation et al.*, Case No. 1:23-cv-11195-SHS-OTW; *Daily News, LP v. Microsoft Corporation*, Case No. 1:24-cv-03285-SHS-OTW

Counsel:

I write in response to your December 10 letter.

OpenAI by default retains all ChatGPT user conversation data unless the user has elected to delete or not retain that data. *See* Nov. 15, 2024 Letter from C. Homer; Feb. 29, 2024 Letter from J. Gratz. OpenAI has further retained data associated with the specific ChatGPT accounts of individuals/usernames that are likely to have responsive information to comply with legal obligations. All told, OpenAI has retained more than ▇▇▇▇▇▇ ChatGPT user conversations, and the amount in storage grows daily.

While OpenAI has retained more than ▇▇▇▇▇▇ ChatGPT user conversations, it is also OpenAI's practice to comply with users' decisions about retention of their conversation data, subject to OpenAI's legal obligations. As we have long both publicly disclosed[1] and explained to you, if a user elects to not retain their data, OpenAI has a practice of retaining those conversations for only 30 days, subject to OpenAI's legal obligations. *Cf. Viacom Int'l Inc. v. Youtube Inc.*, 253 F.R.D. 256, 265 (S.D.N.Y. 2008) (denying motion to compel the contents of YouTube videos where users opted out of default privacy settings).

OpenAI first informed you about its user conversation data retention policies at the beginning of last year. *See* Feb. 29, 2024 Letter from J. Gratz ("OpenAI is retaining input and output data from ChatGPT unless users have affirmatively turned off chat history,

---

[1] *See* Privacy Policy, https://openai.com/policies/row-privacy-policy/ (last updated Nov. 4, 2024); Enterprise Privacy, https://openai.com/enterprise-privacy/ (last updated Oct. 31, 2024); Stipulated Order re: Discovery of Electronically Stored Information *In re OpenAI ChatGPT Litigation*, Case No. 3:23-cv-03223, Dkt. 175 at ¶ 9(e) (N.D. Cal. Aug. 22, 2024).

**MORRISON FOERSTER**

January 3, 2025
Page 2

deleted their past conversations, or deleted their account, in which case new conversations are retained for 30 days, as stated on OpenAI's website."). Our more recent correspondence served only "to remind you" of these policies. *See* Nov. 15, 2024 Letter from C. Homer. We were therefore surprised by your December 10, 2024 letter demanding OpenAI preserve all ChatGPT user conversation data. In light of our prior correspondence, please explain why Plaintiffs waited more than 10 months to make such a demand.

We would, of course, be willing to discuss preserving discrete subsets of information if Plaintiffs articulate an appropriate rationale for those subsets. For example, if Plaintiffs identify individual ChatGPT user accounts they believe are likely to contain relevant information we could discuss ensuring those specific accounts are preserved. But if your demand is instead to preserve *all* user ChatGPT conversations from *all* accounts for *all* users, including data that users have specifically requested to be deleted, please inform us as to why you believe preservation of all such data is necessary and proportionate to the needs of this litigation (and why it is not cumulative of the over ▬▬▬▬ ChatGPT user conversation data OpenAI has already retained).

As you know, "[l]itigants are not generally required to preserve all electronic records, and the principles of proportionality guide the scope of a party's duty to preserve potentially relevant evidence." *Doe LS 340 v. Uber Techs., Inc.*, 710 F. Supp. 3d 794, 804 (N.D. Cal. 2024) (denying motion to compel suspension of all document destruction policies at the company as "exceedingly broad"). Corporate defendants do not need to "preserve every shred of paper, every e-mail or electronic document" and such a requirement could "cripple" their operations. *Zubulake*, 220 F.R.D. at 217; *see also FTC v. DirecTV, Inc.*, 2016 WL 7386133, at *5 (N.D. Cal. Dec. 21, 2016) (a party need not preserve data beyond what is "needed . . . to prosecute th[e] case"). OpenAI is already preserving an enormous volume of ChatGPT user conversation data and collaborating with Plaintiffs to develop an approach to Plaintiffs' requests regarding using that data in this litigation. In light of those efforts, preserving data that users have specifically asked OpenAI to delete is not justified.

OpenAI looks forward to continuing to confer regarding Plaintiffs' requests related to ChatGPT user conversation data.

Sincerely,

*/s/ Joseph C. Gratz*

Joseph C. Gratz