**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
AUTHORS GUILD, et al.,                      :
                                            :
                Plaintiff,                  :    23-cv-8292 (SHS) (OTW)
                                            :
        -against-                           :
                                            :
OPENAI INC., et al.,                        :    ORDER
                                            :
                Defendants.                 :
                                            :
-----------------------------------------------------------x
THE NEW YORK TIMES COMPANY.,                :
                                            :
                Plaintiff,                  :    23-cv-11195 (SHS) (OTW)
                                            :
        -against-                           :
                                            :
MICROSOFT CORPORATION, et al.,              :
                                            :
                Defendants.                 :    ORDER
                                            :
-----------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge**:

The Court held a status conference on these matters on January 22, 2025. For the reasons stated on the record, it is hereby **ORDERED**:

I. **The New York Times Co. v. Microsoft Corp. et al., 23-cv-11195, and consolidated cases (the "Newspaper Cases").**

   A. Plaintiffs' motion at ECF 386 regarding the use of documents designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" by Microsoft in Plaintiffs' depositions with OpenAI witnesses is **DENIED** as premature.

B. Plaintiffs are directed to provide proposed datasets and N values for proposed n-gram searches of OpenAI training data by **January 24, 2025.** (*See* ECF Nos. 305, 328). The parties are further directed to meet and confer regarding these searches by **February 6, 2025,** and to file a joint status letter on the docket by **February 13, 2025,** regarding the status of this issue.

C. Plaintiffs' motion at ECF 379 to compel OpenAI's wholesale preservation of user conversations (e.g., end-user prompts and outputs) is **DENIED.** The parties are directed to meet and confer regarding the privacy and technological considerations implicated in Plaintiffs' request and file a joint status letter on the docket by **February 13, 2025,** regarding the status of this issue.

D. The parties are directed to meet and confer regarding production of Microsoft's log data and output logs by **February 10, 2025,** (*see* ECF 311), and Plaintiffs are directed to provide Microsoft with their prepared questions for the meet and confer on or before **February 6, 2025.** The parties are further directed to file a joint status letter on the docket by **February 13, 2025,** regarding the status of this issue.

E. Defendants' motions at ECF 393 and 395 are **DENIED** as premature. There has been no showing that production of Ms. Liang's documents and other proposed production will be insufficient.

F. The parties are directed to meet and confer regarding a proposed cap for OpenAI's document production in this case. (*See* ECF 228).

G. Plaintiffs' motion at ECF 381 is **DENIED** as premature**.** The parties are directed to meet and confer and engage in an iterative process regarding search terms for Microsoft's document production, as described at the conference, and to file a joint status letter on the docket by **February 13, 2025,** regarding the status of this issue**.**

H. Plaintiffs' motion at ECF 398 is **DENIED** with respect to documents produced to foreign governmental authorities. ECF 398 is also **DENIED** as premature in all other respects, and the parties are directed to meet and confer regarding the production of documents sought in this motion.

I. The parties are directed to meet and confer regarding the production of documents that were produced to U.S. governmental entities, (*see* ECF 322), and to file a joint status letter on the docket by **February 13, 2025,** regarding the status of this issue.

J. Plaintiffs' motion at ECF 396 is **DENIED** as premature. The parties are directed to meet and confer and file a joint status letter on the docket by **February 13, 2025,** regarding the status of this issue.

K. Defendants' motions at ECF 394 and 397 are **DENIED** as premature**.** The parties are directed to meet and confer regarding the issues raised in these motions.

L. Defendants' motion at ECF 388 is **DENIED** as premature as to documents concerning pricing changes and bases for pricing changes. ECF 388 is **DENIED** with respect to documents concerning search engines' access to Times content.

M. Defendants' motion at ECF 383 is **DENIED**.

II. **Other Issues Pertaining to Both Cases.**

    A. The parties' requests to enter a joint deposition protocol, (*see* Case No. 23-CV-11195, ECF Nos. 382, 430; Case No. 23-CV-8292, ECF No. 307), are **DENIED.** The Court will not set a cap on deposition hours where the parties have yet to determine how many potential witnesses may be deposed and the projected number of hours needed for such witnesses.

    B. The Court will hold an In-Person "Settlement Conference" on deposition protocols on **January 31, 2025, at 2:00 p.m.** in Courtroom 20D, 500 Pearl Street, New York, NY 10007. Each party in attendance shall send no more than two attorneys to the settlement conference. The parties are not to submit anything to the Court in advance of this conference.

    C. The Court will hold an In-Person Status Conference on the above-captioned cases on **Thursday, April 10, 2025, at 9:30 a.m.** in Courtroom 20D, 500 Pearl Street, New York, NY 10007. The parties are directed <u>not</u> to file a joint chart until directed to do so by the Court.

    D. The Court notes that many of the "issues" presented in the January 22 conference were premature, and in many instances, the parties had not fully engaged in the meet and confer process. The parties' seeming refusal to work together to resolve what should be small, routine issues in these cases has significantly slowed the pace of discovery and hampers the Court's ability to move the cases forward efficiently. Going forward, any "dispute" where the parties have not fully attempted to, in good faith, meet and confer and, after

meeting and conferring, jointly determined that an application to the Court *must* be made to come to a resolution, including the disputes above that the Court has denied as premature, should not be included in the parties' joint dispute chart. Any motions filed related to such "disputes" may also be denied outright.

E. The parties may include updates for all motions for which the Court has directed the parties to submit a joint status letter by February 13, 2025, in a single letter that clearly identifies which motions are being discussed and includes relevant ECF numbers with hyperlinks to the docket. The parties are encouraged to use their very helpful chart format in their February 13 joint status letter.

The Clerk of Court is respectfully directed to close the following ECF Nos.: Newspaper Cases (23-cv-11195): 379, 381, 383, 386, 388, 393, 394, 395, 396, 397, 398.

**SO ORDERED.**

Dated: January 24, 2025
      New York, New York

      *s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge