UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No.<br>1:23-cv-11195 (SHS) (OTW) |
| DAILY NEWS, LP; THE CHICAGO TRIBUNE COMPANY, LLC; ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC; SUN-SENTINEL COMPANY, LLC; SAN JOSE MERCURY-NEWS, LLC; DP MEDIA NETWORK, LLC; ORB PUBLISHING, LLC; AND NORTHWEST PUBLICATIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No.<br>1:24-cv-03285 (SHS) (OTW) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Plaintiffs The New York Times Company; Daily News, LP; The Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury-News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest

1

Publications, LLC (collectively "Plaintiffs"), by and through their undersigned counsel, respectfully submit this Notice of Supplemental Authority to apprise the Court of a recent order that further supports Plaintiffs' Oppositions to Defendants' pending Motions to Dismiss.[1]

Following his "bottom-line order" issued on November 21, 2024, in *The Intercept Media, Inc. v. OpenAI et al.*, No. 24-cv-01515-JSR (S.D.N.Y.), Judge Rakoff issued an opinion and order on February 20, 2025, allowing The Intercept's claim under 17 U.S.C. § 1202(b)(1) to proceed against OpenAI. *See* Opinion and Order, *The Intercept Media*, No. 24-cv-01515-JSR, Dkt. 127 (the "Order"). The Order is attached hereto as Exhibit A.

Judge Rakoff found that The Intercept pleaded a concrete injury sufficient to confer Article III standing because "Intercept's claims in this case implicate the same kind of property-based harms traditionally actionable in copyright," Order at 14, and "the harm faced by The Intercept— in the form of defendants' alleged interference with its property right—implicates the same incentives to create that justify traditional copyright," *id*. at 16. Here, in addition to copyright infringement claims, Plaintiffs have alleged very similar Section 1202(b)(1) claims arising from Defendants' removal of CMI from Plaintiffs' copyrighted news articles contained in the training datasets. *Compare id*. at 18-19 ("The Intercept specifically alleges that defendants removed CMI from its articles reproduced in the training sets, which concealed their own systematic practice of copyright infringement and facilitates infringement by ChatGPT users.") *with Daily News* Compl. (Dkt. 1 in Case No. 24-cv-03285) at ¶ 159 ("The Defendants knew that by removing the Publishers' CMI, the CMI would not be retained within the GPT models and/or displayed when the GenAI

---

[1] OpenAI's Motion to Dismiss and Microsoft's Motion to Dismiss against The Times are filed at Dkt. 51 and 64, respectively, and The Times's Oppositions to those Motions are filed at Dkt. 73 and 76, respectively, in case No. 23-cv-11195. Microsoft's Motion to Dismiss and OpenAI's Motion to Dismiss against the *Daily News* Plaintiffs are filed at Dkt. 76 and 80, respectively, and the *Daily News* Plaintiffs' Oppositions to those Motions are filed at Dkt. 98 and 100, respectively, in case No. 24-cv-03285.

2

products disseminate unauthorized copies of the Publishers' Works to end-users, and thereby would conceal the Defendants' own infringement as well as induce, enable, facilitate, or conceal end-users' infringement resulting from their operation of the Defendants' GenAI products.") and *The New York Times* First Am. Compl. (Dkt. 170 in Case No. 23-cv-11195) at ¶ 125; *see also Daily News* Compl. (Dkt. 1) at ¶¶ 160-163 (discussing Dragnet and Newspaper content extractors).

Turning to the merits of the claims, Judge Rakoff found that The Intercept sufficiently pleaded a Section 1202(b)(1) claim based on OpenAI's knowledge of "downstream infringement," namely, "its facilitation of ChatGPT users' downstream infringement of regurgitations of its articles produced in ChatGPT outputs." Order at 22-24. This theory of downstream infringement is also present in Plaintiffs' Complaints. *See, e.g.*, *Daily News* Compl. ¶¶ 160-169; *see id.* ¶ 168 (citing example of regurgitated output that "expressly encourages an end-user to republish a copy of a New York *Daily News* article"); *The New York Times* First Am. Compl. ¶¶ 186-187.

Judge Rakoff, however, dismissed The Intercept's Section 1202(b)(1) claim against Microsoft because The Intercept's complaint did not include "the factual specificity supporting The Intercept's § 1202(b)(1) claim against OpenAI (e.g., . . . the examples of regurgitations)." Order at 25. By contrast, Plaintiffs' Complaints contain specific examples of output of Plaintiffs' articles from Microsoft's Copilot product with Plaintiffs' CMI removed. *See, e.g.*, *Daily News* Compl. ¶¶ 165 (citing example output "containing the entire text of [a] New York *Daily News* article"), 168 (citing example output that "expressly encourages an end-user to republish a copy of a New York *Daily News* article"); *see al*so *The New York Times* First Am. Compl. ¶¶ 112, 115.

Finally, Judge Rakoff dismissed The Intercept's Section 1202(b)(3) claims against both Microsoft and OpenAI because the complaint "includes no factual support for its allegation that Microsoft and OpenAI distributed its articles"—or more specifically, that Microsoft shared copies

3

of The Intercept's articles without CMI with the OpenAI defendants, or vice versa. Order at 26. By contrast, Plaintiffs allege Section 1202(b)(3) claims based on the output from Defendants' products of Plaintiffs' articles with the CMI removed. *See, e.g.*, *Daily News* Compl. ¶¶ 165, 168 and Exhibit J; *The New York Times* First Am. Compl. ¶¶ 112, 115, 118, and Exhibit J. The Order does not address this theory of liability under Section 1202(b)(3) because The Intercept did not plead it.

Dated: February 21, 2025              */s/ Ian Crosby*

Ian Crosby *(pro hac vice)*
Genevieve Vose Wallace *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)
Ellie Dupler *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001

Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

*/s/ Steven Lieberman*
Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker *(pro hac vice)*
Jenny L. Colgate *(pro hac vice)*
Michael Jones *(pro hac vice)*
Mark Rawls *(pro hac vice)*
Kristen J. Logan *(pro hac vice)*
Bryan B. Thompson (6004147)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
mjones@rothwellfigg.com
mrawls@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com

Jeffrey A. Lindenbaum (JL1971)
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
3 Manhattanville Road, Suite 105
Purchase, New York 10577
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
jlindenbaum@rothwellfigg.com

*Attorneys for Plaintiffs*
*Daily News, LP; The Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury-News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest Publications, LLC*