# EXHIBIT 2

| | |
|---|---|
| **From:** | Alex Frawley |
| **To:** | Christopher S. Sun; KVP-OAI; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com |
| **Cc:** | NYT-AI-SG-Service@simplelists.susmangodfrey.com; dailynews-ai-rfem@rothwellfigg.com; ai@loevy.com; NewYorkTimes_Microsoft_OHS; #NewYorkTimes-Microsoft-FDBR |
| **Subject:** | RE: NYT v. Microsoft et al. |
| **Date:** | Monday, March 31, 2025 7:14:00 PM |

Hi Chris,

The parties' communications about this dispute speak for themselves. We have been seeking these documents since November, and we have discussed our request on four different video calls since then. As I noted below, your colleague even confirmed that OpenAI agrees the parties have reached an impasse and that further court intervention is warranted.

We disagree that we have not answered your questions. As for relevance (and setting aside the many pre-January hearing communications, briefing, and oral argument), my January 28 and February 7 emails described our relevance arguments, including by citing many cases. As for which documents are missing, as we have said numerous times, we don't have the information we are seeking, which makes sense given OpenAI's refusal to produce financial projections and materials provided to investors about OpenAI's financial projections and valuation. As for how you previously misconstrued our request, the question is now somewhat outdated because we have narrowed our request. I'll note your email below does not even try to engage with our new proposal. In any event, you said on February 4 that we are asking for any document that "merely reference[s] financial information." That was not true then, and it is certainly not true now, given our very narrow request below. Relatedly, we are confused by your complaints about an alleged delay given OpenAI's prior agreement that the parties remained at an impasse and given OpenAI's refusal to produce the requested information, as memorialized in numerous emails. If you wanted to make a compromise proposal, you could have made one and yet have chosen to stand on your objections.

Most importantly, since the January conference, we have now made three different compromise proposals to resolve the dispute, each time narrowing our request. OpenAI has made zero proposals, and still refuses to produce any documents in response to the request. The parties long ago reached an impasse, and your response below makes clear the parties remain at impasse.

Best,
Alex

**From:** Christopher S. Sun <CSun@keker.com>
**Sent:** Friday, March 28, 2025 2:07 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com

**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; dailynews-ai-rfem@rothwellfigg.com; ai@loevy.com; NewYorkTimes_Microsoft_OHS <NewYorkTimes_Microsoft_OHS@orrick.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email
Hi Alex,

Your email below does an admirable job trying to paint a generous picture of the parties' meet and confer efforts to date. Unfortunately, the picture is inaccurate and woefully incomplete.

I notice, for example, that this email starts a new thread instead of responding on the existing thread we had previously been using to confer about these topics—a curious choice given that your email makes much ado about the parties' previous negotiations, which presumably would have been reflected in that prior thread.

I imagine you've abandoned the previous thread because it reflects that OpenAI sent the most recent correspondence on this dispute a month and a half ago. In that correspondence, we asked Plaintiffs to provide guidance on a number of different issues to move the ball forward and offered to continue meeting and conferring with The Times to reach a compromise. In case you have literally lost the thread, I've attached it and copied my most recent correspondence in full below:

> Hi Alex,
>
> I do think that we have a disagreement about Plaintiffs' request for projections and valuations. But I don't know that it's as straightforward as: you want them, we won't give them to you. I think the deeper problem is that we haven't heard an adequate explanation regarding what you want them for and why the information we have offered to produce is inadequate. For example, you previously tried to justify the request for projections as being relevant to the commercial nature of OpenAI's products and services. But I already offered to discuss agreeing to conduct a reasonable search for documents about the commercialization of OpenAI's products and services—to the extent OpenAI has not already agreed to produce such documents—in an attempt to resolve this dispute and inquired why projections would be uniquely relevant to that issue specifically. I still haven't heard back from you on that.
>
> Plaintiffs have generally just been asserting that projections/valuations are relevant to damages while refusing to say how or why the financial information OpenAI has already produced to date is inadequate. If you can explain how you think these documents might be useful, it will help us potentially brainstorm alternative ways to get at the same information or a narrower scope of production. And if you're unwilling to provide that information, that would also be helpful to know.
>
> That same issue is affecting your demand for the secondary category of documents. At the outset, can you explain what was wrong about my characterization? If we are

> misunderstanding something, I need to know that to help move these negotiations forward. I'd appreciate it if you would tell me what I'm getting wrong.
>
> I also appreciate your suggestion of a limited production of materials provided to investors. But the offer still doesn't address my underlying concern. You're still demanding production of a broad category of documents without regard to what information they might contain. As I noted in my prior email, "I think it would be more efficient if you told us what, precisely, you are trying to learn from these documents that wouldn't be found in the documents OpenAI has already agreed to produce. If there are questions you are trying to answer, we should discuss. I think that would be a more fruitful path to a potential compromise." Is there any such question?
>
> To lay my cards on the table, absent an explanation for what substantive information you're requesting, it seems like you don't have any particular reason for wanting these materials other than speculation that they might contain helpful information without knowing what information, specifically, they might contain and whether that information is relevant and non-duplicative. That feels awfully close to a fishing expedition. Indeed, it feels like you're asking for "pitch documents provided to MGX, Thrive Capital, and Tiger Global" because you need those documents to figure out what it is you are looking for so that you can then demand further documents. If that is what you're doing, it's not proper.
>
> I again reiterate my offer to discuss performing a reasonable search for documents discussing specific and relevant substantive issues that you don't think are covered by OpenAI's existing offers.
>
> Chris

Until receiving your most recent email, we had heard nothing from you since I sent the above email on February 14, 2025.

