# EXHIBIT 5

|  |  |
|---|---|
| **From:** | Sarah Salomon |
| **To:** | Adnan Muttalib; Michael K. Deamer |
| **Cc:** | NYT-AI-SG-Service@simplelists.susmangodfrey.com; #Microsoft.NYClassAction.FDBR; NewYorkTimes_Microsoft_OHS@orrick.com; dailynews-ai-rfem@rothwellfigg.com; KVP-OAI; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright |
| **Subject:** | RE: NYT v. Microsoft, et al. - Date Range for Custodial Collections |
| **Date:** | Monday, March 31, 2025 10:34:40 AM |

Adnan,

We are disappointed that the Times has rejected our offer, yet again, without providing clear information regarding burden or your compromise proposal. Your email below does not even make clear that the "million messages" stored in Google Mail belong to the six custodians at issue. Nor have you provided hit counts that would reflect the actual review burden—something the Times should be able to do using Google Vault. As for Slack, to clarify, we have never said that Slack data is maintained within Google Workspaces. We reject your claim that the fact that the Times had technical difficulties with Slack—difficulties that you claim have since been resolved with an overlay—per se establishes burden.

The parties have been meeting and conferring over this issue for months, to no avail. We will be raising the issue with Judge Wang.

Thanks,

**Sarah Salomon**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8828 direct | 415 391 5400 main
ssalomon@keker.com | vcard | keker.com

**From:** Adnan Muttalib
**Sent:** Friday, March 28, 2025 8:00 PM
**To:** Michael K. Deamer ; Sarah Salomon
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; #Microsoft.NYClassAction.FDBR ; NewYorkTimes_Microsoft_OHS@orrick.com; dailynews-ai-rfem@rothwellfigg.com; KVP-OAI ; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright
**Subject:** RE: NYT v. Microsoft, et al. - Date Range for Custodial Collections

**[EXTERNAL]**

Michael,

We have looked into your request and determined that the associated burden is significant. As an initial matter, Slack data is not stored in Google Vault. Accordingly, your representation that Google Vault should "allow for [the] easy and routine collection" of Slack data has no basis. Indeed, given the many complications that Slack collection has already posed, it is evident that such a request is unduly burdensome. Accordingly, we will not produce Slack data dating back to 2018.

With respect to your request for Google Vault data, we have determined that more than a million messages are stored in Google Mail. This does not include the additional Google Drive and Shared Drive Data that you are requesting. Accordingly, your request to collect such data clearly poses a substantial burden that is simply not justified by the issues in this case. If there is a narrow set of

targeted search terms that you want us to run against this data for an expanded date range, let us know what that is and we can determine the burden of doing so.

Best,

Adnan

Adnan Muttalib

Associate | Susman Godfrey L.L.P.

amuttalib@susmangodfrey.com

Office: (310) 789-3181

Cell: (310) 989-0800

Not admitted in California. Practicing under the supervision of the partnership of Susman Godfrey LLP.

**From:** Michael K. Deamer <MDeamer@keker.com>
**Sent:** Thursday, March 27, 2025 3:05 PM
**To:** Adnan Muttalib <AMuttalib@susmangodfrey.com>; Sarah Salomon <SSalomon@keker.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com; dailynews-ai-rfem@rothwellfigg.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: NYT v. Microsoft, et al. - Date Range for Custodial Collections

EXTERNAL Email

Adnan,

Although we have been conferring about this issue since the last hearing, you still have not explained the discrepancies between the representations the Times has made regarding burden to the Court and Mr. Mandel's testimony about the Times's document collection systems and processes. Nevertheless, we appreciate your efforts to reach compromise on this issue. If the Times will agree to expand its collection for the six custodians in Ms. Salomon's March 21 email, below, for Google Vault **and** Slack collection, we will agree not to seek collection back to 2018 for any other custodians in the Times's current set. To the extent the Times is ordered to add additional custodians, OpenAI reserves the right to seek collection back to 2018 for those custodians. To be clear, this deal applies to the custodial data the Times is pulling for purposes of running search terms. To the extent that the Times is conducting independent, targeted searches for documents that predate 2022, this deal doesn't relieve them of their responsibility to obtain such documents from the custodians or employees who have them.

Please let us know if we have agreement by tomorrow.

Thanks,

Michael

**Michael K. Deamer**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
4157736677 direct | 415 391 5400 main
mdeamer@keker.com | vcard | keker.com

**From:** Adnan Muttalib <AMuttalib@susmangodfrey.com>

**Sent:** Tuesday, March 25, 2025 10:14 PM
**To:** Sarah Salomon <SSalomon@keker.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com; dailynews-ai-rfem@rothwellfigg.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: NYT v. Microsoft, et al. - Date Range for Custodial Collections

**[EXTERNAL]**

Counsel,

Although you are correct that The Times employs Google Vault, we disagree with your characterization that it "allows for [the] easy and routine collection of documents." As with any collection—especially one that seeks to expand the date range by four years—there is a significant burden associated with such a request. Nonetheless, in an effort to resolve this issue without motion practice, The Times is considering your proposal with respect to these six custodians. In exchange, we want to confirm that OpenAI will agree not (1) to seek any further collections dating back to 2018 nor (2) add any additional custodians to this Google Vault request.

Best,

Adnan

Adnan Muttalib

Associate | Susman Godfrey L.L.P.

amuttalib@susmangodfrey.com

Office: (310) 789-3181

Cell: (310) 989-0800

Not admitted in California. Practicing under the supervision of the partnership of Susman Godfrey LLP.

**From:** Sarah Salomon <SSalomon@keker.com>
**Sent:** Friday, March 21, 2025 12:37 PM
**To:** Adnan Muttalib <AMuttalib@susmangodfrey.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com; dailynews-ai-rfem@rothwellfigg.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** NYT v. Microsoft, et al. - Date Range for Custodial Collections

EXTERNAL Email

Adnan,

We have considered your proposal that the Times run "targeted" search terms across the email files of certain custodians in lieu of more broadly expanding the date range on your custodial collection. Unfortunately, we cannot accept this proposal. At the last hearing, the Times represented to the Court that it had significant technological limitations on its ability to collect documents and provide hit counts. Your Rule 30(b)(6) custodian directly contradicted this account, confirming that the Times uses Google Vault for its Google Workspaces collection—a standard e-discovery tool that allows for easy and routine collection of documents. In our subsequent meet and confers, you have never explained the discrepancy between the Times's representations in court and in its Rule 30(b)(6)

testimony, nor have you substantiated your vague burden objections to expanding the date range for your custodial collection. Nevertheless, OpenAI will agree to resolve this issue without motion practice if the Times will agree to collect Google Workspaces and Slack data for the following custodians back to 2018, and run the agreed-upon search terms for each:

1. AG Sulzberger
2. Meredith Levien
3. William Bardeen
4. Greg Miller
5. Alex Hardiman (back to 2019, when she started at the Times)
6. David Perpich

Please let us know by March 25 if you agree to this proposal. If you do not, OpenAI considers the parties at an impasse and will plan to renew its previous motion on this issue for the April 10 hearing.

**Sarah Salomon**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8828 direct | 415 391 5400 main
ssalomon@keker.com | vcard | keker.com