# EXHIBIT 7

OC3AAut1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

AUTHORS GUILD, *et al.*,

        Plaintiffs,

        v.                        23 Civ. 8292 (SHS)(OTW)

OPENAI, INC., *et al.*,

                              Conference

        Defendants.
------------------------------x
                              New York, N.Y.
                              December 3, 2024
                              9:47 a.m.

Before:

                  HON. ONA T. WANG,

                              U.S. Magistrate Judge

                  APPEARANCES
SUSMAN GODFREY LLP
     Interim Class Counsel for Authors Guild and Alter Class
Actions
BY:  ROHIT NATH
     CHARLOTTE LEPIC
     JORDAN CONNORS
     ALEJANDRA SALINAS
     AMBER MCGEE
     J. CRAIG SMYSER

SUSMAN GODFREY LLP
     Attorneys for The New York Times
BY:  KATHERINE PEASLEE
     ZACH SAVAGE
     ALEXANDER P. FRAWLEY

ROTHWELL FIGG
     Attorneys for New York Times and Daily News
BY:  JENNIFER MAISEL
     KRISTEN LOGAN

OC3AAut1

|    |                                                                                    |
|----|------------------------------------------------------------------------------------|
| 1  | provide that weren't at issue.  Right?  And is it from those                       |
| 2  | documents that you're seeing that these people are involved?                       |
| 3  |             MS. SALOMON:  That's correct, your Honor.                              |
| 4  |             THE COURT:  All right.  But they weren't custodians --                 |
| 5  | I mean, I guess the argument cuts both ways because if you got                     |
| 6  | the documents that referenced these people and suggested that                      |
| 7  | these people would have information, and you got them from --                      |
| 8  | not these people as custodians, then that shifts in one                            |
| 9  | direction toward maybe they don't have unique documents.                           |
| 10 |             MS. SALOMON:  Sure, your Honor.                                        |
| 11 |             THE COURT:  At the same time.                                          |
| 12 |             MS. SALOMON:  I take your point.  I think that at this                 |
| 13 | stage, the best thing to do would be exactly what OpenAI has                       |
| 14 | had to do vis-a-vis its eight -- or maybe that number has since                    |
| 15 | grown -- custodians is provide the hit counts as across our                        |
| 16 | current search terms.  And if it reflects duplicativeness,                         |
| 17 | that's one thing, but we just don't have that information yet.                     |
| 18 |             THE COURT:  Okay.  So has New York Times provided the                  |
| 19 | hit counts?  Do you have the hit counts for these four proposed                    |
| 20 | custodians?                                                                        |
| 21 |             MS. PEASLEE:  Sure.  Katherine Peaslee from Susman                     |
| 22 | Godfrey for The New York Times.  ==We have not provided hit==                      |
| 23 | ==counts from these custodians, your Honor, because in order to==                  |
| 24 | ==provide the hit counts, we have to first collect those==                         |
| 25 | ==documents, which for The New York Times is actually a fairly==                   |

1    slow and cumbersome process.  And because we don't believe that

2    these custodians have any non-duplicative documents and we've

3    not heard any other reasons from OpenAI for us to think

4    otherwise.  We have not taken the steps of collecting them.  We

5    are preserving their documents.  But we just don't see a basis

6    for collecting documents from custodians who will be

7    duplicative.

8              Exactly to your point, your Honor, the reason they

9    know about these custodians is because they appear on documents

10   that have already been produced.  And we've laid out in the

11   response the reasons why custodians we have agreed to,

12   including ones we've more recently added, are better sources

13   for these documents.  Certainly equally good sources for the

14   documents they're seeking anyway.

15             I will say particularly with respect to Sam Dolnick,

16   OpenAI has said they need his documents because he has a

17   broader focus on the impact of GenAI on the Newsroom.  Putting

18   aside the fact that we disagree he would have non-duplicative

19   documents on that point, that's also an area of discovery that

20   is not at issue in this case, per your Honor's order on the

21   22nd.  So we think that knocks that one out.

22             THE COURT:  I mean, to be fair, that motion was --

23   that motion was filed before I issued ECF 344.  So I guess what

24   I'm trying to understand is in light of what I said in ECF 344,

25   is there a narrower scope?  And what else do you have that

1              THE COURT:  Okay.  So maybe my question is for
2     Ms. Peaslee because my sort of ultimate thing to go to is how
3     long is it going to take to run, you know, collect and run and
4     provide hit counts of non-duplicative documents?
5              MS. PEASLEE:  Sure, your Honor.
6              So The Times could do that in a couple of weeks I
7     believe.  But what I will say is that there are other
8     custodians we have agreed to add.  ==And that's relevant because==
9     ==in order for us to collect documents from these individuals and==
10    ==run search terms, we will have to pause the process of==
11    ==collecting documents from the ones we have agreed to.==  There's
12    one person internal at The Times who does the collection
13    process and gets those to us.  And so it's just going to slow
14    down the discovery that we have agreed to and that the parties
15    are cooperating on.
16             So that's a factor to take into consideration.  And,
17    again, we just don't think that it's warranted in this case
18    because there's nothing that OpenAI has pointed to suggest
19    these additional custodians are necessary.
20             MS. SALOMON:  Your Honor.
21             THE COURT:  What are the other custodians you've
22    agreed to add?  How many are they?
23             MS. PEASLEE:  I believe there are ten recent
24    custodians, and I can point to the ones that we think are
25    relevant to the ones they've asked for.  For instance, for