

March 31, 2025

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

cc: All Counsel of Record (via ECF)

**Re:** *Discovery dispute concerning The Times's document custodians*

Dear Judge Wang:

OpenAI requests a pre-motion conference to address The New York Times's refusal to produce documents from proposed custodians David Rubin, Michael Greenspon, and Sam Dolnick. OpenAI first sought documents from these individuals in early November 2024. Over the last five months, The Times promised that forthcoming productions from existing custodians would render Messrs. Rubin, Greenspon, and Dolnick duplicative. However, OpenAI's review of The Times's ensuing productions has only confirmed that these individuals each possess unique, highly relevant, and nonduplicative documents, and OpenAI therefore reasserts its request to add them as custodians.

1. **The dispute over the proposed ESI custodians is ripe for resolution.**

OpenAI initially raised The Times's refusal to add these ESI custodians in November 2024. *See* ECF 316. In opposition, The Times argued that its "existing custodians [were] well-positioned to address each of the topics that OpenAI invokes." ECF 330 at 1. At the December 3 hearing, The Times noted it had recently added ten new custodians, which it asserted would resolve the dispute and render OpenAI's requested custodians duplicative. Ex. 1 (12/3/24 Hr'g. Tr. 39:21-40:5). The Court instructed the parties to continue to meet and confer on the custodial issue, and gave the same directive again at the January 22 hearing. *Id.* 42:10–25; Ex. 12 (1/22/25 Hr'g Tr. 60:20–61:7). Another two-and-a-half months have now passed, but the calendar is the only thing that has advanced. Significant gaps persist in The Times's production, which The Times represents is near complete, for which productions from these custodians are necessary to fill.

2. **The Times's productions since January demonstrate that Rubin, Greenspon, and Dolnick likely possess uniquely relevant, nonduplicative documents.**

**David Rubin**. Rubin is the Chief Brand and Communications Officer of the New York Times and Publisher of Wirecutter. He oversaw the incorporation of The Athletic into The Times's portfolio.[1] ███████████████████████████████████████ The Times readily concedes that Rubin is likely to have responsive documents related to "The Times's brand, reputation, and trademark," but has asserted that Rubin's documents on these subjects would be duplicative of productions

---

[1] *See* Ex. 3 (CMO Insights interview with Rubin addressing The Athletic).

1

2891403

from Weisenbach, Bardeen, Miller, Grossman-Cohen, Poferl, Frumin, Han, and Perpich. *See* ECF 330 at 1–2. But The Times's productions reflect otherwise: of the 14,564 documents The Times has produced from these eight custodians, only 281 are emails from or that include Rubin (1.9%). If these custodians truly rendered Rubin duplicative, then their custodial documents would be more coextensive with his.

The reason there is not significant overlap is clear—Rubin's role differs from those of existing custodians such that he possesses uniquely relevant, nonduplicative documents. For example, like Rubin, Frumin and Han are also affiliated with Wirecutter. The Times has produced ▇▇▇▇▇▇. But the Times has not ▇▇▇▇▇▇, which indicates it was in neither Frumin nor Han's files. *See* Ex. 4 (NYT_00706693).

Both the lack of overlap between Rubin and other custodians and the relevance of the limited number of documents that feature Rubin indicate "there are unique responsive documents being missed in the current search scheme that would justify the inclusion of additional custodians." *Blackrock Allocation Target Shares: Series S Portfolio v. Bank of New York Mellon*, 14 Civ. 9372 (GBD)(HBP), 2018 WL 2215510, at *9 (S.D.N.Y. May 15, 2018) (quotation omitted).

**Michael Greenspon**. Greenspon is the Global Head of Licensing and Print Innovation. Here too, The Times previously conceded that Greenspon is likely to have responsive documents regarding "licensing and the market for Times works," ECF 330 at 2, but has argued that Greenspon's documents would be duplicative of documents relating to licensing negotiation and the licensing market from custodians Grossman-Cohen, Felix, Miller, and Yang. *Id.* They are not. Similar to Rubin, only 115 of the 12,441 documents produced by The Times from these four current custodians are emails to or from Greenspon (0.92%).

