KEKER VAN NEST & PETERS           LATHAM & WATKINS LLP           MORRISON FOERSTER

April 3, 2025

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York

Re:   *The New York Times Co. v. Microsoft Corp. et al.*, No. 1:23-cv-11195
      Opposition to Motion to Compel re: Financial Documents (ECF #489)

Dear Judge Wang:

The Court should reject The Times' renewed demand for documents relating to OpenAI's financial projections and valuations because the documents are irrelevant and cumulative, and the request lacks legal support.

A.   **Courts have consistently rejected the discovery The Times demands here**

The law on this dispute is clear: the materials The Times seeks are not discoverable in copyright actions, particularly where, as here, the defendant has already produced comprehensive financial records. As one court put it, the plaintiff "is not entitled to a broad range of information about Defendant's financial status. . . . The only relevant information is financial records related to th[e] alleged infringement—**nothing more**." *Nuckles v. Wal-Mart Stores, Inc.*, 2007 WL 1546092, at *3 (E.D. Ark. May 25, 2007) (emphasis added).

As a result, courts—including in the parallel action in N.D. Cal.—have denied discovery into a copyright defendant's financial projections. *See* Ex. A, *In re ChatGPT*, Dkt. 247 at 2 (finding no basis for discovery into "projected income" given "OpenAI's production of documents related to actual income"); *Phoenix Techs., Ltd. v. Vmware, Inc.*, 2016 WL 5725044, at *2 (N.D. Cal. Sept. 30, 2016) (same). And they've done the same with respect to valuations. *Bluewater Music Servs. Corp. v. Spotify USA Inc.*, 2018 WL 10152456, at *7 (M.D. Tenn. July 10, 2018) ("Defendant's valuation, on its own, is not relevant to any party's claim or defense.").

The Times' demand for investor presentations that reference projections and valuations is further afield. Even if the Court were to contravene the above authority, that would, at most, merit producing the projections and valuations themselves, not presentations referencing them, which would be cumulative. Indeed, The Times has repeatedly failed to identify any other relevant, responsive, non-duplicative information they believe these presentations contain. *See* Dkts. 490-1, 490-2 (Pl.'s Exs. 2, 3). Unsurprisingly, courts have consistently rejected similar demands. *See* Ex. A at 2 (rejecting demand for various business documents relating to financial results); *Kaseberg v. Conaco, LLC*, 2016 WL 3997600, at *7–8 (S.D. Cal. July 26, 2016) (request for documents relating to annual net profits were "simply too broad to be relevant.").

Tellingly, The Times cannot identify a single case compelling production of what they seek. Indeed, only *two* of the cases cited in The Times' brief even concern discovery. And their only citation addressing discovery in a copyright case is inapposite, as discussed below.

B.   **The Times has not established that the requested materials are discoverable**

The Times asserts that documents showing OpenAI's financial projections and valuations are relevant to four issues. They are wrong.

**Damages**. As Judge Illman recently held, "damages in copyright actions are limited." Ex. A at 2. For that reason, he rejected plaintiffs' demand for OpenAI's financial projections as irrelevant to damages, *id.*, as other courts have done with respect to both projections and valuations. *Phoenix Techs. Ltd.*, 2016 WL 5725044, at *2 (rejecting that "projected sales data would be relevant to [plaintiff's] damages calculation"); *Bluewater Music Servs. Corp.*, 2018 WL 10152456, at *7 (same for valuation documents).

The Times' caselaw is inapposite and the two cases they rely on suffer from the same infirmity. Both address the purely legal question of whether a plaintiff is barred from claiming certain damages under United States Code § 504(b) **as a matter of law**. *See Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5175167, at *2 (W.D. La. Dec. 7, 2010); *Daily Palm, LLC v. Bird Rides, Inc.*, 2021 WL 6496853 (C.D. Cal. Oct. 18, 2021); *see also id.* No. CV 20-7411-DMG(Ex), Dkt. 29-1 at 12–27 (opposing motion to compel on grounds that valuations are not recoverable under § 504).[1] They therefore offer no helpful guidance in assessing whether The Times is entitled to the discovery they seek here. Even assuming The Times **might** be entitled to claim damages based on projections or valuations, to get discovery on that damages theory, they must first explain it—specifically, by identifying a causal nexus between OpenAI's future profits/valuation increase and the allegedly infringing conduct. Courts in this district (and elsewhere) routinely deny similar damages discovery in the absence of such an explanation. *See, e.g., Structured Asset Sales, LLC v. Sheeran*, 433 F. Supp. 3d 608, 612 (S.D.N.Y. 2020) (denying discovery because plaintiff had "not . . . "allege[d] facts adequate to state a causal relationship between the [infringing conduct] and those profits"); *see also Bell v. Taylor*, 827 F.3d 699, 710–11 (7th Cir. 2016) (same, because plaintiff did "not develop his argument to demonstrate how the tax returns would allow him to develop a causal nexus"); *Symbria, Inc. v. Callen*, 2022 WL 20507893, at *1 (N.D. Ill. Apr. 11, 2022) (requested document "irrelevant because it will not show whether, or how much of, its profits are attributable to the alleged infringement" (cleaned up)); *Compaq Computer Corp. v. Ergonome Inc.*, 2001 WL 34104827, at *2 (S.D. Tex. June 27, 2001) ("Ergonome is entitled to discovery only of Compaq's gross revenues that are *reasonably related* to the alleged infringement." (italics in original)).

