# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO OPENAI OPCO, LLC'S FIRST SET OF INTERROGATORIES (INTERROGATORY NO. 1)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff, The New York Times Company ("The Times") responds and objects to Defendant OpenAI OpCo, LLC's ("OpenAI OpCo") First Set of Interrogatories (the "Interrogatory"). These responses and objections are based on The Times's knowledge, investigations, and analysis to date. The Times reserves all rights to supplement and amend its responses and objections accordingly.

**GENERAL OBJECTIONS**

1.  The Times objects to the Interrogatory to the extent it seeks information subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2.  The Times objects to the Interrogatory to the extent it seeks information not within The Times's possession, custody, or control.

3. Any response is made subject to the terms of an anticipated protective order, which has not yet been entered and the parties are currently negotiating.

4. The Times's response is also subject to the following objections to the "Definitions" and "Instructions" provided with the Interrogatory.

5. The Times objects to the definitions of "Plaintiff," "You," and "Your" insofar as they include The Times's "managers"—a vague term that is at best duplicative to the term "employees," which is already part of the definitions. The Times also objects to these definitions because they include The Times's "parent companies," of which there are none. The Times further objects to these definitions as overbroad and unduly burdensome insofar as they include "any Person who served in any such capacity at any time," which among other things would apply to former employees of The Times. The Times further objections to these definitions as contrary to the definition of "Plaintiff" provided by Local Rule 26.3. The Times construes "Plaintiff" as that term is defined in Local Rule 26.3.

6. The Times objects to the definition of "Defendant" as vague and ambiguous because it includes "any defendant named in the Complaint" without specifying a particular defendant. The Times further objects to this definition because it includes defendants named in a "subsequent complaint" that does not yet exist, making the definition even more vague and ambiguous. In any event, the term "Defendant" appears nowhere in the Interrogatory.

7. The Times objects to the definition of "Complaint" insofar as it includes "any subsequent complaint" because only one Complaint has been filed in this case. The Times construes "Complaint" to refer to the Complaint filed in this case on December 27, 2023.

8. The Times objects to the definition of "Agent" as overbroad insofar as it applies to a person "asked" to assist with this litigation but not retained by The Times. The Times further

2

objects to this definition as unintelligible because it does not specify who "asked, hired, retained, or contracted" the agent. The Times construes "Agent" to mean a person retained by The Times to assist The Times in connection with this litigation.

9. The Times objects to the definition of "Employee" as illogical insofar as it includes people who are "not" compensated. The Times further objects to this definition as overbroad and unduly burdensome because it applies to "retired" and "former" employees as well as "trustees," "officers," and "directors." The Times further objects to this definition as vague and ambiguous insofar as it applies to "partners." The Times further objects to this definition as circular because it includes the term "employee" within the proposed definition, which shows the term does not need to be defined. The Times construes "Employee" to mean an employee.

10. The Times objects to the definition of "Asserted Work" as vague and ambiguous insofar as it includes "any additional work that may be listed on an amended complaint." No amended Complaint has been filed. The Times construes "Asserted Work" to mean any work listed in Exhibits A-I and K of the Complaint.

11. The Times objects to the "rule of construction" suggesting that "the use of a verb in any tense shall be construed as the use of that verb in all other tenses." The Times will respond to the Interrogatory as written.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

For each of the Asserted Works, describe in detail the computation of the amount of each type of monetary relief sought, including the amount of actual damages You claim to have suffered, the amount of Defendants' profits You seek to disgorge, and the amount of statutory damages You claim to be entitled to.

3

**RESPONSE TO NO. 1:**

The Times incorporates the General Objections set forth above. The Times further objects to this Interrogatory to the extent it calls for information beyond what The Times is required to provide under Local Rule 33.3.

