SUSMAN GODFREY L.L.P.

April 3, 2025

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

           Re:    *The New York Times Company v. Microsoft Corporation, et al.*,
                  No.: 23-cv-11195-SHS: Opposition to OpenAI's Motion to Compel, ECF 499

Dear Magistrate Judge Wang:

      At the January 22 conference, the Court made clear that it expected the parties to meet and confer further regarding OpenAI's request to add David Rubin, Michael Greenspon, and Sam Dolnick as custodians. Rather than doing so, and without any attempt to compromise or narrow the issues in dispute, OpenAI notified Plaintiffs on March 21 that The Times needed to "agree to add these custodians" or it would "raise the issue again at the April 10 hearing." Ex. 1 (3/21/25 Salomon email). After The Times provided a lengthy rationale for why the addition of these custodians was not proportionate to the needs of this case, OpenAI simply concluded that the parties were "at impasse with respect to these custodians" and indicated that it planned "to renew [its] motion." *Id.* (3/28/25 Salomon email).

      The three custodians OpenAI previously requested—on top of the 22 custodians already designated by The Times in this case—are no more appropriate now than they were in January. OpenAI repeatedly points to the limited number of documents from these specific individuals in The Times's existing productions as somehow proving that they have "uniquely relevant documents," rather than accepting the far more plausible explanation that these individuals do not appear on more of the documents from The Times's custodians because—as The Times has repeatedly explained—they are not the individuals most likely to be part of responsive exchanges. The Court should deny OpenAI's motion at ECF 499.

    **1.**  **<u>OpenAI Provides No Basis for Adding David Rubin.</u>**

      OpenAI once again misrepresents The Times's argument against adding Rubin, Greenspon, and Dolnick as custodians, claiming that "[i]n prior briefing," The Times's principal argument was "that additional custodians would present an undue burden." Dkt. 499 at 3. That is incorrect. The Times has twice argued that OpenAI has not demonstrated why the addition of these custodians is proportionate to the needs of the case given that The Times has designated numerous custodians with documents relevant to the discovery OpenAI claims to need. *See* ECF No. 330; ECF No. 393-5 (12/3 Hearing Tr.) at 37:1–21; ECF No. 409. Its renewed motion and the attached exhibits still fail to do so.

      OpenAI claims that David Rubin should be added because he "is the Chief Brand and Communications Officer of the New York Times and Publisher of Wirecutter [who] oversaw the incorporation of The Athletic into The Times's portfolio." Dkt. 499 at 1 (citing NYT_00692802). As an initial matter, The Times notes that David Rubin did not oversee "the incorporation of The

Athletic into The Times's portfolio." Instead, as the document that OpenAI cites makes clear, **custodian** David Perpich managed that integration. *See* NYT_00692802 (noting that David Perpich led The Times's "effort to acquire the Athletic"); *see also* https://www.nytco.com/person/david-perpich/ ("Mr. Perpich led the acquisition effort of the Athletic in 2021."). Otherwise, OpenAI seeks to add Rubin because (1) he has executive oversight over Wirecutter and (2) he is responsible for The Times's brand strategy. *See* Ex. 1 (3/21/25 Salomon email). However, The Times has already added the Wirecutter Editor-in-Chief, Ben Frumin, and the Wirecutter Executive Director of Commerce, Leilani Han, as custodians. These two custodians clearly exercise "executive oversight over Wirecutter."

Moreover, The Times already added the Chief Marketing Officer, Amy Weisenbach, the Executive Vice President and Chief Financial Officer, William Bardeen, and the Head of Audience and Chief Data Officer, Hannah Poferl. These three custodians are identified as the witnesses most knowledgeable about the harm to The Times's reputation for accuracy, originality, and quality—viz., exactly the discovery OpenAI claims to need from David Rubin. OpenAI has not shown that Mr. Rubin has superior knowledge on any of these issues. Nor can they, as Mr. Rubin's high-level role in overseeing brand strategy, subscriptions, advertising, licensing, books, film, television, commerce, and live events is too far attenuated to yield relevant discovery on the specific brand and reputation issues in this case. Far from proving his purported relevance, the limited number of documents he appears on underscores that as a high-level executive he is less, not more, likely to be involved in relevant exchanges. And OpenAI's claim that the fact that a presentation on which Mr. Rubin comments has not yet been produced shows "it was in neither Frumin nor Han's files" is incorrect. Dkt. 499 at 2. The cited presentation was collected but was undergoing privilege review, and is now queued for production—which The Times could have explained, had OpenAI asked. Accordingly, OpenAI's request to add David Rubin is not proportionate to the needs of this case.

