# EXHIBIT 1

| | |
|---|---|
| **From:** | Sarah Salomon |
| **To:** | Adnan Muttalib; Katy Peaslee |
| **Cc:** | NYT-AI-SG-Service@simplelists.susmangodfrey.com; #Microsoft.NYClassAction.FDBR; NewYorkTimes_Microsoft_OHS@orrick.com; dailynews-ai-rfem@rothwellfigg.com; KVP-OAI; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright |
| **Subject:** | RE: NYT v. Microsoft, et al. - Custodians |
| **Date:** | Friday, March 28, 2025 3:00:14 PM |

EXTERNAL Email

Adnan,

We are at impasse with respect to these custodians and plan to renew our motion.

Thanks,
Sarah

**Sarah Salomon**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8828 direct | 415 391 5400 main
ssalomon@keker.com | vcard | keker.com

**From:** Adnan Muttalib <AMuttalib@susmangodfrey.com>
**Sent:** Wednesday, March 26, 2025 1:53 AM
**To:** Sarah Salomon <SSalomon@keker.com>; Katy Peaslee <KPeaslee@susmangodfrey.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com; dailynews-ai-rfem@rothwellfigg.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: NYT v. Microsoft, et al. - Custodians

**[EXTERNAL]**

Sarah,

As we have previously explained, OpenAI has not demonstrated why the addition of these custodians is proportionate to the needs of this case. First, you claim that David Rubin should be added because he "has executive oversight over Wirecutter, and The Times has 'consolidated most of its revenue outside of subscriptions and advertising under him.'" However, The Times has already added the Wirecutter Editor-in Chief, Ben Frumin, and the Wirecutter Executive of Commerce, Leilani Han, as custodians. You have not demonstrated why these two custodians are insufficient to cover your requests relating to Wirecutter.

Your request to add Michael Greenspon is similarly unavailing. You claim that "[g]iven the paucity of documents [T]he Times has produced to date regarding its non-AI licensing markets, [Michael Greenspon] should be added." But the reason The Times has not produced

documents about non-generative AI licensing is not due to custodians. Instead, it is because the Court already denied your motion to compel these documents. *See* Dkt. 352. Specifically, Judge Wang held that The Times was not required to disclose "communications regarding licensing the asserted works in its primary licensing market, *i.e.*, for purposes other than LLM training." *Id.*; *see also* Dkt. 310. Furthermore, The Times has already agreed to produce documents sufficient to show the key terms of licenses (Gen AI and non-AI) from January 1, 2018, to the present, and can now do so following the parties' agreement on an OCEO designation last week.

Finally, with respect to Sam Dolnick, you claim that he is one of The Times's two AI leads. But shortly after the email you cite, The Times began searching for a dedicated person to handle that work as it pertains to the newsroom, and subsequently hired custodian Zach Seward to lead what became the AI Initiatives program. With respect to other areas, The Times's leads for Gen AI licensing are custodians Sam Felix and Rebecca Grossman-Cohen, who manage all relevant licensing work related to Gen AI. Furthermore, The Times's lead for AI products is custodian Alex Hardiman. You have not demonstrated why these four custodians are insufficient.

Accordingly, we will not add these three additional custodians.

Best,
Adnan

Adnan Muttalib
Associate | Susman Godfrey L.L.P.
amuttalib@susmangodfrey.com
Office: (310) 789-3181
Cell: (310) 989-0800
Not admitted in California. Practicing under the supervision of the partnership of Susman Godfrey LLP.

**From:** Sarah Salomon <SSalomon@keker.com>
**Sent:** Friday, March 21, 2025 2:56 PM
**To:** Adnan Muttalib <AMuttalib@susmangodfrey.com>; Katy Peaslee <KPeaslee@susmangodfrey.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com; dailynews-ai-rfem@rothwellfigg.com; KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** NYT v. Microsoft, et al. - Custodians

EXTERNAL Email
Counsel,

We write with respect to our previous motion to compel the Times to add custodians. Our review of the Times's production to date confirms that David Rubin, Michael Greenspon and Sam Dolnick are likely to have unique, responsive documents, and should be added as custodians. In addition to being responsible for the Times's brand strategy, Rubin has executive oversight over Wirecutter, and the Times has "consolidate[ed] most of [its] revenue outside of subscriptions and advertising under him." NYT_00692802. Given that central role, Rubin is likely to have unique, responsive documents regarding the traditional, or likely to be exploited markets for the Times works, and the Times's allegations of harm. As Global Head of Licensing, Michael Greenspon is also likely to have unique, responsive documents regarding these subjects. The Times designation of Greg Miller—its only custodian from the licensing group—is no substitute. Greenspon is the head of licensing, and the person Times executives routinely acknowledged as setting the Times's overall licensing strategy. *See, e.g.*, NYT_00738174 (5/22/23 invite for meeting between Greenspon and Hardiman regarding "Establishing GenAI Economic Terms."); NYT_00699880 (Outreach from Stephanie Preiss to Greenspon, as head of the Times's licensing business, regarding where there is "opportunity for AI tools, technology, and capabilities to meaningfully change how [Times] work is done."). Given the paucity of documents the Times has produced to date regarding its non-AI licensing markets, both these custodians should be added.

As for Sam Dolnick, he was tasked, along with Alex Hardiman, with the "cross-company effort to wrap [the Times] arms around increasingly powerful generative artificial intelligence." *Id*. Although we do not concede that the Times's production regarding its use of Generative AI should be limited to its use "in reporting or presenting content," Dolnick, as Deputy Managing Editor and one of the Times's two AI leads, would be the core custodian for even that more limited production.

Please let us know by Wednesday, March 26 if you will agree to add these custodians. If not, we will raise the issue again at the April 10 hearing.

**Sarah Salomon**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8828 direct | 415 391 5400 main
ssalomon@keker.com | vcard | keker.com