Hon. Ona T. Wang
April 3, 2025
Page 1

April 3, 2025

**VIA ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

        RE:        *The New York Times Company v. Microsoft Corporation, et al.*, No. 23-cv-11195; *Daily News, LP v. Microsoft Corp.*, No. 1:24-cv-3285; *The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*, No. 1:24-cv-04872

Dear Judge Wang:

    Pursuant to Rule IV.a. of Your Honor's Individual Practices, we submit this letter-motion to seal on behalf of the OpenAI Defendants ("OpenAI") in the above-captioned matters in connection with Plaintiffs' motions to compel and accompanying exhibits at ECF Nos. 490 and 498.

### I.    INTRODUCTION

    The information OpenAI seeks to seal comprises (1) highly sensitive technological markers that pose data security threats to OpenAI if disclosed and (2) proprietary information concerning OpenAI's technology and business that could be unfairly used by its competitors if made public. Both categories of information would harm OpenAI if disclosed, and each easily satisfies the standard for sealing documents submitted in connection with discovery motions.

### II.    LEGAL STANDARD

    OpenAI's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

    As those cases recognize, there is a qualified First Amendment and common law interest in access to judicial proceedings and certain judicial filings. *Lugosch*, 435 F.3d at 120. For the presumption to attach, however, a document must be considered a "judicial document," meaning it is both "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. Even for judicial documents, the weight accorded to the presumption of access varies based on the role the material plays in the adjudication and the degree to which access to the material would materially assist the public in understanding the issues before the court. *Id.*; *see also Bernstein*, 814 F.3d at 139.

    As the Second Circuit has recognized, the presumption of public access to filings submitted in connection with discovery disputes is "generally somewhat lower" than the

Hon. Ona T. Wang
April 3, 2025
Page 2

presumption applied to material introduced at trial, or in connection with a dispositive motion. *See Brown v. Maxwell,* 929 F.3d 41, 50 (2d Cir. 2019). As a result, the standard for sealing is commensurately lower for such materials. While courts still must articulate specific and substantial reasons for sealing such material, "the reasons usually need not be as compelling as those required to seal filings connected to a dispositive motion." *Id.*

As set forth below, while OpenAI would meet a more rigorous "compelling need" standard based on the nature of the materials it seeks to seal, it easily meets the lower standard that courts routinely apply to materials submitted in connection with discovery motions.

### III. OPENAI'S CONFIDENTIAL INFORMATION WARRANTS SEALING

The documents OpenAI seeks to keep redacted or under seal fall under one or both of the following categories. Each merits sealing.

**Category (i)**. Internal URLs, filenames, hyperlinks, user IDs, and other technological markers are highly sensitive and warrant redaction. *See Rand v. Travelers Indemnity Company*, No. 21-CV-10744, 2023 WL 4636614, at *2-3 (S.D.N.Y. July 19, 2023) (sealing information that could pose cybersecurity threats to organization if released). Disclosure of this information could compromise OpenAI's internal safety and security measures. *See* Zbrozek Decl. ¶ 5. OpenAI treats such information as confidential or highly confidential, generally does not publicly disclose it, and takes affirmative steps to protect the confidentiality of such information. *Id.*

Documents containing category (i) material are cited by ECF number in the table that follows.

| Description | NYT ECF No. | DN ECF No. | CIR ECF No. | Redact or Seal |
|---|---|---|---|---|
| Exhibit 6 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-6 | ECF No. 322-6 | ECF No. 247-6 | Seal |
| Exhibit 7 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-7 | ECF No. 322-7 | ECF No. 247-7 | Seal |
| Exhibit 8 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-8 | ECF No. 322-8 | ECF No. 247-8 | Seal |
| Exhibit 9 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-9 | ECF No. 322-9 | ECF No. 247-9 | Seal |

Hon. Ona T. Wang
April 3, 2025
Page 3

| Description | NYT ECF No. | DN ECF No. | CIR ECF No. | Redact or Seal |
|---|---|---|---|---|
| Exhibit 10 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-10 | ECF No. 322-10 | ECF No. 247-10 | Seal |
| Exhibit 12 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-12 | ECF No. 322-12 | ECF No. 247-12 | Seal |
| Exhibit 13 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-13 | ECF No. 322-13 | ECF No. 247-13 | Seal |
| Exhibit 14 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-14 | ECF No. 322-14 | ECF No. 247-14 | Seal |
| Exhibit 15 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-15 | ECF No. 322-15 | ECF No. 247-15 | Seal |

