

May 8, 2025

**VIA ECF**

Hon. Sidney H. Stein
U.S. District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: News Plaintiffs' Request for Permission to File Supplemental Letter Regarding Certain Private User Conversation Data; *In Re: OpenAI, Inc., Copyright Infringement Litigation*, No. 1:25-md-3143, This Document Relates To: *The New York Times Company v. Microsoft Corporation, et al.*, No. 1:23-cv-11195

Dear Judge Stein:

OpenAI respectfully submits this response to the letter filed by Plaintiffs The New York Times Company ("The Times"), Daily News, LP, et al. (the "Daily News Plaintiffs"), and the Center for Investigative Reporting (collectively, the "News Plaintiffs") at ECF 21,[1] seeking leave to file a standalone "Supplemental Letter" related to OpenAI's retention of certain users' private conversation data.

Plaintiffs' ex-parte request for leave to file a supplemental letter on a single, cherry-picked discovery dispute from amongst the myriad discovery disputes that have been and continue to be addressed by Magistrate Judge Wang should be rejected. *See generally* ECF 518 (chart summarizing the Parties' discovery disputes). The dispute for which Plaintiffs seek *sui generis* attention involves their demand that OpenAI retain not just what federal law requires, but *all* of the conversation data of OpenAI's users, regardless of the burden or relevance of such conversations–actions that would improperly and unnecessarily implicate user privacy, as well as regulatory and contractual obligations. *See* ECF 441 at 2. The Parties briefed this dispute and related issues before Magistrate Judge Wang earlier this year, *see* ECF 379, 420, 483, 491; Magistrate Judge Wang heard oral argument on this issue on January 22, 2025; and Magistrate Judge Wang thereafter denied Plaintiffs' motion "to compel OpenAI's wholesale preservation of user conversations (*e.g.*, end-user prompts and outputs)" and ordered the Parties to "meet and confer regarding the privacy and technological considerations implicated in Plaintiffs' requests." ECF 441 at 2. Plaintiffs nevertheless continue to demand "wholesale preservation of user conversations," despite the privacy and technological considerations implicated by that demand and notwithstanding OpenAI's confirmed retention of *billions* of such conversations. The Parties' conferrals on this issue remain ongoing, as OpenAI explained in the

---

[1] The ECF numbers in this filing refer to the ECF numbers in *The New York Times Company v. Microsoft Corporation, et al.*, No. 1:23-cv-11195.

update the parties filed with Magistrate Judge Wang on April 4, 2025, *see* ECF 518 at 9-11, and OpenAI expects to respond to Plaintiffs' latest letter on this issue by next week.

This dispute, like all other discovery disputes, should be addressed in the ordinary course of litigation, consistent with Case Management Order No. 1, Magistrate Judge Wang's Individual Practices, and Magistrate Judge Wang's guidance to date. There is no reason to permit standalone briefing on this issue at this juncture.[2]

OpenAI remains committed to and looks forward to resolving the Parties' dispute collaboratively with the News Plaintiffs and, to the extent necessary, with Magistrate Judge Wang's assistance in due course.

Respectfully submitted,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Edward A. Bayley* <br> Edward A. Bayley* | */s/ Elana Nightingale Dawson* <br> Elana Nightingale Dawson* | */s/ Joseph C. Gratz* <br> Joseph C. Gratz* |

cc: All Counsel of Record (via ECF)

---

[2] Plaintiffs' request for leave should also be denied because, contrary to this Court's Individual Practices, Plaintiffs did not confer with OpenAI in advance of filing their letter regarding their requests to file a supplemental letter and for a hearing. *See* Rule 2(G), Individual Practices of Judge Sidney H. Stein ("Any party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person if the attorneys practice in New York, in an effort to resolve the dispute.").

\* All parties whose electronic signatures are included herein have consented to the filing of this document, as contemplated by Rule 8.5(b) of the Court's ECF Rules and Instructions.