May 14, 2025

**VIA ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:      *In Re: OpenAI, Inc., Copyright Infringement Litigation*, No. 1:25-md-3143, This Document Relates To: *The New York Times Company v. Microsoft Corporation, et al.*, No. 1:23-cv-11195

Dear Judge Wang:

    Pursuant to Rule VI.b. of Your Honor's Individual Practices, we submit this letter motion to seal on behalf of the OpenAI Defendants ("OpenAI") in the above-captioned matters. OpenAI seeks to maintain under seal and/or redact the portions of News Plaintiffs' Letter Brief Requesting Discovery Hearing re: Output Logs, as well as specified accompanying exhibits, as sought in News Plaintiffs' motions to seal (MDL ECF Nos. 23 & 30; NYT ECF Nos. 540 & 547), and as further detailed below.

    I.    **INTRODUCTION**

    The information OpenAI seeks to seal comprises (1) highly sensitive technological markers that pose data security threats to OpenAI if disclosed and (2) proprietary information concerning OpenAI's technology and business that could be unfairly used by its competitors if made public. Each category of information would harm OpenAI if disclosed, and each easily satisfies the standard for sealing documents submitted in connection with discovery motions.

    II.    **LEGAL STANDARD**

    OpenAI's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

    As those cases recognize, there is a qualified First Amendment and common law interest in access to judicial proceedings and certain judicial filings. *Lugosch*, 435 F.3d at 120. For the presumption to attach, however, a document must be considered a "judicial document," meaning it is both "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. Even for judicial documents, the weight accorded to the presumption of access varies based on the role the material plays in the adjudication and the degree to which access to the material would materially assist the public in understanding the issues before the court. *Id.*; *see also Bernstein*, 814 F.3d at 139.

    As the Second Circuit has recognized, the presumption of public access to filings submitted in connection with discovery disputes is "generally somewhat lower" than the

Hon. Ona T. Wang
May 14, 2025
Page 2

presumption applied to material introduced at trial, or in connection with a dispositive motion. *See Brown v. Maxwell,* 929 F.3d 41, 50 (2d Cir. 2019). As a result, the standard for sealing is commensurately lower for such materials. While courts still must articulate specific and substantial reasons for sealing such material, "the reasons usually need not be as compelling as those required to seal filings connected to a dispositive motion." *Id.*

As set forth below, while OpenAI would meet a more rigorous "compelling need" standard based on the nature of the materials it seeks to seal, it easily meets the lower standard that courts routinely apply to materials submitted in connection with discovery motions.

### III.     OPENAI'S CONFIDENTIAL INFORMATION WARRANTS SEALING

The documents OpenAI seeks to keep redacted or under seal fall under one or more of the following categories. Each merits sealing.

**Category (i)**. Internal filenames, hyperlinks, URLs, user IDs, and technological markers are highly sensitive and warrant sealing. *See Rand v. Travelers Indemnity Company*, No. 21-CV-10744, 2023 WL 4636614, at *2-3 (S.D.N.Y. July 19, 2023) (sealing information that could pose cybersecurity threats to an organization if released). Disclosure of this information could compromise OpenAI's internal safety and security measures. *See* Zbrozek Decl. ¶ 5. OpenAI treats such information as highly confidential, does not publicly disclose it, and takes affirmative steps to protect the confidentiality of such information. *Id.*

The document containing category (i) material is cited by ECF number in the table that follows.

| **Description** | **ECF Nos.[1]** | **Redact or Seal** |
|---|---|---|
| Exhibit A to Plaintiffs' Request for Permission to File Supplemental Letter Regarding News Plaintiffs' Motion to Compel OpenAI to Identify the Output Logs it Has Destroyed | MDL 21-1, 27-2, 29-2 NYT 538-1, 544-2, 546-2 | Seal |
| Exhibit D to Plaintiffs' Request for Permission to File Supplemental Letter Regarding News Plaintiffs' Motion to Compel OpenAI to Identify the Output Logs it Has Destroyed | MDL 21-1, 27-5, 29-5 NYT 538-1, 544-5, 546-5 | Redact Paragraphs (1), (2), (3), (4) at Page 2 |

