UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
IN RE:                                                  :
                                                        :
OPEN AI, INC.,                                          :
COPYRIGHT INFRINGEMENT LITIGATION                       :
                                                        :   No. 25-md-31433 (SHS) (OTW)
This Document Relates To:                               :
                                                        :
THE NEW YORK TIMES COMPANY v.                           :
MICROSOFT CORPORATION, *et al.*, No. 23-                :
cv-11195                                                :
------------------------------------------------------- X

### DECLARATION OF ALEXANDER ZBROZEK IN SUPPORT OF OPENAI DEFENDANTS' LETTER MOTION TO SEAL

I, Alexander Zbrozek, hereby declare as follows:

1. I am Senior Counsel at OpenAI. I submit this declaration in support of OpenAI Defendants' letter motion to seal, filed concurrently herewith. I have personal knowledge of the facts set forth below and if called as a witness, could testify competently thereto.

2. I have been informed that because Plaintiffs' letter brief and supporting exhibits are not "judicial documents" under *Lugosch v. Pyramid Company of Onondaga,* 435 F.3d 100 (2d Cir. 2006), but rather discovery-related documents, the "presumption of access to these records is low." *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016); *see Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *Rand v. Travelers Indem. Co.,* No. 21-CV-10744 (VB)(VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (court not required to articulate compelling reasons to seal for material in non-dispositive motions).

3. I have been informed and understand that OpenAI confidential material highlighted in Plaintiffs' letter brief and contained within certain exhibits submitted in support thereof has been designated by OpenAI as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

1

ONLY" pursuant to the News case's protective order. I submit this declaration in support of (1) redacting certain information, as marked in highlighting in copies of Plaintiffs' letter brief and Exhibits C and D attached thereto; and (2) maintaining under seal Exhibit A to Plaintiffs' letter brief.

        4.        Based on my review, certain portions highlighted in Plaintiffs' letter brief and Exhibits C and D, in addition to the entirety of Exhibit A attached thereto, fall into one or more of the following categories: (i) internal filenames, hyperlinks, URLs, user IDs, and technological markers, the disclosure of which could compromise OpenAI security; and (ii) competitively sensitive statements concerning details of processes and sources for training, testing, and improving OpenAI LLMs.

        5.        **Category (i)**.  Internal filenames, hyperlinks, URLs, user IDs, and technological markers are highly sensitive and warrant sealing.  Disclosure of this information could compromise OpenAI's internal safety and security measures.  OpenAI treats such information as confidential or highly confidential, generally does not publicly disclose this type of information, and takes affirmative steps to protect the confidentiality of this information.  Category (i) information can be found in the following:

| Description | ECF Nos. | Redact or Seal |
|---|---|---|
| Exhibit A to Plaintiffs' Request for Permission to File Supplemental Letter Regarding News Plaintiffs' Motion to Compel OpenAI to Identify the Output Logs it Has Destroyed | MDL 21-1, 27-2, 29-2<br>NYT 538-1, 544-2, 546-2 | Seal |
| Exhibit D to Plaintiffs' Request for Permission to File Supplemental Letter Regarding News Plaintiffs' Motion to Compel OpenAI to Identify the Output Logs it Has Destroyed | MDL 21-1, 27-5, 29-5<br>NYT 538-1, 544-5, 546-5 | Redact Paragraphs (1), (2), (3), (4) at Page 2 |

6.      **Category (ii)**.  The specific processes that OpenAI employs to train and evaluate ChatGPT models, including the sources and specific amounts of data, data collection and acquisition techniques, analyses of user data, user data figures, and confidential technical know-how constitute highly sensitive proprietary information.  OpenAI treats such information as confidential or highly confidential.  OpenAI generally does not publicly disclose this type of information and takes steps to protect its confidentiality, particularly given the highly competitive nature of the artificial intelligence industry with global stakeholders.  Disclosure of this kind of information would give OpenAI's competitors insight into its proprietary development processes and cause competitive harm to OpenAI.  Category (ii) information can be found in the following:

| Description | ECF Nos. | Redact or Seal |
|---|---|---|
| Plaintiffs' Request for Permission to File Supplemental Letter Regarding News Plaintiffs' Motion to Compel OpenAI to Identify the Output Logs it Has Destroyed | MDL 21-1, 27, 29<br>NYT 538-1, 544, 546 | Redact |
| Exhibit A to Plaintiffs' Request for Permission to File Supplemental Letter Regarding News Plaintiffs' Motion to Compel OpenAI to Identify the Output Logs it Has Destroyed | MDL 21-1, 27-2, 29-2<br>NYT 538-1, 544-2, 546-2 | Seal |
| Exhibit C to Plaintiffs' Request for Permission to File Supplemental Letter Regarding News Plaintiffs' Motion to Compel OpenAI to Identify the Output Logs it Has Destroyed | MDL 21-1, 27-4, 29-4<br>NYT 538-1, 544-4, 546-4 | Redact |
| Exhibit D to Plaintiffs' Request for Permission to File Supplemental Letter Regarding News Plaintiffs' Motion to Compel OpenAI to Identify the Output Logs it Has Destroyed | MDL 21-1, 27-5, 29-5<br>NYT 538-1, 544-5, 546-5 | Redact |

7.      OpenAI's request is narrowly tailored.  Wherever practical, OpenAI is only seeking to redact selected portions of the parties' briefs and exhibits, leaving the balance

unredacted and open to the public. Where OpenAI seeks to file an entire exhibit under seal, it is because confidential information appears throughout the document, making redaction inadequate to protect OpenAI from harm.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of May 2025, in New York, New York.

_____
Alexander Zbrozek
Senior Counsel
OpenAI