May 14, 2025

**VIA ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:      *In Re: OpenAI, Inc., Copyright Infringement Litigation*, No. 1:25-md-3143, This Document Relates To: *The New York Times Company v. Microsoft Corporation, et al.*, No. 1:23-cv-11195

Dear Judge Wang:

      Pursuant to Rule VI.b. of Your Honor's Individual Practices, we submit this letter motion to seal on behalf of the OpenAI Defendants ("OpenAI") in the above-captioned matters in support of OpenAI's Letter Brief for Reconsideration of Order Directing OpenAI to Preserve Output Logs ("Letter"), as detailed below.

      **I.**      **INTRODUCTION**

      The information OpenAI seeks to seal comprises proprietary information concerning OpenAI's technology and business that could be unfairly used by its competitors if made public that would harm OpenAI if disclosed and easily satisfies the standard for sealing documents submitted in connection with discovery motions.

      **II.**      **LEGAL STANDARD**

      OpenAI's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

      As those cases recognize, there is a qualified First Amendment and common law interest in access to judicial proceedings and certain judicial filings. *Lugosch*, 435 F.3d at 120. For the presumption to attach, however, a document must be considered a "judicial document," meaning it is both "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. Even for judicial documents, the weight accorded to the presumption of access varies based on the role the material plays in the adjudication and the degree to which access to the material would materially assist the public in understanding the issues before the court. *Id.*; *see also Bernstein*, 814 F.3d at 139.

      As the Second Circuit has recognized, the presumption of public access to filings submitted in connection with discovery disputes is "generally somewhat lower" than the presumption applied to material introduced at trial, or in connection with a dispositive motion. *See Brown v. Maxwell,* 929 F.3d 41, 50 (2d Cir. 2019). As a result, the standard for sealing is commensurately lower for such materials. While courts still must articulate specific and

Hon. Ona T. Wang
May 14, 2025
Page 2

substantial reasons for sealing such material, "the reasons usually need not be as compelling as those required to seal filings connected to a dispositive motion." *Id.*

As set forth below, while OpenAI would meet a more rigorous "compelling need" standard based on the nature of the materials it seeks to seal, it easily meets the lower standard that courts routinely apply to materials submitted in connection with discovery motions.

### III. OPENAI'S CONFIDENTIAL INFORMATION WARRANTS SEALING

OpenAI seeks to redact portions of the Letter that disclose specific processes that OpenAI employs to train and evaluate ChatGPT models, including the sources and specific amounts of data, data collection and acquisition techniques, analyses of user data, user data figures, and confidential technical know-how constitute highly sensitive proprietary information. OpenAI treats such information as confidential or highly confidential and generally does not publicly disclose this type of information. *See* Zbrozek Decl. ¶ 4. Moreover, disclosure of such information would give OpenAI's competitors insight into its proprietary development processes and cause competitive harm to OpenAI in a nascent and highly competitive market. *Id.*

This type of information routinely is deemed confidential and filed under seal. *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information."); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures"); *Louis Vuitton Mallatier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)).

### IV. OPENAI'S SEALING REQUESTS ARE NARROWLY TAILORED

OpenAI has precisely identified the portions of its Letter that would cause OpenAI harm if disclosed, leaving the balance unredacted and open to the public. *See* Zbrozek Decl. ¶ 5. OpenAI has not sought to seal all material it has designated as Protected Discovery Material under the Protective Order, but instead made individual determinations as to the propriety of sealing.

Accordingly, in order to maintain the confidential nature of this information, OpenAI respectfully requests the Court grant this motion to seal.

Sincerely,

MORRISON & FOERSTER LLP
*/s/ Rose S. Lee*
Rose S. Lee

Hon. Ona T. Wang
May 14, 2025
Page 3

KEKER, VAN NEST & PETERS LLP
*/s/ Christopher S. Sun*
Christopher S. Sun

LATHAM & WATKINS LLP
*/s/ Allison S. Blanco*
Allison S. Blanco