**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------  X
IN RE:                                                  :
                                                        :
OPEN AI, INC.,                                          :
COPYRIGHT INFRINGEMENT LITIGATION                       :    No. 25-md-31433 (SHS) (OTW)
                                                        :
This Document Relates To:                               :
                                                        :
THE NEW YORK TIMES COMPANY v.                           :
MICROSOFT CORPORATION, et al., No. 23-                  :
cv-11195                                                X
```

### DECLARATION OF ALEXANDER ZBROZEK IN SUPPORT OF OPENAI DEFENDANTS' LETTER MOTION TO SEAL

I, Alexander Zbrozek, hereby declare as follows:

1. I am Senior Counsel at OpenAI. I submit this declaration in support of OpenAI Defendants' letter motion to seal, filed concurrently herewith. I have personal knowledge of the facts set forth below and if called as a witness, could testify competently thereto.

2. I have been informed that because OpenAI's Letter Brief for Reconsideration of Order Directing OpenAI to Preserve Output Logs ("Letter") is not a "judicial document[]" under *Lugosch v. Pyramid Company of Onondaga,* 435 F.3d 100 (2d Cir. 2006), but rather a discovery-related document for which the "presumption of access to these records is low." *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016); *see Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *Rand v. Travelers Indem. Co.,* No. 21-CV-10744 (VB)(VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (court not required to articulate compelling reasons to seal for material in non-dispositive motions).

3. I have been informed and understand that OpenAI confidential material highlighted in OpenAI's Letter has been designated by OpenAI as "HIGHLY

1

CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to the *New York Times* protective order. I submit this declaration in support of redacting certain information, as marked in highlighting in the Letter.

4. Based on my review, certain portions highlighted in OpenAI's Letter comprise competitively sensitive statements concerning details of processes and sources for training, testing, and improving OpenAI LLMs, namely the specific processes that OpenAI employs to train and evaluate ChatGPT models, including the sources and specific amounts of data, data collection and acquisition techniques, analyses of user data, user data figures, and confidential technical know-how constitute highly sensitive proprietary information. OpenAI treats such information as confidential or highly confidential. OpenAI generally does not publicly disclose this type of information and takes steps to protect its confidentiality, particularly given the highly competitive nature of the artificial intelligence industry with global stakeholders. Disclosure of this kind of information would give OpenAI's competitors insight into its proprietary development processes and cause competitive harm to OpenAI.

5. OpenAI's request is narrowly tailored as OpenAI only seeks to redact selected portions of the Letter, leaving the balance unredacted and open to the public.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of May 2025, in New York, New York.

_____
Alexander Zbrozek
Senior Counsel
OpenAI