UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

IN RE:
OPENAI, INC.,
COPYRIGHT INFRINGEMENT LITIGATION,

This Document Relates To:
Case No. 23-cv-11195
MDL No. 25-md-3143 (SHS) (OTW)

---------------------------------------------------------------x

## MOTION TO INTERVENE BY JASON BRAMBLE, PRESIDENT OF SPARK INNOVATIONS CORP

TO THE HONORABLE COURT:

Pursuant to Federal Rule of Civil Procedure 24(a) and (b), I, Jason Bramble, President of Spark Innovations Corp., respectfully submit this motion to intervene in the above-captioned matter for the limited purpose of objecting to the retention and preservation of business data generated by my company and its subsidiary, Gig Game Corp, through the use of OpenAI platforms, including ChatGPT.

## I. INTRODUCTION

Spark Innovations Corp. is a software consulting company that, through its wholly owned subsidiary Gig Game Corp, uses OpenAI's services, including ChatGPT, in proprietary workflows. Our use of these tools involves the input and generation of confidential, trade-secret, and competitively sensitive business information. Additionally, we use these tools in the development of intellectual property and solutions for our clients, whose data and interests are also potentially affected by this order. This includes, but is not limited to, the use of ChatGPT to aid in the drafting of patent applications, trademark requests, source code, and other forms of intellectual property filings. We are not a party to this litigation, have no involvement in the claims or defenses being litigated, and have not consented to any discovery or preservation obligations related to this proceeding.

On May 13, 2025, this Court issued a preservation order directing Defendant OpenAI to retain and segregate all output log data that would otherwise be deleted on a going-forward basis. (ECF No. 33). This order has the effect of preserving private and proprietary data belonging to non-parties such as Spark Innovations Corp. and Gig Game Corp., without notice, consent, or legal process.

II. GROUNDS FOR INTERVENTION

A. Intervention as of Right (Rule 24(a))

Under Rule 24(a)(2), intervention is appropriate when:

1. The applicant claims an interest relating to the property or transaction that is the subject of the action;
2. Disposition of the action may impair or impede the applicant's ability to protect that interest; and
3. The existing parties do not adequately represent that interest.

Spark Innovations Corp. satisfies each of these criteria:
- The output log data being preserved includes confidential business operations, trade secrets, source code, and intellectual property developments of Spark Innovations Corp. and its subsidiary Gig Game Corp.
- Retention of this data creates ongoing risk of exposure and interferes with our internal policies and legal obligations related to data minimization, privacy, and intellectual property protection.
- Neither Plaintiffs nor Defendant OpenAI represent the specific privacy and confidentiality interests of third-party commercial users.

B. Permissive Intervention (Rule 24(b))

Alternatively, under Rule 24(b), the Court may permit intervention where the applicant "has a claim or defense that shares with the main action a common question of law or fact."

Here, the common question is the legality and scope of preserving ChatGPT output log data. Our interest in protecting our confidential data and ensuring it is not improperly retained or disclosed overlaps with the questions before the Court regarding the retention of such data.

III. RELIEF REQUESTED

We respectfully request the Court:

1. Permit intervention for the limited purpose of objecting to the application of the May 13 Preservation Order to non-party data generated by Spark Innovations Corp. and Gig Game Corp.
2. Alternatively, issue a clarification or modification of the May 13 Order excluding from preservation any data tied to users or entities not named in this action and not the subject of a lawful subpoena or discovery request.

3. In the event our data is to be retained, require OpenAI to notify affected non-parties and provide an opportunity to opt out or seek protective relief.

IV. CONCLUSION

This Court's preservation order, though well-intentioned in service of discovery, risks overreaching into the private affairs of third parties with no stake in this litigation. Intervention is necessary to protect our rights and ensure judicial orders do not impose obligations on those who have not been heard.

Respectfully submitted,

/s/ Jason Bramble
Emails: jasonbramble@hotmail.com, jason.bramble@sparkinnovationscorp.com
Jason Bramble
President, Spark Innovations Corp.
8661 Dufferin Lane
Orlando, Florida 32832
(407) 488-7197
Dated: May 19, 2025