UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| OPENAI, INC. | : | 25-md-3143 (SHS) |
| COPYRIGHT INFRINGEMENT LITIGATION, | : | |
| | | |
| This Document Relates To: | : | |
| 23-cv-11195 | : | |

## MOTION TO INTERVENE UNDER RULE 24
## AND CONDITIONAL MOTION UNDER RULE 72

Now comes Aidan Hunt, appearing pro se, with motion to intervene in this case for the limited purpose of challenging discovery orders in this case that prejudice their rights.

1. The Intervenor is a natural person and a citizen of the United States.

2. Like many, if not most Americans, Intervenor from time to time uses the ChatGPT service of Defendants OpenAI, and provides Defendants with highly sensitive personal and commercial information in the course of using the service.

3. This Honorable Court has, on May 13, issued an order (ECF No. 33) which orders Defendants OpenAI to retain "output log data," in other words, the responses issued by ChatGPT. Such responses inherently reveal, and often explicitly restate, the input questions or topics input by Intervenor; therefore, their disclosure causes equivalent harm to the Intervenor as disclosure of the input itself.

4. This order forces Defendants to violate their contractual promises to Intervenor to delete all copies of chat data unconditionally within 30 days of the end of an "Anonymous Chat," or as a general rule, within 30 days of Intervenor's deletion of a regular chat. Moreover, the order violates Intervenor's Fourth Amendment right against search and seizure, and his Fourteenth Amendments right to substantive and procedural due process. Intervenor was never notified of the order and

continued to use ChatGPT under the reliance that the 30-day non-retention policy, explicitly stated every time an "Anonymous Chat" is opened, would be followed.

5. Moreover, it is expected that subsequent orders will issue which order Defendants to disclose this chat data to Plaintiffs, causing severe and irreparable harm to Intervenor's personal privacy and commercial interests. The purpose of the retention order is to facilitate such disclosure. Moreover, Plaintiffs are in the publishing business, and disclosure of chat data to them can be reasonably expected to result in the risk of its public dissemination.

6. Intervenor claims a constitutional privacy interest, as well as a contractual property interest, in the confidentially of their ChatGPT chat data, as well as the right to have them deleted as originally scheduled. Disposing of the action without intervention will impair or impede Intervenor's constitutional and contractual interests in the confidentiality and non-retention of their chat data. Existing parties do not represent Intervenor's rights adequately, as Defendants' do not themselves have private data stored in the chat logs and thus do not have Fourth and Fourteenth Amendment constitutional interests at hand. Moreover, Defendants' litigation strategy with regard to the chat data issue may be influenced by other concerns such as financial costs of the case, desire for a quick resolution, and avoiding reputational damage. Therefore, this Honorable Court should allow intervention under Rule 24(a)(1).

7. In the alternative, this Honorable Court should allow intervention under Rule 24(b) because this case involves important, novel constitutional questions about the privacy rights incident to artificial intelligence usage—a rapidly developing area of law—and the ability of a magistrate to institute a nationwide mass surveillance program by means of a discovery order in a civil case.

8. An attached Motion to Vacate Magistrate's Order is attached for this Honorable Court's consideration if it grants this Motion to Intervene, as parties have already scheduled an upcoming hearing pertaining to that order.

/s/ Aidan Hunt
*pro se*
June 7, 2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| OPENAI, INC. | : | 25-md-3143 (SHS) |
| COPYRIGHT INFRINGEMENT LITIGATION, | : | |
| | | |
| This Document Relates To: | : | |
| 23-cv-11195 | : | |

## MOTION TO VACATE ORDER (ECF NO 33) UNDER RULE 72

1. Intervenor has, just like tens of millions of other Americans, routinely provided to Defendants OpenAI highly sensitive personal data in the use of the ChatGPT service, including but not limited to:

    a) discussion of health concerns, medical history, etc.,
    b) discussion of pending and future legal matters,
    c) discussion of personal relationships,
    d) information regarding personal finances, assets and liabilities, net worth, etc.,
    e) discussion of business ideas and potentially protected IP,
    f) discussion of religious and philosophical viewpoints, and
    g) discussion of political opinions and activities.

2. This Honorable Court has issued an order (ECF No. 33) requiring Defendants to retain all "output chat logs," in other words, the responses generated in response to, discussing the content of, and often containing in part the words of Intervenor's inputs to ChatGPT concerning the above topics.

