**VIA ECF**

June 10, 2025

Hon. Ona T. Wang
Southern District of New York

> *In re OpenAI, Inc.*, *Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW)
> This Document Relates To: News Cases

Dear Magistrate Judge Wang:

I write on behalf of News Plaintiffs[1] concerning a dispute over OpenAI's document productions. News Plaintiffs seek an order requiring OpenAI to search for and produce documents relating to ChatGPT's shopping and product-recommendation service.[2] These documents are highly relevant to News Plaintiffs' allegations concerning their product-recommendation services.

## Background

As The Times alleges, ChatGPT harms its product-recommendation website (Wirecutter) by illegally reproducing Wirecutter's product recommendations. Times SAC ¶¶ 127-28. When a user purchases a Wirecutter-recommended product through the link in a Wirecutter article, Wirecutter generally earns a commission on the sale, but it is deprived of that revenue when a user purchases a Wirecutter-recommended product through a link provided by ChatGPT. *Id.* Moreover, ChatGPT's reproduction of Wirecutter recommendations decreases user traffic to Wirecutter, which in turn diminishes The Times's advertising and subscription revenues. *Id.*

Thus, OpenAI has long known that ChatGPT's reproduction of other publishers' product recommendations is a core issue in the case. OpenAI recently enhanced those product recommendations, stating in April 2025 that it has improved direct linking to featured products (which again, ChatGPT does not test directly but relies on the work of others to recommend). *See* Ex. 2 (article on OpenAI's website). As explained by OpenAI: "When a user query implies shopping intent, such as 'gifts for someone who loves cooking' or 'best noise-cancelling headphones under $200', ChatGPT may surface relevant products." *Id.* "ChatGPT can display relevant product options" and "link users to websites where they can learn more or make a purchase." Ex. 3. Here is a photo from OpenAI's website illustrating this aspect of ChatGPT. *See* Ex. 2:

---

[1] This motion is filed on behalf of News Plaintiffs The New York Times Company ("The Times"), the *Daily News* Plaintiffs, and the *Ziff Davis* Plaintiffs.

[2] The parties met and conferred about this dispute, including by videoconference on June 3 and by email on May 19, May 14, May 13, May 9, May 8, and May 2. *See* Ex. 1 (email correspondence). The requested documents are responsive to numerous Requests for Production, including Times RFP 110 ("Documents concerning actual or expected competition between Defendants' Generative AI Products and Services and Persons engaged in Journalism, including any competitive analyses," and Times RFP 117 ("Documents concerning actual or potential harm Defendants' Generative AI Products and Services and/or AI products and services generally have on News Plaintiffs, the news industry, and/or society in general."). *Times* Dkts. 398-1, 398-2 (copies of discovery requests and responses).

1



## Argument

### I.    The ChatGPT Product-Recommendation Service Is Highly Relevant.

The ChatGPT product-recommendation service is squarely relevant to News Plaintiffs' allegations. The Times long ago requested documents concerning product recommendations offered by ChatGPT, and OpenAI agreed to produce such documents. There is no dispute about this agreement. *See* Ex. 1 at 5 (OpenAI confirming, as part of this meet-and-confer process, that "OpenAI has already agreed to include product recommendations within the scope of discovery related to Journalism," and that "to the extent OpenAI has agreed to produce documents relating to Journalism in response to various RFPs, that production would include documents relating to product recommendations"). Yet OpenAI now objects to searching for documents about its current product-recommendation service, claiming that News Plaintiffs are improperly seeking discovery about a "new product," and that a prior Court order forecloses this request. *See* Ex. 1 at 3 (citing *Times* Dkt. 365).

### II.    The ChatGPT Product-Recommendation Service Is Not a "New Product."

OpenAI's objection is misguided. Its existing product-recommendation service is not a new product; it is simply a feature within ChatGPT, which is a product that has always been subject to discovery in these cases. *See, e.g.*, *Times* Dkt. 136 at 1 (OpenAI arguing on June 6, 2024 that discovery should focus on ChatGPT and the models used to power ChatGPT). Even OpenAI's public descriptions of this product-recommendation service confirms it is not a new product, stating, "ChatGPT now *includes* product recommendations." Ex. 2 (emphasis added). Relatedly, OpenAI's website describes how these product recommendations are "part of" ChatGPT's "search experience." Ex. 2. That framing supports News Plaintiffs because OpenAI has already agreed to provide discovery about the search aspect of ChatGPT. *See Times* Dkt. 302 at 1 (OpenAI agreeing to provide discovery about SearchGPT).

