# EXHIBIT 1

| | |
|---|---|
| **From:** | Alex Frawley |
| **To:** | "Levy, Max I."; kvpoai@keker.com; OpenAICopyright; OpenAIcopyrightlitigation.lwteam@lw.com |
| **Cc:** | nyt-ai-sg-service@simplelists.susmangodfrey.com; AI Mail Group; DailyNews-AI-RFEM@rothwellfigg.com; newyorktimes-microsoft-fdbr@faegredrinker.com; NewYorkTimes_Microsoft_OHS@orrick.com |
| **Subject:** | RE: NYT v. Microsoft et al. |
| **Date:** | Friday, May 30, 2025 4:22:00 PM |

Yes, we can do 10-11 am PT. I'll send an invite.

Also, I'm about to respond to a separate email from you about the dashboards and interrogatory disputes, and I hope we can discuss those too during the same window.

Best,
Alex

**From:** Levy, Max I. <MLevy@mofo.com>
**Sent:** Friday, May 30, 2025 3:41 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; kvpoai@keker.com; OpenAICopyright <OpenAICopyright@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com
**Cc:** nyt-ai-sg-service@simplelists.susmangodfrey.com; AI Mail Group <ai@loevy.com>; DailyNews-AI-RFEM@rothwellfigg.com; newyorktimes-microsoft-fdbr@faegredrinker.com; NewYorkTimes_Microsoft_OHS@orrick.com
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email

Thanks, Alex. Is there a time that works for The Times between 9am-12pm PT on Tuesday?

**MAX LEVY**
Associate | Morrison & Foerster LLP
755 Page Mill Road | Palo Alto, CA 94304-1018
**P:** +1 (650) 813-4063

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Friday, May 30, 2025 11:21 AM
**To:** Levy, Max I. <MLevy@mofo.com>; kvpoai@keker.com; OpenAICopyright <OpenAICopyright@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com
**Cc:** nyt-ai-sg-service@simplelists.susmangodfrey.com; AI Mail Group <ai@loevy.com>; DailyNews-AI-RFEM@rothwellfigg.com; newyorktimes-microsoft-fdbr@faegredrinker.com; NewYorkTimes_Microsoft_OHS@orrick.com
**Subject:** RE: NYT v. Microsoft et al.

External Email

Hi Max,

Let's please meet and confer about this issue on Monday or Tuesday to discuss whether the

parties can agree on a reasonable scope of productions for this request.

I wouldn't say we are requesting "any and all" documents about this shopping feature. We also disagree with your characterization of the feature as a new "product"; it is instead a feature of ChatGPT, which has always been subject to discovery in this case.

Relatedly, the Court's December 16 order on our motion at Dkt. 287 does not foreclose our request, including because we are identifying a specific product that is subject to discovery. In opposition to our motion at Dkt. 287, OpenAI wrote: "To date, OpenAI has agreed to produce documents about every specific product Plaintiffs have identified. . . . As for Plaintiffs' requests into broader, undefined product categories, the parties continue to confer about an appropriately tailored scope." Dkt. 302. We have now identified a specific feature of ChatGPT, so there cannot be any argument that we are seeking discovery into future "undefined" products.

Best,
Alex

**From:** Levy, Max I. (via NYT-AI-SG-Service list) <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Sent:** Monday, May 19, 2025 12:57 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; kvpoai@keker.com; OpenAICopyright <OpenAICopyright@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com
**Cc:** nyt-ai-sg-service@simplelists.susmangodfrey.com; AI Mail Group <ai@loevy.com>; DailyNews-AI-RFEM@rothwellfigg.com; newyorktimes-microsoft-fdbr@faegredrinker.com; NewYorkTimes_Microsoft_OHS@orrick.com
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email
Hi Alex,

We appreciate the clarification. Your email seems to dramatically expand the scope of information requested by your original email in this thread.

Unless we're misinterpreting, The Times is apparently no longer seeking "confirm[ation] that this shopping feature falls within the agreed scope for at least RFPs 109-111 and 117." If it were, our last email should have resolved the dispute. *See* 5/13 Levy Email (confirming that if OpenAI's search for documents responsive to those RFPs included non-privileged, responsive documents related to the shopping feature, OpenAI would produce them).

Instead, The Times appears to now be requesting that OpenAI conduct a search for any and all documents related to the shopping feature. *See* 5/14 Frawley email ("[I]s OpenAI going to conduct a search for documents concerning this shopping feature and produce responsive documents?"). That's facially overbroad and doesn't map on to the targeted information sought by RFPs 109-11 and 117 or, indeed, any other discovery request.

