<u>**VIA ECF**</u>

June 10, 2025

Hon. Ona T. Wang
Southern District of New York

> *In re OpenAI, Inc.*, *Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW)
> This Document Relates To: News Cases

Dear Magistrate Judge Wang:

News Plaintiffs[1] write concerning a dispute over Microsoft's responses to two interrogatories served in March 2025. These interrogatories ask Microsoft to identify contracts that it may rely on and/or believes are relevant to the News Cases. Microsoft's co-defendant, OpenAI, has agreed to promptly respond to similar interrogatories. By contrast, Microsoft refuses to respond until the end of discovery—when it is too late for News Plaintiffs to pursue additional discovery about any contracts that Microsoft identifies. News Plaintiffs seek an order requiring Microsoft to respond to these interrogatories within two weeks of the upcoming June 25, 2025 discovery conference, i.e., by July 9, 2025.

## **Background**

This motion concerns Interrogatories 11 and 12, served by The Times on March 7, 2025. *See* Ex. 1 at 5-6.

> **Interrogatory 11** asks Microsoft to "identify all contractual agreements with any News Plaintiff that You intend to rely on in the News Cases, including but not limited to any agreements previously requested in Times RFP 73, served on August 27, 2024. For any contractual agreement identified, include the Bates number(s)."

> **Interrogatory 12** asks Microsoft to "identify all contractual agreements that You believe are relevant to any claim or defense in the News Cases, including but not limited to any agreements previously requested in Times RFP 73, served on August 27, 2024. For any contractual agreement identified, include the Bates number(s)." News Plaintiffs have clarified through the meet-and-confer process that the scope of this Interrogatory is coterminous with RFP 73, for which Microsoft has already agreed to produce documents. Microsoft should identify the documents that it has already agreed to produce in response to that RFP.[2]

---

[1] This motion is filed on behalf of News Plaintiffs The New York Times Company ("The Times"), the *Daily News* Plaintiffs, and The Center for Investigative Reporting.

[2] RFP 73, served on August 27, 2025, asked Microsoft to produce "all documents relating to any contract, license agreement, or terms that You intend to rely on or which You otherwise believe is relevant to the claims and defenses in this case." In response, Microsoft agreed to produce documents "concerning any contract or license agreement that Microsoft intends to rely on or that Microsoft contends is relevant to the claims and defenses in this case."

1

Microsoft has refused to answer these interrogatories, claiming they are "premature" for "this stage of discovery." Ex. 2 at 4 (email correspondence between the parties)[3]; Ex. 1 at 5-6 (Microsoft's responses and objections).

## Argument

These interrogatories are timely and Microsoft should be ordered to promptly respond to them. Local Rule 33.3(a) permits interrogatories seeking "*the existence*, custodian, location, and general description of *relevant documents*, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." (emphases added). Here, News Plaintiffs merely seek the identification of particular contracts. As OpenAI has acknowledged, "asking for the identification of certain documents is exactly the type of question suitable for interrogatories." *Authors Guild* Dkt. 348 at 3.

News Plaintiffs need a response to these interrogatories because Microsoft's Answer does not identify any contract on which it intends to rely, although it does assert a defense of implied (but not express) license. *Times* Dkt. 529 at 31; *Daily News* Dkt. 344 at 41; *CIR* Dkt. 267 at 25. There is simply no other way for News Plaintiffs to know whether Microsoft intends to rely on any contract. Without having this information now, News Plaintiffs cannot examine the terms of any such contracts, serve follow-up discovery requests if necessary, and question deponents about them.

Courts in this District have compelled responses to analogous interrogatories at the earliest stages of litigation. For example, in *Brunero v. Vukasinovic*, the defendant was ordered to respond to one of the plaintiff's first interrogatories asking him to "identify any oral or written agreements between you and [plaintiff] or anyone else which you contend entitle you to be compensated for the services you allege you performed." 2024 WL 4345731, at *6 & n.12 (S.D.N.Y. Sept. 30, 2024). Similarly, in *VEREIT, Inc. v. Schorsch*, the plaintiff was ordered to respond to an interrogatory asking it to "identify all contracts made, by identification number, in the period requested." 2018 WL 11222865, at *2 (S.D.N.Y. July 12, 2018).

Microsoft has inaccurately characterized these requests as contention interrogatories. *See* Ex. 1 at 5-6 (Microsoft's responses and objections). Microsoft is wrong because News Plaintiffs are not asking Microsoft "to state all the facts upon which it bases a contention," nor to "state the legal or theoretical basis for a contention." *Nat. Res. Def. Council, Inc. v. Fox*, 1996 WL 497024, at *4 (S.D.N.Y. Aug. 30, 1996). News Plaintiffs are merely asking for a list of Bates numbers, not an explanation of why any contract is relevant. Because "identifying these discrete" contracts "should entail comparatively simple responses rather than long narrative explanations, the request

---

[3] News Plaintiffs have been seeking to resolve this dispute since April, shortly after Microsoft served its responses and objections to the interrogatories. On April 18, News Plaintiffs sent an email citing authority to support their request and asking Microsoft to reconsider its position. Ex. 2 at 7-8 (email correspondence). News Plaintiffs also requested a prompt meet and confer. When Microsoft refused to reconsider its position, News Plaintiffs sent a follow-up email on May 30 requesting a meet and confer. *Id.* at 4. News Plaintiffs then followed up again on June 3. *Id*. The parties met and conferred about this dispute by videoconference on June 9, and exchanged further emails on June 9 and June 10. *Id.* at 1-3.

is not outside the scope of Local Rule 33.3(b)." *In re Weatherford Int'l Sec. Litig.*, 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013).

If Microsoft plans to rely on particular contracts, Microsoft should promptly respond to these interrogatories – just as OpenAI agreed to do. Otherwise, News Plaintiffs will be deprived of an opportunity to pursue full discovery into any contracts that Microsoft plans to rely on. *See E\*Trade Fin. Corp. v. Deutsche Bank, AG*, 2006 WL 3267267, at *2 (S.D.N.Y. Nov. 13, 2006) (requiring defendant to "identify the specific documents" responsive to an interrogatory, including so plaintiff could obtain "further details" from the defendant about those documents "the deposition of appropriate witnesses").

Respectfully,

*Davida Brook*
Davida Brook
Susman Godfrey LLP
News Plaintiffs' Liaison Counsel

cc:    All Counsel of Record (via ECF)

3