# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS-OTW |

**MICROSOFT CORPORATION'S RESPONSES AND OBJECTIONS TO THE NEW YORK TIMES COMPANY'S SECOND SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Microsoft Corporation responds to Plaintiff's Second Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

Microsoft's responses are subject to the following objections to the "Definitions" and "Instructions" provided with the Interrogatories, each of which is hereby incorporated by reference into Microsoft's responses below. If Microsoft objects to a definition of a term and that term is used in the definition of a subsequent term, Microsoft's objections to the term used in the subsequent definition are incorporated by reference therein.

1.     Microsoft objects to the definition of the terms "Microsoft" and "You" and "Your" on the ground that they are overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they include persons or entities over which Microsoft has no control and,

therefore, Microsoft does not have possession, custody, or control of information of any such persons or entities. Microsoft will interpret each of these terms to mean Microsoft Corporation.

2.    Microsoft objects to the definition of "OpenAI" as overly broad, unduly burdensome, and not proportional to the needs of the case because it includes entities other than the OpenAI entities listed as Defendants and persons other than the OpenAI Defendants' present and former officers, directors, and employees acting in that capacity. Microsoft will construe the term "OpenAI" to only include the OpenAI Defendants and their present and former officers, directors, and employees, acting in that capacity.

3.    Microsoft objects to the definition of "The Times" as overly broad, unduly burdensome, and not proportional to the needs of the case because it includes persons or entities that are not parties to this Action. Microsoft will construe the term "The Times" to mean New York Times Company.

4.    Microsoft objects to the Definition of "AI Model(s)" as overly broad, unduly burdensome, and not proportional to the needs of the case because it includes artificial intelligence models that are not identified in the Complaint and that have no relationship to Microsoft. Microsoft will interpret this phrase to mean the specific artificial intelligence models identified in the Complaint and relevant to the products and services at issue in this case: GPT-3, GPT-3.5, GPT-4, GPT-4 Turbo, and/or any model used by Microsoft's "Generative AI Products and Services," as defined below, for text generation, on or before the filing date of the Complaint.

5.    Microsoft objects to the Definition of "Generative AI Models" as overly broad, unduly burdensome, and not proportional to the needs of the case because it includes generative artificial intelligence models that are not identified in the Complaint and have no relationship to the facts alleged or claims asserted in the Complaint, and because it incorporates the definition of

"AI Models," which Microsoft objected to above. Microsoft will interpret this phrase to mean the specific generative artificial intelligence models identified in the Complaint and relevant to the products and services at issue in this case: GPT-3, GPT-3.5, GPT-4, GPT-4 Turbo, and/or any model used by Microsoft's "Generative AI Products and Services," as defined below, for text generation, on or before the filing date of the Complaint.

6.      Microsoft objects to the Definition of "Text Generation AI Models" for the same reasons Microsoft objects to the Definitions of "AI Model(s)" and "Generative AI Model(s)." Microsoft further objects to this Definition as vague and ambiguous because it "include[es] generative pre-trained transformers or large language models (LLMs)" in the term "Generative AI Model(s)": "generative pre-trained transformers or large language models (LLMs)" is not defined, and The Times already otherwise defined "Generative AI Model(s)," so it is unclear what "Generative AI Model(s)" is meant to include for purposes of the term "Text Generation AI Models." Microsoft further objects to this Definition as irrelevant and/or overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it includes "the GPT-4o family of models" because they have no relationship to the allegations in the Complaint. Microsoft will interpret this phrase to mean the specific generative artificial intelligence models identified in the Complaint and relevant to the products and services at issue in this case: GPT-3, GPT-3.5, GPT-4, GPT-4 Turbo, and/or any model used by Microsoft's "Generative AI Products and Services," as defined below, for text generation, on or before the filing date of the Complaint.

