SUSMAN GODFREY L.L.P.

June 13, 2025

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *The New York Times Company v. Microsoft Corporation, et al.*,
                No.: 23-cv-11195-SHS: Opposition to Microsoft's Motion to Compel

Dear Magistrate Judge Wang:

       Plaintiff The New York Times Company ("The Times") opposes Microsoft's motion to compel documents in response to RFPs 232 and 234. Dkt. 619. Microsoft's repeated assertion that The Times has "refus[ed] to produce relevant documents regarding The Times's policies applicable to the use of Defendants' generative AI tools" is inaccurate. *Id.* at 1. The Times has already agreed to produce non-privileged "editorial guidelines applicable to [the] *use of Defendants' generative AI tools* and [ ] training documents addressing those same guidelines." *Id.*; *see* MS RFP 29; OAI RFP 46. To the extent The Times has responsive guidelines protected by work product or other privilege, The Times will log them. The Times disputes Microsoft's claim that these documents are relevant to showing substantial non-infringing use, and in any event, Judge Stein has already ruled that substantial noninfringing uses are not a defense to The Times's claim of contributory infringement by material contribution. *See* Dkt. 514 at 17-19.

       If Microsoft is seeking editorial guidelines and training documents related exclusively to the use of non-Defendant generative AI tools, or of "AI" broadly, The Times will not produce those documents. Indeed, in its November 22, 2024 Order—which was recently affirmed by Judge Stein—the Court already ruled on this issue and found such documents to be irrelevant. *See* Dkt. 344; Dkt. 592. However, if Microsoft has now agreed to limit its ask to documents concerning The Times use of Defendants' generative AI tools, there is no dispute here—to the extent they are non-privileged—The Times has agreed to produce them.

1. **The Times Has Already Produced Policies and Procedures Applicable to the Use of Defendants' Generative AI Tools.**

      Microsoft claims that its "Requests seek policies and training materials that are applicable to use by The Times's journalists of Defendants' generative AI tools." Dkt. 619 at 3. But The Times has already agreed to produce these very documents. Specifically, The Times has produced non-privileged documents in the following categories, which directly bear on Microsoft's Requests:

> (1) Documents regarding The Times's guidelines and procedures regarding the use of Defendants' generative AI tools, including guidance documents themselves (e.g., NYT_00468501, NYT_00709636); and

> (2) Documents sufficient to show any training programs The Times is implementing or has implemented about Defendants' generative AI.

October 25, 2024
Page 2

Moreover, in response to Microsoft's most recent set of RFPs, The Times agreed to produce prior final versions of its (1) Ethical Journalism Handbook and (2) Guidelines on Integrity dating back to 2018. These handbooks and guidelines, which Microsoft specifically requested, directly address The Times's journalistic practices—which include the use of AI and attribution. *See* Ethical Journalism, https://www.nytimes.com/editorial-standards/ethical-journalism.html, ("Any use of A.I. must have human oversight and adhere to established journalistic standards and editing processes. We should be transparent with readers about our work and the tools used to produce it. If we make substantial use of generative A.I., we should disclose our process through clear labeling and explanations."); Guidelines on Integrity, https://www.nytimes.com/editorial-standards/guidelines-on-integrity.html, ("When we use facts gathered by any organization, we attribute them."). Thus, Microsoft's assertion that The Times has not produced "guidelines and training materials specific to journalistic uses" is incorrect. Dkt. 619 at 3.

2. **The Times's Policies and Procedures Regarding the Use of Non-Defendant Generative AI Tools are Irrelevant.**

The Times's primary objection to RFPs 232 and 234 is that the Requests were not limited to documents regarding Defendants' generative AI tools. Specifically, RFP 232 sought "documents and videos laying out editorial do's and don't[s] *for using AI*" and RFP 234 sought "training documents that laid out possible use cases for journalists as referenced in the Semafor article entitled 'New York Times goes all-in on internal AI tools[1].'" Nothing in Defendants' Requests cabined their ask to Defendants' generative AI tools. Indeed, the cited Semafor article discusses The Times's use of non-Defendant generative AI tools—including "Google's Vertex AI" and "some Amazon AI products." For the avoidance of doubt, if a document covers both Defendants' generative AI products and those of others, it will be produced. The Times's objection applies to those documents that pertain solely to non-generative AI or other companies' generative AI products.

And, this Court has already ruled that "discovery concerning [The Times's] interactions with their own and non-parties' Gen AI tools are neither relevant nor proportional to the needs of the case." Dkt. 344. On May 30, 2025, Judge Stein affirmed that decision. *See* Dkt. 592. Accordingly, to the extent Microsoft is seeking editorial guidelines and training documents related to the use of non-Defendants' generative AI tools, the Court should deny those requests as seeking irrelevant information.

3. **Microsoft's Reliance on the Substantial Non-Infringing Uses Defense is Unavailing.**

Microsoft also claims "[t]he materials sought are directly relevant to demonstrating substantial noninfringing uses" of its technology. Dkt. 619 at 1. This argument has already been litigated and rejected. As Judge Stein recently held in denying Defendants' motions to dismiss The

---

[1] *See* https://www.semafor.com/article/02/16/2025/new-york-times-goes-all-in-on-internal-ai-tools.

October 25, 2024
Page 3

Times's contributory infringement claim, Dkt. 585 at 64, "substantial noninfringing uses" are not a defense to The Times's claim of copyright infringement by material contribution:

> *Sony* and *Grokster* do not foreclose plaintiffs' contributory copyright infringement claims at this stage . . . [W]hile *Sony* and *Grokster* analyzed claims of contributory copyright infringement by inducement, they did not discuss claims of contributory copyright infringement by material contribution, which plaintiffs allege here. See *Grokster*, 545 U.S. at 934 (rejecting circuit court's "converting [of] the [*Sony*] case from one about liability resting on imputed intent to one about liability on any theory"). Indeed, "the fact that a product is 'capable of substantial lawful use' does not mean the 'producer can never be held contributorily liable.'" *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 306 (4th Cir. 2018) (citations omitted). In a word, *Sony* foreclosed imputing "culpable intent" solely based on the "characteristics or uses of a distributed product." *Grokster*, 545 U.S. at 934. It left open, however, other "rules of fault-based liability derived from the common law," *id.*, including liability based on material contribution, a theory which neither *Sony* nor *Grokster* discussed nor foreclosed. See *Gershwin Publ'g Corp.*, 443 F.2d at 1162–63 (predicating contributory liability for material contribution on "the common law doctrine that one who knowingly participates [in] or furthers a tortious act is jointly and severally liable with the prime tortfeasor").

Dkt. 514 at 17–18. And to the extent Microsoft's motion implicates The Times's use of third-party generative AI (or AI) tools, that too is foreclosed by this Court and Judge Stein's prior rulings. *See* Dkt. 344; Dkt. 592.

Consistent with Judge Stein's instruction, (1) The Times has already produced non-privileged documents related to its policies and procedures applicable to the use of Defendants' generative AI tools, and (2) The Times need not produce policies and procedures regarding the use of non-Defendant generative AI tools. Accordingly, the Court should deny Microsoft's request.

Respectfully submitted,

*/s/ Ian B. Crosby*
Ian B. Crosby
Susman Godfrey L.L.P.

*/s/ Steven Lieberman*
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck

cc:   All Counsel of Record (via ECF)