# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK TIMES COMPANY<br><br>    Plaintiff,<br><br>  -against-<br><br>MICROSOFT CORPORATION, *et al.*,<br><br>    Defendants. | No. 1:23-CV-11195-SHS-OTW |
| DAILY NEWS, *et al.*,<br><br>    Plaintiff,<br><br>  -against-<br><br>MICROSOFT CORPORATION, *et al.*,<br><br>    Defendants. | No. 1:24-CV-3285-SHS-OTW |

**DEFENDANT OPENAI OPCO, LLC'S**
**THIRD SET OF INTERROGATORIES TO**
**PLAINTIFF THE NEW YORK TIMES COMPANY (NOS. 8-10)**

In accordance with Federal Rules of Civil Procedure 26 and 33, Defendant OpenAI OpCo, L.L.C. ("OpenAI OpCo"), by and through its undersigned attorneys, hereby request that within thirty (30) days of service, Plaintiff The New York Times Company respond, under oath and in writing, to these interrogatories. To the extent permitted by Federal Rule of Civil Procedure 26, these interrogatories are to be deemed continuing in nature, and the responses are to be supplemented promptly upon acquisition of further or additional responsive information.

## DEFINITIONS

1. Notwithstanding any Definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the definitions, instructions, and requirements of Federal Rules of Civil Procedure 26, 34, and 37 are adopted and incorporated by reference. Each of these Definitions and Instructions is incorporated into each interrogatory to which it pertains.

2. "Plaintiff," "You," and/or "Your" shall mean The New York Times Company, its officers, directors, managers, Employees, Agents, divisions, parent companies, subsidiaries, affiliates, including any Person who served in any such capacity at any time.

3. "Complaint" shall mean the Complaint filed on December 27, 2023 in *The New York Times Company v. Microsoft Corporation, et al.*, Case No. 1:23-cv-11195 and any subsequent complaint that You file in this action.

4. "Document" shall mean all "writings" and "recordings" as those terms are defined in Federal Rules of Evidence 1001 and shall be afforded the broadest possible meaning permitted by Federal Rule of Civil Procedure 34. By way of illustration and without limitation, Documents include at least the following: originals, drafts and all non-identical copies of memoranda, reports, studies, surveys, analyses, books, manuscripts, notes, emails, graphs, notebooks, correspondence,

interoffice communications, letters, diaries, calendars, photographs, motion pictures, sketches, spreadsheets, source code, drawings, promotional material, technical papers, printed publications, and all other writings, as well as all non-paper information storage means such as sound reproductions, computer inputs and outputs, tape, film and computer memory devices, as well as tangible things such as models, modules, prototypes, and commercially saleable products. If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail. For the avoidance of doubt, any electronic Documents or data shall include its associated metadata.

5. "Agent" shall mean any Person asked, hired, retained, or contracted to assist You or act on Your behalf in connection with this Litigation whether employed or not by You.

6. "Employee" shall mean director, trustee, officer, employee, or partner, whether active or retired, full-time or part-time, current or former, and compensated or not.

7. "Asserted Work" shall mean any work listed in Exhibits A-I and K of the Complaint, or any additional work that may be listed on an amended complaint.

8. "Including" means "including but not limited to." "Include(s)" means "include(s) but is not limited to."

9. "Person" shall mean any natural person or any business, legal, or governmental entity or association.

10. "Identify" or "Identification" as used herein, unless otherwise specified, means, when applied to events or occurrences, to provide a complete factual summary that sets forth, chronologically, the substance of any fact, action, occurrence, conduct, event, circumstance, or

communication relating to the item in question; when applied to Persons or entities, to identify the relevant Person or entity, including name, address, job title, employer, and last known location; and, when applied to Documents, to identify the Bates-number or Bates-range of the Document, its author or creator, its custodian (the person from whose files it came), its date, the identity of each addressee or recipient of the Document, and the type and subject matter of the Document.

11. "Market" means information about the means by which Asserted Works are sold, distributed, or otherwise exploited by You.

12. "Market Description" means information about a Market, including without limitation the geographic scope, target audience, and any other relevant market segments or information used to define the market.

13. "Market Performance" means information about the performance of Asserted Works in each Market, including without limitation sales figures, revenue, market share, and any other relevant financial metrics.

14. "Market and Distribution Channels" means information about the means by which Asserted Works are distributed in each Market including without limitation any online platforms, physical retail locations, licensing agreements, and other methods of distribution.

15. The following rules of construction shall apply to all requests as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well and vice versa; (c) the connectives "and" and "or" shall be construed either disjunctively or conjunctively for the broadest possible meaning; and (d) the terms "all," "any," and "each" shall be construed as "all, any, every, and each."

16. OpenAI's use of terms, phrases, and Definitions is for convenience and no term, phrase, or Definition shall be construed as an admission by OpenAI.

17. Any word that is not defined has its usual and customary meaning.

## INSTRUCTIONS

1. Pursuant to Rule 33, You are to furnish all information available to You in answering the following interrogatories.

2. All interrogatories must be answered completely, in writing, and under oath and signed by the person providing the answers. If any interrogatory cannot be answered completely after the exercise of reasonable diligence, You should furnish as complete an answer as possible and then explain in detail the reason You cannot give a full answer, which shall include a statement indicating what is needed to be able to give a full answer to the interrogatory.

3. If, in answering these interrogatories, You encounter any ambiguities when construing a question, instruction, or definition, without waiver of OpenAI's rights to seek a full and complete response to the interrogatory, Your answer shall set forth the matter deemed ambiguous, state what the assumed meaning is in Your response, and respond to the interrogatory according to the assumed meaning and the construction used in answering.

