# Exhibit B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
THE NEW YORK TIMES COMPANY             :
                                       :
          Plaintiff,     :
                                       :       No. 1:23-cv-11195-SHS-OTW
   -against-                           :
                                       :
MICROSOFT CORPORATION, *et al.,*       :
                                       :
          Defendants.    :
---------------------------------------------------------- X
DAILY NEWS, *et al.*,                  :
                                       :
          Plaintiff,     :
                                       :       No. 1:24-cv-3285-SHS-OTW
   -against-                           :
                                       :
MICROSOFT CORPORATION, *et al.,*       :
                                       :
          Defendants.    :
---------------------------------------------------------- X
THE CENTER FOR INVESTIGATIVE           :
REPORTING, INC.,                       :
                                       :
          Plaintiff,     :
                                       :       No. 1:24-cv-04872-SHS-OTW
   -against-                           :
                                       :
OPENAI, INC., *et al.,*                :
                                       :
          Defendants.    :
---------------------------------------------------------- X

**DEFENDANT OPENAI OPCO, LLC'S FOURTH SET OF INTERROGATORIES TO
<u>PLAINTIFF THE NEW YORK TIMES COMPANY (NOS. 11–25)</u>**

In accordance with Federal Rules of Civil Procedure 26 and 33, Defendant OpenAI OpCo, L.L.C. ("OpenAI OpCo"), by and through its undersigned attorneys, hereby requests that within thirty (30) days of service, Plaintiff The New York Times Company respond, under oath and in writing, to these interrogatories. To the extent permitted by Federal Rule of Civil Procedure 26, these interrogatories are to be deemed continuing in nature, and the responses are to be supplemented promptly upon acquisition of further or additional responsive information.

## DEFINITIONS

1. Notwithstanding any Definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the definitions, instructions, and requirements of Federal Rules of Civil Procedure 26, 34, and 37 are adopted and incorporated by reference. Each of these Definitions and Instructions is incorporated into each interrogatory to which it pertains.

2. "Plaintiff," "You," and/or "Your" shall mean The New York Times Company, its officers, directors, managers, Employees, Agents, divisions, parent companies, subsidiaries, affiliates, including any Person who served in any such capacity at any time.

3. "Defendant" shall mean any defendant named in the Complaint and any subsequent complaint that You file in this Action.

4. "Complaint" shall mean the Complaint filed on December 27, 2023 in *The New York Times Company v. Microsoft Corporation, et al.*, Case No. 1:23-cv-11195 and any subsequent complaint that You file in this Action.

5. References to this "Action," "Case," "Litigation," or "Lawsuit" mean the above-captioned consolidated cases, Daily News, LP, et al. v. Microsoft Corporation, et al., Case No. 1:24-cv-03285, The Center for Investigative Reporting, Inc. v. OpenAI, Inc., et al., Case No. 1:24-

cv-04872, and The New York Times Company v. Microsoft Corporation, et al., Case No. 1:23-cv-11195, pending in the United States District Court for the Southern District of New York.

6. "Document" shall mean all "writings" and "recordings" as those terms are defined in Federal Rules of Evidence 1001 and shall be afforded the broadest possible meaning permitted by Federal Rule of Civil Procedure 34. By way of illustration and without limitation, Documents include at least the following: originals, drafts and all non-identical copies of memoranda, reports, studies, surveys, analyses, books, manuscripts, notes, emails, graphs, notebooks, correspondence, interoffice Communications, letters, diaries, calendars, photographs, motion pictures, sketches, spreadsheets, source code, drawings, promotional material, technical papers, printed publications, and all other writings, as well as all non-paper information storage means such as sound reproductions, computer inputs and outputs, tape, film and computer memory devices, as well as tangible things such as models, modules, prototypes, and commercially saleable products. If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail. For the avoidance of doubt, any electronic Documents or data shall include its associated metadata.

7. "Agent" shall mean any Person asked, hired, retained, or contracted to assist You or act on Your behalf in connection with this Litigation whether employed or not by You.

8. "Employee" shall mean director, trustee, officer, employee, or partner, whether active or retired, full-time or part-time, current or former, and compensated or not.

