SUSMAN GODFREY L.L.P.

June 13, 2025

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *The New York Times Company v. Microsoft Corporation, et al.*,
                No.: 23-cv-11195-SHS: Opposition to OpenAI's Motion to Compel

Dear Magistrate Judge Wang:

      Plaintiff The New York Times Company ("The Times") opposes OpenAI's motion to compel "The Times to answer OpenAI's preservation questions by July 2." Dkt. 618. OpenAI's repeated assertion that "The Times has conceded the relevance of ▇▇▇▇▇▇▇ and has not raised any cognizable burden" to producing that data is patently false. *Id.* at 2. Indeed, a cursory review of the parties' correspondence reflects that The Times has consistently objected to producing ▇▇▇▇▇▇ logs in their entirety. *See, e.g.*, Ex. A, 5/2/25 A. Muttalib Email to M. Deamer ("As an initial matter, we never conceded all ▇▇▇▇▇▇ data is relevant and should therefore be produced."); Ex. B, 3/14/25 A. Muttalib Email to S. Salomon ("To the extent your request is that we search all ▇▇▇▇▇▇ sessions stored in ▇▇▇▇▇▇, that request is unduly burdensome and far attenuated from the RFPs you cite."). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

      What is at issue is the need to produce every single ▇▇▇▇▇▇ interaction with 55 Times employees. Given that The Times has produced, *inter alia*, swathes of custodial documents relating to its use of Defendants' generative AI tools in reporting or presenting content, documents relating to the A.I. Initiatives program, and its policies and procedures related to ▇▇▇▇▇▇, it fails to see the further need to produce ▇▇▇▇▇▇ logs. Indeed, OpenAI has not even attempted to demonstrate the relevance of these logs. OpenAI's demand that The Times engage in a lengthy investigation into ▇▇▇▇▇▇ and ▇▇▇▇▇▇—when the underlying logs are otherwise irrelevant—serves only to distract from the actually relevant discovery issues in this matter.

      Regardless, to the extent the Court believes these logs are relevant, The Times requests that the Court narrow OpenAI's requested relief. To be clear, The Times does not object (and has never objected) to preserving ▇▇▇▇▇▇ logs. It has also answered questions from OpenAI related to that data. However, OpenAI has significantly expanded the range of preservation questions it is seeking to ask The Times. OpenAI never offered to meet and confer regarding the proposed scope of these questions to determine whether each question is necessary or is narrowly tailored to obtaining the information it needs, nor has it agreed to The Times's proposal to provide search terms for a limited set of custodians.

1. **<u>OpenAI's Request Seeks Irrelevant Information and is Disproportionate to the Needs of this Case.</u>**

June 13, 2025
Page 2

Outside of chat logs, there is no additional data stored in ▇▇▇—*i.e.*, documents related to ▇▇▇ or Defendants' generative products. OpenAI claims that "▇▇▇ data is relevant to, among other things, OpenAI's fair use and substantial non-infringing uses defenses." Dkt. 618 at 3 n.3. However, OpenAI fails to demonstrate why ▇▇▇ *logs* are relevant to either defense. The Times has already produced voluminous discovery regarding its use of generative AI, including:

> (1) Documents sufficient to show The Times's past, present, and future efforts to use Defendants' generative AI in the reporting or presentation of content;
>
> (2) Documents regarding Defendants' generative AI tools that The Times uses in its reporting or presentation of content;
>
> (3) Documents regarding The Times's policies and procedures regarding the use of Defendants' generative AI tools, and the policies themselves;
>
> (4) Documents regarding The Times's use of ▇▇▇ in its reporting or presentation of content;
>
> (5) Documents regarding The Times's policies and procedures regarding the use of ▇▇▇;
>
> (6) Documents sufficient to show any training programs The Times is implementing or has implemented about Defendants' generative AI; and
>
> (7) Documents regarding The Times's A.I. Initiatives program.

