**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
IN RE:                                              :
                                                    :
OPENAI, INC.,                                       :       25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,                  :
                                                    :
                                                    :       **ORDER**
                                                    :
This Document Relates To:                           :
**23-CV-11195**                                     :
                                                    :
---------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

On June 6, 2025, Aidan Hunt ("Proposed Intervenor"), proceeding *pro se*, filed a motion to intervene in this multidistrict litigation under Fed. R. Civ. P. 24(a) and 24(b) for the "limited purpose of challenging discovery orders in this case that prejudice their rights." (*See* ECF 95).

### I.  BACKGROUND

The Court assumes familiarity with the history of these cases. On May 13, 2025, I ordered OpenAI to preserve and segregate all output log data that would otherwise be deleted on a going forward basis until further order of the Court (the "May 13 Preservation Order"). (ECF 33). On May 16, 2025, I denied OpenAI's motion for reconsideration of my May 13 Preservation Order without prejudice to renewal, and directed the parties to submit supplemental briefing ahead of the May 27 conference. (*See* ECF 42). Also on May 16, 2025, the News Plaintiffs filed a supplemental motion to compel OpenAI to preserve output log data, arguing that spoliation sanctions may be warranted. (*See* ECF Nos. 43, 44).

On May 19, 2025, Jason Bramble, a non-lawyer, filed a motion to intervene on behalf of Spark Innovations Corp., for the limited purpose of objecting to the May 13 Preservation Order.

(*See* ECF 49). I denied Mr. Bramble's motion on May 29, 2025, on the grounds that a corporation cannot proceed *pro se* and must be represented by a lawyer. (ECF 76).

On May 29, the Court granted in part the News Plaintiffs' motion to compel OpenAI to preserve output log data, and directed the parties to "begin engaging in sampling of the 30-day tables of consumer output log data," and directed OpenAI to "submit a proposed order regarding the specific sampling process, consistent with the discussion on the record, by June 6, 2025." (ECF 79). OpenAI filed their proposed order on June 6, 2025. (ECF 104). Also on June 6, Proposed Intervenor filed the motion to intervene now pending before the Court. (ECF 95).

## II.  LEGAL STANDARD

The requirements to intervene are set out under Fed. R. Civ. P. 24(a) and (b):

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
> (1) In General. On timely motion, the Court may permit anyone to intervene who:
>
> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Further, Fed. R. Civ. P. 24(c) requires that a motion to intervene (1) states the grounds for intervention and (2) be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

"In seeking intervention under this Rule, the proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention." *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016); *see also High Farms, LLC v. King*, 16-CV-736 (NGG) (PK), 2021 WL 1137995, at *10 (E.D.N.Y. Mar. 25, 2021). District courts have broad discretion to grant or deny a motion to intervene, and this discretion is "particularly broad when deciding a motion for permissive intervention." *High Farms*, 2021 WL 1137995, at *11.

**III.   DISCUSSION**

A.   Requirement Under Rule 24(c) to Attach Proposed Pleading

Courts have held that the failure to attach a proposed pleading is not necessarily fatal to a motion to intervene. *See Innovation Ventures LLC v. Pittsburgh Wholesale Grocers Inc.*, 13-CV-6397 (KAM) (ST), 2019 WL 4805041, at *1 (E.D.N.Y. Sept. 30, 2019). However, where the failure to attach a proposed pleading prevents a court from determining whether a proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact," such an omission may be fatal to the motion. *High Farms*, 2021 WL 1137995, at *11.

Here, Proposed Intervenor filed a two page motion to intervene and failed to attach a proposed pleading. (ECF 95). While Proposed Intervenor asserts various "interests" in the instant litigation,[1] they fail to articulate what claim or defense they are "propounding to protect

---

[1] Proposed Intervenor asserts a "constitutional privacy interest, as well as a contractual property interest, in the confidentially [*sic*] of their ChatGPT chat data, as well as the right to have them deleted as originally scheduled." (ECF 95 at 2).

3

those interests," and the Court cannot readily determine what claims or defenses Proposed Intervenor is trying to assert. *High Farms*, 2021 WL 1137995, at *11.

