

June 20, 2025

**VIA ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:      *In Re: OpenAI, Inc., Copyright Infringement Litigation*, No. 1:25-md-3143, This Document Relates To: *The New York Times Company v. Microsoft Corporation, et al.*, No. 1:23-cv-11195

Dear Judge Wang:

      Pursuant to Rule VI.b. of Your Honor's Individual Practices, we submit this letter motion to seal on behalf of the OpenAI Defendants ("OpenAI") in the above-captioned matters. OpenAI seeks to maintain under seal the redacted the portions of Exhibits A and B to News Plaintiffs' Response to OpenAI's June 6, 2025 Proposed Order Regarding Conversion Data Sampling (*MDL* ECF Nos. 171-1 & 171-2, *NYT* ECF Nos. 640-1 & 640-2) as sought in News Plaintiffs' motions to seal (*MDL* ECF No. 170, *NYT* ECF No. 639), and as further detailed below.

      **I.**      **INTRODUCTION**

      The information OpenAI seeks to seal comprises highly sensitive internal data filenames that pose data security threats to OpenAI if disclosed publicly and easily satisfies the standard for sealing documents submitted in connection with discovery motions.

      **II.**      **LEGAL STANDARD**

      OpenAI's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

      As those cases recognize, there is a qualified First Amendment and common law interest in access to judicial proceedings and certain judicial filings. *Lugosch*, 435 F.3d at 120. For the presumption to attach, however, a document must be considered a "judicial document," meaning it is both "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. Even for judicial documents, the weight accorded to the presumption of access varies based on the role the material plays in the adjudication and the degree to which access to the material would materially assist the public in understanding the issues before the court. *Id.*; *see also Bernstein*, 814 F.3d at 139.

      As the Second Circuit has recognized, the presumption of public access to filings submitted in connection with discovery disputes is "generally somewhat lower" than the

Hon. Ona T. Wang
June 20, 2025
Page 2

presumption applied to material introduced at trial, or in connection with a dispositive motion. *See Brown v. Maxwell,* 929 F.3d 41, 50 (2d Cir. 2019). As a result, the standard for sealing is commensurately lower for such materials. While courts still must articulate specific and substantial reasons for sealing such material, "the reasons usually need not be as compelling as those required to seal filings connected to a dispositive motion." *Id.*

As set forth below, OpenAI would meet a more rigorous "compelling need" standard based on the nature of the materials it seeks to seal, and it easily meets the lower standard that courts routinely apply to materials submitted in connection with discovery motions.

### III.   OPENAI'S CONFIDENTIAL INFORMATION WARRANTS SEALING

Exhibits A and B to Plaintiffs' Response to OpenAI's June 6, 2025 Proposed Order Regarding Conversion Data Sampling (*MDL* ECF Nos. 171-1 & 171-2, *NYT* ECF Nos. 640-1 & 640-2) contain highly confidential internal filenames that warrant sealing. *See* Declaration of Maile Yeats-Rowe ("Yeats-Rowe Decl.") ¶ 4. OpenAI treats such information as highly confidential, generally does not publicly disclose this type of information, and takes steps to protect its confidentiality, particularly because disclosure of this information could compromise OpenAI's internal safety and security measures. *Id*.

### IV.   OPENAI'S SEALING REQUESTS ARE NARROWLY TAILORED

The portions of Exhibits A and B that would cause OpenAI harm if disclosed were marked for redaction by Plaintiffs, leaving the balance unredacted and open to the public. *See id*. ¶ 5. OpenAI has not sought to seal all material it has designated as Protected Discovery Material under the Protective Order, but instead made individual determinations as to the propriety of sealing.

Accordingly, in order to maintain the confidential nature of this information, OpenAI respectfully requests the Court grant this motion to seal.

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Christopher S. Sun* | */s/ Elana Nightingale Dawson* | */s/ Caitlin S. Blythe* |
| Christopher S. Sun | Elana Nightingale Dawson | Caitlin S. Blythe |