**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
IN RE:                                                         :
                                                               :
OPENAI, INC.,                                                  :     25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,                             :
                                                               :
                                                               :     **ORDER RE: SUPPLEMENTAL BRIEFING**
                                                               :
This Document Relates To:                                      :
**23-CV-11195**                                                :
                                                               :
---------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

### I. BACKGROUND

The Court assumes familiarity with the history of these cases. On May 13, 2025, I ordered OpenAI to preserve and segregate all output log data that would otherwise be deleted on a going forward basis until further order of the Court (the "May 13 Preservation Order"). (ECF 33). Also on May 13, 2025, I scheduled an In-Person Status Conference for May 27, 2025, to discuss the deletion of output log data, and directed the parties to submit supplemental briefing regarding the same. (*See* ECF 32). The News Plaintiffs filed their supplemental motion to compel on May 16, 2025, (*see* ECF Nos. 43, 44), and OpenAI filed its supplemental opposition on May 23, 2025. (*See* ECF Nos. 64-68). At the May 27 conference, I granted the News Plaintiffs' supplemental motion to compel in part, and directed OpenAI to submit a proposed process to sample the 30-day tables of output log data. (*See* ECF 79).

As part of their supplemental briefing, the News Plaintiffs and OpenAI both submitted motions to seal, (*see* ECF Nos. 45, 62, 63), which are now pending before the Court. The News Plaintiffs seek to seal (1) portions of their memorandum of law that contains information that OpenAI has designated as Protected Discovery Material under the parties' existing Protective

Order, as well as certain exhibits attached thereto that are also designated by OpenAI as Protected Discovery Material. (ECF 45). OpenAI's motion seeks to seal two categories of information contained in both the News Plaintiffs' and OpenAI's supplemental briefing and exhibits: "(1) highly sensitive technological markers that pose data security threats to OpenAI if disclosed and (2) proprietary information concerning OpenAI's technology and business that could be unfairly used by its competitors if made public." (ECF 62).[1]

## II.  LEGAL STANDARD

The common law right of public access to judicial documents is based on "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). The First Amendment also secures, to both the public and the press, a right of access to civil proceedings. *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984). When determining whether documents at issue on a motion to seal are subject to this common law right, the court must first conclude that the documents at issue are judicial documents. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006).

If the Court determines that the documents at issue are judicial documents, and that therefore the constitutional and common law presumption of access attaches, it must then determine the presumption's weight. *Id.* Finally, the Court balances competing considerations against the presumption of access. *Id.* at 120 (citing *Amodeo*, 71 F.3d at 1050). When faced with

---

[1] The News Plaintiffs' and OpenAI's motion to seal as to the News Plaintiffs' supplemental briefing appear to request sealing of the same material. (*See* ECF 62 at 1) ("OpenAI seeks to maintain under seal and/or redact the portions of News Plaintiffs' Supplemental Motion to Compel OpenAI Defendants to Preserve Output Log Data, we well as specified accompanying exhibits, as sought in News Plaintiffs' motion to seal.").

judicial documents, "continued sealing … may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing is narrowly tailored to achieve that aim." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Under both constitutional and common law frameworks, the burden of justifying sealing rests with the moving party. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

### III.   DISCUSSION

We first consider whether the documents at issue are "judicial documents." A "judicial document" or "judicial record" is a filed item relevant to the performance of judicial functions and useful in judicial processes. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). As opposed to pleadings, which are widely recognized as judicial documents, *Id.* at 140, the law is more complex with respect to filings made during discovery. *Brown v. Maxwell*, 929 F.3d 41, 47-49 (2d Cir. 2019). Generally, "a court's authority to oversee discovery and control the evidence introduced at trial … constitutes an exercise of judicial power … ancillary to the court's core role in adjudicating cases," meaning the presumption of public access is "generally somewhat lower" but still requires a court to articulate "specific and substantial reasons for sealing such material." *Id.* Thus, generally, documents that are "simply passed between the parties in discovery" are not ordinarily considered judicial documents. *Maxwell* 929 F.3d at 49-50. Moreover, when documents are filed "pursuant to a confidentiality agreement," the Second Circuit has held it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, 17-CV-147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020) (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)).

Documents submitted to a court related to a motion for sanctions, however, are generally considered judicial documents and are subject to a higher presumption of public access under the common law and the First Amendment. *Compare Valassis Communications, Inc. v. News Corp.*, 17-CV-7378 (PKC), 2020 WL 2190708, at *2 ("Here, all the documents at issue were submitted to the Court in support of and so would reasonably have the tendency to influence the Court's decision on the outstanding motions in limine, to exclude, and for sanctions…. As such, all documents submitted in support of these motions are judicial documents and enjoy some presumption of public access.") *and Matthews v. N.Y. State Dept. of Corrections & Community Supervision*, 17-CV-503, 2023 WL 2664418, at *2 (N.D.N.Y. Mar. 28, 2023) (holding documents submitted in support of Plaintiffs' cross-motion for spoliation sanctions to be judicial documents) *with Maxwell*, 929 F.3d at 50 (finding the presumption of public access for documents concerning discovery disputes is "generally somewhat lower"). "A protective order may provide guidance regarding what documents might be appropriate to seal. However, the decision to allow documents to be filed under seal is a wholly separate inquiry from whether to maintain confidential documents disclosed in discovery." *Capricorn Mgmt. Systems, Inc. v. Govt. Employees Ins. Co.*, 15-CV-2926 (DRH) (SIL), 2019 WL 5694256, at *20 (E.D.N.Y. July 22, 2019) (internal quotations and citations omitted). Further, "the existence of a protective order, by itself, is not enough for sealing." *Matthews*, 2023 WL 2664418, at *4.

In general, the parties' prior disputes were purely about discovery issues and the parties' corresponding motions sought to seal: (1) exhibits containing documents exchanged throughout the course of discovery and marked as Protected Discovery Material under the parties' Protective Order; and (2) limited portions of the parties' letter motions that summarize information contained in such exhibits. In resolving those motions, the Court determined that:

(1) the exhibits were not judicial documents and (2) the letter motions were judicial documents, and granted the parties' motions to seal under the "lower" presumption of public access the Second Circuit laid out in *Brown v. Maxwell*. (*See, e.g.*, 23-CV-11195, ECF 378).

However, the dispute and related briefing now pending before the Court are not only documents exchanged in the course of discovery. In their supplemental letter filed on May 12, 2025, the News Plaintiffs levied serious accusations that OpenAI had been deleting certain output log data for its ChatGPT Free, Plus, and Pro products; *i.e.*, that OpenAI had spoliated information relevant to this litigation. (*See* ECF 29). While styled as a motion to compel, the News Plaintiffs' supplemental briefing specifically sets out that "spoliation sanctions may be warranted." (ECF Nos. 43, 44).[2] Moreover, at the afternoon conference on May 27, 2025, the Court explicitly couched its discussion of OpenAI's deletion of output log data as a discussion of the Rule 37(e) analysis. (*See* ECF 291 at 41-53).

Accordingly, because the parties' supplemental briefing is related to potential spoliation sanctions, the parties' briefs <u>and</u> all attached exhibits are judicial documents entitled to a strong presumption of public access. *See Valassis*, 2020 WL 2190708, at *2.

Balancing the competing considerations proposed by the parties in their respective motions, I find they have not met their burden in justifying sealing. The News Plaintiffs' motion to seal only contains threadbare assertions that the material they seek to seal is designated as "Protected Discovery Material" under the parties' Protective Order. However, the existence of a protective order alone is insufficient to carry a movant's burden to seal a judicial document. *See Matthews*, 2023 WL 2664418, at *4.

---

[2] The News Plaintiffs also set out the legal standard for sanctions under Rule 37(e) in their brief. (*See* ECF 43 at 9).

OpenAI's motion, similarly, is insufficient to justify sealing. OpenAI's boilerplate motion relies heavily on the assertion that the instant dispute and related briefing are related to a discovery dispute and are thus subject to a lower threshold. (*See* ECF 62); (*see also* ECF 63) ("I have been informed that because OpenAI's and Plaintiffs' letter briefs and supporting documents are not 'judicial documents' … but rather discovery-related documents, the 'presumption of access to these records is low.'"). Based on this mistaken belief, OpenAI provides only conclusory justifications in support that are insufficient as a matter of law to justify sealing. Namely, OpenAI suggests that (1) disclosing internal filenames, hyperlinks, URLs, user IDs, technical issues and timelines, and technological markers could pose a threat to OpenAI's internal safety and security; and (2) other information, (e.g., processes related to training ChatGPT models, data sources, data collection techniques, internal data retention policies and procedures, and "confidential technical know-how"), if disclosed, could "give OpenAI's competitors insight into its proprietary development processes and cause competitive harm to OpenAI in a nascent and highly competitive market." (*See* ECF 62). Such broad allegations of harm, without more, are insufficient to outweigh the "strong presumption of public access" to information contained in a judicial document.[3] *See Capricorn Mgmt. Systems*, 2019 WL 5694256, at *22-23. Thus, while OpenAI's proposed redactions and sealing are indeed narrowly tailored, OpenAI has failed to meet its burden to justify such redactions and sealing.

Accordingly, the parties' motions to seal at ECF Nos. 45 and 62 are **DENIED without prejudice.**

---

[3] The Court previously ruled that certain of OpenAI's confidentiality concerns related to disclosure of documents and related competitive impacts were unfounded. (*See* 23-CV-11195 ECF 502).

IV. **CONCLUSION**

In sum, the parties' letter motions to seal (ECF Nos. 45 and 62) are **DENIED without prejudice**. If the parties seek sealing or redaction of ECF Nos. 44 or 64 or any exhibits contained therein, they must better explain why the specific information should remain confidential.

The parties are directed to submit their renewed motions to seal, if any, by **July 11, 2025**; all briefs should be 5,000 words or less. The parties' renewed motions, if any, should include color-coded proposed redactions filed under seal and provide the specific rationale for why each instance of sealing or redaction is appropriate and outweighs the strong presumption of public access to these documents.

The Court hereby **STAYS** the unsealing of ECF 44 and 64 until after the Court resolves any renewed motion to seal.

**SO ORDERED.**

Dated: July 1, 2025
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge