UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br>COPYRIGHT INFRINGEMENT<br>LITIGATION<br><br>This Document Relates To:<br><br>THE NEW YORK TIMES COMPANY v.<br>MICROSOFT CORPORATION, et al. | Civil Action No. 25-md-3143<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE CERTAIN OF MICROSOFT CORPORATION'S AFFIRMATIVE DEFENSES** |

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff The New York Times Company ("The Times") seeks to strike the Fourteenth Affirmative Defense asserted in Defendant Microsoft Corporation's Answer to The Times's Second Amended Complaint. *See* Dkt. 160 at 32.

## BACKGROUND

On June 11, 2025, Microsoft filed its Amended Answer to The Times's Second Amended Complaint, in which it raised eighteen affirmative defenses. Microsoft's Fourteenth Affirmative Defense asserts that The Times's "claims fail, in whole or in part, because the complained-of use was licensed by express or implied license." *Id.* News Plaintiffs served "interrogatories ask[ing] Microsoft to identify contracts that it may rely on and/or believes are relevant" to its express license defense. Dkt. 148 at 1. Specifically, News Plaintiffs needed this information "because Microsoft's Answer does not identify any contract on which it intends to rely," and—as such—"News Plaintiffs cannot examine the terms of any such contracts, serve follow-up discovery requests if necessary, and question deponents about them." *Id.* at 2.

1

At the June 25 Conference, Microsoft claimed that it had "every intention of responding" to The Times's interrogatories, but would only do so at the deadline for responding to contention interrogatories—that is, on January 9, less than two months before the close of fact discovery. Exhibit ("Ex.") A (June 25 Hearing Tr.) at 139:2–4. In response, the Court asked whether Microsoft would "respond to a document request seeking the express license referenced in the amended answer." *Id.* at 139:6–8. Microsoft stated that it would respond to such a document request. *Id.* at 139:9–10; 139:20 (agreeing to provide documents in response to a request "seeking the express license referenced in the amended answer").

However, when News Plaintiffs made that very request—that Microsoft produce and identify the express license referenced in the amended answer—Microsoft refused to provide it. Although "Microsoft agree[d] that [T]he Times's RFP 73 covers the scope of the interrogatories (including any express license defense) and there is no need for The Times to serve a new RFP," it nonetheless refused to "identif[y] the documents it produces in response to RFP 73." Ex. B (J. Briant's June 27, 2025 email to A. Frawley). Based on that refusal, which prevents News Plaintiffs from being able to conduct adequate discovery into this asserted defense, News Plaintiffs seek to strike Microsoft's express license defense.

## **LEGAL STANDARD**

"To establish copyright infringement, a plaintiff must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *ABKCO Music, Inc. v. Sagan*, 2018 WL 1746564, at *9 (S.D.N.Y. Apr. 9, 2018) (quoting *Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011)). "Once a plaintiff establishes infringement, a defendant may proffer as a defense proof that it held a valid license to use that copyrighted work." *Id.* "The party raising the [affirmative] defense bears the burden of proving that a valid license exists." *Id.*

2

"A motion to strike an affirmative defense, pursuant to [Federal Rule of Civil Procedure] 12(f), is [ ] governed by the same standard applicable to a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)." *FSP, Inc. v. Societe Generale*, 2005 WL 475986, at *8 (S.D.N.Y. Feb. 28, 2005). "An affirmative defense cannot be struck if it presents disputed and substantial questions of [fact or] law, the resolution of which might support the defendant's contention." *Id.* However, "bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations' and will not defeat [a] motion [to strike]." *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 622 (S.D.N.Y. 2008).

## ANALYSIS

Despite the fact that discovery has been ongoing for a year, Microsoft has still failed to produce or identify the express license on which it is relying for its affirmative defense—notwithstanding that "it is [Microsoft] who bear[s] the burden of proving that [its] licenses were valid." *ABKCO Music, Inc.*, 2018 WL 1746564, at *15. Indeed, the language of the Fourteenth Affirmative Defense "does not indicate whether [Microsoft is] relying on express or implied license nor does it state any facts in support of a defense." *Town & Country Linen Corp. v. Ingenious Designs LLC*, 2020 WL 3472597, at *12 (S.D.N.Y. June 25, 2020). Thus, as it stands, "there is nothing for [The Times] to refute: [Microsoft] point[s] to *no* evidence that [its use was] pursuant to an *express license* . . . from the holders of copyrights in the [Asserted] Works, i.e., [The Times or its] predecessors." *ABKCO Music, Inc.*, 2018 WL 1746564, at *15. As such, there is no "disputed and substantial question[ ] of [fact or] law" with respect to Microsoft's express license defense, and it should be struck from the pleading as an insufficient defense. *FSP, Inc. v. Societe Generale*, 2005 WL 475986, at *8

The Times also notes that it served RFP 73 on August 27, 2024, nearly a year ago. Ex. C (The New York Times Company's Third Set of Requests for Production to Microsoft Corporation) at 6 ("All documents relating to any contract, license agreement, or terms that You intend to rely on or which You otherwise believe is relevant to the claims and defenses in this case."). And, Microsoft agreed that "RFP 73 covers" its "express license defense." Ex. B. Moreover, Microsoft has represented to this Court that it would "respond to a document request seeking the express license referenced in the amended answer." Ex. A at 139:6–8. Yet, Microsoft's continued unwillingness to identify that very express license, in contravention to the Court's order, should also preclude it from asserting its express license defense. To hold otherwise would be to deprive The Times from a meaningful opportunity to contest Microsoft's affirmative defense and reward gamesmanship.

## CONCLUSION

For the foregoing reasons, The Times requests the Court strike the Fourteenth Affirmative Defense asserted in Defendant Microsoft Corporation's Answer to The Times's Second Amended Complaint. At the very least, the Court—consistent with its June 25, 2025 Order—should require Microsoft to promptly identify the express license in question.

Dated: July 2, 2025

*/s/ Davida Brook*
Davida Brook *(pro hac vice)*
Emily K. Cronin *(pro hac vice)*
Adnan Muttalib *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
amuttalib@susmangodfrey.com

Ian Crosby *(pro hac vice)*
Genevieve Vose Wallace *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collins (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
scollins@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com

5

klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*