

July 17, 2025

**VIA ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

        RE:      *In Re: OpenAI, Inc., Copyright Infringement Litigation*, No. 25-md-3143, This Document Relates To: *The New York Times Company v. Microsoft Corporation, et al.*, No. 23-cv-11195

Dear Judge Wang:

      Pursuant Rule VI.b. of Your Honor's Individual Practices, we submit this letter motion to seal on behalf of the OpenAI Defendants ("OpenAI") in the above-captioned matters. OpenAI seeks to maintain under seal certain redacted the portions of the News Plaintiffs' Letter regarding this Court's July 9 Order (ECF No. 310)[1] and the entirety of Exhibits 2, 4, and 5 attached thereto (ECF Nos. 310-2, 310-4, and 310-5), as first sought in News Plaintiffs' motion to seal (ECF No. 309), and as further narrowed below.

**I.     INTRODUCTION**

      Plaintiffs' letter brief concerns a dispute between News Plaintiffs and OpenAI as to a term in the omnibus Protective Order governing disclosure of documents designated as "Highly Confidential – Attorney's Eyes Only" in discovery. The brief is discovery-related and administrative in nature. In support of Plaintiffs' position as to a specific term of the Protective Order, Plaintiffs quoted from, and submitted full copies of, five documents that OpenAI previously produced in the actions and designated pursuant to prior stipulated protective orders.

      In particular, the information that OpenAI seeks to maintain under seal comprises highly sensitive internal URLs that direct to OpenAI internal documents (in Exhibits 2 and 4), highly confidential internal business communications about a business partner and the scope of agreements with that partner (Exhibit 2), confidential business communications relating to the drafting of policy and related deliberations (Exhibit 4), and confidential internal business and technical documents about the development of models (Exhibit 5). Each category of information would harm OpenAI if disclosed, and each satisfies the standard for sealing documents submitted in connection with discovery motions. Specifically, public disclosure of the confidential information in the examples attached by Plaintiffs and discussed in this motion would cause OpenAI substantial prejudice by subjecting it to cybersecurity risk and "provid[ing] valuable insights into [OpenAI]'s current business practices that a competitor would seek to exploit." *See Louis Vuitton Mallatier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). Finally, OpenAI has narrowly tailored its requests and seeks to seal no more than is necessary to protect its security and proprietary business interests.

---

[1] Unless otherwise indicated, citations to the ECF are to the MDL, Case No. 25-md-3143.

## II. LEGAL STANDARD

As this Court set forth in its July 1, 2025 Order, "[t]he common law right of public access to judicial documents is based on 'the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *See* ECF No. 293 at 2 (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). The Court noted that the First Amendment also grants the public and the press a right of access to civil proceedings. *See id*. (citing *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984)). "When determining whether documents at issue on a motion to seal are subject to this common law right, the court must first conclude that the documents at issue are judicial documents." *See id*. (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).

A "judicial document" is one that is "relevant to the performance of judicial functions and useful in judicial processes." *See id*. at 3 (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016)). Where the documents at issue are judicial documents, "the constitutional and common law presumption of access attaches." *See id*. at 2. On finding that a document qualifies as a judicial document, the Court "must then determine the presumption's weight" and "balance[] competing considerations against the presumption of access." *See id*. (citing *Amodeo*, 71 F.3d at 1050). Sealing judicial documents may be justified by "findings that sealing is necessary to preserve higher values and only if the sealing is narrowly tailored to achieve that aim." *See id*. at 3 (citing *Lugosch*, 435 F.3d at 124).

Documents that are "simply passed between the parties in discovery" are not considered judicial documents and are not entitled to the same presumption of access. *See id*. (citing *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019)). The "court's authority to oversee discovery and control the evidence introduced at trial . . . constitutes an exercise of judicial power . . . ancillary to the court's core role in adjudicating cases," meaning the presumption of public access is "generally somewhat lower" during discovery, requiring the Court to articulate "specific and substantial reasons for sealing such material." *See id*. (citing *Maxwell*, 929 F.3d at 47-49). As a result, the standard for sealing is commensurately lower for such materials. While courts still must articulate specific and substantial reasons for sealing such material, "the reasons usually need not be as compelling as those required to seal filings connected to a dispositive motion." *See id*. (citing *Maxwell,* 929 F.3d at 50). Additionally, the Second Circuit has held it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *See* ECF No. 293 at 3 (citing *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, 17-CV-147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020)).

## III. OPENAI'S CONFIDENTIAL INFORMATION WARRANTS SEALING

OpenAI's sealing request is consistent with this Court's July 1, 2025 Order and the Second Circuit's guidance in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016), and

Hon. Ona T. Wang
July 17, 2025
Page 3

other cases above. The instant motion is a discovery motion that, at most, relates to the specific terms pursuant to which discovery materials will be "passed between the parties in discovery." *Maxwell*, 929 F.3d at 49-50. The documents submitted to support the motion are not judicial documents. OpenAI easily meets the standard that courts routinely apply to materials submitted in connection with discovery motions such as this one.[2]

**Category (i)**. Exhibits 2, 4, 5, and the green-highlighted portions of the version of Plaintiffs' letter filed contemporaneously herewith, contain highly confidential internal business communications about a business partner and the scope of confidential agreements with that partner (Exhibit 2), confidential business communications relating to the drafting of policy and related deliberations (Exhibit 4), and confidential internal business and technical documents about the development of models (Exhibit 5). *See* Declaration of Maile Yeats-Rowe ("Yeats-Rowe Decl.") ¶ 5.

Each contains confidential or highly confidential proprietary information that OpenAI generally does not publicly disclose. *See id*. Moreover, disclosure of such information would give OpenAI's competitors insight into its proprietary development processes and cause competitive harm to OpenAI in a nascent and highly competitive market. *See id*. This type of information routinely is deemed highly confidential and filed under seal. *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests . . . ."); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures"); *Louis Vuitton Mallatier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)). In addition, internal discussions about the performance of a counterparty to a contract are highly sensitive and necessarily confidential, and the public disclosure of those discussions could cause OpenAI competitive harm. *See id*. *See also Samsung Elecs. Co. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 261 (S.D.N.Y. 2024) (finding proposed sealing requests relating to existing licensing agreements, deposition testimony about those agreements, statements about the terms of those agreements, communications about the contents of those agreements, and related portions of the motion were "narrowly tailored to prevent unauthorized dissemination of confidential business information, as well as proprietary technical and trade secret information, the protection of which outweighs the public's right of access.").

**Category (ii)**. Exhibits 2 and 4 also contain internal URLs that direct to OpenAI internal documents, which are highly sensitive and warrant sealing. *See Rand v. Travelers Indemnity Company*, No. 21-CV-10744, 2023 WL 4636614, at *2-3 (S.D.N.Y. July 19, 2023) (sealing information that could pose cybersecurity threats to the organization if released). Disclosure of

---

[2] Even if the documents were judicial documents, the prejudice to OpenAI from public disclosure outweighs the public interest in accessing (i) Exhibit 2 and the corresponding portions of Plaintiffs' letter brief and (ii) the internal URLs in Exhibit 4, for the reasons stated herein.

Hon. Ona T. Wang
July 17, 2025
Page 4

this information could compromise OpenAI's cybersecurity.  *See* Yeats-Rowe Decl. ¶ 6.  OpenAI treats such information as highly confidential, does not publicly disclose it, and takes affirmative steps to protect the confidentiality of such information.  *See id.*

### IV.     OPENAI'S SEALING REQUESTS ARE NARROWLY TAILORED

OpenAI's request is narrowly tailored as OpenAI only seeks to seal some exhibits and limited, related portions of Plaintiffs' letter brief, leaving the balance of the documents unredacted and open to the public.  *See id*. ¶ 7.  OpenAI has not sought to seal all material it has designated as Protected Discovery Material under the Protective Order, but instead made individual determinations as to the propriety of sealing.

\* \* \*

Accordingly, in order to maintain the confidential nature of this information, OpenAI respectfully requests the Court grant this motion to seal.

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Christopher S. Sun* | */s/ Allison S. Blanco* | */s/ Caitlin S. Blythe* |
| Christopher S. Sun | Allison S. Blanco | Caitlin S. Blythe (pro hac vice admission pending) |