# Exhibit 1

**Wednesday, July 23, 2025 at 3:11:46 PM Pacific Daylight Time**

| | |
|---|---|
| **Subject:** | RE: News / Microsoft |
| **Date:** | Wednesday, July 23, 2025 at 10:22:57 AM Pacific Daylight Time |
| **From:** | Briant, Jared B. |
| **To:** | Alex Frawley, #NewYorkTimes-Microsoft-FDBR, NewYorkTimes_Microsoft_OHS@orrick.com |
| **CC:** | Charlotte Lepic, Holden Benon, KVP-OAI, Latham OpenAI Copyright Team (openaicopyrightlitigation.lwteam@lw.com), OpenAICopyright |

==EXTERNAL Email==

Alex -

To address your questions regarding the production:

1. The production will include the agreements between Microsoft and the Times that Microsoft has identified and that Microsoft may rely on for its express licensing defense. We cannot confirm, however, that Microsoft will rely on any or all of these documents to support its express license defense as Microsoft is not yet required to make that contention. We also note that Microsoft is only producing documents in its possession, custody, or control, and it reserves the right to rely on licenses of which it is not presently aware and/or that are not in Microsoft's possession, custody, or control (such as any documents upon which OpenAI may rely for its express license defense).

2. As we said, it will certainly not be difficult to locate the agreements in the production, given the small number of documents in the production. If you nonetheless cannot identify agreements between your client and Microsoft, you can let us know. However, again, Microsoft will not be serving a separate identification of the documents it is producing in connection with this production.

3. The production will include some agreements between Microsoft and other News Plaintiffs, but it is possible there may be others, and Microsoft of course reserves the right to supplement it production and responses as discovery proceeds. Your request that the production include all such agreements in this single production is too late—as we said, the production is already lined up—and does not make sense in the context of this correspondence, which is an outgrowth of contention interrogatories and a discovery motion that The Times, and only The Times, served and filed. And, consistent with the cases we cited below, agreements responsive to all plaintiffs' RFPs will be produced in the normal course of discovery and in advance of the substantial completion deadline at the latest.

Thanks,

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath** LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Tuesday, July 22, 2025 5:07 PM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** Charlotte Lepic <newsplaintiffs-service@simplelists.susmangodfrey.com>; Holden Benon <oai-ndca-sdny@simplelists.susmangodfrey.com>; KVP-OAI <kvpoai@keker.com>; Latham OpenAI Copyright Team (openaicopyrightlitigation.lwteam@lw.com) <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright <openaicopyright@mofo.com>
**Subject:** RE: News / Microsoft

**This Message originated outside your organization.**

Hi Jared,

We disagree about the issues raised in the motion to strike, and will file our reply brief tomorrow.

We also disagree that the interrogatories we are asking Microsoft to answer are similar to the Interrogatory 11 that Microsoft is asking The Times to supplement, and we will respond separately as to that interrogatory.

As for the July 31 production, please clarify three points: (1) that Microsoft will by July 31 produce all contracts that Microsoft is presently aware of that Microsoft will rely on to support its express license defense, (2) to the extent we are unable to locate these documents in Microsoft's productions, that Microsoft help us identify these documents, and (3) the productions will not be limited to The Times's case and will instead apply to all News Cases.

Best,
Alex

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Friday, July 18, 2025 1:58 PM
**To:** Alex Frawley <AFrawley@susmangodfrey.com>; #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** Charlotte Lepic <newsplaintiffs-service@simplelists.susmangodfrey.com>; Holden Benon <oai-ndca-sdny@simplelists.susmangodfrey.com>; KVP-OAI <kvpoai@keker.com>; Latham OpenAI Copyright Team (openaicopyrightlitigation.lwteam@lw.com) <openaicopyrightlitigation.lwteam@lw.com>;

OpenAICopyright <openaicopyright@mofo.com>
**Subject:** RE: News / Microsoft

<mark>EXTERNAL Email</mark>
Alex -

We never received a response to my June 27 email, in which we reiterated that Microsoft is collecting, reviewing and producing agreements that may support the express license defense. Instead, The Times filed a motion to strike to which we have now responded. Consistent with our response, affirmative defenses like these can and should be bolstered throughout the normal course of discovery. *See, e.g., Unicorn Glob., Inc. v. DGL Grp., Ltd.*, 2022 WL 3132863, at *3 (E.D.N.Y. Aug. 4, 2022) ("Again, a discovery request would have been sufficient to give Unicorn Global the information necessary to litigate DGL's license defense."); *Bennett v. Spoor Behrins Campbell & Young, Inc.*, 124 F.R.D. 562, 563 (S.D.N.Y. 1989) ("These questions are viewed as more properly determinable only after adequate discovery and, if necessary, a complete hearing on the merits.").

Regardless, on the anticipated timeline for production: Microsoft will produce agreements between Microsoft and The Times identified so far that Microsoft may rely on by July 31. They will not be in a standalone production, and will be supplemented as necessary as discovery proceeds. The documents are already in line for production, and changing the productions already lined up would cause inefficiencies and delay the several productions we have in progress. That said, this is not a large production and it will not be difficult to locate these documents.

Finally, we don't find your suggestion of "hiding the ball" particularly helpful here, especially given that The Times is itself taking the position that identifying facts that support certain allegations in the pleadings should wait until the January 9, 2026 deadline for contention interrogatories. *See* June 27, 2025 Email from A. Muttalib (refusing to answer Microsoft's interrogatory regarding damages, stating that "The Times has consistently maintained that it is not required to respond to contention interrogatories until, at the very earliest, January 9, 2026—a position that Microsoft seems to accept given that it raised this very argument at the June 25th hearing," and refusing to supplement responses).

Thanks,

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath** LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Alex Frawley <AFrawley@susmangodfrey.com>
**Sent:** Thursday, July 17, 2025 3:32 PM
**To:** #NewYorkTimes-Microsoft-FDBR <NewYorkTimes-Microsoft-FDBR@faegredrinker.com>; NewYorkTimes_Microsoft_OHS@orrick.com
**Cc:** Charlotte Lepic <newsplaintiffs-service@simplelists.susmangodfrey.com>; Holden Benon <oai-ndca-sdny@simplelists.susmangodfrey.com>; KVP-OAI <kvpoai@keker.com>; Latham OpenAI Copyright Team (openaicopyrightlitigation.lwteam@lw.com) <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright <openaicopyright@mofo.com>
**Subject:** News / Microsoft

**This Message originated outside your organization.**

Hi Jared,

I'm writing about the interrogatory dispute argued on June 25 (Dkt. 148).

The import of the Court's ruling is that News Plaintiffs are entitled to know which documents Microsoft will rely on to support its express license defense, and that News Plaintiffs are entitled to this information promptly. *See, e.g.*, June 25 Tr. at 139:17-19 (instructing News Plaintiffs to serve a document request "seeking the express license referenced in the answer" and to do so "tomorrow" to "end this" dispute).

At a minimum, Microsoft should commit to producing these documents within two weeks, by July 31. In addition, we ask that Microsoft produce the documents in a standalone production—i.e., without adding additional documents not responsive to this request. We don't think Microsoft should try to hide the ball on which documents it plans to rely on for its express license defense, and trying to do so would be inconsistent with the Court's instructions. Finally, one additional reason we seek the documents by July 31 is so we can serve any appropriate follow-up discovery requests by the August 19 deadline.

Please let us know if Microsoft will agree to the above timeline and approach for producing these documents. If we can't reach agreement, we intend to update Magistrate Judge Wang and seek relief.

Best,
Alex

**Alexander P. Frawley | Susman Godfrey LLP**
One Manhattan West, 50th Floor | New York, NY 10001

212.729.2044 (office) | 917.599.6613 (cell)
afrawley@susmangodfrey.com | www.susmangodfrey.com