

July 31, 2025

**VIA ECF**

Honorable Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

Re: *In re OpenAI, Inc., Copyright Infringement Litig.*, 1:25-md-3143-SHS-OTW
This Document Relates To: The News Cases
Microsoft's Response to News Plaintiffs' "Renewed" Letter Brief for Discovery on New Consumer Copilot (ECF 372)

Dear Magistrate Judge Wang:

Microsoft submits this response to the July 28, 2025 "renewed" letter motion from Plaintiffs The New York Times Company, Daily News, LP, *et al*., and The Center for Investigative Reporting, Inc. (collectively, "News Plaintiffs") seeking an order requiring Microsoft to provide discovery regarding New Consumer Copilot. For the reasons below, as well as those articulated by the Court at the December 3, 2024 hearing and in the Order denying the News Plaintiffs' request for discovery on future, anticipated, or later products (*New York Times*, ECF 365 at 5); articulated by Judge Stein at the May 22, 2025 hearing and in the Order instructing class plaintiffs to file a single consolidated complaint "to include only the same products and causes of action that have already been asserted in the pending putative class actions" (ECF 60 at 2); provided in Microsoft's response to News Plaintiffs' original motion (*New York Times*, ECF 508); and articulated by Microsoft's counsel at the May 27, 2025 discovery hearing (Tr. at 106:7-108:18, 111:2-112:3) and the June 26, 2025 technology tutorial (Tr. at 270:9-272:23; ECF 274 at 86-89), Microsoft respectfully requests that the Court deny News Plaintiffs' motion.

Prior to filing their "renewed" motion, News Plaintiffs did not meet and confer with or otherwise indicate to Microsoft that they would be submitting this letter, which was not solicited or requested by the Court. Microsoft's understanding following the May discovery hearing and the June technology tutorial was that the Court had sufficient information to decide this issue given that the Court did not ask for supplemental briefing. News Plaintiffs' motion should be stricken for this process failure alone. Nonetheless, Microsoft submits this brief to respond to News Plaintiffs' arguments.

As Microsoft has explained to News Plaintiffs and the Court on multiple occasions, New Consumer Copilot is a product that ***did not exist*** at the time News Plaintiffs filed their complaints, is built on a ***different platform with new system architecture*** than the products named in News Plaintiffs' complaints, and ***involves hundreds of potential new custodians*** given that the back-end code was written by an entirely new team. As such, providing News Plaintiffs with the requested relief would require a significant revision to the current discovery schedule as it would essentially necessitate starting over in discovery. As this Court has already found, there is no good cause to do so. *New York Times*, ECF 365 at 5.

News Plaintiffs' letter disregards these substantial differences and continues to focus on cosmetic similarities between the two products. News Plaintiffs' images of the user interface of each of New Consumer Copilot and Microsoft 365 Copilot for enterprise users do not support their argument. While it is notable that the user interfaces are different, the true differences between the products exist "under the hood." Tr. at 271:20-21 (June 26, 2025). As Microsoft has repeatedly explained, New Consumer Copilot has "an entirely new infrastructure and system architecture," is "built on a different platform, and it's got a different logging system and a completely different collection of logs," as well as "a new code base." *Id.* at 271:21-272:2; *see also* ECF 274 at 89. This means that discovery into New Consumer Copilot would require Microsoft to collect and review a vast new set of both non-custodial and custodial documents. New Consumer Copilot was developed and marketed by a group of people who recently joined Microsoft, so there is very little overlap between the existing custodians and the potential new custodians. Tr. at 272:2-23 (June 26, 2025); *see also New York Times*, ECF 508 at 2-3.

In the face of this record, News Plaintiffs characterize their discovery requests as "tailored," but they are ***not*** tailored in any way. News Plaintiffs have issued 260 RFPs and 35 interrogatories to Microsoft to date, and, in their renewed motion, News Plaintiffs seek full responses to each and every one of these requests with respect to New Consumer Copilot. While some requests overlap, Microsoft would have to research an entirely new product, including interviewing many new employees, in order to update these responses and search for documents responsive to these requests related to New Consumer Copilot. This would also require a new custodian and search term identification process between the parties, on top of the 265 search terms that have already been negotiated and run for 33 custodians. As to the request for output log data, as Microsoft explained at the technology tutorial, this would require "a completely different collection of logs" beyond the 15 petabytes of output data that Microsoft has already collected. Tr. at 271:22-272:2 (June 26, 2025). Although it is unclear whether News Plaintiffs are requesting source code,[1] New Consumer Copilot has "a new code base." *Id.* at 272:2-4. Proving how it works will require Microsoft's counsel to investigate and produce witnesses on that subject, even if News Plaintiffs elect not to review the source code themselves. The GPT models (and related training data) for New Consumer Copilot also differ from those currently in the case as to Microsoft and would require additional discovery, as would Microsoft's search for user engagement metrics for New Consumer Copilot. New Consumer Copilot is a new product that was developed after the filing of News Plaintiffs' complaints and is covered by this Court's prior ruling denying discovery on such products. *See New York Times*, ECF 365 at 5.

News Plaintiffs' reliance on New Consumer Copilot's use of retrieval augmented generation ("RAG") and GPT-4o is unavailing. While New Consumer Copilot utilizes RAG, the underlying orchestrator and the decision and retrieval process for grounding material is different in New Consumer Copilot; it does not use the Sydney Orchestrator that has already been the subject of many months of discovery. *See* Tr. at 272:2-9 (June 26, 2025); *see also* ECF 274 at 34-41. The technology at the core of New Consumer Copilot is fundamentally different than the products identified in News Plaintiffs' complaints.

---

[1] While News Plaintiffs state they "are not seeking all of the code for Copilot," they then request that Microsoft "produce . . . source code . . . for Copilot in response to News Plaintiffs' requests for inspection, without an artificial date limitation." ECF 372 at 4.

Honorable Ona T. Wang                                - 3 -                                July 31, 2025

      News Plaintiffs also continue to misrepresent the status of GPT-4o in this case. Microsoft has asserted and continues to assert that GPT-4o is not at issue in this MDL, particularly in light of Judge Stein's order that any amended complaints should include "no new products or causes of action; only those that have already been asserted in these cases." Tr. at 20:19-23 (May 22, 2025); *see also* ECF 60 at 2. Microsoft has filed a motion to strike the class plaintiffs' attempts to add claims regarding GPT-4o. ECF 327 at 14, 18. OpenAI's decision to provide discovery into GPT-4o (and the Court's order requiring OpenAI to provide discovery on models that OpenAI identified) is irrelevant to whether Microsoft is obligated to provide such discovery on models that were not identified in News Plaintiffs' complaints. Further, the website cited in footnote 2 of News Plaintiffs' letter is not about M365 Copilot for enterprise users, the product at issue in this case, but instead relates to a different product, Microsoft 365 Copilot Chat, which was not introduced until January 2025.[2]

      Finally, Judge Chhabria's decision in *Kadrey*, relied upon by News Plaintiffs, does not compel this Court to conclude that discovery of new products is relevant to the existing products in the case. Even if the operation of New Consumer Copilot can arguably shed some additional light on the technology at issue, News Plaintiffs make no showing that the alleged marginal benefit to their fair use fourth factor harm case in pursuing such discovery could possibly outweigh the downside risks of completely derailing the schedule in these coordinated MDL proceedings. And it absolutely would derail the schedule: pursuing a similar scope of discovery into New Consumer Copilot would double or even triple the document and deposition discovery.

      The Court made clear that the only additional information it desired on these issues was to be presented at the technology tutorial. News Plaintiffs' "renewed" motion is without basis, contrary to the previous rulings of the Court, and should be denied.

Respectfully submitted,                          Respectfully submitted,

*/s/  Annette L. Hurst*                          */s/  Jared B. Briant*

Annette L. Hurst                                 Jared B. Briant

*Counsel for Defendant Microsoft Corporation*

---

[2] https://www.microsoft.com/en-us/microsoft-365/blog/2025/01/15/copilot-for-all-introducing-microsoft-365-copilot-chat/; *see also* http://microsoft.com/en-us/microsoft-365/copilot/chat#faq (noting in the FAQs "the difference between Microsoft 365 Copilot Chat and Microsoft 365 Copilot").