SUSMAN GODFREY L.L.P.

August 1, 2025

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

> *In re OpenAI, Inc.*, *Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW)
> This Document Relates to: *NYT v. Microsoft et al.*, 23-cv-11195 (SHS) (OTW)

Dear Magistrate Judge Wang:

Plaintiff The New York Times Company ("The Times") opposes OpenAI's motion to address alleged deficiencies in The Times's privilege logs. Dkt. 374.

1. **The Times has properly asserted privilege over its "GAI Training Module" and any associated guidance.**

First, OpenAI asserts that The Times's "GAI Training Module" cannot be privileged material as it was prepared by "non-lawyer" employees and "distributed to non-attorney Times employees who were required to complete it to access OpenAI's LLMs." *Id.* at 3. As an initial matter, The Times notes that there is a significant inconsistency between OpenAI's position here and those it has taken with respect to its own documents. Specifically, OpenAI has regularly taken the position that the dissemination of training documents to non-lawyer employees does not necessarily break privilege. Accordingly, "[b]oth parties agree that training materials and policy documents can amount to legal advice protected by the attorney-client privilege." *Valassis Commc'ns, Inc. v. News Corp.*, 2018 WL 4489285, at *3 (S.D.N.Y. Sept. 19, 2018).

Here, the "GAI Training Module" was prepared at the direction of in-house counsel to ensure that Times employees were utilizing Generative AI tools in a legally compliant manner, and to inform employees of the risks associated with failing to do so. Indeed, twelve Times attorneys played a role in preparing, editing, and finalizing the module. *U.S. Postal Serv. v. Phelps Dodge Ref. Corp.*, 852 F. Supp. 156, 163 (E.D.N.Y. 1994) (noting that "drafts may be considered privileged if they were prepared with the assistance of an attorney for the purpose of obtaining legal advice and/or contain information a client considered but decided not to include in the final version"). Accordingly, contrary to OpenAI's assertion, lawyers were clearly involved in the drafting of the training. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2020 WL 8465433, at *2 (S.D.N.Y. Oct. 30, 2020) (noting that the attorney client privilege "attaches not only to communications by the client to the attorney, but also to advice rendered by the attorney to the client, at least to the extent that such advice may reflect confidential information conveyed by the client").

"In addition, 'the privilege protects from disclosure communications among corporate employees that reflect advice rendered by counsel to the corporation,' and thus 'the dissemination of confidential communications to [the corporation's employees] does not defeat the privilege.'" *Id.* (quoting *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 442

August 1, 2025
Page 2

(S.D.N.Y. 1995)). Stated otherwise, the circulation of the GAI Training Module to non-lawyer Times employees does not break the attorney client privilege. Indeed, one of the primary purposes of this training is to ensure legal compliance by employees of the company. "The mere fact that business was [an additional] purpose of the [training] does not vitiate [the training's] legal nature." *Scott v. Chipotle Mexican Grill, Inc.*, 94 F. Supp. 3d 585, 596 (S.D.N.Y. 2015); *see Upjohn Co. v. United States*, 449 U.S. 383, 392 (1981) ("In light of the vast and complicated array of regulatory legislation confronting the modern corporation, corporations, unlike most individuals, constantly go to lawyers to find out how to obey the law."). Thus, The Times has properly asserted privilege over the GAI Training Module.

Finally, The Times has appropriately asserted privilege over guidance relating to the GAI Training Module. Contrary to OpenAI's assertions, The Times is not withholding final versions of Generative AI guidance as a blanket matter. Indeed, The Times has already produced responsive Generative AI guidance, *see* NYT_00468501, NYT_00701574, NYT_00709636, NYT_00468513, and has indicated that it "expects to produce additional guidance in redacted form" in short order. *See* Ex. A (K. Peaslee July 23, 2025 email to S. McManus). However, The Times has appropriately asserted privilege over *guidance relating to the GAI Training Module*, as in-house counsel played a role in preparing the guidance and the underlying training itself is privileged.

**2.    The Times has properly claimed privilege over the relevant Generative AI presentations.**

Second, OpenAI asserts that The Times has "failed to substantiate its privilege claims over Generative AI presentations likely given to senior Times leadership." Dkt. 374 at 3. OpenAI further claims that "The Times has improperly claimed privilege over a presentation entitled 'July Leadership Meeting: Generative AI – with Demos'" and a presentation "entitled 'The September Board: Generative AI Update.'" *Id.* at 3–4. Again, OpenAI's basis for challenging The Times's assertion of privilege is that attorneys allegedly do not appear to have contributed to the relevant presentations. Based on this erroneous assumption, OpenAI hastily concludes that these presentations serve "quintessential business purposes" and are, thus, "not privileged." *Id.* at 3.

As an initial matter, The Times takes issue with OpenAI's assertion that The Times is blanketly asserting privilege over its Generative AI presentations. The Times has produced hundreds of presentations, many of which specifically concern Generative AI. Indeed, in the course of meeting and conferring over the instant motion, The Times agreed to produce multiple presentations concerning Generative AI. *See, e.g.*, NYT_00755577. Accordingly, it is disingenuous for OpenAI to assert that The Times has blanketly "failed to substantiate its privilege claims over Generative AI presentations."

With respect to the two presentations specifically at issue, The Times has properly asserted privilege over them. First, contrary to OpenAI's suggestion, The Times's in-house counsel—viz., Diane Brayton and Shushana Jachobov—contributed to both presentations. Moreover, without delving into the substance of either document, both presentations concern The Times's assessment

August 1, 2025
Page 3

of its intellectual property and potential litigation against Defendants. In other words, these presentations are privileged as they concern legal advice rendered by in-house counsel to The Times. *See Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 441–42 (S.D.N.Y. 1995) ("It is now well established that the privilege attaches not only to communications by the client to the attorney, but also to advice rendered by the attorney to the client, at least to the extent that such advice may reflect confidential information conveyed by the client.").

Finally, it is inconsequential that these presentations were shared with "senior Times leadership." Dkt. 374 at 3. The attorney client privilege "protects from disclosure communications among corporate employees that reflect advice rendered by counsel to the corporation." *Bank Brussels Lambert*, 160 F.R.D. at 442. "A privileged communication should not lose its protection if an executive relays legal advice to another who shares responsibility for the subject matter underlying the consultation." *Id.* "This follows from the recognition that since the decision-making power of the corporate client may be diffused among several employees, the dissemination of confidential communications to such persons does not defeat the privilege." *Id.* Therefore, the fact that these two presentations were shared with The Times's most senior leadership is not sufficient to vitiate the attorney client privilege.

***

OpenAI's challenges to The Times's privilege log are both unavailing and inconsistent with its own assertions of privilege. Moreover, OpenAI's demand for an amended privilege log is particularly frustrating given its ongoing failure to produce its own log. This motion continues OpenAI's pattern of demanding that The Times undertake significant burdens to expedite discovery, while failing to comply with those very demands itself. The Times respectfully requests that the Court deny OpenAI's letter request.

Respectfully submitted,

*/s/ Davida Brook*
Davida Brook
Susman Godfrey L.L.P.

*/s/ Steven Lieberman*
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck

cc:   All Counsel of Record (via ECF)