SUSMAN GODFREY L.L.P.

August 4, 2025

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

        *In re OpenAI, Inc.*, *Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW)
        This Document Relates to: *NYT v. Microsoft et al.*, 23-cv-11195 (SHS) (OTW)

Dear Magistrate Judge Wang:

      Plaintiff The New York Times Company ("The Times") opposes Microsoft's motion to compel reports and analyses relating to The Times's surveys regarding subscription cancellations. Dkt. 781. This is Microsoft's latest in a series of attempts to relitigate an issue that this Court has already decided. Specifically, on November 18, 2024, Microsoft previously sought to compel "subscription cancellation information" including "reasons for any cancellation of subscription to The Times," "surveys and responses regarding cancellation subscriptions," and "studies regarding the reasons for any cancellations of subscriptions to The Times." Dkt. 315. This Court denied Microsoft's request, *see* Dkt. 351, and Judge Stein affirmed that order, *see* Dkt. 592.[1] Then, at the June 25, 2025 conference, on a completely unrelated motion, Microsoft again sought to relitigate the merits of the Court's decision regarding survey data. *See* June 25, 2025 Hearing Tr. at 89:13–19 ("Ms. Hurst: I continue to believe that surveys that they conduct of their subscribers, and particularly their canceling subscribers, would be a key component of asking the questions about those brand tracking surveys, and frankly, what sources of information they include and whether they include all relevant sources of information about subscriber and public attitudes toward the publication."). The Court again denied Microsoft's request. *Id.* at 91:3–7.

      Now, for a third time, Microsoft "requests the Court compel The Times to collect and produce documents responsive to Requests Nos. 76, 77, and 111 that reflect or encompass reports or analyses relating to surveys of where its readers cancelled their subscriptions"—the very RFPs that were the subject of Microsoft's prior motion to compel. *See* Dkt. 315. The Court should deny Microsoft's request as a blatant attempt to relitigate an already decided issue. *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991) ("[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case.").

      However, to the extent the Court is willing to entertain Microsoft's motion, it is unavailing for the very reasons this Court has previously identified. Specifically, as Judge Stein noted, The

---

[1] In a footnote, Microsoft claims that it seeks "follow-up relief" because the prior order "did not address" the documents it seeks here. Dkt. 781 at 1 n.1. In fact, Microsoft's prior motion sought to compel broad categories of "subscription cancellation information," which the Court denied. Dkt. 315 at 2; *see* Dkt. 351; Dkt. 592 at 8–9. Microsoft's other argument, that it served duplicative RFPs that conceivably also cover this information, is not a reason for the Court to revisit its prior ruling on the relevance and proportionality of this discovery.

August 4, 2025
Page 2

Times has already "produce[d] surveys that 'allow users to select, as one of the reasons for the cancellation, that AI makes my subscription unnecessary or that otherwise takes Generative AI into consideration.'" Dkt. 592 at 9. The Times undertook significant efforts to compile and produce that large data set, which identified over 15,500 survey responses. That should have been sufficient to satisfy Microsoft's requests.

However, The Times went further and also produced audience reports, which directly bear on Microsoft's requests for information regarding the factors impacting traffic to The Times's website. *See* Ex. A. Moreover, The Times has agreed to produce Audience Insight Group (AIG) analyses, which directly assess the impact of Generative AI on The Times. Indeed, these AIG reports squarely address the hypotheticals presented in Microsoft's motion. *See* Dkt. 781 at 2. Finally, The Times has produced, *inter alia*, the following categories of responsive documents:

(1) Documents regarding any harm or injury alleged in this case, which includes documents relating to reductions in readership, revenue, or online subscriptions;

(2) Documents sufficient to show the number of monthly Times subscribers from 2015 to present;

(3) Documents sufficient to show The Times's monthly revenue, including from subscriptions, advertising, and affiliate links from 2015 to present; and

(4) Documents regarding decreases in online traffic or impacts on Wirecutter and Cooking subscription and advertising revenue.

Apparently dissatisfied with The Times's robust production, Microsoft now demands that The Times conduct a separate search for any reports, analyses, or presentations relating to the survey data that it *has already produced*. Such a request seeks irrelevant information, *see* Dkts. 351 & 592, and is entirely disproportionate to the needs of the case—especially in light of what The Times has already agreed to produce. Consistent with its prior orders on this very issue, the Court should deny Microsoft's motion.

Respectfully submitted,

*/s/ Davida Brook*
Davida Brook
Susman Godfrey L.L.P.

*/s/ Steven Lieberman*
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck

cc:    All Counsel of Record (via ECF)