**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br><br>COPYRIGHT INFRINGEMENT LITIGATION<br><br><br>This Document Relates To:<br><br>THE NEW YORK TIMES COMPANY v. MICROSOFT CORPORATION ET AL. No. 23-cv-11195 | 25-md-3143 (SHS) (OTW)<br><br>**PLAINTIFF'S RESPONSE TO OPENAI'S MOTION FOR LEAVE TO FILE UNDER SEAL (DKT. 373)** |

Under Paragraph 34 of the Protective Order (Dkt. 367), Plaintiff The New York Times Company ("The Times") responds to OpenAI's motion for leave to file under seal (Dkt. 373). OpenAI filed its motion to seal in connection with its letter motions and accompanying exhibits. The motions address material The Times produced in this case.

The Court should grant OpenAI's Motion to Seal in part (Dkt. 373). First, the entirety of Exhibit 4—attached to OpenAI's letter motion at Dkt. 375—should remain sealed, as it contains non-public and sensitive information about technical aspects of The Times's business. Likewise, the entirety of Exhibits 6, 7, 8 and 18—attached to OpenAI's letter motion at Dkt. 377—should remain sealed for the same reason. The Times has consistently designated such information "Highly Confidential – Attorneys' Eyes Only" under the Protective Order, as it includes non-public and competitively sensitive technical information about The Times's business operations.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts "must balance competing considerations against" this presumption of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (presumption of public access is lower for documents "passed between the parties in discovery"). "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings."

*Maxwell*, 929 F.3d at 50. This standard applies here because OpenAI's motion to seal addresses material filed in connection with a discovery dispute.

This is a narrow request, confining sealing to just five (of OpenAI's thirty-two) exhibits. And, the request targets only sensitive "technical" information that, if publicly revealed, could cause commercial injury and threaten The Times's information security systems. *FuboTV Inc. v. Walt Disney Co.*, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024); *Kewazinga Corp. v. Microsoft Corp.* 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (granting sealing).

For these reasons, The Times respectfully requests that the Court grant OpenAI's Motion to Seal in part.

Respectfully submitted,

Dated: August 6, 2025

*/s/ Davida Brook*

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)
Adnan Muttalib (*pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
amuttalib@susmangodfrey.com

Ian Crosby *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880

Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
kpeaslee@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

3