KEKER VAN NEST & PETERS          LATHAM & WATKINS LLP          MORRISON FOERSTER

September 9, 2025

*VIA ECF*

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: *All Counsel of Record (via ECF)*

Re:     **_Discovery dispute concerning The Times's refusal to produce evidence of its alleged harm beyond May 1, 2024_**
        *In re OpenAI Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW
        This Document Relates to: *NYT v. Microsoft et al.*, No. 1:23-cv-11195-SHS-OTW

Dear Judge Wang:

OpenAI moves to compel The Times to extend the date range of its production through June 30, 2025, for five targeted categories of evidence relating to The Times's allegations of ongoing harm. The Times asserts that it has been, and continues to be, harmed by OpenAI's conduct to the present day.[1] Yet, with narrow exceptions, The Times has imposed a date range cutoff to its production of May 1, 2024. If The Times is going to claim harm past this cutoff date, it must produce evidence that would support (or refute) harm ***during that period.***[2] Crucially, The Times concedes that these categories are relevant, but balks, without clear explanation, at a modest and necessary expansion. The Times does so even as it has demanded that OpenAI produce similar categories of documents through 2025.

    **A.**    **Relevance**

---

[1] *See* ECF 72 ("SAC") ¶ 161 ("Defendants' unlawful conduct has also caused, and *will continue to cause*, substantial harm to The Times." (emphasis added)); Aug. 12, 2025 Hr'g. Tr. at 54:9–15, ECF 525 ("[F]actor four is not stuck in time, it's forward looking. We have to look at the damage and the substitute uses of today . . . .").

[2] If The Times refuses, then it risks being precluded from claiming harm past May 1, 2024. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006) (affirming preclusion regarding lost profits where plaintiff failed to present evidence).

3070041

Page 2

1. **Documents concerning the impact of changes to Google's search engine algorithm and The Times's search engine optimization ("SEO") strategy (RFPs 243–253).**

In 2024, Google implemented major changes to its search platform, including "AI Overviews," which launched on May 14, 2024, and other core ranking updates. To the extent that The Times claims any harm beyond its May 1, 2024 cutoff, it is crucial to consider whether decreases in traffic are attributable to the impact of Google's 2024 changes or The Times's SEO strategy, rather than OpenAI. *See* ECF 82 at 9 ("[R]elevant evidence examines whether defendants' use, as opposed to some other factor, caused the particular harm.").

The Times has already agreed to produce such documents and conceded their relevance. *See* Ex. 1 at 17–18; *see also* Exs. 7–8 (Plaintiffs' subpoenas to Google). Given this, and The Times's allegations of harm post-May 2024, insistence on a May 1, 2024 cutoff is nonsensical. For instance, to the extent the changes Google implemented on May 14, 2024 (as opposed to OpenAI's conduct), had an impact on The Times's search referral traffic, that impact would only be reflected in documents that *post-date* The Times's cutoff. The Times cannot allege harm post-May 2024 while simultaneously applying a limitation that would prevent OpenAI from accessing crucial evidence necessary to test The Times's allegations of harm.

2. **Documents and data reflecting The Times's actual revenues, including the revenue attributable to Wirecutter affiliate referrals, subscriptions, advertising, and licensing (RFPs 27, 95, and 137).**

The Times requests actual damages and alleges that OpenAI has harmed and continues to harm its revenues to the present day. *See, e.g.*, SAC ¶¶ 5, 9, 135–136, 163–164. Its actual revenues are therefore plainly relevant. *See On Davis v. The Gap, Inc.*, 246 F.3d 152, 167 (2d Cir. 2001), *as amended* (May 15, 2001) (plaintiff's profits are a classic element of copyright damages). Accordingly, The Times has agreed to produce documents sufficient to show its total revenue broken down by source up to May 2024. *See* Exs. 3–5 (RFP responses). But if OpenAI is to rebut any allegations of harm and damages beyond May 1, 2024, its experts need evidence *for the entire relevant period*.

Much has happened since May 1, 2024, that would be relevant to The Times's claim of harm. For example, in addition to changes to Google's search engine, OpenAI introduced a third iteration of its search project, ChatGPT Search, in October 2024. More recent revenue data is also probative of longer-term trends in harm or lack thereof because ChatGPT adoption has only increased since May 2024. If The Times intends to claim that OpenAI's products have caused The Times harm through June 2025, it should produce evidence relevant to this date range.

3. **Documents and data reflecting user-related metrics, including total page views, active subscribers, total user visits, user traffic, and average users (RFPs 29, 34, 136, 142–145, 185, and 187–189).**

3070041

Page 3

The Times's allegations of harm are based on purported reductions to its page views, subscribers, and traffic. *See* SAC ¶¶ 41, 44, 164. The Times has agreed to produce, and thus has conceded the relevance of, data regarding its page views, active subscribers, total user visits, decreases in traffic, and whether such decreases are attributable to OpenAI's products as opposed to other market factors. *See* Exs. 3, 5–6.

But the Times's insistence on a May 2024 cutoff is inconsistent with its allegations of ongoing harm to traffic and user engagement, its demands of OpenAI to produce similar data, and its own RFP responses. In fact, in its responses to RFPs 136, 142–144, and 185–189, served on October 21, 2024, The Times agreed to produce documents in periods ending with "***to present***." *See* Exs. 5–6 (emphasis added).

To the extent The Times argues that these RFPs are not relevant, that argument is belied by the fact that it has already agreed to produce these categories of documents, just from a truncated time frame. Moreover, The Times misreads the Order on which it relies, which plainly found that "relevant evidence [that] examines whether defendants' use, *as opposed to some other factor*, caused the particular harm" should be produced and cited the Times's agreement to do so. ECF 82 at 8 (emphasis added). Thus, the Court has found that such evidence *is* relevant, and the only question is the applicable date range. Because The Times claims that it has continued to suffer harm through June 2025, the date range should be extended to cover that period.

   4. **Documents and data reflecting whether alleged shifts in The Times' traffic, subscriptions, or advertising revenue are attributable to Defendants' LLMs or other factors (RFPs 145, 301–304, and 306).**

In response to RFP 145, the Times has agreed to produce documents reflecting whether shifts in its traffic are attributable to OpenAI's products as opposed to other factors. Ex. 5. For the reasons above, The Times cannot allege harm beyond May 2024 while simultaneously withholding evidence relevant to its harm.[3]

   5. **Documents and data reflecting The Times' use of robots.txt files and other webmaster controls to prevent crawling of its site (RFPs 38, 132, and 133).**

The Times's use of robots.txt and other webmaster controls is directly relevant because The Times's knowledge and conduct with respect to AI crawlers bears on whether OpenAI caused the Times's alleged harm and OpenAI's potential implied license defense (i.e., whether The Times encouraged or did not actively oppose crawling). *See* SAC ¶ 53. Like the above

---

[3] Should this Court grant OpenAI's parallel motion to compel regarding RFPs 301–304, and 306, The Times should produce documents through June 30, 2025 as to these RFPs as well.

categories, The Times has agreed to produce documents but has offered no explanation for its refusal to produce documents beyond the May 2024 cutoff. *See* Exs. 3, 5; Ex. 2 at 1.

### B. Proportionality and Burden

The requested discovery is proportional to the needs of the case. OpenAI requests a modest extension of 14 months to June 30, 2025, applied only to five targeted categories of evidence which go to a central issue in this case: The Times's claim of ongoing harm caused by OpenAI. This is evidence uniquely within The Times's custody and cannot be obtained elsewhere.

In response to OpenAI's requests regarding category 1, The Times stated only that it would have to review "thousands of documents." Ex. 1 at 3. But there is nothing disproportionate about reviewing "thousands" of documents in a case of this scale. Moreover, the benefit of the requested discovery far outweighs any burden. *See Jones v. Goord*, 2002 WL 1007614, at *10 (S.D.N.Y. May 16, 2002). Because the most significant changes to Google's search algorithm began in May 2024, discovery after The Times's cutoff is crucial to understanding any allegations of ongoing harm.

In response to OpenAI's requests regarding categories 2 through 5, The Times merely stated that it would be burdened. But a boilerplate reference to burden is insufficient to justify curtailing relevant discovery. *See Yusupov-Millevoi v. Kingyum Transports LLC*, 349 F.R.D. 491, 495 (S.D.N.Y. 2025) (the burden shifts to the opposing party to justify curtailing discovery). This is especially true because The Times has conceded relevance and has made the ***exact same*** types of requests for OpenAI's revenue and user metrics ***through 2025***. In fact, The Times has gone further by demanding documents relating to entirely unreleased products. Moreover, any burden would be minimal. OpenAI is not requesting broad ESI collection—it is requesting targeted "go-and-get" searches for documents responsive to these categories of requests.

Respectfully,

| KEKER, VAN NEST & PETERS LLP[4] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Andrew F. Dawson*<br>Andrew F. Dawson | */s/ Allison S. Blanco*<br>Allison S. Blanco | */s/ Rose S. Lee*<br>Rose S. Lee |

---

[4] All parties whose electronic signatures are included herein have consented to the filing of this document.

3070041