# Exhibit 7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X

THE INTERCEPT MEDIA, INC.,        :

                        :     NO. 1:24-cv-01515-JSR

        Plaintiff,          :

                        :

          v.             :

                        :

OPENAI, INC., OPENAI GP, LLC, OPENAI,   :
LLC, OPENAI OPCO LLC, OPENAI GLOBAL  :
LLC, OAI CORPORATION, LLC, OPENAI    :
HOLDINGS, LLC, and MICROSOFT       :
CORPORATION,                  :

        Defendants.        :

                        :

------------------------------------------------------- X

### OPENAI DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION (NOS. 31-52)

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo, LLC, OpenAI Global, LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC (collectively, "OpenAI") hereby object and respond to Plaintiff's First Set of Requests for Admission. To the extent that OpenAI agrees to respond to these Requests, each entity is agreeing to respond only on its own behalf, to the extent any information is in the possession, custody, or control of that entity. Furthermore, an agreement by OpenAI to respond does not mean that each entity has information in its possession, custody, or control.

### INTRODUCTORY RESPONSE

The following responses and objections are based upon the facts, documents, and information presently known and available to OpenAI. Discovery, investigation, research, and analysis are ongoing. These processes may disclose the existence of additional facts or

documents, add meaning to known facts or documents, or lead to additions, variations, or changes to these responses and objections.

Without obligating itself to do so, except to the extent required by the Federal Rules of Civil Procedure, OpenAI reserves the right to change or supplement these responses as additional facts or documents are discovered, revealed, recalled, or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional facts, documents, contentions, or legal theories that may apply. OpenAI specifically reserves the right to utilize subsequently discovered facts, documents, or other evidence at trial. Given the ongoing investigation, OpenAI reserves the right to serve timely verifications to the responses at a later date.

The general and specific responses and objections set forth below are intended to apply to all information provided pursuant to the Requests. Furthermore, these responses do not in any way waive any objections by OpenAI in this or in any subsequent proceeding, on any grounds, including objections as to the competency, relevancy, materiality, privilege or admissibility of these responses, or the subject matter thereof.

## GENERAL OBJECTIONS

The following objections to Definitions ("General Objections") are continuing in nature and shall apply to each Request and each and every definition by Plaintiff and are hereby incorporated into each response. OpenAI makes each individual response subject to, and without waiver of, the following General Objections:

OpenAI objects to the Requests to the extent that any Request:

      a.    seeks the disclosure of information neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence;

      b.       is overly broad, unduly burdensome, oppressive, and/or duplicative;

      c.       is unrestricted in time;

      d.       is vague and/or ambiguous;

      e.       calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, the settlement privilege, and/or any other privilege or immunity from disclosure recognized by law;

      f.       calls for the disclosure of information not within OpenAI's possession, custody, or control;

      g.       calls for the disclosure of information that is publicly available or to which Plaintiff has equal access; and/or

      h.       constitutes a Request for Admission beyond the scope of discovery authorized by and/or seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure 26 and 36, the local rules of the Southern District of New York, and this Court.

2.      In the event that OpenAI produces information or documents that are privileged, work product, protected under Federal Rule of Evidence 502, or otherwise immune from disclosure, it will have been produced through inadvertence and shall not constitute a waiver of any privilege or immunity applicable (a) to that or any other information or documents or (b) to communications concerning the subject matter of that or any other information or documents. Any such information should be treated in accordance with the protective order and ESI protocol entered in this action.

3.      OpenAI objects to each Request to the extent that it seeks trade secrets or confidential or proprietary information of OpenAI.  OpenAI will produce confidential documents and information as set forth herein subject to the terms of the protective order entered

in this action.

4.      OpenAI objects to each Request to the extent it purports to require OpenAI to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.  OpenAI will not disclose such information without either the consent of the relevant third party or an order by the Court compelling production.

5.      OpenAI objects to each Request on the grounds that "Rule 36 is not a discovery device" and should not be used to gather information or as a substitute for interrogatories, requests for production of documents, and depositions.  *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997); *see also Spectrum Dynamics Medical Ltd. v. General Elec. Co.*, No. 18-cv-11386 (VSB) (KHP), 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021) (RFAs "are not designed to discover information like other discovery rules such as Rule 34").  Instead, requests for admission should serve to narrow and eliminate issues for trial by obtaining "admissions for the record of facts already known by the seeker."  *Galgano v. County of Putnam*, 16-cv-3572 (KMK)(PED), 2021 WL 3159844, at *1 (S.D.N.Y. June 30, 2021).  Accordingly, OpenAI need not answer "where requests for admission are not designed to identify and eliminate matters on which the parties agree, but to seek information as to fundamental disagreement at the heart of the lawsuit."  *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018)

6.      OpenAI's investigation in this matter is continuing, and OpenAI will provide the information known to it at the present time.  OpenAI reserves the right to supplement its responses pursuant to Rule 26(e) with different or additional information obtained during the course of discovery.

7.      OpenAI objects to each Request to the extent it would require OpenAI to make

a legal conclusion or contention to make a proper response.

8.    OpenAI will make, and has made, reasonable efforts to respond to these Requests as OpenAI reasonably understands and interprets each Request. If Plaintiff subsequently asserts any interpretation of any Request that differs from the interpretation of OpenAI, then OpenAI reserves the right to supplement and amend its objections and responses.

Without waiving the foregoing General Objections but in express reliance thereon, OpenAI incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR ADMISSION NO. 31:

Admit that you trained one or more GPT models on a training set called 202108-a225-clean-csam-filt.

### RESPONSE TO REQUEST FOR ADMISSION NO. 31:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets each "one or more GPT model[]" as a separate Request. OpenAI further objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to the phrases "trained," "GPT models," "training set," and "called" as vague and ambiguous. OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them." *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about an undefined and potentially expansive set of "GPT

models." OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting the voluminous training data that OpenAI has offered to make available to Plaintiff. OpenAI objects on the basis that this Request seeks information about "one or more GPT models" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2). OpenAI objects that responding to this Request as to an undefined set of "GPT models" would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43.

Subject to the foregoing General and Specific Objections, DENIED. However, OpenAI ADMITS that it used the dataset "cc-202108-a225-clean-csam-filt" to train at least one of GPT-3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT-4o. To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

### REQUEST FOR ADMISSION NO. 32:

Admit that you trained one or more GPT models on a training set called en-20230413-arrakis_text.

### RESPONSE TO REQUEST FOR ADMISSION NO. 32:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets each "one or more GPT model[]" as a separate Request. OpenAI further objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to the phrases "trained," "GPT models," "training set," and "called" as vague and ambiguous. OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them." *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020). OpenAI objects

to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about an undefined and potentially expansive set of "GPT models." OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting the voluminous training data that OpenAI has offered to make available to Plaintiff. OpenAI objects on the basis that this Request seeks information about "one or more GPT models" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2). OpenAI objects that responding to this Request as to an undefined set of "GPT models" would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43.

Subject to the foregoing General and Specific Objections, DENIED. However, OpenAI ADMITS that it used the dataset "cc-en-20230413-arrakis/text" to train at least one of GPT-3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT-4o. To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

### REQUEST FOR ADMISSION NO. 33:

Admit that you trained one or more GPT models on a training set called en-colang-v2-20220131.

### RESPONSE TO REQUEST FOR ADMISSION NO. 33:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets each "one or more GPT model[]" as a separate Request. OpenAI further objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to the phrases "trained," "GPT models," "training set," and "called" as vague and ambiguous. OpenAI is "not required to answer RFAs that contain vague and

ambiguous wording that does not allow defendants fairly to admit or deny them." *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about an undefined and potentially expansive set of "GPT models." OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting the voluminous training data that OpenAI has offered to make available to Plaintiff. OpenAI objects on the basis that this Request seeks information about "one or more GPT models" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2). OpenAI objects that responding to this Request as to an undefined set of "GPT models" would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43.

Subject to the foregoing General and Specific Objections, DENIED. However, OpenAI ADMITS that it used the dataset "cc-en-colang-v2- 20220131-metadata" to train at least one of GPT-3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT-4o. To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

## REQUEST FOR ADMISSION NO. 34:

Admit that you trained one or more GPT models on a training set called en-colang-v3-20221121_non-retro_train.

## RESPONSE TO REQUEST FOR ADMISSION NO. 34:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets each "one or more GPT model[]" as a separate Request. OpenAI further objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject

matter of this Request.  OpenAI objects to the phrases "trained," "GPT models," "training set," and "called" as vague and ambiguous. OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them." *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about an undefined and potentially expansive set of "GPT models."  OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting the voluminous training data that OpenAI has offered to make available to Plaintiff.  OpenAI objects on the basis that this Request seeks information about "one or more GPT models" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2).  OpenAI objects that responding to this Request as to an undefined set of "GPT models" would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43.

Subject to the foregoing General and Specific Objections, DENIED.  However, OpenAI ADMITS that it used the dataset "cc-en-colang-v3- 20221121_non-retro/train" to train at least one of GPT-3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT-4o.  To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

### REQUEST FOR ADMISSION NO. 35:

Admit that you trained one or more GPT models on a training set called en-colang-v3-20221121_retro_train.

### RESPONSE TO REQUEST FOR ADMISSION NO. 35:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399.  OpenAI objects to this Request as compound.

OpenAI interprets each "one or more GPT model[]" as a separate Request.  OpenAI further objects to this Request as premature because discovery is ongoing.  OpenAI continues to investigate the subject matter of this Request.  OpenAI objects to the phrases "trained," "GPT models," "training set," and "called" as vague and ambiguous.  OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them."  *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020).  OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about an undefined and potentially expansive set of "GPT models."  OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting the voluminous training data that OpenAI has offered to make available to Plaintiff.  OpenAI objects on the basis that this Request seeks information about "one or more GPT models" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2).  OpenAI objects that responding to this Request as to an undefined set of "GPT models" would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable."  *T. Rowe Price*, 174 F.R.D. at 43.

Subject to the foregoing General and Specific Objections, DENIED.  However, OpenAI ADMITS that it used the dataset "cc-en-colang-v3- 20221121_retro/train" to train at least one of GPT-3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT-4o.  To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

**REQUEST FOR ADMISSION NO. 36:**

Admit that you trained one or more GPT models on a training set called en-gutentag-bing-20221121_train.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule

36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399.  OpenAI objects to this Request as compound.  OpenAI interprets each "one or more GPT model[]" as a separate Request.  OpenAI further objects to this Request as premature because discovery is ongoing.  OpenAI continues to investigate the subject matter of this Request.  OpenAI objects to the phrases "trained," "GPT models," "training set," and "called" as vague and ambiguous.  OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them."  *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about an undefined and potentially expansive set of "GPT models."  OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting the voluminous training data that OpenAI has offered to make available to Plaintiff.  OpenAI objects on the basis that this Request seeks information about "one or more GPT models" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2).  OpenAI objects that responding to this Request as to an undefined set of "GPT models" would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable."  *T. Rowe Price*, 174 F.R.D. at 43.

Subject to the foregoing General and Specific Objections, DENIED.  However, OpenAI ADMITS that it used the dataset "cc-en-gutentag-bing- 20221121/train" to train at least one of GPT-3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT-4o.  To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

## REQUEST FOR ADMISSION NO. 37:

Admit that you trained one or more GPT models on a training set called news-midtrain.

## RESPONSE TO REQUEST FOR ADMISSION NO. 37:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399.   OpenAI objects to this Request as compound. OpenAI interprets each "one or more GPT model[]" as a separate Request.   OpenAI further objects to this Request as premature because discovery is ongoing.   OpenAI continues to investigate the subject matter of this Request.   OpenAI objects to the phrases "trained," "GPT models," "training set," and "called" as vague and ambiguous.   OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them."   *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about an undefined and potentially expansive set of "GPT models."   OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting the voluminous training data that OpenAI has offered to make available to Plaintiff. OpenAI objects on the basis that this Request seeks information about "one or more GPT models" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2).   OpenAI objects that responding to this Request as to an undefined set of "GPT models" would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable."   *T. Rowe Price*, 174 F.R.D. at 43.

Subject to the foregoing General and Specific Objections, DENIED.   However, OpenAI ADMITS that it used the dataset "cc-news-midtrain" to train at least one of GPT-3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT-4o.   To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

## REQUEST FOR ADMISSION NO. 38:

Admit that at least 7511 distinct articles from theintercept.com referenced in Exhibit 1 to

the Second Amended Complaint (Dkt. 155) are included in at least one of the following training sets: 202108-a225-clean-csam-filt; en-20230413-arrakis_text; en-colang-v2-20220131; en-colang-v3-20221121_non-retro_train; en-colang-v3-20221121_retro_train; en-gutentag-bing-20221121_train; news-midtrain.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets each of "7511 distinct articles" as a separate Request. OpenAI further objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to the phrases "at least 7511 distinct articles from theintercept.com referenced in Exhibit 1 to the Second Amended Complaint," "included in," and "training sets" as vague and ambiguous. OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them." *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about "7511 distinct articles." OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting the voluminous training data that OpenAI has offered to make available to Plaintiff. OpenAI objects on the basis that this Request seeks information about "7511 distinct articles" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2). OpenAI objects that responding to this Request as to "7511 distinct articles" would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43. OpenAI objects to this Request to the extent it calls for expert analysis that is not the proper subject of a Request for

Admission. This request improperly seeks an admission requiring specialized technical analysis that is more appropriately the subject of expert discovery.

Subject to the foregoing General and Specific Objections, OpenAI ADMITS that content from the domain "theintercept.com" appears in the English-language Common Crawl datasets used to train at least one of GPT-3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT-4o. To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

### REQUEST FOR ADMISSION NO. 39:

Admit that at least 22,590 copies of articles from theintercept.com referenced in Exhibit 1 to the Second Amended Complaint (Dkt. 155), including multiple copies of the same article, are included in at least one of the following training sets: 202108-a225-clean-csam-filt; en-20230413-arrakis_text; en-colang-v2-20220131; en-colang-v3-20221121_non-retro_train; en-colang-v3-20221121_retro_train; en-gutentag-bing-20221121_train; news-midtrain.

### RESPONSE TO REQUEST FOR ADMISSION NO. 39:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets each of "at least 22,590 copies of articles" as a separate Request. OpenAI further objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to the phrases "at least 22,590 copies of articles from theintercept.com referenced in Exhibit 1 to the Second Amended Complaint," "included in," and "training sets" as vague and ambiguous. OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them." *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16,

2020).  OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about "at least 22,590 copies of articles."  OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting the voluminous training data that OpenAI has offered to make available to Plaintiff.  OpenAI objects on the basis that this Request seeks information about "at least 22,590 copies of articles" without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2).  OpenAI objects that responding to this Request as to "at least 22,590 copies of articles" would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43.  OpenAI objects to this Request to the extent it calls for expert analysis that is not the proper subject of a Request for Admission.  This request improperly seeks an admission requiring specialized technical analysis that is more appropriately the subject of expert discovery.

Subject to the foregoing General and Specific Objections, OpenAI ADMITS that content from the domain "theintercept.com" appears in the English-language Common Crawl datasets used to train at least one of GPT-3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT-4o.  To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

**REQUEST FOR ADMISSION NO. 40:**

Admit that Exhibit 1 to this set of Requests for Admissions correctly describes the number of copies of each article listed in the "URL" column contained in each training set referenced in the remaining columns.  For avoidance of doubt, the number in each cell represents the number of copies of the applicable article contained in the applicable training set.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information.

*See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399.  OpenAI objects to this Request as compound. OpenAI interprets each "cop[y] of each article" as a separate Request.  OpenAI further objects to this Request as premature because discovery is ongoing.  OpenAI continues to investigate the subject matter of this Request.  OpenAI objects to the phrases "correctly describes," "number of copies of each article listed in the 'URL' column," "contained in," and "training sets" as vague and ambiguous.  OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them."  *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020).  OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about "copies of each [of more than 7500] articles."  OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting the voluminous training data that OpenAI has offered to make available to Plaintiff.  OpenAI objects on the basis that this Request seeks information about more than 7500 articles without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2).  OpenAI objects that responding to this Request as to more than 7500 articles would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43.  OpenAI objects to this Request to the extent it calls for expert analysis that is not the proper subject of a Request for Admission.  This request improperly seeks an admission requiring specialized technical analysis that is more appropriately the subject of expert discovery.

In light of the foregoing General and Specific Objections, OpenAI will neither admit nor deny this Request.  To the extent a further response is deemed required, OpenAI DENIES this Request on the basis of its objections.

**REQUEST FOR ADMISSION NO. 41:**

Admit that you have entered into license agreements with multiple for-profit news

organizations that permit you to use those organizations' copyrighted works for AI training.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to the phrases "license agreements," "for-profit," "news organizations," and "use . . . for AI training" as vague and ambiguous. OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting documents that OpenAI has agreed to produce at least in response to Request for Production No. 8 in *The Center for Investigative Reporting, Inc. v. OpenAI, Inc. et al.*, No. 1:24-cv-04872-SHS-OTW. OpenAI objects to this Request to the extent it suggests that permission is needed for the acts alleged in the operative complaint, as contrary to, *e.g.*, fair use.

In light of the foregoing general and specific objections, OpenAI responds that it will neither admit nor deny this Request. OpenAI cannot do so without understanding precisely how Plaintiff defines "license agreements," "for-profit," "news organizations," and "use . . . for AI training." OpenAI further responds that, however Plaintiff defines those phrases, Plaintiff may obtain the information it seeks by reviewing the documents that OpenAI has agreed to produce in response to Request for Production No. 8 in *The Center for Investigative Reporting, Inc. v. OpenAI, Inc. et al.*, No. 1:24-cv-04872-SHS-OTW. To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

**REQUEST FOR ADMISSION NO. 42:**

Admit that you have entered into license agreements with multiple for-profit news organizations that permit you to provide outputs to your users that are substantially similar to those organizations' copyrighted works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to the phrases "license agreements," "for-profit," "news organizations," and "provide outputs . . . that are substantially similar" as vague and ambiguous. OpenAI objects that the phrase "substantially similar to . . . copyrighted works" calls for a legal conclusion. OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting documents that OpenAI has agreed to produce in response to Request for Production No. 8 in *The Center for Investigative Reporting, Inc. v. OpenAI, Inc. et al.*, No. 1:24-cv-04872-SHS-OTW. OpenAI objects to this request to the extent it suggests that permission is needed for the acts alleged in the operative complaint, as contrary to, *e.g.*, fair use.

In light of the foregoing general and specific objections, OpenAI responds that it will neither admit nor deny this Request. OpenAI cannot do so without understanding precisely how Plaintiff defines the phrases "license agreements," "for-profit," "news organizations," and "provide outputs . . . that are substantially similar." OpenAI further responds that, however Plaintiff defines those phrases, Plaintiff may obtain the information it seeks by reviewing the documents that OpenAI has agreed to produce in response to Request for Production No. 8 in *The Center for Investigative Reporting, Inc. v. OpenAI, Inc. et al.*, No. 1:24-cv-04872-SHS-OTW. To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

**REQUEST FOR ADMISSION NO. 43:**

Admit that you have never offered to enter into a licensing agreement with Plaintiff that would permit you to use Plaintiff's copyrighted works for AI training.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to the phrases "offered to enter into," "licensing agreement," and "use . . . for AI training" as vague and ambiguous. OpenAI objects that this Request seeks information that is equally available to Plaintiff. OpenAI objects to this Request to the extent it suggests that permission is needed for the acts alleged in the operative complaint, as contrary to, *e.g.*, fair use.

Subject to the foregoing general and specific objections, OpenAI responds that it will neither admit nor deny this Request. OpenAI cannot do so without understanding precisely how Plaintiff defines "offered to enter into," "licensing agreement," and "use . . . for AI training." OpenAI further responds that, however Plaintiff defines those phrases, it has not negotiated an agreement with Plaintiff regarding access to material that may be used for the purpose of developing any relevant OpenAI product or service. To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

### REQUEST FOR ADMISSION NO. 44:

Admit that you have never offered to enter into a licensing agreement with Plaintiff that would permit you to provide outputs to your users that are substantially similar to Plaintiff's copyrighted works.

### RESPONSE TO REQUEST FOR ADMISSION NO. 44:

OpenAI objects to the phrases "offered," "licensing agreement," and "provide outputs . . . that are substantially similar to Plaintiff's copyrighted works" as vague and ambiguous. OpenAI objects that this Request seeks information that is equally available to Plaintiff.

Subject to the foregoing general and specific objections, OpenAI responds that it will neither admit nor deny this Request. OpenAI cannot do so without understanding precisely how Plaintiff

defines the phrases "offered," "licensing agreement," and "provide outputs . . . that are substantially similar to Plaintiff's copyrighted works." OpenAI further responds that, however Plaintiff defines those phrases, it has not negotiated an agreement with Plaintiff regarding access to material that may be used for the purpose of developing any relevant OpenAI product or service. To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

**REQUEST FOR ADMISSION NO. 45:**

Admit that you have no license agreement applicable to Plaintiff's copyrighted works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

OpenAI objects to the phrases "license agreement" and "applicable to Plaintiff's copyrighted works" as vague and ambiguous. OpenAI objects that this Request seeks information that is equally available to Plaintiff. OpenAI objects to this Request as overly broad to the extent it seeks an admission regarding a "written license of any kind." OpenAI objects to this Request to the extent it suggests that permission is needed for the acts alleged in the operative complaint, as contrary to, *e.g.*, fair use.

Subject to the foregoing general and specific objections, OpenAI responds that it will neither admit nor deny this Request. OpenAI cannot do so without understanding precisely how Plaintiff defines the phrases "license agreement" and "applicable to Plaintiff's copyrighted works." OpenAI further responds that, however Plaintiff defines those phrases, it has not negotiated an agreement with Plaintiff regarding access to material that may be used for the purpose of developing any relevant OpenAI product or service. To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

**REQUEST FOR ADMISSION NO. 46:**

Admit that you have never offered to enter into a licensing agreement with any nonprofit

news organization that would permit you to use that organization's copyrighted works for AI training.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to the phrases "offered to enter into," "licensing agreement," "nonprofit," "news organizations," and "use . . . for AI training" as vague and ambiguous. OpenAI objects to this Request to the extent it suggests that permission is needed for the acts alleged in the operative complaint, as contrary to, *e.g.*, fair use.

In light of the foregoing general and specific objections, OpenAI responds that it will neither admit nor deny this Request. OpenAI cannot do so without understanding precisely how Plaintiff defines the phrases "offered to enter into," "licensing agreement," "nonprofit," "news organizations," and "use . . . for AI training." To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

**REQUEST FOR ADMISSION NO. 47:**

Admit that you have never offered to enter into a licensing agreement with any nonprofit news organization that would permit you to provide outputs to your users that are substantially similar to that organization's copyrighted works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to the phrases "offered to enter into," "licensing agreement," "nonprofit," "news organizations," and "substantially similar to . . . copyrighted works" as vague and ambiguous. OpenAI objects that the phrase

"substantially similar to . . . copyrighted works" calls for a legal conclusion.  OpenAI objects to this Request to the extent it suggests that permission is needed for the acts alleged in the operative complaint, as contrary to, *e.g.*, fair use.

In light of the foregoing general and specific objections, OpenAI responds that it will neither admit nor deny this Request.  OpenAI cannot do so without understanding precisely how Plaintiff defines the phrases "offered to enter into," "licensing agreement," "nonprofit," "news organizations," and "substantially similar to . . . copyrighted works."  To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

### REQUEST FOR ADMISSION NO. 48:

Admit that you have no license agreement applicable to any nonprofit news organization's copyrighted works.

### RESPONSE TO REQUEST FOR ADMISSION NO. 48:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information.  *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399.  OpenAI objects to the phrases "license agreement," "nonprofit" and "news organization" as vague and ambiguous.  OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting documents that OpenAI has agreed to produce in response to Request for Production No. 8 in *The Center for Investigative Reporting, Inc. v. OpenAI, Inc. et al.*, No. 1:24-cv-04872-SHS-OTW.  OpenAI objects to this Request to the extent it suggests that permission is needed for the acts alleged in the operative complaint, as contrary to, *e.g.*, fair use.

In light of the foregoing general and specific objections, OpenAI responds that it will neither admit nor deny this Request.  OpenAI cannot do so without understanding precisely how Plaintiff defines the phrases "nonprofit" and "news organizations."  OpenAI further responds that, however

Plaintiff defines those phrases, Plaintiff may obtain the information it seeks by reviewing the documents that OpenAI has agreed to produce in response to Request for Production No. 8 in *The Center for Investigative Reporting, Inc. v. OpenAI, Inc. et al.*, No. 1:24-cv-04872-SHS-OTW.  To the extent a further response is deemed required, OpenAI DENIES the remainder of this Request on the basis of its objections.

### REQUEST FOR ADMISSION NO. 49:

For each article referenced in Exhibit 1 to this set of Requests for Admissions, admit that the file you downloaded containing the article also contained the article's author information.

### RESPONSE TO REQUEST FOR ADMISSION NO. 49:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399.  OpenAI objects to this Request as compound. OpenAI interprets "each article" as a separate Request.  OpenAI further objects to this Request as premature because discovery is ongoing.  OpenAI continues to investigate the subject matter of this Request.  OpenAI objects to the phrases "file," "downloaded," "containing," "contained," and "author information" as vague and ambiguous.  OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them."  *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020).  OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about "each" of more than 7500 articles.  OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting the voluminous training data that OpenAI has offered to make available to Plaintiff.  OpenAI objects that admitting or denying whether an article "contain[s] the article's author information" improperly calls for a legal conclusion.  OpenAI objects on the basis that this Request seeks information about "each"

of more than 7500 articles without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2). OpenAI objects that responding to this Request as to "each" of more than 7500 articles would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43.

In light of the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. OpenAI cannot do so without understanding precisely how Plaintiff defines the phrases "file you downloaded containing the article" and "contain[] the article's author information." To the extent a further response is deemed required, OpenAI DENIES this Request on the basis of its objections.

### REQUEST FOR ADMISSION NO. 50:

For each article referenced in Exhibit 1 to this set of Requests for Admissions, admit that the file you downloaded containing the article also contained the article's title information.

### RESPONSE TO REQUEST FOR ADMISSION NO. 50:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets "each article" as a separate Request. OpenAI further objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to the phrases "file," "downloaded," "containing," "contained," and "title information" as vague and ambiguous. OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them." *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about "each" of more than 7,500 articles. OpenAI further

objects that this Request seeks information that is equally available to Plaintiff by inspecting the voluminous training data that OpenAI has offered to make available to Plaintiff. OpenAI objects that admitting or denying whether an article "contain[s] the article's title information" improperly calls for a legal conclusion. OpenAI objects on the basis that this Request seeks information about "each" of more than 7,500 articles without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2). OpenAI objects that responding to this Request as to "each" of more than 7,500 articles would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43.

Based on the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. OpenAI cannot do so without understanding precisely how Plaintiff defines the phrases "file you downloaded containing the article" and "contain[] the article's title information." To the extent a further response is deemed required, OpenAI DENIES this Request on the basis of its objections.

**REQUEST FOR ADMISSION NO. 51:**

For each article referenced in Exhibit 1 to this set of Requests for Admissions, admit that the file you downloaded containing the article also contained the article's copyright notice information.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets "each article" as a separate Request. OpenAI further objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to the phrases "file," "downloaded," "containing," "contained," and

"copyright notice information" as vague and ambiguous.  OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them."  *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020).  OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about "each" of more than 7,500 articles.  OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting the voluminous training data that OpenAI has offered to make available to Plaintiff.  OpenAI objects that admitting or denying whether an article "contain[s] the article's copyright notice information" improperly calls for a legal conclusion.  OpenAI objects on the basis that this Request seeks information about "each" of more than 7,500 articles without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2).  OpenAI objects that responding to this Request as to "each" of more than 7,500 articles would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable."  *T. Rowe Price*, 174 F.R.D. at 43.

Based on the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request.  OpenAI cannot do so without understanding precisely how Plaintiff defines the phrases "file you downloaded containing the article" and "contain[] the article's copyright notice information."  To the extent a further response is deemed required, OpenAI DENIES this Request on the basis of its objections.

## REQUEST FOR ADMISSION NO. 52:

For each article referenced in Exhibit 1 to this set of Requests for Admissions, admit that the file you downloaded containing the article also contained the article's terms of use information.

## RESPONSE TO REQUEST FOR ADMISSION NO. 52:

OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information.

*See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399. OpenAI objects to this Request as compound. OpenAI interprets "each article" as a separate Request. OpenAI further objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to the phrases "file," "downloaded," "containing," "contained," and "terms of use information" as vague and ambiguous. OpenAI is "not required to answer RFAs that contain vague and ambiguous wording that does not allow defendants fairly to admit or deny them." *Khurana v. Wahed Invest, LLC*, No. 18-cv-233 (LAK) (BCM), 2020 WL 67291247, at *2 (S.D.N.Y. Nov. 16, 2020). OpenAI objects to this Request as unduly burdensome, oppressive, and disproportionate to the needs of the case in that it seeks information about "each" of more than 7,500 articles. OpenAI further objects that this Request seeks information that is equally available to Plaintiff by inspecting the voluminous training data that OpenAI has offered to make available to Plaintiff. OpenAI objects that admitting or denying whether an article "contain[s] the article's terms of use information" improperly calls for a legal conclusion. OpenAI objects on the basis that this Request seeks information about "each" of more than 7,500 articles without "separately stat[ing]" each matter as required by Federal Rule of Civil Procedure 36(a)(2). OpenAI objects that responding to this Request as to "each" of more than 7,500 articles would require it to undertake an unduly burdensome investigation of information that is not "readily obtainable." *T. Rowe Price*, 174 F.R.D. at 43.

Based on the foregoing General and Specific Objections, OpenAI responds that it will neither admit nor deny this Request. OpenAI cannot do so without understanding precisely how Plaintiff defines the phrases "file you downloaded containing the article" and "contain[] the article's terms of use information." To the extent a further response is deemed required, OpenAI DENIES this Request on the basis of its objections.

Dated: June 12, 2025

MORRISON & FOERSTER LLP


By:   */s/ Rose S. Lee*
Joseph C. Gratz (*pro hac vice*)
JGratz@mofo.com
425 Market Street
San Francisco, CA  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Rose S. Lee (*pro hac vice*)
RoseLee@mofo.com
707 Wilshire Boulevard
Los Angeles, CA 90017
Telephone:  (213) 892-5200
Facsimile:  (213) 892-5454

Carolyn M. Homer (*pro hac vice*)
CMHomer@mofo.com
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone:  (202) 650-4597
Facsimile:  (202) 887-0763

Jocelyn E. Greer
JGreer@mofo.com
Emily C. Wood
EWood@mofo.com
Eric K. Nikolaides
ENikolaides@mofo.com
250 W. 55th Street
New York, NY 10019-9601
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

Attorneys for Defendants
OPENAI, INC., OPENAI LP, OPENAI GP,
LLC, OPENAI, LLC, OPENAI OPCO LLC,
OPENAI GLOBAL LLC, OAI
CORPORATION, LLC, and OPENAI
HOLDINGS, LLC

Dated: June 12, 2025

LATHAM & WATKINS LLP

By:  */s/ Elana Nightingale Dawson*

Andrew Gass (*pro hac vice*)
andrew.gass@lw.com
Joseph R. Wetzel (*pro hac vice*)
joe.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
Telephone:  (415) 391-0600

Sarang Damle
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
Luke Budiardjo
luke.budiardjo@lw.com
555 Eleventh Street NW, Suite 100
Washington, DC 20004
Telephone:  (202) 637-2200

Allison L. Stillman
alli.stillman@lw.com
Rachel R. Blitzer
rachel.blitzer@lw.com
Herman H. Yue
herman.yue@lw.com
Michael A. David
Michael.david@lw.com
Yijun Zhong
elaine.zhong@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200

Allison S. Blanco (*pro hac vice*)
allison.blanco@lw.com
650 Town Center Drive, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 540-1235

Attorneys for Defendants
OPENAI, INC., OPENAI LP, OPENAI GP,
LLC, OPENAI, LLC, OPENAI OPCO LLC,
OPENAI GLOBAL LLC, OAI
CORPORATION, LLC, and OPENAI
HOLDINGS, LLC

Dated:  June 12, 2025

KEKER, VAN NEST & PETERS LLP

By:  */s/ Thomas E. Gorman*

Robert A. Van Nest (*pro hac vice*)
RVanNest@keker.com
R. James Slaughter (*pro hac vice*)
RSlaughter@keker.com
Paven Malhotra
PMalhotra@keker.com
Michelle S. Ybarra (*pro hac vice*)
MYbarra@keker.com
Nicholas S. Goldberg (*pro hac vice*)
NGoldberg@keker.com
Thomas E. Gorman (*pro hac vice*)
TGorman@keker.com
Katie Lynn Joyce (*pro hac vice*)
KJoyce@keker.com
Christopher S. Sun (*pro hac vice*)
CSun@keker.com
Andrew S. Bruns (*pro hac vice*)
ABruns@keker.com
Andrew F. Dawson (*pro hac vice*)
ADawson@keker.com
Edward A. Bayley (*pro hac vice*)
EBayley@keker.com
Erin Meyer (*pro hac vice*)
EMeyer@keker.com
Jamie T. Martinez (*pro hac vice*)
JMartinez@keker.com
Leo L. Lam
LLam@keker.com
Kevin S. Song (*pro hac vice*)
KSong@keker.com
Luis G. Hoyos (*pro hac vice*)
LHoyos@keker.com
Ryan Wong (*pro hac vice*)
RWong@keker.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
OPENAI, INC., OPENAI LP, OPENAI GP, LLC,
OPENAI, LLC, OPENAI OPCO LLC, OPENAI
GLOBAL LLC, OAI CORPORATION, LLC,
and OPENAI HOLDINGS, LLC

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, CA 94105. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on June 12, 2025, I served a copy of:

**OPENAI DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S
SECOND SET OF REQUESTS FOR ADMISSION (NOS. 31-52)**

 **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| | |
|---|---|
| Jonathan Loevy<br>Michael Kanovitz<br>Stephen Stich Match<br>Matthew Topic<br>Steven Art<br>Thomas Kayes<br>Kyle Wallenberg<br>LOEVY & LOEVY<br>311 North Aberdeen, 3rd Floor<br>Chicago, IL 60607<br>312.243.5900<br>*jon@loevy.com*<br>*mike@loevy.com*<br>*match@loevy.com*<br>*matt@loevy.com*<br>*steve@loevy.com*<br>*kayes@loevy.com*<br>*wallenberg@loevy.com*<br>*geiszler@loevy.com* | |
| AI Mail Group *ai@loevy.com* ||
| *Attorneys for Plaintiff* ||

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, this  day of June 12, 2025.

| | |
|---|---|
| Amy Garcia | */s/ Amy Garcia* |
| (typed) | (signature) |