# Exhibit 9

# LOEVY + LOEVY

Stephen Stich Match <match@loevy.com>

---

## The Intercept Media, Inc. v. OpenAI, Inc. et al., No. 24-cv-01515

**Nikolaides, Eric K.** <ENikolaides@mofo.com>                                        Mon, Sep 8, 2025 at 12:38 PM
To: Stephen Stich Match <match@loevy.com>
Cc: Kyle Wallenberg <wallenberg@loevy.com>, KVP-OAI <kvpoai@keker.com>, OpenAICopyright
<OpenAICopyright@mofo.com>, "Latham OpenAI Copyright Team (openaicopyrightlitigation.lwteam@lw.com)"
<openaicopyrightlitigation.lwteam@lw.com>, "NewsPlaintiffs-Service list <newsplaintiffs-
service@simplelists.susmangodfrey.com>" <newsplaintiffs-service@simplelists.susmangodfrey.com>, "oai-ndca-
sdny@simplelists.susmangodfrey.com" <oai-ndca-sdny@simplelists.susmangodfrey.com>, NewYorkTimes_Microsoft_OHS
<newyorktimes_microsoft_ohs@orrick.com>, #NewYorkTimes-Microsoft-FDBR <newyorktimes-microsoft-
fdbr@faegredrinker.com>

Stephen—

Your description of OpenAI's position is materially incorrect. OpenAI is not refusing to respond to RFAs 49-52. OpenAI
supplemented its responses on August 15. The supplemental responses state that OpenAI has conducted a
reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny. Rule
36(a)(4) expressly permits such an answer in situations like this where the responding party is unable to admit or
deny based on information it knows or can readily obtain.


It seems you have also misunderstood our position on RFP 12. Your RFP asks for "The articles identified in Exhibit 1 to
the Second Amended Complaint (Dkt. 155) that were included in any of your training sets, in the form in which you
obtained those articles." The "form in which [OpenAI] obtained" any such data is a WARC file. Those WARC files are
available publicly. If you need us to direct you to Common Crawl's documentation about how to access this data, we
are happy to help you. If you are asking us to produce the WARC files to you, our response is this data is publicly
available.


Thanks,

Eric


**Eric K. Nikolaides**

**Associate**

ENikolaides@mofo.com

T +1 (212) 336-4061


# MORRISON FOERSTER

---

**From:** Stephen Stich Match <match@loevy.com>
**Sent:** Thursday, September 4, 2025 9:13 PM

**To:** Nikolaides, Eric K. <ENikolaides@mofo.com>
**Cc:** Kyle Wallenberg <wallenberg@loevy.com>; KVP-OAI <kvpoai@keker.com>; OpenAICopyright
<OpenAICopyright@mofo.com>; Latham OpenAI Copyright Team (openaicopyrightlitigation.lwteam@lw.com)
<openaicopyrightlitigation.lwteam@lw.com>; NewsPlaintiffs-Service list <newsplaintiffs-service@
simplelists.susmangodfrey.com> <newsplaintiffs-service@simplelists.susmangodfrey.com>; oai-ndca-
sdny@simplelists.susmangodfrey.com; NewYorkTimes_Microsoft_OHS <newyorktimes_microsoft_ohs@
orrick.com>; #NewYorkTimes-Microsoft-FDBR <newyorktimes-microsoft-fdbr@faegredrinker.com>
**Subject:** Re: The Intercept Media, Inc. v. OpenAI, Inc. et al., No. 24-cv-01515

**External Email**

Hi Eric:

I understand OpenAI's position to be that it won't respond to the RFAs seeking admissions that it
obtained Plaintiffs' CMI when it downloaded their articles from Common Crawl. That refusal is
improper, and Plaintiffs reserve all rights to raise it with the Court.

We had also discussed whether OpenAI would produce the copies of Plaintiffs' websites that it
downloaded from Common Crawl in the form in which it obtained them, which is responsive to at least
Intercept RFP No. 12 and CIR RFP No. 67. I read your September 3 email to say that OpenAI is refusing
to produce those copies once it identifies which crawls fed into which training sets. (To be clear, we are
requesting only the parts of those crawls corresponding to Plaintiffs' websites, not the crawls in their
entirety; see my July 30 email to you.) If I have misread your email, please let me know by Monday,
September 8.

Please also confirm that by September 30, OpenAI will inform Plaintiffs which crawls fed into which
training sets.

Best,

Stephen

---

**From:** Nikolaides, Eric K. <ENikolaides@mofo.com>
**Sent:** 03 September 2025 12:53 PM
**To:** Stephen Stich Match <match@loevy.com>
**Cc:** Kyle Wallenberg <wallenberg@loevy.com>; KVP-OAI <kvpoai@keker.com>; OpenAICopyright
<OpenAICopyright@mofo.com>; Latham OpenAI Copyright Team (openaicopyrightlitigation.lwteam@lw.com)
<openaicopyrightlitigation.lwteam@lw.com>; NewsPlaintiffs-Service list <newsplaintiffs-service@

simplelists.susmangodfrey.com> <newsplaintiffs-service@simplelists.susmangodfrey.com>; oai-ndca-sdny@simplelists.susmangodfrey.com <oai-ndca-sdny@simplelists.susmangodfrey.com>;
NewYorkTimes_Microsoft_OHS <newyorktimes_microsoft_ohs@orrick.com>; #NewYorkTimes-Microsoft-FDBR <newyorktimes-microsoft-fdbr@faegredrinker.com>
**Subject:** RE: The Intercept Media, Inc. v. OpenAI, Inc. et al., No. 24-cv-01515

Hi Stephen,

OpenAI will agree to further supplement Intercept RFAs 43 and 44 and CIR RFAs 3 and 4. Note that, as explained in our previous supplemental responses, OpenAI continues to deny that any such express agreement is or was legally required. OpenAI continues to reserve all rights regarding other bases for an express or implied license defense.

As to your question about inconsistent dates, OpenAI does not agree to further supplement Intercept RFA 45 and CIR RFA 5. Unlike Intercept RFAs 43 and 44 and CIR RFAs 3 and 4, the dates in Intercept RFA 45 and CIR RFA 5 serve to limit the admission as to subject matter, not as to time.

Our investigation is ongoing regarding the crawler source code. We will follow up once we have completed our investigation.

As to the dated Common Crawl archives, I think you've misunderstood the parties' agreement. We explained during the parties' July 25 conferral that you already have access to (a) the training dataset exports; (b) the publicly available Common Crawl WARC files; (c) the text extraction source code; and (d) your own evidence about what your clients posted on their websites. We explained that the only possible missing link in the logical chain was the dated Common Crawl archive used for each training dataset. We agreed to investigate the feasibility of providing you with this missing logical link. We can now report that it appears that we will be able to provide this information, but that it will take some time to do so. We will follow up when we have more information.

In any event, our agreement to provide you with this information fulfills our Rule 26 obligations. We have **not** agreed to respond to "the RFAs seeking admissions about whether [OpenAI] took the CMI when it downloaded the articles" nor the RFPs seeking "produc[tion of] the Asserted Works from those crawls," which are improper for the reasons explained in our responses and objections.

To the extent you believe you are entitled to anything else, we are available to continue meeting and conferring.

Thanks,

Eric

**Eric K. Nikolaides**

**Associate**

ENikolaides@mofo.com

T +1 (212) 336-4061

# ||ORRISON FOERSTER

---

**From:** Stephen Stich Match <match@loevy.com>
**Sent:** Friday, August 29, 2025 3:26 PM
**To:** Nikolaides, Eric K. <ENikolaides@mofo.com>
**Cc:** Kyle Wallenberg <wallenberg@loevy.com>; KVP-OAI <kvpoai@keker.com>; OpenAICopyright <OpenAICopyright@mofo.com>; Latham OpenAI Copyright Team (openaicopyrightlitigation.lwteam@lw.com) <openaicopyrightlitigation.lwteam@lw.com>; NewsPlaintiffs-Service list <newsplaintiffs-service@simplelists.susmangodfrey.com> <oai-ndca-sdny@simplelists.susmangodfrey.com>; NewYorkTimes_Microsoft_OHS <newyorktimes_microsoft_ohs@orrick.com>; #NewYorkTimes-Microsoft-FDBR <newyorktimes-microsoft-fdbr@faegredrinker.com>
**Subject:** Re: The Intercept Media, Inc. v. OpenAI, Inc. et al., No. 24-cv-01515

**External Email**

---

Hi Eric,

I write to follow up on OpenAI's commitment to figure out if it can determine which Common Crawl crawls fed into which training sets. If it can do so, it should admit or deny the RFAs seeking admissions about whether it took the CMI when it downloaded the articles, and/or produce the Asserted Works from those crawls. (As you'll recall, Intercept and CIR agreed to forego production of these documents if OpenAI admits these RFAs, subject to certain conditions.) If it cannot, the parties will need to resolve how to address OpenAI's failure to preserve evidence relevant to the DMCA claims. Given the stage of the case, these are time-sensitive issues that must be resolved expeditiously.

Please confirm that, by Wednesday, September 3, OpenAI will state whether it can or cannot determine which crawls fed into which training sets. Otherwise, we may raise this issue with the Court.

Best,

Stephen

---

**From:** Stephen Stich Match <match@loevy.com>
**Sent:** 26 August 2025 05:23 PM
**To:** Nikolaides, Eric K. <ENikolaides@mofo.com>
**Cc:** Kyle Wallenberg <wallenberg@loevy.com>; KVP-OAI <kvpoai@keker.com>; OpenAICopyright <OpenAICopyright@mofo.com>; Latham OpenAI Copyright Team (openaicopyrightlitigation.lwteam@lw.com) <openaicopyrightlitigation.lwteam@lw.com>; NewsPlaintiffs-Service list <newsplaintiffs-service@simplelists.susmangodfrey.com> <newsplaintiffs-service@simplelists.susmangodfrey.com>; oai-ndca-