

October 2, 2025

**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700

orrick.com

**VIA ECF**

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, New York 10007

**Annette L. Hurst**

E  ahurst@orrick.com
D  +1 415 773 4585
F  +1 415 773 5759

Re: *In re OpenAI, Inc. Copyright Infringement Litigation*, No.1:25-md-03143;
This Document Relates To: Case Nos. 1:23-cv-11195, 1:24-cv-03285, 1:24-cv-04872

Dear Judge Stein:

On behalf of Defendant Microsoft Corporation, I write in response to Plaintiffs The New York Times Company ("The Times"), the Daily News Publishers, and the Center for Investigative Reporting (together, "News Plaintiffs") belated and inappropriate request to be heard at the October 8, 2025 hearing on two issues. The Court should deny both requests.

*First*, the Court expressly set for hearing specific OpenAI and Microsoft's Motions to Dismiss and to Strike. *See* Dkt. 605 (setting argument on Dkt. Nos. 324, 336, 326, 405, and 134). Although the Times's Motion to Strike Microsoft's express license defense (Dkt. 295) was fully briefed, the Court expressly left it off the list of motions to be heard on October 8. This is not surprising given that The Times did not request oral argument at the time it filed this Motion, as is required by Rule 2.F. of Your Honor's Individual Practices. The Times's very belated change of heart about wanting a hearing should not trump the Court's and the Parties' existing scheduling. Moreover, the license defense issue is unrelated to arguments being heard at next week's conference. No discovery from Microsoft is, or will be, curtailed on the basis of The Times's motion—undermining the purported urgency of The Times's request to be heard on this issue.

*Second*, News Plaintiffs' request to participate in the argument of Microsoft's Motion to Strike filed in the Class Cases (Dkt. 326) is improper. The scope of the coordinated cases was an issue long before last week's hearing and before the Motion to Strike was filed. Both Magistrate Judge Wang and Your Honor have consistently held the line against adding new products to this action in order to coordinate the discovery across the two tracks (Class and News) and keep them on schedule. *See* Dkt. 238 (Joint Case Schedule). Prior to the May 2025 MDL organizational conference, Magistrate Judge Wang had already denied News Plaintiffs' motion to compel discovery into "future, anticipated or later products," finding that "[w]hile that discovery may be relevant, it is not necessary at this time." *See The New York Times Company, Inc. v. Microsoft*



October 2, 2025
Page 2

*Corporation, et al.*, 1:23-cv-11195-SHS-OTW ("*Times*"), Dkt. No. 365 at 5 (denying Plaintiffs' motion to compel directed to Microsoft at *Times*, Dkt. 279).  The News Plaintiffs did not appeal or object to that ruling.  Then, at the May 22, 2025 conference, Your Honor likewise ordered that "no new products" should be added to these cases.  *See* May 22, 2025 Hr'g Tr. (Dkt. 80-1) at 20:17-20.  None of this is a surprise to News Plaintiffs, and if they believed they should participate in motions in the Class Cases, they should have filed a brief and given Microsoft an opportunity to respond to any arguments they wish to make.

     News Plaintiffs' effort to belatedly and improperly attack an earlier ruling of Magistrate Judge Wang against them through an eleventh-hour request to argue a motion where they are not a party is improper.

     For each of these reasons, Microsoft opposes News Plaintiffs' request to present argument at the October 8, 2025 hearing.

     Respectfully submitted,

     */s/ Annette L. Hurst*
     Annette L. Hurst

cc: All Counsel of Record (via ECF)