# EXHIBIT A

| | |
|---|---|
| **From:** | Edward A. Bayley |
| **To:** | Jennifer B. Maisel; Andrew.DiMatteo@lw.com; Margaret.Graham@lw.com; Mark T. Rawls; Kristen Logan |
| **Cc:** | KVP-OAI; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; DailyNews-AI-RFEM; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Luke.Budiardjo@lw.com |
| **Subject:** | RE: Follow up re Output Log Sampling Discussion |
| **Date:** | Tuesday, October 14, 2025 5:02:14 PM |
| **Attachments:** | image001.png |

Jen,

Your email misstates the history of this dispute:

- News Plaintiffs have known for months that the steps OpenAI took to comply with the preservation order consisted of data coming from the "30-day safety tables" that OpenAI maintains in the ordinary course.  2025.05.27 Tr. 29:9–17; 35:15–37:5.
- News Plaintiffs have known for months that because the Preservation Order was issued in mid-May 2025—*i.e.*, at a time when those 30-day tables contained data going back to mid-April 2025—the mirrored versions of those tables that OpenAI preserved contain data from April 14, 2025, onwards.  *See, e.g.*, ECF 463 § 1(a)–(b); 8/7/2025 Email from L. Budiardjo to J. Maisel (explaining that OpenAI is "preserving the prompts and outputs of all ChatGPT conversations from April 14 onwards, regardless of user preferences" (emphasis added)).
- News Plaintiffs have known for months that OpenAI could not take any further steps to preserve and segregate user data outside of the 30-day tables without incurring significant costs and "threaten[ing] the ongoing functionality of" its data infrastructure, *see* ECF 64-4 ¶¶ 7–8, and that the Court repeatedly declined to order OpenAI to take any such further steps, *see generally* 2025.05.27 Tr.; ECF 79.

It was, in other words, very clear that the steps OpenAI took to comply with the Preservation Order did not include preserving user-deleted conversations from before April 14, 2025.  News Plaintiffs cannot credibly claim ignorance of that basic fact.

In the interest of avoiding unnecessary motion practice, we agree to supplement our response to the *Daily News* Plaintiffs' Interrogatory No. 14 to provide the information you request and will endeavor to do so as soon as possible, and in any event by October 24.

We cannot agree to "produc[e]" 20 million ChatGPT Consumer output logs "in readily searchable format."  Given the nature of ChatGPT, the vast majority of these third-party output logs will be entirely irrelevant to this litigation.  *See, e.g.*, 7/8/2025 Letter from J. Maisel to E. Bayley at 1 (assuming an "actual prevalence" rate of between 0.001% and 0.006%).  Handing over 19.9+ million private conversations of third parties that have no specific relevance to the claims in dispute is not an appropriate way to balance the needs of this litigation with the privacy interests of OpenAI's users.

That said, we are committed to working with you to ensure that News Plaintiffs have the information they need to prosecute their claims. That, however, will require narrowing the sample based on steps designed to identify the logs that are actually relevant to News Plaintiffs' claims—including, for example, running searches to identify outputs with text regurgitated from News Plaintiffs' articles—and then making those logs available to you and your experts. As we have suggested on a number of occasions, we are eager to work with you to identify what those steps might be. We are willing to meet and confer to discuss at your convenience.

Regards,

-Ed

**Edward A. Bayley**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6672 direct | 415 391 5400 main
ebayley@keker.com | vcard | keker.com

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Tuesday, October 14, 2025 9:09 AM
**To:** Edward A. Bayley <EBayley@keker.com>; Andrew.DiMatteo@lw.com; Margaret.Graham@lw.com; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Luke.Budiardjo@lw.com
**Subject:** RE: Follow up re Output Log Sampling Discussion

**[EXTERNAL]**

Dear Ed,

Thank you for the movement on the 30(b)(6) topics and the interrogatory response, but we disagree with nearly all of the characterizations in your email. I won't address everything, but I'll clarify two points below to set the record straight.

*First*, the Court ordered sampling exercise in fact demonstrated material differences in the distribution of OpenAI's ChatGPT output log data, including that users today are far more likely to use the "temporary chat" feature for news-related (and paywall related) use cases. Dkt. 600 at 3-4. News Plaintiffs' names and publications also show up in an astonishing number of hits in both the prompts and outputs across all the sampled populations of ChatGPT, including the sampled

"temporary chat" and "user-initiated deleted" populations of ChatGPT data that OpenAI had been routinely destroying. The sampling exercise alone demonstrates that News Plaintiffs are prejudiced by OpenAI's past destruction of highly responsive output log data that supports News Plaintiffs' claims. But the sampling exercise alone was an initial step that only tells the partial story as to the full scope of News Plaintiffs' prejudice because it cannot demonstrate how user behavior had changed over time, particularly in view of OpenAI's blocks on News Plaintiffs' content for more than a year, or infringement from retrieval augmented generation because such data was not included in the data OpenAI preserved.

*Second*, I'll put in writing here what OpenAI failed to make clear in your email correspondence below, but did make clear for the first ime on our meet and confer: <u>OpenAI had been deleting ChatGPT output log data created before April 14, 2025, during the pendency of the preservation order, and will continue to do so</u>. That is, OpenAI continued to delete historical ChatGPT output log data the parties intend to use for merits-based sampling during the months the parties and the Court had been trying to design and execute a sampling exercise to evaluate the impact of OpenAI's deletions and while OpenAI has been simultaneously trying to pull News Plaintiffs' requested samples for merits-based analysis. We do not think OpenAI's deletions were in compliance with the preservation order or made transparent to News Plaintiffs (or the Court), and we do not yet know how these additional deletions may have further biased the population of ChatGPT data for merits based sampling—especially for the deletions that occurred while OpenAI's principals, including Sam Altman, were publicly and widely criticizing (and mischaracterizing) the Preservation Order and News Plaintiffs' requests.

Finally, thank you for agreeing to provide a 30(b)(6) witness on News Plaintiffs' topics 78 and 90 and to provide a response to *Daily News* Plaintiffs' Interrogatory No. 14. You also said that you would have a status update on the production of 20 million sampled conversations of ChatGPT data early this week. We would like to avoid motion practice relating to OpenAI's output log data and further burdening the Court for the October 29 hearing, but in order to do so we need OpenAI to commit in writing by 5pm ET today that it will:

1. Respond to the *Daily News* Plaintiffs' Interrogatory No. 14 by Friday, October 17, and that the response will identify all ChatGPT data dated December 2023-November 2024 that OpenAI deleted or failed to preserve, the timing of those deletions, and the reasons for those deletions.

2. Commit to producing output log data in a readily searchable format by November 11, which is three months after News Plaintiffs provided the 20 million sample to OpenAI.

We need this discovery as soon as possible in order to review and test the samples, give News Plaintiffs sufficient time to evaluate if additional samples are needed for specific time periods (including to account for OpenAI's deletion practices), and for OpenAI to prepare and produce any additional samples before the close of fact discovery.

News Plaintiffs reserve all rights.

Best regards,
Jen



**Jennifer Maisel** (she/her)
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W.
Suite 900 East
Washington, D.C.  20001

Main Number:  202.783.6040
Direct Number: 202.626.3548
Fax Number: 202.783.6031
Email: jmaisel@rothwellfigg.com
Website:  www.rothwellfigg.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

**From:** Edward A. Bayley <EBayley@keker.com>
**Sent:** Monday, October 13, 2025 4:35 PM
**To:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>; Andrew.DiMatteo@lw.com; Margaret.Graham@lw.com; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Luke.Budiardjo@lw.com
**Subject:** RE: Follow up re Output Log Sampling Discussion

Jen,

Thank you for the call on Friday.  As I explained, OpenAI has been fully transparent **for months** on (i) what steps it could take, and what steps it took, to comply with the Court's May 13 Preservation Order and (ii) why additional steps were not technically feasible.  The Parties and the Court have been proceeding since then on this common understanding, which has formed the baseline of multiple confidential settlement conferences before Judge Wang, along with the parties' extensive negotiations over the process of sampling at the Court's direction the 30-day tables OpenAI created

to comply with the Preservation Order.

As you also know, that sampling process showed that OpenAI's non-retention of Temporary Chats and Manual Deletes did not affect the overall distribution of data available for merits sampling. ECF 597 at 1–3 (Joint Letter); *see also* ECF 598 (OpenAI Expert Decl.). As a result, the Preservation Order is no longer necessary. *See* ECF 628 (joint stipulation terminating preservation obligations). The results of the sampling process also demonstrate that News Plaintiffs cannot claim prejudice as a result of OpenAI's practice of honoring its users' privacy preferences. Notably, neither your analysis of those results, nor your expert declaration, made any attempt to disagree. ECF 597 at 3–5; *see also* ECF 599 (News Plaintiffs' Expert Decl.).

Instead, News Plaintiffs have now apparently pivoted away from those results and towards generating yet another "dispute" by refusing to acknowledge what **all parties and the Court itself understood months ago:** that OpenAI had taken all reasonable steps to comply with the Preservation Order by creating a separate, segregated copy of the 30-day tables. ECF 64-4 (May 23, 2025) (sworn OpenAI witness declaration explaining that further preservation steps were impracticable); Tr. of 5/27/2025 Hearing at 29:9-17, 35:25-36:25 (counsel explaining that OpenAI is preserving 30-day tables); ECF 77 (May 29, 2025) (OpenAI confirming that existing steps were "sufficient"); ECF 79 (May 29, 2025) (Court order referencing "30-day tables"); ECF 262 at 3–4 (June 25, 2025) (OpenAI discussing 30-day tables in joint letter signed by Jennifer B. Maisel).

Your attempt to claim ignorance of this common understanding as a basis for declaring an impasse is a transparent attempt to create a dispute out of nothing. Worse, News Plaintiffs overlook the fact that Judge Wang set aside hours in her schedule to help the parties move forward.

In short, we do not believe News Plaintiffs have articulated any basis for seeking relief from the Court. To the extent that News Plaintiffs have even identified any relief they intend to seek, OpenAI has agreed to provide it through the discovery process. I've summarized the pertinent facts below. If News Plaintiffs still believe there is anything further to discuss, we are willing to meet-and-confer.

1. <u>Compliance with Preservation Order</u>:

    1. OpenAI has preserved, and continues to preserve, the prompts and outputs of every single ChatGPT Consumer conversation that occurred from April 14, 2025, to September 26, 2025, regardless of whether those conversations were generated via the Temporary Chat feature or whether the users who generated them attempted to delete them.
    2. OpenAI has done the same for the API data that it stores in the ordinary course, notwithstanding its business terms requiring that OpenAI not retain API completions for more than 30 days.
    3. News Plaintiffs have been fully aware of the steps OpenAI has taken to preserve that data since at least May 27, 2025, when I explained those steps at the hearing before

      Judge Wang. Tr. of 5.27.2025 Hearing at 29:9–17, 35:25–26:6 (discussing 30-day tables).

4. News Plaintiffs have also been fully aware, since at least May 23, 2025, of the fact that OpenAI cannot preserve and segregate additional data without "disrupt[ing] and threaten[ing] the ongoing functionality" of its data infrastructure and investing "up to eight months of dedicated engineering time" and "tens of millions of dollars." *See* Decl. of Vinnie Monaco, ECF 64-4 ¶ 8.

5. After reviewing Mr. Monaco's declaration, Judge Wang expressly declined News Plaintiffs' request to order OpenAI to take such additional preservation steps. Tr. of 5.27.2025 Hearing 51:5–52:16.

6. News Plaintiffs did not seek reconsideration of that decision in the four months following the May 2025 conference or otherwise suggest that OpenAI was not in full compliance with the Preservation Order.

2. <u>Request for a 30(b)(6) deposition</u>:

    1. OpenAI has already agreed to provide 30(b)(6) testimony in response to topics 78 and 90 in News Plaintiffs' existing notice. OpenAI believes that this agreement obviates your vague request for additional 30(b)(6) testimony on "this issue," which you have so far refused to define.

    2. As expressed on Friday, if you disagree with the above, OpenAI believes that the time to move for an additional deposition is after fact discovery, consistent with Judge Wang's direction at the settlement conference.

3. <u>*Daily News* Interrogatory No. 14</u>:

    1. As you know, OpenAI will be providing a supplemental response to this interrogatory. *See* 10/10/2025 email from Ms. Rodriguez.

Regards,

-Ed

---

**Edward A. Bayley**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6672 direct | 415 391 5400 main
ebayley@keker.com | vcard | keker.com

---

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>

**Sent:** Thursday, October 9, 2025 7:46 AM
**To:** Andrew.DiMatteo@lw.com; Margaret.Graham@lw.com; Edward A. Bayley <EBayley@keker.com>; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Luke.Budiardjo@lw.com
**Subject:** RE: Follow up re Output Log Sampling Discussion

**[EXTERNAL]**

Counsel,

You still haven't fully answered my question as to whether OpenAI has been preserving all consumer ChatGPT output log data following the Court's May 13 Preservation Order, including the historical consumer ChatGPT output log data dated December 2022-November 2024 and any other consumer ChatGPT output log data created before April 14, 2025. As you have now twice failed to respond to my question, we interpret your response to mean that OpenAI was not preserving all consumer ChatGPT output log data following the May 13 Preservation Order.

Because you also failed to respond to News Plaintiffs' requests (1)-(3) below, we consider the parties to be at an impasse and will need to seek relief from the Court. If this is not the case, please advise as to your availability to meet and confer tomorrow 2-3pm ET.

Finally, please see News Plaintiffs' markup on the stipulation. You have our leave to file if you accept our edits.

Thanks,
Jen



**Jennifer Maisel** (she/her)
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W.
Suite 900 East
Washington, D.C. 20001

Main Number: 202.783.6040
Direct Number: 202.626.3548
Fax Number: 202.783.6031
Email: jmaisel@rothwellfigg.com
Website: www.rothwellfigg.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

**From:** Andrew.DiMatteo@lw.com <Andrew.DiMatteo@lw.com>
**Sent:** Wednesday, October 8, 2025 7:33 PM
**To:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>; Margaret.Graham@lw.com; EBayley@keker.com; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVPOAI@keker.com; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Luke.Budiardjo@lw.com
**Subject:** RE: Follow up re Output Log Sampling Discussion

Counsel,

You are incorrect in assuming that OpenAI is "not preserving all historical ChatGPT logs after the Court's May 13 Preservation Order." To the contrary, OpenAI has preserved, and continues to preserve, the prompts and outputs of every single ChatGPT Consumer conversation from April 14, 2025 to the present, regardless of whether those conversations were generated via the Temporary Chat feature or whether the users who generated them attempted to delete them. OpenAI has done the same for the API data that it stores in the ordinary course, notwithstanding its default practice of not retaining API completions for more than 30 days. This is not new information. As you well know, we have discussed this preserved data numerous times via email, on conferrals, and at settlement conferences before Judge Wang.

OpenAI, in other words, has been and continues to be in full and complete compliance with Judge Wang's May 13 Preservation Order. We confirmed the form of that compliance on the record months ago, as noted in our prior email. Judge Wang accepted it as complete and sufficient. You have had months to raise an objection or argue that OpenAI's compliance with that order is less than complete, and you have failed to do so.

We do not understand your proposed revision to the draft. This is a stipulation to modify a court order. It is not a venue for you to flag a new "dispute[]" that you have now decided to raise. In any case, you have already proposed, and we have already accepted, a draft paragraph clarifying that the parties "reserve all rights regarding any alleged failure to preserve electronically stored information under Federal Rule of Civil Procedure 37(e)" and that "News Plaintiffs may seek future relief on this issue." That should be sufficient to reserve your rights to seek relief in the future.

That said, in the interest of getting this stipulation on file, we have proposed a new paragraph

designed to make clear that this stipulation is limited to the preserved data tables and does not impact other preservation obligations or disputes regarding the same. Please let us know if you agree to this language. If you do not, we intend to seek relief as we noted earlier this week.

Regards,
Andrew

**Andrew DiMatteo**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7137

---

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Tuesday, October 7, 2025 3:11 PM
**To:** Graham, Margaret (NY) <Margaret.Graham@lw.com>; EBayley@keker.com; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVPOAI@keker.com; openaicopyright@mofo.com; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com>; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Budiardjo, Luke (NY) <Luke.Budiardjo@lw.com>
**Subject:** RE: Follow up re Output Log Sampling Discussion

Counsel,

None of the citations Mr. Bayley provided, or your emails, answers my question as to whether OpenAI was preserving all historical ChatGPT logs, including those that users asked to be deleted, after the Court's May 13 Preservation Order. Based on this omission, we interpret your response to mean that OpenAI was <u>not</u> preserving all historical ChatGPT logs after the Court's May 13 Preservation Order. The parties certainly appear to be "talking past each other" in terms of what OpenAI was, or should have been, preserving over the course of the litigation and pursuant to the Court's Preservation Order, and we now have several concerns about how many ChatGPT logs OpenAI has deleted since the May 13 Preservation Order and how OpenAI selected those ChatGPT logs to be deleted.

Please confirm no later than end of day tomorrow whether OpenAI will:

(1) respond to the *Daily News* Plaintiffs' Interrogatory No. 14, which asks OpenAI to "Identify all User Session Information that You or Microsoft deleted or otherwise failed to preserve" (we had a meet and confer with your co-counsel yesterday, who committed to getting us a response by tomorrow);

(2) provide a 30(b)(6) witness to testify on this issue and that such testimony will not count against News Plaintiffs' deposition hours caps; and

(3) commit to preserving the historical ChatGPT logs currently available for merits-based sampling until the close of fact discovery.

Finally, to move the process forward with the stipulation and OpenAI's ongoing obligations with the "30-day tables," please find attached our proposed edits. We accepted OpenAI's edits to paragraph 3 and added a new paragraph 4 to address the Parties' dispute with respect to the historical ChatGPT

conversations. You have our leave to file if you accept our edits.

Thanks,

Jen



**Jennifer Maisel** (she/her)
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W.
Suite 900 East
Washington, D.C.  20001

Main Number:  202.783.6040
Direct Number: 202.626.3548
Fax Number: 202.783.6031
Email: jmaisel@rothwellfigg.com
Website:  www.rothwellfigg.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

---

**From:** Margaret.Graham@lw.com <Margaret.Graham@lw.com>
**Sent:** Tuesday, October 7, 2025 1:59 PM
**To:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>; EBayley@keker.com; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVPOAI@keker.com; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Luke.Budiardjo@lw.com
**Subject:** RE: Follow up re Output Log Sampling Discussion

Jen,

 We don't see any delta between this very simple three-paragraph stipulation and our agreement at the settlement conference.

> 1.   Paragraph 1 states that OpenAI's ongoing obligations under the Preservation Order are terminated as of September 26, 2025.  Your 10/3 revisions to the draft did not take issue with this paragraph.
>
> 2.   Paragraph 2 states that OpenAI will continue to preserve output log data that has already been preserved under the Order, unless the data originates from the European Economic Area, Switzerland, or the United Kingdom.  This reflects exactly our agreement at the settlement conference and News Plaintiffs' prior agreement to carve out these jurisdictions.  *See* K. Logan Email of 7.16.2025.

  3. Paragraph 3 confirms that OpenAI has searched for and put on hold accounts associated with the domains listed in Kristen's email of July 16, and commits to confer in good faith regarding additional similar requests. This, again, reflects the terms News Plaintiffs proposed in Kristen's July 16 email and our numerous discussions since then.

In short, this stipulation reflects exactly what we discussed before Judge Wang at the September 26 conference. News Plaintiffs are now attempting to frustrate that agreement, either by delaying its execution, altering its fundamental terms, or introducing new issues that they could have raised months ago. That undermines Judge Wang's generous efforts to personally facilitate resolution of this dispute by setting aside time in her schedule to accommodate the parties' joint request for a settlement conference. If you wish to raise new issues, there are plenty of other avenues for you to do so – this very simple stipulation, which merely seeks to memorialize our existing agreement, is not the place.

As you are aware, this issue is extremely important – not just to our client, but also, and especially, to the hundreds of millions of users impacted by the Preservation Order. Both Judge Wang and Judge Stein have acknowledged the significant privacy concerns raised by the Preservation Order and have noted that this issue must be resolved as quickly as possible. We resolved this issue more than 10 days ago at the conference, and this delay in effectuating that agreement, which now appears to be intentional by Plaintiffs, is perpetuating harm.

You have had this version of the stipulation for a week now. We are of course happy to consider non-substantive edits to the wording of this stipulation. But if you continue to obstruct this process, we will be filing the stipulation as a proposed order with the Court <u>by COB tomorrow</u>.

Thanks,

Margaret

---

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Tuesday, October 7, 2025 9:27 AM
**To:** Edward A. Bayley <EBayley@keker.com>; Graham, Margaret (NY) <Margaret.Graham@lw.com>; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyright@mofo.com; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com>; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Budiardjo, Luke (NY) <Luke.Budiardjo@lw.com>
**Subject:** RE: Follow up re Output Log Sampling Discussion

We disagree and do not think that your stipulation reflects our agreement at the settlement conference. We are reviewing the materials cited in your email and will be providing you with proposed revisions.

---

**From:** Edward A. Bayley <EBayley@keker.com>
**Sent:** Monday, October 6, 2025 3:24 PM
**To:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>; Margaret.Graham@lw.com; Mark T. Rawls

<MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Luke.Budiardjo@lw.com
**Subject:** RE: Follow up re Output Log Sampling Discussion

Jen,

I am worried that we are talking past each other. Here are the pertinent facts:

On **May 23, 2025**, OpenAI filed a declaration explaining that it "took certain steps immediately" to comply with the Preservation Order, "such as provisionally retaining in a segregated legal hold database Conversation Data from 30 days prior to the Preservation Order, regardless of whether that data is subject to a user-initiated deletion or was generated via ChatGPT's Temporary Chat feature." ECF 64-4 ¶ 7. The declaration also explained, however, that "additional steps" beyond these provisional measures "will require significant changes to OpenAI's data infrastructure" and would be technically and financially infeasible. *Id*. ¶ 8.

At the **May 27, 2025** conference before Judge Wang, I then explained that the provisional measures OpenAI took to comply with the Preservation Order were focused on the "30-day safety tables" that OpenAI maintains in the ordinary course. Tr. of 5.27.2025 Hearing at 29:9–17, 35:25–26:6. I also explained that the 30-day tables OpenAI began preserving are not "a full representation of everything that is stored in the long-term" and that OpenAI's attempt to preserve those tables is "not designed to be the equivalent of what we call our data warehouse that has all the compressed archive data going back to 2022." *Id*. 36:12–25.

On **May 29, 2025**, OpenAI filed a letter with the Court confirming that it will "leave in-place the mechanisms it has implemented to comply with the Preservation Order, which (OpenAI understands) the Court found to be sufficient." ECF 77. The same day, Judge Wang issued an order directing the parties to "begin engaging in sampling of the 30-day tables of consumer output log data." ECF 79.

In the meantime, the parties have been negotiating for months the process by which OpenAI will derive a sample for merits analysis. Since last year, the parties have agreed that this merits sample will be drawn from OpenAI's offline data warehouse. *See, e.g.*, ECF 435-1 ¶ 1 (referring to OpenAI's "primary offline storage system"). As noted above, I was very clear that this is a different data source than the 30-day tables that OpenAI preserved to comply with the Preservation Order. Tr. of 5.27.2025 Hearing 36:12–25.

Your proposed edit to the draft stipulation, however, stated that OpenAI would preserve "the historical ChatGPT output log data from December 2022 through November 2024 described by the Parties in ECF 394 and ECF 435 for discovery purposes." The data described in those docket entries

is OpenAI's offline data warehouse.  *See, e.g.*, ECF 435-1 ¶ 1.  But as noted above, the steps OpenAI took to comply with the Preservation Order related entirely to the 30-day tables.  Your proposed revision, in other words, would have required OpenAI to undertake a series of additional preservation and segregation steps.  That is not the purpose of this stipulation, as you well know.  This is why we proposed a clarifying revision.

We expect that none of this is news to you or your colleagues.  For that reason, we are beginning to suspect that News Plaintiffs are intentionally delaying the entry of this stipulation for the sole purpose of frustrating the parties' agreement to terminate OpenAI's ongoing preservation obligations, as discussed with Judge Wang at the recent conference.  That is unacceptable.

Please let us know if we have your agreement to file the version of the stipulation I sent this morning.  If you continue to refuse to engage with this process, we plan to file that version of the stipulation as a proposed order and call Judge Wang's attention to News Plaintiffs' refusal to go forward with a stipulation memorializing the agreement we reached over a week ago.

Regards,

-Ed

---

**Edward A. Bayley**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6672 direct | 415 391 5400 main
ebayley@keker.com | vcard | keker.com

---

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Monday, October 6, 2025 9:58 AM
**To:** Edward A. Bayley <EBayley@keker.com>; Margaret.Graham@lw.com; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Luke.Budiardjo@lw.com
**Subject:** RE: Follow up re Output Log Sampling Discussion

**[EXTERNAL]**

Dear Ed,

We are confused by your characterization that OpenAI was "very clear" that it was not preserving the historical data available for the merits sample, and that it was not under an obligation to do so

pursuant to the Court's Preservation Order.  The Court's order specifies that OpenAI is directed "to preserve <u>and segregate</u> all output log data that would otherwise be deleted on a going forward basis until further order of the Court." Indeed, OpenAI's own representation to its customers confirms that it was retaining "even deleted ChatGPT chats" and that it was securing those chats "separately in a secure system." https://openai.com/index/response-to-nyt-data-demands/.

Please confirm whether OpenAI has been preserving all historical ChatGPT conversations, including conversations that users have requested to be deleted, since the May 13 Preservation Order. If not, please immediately identify the volume of historical ChatGPT conversations that OpenAI has deleted since May 13.

Thanks,
Jen



**Jennifer Maisel** (she/her)
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W.
Suite 900 East
Washington, D.C.  20001

Main Number:  202.783.6040
Direct Number: 202.626.3548
Fax Number: 202.783.6031
Email: jmaisel@rothwellfigg.com
Website:  www.rothwellfigg.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

**From:** Edward A. Bayley <EBayley@keker.com>
**Sent:** Monday, October 6, 2025 1:08 AM
**To:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>; Margaret.Graham@lw.com; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Luke.Budiardjo@lw.com
**Subject:** RE: Follow up re Output Log Sampling Discussion

Jen,

Thank you for getting back to us. Attached is a mark-up of your draft. Two points to note.

First, your revision to paragraph 2 appears to require OpenAI to preserve data contained in the data warehouse from which we are retrieving the merits sample. But we were very clear that we could not take this step after the Preservation Order was issued and the Court did not order us to do so. MDL ECF 64-4 ¶¶ 7-8; Tr. of 5.27.2025 Hearing at 36:20–37:5 (preserved tables are "not designed to be the equivalent of what we call our data warehouse that has all the compressed archive data going back go 2022"). We have proposed a revision to clarify.

Second, as I'm sure you can understand, we cannot agree to your characterization of the "additional domains" in paragraph 3 as (e.g.) "unreliable AI-generated news content." Instead, we propose to include here a commitment by OpenAI to meet and confer with you in good faith about preserving data associated with additional domains.

Please let us know if we have your agreement to file.

Thanks,

-Ed

**Edward A. Bayley**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6672 direct | 415 391 5400 main
ebayley@keker.com | vcard | keker.com

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Friday, October 3, 2025 12:22 PM
**To:** Edward A. Bayley <EBayley@keker.com>; Margaret.Graham@lw.com; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Luke.Budiardjo@lw.com
**Subject:** RE: Follow up re Output Log Sampling Discussion

**[EXTERNAL]**

Dear Ed,