# EXHIBIT B

P5RDOpe6B

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

THE NEW YORK TIMES COMPANY,

                Plaintiff,

           v.                          23 CV 11195

MICROSOFT CORPORATION, ET AL.,

                Defendants.
                                       Conference


------------------------------x
```

Before:

                               HON. ONA T. WANG,
                                  Magistrate Judge


                         APPEARANCES

SUSMAN GODFREY LLP
     Attorneys for The New York Times
BY:  ALEXANDER P. FRAWLEY
     ADNAN MUTTALIB
     ALEJANDRA C. SALINAS
     DAVIDA BROOK
     ROHIT NATH
     JUSTIN NELSON

ROTHWELL FIGG ERST & MANBECK, P.C.
     Attorneys for New York Times and Daily News
BY:  JENNIFER MAISEL
     STEVEN LIEBERMAN
     KRISTEN LOGAN


LOEVY & LOEVY
     Attorneys for Center for Investigative Reporting
BY:  MATTHEW TOPIC

BOIES, SCHILLER FLEXNER, LLP
      Attorneys for N.D. Cal Plaintiffs
BY:   JOSHUA M. STEIN
      EVAN EZRAY

```
 1    APPEARANCES, Continued:

 2    KEKER, VAN NEST & PETERS
           Attorneys for OpenAI
 3    BY:  KATIE LYNN JOYCE
           MICHELLE YBARRA
 4         CHRISTOPHER SUN
           SARAH SALOMON
 5         BILAL MALIK
           EDWARD BAYLEY
 6         OLIVIA MALONE

 7    MORRISON & FOERSTER LLP
           Attorneys for OpenAI
 8    BY:  JOSEPH GRATZ
           CAROLYN HOMER
 9         ROSE LEE

10


11    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
           Attorneys for Authors Guild and Alter Class Plaintiffs
12    BY:  RACHEL GEMAN

13


14    LATHAM & WATKINS LLP
           Attorneys for Microsoft
15    BY:  ELANA NIGHTINGALE DAWSON
           HERMAN YUE
16
      FAEGRE DRINKER BIDDLE & REATH LLP
17         Attorneys for Microsoft
      BY:  JARED BRIANT
18
      ORRICK HERRINGTON & SUTCLIFFE LLP
19         Attorneys for Microsoft Corporation
      BY:  ANNETTE L. HURST
20         SHERYL GARKO

21

22

23

24

25
```

P5RBOEP7

1           THE COURT:  Then who retains the data?

2           MR. BAYLEY:  They do.  It's stored on a production
3    system that OpenAI makes available to then, but the actual data
4    is not something that we'd be able to actually access and
5    retain without building a new system.  It is not something that
6    we actually retain ourselves.  And, again, that's under our
7    agreements, eyes-off data.  The same type of eyes-off data that
8    Microsoft is also not retaining.  So this is another area where
9    I'm telling your Honor where we are being treated differently.

10           THE COURT:  Microsoft isn't here.  You're going to
11   point to them, and I can't ask the questions now.  So but just
12   to give me a sense.  Microsoft keeps talking about 15
13   petabytes. How does that compare to what has been retained in
14   the consumer gumball machine?

15           MR. BAYLEY:  Your Honor, it's difficult because our
16   data, unlike Microsoft's, is kept in a compressed format.  It's
17   1.6 petabytes, but that's in a very compressed format.  This is
18   a very rough estimate, but my understanding is the compression
19   ratio for this type of data is often 15 to 17 percent.  So
20   assuming that's right, the actual uncompressed amount of
21   petabytes would actually be even more than what Microsoft --
22   perhaps like double what Microsoft -- it's a huge, huge amount
23   of data.  Like I said, tens of billions of conversations.

24           That is what we're saying when I'm saying, the idea of
25   there being a statistically significant sample.  We have a lot

P5RBOEP7

1    to work with here.  And if you look at how other cases have
2    addressed this issue, in particular, I think the most pertinent
3    and relevant to this case is one that has just come to ground
4    recently in the *Concord Music Group v. Anthropic* case.
5    *Anthropic* is another LLM company that provides its own AI
6    system Chatbot.  They've addressed this very issue about how to
7    sample conversation data in order to figure out what is
8    reasonable and proportionate for the purposes of the case.
9            In that case -- and subject to an order that just came
10   out on Friday, the court has determined that there needs to be
11   a reasonable -- that what is proportionate to the case is a
12   statistically significant sample.  She had the experts go,
13   figure out what that means.  They came back with competing
14   proposals, and she adopted a proposal somewhere in between the
15   two.  And the end result was that a statistically significant
16   sample was five million chats.
17           THE COURT:  Five million sorry?
18           MR. BAYLEY:  Five million conversations, five million
19   chats. That is -- I can't even do the math, but that is a very,
20   very, very tiny percentage from where we're starting with the
21   tens of billions.  And so when I'm saying there's lots of
22   logical inferential loops you have to make here, I'm saying
23   given these vast amount of data that we're starting with, the
24   idea that there's somehow a bias in the sample given how big
25   the sample is, is a little bit difficult for us to come to.  We