

November 21, 2025

*VIA ECF*

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: *All Counsel of Record (via ECF)*

Re:   **Opposition to The New York Times's Motion for a Protective Order Concerning 30(b)(6) Topics 2, 5, and 20 [ECF 774]**
*In re OpenAI, Inc., Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW
This Document Relates to: *The New York Times Company v. Microsoft Corp. et al.*, 1:23-cv-11195-SHS-OTW

Dear Magistrate Judge Wang:

  Defendants OpenAI and Microsoft respond to The New York Times's ("The Times") letter seeking a protective order regarding the scope of Topics 2, 5, and 20 in Defendants' Joint Rule 30(b)(6) Notice. In the interests of efficiency, Defendants have already accepted The Times's compromise offer with respect to Topic 2. *See* Mot. at 1. Thus, the only remaining disputes concern Topics 5 and 20.

  Topic 5 seeks Rule 30(b)(6) testimony regarding The Times's "knowledge and discovery of" Defendants' alleged use of The Times's works to train LLMs. Mot. Ex. A at 7. While The Times agrees that Defendants are entitled to testimony going to OpenAI's statute of limitations defense, it refuses to confirm it will adequately educate its designee on this Topic by asking specific reporters who have been reporting on OpenAI about their knowledge and whether and when that knowledge was conveyed to anyone in the broader Times organization.

  Topic 20 seeks Rule 30(b)(6) testimony regarding just six specified documents related to "the truth, accuracy, originality, and quality of [The Times's] reporting, editing, or editorial opinions." Mot. Ex. A at 21–22. By The Times's own admission, Defendants have narrowed this Topic to testimony regarding a discrete set of documents. Yet, The Times still refuses to produce a witness without a clear explanation of its relevance and burden objections.

3456321

Page 2

**Topic 5**

When the Times learned of OpenAI's alleged training on its works is a core factual dispute in this case, directly relevant to OpenAI's statute of limitations defense. As set forth in OpenAI's Motion to Dismiss, OpenAI contends that The Times was on notice of OpenAI's alleged training of its models on Times works at least as of July 2020. *The New York Times Company v. Microsoft Corp. et al.*, 1:23-cv-11195-SHS-OTW ECF 52 at 15. If true, The Times's copyright claims are barred under the statute of limitations. OpenAI is indisputably entitled to robust discovery into this potentially dispositive question of fact, as Judge Stein has acknowledged. *The New York Times Company v. Microsoft Corp. et al.*, 1:23-cv-11195-SHS-OTW ECF 514 at 13 (Stein, J.) ("Discovery may reveal facts supporting OpenAI's contention that The Times . . . discovered the alleged infringement before December 27, 2020.").

The Times agrees that Topic 5 is relevant because it has agreed to provide a witness on "non-privileged, non-work-product, non-expert knowledge of use of The Times's Copyrighted Works-In-Suit for training Defendants' Generative AI Models, excluding reporting[.]" Mot. Ex. A at 7. However, The Times suggests that OpenAI has demanded that it "canvas the newsroom to find out what reporters knew." Mot. at 3.

That is inaccurate. Defendants explicitly told The Times that they were not asking the Times to poll all newsroom employees regarding this Topic. *See* Mot. Ex. B at 2. Instead, Defendants have explained that, if there are certain newsroom employees The Times is aware were reporting on OpenAI in 2020 and earlier, then The Times has an obligation to ask those reporters what they knew and whether and when that knowledge was conveyed to anyone in the broader Times organization. *Bigsby v. Barclays Cap. Real Est., Inc.*, 329 F.R.D. 78, 81 (S.D.N.Y. 2019) (describing an organization's obligation to adequately prepare the designee). The Times "has reported on OpenAI since it was founded in 2015," including specifically about OpenAI's GPT models.[1] And, from The Times's production, there appears to have been regular contact between reporters and The Times's business organization regarding OpenAI over the years. Ex. 2, NYT_00101906. To the extent a reporter relayed information regarding Defendants' alleged model training on Times material to a Times employee whose knowledge could be imputed to the company, *see U.S. v. EZ Lynk, SEZC*, 149 F.4th 190, 205 (2d Cir. 2025), Defendants are entitled to question a witness about it.

---

[1] Cade Metz, *The Fear and Tension That Led to Sam Altman's Ouster at OpenAI*, N.Y. Times (Nov. 18, 2023), https://www.nytimes.com/2023/11/18/technology/open-ai-sam-altman-what-happened.html; *see also* Cade Metz, *Meet GPT-3. It Has Learned to Code (and Blog and Argue)*, N.Y. Times (Nov. 24, 2020), https://www.nytimes.com/2020/11/24/science/artificial-intelligence-ai-gpt3.html; Ex. 1, OPCO_MDL_004584263 (emails from Metz to OpenAI to fact check his article on GPT-3).

3456321

In response, The Times claims that "The Times's business model of editorial independence prohibits involving reporters in the decision-making of the business and legal teams." Mot. at 3. This is a non-sequitur. What is relevant, for purposes of the statute of limitations defense, is when The Times discovered the alleged conduct. *Romanova v. Amilus Inc*, 138 F.4th 104, 108 n.1 (2d Cir. 2025). Notably, The Times does not contend that the testimony Defendants seek is covered by the reporter's privilege. Nor could it—Defendants have made clear they are not seeking testimony regarding confidential sources. *Aberdeen City Council v. Bloomberg L.P.*, 688 F. Supp. 3d 169, 174 (S.D.N.Y. 2023). Defendants are merely seeking confirmation that The Times will comply with its obligations under Rule 30(b)(6), which include determining if any reporters investigating OpenAI conveyed information regarding Defendants' alleged conduct to businesspeople in 2020 or earlier.

## Topic 20

As acknowledged in The Times's Motion, Defendants have narrowed this Topic to testimony regarding six documents related to "complaints, concerns, or criticisms received by [The Times] regarding the truth, accuracy, originality, and quality of [its] reporting, editing, or editorial opinions." Mot. Ex. A at 21–22.

The Times argues that the testimony Defendants seek is irrelevant to The Times's trademark dilution claim. Mot. at 3. That is false: The Times has put testimony about its brand and reputation directly at issue in its trademark dilution claim by alleging "damag[e] [to] its reputation for accuracy, originality, and quality, which has and will continue to cause it economic loss." ECF 72 ¶ 204. Defendants are entitled to investigate alternative causes of such harm, including issues with the quality and accuracy of The Times's reporting. *See Merck & Co. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 416 (S.D.N.Y. 2006) (a plaintiff must "prove actual dilution *as a result of* defendants' conduct" (emphasis added)).

Indeed, The Times has put its reputation at issue at issue at every step—not just for its trademark dilution claim. It has alleged that it produces "original independent journalism," ECF 72 ¶ 28; its news is "trustworthy," *id.* ¶ 34; and its articles are "thoughtfully written, carefully edited, and thoroughly fact-checked," *id.* ¶ 43. To the extent that The Times intends to put its reputation at issue at trial, Defendants are entitled to discover what is buttressing The Times's allegations.

In its Motion, The Times overreads the Court's prior order requiring The Times to produce its corrections spreadsheet and provide a witness on its Brand Tracker. *See* Mot. at 3. Although the Court noted that its ruling was not "a finding that New York Times's own corrections are relevant to the claim of trademark dilution," ECF 270 at 3, that order did not hold that such corrections were irrelevant either. In any event, the Court's discussion of corrections alone is not grounds for The Times to refuse to produce a witness to address the discrete number of documents that Defendants have now identified with respect to Topic 20.

3456321

Page 4

Moreover, the Court has previously acknowledged that "what . . . it take[s] to harm The New York Times' reputation is at issue." 6/25/2025 Hr'g Tr. at 83:20–21. To understand what it takes to harm The Times's reputation, Defendants need an accurate picture of that reputation separate and apart from the alleged dilution. *See Hormel Foods Corp. v. Jim Henson Prods.*, 73 F.3d 497, 507 (2d Cir. 1997). The Court's caution that the trademark dilution claim is premised on "dilution based on acts by the defendant," 6/25/2025 Hr'g Tr. at 83:20, does not foreclose discovery into the original state of The Times's reputation.

Finally, and most egregiously, The Times has not substantiated any burden. The Court has already ordered The Times to provide a 30(b)(6) witness on The Times's Brand Tracker, which is covered by Topic 20. *See* ECF 270 at 3. Defendants merely seek testimony on a handful of additional related documents: Times subscriber survey data; a Times presentation on audience insights concerning trust; The Times's spreadsheet of corrections; an AI company's complaints with the accuracy of The Times's reporting about the company; and a report of subscriber cancellations. Each of these documents is directly relevant to how the public perceives The Times's reputation.

This narrow request, which The Times acknowledged in its motion, is consistent with the Court's guidance to Defendants on Topics 8 and 9, which was to identify 5–10 items about which a witness should be prepared. 10/29/2025 Hr'g Tr. at 97:5–98:25. The Times cannot complain that preparing a witness on six discrete documents is burdensome, especially where the Court has already ruled otherwise on similar requests.

Respectfully,

| | |
|---|---|
| ORRICK, HERRINGTON & SUTCLIFFE LLP | KEKER, VAN NEST & PETERS LLP[2] |
| */s/ Laura B. Najemy* | */s/ Sarah Salomon* |
| Laura B. Najemy<br>*Counsel for Microsoft Corporation* | Sarah Salomon<br>*Counsel for OpenAI Defendants* |

---

[2] All parties whose electronic signatures are included herein have consented to the filing of this document.

3456321