# EXHIBIT B

**Nasri Hage**

| | |
|---|---|
| **From:** | Jennifer B. Maisel |
| **Sent:** | Tuesday, October 14, 2025 12:09 PM |
| **To:** | Edward A. Bayley; Andrew.DiMatteo@lw.com; Margaret.Graham@lw.com; Mark T. Rawls; Kristen Logan |
| **Cc:** | KVP-OAI; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; DailyNews-AI-RFEM; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Luke.Budiardjo@lw.com |
| **Subject:** | RE: Follow up re Output Log Sampling Discussion |

Dear Ed,

Thank you for the movement on the 30(b)(6) topics and the interrogatory response, but we disagree with nearly all of the characterizations in your email. I won't address everything, but I'll clarify two points below to set the record straight.

*First*, the Court ordered sampling exercise in fact demonstrated material differences in the distribution of OpenAI's ChatGPT output log data, including that users today are far more likely to use the "temporary chat" feature for news-related (and paywall related) use cases. Dkt. 600 at 3-4. News Plaintiffs' names and publications also show up in an astonishing number of hits in both the prompts and outputs across all the sampled populations of ChatGPT, including the sampled "temporary chat" and "user-initiated deleted" populations of ChatGPT data that OpenAI had been routinely destroying. The sampling exercise alone demonstrates that News Plaintiffs are prejudiced by OpenAI's past destruction of highly responsive output log data that supports News Plaintiffs' claims. But the sampling exercise alone was an initial step that only tells the partial story as to the full scope of News Plaintiffs' prejudice because it cannot demonstrate how user behavior had changed over time, particularly in view of OpenAI's blocks on News Plaintiffs' content for more than a year, or infringement from retrieval augmented generation because such data was not included in the data OpenAI preserved.

*Second*, I'll put in writing here what OpenAI failed to make clear in your email correspondence below, but did make clear for the first ime on our meet and confer: <u>OpenAI had been deleting ChatGPT output log data created before April 14, 2025, during the pendency of the preservation order, and will continue to do so</u>. That is, OpenAI continued to delete historical ChatGPT output log data the parties intend to use for merits-based sampling during the months the parties and the Court had been trying to design and execute a sampling exercise to evaluate the impact of OpenAI's deletions and while OpenAI has been simultaneously trying to pull News Plaintiffs' requested samples for merits-based analysis. We do not think OpenAI's deletions were in compliance with the preservation order or made transparent to News Plaintiffs (or the Court), and we do not yet know how these additional deletions may have further biased the population of ChatGPT data for merits based sampling—especially for the deletions that occurred while OpenAI's principals, including Sam Altman, were publicly and widely criticizing (and mischaracterizing) the Preservation Order and News Plaintiffs' requests.

Finally, thank you for agreeing to provide a 30(b)(6) witness on News Plaintiffs' topics 78 and 90 and to provide a response to *Daily News* Plaintiffs' Interrogatory No. 14. You also said that you would have a status update on the production of 20 million sampled conversations of ChatGPT data early this week. We would like to avoid motion practice relating to OpenAI's output log data and further burdening the Court for the October 29 hearing, but in order to do so we need OpenAI to commit in writing by 5pm ET today that it will:

1. Respond to the *Daily News* Plaintiffs' Interrogatory No. 14 by Friday, October 17, and that the response will identify all ChatGPT data dated December 2023-November 2024 that OpenAI deleted or failed to preserve, the timing of those deletions, and the reasons for those deletions.

2. Commit to producing output log data in a readily searchable format by November 11, which is three months after News Plaintiffs provided the 20 million sample to OpenAI.

We need this discovery as soon as possible in order to review and test the samples, give News Plaintiffs sufficient time to evaluate if additional samples are needed for specific time periods (including to account for OpenAI's deletion practices), and for OpenAI to prepare and produce any additional samples before the close of fact discovery.

News Plaintiffs reserve all rights.

Best regards,
Jen



**Jennifer Maisel** (she/her)
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W.
Suite 900 East
Washington, D.C.  20001

Main Number:  202.783.6040
Direct Number: 202.626.3548
Fax Number: 202.783.6031
Email: jmaisel@rothwellfigg.com
Website:  www.rothwellfigg.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

**From:** Edward A. Bayley <EBayley@keker.com>
**Sent:** Monday, October 13, 2025 4:35 PM
**To:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>; Andrew.DiMatteo@lw.com; Margaret.Graham@lw.com; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Luke.Budiardjo@lw.com
**Subject:** RE: Follow up re Output Log Sampling Discussion

Jen,

Thank you for the call on Friday.  As I explained, OpenAI has been fully transparent **for months** on (i) what steps it could take, and what steps it took, to comply with the Court's May 13 Preservation Order and (ii) why additional steps were not technically feasible.  The Parties and the Court have been proceeding since then on this common understanding, which has formed the baseline of multiple confidential settlement conferences before Judge

Wang, along with the parties' extensive negotiations over the process of sampling at the Court's direction the 30-day tables OpenAI created to comply with the Preservation Order.

As you also know, that sampling process showed that OpenAI's non-retention of Temporary Chats and Manual Deletes did not affect the overall distribution of data available for merits sampling. ECF 597 at 1–3 (Joint Letter); *see also* ECF 598 (OpenAI Expert Decl.). As a result, the Preservation Order is no longer necessary. *See* ECF 628 (joint stipulation terminating preservation obligations). The results of the sampling process also demonstrate that News Plaintiffs cannot claim prejudice as a result of OpenAI's practice of honoring its users' privacy preferences. Notably, neither your analysis of those results, nor your expert declaration, made any attempt to disagree. ECF 597 at 3–5; *see also* ECF 599 (News Plaintiffs' Expert Decl.).

Instead, News Plaintiffs have now apparently pivoted away from those results and towards generating yet another "dispute" by refusing to acknowledge what **all parties and the Court itself understood months ago:** that OpenAI had taken all reasonable steps to comply with the Preservation Order by creating a separate, segregated copy of the 30-day tables. ECF 64-4 (May 23, 2025) (sworn OpenAI witness declaration explaining that further preservation steps were impracticable); Tr. of 5/27/2025 Hearing at 29:9-17, 35:25-36:25 (counsel explaining that OpenAI is preserving 30-day tables); ECF 77 (May 29, 2025) (OpenAI confirming that existing steps were "sufficient"); ECF 79 (May 29, 2025) (Court order referencing "30-day tables"); ECF 262 at 3–4 (June 25, 2025) (OpenAI discussing 30-day tables in joint letter signed by Jennifer B. Maisel).

Your attempt to claim ignorance of this common understanding as a basis for declaring an impasse is a transparent attempt to create a dispute out of nothing. Worse, News Plaintiffs overlook the fact that Judge Wang set aside hours in her schedule to help the parties move forward.

In short, we do not believe News Plaintiffs have articulated any basis for seeking relief from the Court. To the extent that News Plaintiffs have even identified any relief they intend to seek, OpenAI has agreed to provide it through the discovery process. I've summarized the pertinent facts below. If News Plaintiffs still believe there is anything further to discuss, we are willing to meet-and-confer.

1. Compliance with Preservation Order:

    1. OpenAI has preserved, and continues to preserve, the prompts and outputs of every single ChatGPT Consumer conversation that occurred from April 14, 2025, to September 26, 2025, regardless of whether those conversations were generated via the Temporary Chat feature or whether the users who generated them attempted to delete them.
    2. OpenAI has done the same for the API data that it stores in the ordinary course, notwithstanding its business terms requiring that OpenAI not retain API completions for more than 30 days.
    3. News Plaintiffs have been fully aware of the steps OpenAI has taken to preserve that data since at least May 27, 2025, when I explained those steps at the hearing before Judge Wang. Tr. of 5.27.2025 Hearing at 29:9–17, 35:25–26:6 (discussing 30-day tables).
    4. News Plaintiffs have also been fully aware, since at least May 23, 2025, of the fact that OpenAI cannot preserve and segregate additional data without "disrupt[ing] and threaten[ing] the ongoing functionality" of its data infrastructure and investing "up to eight months of dedicated engineering time" and "tens of millions of dollars." *See* Decl. of Vinnie Monaco, ECF 64-4 ¶ 8.
    5. After reviewing Mr. Monaco's declaration, Judge Wang expressly declined News Plaintiffs' request to order OpenAI to take such additional preservation steps. Tr. of 5.27.2025 Hearing 51:5–52:16.
    6. News Plaintiffs did not seek reconsideration of that decision in the four months following the May 2025 conference or otherwise suggest that OpenAI was not in full compliance with the Preservation Order.

2. Request for a 30(b)(6) deposition:

3

1. OpenAI has already agreed to provide 30(b)(6) testimony in response to topics 78 and 90 in News Plaintiffs' existing notice. OpenAI believes that this agreement obviates your vague request for additional 30(b)(6) testimony on "this issue," which you have so far refused to define.
2. As expressed on Friday, if you disagree with the above, OpenAI believes that the time to move for an additional deposition is after fact discovery, consistent with Judge Wang's direction at the settlement conference.

3. *Daily News* Interrogatory No. 14:

    1. As you know, OpenAI will be providing a supplemental response to this interrogatory. *See* 10/10/2025 email from Ms. Rodriguez.

Regards,

-Ed

**Edward A. Bayley**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6672 direct | 415 391 5400 main
ebayley@keker.com | vcard | keker.com

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Thursday, October 9, 2025 7:46 AM
**To:** Andrew.DiMatteo@lw.com; Margaret.Graham@lw.com; Edward A. Bayley <EBayley@keker.com>; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Luke.Budiardjo@lw.com
**Subject:** RE: Follow up re Output Log Sampling Discussion

**[EXTERNAL]**

Counsel,

You still haven't fully answered my question as to whether OpenAI has been preserving all consumer ChatGPT output log data following the Court's May 13 Preservation Order, including the historical consumer ChatGPT output log data dated December 2022-November 2024 and any other consumer ChatGPT output log data created before April 14, 2025. As you have now twice failed to respond to my question, we interpret your response to mean that OpenAI was not preserving all consumer ChatGPT output log data following the May 13 Preservation Order.

Because you also failed to respond to News Plaintiffs' requests (1)-(3) below, we consider the parties to be at an impasse and will need to seek relief from the Court. If this is not the case, please advise as to your availability to meet and confer tomorrow 2-3pm ET.

Finally, please see News Plaintiffs' markup on the stipulation. You have our leave to file if you accept our edits.

Thanks,
Jen