# EXHIBIT C

# Nasri Hage

| | |
|---|---|
| **From:** | Edward A. Bayley <EBayley@keker.com> |
| **Sent:** | Saturday, December 20, 2025 4:05 PM |
| **To:** | Jennifer B. Maisel; newsplaintiffs-service@simplelists.susmangodfrey.com; OAI-NDCA-SDNY@simplelists.susmangodfrey.com |
| **Cc:** | KVP-OAI; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright |
| **Subject:** | RE: [MDL] - Laptop Access |

Jen,

We will keep an eye out for your follow up email, and in the meantime, OpenAI can agree to remove the cited redactions for the three conversations IDs you identified given the specific context.

With regard to any mismatch with your original list of conversation IDs, the numbers you cite in your email should come as no surprise. As we have told you multiple times, including the most recent joint discovery chart, we conducted a filtering exercise to identify and replace conversations generated by models that are not in scope in this litigation, as well as a small number of conversations "associated with accounts that potentially implicate specific privilege, safety or security issues." ECF 876-1 at pp. 12-13. And as you acknowledge below, we also needed to replace roughly 5% of the conversations you selected because they were subject to user-initiated deletion requests that we honored.

As for your question (1), you should be able to determine the answer via matching the conversation ids. Your email expressly acknowledges that you have already begun doing this, so it is not at all clear to us why you are asking us to do this for you.

As for your questions (2) and (3), we have explained on numerous occasions that some conversations from your selected list were no longer available as a result of user-initiated deletion requests that OpenAI honored. In other words, the premise of your question (2)—that OpenAI "deleted" these conversations at some definite point in time—is wrong. As you well know, these conversations were deleted by users and removed from OpenAI's systems pursuant to its ordinary business operations. We have also explained, repeatedly, that there is no feasible mechanism to determine whether logs subject to user-initiated deletion requests are "related to" your clients' content before processing those deletions. We do not understand why you are re-raising questions that we answered nearly 12 months ago. See NYT ECF 423 at 2 ("OpenAI does not have the preexisting technological functionality to fulfill Plaintiffs' request to somehow preserve only user conversations that reference Plaintiffs' content"); see also 8/7/2025 Email from L. Budiardjo to J. Maisel (reiterating that OpenAI "is preserving ChatGPT conversation data [not subject to the May 13, 2025 Preservation Order] pursuant its default data retention policies"); 10/14/2025 Email from E. Bayley to J. Maisel (same).

While we are always happy to meet and confer on ways to move this case forward, we are concerned that News Plaintiffs are once again feigning ignorance about matters of which they have been aware for months in order to manufacture a false record on preservation. We do not appreciate your attempt to distort the history of this particularly well-trod ground.

Regards,

-Ed

**Edward A. Bayley**
Keker, Van Nest & Peters LLP

633 Battery Street
San Francisco, CA 94111-1809
415 773 6672 direct | 415 391 5400 main
ebayley@keker.com | vcard | keker.com

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Thursday, December 18, 2025 2:43 PM
**To:** Edward A. Bayley <EBayley@keker.com>; newsplaintiffs-service@simplelists.susmangodfrey.com; OAI-NDCA-SDNY@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** Re: [MDL] - Laptop Access

**[EXTERNAL]**

Dear Ed,

We are taking a closer look at the many different types of redactions in the ChatGPT logs and will follow up. In the meantime, can you please confirm that OpenAI will remove the redactions for the three conversation IDs I mentioned below?

Separately, we have noticed that the conversation IDs we requested back in August do not match any of the conversation IDs that have been made available to us. We also tried to compare the timestamps, and about 10% of the timestamps of the conversations made available to us do not match what we requested on August 11. Please explain with specificity why this is.

Because you previously admitted in your letter dated September 12 that OpenAI deleted approximately 5% of the logs in the data sampling pool OpenAI first produced to us on April 16, please confirm no later than December 22:

1. Which logs of the 20 million ChatGPT logs made available to us on December 15 match what we originally requested on August 11;

2. When OpenAI deleted the conversations from the sampling pool of conversations provided to us on April 16; and

3. Whether OpenAI took any steps to ascertain whether News Plaintiffs' content or names were referenced or contained in the conversations before OpenAI deleted them.

BR,

Jen



**Jennifer Maisel** (she/her)

Rothwell, Figg, Ernst & Manbeck, P.C.

901 New York Avenue, N.W.

Suite 900 East

Washington, D.C.  20001

Main Number:  202.783.6040

Direct Number: 202.626.3548
Fax Number: 202.783.6031

Email: jmaisel@rothwellfigg.com

Website:  www.rothwellfigg.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

---

**From:** Edward A. Bayley <EBayley@keker.com>
**Sent:** Wednesday, December 17, 2025 11:00 PM
**To:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>; newsplaintiffs-service@simplelists.susmangodfrey.com <newsplaintiffs-service@simplelists.susmangodfrey.com>; OAI-NDCA-SDNY@simplelists.susmangodfrey.com <OAI-NDCA-SDNY@simplelists.susmangodfrey.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: [MDL] - Laptop Access

Jen,

We do not think that this email is helpful or in the spirit of meeting and conferring, which the Court has repeatedly asked us to do, including in its recent order. (ECF 967, at 3 (noting "concern," in another context "that its repeated directions to meet and confer are not being fully appreciated")). Your email mischaracterizes today's discussion and OpenAI's position.

As I said on the call, many of the redactions of names and other personally identifying information in the examples you identified represent exactly the sort of information Mr. Monaco described in his declaration as being subject to redaction by the de-identification process–namely, "personal identifying information (or 'PII') and other

3

Case 1:23-cv-11195-SHS-OTW    Document 1103-4    Filed 01/05/26    Page 5 of 17

information (*e.g.*, passwords or other sensitive information) from content like user data." ECF 435-1 at ¶ 8 (Monaco Declaration). As I also explained, OpenAI never represented to you or the Court that the "redactions only applied to 'names, contact information, and numeric identifiers.'" The portion of OpenAI's Rule 72 brief that you cite for that proposition does not purport to represent that the de-identification process is somehow limited to those narrow categories, nor could it.

As I explained on our call, the de-identification process is not capable of targeting specific categories in the manner you suggest. (In any event, as is clear from context, the sentence you are selectively quoting merely describes a hypothetical scenario, not how the de-identification process itself works.) We are disappointed to see you repeat your mischaracterization of OpenAI's brief again in tonight's email.

In terms of next steps: as we discussed on today's call, OpenAI is willing to work with News Plaintiffs regarding the de-identification while still protecting the privacy of OpenAI's users. Indeed, on the call I offered multiple concrete solutions to the issue of redacted URLs that went beyond addressing the redactions on a case-by-case basis. You refused to engage with OpenAI's solutions and refuse now to propose any of your own. This is not how meet and confer is meant to work. We do not believe that we are at an impasse, given our repeated offers to work with you on this issue. We remain willing to discuss how to assist you with any issues you're having with the redactions. If you intend to cut short this conferral process and file a motion with the Court, we ask that you attach this chain to your brief.

Regards,

-Ed

**Edward A. Bayley**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6672 direct | 415 391 5400 main
ebayley@keker.com | vcard | keker.com

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Wednesday, December 17, 2025 4:38 PM
**To:** Edward A. Bayley <EBayley@keker.com>; newsplaintiffs-service@simplelists.susmangodfrey.com; OAI-NDCA-SDNY@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: [MDL] - Laptop Access

[EXTERNAL]

Dear Ed,

Thank you for meeting and conferring today. During the call, OpenAI confirmed that its de-identification tool worked exactly as intended but also acknowledged that the examples cited in my earlier email were "false positives." As discussed on the call, we asked whether OpenAI would agree to remove the improper redactions and reproduce the data with redactions covering only names, contact information, and numeric identifiers. OpenAI denied this request and proposed that we deal with improper redactions on a case-by-case basis. As we explained on the call, addressing the redactions on a case-by-case basis is unworkable given the volume of the data. Given OpenAI's refusal to reproduce the data consistent with how it described its de-identification process to the Court (i.e., with redactions only applied to "names, contact information, and numeric identifiers"), we understand that we are at an impasse.

Thank you,

Jen



**Jennifer Maisel** (she/her)

Rothwell, Figg, Ernst & Manbeck, P.C.

901 New York Avenue, N.W.

Suite 900 East

Washington, D.C.  20001

Main Number:  202.783.6040

Direct Number: 202.626.3548
Fax Number: 202.783.6031

Email: jmaisel@rothwellfigg.com

Website:  www.rothwellfigg.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

**From:** Edward A. Bayley <EBayley@keker.com>
**Sent:** Wednesday, December 17, 2025 10:37 AM
**To:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>; newsplaintiffs-service@simplelists.susmangodfrey.com; OAI-NDCA-SDNY@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: [MDL] - Laptop Access

Jen,

Thank you for agreeing to meet and confer.  We will circulate an invite shortly for 3 pm ET.  Thank you also for confirming that you agree "not to export data out of the laptops."  We trust you speak for all plaintiffs in that regard, but if that is not true, please let us know.  OpenAI security engineers have detected an attempt to access restricted areas within Databricks and open external SSH connections (which is consistent with efforts to exfiltrate data from the server).  As I noted previously, if any plaintiffs intend to export private conversation data from the laptops we have provisioned, please let us know so that we can move for a protective order.  For avoidance of doubt, plaintiffs are free to analyze the data using their personal Databricks workspaces using our provisioned compute cluster.  Plaintiffs can also download the data onto the provisioned laptops to analyze it locally, including by installing tools on the laptops.

Moving to the substance of your email, your attempt to manufacture a violation of the Court's order is not well founded.  First, it is not correct that OpenAI "first made the data accessible on Monday this week."  As I explained in my email lower down in this thread, we began loading the data onto the Databricks workspace on Sunday, December 14.  As for your question (1), OpenAI already described its de-identification process in the declaration at ECF 435-1.  As for your question (2), my reference to "safeguards" in the email below was a reference to the de-identification process itself.  And as for your question (3), the redactions you flagged in your email below occurred as a result of OpenAI's de-identification process, which is designed to remove "personal identifying information (or 'PII') and other information (e.g., passwords or other sensitive information) from content like user data."  ECF 435-1 ¶ 8.  The procedure redacts such information regardless of whether it occurs in plain text (e.g., in the substance of a user's prompt) or in a URL (e.g., by removing a user's name from a URL of their LinkedIn profile).

All of that said, we are happy to continue working with you to address any issues, including by un-redacting specific logs in any instances where our de-identification process inadvertently redacted information that is relevant and not identifying, which we understand to be exceptional cases.

Regards,


-Ed

---

**Edward A. Bayley**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6672 direct | 415 391 5400 main
ebayley@keker.com | vcard | keker.com

---

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Tuesday, December 16, 2025 4:46 PM
**To:** Edward A. Bayley <EBayley@keker.com>; newsplaintiffs-service@simplelists.susmangodfrey.com; OAI-NDCA-SDNY@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: [MDL] - Laptop Access


[EXTERNAL]

---

Ed,

You haven't addressed why OpenAI redacted plainly responsive information that has nothing to do with protecting privacy. Nor have we "known for months" that OpenAI's de-identification process would result in redactions like these. Instead, we first learned about these redactions when OpenAI first made the data accessible on Monday this week—notwithstanding its representation to the Court and Plaintiffs that the data would be produced last week. We need a prompt explanation that addresses, at minimum: (1) the de-identification process OpenAI employed, (2) any "safeguards" or other mechanisms that OpenAI used to redact the data, and (3) why plainly responsive information was redacted. Additionally, please confirm whether the de-identification process employed by OpenAI is the same pre-existing de-identification process used in the ordinary course of business at OpenAI, as described in Mr. Monaco's August 4, 2025, declaration.

I am also puzzled as to why you are re-raising OpenAI's request that Plaintiffs agree not to remove any conversations from the laptop absent a formal print request or other written agreement. Following our meet and confer on Friday December 5, I wrote back to confirm: "The parties will meet and confer about

7

use of the log data in the litigation, and in the meantime, Plaintiffs agree not to export data out of the laptops." Unfortunately, you never responded to that email, or my follow up emails on December 9, December 10, or December 12 inquiring as to status of production of the data.

We are available to meet and confer with you tomorrow at 2-3:30pm ET. In the meantime, we need a commitment that OpenAI will immediately produce output log data in compliance with the Court's orders that does not contain improper redactions, including those that go beyond names, contact information, and numeric identifiers.

Thanks,

Jen



**Jennifer Maisel** (she/her)

Rothwell, Figg, Ernst & Manbeck, P.C.

901 New York Avenue, N.W.

Suite 900 East

Washington, D.C.  20001


Main Number:  202.783.6040

Direct Number: 202.626.3548
Fax Number: 202.783.6031

Email: jmaisel@rothwellfigg.com

Website:  www.rothwellfigg.com


The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

**From:** Edward A. Bayley <EBayley@keker.com>
**Sent:** Tuesday, December 16, 2025 4:49 PM
**To:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>; newsplaintiffs-service@simplelists.susmangodfrey.com; OAI-NDCA-SDNY@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: [MDL] - Laptop Access

Jen,

Thanks for bringing these issues to our attention. To start, to the extent you are suggesting that OpenAI has deliberately redacted any responsive information, that is categorically false; the redactions are the result of an automated de-identification process, which you have known for months was going to happen. That being said, we are looking into the specific conversation logs that you identified to better understand how the de-identification process is operating in those instances, including whether the redactions you flagged reflect proper (if conservative) privacy redactions rather than inadvertent content removal. I should also underscore that the reason this is happening is that OpenAI does not ordinarily produce large scale user conversation data outside the company, and this production reflects an unprecedented level of access. The safeguards applied here are therefore intentionally robust and privacy-protective, and their operation should be understood in that light.

We would like to work collaboratively with you to work through these and other issues—including our request that Plaintiffs agree not to remove any conversations from the laptop absent a formal print request or other written agreement. Pursuant to Judge Wang's repeated instructions, see ECF 734 at 2, ECF 896 at 9, we requested your available to meet and confer on these points on Sunday, but you never responded. See also ECF 967 at 3 (noting, in another context, that "The Court is concerned that its repeated directions to meet and confer are not being fully appreciated" (emphasis in original)).

Are you refusing to meet and confer with us about this process?

Best,

-Ed

**Edward A. Bayley**
Keker, Van Nest & Peters LLP
633 Battery Street

San Francisco, CA 94111-1809
415 773 6672 direct | 415 391 5400 main
ebayley@keker.com | vcard | keker.com

---

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Tuesday, December 16, 2025 12:10 PM
**To:** Edward A. Bayley <EBayley@keker.com>; newsplaintiffs-service@simplelists.susmangodfrey.com; OAI-NDCA-SDNY@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: [MDL] - Laptop Access

**[EXTERNAL]**

---

Ed,

The corrected conversation ID is: b2b89be8394c9023078b8**b**4b7feb890e.

We were surprised to see these redactions. Not only did you fail to advise News Plaintiffs or the Court that you intended to make any such redactions, these redactions conflict with your representation to the Court that the de-identification process "just remov[es] names, contact information, and numeric identifiers." Dkt. 935 at 5.

The redactions are thus a violation of the Cort's repeated orders requiring production of the 20 million output samples.

To the extent that you contend that these redactions were necessary to protect the identity of users – which argument would appear to have no basis given the nature of the redactions – applying that without first meeting and conferring with us is again a violation of the Court's order.

By 5 pm ET today, please also provide a detailed written explanation as to how your redactions were made. That is, what precise criteria were applied to make these redactions?

10

Absent meaningful responses to our emails today, we intend to advise the Court promptly.  We will be tracking all time related to this issue.


Thanks,

Jen





**Jennifer Maisel** (she/her)

Rothwell, Figg, Ernst & Manbeck, P.C.

901 New York Avenue, N.W.

Suite 900 East

Washington, D.C.  20001


Main Number:  202.783.6040

Direct Number: 202.626.3548
Fax Number: 202.783.6031

Email: jmaisel@rothwellfigg.com

Website:  www.rothwellfigg.com


The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

**From:** Edward A. Bayley <EBayley@keker.com>
**Sent:** Tuesday, December 16, 2025 2:30 PM
**To:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>; newsplaintiffs-service@simplelists.susmangodfrey.com; OAI-NDCA-SDNY@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: [MDL] - Laptop Access

Jen,

We are investigating, but we cannot locate a conversation with the ID of "b2b89be8394c9023078b84b7feb890e," as it appears to be missing a character. Can you double check the ID number?

Thanks,

-Ed

**Edward A. Bayley**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6672 direct | 415 391 5400 main
ebayley@keker.com | vcard | keker.com

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Tuesday, December 16, 2025 4:06 AM
**To:** Edward A. Bayley <EBayley@keker.com>; newsplaintiffs-service@simplelists.susmangodfrey.com; OAI-NDCA-SDNY@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: [MDL] - Laptop Access

**[EXTERNAL]**

Dear Ed,

We have only just started to review the 20 million de-identified ChatGPT logs OpenAI produced yesterday and have serious concerns about the manner and extent to which OpenAI redacted what appears to be plainly responsive information (without our knowledge or consent) that does not implicate any privacy concern.

For example, we have noted several instances where OpenAI redacted the entirety or portions of a website's URL in the logs, including redactions labeled "PRIVATE_URLs," or more generically, "REDACTION." **In fact, OpenAI appears to have redacted URLs corresponding to News Plaintiffs' own websites and articles.** *See, e.g.,* Conversation_IDs 59dbdcd00ab86f4e37d2c065248b10ed and 20ca670eec208496aa4e67912f86f95d. The presence of News Plaintiffs' URLs and associated content in the logs is plainly relevant to News Plaintiffs' claims for copyright infringement. OpenAI does not have any basis for redacting the text of URLs appearing the output log data, especially News Plaintiffs' URLs, nor did OpenAI tell us that it would be making these redactions.

As another example, it appears that OpenAI has redacted text in instances where users are requesting content from other news publishers. In one conversation, OpenAI redacted a portion of the user's prompt that appears to reference the "New York Post." *See* Conversation_ID b2b89be8394c9023078b84b7feb890e. The fact that users are requesting news publishers' content is also plainly relevant to Plaintiffs' theory of harm and the substitutive nature of ChatGPT.

Please confirm, no later than 5pm ET today that OpenAI will immediately reproduce the data without the redactions. We reserve all rights.

Thanks,

Jen



**Jennifer Maisel** (she/her)

Rothwell, Figg, Ernst & Manbeck, P.C.

901 New York Avenue, N.W.

Suite 900 East

Washington, D.C.  20001


Main Number:  202.783.6040

Direct Number: 202.626.3548
Fax Number: 202.783.6031

Email: jmaisel@rothwellfigg.com

Website:  www.rothwellfigg.com


The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.


**From:** Edward A. Bayley <EBayley@keker.com>
**Sent:** Sunday, December 14, 2025 11:48 PM
**To:** newsplaintiffs-service@simplelists.susmangodfrey.com; OAI-NDCA-SDNY@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: [MDL] - Laptop Access


Counsel,


We are now loading the data onto the Databricks workspace and will send access instructions separately to each laptop holder.  If you are having any issues accessing the workspace or have additional questions about the data, we are happy to meet-and-confer.


As discussed during our prior call on December 5, OpenAI is making this data accessible only via the access-restricted OpenAI-provisioned laptops that are intended for use by the individuals to whom I sent login information on Friday, December 12, 2025.  If other individuals require access to the laptops, please let me know so that we can provision separate logins for each user.  As discussed, the data OpenAI is making available pursuant to the Court order will only be accessible via these laptops and cannot be accessed via any other mechanism.

14

OpenAI is making this data accessible based on the understanding that it will be treated with the highest protections under the Protective Order and that no conversations (in whole or in part) will be copied or exported from the laptops (e.g., for use as evidence in the case) absent a formal print request or other written agreement.  OpenAI reserves the right to take additional steps to protect user privacy, as contemplated by the Court.

If Plaintiffs do not agree with any of the above, please let us know ASAP so that we have the opportunity to seek a protective order from the Court.  OpenAI reserves the right to object to any use by Plaintiffs of identifying or otherwise private information that may remain in the data we are providing post de-identification.  For avoidance of doubt, the availability of this data pursuant to the Court's order does not constitute a waiver of, and is being done without prejudice to, OpenAI's pursuit of its pending objection to the orders docketed at ECF 734, ECF 896, and ECF 910.  Accordingly, OpenAI reserves the right to take all appropriate steps to restrict access to this data (and to demand the destruction of any copies Plaintiffs may have made) in the event Judge Stein sustains OpenAI's pending Rule 72 objection to those orders.  See ECF 1064 (Objection).

Please let us know your availability to meet and confer regarding the above, including the procedure for print requests.

Regards,

-Ed

**Edward A. Bayley**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6672 direct | 415 391 5400 main
ebayley@keker.com | vcard | keker.com

**From:** Edward A. Bayley <EBayley@keker.com>
**Sent:** Friday, December 12, 2025 1:49 PM
**To:** newsplaintiffs-service@simplelists.susmangodfrey.com; OAI-NDCA-SDNY@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** [MDL] - Laptop Access

Counsel,

We have now shipped out all the laptops as requested.  If you have not received the laptops already, you should receive them by the end of day tomorrow.  Please let us know if you do not.

Additionally, please provide one email address per laptop.  Once you do so, we will send a 1Password link to each email address that you can use to access login credentials, which will enable you to access each laptop and Databricks.  Attached is a README file with instructions for this process.

Thanks,

Ed

---

**Edward A. Bayley**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6672 direct | 415 391 5400 main
ebayley@keker.com | vcard | keker.com