

January 7, 2026

**VIA ECF**

Honorable Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *In re: OpenAI, Inc. Copyright Infringement Litigation*, No. 1:25-md-03143 (SHS) (OTW) Response to "News Plaintiffs'" Motion to Compel Microsoft Chat Logs (ECF. 1014). This response relates to No. 23-cv-11195-SHS and 1:24-cv-3285.

Dear Magistrate Judge Wang:

     News Plaintiffs abruptly abandoned the ongoing meet and confer on the issue of Microsoft's data logs and rushed to the Court to seek maximum relief. In the process they materially mischaracterize the situation, the reality of which is as follows. As the Court has acknowledged, production of "big data" is a new frontier in litigation requiring the cooperation of the parties. Until very recently, Microsoft believed that it was engaging in such a productive collaboration. After Microsoft voluntarily provided reams of information about the log data, hired outside experts to manage the process, and invented new approaches in order to make the data accessible, Microsoft and News Plaintiffs negotiated the relevant data fields for collection and the search terms to be used. By early December Microsoft agreed to produce and has now identified and collected approximately 8.1 million logs that hit upon News Plaintiffs domain names or publication names as keywords.

     What remains to be done is to redact any third-party personal identifying information ("PII") and then agree on how this voluminous data set can be most efficiently produced to the News Plaintiffs. This is what the parties were discussing when News Plaintiffs began to make ever bigger demands. During the week of December 15, they sent a flurry of emails requesting more logs and more reports. On December 22, 2025, Microsoft sent a comprehensive response, including an agreement to add four of the six newly-requested keywords, bringing the total number of logs to be produced to approximately 8.2 million. ECF. 1014-4. Microsoft also stated that it had begun the process of identifying the logs requiring PII redaction, and would begin making the logs that do not require redaction available for inspection after the parties agreed upon the method by which the data would be inspected.

     During a December 30, 2025 meet-and-confer call, Microsoft stated its preference for an onsite review given the sensitivity of the data, but indicated it would likely be willing to make the data logs available on a secure cloud platform and provide News Plaintiffs with laptops to access the data. To fully consider this option, however, Microsoft requested that News Plaintiffs provide a list of programs to be placed on the laptops and work out other details such as the procedure for

Honorable Ona T. Wang
January 7, 2026

requests to copy data excerpts off the cloud platform. News Plaintiffs suggested a few programs during the December 30 call, but did not provide a complete list, nor did they attempt to negotiate any access terms or a procedure for data copying requests. Instead of productively engaging with Microsoft, News Plaintiffs filed their letter motion.

There was no impasse, nor did Microsoft insist upon any objectionable manner of review.

There is no need for a court order. At most, the Court should order the Parties to finish meeting and conferring and determine whether there is an impasse before burdening the Court.

**Microsoft Is Willing to Provide Secure Remote Access to The Data Logs.**

Microsoft is willing to place the log data on a virtual machine that will provide News Plaintiffs with secure read-only access to the logs. Microsoft, however, first needs to review and approve any applications News Plaintiffs want placed on the virtual machine, and thus needs News Plaintiffs to provide this information. Microsoft and Plaintiffs also need to iron out the details of the agreement for a print request process whereby News Plaintiffs inform Microsoft of any log excerpts they reasonably need to take off the virtual computer. These details can easily be resolved upon further meet and confer.

**Microsoft Needs Additional Time to Redact Third-Party PII.**

To the best of Microsoft's and its undersigned outside counsel's knowledge, this kind of production of data logs has never been done in litigation before. Nevertheless, once the logs at issue were identified and collected in early December, Microsoft immediately began running tests to see whether an existing program used for PII redaction of logs used for research purposes could be used for these logs. Unfortunately, Microsoft has run into issues as that program was written for logs in a different format than these data logs. Microsoft is diligently working through this issue, and has been, and is continuing to, explore other options in the event Microsoft's in-house PII redaction tool cannot be retrofitted for redacting PII from these logs. The reality is that Microsoft is working as quickly as possible to identify a privacy-protection solution. As soon as it confirms a method of redacting PII material and the parties agree on the manner of production, the initial tranche of records will be produced.

Even if News Plaintiffs had provided Microsoft with the full list of programs they require (which they have not), full production of the approximately 8.2 million logs by January 9 is not possible given the need to redact sensitive PII of third parties contained in the logs (such as credit card numbers and passwords). It is disingenuous for News Plaintiffs to claim that they did not understand privacy was an issue when they have been litigating privacy concerns with OpenAI for months. News Plaintiffs cannot act surprised that Microsoft, like OpenAI, needs to protect sensitive PII of third-party users.

Microsoft would like to be able to provide a date certain for production of these logs, but it is unable to do so as of the filing of this letter. Redaction of this kind of data and on this scale is a novel problem that requires a novel solution that Microsoft is diligently working to devise. We hope to have a further update for the Court at the January 15 hearing.

Honorable Ona T. Wang
January 7, 2026

In any event, the Court should not order Microsoft to make the logs available before the parties finish meeting and conferring upon the manner of production and terms governing handling of the data. At that point, Microsoft will hopefully have solved the PII redaction issues and can begin providing News Plaintiffs with access to the logs.

Respectfully submitted,

*/s/ Annette L. Hurst*

Annette L. Hurst

*Counsel for Defendant Microsoft Corporation*

cc:   Counsel of Record (via ECF)