SUSMAN GODFREY L.L.P.

January 8, 2026

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *The New York Times Company v. Microsoft Corporation, et al.*,
                 No.: 23-cv-11195-SHS: Opposition to OpenAI's Motion to Compel

Dear Magistrate Judge Wang:

       The Court should deny as premature OpenAI's motion to compel the surveys and studies referenced in its Brand Tracker and AIG reports. Dkt. 1025. As The Times told OpenAI, it is willing to meet and confer about what data OpenAI seeks and to investigate what data The Times has, and the burden associated with production of what appears to be a substantial amount of information. As an initial matter, OpenAI's characterization that it is seeking "10 specific surveys and studies" is inaccurate. Dkt. 1025 at 1. Instead, OpenAI is seeking **all** surveys and studies referenced in ten different *categories* of reports (i.e., Brand Tracker reports, Games Sub-Brand Tracker reports, Cooking Sub-Brand Tracker reports)—many of which include multiple presentations—over multiple years. For instance, one of OpenAI's ten requests is for all surveys and studies referenced in The Times's Brand Tracker reports from Q3 2023 through Q2 2025. Similarly, OpenAI seeks, *inter alia*, all surveys and studies referenced in the Games Sub-Brand Trackers (Q3 2024, Q4 2024, Q2 2025); Cooking Sub-Brand Trackers (Q2 2024, Q3 2024, Q4 2024, Q2 2025); Wirecutter Sub-Brand Trackers (Q4 2024, Q2 2025); and The Athletic Sub-Brand Trackers (Q4 2024, Q2 2025). In total, OpenAI seeks the underlying data from surveys and studies referenced in twenty-five different presentations—many of which reference multiple surveys and studies.

       In light of OpenAI's overbroad request, The Times offered to look into what it could feasibly collect and produce. However, without waiting for a response from The Times, OpenAI filed the instant motion. That is improper. *See* Dkt. 967 at 3 ("If it becomes apparent from future briefing that the parties are not engaging in a good faith meet and confer process on discovery disputes that can and should be resolved without court intervention, such motions may be denied on their face, and costs may be apportioned under Fed. R. Civ. P. 37(a)(5)."). Accordingly, the Court should order the parties to meet and confer further on this issue.

       **1.  <u>OpenAI Did Not Adequately Engage in the Meet and Confer Process.</u>**

       On December 17, 2025, OpenAI reached out to The Times and claimed that it was "entitled to the underlying data" referenced in the "numerous surveys, trackers, and studies that appear to have been conducted by The Times or at The Times's direction." Ex. A (Dec. 17, 2025 email from C. Porto to A. Muttalib). On December 18, 2025, The Times indicated that OpenAI's "request for all underlying data that is summarized and/or referenced by The Times's documents and presentations is vague, overbroad, and unduly burdensome." *Id.* (Dec. 18, 2025 email from A.

January 8, 2026
Page 2

Muttalib to C. Porto). Nonetheless, The Times offered to meet and confer on OpenAI's request. At the December 23, 2025 meet and confer, The Times indicated that it would follow up with the relevant Times employees to determine what it could feasibly produce, and committed to providing a response after the holidays due to the unavailability of some of those employees. OpenAI did not disagree with the proposed timeline nor indicate that it would file a motion to compel.

Yet, on January 5—without first notifying The Times or narrowing its request—OpenAI filed the instant motion to compel. Given OpenAI's failure to engage "in a good faith meet and confer process on [this] discovery dispute[]," OpenAI's motion should "be denied on [its] face." Dkt. 967 at 3.

**2.   OpenAI's Request is Impermissibly Vague.**

OpenAI seeks "the underlying data" cited in Times-produced presentations; however, it does not provide any specificity regarding its request. Its attached appendix offers no further clarity. *See* Dkt. 1025-1. For example, in the "Description of Data" field for The Times's "Overarching Brand Trackers," OpenAI claims to seek the data underlying the "conclusions about [The Times's] audience and their behavior." *Id.* at 2. However, many of The Times's conclusions are qualitative in nature. *See, e.g.*, Ex. B, NYT_00832507 at 42 (noting "an uptick in negative chatter about The Times brand, with an increasing concern about bias in reporting"). As such, it is unclear what The Times would be obligated to produce to support these qualitative conclusions. And, despite OpenAI's many opportunities to clarify what exactly it is requesting, it has still failed to provide any direction regarding what it is seeking. Accordingly, the Court should deny OpenAI's motion. *See Kennedy v. Cont. Pharmacal Corp.*, 2013 WL 1966219, at *2 (E.D.N.Y. May 13, 2013) ("Lacking relevance and specificity, the requests are vague, overly broad and unduly burdensome.").

**3.   OpenAI's Request for All Underlying Survey Data Referenced in These Reports is Unduly Burdensome and Disproportionate to the Needs of the Case.**

Even assuming *arguendo* that OpenAI's request is limited exclusively to the survey data referenced in these 25 reports, its request remains unduly burdensome and disproportionate to the needs of the case. The Times has expended significant efforts collecting and producing Brand Tracker reports, Games Sub-Brand Tracker reports, Cooking Sub-Brand Tracker reports, Wirecutter Sub-Brand Tracker reports, and The Athletic Sub-Brand Tracker reports from 2018 to the present. The Times has also produced all reports from the Audience Insight Group (the group responsible for the Brand Tracker reports) that it has been able to locate. Each of these presentations lay out the empirical support for their conclusions.

Now, less than two months from the close of fact discovery, OpenAI seeks to have The Times locate each and every survey referenced in these 25 presentations. As an initial matter, the Brand Tracker reports span dozens of pages and contain multiple surveys. The datasets associated with each of these surveys are expansive and require significant expense to export, collect, and produce. Indeed, based on what we've learned from The Times's AIG team when they returned

January 8, 2026
Page 3

on Monday, they would need to dedicate two or three individuals to compiling these datasets. Furthermore, many of these datasets are not in The Times's possession because the studies were conducted by third-party vendors. The Times would need to contact its outside vendor and pay costs to collect these datasets. Finally, the incremental value of such efforts is minimal given that OpenAI already has all of the reports, which contain The Times's findings. OpenAI is free to challenge those findings in depositions and through its own expert analyses.

It is precisely for these reasons that The Times hoped to meet and confer further on OpenAI's request. Instead, OpenAI filed its motion without making any effort to narrow its request or to clarify which studies are at issue. This is contrary to the spirit of the meet and confer process. Accordingly, the Court should deny OpenAI's motion to compel.

Respectfully submitted,

*/s/ Ian B. Crosby*
Ian B. Crosby
Susman Godfrey L.L.P.

*/s/ Steven Lieberman*
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck

cc: All Counsel of Record (via ECF)