# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE:

OPENAI, INC.,
COPYRIGHT INFRINGEMENT LITIGATION


This Document Relates To:
*Daily News LP et al v. Microsoft Corporation et al*,
No. 1:24-cv-03285

No. 1:25-md-03143-SHS-OTW

CONTAINS INFORMATION
DESIGNATED **HIGHLY
CONFIDENTIAL-ATTORNEYS
EYES' ONLY**

### OPENAI DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS DAILY NEWS' FIFTH SET OF INTERROGATORIES (NO. 17-25)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants OpenAI Inc.,[1] OpenAI GP LLC, OpenAI LLC,[2] OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation LLC,[3] and OpenAI Holdings LLC[4] (collectively, "OpenAI") hereby object and respond to Plaintiffs Daily News' Fifth Set of Interrogatories. To the extent that OpenAI agrees to respond to these Interrogatories, each entity is agreeing to respond only on its own behalf, to the extent any information is in the possession, custody, or control of that entity. Furthermore, an agreement by OpenAI to respond does not mean that each entity has information in its possession, custody, or control.

### PRELIMINARY STATEMENT

The following responses and objections are based upon the facts, documents, and information presently known and available to OpenAI. Discovery, investigation, research, and

---

[1] OpenAI, Inc. changed its name in October 2025 to OpenAI Foundation.
[2] OpenAI, L.L.C. converted from a limited liability company to a corporation named OAI International, Inc. on December 31, 2025.
[3] OAI Corporation, LLC converted in September 2023 from a limited liability company to a corporation named OAI Corporation.
[4] OpenAI Holdings, LLC merged into OpenAI Group PBC on December 31, 2025 and no longer exists as a standalone entity.



**INTERROGATORY NO. 25:**

State all legal and factual bases for each of the Affirmative Defenses asserted in OpenAI's Second Amended Answer to Daily News Plaintiffs' Complaint (Daily News Dkt. 544), filed December 10, 2025.

**RESPONSE TO INTERROGATORY NO. 25:**

OpenAI objects to this Interrogatory because it improperly seeks a discrete response for each affirmative defense OpenAI asserts within one Interrogatory. Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete

subparts." Fed. R. Civ. P. 33(a). OpenAI asserts 29 affirmative defenses and accordingly, this Interrogatory counts as 29 interrogatories. *See, e.g., Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) (holding that contention interrogatories with "subparts [that] amount essentially to discrete questions in and of themselves" are "improper because [] they . . . exceed[] the limit of twenty-five requests under Federal Rule of Civil Procedure 33(a)"); *Brown v. New York City Dep't of Educ.*, No. 20-CV-2424 (JGLC) (OTW), 2024 WL 4493470, at *2 (S.D.N.Y. Oct. 15, 2024) (denying plaintiffs' motion to compel interrogatory responses where plaintiffs' interrogatories "were compound and/or contained several discrete subparts"); *see also Bujnicki v. Am. Paving & Excavating, Inc.*, No. 99-CV-0646S, 2004 WL 1071736, at *9 (W.D.N.Y. Feb. 25, 2004) ("[I]nterrogatory # 19 asks defendants to state the factual basis for each of defendants' twelve affirmative defenses. Each affirmative defense is a distinct and separate defense and therefore, interrogatory # 19 as phrased, attempts to 'evade the presumptive limitation' set forth in Fed. R. Civ. P. 33(a)."); *Wharton v. Cty. of Nassau*, No. CV 10-0265, 2012 U.S. Dist. LEXIS 44270 (E.D.N.Y. Mar. 29, 2012) (holding that the defendant's objection to an interrogatory based on discrete subparts exceeding the Rule 33 limit was proper). OpenAI further objects to this Interrogatory to the extent that it requests that OpenAI identify all facts supporting its contention, in that it goes beyond seeking "the claims and contentions" of OpenAI, as called for by Civ. L.R. 33.3(c). An interrogatory may not permissibly seek every fact, every piece of evidence, every witness, and every application of law to fact. *See Pasternak v. Dow Kim*, No. 10 Civ. 5045 (LTS) (JLC), 2011 WL 4552389, at *2–3 (S.D.N.Y. Sept. 28, 2011) (denying motion to compel where contention interrogatories "seek more than [defendant]'s position on particular issues in the case"); *see also Fishon v. Peloton Interactive, Inc.*, 2021 WL 4124661, at *1–2 (S.D.N.Y. Sept. 9, 2021) ("[C]ourts generally resist efforts to use

contention interrogatories as a vehicle to obtain every fact and piece of evidence a party may sigh [sic] to offer concerning a given issue at trial."); Michael Silberberg, Edward M. Spiro & Judith L. Mogul, Civil Practice in the Southern District of New York § 20:7 (2020) ("Contention interrogatories . . . are not an excuse to inflict burden by requiring an adversary to spew out numerous factual details or to regurgitate all factual information obtained during discovery.").

To the extent Plaintiffs allege that any asserted work was used by OpenAI, Plaintiffs bear the burden of identifying each such work with particularity and establishing the factual basis for any alleged use. Plaintiffs have not done so, despite OpenAI's production of training datasets and related discovery, and Plaintiffs have not even provided a complete and accurate list of the asserted works at issue. The Interrogatory thus improperly requires OpenAI to disprove Plaintiffs' unproven allegations before Plaintiffs have made a prima facie showing, and OpenAI objects on that basis.

OpenAI objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks "output textual information" and "all legal and factual bases." OpenAI objects to this Interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, the settlement privilege, and/or any other privilege or immunity from disclosure recognized by law. OpenAI objects to this Interrogatory as premature because fact discovery is still ongoing. OpenAI objects to this Interrogatory to the extent it calls for expert analysis that will be included in OpenAI's expert reports. OpenAI further objects to the extent this Interrogatory seeks premature disclosure of expert opinions or requires OpenAI to marshal all evidence or legal theories in advance of the completion of expert discovery. OpenAI further objects to this Interrogatory because Plaintiffs have not identified the specific outputs they contend are

infringing. In the absence of such identification, OpenAI cannot comprehensively assess its application of all its defenses.

Based on the foregoing General and Specific objections, OpenAI will not respond to this improper Interrogatory as written. OpenAI is willing to meet and confer regarding an appropriately narrow scope for this Interrogatory.

Dated: January 16, 2026

/s/ Allison S. Blanco
**LATHAM & WATKINS LLP**
Andrew M. Gass (*pro hac vice*)
 andrew.gass@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle
 sy.damle@lw.com
Luke A. Budiardjo
 luke.budiardjo@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200

Elana Nightingale Dawson (*pro hac vice*)
 elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison S. Blanco (*pro hac vice*)
 allison.blanco@lw.com
650 Town Center Drive, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 540-1235

/s/ Rose S. Lee
**MORRISON & FOERSTER LLP**
Joseph C. Gratz (*pro hac vice*)
 jgratz@mofo.com
Tiffany Cheung (*pro hac vice*)
 tcheung@mofo.com
Caitlin Sinclaire Blythe (*pro hac vice*)
 cblythe@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000

Rose S. Lee (*pro hac vice*)
 roselee@mofo.com
755 Page Mill Road
Palo Alto, CA 94301
Telephone: 650.813.5600

/s/ Andrew Dawson
**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (*pro hac vice*)
 rvannest@keker.com
R. James Slaughter (*pro hac vice*)
 rslaughter@keker.com
Andrew Dawson (*pro hac vice*)
 adawson@keker.com

Christopher S. Sun (*pro hac vice*)
 *csun@keker.com*
Michelle S. Ybarra (*pro hac vice*)
 *mybarra@keker.com*
633 Battery St.
San Francisco, CA 94111
Telephone: 415.391.5400


*Attorneys for OpenAI*

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco CA 94105. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on January 16, 2026, I served a copy of:

**OPENAI DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFFS DAILY NEWS' FIFTH SET OF INTERROGATORIES (NO. 17-25)**

☒    **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| | |
|---|---|
| Ian Crosby (pro hac vice)<br>Genevieve Vose Wallace (pro hac vice)<br>Katherine M. Peaslee (pro hac vice)<br>SUSMAN GODFREY L.L.P.<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>icrosby@susmangodfrey.com<br>gwallace@susmangodfrey.com<br>kpeaslee@susmangodfrey.com | Davida Brook (*pro hac vice*)<br>Emily K. Cronin (*pro hac vice*)<br>Ellie Dupler (*pro hac vice*)<br>SUSMAN GODFREY L.L.P.<br>1900 Ave of the Stars, Suite 1400 Los<br>Angeles, CA 90067<br>dbrook@susmangodfrey.com<br>ecronin@susmangodfrey.com<br>edupler@susmangodfrey.com |
| Steven Lieberman<br>Jennifer B. Maisel<br>Robert Parker<br>Jenny L. Colgate<br>Mark Rawls<br>Michael H. Jones<br>Kristen J. Logan<br>Bryan B. Thompson<br>Mary L. Mullins<br><br>ROTHWELL, FIGG, ERNST &<br>MANBECK, P.C.<br>901 New York Avenue, N.W., Suite 900 East<br>Washington, DC 20001<br>Telephone: (202) 783-6040<br><br>slieberman@rothwellfigg.com<br>jmaisel@rothwellfigg.com<br>rparker@rothwellfigg.com<br>jcolgate@rothwellfigg.com<br>mrawls@rothwellfigg.com<br>mjones@rothwellfigg.com<br>klogan@rothwellfigg.com<br>bthompson@rothwellfigg.com<br>mmullins@rothwellfigg.com | Jeffrey A. Lindenbaum<br>ROTHWELL, FIGG, ERNST & MANBECK, P.C.<br>3 Manhattanville Road, Suite 105<br>Purchase, New York 10577<br>Telephone: (202) 783-6040<br>jlindenbaum@rothwellfigg.com |
| Mail Group dailynews-ai-rfem@rothwellfigg.com; newsplaintiffs-service@simplelists.susmangodfrey.com ||
| *Attorneys for Plaintiffs Daily News* ||

| | |
|---|---|
| Jared B. Briant<br>Kirstin L. Stoll-DeBell<br>FAEGRE DRINKER BIDDLE &<br>REATH LLP<br>1144 Fifteenth Street, Suite 3400<br>Denver, CO 80202<br>Telephone: (303) 607-3500<br><br>Carrie A. Beyer<br>FAEGRE DRINKER BIDDLE &<br>REATH LLP<br>320 South Canal Street, Suite 3300<br>Chicago, IL 60606-5707<br>Telephone: (312) 569-1000<br><br>Jeffrey S. Jacobson<br>FAEGRE DRINKER BIDDLE &<br>REATH LLP<br>1177 Avenue of the Americas, 41st<br>Floor<br>New York, New York 10036<br>Telephone: (212) 248-3140<br><br>Elizabeth M.C. Scheibel<br>FAEGRE DRINKER BIDDLE &<br>REATH LLP<br>2200 Wells Fargo Center, 90 S. 7th<br>Street<br>Minneapolis, MN 55402<br>Telephone: (612) 766-7000 | jared.briant@faegredrinker.com<br>kirstin.stolldebell@faegredrinker.com<br>carrie.beyer@faegredrinker.com<br>jeffrey.jacobson@faegredrinker.com<br>elizabeth.scheibel@faegredrinker.com<br>MicrosoftNYClassActionFDBR@faegredrinker.com |

| | |
|---|---|
| Annette L. Hurst<br>ORRICK, HERRINGTON &<br>SUTCLIFFE LLP<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>Telephone: (415) 773-5700<br><br>Christopher Cariello<br>Marc Shapiro<br>ORRICK, HERRINGTON &<br>SUTCLIFFE LLP<br>51 West 52nd Street<br>New York: NY 10019<br>Telephone: (212) 506-3778<br><br>Sheryl Koval Garko<br>Laura Brooks Najemy<br>ORRICK, HERRINGTON &<br>SUTCLIFFE LLP<br>222 Berkeley Street, Suite 2000<br>Boston, MA 02116<br>Telephone: (617) 880-1800 | ahurst@orrick.com<br>ccariello@orrick.com<br>mrshapiro@orrick.com<br>sgarko@orrick.com<br>lnajemy@orrick.com<br>nyclassactions_microsoft_ohs@orrick.com |

*Attorneys for Defendant Microsoft Corporation*
Mail Groups: MicrosoftNYClassActionFDBR@faegredrinker.com;
nyclassactions_microsoft_ohs@orrick.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, CA this 16th day of January, 2026.

_____Amy Garcia_____        _____*/s/ Amy Garcia*_____

(typed)                                                                    (signature)