# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC., COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates To:<br><br>*Case No.* 1:24-cv-04872 | No. 1:25-md-03143-SHS-OTW<br><br>CONTAINS INFORMATION DESIGNATED **HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY** |

**OPENAI DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF THE CENTER FOR INVESTIGATIVE REPORTING, INC.'S FOURTH SET OF INTERROGATORIES (NOS. 15-25)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants OpenAI Inc.,[1] OpenAI GP LLC, OpenAI LLC,[2] OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation LLC,[3] and OpenAI Holdings LLC[4] (collectively, "OpenAI") hereby object and respond to Plaintiff's Interrogatories Nos. 15–25. To the extent that OpenAI agrees to respond to these Requests, each entity is agreeing to respond only on its own behalf, to the extent any information is in the possession, custody, or control of that entity. Furthermore, an agreement by OpenAI to respond does not mean that each entity has information in its possession, custody, or control.

[1] OpenAI, Inc. changed its name in October 2025 to OpenAI Foundation.
[2] OpenAI, L.L.C. converted from a limited liability company to a corporation named OAI International, Inc. on December 31, 2025.
[3] OAI Corporation, LLC converted in September 2023 from a limited liability company to a corporation named OAI Corporation.
[4] OpenAI Holdings, LLC merged into OpenAI Group PBC on December 31, 2025 and no longer exists as a standalone entity.

[redacted]

**<u>INTERROGATORY NO. 25</u>:**

State the Basis for all your affirmative defenses on which you intend to rely at summary judgment or at trial that are not otherwise referenced in these Interrogatories.

**<u>RESPONSE TO INTERROGATORY NO. 25</u>:**

OpenAI objects to this Interrogatory because it improperly seeks a discrete response for each affirmative defense OpenAI asserts within one Interrogatory. Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). OpenAI asserts 25 affirmative defenses and accordingly, this Interrogatory counts as 25 interrogatories. *See, e.g., Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) (holding that contention interrogatories with "subparts [that] amount essentially to discrete questions in and of themselves" are "improper because [] they . . . exceed[] the limit of twenty-five requests under Federal Rule of Civil Procedure 33(a)"); *Brown v. New York City Dep't of Educ.*, No. 20-CV-2424 (JGLC) (OTW), 2024 WL 4493470, at *2 (S.D.N.Y. Oct. 15, 2024) (denying plaintiffs' motion to compel interrogatory responses where plaintiffs' interrogatories "were compound and/or contained several discrete subparts"); *see also Bujnicki v. Am. Paving & Excavating, Inc.*, No. 99-CV-0646S, 2004 WL 1071736, at *9 (W.D.N.Y. Feb. 25, 2004) ("[I]nterrogatory # 19 asks defendants to state the factual basis for each of defendants' twelve affirmative defenses. Each affirmative defense is a distinct and separate defense and therefore, interrogatory # 19 as phrased,

attempts to 'evade the presumptive limitation' set forth in Fed. R. Civ. P. 33(a)."); *Wharton v. Cty. of Nassau*, No. CV 10-0265, 2012 U.S. Dist. LEXIS 44270 (E.D.N.Y. Mar. 29, 2012) (holding that the defendant's objection to an interrogatory based on discrete subparts exceeding the Rule 33 limit was proper).

OpenAI further objects to this Interrogatory to the extent it seeks to shift the burden to OpenAI to disprove elements of Plaintiff's prima facie case. *See In re Facebook, Inc.*, No. MDL 12-2389, 2016 WL 5080152, at *4 (S.D.N.Y. July 7, 2016) (denying motion to compel a party to respond to contention interrogatories on an issue that other party bore burden of proof because it "would be inappropriate to require [the responding party] to devise a theory for an element which is not required for their prima facie case"). *See also Phillies v. Harrison/Erickson, Inc.*, No. 19-CV-07239 (VM)(SN), 2020 WL 6482882, at *2 (S.D.N.Y. Nov. 4, 2020) ("Courts have recognized the risk that a jury may incorrectly construe a response by one party [to such contention interrogatories] as a concession on an issue that the [propounding] party must prove."); and *Norton v. Town of Islip*, No. 4 Civ. 043079 (PKC) (SIL), 2018 WL 5017744, at *12 (E.D.N.Y. Oct. 16, 2018) ("Plaintiff need not respond to Contention Interrogatories . . . as they improperly inquire as to the basis of the [Defendant's] affirmative "good faith" defense to Plaintiff's state law malicious prosecution cause of action and is not an element of Plaintiff's claim."). OpenAI further objects to this Interrogatory to the extent that it incorrectly assumes infringement. OpenAI objects to this Interrogatory because it mischaracterizes OpenAI's position as asserting an innocent infringement defense or otherwise incorrectly suggests that OpenAI bears any burden to disprove willfulness. OpenAI also objects to this Interrogatory because it calls for a legal conclusion. OpenAI objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks "all" legal and factual bases for issues on which OpenAI has no affirmative burden, and on which Plaintiff has

not explained its position. *See Phillies*, 2020 WL 6482882, at *2 ("courts generally resist efforts to use contention interrogatories as a vehicle to obtain every fact and piece of evidence a party may wish to offer concerning a given issue at trial.").

OpenAI further objects to this Interrogatory to the extent that it requests that OpenAI identify all facts supporting its contention, in that it goes beyond seeking "the claims and contentions" of OpenAI, as called for by Civ. L.R. 33.3(c). An interrogatory may not permissibly seek every fact, every piece of evidence, every witness, and every application of law to fact. *See Pasternak v. Dow Kim*, No. 10 Civ. 5045 (LTS) (JLC), 2011 WL 4552389, at *2–3 (S.D.N.Y. Sept. 28, 2011) (denying motion to compel where contention interrogatories "seek more than [defendant]'s position on particular issues in the case"); *see also Fishon v. Peloton Interactive, Inc.*, 2021 WL 4124661, at *1–2 (S.D.N.Y. Sept. 9, 2021) ("[C]ourts generally resist efforts to use contention interrogatories as a vehicle to obtain every fact and piece of evidence a party may sigh [sic] to offer concerning a given issue at trial."); Michael Silberberg, Edward M. Spiro & Judith L. Mogul, Civil Practice in the Southern District of New York § 20:7 (2020) ("Contention interrogatories . . . are not an excuse to inflict burden by requiring an adversary to spew out numerous factual details or to regurgitate all factual information obtained during discovery.").

To the extent Plaintiff alleges that any asserted work was used by OpenAI, Plaintiff bears the burden of identifying each such work with particularity and establishing the factual basis for any alleged use. Plaintiff has not done so, despite OpenAI's production of training datasets and related discovery, and Plaintiff has not even provided a complete and accurate list of the asserted works at issue. The Interrogatory thus improperly requires OpenAI to disprove Plaintiff's unproven allegations before Plaintiff has made a prima facie showing, and OpenAI objects on that basis.

OpenAI objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks "each document" and "the factual bases" supporting each affirmative defense. OpenAI objects to this Interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, the settlement privilege, and/or any other privilege or immunity from disclosure recognized by law. OpenAI objects to this Interrogatory as premature because fact discovery is still ongoing. OpenAI objects to this Interrogatory to the extent it calls for expert analysis that will be included in OpenAI's expert reports. OpenAI further objects to the extent this Interrogatory seeks premature disclosure of expert opinions or requires OpenAI to marshal all evidence or legal theories in advance of the completion of expert discovery. OpenAI further objects to this Interrogatory because Plaintiff has not identified the specific outputs it contends are infringing. In the absence of such identification, OpenAI cannot comprehensively assess its application of all its affirmative defenses.

Based on the foregoing General and Specific Objections, OpenAI will not respond to this improper Interrogatory as written. OpenAI is willing to meet and confer regarding an appropriately narrow scope for this Interrogatory.

Dated: January 16, 2026

*/s/ Herman Yue*
**LATHAM & WATKINS LLP**
Andrew M. Gass (*pro hac vice*)
*andrew.gass@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle
*sy.damle@lw.com*
Luke A. Budiardjo
*luke.budiardjo@lw.com*
Herman H. Yue
*herman.yue@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200

Elana Nightingale Dawson (*pro hac vice*)
*elana.nightingaledawson@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

*/s/ Rose S. Lee*
**MORRISON & FOERSTER LLP**
Joseph C. Gratz (*pro hac vice*)
*jgratz@mofo.com*
Tiffany Cheung (*pro hac vice*)
*tcheung@mofo.com*
Caitlin Sinclaire Blythe (*pro hac vice*)
*cblythe@mofo.com*
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000

Rose S. Lee (*pro hac vice*)
*roselee@mofo.com*
755 Page Mill Road
Palo Alto, CA 94304
Telephone: 650.813.5600

*/s/ Christopher S. Sun*
**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (*pro hac vice*)
*rvannest@keker.com*
R. James Slaughter (*pro hac vice*)*
*rslaughter@keker.com*
Paven Malhotra
*pmalhotra@keker.com*
Michelle S. Ybarra (*pro hac vice*)
*mybarra@keker.com*
Christopher S. Sun (*pro hac vice*)
*csun@keker.com*
633 Battery St.
San Francisco, CA 94111
Telephone: 415.391.5400

*Attorneys for OpenAI*

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco CA 94105. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on January 16, 2026, I served a copy of:

**OPENAI DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF THE CENTER FOR INVESTIGATIVE REPORTING, INC.'S FOURTH SET OF INTERROGATORIES (NOS. 15-25)**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| | |
|---|---|
| Jon Loevy<br>Michael Kanovitz<br>Stephen Stich Match<br>Matthew Topic<br>Steven Art<br>Thomas Kayes<br>Kyle Wallenberg<br>Shelley Geiszler<br><br>LOEVY & LOEVY<br>311 North Aberdeen, 3rd Floor<br>Chicago, IL 60607<br>312-243-5900 (p)<br>jon@loevy.com<br>mike@loevy.com<br>match@loevy.com<br>matt@loevy.com<br>steve@loevy.com<br>kayes@loevy.com<br>wallenberg@loevy.com<br>geiszler@loevy.com | |
| Mail Group: *ai@loevy.com*; newsplaintiffs-service@simplelists.susmangodfrey.com | |
| *Attorneys for Plaintiff The Center for Investigative Reporting* | |

| | |
|---|---|
| Jared B. Briant<br>Kirstin L. Stoll-DeBell<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>1144 Fifteenth Street, Suite 3400<br>Denver, CO 80202<br>Telephone: (303) 607-3500<br><br>Carrie A. Beyer<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>320 South Canal Street, Suite 3300<br>Chicago, IL 60606-5707<br>Telephone: (312) 569-1000<br><br>Jeffrey S. Jacobson<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>1177 Avenue of the Americas, 41st Floor<br>New York, New York 10036<br>Telephone: (212) 248-3140<br><br>Elizabeth M.C. Scheibel<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>2200 Wells Fargo Center, 90 S. 7th Street<br>Minneapolis, MN 55402<br>Telephone: (612) 766-7000 | jared.briant@faegredrinker.com<br>kirstin.stolldebell@faegredrinker.com<br>carrie.beyer@faegredrinker.com<br>jeffrey.jacobson@faegredrinker.com<br>elizabeth.scheibel@faegredrinker.com<br>MicrosoftNYClassActionFDBR@faegredrinker.com |

| | |
|---|---|
| Annette L. Hurst<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>Telephone: (415) 773-5700<br><br>Christopher Cariello<br>Marc Shapiro<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York: NY 10019<br>Telephone: (212) 506-3778<br><br>Sheryl Koval Garko<br>Laura Brooks Najemy<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>222 Berkeley Street, Suite 2000<br>Boston, MA 02116<br>Telephone: (617) 880-1800 | ahurst@orrick.com<br>ccariello@orrick.com<br>mrshapiro@orrick.com<br>sgarko@orrick.com<br>lnajemy@orrick.com<br>nyclassactions_microsoft_ohs@orrick.com |
| ***Attorneys for Defendant Microsoft Corporation***<br>Mail Groups: MicrosoftNYClassActionFDBR@faegredrinker.com; nyclassactions_microsoft_ohs@orrick.com | |

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, CA this 16th day of January, 2026.

Amy Garcia  *_/s/ Amy Garcia_*

(typed)  (signature)