

February 2, 2026

**VIA ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

RE: **OpenAI's Response to News Plaintiffs' Letter (ECF 1189)**, *In Re: OpenAI, Inc., Copyright Infringement Litigation*, No. 1:25-md-3143, This Document Relates To: News Actions, 1:23-cv-11195; 1:24-cv-01515; 1:24-cv-03285; 1:24-cv-04872; 1:25-cv-04315

Dear Judge Wang:

Pursuant to Rule IV.b. of Your Honor's Individual Practices, the OpenAI Defendants ("OpenAI") submit this response to News Plaintiffs' letter (ECF 1189) regarding OpenAI's January 15, 2026 motion to seal (ECF 1167) certain material in Plaintiffs' January 8, 2026 Opposition to OpenAI's Motion for a Protective Order (ECF 1103) and accompanying Exhibits 1-15 (ECFs 1103-1 to 1103-15).

Plaintiffs' letter, which complains of non-existent procedural defects in OpenAI's indisputably valid sealing motion, is a waste of judicial resources. OpenAI moved to seal highly sensitive technical and internal business information contained in Plaintiffs' discovery letter and exhibits, a majority of which this Court has already ruled warrant sealing in connection with prior discovery disputes. Specifically, Plaintiffs attached fifteen highly confidential internal documents to their motion–nine of which had been previously sealed–and, in their brief, discussed them in ways that would disclose OpenAI's confidential information. Consistent with the Court's prior guidance and governing law, OpenAI sought to seal those exhibits and made the same limited redactions to Plaintiffs' discovery letter that Plaintiffs' themselves had proposed.

Plaintiffs now label the sealing motion "overbroad," but do not challenge sealing of any specific exhibit or explain why sealing would be improper under the governing standard. Nor could they. Given the nature of the documents, sealing plainly is warranted. Indeed, ***this Court has already ordered that the majority of the relevant exhibits be sealed.***

Plaintiffs' actual objection appears to be procedural: that OpenAI did not submit a highlighted copy of the redacted brief. But no such submission was required. Plaintiffs filed an under-seal version with accurate proposed redactions, which OpenAI adopted and supported with

Hon. Ona T. Wang
February 2, 2026
Page 2

a declaration explaining the basis for sealing.[1]  In such circumstances, it has been the practice among all parties in this litigation not to serve an identical and duplicative redacted brief.

### I. Plaintiffs Fail To Show That Sealing Is Unwarranted Under The Governing Standard

Plaintiffs label OpenAI's sealing motion as "overbroad," but they do not identify a single exhibit or redaction that purportedly fails to satisfy the governing sealing standard.  Nor could they.  The Court has already ordered[2] sealing of *nine* of the same exhibits at issue here (*i.e.*, Exhibits 1–4, 6–9, and 11)[3] and has reviewed and sealed certain of those exhibits *multiple times* without objection from Plaintiffs.[4]  Plaintiffs offer no basis to depart from the Court's prior rulings.

As to the remaining six exhibits, OpenAI supported sealing with a declaration explaining the concrete harm that would result from public disclosure of its highly confidential internal materials.  (ECF 1168).  The six exhibits cover subject matter that is similar in nature to the already sealed exhibits, and requested for sealing for similar reasons.  Plaintiffs do not challenge that evidence.  Instead, they argue only that seeking to seal all fifteen exhibits is "overbroad."  But every exhibit contains highly confidential information, and Plaintiffs cite no authority—because none exists—for the proposition that sealing multiple confidential exhibits is improper simply because of their number.  Absent any challenge to specific materials, Plaintiffs' objection fails.

### II. OpenAI's Filing Procedure Conforms with Court Rules and Past Practices

OpenAI has consistently met its service obligation to Plaintiffs by serving highlighted versions of sealed documents.  OpenAI has no such obligation, however, to re-serve highlighted exhibits when seeking to seal the exact material Plaintiffs have already flagged for sealing, including where an entire exhibit has been filed under seal, as to do so would be redundant.  Nevertheless, OpenAI did provide Plaintiffs further notice by email that OpenAI accepted Plaintiffs' proposed designations.  *See* ECF 1189-1 ("OpenAI adopts Plaintiffs' proposed sealing and redactions from Plaintiffs' filing at ECF 1103").

---

[1] Plaintiffs also cite the Court's Order (ECF 1170) denying OpenAI's motion for a protective order regarding Greg Brockman's deposition hours (ECF 1041).  A ruling on deposition hours bears no consequence on a motion to seal as there is no discernable nexus between the two.

[2] *The New York Times Co. v. Microsoft Corp.*, Case No. 1:23-cv-11195-SHS-OTW (S.D.N.Y.), ECF 523.

[3] *Id*. at ECFs 500-6–500-9, 500-11–500-15, respectively.

[4] *Id.* at ECFs 204-2 (sealed Ex. 1); 204-3 (sealed Ex. 9), 204-4 (sealed Ex. 8), 204-5 (sealed Ex. 7); 204-12 (sealed Ex. 11); 228-6 (sealed Ex. 3).  *See also In Re: OpenAI, Inc. Copyright Infringement Litigation*, Case No. 1:25-md-03143-SHS-OTW (S.D.N.Y.), ECF 97-5 (sealed Ex. 6); *Authors Guild et al v. OpenAI Inc. et al*, Case No. 1:23-cv-08292-SHS-OTW (S.D.N.Y.), ECF 344-7 (sealed Ex. 11).

Hon. Ona T. Wang
February 2, 2026
Page 3

* * *

  OpenAI has, and continues to, follow the legal standard for sealing and the Court's guidelines, seeking to seal only where necessary. Accordingly, in order to maintain the confidential nature of the information OpenAI sought to seal in ECF 1103 and accompanying exhibits, OpenAI respectfully requests the Court grant its motion to seal at ECF 1167.

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Christopher S. Sun* | */s/ Allison S. Blanco* | */s/ Caitlin Sinclaire Blythe* |
| Christopher S. Sun (*pro hac vice*) | Allison S. Blanco (*pro hac vice*) | Caitlin Sinclaire Blythe (*pro hac vice*) |