**KEKER VAN NEST & PETERS**  **LATHAM & WATKINS LLP**  **MORRISON FOERSTER**

February 20, 2026

**VIA ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> RE:   **Letter Motion to Seal**, *In Re: OpenAI, Inc., Copyright Infringement Litigation*, No. 1:25-md-3143, This Document Relates To: All Actions

Dear Judge Wang:

Pursuant to Rule VI.b. of Your Honor's Individual Practices, the OpenAI Defendants ("OpenAI") submit this motion to seal materials submitted in support of OpenAI's briefs in opposition to Plaintiffs' February 16 and 17 discovery motions. Specifically, OpenAI seeks to seal or redact highly confidential material in the following filings:

- OpenAI's Opposition to Plaintiffs' Motion to Compel Regarding User Data and Additional Deposition Hours and accompanying Exhibits G–I;
- OpenAI's Opposition to Ziff Davis's Motion to Compel OpenAI's Development of a Custom Databricks Environment and accompanying Exhibit A and the Declaration of John V. Monaco; and
- OpenAI's Supplemental Brief Opposing Plaintiffs' Motion to Compel Mr. Brockman's Private Journal and Deposition Transcript from *Musk v. Altman*.

### I.   INTRODUCTION

The information OpenAI seeks to seal or redact from OpenAI's opposition letter briefs and accompanying exhibits and declaration comprises highly sensitive and confidential internal business information about OpenAI's business strategies that could be unfairly used by its competitors if made public. Moreover, the Court previously considered and granted OpenAI's motions to seal some of the same material OpenAI seeks to seal here. *See* ECF 931 (granting motion to seal at ECF 420, which sought to seal the same material OpenAI seeks to redact in its opposition to Plaintiffs' motion to compel relating to user data).

Public disclosure of this information, which OpenAI designated as highly confidential pursuant to the Stipulated Protective Order (ECF 367), would cause OpenAI substantial prejudice by "provid[ing] valuable insights into [OpenAI]'s current business practices that a competitor would seek to exploit." *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). OpenAI has narrowly tailored its requests and seeks to seal no more than is necessary to protect its proprietary business interests. This category of

information would harm OpenAI if disclosed, and it easily satisfies the standard for sealing documents submitted in connection with OpenAI's letters.

## II. LEGAL STANDARD

"The common law right of public access to judicial documents is based on 'the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *See* ECF 293 at 2 (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

"When determining whether documents at issue on a motion to seal are subject to this common law right, the court must first conclude that the documents at issue are judicial documents." *See id*. (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). A "judicial document" is one that is "relevant to the performance of judicial functions and useful in judicial processes." *See id*. at 3 (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016)). Where the documents at issue are judicial documents, "the constitutional and common law presumption of access attaches." *See id*. at 2. On finding that a document qualifies as a judicial document, the Court "must then determine the presumption's weight" and "balance[] competing considerations against the presumption of access." *See id*. (citing *Amodeo*, 71 F.3d at 1050). Sealing judicial documents may be justified by "findings that sealing is necessary to preserve higher values and only if the sealing is narrowly tailored to achieve that aim." *See id*. at 3 (citing *Lugosch*, 435 F.3d at 124).

Documents that are "simply passed between the parties in discovery," however, are not considered judicial documents and are not entitled to the same presumption of access. *See id*. (citing *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019)). The "court's authority to oversee discovery and control the evidence introduced at trial . . . constitutes an exercise of judicial power . . . ancillary to the court's core role in adjudicating cases," meaning the presumption of public access is "generally somewhat lower" during discovery. *See id*. at 3 (quoting *Maxwell*, 929 F.3d at 50).

As a result, the standard for sealing also is commensurately lower for such materials. While courts still must articulate "specific and substantial reasons" for sealing such material, "the reasons usually need not be as compelling as those required to seal filings connected to a dispositive motion." *See Rand v. Travelers Indemnity Company*, No. 21-CV-10744, 2023 WL 4636614, at *2-3 (S.D.N.Y. July 19, 2023) (quoting *Maxwell,* 929 F.3d at 50). Additionally, the Second Circuit has held it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *See* ECF 293 at 3 (citing *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, 17-CV-147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020)).

Hon. Ona T. Wang
February 20, 2026
Page 3

### III. OPENAI'S CONFIDENTIAL INFORMATION WARRANTS SEALING

OpenAI's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016), and other cases cited above.

With one potential exception–which is addressed below–the materials submitted with OpenAI's opposition briefs are properly categorized as discovery materials that, at most, relate to materials that will be "passed between the parties in discovery." *Maxwell*, 929 F.3d at 50. The presumption of public access to these materials is lower, as is the standard the Court applies for sealing. *See id*. OpenAI easily meets the standard that courts apply to materials submitted in connection with discovery motions such as these.

The possible exception relates to the materials that OpenAI seeks to seal in connection with its brief in Opposition to Plaintiffs' Motion to Compel Regarding User Data and Additional Deposition Hours (OpenAI is seeking to make extremely limited redactions to its brief and to seal three documents designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order because they identify specific source code file paths). Based on the Court's prior rulings requesting that OpenAI address the heightened standard for judicial documents in connection with prior briefs on a similar topic, OpenAI applies that standard here as well.[1]

### A. **OpenAI's Sealing Requests Relating to Ziff Davis' Databricks Motion and Plaintiffs' Effort To Compel A Private Journal Easily Meet the Sealing Standard for Discovery Motions**

OpenAI's Opposition to Ziff Davis's Motion to Compel OpenAI's Development of a Custom Databricks Environment, and Exhibit A and the Declaration of J. Vincent Monaco to the same; and OpenAI's Supplemental Brief Opposing Plaintiffs' Motion to Compel Mr. Brockman's Private Journal and Deposition Transcript from *Musk v. Altman* reveal the specific processes that OpenAI employs to train and evaluate LLMs, including specific internal business goals and the methods employed to achieve the same; and specific amounts of data, information on data collection, storage, and handling, and other metrics regarding the same, which constitute highly sensitive proprietary information. *See* Yeats-Rowe Decl. ¶ 4. Such information is highly confidential proprietary information that OpenAI generally does not publicly disclose. *See id.* Moreover, disclosure of such information would give OpenAI's competitors insight into its proprietary development processes and cause competitive harm to OpenAI in a nascent and highly competitive market. *Id.* This type of information routinely is deemed confidential and

---

[1] For purposes of this motion, OpenAI has applied the heightened sealing standard for judicial documents to OpenAI's Opposition to News Plaintiffs' Motion Regarding Output Logs and its supporting documents, consistent with the Court's instructions in the December 19, 2025 Order (ECF 989 at 2). Here, Plaintiffs brought a motion to compel discovery and, accordingly, OpenAI contends that the *lower* sealing standard is the appropriate standard. *See, e.g.*, ECF 318 n.1 (noting the same). Nevertheless, because of the nature of relief Plaintiffs requested, OpenAI treats the aforementioned documents as judicial documents, in an abundance of caution.

Hon. Ona T. Wang
February 20, 2026
Page 4

filed under seal. *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests."); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures"); *Louis Vuitton Malletier*, 97 F. Supp. 3d at 511 (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)).

### B. The Materials OpenAI Submits In Support Of Its User Data Opposition Brief Warrant Sealing Even Under A Heightened Standard

Similarly, OpenAI is proposing limited redactions over certain facts set forth in its Opposition to Plaintiffs' Motion to Compel Regarding User Data and Additional Deposition Hours because they disclose specific types of conversation data that OpenAI sources and collects, which are highly sensitive and warrant sealing. *See* Yeats-Rowe Decl. ¶ 5. In addition, OpenAI seeks to seal three internal documents submitted as exhibits (i.e., Exhibits G-I), because the documents contain highly confidential file paths and associated source code IDs for OpenAI's proprietary data filter materials and a technical document discussing the same, that, if publicly disclosed, could be subject to misuse by OpenAI competitors or bad actors. *Id.* This sensitive information in both OpenAI's Opposition brief and exhibits is similar to that which OpenAI has previously sought to seal (ECF 318) and which the Court agreed should be sealed (ECF 931).

Public disclosure of this information would likewise provide competitors with insights into how OpenAI selects its data and the types of conversation data OpenAI collects. *See id.* The presumption of public access to the types of data OpenAI selects and OpenAI's business practices regarding the same is relatively low, as specific types of data sources are not germane to resolving this motion.

Plaintiffs and OpenAI have provided generalized approximations of these types of data, reservoirs, and business practices that OpenAI has not sought to seal. Therefore, on balance, the prejudice that could result from public disclosure of specific types of data that OpenAI sources and collects far outweighs the public's right to access this information.

### IV.   OPENAI'S SEALING REQUESTS ARE NARROWLY TAILORED

OpenAI's request is narrowly tailored as OpenAI only seeks to seal or redact four exhibits and a declaration and very limited, related portions of OpenAI's letter briefs, leaving the balance of the documents unredacted and open to the public. Where OpenAI seeks to file an entire document under seal, it is because confidential information pervades the document, making redaction inadequate to protect OpenAI. OpenAI has made individual determinations as to the propriety of sealing.

Sincerely,

Hon. Ona T. Wang
February 20, 2026
Page 5

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Christopher S. Sun* | */s/ Elana Nightingale Dawson* | */s/ Caitlin Sinclaire Blythe* |
| Christopher S. Sun (*pro hac vice*) | Elana Nightingale Dawson (*pro hac vice*) | Caitlin Sinclaire Blythe (*pro hac vice*) |