SUSMAN GODFREY L.L.P.

February 26, 2026

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

                Re:    *In re OpenAI Copyright Infringement Litigation*, No. 1:25-md-03143
                         This Document Relates to: *NYT v. Microsoft et al.*, No. 1:23-cv-11195;
                         *Daily News, LP, et al. v. Microsoft Corp., et al.*, No. 24-cv-3285
                         Motion for a Protective Order re: Tom Goldstein Subpoena

Dear Judge Wang,

       The New York Times and the *Daily News* Plaintiffs ("Plaintiffs") seek a pre-motion conference on their motion for a protective order barring Defendants from deposing Plaintiffs' expert consultant and expected testifying expert, Tom Goldstein, on matters this Court has already deemed privileged.[1]

       Plaintiffs' Complaints against Defendants OpenAI and Microsoft contain numerous examples, including in Exhibit J to both Complaints, of Defendants' Generative AI products outputting verbatim copies of Plaintiffs' copyrighted content. Defendants have twice moved to compel discovery into documents and information related to the generation of those infringing outputs, and this Court has twice denied their motions citing privilege concerns and Defendants' failure to show any need for this discovery given their ability to depose Plaintiffs' testifying experts and the availability of output data from Defendants' own user logs.

       Undeterred, OpenAI recently notified Plaintiffs that it believes they have waived any work product protection through The Times' references to Exhibit J in technology tutorials before the Court and by asking OpenAI's and Microsoft's CEOs in their depositions whether they have read The Times' Complaint. Ex. A. Notwithstanding the baselessness of Defendants' "waiver" argument, Defendants have served a subpoena on Plaintiffs' consultant and expected testifying expert Tom Goldstein. Ex. B. The Court should enter an order barring Defendants from asking Professor Goldstein questions related to his privileged work for Plaintiffs.[2]

**I.    Professor Goldstein performed privileged work on behalf of The Times.**

       Tom Goldstein is a Professor at the University of Maryland's Computer Science Department. Ex. C. Plaintiffs have retained Professor Goldstein in connection with these

---

[1] The parties are simultaneously filing a stipulation agreeing to continue Professor Goldstein's deposition date until the Court resolves this motion.

[2] The parties met and conferred and were unable to resolve this dispute.

litigations, including to assist with data and source code inspections as well as work that may be part of his expert report(s).

    **II.**    **The Court ruled that Defendants are not entitled to discovery into Plaintiffs' privileged work product.**

In May 2024, OpenAI sought to compel production of documents and communications related to The Times's creation of Exhibit J. NYT ECF 124 at 1-2. The Times opposed on the basis that this material is privileged work product and OpenAI had not shown any need for the requested discovery. NYT ECF 134 at 2. Specifically, The Times explained that it "does not intend to rely on Exhibit J at trial so long as OpenAI complies with its discovery obligations, and any demonstrative The Times's experts create for the jury – with the benefit of full access to OpenAI's data – will be subject to expert discovery." *Id*.

At oral argument, The Times again explained that "[i]t's not going to rely on [Exhibit J] in summary judgment or at trial or that analysis, because once it gets the training data, it will rely on the training data to demonstrate that OpenAI used the Times' works." Ex. D (9/12/24 Hearing Tr.) at 59:10-13.

The Court acknowledged that OpenAI's request "implicates work product." *Id*. at 54:21. The Court further held that OpenAI had not "made [the] case" for why this information "needs to be disclosed" given that if OpenAI believes users "have to try really hard" in order to generate verbatim outputs, "then that is something that can be covered and that can be done with the experts." *Id*. at 64:1-7, 64:19.

Nevertheless, in October 2024 Microsoft sought to compel The Times's "undisclosed prompts and outputs" related to its drafting of the Complaint in this case. NYT ECF 284. The Times reiterated that it "will not present the prompts and outputs in [the relevant section] of the Complaint to the jury or rely on them in summary judgment," as "the best evidence supporting those claims is in Defendants' possession." NYT ECF 299 at 3. The Court again denied the motion, citing privilege concerns. *See* Ex. E (10/30/24 Hearing Tr.) at 59:1-2.

    **III.**    **Plaintiffs have not waived privilege since the Court last ruled.**

The Court's prior rulings got it right: Plaintiffs' materials related to outputs cited in their Complaints, including any work performed by Plaintiffs' experts, are privileged work product. Ex. E at 58:25-59:2; Ex. D at 54:21, 63:24-64:7. Defendants now point to two scenarios in which Plaintiffs supposedly waived privilege, neither of which support finding waiver.

*First*, Defendants contend that The Times waived privilege by citing Exhibit J in technology presentations to the Court—the technology overview before Judge Stein on January 14, 2025, and the tutorial on June 26, 2025. *See* Ex. A at 2. OpenAI waited over ***a year*** to claim supposed "waiver" in the first instance and over ***seven months*** in the latter. At both hearings, counsel for The Times referenced Exhibit J as an illustration of the memorization and regurgitation phenomena claimed by The Times in its Complaint. Ex. F (1/14/25 Hearing Tr.) at 7:24-8:6, 11:4, 11:11-13; Ex. G (6/26/25 Hearing Tr.) at 186:22-187:6, 202:23-203:6. Counsel did not reference

Exhibit J as part of argument on any pending motion–indeed, the parties stipulated that those technology tutorials "shall not be considered evidence in this matter." MDL ECF 244. Use of Exhibit J as an illustration of how The Times contends Defendants' technology works is precisely the same use The Times made of Exhibit J in its Complaint. As the Court has already ruled, this does not waive privilege.

If Plaintiffs had access to Defendants' *outputs* at the time of the technology tutorial, they would have instead used those to illustrate its point. However, despite the centrality of those actual user outputs to this case, and repeated orders from this Court regarding the production of Defendants' output logs, Plaintiffs did not gain access to those logs until January 27, 2026 (when OpenAI produced its corrected logs) and February 10, 2026 (Microsoft). Defendants cannot leverage their own discovery failure to gain a third shot at a meritless motion.

*Second*, Defendants point to the depositions of OpenAI CEO Sam Altman and Microsoft CEO Satya Nadella, in which The Times asked both CEOs whether they had read The Times' Complaint. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Asking Defendants' CEOs whether they are aware of the contents of The Times's allegations against their respective companies cannot possibly constitute a privilege waiver.

Defendants apparently believe that Plaintiffs committed to never again mention outputs in their Complaints, at any time, in any manner; that they have violated this commitment; and that consequently they have waived privilege. This is nonsensical and takes The Times' prior statements out of context. Plaintiffs' limited uses of Exhibit J as a demonstrative—particularly in light of Defendants' failure to timely provide access to their own user logs—is not reliance at summary judgment or trial. Nothing that has occurred since the Court last ruled on this issue warrants a change in that ruling.

IV. **The Court should issue a protective order barring the deposition of Plaintiffs' consultant.**

Pursuant to Federal Rule of Civil Procedure 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending" and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Courts in this District have granted protective orders where the discovery sought is protected by work product privilege. *SEC v. Contrarian Press*, 2020 WL 7079484, at *3 (S.D.N.Y. Dec. 2, 2020). Here, the Court has already held that work product privilege applies to discovery into The Times' process of generating the outputs cited in its Complaint. The only question is whether Plaintiffs have waived that privilege by (1) using the publicly-filed outputs as a demonstrative in non-evidentiary technology tutorials, and (2) asking OpenAI and Microsoft's CEOs whether they have seen those outputs in The Times' Complaint. That is not waiver.

Nor is it appropriate for Defendants to seek premature discovery of an expert who is likely to serve as a testifying witness. Expert discovery is still to come. Should Professor Goldstein submit a report that cites the outputs in Exhibit J, he may be questioned about that subject in his expert deposition.

Plaintiffs ask that the Court enter a protective order barring Defendants from deposing Tom Goldstein regarding work related to the generation of outputs as part of Plaintiffs' pre-suit investigation and/or for use in Plaintiffs' Complaints.

Respectfully submitted,

*/s/ Ian B. Crosby*
Ian B. Crosby
Susman Godfrey L.L.P.

*/s/ Steven Lieberman*
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck

cc: All Counsel of Record (via ECF)