# Exhibit E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| THE NEW YORK TIMES COMPANY, |
| Plaintiff, |
| v. |
| MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC, |
| Defendants. |

Civil Action No. 1:23-cv-11195-SHS

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO MICROSOFT CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff The New York Times Company ("The Times") responds to Defendant Microsoft Corporation's ("Microsoft") First Set of Requests for Production of Documents and Things (the "Requests") as follows:

**GENERAL OBJECTIONS**

1. The Times objects to each Request to the extent it seeks information or documents subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2. The Times objects to each Request to the extent it seeks documents or information not within The Times's possession, custody, or control or that are already in the possession, custody, and control of Defendants, on the grounds that such Requests are unduly burdensome and oppressive and therefore exceed the bounds of permissible discovery. The Times will only produce documents within its possession, custody, or control, and will do so in the manner such documents

1

**REQUEST FOR PRODUCTION NO. 48:**

Documents demonstrating any actual harm to the New York Times' reputation for accuracy, originality, and quality as a result of the conduct alleged in the Complaint.

**RESPONSE TO NO. 48:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad to the extent that it seeks all "Documents demonstrating any actual harm" without limitation to any party's claims or defenses in this dispute or to harm for which The Times is seeking recovery in this case.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.  The Times further objects to this Request as premature, including because discovery just opened and is ongoing.

Subject to these objections, The Times responds that it will produce non-privileged documents relating to harm or injury for which The Times is seeking recovery in this dispute that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 49:**

Documents concerning any Communications with Defendants regarding the use of New York Times content in connection with Defendants' Generative AI Product(s) and Service(s).

**RESPONSE TO NO. 49:**

The Times incorporates the General Objections set forth above.  The Times objects to the terms "regarding the use" as vague and ambiguous.  The Times reasonably construes this Request to refer to Defendants' use of The Times's content.  The Times objects to this Request to the extent

36

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 55:**

Documents sufficient to show Your policies and procedures regarding the use of third party sources and/or content in creating Your published content.

**RESPONSE TO NO. 55:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad to the extent that it seeks material not relevant to any party's claims or defenses in this case and not limited to the relevant timeframe. The Times further objects to the terms "the use of third-party sources and/or content," "in creating," and "Your published content" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 56:**

Documents and Communications concerning any harm or injury You claim to have suffered as a result of the conduct alleged in the Complaint.

**RESPONSE TO NO. 56:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad to the extent that it seeks all "Documents and Communications concerning any harm or injury" without limitation to any party's claims or defenses in this dispute or to harm

for which The Times is seeking recovery in this case.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it seeks a third party's confidential material before a protective order has been entered in this case.  The Times further objects to this Request as premature, including because discovery just opened and is ongoing.

Subject to these objections, The Times responds that it will produce non-privileged documents relating to harm or injury for which The Times is seeking recovery in this dispute that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to identify the "well-established market" for You to provide paid access to and use of Your Copyrighted Works by individual and institutional users, as referenced in Paragraph 155 of the Complaint.

**RESPONSE TO NO. 57:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad to the extent that it seeks "Documents" regarding the "market" for "Your Copyrighted Works," without limitation to the Copyrighted Works-in-Suit and to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to this Request as premature, including because discovery just opened and is ongoing.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to identify the "well-established market" for The Times to provide paid

41

access to and use of the Copyrighted Works-in-Suit that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to identify any alleged "lost market value" of the Copyrighted Works-In-Suit as a result of the conduct alleged in Paragraph 156 of the Complaint.

**RESPONSE TO NO. 58:**

The Times incorporates the General Objections set forth above.  The Times further objects to this Request as premature, including because discovery just opened and is ongoing.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 59:**

Documents sufficient to show the number of Your active subscribers for each month beginning January 1, 2018, to the present.

**RESPONSE TO NO. 59:**

The Times incorporates the General Objections set forth above.  The Times objects to the term "Your active subscribers" as vague and ambiguous.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request through the first quarter of 2024 that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 60:**

Documents sufficient to show Your subscription-based revenue for each month from

42

documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 68:**

Documents identified in Plaintiff's Rule 26(a)(1) Initial Disclosures that are in Your possession, custody, or control.

**RESPONSE TO NO. 68:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

Dated: May 28, 2024                     /s/  Ian Crosby

                                        Ian Crosby *(pro hac vice)*
                                        Genevieve Vose Wallace *(pro hac vice)*
                                        Katherine M. Peaslee *(pro hac vice)*
                                        SUSMAN GODFREY L.L.P.
                                        401 Union Street, Suite 3000
                                        Seattle, WA 98101
                                        Telephone: (206) 516-3880
                                        Facsimile: (206) 516-3883
                                        icrosby@susmangodfrey.com
                                        gwallace@susmangodfrey.com
                                        kpeaslee@susmangodfrey.com

                                        Davida Brook *(pro hac vice)*
                                        Emily K. Cronin (*pro hac vice*)
                                        Ellie Dupler *(pro hac vice)*
                                        SUSMAN GODFREY L.L.P.
                                        1900 Ave of the Stars, Suite 1400
                                        Los Angeles, CA 90067

Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

48