# Exhibit F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195 (SHS) (OTW) |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO DEFENDANT MICROSOFT CORPORATION'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 69 - 110)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff The New York Times Company ("The Times") responds to Defendant Microsoft Corporation's ("Microsoft") Second Set of Requests for Production of Documents and Things (the "Requests") as follows:

**GENERAL OBJECTIONS**

1.      The Times objects to each Request to the extent it seeks information or documents subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2.      The Times objects to each Request to the extent it seeks documents or information not within The Times's possession, custody, or control or that are already in the possession, custody, and control of Defendants, on the grounds that such Requests are unduly burdensome and oppressive and therefore exceed the bounds of permissible discovery.  The Times will only produce documents within its possession, custody, or control, and will do so in the manner such documents

1

**RESPONSE NO. 73:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute, including to the extent that it seeks documents sufficient to show page views resulting from click-throughs from all internet search engines.

Subject to and based on these objections, The Times will produce non-privileged analyses or reports in its possession, custody, and control that can be located after a reasonable search regarding trends in click-through rates from search engines to the nytimes.com domain.

**REQUEST FOR PRODUCTION NO. 74:**

Documents concerning increases, decreases, fluctuations, or changes in subscription rates to The New York Times (including print and digital editions) since January 1, 2019 including any study or analysis of the causes underlying same.

**RESPONSE NO. 74:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks material that is not relevant to any party's claims or defenses in this dispute.

Subject to and based on these objections, The Times responds that it will produce non-privileged documents in its possession, custody, and control sufficient to show trends in subscription rates to The New York Times print and digital editions since January 1, 2019.

**REQUEST FOR PRODUCTION NO. 758 [sic.]:**

Documents concerning reasons for any cancellation of subscription(s) to The New York Times (including print and digital editions) since January 1, 2019.

**RESPONSE NO. 110:**

The Times incorporates the General Objections set forth above.  The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute.  The Times further objects to the term "any discussions by You" and "about the fair use doctrine in the context of training Generative AI Product(s) and Service(s)" as vague and ambiguous.  The Times reasonably construes this to mean The Times whether Defendants' use of The Times's Copyrighted Works-in-Suit constitutes "fair use" under Section 107 of the Copyright Act.  The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.  The Times further objects to this Request to the extent that it calls for a legal conclusion.

Subject to and based on these objections, The Times responds that it will produce non-privileged documents in its possession, custody, and control that can be located after a reasonable search and pursuant to an agreed-upon search protocol regarding whether Defendants' use of The Times's Copyrighted Works-in-Suit constitutes "fair use" under Section 107 of the Copyright Act.

Dated: November 6, 2024

/s/ Ian Crosby

Ian Crosby *(pro hac vice)*
Genevieve Vose Wallace *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin *(pro hac vice)*

Ellie Dupler *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings  (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

***Attorneys for Plaintiff***

26

*The New York Times Company*