# Exhibit G

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC.,<br>OPENAI LP, OPENAI GP, LLC, OPENAI, LLC,<br>OPENAI OPCO LLC, OPENAI GLOBAL LLC,<br>OAI CORPORATION, LLC, and OPENAI<br>HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS |

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND
OBJECTIONS TO MICROSOFT CORPORATION'S FOURTH SET OF
REQUESTS FOR PRODUCTION (NOS. 139-235)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff The New York Times

Company ("The Times") responds to Defendant Microsoft Corporation's ("Microsoft") Fourth Set

of Requests for Production of Documents and Things (the "Requests") as follows:

**GENERAL OBJECTIONS**

1.      The Times objects to each Request to the extent it seeks information or documents

subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2.      The Times objects to each Request to the extent it seeks documents or information

not within The Times's possession, custody, or control or that are already in the possession,

custody, and control of Defendants, on the grounds that such Requests are unduly burdensome and

oppressive and therefore exceed the bounds of permissible discovery. The Times will only produce

1

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 142:**

Documents sufficient to show how many of Your copyrighted works may be viewed freely online before a user encounters a paywall from January 1, 2015 to present.

**RESPONSE TO NO. 142:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent it seeks material that is not relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to the terms "Your copyrighted works," "freely," and "online" as vague and ambiguous. The Times reasonably construes the term "Your copyrighted works" to mean "Copyrighted Works," as provided in the Instructions and Definitions. The Times further objects to this Request to the extent it seeks duplicative documents as those in Request No. 52.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show the existence and operation of its paywall from November 1, 2022, to May 1, 2024, in response to this Request.

**REQUEST FOR PRODUCTION NO. 143:**

Documents sufficient to show the rate at which Your readers who encounter a paywall convert to a trial or digital subscription of Your publication, or otherwise become registered users

6

from January 1, 2015 to present.

**RESPONSE TO NO. 143:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent it seeks material that is not relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to the terms "trial or digital subscription" and "registered users" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 144:**

Documents sufficient to show the demographic characteristics of Your subscribers from January 1, 2015 to present.

**RESPONSE TO NO. 144:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the terms "demographic characteristics" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material

7

party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to the term "sales data for pricing" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce documents sufficient to show (1) the key terms of relevant licenses active from January 1, 2018 to the present and (2) the current subscription pricing of its products.

**REQUEST FOR PRODUCTION NO. 153:**

All Documents used to support Your contentions that you lost profits, including subscriber information, sales data, and/or advertising revenue from January 1, 2015 to present.

**RESPONSE TO NO. 153:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents relating to harm or injury for which The Times is seeking recovery in this dispute that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 154:**

Any of Your analyses regarding the error rate for information published by You from

Request as overbroad and unduly burdensome to the extent it is not limited to Defendants'

Generative AI products and seeks material that is not relevant to any party's claims or defenses

in this dispute. *See* Dkt. 344 (Judge Wang's November 22, 2024 Order). The Times further

objects to the term "development" as vague and ambiguous. The Times further objects to this

Request to the extent that it seeks material protected by the attorney-client privilege, work-

product doctrine, or common interest. The Times objects to this request as duplicative of Request

No. 231.

Subject to these objections, The Times responds that it will produce non-privileged

documents (1) regarding its use of Defendants' Generative AI tools in reporting or presenting

content from November 1, 2022, to May 1, 2024, and (2) relating to The Times's A.I. Initiatives

program.

Dated: March 20, 2025

/s/  Ian Crosby
Ian Crosby *(pro hac vice)*
Genevieve Vose Wallace *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)
Adnan Muttalib *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

69

dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
amuttalib@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

70