

April 29, 2026

**Sent via ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Orrick, Herrington & Sutcliffe LLP**
222 Berkeley Street
Boston, MA 02116
+1 617 880 1800
**orrick.com**

**Laura Najemy**
E lnajemy@orrick.com
D +1 617 880 1889

RE:     *In Re: OpenAI, Inc. Copyright Infringement Litig.*, No. 1:25-md-03143, This document
relates to: *The New York Times Co. v. Microsoft Corp. et al.*, No. 1:23-cv-11195

Dear Judge Wang:

Pursuant to Section IV.b of Your Honor's Individual Practices and Local Civil Rule 37.2, Microsoft requests a conference concerning The Times's refusal to produce data and documents concerning its Brand Tracker surveys.

These Brand Trackers have been the subject of numerous discovery disputes throughout the course of this litigation, as multiple Times's fact witnesses and now ▮▮▮▮▮▮▮▮ rely on these surveys as evidence to support claims that: (1) Defendants' GenAI tools are "substitutes" for The Times's journalism—the primary inquiry of the fourth fair use factor analysis; and (2) so-called "hallucinations" from Defendants' GenAI tools tarnish its reputation—the primary inquiry of The Times's trademark dilution claim. *See* ECF 1023 (OAI Mtn. to Compel Brand Tracker response raw data);[1] *see also* ECF 1370 (MSFT Mtn. to Compel GenAI-specific Brand Tracker instruments and methodology documents). In response to Microsoft's motion, the Court ordered production of the requested discovery and The Times voluntarily agreed to produce a 30(b)(6) witness to testify about the surveys. ECF 1425.

However, both prior to[2] and during that deposition, it became clear that The Times's production of the survey raw data (missing for all years except 2024)[3] and instruments (*e.g.*, omitted quarterly questionnaires) was severely deficient. Ex. A (Slaight Dep. at 21:7-22-2; 23:9-14; 24:3-15, 24:16-25; 45:15-20; 60:5-11; 61:4-11; 69:2-8; 70:4-21; 86:4-88:21; 109:9-22). The Times now represents, without sufficient explanation, that the missing questionnaires and raw data for all of the requested years are somehow inaccessible. Ex. B (4/27/26 Email from A. Muttalib).

Accordingly, Microsoft requests that the Court compel The Times to explain why this data and these documents from 2018 to 2025 are purportedly inaccessible, including whether these once existed and were deleted. Additionally, as an alternative to production of this

---

[1] The parties resolved OAI's motion, and The Times agreed to produce the requested data. ECF 1170.
[2] Ex. B (Emails from V. Sorrentino, dated Apr. 7 and 13, 2026). The Times made multiple late productions in response to Microsoft's deficiency pushes, including one just twelve hours before the deposition.
[3] Ex A (Slaight Dep.) 86:4-22; 87:23-88:3.



inaccessible data, Microsoft requests that The Times be required to export the data from █████████████████████████████████████████████████████████. Microsoft requests not only the data The Times agreed to export in response to Microsoft's requests immediately following the deposition, but also additional data that it *will* request to rebut claims made in The Times's export reports.

***Microsoft Needs Access to the Brand Tracker Data to Test The Times's Claims of Harm.*** Brand Tracker surveys are a tool used by The Times to measure news readers' perceptions of the newspaper compared to other news and subscription services. Ex. A (Slaight Dep. at 18:2-21, 40:24-41:11). The surveys also evaluate ███████████████████ ████████████████████████████. Ex. C (Weisenbach 30(b)(6) Dep. at 37:6-41:8). In 2023, The Times added questions to the survey to measure ████████████████████ ████████████████████████████████████████████████████████████████████ ████████████. Ex. D (NYT_01073683 at -699, -701, -703).

The Times's readers' and subscribers' responses to these surveys bear on the fourth factor fair use analysis—whether Defendants' GenAI tools are viewed as "a competing substitute" in "the marketplace[.]" *Authors Guild v. Google*, 804 F.3d 202, 223 (2d Cir. 2015). The responses also bear on whether The Times has suffered reputational harm from so-called "hallucinations" from Defendants' products. *Franklin Fueling Sys., Inc. v. Veeder-Root Co.*, 2009 WL 10691372, at *4 (E.D. Cal. Nov. 13, 2009) (defendant "entitled to discover information concerning plaintiff's reputation in the marketplace" in defending against Lanham Act claims).

***The Times's Production of Data and Documents to Date is Insufficient for Microsoft to Test The Times's Claims of Harm.*** The Times conducts its own analyses of the survey data, which are referenced in various presentations circulated among key internal Times stakeholders. Ex. F (NYT_00832495). ████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████. Microsoft cannot adequately test those conclusions because the documents and data The Times has produced to date are incomplete and do not allow Microsoft to correlate data across responses. Although the raw survey response data *would* be complete and *would* allow Microsoft to run the necessary queries and analyses, The Times has represented that that data is inaccessible for all years in the relevant time period other than 2024.

However, The Times's 30(b)(6) witness testified ████████████████████████ █████████████████████████████████████████. Thus, to the extent that the raw data cannot be produced, Microsoft alternatively seeks the Court compel The Times's production of data or reports from ████████.

Produced Data and Documents are Incomplete. The Times's production does not include all of the survey questions asked each quarter or all responses to those questions.

The Times only produced one document containing survey questions asked in Q2 2025 (Ex. D, NYT_01073683) and another document containing questions asked from Q1 2023-2025 (Ex. E, NYT_01073714). Due to extensive redlines and annotations in the latter document, the



Times's 30(b)(6) witness agreed ███████████████████████████████████
████████████████████████████████████████████████████. Ex. A (Slaight
Dep. at 83:15-25).  Additionally, The Times has not produced the survey questions asked prior to
2023, ████████████████████████████████. Ex. A (Slaight Dep. at
82:25-83:12).

The Times's summary response data spreadsheets are likewise insufficient to show the
questions asked from 2018-2025 because they do not contain every question asked for each
quarter.  Specifically, █████████████████████████████████████████████
███████████████████████████████████████████████████████████████
██████████████████████████████████. Ex. A (Slaight Dep. at 92:21-94:13).  The
witness testified that ██████████████████████████████████████. *Id.* at
94:9-13.

The summary spreadsheets are also not complete as to the responses.  ████████████
██████████████████████████████████████████. *Id.* at 63:5-64:19.  ██
███████████████████████████████████████████████████████████████
███████████████████████████████████. *Id.* at
60:12-61:3.  Consequently, Microsoft doesn't know what the actual responses to those questions
were, or whether those categories accurately summarize the responses received.  The witness
testified ████████████████████████████████████████████████████████
████████. *Id.* at 59:10-61:11, 64:16-19.

Microsoft is Unable to Correlate or Overlay Data. The summary data also does not allow
Microsoft to correlate data across responses, which means it cannot run the same analyses The
Times has.  █████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████. The Times's internal presentations make
conclusions specifically about Times readers and subscribers.  Ex. F (NYT_00832495) at 17; Ex.
A (Slaight Dep. at 77:4-80:3).  The Times's witness explained that the ██████████████████
███████████████████████████████████████████████████████████████.
Ex. A (Slaight Dep. 34:25-35:5, 68:19-69:13, 79:13-80:3).  The Times has not produced all of
these different slices of data that it has used to draw conclusions in its internal presentations, and
upon which ██████████████████.

***Microsoft's Requests are Not Burdensome.***  The Times hasn't identified any burden to
fulfilling Microsoft's requests, any reason why Microsoft is not entitled to relevant discovery,
nor any other way to remedy this deficiency of The Times's making.  Had The Times maintained
its raw survey response data for 2018-2025, then Microsoft would be able to run its own queries.

If The Times is unable to access raw data for the other years between 2018-2025,
Microsoft's request for data pulls from ███████████████████ is the most efficient and least
intrusive alternative to resolve this issue.  Indeed, The Times's deponent confirmed that ███
███████████████████████████████████████████████. Ex. A
(Slaight Dep. at 77:10-80:3).  Therefore, Microsoft's request is sufficiently narrowly tailored to
test the conclusions The Times has drawn from these surveys.  Finally, exporting data from ███



███████████████ is straightforward and practically costless, especially in light of the damages sought against Microsoft.  *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 321 (S.D.N.Y. 2003).

*      *      *

Microsoft respectfully requests the Court compel The Times to explain why the missing Brand Tracker questionnaires and raw data is inaccessible, and to require The Times to export the ██████████████████ so that it can run the same analyses that The Times has and on which ██ █████████.

Respectfully submitted,

*/s/ Laura Najemy*
Laura Najemy
*Counsel for Defendant Microsoft Corporation*