# Exhibit 3

P6PEOPE1
P6PEOPEF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE: OPENAI, INC. COPYRIGHT
INFRINGEMENT LITIGATION.

                                        25-MD-3143

                                        Conference

------------------------------x   June 25, 2025

Before:

                        HON. ONA T. WANG,
                                    Magistrate Judge


                          APPEARANCES

SUSMAN GODFREY LLP
     Attorneys for the Class Plaintiffs
BY:  JUSTIN NELSON
     ROHIT NATH
     ALEJANDRA SALIN
     JORDAN CONNORS
     CRAIG SMYSER
     CHARLOTTE LEPIC
     CHRISTOPHER YOUNG
     JOSHUA STEIN

SUSMAN GODFREY LLP
     Attorneys for Plaintiff The New York Times Company
BY:  IAN CROSBY
     DAVIDA BROOK
     ALEXANDER FRAWLEY
     ADNAN MUTTALIB
     -and-
THE NEW YORK TIMES
     Attorneys for Plaintiff The New York Times Company
BY:  DEMETRI BLAISDELL
     KAREN CHESLEY

ROTHWELL FIGG ERNST & MANBECK, P.C.
     Attorneys for Plaintiffs The New York Times Company and
     Daily News LP
BY:  JENNY COLGATE
     KRISTEN LOGAN
     JENNIFER MAISEL
     STEVEN LIEBERMAN

P6PEOPE1
P6PEOPEF

APPEARANCES Continued:

LOEVY & LOEVY
     Attorney for Consolidated Plaintiff The Center for
     Investigative Reporting, Inc.
BY:  MATTHEW TOPIC

KLARIS LAW, PLLC
     Attorney for Plaintiff Ziff Davis
BY:  LANCE KOONCE
     -and-
RUTTENBERG IP LAW, PC
     Attorney for Plaintiff Ziff Davis
BY:  GUY RUTTENBERG

MORRISON & FOERSTER LLP
     Attorneys for Defendant OpenAI Inc.
BY:  TIFFANY CHEUNG
     JOSEPH C. GRATZ
     CAROLYN HOMER
     -and-
KEKER, VAN VEST & PETERS LLP
     Attorneys for Defendant OpenAI Inc.
BY:  MICHELLE YBARRA
     CHRISTOPHER SUN
     KATIE LYNN JOYCE
     OLIVIA MALONE
     BILAL MALIK
     NICHOLAS GOLDBERG
     THOMAS GORMAN
     CATHERINE PORTO
     -and-
LATHAM & WATKINS LLP
     Attorneys for Defendant OpenAI Inc.
BY:  ELANA NIGHTENGALE DAWSON
     HERMAN YUE

ORRICK, HERRINGTON & SUTCLIFFE
     Attorneys for Defendant Microsoft Corporation
BY:  ANNETTE HURST
     LARA NAJEMY
     -and-
FAEGRE DRINKER BIDDLE & REATH LLP
     Attorneys for Defendant Microsoft Corporation
BY:  JARED B. BRIANT

P6PLOPE4

and query something that -- on data that does not exist, frankly, your Honor, because it's rolling 30.  Instead, we have preserved the universe of the chat log data, and that's the subject of ongoing meet-and-confer efforts.  And I suspect that what makes the most amount of sense here with respect to Microsoft is to continue that process.

THE COURT:  OK.  Here is how I am going to resolve this as to Microsoft.  It may not be the same as for OpenAI.  But at least as for Microsoft, I am not going to require Microsoft to create a thing that didn't exist in the first instance or to query data that doesn't exist or to use a current tool or dashboard to query data that doesn't exist.

That said, I do think that if we are able to have a fulsome tech tutorial tomorrow and a confidential settlement conference to discuss the output chat logs with OpenAI, that that may help guide the discussion with everybody having a better understanding of what technologically is involved and what data we have, what data we don't, what data are we sampling or querying or analyzing, and how we are doing it and why we are doing it, OK.  So that's that.

If Plaintiffs want a deposition on this topic, it will count toward their, you know, agreed-upon deposition time limits, but I am not foreclosing them from asking questions if they want to ask questions, OK.

MR. BRIANT:  Understood.  Thank you.

P6PLOPE4

THE COURT:  Let's hear about the OpenAI interfaces or dashboards.

MS. MALONE:  Good afternoon, your Honor.  Olivia Malone of Keker, Van Nest & Peters for OpenAI.  I would like to begin by saying that Plaintiffs have never moved on this.  They have never asked for an inspection of OpenAI's three dashboards.  The letter brief that they submitted requested the production of documentation concerning metrics tracking dashboards.  We have not met and conferred or discussed at all the inspection of these dashboards that Plaintiffs now request.

I would also like to note that I heard you say earlier that we should consider the assumptions underlying our claims. There are many assumptions underlying the opposing counsel's list of what he believes would be -- the information that he believes would be available via these dashboards, and we have not -- we have not discussed these issues and these particular points in M&C, or in meeting and conferring.  Pardon me.

But, your Honor, this motion primarily concerns the question of process, because OpenAI has already agreed to investigate and produce the relevant responsive metrics information.  So both parties agree, we share the same goal of completing metrics discovery as efficiently as possible.

OpenAI has been diligent in investigating the specific metrics categories Plaintiffs have identified.  For instance, OpenAI confirmed to Plaintiffs that it doesn't track fallback

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

P6PLOPE4

rates or ad impressions, and it is currently investigating the existence of metrics related to click rates, click-through rates, and bounce rates.  But as to the broader, more general categories of metrics data that Plaintiffs have requested, such as session duration or number of prompts, OpenAI is simply asking for basic detail on the kinds of information that Plaintiffs want so that OpenAI can go search for this information.

Through meet-and-confer, we would like to come to agreement with Plaintiffs about the definitions of these terms and the time periods of this information that they are looking for.  We would just like to have an opportunity to meet and develop a shared understanding about what it is that they are looking for so that we can go find it.  We are not trying to hide the ball here.  We simply want to get this done.

THE COURT:  OK.

MS. MALONE:  We have already agreed to produce it.

I will say that OpenAI's proposed course is the most efficient way to complete this discovery.  Plaintiffs' requested meta discovery will only delay this metrics discovery further because it will concern every conceivable OpenAI user engagement metric regardless of its relevance.

THE COURT:  We are going to talk about those tomorrow.

MS. MALONE:  That's fair.

THE COURT:  All right.  I do hear from you,

P6PLOPE4

Ms. Malone, that OpenAI has already agreed to produce certain metrics discovery.  Meet and confer about what metrics discovery you are going to provide or you are able to provide, and we will talk about the rest tomorrow.  OK?

All right.  Next issue.

MS. BROOK:  The next issue is Docket 144.  And Mr. Frawley will be arguing that for the News Plaintiffs.

MR. FRAWLEY:  Alexander Frawley for the New York Times.  And with this motion, your Honor, we seek an order requiring OpenAI to produce documents related to ChatGPT's product recommendations, meaning when a user asks ChatGPT to recommend a product and ChatGPT provides a response.  And I would like to make three brief points about the motion.

The first point is that these documents are relevant to allegations that have been in the case since day one.  In The Times's initial complaint in paragraphs 127 and 128, we talked about Wirecutter, which is our product recommendation service.  Our site, I should say.  And we alleged that ChatGPT displays extensive excerpts or paraphrases of Wirecutter content when prompted.  And we explain how in doing so ChatGPT diminishes a user's need to actually visit Wirecutter, and The Times is, therefore, being deprived of revenue because if the user is not clicking on the links to buy the products on Wirecutter's site, The Times is losing that revenue.

What we are now seeking is documents about

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300