April 29, 2026

>*In re OpenAI, Inc.*, *Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW)
>This Document Relates To: News Cases

Dear Magistrate Judge Wang:

News Plaintiffs seek to permit a small group of News Plaintiffs' executives to review the expert reports, and documents cited therein, exchanged in this case. This is necessary if News Plaintiffs' executives are to understand and oversee this litigation.

Presently, only a small group of in-house lawyers are permitted to view the bulk of OpenAI's expert reports. This is because the Protective Order presently does not allow any of News Plaintiffs' executives to review any documents marked "AEO," which collectively make up 50% of OpenAI's production. Dkt. 367 (Protective Order) ¶ 24(b).

For Microsoft reports and discovery material, the situation is very different. A small number of News Plaintiffs' executives (identified by name in the Protective Order) can review Microsoft's "Attorneys' Eyes Only" material, including expert reports as well as the underlying Microsoft documents and deposition testimony cited in those reports. *Id.* ¶ 24(b).[1] Microsoft agreed to this relief to resolve the parties' dispute about Microsoft's over-reliance on the "Attorneys' Eyes' Only' designation, *Times* Dkt. 221, but OpenAI did not–despite the fact that, like Microsoft, it has applied the AEO designation to over 50% of its documents. Absent relief, News Plaintiffs' executives will be left with an incomplete picture of the case, unable to fully assess their claims or the legal work they have commissioned.

This dispute with OpenAI is not new. The parties last year submitted briefing and competing proposals to address News Plaintiffs' executives' access to "Attorneys' Eyes Only" materials, which resulted in a compromise modification to the Protective Order. Dkt. 367 ¶ 24(b). The procedure in the operative Protective Order permits News Plaintiffs to identify OpenAI documents and request that their executives be permitted to view these documents. Dkt. 367 ¶ 24(b). However, News Plaintiffs cannot show any documents to their executives until after OpenAI first reviews and approves the documents. *Id.* Approval turns on whether the document falls into a set of categories excluded from the executives' review, such as licensing materials.

That procedure has proved unworkable. News Plaintiffs on April 13 sent OpenAI a request to share just 52 documents with the same small number of News executives blessed by Microsoft. Some 16 days later, and despite follow up from News Plaintiffs, OpenAI still has not blessed the sharing of even one document, let alone provided a date certain by which it will get back to News Plaintiffs. Ex. 1. That slow pace is unsustainable.

Rather than continue down this path, News Plaintiffs proposed an alternative: Simply allow the same small group of Microsoft-blessed News Plaintiffs executives to review the expert reports

---

[1] Material that relates to "actual, potential, or draft licensing/data access agreements or documents, communications, or negotiations regarding such agreements" is excluded from this Microsoft-specific provision. *Id.*

1

and documents and deposition testimony cited therein. This solution makes sense and would avoid unnecessary and protracted meet and confers, to say nothing of motion practice to this Court.

In sum, the clearest course forward is to modify the Protective Order so that the same select group of News executives that can see Microsoft AEO material can also see expert reports and materials cited therein (except for materials marked Outside Counsel Only or Source Code).

Respectfully,

*/s/ Davida Brook*
Davida Brook
Susman Godfrey LLP
Counsel for The New York Times Company
News Plaintiffs' Liaison Counsel

cc:    All Counsel of Record (via ECF)

2