SUSMAN GODFREY L.L.P.

May 4, 2026

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   *The New York Times Company v. Microsoft Corporation, et al.*,
>        No.: 23-cv-11195-SHS: Opposition to Microsoft's Letter Motion to Compel
>        Brand Tracker Data Exports, ECF 1506

Dear Magistrate Judge Wang:

Plaintiff The New York Times Company ("The Times") respectfully opposes Microsoft's motion to compel Brand Tracker data exports. *See* ECF No. 1506. Microsoft's motion boils down to two requests: (1) The Times produce the raw data underlying its Brand Tracker Reports from 2018 to 2025; and (2) "as an alternative to production of this inaccessible data, Microsoft requests that The Times be required to export the data from its 'Explorer' tool"—i.e., The Times's internal tool to review the summary findings of the Brand Tracker surveys. *Id.* at 2. Specifically, Microsoft requests "not only the [Explorer] data The Times agreed to export in response to Microsoft's requests immediately following the deposition, but also additional data that [Microsoft] *will* request to rebut claims made in The Times export reports." *Id.* (emphasis in original).

To understand this dispute, some context is necessary. The surveys that underlie The Times's Brand Tracker reports during this period were run by a third-party firm, Kantar, that as Microsoft knows had two deliverables to The Times: (1) summary Excel tables of the Brand Tracker surveys, and (2) custom Google Slide reports, which summarized the findings of the Brand Tracker surveys. *See* Ex. 1. Microsoft has both of those deliverables, along with the analyses that The Times conducted following their receipt of them. Kantar does not provide The Times with a repository of "raw data" for these surveys, as The Times and its 30(b)(6) witness have explained repeatedly. *See* Dkt. 1506-1 at 87:2–9 (Ali Slaight 30(b)(6) Dep. Tr.) ("A: So for brand tracking surveys specifically run with Kantar, The Times doesn't have access to raw data files."); Dkt. 1506-2 at 2 (A. Muttalib Apr. 27, 2026 Email to V. Sorrentino) ("Kantar does not maintain the raw data associated with the Brand Tracker surveys."). Instead, Kantar provides a dashboard called "Explorer" that allows The Times to parse survey results collected by Kantar and allows it to see how subsets of respondents answered specific questions (e.g., how respondents who identified as using ChatGPT responded to specific questions). The Times has already offered to use this tool to create documents for Microsoft that combine the results in the way Microsoft requested. *See* Dkt. 1506-2.

In addition to producing the requested Explorer data, The Times has also produced, *inter alia*, the following documents:

1. Excel spreadsheets containing summary data for the Core News Tracker;
2. Excel spreadsheets containing summary data for the Cooking, The Athletic, Wirecutter, and Games Sub-Brand Tracker;

3. The survey methodology employed to conduct each of these surveys;
4. Master questionnaires, which show every question asked from 2023-2025 for these surveys;
5. AIG Reports, which summarize the results of the Brand Tracker surveys;
6. The Master Agreement between Kantar and The Times;
7. Numerous statements of work between Kantar and The Times;
8. The Google Slide presentations provided by Kantar; and
9. Two 30(b)(6) depositions on The Times's Brand Tracker surveys.

Microsoft claims that "The Times's production does not include all of the survey questions asked each quarter." Dkt. 1506 at 2. However, as Microsoft itself acknowledges in its letter motion, The Times produced a document "containing questions asked from Q1 2023–2025." *Id.* Microsoft's sole objection is that the document contains "extensive redlines and annotations," which make the document difficult to read. *Id.* However, the purpose of the produced questionnaire was to provide Microsoft with a list of every question asked from 2023-2025, and to show which questions were removed as of the most recent iteration of the Brand Tracker survey. Furthermore, The Times only produced the 2023-2025 questionnaire because there is no relevance to the questions asked prior to 2023, as the Generative AI module (i.e., the module that Microsoft wishes to inspect) had not been implemented yet. However, in an effort to avoid further a dispute over this issue, to the extent Microsoft seeks questionnaires associated with each quarter of the Brand Tracker survey (which will contain duplicative information already in the master list provided), The Times agrees to produce these questionnaires—to the extent they exist and can be located pursuant to a reasonable search.

There is nothing left to decide here. Microsoft's request for unnamed Explorer data that it *may* request in the future is not cognizable and premature. *See Almonte v. Florio*, 2003 WL 22231288, at *1 (S.D.N.Y. Sept. 26, 2003) ("Because it appears that [the requesting party] has never requested the documents in issue from [the producing party], [the requesting party's motion] is procedurally deficient."); *Brooks v. Flanagan*, 2026 WL 475343, at *3 (S.D.N.Y. Feb. 19, 2026) ("Petitioner's claims 'rest upon contingent events' and thus 'are not ripe.'"). The Times has already agreed to produce all Explorer data that Microsoft has requested, and if Microsoft wanted some other data in some other form, it should have already requested it—particularly in light of The Times's extensive productions on this topic. To the extent Microsoft makes future requests, The Times will take those requests into consideration, subject to the restrictions imposed by Rule 26(b). However, given that Microsoft cannot even identify what "future requests" it may make, there is no dispute for the Court to rule on at this time.

Respectfully submitted,

*/s/ Ian B. Crosby*
Ian B. Crosby
Susman Godfrey L.L.P.

*/s/ Steven Lieberman*
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck

cc:    All Counsel of Record (via ECF)