

KEKER
VAN NEST
&PETERS

LATHAM&WATKINS LLP

IIIORRISON FOERSTER

May 4, 2026


***VIA ECF***

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: All Counsel of Record (via ECF)

Re:    ***OpenAI's Opposition to News Plaintiffs' Motion at MDL Dkt. 1520***
       *In re OpenAI Inc. Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW
       This Document Relates to: *The New York Times Company v. Microsoft Corp. et al.*, No:
       1:23-cv-11195-SHS-OTW

Dear Judge Wang:

There is no dispute.  OpenAI has already made available both the Project Giraffe
evaluation data at issue and the information News Plaintiffs need to assess OpenAI's privilege
claim for its clawback of data (which is not Project Giraffe evaluation data).  News Plaintiffs'
remaining demands that OpenAI answer questions about its investigation are improper and serve
no legitimate purpose but to conduct further, unnecessary discovery after the close of fact
discovery.  The Court should deny the motion accordingly.

## I.    OpenAI Has Already Performed the Search News Plaintiffs Requested and Provided the Evaluation Data It Found

News Plaintiffs belated demands for evaluation data (which are untethered to any written
discovery requests) have shifted over time in favor of generating discovery disputes rather than
resolving them.  On April 9 (after the close of fact discovery), News Plaintiffs demanded that
OpenAI search for additional Giraffe-related "evaluations of The New York Times's and Daily
News Plaintiffs' content" supposedly referenced at Mr. Monaco's supplemental deposition.
After an extensive search, OpenAI did not locate any such evaluations specifically targeting
News Plaintiffs' content.  However, OpenAI did locate raw evaluation data related to more
recent versions of the Giraffe bloom filter (created after this litigation was filed). The evaluations
included, but did not specifically target, New York Times and Daily News content.

6194261

Page 2

Though not directly responsive to News Plaintiffs' specific demand (and despite the request coming after the close of fact discovery), in the interest of resolving this dispute and moving forward, OpenAI made available this raw evaluation data. OpenAI made this data available on the existing environment used to inspect training data and other large collections, including all evaluation data provided in this case (the "Training Data VM"). News Plaintiffs now ask that this data be produced "in a remote inspection environment," but do not substantiate this request and offer no reason why the Training Data VM is inadequate. News Plaintiffs should at least attempt to inspect the data OpenAI made available before burdening the parties and the Court with unnecessary motion practice.

## II.    The Court Should Deny News Plaintiffs' Request for Discovery on Discovery

The Court should deny News Plaintiffs' request that OpenAI answer questions about its investigation. News Plaintiffs provide no facts to justify further discovery on discovery, to vitiate work product privilege, or even to justify why they need answers to questions about raw evaluation data that are of limited relevance, if not duplicative. This request serves only to further delay the close of fact discovery, and any claim of "delay" is the product of News Plaintiffs' own making.

*First*, the Court should deny News Plaintiffs' request as unwarranted "discovery on discovery." *Roche Freedman LLP v. Cyrulnik*, No. 21-CV-01746 (JGK)(SN), 2023 WL 3867238, at *1 (S.D.N.Y. Jan. 3, 2023) ("discovery on discovery is disfavored absent a showing of abuse"); *see also Haroun v. ThoughtWorks, Inc.*, No. 20-CV-0100 (LJL), 2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020) (party seeking discovery on discovery "must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process ad infinitum'") (quoting *Winfield v. City of New York*, 2018 WL 840085, at *3-4 (S.D.N.Y. Feb. 12, 2018)).

*Second*, the Court should also reject News Plaintiffs' request as improperly directed at the details of privileged work product. News Plaintiffs are not entitled to the details of attorney investigations undertaken for this lawsuit. *See In re Grand Jury Subpoena dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007) ("fact work product may encompass factual material, including the result of a factual investigation"); *Chevron Corp. v. Donziger*, No. 11 Civ. 691, 2013 WL 3294820, at *1 (S.D.N.Y. June 28, 2013) ("[The work product doctrine] rests in part on the premise that each party . . . should do its own work, including its own investigation of the facts, without intruding into and benefitting from the efforts of its adversary."). Indeed, News Plaintiffs have invoked work product protection in resisting OpenAI's efforts to ask questions of Tom Goldstein about his investigation undertaken for this lawsuit. *See* Dkt. 1356.

*Third*, News Plaintiffs are not prejudiced because the raw data at issue in this motion is of limited relevance and is at best duplicative. If News Plaintiffs want information about how these evaluations work, they have had access to the source code for these evaluations for over a year. If News Plaintiffs want to determine whether their content is part of the bloom filter, they have had access to the Project Giraffe blocklists for over a year. If News Plaintiffs are looking for outputs that may contain their content, they have had access to the 78M chats on which the

6194261

Page 3

evaluation was run.  If News Plaintiffs believe the raw data at issue is probative as to willfulness, they are incorrect because the raw evaluation data postdates their respective complaints.

*Fourth*, the months-long meet-and-confer record directly contradicts News Plaintiffs' bald mischaracterizations of "why this process has gone so wrong" and "ongoing delay" and instead demonstrates that, between January 30 and March 9, News Plaintiffs changed their ongoing demands at least four times.  *See* Dkt. 1351 at 3–4 (Jan. 30 motion to compel training data, output logs, source code, metrics, and analyses related to Project Giraffe); Mot. Ex. B at 28 (Feb. 4 email changing request to metadata files, "every file" in two Azure subdirectories, and undefined searches through four personal Azure containers); *Id.* at 25 (Feb. 10 email changing request to final, written "regurgitation analyses" of evaluation outputs); *Id.* at 23 (Mar. 4 email expanding request to "regurgitation analyses" ***and also*** "copies of every evaluation in the Giraffe Azure container"); *Id.* at 22 (Mar. 9 email expending requests to every evaluation in the Giraffe Azure container ***and also*** evaluations in four personal Azure containers).

Each time, OpenAI responded by investigating, explaining whether the requests were feasible and where News Plaintiffs' understanding was incorrect, and/or offering compromises. To conclude the parties' discussions and as a compromise, OpenAI "review[ed] the directories falling within the shared container ███████████████████ and load[ed] onto the training data VM anything that appear[ed] to contain raw eval data related to Project Giraffe." Mot. Ex. B at 20; *see also id.* at 13 (Mar. 31 email confirming completion of OpenAI's investigation).

On April 9, after inspecting the data OpenAI made available, News Plaintiffs claimed that evaluation data after May 2023 and two files "referenced" in OpenAI's source code were missing.  Mot. Ex. B at 7–8.  News Plaintiffs also changed their requests a fifth time to "evaluations of The New York Times's and Daily News Plaintiffs' content." *Id.* at 5.  OpenAI explained that it had already conducted a reasonable search and diligent inquiry, which would capture the files and data News Plaintiffs requested, if any existed. *Id.* at 7.  OpenAI even informed News Plaintiffs why they might be mistaken – the source code references they relied on were comments, not executable code, and OpenAI's production clearly included data postdating May 2023. *Id.*  News Plaintiffs changed their request a sixth time, demanding answers to questions about OpenAI's investigation and then changing ***those*** questions during the April 16 confidential settlement conference.[1] *Id.* at 3–4.

As stated above, OpenAI thereafter conducted an extensive search, involving the very steps that News Plaintiffs requested on April 16.  OpenAI has produced the raw evaluation data it found during that search, despite that data not being responsive to News Plaintiffs' most recent request.

Accordingly, OpenAI has been completely diligent and transparent in responding to News Plaintiffs' constantly changing requests, and request that the Court put an end to further discovery on discovery and attempts to breach OpenAI's privileged work product.

---

[1] Pursuant to Court Order, OpenAI will not rely on discussions from a confidential settlement conference in this opposition and submits that Plaintiffs should be admonished for doing so.

6194261

Page 4

### III.    News Plaintiffs' Request for a Privilege Log Is Improper and Moot

OpenAI is not withholding Project Giraffe evaluation data as privileged.  Ex. 1.  Nor is News Plaintiffs' request for a privilege log actually about Project Giraffe evaluation data.

On April 21, OpenAI clawed back data produced on March 31 in the Azure container ███████████████████████████████ after learning that it was *not* Project Giraffe evaluation data and instead was created in January 2026 as the result of a request by OpenAI in-house and outside counsel related to a case in the MDL.  *See* Mot. Ex. C at 4-5.  The data was mistakenly saved to a folder referencing the June 2023 NYT Recall Pipeline.

OpenAI is not required to provide a privilege log for work product related to a case in the MDL.  *See* Dkt. 371 (ESI Order) at § 15(c).  Moreover, OpenAI has already provided News Plaintiffs with detailed information to substantiate its privilege claim.  *See* Mot. Ex. C at 1.  However, if it will resolve this dispute, OpenAI can memorialize the information in its April 21, 2026 email in a privilege log.

Respectfully,

KEKER, VAN NEST & PETERS LLP[2]

/s/ *Edward A. Bayley*
  Edward A. Bayley

LATHAM & WATKINS LLP

/s/ *Margaret Graham*
Margaret Graham

MORRISON & FOERSTER LLP

/s/ *Caitlin Sinclaire Blythe*
Caitlin Sinclaire Blythe

---

[2] All parties whose electronic signatures are included herein have consented to the filing of this document.

6194261