**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.<br><br>COPYRIGHT INFRINGEMENT<br>LITIGATION<br><br>This Document Relates To:<br><br>News Cases | Case No. 1:25-md-3143-SHS-OTW |

**DEFENDANT MICROSOFT CORPORATION'S**
**RESPONSE TO PLAINTIFFS' MOTION TO SEAL**

Pursuant to Paragraph 34 of the Stipulated Protective Order (ECF 367), Defendant Microsoft Corporation ("Microsoft") submits this response to News Plaintiffs' Motion to Seal (ECF 1510)[1] requesting that certain redacted portions of News Plaintiffs' letter brief seeking an order requiring an additional deposition of OpenAI ("Letter Brief Compelling OpenAI") (ECF 1513) and News Plaintiffs' letter brief seeking an order requiring Microsoft to produce New Copilot metrics data ("Letter Brief Compelling Microsoft") (ECF 1515)[2] are sealed, as well as Exhibit 1 to the Letter Brief Compelling OpenAI (ECF 1513-1) and Exhibits A and C to the Letter Brief Compelling Microsoft (ECF 1515-1 and ECF 1515-3) are sealed in their entirety. Specifically, Microsoft requests the redactions to the Letter Brief Compelling OpenAI and the

---

[1] The New York Times incorrectly indicated on the docket for ECF 1511 that ECF 1510 authorizes the sealing of ECF 1511. However, ECF 1505 authorizes the sealing of ECF 1511. *See* ECF 1543.

[2] The docket incorrectly indicates that ECF 367, Protective Order, permits filing of this docket under seal. However, ECF 1510 authorizes the sealing of ECF 1515. *See* ECF 1543.

redactions in the third and last paragraphs of the Letter Brief Compelling Microsoft remain redacted.[3]

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "The proponent of sealing 'must demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

Exhibit 1 to the Letter Brief Compelling OpenAI and Exhibits A and C to the Letter Brief Compelling Microsoft include deposition testimony and an email that describes deposition testimony that include information that is highly confidential, the disclosure of which would unfairly prejudice Microsoft. These exhibits, which have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order, contain highly confidential information about Microsoft's confidential internal work *See* Ex. A (Declaration of Lucky Vidmar). Exhibit 1 to the Letter Brief Compelling OpenAI and Exhibit A to

---

[3] Microsoft can provide a revised redacted version of the Letter Brief Compelling Microsoft upon request.

the Letter Brief Compelling Microsoft are testimony that has been exchanged during the course of discovery and are designated under the Protective Order. Similarly, the requested redactions all describe or quote from these confidential exhibits and likewise include highly confidential information about Microsoft's confidential internal work. *See* Ex. A.

The information Microsoft seeks to seal and redact is the type of information commonly found to warrant sealing. *See* ECF 931 (granting motion to seal similar information and documents in this case); *New York Times*, ECF 378 (same); *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'").

For the reasons stated above, and those set forth in the Declaration of Lucky Vidmar, Microsoft supports News Plaintiffs' Motion to Seal (ECF 1510) requesting that certain redacted portions of letter brief seeking an order requiring an additional deposition of OpenAI ("Letter Brief Compelling OpenAI") (ECF 1513) and News Plaintiffs' letter brief seeking an order requiring Microsoft to produce New Copilot metrics data ("Letter Brief Compelling Microsoft") (ECF 1515) are sealed, as well as Exhibit 1 to the Letter Brief Compelling OpenAI (ECF 1513-1) and Exhibits A and C to the Letter Brief Compelling Microsoft (ECF 1515-1 and ECF 1515-3) are sealed in their entirety. Specifically, Microsoft requests the redactions to the Letter Brief Compelling OpenAI and the redactions in the third and last paragraphs of the Letter Brief Compelling Microsoft remain redacted.

Dated: May 6, 2026                          Respectfully submitted,

                                            */s/ Jared B. Briant*
                                            Jared B. Briant (admitted *pro hac vice*)
                                            Kirstin L. Stoll-DeBell (admitted *pro hac vice*)

FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegredrinker.com
Email: kirstin.stolldebell@faegredrinker.com

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York: NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
        mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
        lnajemy@orrick.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL  60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: carrie.beyer@faegredrinker.com

4

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*