orrick

May 28, 2026

**Orrick, Herrington & Sutcliffe LLP**
222 Berkeley Street
Boston, MA 02116
+1 617 880 1800
**orrick.com**

**Sheryl Koval Garko**
**E** sgarko@orrick.com
**D** +1 617 880 1919
**F** +1 617 880 1801

***Sent via ECF***

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE: *In re OpenAI, Inc. Copyright Infringement Litigation* (No. 1:25-md-03143). This document relates to: *The New York Times Co. v. Microsoft Corp. et al.*, No. 1:23-cv-11195: Joint Status Letter Regarding Microsoft's Request for The Times to Produce Brand Tracker Raw Survey Data

Dear Judge Wang,

Pursuant to the Court's May 26, 2026 Order [ECF No. 1572] Microsoft and The New York Times jointly submit this status letter regarding Microsoft's request for The Times to produce Brand Tracker raw survey data.

***<u>Microsoft's Statement</u>***

In short, The Times has not yet produced the data and Kantar has not yet provided any information to the parties about the purported time or expense associated with restoring and producing the data.

As set out in Microsoft's May 22, 2026 letter motion to the Court [ECF No. 1568], the parties met and conferred with Kantar on May 21, 2026, during which Kantar's representative confirmed that the respondent-level "raw" data underlying The Times's Brand Tracker surveys does in fact exist and can be retrieved from the data center where it is stored.

After the meet and confer, The Times reached out to Kantar to ascertain the "burden" associated with producing the data but had not heard from Kantar as of Friday, May 22, 2026 at 3:30 pm ET. *See* ECF No. 1568-4 (A. Muttalib 5/22/26 Email).

Following the Court's May 26, 2026 Order [ECF No. 1572] Microsoft asked The Times for a status update regarding its inquiry to Kantar regarding the raw data. Ex. A (V. Sorrentino 5/26/26 Email). The Times responded that "Kantar informed us today that it is looking into Microsoft's request and that it would provide an update as soon as it has one. However, Kantar indicated that it was unlikely to have that update by tomorrow" i.e., by today, May 28, 2026, in advance of the filing of this letter. Ex. A (A. Muttalib 5/27/26 Email).

orrick

As the Court is aware, the deadline for the parties to exchange expert rebuttal reports is tomorrow, May 29, 2026.

Microsoft has been prejudiced by its inability to access and analyze the raw survey data in preparation of its expert reports and is further prejudiced by Kantar's delay in providing additional information about the process by which the raw data can be retrieved. As explained in Microsoft's May 22, 2026 letter motion, The Times owns this data pursuant to Section 8 of its Master Services Agreement with Kantar. *See* ECF No. 1568 at 2; ECF No. 1570 (NYT_01075529). Thus, even if the data is not currently in The Times's physical possession, it is under The Times's control for purposes of Federal Rule of Civil Procedure 34(a), such that this Court can order The Times to produce it. *See Wiwa v. Royal Dutch Petroleum Co.*, 2009 WL 529224, at *2 (S.D.N.Y. Feb. 17, 2009) ("For Rule 34(a) purposes, a party has control over documents held by a third party ('third-party documents') if the party (1) is legally entitled, or (2) has the practical ability, to acquire the documents from the third party.") (quoting *U.S. v. Stein*, 488 F. Supp. 2d 350, 360–61 (S.D.N.Y. 2007)). It is improper for The Times to now use Kantar's apparent failure to respond to counsel's emails as a shield from complying with its discovery obligations. Accordingly, Microsoft reserves its right to supplement its reports and address the outstanding data in the subsequent round of expert reports, based on the late production of this data, and respectfully requests that the Court order The Times to produce this data next week, so that Microsoft can meaningfully analyze the data in advance of the June 26, 2026 expert reply report deadline.

***<u>The New York Times's Statement</u>***

At the May 21, 2026 meet and confer, Kantar (1) confirmed that it previously told The Times it did not have the raw data in question; (2) reiterated that it is not obligated to store, maintain, or provide this raw data as part of any contractual relationship with The Times, unless otherwise provided in the parties' Statements of Work; and (3) indicated that some raw data may be stored in a data center archive that would be both time-consuming and expensive to access. And, when Microsoft insisted on the immediate production of this raw data, Kantar's representative asked who would pay for assembling, processing, and producing the data, as in Kantar's view, it is not obligated to provide this data as part of any relationship with The Times.

Microsoft knows all of this. It insisted on recording the entire meet and confer in which these representations were made. Again, and despite all this, The Times has been diligent in doing everything in its power to work with Kantar and Microsoft both before and after the Court's May 26, 2026 Order. Regarding Kantar, in the two days since the Court issued its most recent order, The Times has followed up with Kantar daily, asked it for any information it may have with respect to the associated burden with pulling this data (including any approximation it would be able to provide), and asked them to move as expeditiously as possible. Even before the Court's Order issued, The Times followed up with Kantar immediately after the May 21, 2026 meet and confer and again immediately after the holiday weekend—i.e., Tuesday, May 26, 2026. On the latter, The Times has in the meantime continued to work with Microsoft to produce additional Explorer data responsive to its requests. Specifically, despite receiving Microsoft's

requests for additional Explorer data on the Friday before a holiday weekend, The Times immediately reached out to the relevant employees to begin pulling an additional fifteen tabs of Explorer data in response to Microsoft's requests.

The Times's position is that Kantar has confirmed that it is currently working to gather the requested information. As The Times has informed Microsoft, it will provide this information as soon as it receives it and then continue meeting and conferring on appropriate next steps. The Times also notes that Microsoft's request for the Court to "order The Times to produce this data next week" is not actionable, as The Times does not possess this data. Specifically, under the relevant Statements of Work, The Times has never been entitled to the raw data underlying the Brand Tracker surveys—as it did not purchase the rights to the raw data in question. *Suriel v. Port Auth. of New York & New Jersey*, 2023 WL 2727522, at *5 (E.D.N.Y. Mar. 31, 2023) ("A party is in control of any documents in the possession of a third party **<u>if that third party is contractually obligated to make them available</u>**." (quoting *Mazzei v. Money Store*, 2014 WL 3610894, at *3 (S.D.N.Y. July 21, 2014))) (emphasis added).

And, Microsoft's reliance on Section 8 of the Master Services Agreement is both contradicted by the Kantar representative's representations at the May 21, 2026 meet and confer and the relevant Statements of Work. Ownership and possession are distinct concepts, and The Times's right to *receive* the data is plainly limited by the Statements of Work—otherwise, there would be no reason for the parties to negotiate specific deliverables. However, even assuming *arguendo* that Microsoft's reading of the Services Agreement were correct, it would be of no moment. "[T]he bare legal right to obtain documents in the possession of a third party does not, in and of itself, mean that those documents are within a party's control." *Prince v. Boroff & Associates, PLLC*, 2026 WL 1266247, at *3 (S.D.N.Y. May 8, 2026). The Times has engaged in reasonable and good faith efforts to obtain the raw survey data by asking Kantar on multiple occasions if the data exists and could be produced—a fact that Kantar confirmed at the May 21, 2026 meet and confer. Given that The Times "has acted diligently and engaged in reasonable and good faith efforts to obtain the documents in question from the third party, but has been unable to do so, that indicates that 'control' is lacking." *Id.* The Times has otherwise produced all materials related to the Brand Tracker surveys in its possession.

Respectfully submitted,

*<u>/s/ Sheryl Koval Garko</u>*
Sheryl Koval Garko

*<u>/s/ Ian Crosby</u>*
Ian Crosby[1]

[1] All parties whose electronic signatures are included herein have consented to the filing of this document.