**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE:

OPENAI, INC.,
COPYRIGHT INFRINGMENT LITIGATION

This Document Relates to:

*The New York Times Co. v. Microsoft Corp. et al.*,
No. 1-23-cv-11195

Civil Action No. 1:25-md-03143

**THE TIMES'S RESPONSE TO OPENAI'S MOTION FOR JUDGMENT ON THE
PLEADINGS AND CROSS-MOTION FOR LEAVE TO AMEND**

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

ARGUMENT ........................................................................................................2

    A.  Good Cause Exists for Amendment ............................................................3

    B.  Undue Delay ...............................................................................................6

    C.  Prejudice ....................................................................................................6

    D.  Futility.........................................................................................................8

CONCLUSION .....................................................................................................9

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Agerbrink v. Model Services LLC*,
    155 F. Supp. 3d 448 (S.D.N.Y. 2016).........................................................................10

*Cano v. DPNY, Inc.*,
    287 F.R.D. 251 (S.D.N.Y. 2012) ...............................................................................10

*Charter Communications, Inc. v. Local Union No. 3, International Brotherhood*
    *of Electrical Workers, AFL-CIO*,
    338 F. Supp. 3d 242 (S.D.N.Y. 2018).........................................................................10

*Cox Communications, Inc. v. Sony Music Entertainment*,
    146 S. Ct. 959 (2026)..............................................................................................1, 10

*Duling v. Gristede's Operating Corp.*,
    265 F.R.D. 91 (S.D.N.Y. 2010) .................................................................................10

*Elsevier Inc. v. Grossman*,
    2017 WL 1843298 (S.D.N.Y. May 8, 2017) ...................................................1, 2, 10

*Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*,
    443 F.2d 1159 (2d Cir. 1971)......................................................................................10

*Green v. District Council 1707, American Federation of State, County. &*
    *Municipal Employees, AFL-CIO*,
    2015 WL 4621107 (S.D.N.Y. Aug. 3, 2015)...............................................................2

*In re Anderson*,
    668 B.R. 753 (S.D.N.Y. 2025).....................................................................................10

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005)......................................................................................................10

*Shi Ming Chen v. Hunan Manor Enterprises, Inc.*,
    437 F. Supp. 3d 361 (S.D.N.Y. 2020)...........................................................................2

*Stillman v. InService America, Inc.*,
    455 F. App'x 48 (2d Cir. 2012) ...................................................................................10

*Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Group., Inc.*,
    2016 WL 5338550 (S.D.N.Y. Sept. 23, 2016)......................................................1, 10

*Woodworth v. Erie Ins. Co.*,
    2009 WL 1652258 (W.D.N.Y. June 12, 2009), *report and recommendation
    adopted as modified*, 2009 WL 3671930 (W.D.N.Y. Oct. 29, 2009) ........................................2

**Rules**

Rule 12(b)(6) ................................................................................................................10

Rule 15(a) .......................................................................................................................2

Rule 16(b) .......................................................................................................................2

**INTRODUCTION**

Plaintiff The New York Times Company ("The Times") respectfully submits this response to OpenAI's Motion for Judgment on the Pleadings and cross-moves for leave to amend its complaint.

As OpenAI acknowledges in its motion, the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026), "reshaped" the standard for contributory copyright infringement claims. Mot. at 1. Given this intervening change in governing law during the pendency of this litigation, The Times respectfully seeks to amend its contributory infringement claims to conform to the *Cox* decision. Specifically, The Times seeks to (1) amend its contributory infringement claim against Microsoft to conform to the standard set forth in *Cox* and the evidence in the case (Count III) and (2) voluntarily dismiss its alternative contributory infringement claim against OpenAI and Microsoft (Count IV). Voluntary dismissal of The Times's alternative contributory infringement claim moots OpenAI's motion. *See* Dkt. 1586. In addition, in the interest of judicial economy, The Times also seeks to voluntarily dismiss its trademark dilution claims (Count VII).

Good cause supports The Times's request to amend. The request to drop Counts IV and VII of the NYT Complaint will narrow and streamline the case.[1] Regarding The Times's request to amend Count III against Microsoft, "[c]ourts in this Circuit have found good cause to support amendment when plaintiffs have diligently sought leave upon a change in controlling law," *Elsevier Inc. v. Grossman*, 2017 WL 1843298, at *9 (S.D.N.Y. May 8, 2017), or "when a plaintiff seeks to refine the complaint to reflect evidence obtained during discovery"—both circumstances

---

[1] On June 25, 2026, OpenAI indicated that it does not oppose The Times's proposed amendment to dismiss Count IV and Count VII. As of the date of this filing, Microsoft has not yet provided its position on The Times's proposed amendment.

that are present here. *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2016 WL 5338550, at *3 (S.D.N.Y. Sept. 23, 2016). The proposed amendment will not affect the case schedule as The Times's allegations are premised entirely upon discovery that has already been produced in this action, and The Times does not seek any additional discovery in support of its amended claims.

## ARGUMENT

"Rule 15(a) provides that a court 'should freely give leave to amend when justice so requires.'" *Shi Ming Chen v. Hunan Manor Enter., Inc.*, 437 F. Supp. 3d 361, 364 (S.D.N.Y. 2020) (quoting Fed. R. Civ. P. 15(a)(2)). "Leave to amend is generally granted in the absence of factors such as bad faith, undue delay, prejudice to the opposing party, or futility of amendment." *Green v. District Council 1707, Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO*, 2015 WL 4621107, at *1 (S.D.N.Y. Aug. 3, 2015). "Leave to amend may be appropriate at any stage of litigation." *Id.*

"[W]here amendment is sought after a court has already filed a scheduling order that limits the parties' ability to amend the pleadings, the lenient standard under Rule 15(a), which provides leave to amend shall be given freely, must be balanced against the requirement in Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Elsevier Inc.*, 2017 WL 1843298, at *7. "Courts in this Circuit have found good cause to support amendment when plaintiffs have diligently sought leave upon a change in controlling law." *Id.* at *9; *Woodworth v. Erie Ins. Co.*, 2009 WL 1652258, at *3 (W.D.N.Y. June 12, 2009), *report and recommendation adopted as modified*, 2009 WL 3671930 (W.D.N.Y. Oct. 29, 2009) ("The 'good cause' standard may be satisfied by a showing that the substantive law changed, or that the moving party discovered new evidence, following the scheduling deadline."). Here, The Times seeks to do exactly that—i.e., amend its complaint in light of a recent intervening change in controlling law.

### A. Good Cause Exists for Amendment

On December 27, 2023, The Times filed its complaint against Defendants OpenAI and Microsoft, in which it alleged—*inter alia*—two counts of contributory copyright infringement. First, The Times alleged that "Microsoft materially contributed to and directly assisted in the direct infringement attributable to the OpenAI Defendants." NYT Dkt. 1 ¶ 175. Second, The Times alleged "[i]n the alternative, to the extent an end-user may be liable as a direct infringer based on output of the GPT-based products, Defendants materially contributed to and directly assisted with the direct infringement perpetrated by end-users of the GPT-based products." *Id.* ¶ 179.[2]

When The Times initially brought these claims against Defendants, there were three recognized contributory infringement theories in this Circuit: (1) a defendant induced the alleged infringement; (2) a defendant's products were tailored to infringement; or (3) a defendant knew of and materially contributed to the infringement. *See Gershwin Pub'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971). Pursuant to the third theory of liability (material contribution), this Court found that The Times had plausibly alleged its contributory copyright infringement claims. Dkt. 514 at 19 ("Accordingly, plaintiffs have plausibly alleged their contributory copyright infringement claims and defendants' motions to dismiss those claims in all three actions are denied.").

On March 25, 2026, the Supreme Court issued its decision in *Cox Communications, Inc. v. Sony Music Entertainment*, in which it held—for the first time—that "[t]he provider of a service is contributorily liable for [a] user's infringement only if it intended that the provided service be used for infringement." *Cox*, 146 S. Ct. at 967. Intent "can be shown only if the party induced the infringement or the provided service is tailored to that infringement." *Id.* A party induces

---

[2] The Times has since amended its Complaint twice for other reasons. *See* NYT Dkt. 170; NYT Dkt. 585.

infringement if it "actively encourages infringement through specific acts," and a "service is tailored to infringement if it is not capable of substantial or commercially significant noninfringing uses." *Id.*

The Times now—within three months of the Supreme Court's decision—files this cross-motion to amend seeking to conform its contributory infringement claims to the standards recognized by *Cox* and to the evidence that has emerged in discovery. Specifically, based on the discovery produced in this action, The Times seeks to amend its contributory infringement claim against Microsoft to allege that it (1) induced OpenAI's copyright infringement and (2) provided OpenAI with tools tailored to infringement. *See id.*

First, The Times seeks to allege that Microsoft "actively encourage[d] [OpenAI's] infringement through specific acts." *Id.* ██████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████ The "principal object" of these services was "to download copyrighted works"—including The Times's works—provide OpenAI with direct copies of those copyrighted works, and ultimately use those copyrighted works to train and fine-tune OpenAI's LLMs—i.e., to "infringe [The Times's] copyrights." *Cox*, 146 S. Ct. at 967. ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████ Therefore, The Times's amended

allegations plausibly state that Microsoft induced OpenAI's copyright infringement.

Second, Microsoft provided OpenAI with services tailored to infringement. ███████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████ Microsoft is liable for the

resulting acts of OpenAI's infringement. *Id.*; *see Grokster, Ltd.*, 545 U.S. at 919 ("We hold that

one who distributes a device with the object of promoting its use to infringe copyright, as shown

by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties.").

Based on discovery produced in this action, The Times has plausibly asserted that Microsoft both induced OpenAI's infringement and provided OpenAI with services tailored to infringement. *See Cox*, 146 S. Ct. at 967. Given that The Times "ha[s] diligently sought leave upon a change in controlling law," the Court should find that "[g]ood cause [ ] supports [The Times's] motion to amend." *Elsevier Inc.*, 2017 WL 1843298, at *9.

**B. Undue Delay**

The Times has promptly sought to amend its contributory infringement claim against Microsoft. The Supreme Court's decision in *Sony v. Cox* was issued less than three months ago, and courts in this Circuit have consistently allowed amendments within such a timeframe. *See In re Anderson*, 668 B.R. 753, 781 (S.D.N.Y. 2025) ("After the *Bruce* decision was issued, Plaintiff promptly filed the Motion to Amend four months later. The Court finds that the intervening change in law constitutes a 'valid reason' to seek an amendment."); *Elsevier Inc.*, 2017 WL 1843298, at *9 (finding that "Plaintiffs promptly sought leave to amend their pleadings" where they filed their request eight months after the relevant change in law).

**C. Prejudice**

Defendants will suffer no prejudice from The Times's proposed amendment. "To determine whether a party will be prejudiced by a proposed amended pleading, courts 'generally consider whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 99 (S.D.N.Y. 2010)

6

(quoting *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 284 (2d Cir. 2000)). "Courts also consider the extent to which the new claims are related to the existing ones and whether a party has had prior notice of a proposed new claim." *Id.* "The non-moving party bears the burden of demonstrating that substantial prejudice would result were the proposed amendment to be granted." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016).

Here, The Times's proposed amendments would not require Defendants to seek or produce any additional discovery or cause any delay in the resolution of this dispute. Defendants have been on notice of The Times's contributory copyright infringement claim since the inception of this action, and the discovery necessary to prove and defend against this claim has already occurred. The Times simply seeks to "conform" its pre-existing contributory infringement claim to the evidence produced in discovery and changes in the law. *See Stillman v. InService Am., Inc.*, 455 F. App'x 48, 51 (2d Cir. 2012) (holding district court did not abuse its discretion in allowing amendment to the complaint because defendants "were on notice that [Plaintiff] intended to pursue" the claim in question and were also in possession of all evidence "relevant to rebutting" the additional claim). "Courts routinely grant leave to amend when a plaintiff seeks to refine the complaint to reflect evidence obtained during discovery." *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2016 WL 5338550, at *3 (S.D.N.Y. Sept. 23, 2016) (quoting *In re Pfizer Inc. Sec. Litig.*, 2012 WL 983548, at *2 (S.D.N.Y. Mar. 22, 2012)). The Times's proposed amendments to its contributory infringement claims are entirely premised upon discovery already produced in this action.

Furthermore, the amended claims "will not prejudice [D]efendants because the proposed claims are 'related closely to the original claims.'" *Duling*, 265 F.R.D. at 102 (quoting *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F. 2d 843, 856 (2d Cir. 1981)). The Times's proposed amended

contributory infringement claims "arise[] from the same facts pled in the [ ] Complaint"—i.e., Microsoft and OpenAI's concerted efforts to infringe The Times's content. *Agerbrink*, 155 F. Supp. 3d at 455. *See, e.g.*, NYT Dkt. 1 ¶ 171 ("Microsoft controlled, directed, and profited from the infringement perpetrated by Defendants OpenAI LP, OpenAI Global LLC, OpenAI OpCo LLC, and OpenAI, LLC, including the reproduction and distribution of Times Works."); *id.* ¶ 170. There is no "reason why the [amended] claims would materially add to the burden of defending this action." *Duling*, 265 F.R.D. at 103; *id.* at 102 ("The fact that a proposed amendment would add new issues is normally not prejudicial unless the opposing party would be confronted with some unique difficulty in defending against the new issues.").

Finally, for the reasons discussed *supra*, The Times did not unduly delay in seeking to amend its contributory infringement claims. Accordingly, Defendants will not be prejudiced by the proposed amendments.

### D. Futility

"To determine whether a proposed pleading is futile, courts analyze whether it would withstand a motion to dismiss." *Agerbrink*, 155 F. Supp. 3d at 456. "Accordingly, the plaintiff must plead sufficient facts to 'state a claim that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S. 554, 570 (2007)). "As when considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded facts and draw all reasonable inferences in the moving party's favor." *Id.* "Because determination of futility is subject to the same standards as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, 'futility is generally adjudicated without resort to any outside evidence.'" *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 257 (S.D.N.Y. 2012) (quoting *Wingate v. Gives*, 2009 WL 424359, at *5 (S.D.N.Y. Feb. 13, 2009)). "Parties opposing a motion to amend bear the burden of establishing that an

amendment would be futile." *Charter Commc'ns, Inc. v. Loc. Union No. 3, Int'l Bhd. of Elec. Works, AFL-CIO*, 338 F. Supp. 3d 242, 255 (S.D.N.Y. 2018).

The Times's amended allegations, premised on Defendants' own documents and deposition testimony, are not futile because they plead the elements and requisite intent required for contributory liability under *Cox*.

## **CONCLUSION**

For the foregoing reasons, The Times respectfully requests the Court grant its cross-motion for leave to amend. The Times also requests that the Court allow it to incorporate the Exhibits at ECF Nos. 170–202 by reference into its Third Amended Complaint.

Dated: June 25, 2026

/s/ Ian Crosby
Ian Crosby *(admitted pro hac vice)*
Genevieve Vose Wallace *(admitted pro hac vice)*
Katherine M. Peaslee *(admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(admitted pro hac vice)*
Emily K. Cronin (*admitted pro hac vice*)
Adnan Muttalib (*admitted pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
amuttalib@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)

Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(admitted pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

10