**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.<br><br>COPYRIGHT INFRINGEMENT<br>LITIGATION<br><br>This Document Relates To:<br><br>No. 1:23-cv-11195-SHS-OTW<br>No. 1:24-cv-3285-SHS-OTW | Case No. 1:25-md-3143-SHS-OTW |

**DEFENDANT MICROSOFT CORPORATION'S**
**RESPONSE TO PLAINTIFFS' MOTIONS TO SEAL**

Pursuant to Paragraph 34 of the Stipulated Protective Order (ECF 367), Defendant Microsoft Corporation ("Microsoft") submits this response to New York Times's Motion to Seal (ECF 1589)[1] and Daily News Plaintiffs' Motion to Seal (ECF 1595)[2,3].  Specifically, Microsoft requests that certain redacted portions of The Times's Response to OpenAI's Motion for Judgment on the Pleadings and Cross-Motion for Leave to Amend ("Times Response") (ECF 1591-1), The Times's proposed Third Amended Complaint (ECF 1591-2), The Times's redline of the proposed Third Amended Complaint (ECF 1591-3) (collectively, with the clean complaint, "Times Proposed Third Amended Complaint"), Daily News Plaintiffs' Response to OpenAI's Motion for Judgment

---

[1] The New York Times incorrectly indicated on the docket for ECF 1591 that ECF 1414 authorizes the sealing of ECF 1591. However, ECF 1589 authorizes the sealing of ECF 1591.

[2] Daily News Plaintiffs incorrectly indicate on the docket for ECF 1596 and 1597 that ECF 367 authorizes the sealing of ECF 1596 and 1597.  However, ECF 1595 authorizes the sealing of ECF 1596 and 1597.

[3] Because the substance of the material that Microsoft seeks to seal is identical in the Times's and the Daily News Plaintiffs' filings, Microsoft is filing a single response to the motions to seal.

on the Pleadings and Cross-Motion for Leave to Amend (ECF 1596-1) ("DN Response"), Daily News Plaintiffs' proposed First Amended Complaint (ECF 1597-1), and Daily News Plaintiffs' redline of the proposed First Amended Complaint (ECF 1597-2 and 1597-3) (collectively, with the clean complaint, "DN Proposed First Amended Complaint") are sealed, as well as Exhibits A to O to the Times Response (ECF 1591-4 to 1591-18) and Exhibits A to O to the Declaration of Jennifer Maisel in support of the DN Response (ECF 1597-4 1597-23) are sealed in their entirety. Specifically, Microsoft requests the text in parentheticals describing the confidential exhibits on pages 4-5 of the Times Response and the text of the parentheticals describing the confidential exhibits on pages 7-8 of the DN Response remain redacted, as well as the following redactions to the Times Proposed Third Amended Complaint:

- The text of the parentheticals describing the confidential exhibits in footnote 10;

- The last eight words of the third sentence of paragraph 73;

- The second and third sentences of paragraph 74;

- The text of the parenthetical describing the confidential exhibit in footnote 15;

- The first and last sentences of paragraph 75;

- The text of the parenthetical describing the confidential exhibit in footnote 18

- The text of the parentheticals describing the confidential exhibits in footnote 24;

- The second, third, and fourth sentences of paragraph 77;

- The second sentence of paragraph 78;

- The second and third sentences of paragraph 79; and

- The proposed redactions to paragraph 80;

and the following redactions to the DN Proposed First Amended Complaint:

- The text of the parentheticals describing the confidential exhibits in footnote 14;

2

- The last eight words of the third sentence of paragraph 70;

- The second and third sentences of paragraph 71;

- The text of the parenthetical describing the confidential exhibit in footnote 19;

- The first and last sentences of paragraph 72;

- The text of the parenthetical describing the confidential exhibit in footnote 22;

- The text of the parentheticals describing the confidential exhibits in footnote 28;

- The second, third, and fourth sentences of paragraph 74;

- The second sentence of paragraph 75;

- The second and third sentences of paragraph 76; and

- The proposed redactions to paragraph 77.[4]

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "The proponent of sealing 'must demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[W]hile a court must still articulate specific and substantial reasons

---

[4] Microsoft can provide a revised redacted version of the Times Response, the DN Response, and both the clean and redlined versions of the Times Proposed Third Amended Complaint and the DN Proposed First Amended Complaint upon request.

for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

Exhibits A-O to the Times Response and the DN Response include documents and deposition testimony that include information that is highly confidential, the disclosure of which would unfairly prejudice Microsoft. These exhibits, which have been designated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order, contain highly confidential information about Microsoft's confidential work, including its work with OpenAI and discussions with other third parties. *See* Ex. A (Declaration of Lucky Vidmar). These exhibits are testimony and documents that have been exchanged during the course of discovery and are designated under the Protective Order. Similarly, the requested redactions all describe or quote from these confidential exhibits and likewise include highly confidential information about Microsoft's confidential internal work. *See* Ex. A.

The information Microsoft seeks to seal and redact is the type of information commonly found to warrant sealing. *See* ECF 931 (granting motion to seal similar information and documents in this case); *New York Times*, ECF 378 (same); *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'").

For the reasons stated above, and those set forth in the Declaration of Lucky Vidmar, Microsoft supports New York Times's Motion to Seal (ECF 1589) and Daily News Plaintiffs' Motion to Seal (ECF 1595). Specifically, Microsoft requests that certain redacted portions of The Times's Response to OpenAI's Motion for Judgment on the Pleadings and Cross-Motion for Leave

to Amend (ECF 1591-1), The Times's proposed Third Amended Complaint (ECF 1591-2), The Times's redline of the proposed Third Amended Complaint (ECF 1591-3), Daily News Plaintiffs' Response to OpenAI's Motion for Judgment on the Pleadings and Cross-Motion for Leave to Amend (ECF 1596-1), Daily News Plaintiffs' proposed First Amended Complaint (ECF 1597-1), and Daily News Plaintiffs' redline of the proposed First Amended Complaint (ECF 1597-2 and 1597-3) are sealed, as well as Exhibits A to O to the Times Response (ECF 1591-4 to 1591-18) and Exhibits A to O to the Declaration of Jennifer Maisel in support of the DN Response (ECF 1597-4 1597-23) to  are sealed in their entirety. Specifically, Microsoft requests the text in parentheticals describing the confidential exhibits on pages 4-5 of the Times Response and the text of the parentheticals describing the confidential exhibits on pages 7-8 of the DN Response remain redacted, as well as the following redactions to the Times Proposed Third Amended Complaint:

- The text of the parentheticals describing the confidential exhibits in footnote 10;

- The last eight words of the third sentence of paragraph 73;

- The second and third sentences of paragraph 74;

- The text of the parenthetical describing the confidential exhibit in footnote 15;

- The first and last sentences of paragraph 75;

- The text of the parenthetical describing the confidential exhibit in footnote 18

- The text of the parentheticals describing the confidential exhibits in footnote 24;

- The second, third, and fourth sentences of paragraph 77;

- The second sentence of paragraph 78;

- The second and third sentences of paragraph 79; and

- The proposed redactions to paragraph 80;

and the following redactions to the DN Proposed First Amended Complaint:

5

- The text of the parentheticals describing the confidential exhibits in footnote 14;

- The last eight words of the third sentence of paragraph 70;

- The second and third sentences of paragraph 71;

- The text of the parenthetical describing the confidential exhibit in footnote 19;

- The first and last sentences of paragraph 72;

- The text of the parenthetical describing the confidential exhibit in footnote 22;

- The text of the parentheticals describing the confidential exhibits in footnote 28;

- The second, third, and fourth sentences of paragraph 74;

- The second sentence of paragraph 75;

- The second and third sentences of paragraph 76; and

- The proposed redactions to paragraph 77.

Dated: June 30, 2026

Respectfully submitted,

*/s/ Jared B. Briant*
Jared B. Briant (admitted *pro hac vice*)
Kirstin L. Stoll-DeBell (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegredrinker.com
Email: kirstin.stolldebell@faegredrinker.com

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Christopher Cariello
Marc Shapiro

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York: NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
      mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
      lnajemy@orrick.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL  60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: carrie.beyer@faegredrinker.com


Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*

7