**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br>COPYRIGHT INFRINGMENT LITIGATION<br><br>This Document Relates to:<br><br>*The New York Times Co. v. Microsoft Corp. et al.*,<br>No. 1-23-cv-11195<br><br>*Daily News L.P., et. al. v. Microsoft Corp. et al.*,<br>No. 1-24-cv-03285 | Civil Action No. 1:25-md-03143 |

**NEWS PLAINTIFFS' REPLY IN SUPPORT OF CROSS-MOTION FOR LEAVE TO AMEND**

# TABLE OF CONTENTS

INTRODUCTION .......... 1

ARGUMENT .......... 2

A. News Plaintiffs Have Acted Diligently .......... 3

B. Microsoft Has Failed to Demonstrate Substantial Prejudice. .......... 6

CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bunay Villa v. Prima Contracting Ltd.*,
2020 WL 3035202 (E.D.N.Y. May 29, 2020) ....................6

*Cat3, LLC v. Black Lineage, Inc.*,
2015 WL 5559569 (S.D.N.Y. Sept. 21, 2015)....................3, 6

*Commerical Lubricants, LLC v. Safety-Kleen Systems, Inc.*,
2019 WL 2492752 (E.D.N.Y. June 14, 2019) ....................3

*Cox Communications, Inc. v. Sony Music Entertainment*,
146 S. Ct. 959 (2026)....................1, 3, 4, 6

*Duling v. Gristede's Operating Corp.*,
265 F.R.D. 91 (S.D.N.Y. 2010) ....................1, 4, 8

*Elsevier Inc. v. Grossman*,
2017 WL 1843298 (S.D.N.Y. May 8, 2017) .................... *passim*

*Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*,
443 F.2d 1159 (2d Cir. 1971)....................4

*Hernandez v. Sikka*,
2019 WL 1232092 (E.D.N.Y. Mar. 15, 2019)....................6, 8

*Hough v. Petty*,
2023 WL 7687866 (E.D.N.Y. Oct. 10, 2023)....................6

*In re Anderson*,
668 B.R. 753 (S.D.N.Y. 2025)....................1, 6

*Key Pharmaceuticals, Inc. v. Lowey*,
373 F. Supp. 1190 (S.D.N.Y. 1974)....................1

*Sandler v. Montefiore Health Systems, Inc.*,
2017 WL 2226599 (S.D.N.Y. May 22, 2017) ....................2

*Scott v. Chipotle Mexican Grill, Inc.*,
300 F.R.D. 193 (S.D.N.Y. 2014) ....................3

*Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Group., Inc.*,
2016 WL 5338550 (S.D.N.Y. Sept. 23, 2016)....................3, 4, 5, 6

*Topps Co. v. Cadbury Stani S.A.I.C.*,
2002 WL 31014833 (S.D.N.Y. Sept. 10, 2022)..........2

**Rules**

Fed. R. Civ. P. 15(a) ..........2

Fed. R. Civ. P. 16(b) ..........2

**INTRODUCTION**

In its opposition, Microsoft does not claim that The Times's and *Daily News* Plaintiffs' (collectively, "News Plaintiffs") proposed amendments are futile or otherwise substantively deficient under the Supreme Court's recent decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026). Instead, Microsoft's sole basis for opposing News Plaintiffs' motion is that "[p]ermitting News Plaintiffs to amend their Complaints at this late stage would be unfairly prejudicial." Dkt. 1621 at 2. Courts, however, are "disposed to permit amendment[s] so that the case can be brought to trial on its real merits, rather than foreclosing issues because of procedural imperfections." *Key Pharms., Inc. v. Lowey*, 373 F. Supp. 1190, 1193 (S.D.N.Y. 1974).

More specifically, there is nothing to Microsoft's delay argument, as News Plaintiffs promptly sought leave to amend their contributory infringement claims against Microsoft within three months of the issuance of the *Cox* decision, and four months of the close of fact discovery. *See In re Anderson*, 668 B.R. 753, 781 (S.D.N.Y. 2025) ("After the *Bruce* decision was issued, Plaintiff promptly filed the Motion to Amend four months later. The Court finds that the intervening change in law constitutes a 'valid reason' to seek an amendment."); *Elsevier Inc. v. Grossman*, 2017 WL 1843298, at *9 (S.D.N.Y. May 8, 2017) (finding that "Plaintiffs promptly sought leave to amend their pleadings" where they filed their motion to amend eight months after the relevant change in law). Furthermore, even assuming, *arguendo*, that Microsoft's contention had merit, delay alone is rarely fatal to a motion to amend, especially where—as here—the delay "is much smaller than that which courts have found suspect—generally, delay until the eve of trial." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97 (S.D.N.Y. 2010).

Regarding the suggestion that Microsoft would be prejudiced, though Microsoft asserts that these purportedly "new claims would substantially alter the landscape" of this litigation, Dkt.

1621 at 1, it "offers no specific evidence" of how it would be prejudiced, *Topps Co. v. Cadbury Stani S.A.I.C.*, 2002 WL 31014833, at *3 (S.D.N.Y. Sept. 10, 2022); *see also Sandler v. Montefiore Health Sys., Inc.*, 2017 WL 2226599, at *3 (S.D.N.Y. May 22, 2017) ("[T]he burden of establishing any prejudice is on the party opposing the amendment."). Contrary to Microsoft's unsubstantiated assertions, News Plaintiffs' amendments are limited to the products at issue in this litigation, "would not require Defendants to seek or produce any additional discovery or cause any delay in the resolution of this dispute," Dkt. 1590-1 at 7, and are closely related to the original claims—*i.e.*, News Plaintiffs' copyright and vicarious infringement claims. Indeed, for the avoidance of any doubt, News Plaintiffs have already expressly disclaimed seeking any additional discovery from Microsoft to support these amended claims. *See id.*

Accordingly, News Plaintiffs respectfully request the Court grant their motions for leave to amend.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 15(a), "[c]ourts are to 'freely give leave when justice so requires.'" *Elsevier Inc.*, 2017 WL 1843298, at *7. "This permissive standard is consistent with the Second Circuit's 'strong preference for resolving disputes on the merits.'" *Id.* (quoting *Williams v. Citigroup, Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011)). "[W]here amendment is sought after a court 'has already filed a scheduling order that limits the parties' ability to amend the pleadings, the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement in Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.'" *Id.* (quoting *Gorman v. Covidien Sales, LLC*, 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014)). "Whether good cause exists turns on the diligence of the moving party and whether the moving party's amendment would

***significantly*** prejudice the non-moving party." *Com. Lubricants, LLC v. Safety-Kleen Sys., Inc.*, 2019 WL 2492752, at *3 (E.D.N.Y. June 14, 2019); *Cat3, LLC v. Black Lineage, Inc.*, 2015 WL 5559569, at *4 (S.D.N.Y. Sept. 21, 2015) (noting that the nonmoving party "bear[s] the burden of demonstrating that ***substantial*** prejudice would result were the proposed amendment to be granted" (emphasis added)). "The burden of demonstrating good cause rests with the movant," and "[t]he burden of demonstrating prejudice rests with the non-movant." *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014).

"Courts in this Circuit have found good cause to support amendment when plaintiffs have diligently sought leave upon a change in controlling law." *Elsevier Inc.*, 2017 WL 1843298, at *9. Similarly, "[c]ourts routinely grant leave to amend when a plaintiff seeks to refine the complaint to reflect evidence obtained during discovery." *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2016 WL 5338550, at *3 (S.D.N.Y. Sept. 23, 2016). Here, News Plaintiffs seek to do exactly that—i.e., amend their complaints in light of a recent intervening change in controlling law and to reflect evidence obtained during discovery.

**A. News Plaintiffs Have Acted Diligently.**

Microsoft's primary argument is that News Plaintiffs "had the information they now rely on long before they sought amendment." Dkt. 1621 at 5. Specifically, Microsoft contends that News Plaintiffs could have asserted their "inducement [and] tailored-to-infringement theories" back in 2024, as (1) *Cox* did not change the applicable legal standard for either of these theories of liability, and (2) most of the materials News Plaintiffs rely on in support of their proposed amendment "were produced in 2024." *Id.*

As an initial matter, Microsoft's contention that *Cox* is not "an intervening change in controlling law," *id.* at 3 ("News Plaintiffs' reliance on *Cox* as an 'intervening change in

controlling law' is puzzling"), is at odds with OpenAI's characterization of the decision in its Motion for Judgment on the Pleadings (which tellingly does not oppose News Plaintiffs' cross-motion to amend), *see* Dkt. 1587 at 1 ("*Cox* fundamentally reshaped—and significantly narrowed—the standard for contributory infringement, abrogating the 'knowledge plus material contribution' theory on which News Plaintiffs' claims depend."). There can be no question that *Cox* "reshaped" the standard for contributory copyright infringement claims. *Cox*, 146 S. Ct. at 967 ("The intent required for contributory liability can be shown only if the party induced the infringement or the provided service is tailored to that infringement."). And, given this intervening change in governing law during the pendency of this litigation, News Plaintiffs diligently moved—within three months—to amend their contributory infringement claims to conform to the *Cox* decision. Specifically, in light of the Supreme Court's decision abrogating the material contribution theory of liability which was well-recognized in this Circuit, *see Gershwin Pub'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971); NYT Dkt. 514 at 19, News Plaintiffs moved to conform their pre-existing contributory infringement claims to the inducement and tailored-to-infringement theories reaffirmed by *Cox* and to the evidence produced in this action. Where "the proposed amendments may be said to cure deficiencies in the complaint, that result is not a basis for their denial."[1] *Duling*, 265 F.R.D. at 98; *see Elsevier*, 2017 WL 1843298, at *9 (granting plaintiffs' motion for leave to amend after an intervening change in law,

[1] Microsoft's contention that News Plaintiffs should have pled all three theories of contributory infringement at the outset of this litigation is a red herring. As an initial matter, News Plaintiffs only became aware of the scope of Microsoft's contributory infringement through the course of depositions—most of which did not occur until 2026. As such, News Plaintiffs only recently obtained the evidence needed to state their inducement and tailored-to-infringement theories. *See Syntel Sterling*, 2016 WL 5338550, at *3 ("Courts routinely grant leave to amend when a plaintiff seeks to refine the complaint to reflect evidence obtained in discovery."). Furthermore, it would be highly inefficient for parties to plead in the alternative multiple iterations of the same claim in their initial pleadings. This would only encourage needless motion practice, which would ultimately be unnecessary unless there is an unexpected intervening change in law.

as "[t]he 'amended portion of the complaint' will not 'fail to state a cause of action,' but rather will correct those portions of the Amended Complaint that currently fail to state a cause of action").

Furthermore, Microsoft is incorrect that News Plaintiffs have had the relevant factual content underpinning their proposed amendment since 2024. Even a cursory review of the proposed amended complaints shows that News Plaintiffs primarily rely upon deposition testimony from Microsoft's representatives in substantiating their amended contributory infringement claims—many of whom were not deposed until 2026 (i.e., Fabrice Canel, Satya Nadella). And, many of Microsoft's produced documents were only given the necessary context to substantiate News Plaintiffs' amended claims after News Plaintiffs were able to ask Microsoft's witnesses about them. For instance, News Plaintiffs were only able to understand the scope of the Bing Index and crawler allegations after Microsoft's witnesses provided the relevant chronology of events, the scope of Microsoft's involvement, and Microsoft's intent in providing these services to OpenAI. Thus, given that fact discovery only closed approximately four months ago, it is entirely reasonable that News Plaintiffs would only now seek to conform their pre-existing contributory infringement claim to the evidence produced in discovery, Microsoft's deposition testimony, and changes in the law. *See Syntel Sterling*, 2016 WL 5338550, at *3 ("Courts routinely grant leave to amend when a plaintiff seeks to refine the complaint to reflect evidence obtained in discovery.").[2] Accordingly, given that News Plaintiffs "have diligently sought leave upon a change in controlling law," and to reflect evidence that it only recently obtained in discovery, the Court

[2] Indeed, for that very reason, Microsoft's reliance on News Plaintiffs' representations regarding the scope of their contributory infringement claims at a June 2025 and August 2025 hearing are entirely irrelevant to the present motion. News Plaintiffs only became aware of the extent of Microsoft's contributory infringement through the course of Microsoft's depositions—all of which occurred after these two hearings.

should find that "[g]ood cause [ ] supports [News Plaintiffs'] motion[s] to amend."[3] *Elsevier Inc.*, 2017 WL 1843298, at *9; *see Syntel Sterling*, 2016 WL 5338550, at *3 ("Courts routinely grant leave to amend when a plaintiff seeks to refine the complaint to reflect evidence obtained in discovery."); *In re Anderson*, 668 B.R. at 781 ("After the *Bruce* decision was issued, Plaintiff promptly filed the Motion to Amend four months later. The Court finds that the intervening change in law constitutes a 'valid reason' to seek an amendment.").

### B. Microsoft Has Failed to Demonstrate Substantial Prejudice.

Microsoft also asserts that News Plaintiffs' proposed amendment would cause substantial prejudice. *See* Dkt. 1621 at 8. However, despite bearing "the burden of demonstrating that substantial prejudice would result were the proposed amendment to be granted," *Cat3, LLC*, 2015 WL 5559569, at *4, Microsoft only offers three conclusory sentences regarding the alleged prejudice, *see* Dkt. 1621 at 9. Such conclusory allegations are insufficient to establish substantial prejudice. *See, e.g.*, *Hough v. Petty*, 2023 WL 7687866, at *5 (E.D.N.Y. Oct. 10, 2023) ("[D]efendant fails to specifically identify any additional discovery he would require as a result of the amendments."); *Bunay Villa v. Prima Contracting Ltd.*, 2020 WL 3035202, at *5 (E.D.N.Y. May 29, 2020) (holding defendants would not be prejudiced by an amendment where they "fail to specify what the discovery would entail and what additional cost would be associated with it"); *Hernandez v. Sikka*, 2019 WL 1232092, at *5 (E.D.N.Y. Mar. 15, 2019) ("Defendants' charges of bad faith and undue prejudice lack adequate support.").

***First***, Microsoft asserts—without any explanation—that "the proposed amendments center on models and products that have already been the subject of extensive motion practice between

[3] It must also be noted that, since the close of fact discovery, all parties have been busy preparing multiple rounds of expert reports and preparing for expert depositions. As such, News Plaintiffs have been balancing multiple competing priorities since the issuance of the *Cox* decision.

the parties, and as to which the Court has imposed limits on scope." Dkt. 1621 at 9. However, the only models specifically mentioned in News Plaintiffs' proposed amended complaints are those that this Court has expressly found to be at issue in this litigation. *See, e.g.*, Dkt. 1591-2 at ¶ 79 [redacted]; Dkt. 707 at 6 ("Microsoft's motion to strike allegations related to GPT-4o and GPT-4o Mini is denied. Microsoft's further request that the Court expressly limit the scope of the MDL to exclude Microsoft products that incorporated GPT-4o and GPT-4o Mini . . . is also denied."). [redacted] *See* Dkt. 1591-2 at ¶¶ 73–76. Accordingly, contrary to Microsoft's assertions, News Plaintiffs' proposed amendments are clearly limited to the products at issue in this litigation.

***Second***, Microsoft baldly claims that "the 'tailored-to-infringement' theory necessarily implicates product design and functionality, which Microsoft has not fully evaluated in defending this case, including both its affirmative and defensive discovery efforts. For instance, Microsoft would have supplemented its expert analyses and testimony to address in detail how the algorithm works or the source code and selection of grounding materials.'" Dkt. 1621 at 9. This argument is nonsensical. [redacted] Microsoft has already provided thousands of documents, and dozens of hours of deposition testimony on both of these topics, the parties have moved this Court

multiple times on discovery pertaining to these issues, and on December 5, 2025, Microsoft presented a technical tutorial to this Court on the Bing Index. Following the close of fact discovery, News Plaintiffs' experts addressed [redacted] in their opening expert reports dated April 24, 2026, and Microsoft identified three non-retained experts (each of whom have already been deposed) that will address these issues in its rebuttal expert disclosures dated May 29, 2026. Thus, there is no reason to believe that any additional discovery will be needed.

***Third***, Microsoft claims that "the 'intent' element of inducement demands proof of a specific intent to infringe with respect to the acts and products underlying the new claim, and it draws in a different set of witnesses than those deposed during fact discovery." Dkt. 1621 at 9. However, as discussed *supra*, News Plaintiffs' amended claim is limited to the same products that have always been at issue in this litigation. News Plaintiffs are not seeking depositions of any new witnesses to support these claims, and Microsoft fails to identify any new witnesses that would need to be identified to defend these claims.[4] *See Hernandez v. Sikka*, 2019 WL 1232092, at *5 (E.D.N.Y. Mar. 15, 2019) (holding defendants would not be prejudiced by an amendment where "Defendants make no attempt to describe, much less identify in any manner, the specific discovery needs that would be triggered").

Finally, News Plaintiffs' proposed amendment comes well before the summary judgment deadline or trial. Indeed, a trial date has not even been set in this action. As such, "the delay here is much smaller than that which courts have found suspect—generally, delay until the eve of trial." *Duling*, 265 F.R.D. at 97; *see* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1488 at 652–57 (2d ed. 1990) (noting that courts have granted leave to

---

[4] News Plaintiffs (not Microsoft) bear the burden to show the "intent element of inducement." In other words, News Plaintiffs are the only parties that would conceivably be seeking additional discovery on this issue. And, in their opening briefs, News Plaintiffs have already disclaimed seeking any additional discovery from Microsoft to support these amended claims. *See* Dkt. 1590-1 at 11.

amend "following discovery; after a pretrial conference; at a hearing on a motion to dismiss or for summary judgment; after a motion to dismiss has been granted but before the order of dismissal has been entered; when the case is on the trial calendar and has been set for a hearing by the district court; at the beginning, during, and at the close of trial; after a judgment has been entered; and on remand following an appeal"). Consequently, the Court should find that Microsoft has not met its burden to demonstrate that it will be substantially prejudiced by News Plaintiffs' proposed amendments.

## CONCLUSION

For the foregoing reasons, News Plaintiffs respectfully request the Court grant their cross-motions for leave to amend.

Dated: July 16, 2026

*<u>/s/ Ian Crosby</u>*

Ian Crosby *(admitted pro hac vice)*
Genevieve Vose Wallace *(admitted pro hac vice)*
Katherine M. Peaslee *(admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(admitted pro hac vice)*
Emily K. Cronin (*admitted pro hac vice)*
Adnan Muttalib *(admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
amuttalib@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(admitted pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for The New York Times Company*

*/s/ Steven Lieberman*
Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker *(admitted pro hac vice)*
Jenny L. Colgate *(admitted pro hac vice)*
Mark Rawls *(admitted pro hac vice)*
Michael H. Jones *(admitted pro hac vice)*
Alexandra Hughes *(admitted pro hac vice)*
Kristen J. Logan *(admitted pro hac vice)*
Bryan B. Thompson (6004147)
Mary L. Mullins *(admitted pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040

Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
mrawls@rothwellfigg.com
mjones@rothwellfigg.com
ahughes@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com
mmullins@rothwellfigg.com

*Attorneys for Daily News Plaintiffs*