UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE:


OPENAI, INC.,

COPYRIGHT INFRINGEMENT LITIGATION


This Document Relates To:

> The New York Times Co. v. Microsoft Corp.
> et al., 23-cv-11195
>
> Daily News L.P. et al. v. Microsoft Corp. et al.,
> 24-cv-3285
>
> The Center for Investigative Reporting, Inc. v.
> OpenAI, Inc. et al., 24-cv-4872

---

25-md-3143 (SHS) (OTW)

MEMORANDUM ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Before the Court are OpenAI's[1] motion (Dkt. No. 1586)[2] pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings dismissing the contributory copyright infringement claims asserted against OpenAI by the New York Times,[3] Daily News,[4] and CIR[5] (together, the "News Plaintiffs") and cross motions by the New York

---

[1] "OpenAI" refers to defendants OpenAI, Inc., OpenAI LP, OpenAI GP LLC, OpenAI LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Group PBC.

[2] All citations to docket entries are to the docket for Case No. 25-md-3143 unless otherwise noted.

[3] "New York Times" refers to plaintiffs in The New York Times Co. v. Microsoft Corp. et al., No. 23-cv-11195.

[4] "Daily News" refers to plaintiffs in Daily News L.P. et al. v. Microsoft Corp. et al., No. 24-cv-3285.

[5] "CIR" refers to the plaintiff in The Center for Investigative Reporting, Inc. v. OpenAI, Inc. et al., No. 24-cv-4872.

Times (Dkt. No. 1590) and Daily News (Dkt. No. 1598) requesting leave to amend their complaints. The Court denies OpenAI's Rule 12(c) motion as moot in light of the News Plaintiffs' voluntary dismissal with prejudice of their contributory copyright infringement claims against OpenAI. The New York Times's and Daily News's cross motions for leave to amend their complaints to assert different theories of contributory copyright infringement liability against defendant Microsoft Corp. are denied because the New York Times and Daily News have not demonstrated good cause justifying the requested amendments at this late stage of the litigations.

The Court assumes familiarity with the history of this multidistrict litigation. The New York Times, Daily News, and CIR each asserted contributory copyright infringement claims against OpenAI and Microsoft on the theory that OpenAI and Microsoft knew of and "materially contributed" to direct copyright infringement by end users of their products. (*See* Dkt. No. 72 ("New York Times Second Am. Compl.") ¶¶ 185–87; Case No. 24-cv-3285, Dkt. No. 1 ("Daily News Compl.") ¶¶ 211–14; Case No. 24-cv-4872, Dkt. No. 88 ("CIR First Am. Compl.") ¶¶ 142–44.) The New York Times and Daily News both also asserted separate contributory copyright infringement claims against Microsoft on the theory that Microsoft knew of and "materially contributed" to direct infringement by OpenAI. (*See* New York Times Second Am. Compl. ¶¶ 181–84; Daily News Compl. ¶¶ 207–10.)

In its recent decision in *Cox Communications, Inc. v. Sony Music Entertainment,* the U.S. Supreme Court held that "material contribution" is not a valid theory of contributory liability for copyright infringement. 146 S. Ct. 959 (2026). Based on *Cox,* OpenAI moved pursuant to Rule 12(c) for judgment on the pleadings dismissing the News Plaintiffs' contributory copyright infringement claims against OpenAI because they were premised on the impermissible "material contribution" theory of contributory copyright infringement. (Dkt. Nos. 1586; 1587 at 1–2.)

In response to OpenAI's motion, the News Plaintiffs agreed to amend their complaints voluntarily to dismiss with prejudice their contributory copyright infringement claims against OpenAI and Microsoft premised on alleged "material contribution" to direct infringement by end users. (Dkt. No. 1590-1 ("New York Times Mem.") at 1; Dkt. No. 1594; Dkt. No. 1598-1 ("Daily News Mem.") at 4–5; Dkt. No. 1606 ("CIR Response").) OpenAI has consented to these amendments (New York Times Mem. at 1 n.1; Dkt. No. 1594; Daily News Mem. at 4 n.1; CIR Response) and Microsoft has stated that the New York Times and Daily News "have properly withdrawn" these claims (Dkt. No. 1621 ("Microsoft Opp.") at 3). OpenAI's Rule 12(c) motion (Dkt. No. 1586) is therefore denied as moot as to the New York Times, Daily News, and CIR, and the claims of those parties alleging contributory copyright infringement against OpenAI

and Microsoft on the basis of "material contribution" to end users' direct infringement are dismissed with prejudice.[6]

The New York Times and Daily News also moved for leave to amend their contributory copyright infringement claims against Microsoft on the grounds that the Supreme Court's decision in *Cox* constitutes good cause justifying amendment. (Dkt. No. 1590; New York Times Mem. at 3–6; Dkt. No. 1598; Daily News Mem. at 6–9.) Specifically, the New York Times and Daily News seek to amend their claims against Microsoft to allege that Microsoft "intentionally induced OpenAI's infringement" and "provided OpenAI with services tailored to infringement." (Dkt. No. 1590-2 ("New York Times Proposed Third Am. Compl.") ¶¶ 189–98; Dkt. No. 1598-3 ("Daily News Proposed Am. Compl.") ¶¶ 215–23.) The "inducement" and "services tailored to infringement" theories of contributory copyright infringement liability which the New York Times and Daily News now seek to assert against Microsoft existed prior to the Supreme Court's decision in *Cox*, which explicitly reaffirmed the continued validity of those theories despite *Cox*'s invalidation of the "material contribution" theory. *See Cox*, 146 S. Ct. at 967 ("The provider of a service is contributorily liable for the user's infringement only if it intended that the provided service be used for infringement. The intent required for contributory liability can be shown only if the party induced the infringement or the provided service is tailored to that infringement.").

The motions by the New York Times and the Daily News for leave to amend their complaints to assert "inducement" and "services tailored to infringement" theories of contributory copyright infringement liability against Microsoft are denied. "Where . . . a party moves to amend after the deadline imposed by the court's scheduling order, the moving party must show 'good cause' for the amendment" pursuant to Federal Rule of Civil Procedure 16(b). *J.M. v. Sessions*, 162 F.4th 364, 377 (2d Cir. 2025). The Supreme Court's decision in *Cox* does not constitute "good cause" for the New York Times's and Daily News's requested amendment at this late date. *Cox* did not alter the viability of "inducement" and "services tailored to infringement" theories of contributory copyright infringement liability—it merely declared the invalidity of the theory of liability that the New York Times and Daily News elected to pursue against Microsoft throughout this litigation. The New York Times and Daily News were free before *Cox* to assert contributory copyright infringement claims against Microsoft based on

---

[6] The New York Times and Daily News also seek voluntarily to dismiss with prejudice their trademark dilution claims. (New York Times Mem. at 1; Dkt. No. 1594; Daily News Mem. at 4–5.) OpenAI consented to these proposed amendments. (New York Times Mem. at 1 n.1; Dkt. No. 1594; Daily News Mem. at 4 n.1.) The claims by the New York Times and Daily News for trademark dilution are dismissed with prejudice.

"inducement" or provision of "services tailored to infringement," but they chose not to do so.  Extensive, lengthy, and contentious discovery proceeded in this case on the New York Times's and Daily News's "material contribution" theory, and permitting the New York Times and Daily News to switch their theories now would require reopening discovery into Microsoft's intent and whether the services Microsoft provided to OpenAI were tailored to infringement.[7]  Accordingly, the Court finds that the New York Times and Daily News have not demonstrated good cause justifying their requests for leave to amend their complaints to add new theories of contributory copyright infringement liability against Microsoft.

In sum, OpenAI's Rule 12(c) motion (Dkt. No. 1586) is denied as moot as to the News Plaintiffs because the News Plaintiffs have agreed to exactly what OpenAI sought in its motion:  dismissal with prejudice of their "material contribution" contributory copyright infringement claims against OpenAI.  The Court dismisses with prejudice the News Plaintiffs' "material contribution" contributory copyright infringement claims against OpenAI and Microsoft premised on alleged direct infringement by end users. The Court also dismisses with prejudice the trademark dilution claims by the New York Times and the Daily News.  The New York Times's and Daily News's motions requesting leave to amend their complaints to add new theories of contributory copyright liability against Microsoft (Dkt. Nos. 1590, 1598) are denied.

The Court notes that CIR has filed a Second Amended Complaint reflecting the dismissal of its contributory copyright infringement claim against OpenAI and

---

[7] The Court further notes that much of the discovery on which the New York Times and Daily News base their request was produced by Microsoft in fall 2024 and spring 2025. (Microsoft Opp. at 6.)  Though more recent deposition testimony may have clarified the meaning of these documents, this is clearly not a situation in which a party seeks to amend its complaint to reflect recently produced discovery supporting a previously unknown claim.

Microsoft. (Dkt. No. 1620.) The New York Times and Daily News are directed to file amended complaints in conformity with this Order within fifteen days.

Dated: New York, New York
　　　　August 6, 2026

SO ORDERED:

_____

Sidney H. Stein, U.S.D.J.

5