# EXHIBIT 5

**Andrew Gass**
Direct Dial: 415-395-8806
andrew.gass@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600 Fax: +1.415.395.8095
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin
Beijing
Boston
Brussels
Century City
Chicago
Dubai
Düsseldorf
Frankfurt
Hamburg
Hong Kong
Houston
London
Los Angeles
Madrid
Milan
Munich
New York
Orange County
Paris
Riyadh
San Diego
San Francisco
Seoul
Silicon Valley
Singapore
Tel Aviv
Tokyo
Washington, D.C.

March 5, 2024

**VIA EMAIL**

Ian B. Crosby
Susman Godfrey L.L.P.
401 Union Street, Ste. 3000
Seattle, WA 98101

Re: *New York Times Co. v. Microsoft*, No 1:23-cv-11195

Counsel:

I write on behalf of OpenAI in response to your February 16, 2024 letter.

***First***, we disagree with your suggestion that the categories of evidence identified in my February 9, 2024 letter are not relevant to this litigation. Information as to how Times employees have used ChatGPT and OpenAI's API is relevant not only because those services lie at the heart of the complaint the Times chose to file, but because any such use goes directly to the merits of the Times's contributory infringement claim. Your suggestion that the "potential for substantial non-infringing uses is not relevant" because the Times's claim is based on "material contribution, not [] inducement" is beyond our comprehension.[1] Unless you plan to contend that what Times journalists are doing with OpenAI's products is in fact infringing, evidence of their own non-infringing uses will be some of the most critical in this case. And your unilateral assertion that the Times's editorial decisions are "made independently of business operations" does nothing to exclude relevant evidence from the scope of discovery. Your letter also notably fails to acknowledge or dispute the numerous other reasons why this evidence is relevant, as laid out in my February 9 letter. Even if you had articulated a colorable argument why neither of these categories of evidence was relevant (which you have not), that would simply create a dispute that the parties may ultimately need the court to resolve. The Times "has the duty to preserve what it knows, or reasonably should know . . . is *reasonably likely to be requested during discovery*." *Europe v. Equinox Holdings, Inc*., 592 F. Supp. 3d 167, 176 (S.D.N.Y. March 21, 2022) (emphasis added). Thus, given that the Times has identified no undue burden that would be imposed by

---

[1] *See* Compl. ¶¶ 178–80 (alleging claim for contributory infringement); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 442 (1984) (sale of product "does not constitute contributory infringement if the product is widely used for legitimate, unobjectionable purposes").

LATHAM&WATKINS LLP

preserving this evidence, or other reason why the Times should not be required to do so, the Times must do so—regardless of its position that the evidence should not ultimately be produced.

***Second***, your refusal to identify the individual who manufactured the evidence cited in your Complaint is indefensible. It should go without saying that any information relating to that individual or the process they used to evaluate OpenAI's models—including the nature and quantity of failed attempts to cause those models to output Times content—is not only discoverable, but central to the merits of this litigation. Your letter demanded that OpenAI preserve any such information in its possession. Jan. 23, 2024 Letter at 1–2 (demanding preservation of "all documents related to" "output that repeats or summarizes training material"). OpenAI cannot do so if the Times refuses to provide the information necessary to locate and confirm those documents in OpenAI's internal files. Specifically, even assuming the Times's preservation demand is appropriate, OpenAI cannot satisfy it without the identity and account information of the individual responsible for creating the model outputs cited in the complaint that allegedly "repeat[] or summarize" training material. *Id.*

Your letter notably failed to advance a basis for your refusal to comply with this simple request. That suggests that your refusal is part and parcel of a broader strategy to mislead the court (and the public) by including cherry-picked and incomplete evidence in your pleadings, while withholding information as to the context and creation of that evidence to deprive OpenAI of its right to defend itself. That is obviously impermissible, as OpenAI will establish in due course.

Sincerely,

Andrew Gass
of LATHAM & WATKINS LLP