# EXHIBIT 6
# (Redacted Version)

ROTHWELL FIGG

901 New York Avenue, N.W.
Suite 900 East
Washington, DC 20001

Telephone (202) 783-6040
Facsimile (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | New York | Boston

G. Franklin Rothwell (1928-2011)
Harry F. Manbeck, Jr. (1926-2025)

E. Anthony Figg
George R. Repper
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols
Daniel L. Shores

*Not a member of the D.C. Bar. Practice limited to patent, trademark and copyright matters and cases in federal courts.

Jennifer B. Maisel
Jess M. Collen
Jeffrey A. Lindenbaum*
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
James T. Pawlowski
Bryan B. Thompson
Melissa C. Santos, Ph.D.
Andrew C. Stewart
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger
Mary L. Mullins*
Michael A. Saunders
Stephanie E. Waltersdorff

Of Counsel
Jane F. Collen
James R. Hastings*
Mitchell E. Radin*

May 7, 2025

**VIA ECF**

Hon. Sidney H. Stein
United States Magistrate Judge
500 Pearl Street
New York, NY 10007

Re: ***Request for Permission to File Supplemental Letter Regarding News Plaintiffs' Motion to Compel OpenAI to Identify the Output Logs it Has Destroyed***
*In Re: OpenAI, Inc., Copyright Infringement Litigation,* No. 1:25-md-3143, This Document Relates To: *The New York Times Company v. Microsoft Corporation, et al.*, No. 1:23-cv-11195

Dear Judge Stein:

We write on behalf of Plaintiffs The New York Times Company ("The Times"), Daily News, LP, *et al.* (the "*Daily News* Plaintiffs"), and the Center for Investigative Reporting (collectively, the "News Plaintiffs") to seek permission to file a Supplemental Letter to Magistrate Judge Wang regarding News Plaintiffs' pending Motion to Compel OpenAI to identify the output logs it has destroyed since The Times filed its Original Complaint on December 27, 2023.[1] The proposed Supplemental Letter is attached hereto as Exhibit 1.

On April 30, 2025, this Court issued Case Management Order No. 1, which directs that, "[u]ntil the parties reach an agreement on a preservation plan for all actions or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation." Dkt. 14 at 4. The Court also included the following footnote to that statement: "If there is currently a dispute about the scope or degree of preservation of output log data, the parties should identify the dispute in the Report. This Order does not resolve or address any such dispute." *Id*. at 4, n. 1.

Despite numerous meet and confer efforts, News Plaintiffs and OpenAI have an ongoing dispute about the scope or degree of OpenAI's preservation of output log data. News Plaintiffs respectfully submit that the Supplemental Letter, which includes information News Plaintiffs have

[1] The motion is pending at *The Times*, Case No. 23-cv-11195, Dkt. 483, which in turn relates to News Plaintiffs' prior motion to compel at Dkt. 379

received to-date regarding OpenAI's preservation and destruction of "user conversation" data for at least ChatGPT Free, Plus, and Pro, will assist the Court in understanding the nature of the dispute.

Moreover, News Plaintiffs seek permission to file the Supplemental Letter separately from the forthcoming report from all plaintiffs and defendants in the MDL docket in accord with proposed new Rule 16.1 because OpenAI has designated portions of Exhibit 1 and the attachments thereto as Protected Discovery Material under the Protective Order governing just the consolidated News cases. OpenAI has taken the position that such materials are not to be shared outside those cases. Although News Plaintiffs do not affirmatively seek to seal any material, News Plaintiffs are provisionally requesting that portions of Exhibit 1 and the attachments thereto be filed under seal because those portions discuss documents and information that OpenAI has designated as Protected Discovery Material under the Protective Order.

May 7, 2025

Respectfully submitted,

*/s/Steven Lieberman*
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck, P.C.

*/s/Ian B. Crosby*
Ian B. Crosby
Susman Godfrey L.L.P.

*/s/Matt Topic*
Matt Topic
Loevy & Loevy

cc: All Counsel of Record (via ECF)

# FILED UNDER SEAL

# EXHIBIT 1

ROTHWELL FIGG

901 New York Avenue, N.W.
Suite 900 East
Washington, DC 20001

Telephone (202) 783-6040
Facsimile (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | New York | Boston

G. Franklin Rothwell
(1928-2011)
Harry F. Manbeck, Jr.
(1926-2025)

E. Anthony Figg
George R. Repper
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols
Daniel L. Shores

*Not a member of the D.C. Bar. Practice limited to patent, trademark and copyright matters and cases in federal courts.

Jennifer B. Maisel
Jess M. Collen
Jeffrey A. Lindenbaum*
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
James T. Pawlowski
Bryan B. Thompson
Melissa C. Santos, Ph.D.
Andrew C. Stewart
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger
Mary L. Mullins*
Michael A. Saunders
Stephanie E. Waltersdorff

Of Counsel
Jane F. Collen
James R. Hastings*
Mitchell E. Radin*

May 7, 2025

**VIA ECF**

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York

Re: *In Re: OpenAI, Inc., Copyright Infringement Litigation,* No. 1:25-md-3143, This Document Relates to: *The New York Times Company v. Microsoft Corporation, et al.*, No. 1:23-cv-11195

Dear Magistrate Judge Wang:

We write on behalf of Plaintiffs Daily News, LP, *et al.* (the "*Daily News* Plaintiffs"), The New York Times Company ("The Times"), and the Center for Investigative Reporting (collectively, the "News Plaintiffs"). Based on information recently produced by OpenAI, News Plaintiffs request that a discovery hearing be rescheduled as soon as possible to hear argument on The Times's and *Daily News* Plaintiffs' letter motion to compel OpenAI to identify the output logs it has destroyed since The Times filed its Original Complaint on December 27, 2023 (Dkt. 483).[1]

Specifically, in response to this Court's order directing Defendants to respond to News Plaintiffs by March 31, 2025 (Dkt. 484), OpenAI served a letter stating the volume of ChatGPT Free, Pro, and Plus "user conversations" it has destroyed since December 27, 2023. That letter is attached hereto as Exhibit A. As reflected in that letter, the volume of destroyed user conversations for these products is substantial: over [redacted] user conversations.[2] On April 11, 2025, OpenAI also produced to News Plaintiffs over 3 terabytes of metadata reflecting the volume of user conversations OpenAI had (as of that date) in its possession for ChatGPT Free, Pro, and Plus from

[1] This motion in turn relates to News Plaintiffs' prior motion to compel at Dkt. 379. Unless otherwise indicated, all docket references herein are to *The Times* Dkt., Case No. 23-cv-11195. In response to Judge Stein's Case Management Order No. 1 issued April 30, 2025 (*In re. OpenAI, Inc., Copyright Infringement Litigation*, Case No. 1:25-md-3143 at Dkt. 14), News Plaintiffs again asked OpenAI to "immediately cease its ongoing destruction of potentially relevant output log data and preserve all such data hereinafter," and OpenAI declined to confirm that it was ceasing its ongoing output log data destruction practices. *See* Exhibit B.

[2] News Plaintiffs have provisionally redacted this number in the public filing because, in preparing the Parties' joint letter containing a summary of discovery disputes to be heard at the April 10, 2025 discovery conference—which has since been adjourned *sine die* (Dkt. 519)—OpenAI designated this number confidential. News Plaintiffs do not agree with OpenAI's designation.

December 9, 2022 until December 19, 2024. When the "destroyed" and "retained" user conversation data is viewed together, the following three facts are apparent:

- *First*, in the immediate months after The Times filed its initial Complaint in December 2023, OpenAI had been destroying roughly 1/3 of all user conversation data for its ChatGPT Free, Plus, and Pro products.[3]

- *Second*, a few weeks before OpenAI sent its November 15, 2024, letter putting News Plaintiffs on notice for the first time that it was not preserving user conversation data (Dkt. 379-13)—there was a significant spike in deleted ChatGPT Free, Plus, and Pro user conversations of approximately [redacted] conversations. That is, there was a significant increase in OpenAI's destruction of user conversations that began immediately before OpenAI provided News Plaintiffs with notice that it was deleting user conversations.

- *Third*, in January 2025—just after News Plaintiffs sought to confirm for a second time that OpenAI was preserving all relevant user conversations (*see* Dkt. 379-14)[4]—there was a second, larger spike in deleted ChatGPT Free, Plus, and Pro user conversations of approximately [redacted] conversations.

The chart below overlays the user conversation data OpenAI has retained (in navy blue), the user conversation data OpenAI has retained (in pink), and annotations for the three points in time referenced above (in red).

[3] OpenAI has not provided data on the user conversation data it destroyed prior to December 27, 2023, the date The Times filed its lawsuit.

[4] The Times first sent a letter to OpenAI on January 23, 2024, stating that "OpenAI is obligated to preserve OpenAI is obligated to preserve all documents related to … output generated by the Models, including output that repeats or summarizes training material or contains hallucinations or misinformation … [and] use of The Times's content for retrieval augmented generation…" (Dkt. 379-2 at 3), and the parties' subsequent correspondence is summarized in News Plaintiffs' earlier motion (Dkt. 379 at 2).




*See* Exhibit C, Declaration of Lillian Dai.

Furthermore, OpenAI has refused to provide News Plaintiffs with the volume of output log data OpenAI has destroyed (or retained) for its other products at issue in the litigation, including the API and ChatGPT Enterprise products. On April 2, News Plaintiffs sent a follow up letter to OpenAI's March 31 letter and still have not received a response. *See* Exhibit D.

In view of OpenAI's substantial, ongoing destruction of user conversation data for at least ChatGPT Free, Plus, and Pro, and OpenAI's refusal to cease its destruction practices, News Plaintiffs request a hearing on this issue to ensure that relevant and responsive information to News Plaintiffs' claims is preserved.

May 7, 2025

Respectfully submitted,

*/s/ Steven Lieberman*
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck, P.C.

*/s/ Ian B. Crosby*
Ian B. Crosby
Susman Godfrey L.L.P.

*/s/ Matt Tropic*
Matt Topic
Loevy & Loevy

cc: All Counsel of Record (via ECF)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br><br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates To:<br><br>No. 1:23-cv-11195 (SHS) (OTW) | 25-md-3143 (SHS) (OTW) |

**DECLARATION OF JENNIFER B. MAISEL**

I, Jennifer B. Maisel, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney at Rothwell, Figg, Ernst & Manbeck, P.C., which represents Plaintiffs The New York Times Company ("The Times") and Daily News, LP et al. ("Daily News") (collectively, the "News Plaintiffs") in this case. I submit this declaration on behalf of the News Plaintiffs in support of the News Plaintiffs' Supplemental Letter regarding OpenAI's destruction of output log data. I have personal knowledge of the facts set forth in this declaration. If called as a witness, I could and would competently testify as to these facts under oath.

2. Attached as Exhibit A is a true and correct copy of a March 31, 2025, letter Elana Nightingale Dawson sent on behalf of OpenAI to me.

3. Attached as Exhibit B is a true and correct copy of an April 30, 2025, email chain between counsel for News Plaintiffs and counsel for OpenAI.

4. Attached as Exhibit C is a true and correct copy of Dr. Lillian Dai's declaration describing her and her team's review and analysis of OpenAI's output log metadata.

5. Attached as Exhibit D is a true and correct copy of an April 2, 2025, letter I sent on behalf of News Plaintiffs to Elana Nightingale Dawson, counsel for OpenAI.

6. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 7, 2025

/s/ Jennifer Maisel
Jennifer B. Maisel

# EXHIBIT A

**Elana Nightingale Dawson**
Direct Dial: 202.637.2303
elana.nightingaledawson@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Century City, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

March 31, 2025

**HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY**

**VIA EMAIL**

Jennifer Maisel
jmaisel@rothwellfigg.com
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W.
Suite 900 East
Washington, D.C. 20001

*Re: The New York Times Company v. Microsoft Corp. et al., Case No. 24-cv-11195-SHS; Daily News, LP et al v Microsoft Corp. et al., Case No. 24-cv-3285-SHS*

Counsel:

I write to follow up on our ongoing conferrals regarding Plaintiffs' request that OpenAI preserve all user conversation data irrespective of consumer preferences. In your March 18, 2025 email, you first addressed whether it would be possible for OpenAI "to identify and preserve only potentially relevant output log data." As an initial matter, we continue to dispute the notion that there is any evidence that *any* "relevant output log data" has been deleted. In any event, and as we have previously told both you and the Court, OpenAI does not have the ability to search conversations that will not be retained pursuant to OpenAI's Privacy Policy. *See* ECF 425 ¶ 9. We also still do not have clarity from Plaintiffs on what specific criteria Plaintiffs believe should be used to identify such a subset. It thus remains unclear whether it is even possible to create a technological tool to accomplish what Plaintiffs are seeking.

We understand that Plaintiffs nevertheless maintain that OpenAI is obligated to build a technological tool in order to address Plaintiffs' demands. To the extent OpenAI could even create a tool that could identify and preserve a subset of conversations based on as-yet-undefined criteria, doing so would require significant and highly burdensome investment of time and resources and–if even possible–would take at least several months of development, if not more, not to mention the high and burdensome cost, resources, and time related to testing, validation, hosting, and storage. In other words, what Plaintiffs are asking OpenAI to do is to invest significant engineering resources—at least two to three full time engineers for several months, if not longer—to create a custom-built search tool. Plaintiffs' demands would also require OpenAI to (1) create new internal data storage and infrastructure systems so that such a tool could

LATHAM&WATKINS LLP

operate, and (2) dedicate additional engineering time and resources to continued support and maintenance of such a tool.

In short, Plaintiffs are asking OpenAI to dedicate multiple full-time employees, along with additional technological and data-storage infrastructure, to the creation and deployment of a custom-built product to address Plaintiffs' demands. Plaintiffs' demands are both overly burdensome and not proportionate to the needs of the case. They go well beyond what the Federal Rules require. *Cf. Novitaz, Inc. v. Shopkick, Inc.*, No. 13-cv-1613, 2014 WL 5090009, at *4 (D. Conn. Oct. 9, 2014) (declining to require a party to make a compiler available for source code review, recognizing that "creating a functional build environment (compiler) would impose an extraordinary burden because it would consume substantial engineering resources") (citation and internal quotation marks omitted). For these reasons, OpenAI hopes the parties can direct their energy towards moving forward with sampling the over [redacted] user conversations that OpenAI does possess–a population of conversations that is more than sufficient to analyze any issues Plaintiffs wish to assess.

You next addressed Plaintiffs' questions regarding user conversations that, pursuant to OpenAI's standard retention policies and its users' privacy preferences, have not been retained. You followed up by filing a letter with the Court addressing the same, seeking:

> (1) an identification of all output log data that has been destroyed, including an estimated volume thereof based on the best information available to OpenAI, since December 27, 2023, when The Times filed its original Complaint, (2) when such data was destroyed, and (3) whether such data is retrievable.

Plaintiffs filed their letter notwithstanding the fact that the parties' conferrals remained ongoing and OpenAI had informed you that it was investigating what data it had available regarding conversations that had not been retained. It thus remains unclear why Plaintiffs chose to prematurely bring this issue back to the Court. In any event, we have provided below responses to the questions we are able to answer following a reasonable search and investigation. While accurate to the best of our knowledge at this time, it is possible that our further investigation may uncover different or additional information. OpenAI's investigation is ongoing.

The chart below, which is based on data from the week of March 24, 2025, contains the following information:

[redacted]

[redacted]

[redacted]

LATHAM & WATKINS LLP

| Approximate Number of ChatGPT Free, Pro, and Plus Conversations |
| --- |
| [redacted] |

The chart below shows the approximate number of ChatGPT Free, Plus, and Pro conversations not retained over time, from December 27, 2023 through the present.




OpenAI does not track and thus does not have available the number of API Platform completions or ChatGPT Enterprise conversations that have not been retained. OpenAI cannot retrieve conversation data that has not been retained, pursuant to its retention policies.

*     *     *

LATHAM & WATKINS LLP

OpenAI looks forward to continuing to work with Plaintiffs to find a path forward that ensures user privacy interests are protected, while permitting Plaintiffs access to the tens of billions of ChatGPT conversations that are available for sampling and analysis.

Best regards,

*/s/ Elana Nightingale Dawson*__________________
Elana Nightingale Dawson
of LATHAM & WATKINS LLP

# EXHIBIT B

**From:** Elana.NightingaleDawson@lw.com
**To:** Jennifer B. Maisel
**Cc:** Mark T. Rawls; DailyNews-AI-RFEM; NYT-AI-SG-Service@simplelists.susmangodfrey.com; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com; KVPOAI@keker.com
**Subject:** RE: NYT/DN - Correspondence
**Date:** Wednesday, April 30, 2025 11:32:41 PM
**Attachments:** image001.png

---

Counsel,

Thank you for your email. As OpenAI has made clear throughout, it has to date and continues to take reasonable steps to preserve all evidence that may be relevant to this litigation. The Court also recognized that there is an ongoing dispute related to preservation of "output log data." Indeed, your email notably omits the Court's footnote stating: "If there is currently a dispute about the scope or degree of preservation of output log data, the parties should identify the dispute in the Report." MDL, ECF 14 at 4 n.1.

The letters you sent contained numerous additional as well as follow-up questions on various, discrete topics. We are endeavoring to respond as soon as we are able, and to the extent we are able. We expect to respond to both letters at the same time in advance of the parties' submission of the Case Management Statement.

Best regards,
Elana

**Elana Nightingale Dawson** (she/her/hers)| **LATHAM & WATKINS LLP**
Tel: 202-637-2303 | Cell: 213-703-8628 | Fax: 202-637-2201

---

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Wednesday, April 30, 2025 6:39 PM
**To:** Nightingale Dawson, Elana (DC) <Elana.NightingaleDawson@lw.com>
**Cc:** Mark T. Rawls <MRawls@rothwellfigg.com>; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright@mofo.com; KVPOAI@keker.com
**Subject:** RE: NYT/DN - Correspondence

Counsel,
In view of Judge Stein's Order issued today (MDL Dkt. 14), and the parties' dispute and ongoing meet and confer efforts concerning OpenAI's destruction practices for its output log data, please confirm that OpenAI will immediately cease its ongoing destruction of potentially relevant output log data and preserve all such data hereinafter. *See* Order at p. 4 ("Until the parties reach an agreement on a preservation plan for all actions or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation.").
Relatedly, I am following up again on OpenAI's response to our April 2 letter, which you

promised "in short order." Please confirm that we will have a written response by Friday May 2nd.
Best regards,
Jen

ROTHWELL FIGG

**Jennifer Maisel** (she/her)
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W.
Suite 900 East
Washington, D.C. 20001

Main Number: 202.783.6040
Direct Number: 202.626.3548
Fax Number: 202.783.6031
Email: jmaisel@rothwellfigg.com
Website: www.rothwellfigg.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

---

**From:** Jennifer B. Maisel
**Sent:** Friday, April 18, 2025 9:49 AM
**To:** Elana.NightingaleDawson@lw.com
**Cc:** Mark T. Rawls <MRawls@rothwellfigg.com>; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com; KVPOAI@keker.com
**Subject:** RE: NYT/DN - Correspondence

Counsel,

Following up on OpenAI's response to our April 2 letter, as it has now been over two weeks. When can we expect a response?

Thanks,
Jen

ROTHWELL FIGG

**Jennifer Maisel** (she/her)
Rothwell, Figg, Ernst & Manbeck, P.C.

901 New York Avenue, N.W.
Suite 900 East
Washington, D.C. 20001

Main Number: 202.783.6040
Direct Number: 202.626.3548
Fax Number: 202.783.6031
Email: jmaisel@rothwellfigg.com
Website: www.rothwellfigg.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

---

**From:** Elana.NightingaleDawson@lw.com <Elana.NightingaleDawson@lw.com>
**Sent:** Monday, April 7, 2025 3:56 PM
**To:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Cc:** Mark T. Rawls <MRawls@rothwellfigg.com>; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com; KVPOAI@keker.com
**Subject:** RE: NYT/DN - Correspondence

Jen,

Thank you for your letter. As you saw, I was out of the office last week when you sent the letter. I am writing to confirm receipt and to let you know that we will get back to you in short order.

Best regards,
Elana

**Elana Nightingale Dawson** (she/her/hers)| **LATHAM & WATKINS LLP**
Tel: 202-637-2303 | Cell: 213-703-8628 | Fax: 202-637-2201

---

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Wednesday, April 2, 2025 5:58 PM
**To:** Nightingale Dawson, Elana (DC) <Elana.NightingaleDawson@lw.com>
**Cc:** Mark T. Rawls <MRawls@rothwellfigg.com>; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright@mofo.com; KVPOAI@keker.com
**Subject:** RE: NYT/DN - Correspondence

Counsel,

Please see the attached correspondence.

Best regards,
Jen

ROTHWELL FIGG

**Jennifer Maisel** (she/her)
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W.
Suite 900 East
Washington, D.C. 20001

Main Number: 202.783.6040
Direct Number: 202.626.3548
Fax Number: 202.783.6031
Email: jmaisel@rothwellfigg.com
Website: www.rothwellfigg.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

---

**From:** Elana.NightingaleDawson@lw.com <Elana.NightingaleDawson@lw.com>
**Sent:** Monday, March 31, 2025 9:43 PM
**To:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Cc:** Mark T. Rawls <MRawls@rothwellfigg.com>; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com; KVPOAI@keker.com
**Subject:** NYT/DN - Correspondence

Counsel,

Please see the attached correspondence.

Regards,
Elana

**Elana Nightingale Dawson** (she/her/hers)| **LATHAM & WATKINS LLP**
555 Eleventh St., NW Suite 1000 | Washington, DC 20004
Tel: 202-637-2303 | Cell: 213-703-8628 | Fax: 202-637-2201 | http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br>OPENAI, INC.,<br>COPYRIGHT INFRINGEMENT LITIGATION<br>This Document Relates To:<br>No. 1:23-cv-11195 (SHS) (OTW) | 25-md-3143 (SHS) (OTW) |

**DECLARATION OF LILLIAN DAI**

I, Dr. Lillian Dai, declare as follows:

1. I am the Founder and Principal of Avia Global Consulting Corporation. I submit this declaration on behalf of the News Plaintiffs in support of their Supplemental Letter regarding OpenAI's destruction of output log data. I have personal knowledge of the facts set forth below and if called as a witness, could testify competently thereto.

2. Members of my team and I have reviewed and analyzed OpenAI's letter dated March 31, 2025 that states the volume of ChatGPT Free, Pro, and Plus "user conversations" that it has destroyed since December 27, 2023 (the "Destroyed Conversation Data").

3. Members of my team and I have reviewed and analyzed the metadata produced by OpenAI that reflects the volume of ChatGPT Free, Pro, and Plus "user conversations" from December 9, 2022 to December 19, 2024 in OpenAI's possession (the "Retained Conversation Metadata").

4. Upon reviewing the Destroyed Conversation Data in the context of the Retained Conversation Metadata, I observed that in the month after The New York Times Company ("The

Times") filed its initial Complaint in December 2023, OpenAI was destroying roughly 1/3 of all user conversation data for its ChatGPT Free, Plus, and Pro products.

5. I also observed that in late October 2024, there was a significant spike in deleted ChatGPT Free, Plus, and Pro user conversations of approximately [redacted] conversations.

6. Additionally, in early January, there was a second, larger spike in deleted ChatGPT Free, Plus, and Pro user conversations of approximately [redacted] conversations.

7. Below is a chart that members of my team and I prepared based on the Retained Conversation Metadata and the information OpenAI shared in its March 31, 2025 letter that shows the volume of conversation data that OpenAI has retained over time (in navy blue) and destroyed over time (in pink).




8. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on ______

Dr. Lillian Dai

# EXHIBIT D

ROTHWELL FIGG

901 New York Avenue, N.W.
Suite 900 East
Washington, DC 20001

Telephone (202) 783-6040
Facsimile (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | New York | Boston

G. Franklin Rothwell (1928-2011)
Harry F. Manbeck, Jr. (1926-2025)

E. Anthony Figg
George R. Repper
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols
Daniel L. Shores

*Not a member of the D.C. Bar. Practice limited to patent, trademark and copyright matters and cases in federal courts.

Jennifer B. Maisel
Jess M. Collen
Jeffrey A. Lindenbaum*
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
James T. Pawlowski
Bryan B. Thompson
Melissa C. Santos, Ph.D.
Andrew C. Stewart
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger
Mary L. Mullins*
Michael A. Saunders
Stephanie E. Waltersdorff

Of Counsel
Jane F. Collen
James R. Hastings*
Mitchell E. Radin*

April 2, 2025

**VIA EMAIL**

Elana Nightingale Dawson
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Elana.NightingaleDawson@lw.com

Re: ChatGPT Retention Policies - *The New York Times Company v. Microsoft Corp. et al.*, Case No. 24-cv-1195-SHS; *Daily News, LP et al. v. Microsoft Corp. et al.*, Case No. 24-cv-3285-SHS

Counsel:

We are in receipt of your letter dated March 31, 2025, regarding output log data for OpenAI's ChatGPT and API Platform products that OpenAI has not retained since the filing of *The New York Times* litigation on December 27, 2023. We are also in receipt of your email dated April 1, 2025, regarding OpenAI's available output log data for ChatGPT. While you have now admitted that OpenAI has deleted or failed to retain over [redacted] ChatGPT conversations, unfortunately the information you provided is incomplete with respect to our request for OpenAI to provide: (1) an identification of all output log data that has been destroyed, including an estimated volume thereof based on the best information available to OpenAI, since December 27, 2023, when The Times filed its original Complaint, (2) when such data was destroyed, and (3) whether such data is retrievable. We set forth below some of the omissions from your correspondence and our follow-up questions.

I. API Platform and ChatGPT Enterprise

With respect to the output log data for OpenAI's API Platform and ChatGPT Enterprise, your March 31, 2025, letter states that [redacted] As previously discussed, we are concerned that the volume of "completions" and "conversations" (i.e., prompts and outputs) that OpenAI did not retain from these products is substantial in view of OpenAI's Enterprise Privacy policy, which states: "OpenAI may securely retain API inputs and outputs for up to 30 days to provide the services and to identify abuse," and "[a]fter 30 days, API inputs and outputs are removed from our systems, unless we are legally

required to retain them." *See* Enterprise privacy at OpenAI, dated October 31, 2024, available at https://openai.com/enterprise-privacy/ (accessed April 2, 2025).

In view of your representation that [redacted], please provide: (1) a chart identifying the volume of data that OpenAI has preserved for these products over time since December 27, 2023, and (2) the usage of these products over time since December 27, 2023.

II. <u>ChatGPT Free, Pro, and Plus</u>

Thank you for providing additional details on OpenAI's output log data for ChatGPT Free, Pro, and Plus. We have a few clarifying questions about the table and chart you provided.

(1) Please identify the "OpenAI policy" referenced in the definition for [redacted] including any versions of the policy or policies since December 27, 2023.

(2) What are the differences between and definitions of the [redacted] referenced in the table?

(3) With respect to each of the [redacted] conversations, what percentage of these conversations did OpenAI destroy pursuant to: (i) a user's deletion request, (ii) a user's temporary conversation setting, or (iii) its policies, procedures, or other actions in the absence of a user's deletion request or a user's temporary conversation setting?

(4) What do the grayed-out boxes in the chart mean, and does OpenAI have data indicating: (i) the volume of [redacted] for the [redacted] row, (ii) the [redacted] for the [redacted] row, and (iii) the [redacted] for the [redacted] row?

(5) Please describe the bases on which an account may be "banned," and whether any such bases include violating third-party intellectual property rights.

(6) With respect to the chart, please explain why there is a spike in deleted ChatGPT conversations just before November 2024 (approximately [redacted] deleted conversations) and just after January 2025 (approximately [redacted] deleted conversations).

***

ROTHWELL FIGG



In view of the many months we have been meeting and conferring on this issue, we expect OpenAI to provide an answer to these questions no later than Monday, April 7, 2025, so that we may address any further omissions with Magistrate Judge Wang at the April 10, 2025, hearing.

Very truly yours,

Jennifer Maisel

CC: All Counsel of Record