# EXHIBIT 10

# Exhibit A

**From:** Budiardjo, Luke (NY)
**Sent:** Thursday, October 2, 2025 8:16 AM
**To:** Kristen Logan; Dori L. Chan; DailyNews-AI-RFEM; nyt-ai-sg-service@simplelists.susmangodfrey.com; ai@loevy.com
**Cc:** KVP-OAI; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM; openaicopyright@mofo.com
**Subject:** RE: In re: OpenAI, Inc., Copyright Infringement Litigation, No. 25-md-03143-SHS-OTW

Kristen,

We will proceed with retrieving and decompressing additional records as noted below and will make sure that the additional logs we select are not duplicates of those already selected.

As to the need to filter out logs generated by the parties or their counsel and experts: we disagree with your attempt to downplay this issue. Plaintiffs have conducted extensive testing by manipulating ChatGPT to generate evidence in support of their claims. *See, e.g.*, CIR Dkt. 1-7 (manipulating ChatGPT to regurgitate article text by threatening to murder "a kitten" and incite "thermonuclear war"). These logs are obviously not indicative of typical user behavior and their inclusion in the merits sample would be highly inappropriate. Your email does not appear to disagree.

OpenAI has no way of knowing how many logs these efforts have generated. But we suspect there are tens if not hundreds of thousands of these conversation logs currently stored on OpenAI's servers. Absent filtering, at least some of these logs will be included in the resulting merits sample. We are therefore deeply concerned that your refusal to comply with this reasonable request is an attempt to pass off your litigation-related manipulation of OpenAI's services as bona fide user activity.

We also disagree with your contention that a <u>list of accounts</u> (*i.e.*, email addresses) that Plaintiffs have used to generate litigation-related ChatGPT outputs is "protected by work product privilege." Our request does not implicate the content of the logs. We are merely requesting a list of accounts so that we can make sure that any logs associated with Plaintiffs' litigation-related activities are not included in the merits sample. Accordingly, we can only interpret your refusal to comply with that effort as an intentional waiver by News Plaintiffs of any privilege or work product protections that might attach to litigation-related conversation data contained in the universe of data from which we will retrieve the merits sample.

In any case, when OpenAI moved to compel similar information, *see* NYT Dkt. 124 at 2 (seeking documents sufficient to "show OpenAI accounts used by Plaintiff and its agents, including those used to generate the outputs cited in or referred to in the complaint"), the Times did not raise work product privilege as a basis for refusing to comply with the request, *see* NYT Dkt. 125 at 3. The order you cite does not support your argument either. *See* NYT Dkt. 243.

We appreciate your confirmation that Tom Goldstein's OpenAI account was used to generate the examples in the *New York Times* complaint and exhibits thereto. *See* 2/9/2024 Letter from A. Gass to I. Crosby at 2. But we assume that there are numerous other accounts that have been used for similar purposes across the various now-consolidated cases. Please confirm that you will disclose these accounts, either by identifying specific email addresses and/or by identifying the relevant domains (*e.g.*, @rothwellfigg.com).

Thank you,

Luke

Luke Budiardjo
(817) 307 6844

---

**From:** Kristen Logan <KLogan@rothwellfigg.com>
**Sent:** Tuesday, September 23, 2025 1:13 PM
**To:** Dori L. Chan <DChan@keker.com>; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; nyt-ai-sg-service@simplelists.susmangodfrey.com; ai@loevy.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com>; openaicopyright@mofo.com
**Subject:** Re: In re: OpenAI, Inc., Copyright Infringement Litigation, No. 25-md-03143-SHS-OTW

Ed,

Thank you for your letter of September 12, updating us on the status of the ChatGPT output log sampling process.

With respect to the replacement logs for the approximately 5% of the logs that we had selected, but have since been deleted, we agree that you can begin retrieving and decompressing additional records, selecting logs at random until a total of 833,333 logs have been retrieved for each month between December 2022 and November 2024. We do add a caveat here, though. Please make sure that the additional logs you select are not duplicates of ones that we had already selected. Additionally, to the extent that conversations are removed as relating to out-of-scope models, we expect that you would also select replacement logs to ensure a total of 833,333 logs for each month between December 2022 and November 2024.

With respect to your request that we provide "a list of any party, counsel, or expert OpenAI accounts that may have been used to generate conversations via ChatGPT consumer for purposes of this litigation," we respectfully decline. As you know, and as we said during our call last week, that information is protected by work product privilege. *See* Times Dkt. 243 (denying OpenAI's letter motion at Dkt. 124). It's not clear that any such logs would even be included in the sample population, nor is it clear why, to the extent they may be present, that it would amount to a statistically significant issue given the total size of output logs and the size of the sample population. In any event, according to a letter from Andy Gass dated February 9, 2024, we understand that OpenAI has already identified the account used to generate the examples in The Times's complaint. If OpenAI wishes to remove conversations originating from that account, we will not object.

Best regards,

Kristen

ROTHWELL FIGG

Kristen Logan (she/her)

Associate

Rothwell, Figg, Ernst & Manbeck, P.C.

901 New York Avenue, N.W., Suite 900 East

Washington, D.C. 20001

Phone:  202-624-1591

Fax:  202-783-6031

---

**From:** Dori L. Chan <DChan@keker.com>
**Sent:** Friday, September 12, 2025 2:34 PM
**To:** DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; nyt-ai-sg-service@simplelists.susmangodfrey.com <nyt-ai-sg-service@simplelists.susmangodfrey.com>; ai@loevy.com <ai@loevy.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>; openaicopyright@mofo.com <openaicopyright@mofo.com>
**Subject:** In re: OpenAI, Inc., Copyright Infringement Litigation, No. 25-md-03143-SHS-OTW

Please see the attached correspondence.

Regards,

---

**Dori L Chan**
Legal Secretary
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8874 direct | 415 391 5400 main
dchan@keker.com | keker.com