# EXHIBIT 14

KEKER VAN NEST & PETERS    LATHAM & WATKINS LLP    MORRISON FOERSTER

May 29, 2025

***VIA ECF***

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: *All Counsel of Record (via ECF)*

Re: Compliance with Preservation Order; *In re: OpenAI, Inc., Copyright Infringement Litigation*, No. 1:25-md-3143, This Document Relates to: *The New York Times Company v. Microsoft Corporation, et al.*, No. 1:23-cv-11195

Dear Magistrate Judge Wang:

We write on behalf of the OpenAI defendants to update the Court regarding OpenAI's efforts to comply with the order at MDL Dkt. No. 33 ("Preservation Order"), as clarified during the recent May 27, 2025, conference. OpenAI appreciates the Court's clarification that it did not intend to order "wholesale preservation," did not intend to instruct OpenAI to "stop all [its] deletion processes," and intends for the Preservation Order to be temporary. Afternoon Session Hr'g Tr., 33:22–35:2, 41:10–15, May 27, 2025. OpenAI also appreciates and intends to follow the Court's instruction to work with the News Plaintiffs on a proposal to sample the preserved data from ChatGPT Free, Plus, and Pro, and to meet-and-confer about ways to understand the relevance of API data. *Id.* at 51:7-16, 52:8-9. In the interim, notwithstanding its objections and the ongoing burden on OpenAI and harm to its users, OpenAI will leave in-place the mechanisms it has implemented to comply with the Preservation Order, which (OpenAI understands) the Court found to be sufficient. *Id.* at 52:8-15. Unless otherwise directed, OpenAI will not take any steps to develop (if possible) mechanisms that would be needed to segregate and retain conversation data for its ChatGPT Enterprise service. *Id.*

In addition, OpenAI is continuing to investigate its ability to reasonably identify conversation data for non-U.S. accounts and to exclude such data from the efforts OpenAI has undertaken to comply with the Preservation Order. *See* MDL Dkt. No. 66 (Monaco Decl.) at ⁋ 7 ("OpenAI also began to investigate what would be required to identify output log data from U.S. users . . . ."). Doing so would help to reconcile OpenAI's compliance with the Preservation Order with its considerable obligations under foreign law by honoring its commitments not to retain conversation data relating to users who, based on information available, are not located in the

United States. *See* MDL Dkt. No. 67 (Kechida Decl.). While OpenAI continues to investigate the feasibility of such a mechanism, OpenAI would appreciate the Court's guidance as to whether it could implement a limitation on the Preservation Order to exclude non-U.S. accounts and remain in compliance.

Respectfully,

KEKER, VAN NEST & PETERS LLP[1]

*<u>/s/ Edward A. Bayley</u>*
Edward A. Bayley

LATHAM & WATKINS LLP

*<u>/s/ Elana Nightingale Dawson</u>*
Elana Nightingale Dawson

MORRISON & FOERSTER LLP

*<u>/s/ Joseph C. Gratz</u>*
Joseph C. Gratz

cc: All Counsel of Record (via ECF)

[1] All parties whose electronic signatures are included herein have consented to the filing of this document.