# EXHIBIT 18

**Budiardjo, Luke (NY)**

| | |
|---|---|
| **From:** | DiMatteo, Andrew (CH) |
| **Sent:** | Wednesday, October 8, 2025 7:33 PM |
| **To:** | Jennifer B. Maisel; Graham, Margaret (NY); EBayley@keker.com; Mark T. Rawls; Kristen Logan |
| **Cc:** | KVPOAI@keker.com; openaicopyright@mofo.com; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM; DailyNews-AI-RFEM; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Budiardjo, Luke (NY) |
| **Subject:** | RE: Follow up re Output Log Sampling Discussion |
| **Attachments:** | 2025.10.08 - Stipulation to Modify the Preservation Order (OAI).docx |

Counsel,

You are incorrect in assuming that OpenAI is "not preserving all historical ChatGPT logs after the Court's May 13 Preservation Order." To the contrary, OpenAI has preserved, and continues to preserve, the prompts and outputs of every single ChatGPT Consumer conversation from April 14, 2025 to the present, regardless of whether those conversations were generated via the Temporary Chat feature or whether the users who generated them attempted to delete them. OpenAI has done the same for the API data that it stores in the ordinary course, notwithstanding its default practice of not retaining API completions for more than 30 days. This is not new information. As you well know, we have discussed this preserved data numerous times via email, on conferrals, and at settlement conferences before Judge Wang.

OpenAI, in other words, has been and continues to be in full and complete compliance with Judge Wang's May 13 Preservation Order. We confirmed the form of that compliance on the record months ago, as noted in our prior email. Judge Wang accepted it as complete and sufficient. You have had months to raise an objection or argue that OpenAI's compliance with that order is less than complete, and you have failed to do so.

We do not understand your proposed revision to the draft. This is a stipulation to modify a court order. It is not a venue for you to flag a new "dispute[]" that you have now decided to raise. In any case, you have already proposed, and we have already accepted, a draft paragraph clarifying that the parties "reserve all rights regarding any alleged failure to preserve electronically stored information under Federal Rule of Civil Procedure 37(e)" and that "News Plaintiffs may seek future relief on this issue." That should be sufficient to reserve your rights to seek relief in the future.

That said, in the interest of getting this stipulation on file, we have proposed a new paragraph designed to make clear that this stipulation is limited to the preserved data tables and does not impact other preservation obligations or disputes regarding the same. Please let us know if you agree to this language. If you do not, we intend to seek relief as we noted earlier this week.

Regards,
Andrew

**Andrew DiMatteo**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7137

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Tuesday, October 7, 2025 3:11 PM
**To:** Graham, Margaret (NY) <Margaret.Graham@lw.com>; EBayley@keker.com; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVPOAI@keker.com; openaicopyright@mofo.com; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com>; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Budiardjo, Luke (NY) <Luke.Budiardjo@lw.com>
**Subject:** RE: Follow up re Output Log Sampling Discussion

Counsel,

None of the citations Mr. Bayley provided, or your emails, answers my question as to whether OpenAI was preserving all historical ChatGPT logs, including those that users asked to be deleted, after the Court's May 13 Preservation Order. Based on this omission, we interpret your response to mean that OpenAI was <u>not</u> preserving all historical ChatGPT logs after the Court's May 13 Preservation Order.

The parties certainly appear to be "talking past each other" in terms of what OpenAI was, or should have been, preserving over the course of the litigation and pursuant to the Court's Preservation Order, and we now have several concerns about how many ChatGPT logs OpenAI has deleted since the May 13 Preservation Order and how OpenAI selected those ChatGPT logs to be deleted.

Please confirm no later than end of day tomorrow whether OpenAI will:

(1) respond to the *Daily News* Plaintiffs' Interrogatory No. 14, which asks OpenAI to "Identify all User Session Information that You or Microsoft deleted or otherwise failed to preserve" (we had a meet and confer with your co-counsel yesterday, who committed to getting us a response by tomorrow);

(2) provide a 30(b)(6) witness to testify on this issue and that such testimony will not count against News Plaintiffs' deposition hours caps; and

(3) commit to preserving the historical ChatGPT logs currently available for merits-based sampling until the close of fact discovery.

Finally, to move the process forward with the stipulation and OpenAI's ongoing obligations with the "30-day tables," please find attached our proposed edits. We accepted OpenAI's edits to paragraph 3 and added a new paragraph 4 to address the Parties' dispute with respect to the historical ChatGPT conversations. You have our leave to file if you accept our edits.

Thanks,
Jen

ROTHWELL FIGG

**Jennifer Maisel** (she/her)
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W.
Suite 900 East

Washington, D.C. 20001

Main Number: 202.783.6040
Direct Number: 202.626.3548
Fax Number: 202.783.6031
Email: jmaisel@rothwellfigg.com
Website: www.rothwellfigg.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

---

**From:** Margaret.Graham@lw.com <Margaret.Graham@lw.com>
**Sent:** Tuesday, October 7, 2025 1:59 PM
**To:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>; EBayley@keker.com; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVPOAI@keker.com; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Luke.Budiardjo@lw.com
**Subject:** RE: Follow up re Output Log Sampling Discussion

Jen,

We don't see any delta between this very simple three-paragraph stipulation and our agreement at the settlement conference.

1. Paragraph 1 states that OpenAI's ongoing obligations under the Preservation Order are terminated as of September 26, 2025. Your 10/3 revisions to the draft did not take issue with this paragraph.

2. Paragraph 2 states that OpenAI will continue to preserve output log data that has already been preserved under the Order, unless the data originates from the European Economic Area, Switzerland, or the United Kingdom. This reflects exactly our agreement at the settlement conference and News Plaintiffs' prior agreement to carve out these jurisdictions. *See* K. Logan Email of 7.16.2025.

3. Paragraph 3 confirms that OpenAI has searched for and put on hold accounts associated with the domains listed in Kristen's email of July 16, and commits to confer in good faith regarding additional similar requests. This, again, reflects the terms News Plaintiffs proposed in Kristen's July 16 email and our numerous discussions since then.

In short, this stipulation reflects exactly what we discussed before Judge Wang at the September 26 conference. News Plaintiffs are now attempting to frustrate that agreement, either by delaying its execution, altering its fundamental terms, or introducing new issues that they could have raised months ago. That undermines Judge Wang's generous efforts to personally facilitate resolution of this dispute by setting aside time in her schedule to accommodate the parties' joint request for a settlement conference. If you wish to raise new issues, there are plenty of other avenues for you to do so – this very simple stipulation, which merely seeks to memorialize our existing agreement, is not the place.

As you are aware, this issue is extremely important – not just to our client, but also, and especially, to the hundreds of millions of users impacted by the Preservation Order. Both Judge Wang and Judge Stein have acknowledged the significant privacy concerns raised by the Preservation Order and have noted that this issue must be resolved as quickly as possible. We resolved this issue more than 10 days ago at the conference, and this delay in effectuating that agreement, which now appears to be intentional by Plaintiffs, is perpetuating harm.

You have had this version of the stipulation for a week now. We are of course happy to consider non-substantive edits to the wording of this stipulation. But if you continue to obstruct this process, we will be filing the stipulation as a proposed order with the Court by COB tomorrow.

Thanks,

Margaret

---

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Tuesday, October 7, 2025 9:27 AM
**To:** Edward A. Bayley <EBayley@keker.com>; Graham, Margaret (NY) <Margaret.Graham@lw.com>; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyright@mofo.com; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com>; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Budiardjo, Luke (NY) <Luke.Budiardjo@lw.com>
**Subject:** RE: Follow up re Output Log Sampling Discussion

We disagree and do not think that your stipulation reflects our agreement at the settlement conference. We are reviewing the materials cited in your email and will be providing you with proposed revisions.

---

**From:** Edward A. Bayley <EBayley@keker.com>
**Sent:** Monday, October 6, 2025 3:24 PM
**To:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>; Margaret.Graham@lw.com; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Luke.Budiardjo@lw.com
**Subject:** RE: Follow up re Output Log Sampling Discussion

Jen,

I am worried that we are talking past each other. Here are the pertinent facts:

On **May 23, 2025**, OpenAI filed a declaration explaining that it "took certain steps immediately" to comply with the Preservation Order, "such as provisionally retaining in a segregated legal hold database Conversation Data from 30 days prior to the Preservation Order, regardless of whether that data is subject to a user-initiated deletion or was generated via ChatGPT's Temporary Chat feature." ECF 64-4 ¶ 7. The declaration also explained, however, that "additional steps" beyond these provisional measures "will require significant changes to OpenAI's data infrastructure" and would be technically and financially infeasible. *Id.* ¶ 8.

At the **May 27, 2025** conference before Judge Wang, I then explained that the provisional measures OpenAI took to comply with the Preservation Order were focused on the “30-day safety tables” that OpenAI maintains in the ordinary course. Tr. of 5.27.2025 Hearing at 29:9–17, 35:25–26:6. I also explained that the 30-day tables OpenAI began preserving are not “a full representation of everything that is stored in the long-term” and that OpenAI’s attempt to preserve those tables is “not designed to be the equivalent of what we call our data warehouse that has all the compressed archive data going back to 2022.” *Id.* 36:12–25.

On **May 29, 2025**, OpenAI filed a letter with the Court confirming that it will “leave in-place the mechanisms it has implemented to comply with the Preservation Order, which (OpenAI understands) the Court found to be sufficient.” ECF 77. The same day, Judge Wang issued an order directing the parties to “begin engaging in sampling of the 30-day tables of consumer output log data.” ECF 79.

In the meantime, the parties have been negotiating for months the process by which OpenAI will derive a sample for merits analysis. Since last year, the parties have agreed that this merits sample will be drawn from OpenAI’s offline data warehouse. *See, e.g.*, ECF 435-1 ¶ 1 (referring to OpenAI’s “primary offline storage system”). As noted above, I was very clear that this is a different data source than the 30-day tables that OpenAI preserved to comply with the Preservation Order. Tr. of 5.27.2025 Hearing 36:12–25.

Your proposed edit to the draft stipulation, however, stated that OpenAI would preserve “the historical ChatGPT output log data from December 2022 through November 2024 described by the Parties in ECF 394 and ECF 435 for discovery purposes.” The data described in those docket entries is OpenAI’s offline data warehouse. *See, e.g.*, ECF 435-1 ¶ 1. But as noted above, the steps OpenAI took to comply with the Preservation Order related entirely to the 30-day tables. Your proposed revision, in other words, would have required OpenAI to undertake a series of additional preservation and segregation steps. That is not the purpose of this stipulation, as you well know. This is why we proposed a clarifying revision.

We expect that none of this is news to you or your colleagues. For that reason, we are beginning to suspect that News Plaintiffs are intentionally delaying the entry of this stipulation for the sole purpose of frustrating the parties’ agreement to terminate OpenAI’s ongoing preservation obligations, as discussed with Judge Wang at the recent conference. That is unacceptable.

Please let us know if we have your agreement to file the version of the stipulation I sent this morning. If you continue to refuse to engage with this process, we plan to file that version of the stipulation as a proposed order and call Judge Wang’s attention to News Plaintiffs’ refusal to go forward with a stipulation memorializing the agreement we reached over a week ago.

Regards,

-Ed

**Edward A. Bayley**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6672 direct | 415 391 5400 main
ebayley@keker.com | vcard | keker.com

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Monday, October 6, 2025 9:58 AM
**To:** Edward A. Bayley <EBayley@keker.com>; Margaret.Graham@lw.com; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>

**Budiardjo, Luke (NY)**

| | |
|---|---|
| **From:** | DiMatteo, Andrew (CH) |
| **Sent:** | Wednesday, October 8, 2025 7:33 PM |
| **To:** | Jennifer B. Maisel; Graham, Margaret (NY); EBayley@keker.com; Mark T. Rawls; Kristen Logan |
| **Cc:** | KVPOAI@keker.com; openaicopyright@mofo.com; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM; DailyNews-AI-RFEM; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Budiardjo, Luke (NY) |
| **Subject:** | RE: Follow up re Output Log Sampling Discussion |
| **Attachments:** | 2025.10.08 - Stipulation to Modify the Preservation Order (OAI).docx |

Counsel,

You are incorrect in assuming that OpenAI is "not preserving all historical ChatGPT logs after the Court's May 13 Preservation Order." To the contrary, OpenAI has preserved, and continues to preserve, the prompts and outputs of every single ChatGPT Consumer conversation from April 14, 2025 to the present, regardless of whether those conversations were generated via the Temporary Chat feature or whether the users who generated them attempted to delete them. OpenAI has done the same for the API data that it stores in the ordinary course, notwithstanding its default practice of not retaining API completions for more than 30 days. This is not new information. As you well know, we have discussed this preserved data numerous times via email, on conferrals, and at settlement conferences before Judge Wang.

OpenAI, in other words, has been and continues to be in full and complete compliance with Judge Wang's May 13 Preservation Order. We confirmed the form of that compliance on the record months ago, as noted in our prior email. Judge Wang accepted it as complete and sufficient. You have had months to raise an objection or argue that OpenAI's compliance with that order is less than complete, and you have failed to do so.

We do not understand your proposed revision to the draft. This is a stipulation to modify a court order. It is not a venue for you to flag a new "dispute[]" that you have now decided to raise. In any case, you have already proposed, and we have already accepted, a draft paragraph clarifying that the parties "reserve all rights regarding any alleged failure to preserve electronically stored information under Federal Rule of Civil Procedure 37(e)" and that "News Plaintiffs may seek future relief on this issue." That should be sufficient to reserve your rights to seek relief in the future.

That said, in the interest of getting this stipulation on file, we have proposed a new paragraph designed to make clear that this stipulation is limited to the preserved data tables and does not impact other preservation obligations or disputes regarding the same. Please let us know if you agree to this language. If you do not, we intend to seek relief as we noted earlier this week.

Regards,
Andrew

**Andrew DiMatteo**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7137

**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Tuesday, October 7, 2025 3:11 PM
**To:** Graham, Margaret (NY) <Margaret.Graham@lw.com>; EBayley@keker.com; Mark T. Rawls <MRawls@rothwellfigg.com>; Kristen Logan <KLogan@rothwellfigg.com>
**Cc:** KVPOAI@keker.com; openaicopyright@mofo.com; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com>; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; nyt-ai-sg-service@simplelists.susmangodfrey.com; newsplaintiffs-service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; Budiardjo, Luke (NY) <Luke.Budiardjo@lw.com>
**Subject:** RE: Follow up re Output Log Sampling Discussion

Counsel,

None of the citations Mr. Bayley provided, or your emails, answers my question as to whether OpenAI was preserving all historical ChatGPT logs, including those that users asked to be deleted, after the Court's May 13 Preservation Order. Based on this omission, we interpret your response to mean that OpenAI was not preserving all historical ChatGPT logs after the Court's May 13 Preservation Order.

The parties certainly appear to be "talking past each other" in terms of what OpenAI was, or should have been, preserving over the course of the litigation and pursuant to the Court's Preservation Order, and we now have several concerns about how many ChatGPT logs OpenAI has deleted since the May 13 Preservation Order and how OpenAI selected those ChatGPT logs to be deleted.

Please confirm no later than end of day tomorrow whether OpenAI will:

(1) respond to the *Daily News* Plaintiffs' Interrogatory No. 14, which asks OpenAI to "Identify all User Session Information that You or Microsoft deleted or otherwise failed to preserve" (we had a meet and confer with your co-counsel yesterday, who committed to getting us a response by tomorrow);

(2) provide a 30(b)(6) witness to testify on this issue and that such testimony will not count against News Plaintiffs' deposition hours caps; and

(3) commit to preserving the historical ChatGPT logs currently available for merits-based sampling until the close of fact discovery.

Finally, to move the process forward with the stipulation and OpenAI's ongoing obligations with the "30-day tables," please find attached our proposed edits. We accepted OpenAI's edits to paragraph 3 and added a new paragraph 4 to address the Parties' dispute with respect to the historical ChatGPT conversations. You have our leave to file if you accept our edits.

Thanks,
Jen

ROTHWELL FIGG

**Jennifer Maisel** (she/her)
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W.
Suite 900 East