**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br><br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates To:<br><br>News Cases<br><br>1:23-cv-11195-SHS-OTW<br>1:24-cv-01515-SHS-OTW<br>1:24-cv-03285-SHS-OTW<br>1:24-cv-04872-SHS-OTW<br>1:25-cv-04315-SHS-OTW | 25-md-3143 (SHS) (OTW) |

**NEWS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL AND REDACT PORTIONS OF NEWS PLAINTIFFS' COMBINED SUMMARY JUDGMENT BRIEF AND RULE 56.1 STATEMENT**

Under paragraph 34 of the Stipulated Protective Order (Dkt. 367), News Plaintiffs respectfully seek to file under seal limited portions of their motion for summary judgment and supporting papers.

## I. Legal Standard

"[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119, 121 (2d Cir. 2006). "[S]ealing of the[se] documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124; *see also id.* at 123 ("documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the *most compelling reasons*" (emphasis in original (citation omitted)). The moving party requesting sealing "must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*2018 WL 11597533, at *2 (S.D.N.Y. Apr. 20, 2018). Categories of documents that are "commonly sealed [include] those containing trade secrets, confidential research and development information, revenue information, pricing information, and the like." *Tyson Foods, Inc. V. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020); *Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025) ("Courts have [] frequently held that protection of confidential commercial information and trade secrets may

overcome the presumption of public access."). "Non-public data of this nature 'is sensitive and potentially damaging if shared with competitors.'" *Id.*

### II. The New York Times Company

The New York Times Company respectfully seeks to file under seal the following materials.

- Paragraphs 118, 230–242, 437, 443–44, 1096–99, 1101, 1549–50, 1557, 1578, 1581–82, 1584–85, 1801–02, and 1804–05 of News Plaintiffs' Rule 56.1 Statement
- A single statistic in News Plaintiffs' Combined Summary Judgment Brief

The Times seeks to seal Paragraphs 118, 230–233, 437, 443–44, and 1096–99, as they contain highly sensitive commercial information regarding The Times and third parties' confidential, non-public licensing agreements. The Times has only sought to redact paragraphs that discuss pricing terms, the specific goods and services licensed, confidential and sensitive business information, and payments terms. *Valassis Commc'ns, Inc. v. News Corp.*, 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (permitting redactions consisting of "specific figures related to profit margins, costs, revenues, pricing, and number of placements of products; and specific contract provisions addressing exclusivity arrangements, profit sharing details, pricing of contracts with retailers of CPGs, payment terms, and retailer commissions"). Finally, these agreements "contain[] specific financial and production volume figures implicating the privacy interests of not only [The Times], but also its customers." *Tyson Foods, Inc.,* 2020 WL 5819864, at *3.

The Times also seeks to seal Paragraphs 234–42. As with its prior request, these paragraphs contain highly sensitive commercial information regarding The Times and Defendants' confidential, non-public licensing agreements. Indeed, these agreements are covered by non-disclosure agreements, which forbid The Times from publicly disclosing the contents of the parties' negotiations.

Next, The Times seeks to seal a portion of paragraph 1101, which lists a former employee's email address. This request should be granted "as third-party privacy interests [typically] justify the requested sealing and redaction of certain private information." *Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at *3 (S.D.N.Y. Apr. 15, 2025). Furthermore, this individual's email address plays no role in the adjudication of this motion for summary judgment. *See id.*

The Times also seeks to seal Paragraphs 1549–50, 1557, 1801–02, and 1804–05. These paragraphs contain highly sensitive and confidential business information regarding The Times's financial performance and internal metrics, which could be unfairly used by its competitors if made public. Such "confidential commercial information" has regularly been sealed in this District. *See, e.g.*, *Spencer-Smith*, 2025 WL 1115019, at *2.

Finally, The Times seeks to seal portions of Paragraphs 1578, 1581–82, 1584–85, and a single statistic cited in the summary judgment brief. These portions discuss the findings of The Times's confidential Audience Insight Group surveys. While The Times has not sought to seal most of the information contained in these surveys, it seeks to seal some of the statistical findings containted therein, as they bear on the The Times's long-term outlook and current performance, which could be used unfairly by its competitors. The Times is continuing to review the commercial

sensitivity of this data and will remove any redactions that it finds are not needed to avoid competitive harm.

**III. The Daily News Plaintiffs**

The Daily News Plaintiffs respectfully seek to file under seal the following materials.

- Paragraphs 126 and 127 and portions of Paragraphs 86, 94, 1270, 1274–1279, 1289, 1291, 1292, and 1294–1308 of News Plaintiffs' Rule 56.1 Statement;
- Two statistics on page 76 of News Plaintiffs' Combined Summary Judgment Brief.

The Daily News Plaintiffs seek to seal Paragraphs 126 and 127 of News Plaintiffs' Rule 56.1 Statement as these paragraphs contain highly confidential information regarding non-public licensing agreements with third parties. *See* Declaration of Robyn Morris in Support of News Plaintiffs' Motion for Leave to File Under Seal and Redact Portions of News Plaintiffs' Combined Summary Judgment Brief and Rule 56.1 Statement of Material Undisputed Facts ("Morris Decl.") at ¶ 5. The Daily News Plaintiffs have only sought to redact paragraphs that discuss pricing terms, the specific goods and services licensed, confidential and sensitive business information, and payments terms. *Valassis Commc'ns, Inc.*, 2019 WL 10984156, at *2. Moreover, these licenses pertain to not only the *Daily News* Plaintiffs, but also other newspapers that are commonly managed by MediaNews Group. Thus, paragraphs 126 and 127 contain licensing information regarding many dozens of entities that are not at issue in this case.

The Daily News Plaintiffs also seek to seal portions of Paragraphs 86, 94, 1270, 1289, 1291, 1292, and 1294 through 1308 of News Plaintiffs' Rule 56.1 Statement. These paragraphs contain highly sensitive and confidential business information regarding the Daily News Plaintiffs'

financial performance and internal metrics (e.g., revenue, search referrals, and pageviews), which could be unfairly used by its competitors if made public. *See* Morris Decl. at ¶ 5. Such "confidential commercial information" has regularly been sealed in this District. *See, e.g.*, *Spencer-Smith*, 2025 WL 1115019, at *2. Moreover, certain business information relates to the broader corporate umbrella of MediaNews Group, which involves numerous other newspapers that are not parties in this case.

Last, the Daily News Plaintiffs seek to seal portions of Paragraphs 1274 through 1279 of News Plaintiffs' Rule 56.1 Statement and two statistics on page 76 of News Plaintiffs' Combined Summary Judgment Brief. These portions discuss the findings of Daily News Plaintiffs' confidential survey conducted among current and former subscribers. *See* Morris Decl. at ¶¶ 4, 5. Daily News Plaintiffs seek to seal the limited portions of the statistical findings, as such statistics bear on the Daily News Plaintiffs' long-term outlook and current performance, which, if revealed, could cause Daily News Plaintiffs substantial business harm vis-à-vis competition.

**IV. Ziff Davis Plaintiffs**

The Ziff Davis Plaintiffs respectfully seek to file under seal the following materials.

- Portions of Paragraphs 129, 130, 131, and 244 of the News Plaintiffs' Rule 56.1 Statement.

Ziff Davis seeks to seal portions of Paragraphs 129, 130, 131, and 244 of the News Plaintiffs' Rule 56.1 statement as they contain highly sensitive commercial information regarding Ziff Davis and its third-party licensing partners. Ziff Davis has only sought to redact portions that contain the identities of its licensing partners and, in one instance, the number of licensing partners.

*See Valassis Commc'ns, Inc.*, 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019). The identification of Ziff Davis's licensing partners are akin to a customer list the disclosure of which would cause prejudice to Ziff Davis and its licensing partners. *See* Declaration of George Wukoson in Support of the News Plaintiffs' Motion to Seal ¶ 5. If competitors were to obtain this information, it would allow them to compete unfairly with Ziff Davis and its licensing partners. *See id.* ¶¶ 5-6.

Dated: September 4, 2026

*/s/ Ian Crosby*
Ian Crosby *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
Susman Godfrey L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)
Adnan Muttalib *(pro hac vice)*
Susman Godfrey L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
amuttalib@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
Susman Godfrey L.L.P.

One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

*/s/ Steven Lieberman*
Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker *(admitted pro hac vice)*
Jenny L. Colgate *(admitted pro hac vice)*
Alexandra Hughes *(admitted pro hac vice)*
Mark Rawls *(admitted pro hac vice)*
Michael H. Jones *(admitted pro hac vice)*
Kristen J. Logan *(admitted pro hac vice)*
Bryan B. Thompson (6004147)
Mary L. Mullins *(pending pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com

jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
ahughes@rothwellfigg.com
mrawls@rothwellfigg.com
mjones@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com
mmullins@rothwellfigg.com

*Attorneys for Daily News Plaintiffs*

*/s/ Lacy H. Koonce, III*
Lacy H. ("Lance") Koonce, III
Matthew A. Leish
Brendan Kehoe
Lucy Hoffman
Maya Katalan
Klaris Law PLLC
161 Water Street
New York, NY 10038
Telephone: (646) 779-4882
lance.koonce@klaris.com
matthew.leish@klarislaw.com
brendan.kehoe@klarislaw.com
lucy.hoffman@klarislaw.com
maya.katalan@klarislaw.com

Guy Ruttenberg (*pro hac vice*)
Ruttenberg IP Law, A Professional Corporation
1801 Century Park East
Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
ZD-AICopyright@ruttenbergiplaw.com

*Attorneys for Plaintiffs Ziff Davis, Inc., Ziff*

*Davis, LLC, IGN Entertainment, Inc., Everyday Health Media, LLC, Mashable, Inc., and CNET Media, Inc.*