KEKER VAN NEST & PETERS LATHAM & WATKINS LLP MORRISON FOERSTER

September 4, 2026

**VIA ECF**
Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

RE: **Letter Motion to Seal**, *In Re: OpenAI, Inc., Copyright Infringement Litigation*, No. 1:25-md-3143, This Document Relates To: 1:23-cv-08292-SHS-OTW ("Books Case"), *The New York Times Company v. Microsoft Corporation et al.*, 1:23-cv-11195; *The Intercept Media, Inc. v. OpenAI, Inc. et al.*, 1:24-cv-01515; *Daily News LP et al. v. Microsoft Corporation et al.*, 1:24-cv-03285; *The Center for Investigative Reporting, Inc. v. OpenAI, Inc. et al.*, 1:24-cv-04872; *Ziff Davis, Inc. et al. v. OpenAI, Inc. et al.*, 1:25-cv-04315 (collectively, "News Case")

Dear Judge Stein:

Pursuant to Rule 5.B. of Your Honor's Individual Practices and the Stipulated Omnibus Sealing Order for Summary Judgment and *Daubert* Briefing (ECF 1685), the OpenAI Defendants ("OpenAI") respectfully move to seal materials submitted with OpenAI's Motion for Summary Judgment in the Books Case ("Books MSJ") and OpenAI's Motion for Summary Judgment in the News Cases ("News MSJ," and together with the Books MSJ, the "Motions for Summary Judgment").

With this Motion, OpenAI seeks to redact limited passages in OpenAI's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 in support of its Motions for Summary Judgment because they reveal highly sensitive technical information about OpenAI's LLMs and a related technological innovation.

In addition, pursuant to the Stipulated Protective Order (ECF 367), OpenAI seeks to provisionally file under seal information in its Memoranda of Points & Authorities and Rule 56.1 Statement that was designated as Protected Discovery Material by other parties to the MDL or by third-parties.

Finally, pursuant to the Omnibus Sealing Order, OpenAI provisionally files the Exhibits to the Declaration of Joseph C. Gratz set forth in chart form in Section VI below under seal or in redacted format, and redacted copies of the declarations of Christopher Callison-Burch, Gregory Leonard, Barbara Frederiksen-Cross, Avi Goldfarb, and Nick Feamster. These materials contain or reflect Protected Discovery Materials designated by OpenAI or other parties (and third-parties) that can be submitted provisionally under seal pursuant to paragraph 2 of the

Omnibus Sealing Order. (ECF 1685.) OpenAI will submit a motion to seal its material on or before January 13, 2027.

## I. INTRODUCTION

The information OpenAI seeks to redact from its Rule 56.1 Statement comprises highly sensitive and confidential technical information about OpenAI's groundbreaking LLMs that could be unfairly used by competitors if made public. The Court previously has sealed similar materials in connection with prior motions in this litigation, and should do the same here. *See* Orders MDL ECFs 931 and 1461 (granting sealing of confidential business and technical information).

Public disclosure of this information, which has been designated as highly confidential pursuant to the Stipulated Protective Order (ECF 367), would cause OpenAI substantial prejudice through competitive harm, as it would reveal specific details about OpenAI's groundbreaking LLMs and a confidential and proprietary technological innovation to its competitors. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). OpenAI has narrowly tailored its requests and seeks to seal no more than is necessary to protect against competitive harm. This information would harm OpenAI if disclosed publicly and satisfies the standard for sealing documents submitted in connection with OpenAI's Motions for Summary Judgment.

## II. LEGAL STANDARD

"The common law right of public access to judicial documents is based on 'the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *See* ECF 293 at 2 (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

"When determining whether documents at issue on a motion to seal are subject to this common law right, the court must first conclude that the documents at issue are judicial documents." *See id*. (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). A "judicial document" is one that is "relevant to the performance of judicial functions and useful in judicial processes." *See id*. at 3 (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016)). Where the documents at issue are judicial documents, "the constitutional and common law presumption of access attaches." *See id*. at 2.

On finding that a document qualifies as a judicial document, the Court "must then determine the presumption's weight" and "balance[] competing considerations against the presumption of access." *See id*. (citing *Amodeo*, 71 F.3d at 1050). Sealing judicial documents may be justified by "findings that sealing is necessary to preserve higher values and only if the sealing is narrowly tailored to achieve that aim." *See id*. at 3 (citing *Lugosch*, 435 F.3d at 124). Additionally, the Second Circuit has held that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably

relied." *See id.* (citing *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, No. 1:17-cv-00147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020)).

## III. OPENAI'S CONFIDENTIAL INFORMATION WARRANTS SEALING

OpenAI's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016), and the additional cases cited above.

OpenAI seeks to redact extremely limited portions of its Rule 56.1 Statement–covering only six statements of fact–that would reveal highly sensitive technical information about the training data size and composition of its LLMs, or a specific technical parameter revealing OpenAI's proprietary approach to improving its LLMs' functionalities. These facts are confidential, sensitive and proprietary. *See* Declaration of Maile Yeats-Rowe ("Yeats-Rowe Decl.") ¶ 4.

Making this information public would give OpenAI's competitors insight into how OpenAI's LLMs were designed and how they function. *See* Yeats-Rowe Decl. ¶ 4. This is exactly the type of information that courts routinely seal to avoid competitive harm. *See Crichlow v. Verituity Inc.*, 2026 U.S. Dist. LEXIS 167718, at *6–8 (granting motion to seal judicial documents that "could . . . expose proprietary technical materials, disclose source code or code-related materials" despite the "strong presumption of public access"); *Kewazinga Corp.*, 2021 WL 1222122, at *18 (sealing "confidential technical information . . . including specific algorithms and the names of specific variables and functions") *IBM Corp. v. Micro Focus (US), Inc.*, No. 1:22-cv-09910 (VB) (VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests."); *Louis Vuitton Malletier*, 97 F. Supp. 3d at 511 (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (internal quotation marks omitted)

Even assuming a heightened presumption of access, the prejudice that could result from public disclosure of this information far outweighs the public's right to access, because the specific figures and technical details sought to be redacted are not necessary to understand the substance of the parties' dispute. The public filings will contain the substance of the parties' legal arguments, the factual bases for their positions, and extensive higher level information about OpenAI's technology; only discrete confidential data points and specific technical details—which are not necessary to evaluate the merits of the Motions for Summary Judgment—are proposed for redaction from the Rule 56.1 Statement. *See Lugosch*, 435 F.3d at 120 ("[A]fter determining the weight of the presumption of access, the court must balance competing considerations against it.") (internal quotations omitted); *see also Automated Management Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 1:16-CV-04762, 2022 WL 1450737, at *2–3 (S.D.N.Y. May 9, 2022) ("[T]he information for which it seeks continued sealing is not publicly known, was developed at significant expense, and has been kept secret at

considerable effort. . . . [T]he scope of the proposed redactions is reasonable and narrowly tailored to cover only the sensitive information that could lead to competitive disadvantage if disclosed.").

The material OpenAI seeks to redact in its Rule 56.1 Statement on this basis is identified in the table that follows. As noted in the table, OpenAI requests redaction of specific portions of its filing (identified via blue highlighting in the document), rather than sealing in total.

| Description | Rationale for Redaction |
|---|---|
| Fact 25 of OpenAI's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 in Support of the Books MSJ and News MSJ | Reveals specific information about the token count of OpenAI's LLMs |
| Fact 26 of the same | Reveals specific information about the token count of OpenAI's LLMs |
| Fact 27 of the same | Reveals specific information about the token count of OpenAI's LLMs |
| Fact 28 of the same | Reveals specific information about the token count of OpenAI's LLMs |
| Fact 29 of the same | Reveals specific information about the token count of OpenAI's LLMs |
| Fact 156 of the same | Reveals highly specific technical details about how OpenAI's LLMs work |

## IV. OPENAI'S SEALING REQUEST IS NARROWLY TAILORED

OpenAI's request is narrowly tailored, as it seeks to only redact limited portions of six facts set forth in OpenAI's Rule 56.1 Statement, leaving the balance of the materials in the briefs and Rule 56.1 Statement unredacted and open to the public.

## V. OPENAI PROVISIONALLY FILES OTHER PARTIES' MATERIALS IN ITS MOVING PAPERS AND RULE 56.1 STATEMENT UNDER SEAL

Further, OpenAI provisionally files under seal (i.e., with redactions) additional portions of its Memoranda of Points & Authorities and Rule 56.1 Statement because they appear to contain or reveal other parties' Protected Discovery Material designated under the Stipulated Protective Order (ECF 367). OpenAI takes no position on whether the material warrants sealing under the governing standard.

| Description | Redact or Seal |
|---|---|
| OpenAI's Memorandum of Points & Authorities in Support of Books MSJ | Provisionally redact portions as shown in green highlighting |
| OpenAI's Memorandum of Points & Authorities in Support of News MSJ | Provisionally redact portions as shown in green highlighting |
| OpenAI's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 in support of its Motions for Summary Judgment | Provisionally redact portions as shown in green highlighting |

## VI. OPENAI PROVISIONALLY FILES SELECT EXHIBITS AND PORTIONS OF EXPERT DECLARATIONS UNDER SEAL

Finally, OpenAI provisionally files under seal the following Exhibits to the Declaration of Joseph C. Gratz and redacted portions of certain expert declarations submitted in support of OpenAI's Motions for Summary Judgement pursuant to paragraph 2 of the Omnibus Sealing Order (ECF 1685), because they reveal OpenAI's confidential business or technical information or appear to contain or reflect other parties' Protected Discovery Material.

As set forth in the Omnibus Sealing Order, the parties' deadline to move to seal this material is January 13, 2027.

| Description | Redact or Seal |
|---|---|
| OpenAI Materials in Exhibits 15, 18, 25, 35, 53, 56, 78, 85, 86, 157, 166, 211 to the Declaration of Joseph C. Gratz | Redact Green Highlighted Portions |
| OpenAI Materials in Exhibits 16, 17, 72, 165 to the Declaration of Joseph C. Gratz | Seal in Full |
| Other Parties' Materials in Exhibits 15, 18, 24, 27, 48, 53, 56, 64, 71, 77, 79, 89, 92–101, 103–106, 113, 116, 132, 135, 136, 139, 143, 147–148, 150, 157, 161, 163–164, 168–169, 182–184, 186–187, 197, 199, 202, 204, 207–217, 219–225, 229–230, 233, 236–243, 245-256, 262–265, 271, 275, 277-282, 285–292, 294–296, 298–299, 304–305 to the Declaration of Joseph C. Gratz | Seal in Full |
| Expert Declarations of Christopher Callison-Burch, Gregory Leonard, Barbara Frederiksen-Cross, Avi Goldfarb, and Nick Feamster | Redact Green Highlighted Portions |

Sincerely,

KEKER, VAN NEST & PETERS LLP

*/s/ Robert A. Van Nest*

Robert A. Van Nest
(*pro hac vice*)

LATHAM & WATKINS LLP

*/s/ Sarang V. Damle*

Sarang V. Damle

MORRISON & FOERSTER LLP

*/s/ Caitlin Sinclaire Blythe*

Caitlin Sinclaire Blythe
(*pro hac vice*)