UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>OpenAI, INC.,<br><br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates To:<br><br>1:23-cv-11195-SHS-OTW<br>1:24-cv-01515-SHS-OTW<br>1:24-cv-03285-SHS-OTW<br>1:24-cv-04872-SHS-OTW<br>1:25-cv-04315-SHS-OTW | 25-md-3143 (SHS) (OTW) |

**NEWS PLAINTIFFS' STATEMENT IN SUPPORT OF MAINTAINING UNDER SEAL PORTIONS OF DEFENDANTS' SUMMARY JUDGMENT BRIEFS AND RULE 56.1 STATEMENTS**

Pursuant to paragraph 9(ii) of the Stipulated Omnibus Sealing Order for Summary Judgment and *Daubert* Briefing (Dkt. 1685) ("Omnibus Sealing Order"), the News Plaintiffs respectfully seek to maintain under seal limited redactions of OpenAI's and Microsoft's summary judgment briefs (Dkts. 1718 (OpenAI), 1699 (Microsoft)) and Rule 56.1 statements (Dkts. 1735 (OpenAI), 1694, 1702 (Microsoft)[1]) ("Defendants' SJ Materials") that quote or otherwise reveal News Plaintiffs' confidential information that has been designated Protected Discovery Material under the Stipulated Protective Order (Dkt. 367). The Omnibus Sealing Order requires that, by September 14, 2026, "each Party or third party must file a statement in support of any request to maintain under seal portions of another Party's summary judgment brief or Rule 56.1 statement."

[1] Docket entries 1694 & 1702 appear to be duplicates of Microsoft's **Sealed** Rule 56.1 Statement.

1. **Legal Standard**

"[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119, 120-121 (2d Cir. 2006). "[S]ealing of the[se] documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124. The party requesting sealing "must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC,* 2018 WL 11597533, at *2 (S.D.N.Y. Apr. 20, 2018). Categories of documents that are "commonly sealed [include] those containing trade secrets, confidential research and development information, revenue information, pricing information, and the like." *Tyson Foods, Inc. V. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020); *Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025) ("Courts have also frequently held that protection of confidential commercial information and trade secrets may overcome the presumption of public access."). "Non-public data of this nature 'is sensitive and potentially damaging if shared with competitors.'" *Id.* Because the News Plaintiffs have met their burden demonstrating that their sealing requests are narrowly targeted and, if not granted, would cause severe harm and prejudice, we ask the Court to grant the News Plaintiffs' requests detailed below.

2. **<u>The News Plaintiffs' Limited Sealing Requests</u>**

*1. The New York Times*

The New York Times Company requests the following materials in Microsoft's Memorandum of Law in Support its Motion for Summary Judgment remain sealed. *See* Dkt. 1699.

- The chart describing the number of Times subscribers on page 25;
- The chart describing the number of Times pageviews on page 26; and
- The chart describing The Times's conversion rate on page 27.

The Times does not otherwise seek to maintain under seal any materials in Defendants' other filings.

The Times seeks to seal these three charts, as they contain highly sensitive and confidential business information regarding The Times's financial performance and internal metrics, which could be unfairly used by its competitors if made public. *See* Declaration of Demetri Blaisdell in Support of News Plaintiffs' Statement in Support of Maintaining Under Seal Portions of Defendants' Summary Judgement Briefs and Rule 56.1 Statements ¶¶ 3, 5. Specifically, the figures in these charts are derived from The Times's internal audience data, which it does not disclose publicly. Such "confidential commercial information" has regularly been sealed in this District. *Spencer-Smith*, 2025 WL 1115019, at *2; *Tyson Foods, Inc.*, 2020 WL 5819864, at *2 ("Non-public data of this nature 'is sensitive and potentially damaging if shared with competitors.'").

*2. The Daily News Plaintiffs*

The Daily News Plaintiffs respectfully seeks to maintain under seal the following limited portions of Defendants' SJ Materials:

- Paragraphs 34, 37, 40, 43, 46, 49, 52, 55, 94, 96, 97, 100, 102, 103, 106, 108, 109, 112, 114, 115, 118, 120, 121, 124, 126, 127, 130, 132, 133, 136, 138, 139 of

Defendant Microsoft's Rule 56.1 Statement (Dkt. 1694, 1702) which concern revenue, conversions, and referrals specific to the *Daily News* Plaintiffs

- Paragraphs 240 and 278 of Defendant OpenAI's 56.1 Statement (Dkt. 1735) which concern traffic and digital subscriptions specific to the *Daily News* Plaintiffs
- Statistics regarding traffic and digital subscriptions specific to the *Daily News* Plaintiffs on page five (5) of Defendant OpenAI's Brief in Support of its Motion for Summary Judgment (Dkt. 1718).

The *Daily News* Plaintiffs seek to seal the above paragraphs in Defendants' 56.1 Statements and portions of paragraphs in OpenAI's Brief in Support of its Motion for Summary Judgment. These paragraphs contain highly sensitive and confidential business information regarding the *Daily News* Plaintiffs' internal metrics (*i.e.*, traffic, subscriptions, revenues, conversions, and referrals), which could be unfairly used by competitors if made public and cause substantial business harm. *See* Declaration of Robyn Morris in Support of News Plaintiffs' Statement in Support of Maintaining Under Seal Portions of Defendants' Summary Judgment Briefs and Rule 56.1 Statements ("Morris Decl.") at ¶ 4-5. Such "confidential commercial information" has regularly been sealed in this District. *Spencer-Smith*, 2025 WL 1115019, at *2.

3. *The Ziff Davis Plaintiffs*

The Ziff Davis Plaintiffs respectfully seeks to maintain under seal the following limited portions of Defendants' SJ Materials:

- The redactions contained in paragraphs 240, 260, 281, 312, 313, and 314 of OpenAI's Rule 56.1 Statement (Dkt. 1735), which include non-public, financial and traffic data relating to the performance of Ziff Davis's business, as well as

proprietary information about Ziff Davis's research and publication methods; and

- The redactions contained on pages 5 and 6 of OpenAI's summary judgment brief (Dkt. 1718), which quote the same Ziff Davis confidential information cited to in paragraphs 240 and 281 of OpenAI's Rule 56.1 statement.

Paragraphs 240, 260, and 281 of OpenAI's Rule 56.1 statement contain non-public, highly sensitive and confidential information regarding Ziff Davis's financial performance, which could be unfairly used by its competitors if made public, causing Ziff Davis substantial harm. *See* Declaration of George Wukoson in Support of News Plaintiffs' Statement in Support of Maintaining Under Seal Portions of Defendants' Summary Judgment Briefs and Rule 56.1 Statements ("Wukoson Decl.") at ¶¶ 2-3. Paragraphs 312-14 of OpenAI's Rule 56.1 statement contain confidential, proprietary information about Ziff Davis's research and publication methods, which would also cause Ziff Davis significant harm among its competitors if revealed. *See id*. Such "confidential commercial information" has regularly been sealed in this District. *See Spencer-Smith*, 2025 WL 1115019, at *2; *Tyson Foods, Inc.*, 2020 WL 5819864, at *2 & *3.

*4. <u>The Intercept's Materials</u>*

The Intercept respectfully seeks to maintain under seal paragraphs 265 and 266 of Defendant OpenAI's 56.1 Statement (Dkt. 1735), which contain statements from The Intercept's confidential Board materials regarding the company's financial forecasts (i.e., fundraising efforts, donations) that The Intercept does not publicly disclose and treats as highly confidential. *See* Declaration of David Bralow in Support of News Plaintiffs' Statement in Support of Maintaining Under Seal Portions of Defendants' Summary Judgment Briefs and Rule 56.1 Statements ("Bralow Decl.") at ¶ 5. If the confidential information in these paragraphs was revealed, it would cause The

Intercept substantial business harm in that it would contribute to inaccurate speculation in the public about The Intercept's financial position. *Id.* at ¶ 5. Such "confidential commercial information" has regularly been sealed in this District. *Spencer-Smith*, 2025 WL 1115019, at *2; *Tyson Foods, Inc.*, 2020 WL 5819864, at *2.

Respectfully submitted,

Dated: September 14, 2026

*/s/ Brendan Kehoe*
Brendan Kehoe
Lacy H. ("Lance") Koonce, III
Matthew A. Leish
Lucy Hoffman
Maya Katalan
Klaris Law PLLC
161 Water Street
New York, NY 10038
Telephone: (646) 779-4882
lance.koonce@klaris.com
442matthew.leish@klarislaw.com
brendan.kehoe@klarislaw.com
lucy.hoffman@klarislaw.com
maya.katalan@klarislaw.com

Guy Ruttenberg (pro hac vice)
Ruttenberg IP Law, A Professional Corporation
1801 Century Park East
Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
ZD-AICopyright@ruttenbergiplaw.com

John R. Cuti
Cuti Frisch PLLC
233 Broadway, Suite 1720
New York, NY 10279

*Attorneys for Plaintiffs Ziff Davis, Inc., Ziff Davis, LLC, IGN Entertainment, Inc., Everyday Health Media, LLC, Mashable, Inc., and CNET Media, Inc.*

*/s/ Ian Crosby*

Ian Crosby *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
Susman Godfrey L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)
Adnan Muttalib *(pro hac vice)*
Susman Godfrey L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
amuttalib@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
Susman Godfrey L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
Rothwell, Figg, Ernst & Manbeck, P.C.

901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

*/s/ Steven Lieberman*

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker *(admitted pro hac vice)*
Jenny L. Colgate *(admitted pro hac vice)*
Alexandra Hughes *(admitted pro hac vice)*
Mark Rawls *(admitted pro hac vice)*
Michael H. Jones *(admitted pro hac vice)*
Kristen J. Logan *(admitted pro hac vice)*
Bryan B. Thompson (6004147)
Mary L. Mullins *(pending pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
ahughes@rothwellfigg.com
mrawls@rothwellfigg.com
mjones@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com
mmullins@rothwellfigg.com

*Attorneys for Daily News Plaintiffs*

*/s/ Matthew Topic*

Jon Loevy (*pro hac vice*)
Michael Kanovitz (*pro hac vice*)
Matthew Topic (*pro hac vice*)
Thomas Kayes (*pro hac vice*)
Steven Art (*pro hac vice*)
Kyle Wallenberg (*pro hac vice*)
Shelley Geiszler (*pro hac vice*)
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900 (p)
312-243-5902 (f)
jon@loevy.com
mike@loevy.com
matt@loevy.com
kayes@loevy.com
steve@loevy.com
wallenberg@loevy.com
geiszler@loevy.com

Stephen Stich Match (No. 5567854)
Lauren Sonnenberg *(pro hac vice)*
LOEVY & LOEVY
222 Sutter Street, Suite 600A
San Francisco, CA 94108
(312) 243-5900
match@loevy.com
sonnenberg@loevy.com

*Attorneys for Plaintiffs The Center for Investigative Reporting, Inc. and The Intercept Media, Inc.*