UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff, v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civ. Action No. 1:23-cv-11195-SHS<br><br>**DECLARATION OF ANNELISE LEVY IN SUPPORT OF MOTION TO INTERVENE BY BLOOMBERG INDUSTRY GROUP, INC.** |

Annelise Levy, hereby declares as follows:

1. I am a correspondent on the intellectual property team at Bloomberg Law, a division of intervenor Bloomberg Industry Group, Inc. ("Bloomberg INDG"). I cover and report on intellectual property issues of interest to our readers and followers, including those concerning patent, trademark, copyright, and trade secrets. Over the past three years, I have written extensively about creators' copyright lawsuits against artificial intelligence companies, and, collectively, reporters at Bloomberg INDG have written more than 40 articles about this consolidated action alone.

2. I respectfully submit this Declaration in connection the motion of Bloomberg INDG pursuant to Fed. R. Civ. P. 24(b) to intervene in the above-captioned case for the limited purpose of (i) asking the Court to unseal all redactions made in the proposed Amended Complaint filed by Plaintiff The New York Times Company (the "NYT" or "Times") on June 25, 2026 (Dkt. No. 1415-2/1590-2) in connection with its Motion to File a Third Amended Complaint, and to unseal Exhibits A through O filed in support thereof (Dkt. Nos. 1415-4/1590-4 to Dkt. Nos. 1415-18/1590-18), (ii) to participate in the motions to seal exhibits and redact documents that were and

are to be filed in connection with the parties' motions for summary judgment, and (iii) for such other further and different relief as the Court deems just and proper. Unless otherwise stated, I have personal knowledge of the facts set forth below.

3. Bloomberg INDG is a news organization that reports on legal and government matters. This action raises important legal issues that are of interest to the company's subscribers and followers. Our reporters, myself included, have written and expect to continue to write about this case, the filings made in it, and decisions made by the Court. Many documents in this case have been filed under seal or contain significant redactions. As a result, the ability of Bloomberg INDG and others, including members of the news media generally, have been impeded because they cannot have a full understanding of the underlying facts, and how those facts that are obscured by redactions and sealing, have had an impact on decisions in this case.

**A. <u>The Subject Redactions</u>**

4. On June 25, 2026, the Times filed a Cross-Motion for Leave to Amend (Dkt. No. 1415/1590), which contained as exhibits a proposed Third-Party Complaint (Dkt. No. 1415-2/1590-2) (the "Proposed TAC") and supporting documents denominated as Exhibits A through O (Dkt. Nos. 1415-4/1590-4 to Dkt. Nos. 1415-18/1590-18)(the "Subject Exhibits"). The Proposed TAC contained redactions on pages 22 through 25 and 67 through 68 (Dkt. No. 1415-2/1590-2), including substantially or completely redacted paragraphs 73 through 80 and 193 through 197. The corresponding redactions were also made in the redlined proposed Third Amended Complaint (Dkt. No. 1415-3/1590-3). In addition, the Subject Exhibits were all filed under seal.

5. On August 6, 2026, the Court issued a Memorandum Order that, among other things, denied the foregoing cross-motion to amend, and thereafter, the NYT filed a Third Amended Complaint on August 21, 2026 (Dkt. No. 1461)(the "TAC") which was different than

the Proposed TAC. In order to accurately report on the case, and to evaluate and inform the public about the claims that the Court did not allow to proceed, Bloomberg INDG, as well as the public at large, should be able to see, in full, the Proposed TAC and all exhibits filed in support of the NYT cross-motion to amend.

6. These are not peripheral discovery materials. The Proposed TAC and the Subject Exhibits were submitted to the Court in support of a substantive request to amend the pleadings, which was ultimately denied. The visible portions of the complaint indicate that the redacted allegations concern matters relevant to NYT's claims against Microsoft, including Microsoft's alleged use of Bing infrastructure to crawl and index internet content, the repositories and computing resources allegedly provided to OpenAI, and Microsoft's alleged knowledge of and role in OpenAI's purported copyright infringement. *See*, e.g., Dkt. No. 1415-2 ¶¶ 73-80, 190-198. The redactions also obscure significant portions of the factual allegations supporting NYT's proposed contributory-infringement claim against Microsoft that the Court later denied leave to add. *Id*. ¶¶ 189-198.

7. The public is entitled to know the factual bases upon which the Times moved for leave to amend, and in a case as important as this, Bloomberg INDG and others in the media should be entitled to have the entirety of the record upon which that motion was made, and ultimately denied, in order to report accurately about this.

**B. <u>Microsoft and the Times Refused to Consent</u>**

8. On August 24, 2026, our lawyers sent the email annexed hereto as Exhibit A to counsel for Microsoft and the NYT asking if they would consent to the relief requested in this motion. On August 28, 2026, Microsoft responded by the email annexed hereto as Exhibit B advising that its requested seal be maintained in all material respects. To my knowledge, the Times has not responded.

9. From all outwards appearances, the redactions in the Proposed TAC, and the contents of the Subject Exhibits, should be accessible to the public in their entireties. At issue in this case are important matters of intellectual property law, and the scope of protection IP rights holders have against infringement when their copyrighted materials are published, verbatim, in AI generated writings.

10. It is my understanding that the Proposed TAC and the Subject Exhibits were placed before the Court by the parties in support of a proposed pleading, and were relevant to the Court's adjudication of the cross-motion to amend. The issues in this case are so important that unless there is a substantial risk that personal identifying information would be disclosed, such as a telephone number, home address or account number, the media (and public at large) should have a right to see, evaluate and report on this case, fully informed about the facts and documents relied upon by the parties without redaction or seal.

11. The public has a presumptive common-law right of access to these materials and, where applicable, a qualified First Amendment right of access. Any countervailing interest should be supported by specific findings, and any sealing narrowly tailored to protect that interest.

12. The public version of the Proposed TAC contains nearly complete redactions across several consecutive pages, while fifteen exhibits are under seal in their entirety. The breadth of the sealing prevents reporters like me, and the public at large, from understanding material allegations presented to the Court, and from evaluating the bases for the changes that were proposed by the Times. That is even more important in the face of the Court's denial of the cross-motion. Even where some information may properly remain confidential, the Court should consider more limited alternatives, including targeted redactions and public versions of the sealed

exhibits. Each document and redaction should be considered separately, as a blanket sealing order without specific findings does not suffice.

**C. <u>The Summary Judgement Motions</u>**

13. When motions for summary judgment were filed by the News Plaintiffs, OpenAI and Microsoft on September 4, 2026, again many exhibits were filed under seal, and supporting papers contained redactions of material facts. It appears from the parties' proposed Stipulated Omnibus Sealing Order filed on August 31, 2026 (Dkt. No. 1681) that the parties have until January 13, 2027 to file an omnibus motion to seal exhibits, opposition to which is due on January 20, 2027. Bloomberg INDG also requests leave to intervene on that motion, and any other related sealing requests as well, and to file oppositions thereto.

## CONCLUSION

14. Accordingly, Bloomberg INDG respectfully requests that the Court grant its motion to intervene, and upon such intervention, that it direct that the redactions contained in the Proposed TAC be removed in their entirety, that the seal of the Subject Exhibits be dissolved and those document filed publicly, in full, without redaction, and that the Court grant such other further and different relief as it deems just and proper. In addition, Bloomberg INDG should be granted leave to intervene in any sealing motions on the parties' motions for summary judgment for the same reasons as well.

Dated: San Francisco, California
September 15, 2026

Annelise Levy
ANNELISE LEVY