KEKER VAN NEST & PETERS LATHAM & WATKINS LLP MORRISON FOERSTER

September 17, 2026

**VIA ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

RE: **Letter Motion to Seal**, *In Re: OpenAI, Inc., Copyright Infringement Litigation*, No. 1:25-md-3143, This Document Relates To: *The New York Times Company v. Microsoft Corporation et al*, 23-cv-11195; *The Intercept Media, Inc. v. OpenAI, Inc. et al*, 24-cv-01515; *Daily News LP et al v. Microsoft Corporation et al*, 24-cv-03285; *The Center for Investigative Reporting, Inc. v. OpenAI*, Inc. et al, 24-cv-04872; *Ziff Davis, Inc. et al v. OpenAI, Inc. et al*, 25-cv-04315

Dear Judge Wang:

Pursuant to Rule VI.b. of Your Honor's Individual Practices, the OpenAI Defendants ("OpenAI") respectfully move to seal portions of materials submitted with News Plaintiffs' September 10, 2026 filings. Specifically, OpenAI seeks to redact certain material in the following filings:

- News Plaintiffs' Reply to OpenAI on Motions for Sanctions ("News Plaintiffs' Reply Brief") (ECF 1935) and
- Exhibit 68 to News Plaintiffs' Reply to Microsoft on Motions for Sanctions (ECF 1932-1)

## I. INTRODUCTION

The information OpenAI seeks to redact from News Plaintiffs' motion and supporting materials comprises highly sensitive and confidential internal information about OpenAI's technology and business strategies that could be unfairly used by its competitors if made public. The Court previously has sealed the same or similar material in connection with prior motions, and should do the same here.

Public disclosure of this information, which has been designated as highly confidential pursuant to the Stipulated Protective Order (ECF 367), would cause OpenAI substantial prejudice. First, public disclosure would cause competitive harm because it would reveal specific details about OpenAI's confidential contractual terms and related discussions and metrics about ChatGPT user behavior. This information would "provid[e] valuable insights into [OpenAI]'s current business practices that a competitor would seek to exploit." *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

OpenAI has narrowly tailored its requests and seeks to seal no more than is necessary to protect OpenAI from competitive harm. This information would harm OpenAI if disclosed publicly and satisfies the standard for sealing documents submitted in connection with News Plaintiffs' sanctions motion.

## II. LEGAL STANDARD

"The common law right of public access to judicial documents is based on 'the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *See* ECF 293 at 2 (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

"When determining whether documents at issue on a motion to seal are subject to this common law right, the court must first conclude that the documents at issue are judicial documents." *See id*. (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). A "judicial document" is one that is "relevant to the performance of judicial functions and useful in judicial processes." *See id*. at 3 (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016)). Where the documents at issue are judicial documents, "the constitutional and common law presumption of access attaches." *See id*. at 2.

On finding that a document qualifies as a judicial document, the Court "must then determine the presumption's weight" and "balance[] competing considerations against the presumption of access." *See id*. (citing *Amodeo*, 71 F.3d at 1050). Sealing judicial documents may be justified by "findings that sealing is necessary to preserve higher values and only if the sealing is narrowly tailored to achieve that aim." *See id*. at 3 (citing *Lugosch*, 435 F.3d at 124). Additionally, the Second Circuit has held that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *See id.* (citing *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, No. 1:17-cv-00147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020)).

## III. OPENAI'S CONFIDENTIAL INFORMATION WARRANTS SEALING

OpenAI's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016), and the additional cases cited above.

OpenAI seeks to redact only limited portions of News Plaintiffs' filings that reveal or discuss OpenAI's confidential contractual terms and discussions of those terms and metrics about how customers use ChatGPT. Each category of information includes highly sensitive information that OpenAI does not publicly disclose. *See* Declaration of Maile Yeats-Rowe ("Yeats-Rowe Decl.") ¶ 4.

The information OpenAI seeks to seal falls into one of the two categories below. For the convenience of the Court, a chart immediately following each category details the specific

portions of News Plaintiffs' filings that OpenAI seeks to redact. As noted in the charts, OpenAI requests discrete redaction of specific portions of News Plaintiffs' filings (identified via green highlighting), rather than sealing in total.

1. **Terms of Confidential Contractual Agreements**. OpenAI seeks to redact materials that reveal the terms of its confidential contracts with partners, and testimony discussing the parties' understanding of the same. Disclosure of such information would give OpenAI's competitors and current or future business partners insight into its confidential business practices, including by providing specific insights into how OpenAI structures and negotiates commercial relationships, the terms on which it is willing to transact, and the considerations that inform its negotiations. Disclosure would cause competitive harm to OpenAI. *See* Yeats-Rowe Decl. ¶ 4.

   The Court has previously sealed such information. ECF 931 at 5 (sealing "discussion with and/or about current or potential business partners regarding strategic decision-making"); ECF 1926 at 5 (same). *See also FuboTV Inc. v. Walt Disney Co.*, 24-CV-1363, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (sealing commercially sensitive information regarding business strategy); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 1:20-cv-05502-AJN, 2021 WL 243943, at *2 (S.D.N.Y. Jan. 25, 2021) (sealing references to confidential business information from and relating to contractual agreements when "disclosure of the economic terms of the parties' various licensing and/or commercial agreements could disadvantage them in future negotiations with third parties with respect to similar agreements"); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices.").

| Description | Rationale for Redaction |
|---|---|
| Green Highlights on p. 6 of Exhibit 68 (pp. 42-44 of the Nadella deposition). | Reveals confidential information about contractual terms and related discussions. |

2. **Confidential Data About ChatGPT Users**. OpenAI seeks to redact specific information about the number of users who requested deletion of conversations and OpenAI's related data collection and retention practices. This same type of information was previously sealed in the Court's March 25, 2026 Order. ECF 1461. Disclosure would give OpenAI's competitors insight into OpenAI's confidential business practices and customers and cause competitive harm to OpenAI. Yeats-Rowe Decl. ¶ 4.

   Consistent with this Court's prior ruling, this type of information is routinely deemed confidential and filed under seal. ECF 1461 at 4 (sealing user conversation metrics under a heightened sealing standard and holding that disclosure of ChatGPT user data would "expose strategic decisions about OpenAI's data collection and retention practices, providing valuable insight into its current business practices that a competitor would seek to exploit"); *see also Crichlow*, 2026 U.S. Dist. LEXIS 167718, at *6–8 (sealing judicial

documents that "could reveal customer . . . information" notwithstanding the "strong presumption of public access").

| Description | Rationale for Redaction |
|---|---|
| Green Highlights on pp. 6, 7, 13 of News Plaintiffs's Reply Brief. | Reveals information concerning customers' use of ChatGPT. |

* * *

Even assuming a heightened presumption of access, the prejudice that could result from public disclosure of the above information far outweighs the public's right to access, because the specific figures and details sought to be redacted are not necessary to understand the substance of the parties' dispute. The public filings will contain the full substance of News Plaintiffs' legal arguments and the factual bases for their positions; only confidential contractual terms and related testimony and ChatGPT user metrics—which are not necessary to evaluate the merits of News Plaintiffs' Reply Briefs—are proposed for redaction. *See Lugosch*, 435 F.3d at 120 ("[A]fter determining the weight of the presumption of access, the court must balance competing considerations against it.") (internal quotations omitted); *see also Automated Management Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 1:16-CV-04762, 2022 WL 1450737, at *2–3 (S.D.N.Y. May 9, 2022) ("[T]he information for which it seeks continued sealing is not publicly known, was developed at significant expense, and has been kept secret at considerable effort. . . . [T]he scope of the proposed redactions is reasonable and narrowly tailored to cover only the sensitive information that could lead to competitive disadvantage if disclosed.").

## IV. OPENAI'S SEALING REQUEST IS NARROWLY TAILORED

OpenAI's request is narrowly tailored, as it seeks to only redact select and limited portions of News Plaintiffs' filings, leaving the balance unredacted and open to the public.

Sincerely,

KEKER, VAN NEST & PETERS LLP

*/s/ Thomas E. Gorman*

Thomas E. Gorman
(*pro hac vice*)

LATHAM & WATKINS LLP

*/s/ Herman H. Yue*

Herman H. Yue

MORRISON & FOERSTER LLP

*/s/ Caitlin Sinclaire Blythe*

Caitlin Sinclaire Blythe
(*pro hac vice*)