**VIA ECF**

September 21, 2026

Hon. Sidney H. Stein
U.S. District Court
Southern District of New York
500 Pearl Street, Room 24A
New York, NY 10007-1312

RE: *In Re OpenAI, Inc., Copyright Infringement Litig.*, Case No. 25-md-3143 (SHS)(OTW)
This filing pertains to the News Plaintiffs: Case Nos. 1:23-cv-11195, 1:24-cv-03285, 1:24-cv-04872; 1:24-cv-01515, 1:25-cv-04315

Dear Judge Stein:

Pursuant to Local Rule 7.1(e), Defendants Microsoft and OpenAI write jointly to request an extension of two weeks, from October 9 to 23, for Defendants to file oppositions to News Plaintiffs' Motion for Partial Summary Judgment ("Motion"). Defendants make this request because News Plaintiffs' "errata" to their extraordinarily lengthy Rule 56.1 Statement and supporting Brook Declaration—filed two weeks after the summary judgment deadline—confirm that their Rule 56.1 Statement was riddled with errors and missing evidence, causing significant prejudice as described below. As also described herein, News Plaintiffs refused to consent to the extension without significant (and objectionable) conditions, necessitating this letter motion.

Under the Court's Order dated March 23, 2026 (ECF 1452), motions for summary judgment were due on September 4, 2026. Under Local Rule 56.1, all such motions were to be accompanied by a "short and concise" statement of the material facts as to which the party contends there is no genuine issue to be tried, followed by a citation to evidence that would be admissible as required by Rule 56(c). On September 4, News Plaintiffs jointly moved for partial summary judgment and served a Rule 56.1 Statement with 1,825 allegedly undisputed material facts in support of their motion (the "Original Rule 56.1 Statement"). ECF 1742.

Defendants immediately set to work to prepare a single joint counterstatement. Yet it quickly became clear that the Original Rule 56.1 Statement, in addition to containing an extraordinary number of facts, contained many errors. Further, News Plaintiffs did not serve all of the supporting evidence on September 4. On September 13, Microsoft sent an email listing the apparently missing exhibits. *See* Exhibit A. As described in Exhibit A, Defendants found that 116 exhibits listed in the Brook Declaration (the "Original Brook Declaration") had not been served, and another 120 exhibits were unaccounted-for because the numbers were omitted from the Original Brook Declaration without apparent explanation. Meanwhile, Defendants were working diligently on the counterstatement, and by September 17 had already invested a significant amount of time in preparing an initial draft of the required counterstatement.

On September 17, nearly two weeks after the long-known deadline for the filing of motions, News Plaintiffs filed substantial errata to both their Original Rule 56.1 Statement (the "Revised Rule 56.1 Statement"), ECF 1985-1, and the Original Brook Declaration (the "Revised Brook

Declaration"). ECF 1984-1. (Books Plaintiffs also filed errata to their Rule 56.1 Statement on September 17 (ECF 1986-1 & 1986-2), and revised supporting evidentiary declaration the next day (ECF 1986-3 through 1986-23 (corrected 21-volume Nelson Declaration), amending the supporting citations for dozens of their 840 facts.)

In their Revised Rule 56.1 Statement, News Plaintiffs changed the supporting evidence for 76 of their numbered material facts. These were not typos or style changes: the Revised Rule 56.1 Statement added, deleted, or changed exhibit citations to these facts. News Plaintiffs also served 94 exhibits *for the first time* on September 17. They added 21 new exhibit numbers to the Revised Brook Declaration while dropping nearly a dozen others. Several exhibits were "swapped" such that the exhibit number remained the same but the content of the exhibit changed (thus vitiating all prior work to respond to facts citing those exhibits). As of this filing, 60 exhibits *still have not been served*.

The changes to the citations, and changes to the numbering of exhibits as well as the exhibits themselves, meant that an entirely new review of all 1,825 of the facts needed to be performed. A significant volume of evidence still has not been served. This is causing substantial ongoing prejudice to Defendants—in essence, Defendants lost two weeks' worth of work in preparing the Rule 56.1 counterstatement and had to restart many efforts on September 18, and still, as of the filing of this letter, do not have all of the evidence on which News Plaintiffs purportedly rely.

One example of the significance of these errata concerns Plaintiffs' motion for judgment of infringement on specific Copilot outputs. The Original Rule 56.1 Statement ¶¶ 1251-54 containing the allegedly undisputed facts in support of the alleged Copilot output infringement cited Exhibits 1169 and 1170. There was no Exhibit 1169 attached to the Original Brook Declaration, or served, and that exhibit number was withdrawn entirely in the Revised Brook Declaration. Now a different document is cited for those numbered facts in the Revised Rule 56.1 Statement. No document labeled Exhibit 1170 has yet been served, and Microsoft is still piecing together at least three different spreadsheets, one of which is made up of raw output logs, to understand the nature of the infringement claim that was supposed to have been Exhibit 1170.

As another example, the Original Rule 56.1 Statement cited Exhibits 324, 331, 335, and 872—purporting to encompass more than 3,300 pages of copyright registrations—as support for News Plaintiffs' claim that they own valid copyrights in the Asserted Works. Yet Plaintiffs failed to serve *any of those exhibits* on September 4. Further, the exhibit numbers, descriptions, and cited document control numbers in the Original Brook Declaration and Original Rule 56.1 Statement often conflicted, and without service copies, OpenAI could not identify which registrations fell within what exhibit. For instance, Exhibit 872 was cited twice in the Original Rule 56.1 Statement with two different number ranges, once at ¶ 316 and once at ¶¶ 348–351, leaving OpenAI to guess which registrations purportedly supported which facts. OpenAI undertook the work of attempting to match evidence to facts to determine whether they were genuinely undisputed. Then, in the September 17 errata, News Plaintiffs marked Exhibits 331 and 872 as "intentionally omitted," substituted Exhibits 324 and 335 in the affected citations, and served the exhibits for the first time—requiring OpenAI to revisit work it had already performed.

Given the foregoing, on September 18 Defendants reached out to Plaintiffs and requested an extension of time of two weeks to file their oppositions to Plaintiffs' Motions. The requested

extension treats the errata service on September 17 as the start of the time to respond to the motions, in acknowledgment of the significant volume of changes and need to redo a considerable amount of work.

Plaintiffs refused to grant an unconditional extension. They stated they would only agree on three conditions: (1) make the extension mutual (despite the lack of any corresponding problems with Defendants' filings), (2) inform the Court the reason for the request was the "volume of materials" rather than the problems reflected in the errata filings, and (3) make no mention in Defendants' oppositions of the errors and failure to serve supporting evidence, requiring Defendants to waive potential arguments. Exhibit B. After this refusal, Defendants carefully further considered the degree to which they needed relief, and in light of the qualitative and quantitative nature of the errata changes, decided to pursue this extension only with respect to News Plaintiffs' Motion where the prejudice is significant and ongoing.

Defendants are cognizant that the Court set a schedule requiring all summary judgment papers to be filed by Thanksgiving, and have requested a two-week extension accordingly. Defendants request a two-week adjournment of the October 9 opposition deadline (including the Rule 56.1 counterstatement) to October 23, and have no objection to a corresponding two-week extension for News Plaintiffs' reply from November 6 to November 20. No other extension has previously been sought with respect to this deadline.

The Court would be justified in striking News Plaintiffs' Motion altogether for failure to comply with Local Rule 56.1 and Federal Rule of Civil Procedure 56(c) with the Original Rule 56.1 Statement. The Original Rule 56.1 Statement was so riddled with error *that it took News Plaintiffs two entire weeks to fix it.* News Plaintiffs do not have good cause for their failure to comply with the September 4 summary judgment filing and service deadline. *See Jones v. Abel*, No. 25-CV-779 (LJL), 2026 WL 836798, at *2 (S.D.N.Y. Mar. 26, 2026). The Court has wide latitude to deny Plaintiffs' motion for failure to comply with Rule 56.1. *MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*, 435 F.Supp.2d 285, 304 (S.D.N.Y. 2006); *Thomas v. Hsiao*, 2012 WL 5897412, *1 (E.D.N.Y. Nov. 21, 2012); *Searight v. Doherty Enters.*, 2005 WL 2413590, *1 (E.D.N.Y. Sept. 29, 2005). Nonetheless, Defendants at this time only request a two-week extension of the deadline for their response.

While the requested extension will not remedy the enormous amount of wasted time Defendants spent during the first two weeks after service attempting to respond to the defective papers, it will enable Defendants to respond to the apparent evidentiary basis for News Plaintiffs' Motion.

Respectfully submitted,

*/s/ Annette L. Hurst*

Annette L. Hurst
*Attorneys for Defendant Microsoft Corporation*

*/s/ Robert A. Van Nest*

Robert A. Van Nest
*Attorneys for OpenAI Defendants*

*All parties whose electronic signatures are included in this filing have provided consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.