UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | : 25-md-3143 (SHS) (OTW) |
| OPENAI, INC., COPYRIGHT INFRINGEMENT LITIGATION | : |
| | : |
| This Document Relates To: 1:23-cv-11195-SHS-OTW | : **ORAL ARGUMENT REQUESTED** |
| | : |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION PURSUANT TO FED. R. CIV. P. 24(b) BY BLOOMBERG INDUSTRY GROUP, INC. TO INTERVENE FOR LIMITED PURPOSE OF UNSEALING AND UN-REDACTING CERTAIN DOCUMENTS**

GEORGE LLP
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, New York 10019
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
*Attorneys for Bloomberg Industry Group, Inc.*

*Of Counsel*:
Jeffrey A. Mitchell, Esq.
Edward T. Hagan, Esq.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

ARGUMENT ..... 3

I. BLOOMBERG INDG'S MOTION IS TIMELY. ..... 3

II. BLOOMBERG INDG HAS MET ITS BURDEN TO INTERVENE. ..... 5

A. The News Plaintiffs Do Not Adequately Represent Bloomberg INDG's Distinct Interest In Public Access. ..... 5

B. The Proposed TAC And The Subject Exhibits Are Judicial Documents Entitled To A Presumption Of Access. ..... 6

C. Defendants Have Not Overcome The Presumption of Access. ..... 8

III. BLOOMBERG INDG SHOULD BE PERMITTED TO INTERVENE IN THE SUMMARY JUDGMENT SEALING PROCEEDINGS. ..... 11

CONCLUSION ..... 11

**TABLE OF AUTHORITIES**


CASES Page(s)

*Alexandria Real Estate Equities, Inc. v. Fair*, No. 11 Civ. 3694 (LTS), 2011 WL 6015646 (S.D.N.Y. Nov. 30, 2011) ....10

*Ambac Assurance Corp. v. EMC Mortg. Corp.*, No. 08 Civ. 9464 (RMB)(THK), 2010 WL 11595698 (S.D.N.Y. Dec. 16, 2010) *report and recommendation adopted in part sub nom. Ambac Assur. Corp. v. EMC Mortg. Corp.*, No. 08 Civ. 9464 RMB THK, 2011 WL 566776 (S.D.N.Y. Feb. 8, 2011) ....8

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016)......7, 8, 9

*Bernsten v. O'Reilly*, 307 F. Supp. 3d 161 (S.D.N.Y. 2018) ....10

*Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019) ....7, 9

*Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354 (S.D.N.Y. 2020)....9, 10

*Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152 (S.D.N.Y. 2003) ....4, 5, 11

*Dorsett v. Cnty. of Nassau*, 289 F.R.D. 54 (E.D.N.Y. 2012)....3, 4, 5

*Ello v. Singh*, 531 F. Supp. 2d 552 (S.D.N.Y. 2007) ....8

*F.D.I.C. v. Ernst & Ernst*, 677 F.2d 230 (2d Cir.1982) ....4

*Farmland Dairies v. Comm'r of N.Y. Dep't of Agric. & Mkts.*, 847 F.2d 1038 (2d Cir.1988) .......3

*Giuffre v. Maxwell*, 146 F.4th 165 (2d Cir. 2025) ....3, 7

*Giuffre v. Maxwell*, No. 15-cv-7433, 2022 WL 3213576 (S.D.N.Y. Aug. 9, 2022), *affirmed by TGP Commc'ns*, No. 22-1836, 2023 WL 4230020 (2d Cir. June 28, 2023)....6

*In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308 (D. Conn. 2009) ....11

*In re Franklin Nat. Sec. Litigation*, 92 F.R.D. 468 (E.D.N.Y.1981) ....4

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)....2, 3, 7, 8

*Matter of New York Times Co.*, 828 F.2d 110 (2d Cir. 1987)....8

*New Falls Corp. v. Soni Holdings, LLC*, 2023 No. 19-CV-00449 (HG) (LGD), 2023 WL 8003373 (E.D.N.Y. Nov. 18, 2023)....6

*Pub. Citizen, v. Liggett Grp, Inc.*, 858 F.2d 775 (1st Cir. 1988) ....4

*S. New England Tel. Co. v. Glob. Naps, Inc.*, No. 3:04-CV-2075 (JCH), 2008 WL 11492786 (D. Conn. June 19, 2008) ....5

## TABLE OF AUTHORITIES
**(Continued)**

Page(s)

*Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902, 2015 WL 1841136 (S.D.N.Y. Apr. 17, 2015) ........ 9

*Shinano Kenshi Corp. v. Honeywell Int'l, Inc.*, No. 22 Civ. 3704 (LGS), 2023 WL 2898679 (S.D.N.Y. Apr. 11, 2023) ........ 7, 8

*TGP Commc'ns*, No. 22-1836, 2023 WL 4230020 (2d Cir. June 28, 2023) ........ 6

*United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) ........ 9

*United States v. Erie Cnty.*, 763 F.3d 235 (2d Cir.2014) ........ 9

*Westchester Radiological v. Blue Cross/Blue Shield*, 138 F.R.D. 33 (S.D.N.Y.1991) ........ 4

*Wimberly v. Verizon New York Inc.*, No. 26-CV-2341 (LTS), 2026 WL 1746159 (S.D.N.Y. June 12, 2026) ........ 7

## PRELIMINARY STATEMENT

The motion to intervene by Bloomberg Industry Group, Inc. ("Bloomberg INDG") raises important First Amendment issues, which include the presumptive right of unfettered media access to public dockets. Defendants' opposition concedes that. Defendants' Opposition to Motion to Intervene, Dkt. No. 2109 ("Opp'n"). It also admits that the Court has never decided whether any of the redactions and sealing decisions made by the parties on Open AI's motion for judgment on the pleadings, or on the NY Times's motion to amend, were proper. *Id.* Since the parties moved on to briefing summary judgment and *Daubert* motions without a decision about this, the intervention motion is objectively timely.

Nor do Defendants explain, on a document-by-document basis, what the sealing and redactions are protecting, other than to very generally say these contain *highly confidential information*. Putting aside that the AI technology, and how it works, is obviously relevant to the intellectual property claims at issue, their assertion that the "news publisher Plaintiffs . . . are better situated to object to sealing than Bloomberg," Opp'n at 1, is belied by the fact that those plaintiffs did nothing about the materials at issue here. Had Bloomberg INDG not moved to intervene, the documents would likely have remained sealed or redacted without any judicial oversight. That alone justifies the grant of the motion to intervene.

Defendants' opposition is long on generalities, but short on specifics. For example, they argue that Bloomberg INDG should have tried to intervene in June 2026 when the redacted TAC and sealed documents were first filed, and that it is too late now. However, it was only after the Court's August 6, 2026 decision, when the parties pivoted to the scheduling of summary judgment and *Daubert* motions and for associated unsealing requests, that it became apparent the sealing decisions on the prior cross-motion to amend would never face judicial scrutiny. So Bloomberg INDG acted. Defendants call what is obscured from public view, "'highly confidential proprietary

information' that 'would give OpenAI's competitors insight into its technical processes, collaborative practices, and business strategies.'" Opp'n at 3. But, it elsewhere admits that *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) says that continued sealing may only be justified "with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Opp'n at 7. Yet, even though that never happened here, Defendants fail to explain why the filed status of these materials should remain unchanged.

Defendants further complain that Bloomberg INDG's interest in reporting on what is contained in the sealed material is "unclear," Opp'n at 9, and argue "the weak presumption of public access is outweighed by the risk of competitive harm from making the material public." Opp'n at 11. This does not square with the first sentence of their opposition brief, where they admit that this litigation is undoubtedly "of interest to the public." Opp'n at 1. The claim that Bloomberg INDG "has not demonstrated any prejudice from the sealing process," *id.*, is similarly baseless. The sealing process was not completed, as the Court never decided on a document-by-document basis, as required, whether these materials should remain sealed and redacted.

This motion is simple: papers were filed under seal and with redactions in connection with decided motions. Whether, and, if so, how much of these documents should be protected from public scrutiny was never examined or decided by the Court. Bloomberg INDG properly intervened to seek public disclosure of these materials after it became clear that no party was going to do so. Accordingly, its motion should be granted.

## ARGUMENT

Defendants do not dispute (i) the governing framework, (ii) that a motion to intervene under Rule 24(b) is the vehicle for a news organization to ask for access to sealed court records, or (iii) that the First Amendment and common-law presumptions of access attach to civil pretrial motions and the materials submitted in connection with them. They also do not – because they cannot – identify any findings made by the Court that the redaction of a filed proposed pleading and wholesale sealing of supporting exhibits were all narrowly tailored to preserve a higher value.

### I. BLOOMBERG INDG'S MOTION IS TIMELY.

Timeliness under Fed. R. Civ. P. 24(b) is evaluated "against the totality of the circumstances before the court[,]" including the length of any delay, prejudice to the parties from that delay, prejudice to the applicant, and any unusual circumstances. *Dorsett v. Cnty. of Nassau*, 289 F.R.D. 54, 72-73 (E.D.N.Y. 2012) (quoting *Farmland Dairies v. Comm'r of N.Y. Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1044 (2d Cir.1988)).

Defendants argue that even though it was filed just six weeks after the August 6 Order, Bloomberg INDG's motion was untimely. They claim that any dispute over the Proposed TAC and supporting exhibits is "yesterday's news," having allegedly been "overtaken by subsequent events." Opp'n at 8. Defendants do not cite to any authority that says a mere six-week interval between decision and motion has ever been found disqualifying, because there is none. They also fail to explain why the Proposed TAC and the documents filed in connection with it are now irrelevant to newspeople. Either way, a journalist's reason for seeking access "has no effect on [the Court's] consideration" under settled Second Circuit law, *Lugosch*, 435 F.3d at 123, and later events do not change what is and is not a judicial document that should ordinarily be publicly accessible. *See Giuffre v. Maxwell*, 146 F.4th 165, 178 (2d Cir. 2025) (finding error and remanding insofar as the district court's orders that the settlement of the underlying action rendered pending

motions moot such that they could no longer be deemed judicial documents). Defendants' reliance on this Court's prior ruling (Dkt. No. 237 at 5) that untimeliness alone can warrant denial is misplaced: that decision rejected a single OpenAI user's bid to assert a private interest while a party actively litigated the same issue – not a news organization vindicating the public's First Amendment right of access, which no party here has pursued.

Moreover, courts in this Circuit have routinely found motions to intervene made after longer periods timely; roughly seven months after entry of the challenged confidentiality order (*Dorsett*, 289 F.R.D. at 72), and even years after the underlying action had ended (*Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 157-58 (S.D.N.Y. 2003)); *See also F.D.I.C. v. Ernst & Ernst*, 677 F.2d 230 (2d Cir.1982) (motion seeking modification of a protective order filed two years after the settlement of the underlying claim); *In re Franklin Nat. Sec. Litigation*, 92 F.R.D. 468, 471 (E.D.N.Y.1981) (holding that a liberal interpretation of the intervention rule was appropriate); *Westchester Radiological v. Blue Cross/Blue Shield*, 138 F.R.D. 33, 34 n.1 (S.D.N.Y.1991) ("[a] court that enters a protective order retains the power to modify it as long as it is in effect, even if the underlying suit has been dismissed.").

Even if Bloomberg INDG's motion was untimely, which it is not, where the motion to intervene "relates to an ancillary issue and will not disrupt the resolution of the underlying merits, untimely intervention is much less likely to prejudice the parties." *Dorsett*, 289 F.R.D. at 73 (quoting *Pub. Citizen, v. Liggett Grp, Inc.*, 858 F.2d 775, 786 (1st Cir. 1988)). That principle governs here as well.

Likewise, the parties will not be prejudiced by Bloomberg INDG's intervention on the sealing issue alone. Defendants' claim that this is a needless distraction that could lead to future complications is pure speculation. Bloomberg INDG is not looking to litigate the merits, only to

obtain public access to documents and allegations that the Court never decided should remain sealed or redacted. There is no prejudice here. *See S. New England Tel. Co. v. Glob. Naps, Inc.*, No. 3:04-CV-2075 (JCH), 2008 WL 11492786, *1 (D. Conn. June 19, 2008) ("There is no risk of undue delay or prejudice in this case because the court is granting intervention on a limited basis.").

## II. BLOOMBERG INDG HAS MET ITS BURDEN TO INTERVENE.

### A. The News Plaintiffs Do Not Adequately Represent Bloomberg INDG's Distinct Interest In Public Access.

Adequacy of representation is only one among several factors, and is not a threshold bar even if present. Indeed, the permissive-intervention test "is flexible and courts generally look at all of the factors rather than focusing narrowly on any one of the criteria." *Dorsett*, 289 F.R.D. at 70. Defendants argue instead that simply because the News Plaintiffs are parties to the litigation, Bloomberg INDG's participation as an intervenor looking to unseal records is superfluous. Opp'n at 9-10. The argument misapprehends both the interest at stake and who holds it.

A party's interest is not the same as that of a nonparty press organization. *See Daugerdas*, 217 F.R.D. at 157-58 (finding a publisher's access interest is not represented by party-litigants who do not move for public access). The News Plaintiffs here are litigating a copyright case. They are not Bloomberg INDG's proxies, and might decide to not contest redactions for strategic reasons untethered to the public's right of access. Defendants admit in their Opposition that none of the News Plaintiffs asked the Court to rule on the sealing at issue here, and the parties have already moved on from those materials to summary judgment and *Daubert* briefing. This alone shows that Bloomberg INDG's separate interests are not adequately represented by the News Plaintiffs. Indeed, the News Plaintiffs filed a response to this motion saying they have no objection to Bloomberg INDG's motion to intervene, Dkt. No. 2107, so the very parties Defendants contend adequately represent Bloomberg INDG's interests tacitly say the opposite. And this Court's prior

observation that a party's active litigation of an issue can render intervention unnecessary (Dkt. 237) has no application where, as here, no party litigated public access to these materials at all.

Defendants rely on *Giuffre v. Maxwell*, No. 15-cv-7433, 2022 WL 3213576, at *1 (S.D.N.Y. Aug. 9, 2022), *affirmed by TGP Commc'ns v. Doe*, No. 22-1836, 2023 WL 4230020 (2d Cir. June 28, 2023), for this proposition, but that case is distinguishable. The adequacy finding there rested on *an existing media intervenor*, "a reporter and media organization actively involved in the unsealing process" already pursuing the identical relief. *TGP Commc'ns*, 2023 WL 4230020, at *1. That is not the case here, where no party or existing intervenor is pursuing the relief sought by Bloomberg INDG.

Likewise, *New Falls Corp. v. Soni Holdings, LLC*, No. 19-CV-00449 (HG) (LGD), 2023 WL 8003373 (E.D.N.Y. Nov. 18, 2023), is inapposite. The proposed intervenors there were not press vindicating First Amendment interests but were would-be property buyers, whose interests were already represented because the defendants had sought the ***same exact relief***. *Id.* at *1-2. Here, by contrast, no party sought the public access Bloomberg INDG seeks.

**B. The Proposed TAC And The Subject Exhibits Are Judicial Documents Entitled To A Presumption Of Access.**

Defendants argue intervention would prejudice the parties by requiring them to divert resources to sealing proceedings, which would be "futile." Opp'n at 10-13. This purported futility is premised on Defendants' contention that the documents at issue are not "judicial documents," supposedly because the Court did not rely on them when it denied the Cross-Motion, and because the Proposed TAC is not the operative pleading. *Id.* at 10-11.

However, as Bloomberg INDG said in its moving brief, judicial-document status does not turn on whether or not a court actually relied on it to render a decision. "[T]he identification of a judicial document is a binary decision made as of the time of the document's filing," and filed

material either is or is not a judicial document depending on whether it could have a tendency to influence the court in the exercise of its Article III powers. *Giuffre*, 146 F.4th at 178. The Second Circuit has "expressly rejected the proposition that 'different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving a motion.'" *Id.* at 179 (quoting *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019)). The proper inquiry "is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon." *Id.*; *see also Brown*, 929 F.3d at 50-51 (finding that treating materials as non-judicial "because [the court] did not rely on them in adjudicating a motion" is "legal error."). Status attaches to materials that would "reasonably have the *tendency* to influence a district court's ruling on a motion . . . without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Id.* at 49.

The Proposed TAC and the exhibits filed to support the Cross-Motion for leave to amend were submitted for the express purpose of obtaining a favorable ruling. They are therefore judicial documents, full stop. *See Lugosch*, 435 F.3d at 123 (holding that documents used by parties in summary judgment briefing are judicial documents regardless of whether the court relied on them to resolve the motion); *Wimberly v. Verizon New York Inc.*, No. 26-CV-2341 (LTS), 2026 WL 1746159, at *2 (S.D.N.Y. June 12, 2026) ("Plaintiff's motion for preliminary injunctive relief, which relies on documents submitted in support of the motion, is a judicial document. Therefore, the exhibits submitted with his motion are also judicial documents because they are proffered in an effort to influence the Court's decision as to whether to grant the motion.").

Defendants' effort to distinguish *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140-41 (2d Cir. 2016) on the ground that the Proposed TAC never became the operative pleading fails for the same reason. In *Shinano Kenshi Corp. v. Honeywell Int'l, Inc.*, No.

22 Civ. 3704 (LGS), 2023 WL 2898679, at *3 (S.D.N.Y. Apr. 11, 2023), the Court denied leave to amend the complaint and the plaintiffs' motion to file under seal. In doing so, the Court held the proposed second amended complaint was "a judicial document, because it represents the Plaintiffs' proposed operative pleading." *Id.* at *2 (citing *Bernstein*, 814 F.3d at 139-40). The Court further held the letter motion regarding the proposed second amended complaint was also a judicial document, subject to a "particularly strong" presumption of access because "it goes directly to the scope of the Court's Opinion regarding the dismissed Complaint and the future course of litigation." *Id.* (citing *Bernstein*, 814 F.3d at 142).

Courts reach the same result for exhibits filed in support of a motion to amend. *See Ambac Assurance Corp. v. EMC Mortg. Corp.*, No. 08 Civ. 9464 (RMB)(THK), 2010 WL 11595698, at *27 (S.D.N.Y. Dec. 16, 2010) *report and recommendation adopted in part sub nom. Ambac Assur. Corp. v. EMC Mortg. Corp.*, No. 08 Civ. 9464 RMB THK, 2011 WL 566776 (S.D.N.Y. Feb. 8, 2011) (exhibits supporting leave to amend are judicial documents because the motion "could not be decided solely on the pleadings"); *Ello v. Singh*, 531 F. Supp. 2d 552, 584 (S.D.N.Y. 2007) (proposed second amended complaint "is clearly a judicial document").

The proposed TAC was submitted to invoke adjudicatory power, as were the exhibits filed in support of the motion for leave to file it. They do not forfeit judicial document status because leave to amend was denied.

**C. Defendants Have Not Overcome The Presumption of Access.**

It is axiomatic that there is a presumption of public access to judicial documents and records. *See Bernstein*, 814 F.3d at 139. Accordingly, "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124 (citing *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "'Broad and

general findings' and 'conclusory assertion[s]' are insufficient to justify deprivation of public access to the record, . . . 'specific, on-the-record findings' are required[,]" and the proponent of sealing bears the burden. *Bernstein*, 814 F.3d at 144-45 (alteration in original) (quoting *United States v. Erie Cnty.*, 763 F.3d 235, 243 (2d Cir.2014)). Defendants have not carried it here.

Defendants' fallback – that any presumption here is "weak" and yields to competitive harm (Opp'n at 11) – inverts the governing analysis. While judicial-document status is binary, the *weight* of the presumption turns on the role the materials played in the exercise of Article III power. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). The Proposed TAC and Subject Exhibits were offered to secure leave to add new contributory-infringement theories grounded in extensive discovery. They therefore command a *strong* presumption of access, not a weak one. *See Brown*, 929 F.3d at 49-50 (strong presumption attaches even to materials submitted on non-dispositive motions). Against that presumption, Defendants' generalized competitive-harm declarations cannot suffice.

Defendants argue that the presumption of access is overridden by the potential for competitive harm (Opp'n at 11-12), but they provide no specifics. A conclusory claim of potential competitive harm is not enough. *See Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902, 2015 WL 1841136, at *17 (S.D.N.Y. Apr. 17, 2015) ("Vague and conclusory allegations of potential harm are insufficient to establish good cause."). In *Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 358-59 (S.D.N.Y. 2020), the defendant submitted an affidavit from an employee to support its application to seal a complaint, claiming that the terms and conditions of the contract at issue and described in the pleading were heavily negotiated, and public disclosure of those terms would put the company at a competitive disadvantage in future negotiations with other purchasers. *Id.* at 358. The court was not persuaded, and found that the defendant had not

provided any meaningful support for the conclusory statements that the proposed redactions were necessary to avoid competitive harm. *Id.* It noted that the movant bears a "heavy burden" and "must offer specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 357.

Nor can a confidentiality designation supply what the declarations lack: "the mere 'existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access[.]'" *Id.* at 359 (quoting *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11 Civ. 3694 (LTS), 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011)); *see also Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.").

Defendants' competitive-harm cases do not rescue their opposition. Each turned on particularized findings that specific, peripheral commercial terms would be exploited by competitors. No such findings have been made here, nor have Defendants explained in their papers how the redactions or sealing protect a higher value or are narrowly tailored to serve that interest. Moreover, how the technology functions may itself be relevant to the infringement claims, and to accurate public reporting on the rights at stake.

Finally, Defendants' offer to let the NY Times hand Bloomberg INDG a privately redacted copy of the Proposed TAC (Opp'n at 3 n.5) cures nothing. A copy bearing only the parties' self-selected redactions is not public access, places nothing on the public docket, leaves the Subject Exhibits sealed and does not relieve the Court of its obligation to make the document-by-document findings the law requires.

### III. BLOOMBERG INDG SHOULD BE PERMITTED TO INTERVENE IN THE SUMMARY JUDGMENT SEALING PROCEEDINGS.

Bloomberg INDG's request to be heard on sealing and redaction issues arising out of the summary-judgment and *Daubert* briefing should likewise be granted. Defendants' answer – that the negotiated omnibus protocol and the News Plaintiffs' participation already protect the public – misses the mark. That the News Plaintiffs opposed, then narrowed or withdrew, select sealing challenges (Dkt. 2085, 2086, 2103) confirms they press only the redactions that bear on their own litigation strategy, not the public's broader right of access. The omnibus protocol, moreover, fixes only a *schedule* for sealing, it is not a substitute for the particularized, on-the-record findings the First Amendment requires. Nor is the request premature or speculative: the omnibus sealing motions are live now, with deadlines running. Bloomberg INDG does not seek to disrupt the parties' negotiated timetable, only leave to be heard where appropriate, a limited-purpose intervention that imposes no "significant delay or expense" and is therefore timely and non-prejudicial. *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 315 (D. Conn. 2009); *see also Daugerdas*, 217 F.R.D. at 157-58.

## <u>CONCLUSION</u>

For the foregoing reasons, and those set forth in its moving Memorandum of Law, Bloomberg INDG respectfully requests that the Court grant its motion to intervene for the limited purpose of unsealing and un-redacting the documents at issue, and to participate in the motions to seal exhibits and redact documents that were and are to be filed in connection with the parties' motions for summary judgment.

Dated: New York, New York
October 30, 2026

Respectfully submitted,
GEORGE LLP

By: s/Jeffrey A. Mitchell
Jeffrey A. Mitchell
Edward T. Hagan
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, New York 10019
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
jmitchell@georgellp.com
ehagan@georgellp.com

*Attorneys for Bloomberg Industry Group, Inc.*

# CERTIFICATION OF COMPLIANCE

I hereby certify that this memorandum of law complies with the word-count limitation of 3,500 words. According to the word-processing system used to prepare this document, the text contains 3,487 words, excluding the parts exempted by the local rules and individual practices.

Dated: October 30, 2026
New York, New York

s/Jeffrey A. Mitchell
Jeffrey A. Mitchell