What's even more troubling than this long period of silence is the fact that, despite dragging your feet for a month and a half, you are still ignoring our questions—even when they concern basic inquiries that would be addressed in any good faith meet and confer. For example, your previous email stated that you "d[id]n't agree with [my] characterization of [The Times'] requests." Frawley 2/7/25 Email. I then asked (in the above email), "can you explain what was wrong about my characterization? If we are misunderstanding something, I need to know that to help move these negotiations forward." Sun 2/14/25 Email. Somehow, you still haven't responded to that question. This is basic stuff. As another example, you continue to demand documents that discuss OpenAI's financials without explaining what relevant information you are hoping those documents contain that wouldn't be available from the documents OpenAI has already produced or agreed to produce.

I don't see how you could possibly consider this conferral history to qualify as a good faith meet and confer. Indeed, we are neither "meeting" nor "conferring." You're just talking at me without engaging with my prior correspondence or answering my questions. That conduct certainly isn't sufficient to satisfy the order your own email cites, which advises that "[g]oing forward, any 'dispute'

where the parties have not fully attempted to, in good faith, meet and confer and, after meeting and conferring, jointly determined that an application to the Court must be made to come to a resolution, including the disputes above that the Court has denied as premature, should not be included in the parties' joint dispute chart. Any motions filed related to such 'disputes' may also be denied outright." DKt. 441 at 5. To state the obvious, waiting a month and a half to respond to correspondence and then resurfacing only to ignore the parties' prior correspondence and threaten to file a motion to compel if we don't agree to your demands in the next few days is not a good faith meet and confer. I'm hoping we can still reach a compromise but, to get there, I need to understand what relevant questions you are hoping the requested documents will answer, so I can figure out if there's an appropriate, efficient, and acceptable way to get those answers for you.

As I noted in my prior email, if you are refusing to answer my outstanding questions, that would be helpful to know. Without such a representation, however, I don't believe we can fairly conclude we've reached impasse as there is obviously more to discuss.

Chris

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Tuesday, March 25, 2025 1:53 PM
**To:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; dailynews-ai-rfem@rothwellfigg.com; ai@loevy.com; NewYorkTimes_Microsoft_OHS <NewYorkTimes_Microsoft_OHS@orrick.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>
**Subject:** NYT v. Microsoft et al.

**[EXTERNAL]**

Counsel for OpenAI:

We write concerning the motion to compel we filed in advance of the January 2025 discovery conference, which sought documents concerning OpenAI's financial projections, valuation documents, and financial presentations. Dkt. 398. The Court's post-conference order directed the parties to "meet and confer regarding the production of documents sought." Dkt. 441 at 3. The parties did so, including through emails exchanged on January 28, February 4, February 7, February 10, February 12, and February 14. The parties also on February 4 held a video call to discuss this dispute.  These communications followed prior meet-and-confer efforts in advance of the January 2025 discovery conference, including calls on January 13, January 3, and November 18, and emails exchanged on January 13, January 8, and November 18.

These many meet-and-confers demonstrate the parties were at an impasse before the January 2025 conference, and that the parties remain at an impasse now.

Indeed, OpenAI on February 10 accurately pointed out that, during the February 4 call, "the parties agreed to bring this dispute to the Court again to clarify the Court's prior guidance." Feb. 10, 2017 Email from M. Levy. Notwithstanding the clear impasse, we wanted to try one more time to resolve this dispute in advance of the April 10 conference.

Our January 28 email described the documents and information we are seeking, explained why we seek this information, and cited cases to support our request. Our February 7 email included a revised and narrowed proposal. We now have an even further narrowed proposal. Specifically, OpenAI should produce: (1) documents reflecting internal evaluations of OpenAI's anticipated profits and OpenAI's valuation, and (2) documents provided to the following OpenAI investors that discuss OpenAI's anticipated profits and valuation: Microsoft, MGX, Thrive Capital, and Tiger Global. For Microsoft, OpenAI should produce responsive documents related to Microsoft's 2019 investment of $1 billion, 2021 investment of $2 billion, and 2023 investment of $10 billion. *See* https://medium.com/@DiscoverLevine/a-timeline-of-openais-technology-funding-and-history-c91cbc071a85.

The above proposal will resolve the non-custodial aspect of the dispute. As for custodial documents, the parties have already agreed upon all search terms. We can clarify that we are not asking OpenAI to run any additional search terms as part of this agreement. Rather, OpenAI should simply produce responsive documents it finds through the already agreed upon search terms. To clarify, the RFPs at issue are RFPs 67, 70, 99, and 100 (as detailed in our January 13 motion to compel, Dkt. 392).

Please let us know if OpenAI agrees to our proposal. Otherwise, The Times will renew its motion to compel in advance of the April 10 conference. We can be available for a call to discuss.

Best,

Alex

**Alexander P. Frawley | Susman Godfrey LLP**
One Manhattan West, 50th Floor | New York, NY 10001
212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com