Given the lack of overlap, The Times has taken a different tack in recent meet and confers, now claiming that it has *no obligation* to produce documents related to its non-generative AI licensing markets, given the Court's ruling that it need not produce negotiations related to "licensing the asserted works in its primary licensing market." ECF 310; ECF 352. The Times overreads the Court's previous order. The Court certainly did not relieve The Times of its burden of producing documents related to its allegations of harm (*e.g.*, RFPs 26, 93), including harm to its traditional, likely to be exploited markets for the Asserted Works. *See* Exs. 5, 6; *see also Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 930 (2d Cir. 1994). Greenspon is also likely to have documents responsive to RFPs that were not implicated by that order at all. *See* Exs. 6, 7 (RFPs 72, 199) (▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇).

Notably, The Times has only designated one other custodian—Miller—from its licensing group. But Miller's focus is narrower than Greenspon's. *See* ECF 316-6. Greenspon is the head of licensing, ▇▇▇▇▇▇▇▇▇▇▇▇. *See, e.g.*, Ex. 8 (NYT_00738174); Ex. 9 (NYT_00699880). Miller is no substitute for him, and Greenspon should be added as a custodian.

2

2891403

**Sam Dolnick**. Dolnick, The Times's Deputy Managing Editor,  Ex. 9 (NYT_00699880). The Times says that documents possessed by Dolnick regarding OpenAI's impact on its journalism would be duplicative of documents from preexisting custodians Sulzberger, Poferl, Seward, and Hardiman. ECF 330 at 3. But despite The Times's representations, only 549 of Dolnick's emails were captured by these individuals' custodial productions, which totaled 12,324 documents (4.5%).

The Times has also suggested that  *See, e.g.*, Ex. 10 (NYT_00098755) ; Ex. 11 (NYT_00706399)

Finally, any attempt by The Times to assert the reporter's privilege over Dolnick's documents would be inapposite. OpenAI is not seeking Dolnick's communications regarding specific articles or confidential sources, but rather his business-level communications. *See In re Search Warrant Executed on Nov. 5, 2021*, No. 21 MISC. 813 (AT), 2023 WL 3005726, at *6 (S.D.N.Y. Mar. 21, 2023) ("[N]ot every document in a reporter's possession is material subject to the qualified journalist's privilege. The information must be 'gathered in a journalistic investigation' for the privilege to apply.").

### 3. Any burden argument from The Times is meritless.

In prior briefing, The Times has argued that additional custodians would present an undue burden. To the extent that The Times decides to raise the specter of burden again, any such argument is unavailing.

The Times has claimed that "in order for us to collect documents from [new custodians] and run search terms, we will have to pause the process of collecting documents from the ones we have agreed to" and that "[t]here's one person internal at The Times who does the collection process." Ex. 1 (12/3/24 Hr'g. Tr. 39:5-19); *see also* Ex. 12 (1/22/25 Hr'g. Tr. 54:9-56:6) ("The Times is not . . . able, due to the software that it uses, to run search terms in the native environment."). However, Vault provides a variety of eDiscovery features that can be used to collect documents by custodian, date range, keyword, organizational unit, as well as run hit counts, all within the native environment.[2] The Times has refused to clarify the discrepancy between its previous representations and this testimony during the meet and confer discussions OpenAI has initiated since the January hearing. In light of the foregoing, OpenAI respectfully requests that its request for additional custodians be granted.

---

[2] *See* https://support.google.com/vault/answer/2462365; https://support.google.com/vault/answer/6161352; https://workspace.google.com/products/vault/.

2891403

Respectfully,

| KEKER, VAN NEST & PETERS LLP[3] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Andrew Bruns* <br> Andrew Bruns | */s/ Herman H. Yue* <br> Herman H. Yue | */s/ Rose S. Lee* <br> Rose S. Lee |

---

[3] All parties whose electronic signatures are included herein have consented to the filing of this document.