While The Times hems and haws about the state of OpenAI's actual, **audited** financial results and speculates wildly about other financial information that **might** support a more generous damages amount, they have identified no such method of calculating damages. Indeed, when responding to an interrogatory requesting a description of how they were calculating their damages, The Times made no mention of OpenAI's future profits or valuation. *See* Ex. B. That's a particularly notable omission given that the entire purpose of such an interrogatory is to help define the proper bounds of discovery early in the case. *See Xinuos, Inc., v. IBM Corp.,* 2025 WL 663064, at *2 (S.D.N.Y. Feb. 28, 2025). The fact that OpenAI's lack of profit is inconvenient to The Times' damages case does not permit them to cast about for documents potentially supporting alternative, speculative damages theories they have never once identified.

---

[1] And even where discovery of valuations might be appropriate, The Times' own cases establish that such discovery would be limited. *Daily Palm,* LLC, No. CV 20-7411-DMG(Ex), Dkt. 29-1 at 12–27 (seeking documents establishing defendant's valuation at discrete points in time).

It is entirely unclear how financial projections and valuations *could* relate to The Times' damages claim. Consider The Times' demand for financial projections. If those prospective results did not encompass infringing conduct, then the results obviously aren't relevant. If they do somehow encompass infringing conduct, they wouldn't be a reliable measure of damages because they wouldn't account for any steps OpenAI might take in response to the (future) infringement finding that would be a necessary precondition for the damages award. *See Burns, M.D. v. Imagine Films Ent., Inc.*, 2001 WL 34059379, at *5 (W.D.N.Y. Aug. 23, 2001). In either case, the requested documents are irrelevant.[2]

**Commerciality.** Projections and valuations are also irrelevant to the commerciality element of fair use. That inquiry is narrow. As The Times concedes, it asks only "whether the allegedly infringing *use* is commercial." Dkt. 490 at 1 (emphasis added). Said differently, "[t]he question under [fair use] factor one is the purpose and character of the use, ***not of the alleged infringer***." *Byrne v. British Broad. Corp.*, 132 F. Supp. 2d 229, 234 (S.D.N.Y. 2001) (Stein, J.) (emphasis added). Nor does it matter that OpenAI earns income in other ways, even if that income relates indirectly to the infringing use. *See Hachette Book Grp., Inc. v. Internet Archive*, 115 F.4th 163, 186 (2d Cir. 2024). Accordingly, commerciality cannot serve as a basis to demand production of OpenAI's company-wide projections or valuation, particularly since OpenAI has already produced its financial records. *See In re ChatGPT*, Dkt. 247 at 2 (rejecting "[p]laintiffs' claim for [projections] under 'fair-use factor one'").

**Ability to Pay**. The Times asserts that projections and valuations are relevant to OpenAI's ability to pay for licenses. But The Times identifies no law for this assertion. The only case The Times cites, *Harper & Row Publishers v. Nat'l Enters.*, simply restates the standard for assessing commerciality under fair use factor one; it never mentions ability to pay. 471 U.S. 539, 562 (1985). Regardless, OpenAI has already produced its audited financial statements, which would address this issue.

**Willfulness.** The Times asserts that OpenAI's projections and valuations are relevant to showing an alleged motive to willfully infringe, but "one's motive to infringe does not bear on the willful nature of his infringement." *Compaq Comput. Corp.*, 2001 WL 34104827, at *1 (citing *Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1115 (2nd Cir.1986)). The two cases The Times cites don't say otherwise—they don't even concern copyrights. The first, *JAB Distribs., LLC v. London Luxury, LLC*, is a patent action addressing an accused product's ***historical*** profitability. 2010 WL 4008193, at *1 (N.D. Ill. Oct. 13, 2010). And OpenAI has produced its historical financial records. The second case, *Savoca v. U.S.*, addresses bias from a reward conditioned on a defendant's criminal conviction. 2013 WL 10054393, at *5 (S.D.N.Y. Mar. 18, 2013). It has nothing to do with this case, nor can The Times explain why they need ***OpenAI's*** projections and valuations to demonstrate similar bias for ***individual*** witnesses on the issue of copyright infringement.

---

[2] The Times tries to twist this argument into an admission that OpenAI's projections would "change for the worse" if OpenAI suffered an adverse judgment. Dkt. 490 at 3. This is a troubling mischaracterization—all the more so because OpenAI has previously clarified this point expressly when conferring with The Times. Dkt. 490-2 (Pl.'s Ex. 3 at 5).

2887370

Hon. Ona T. Wang
Page 4

Respectfully,

| KEKER, VAN NEST & PETERS LLP[3] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Christopher Sun*<br>Christopher Sun | */s/ Allison Blanco*<br>Allison Blanco | */s/ Rose S. Lee*<br>Rose S. Lee |

---

[3] All parties whose electronic signatures are included herein have consented to the filing of this document.

2887370