Subject to these objections, The Times responds as follows: The Times seeks statutory damages, compensatory damages, restitution, disgorgement, and any other relief that may be permitted by law or equity. In particular, and without limitation, The Times is entitled to elect statutory damages of at least $750 and as much as $150,000 for each Asserted Work that Defendants copied in connection with their AI models and products. Computing damages at this stage is premature, including because those calculations may require expert analysis. The calculations may also rely on evidence to be produced by Defendants, including information about which Times works were used to train Defendants' infringing models, Defendants' revenues, and the volume of Times content that appeared in output generated by Defendants' models. The Times will supplement this response as appropriate as discovery unfolds.

Dated: April 8, 2024

                                           */s/ Ian Crosby*

                                           Ian Crosby *(admitted pro hac vice)*
                                           Genevieve Vose Wallace *(admitted pro hac vice)*
                                           Katherine M. Peaslee *(pro hac vice pending)*
                                           **SUSMAN GODFREY L.L.P.**
                                           401 Union Street, Suite 3000
                                           Seattle, WA 98101
                                           Telephone: (206) 516-3880
                                           Facsimile: (206) 516-3883
                                           icrosby@susmangodfrey.com
                                           gwallace@susmangodfrey.com
                                           kpeaslee@susmangodfrey.com

                                           Davida Brook *(admitted pro hac vice)*
                                           Emily K. Cronin (*admitted pro hac vice*)
                                           Ellie Dupler *(admitted pro hac vice)*

**SUSMAN GODFREY L.L.P.**
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings *(admission pending)*
**SUSMAN GODFREY L.L.P**.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(admitted pro hac vice)*
**ROTHWELL, FIGG, ERNST &
MANBECK, P.C.**
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*

5

*The New York Times Company*

*The New York Times Company*

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Susman Godfrey L.L.P., whose address is One Manhattan West, New York, NY 10001. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on April 8, 2024, I served a copy of:

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO OPENAI OPCO, LLC'S FIRST SET OF INTERROGATORIES (INTERROGATORY NO. 1)**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)(2)(E)]** by electronically mailing a true and correct copy through Susman Godfrey L.L.P.'s electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. Rule Civ. Proc. Rule 5(b)(2)(E).

☐ **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the offices of the addressee.

**See Attached Service list**

I declare under penalty of perjury that the following is true and correct.

Executed at New York, New York, this 8th day of April, 2024.

*/s/ Alexander Frawley*
Alexander Frawley

**SERVICE LIST**

OpenAICopyright@mofo.com

Joseph C. Gratz
Vera Ranieri
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-6066
Facsimile: (415) 268-7522
jgratz@mofo.com
Vranieri@mofo.com

Allyson R. Bennett
Rose S. Lee
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Abennett@mofo.com
RoseLee@mofo.com

*Attorneys for Defendants*
*OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, And OpenAI Holdings, LLC*

OpenAICopyrightLitigation.lwteam@lw.com

Andrew Gass
Joseph Richard Wetzel , Jr.,
LATHAM & WATKINS, LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Facsimile: (415)-395-8095
andrew.gass@lw.com
joe.wetzel@lw.com

Allison Levine Stillman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212)906-1200
Facsimile: 212-751-4864
alli.stillman@lw.com

Sarang Damle
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202)637-2200
Facsimile: 202-637-2201
sy.damle@lw.com

*Attorneys for Defendants*
*OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, And OpenAI Holdings, LLC*

| | |
|---|---|
| NewYorkTimes_Microsoft_OHS@orrick.com | MicrosoftNYClassActionFDBR@faegredrinker.com; |
| Annette L. Hurst<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>Telephone: (415)773-5700<br>Facsimile: (415)773-5759<br>ahurst@orrick.com | Jeffrey S. Jacobson<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 248-3191<br>jeffrey.jacobson@faegredrinker.com |
| Christopher J. Cariello<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 506-3778<br>Facsimile: (212) 506-5151<br>ccariello@orrick.com | Jared B. Briant<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>1144 15th Street, Suite 3400<br>Denver, Colorado 80202<br>Telephone (303) 607-3588<br>jared.briant@faegredrinker.com |
| ***Attorneys for Defendant***<br>***Microsoft Corporation*** | ***Attorneys for Defendant***<br>***Microsoft Corporation*** |