    **2. OpenAI Provides No Basis for Adding Michael Greenspon.**

Next, OpenAI asserts that Michael Greenspon should be added because he likely has documents regarding The Times's non-AI licensing markets. *See* Dkt. 499 at 2. But the reason The Times has not produced documents about non-generative AI licensing deals is not due to a lack of custodians. Instead, it is because this Court has already held that The Times was not required to disclose "communications regarding licensing the asserted works in its primary licensing market, *i.e.*, for purposes other than LLM training." *Id.*; *see also* Dkt. 310. Accordingly, OpenAI is seeking communications that the Court has already ruled to be irrelevant.

In any event, The Times has already agreed to produce documents sufficient to show the key terms of relevant licenses (Gen AI and non-AI) from January 1, 2018, to the present, and is in the process of doing so following the parties' agreement on an OCEO designation last month. And, The Times has already designated several key individuals with knowledge about licensing negotiations and the licensing market. Specifically, all licensing work related to Gen AI was run through custodians Sam Felix—Vice President and Head of Platform Strategy and Strategic Generative AI Partnerships—and Rebecca Grossman-Cohen, Chief of Staff and Senior Vice President of Platform Strategy and Partnerships. Similarly, Greg Miller—the Executive Director of Business Development and Operations—works directly on both GenAI licensing and other

types of licenses, including for trademarks. And neither the single call invitation for a one-on-one call (Dkt. 499 Ex. 8) nor the email requesting "30 mins" to discuss "licensing and syndication's use of translation and editing tools" supports OpenAI's claim that "Times executive[s] routinely acknowledge" Greenspon "as setting The Times's overall licensing strategy." Dkt. 499 at 2. Thus, OpenAI's request to add Greenspon is not proportionate to the needs of this case.

### 3. OpenAI Provides No Basis for Adding Sam Dolnick.

Finally, OpenAI seeks to add Sam Dolnick—a deputy managing editor who oversees The Times's audio report, its work in film and television, and other such digital projects.

OpenAI claims that Dolnick is necessary because he is allegedly one of The Times's two AI leads—but ignores that the other purported lead, Chief Technology Officer Alex Hardiman, is a custodian. *See* Dkt. 499 at 3 (citing a June 20, 2023, email, for the alleged proposition that "Alex Hardiman and Sam Dolnick are leading a cross-company effort to wrap our arms around increasingly powerful generative artificial intelligence"). Furthermore, shortly after the June 20, 2023 email OpenAI cites, The Times began searching for a dedicated person to handle that work as it pertained to the newsroom, and subsequently hired **custodian** Zach Seward in November 2023 to lead what became the AI Initiatives program. With respect to other areas related to Gen AI, The Times's leads for Gen AI licensing are custodians Sam Felix and Rebecca Grossman-Cohen (as explained above) and the lead for AI products is custodian Alex Hardiman. Furthermore, The Times has added its Vice President for Strategy and Operations, Barrett Sheridan, who is responsible for managing Gen AI strategy. OpenAI has not demonstrated why these five custodians are insufficient.

### 4. Adding Three Additional Custodians is Disproportionate to the Needs of the Case.

OpenAI has consistently faulted The Times for raising legitimate burden concerns in response to OpenAI's unsupported requests for additional custodians, ignoring that the burden inquiry involves an assessment of proportionality: Is the burden imposed by the request proportional to the needs of the case? Fed. R. Civ. P. 26(b)(1). In this instance, it is not—especially when The Times has already designated 22 custodians.

The Times's representation that it cannot provide accurate hit counts absent collection is accurate: It cannot run OpenAI's complex terms and obtain hit counts, absent collection, across Drive data in the Google Workspace. OpenAI itself appears to acknowledge this by noting that Google Vault only allows for the searching of emails by "keyword." Dkt. 499 at 3. Similarly, The Times's ability to generate hit counts for Slack data is limited, due to platform UI issues which cause searches to time out where there is a significant volume of data. And, this burden is exacerbated by the fact that Google Drive and Slack data represent 25% of the total custodial data collected. Moreover, each additional custodian adds, on average, 687 gigabytes of data with the associated hosting costs of $1,200 per month and—if reviewed—cost of review. Indeed, it costs $46,000 to simply collect, process, and load each custodian's documents onto the document review platform. OpenAI has not offered a basis for requiring that additional cost in light of the custodians from whom The Times is already producing documents.

Respectfully submitted,

*/s/ Ian B. Crosby*
Ian B. Crosby
Susman Godfrey L.L.P.

*/s/ Steven Lieberman*
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck

cc:   All Counsel of Record (via ECF)