**Category (ii)**. The specific processes that OpenAI employs to train and test ChatGPT models, including the sources and specific amounts of data, data collection and acquisition techniques, confidential meetings about dataset development, allocation of curated data in training datasets, and confidential technical know-how constitute highly sensitive proprietary information. OpenAI treats such information as confidential or highly confidential and generally does not publicly disclose this type of information. *See* Zbrozek Decl. ¶ 6. Moreover, disclosure of such information would give OpenAI's competitors insight into its proprietary development processes and cause competitive harm to OpenAI in a nascent and highly competitive market. *Id*.

This type of information routinely is deemed confidential and filed under seal. *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information."); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures"); *Louis Vuitton Mallatier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)).

Hon. Ona T. Wang
April 3, 2025
Page 4

Documents containing category (ii) material are cited by ECF number in the table that follows. As noted in the table, OpenAI requests redaction of documents, as opposed to sealing of a document in total, where possible.[1]

| Description | NYT ECF No. | DN ECF No. | CIR ECF No. | Redact or Seal |
|---|---|---|---|---|
| Letter Motion to Compel Financial Documents and Investor Materials | ECF No. 490 | - | - | Redact |
| Exhibit 1 to Letter Motion to Compel Financial Documents and Investor Materials | ECF No. 490-1 | - | - | Seal |
| Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498 | ECF No. 322 | ECF No. 247 | Redact |
| Exhibit 3 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-3 | ECF No. 322-3 | ECF No. 247-3 | Seal |
| Exhibit 5 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-5 | ECF No. 322-5 | ECF No. 247-5 | Seal |
| Exhibit 6 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-6 | ECF No. 322-6 | ECF No. 247-6 | Seal |
| Exhibit 7 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-7 | ECF No. 322-7 | ECF No. 247-7 | Seal |
| Exhibit 8 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-8 | ECF No. 322-8 | ECF No. 247-8 | Seal |
| Exhibit 9 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-9 | ECF No. 322-9 | ECF No. 247-9 | Seal |

---

[1] OpenAI's proposed redactions are reflected in yellow in the documents attached hereto, unless the document already contained yellow highlighting from Plaintiffs' filing, in which case proposed redactions appear in green.

Hon. Ona T. Wang
April 3, 2025
Page 5

| Description | NYT ECF No. | DN ECF No. | CIR ECF No. | Redact or Seal |
|---|---|---|---|---|
| Exhibit 10 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-10 | ECF No. 322-10 | ECF No. 247-10 | Seal |
| Exhibit 11 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-11 | ECF No. 322-11 | ECF No. 247-11 | Seal |
| Exhibit 12 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-12 | ECF No. 322-12 | ECF No. 247-12 | Seal |
| Exhibit 13 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-13 | ECF No. 322-13 | ECF No. 247-13 | Seal |
| Exhibit 14 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-14 | ECF No. 322-14 | ECF No. 247-14 | Seal |
| Exhibit 15 to Letter Motion to Compel Deposition of Greg Brockman | ECF No. 498-15 | ECF No. 322-15 | ECF No. 247-15 | Seal |

### IV.     OPENAI'S SEALING REQUESTS ARE NARROWLY TAILORED

OpenAI has precisely identified the portions of Plaintiffs' letter motions, exhibits attached thereto, and Defendants' opposition briefs that would cause OpenAI harm if disclosed, leaving the balance unredacted and open to the public. *See* Zbrozek Decl. ¶ 8. Where OpenAI seeks to file an entire exhibit under seal, it is because confidential information appears throughout the document, making redaction inadequate to protect OpenAI. *Id.* OpenAI has not sought to seal all material it has designated as Protected Discovery Material under the Protective Order, but instead made individual determinations as to the propriety of sealing.

Accordingly, in order to maintain the confidential nature of this information, OpenAI respectfully requests the Court grant this motion to seal.

Sincerely,

MORRISON & FOERSTER LLP
*/s/ Rose S. Lee*
Rose S. Lee

5

Hon. Ona T. Wang
April 3, 2025
Page 6

KEKER, VAN NEST & PETERS LLP
*/s/ Christopher Sun*
Christopher Sun

LATHAM & WATKINS LLP
*/s/ Elana Nightingale Dawson*
Elana Nightingale Dawson