---

[1] News Plaintiffs' letter and exhibits at MDL ECF Nos. 27 *et seq.* and NYT ECF Nos. 544 *et seq.* were erroneously filed, withdrawn, and corrected in the filings at MDL ECF Nos. 29 *et seq.* and NYT ECF Nos. 546 *et seq.* OpenAI agrees these filings should be withdrawn and includes the MDL ECF Nos. 27 *et seq.* and NYT ECF Nos. 544 *et seq.* filings in this letter brief out of an abundance of caution only and to ensure those documents remain under seal.

Hon. Ona T. Wang
May 14, 2025
Page 3

**Category (ii)**.  The specific processes that OpenAI employs to train and evaluate ChatGPT models, including the sources and specific amounts of data, data collection and acquisition techniques, analyses of user data, user data figures, and confidential technical know-how constitute highly sensitive proprietary information.  OpenAI treats such information as confidential or highly confidential and generally does not publicly disclose this type of information.  *See* Zbrozek Decl. ¶ 6.  Moreover, disclosure of such information would give OpenAI's competitors insight into its proprietary development processes and cause competitive harm to OpenAI in a nascent and highly competitive market.  *Id.*

This type of information routinely is deemed confidential and filed under seal.  *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information."); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures"); *Louis Vuitton Mallatier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)).

Documents containing category (ii) material are cited by ECF number in the table that follows.  As noted in the table, OpenAI requests redaction of documents, as opposed to sealing of a document in total, wherever possible.

| Description | ECF Nos. | Redact or Seal |
| --- | --- | --- |
| Plaintiffs' Request for Permission to File Supplemental Letter Regarding News Plaintiffs' Motion to Compel OpenAI to Identify the Output Logs it Has Destroyed | MDL 21-1, 27, 29<br>NYT 538-1, 544, 546 | Redact |
| Exhibit A to Plaintiffs' Request for Permission to File Supplemental Letter Regarding News Plaintiffs' Motion to Compel OpenAI to Identify the Output Logs it Has Destroyed | MDL 21-1, 27-2, 29-2<br>NYT 538-1, 544-2, 546-2 | Seal |
| Exhibit C to Plaintiffs' Request for Permission to File Supplemental Letter Regarding News Plaintiffs' Motion to Compel OpenAI to Identify the Output Logs it Has Destroyed | MDL 21-1, 27-4, 29-4<br>NYT 538-1, 544-4, 546-4 | Redact |
| Exhibit D to Plaintiffs' Request for Permission to File Supplemental Letter Regarding News Plaintiffs' Motion to Compel OpenAI to Identify the Output Logs it Has Destroyed | MDL 21-1, 27-5, 29-5<br>NYT 538-1, 544-5, 546-5 | Redact |

### IV. OPENAI'S SEALING REQUESTS ARE NARROWLY TAILORED

OpenAI has precisely identified the portions of Plaintiffs' motion and exhibits attached thereto that would cause OpenAI harm if disclosed, leaving the balance unredacted and open to the public. *See* Zbrozek Decl. ¶ 7. Where OpenAI seeks to file an entire exhibit under seal, it is because confidential information appears throughout the document, making redaction inadequate to protect OpenAI. *Id.* OpenAI has not sought to seal all material it has designated as Protected Discovery Material under the Protective Order, but instead made individual determinations as to the propriety of sealing.

Accordingly, in order to maintain the confidential nature of this information, OpenAI respectfully requests the Court grant this motion to seal.

Sincerely,

MORRISON & FOERSTER LLP
*/s/ Rose S. Lee*
Rose S. Lee

KEKER, VAN NEST & PETERS LLP
*/s/ Christopher S. Sun*
Christopher S. Sun

LATHAM & WATKINS LLP
*/s/ Allison S. Blanco*
Allison S. Blanco