3. While an ordinary discovery order in a civil case between two large corporations on its face, this order effectively requires Defendants to implement a mass surveillance program affecting all ChatGPT users. The order does not merely collect metadata about Intervenor's ChatGPT usage, such as chat titles or timestamps. It collects the actual contents of the conversations that millions of Americans have had about some of the most personal and sensitive matters imaginable, and further

contemplates disclosing them to some of the largest media companies in the world.

4. Intervenor provided sensitive information to ChatGPT only after reading and reviewing its privacy policies, which state that regular chats may be deleted by the user at any time. After such deletion, OpenAI has a practice of removing all records of the chat from their system entirely within 30 days, subject to operational and legal limits. Upon information and belief, the instant order is the only such limitation currently preventing OpenAI from purging Intervenors' deleted chat data.

5. Furthermore, OpenAI states that for "Anonymous Chats," the chat records are immediately limited to use for "safety" purposes (notably, other legal purposes are not mentioned unlike for regular chats) and will be unconditionally deleted after 30 days, without exception. This policy is not only stated in the privacy page; it is explicitly shown in the middle of the screen at the beginning of every "Anonymous Chat." Thus, it is undeniable that Intervenor had a reasonable expectation in both the non-disclosure and non-retention beyond 30 days of "Anonymous Chats."

6. Intervenor has a Fourth Amendment right to privacy of their chat data. The third party doctrine should not be applied to this data given the unique nature and role of AI chat models in society today, which generally cannot be run on an ordinary computing device and require transmission of chat contents to a provider like OpenAI. Analogous to the Supreme Court's treatment of cell phone location data in *Carpenter v. United States*, 138 S. Ct. 2206 (2018), as AI chat models now take the place of search engines, calculators, professional advisors such as lawyers or therapists, and even personal journals in daily life, the contents of an individual's personal AI chat data is too far-reaching to leave wholly unprotected merely because it is disclosed under strict privacy rules to a model provider for processing.

7. Furthermore, Intervenor has a substantive due process right against the government, including the judicial branch, arbitrarily exercising control over hundreds of highly sensitive chat conversations, exposing them to the risk of disclosure during the time which they are unable to be deleted, and doing so without any notice whatsoever to Intervenor or any other user of ChatGPT.

8. Indeed, Intervenor only learned of this May 13th order on June 5, by coincidence when mentioned in an internet forum comment. Intervenor was given no notice of this retention and pending disclosure, much less an opportunity to object to it or request limits to disclosure, in violation of the procedural due process clause.

9. Furthermore, Intervenor has a contractual right to the nondisclosure and non-retention of their chat data in accordance with the promises and terms of OpenAI. The order unfairly denies Intervenor this property interest without due process.

10. For the avoidance of doubt, the mere retention of this data under this order directly and irreparably harms Intervenor, even if it is never disclosed to Plaintiffs. First, retention directly contradicts the scheduled 30-day deletion period promised to Intervenor and without which he would not have input the sensitive information.

11. Lastly, the order is overly broad and exceeds the role and authority of the court in deciding the instant case. This case concerns alleged copyright infringement of news articles, but nothing in the order is an any way specific to chats allegedly containing the copyrighted material at hand. Intervenor rarely if ever discusses news articles with ChatGPT, but frequently discusses financial and legal topics.

12. Moreover, the magistrate's failure to consider exempting "Anonymous Chats," which are reasonably expected to contain the most sensitive and potentially damaging information of users, from retention and disclosure in this case constitutes an overly broad and unreasonable action.

13. For the reasons above, this Honorable Court should vacate the order (ECF No. 33).

14. Further, this Honorable Court should enter a protective order for the benefit of Intervenor and all similarly situated ChatGPT users to protect from disclosure the contents of all "Anonymous Chats," as well as chats discussing medical, financial, legal, and personal topics that contain deeply private information of users and bear no relevance whatsoever to Plaintiff's claimed interests.

15. Furthermore, considering Plaintiffs' business consists of obtaining and publishing sensitive information such as chats and memos to disseminate to the general public in their publications, the court should limit any disclosure of chat data to Plaintiff's counsel only, and not employees of the Plaintiffs themselves.

16. If this Honorable Court denies this motion, it should certify it for interlocutory appeal to the Second Circuit in accordance with 28 U.S.C. § 1292(b) because it raises novel questions of law that directly impact the privacy of not only Intervenor, but tens of millions of Americans. Because the issue is tangential to the underlying copyright claims in this case, waiting for a final order in the main case would defeat the purpose of this motion and subject Intervenor to irreparable injury.

*Conditionally filled pending acceptance of attached Motion to Intervene.*

/s/ Aidan Hunt
*pro se*

June 7, 2025