Even if this product-recommendation service could be construed as a new product that is separate from ChatGPT (it is not), this Court's prior order would not foreclose News Plaintiffs'

2

request. *See* Dkt. 365. That order denied The Times's motion for discovery into "future, anticipated or later products," reasoning that while such "discovery may be relevant, it is not necessary at this time." *Id.* at 5. OpenAI opposed that motion by arguing that it could not provide discovery into "undefined product categories" and claiming that "OpenAI simply does not know what Plaintiffs mean by 'any current or anticipated GPT-based product.'" Dkt 302 at 1. Those arguments do not apply to this motion because News Plaintiffs are asking about a specific aspect of ChatGPT.[3]

Relatedly, that OpenAI has apparently improved ChatGPT's product-recommendation feature after News Plaintiffs filed suit is of no moment. "Rule 26 does not limit discovery to pre-complaint events in cases such as this in which the complaint alleges that [the wrongful conduct] was continuing as of the date the complaint was filed." *Robco Distributors, Inc. v. Gen. Glass Int'l Corp.*, 101 F.R.D. 547, 548 (E.D.N.Y. 1984); *see also Deluxe Fin. Servs., LLC v. Shaw*, 2017 WL 7369890, at *5 (D. Minn. Feb. 13, 2017) ("it may be appropriate to allow post-complaint discovery where documents requested are relevant to the claims and defenses in the case, especially where the complaint alleges continuing violations").

### III. OpenAI Has Never Explained Why the Requested Discovery Would Be Burdensome to Provide.

At no point during the meet-and-confer process has OpenAI articulated any specific burden concern relating to News Plaintiffs' request. This Court should therefore disregard any burden objection that OpenAI raises in opposition to this motion. The proportionality requirement of Rule 26 "is not intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." *Leibovitz v. City of New York*, 2017 WL 462515, at *2 (S.D.N.Y. Feb. 3, 2017). Rather, the party opposing discovery (here, OpenAI) must "demonstrate how the alleged burden outweighs the relevance of these documents." *Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*, 160 F. Supp. 3d 574, 579 & n.1 (S.D.N.Y. 2015); *see also Prater v. All. Coal*, 2024 WL 943307, at *1 (S.D. Ind. Mar. 5, 2024) ("Defendants have failed to satisfy their burden of demonstrating what the actual costs associated with the requests' discovery would be, and therefore, its undue burden objection is overruled.").

That said, News Plaintiffs remain willing to work with OpenAI on a reasonable scope for these productions, which should include both custodial and noncustodial documents and may warrant limited additional custodians and search terms. But News Plaintiffs have been unable to have these discussions with OpenAI because OpenAI has refused to conduct any new searches for documents relating to ChatGPT's current product-recommendation service on the ground that it should not be subject to new discovery. News Plaintiffs seek the Court's guidance to resolve this gating relevance dispute.

Finally, while OpenAI has clarified that it will not withhold custodial documents in the review pipeline that address this service, that approach is insufficient. Indeed, based on document review to date, News Plaintiffs have received less than ten documents that discuss this current product-recommendation feature, and all of these documents significantly predate the April 2025

---

[3] News Plaintiffs understand the Court may wish to defer ruling on this dispute until after the scheduled June 26 tech tutorial. *See* May 27, 2025 Hearing Tr. at 112:18-25 (The Court suggesting it may defer ruling on News Plaintiffs' motion to compel discovery into a version of Microsoft Copilot until after the tech tutorial).

improvement. However, these extremely limited documents underscore why News Plaintiffs' motion should be granted. For example, a February 2024 internal OpenAI document ███████ ███████████████████████████████████████ Ex. 4 at -369; *see also supra* Section I. OpenAI should now be ordered to conduct a separate but reasonable search for custodial and noncustodial documents relating to ChatGPT's current product-recommendation service.

                                                Respectfully,

                                                */s/ Davida Brook*
                                                Davida Brook
                                                Susman Godfrey LLP
                                                News Plaintiffs' Liaison Counsel

cc:    All Counsel of Record (via ECF)