We had previously understood The Times's email to request confirmation that our search would not exclude the shopping feature from agreed-upon searches related to 'Journalism' (e.g., RFPs 109-

111), since the parties agreed to define that term to include product recommendations. We now understand that The Times is actually just seeking uncabined discovery into a new product simply because it believes that the new product is relevant to the case.

As you no doubt recall, the Court has already ruled on anticipated or future products not included in the pleadings. *See* Dkt. 365 at 5 (denying The Times's motion to compel production of documents relating to future, anticipated, or later products). The Times's request that OpenAI now conduct new discovery into the shopping feature ignores the Court's order.

We remain available to discuss The Times's position on the shopping feature. But now that we understand what The Times is actually asking, it seems clear that the parties have already briefed this issue and the Court has already ruled on it.

Best,
Max

**MAX LEVY**
Associate | Morrison & Foerster LLP
755 Page Mill Road | Palo Alto, CA 94304-1018
P: +1 (650) 813-4063

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Wednesday, May 14, 2025 9:03 AM
**To:** Levy, Max I. <MLevy@mofo.com>; kvpoai@keker.com; OpenAICopyright <OpenAICopyright@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com
**Cc:** nyt-ai-sg-service@simplelists.susmangodfrey.com; AI Mail Group <ai@loevy.com>; DailyNews-AI-RFEM@rothwellfigg.com; newyorktimes-microsoft-fdbr@faegredrinker.com; NewYorkTimes_Microsoft_OHS@orrick.com
**Subject:** RE: NYT v. Microsoft et al.

**External Email**

Hi Max,

Maybe another way to put the question is this: is OpenAI going to conduct a search for documents concerning this shopping feature and produce responsive documents? Or is OpenAI merely stating that it will produce documents about this shopping feature to the extent such documents are found in the course of searches that OpenAI has already agreed to conduct? If the latter, then we have a dispute.

**From:** Levy, Max I. <MLevy@mofo.com>
**Sent:** Tuesday, May 13, 2025 11:08 AM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; kvpoai@keker.com; OpenAICopyright

<OpenAICopyright@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com
**Cc:** nyt-ai-sg-service@simplelists.susmangodfrey.com; AI Mail Group <ai@loevy.com>; DailyNews-AI-RFEM@rothwellfigg.com; newyorktimes-microsoft-fdbr@faegredrinker.com; NewYorkTimes_Microsoft_OHS@orrick.com
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email

Hey Alex,
Thanks for your response. I think the issue is that it's not clear to us what exactly you're asking, but we're happy to meet and confer to the extent this response doesn't resolve your concerns.
As you point out, we've agreed to produce certain documents in response to the requests you've identified and confirmed that we aren't excluding non-privileged documents falling within that scope because they relate to the shopping feature. That being the case, we obviously aren't "tak[ing] the position that [we] need not produce any documents about this shopping feature." If there are non-privileged documents falling within the scope of what we agreed to produce that we identify in the course of our reasonable search and that discuss the shopping feature, we will produce those documents. Candidly, we thought that this representation was what you were requesting when you sought "confirm[ation] that this shopping feature falls within the agreed scope for at least RFPs 109-11 and 117."
Are you asking for something else? Are you intending to reopen a previously resolved dispute? If so, can you tell us specifically what it is? Sorry if we're being dense, but we thought our previous response would resolve the dispute and, perhaps optimistically, think the same about this clarifying email.
Best,
Max

**MAX LEVY**
Associate | Morrison & Foerster LLP
755 Page Mill Road | Palo Alto, CA 94304-1018
P: +1 (650) 813-4063

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Friday, May 9, 2025 7:31 AM
**To:** Levy, Max I. <MLevy@mofo.com>; kvpoai@keker.com; OpenAICopyright <OpenAICopyright@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com
**Cc:** nyt-ai-sg-service@simplelists.susmangodfrey.com; AI Mail Group <ai@loevy.com>; DailyNews-AI-RFEM@rothwellfigg.com; newyorktimes-microsoft-fdbr@faegredrinker.com; NewYorkTimes_Microsoft_OHS@orrick.com
**Subject:** RE: NYT v. Microsoft et al.

External Email

Hi Max,
Your email does not answer my question. I am asking you to confirm that this shopping feature

falls within the agreed scope for at least RFPs 109-11 and 117. We agree with you that this shopping feature is included within the agreed scope of "Journalism". But the problem with your email is this caveat: "that fall within the scope of what it has agreed to produce with respect to RFPS 109-11 and 117 (or, indeed, any other RFP)." That caveat makes your email confusing and susceptible to suggesting that OpenAI may still take the position that it need not produce any documents about this shopping feature.
Best,
Alex

**From:** Levy, Max I. <MLevy@mofo.com>
**Sent:** Thursday, May 8, 2025 11:25 AM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; kvpoai@keker.com; OpenAICopyright <OpenAICopyright@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com
**Cc:** nyt-ai-sg-service@simplelists.susmangodfrey.com; AI Mail Group <ai@loevy.com>; DailyNews-AI-RFEM@rothwellfigg.com; newyorktimes-microsoft-fdbr@faegredrinker.com; NewYorkTimes_Microsoft_OHS@orrick.com
**Subject:** RE: NYT v. Microsoft et al.

EXTERNAL Email
Hi Alex,

Thanks for your email. We're a bit perplexed by The Times's concerns given that OpenAI has already agreed to include product recommendations within the scope of discovery related to Journalism.

Indeed, we negotiated extensively over the definition of Journalism, ultimately agreeing to the following definition:

> the "activity of writing … for newspapers, magazines, news websites … or any other [written] publication." We clarified that this definition would exclude non-text content (e.g., audiovisual content) and limit the scope of the response to written news content, ***including*** *recipes and **product recommendations***.

*See* Frawley January 24, 2025 Correspondence (agreeing to the definition above) (emphasis added). Given this agreement, OpenAI confirms that to the extent OpenAI has agreed to produce documents relating to Journalism in response to various RFPs, that production would include documents relating to product recommendations. And OpenAI confirms that if, in conducting its reasonable search, it identifies non-privileged documents in its possession, custody, or control, discussing the new shopping feature you've identified that fall within the scope of what it has agreed to produce with respect to RFPS 109-11 and 117 (or, indeed, any other RFP), it will produce those documents. We trust this confirmation resolves the dispute.

Best,
Max

**MAX LEVY**

Associate | Morrison & Foerster LLP
755 Page Mill Road | Palo Alto, CA 94304-1018
P: +1 (650) 813-4063

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Friday, May 2, 2025 5:45 AM
**To:** kvpoai@keker.com; OpenAICopyright <OpenAICopyright@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com
**Cc:** nyt-ai-sg-service@simplelists.susmangodfrey.com; AI Mail Group <ai@loevy.com>; DailyNews-AI-RFEM@rothwellfigg.com; newyorktimes-microsoft-fdbr@faegredrinker.com; NewYorkTimes_Microsoft_OHS@orrick.com
**Subject:** NYT v. Microsoft et al.

**External Email**

Counsel,

We write concerning recent reports describing how OpenAI is adding shopping features to ChatGPT search results.

https://www.theinformation.com/briefings/openai-adds-shopping-features-search-results. According to this article, these shopping features are based on "a variety of online sources, including traditional publishers like product review and news sites." As you know, The Times maintains a dedicated publication for shopping recommendations (Wirecutter).

This development is relevant to The Times's allegations that Defendants' products "create less incentive for users to navigate" to Wirecutter, and in turn deprive The Times of revenue from Wirecutter's affiliate links. *See* SAC ¶¶ 127-32 ("Detailed synthetic search results that effectively reproduce Wirecutter recommendations create less incentive for users to navigate to the original source. Decreased traffic to Wirecutter articles, and in turn, decreased traffic to affiliate links, subsequently lead to a loss of revenue for Wirecutter. A user who already knows Wirecutter's recommendations for the best cordless stick vacuum, and the basis for those recommendations, has little reason to visit the original Wirecutter article and click on the links within its site. In this way, Defendants' generative AI products directly and unfairly compete with Times content and usurp commercial opportunities from The Times.").

Documents related to the above-mentioned shopping features on ChatGPT are responsive to, at a minimum, RFPs 109-11, and 117, for which OpenAI agreed to produce documents.  Please confirm that OpenAI's document production will include these documents. If not, please let us know when you can meet and confer by

May 8.

Best,
Alex

**Alexander P. Frawley | Susman Godfrey LLP**

One Manhattan West, 50th Floor | New York, NY 10001

212.729.2044 (office) | 917.599.6613 (cell)

afrawley@susmangodfrey.com | www.susmangodfrey.com

===================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

=================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=fIGOkiG8u2jiaPQ0BbCXTK2YLSBMieHZ

=================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended

addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.