7.      Microsoft objects to the Definition of "Generative AI Product(s) and Service(s)" as overly broad, unduly burdensome, and not proportional to the needs of the case because it includes generative artificial intelligence products and services that are not identified in the Complaint and have no relationship to the facts alleged or claims asserted in the Complaint. Microsoft further

3

objects to this Definition to the extent that it incorporates the definition of "Generative AI Model," which Microsoft objects to. Microsoft further objects to this Definition as vague and ambiguous because it includes "the OpenAI API": APIs allow software components to communicate with each other and so do not "include" any artificial intelligence model. Microsoft will interpret this phrase to mean the products and services identified in the Complaint: ChatGPT, ChatGPT Plus, ChatGPT- Enterprise, Browse with Bing, Bing Chat, and Microsoft 365 Copilot. For the avoidance of doubt, "Microsoft's Generative AI Products and Services" refers to Bing Chat and Microsoft 365 Copilot.

8.      Microsoft objects to each of the Interrogatories as vague and ambiguous because many of the Interrogatories imply, suggest, and/or assume that Microsoft Trained or otherwise developed OpenAI's generative artificial intelligence models, including by referring to "Defendants' Generative AI Models." Microsoft did not Train OpenAI's models, does not possess the Training Datasets OpenAI used to Train its models, and is unaware of the specific contents of the Training Datasets used by OpenAI to Train its models. Microsoft will not provide information in response to Interrogatories that imply, suggest, and/or assume that Microsoft Trained or otherwise developed OpenAI's models.

9.      Microsoft objects to each Request to the extent it seeks information that is subject to the attorney-client privilege, work product doctrine, joint defense privilege, common interest protection, or any other applicable privilege, immunity, or protection provided by law, or that are trial preparation materials (collectively, "Privileged Materials"). Privileged Materials will not be disclosed.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 11:

Identify all contractual agreements with any News Plaintiff that You intend to rely on in the News Cases, including but not limited to any agreements previously requested in Times RFP 73, served on August 27, 2024. For any contractual agreement identified, include the Bates number(s).

### RESPONSE TO INTERROGATORY NO. 11:

In addition to its General Objections, Microsoft objects to this Interrogatory as seeking information that that exceeds the scope of permissible discovery set forth in Local Rule 33.3 because it prematurely calls for contentions and improperly requests the disclosure of legal theories, conclusions, or opinions before the completion of discovery, including the deposition of witnesses and exchange of expert reports. Requiring Microsoft to identify evidence on which it intends to rely in support of its claims or defenses at this stage of litigation would be unduly burdensome and inappropriate prior to the development of a more complete factual record. Microsoft further objects to this Interrogatory as cumulative and duplicative of Interrogatory No. 12 and incorporates its responses and objections to that Interrogatory as if fully set forth herein.

Subject to these objections, Microsoft states as follows: Microsoft will not currently provide a response to this Interrogatory. Microsoft will supplement this response at the appropriate time, in accordance with Rule 33 and the Court's scheduling order, after discovery has sufficiently progressed to allow for an informed response.

### INTERROGATORY NO. 12:

Identify all contractual agreements that You believe are relevant to any claim or defense in the News Cases, including but not limited to any agreements previously requested in Times RFP

5

73, served on August 27, 2024. For any contractual agreement identified, include the Bates number(s).

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to its General Objections, Microsoft objects to this Interrogatory as seeking information that that exceeds the scope of permissible discovery set forth in Local Rule 33.3 because it prematurely calls for contentions and improperly requests the disclosure of legal theories, conclusions, or opinions before the completion of discovery, including the deposition of witnesses and exchange of expert reports. Requiring Microsoft to identify evidence on which it intends to rely in support of its claims or defenses at this stage of litigation would be unduly burdensome and inappropriate prior to the development of a more complete factual record.

Subject to these objections, Microsoft states as follows: Microsoft will not currently provide a response to this Interrogatory. Microsoft will supplement this response at the appropriate time, in accordance with Rule 33 and the Court's scheduling order, after discovery has sufficiently progressed to allow for an informed response.

**INTERROGATORY NO. 13:**

Identify all affirmative defenses You intend to assert in this case, and for any affirmative defense You identify, describe in detail Your basis for asserting that defense.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to its General Objections, Microsoft objects to this Interrogatory as seeking information that that exceeds the scope of permissible discovery set forth in Local Rule 33.3 because it prematurely calls for contentions and improperly requests the disclosure of legal theories, conclusions, or opinions before the completion of discovery, including the deposition of witnesses and exchange of expert reports. Requiring Microsoft to identify and describe in detail

all affirmative defenses that Microsoft intends to assert at this stage of litigation would be unduly burdensome and inappropriate prior to the development of a more complete factual record. Microsoft further objects to this Interrogatory as compound and constituting multiple interrogatories under Federal Rule of Civil Procedure 33(a)(1) because it seeks a detailed description any number of affirmative defenses that Microsoft may or may not ultimately rely upon at trial. Microsoft also objects to this Interrogatory as premature because Microsoft's answer and affirmative defenses is not yet due in this Action.

Subject to these Objections, Microsoft states as follows: Microsoft will not currently provide a response to this Interrogatory. Microsoft will supplement this response at the appropriate time, in accordance with Rule 33 and the Court's scheduling order, after discovery has sufficiently progressed to allow for an informed response.

**INTERROGATORY NO. 14:**

Identify all individuals and entities who received or viewed any version of the presentation titled "Content Supply Chains" (MSFT_NEWS_001233834), including all individuals and entities that attended and/or viewed any version of this presentation.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to its General Objections, Microsoft objects to this Interrogatory as irrelevant and/or overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks the identification of "all individuals and entities" who may have received or viewed the presentation produced as MSFT_NEWS_001233834 or any version thereof, and all such individuals and/or entities, particularly any third parties, are not relevant to the claims or defenses in this Action. Microsoft objects to the term "entities" as vague, ambiguous, and overly broad because this term is not defined, and it is unclear as to how an "entit[y]" could view or receive this

7

presentation or how to determine whether an individual received, viewed, or attended a meeting displaying this presentation on behalf of any entity. Microsoft also objects to the term "any version" as vague, ambiguous, and overly broad because this term is not defined and requires speculation as to the scope of documents that may be considered a "version" thereof. Microsoft further objects to this Interrogatory overly broad, unduly burdensome, and not proportional to the needs of the case because it purports to require that Microsoft undertake a burdensome investigation to identify all versions of this presentation, however the term "version" may be defined, and for each and every version identified, to the extent that any such "versions" exist, whether any individual and/or entity has received or viewed the same, which is neither feasible nor relevant to any claims or defenses in this Action. Microsoft also objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that the Times envisions unlimited additional custodians specific to this Interrogatory as Brent Hecht, the author, is already a custodian, and the discovery already propounded upon Microsoft already encompasses the information sought by this Interrogatory. Microsoft objects to this interrogatory as cumulative and duplicative of at least Request for Production Nos. 133, 140, 141, 142, 143, 144, and 145 and incorporates its responses and objections to those Requests as if fully set forth herein.

Subject to these objections, Microsoft identifies the following who individuals received or viewed the presentation:

- Brent Hecht, Partner Director of Applied Science, Microsoft Research, Microsoft;

- Geraldine Russell, Head of Global AI Content Partnerships and Content Licensing Americas, Microsoft;

- Susan Dumais, Technical Fellow & Managing Director, Microsoft Research, Microsoft;

8

- Sharon Gillett, Technical Advisor and Sr. Principal Research Program Manager, Microsoft Research, Microsoft; and

- Robbie Gonzalez, Director of CEO Communications, Microsoft.

These individuals should only be contacted through counsel for Microsoft.

Microsoft's investigation into this Interrogatory is ongoing, and Microsoft will supplement its response further as additional responsive information is discovered.

**INTERROGATORY NO. 15:**

Identify all dashboards or similar tools that can be queried to generate user metrics for Your Generative AI Products and Services, including session duration, the number of prompts or queries that a user inputs per session, click-through data, fallback rates, bounce rates, subscriber figures, ad impressions, and search performance metrics. For each such tool, identify (i) each of the tracked metrics, and (ii) the date ranges of the data contained therein. This Request includes but is not limited to the following dashboards: Intent Analysis dashboard (MSFT_NEWS_000995447 at -60), the Titan dashboard (MSFT_NEWS_000635522), and the dashboards listed in MSFT_NEWS_000637451.

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to its General Objections, Microsoft objects to this Interrogatory as compound and constituting multiple interrogatories under Federal Rule of Civil Procedure 33(a)(1) because it has discrete subparts seeking discrete categories of information, including (1) all dashboards or "similar tools" reflecting user metrics for Bing Chat; (2) all dashboards or "similar tools" reflecting user metrics for Microsoft 365 Copilot; (3) each and every metric tracked for any such dashboard or "similar tool" identified without limitation; and (4) the date ranges for all data contained therein. Microsoft further objects to the phrase "dashboards or similar tools that can be queried to generate

9

user metrics" as vague, ambiguous, and overly broad because this phrase is not defined, and it is unclear what specific information is sought by this Interrogatory, particularly because the eight "user metrics" identified appear to involve multiple, unrelated categories of information. Microsoft objects to this Interrogatory to the extent that it seeks to include the Bing search engine as a Microsoft Generative AI Product and Service, as reflected by the term "search performance metrics" as used in this Interrogatory. Microsoft will interpret this Interrogatory as requesting information regarding internal databases that track and maintain telemetry data for Microsoft's Generative AI Products and Services, Bing Chat and Microsoft 365 Copilot, and the Bing search engine. Microsoft also objects to the terms "fallback rates," "bounce rates," and "search performance metrics" as vague and ambiguous because these terms are not defined. Microsoft objects to this Interrogatory as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information without limitation and would require that Microsoft undertake a burdensome investigation to identify voluminous and granular information that may or may not bear any relevance to any claims or defenses in this Action. Microsoft also objects to this Interrogatory as irrelevant and/or vague and ambiguous because it requests that Microsoft identify certain "dashboards or similar tools" but purports to dictate and assume the substance of Microsoft's response. Microsoft objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information that exceeds the scope of permissible discovery set forth in Local Rule 33.3 and that is more appropriately sought—and has been sought—through other means of discovery, such as requests for production and/or inspection. Microsoft objects to this Interrogatory as cumulative and duplicative of at least Interrogatory Nos. 8 and 9 and Requests for Production Nos. 47, 92, 93,

10

and 154 and incorporates its responses and objections to those Interrogatories and Requests as if fully set forth herein.

Subject to these objections, Microsoft states as follows:  In addition to the dashboards identified by the Times in this Interrogatory, Microsoft identifies the following:

- Search Log API (SLAPI) – SLAPI contains Bing Chat telemetry data, and the information therein is available in five different views:

    o Chat Log Turn View – This view contains data generally related to the front-end user interface and actions, such as prompts entered by users and responses shown to users. Each row in this view contains data for a single turn (a prompt and a response).

    o Codex Server Log Turn View – This view contains data generally related to the back-end processes that take place in order to generate a response.

    o Codex Server Log Conversation View – This view contains the same data as the Codex Server Log Turn View, the difference being that for this view each row contains the data for a full conversation.

    o Codex Turn View – This view combines the front-end Chat Log data with the backend Codex Server Log data. Each row in this view contains data for a single turn.

    o Codex Impression View – This view combines data from the Chat Log and combines it with certain data collected by Bing.

SLAPI data for the relevant Generative AI Products and Services is stored from July 2023 through October 2024. Microsoft further directs The Times to the following documents for information regarding the metrics reflected therein: MSFT_NEWS_000624874;

11

MSFT_NEWS_000624875;    MSFT_NEWS_000624876;    MSFT_NEWS_001115500;

MSFT_NEWS_001115501;    MSFT_NEWS_001115502;    MSFT_NEWS_001115503;

MSFT_NEWS_001115504;    MSFT_NEWS_001115505;    MSFT_NEWS_001240195;

MSFT_NEWS_001240196; and MSFT_NEWS_001240197.

- Bing Webmaster Tools Search Performance Report – The Bing Webmaster Tool is available to website owners and includes data regarding a website's performance on Bing search. The Search Performance Data available in the Bing Webmaster Tools is stored from June 2023 through present. Microsoft further directs The Times to the webpage, also cited in The Times's Request for Production No. 92, for additional information regarding the metrics:    Search    Performance,    WEBMASTER    TOOLS    HELP, https://www.bing.com/webmasters/help/c680da36#:~:text=The%20Search%20performan ce%20report%20contains,traffic%20sources%20to%20your%20website.

Microsoft's investigation into this Interrogatory is ongoing, and Microsoft will supplement its response further as additional responsive information is discovered. Microsoft is willing to meet and confer regarding the scope of this Interrogatory, particularly to understand how The Times intends to define the categories of information sought such that Microsoft can provide further responsive information accordingly.

Dated: April 7, 2025

Respectfully submitted,

*/s/  Jared B. Briant*
Jared B. Briant (admitted *pro hac vice*)
Kirstin L. Stoll-DeBell (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegredrinker.com
Email: kirstin.stolldebell@faegredrinker.com

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York: NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
        mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
        lnajemy@orrick.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL  60606-5707

13

Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: carrie.beyer@faegredrinker.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*

## CERTIFICATE OF SERVICE VIA ELECTRONIC MAIL

This is to certify that on April 7, 2025, I directed the foregoing document to be served on all counsel of record, including the below, via email, per the parties' agreements:

| | |
|---|---|
| Genevieve Vose Wallace<br>Ian B. Crosby<br>Katherine Marie Peaslee<br>SUSMAN GODFREY LLP<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 516-3880 | Davida Brook<br>Ellie Rae Dupler<br>Emily K. Cronin<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Telephone: (310) 798-3150 |
| Alexander Frawley<br>Eudokia Spanos<br>Tamar Lusztig<br>Elisha Brandis Barron<br>Zachary B. Savage<br>SUSMAN GODFREY LLP<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Telephone: (212) 336-8330 | Jennifer Maisel<br>Kristen Logan<br>Steven M Lieberman<br>ROTHWELL FIGG ERNST & MANBECK, P.C.<br>901 New York Avenue, N.W., Suite 900 East<br>Washington, DC 20001<br>Telephone: (202) 783-6040 |
| Scarlett Collings<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Telephone: (713) 904-8812 | |
| NYT-AI-SG-Service@simplelists.susmangodfrey.com | |
| *Attorneys for New York Times Company* | |

| | |
|---|---|
| Andrew M. Gass<br>Joseph R. Wetzel<br>LATHAM & WATKINS<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: (415) 391-0600 | Sarang V. Damle<br>LATHAM & WATKINS<br>555 Eleventh Street NW, Suite 1000<br>Washington, DC 20004<br>Telephone: (202) 637-2200 |
| Allison L. Stillman<br>Luke Budiardjo<br>LATHAM & WATKINS | |

| | |
|---|---|
| 1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200 | |

OpenAICopyrightLitigation.lwteam@lw.com

*Attorneys for Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC*

| | |
|---|---|
| Joseph C. Gratz<br>Vera Ranieri<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105-2482<br>Telephone: (415) 268-7000 | Allyson R. Bennett<br>Rose S. Lee<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, California 90017-3543<br>Telephone: (213) 892-5200 |
| Eric Nikolaides<br>MORRISON & FOERSTER LLP<br>250 W. 55th St.<br>New York, NY 10019 | |

OpenAICopyright@mofo.com

*Attorneys for Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC*

| | |
|---|---|
| Robert Van Nest<br>Katie L. Joyce<br>Michelle S. Ybarra<br>Nicholas S. Goldberg<br>Thomas E. Gorman<br>Paven Malhotra<br>Sarah Salomon<br>KEKER & VAN NEST LLP<br>633 Battery Street<br>San Francisco, CA 94111<br>Telephone: (415) 391-5400 | R. James Slaughter<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: (415) 391-5400 |

KVPOAI@keker.com

*Attorneys for Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC*

*/s/    Shelley M. Meyer*
Shelley M. Meyer

16