4. Where knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your Agents, Employees, representatives, and, unless privileged, attorneys. Whenever an answer to these interrogatories contains information that is not based upon Your personal knowledge, state the source and nature of such information.

5. Where a claim of privilege is asserted in objecting to, or withholding any information or documents in response to, any interrogatory or part thereof, You shall provide a log

that identifies any such information or document in a manner to be mutually agreed among the parties.

6.  All responses to these interrogatories require supplementation and correction as prescribed by Rule 26 of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 8:**

Identify Your efforts to mitigate any of the damages You have alleged in the Complaint that You have suffered including without limitation (a) any steps You have taken to mitigate any such damages (b) and how such steps have impacted Your total damages claim. Your answer should include the date that you learned of each purported claim and the identity of any Persons who became aware of that claim, and the steps You took following that awareness, for each claim You assert.

**INTERROGATORY NO. 9:**

Describe in detail each Market for Your Asserted Works including without limitation, for each Market: (a) a Market Description, (b) Market Performance, and (c) Marketing and Distribution Channels.

**INTERROGATORY NO. 10:**

Identify each Document that You used or referenced to respond to the above interrogatories.

Dated: September 21, 2024				Respectfully Submitted

By: */s/ Elana Nightingale Dawson*

**LATHAM & WATKINS LLP**
Andrew M. Gass (*pro hac vice*)
  andrew.gass@lw.com
Joseph R. Wetzel
  joseph.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle
  sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
  elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman
  alli.stillman@lw.com
Rachel R. Blitzer
  rachel.blitzer@lw.com
Luke A. Budiardjo
  luke.budiardjo@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200

By: */s/ Vera Ranieri*

**MORRISON & FOERSTER LLP**
Joseph C. Gratz (*pro hac vice*)
  jgratz@mofo.com
Vera Ranieri (*pro hac vice*)
  vranieri@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: 415.258.7522

Rose S. Lee (*pro hac vice*)
  roselee@mofo.com
Eric K. Nikolaides
  enikolaides@mofo.com
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543

Telephone: 213.892.5454

By: */s/ Michelle S. Ybarra*

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (*pro hac vice*)
  rvannest@keker.com
Paven Malhotra (*pro hac vice*)
  pmalhotra@keker.com
Michelle S. Ybarra (*pro hac vice*)
  mybarra@keker.com
Nicholas S. Goldberg (*pro hac vice*)
  ngoldberg@keker.com
Thomas E. Gorman (*pro hac vice*)
  tgorman@keker.com
Katie Lynn Joyce (*pro hac vice*)
  kjoyce@keker.com
Sarah Salomon (*pro hac vice*)
  ssalomon@keker.com
R. James Slaughter (*pro hac vice*)
  rslaughter@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415.391.5400

*Attorneys for OpenAI Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2024, I caused to be served by email on the recipients listed below a copy of:

**DEFENDANT OPENAI OPCO, LLC'S THIRD SET OF INTERROGATORIES TO PLAINTIFF THE NEW YORK TIMES COMPANY (NOS. 8-10)**

| | |
|---|---|
| Genevieve Vose Wallace<br>Ian B. Crosby<br>Katherine Marie Peaslee<br>SUSMAN GODFREY LLP<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 516-3880 | Davida Brook<br>Ellie Rae Dupler<br>Emily K. Cronin<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Telephone: (310) 798-3150 |
| Alexander Frawley<br>Eudokia Spanos<br>Tamar Lusztig<br>Elisha Brandis Barron<br>Zachary B. Savage<br>SUSMAN GODFREY LLP<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Telephone: (212) 336-8330 | Jennifer Maisel<br>Kristen Logan<br>Steven M Lieberman<br>ROTHWELL FIGG ERNST & MANBECK, P.C.<br>901 New York Avenue, N.W., Suite 900 East<br>Washington, DC 20001<br>Telephone: (202) 783-6040 |
| Scarlett Collings<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Telephone: (713) 904-8812 | |
| *NYT-AI-SG-Service@simplelists.susmangodfrey.com* ||
| *Attorneys for New York Times Company* ||

| | |
|---|---|
| Annette L. Hurst<br>Daniel D. Justice<br>**ORRICK, HERRINGTON & SUTCLIFF LLP**<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>Phone: 415.773.5700<br>Email: *ahurst@orrick.com*<br>         *djustice@orrick.com* | Christopher J. Cariello<br>**ORRICK, HERRINGTON & SUTCLIFF LLP**<br>51 West 2nd Street<br>New York, NY 10019<br>Phone: 415.773.5700<br>Email: *ccariello@orrick.com* |
| Sheryl K. Garko<br>Laura B. Najemy | Jeffrey S. Jacobson<br>**FAEGRE DRINKER BIDDLE & REATH**<br>1177 Avenue of the Americas |

| | |
|---|---|
| **ORRICK, HERRINGTON & SUTCLIFF LLP**<br>222 Berkeley Street, Suite 2000<br>Boston, MA 02116<br>Phone: 617.880.1800<br>Email: *sgarko@orrick.com*<br>          *lnajemy@orrick.com* | New York, NY 10036<br>Phone: 212.248.3191<br>Email: *jeffrey.jacobson@faegredrinker.com* |
| Jared B. Briant<br>**FAEGRE DRINKER BIDDLE & REATH**<br>1144 Fifteenth Street, Suite 3400<br>Denver, CO 80202<br>Phone: 303.607.3500<br>Email: *jared.briant@faegredrinker.com* | |
| *nyclassactions_microsoft_ohs@orrick.com*<br>*MicrosoftNYClassActionFDBR@faegredrinker.com* ||
| *Attorneys for Defendant Microsoft Corporation* ||

                                                            */s/ Elana Nightingale Dawson*