9. "Asserted Work" shall mean any work listed in Exhibits A-I and K of the Complaint, or any additional work that may be listed on an amended complaint.

10. "Times' Trademarks" shall mean U.S. Registration No. 5,912,366 for the trademark "The New York Times," U.S. Registration No. 3,934,613 for the trademark "nytimes," and U.S. Registration No. 3,934,612 for the trademark "nytimes.com."

11. "Including" means "including but not limited to." "Include(s)" means "include(s) but is not limited to."

12. "Person" shall mean any natural person or any business, legal, or governmental entity or association.

13. "Communication" shall mean any transmission, exchange, or transfer of information by any means (in the form of facts, ideas, inquiries, or otherwise).

14. "Work-Related Communication" shall mean any Communication You conducted within the scope of Your role in creating the Asserted Works, including brainstorming, drafting, editing, and publishing Your Asserted Works, as well as any Communication pertaining to any allegations in the Complaint.

15. "Identify" or "Identification" as used herein, unless otherwise specified, means, when applied to events or occurrences, to provide a complete factual summary that sets forth, chronologically, the substance of any fact, action, occurrence, conduct, event, circumstance, or Communication relating to the item in question; when applied to Persons or entities, to identify the relevant Person or entity, including name, address, job title, employer, and last known location; and, when applied to Documents, to identify the Bates-number or Bates-range of the Document, its author or creator, its custodian (the person from whose files it came), its date, the identity of each addressee or recipient of the Document, and the type and subject matter of the Document.

16. The following rules of construction shall apply to all requests as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be

outside of its scope: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well and vice versa; (c) the connectives "and" and "or" shall be construed either disjunctively or conjunctively for the broadest possible meaning; and (d) the terms "all," "any," and "each" shall be construed as "all, any, every, and each."

17. OpenAI's use of terms, phrases, and Definitions is for convenience and no term, phrase, or Definition shall be construed as an admission by OpenAI.

18. Any word that is not defined has its usual and customary meaning.

**INSTRUCTIONS**

1. Pursuant to Rule 33, You are to furnish all information available to You in answering the following interrogatories.

2. All interrogatories must be answered completely, in writing, and under oath and signed by the person providing the answers. If any interrogatory cannot be answered completely after the exercise of reasonable diligence, You should furnish as complete an answer as possible and then explain in detail the reason You cannot give a full answer, which shall include a statement indicating what is needed to be able to give a full answer to the interrogatory.

3. If, in answering these interrogatories, You encounter any ambiguities when construing a question, instruction, or definition, without waiver of OpenAI's rights to seek a full and complete response to the interrogatory, Your answer shall set forth the matter deemed ambiguous, state what the assumed meaning is in Your response, and respond to the interrogatory according to the assumed meaning and the construction used in answering.

4. Where knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your Agents, Employees,

representatives, and, unless privileged, attorneys. Whenever an answer to these interrogatories contains information that is not based upon Your personal knowledge, state the source and nature of such information.

5. Where a claim of privilege is asserted in objecting to, or withholding any information or Documents in response to, any interrogatory or part thereof, You shall provide a log that identifies any such information or Document in a manner to be mutually agreed among the parties.

6. All responses to these interrogatories require supplementation and correction as prescribed by Rule 26 of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 11:**

If Your answer to any of the Requests for Admission served on You is anything other than an unqualified admission, Identify all facts that form the basis for Your denial and each Document that supports Your denial.

**INTERROGATORY NO. 12:**

Separately, for each Asserted Work from which You contend OpenAI used copyrighted elements, Identify the entire basis for that contention, including without limitation (a) each element in the Asserted Work that You contend is protected and that You contend OpenAI copied on an element-by-element basis, (b) how the identified elements are original to You, (c) the Persons who wrote each element, and (d) each Document that supports Your contention.

**INTERROGATORY NO. 13:**

Separately, for each Asserted Work from which You contend OpenAI used copyrighted elements, Identify (a) Your basis for any contention that the element does not fall within the merger

doctrine, is not *scènes à faire*, is not an idea, procedure, process, system, method of operation, concept, principle, or discovery, or was not in the public domain, and (b) each Document that supports Your contention.

### INTERROGATORY NO. 14:

Identify the entire basis for Your contention that OpenAI's conduct in this Case was willful, and Identify each Document that supports Your contention.

### INTERROGATORY NO. 15:

Identify the entire basis for Your contention that OpenAI's alleged infringement of Your Asserted Works does not constitute fair use under the Copyright Act, and each Document that supports that contention.

### INTERROGATORY NO. 16:

Separately, for each of Your Asserted Works from which You contend OpenAI altered or removed copyright management information in violation of Section 1202(b)(1) of the DMCA, Identify the entire basis for that contention including without limitation (a) the types of copyright management information that You contend OpenAI altered or removed from the Asserted Work, (b) the method by which You contend OpenAI altered or removed such copyright management information, (c) that OpenAI intended to alter or remove such copyright management information, (d) that OpenAI had knowledge, or reasonable grounds to know, that such alteration or removal of copyright management information would induce, enable, facilitate, or conceal infringement, (e) Your alleged injuries due to such alteration or removal of copyright management information, and (f) each Document that supports Your contention.

**INTERROGATORY NO. 17:**

Separately, for each of Your Asserted Works that You contend OpenAI distributed with altered copyright management information or without copyright management information in violation of Section 1202(b)(3) of the DMCA, Identify the entire basis for that contention, including without limitation (a) the types of copyright management information that You contend OpenAI altered or removed from the Asserted Work, (b) the method by which You contend OpenAI altered or removed such copyright management information, (c) how and when OpenAI distributed a copy or copies of the Asserted Work with altered copyright management information or without copyright management information, (d) that OpenAI knew that copyright management information had been altered or removed without authority of the copyright owner or the law, (e) that OpenAI knew, or had reasonable grounds to know, that such distribution with altered copyright management information or without copyright management information would induce, enable, facilitate, or conceal infringement, (f) Your alleged injuries due to such distribution, and (g) each Document that supports Your contention.

**INTERROGATORY NO. 18:**

Separately, for each of Your trademarks identified in Paragraph 199 of the Complaint, Identify the entire basis for Your contention that OpenAI's actions have caused dilution of Your trademarks, including without limitation, (a) a comprehensive description of the basis for Your contention that Your trademark is famous, including any evidence of the mark's recognition by the general consuming public, the duration and extent of use of the mark, the duration and extent of advertising and publicity of the mark, the geographical reach of the mark, and any other relevant factors, (b) how OpenAI's use of the mark harms the reputation of Your mark, (c) the nature and extent of the harm that You contend has been caused to Your trademark as a result of OpenAI's

actions, including any loss of distinctiveness, damage to reputation, or other forms of harm, and (d) each Document that supports Your contention of trademark dilution, including but not limited to Market surveys, consumer studies, expert reports, and any other relevant materials.

**INTERROGATORY NO. 19:**

For each market You Identify in response to Interrogatory Number 9, Identify (a) whether You contend the market is a (i) traditional, (ii) reasonable, or (iii) likely to be developed market for the Asserted Works and their derivatives; (b) the entire basis for that contention; and (c) each Document that supports that contention.

**INTERROGATORY NO. 20:**

For any monetary relief sought for the alleged infringement of each Asserted Work, and to the extent not provided in response to Interrogatory Number 1, Identify the method and basis for calculating each category of damages, including without limitation, (a) any formulas, assumptions, or methodologies used, (b) any Documents, Communications, and other evidence that support Your calculation of damages, including but not limited to financial records, expert reports, and any other relevant materials, (c) the amount of OpenAI's profits You contend are attributable to the alleged infringement, the basis for that contention, and each Document supporting that contention, and (d) any steps You have taken to mitigate the damages You have suffered and how such steps have impacted Your total damages claim.

**INTERROGATORY NO. 21:**

Identify the entire basis for Your contention that OpenAI misappropriated the Asserted Works, and that such misappropriation caused You to suffer actual damages from the deprivation of the benefits of Your work, as well as each Document that supports Your contention.

**INTERROGATORY NO. 22:**

Identify the entire basis for Your contention that OpenAI's alleged unauthorized use of the Times' Trademarks dilutes and injures Your business reputation by "attributing inaccurate content to The Times" as alleged in Paragraph 203 of the Complaint, as well as each Document that supports Your contention.

**INTERROGATORY NO. 23:**

Identify by date every instance You contend GPT Services reproduced Your Asserted Works, in full or in part, and, for each instance, specify whether (a) the GPT Services reproduced the entirety of the Asserted Work; (b) any copyright management information that was included in such reproduction; (c) any copyright management information you contend was conveyed in connection with Your Asserted Work on Your website but not included in the reproduction; and (d) each Document that supports Your contention.

**INTERROGATORY NO. 24:**

For each of Plaintiff's' ESI custodian in this case (Including any Plaintiff custodians Identified in the future), Identify all programs, applications, or methods of Communication that the custodian has used for Work-Related Communication(s) at any time between December 2015 and the present. Include, for example, the following programs or applications if they are applicable: text, Short Messaging Service (SMS), Multimedia Messaging Service (MMS), iMessage, Android Messages, Twitter, X.com, Discord, Slack, Telegram, WhatsApp, WeChat, Viber, Beeper, Microsoft Teams, Facebook, Facebook Messenger, Skype, Line, Google Chat, Google Messages, Webex, Signal, Threema, and Reddit.

**INTERROGATORY NO. 25:**

Separately, Identify (a) each of Your Asserted Works that You contend contained original

reporting of "time-sensitive" information, as alleged in Paragraph 193 of the Complaint, that You contend was used in ChatGPT outputs within 10 days of their publication, and (b) each Document that supports Your contention.

Dated:  November 19, 2024                         Respectfully Submitted,

By:  */s/ Elana Nightingale Dawson*

**LATHAM & WATKINS LLP**
Andrew M. Gass (*pro hac vice*)
  *andrew.gass@lw.com*
Joseph R. Wetzel
  *joseph.wetzel@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle
  *sy.damle@lw.com*
Michael A. David
  *michael.david@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
  *elana.nightingaledawson@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman
  *alli.stillman@lw.com*
Rachel R. Blitzer
  *rachel.blitzer@lw.com*
Herman H. Yue
  h*erman.yue@lw.com*
Luke A. Budiardjo
  *luke.budiardjo@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200

By:  */s/ Carolyn M. Homer*

**MORRISON & FOERSTER LLP**
Joseph C. Gratz (*pro hac vice*)*
  *jgratz@mofo.com*
Vera Ranieri (*pro hac vice*)
  *vranieri@mofo.com*
Andrew L. Perito (*pro hac vice*)
  *APerito@mofo.com*
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000

Eric K. Nikolaides
  *enikolaides@mofo.com*
Emily Wood
  *ewood@mofo.com*
Jocelyn E. Greer
  *jgreer@mofo.com*
250 West 55th Street
New York, NY 10019
Telephone: 212.468.8000

Rose S. Lee (*pro hac vice*)
  *roselee@mofo.com*
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.5200

Carolyn M. Homer (*pro hac vice*)
  *cmhomer@mofo.com*
2100 L Street, NW, Suite 900
Washington, DC 20037, USA
Telephone: (202) 887-1500


By: */s/ Paven Malhotra*

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (*pro hac vice*)*
  *rvannest@keker.com*
Paven Malhotra
  *pmalhotra@keker.com*
Michelle S. Ybarra (*pro hac vice*)
  *mybarra@keker.com*
Nicholas S. Goldberg (*pro hac vice*)
  *ngoldberg@keker.com*
Thomas E. Gorman (*pro hac vice*)
  *tgorman@keker.com*

                        Katie Lynn Joyce (*pro hac vice*)
                         *kjoyce@keker.com*
                        Sarah Salomon (*pro hac vice*)
                         *ssalomon@keker.com*
                        R. James Slaughter (pro hac vice)
                         *rslaughter@keker.com*
                        Christopher S. Sun (*pro hac vice*)
                         *csun@keker.com*
                        Andrew F. Dawson (pro hac vice)
                         *adawson@keker.com*
                        Andrew S. Bruns (*pro hac vice*)
                         *abruns@keker.com*
                        Edward A. Bayley (*pro hac vice*)
                         *ebayley@keker.com*
                        633 Battery Street
                        San Francisco, CA 94111-1809
                        Telephone: 415.391.5400

                        *Attorneys for OpenAI*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2024, I caused to be served by email on the recipients listed below a copy of:

**DEFENDANT OPENAI OPCO, LLC'S FOURTH SET OF INTERROGATORIES TO PLAINTIFF THE NEW YORK TIMES COMPANY (NOS. 11–25)**

| | |
|---|---|
| Ian Crosby (*pro hac vice*)<br>Genevieve Vose Wallace (*pro hac vice*)<br>Katherine M. Peaslee (*pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 516-3880<br>Facsimile: (206) 516-3883<br><br>Davida Brook (*pro hac vice*)<br>Emily K. Cronin (*pro hac vice*)<br>Ellie Dupler (*pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1900 Ave of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Telephone: (310) 789-3100<br>Facsimile: (310) 789-3150<br><br>Scarlett Collings (*Admission pending*)<br>**SUSMAN GODFREY L.L.P.**<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002<br>Telephone: (713) 651-9366<br>Facsimile (713) 654-6666 | Elisha Barron (5036850)<br>Zachary B. Savage (ZS2668)<br>Tamar Lusztig (5125174)<br>Alexander Frawley (5564539)<br>Eudokia Spanos (5021381)<br>**SUSMAN GODFREY L.L.P.**<br>1301 Avenue of the Americas, 50th Floor<br>New York, NY 10019<br>Telephone: (212) 336-8330<br>Facsimile: (212) 336-8340<br><br>Steven Lieberman (SL8687)<br>Jennifer B. Maisel (5096995)<br>Kristen J. Logan (*pro hac vice*)<br>**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**<br>901 New York Avenue, N.W., Suite 900 East<br>Washington, DC 20001<br>Telephone: (202) 783-6040<br>Facsimile: (202) 783-6031 |
| *NYT-AI-SG-Service@simplelists.susmangodfrey.com* ||
| *Attorneys for Plaintiff* ||

| | |
|---|---|
| Annette L. Hurst<br>**ORRICK, HERRINGTON & SUTCLIFF LLP**<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>Phone: 415.773.5700 | Christopher J. Cariello<br>**ORRICK, HERRINGTON & SUTCLIFF LLP**<br>51 West 2nd Street<br>New York, NY 10019<br>Phone: 415.773.5700<br>Email: *ccariello@orrick.com* |

OPENAI OPCO, L.L.C.'S FOURTH SET OF INTERROGATORIES TO PLAINTIFF
No. 1:23-cv-11195

14

| | |
|---|---|
| Email: *ahurst@orrick.com* | |
| Sheryl K. Garko<br>Laura B. Najemy<br>**ORRICK, HERRINGTON & SUTCLIFF LLP**<br>222 Berkeley Street, Suite 2000<br>Boston, MA 02116<br>Phone: 617.880.1800<br>Email: *sgarko@orrick.com*<br>       *lnajemy@orrick.com* | Jeffrey S. Jacobson<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>1177 Avenue of the Americas, 41st Floor<br>New York, New York 10036<br>Tel: 212-248-3140<br>Email: *jeffrey.jacobson@faegredrinker.com* |
| Jared B. Briant<br>Kirstin L. Stoll-DeBell<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>1144 15th Street, Suite 3400<br>Denver, Colorado 80202<br>Tel. (303) 607-3588<br>Email: *jared.briant@faegredrinker.com*<br>       *kirstin.stolldebell@faegredrinker.com* | Elizabeth M.C. Scheibel<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>2200 Wells Fargo Center, 90 South 7th Street<br>Minneapolis, MN 55402<br>Tel. (612)766-7628<br>Email: *elizabeth.scheibel@faegredrinker.com* |
| Carrie A. Beyer<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>320 South Canal Street, Suite 3300<br>Chicago, IL 60606-5707<br>Tel. (312) 569-1000<br>Email: *carrie.beyer@faegredrinker.com* | |
| *nyclassactions_microsoft_ohs@orrick.com*<br>*MicrosoftNYClassActionFDBR@faegredrinker.com* | |
| *Attorneys for Defendant Microsoft Corporation* | |

   */s/ Elana Nightingale Dawson*   
   Elana Nightingale Dawson