What OpenAI seeks here is even broader: OpenAI moves to compel responses related to all ▇▇▇ logs for 55 Times employees—including members of its newsroom and its attorneys, whose logs are subject to privilege review. It is entirely unclear what OpenAI seeks to obtain from these logs—especially given the extensive production described above. Indeed, there is no dispute that The Times employs Defendants' generative AI tools and that ▇▇▇ Defendants claim to need evidence of The Times' own use of their products for their fair use defense; but, they already have that. OpenAI has offered no coherent explanation of why it needs these logs.

In the same vein, OpenAI's reliance on the substantial non-infringing uses defense is unavailing. This argument has already been litigated and rejected. As Judge Stein recently held in denying Defendants' motions to dismiss The Times's contributory infringement claim, Dkt. 585 at 64, "substantial noninfringing uses" are not a defense to The Times's claim of copyright infringement by material contribution:

> *Sony* and *Grokster* do not foreclose plaintiffs' contributory copyright infringement claims at this stage . . . [W]hile *Sony* and *Grokster* analyzed claims of contributory copyright infringement by inducement, they did not discuss claims of contributory copyright infringement by material contribution, which plaintiffs allege here. *See*

June 13, 2025
Page 3

> *Grokster*, 545 U.S. at 934 (rejecting circuit court's "converting [of] the [*Sony*] case from one about liability resting on imputed intent to one about liability on any theory"). Indeed, "the fact that a product is 'capable of substantial lawful use' does not mean the 'producer can never be held contributorily liable.'" *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 306 (4th Cir. 2018) (citations omitted). In a word, *Sony* foreclosed imputing "culpable intent" solely based on the "characteristics or uses of a distributed product." *Grokster*, 545 U.S. at 934. It left open, however, other "rules of fault-based liability derived from the common law," *id.*, including liability based on material contribution, a theory which neither *Sony* nor *Grokster* discussed nor foreclosed. *See Gershwin Publ'g Corp.*, 443 F.2d at 1162–63 (predicating contributory liability for material contribution on "the common law doctrine that one who knowingly participates [in] or furthers a tortious act is jointly and severally liable with the prime tortfeasor").

Dkt. 514 at 17–18.

Finally, OpenAI's request is further undermined by the fact that it is unduly burdensome and disproportionate to the needs of this case. ████████████████████████████████████ And, OpenAI has repeatedly refused to provide search terms or a narrowed set of custodians despite The Times's offer to consider a narrower request. *See* Ex. A, 5/2/25 A. Muttalib Email to M. Deamer ("[A]s we indicated at the March 21 meet and confer, we are amenable to considering a narrow set of individuals and terms for your ████████ request."). Instead, OpenAI continues to insist that The Times produce logs for 55 individuals—most of whom are not even custodians in this case.

### 2. OpenAI's Proposed Remedy is Overbroad.

To the extent the Court believes an investigation is necessary, OpenAI's requested relief is overbroad. On May 30, 2025, OpenAI reached out to The Times for the first time with multiple preservation questions. The Times informed OpenAI that it was looking into its "requests and [would] provide a response at a later date." Ex. A, 6/5/25 A. Muttalib Email to M. Deamer. Nonetheless, without any attempt to meet and confer on the issue, OpenAI moved this Court for a drastic set of remedies. First, OpenAI demands that The Times respond to sixteen preservation questions. However, this is the first time The Times is seeing these questions, and it was given no opportunity to offer any input or to determine the burden associated with each of them. Second, OpenAI has reiterated its request that The Times produce hit counts for 55 individuals—despite a majority of these individuals not being custodians. The Times fails to see why it would be required to provide logs for these individuals, when they otherwise have no relation to this case. Accordingly, given the overbroad nature of OpenAI's request and its surprise introduction three days ago, The Times requests the Court deny it outright or, in the alternative, order the parties to meet and confer further regarding the proposed scope of the investigation.

June 13, 2025
Page 4

                                              Respectfully submitted,

                                              */s/ Ian B. Crosby*
                                              Ian B. Crosby
                                              Susman Godfrey L.L.P.

                                              */s/ Steven Lieberman*
                                              Steven Lieberman
                                              Rothwell, Figg, Ernst & Manbeck

cc:    All Counsel of Record (via ECF)