For this reason—because Proposed Intervenor's failure to comply with Rule 24(c) is "not a mere technicality"—the motion to intervene is **DENIED.** *Id.*

Even if Proposed Intervenor had complied with Rule 24(c), however, their motion to intervene would also be denied under Rule 24(a) and (b). Because this is the second motion to intervene directed at the May 13 Preservation Order, I will explain the additional reasons for denial.

### B. Rule 24(a): Intervention as of Right

As an initial matter, Fed. R. Civ. P. 24(a)(1) provides that a Court must permit intervention where a party asserts an "unconditional right to intervene by a federal statute." Proposed Intervenor does not set forth a single federal statute that would confer upon them a right to intervene in this action. Thus, their motion to intervene under Rule 24(a)(1) is **DENIED.** The Court will assess below Proposed Intervenor's motion under 24(a)(2).

#### 1. Timeliness

For both Rule 24(a) and (b), the Court must first determine whether Proposed Intervenor's application is timely. *E.E.O.C. v. Rekrem, Inc.*, 199 F.R.D. 526, 528 (S.D.N.Y. 2001). Timeliness is based on the totality of the circumstances and requires an analysis of four factors: (1) the length of time the applicant knew or should have known of their interest before making the motion; (2) prejudice to existing parties resulting from the applicant's delay; (3) prejudice to the applicant if the motion is denied; and (4) the presence of unusual circumstances militating for or against a finding of timeliness. *Farmland Dairies v. Commissioner of N.Y. Dept. of Agriculture & Markets*, 847 F.2d 1038, 1044 (2d Cir. 1988); *Rekrem*, 199 F.R.D. at 528.

While neither party has objected (yet) or informed the Court of any clear prejudice to intervention, the Court declines to find that the intervention motion was timely. The issue of OpenAI's deletion of output log data was first raised by the News Plaintiffs as early as January 2025, (*see* ECF 33); (*see also* 23-CV-11195, ECF 379), when the News Plaintiffs learned that OpenAI had failed to preserve some amount of output log data. (*See* ECF 43); (*see also* 23-CV-11195, ECF 379). After meeting and conferring with OpenAI, the News Plaintiffs raised the issue again in their joint letter filed on February 13, 2025, stating that they believed OpenAI was continuously deleting a certain volume of output log data based on OpenAI's representations about its own document retention and privacy policies and deposition testimony from OpenAI's 30(b)(6) custodial witness. (*See* 23-CV-11195, ECF 462 at 3). Proposed Intervenor's purported interests, described below, were at least implicated at this point, *see Zubalake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) ("Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents."), but did not file the instant motion to intervene until June 6, 2025, nearly four months after the News Plaintiffs' representation in the February 13 joint letter and a month after the May 13 Preservation Order issued. Since then, the parties have heavily litigated this issue and there has been no suggestion that OpenAI is incapable of litigating this issue on their own. (*See* ECF Nos. 40, 54, 65, 66, 67, 68, 77, 90, 91, 92, 93, 104).

Moreover, Proposed Intervenor would not be prejudiced if the motion to intervene were not granted, as, contrary to their contention, the purpose of the May 13 Preservation Order is not "to facilitate [the] disclosure" of "chat data to Plaintiffs," but to determine whether

5

there is a material difference between the output log data that is being retained and the output log data that is being deleted, in order to inform a potential Rule 37 (spoliation) analysis.

Thus, the Court declines to find that Proposed Intervenor's motion was timely made.

### 2. *Proposed Intervenor Does Not Have an Interest in the Action and Does Not Adequately Plead Impairment*

A proposed intervenor must have an "interest" in the action that is "direct, substantial, and legally protectable. In other words, an interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Murray v. City of New York*, 21-CV-6892 (EK) (VMS), 2023 WL 3984342, at *3 (E.D.N.Y. June 13, 2023); *see also Republic of the Phil. v. Abaya*, 312 F.R.D. 119, 123 (S.D.N.Y. 2015) (citing *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001)). A colloquial "interest" in an action is not sufficient, for "in order to have an interest in the property or transaction which is the subject of the action, the intervenor must have an interest in the pleadings in a case as it finds them." *High Farms*, 2021 WL 1137995, at *13 (internal quotations omitted). "An intervenor cannot use Rule 24 to create a whole new suit or to inject collateral issues into an existing action." *Id.* (emphasis in original) (internal quotations omitted).

Here, Proposed Intervenor seeks to inject collateral issues into the present action: namely, whether the temporary preservation of certain chat output log data that was routinely being deleted by OpenAI throughout the course of this litigation may infringe on purported constitutional and contractual privacy rights of individual consumers that use ChatGPT. This "issue" does not pertain to the central issue of whether Defendants infringed on News Plaintiffs' copyrights in the training of OpenAI's LLMs and the outputs generated by the

ChatGPT products. Thus, Proposed Intervenor's purported interests are not the "property or transaction which is the subject of the action and, therefore, cannot sustain a Rule 24(a)(2) motion." *High Farms*, 2021 WL 1137995, at *13.

Further, Proposed Intervenor's motion fails to satisfy Rule 24(a)(2) because their purported interests are contingent on a sequence of events before it becomes even remotely colorable. *See Murray*, 2023 WL 3984342, at *3. As discussed above, the May 13 Preservation Order does not facilitate the disclosure of output log data to the News Plaintiffs. Proposed Intervenor's own motion asserts, without support, that "it is expected that subsequent orders will issue which order Defendants to disclose this chat data to Plaintiffs, causing severe and irreparable harm to Intervenor's personal privacy and commercial interests." (ECF 95).

Because Proposed Intervenor has failed to state a legally protectable interest, they necessarily fail to state impairment as well. Accordingly, Proposed Intervenor has failed to satisfy the requirement for intervention under Fed. R. Civ. P. 24(a)(2); Proposed Intervenor has not shown that they are entitled to intervention as of right.

### C. Rule 24(b): Permissive Intervention

A district court's "discretion is particularly broad when deciding a motion for permissive intervention." *High Farms*, 2021 WL 1137995, at *10 (citing *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986)). "In exercising its discretion" under Rule 24(b)(1), "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *H.L. Hayden Co. of N.Y.*, 797 F.2d at 89. Courts should consider the following factors: (1) undue delay or prejudice to the original parties; (2) the nature and extent of the intervenors' interests; (3) whether the proposed intervenor's rights are adequately represented by other parties; and (4) whether intervention will

"significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *High Farms*, 2021 WL 1137995, at *18).

Here, Proposed Intervenor fails to identify a single federal statute that provides a conditional right to intervene under Rule 24(b)(1)(A) and makes no attempt to explain how they will contribute in any way to the development of the underlying factual issues in this case. Proposed Intervenor's only argument with respect to Rule 24(b) is that intervention should be allowed because "this case involves important, novel constitutional questions about the privacy rights incident to artificial intelligence usage—a rapidly developing area of law—and the ability of a magistrate [judge] to institute a nationwide mass surveillance program [*sic*][2] by means of a discovery order in a civil case." (ECF 95). None of Proposed Intervenor's purported "novel" questions are at issue in this copyright infringement action. Even if the Court were to entertain such questions, they would only work to unduly delay the resolution of the legal questions actually at issue.

IV.   **CONCLUSION**

For the foregoing reasons, Proposed Intervenor's motion to intervene in this case under Fed. R. Civ. P. 24(a) and 24(b) is **DENIED.**[3]

---

[2] Proposed Intervenor does not explain how a court's document retention order that directs the preservation, segregation, and retention of certain privately held data by a private company for the limited purposes of litigation is, or could be, a "nationwide mass surveillance program." It is not. The judiciary is not a law enforcement agency. *See* U.S. Const. arts. I, II, III.

[3] Proposed Intervenor filed their motion to intervene as "Motion to Intervene Under Rule 24 and Conditional Motion Under Rule 72." A motion under Fed. R. Civ. P. 72 is a party's objection to a Magistrate Judge's (a) order on a non-dispositive matter or (b) report and recommendation on a dispositive motion. An individual who is not a party to an action cannot file a Rule 72 motion and there is no "conditional Rule 72 motion." Moreover, any Rule 72 motion as to the May 13 Preservation Order would necessarily be untimely.

The Clerk of Court is respectfully directed to close ECF 95.

**SO ORDERED.**

Dated: June 20, 2025  
New York, New York

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge